UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14:cv-2722** | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY GERALD LEVIN**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submits this Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted against them by Gerald Levin, as Executor of the Estate of Adelaide Levin, in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.     Factual and Procedural Background**

    *A.     MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B. *The Bennett Complaint and Adelaide and Gerald Levin*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

amended multiple times to amend the parties and claims. Adelaide Levin first appeared as a claimant in the Second Amended Complaint, which the Bennett Plaintiffs moved for leave to file on January 31, 2016.[2] The operative Fifth Amended Complaint was filed on May 14, 2018.

Adelaide Levin remained a plaintiff in the Fifth Amended Complaint, asserting claims against Knauf Gips KG and KPT regarding the alleged presence defective Chinese drywall installed in her property located at 2201-03 Neyrey Place, Metairie, Louisiana (the "Property"). In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Adelaide Levin completed and submitted a PPF, SPPF, and PFS.[3] The documents were completed under penalty of perjury.

In her PPF, Adelaide Levin listed January 31, 2014 as the date of discovery of drywall in the Property, pursuant to an inspection conducted by Healthy Home Solutions.[4] Ms. Levin confirmed this date in her SPPF.[5] An inspection report provided by Healthy Home Solutions and attached as an exhibit to both the SPPF and the PFS, dated February 5, 2014, confirms that an inspection was performed on January 31, 2014, and states that Healthy Home Solutions is "of the opinion that reactive Chinese drywall is present" in the Property.[6]

On November 27, 2019, based on a schedule previously discussed with counsel for the Bennett Plaintiffs, the Knauf Defendants noticed a deposition of Adelaide Levin for December 10, 2019.[7] In an e-mail dated December 9, 2019, counsel for the Bennett Plaintiffs notified counsel for

---

[2] *See* Doc. 20020-2.
[3] Exs. 1, 2, 3.
[4] Ex. 1, p.2.
[5] Ex. 2, p. 2; Ex. 3,
[6] Healthy Home Solutions Report, attached to SPPF and PFS, at p. 2.
[7] Ex. 4, Notice of Deposition.

the Knauf Defendants that Ms. Levin would not be appearing for her deposition because she had died.[8] The same day, the Knauf Defendants filed a suggestion of death with this Court.[9] The deadline to take Plaintiff depositions in this case was December 31, 2019.[10] The Bennett Plaintiffs, however, waited until March 9, 2020 to file, pursuant to Federal Rule of Civil Procedure 25, a Motion to Substitute Gerald Levin, the Executor of Adelaide Levin's Estate, as a plaintiff in this case.[11] That Motion was granted on March 11, 2020.[12]

## II.     Legal Standards

### A.     *Rule 56 Summary Judgment Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[14]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[15] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-

---

[8] Ex. 5, E-mail from James Doyle to Ashley Johnson, Dec. 9, 2019.
[9] Doc. 22395.
[10] Doc. 22359.
[11] Doc. 22620. The Knauf Defendants note that while an executor may be a proper party under Rule 25, *see In re Willow Bend Ventures, LLC*, No. CV 18-6910, 2020 WL 242783, at *1 (E.D. La. Jan. 16, 2020), the Bennett Plaintiffs have provided no evidence as to Ms. Levin's actual heirs, and reserve the right to challenge Mr. Levin's substitution if this Court does not dismiss the claims as prescribed.
[12] Doc. 22625.
[13] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[14] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[16]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[17] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[18] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[19] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[20]

## III. Argument

### A. Gerald Levin's Claims are Prescribed.

Gerald Levin's claims as the Executor of Adelaide Levin's Estate are prescribed.

As to redhibition, under the discovery rule, prescription does not commence against an alleged manufacturer until the date the injured party discovers or should have discovered the facts upon which her cause of action is based. La. Civ. Code 2534; *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 395 (E.D. La. 1997) (citing *Corsey v. State Dept. of Corrections*, 375 So.2d 1319, 1321–22 (La.1979)). The principle does not apply if plaintiff's

---

[16] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[17] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[18] *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[19] *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc*., 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[20] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

ignorance is attributable to his own willfulness or neglect. *Id*. In determining when the plaintiff should have known of the basis for her claim, the focus is on the reasonableness of the plaintiff's action or inaction. *Id*. A plaintiff will be deemed to know that which she could have learned through reasonable diligence. Id. (citing *Hospital Dist. No 1 v. Alas*, 657 So.2d 1378, 1383 (La. App. 5 Cir. 1995). In sum, if an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and she fails or refuses it, and closes her eyes and ears to the notice before her, the law will hold her as bound by the same. *See id*.

Here, Adelaide Levin first filed a claim on January 31, 2016 when she was listed as a claimant in the Second Amended Complaint. Based on the face of the plaintiff forms that Ms. Levin signed under penalty of perjury, she discovered the presence of Chinese drywall in the Property two years prior to that date, via the Healthy Home Inspections solution on January 31, 2014. On this basis alone, her redhibition claim, and therefore Gerald Levin's claim as her successor, was prescribed on its face when it was asserted.

As to the remaining claims, under Louisiana law, prescriptive periods are not determined by the label of the cause of action but are instead determined by the nature of the transaction and the underlying basis of the claim. *Stewart v. Ruston Louisiana Hosp. Co., LLC.*, No. 3:14-0083, 2016 WL 1715192, at *5 (W.D., La. Apr. 27, 2016) ("In determining the prescriptive period for a cause of action, 'Louisiana courts look to the nature of the duty that has been breached.'") (citing *Carriere v. Jackson Hewitt Tax Serv. Inc.*, 750 F. Supp. 2d 694, 704 (E.D. La. 2010)); *see also Roger v. Dufrene*, 613 So.2d 947, 948 (La. 1993) ("The proper prescriptive period to be applied in any action depends upon the nature of the cause of action."); *Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So.2d 192, 194 (La. 1978) ("Louisiana jurisprudence is well settled that

the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it.").

Therefore, actions that are tort-based claims, like all of the Louisiana law claims asserted in the Fifth Amended Complaint, are subject to a one-year liberative prescription period under La. Civ. Code art. 3492. *See, e.g.*, *Cerullo v. Heisser*, 16-558 (La. App. 5 Cir. 2/8/17); 213 So. 3d 1232, 1237 (fraud and misrepresentation claims were delictual actions and one-year liberative prescription applied); *AGEM Mgmt. Servs., LLC v. First Tennessee Bank Nat. Ass'n*, 942 F. Supp. 2d 611, 622 (E.D. La. 2013) (breach of contract based on misrepresentation governed by one-year prescriptive period); *Pearson v. IHOP*, No. CIV.A 09-3071, 2010 WL 971798, at *2 (E.D. La. Mar. 10, 2010) ("Negligence claims in Louisiana are subject to a one year prescriptive period, which runs from the date of the injury."); *Gad v. Granberry*, 2007-117 (La. App. 3 Cir. 5/30/07); 958 So. 2d 125, (finding purchaser's claims against vendor and real estate company for fraud and misrepresentation were delictual actions and subject to one-year prescriptive period).

Like the claims in redhibition, the other Louisiana claims asserted by Gerald Levin are prescribed on their face and should be dismissed with prejudice.

**IV.    Conclusion**

The claims asserted by Gerald Levin as Executor of the Estate of Adelaide Levin are prescribed. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:            kmiller@fishmanhaygood.com

*Counsel for Defendant,*
*The Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 31st day of March, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**