Supplemental Plaintiff Profile Form – Residential and Commercial Properties

> **For Internal Use Only**
> File No. _____
>
> **Date Received:**
> _____

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In re:  Chinese Manufactured Drywall
Products Liability Litigation

This Document Relates to:

MDL NO. 2047
SECTION: L
JUDGE FALLON
MAG. JUDGE WILKINSON

*Elizabeth Bennett v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.,*  Civil Action No.: 14-cv-2722-EEF-JCW (E.D.La)

---

This Supplemental Plaintiff Profile Form must be completed and signed by every person making a claim in this litigation against the manufacturer of Chinese Drywall,  Knauf Plasterboard Tianjin      , using one form per Property. In completing this Supplemental Profile Form, you are under oath and must provide all information within your knowledge, custody and control that is true and correct to the best of your knowledge.  If you have already submitted a Plaintiff Profile Form, this Supplemental Plaintiff Profile Form will be in addition to and supplement the prior Profile Form submitted.  You have an affirmative obligation to search for all documents, electronically stored information, and tangible things responsive to this questionnaire.  You may and should consult with your attorney if you have any questions regarding completion of this form. If you are completing the form for someone who has died or who cannot complete the Profile Form, please answer as completely as you can for that person.

The responses contained within this Supplemental Plaintiff Profile Form are made without waiving any rights or objections as to relevance or privilege and are made without any abrogation of legal defenses, including those of the Collateral Source Doctrine.

The questions and requests for production contained within this Supplemental Profile Form are non-objectionable and shall be answered without objection. By answering this Supplemental Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts if provided for by applicable law, and are subject to all protections afforded by law.  Failure to fully complete this Supplemental Profile Form and provide the appropriate documents may result in a motion filed against you pursuant to Rule 37 of the Federal Rules of Civil Procedure, which could include a request for dismissal of the action in whole or in part.

All photographs produced in response to this form shall be in color.

---

### Section I. Claimant and Property Information

Name of Claimant: Adelaide                    Levin
First Name                              M.I.   Last Name                              Suffix

Co-Claimant First Name (if applicable)  M.I.   Last Name                              Suffix

Business/Entity Name (if applicable)

1

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Address of Property in this Lawsuit ("Property"):

2201-03 Neyrey Street
Address 1                                                    Address 2

New Orleans                          LA          70001
City                                 State       Zip Code

Is the Property residential or commercial?   Residential

Name of Person
Completing this Form:    Adelaide              Levin
                        First Name      M.I.   Last Name              Suffix

Mailing Address (if different):

2712 Whitney Place                                          Apt. 534
Address 1                                                    Address 2

Metairie                             LA          70001
City                                 State       Zip Code

Phone Number of Person Completing This Form: ( 504 ) 352 - 7071

---

### Section II. Purchase, Sale and/or Transfer of Ownership of a Property and Assignments of Claims

When did you acquire the Property? Month/Day/Year: 7 / 22 / 2003

When was Chinese drywall installed in the Property (to the best of your knowledge)?

Month/Day/Year: _____ / _____ / 2006

When you acquired the Property, were you aware that it contained Chinese drywall?  ☐ Yes  ☒ No

If you were not aware, at the time you acquired the Property, that the Property contained Chinese drywall, when did you first become aware that the Property contained Chinese drywall?

Month/Year: 1 / 2014

If you believe Chinese drywall was installed after you acquired the Property, when and how did you first become aware that the Property contained Chinese drywall?

If you acquired the Property knowing that the Property contained Chinese drywall, have you expressly acquired an assignment or other personal right of action that allows you to pursue a claim for damages?
☐ Yes  ☐ No

If Yes, attach a copy of the document assigning any right or claim to you.

If Yes, did you acquire the assignment with the purchase of the Property or at some later time?

Have you sold or transferred ownership of the Property since you acquired it?  ☒ Yes  ☐ No

If No, go to Section III.

If Yes, on what date did you sell or transfer ownership of the Property?

Month/Day/Year: 6 / 11 / 2014

2

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

If you have sold or transferred ownership of the Property, did you at the time of sale assign to anyone any right of action for damages relating to the Property?  ☐ Yes  ☐ No

If you have sold or transferred ownership of the Property, did you expressly retain a personal right of action to allow you to pursue damages?  ☐ Yes  ☐ No

If you answered Yes to either of the two prior questions, attach a copy of any documents relating to your sale or transfer of ownership of the Property and to the assignment of a right of action for damages.

### Section III.  Product Identification and Evidence Retention

Did you provide evidence of Chinese drywall in the Property to the Plaintiffs' Steering Committee to be placed in the PSC FileCloud Database?  ☑ Yes  ☐ No

If Yes, do you have any additional evidence of Chinese drywall in the Property that you have not provided to the Plaintiffs' Steering Committee?  ☐ Yes  ☑ No

If No, go to Section IV.  If Yes, **attach** all additional evidence of Chinese drywall in the Property that you have not already provided to the Plaintiffs' Steering Committee.

### Section IV. Bankruptcy, Foreclosure or Short Sale

Do you contend that you entered personal bankruptcy as a result of damage to your Property from defective Chinese Drywall?  ☐ Yes  ☑ No

If Yes, answer the following questions:

If you entered personal bankruptcy, identify the case number and docket information of the filing.

Court filed in: _____

Date of filing: _____/_____/_____
          Month    Day    Year

Docket No.: _____

Present Status: _____

Attach your bankruptcy petition and documents filed therewith, including (1) the schedule of assets and liabilities; (2) the schedule of income and expenditures; (3) the statement of financial affairs; (4) the schedule of executory contracts and unexpired leases; (5) the list of creditors and amount and nature of claims; (6) the source, amount, and frequency of the debtor's income; (7) the list of all the debtor's property; and (8) the detailed list of the debtor's monthly living expenses.

Do you contend that a foreclosure or short sale occurred as a result of damage to your Property from defective Chinese Drywall?  ☐ Yes  ☑ No

If Yes, answer the following questions:

If the Property was the subject of a foreclosure or short sale, identify the following:

Foreclosure or Short Sale? _____

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Lender's name: _____

Loan Number: _____

Original Loan/Mortgage Amount: $_____

Date of Original Loan/Mortgage: _____/_____/_____
                                         Month    Day    Year

At the Date of Foreclosure or Short Sale, the amount owed on the Loan/Mortgage: $_____

Date of Foreclosure or Short Sale: _____/_____/_____
                                           Month    Day    Year

Short Sale Price (if applicable): $_____

Attach all loan/mortgage documentation and documentation pertaining to the acquisition of the property.

Attach all documents relating to any foreclosure or short sale, including but not limited to any financial statements provided to the lender, a seller's hardship letter, tax returns, W-2 forms, payroll stubs, and bank statements provided to the lender, and comparative market analyses of comparable sales provided to the lender.

### Section V. Already Remediated Property

Has the Property been partially or completely remediated? No _____

If completely or partially remediated, answer the following questions.  If No, go to Section VI.

Please identify the dates during which the remediation took place:

_____

Please identify who performed the work to remediate the property (for example: self, name of contractor, name of remediation service): _____

If the Property has been partially remediated, identify the rooms of the Property that were remediated, the current condition and status of the remediation and the amount of work remaining to be remediated:

Attach any documents supporting any work that you or others performed for remediation of the Property.

If the Property has been partially or completely remediated, what was the total cost to date for the remediation of the Property?

$_____

Attach all invoices and documents to support the total cost of remediation to date.

4

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Attach all invoices, purchase receipts and documents supporting the total cost or value of any appliances, fixtures or other electronics that you claim were damaged by Chinese drywall.

Attach all invoices, purchase receipts and documents supporting the total cost or value of any other movables (property or possessions, not including land or buildings) that you claim were damaged by Chinese drywall.

If the Property has been completely remediated, what was the date the remediation was completed?

Month/Year: _____/_____

Have you preserved at least two samples (of ten inches by ten inches (10" x 10") in size if possible) of every different drywall brand or marking removed from the Property?   ☐ Yes   ☐ No

If you have preserved samples, where are the samples located?

_____

Have you preserved at least one sample of each type of drywall endtape, if any, that was found during inspection, repair or removal of drywall in or from the Property?   ☐ Yes   ☐ No

If you have preserved samples, where are the samples located?

_____

Have you photographed the backside of each Chinese-manufactured drywall board removed from the Property immediately after it was removed, and have you documented on a floor plan or other similar diagram the location of each full or partial Chinese-manufactured drywall board and its photograph?
☐ Yes   ☐ No

If you have photographed and documented each Chinese-manufactured board, please attach the photograph(s) and floor plan.

Have you photographed the HVAC coil, at least one (1) plumbing component and three (3) electrical components that you allege were damaged by Chinese drywall?   ☐ Yes   ☐ No

If you have photographed these materials, please attach the photographs.

Have you photographed any other building materials, components, or other personal property for which you intend to seek recovery?   ☐ Yes   ☐ No

If you have photographed these materials, please attach the photographs.

**Section VI. Prior Payments**

Have you received any payments, including but not limited to settlement payments, payments from homebuilders, and insurance payments, related to damages you claim to have suffered caused by defective Chinese drywall in the Property or related to any other harm caused by defective Chinese drywall?   ☐ Yes   ☑ No

If Yes, identify the source(s) and state the amount of payment(s) you received?

Source: _____

Amount of payments received:  $ _____

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Source: _____

Amount of payments received:  $ _____

Source: _____

Amount of payments received:  $ _____

If you received payments from the Knauf settlement, state the percentage of the Chinese Drywall that was identified as "KPT Chinese Drywall" as described in section 1.27 of the Knauf Settlement Agreement: _____%

Attach documents reflecting the total amount you received from the source(s).

