UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY ROBERT AMUSO, JR.**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Robert Amuso, Jr., ("Plaintiff") against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

**I.    Factual and Procedural Background**

*A.  MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese-manufactured drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese-manufactured drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese-manufactured drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese-manufactured drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. 16570, pp. 3-4.

### B. The Bennett Complaint and Plaintiff

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

In conducting discovery in this MDL and in the Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Plaintiffs completed and submitted a PPF, SPPF, and PFS.[2] The documents were completed under penalty of perjury.

Robert Amuso, Jr., is listed in Plaintiffs' Second Motion to Intervene, filed October 7, 2019.[3] Robert Amuso, Jr., and his wife, Stephanie Amuso, have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese-manufactured drywall installed in the property located at 3461 Ambrose Lane, Kimberly, Alabama 35091 (the "Amuso Property"). While Robert Amuso, Jr., has filed a claim for the Amuso Property, the deed for the Property provided by Plaintiff only lists Stephanie Doss, now Stephanie Amuso, as Grantee.[4] Further, Stephanie Amuso testified that she does not know whether Robert Amuso, Jr. was ever an owner of the Amuso Property.[5] Robert Amuso, Jr. confirmed that he does not know whether he was ever an owner of the Amuso Property.[6]

---

[2] Exhibit A.
[3] R. Doc. 22334.
[4] Exhibit B, Warranty Deed.
[5] Exhibit C, Deposition of Stephanie Amuso at 16:15-21.
[6] Exhibit D, Deposition of Robert Amuso at 15:10-13.

Robert and Stephanie Amuso were deposed on December 3, 2019. Robert Amuso adopted Stephanie Amuso's testimony as his own.[7]

## II.   Law & Argument

### A.   Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[10] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[11]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[12] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict

---

[7] *Id.* at 27:7-19.
[8] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[9] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[11] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[12] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

for that party' is a full trial on the merits warranted."[13] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[14] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[15]

### B. Robert Amuso, Jr.'s Claims Should be Dismissed Because He Did not Have any Interest in the Amuso Property.

Robert Amuso, Jr.'s claims should be dismissed because he does not, and did not, have any interest in the Amuso Property. While Robert Amuso, Jr. has filed a claim for the Amuso Property, the deed for the Property only lists Stephanie Doss, now Stepanie Amuso, as Grantee.[16] Further, the Robert and Stephanie Amuso each testified that they do not know whether Robert Amuso, Jr. was ever an owner of the Amuso Property. Stephanie Amuso testified:

> **Q**: And in what manner did you transfer ownership to Mr. Amuso?
> **A**: We refinanced.
> **Q**: And when you refinanced, was he, in fact, included as an owner of the property, or is he simply on the mortgage?
> **A**: I don't know.[17]

Robert Amuso, Jr. confirmed that he does not know whether he was ever an owner of the Amuso Property:

> **Q**: Do you know, sir, if you were on the title or the deed for the property of this house?
> **A**: I don't know.[18]

---

[13] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[14] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[15] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.")).
[16] Exhibit B, Warranty Deed.
[17] Exhibit C, Deposition of Stephanie Amuso at 16:15-21.
[18] Exhibit D, Deposition of Robert Amuso at 15:10-13.

The deed does not name Robert Amuso, Jr., and the Amusos cannot offer any evidence—even via their own testimony—that Mr. Amuso was ever an owner of the Property. There is no issue of material fact. Robert Amuso, Jr., cannot meet his burden of proof that he had an interest in the Amuso Property. As such, Robert Amuso, Jr.'s claims should be dismissed.

### III.   CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to Robert Amuso, Jr.'s claims, his claims should be dismissed because the he cannot meet the burden of proof that Robert Amuso, Jr. ever had an interest in the Amuso Property. There is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

                Respectfully submitted,

                **FISHMAN HAYGOOD, LLP**

                /s/ *Kerry J. Miller*
                **KERRY J. MILLER (#24562), T.A.**
                **PAUL C. THIBODEAUX (#29446)**
                **DANIEL J. DYSART (#33812)**
                201 St. Charles Avenue, Suite 4600
                New Orleans, LA 70170
                Telephone:   504.556.5549
                Facsimile:    504.310.0275
                Email:   kmiller@fishmanhaygood.com
                ***Counsel for Defendant,***
                ***Knauf Gips KG and***
                ***Knauf Plasterboard (Tianjin) Co. Ltd.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 1st day of April, 2020.

                                                                    /s/ *Kerry J. Miller*
                                                                    **KERRY J. MILLER**