### Section VII. Other Damages

If you incurred alternative living expenses as a result of Chinese Drywall, identify the total moving cost and/or alternative living expense you incurred.

$_____

Attach all receipts and documents supporting the total moving cost and/or alternative living expense you incurred.

If you experienced any loss of use and/or loss of enjoyment of the Property as a result of Chinese Drywall, identify the total amount of such loss.

$ 225,000.00 _____

Attach all documentation to support the total amount claimed for the loss.

If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

$ 120,000.00 _____

Attach all documentation to support the total amount claimed for diminution of value, including documents showing that the Property's previous value.

### Section VIII. "Under Air" Square Footage

Has the under air square footage of the Property changed at any time since installation of the Chinese drywall?  ☐ Yes  ☑ No

If the square footage has changed, please identify the date(s) and change(s) to under air square footage, and attach all documentation that relates to each change:

Date: _____

Change: _____

Date: _____

Change: _____

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Date: _____

Change: _____

### Section IX. Verification of Supplemental Plaintiff Profile Form

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that I am the claimant identified in this Supplemental Plaintiff Profile Form and that all information provided in this Supplemental Plaintiff Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration to the extent that such documents are in my possession, custody or control.

I further declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information previously provided by me in my original Plaintiff Profile Form continues to be true and correct and has been updated to the best of my knowledge.

_____        _3/26/18_____
Claimant's signature                                         Date signed

Name: _____ADELAIDE LEVIN_____

Address: ___2712 WHHMET PLACE APT. 534___
            Address 1
         ___METAIRIE, LOUISIANA 70001___
            City          State        Zip Code

Phone No.: _(504) 352-7071_____

Email: ___GLEVIN/RATT, NET_____

7

# EXHIBIT

## [See Section VII of SPPF]

Related to:
Alternative Living Expenses,
Loss of Use/Loss of Enjoyment,
or Diminution of Value

Section VII.  Loss of Use / Loss of Enjoyment

$225,000.00 in loss of use / loss of enjoyment damages is appropriate and consistent with past verdicts in the Chinese drywall litigation, based on the number of years I and my family have owned and/or lived in the home containing defective Chinese-manufactured sheetrock produced by the Knauf Defendants.  This figure also includes damaged personal property and home repair directly attributable to the gasses produced by the defective sheetrock.


Section VII.  Diminution of Property Value

This property was due to be sold for $215,000.00, but after the discovery of defective Knauf Chinese-manufactured sheetrock, the price was reduced to $95,000.00; thus, the reduced value was entirely due to the presence of Chinese sheetrock.

# LATTER&BLUM
### Since 1916 INC/REALTORS®

www.latter-blum.com

CORPORATE HEADQUARTERS: 430 Notre Dame Street • New Orleans, Louisiana 70130 • 1-800-771-9305

LATTER & BLUM ASSUMES NO RESPONSIBILITY FOR ANY UNAUTHORIZED USE OF THIS FORM. THIS FORM IS FOR THE USE OF LATTER & BLUM EXCLUSIVELY

| | | |
|---|---|---|
| East Jefferson - Latter & Blum Inc | | East Jefferson - Latter & Blum Inc |
| Listing Firm | | Selling Firm |
| Eric J. Wyler | ☑ | Eric J. Wyler |
| Seller's Designated Agent | **Dual Agent** | Buyer's Designated Agent |
| 504-450-9597    504-888-4585  504-275-2316 | | 504-450-9597    504-888-4585    504-275-2316 |
| Phone Number        Office              Fax | | Phone Number        Office              Fax |
| ejwyler@aol.com | | ejwyler@aol.com |
| Email Address | | Email Address |
| Eric J. Wyler | | |
| Delivered by Designated Agent to | Day | Date | Time | AM/PM |
| Immediately Upon Buyer's Execution | | |
| Comments | | |
| Immediately Upon Buyer's Execution | | |
| Received by Designated Agent | Day | Date | Time | AM/PM |

## LOUISIANA RESIDENTIAL AGREEMENT TO BUY OR SELL

1
2
3  Date: 12/7/2013
4
5  **PROPERTY DESCRIPTION:** I/We offer and agree to Buy/Sell the property at:
6  (Municipal Address) 2201-03 Neyrey Drive
7  City Metairie, LA                 ; Zip 70001          ; Parish Jefferson              ; Louisiana,
8  (Legal Description) Lot 6 / Square H / Rosedale Park Subdivision
9  on lands and grounds measuring approximately 57 x 90 / 89
10 or as per record title; including all buildings, structures, component parts, and all installed, built-in, permanently
11 attached improvements, together with all fences, security systems, all installed speakers or installed sound
12 systems, all landscaping, all outside TV antennas, all satellite dishes, all installed and/or built-in appliances, all
13 ceiling fans, all air conditioning or heating systems including window units, all bathroom mirrors, all window
14 coverings, blinds and associated hardware, all shutters, all flooring, all carpeting, all cabinet tops, all cabinet
15 knobs or handles, all doors, all door knobs or handles, all windows, all roofing, all electrical systems, and all
16 installed lighting fixtures, chandeliers and associated hardware, other constructions permanently attached to the
17 ground. If owned by the SELLER prior to date of this Agreement, standing timber, unharvested crops and
18 ungathered fruits of trees on the property shall be conveyed to the BUYER. The following movable items here
19 remain with the property, but are not to be considered as part of the Sale Price and have no value:
20 N/A
21
22
23 All items listed herein are included in the property sold no matter how they are attached or installed, provided that
24 any or all of these items are in place at the time of signing of this Agreement to Buy or Sell (the
25 "Agreement),unless otherwise stated herein. (All of the above contained in lines 5 through 22 are collectively
26 referred to herein as the "Property.") The following items are excluded from the Property sold:
27 Any / All Appliances Owned By The Occupants.
28
29
30 **MINERAL RIGHTS:** If SELLER transfers any mineral rights, they are to be transferred without warranty.
31 0         % mineral rights owned by SELLER are to be reserved by SELLER and the SELLER shall waive any
32 right to use the surface for any such reserved mineral activity or use.
33
34 **PRICE:** The Property will be sold and purchased subject to title and zoning restrictions, servitudes of record, and
35 law or ordinances affecting the Property for the sum of  Two Hundered Fifteen Thousand And
36 00/100
37 Dollars ($ 215,000.00          ) (the "Sale Price").
38 **ACT OF SALE:** The Act of Sale is to be executed before a settlement agent or Notary Public to be chosen by
39 BUYER, on January 23                  , 20 14  , or before if mutually agreed upon. Any change of the date
40 for execution of the Act of Sale must be mutually agreed upon in writing and signed by SELLER and BUYER. At
41 closing, BUYER must provide "good funds" if required by Louisiana statute LA R.S. 22:2092.2 *et seq.* Security
42 deposits are to be transferred to BUYER at Act of Sale.
43
44 **OCCUPANCY:** Occupancy/possession and transfer of keys is to be granted at Act of Sale unless mutually agreed
45 upon in writing.
46

BUYER'S Initials M.L.            U                    Page 1 of 7                    SELLER'S Initials

ABS Rev. 06/01/13



L&B-18003-LA

| 2201-03 Neyrey Drive | Metairie, LA | LA | 70001 | 12/7/2013 |
|---|---|---|---|---|
| Property address, street, city, state, zip | | | | Date |

47  **CONTINGENCY FOR SALE OF BUYER'S OTHER PROPERTY:**

48  ☐ This sale is contingent on the sale of other property by the BUYER and the attached contingency clause
49  addendum shall apply.

50  ☑ This sale is not contingent upon the sale of other property by the BUYER nor is the loan needed by the
51  BUYER to obtain the Sale Price contingent on the BUYER'S sale of any property.

52

53  ☐ **ALL CASH SALE:** BUYER warrants he has cash readily available to close the sale of this Property.

54

55  ☑ **FINANCED SALE:** This sale is conditioned upon the ability of BUYER to borrow with this Property as security
56  for the loan the sum of $ _161,250.00_____ or _75_ % of the Sale
57  Price by a mortgage loan or loans at an initial interest rate not to exceed _5.00_% per annum, interest and
58  principal, amortized over a period of not less than _30__ years, payable in monthly installments or on any other
59  terms as may be acceptable to BUYER provided that these terms do not increase the cost, fees or expenses to
60  SELLER. The loan shall be secured by:

61  ☐ Fixed Rate Mortgage                    ☐ FHA Insured Mortgage
62  ☐ Adjustable Rate Mortgage               ☐ Owner Financing
63  ☐ Rural Development                      ☐ Bond Financing
64  ☐ VA Guaranteed Mortgage                 ☐ Other _____

65

66  Fees paid by SELLER that are required by lender, if any, shall not exceed $ _N/A_____. BUYER
67  agrees to pay discount points not to exceed _N/A_ % of the loan amount.

68

69  Other financing conditions: _N/A_____
70  _____
71  _____
72  _____

73  BUYER shall make written application for a loan, with a Lender, matching the terms provided for in Lines 55-71
74  above, no later than _5___ calendar days after the Date of Acceptance of this offer by both parties ("Loan
75  Application Period"). If BUYER fails to make written application within this period of time, the SELLER may, at
76  SELLER'S option, terminate this Agreement by giving BUYER written notice of their intent to terminate. BUYER
77  agrees to provide SELLER with a written Verification of Loan Application from the Lender, which must stipulate, at
78  a minimum, the following: (1) a formal loan application has been completed by the BUYER and received and
79  reviewed by the Lender; (2) BUYER'S credit report has been received and reviewed by the Lender; (3) Lender
80  has received from BUYER all initial documentation of BUYER'S income and assets, as requested by Lender; and
81  (4) Lender has received and reviewed the appraisal of the property. In the event BUYER does not provide
82  SELLER with a written Verification of Loan Application from the Lender within _30__ calendar days after the Loan
83  Application Period, the SELLER may, at SELLER'S option, terminate this Agreement by giving BUYER written
84  notice of their intent to terminate if the written Verification of Loan cannot be provided within _10___ additional
85  calendar days. In the event BUYER is not able to secure financing, SELLER reserves the right to provide all or
86  part of mortgage loan(s) under the terms set forth above. The BUYER acknowledges and warrants that he has
87  available the funds which may be required to complete the sale of the Property including, but not limited to, the
88  deposit, the down payment, closing costs, pre-paid items, and other expenses.

89

90  **PRORATIONS/OTHER COSTS:** Real estate taxes, flood insurance premium if assumed, rents, condominium
91  dues, assessments, and/or other dues owed to homeowners associations and the like for the current year are to
92  be prorated through the date of the Act of Sale. Act of Sale costs, abstracting costs, title search, title insurance
93  and other costs required to obtain financing, shall be paid by BUYER, unless otherwise stated herein. All
94  necessary tax, mortgage, conveyance, release certificates or cancellations and SELLER closing fees, if any, shall
95  be paid by SELLER. Seller shall pay all previous years' taxes, assessments, condominium dues, and/or dues
96  owed to homeowners associations and the like. All special assessments bearing against the Property prior to Act
97  of Sale, other than those to be assumed by written agreement, as of the date of the Act of Sale, are to be paid by
98  Seller.

99

100  **APPRAISAL:** ☐ This sale is NOT conditioned on appraisal. ☑ This sale IS conditioned on the appraisal of the

BUYER'S Initials _JLL___  _iL___          Page 2 of 7          SELLER'S Initials _____ _____

ABS Rev. 06/01/13

L&B-18003-LA

2201-03 Neyrey Drive                    Metairie, LA          LA   70001          12/7/2013

Property address, street, city, state, zip                                                Date

101  Property being not less than the Sale Price. If the appraised value of the Property is equal to or greater than the
102  Sale Price, the BUYER shall pay the Sale Price agreed upon prior to the appraisal. If the appraised value is less
103  than the Sale Price, BUYER shall immediately provide written notification to SELLER of appraised value and
104  BUYER'S request for SELLER to reduce the Sale Price. Within  Five_____ ( 5 ) calendar
105  days after SELLER'S receipt of such written notification of the appraised value, BUYER shall have the option to
106  pay the Sale Price agreed upon prior to the appraisal or to void this Agreement unless SELLER agrees in writing
107  to reduce the Sale Price to the appraised value or all parties agree to a new Sale Price.
108

109  **DEPOSIT:** Upon acceptance of this offer, or any attached counter offer, SELLER and BUYER shall be bound by
110  all terms and conditions of this Agreement, and BUYER or BUYER'S agent will deliver immediately upon notice of
111  acceptance of the offer a deposit (the "Deposit") in the amount of $1,000.00_____ or N/A %
112  of the Sale Price to be paid in the form of:

113  ☐ Cash  $_____   ☐ Promissory Note $_____
114  ☑ Check $1,000.00_____
115  The Deposit shall be held by  Latter & Blum Inc_____.
116

117  Failure to deliver the Deposit shall be considered a default of this Agreement. If the Deposit is held by a Broker, it
118  must be held in accordance with the rules of the Louisiana Real Estate Commission in a federally insured banking
119  or savings and loan institution without responsibility on the part of the Broker in the case of failure or suspension
120  of such institution. In the event the parties fail to execute an Act of Sale by date specified herein, and/or a dispute
121  arises as to ownership of, or entitlement to, the Deposit or funds held in escrow, the Broker shall abide by the
122  Rules and Regulations set forth by the Louisiana Real Estate Commission.
123

124  **RETURN OF DEPOSIT:** The Deposit shall be returned to the BUYER and this Agreement declared null and void
125  without demand in consequence of the following events:
126

127  1) If this Agreement is declared null and void by BUYER during the inspection and due diligence period as set
128  forth in lines 174 through 191 of this Agreement;
129

130  2) If this Agreement is subject to BUYER'S ability to obtain a loan and the loan cannot be obtained, except as
131  stated in lines 85 through 86 of this Agreement but only if the BUYER has made timely application for the loan
132  and made good faith efforts to obtain the loan;
133

134  3) If the BUYER conditions the Sale Price on an appraisal and the appraisal is less than the Sale Price and the
135  SELLER will not reduce the Sale Price as set forth in lines 100 through 107 of this Agreement;
136

137  4) If the BUYER timely terminates the Agreement after having received the leases or assessments, as set forth in
138  lines 143 through 147 of this Agreement;
139

140  5) If the SELLER is unable to timely deliver to the BUYER an approved sewerage and/or water inspection report
141  as set forth in lines 193 through 200.
142

143  **LEASES/SPECIAL ASSESSMENTS:** The sale is conditioned upon BUYER'S receipt of a copy of all written
144  leases, excluding mineral leases, and unpaid special assessments from SELLER within five (5) calendar days of
145  acceptance of the Agreement. Special assessments shall mean an assessment levied on Property to pay the cost
146  of local improvements.  BUYER will have five (5) calendar days after receipt of the aforementioned documents to
147  notify SELLER whether they are acceptable to BUYER.
148

149  **NEW HOME CONSTRUCTION:** If the property to be sold is completed new construction, under construction, or to
150  be constructed, choose one:

151  ☐ A new home construction addendum, with additional terms and conditions, is attached.

152  ☐ There is no new home construction addendum.
153

154  **INSPECTION AND DUE DILIGENCE PERIOD:** BUYER ACKNOWLEDGES THAT THE SALE PRICE OF THE
155  PROPERTY WAS NEGOTIATED BASED UPON THE PROPERTY'S APPARENT CURRENT CONDITION;
156  ACCORDINGLY, SELLER IS NOT OBLIGATED TO MAKE REPAIRS TO THE PROPERTY, INCLUDING
157  REPAIRS REQUIRED BY THE LENDER UNLESS OTHERWISE STATED HEREIN. THE SELLER IS
158  RESPONSIBLE FOR MAINTAINING THE PROPERTY IN SUBSTANTIALLY THE SAME OR BETTER
159  CONDITION AS IT WAS WHEN THE AGREEMENT WAS FULLY EXECUTED.
160

161  BUYER shall have an inspection and due diligence period of ( 15 ) calendar days, commencing the first day

BUYER'S Initials M.L.                      Page 3 of 7          SELLER'S Initials _____

ABS Rev. 06/01/13

L&B-18003-LA



| 2201-03 Neyrey Drive | Metairie, LA | LA | 70001 | 12/7/2013 |
|---|---|---|---|---|
| Property address, street, city, state, zip | | | | Date |

162 after acceptance of **this Agreement** wherein, BUYER may, at BUYER'S expense, have any inspections made by
163 experts or others of his choosing. Such physical inspections may include, but are not limited to, inspections for
164 termites and other wood destroying insects, and/or damage from same, molds, and fungi hazards, and analysis of
165 synthetic stucco, drywall, appliances, structures, foundations, roof, heating, cooling, electrical, plumbing systems,
166 utility and sewer availability and condition, out-buildings, and square footage. Other due diligence by BUYER may
167 include, but is not limited to investigation into the property's school district, flood zone classifications, current
168 zoning and/or subdivision restrictive covenants and any items addressed in the SELLER'S Property Disclosure
169 Document. All testing shall be nondestructive testing. SELLER agrees to provide the utilities for inspections and
170 immediate access. If BUYER is not satisfied with the condition of the Property or the results of BUYER's due
171 diligence investigation, the BUYER may choose one of the following options within the inspection and due
172 diligence period:
173
174 **Option 1:** BUYER may elect, in writing, to terminate the Agreement and declare the Agreement null and void; or
175 **Option 2:** BUYER may indicate in writing the deficiencies and desired remedies and SELLER will within seventy
176 two (72) hours respond in writing as to SELLER's willingness to remedy those deficiencies ("SELLER's
177 Response").
178
179 **Should SELLER in the SELLER'S Response refuse to remedy any or all of the deficiencies listed by the**
180 **BUYER,** then BUYER shall have seventy-two (72) hours from the date of SELLER's Response or seventy-two
181 (72) hours from the date that SELLER's Response was due, whichever is earlier, to: (a) accept SELLER's
182 Response to BUYER'S written requests or (b) accept the Property in its current condition, or (c) to elect to
183 terminate this Agreement. BUYER'S response shall be in writing. Upon BUYER'S failure to respond to the
184 SELLER's Response by the time specified or BUYER'S electing, in writing, to terminate this Agreement, the
185 Agreement shall be automatically, with no further action required by either party, ipso facto null and void except
186 for return of Deposit to the BUYER.
187
188 FAILURE TO GIVE WRITTEN NOTICE OF EITHER TERMINATION OR DEFICIENCIES AND DESIRED
189 REMEDIES TO SELLER (OR SELLER'S DESIGNATED AGENT) AS SET FORTH IN LINES 161 THROUGH 177
190 WITHIN THE INSPECTION AND DUE DILIGENCE PERIOD SHALL BE DEEMED AS ACCEPTANCE BY
191 BUYER OF THE PROPERTY'S CURRENT CONDITION.
192
193 <u>PRIVATE WATER/SEWERAGE:</u> **In the event there is a private water system or private sewerage system on**
194 **the Property, the SELLER shall provide, at SELLER's expense, approval of the private water or sewerage**
195 **system operation, in accordance with the appropriate governmental entity or duly licensed private entity.**
196 **An approved sewerage and/or water inspection report will be issued within thirty (30) days prior to the Act**
197 **of Sale by the appropriate governmental agency or duly licensed private entity. The approved inspection**
198 **and test on the water and/or sewerage system are to be furnished and paid for by the SELLER. Any**
199 **private water system or private sewerage system repairs necessary to obtain approved inspection**
200 **certificate will be paid by SELLER.**
201
202 <u>HOME SERVICE/WARRANTY:</u> A home service/warranty plan ☐ will / ☑ will not be purchased at the closing of
203 sale at a cost not to exceed $ N/A_____ to be paid by ☐ BUYER / ☐ SELLER / ☑ neither and
204 ordered by N/A_____.
205
206 It is understood that Agent/Broker may receive compensation from the home warranty company for actual
207 services performed. The home service warranty plan does not warrant pre-existing defects and options, and does
208 not supersede or replace any other inspection clause or responsibilities. If neither BUYER nor SELLER accepts
209 the home service warranty plan, they declare that they have been made aware of the existence of such a plan,
210 and further declare that they hold the Broker and Agents harmless from any responsibility or liability due to their
211 rejection of such a plan.
212 <u>WARRANTY OR AS IS CLAUSE WITH WAIVER OF RIGHT OF REDHIBITION:</u> (CHECK ONE ONLY)
213 ☐ A. SALE WITH WARRANTIES: SELLER and BUYER acknowledge that this sale shall be with full SELLER
214 warranties as to any claims or causes of action including but not limited to redhibition pursuant to Louisiana Civil
215 Code Article 2520, *et seq.* and Article 2541, *et seq.*
216
217 ☑ B. SALE "AS IS" WITHOUT WARRANTIES: SELLER and BUYER hereby acknowledge and recognize that the
218 Property being sold and purchased will be transferred in "as is" condition and further BUYER does hereby waive,
219 relieve and release SELLER from any claims or causes of action for redhibition pursuant to Louisiana Civil Code
220 Article 2520, *et seq.* and Article 2541, *et seq.* or for reduction of Sale Price pursuant to Louisiana Civil Code

BUYER'S Initials ML, LL          Page 4 of 7          SELLER'S Initials _____

ABS Rev. 06/01/13



L&B-18003-LA

---

2201-03 Neyrey Drive | Metairie, LA | LA | 70001 | 12/7/2013
Property address, street, city, state, zip — Date

Article 2541, et seq. Additionally, BUYER acknowledges that this sale is made without warranty of fitness for ordinary or particular use pursuant to Louisiana Civil Code Article 2524. SELLER and BUYER agree that this clause shall be made a part of the Act of Sale.

☐ **C. NEW HOME WARRANTIES.** Notwithstanding lines 213 through 223 and irrespective of whether A or B above is checked, if the Property is a new construction, the parties agree that neither A or B will apply but instead the provisions of the New Home Warranty Act (LA R.S. 9:3141 et seq.) shall apply. The warranty of condition of this Property is governed by the New Home Warranty Act if a home on the Property is a "home" as defined in the New Home Warranty Act.

**MERCHANTABLE TITLE/CURATIVE WORK:** SELLER shall deliver to BUYER a merchantable title at SELLER's costs (see lines 235 through 237). In the event curative work in connection with the title to the Property is required or is a requirement for obtaining the loan(s) upon which this Agreement is conditioned, the parties agree to and do extend the date for passing the Act of Sale to a date not more than Thirty _____ (30 ) calendar days from the date of the Act of Sale stated herein. SELLER's title shall be merchantable and free of all liens and encumbrances except those that can be satisfied at Act of Sale. All costs and fees required to make title merchantable shall be paid by SELLER. SELLER shall make good faith efforts to deliver merchantable title. SELLER's inability to deliver merchantable title within the time stipulated herein shall render this Agreement null and void, reserving unto BUYER the right to demand the return of the Deposit and to recover from SELLER actual costs incurred in processing of sale as well as legal fees incurred by BUYER.

**FINAL WALK THROUGH:** BUYER shall have the right to re-inspect the Property within five (5) days prior to the Act of Sale, or occupancy, whichever will occur first in order to determine if the Property is in the same or better condition as it was at the initial inspection(s) and to insure all agreed upon repairs have been completed. SELLER agrees to provide utilities for the final walk through and immediate access to the Property.

**DEFAULT OF AGREEMENT BY SELLER:** In the event of any other default of this Agreement by SELLER except as set forth in lines 124 through 141 or lines 237 through 240, BUYER shall at BUYER'S option have the right to declare this Agreement null and void with no further demand, or to demand and/or sue for any of the following:

1) Termination of this Agreement; 2) Specific performance; 3) Termination of this Agreement and an amount equal to 10% of the Sale Price as stipulated damages.

Further, BUYER shall be entitled to the return of the Deposit. The prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded their attorney fees and costs. The SELLER may also be liable for Broker fees.

**DEFAULT OF AGREEMENT BY BUYER:** In the event of any other default of this Agreement by BUYER except as set forth in lines 117 through 141, SELLER shall have at SELLER's option the right to declare this Agreement null and void with no further demand, or to demand and sue for any of the following: 1) Termination of this Agreement; 2) Specific performance; 3) Termination of this Agreement and an amount equal to 10% of the Sale Price as stipulated damages.

Further, SELLER shall be entitled to retain the Deposit. The prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded their attorney fees and costs. The BUYER may also be liable for Broker fees.

**MOLD RELATED HAZARDS NOTICE:** An informational pamphlet regarding common mold related hazards that can affect real property is available at the EPA website **http://www.epa.gov/iaq/molds/index.html.** By initialing this page of the Agreement, BUYER acknowledges that the real estate agent has provided BUYER with the EPA website enabling BUYER to obtain information regarding common mold related hazards.

**OFFENDER NOTIFICATION:** The Louisiana State Police maintains the State Sex Offender and Child Predator Registry through the Louisiana Bureau of Criminal Identification and Information. It is a public access database of the locations of individuals who are required to register pursuant to LA R.S. 15:540, et seq. The website for the database is **http://www.lsp.org/socpr/default.html.** Sheriff and police departments serving jurisdictions of 450,000 also maintain such information. Inquiries can be made by phone at 1-800-858-0551 or 1-225-925-6100. Send written inquiries to Post Office Box 66614, Box A-6, Baton Rouge, Louisiana 70896.

**CHOICE OF LAW:** This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Louisiana.

BUYER'S Initials M.L.    L L          Page 5 of 7          SELLER'S Initials

ABS Rev. 06/01/13

L&B-18003-LA



| 2201-03 Neyrey Drive | Metairie, LA | LA | 70001 | 12/7/2013 |
|---|---|---|---|---|
| Property address, street, city, state, zip | | | | Date |

283  **DEADLINES:** TIME IS OF THE ESSENCE and all deadlines are final, except where modifications, changes, or
284  extensions are made in writing and signed by all parties to this Agreement. All "calendar days" as used in this
285  Agreement shall end at 11:59 p.m. in Louisiana.
286
287  **ADDITIONAL TERMS AND CONDITIONS:**
288  _____
289  _____
290  _____
291  _____
292  _____
293  _____
294  _____
295  _____
296  _____

297  **ROLES OF BROKERS AND DESIGNATED AGENTS:** Broker(s) and Designated Agent(s) have acted only as
298  real estate brokers to bring the parties together and make no warranty to either party for performance or non
299  performance of any part of this Agreement or for any warranty of any nature unless specifically set forth in writing.
300  Broker(s) and Designated Agent(s) make no warranty or other assurances whatsoever concerning Property
301  measurements, square footage, room dimensions, lot size, Property lines or boundaries. Broker(s) and
302  Designated Agent(s) make no representations as to suitability or to a particular use of the Property, and BUYER
303  has or will independently investigate all conditions and characteristics of the Property which are important to
304  BUYER. BUYER is not relying on the Broker or the Designated Agent(s) to choose a representative to inspect or
305  re-inspect the Property; BUYER understands any representative desired by BUYER may perform this function. In
306  the event Broker/Agent(s) provides names or sources for such advice or assistance, Broker/Agent(s) does not
307  warrant the services of such experts or their products and cannot warrant the condition of Property or interest to
308  be acquired, or guarantee that all defects are disclosed by SELLER(s). Broker/Agent(s) do not investigate the
309  status of permits, zoning, code compliance, restrictive covenants, or insurability. The Broker(s) and Designated
310  Agent(s) specifically make no warranty whatsoever as to whether or not the Property is situated in or out of the
311  Government's hundred year flood plan or is or would be classified as wetlands by the U.S. Army Corps of
312  Engineers, or as to the presence of wood destroying insects or damage there from. BUYER(s) are to satisfy
313  themselves concerning these issues. Designated Agent shall be an independent contractor for Broker if the
314  conditions as set forth in LA R.S. 37:1446(h) are met.
315
316  **LIST ADDENDA TO BE ATTACHED AND MADE A PART OF THIS AGREEMENT:**
317  ☐ Contingency for Sale of Buyer's Other Property Addendum   ☑ 1031 Tax Deferred Exchange
318  ☐ Condominium Addendum                                      ☐ Addendum
319  ☐ FHA Amendatory Clause                                     ☐ _____
320  ☐ New Construction Addendum                                 ☐ _____
321
322  If any of the pre-printed portions of this Agreement vary or are in conflict with any additional or modified terms on
323  blanks provided in this form or Addendum attached to this Agreement, the additional, modified or Addendum
324  provisions control.
325
326  **SINGULAR – PLURAL USE:** Wherever the word BUYER or the word SELLER occurs in this Agreement or is
327  referred to, the same shall be construed as singular or plural, masculine or feminine or neuter, as the case may
328  be.
329
330  **ACCEPTANCE:** Acceptance of this Agreement must be in writing. Notice of this acceptance may be
331  communicated by facsimile transmission or electronic signature. The original of this document shall be delivered
332  to the listing Broker's firm. This Agreement and any supplement addendum or modification relating hereto,
333  including any photocopy, facsimile or electronic transmission thereof, may be executed in two or more
334  counterparts, all of which shall constitute one and the same Agreement.
335
336  **NOTICES AND OTHER COMMUNICATIONS:** All notices, requests, claims, demands, and other communications
337  related to this Agreement shall be in writing.  Notices permitted or required to be given (excluding service of
338  process) shall be deemed sufficient if given by (a) registered or certified mail, postage prepaid, return receipt
339  requested; (b) private courier service; or (c) facsimile addressed to the respective addresses of the parties as first
340  above written or at such other addresses as the respective parties may designate by like notice from time to time.
341

BUYER'S Initials _M.L._  _JC_          Page 6 of 7          SELLER'S Initials _G_ _L_

ABS Rev. 06/01/13

L&B-18003-LA

2201-03 Neyrey Drive _____ Metairie, LA _____ LA ___ 70001 ___ 12/7/2013
Property address, street, city, state, zip _____ Date

342  ☐ BUYER further authorizes notices and other communications to be delivered electronically to the following
343  address(es): _____
344

345  ☐ SELLER further authorizes notices and other communications to be delivered electronically to the following
346  address(es): _____
347

348  **CONTRACT:** This is a legally binding contract when signed by both SELLER and BUYER. READ IT
349  CAREFULLY. If you do not understand the effect of any part of this Agreement seek legal advice before signing
350  this contract or attempting to enforce any obligation or remedy provided herein.
351

352  **ENTIRE AGREEMENT:** This Agreement constitutes the entire Agreement between the parties, and any other
353  agreements not incorporated herein in writing are void and of no force and effect.
354

355  **EXPIRATION OF OFFER:**
356  This offer is binding and irrevocable until December 9, 2013 / 5:00 PM _____ AM/PM/MIDNIGHT/NOON.

357  X _____Meng Luo_____                              X _____Longmei Li_____     11:05
358  ☑ Buyer's / ☐ Seller's Signature    Date/Time     ☑ Buyer's / ☐ Seller's Signature         Date/Time
359  Meng Luo                    12/7/13  11.10 c.     Longmei Li               12/7/13
360  Print Buyer's/Seller's Full Name (First, Middle, Last)  Print Buyer's/Seller's Full Name (First, Middle, Last)
361
362  _____               _____
363  Street Address                                  Street Address
364  _____               _____
365  City, State, Zip                                City, State, Zip
366  _____               _____
367  Telephone Number.Cell                           Telephone Number.Cell
368  _____               _____
369  Telephone Number.Home    Telephone Number.Work  Telephone Number.Home    Telephone Number.Work
370  _____               _____
371  E-Mail Address                                  E-Mail Address
372  _____               _____
373  This offer was presented to the Seller/Buyer by   Day/ Date/ Time AM/PM MIDNIGHT/NOON

374  This offer is: ☑ **Accepted** ☐ **Rejected** (without counter) ☐ **Countered** (See Attached Counter) by:
375
376  X _____ 12/9/13                      X _____
377  ☐ Buyer's / ☑ Seller's Signature    Date/Time    ☐ Buyer's / ☑ Seller's Signature         Date/Time
378  _____               _____
379  Print Buyer's/Seller's Full Name (First, Middle, Last)  Print Buyer's/Seller's Full Name (First, Middle, Last)
380
381  _____               _____
382  Street Address                                  Street Address
383  _____               _____
384  City, State, Zip                                City, State, Zip
385  _____               _____
386  Telephone Number.Cell                           Telephone Number.Cell
387  _____               _____
388  Telephone Number.Home    Telephone Number.Work  Telephone Number.Home    Telephone Number.Work
389  _____               _____
390  E-Mail Address                                  E-Mail Address
391  This counter offer was presented to the Seller/Buyer by   Day/ Date/ Time AM/PM MIDNIGHT/NOON

Page 7 of 7

ABS Rev. 06/01/13

L&B-18003-LA

# LATTER&BLUM
### Since 1916   INC/REALTORS®

www.latter-blum.com

CORPORATE HEADQUARTERS: 430 Notre Dame Street • New Orleans, Louisiana 70130 • 1-800-771-9305

LATTER & BLUM ASSUMES NO RESPONSIBILITY FOR ANY UNAUTHORIZED USE OF THIS FORM. THIS FORM IS FOR THE USE OF LATTER & BLUM EXCLUSIVELY.

| East Jefferson - Latter & Blum | | East Jefferson - Latter & Blum |
|---|---|---|
| Listing Firm | | Selling Firm |
| Eric J. Wyler | ☑ | Eric J. Wyler |
| Seller's Designated Agent | Dual Agent | Buyer's Designated Agent |
| 504-450-9597    504-888-4585   504-275-2316 | | 504-450-9597   504-888-4585   504-275-2316 |
| Phone Number         Office              Fax | | Phone Number         Office              Fax |
| ejwyler@aol.com | | ejwyler@aol.com |
| Email Address | | Email Address |
| Eric J. Wyler | | |

| Delivered by Designated Agent to | | Day | Date | Time | AM/PM |
|---|---|---|---|---|---|
| Immediately Upon Buyer's Execution | | | | | |
| Comments | | | | | |
| Immediately Upon Buyer's Execution | | | | | |
| Received by Designated Agent | | Day | Date | Time | AM/PM |

1
2  **LOUISIANA RESIDENTIAL AGREEMENT TO BUY OR SELL**
3  Date: May 30, 2014
4
5  **PROPERTY DESCRIPTION:** I/We offer and agree to Buy/Sell the property at:
6  (Municipal Address) 2201-03 NEYREY DRIVE
7  City Metairie                          ; Zip 70001          ; Parish Jefferson          ; Louisiana,
8  (Legal Description) Lot 6 / Square H / Rosedale Park Subdivision
9  on lands and grounds measuring approximately 57 x 90 / 89
10 or as per record title; including all buildings, structures, component parts, and all installed, built-in, permanently
11 attached improvements, together with all fences, security systems, all installed speakers or installed sound
12 systems, all landscaping, all outside TV antennas, all satellite dishes, all installed and/or built-in appliances, all
13 ceiling fans, all air conditioning or heating systems including window units, all bathroom mirrors, all window
14 coverings, blinds and associated hardware, all shutters, all flooring, all carpeting, all cabinet tops, all cabinet
15 knobs or handles, all doors, all door knobs or handles, all windows, all roofing, all electrical systems, and all
16 installed lighting fixtures, chandeliers and associated hardware, other constructions permanently attached to the
17 ground. If owned by the SELLER prior to date of this Agreement, standing timber, unharvested crops and
18 ungathered fruits of trees on the property shall be conveyed to the BUYER. The following movable items here
19 remain with the property, but are not to be considered as part of the Sale Price and have no value:
20 N/A
21
22
23 All items listed herein are included in the property sold no matter how they are attached or installed, provided that
24 any or all of these items are in place at the time of signing of this Agreement to Buy or Sell (the
25 "Agreement"),unless otherwise stated herein. (All of the above contained in lines 5 through 22 are collectively
26 referred to herein as the "Property.") The following items are excluded from the Property sold:
27 N/A
28
29
30 **MINERAL RIGHTS:** If SELLER transfers any mineral rights, they are to be transferred without warranty.
31 0          % mineral rights owned by SELLER are to be reserved by SELLER and the SELLER shall waive any
32 right to use the surface for any such reserved mineral activity or use.
33
34 **PRICE:** The Property will be sold and purchased subject to title and zoning restrictions, servitudes of record, and
35 law or ordinances affecting the Property for the sum of   Ninety-Five Thousand And 00/100
36                                        Dollars ($ 95,000.00           ) (the "Sale Price").
37
38 **ACT OF SALE:** The Act of Sale is to be executed before a settlement agent or Notary Public to be chosen by
39 BUYER, on June 27                         , 20 14   , or before if mutually agreed upon. Any change of the date
40 for execution of the Act of Sale must be mutually agreed upon in writing and signed by SELLER and BUYER. At
41 closing, BUYER must provide "good funds" if required by Louisiana statute LA R.S. 22:2092.2 *et seq.* Security
42 deposits are to be transferred to BUYER at Act of Sale.
43
44 **OCCUPANCY:** Occupancy/possession and transfer of keys is to be granted at Act of Sale unless mutually agreed
45 upon in writing.
46

BUYER'S Initials M.L.             Page 1 of 7          SELLER'S Initials

ABS Rev. 06/01/13

L&B-18003-LA



| 2201-03 NEYREY DRIVE | Metairie | LA | 70001 | May 30, 2014 |
|---|---|---|---|---|
| Property address, street, city, state, zip | | | | Date |

47 **CONTINGENCY FOR SALE OF BUYER'S OTHER PROPERTY:**

48 ☐ This sale is contingent on the sale of other property by the BUYER and the attached contingency clause
49 addendum shall apply.

50 ☑ This sale is not contingent upon the sale of other property by the BUYER nor is the loan needed by the
51 BUYER to obtain the Sale Price contingent on the BUYER'S sale of any property.

52

53 ☑ **ALL CASH SALE:** BUYER warrants he has cash readily available to close the sale of this Property.

54

55 ☐ **FINANCED SALE:** This sale is conditioned upon the ability of BUYER to borrow with this Property as security
56 for the loan the sum of $_____ or _____% of the Sale
57 Price by a mortgage loan or loans at an initial interest rate not to exceed _____% per annum, interest and
58 principal, amortized over a period of not less than _____ years, payable in monthly installments or on any other
59 terms as may be acceptable to BUYER provided that these terms do not increase the cost, fees or expenses to
60 SELLER. The loan shall be secured by:

61 ☐ Fixed Rate Mortgage                    ☐ FHA Insured Mortgage
62 ☐ Adjustable Rate Mortgage               ☐ Owner Financing
63 ☐ Rural Development                      ☐ Bond Financing
64 ☐ VA Guaranteed Mortgage                 ☐ Other _____

65

66 Fees paid by SELLER that are required by lender, if any, shall not exceed $_____. BUYER
67 agrees to pay discount points not to exceed _____% of the loan amount.

68

69 Other financing conditions: _____
70 _____
71 _____

72

73 BUYER shall make written application for a loan, with a Lender, matching the terms provided for in Lines 55-71
74 above, no later than _____ calendar days after the Date of Acceptance of this offer by both parties ("Loan
75 Application Period"). If BUYER fails to make written application within this period of time, the SELLER may, at
76 SELLER'S option, terminate this Agreement by giving BUYER written notice of their intent to terminate. BUYER
77 agrees to provide SELLER with a written Verification of Loan Application from the Lender, which must stipulate, at
78 a minimum, the following: (1) a formal loan application has been completed by the BUYER and received and
79 reviewed by the Lender; (2) BUYER'S credit report has been received and reviewed by the Lender; (3) Lender
80 has received from BUYER all initial documentation of BUYER'S income and assets, as requested by Lender; and
81 (4) Lender has received and reviewed the appraisal of the property. In the event BUYER does not provide
82 SELLER with a written Verification of Loan Application from the Lender within _____ calendar days after the Loan
83 Application Period, the SELLER may, at SELLER'S option, terminate this Agreement by giving BUYER written
84 notice of their intent to terminate if the written Verification of Loan cannot be provided within _____ additional
85 calendar days. In the event BUYER is not able to secure financing, SELLER reserves the right to provide all or
86 part of mortgage loan(s) under the terms set forth above. The BUYER acknowledges and warrants that he has
87 available the funds which may be required to complete the sale of the Property including, but not limited to, the
88 deposit, the down payment, closing costs, pre-paid items, and other expenses.

89

90 **PRORATIONS/OTHER COSTS:** Real estate taxes, flood insurance premium if assumed, rents, condominium
91 dues, assessments, and/or other dues owed to homeowners associations and the like for the current year are to
92 be prorated through the date of the Act of Sale. Act of Sale costs, abstracting costs, title search, title insurance
93 and other costs required to obtain financing, shall be paid by BUYER, unless otherwise stated herein. All
94 necessary tax, mortgage, conveyance, release certificates or cancellations and SELLER closing fees, if any, shall
95 be paid by SELLER. Seller shall pay all previous years' taxes, assessments, condominium dues, and/or dues
96 owed to homeowners associations and the like. All special assessments bearing against the Property prior to Act
97 of Sale, other than those to be assumed by written agreement, as of the date of the Act of Sale, are to be paid by
98 Seller.

99

100 **APPRAISAL:** ☑ This sale is NOT conditioned on appraisal. ☐ This sale IS conditioned on the appraisal of the

BUYER'S Initials M.L.  JL              Page 2 of 7              SELLER'S Initials _____

ABS Rev. 06/01/13

L&B-18003-LA

2201-03 NEYREY DRIVE                    Metairie          LA  70001      May 30, 2014

Property address, street, city, state, zip                                        Date

101  Property being not less than the Sale Price. If the appraised value of the Property is equal to or greater than the
102  Sale Price, the BUYER shall pay the Sale Price agreed upon prior to the appraisal. If the appraised value is less
103  than the Sale Price, BUYER shall immediately provide written notification to SELLER of appraised value and
104  BUYER'S request for SELLER to reduce the Sale Price. Within _____ (_____) calendar
105  days after SELLER'S receipt of such written notification of the appraised value, BUYER shall have the option to
106  pay the Sale Price agreed upon prior to the appraisal or to void this Agreement unless SELLER agrees in writing
107  to reduce the Sale Price to the appraised value or all parties agree to a new Sale Price.
108
109  **DEPOSIT:** Upon acceptance of this offer, or any attached counter offer, SELLER and BUYER shall be bound by
110  all terms and conditions of this Agreement, and BUYER or BUYER'S agent will deliver immediately upon notice of
111  acceptance of the offer a deposit (the "Deposit") in the amount of $1,000.00_____ or N/A %
112  of the Sale Price to be paid in the form of:
113  ☐ Cash  $_____ ☐ Promissory Note $_____
114  ☑ Check $1,000.00 / Previously Posted_____
115  The Deposit shall be held by Latter & Blum Inc_____.
116
117  Failure to deliver the Deposit shall be considered a default of this Agreement. If the Deposit is held by a Broker, it
118  must be held in accordance with the rules of the Louisiana Real Estate Commission in a federally insured banking
119  or savings and loan institution without responsibility on the part of the Broker in the case of failure or suspension
120  of such institution. In the event the parties fail to execute an Act of Sale by date specified herein, and/or a dispute
121  arises as to ownership of, or entitlement to, the Deposit or funds held in escrow, the Broker shall abide by the
122  Rules and Regulations set forth by the Louisiana Real Estate Commission.
123
124  **RETURN OF DEPOSIT:** The Deposit shall be returned to the BUYER and this Agreement declared null and void
125  without demand in consequence of the following events:
126
127  1) If this Agreement is declared null and void by BUYER during the inspection and due diligence period as set
128  forth in lines 174 through 191 of this Agreement;
129
130  2) If this Agreement is subject to BUYER'S ability to obtain a loan and the loan cannot be obtained, except as
131  stated in lines 85 through 86 of this Agreement but only if the BUYER has made timely application for the loan
132  and made good faith efforts to obtain the loan;
133
134  3) If the BUYER conditions the Sale Price on an appraisal and the appraisal is less than the Sale Price and the
135  SELLER will not reduce the Sale Price as set forth in lines 100 through 107 of this Agreement;
136
137  4) If the BUYER timely terminates the Agreement after having received the leases or assessments, as set forth in
138  lines 143 through 147 of this Agreement;
139
140  5) If the SELLER is unable to timely deliver to the BUYER an approved sewerage and/or water inspection report
141  as set forth in lines 193 through 200.
142
143  **LEASES/SPECIAL ASSESSMENTS:** The sale is conditioned upon BUYER'S receipt of a copy of all written
144  leases, excluding mineral leases, and unpaid special assessments from SELLER within five (5) calendar days of
145  acceptance of the Agreement. Special assessments shall mean an assessment levied on Property to pay the cost
146  of local improvements. BUYER will have five (5) calendar days after receipt of the aforementioned documents to
147  notify SELLER whether they are acceptable to BUYER.
148
149  **NEW HOME CONSTRUCTION:** If the property to be sold is completed new construction, under construction, or to
150  be constructed, check one:
151  ☐ A new home construction addendum, with additional terms and conditions, is attached.
152  ☐ There is no new home construction addendum.
153
154  **INSPECTION AND DUE DILIGENCE PERIOD:** BUYER ACKNOWLEDGES THAT THE SALE PRICE OF THE
155  PROPERTY WAS NEGOTIATED BASED UPON THE PROPERTY'S APPARENT CURRENT CONDITION;
156  ACCORDINGLY, SELLER IS NOT OBLIGATED TO MAKE REPAIRS TO THE PROPERTY, INCLUDING
157  REPAIRS REQUIRED BY THE LENDER UNLESS OTHERWISE STATED HEREIN. THE SELLER IS
158  RESPONSIBLE FOR MAINTAINING THE PROPERTY IN SUBSTANTIALLY THE SAME OR BETTER
159  CONDITION AS IT WAS WHEN THE AGREEMENT WAS FULLY EXECUTED.
160
161  BUYER shall have an inspection and due diligence period of ( N/A ) calendar days, commencing the first day

BUYER'S Initials M.L.  /L .        Page 3 of 7        SELLER'S Initials _____  ____

ABS Rev. 06/01/13

L&B-18003-LA

| 2201-03 NEYREY DRIVE | Metairie | LA | 70001 | May 30, 2014 |
|---|---|---|---|---|
| Property address, street, city, state, zip | | | | Date |

162  after acceptance of **this Agreement** wherein, BUYER may, at BUYER'S expense, have any inspections made by
163  experts or others of his choosing. Such physical inspections may include, but are not limited to, inspections for
164  termites and other wood destroying insects, and/or damage from same, molds, and fungi hazards, and analysis of
165  synthetic stucco, drywall, appliances, structures, foundations, roof, heating, cooling, electrical, plumbing systems,
166  utility and sewer availability and condition, out-buildings, and square footage. Other due diligence by BUYER may
167  include, but is not limited to investigation into the property's school district, flood zone classifications, current
168  zoning and/or subdivision restrictive covenants and any items addressed in the SELLER'S Property Disclosure
169  Document. All testing shall be nondestructive testing. SELLER agrees to provide the utilities for inspections and
170  immediate access. If BUYER is not satisfied with the condition of the Property or the results of BUYER's due
171  diligence investigation, the BUYER may choose one of the following options within the inspection and due
172  diligence period:
173
174  **Option 1:** BUYER may elect, in writing, to terminate the Agreement and declare the Agreement null and void; or
175  **Option 2:** BUYER may indicate in writing the deficiencies and desired remedies and SELLER will within seventy
176  two (72) hours respond in writing as to SELLER's willingness to remedy those deficiencies ("SELLER's
177  Response").
178
179  **Should SELLER in the SELLER'S Response refuse to remedy any or all of the deficiencies listed by the**
180  **BUYER,** then BUYER shall have seventy-two (72) hours from the date of SELLER's Response or seventy-two
181  (72) hours from the date that SELLER's Response was due, whichever is earlier, to: (a) accept SELLER'S
182  Response to BUYER'S written requests or (b) accept the Property in its current condition, or (c) to elect to
183  terminate this Agreement. BUYER'S response shall be in writing. Upon BUYER'S failure to respond to the
184  SELLER's Response by the time specified or BUYER'S electing, in writing, to terminate this Agreement, the
185  Agreement shall be automatically, with no further action required by either party, ipso facto null and void except
186  for return of Deposit to the BUYER.
187
188  FAILURE TO GIVE WRITTEN NOTICE OF EITHER TERMINATION OR DEFICIENCIES AND DESIRED
189  REMEDIES TO SELLER (OR SELLER'S DESIGNATED AGENT) AS SET FORTH IN LINES 161 THROUGH 177
190  WITHIN THE INSPECTION AND DUE DILIGENCE PERIOD SHALL BE DEEMED AS ACCEPTANCE BY
191  BUYER OF THE PROPERTY'S CURRENT CONDITION.
192
193  <u>**PRIVATE WATER/SEWERAGE:**</u> **In the event there is a private water system or private sewerage system on**
194  **the Property, the SELLER shall provide, at SELLER's expense, approval of the private water or sewerage**
195  **system operation, in accordance with the appropriate governmental entity or duly licensed private entity.**
196  **An approved sewerage and/or water inspection report will be issued within thirty (30) days prior to the Act**
197  **of Sale by the appropriate governmental agency or duly licensed private entity. The approved inspection**
198  **and test on the water and/or sewerage system are to be furnished and paid for by the SELLER. Any**
199  **private water system or private sewerage system repairs necessary to obtain approved inspection**
200  **certificate will be paid by SELLER.**
201
202  <u>**HOME SERVICE/WARRANTY:**</u> A home service/warranty plan ☐ will / ☑ will not be purchased at the closing of
203  sale at a cost not to exceed $_____ to be paid by ☐ BUYER / ☐ SELLER / ☐ neither and
204  ordered by _____.
205
206  It is understood that Agent/Broker may receive compensation from the home warranty company for actual
207  services performed. The home service warranty plan does not warrant pre-existing defects and options, and does
208  not supersede or replace any other inspection clause or responsibilities. If neither BUYER nor SELLER accepts
209  the home service warranty plan, they declare that they have been made aware of the existence of such a plan,
210  and further declare that they hold the Broker and Agents harmless from any responsibility or liability due to their
211  rejection of such a plan.
212
213  <u>**WARRANTY OR AS IS CLAUSE WITH WAIVER OF RIGHT OF REDHIBITION:**</u> (CHECK ONE ONLY)
214  ☐ A. SALE WITH WARRANTIES: SELLER and BUYER acknowledge that this sale shall be with full SELLER
215  warranties as to any claims or causes of action including but not limited to redhibition pursuant to Louisiana Civil
216  Code Article 2520, *et seq.* and Article 2541, *et seq.*
217
218  ☑ B. SALE "AS IS" WITHOUT WARRANTIES: SELLER and BUYER hereby acknowledge and recognize that the
219  Property being sold and purchased is to be transferred in "as is" condition and further BUYER does hereby waive,
220  relieve and release SELLER from any claims or causes of action for redhibition pursuant to Louisiana Civil Code
     Article 2520, *et seq.* and Article 2541, *et seq.* or for reduction of Sale Price pursuant to Louisiana Civil Code

BUYER'S Initials M.L.   L.L.          Page 4 of 7          SELLER'S Initials ____  ____

ABS Rev. 06/01/13



L&B-18003-LA

2201-03 NEYREY DRIVE                 Metairie             LA   70001         May 30, 2014
Property address, street, city, state, zip                                          Date

Article 2541, *et seq.* Additionally, BUYER acknowledges that this sale is made without warranty of fitness for ordinary or particular use pursuant to Louisiana Civil Code Article 2524. SELLER and BUYER agree that this clause shall be made a part of the Act of Sale.

☐ C. NEW HOME WARRANTIES. Notwithstanding lines 213 through 223 and irrespective of whether A or B above is checked, if the Property is a new construction, the parties agree that neither A or B will apply but instead the provisions of the New Home Warranty Act (LA R.S. 9:3141 *et seq.*) shall apply. The warranty of condition of this Property is governed by the New Home Warranty Act if a home on the Property is a "home" as defined in the New Home Warranty Act.

**MERCHANTABLE TITLE/CURATIVE WORK:** SELLER shall deliver to BUYER a merchantable title at SELLER's costs (see lines 235 through 237). In the event curative work in connection with the title to the Property is required or is a requirement for obtaining the loan(s) upon which this Agreement is conditioned, the parties agree to and do extend the date for passing the Act of Sale to a date not more than Thirty _____ (30 ) calendar days from the date of the Act of Sale stated herein. SELLER's title shall be merchantable and free of all liens and encumbrances except those that can be satisfied at Act of Sale. All costs and fees required to make title merchantable shall be paid by SELLER. SELLER shall make good faith efforts to deliver merchantable title. SELLER's inability to deliver merchantable title within the time stipulated herein shall render this Agreement null and void, reserving unto BUYER the right to demand the return of the Deposit and to recover from SELLER actual costs incurred in processing of sale as well as legal fees incurred by BUYER.

**FINAL WALK THROUGH:** BUYER shall have the right to re-inspect the Property within five (5) days prior to the Act of Sale, or occupancy, whichever will occur first in order to determine if the Property is in the same or better condition as it was at the initial inspection(s) and to insure all agreed upon repairs have been completed. SELLER agrees to provide utilities for the final walk through and immediate access to the Property.

**DEFAULT OF AGREEMENT BY SELLER:** In the event of any other default of this Agreement by SELLER except as set forth in lines 124 through 141 or lines 237 through 240, BUYER shall at BUYER'S option have the right to declare this Agreement null and void with no further demand, or to demand and/or sue for any of the following:

1) Termination of this Agreement; 2) Specific performance; 3) Termination of this Agreement and an amount equal to 10% of the Sale Price as stipulated damages.

Further, BUYER shall be entitled to the return of the Deposit. The prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded their attorney fees and costs. The SELLER may also be liable for Broker fees.

**DEFAULT OF AGREEMENT BY BUYER:** In the event of any other default of this Agreement by BUYER except as set forth in lines 117 through 141, SELLER shall have at SELLER's option the right to declare this Agreement null and void with no further demand, or to demand and sue for any of the following: 1) Termination of this Agreement; 2) Specific performance; 3) Termination of this Agreement and an amount equal to 10% of the Sale Price as stipulated damages.

Further, SELLER shall be entitled to retain the Deposit. The prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded their attorney fees and costs. The BUYER may also be liable for Broker fees.

**MOLD RELATED HAZARDS NOTICE:** An informational pamphlet regarding common mold related hazards that can affect real property is available at the EPA website **http://www.epa.gov/iaq/molds/index.html.** By initialing this page of the Agreement, BUYER acknowledges that the real estate agent has provided BUYER with the EPA website enabling BUYER to obtain information regarding common mold related hazards.

**OFFENDER NOTIFICATION:** The Louisiana State Police maintains the State Sex Offender and Child Predator Registry through the Louisiana Bureau of Criminal Identification and Information. It is a public access database of the locations of individuals who are required to register pursuant to LA R.S. 15:540, et seq. The website for the database is **http://www.lsp.org/socpr/default.html.** Sheriff and police departments serving jurisdictions of 450,000 also maintain such information. Inquiries can be made by phone at 1-800-858-0551 or 1-225-925-6100. Send written inquiries to Post Office Box 66614, Box A-6, Baton Rouge, Louisiana 70896.

**CHOICE OF LAW:** This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Louisiana.

BUYER'S Initials M.L.   i.L.            Page 5 of 7            SELLER'S Initials ____

ABS Rev. 06/01/13



| 2201-03 NEYREY DRIVE | Metairie | LA | 70001 | May 30, 2014 |
|---|---|---|---|---|
| Property address, street, city, state, zip | | | | Date |

283 **DEADLINES:** TIME IS OF THE ESSENCE and all deadlines are final, except where modifications, changes, or
284 extensions are made in writing and signed by all parties to this Agreement. All "calendar days" as used in this
285 Agreement shall end at 11:59 p.m. in Louisiana.
286

287 **ADDITIONAL TERMS AND CONDITIONS:**
288  Utilities WILL NOT BE TURNED ON / AVAILABLE For Inspections / Final Walk Through.
289 _____
290  Buyer Acknowledges The Presence Of CHINESE DRYWALL In The Subject Property And
291  Agrees To The Attached HOLD HARMLESS CLAUSE.
292 _____
293 _____
294 _____
295 _____
296

297 **ROLES OF BROKERS AND DESIGNATED AGENTS:** Broker(s) and Designated Agent(s) have acted only as
298 real estate brokers to bring the parties together and make no warranty to either party for performance or non
299 performance of any part of this Agreement or for any warranty of any nature unless specifically set forth in writing.
300 Broker(s) and Designated Agent(s) make no warranty or other assurances whatsoever concerning Property
301 measurements, square footage, room dimensions, lot size, Property lines or boundaries. Broker(s) and
302 Designated Agent(s) make no representations as to suitability or to a particular use of the Property, and BUYER
303 has or will independently investigate all conditions and characteristics of the Property which are important to
304 BUYER. BUYER is not relying on the Broker or the Designated Agent(s) to choose a representative to inspect or
305 re-inspect the Property; BUYER understands any representative desired by BUYER may perform this function. In
306 the event Broker/Agent(s) provides names or sources for such advice or assistance, Broker/Agent(s) does not
307 warrant the services of such experts or their products and cannot warrant the condition of Property or interest to
308 be acquired, or guarantee that all defects are disclosed by SELLER(s). Broker/Agent(s) do not investigate the
309 status of permits, zoning, code compliance, restrictive covenants, or insurability. The Broker(s) and Designated
310 Agent(s) specifically make no warranty whatsoever as to whether or not the Property is situated in or out of the
311 Government's hundred year flood plan or is or would be classified as wetlands by the U.S. Army Corps of
312 Engineers, or as to the presence of wood destroying insects or damage there from. BUYER(s) are to satisfy
313 themselves concerning these issues. Designated Agent shall be an independent contractor for Broker if the
314 conditions as set forth in LA R.S. 37:1446(h) are met.
315

316 **LIST ADDENDA TO BE ATTACHED AND MADE A PART OF THIS AGREEMENT:**
317 ☐ Contingency for Sale of Buyer's Other Property Addendum  ☑ Inspection Rights Notification
318 ☐ Condominium Addendum                                     ☑ HOLD HARMLESS CLAUSE
319 ☐ FHA Amendatory Clause                                    ☐ _____
320 ☐ New Construction Addendum                                ☐ _____
321

322 If any of the pre-printed portions of this Agreement vary or are in conflict with any additional or modified terms on
323 blanks provided in this form or Addendum attached to this Agreement, the additional, modified or Addendum
324 provisions control.
325

326 **SINGULAR -- PLURAL USE:** Wherever the word BUYER or the word SELLER occurs in this Agreement or is
327 referred to, the same shall be construed as singular or plural, masculine or feminine or neuter, as the case may
328 be.
329

330 **ACCEPTANCE:** Acceptance of this Agreement must be in writing. Notice of this acceptance may be
331 communicated by facsimile transmission or electronic signature. The original of this document shall be delivered
332 to the listing Broker's firm. This Agreement and any supplement addendum or modification relating hereto,
333 including any photocopy, facsimile or electronic transmission thereof, may be executed in two or more
334 counterparts, all of which shall constitute one and the same Agreement.
335

336 **NOTICES AND OTHER COMMUNICATIONS:** All notices, requests, claims, demands, and other communications
337 related to this Agreement shall be in writing.  Notices permitted or required to be given (excluding service of
338 process) shall be deemed sufficient if given by (a) registered or certified mail, postage prepaid, return receipt
339 requested; (b) private courier service; or (c) facsimile addressed to the respective addresses of the parties as first
340 above written or at such other addresses as the respective parties may designate by like notice from time to time.
341

BUYER'S Initials M.L   ___  ___          Page 6 of 7          SELLER'S Initials ___  ___

ABS Rev. 06/01/13



L&B-18003-LA

2201-03 NEYREY DRIVE                    Metairie          LA    70001       May 30, 2014
Property address, street, city, state, zip                                          Date

342  ☐ BUYER further authorizes notices and other communications to be delivered electronically to the following
343  address(es): _____
344
345  ☐ SELLER further authorizes notices and other communications to be delivered electronically to the following
346  address(es): _____
347
348  **CONTRACT:** This is a legally binding contract when signed by both SELLER and BUYER. READ IT
349  CAREFULLY. If you do not understand the effect of any part of this Agreement seek legal advice before signing
350  this contract or attempting to enforce any obligation or remedy provided herein.
351
352  **ENTIRE AGREEMENT:** This Agreement constitutes the entire Agreement between the parties, and any other
353  agreements not incorporated herein in writing are void and of no force and effect.

354  **EXPIRATION OF OFFER:**
355  This offer is binding and irrevocable until **May 30, 2014 / 5:00 PM**_____ AM/PM/MIDNIGHT/NOON.
356
357  X _Meng Luo_        5/30/14  9:45 am    X _Longmei Li_         5/30/14 9:45 am
358  ☑ Buyer's/☐ Seller's Signature   Date/Time   ☐ Buyer's / ☐ Seller's Signature   Date/Time
359  Meng Luo                                      Longmei Li
360  Print Buyer's/Seller's Full Name (First, Middle, Last)   Print Buyer's/Seller's Full Name (First, Middle, Last)
361
362  Street Address                                Street Address
363
364  City, State, Zip                              City, State, Zip
365
366  Telephone Number.Cell                         Telephone Number.Cell
367
368  Telephone Number.Home    Telephone Number.Work   Telephone Number.Home    Telephone Number.Work
369
370  E-Mail Address                                E-Mail Address
371
372  This offer was presented to the Seller/Buyer by            Day/ Date/ Time/AM/PM MIDNIGHT/NOON
373

374  This offer is: ☑ **Accepted**  ☐ **Rejected** (without counter) ☐ **Countered** (See Attached Counter) by:
375
376  X _Adelaide P. Levin_   5/30/14 1:39 p.m   X _____
377  ☐ Buyer's / ☑ Seller's Signature   Date/Time   ☐ Buyer's / ☑ Seller's Signature   Date/Time
378  Adelaide P. Levin
379  Print Buyer's/Seller's Full Name (First, Middle, Last)   Print Buyer's/Seller's Full Name (First, Middle, Last)
380
381  Street Address                                Street Address
382
383  City, State, Zip                              City, State, Zip
384
385  Telephone Number.Cell                         Telephone Number.Cell
386
387  Telephone Number.Home    Telephone Number.Work   Telephone Number.Home    Telephone Number.Work
388
389  E-Mail Address                                E-Mail Address
390
391  This counter offer was presented to the Seller/Buyer by        Day/ Date/ Time AM/PM MIDNIGHT/NOON

Page 7 of 7

ABS Rev. 06/01/13

L&B-18003-LA



**INSPECTION RIGHTS**
**NOTIFICATION**
L&B-18127 (R11/13)

# LATTER & BLUM
*Since 1916* INC/REALTORS®

www.latter-blum.com

CORPORATE HEADQUARTERS: 430 Notre Dame Street • New Orleans, Louisiana 70130 • (504) 525-1311
LATTER & BLUM ASSUMES NO RESPONSIBILITY FOR ANY UNAUTHORIZED USE OF THIS FORM. THIS FORM IS FOR THE USE OF LATTER & BLUM EXCLUSIVELY.

Having been advised of my rights to have inspection(s) as per the terms on the

Agreement to Purchase dated ___May 30, 2014_____

for the property located at:

___2201-03 NEYREY DRIVE_____

LATTER & BLUM, INC/REALTORS® and agents make no representations or warranties regarding the property as described in the Multiple Listing Service. I have been advised to investigate the condition of the subject property and to satisfy myself of such through a personal inspection. I understand that Broker/Designated Agent(s) may offer their opinion on matters concerning real estate, but Broker/Designated Agent(s) are not experts in matters of law, taxes, financing, surveying, structural conditions, hazardous materials, engineering, electrical and mechanical systems, mold, lead base paints or any other matters. In the event Broker/Designated Agent(s) provides names or sources for such advice or assistance, BUYERS/SELLERS understand and acknowledge that Broker/Designated Agent(s) do not warrant the services of such experts or their products, and cannot warrant the condition of property or interest to be acquired or guarantee that all/any defects are disclosed by SELLER. Broker/Designated Agent(s) do not investigate the status of permits, zoning, location of property lines, code compliance or restrictive covenants and Broker/Designated Agent(s) do not guarantee the accuracy of square footage of land or structures. BUYERS are to satisfy themselves concerning these issues.

I understand that failure to make inspections or to give written response to seller(s) (or sellers agent/broker) within inspection period shall be deemed as acceptance by purchaser(s) of the property's present condition. I understand there are several professional inspection services available in the area for my choosing.

*It is my intention to not order/conduct any inspection(s), and I accept the property in its present condition.*

These rights have been explained to me in full, and this response hereby holds LATTER & BLUM, INC/REALTORS® and Cooperating Agency harmless from any liability in connection with the explanation of such rights.

| _~Merflino~_ | _5/30/14_ | _~Jugmei L~_ | _5/30/16_ |
|---|---|---|---|
| PURCHASER | DATE | PURCHASER | DATE |

| _~Eric J. Wufor~_ | _5 30 14_ |
|---|---|
| SELLING AGENT | DATE |

**"#1 REAL ESTATE COMPANY IN THE GULF SOUTH"**



**HOLD HARMLESS CLAUSE**
L&B-18014 (R4/14)

# LATTER&BLUM
*Since 1916* **INC/REALTORS**®

www.latter-blum.com

CORPORATE HEADQUARTERS: 430 Notre Dame Street • New Orleans, Louisiana 70130 • (504) 525-1311

LATTER & BLUM ASSUMES NO RESPONSIBILITY FOR ANY UNAUTHORIZED USE OF THIS FORM. THIS FORM IS FOR THE USE OF LATTER & BLUM EXCLUSIVELY.

I, __Meng Luo & Longmei Li__ _____ do hereby agree to indemnify and hold harmless of and from any and all *rights, claims, demands, actions, charges, obligations, expenses, costs, payments, debts, liabilities and material men liens,* and or *causes or action of any sort or nature including any in contract, tort, strict liability or statue* that may be brought against __Adelaide P. Levin__ _____ and or LATTER & BLUM, INC/REALTORS*, including payment of all necessary fees and expenses including attorney fees for their defense which arise out of or in any way related to:

My Acknowledgement / Acceptance Of The Presence Of CHINESE DRYWALL In The Subject Property (2201-03 Neyrey Drive / Metairie, LA

70001); And My Acknowledgement / Acceptance To Undertake FULL REMEDIATION / LIABILITY In Regard To Same As Per Available /

Stated REMEDIATION PROTOCALL.

ACCEPTED:

_____  _5/30/14_
Purchaser                Date

_____  _5/30/14._
Purchaser                Date

_____  _5/30/14_
Manager                  Date

ACCEPTED:

_____  _5/30/14_
Seller                   Date

_____  _____
Seller                   Date

_____  _5/30/14_
Manager                  Date

**"#1 REAL ESTATE COMPANY IN THE GULF SOUTH"**