UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CLAIMS ASSERTED BY RICHARD CALEVRO UNDER RULE 37
OR, ALTERNATIVELY, FOR OTHER SANCTIONS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss Claims Asserted by Richard Calevro ("Calevro") Under Rule 37 or, Alternatively, for Other Sanctions, based on the claims asserted against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.    Factual and Procedural Background**

    **A.    MDL 2047 and the Bennett Complaint**

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces,

and objects, and the breaking down of appliances and electrical devices in their homes.[1] Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file lawsuits in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, dozens of depositions have been taken, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[2]

---

[1] *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014).

[2] *See* Order, Rec. Doc. No. 16570 at 3-4.

### B.     The Bennett Complaint and Kuntz

The original *Bennett* Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Calevro first appeared in the Complaint on October 31, 2019, after moving to intervene as a claimant on October 7, 2019.[3] Calevro is a plaintiff in the operative Fifth Amended Complaint and has made claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in Calevro's property located at 5040 Georgia Street, Bay Saint Louis, Mississippi 39520 (the "Property").

In conducting discovery in this MDL and in the *Bennett* matter, this Court approved a Plaintiff Profile Form ("PPF"), a Supplemental Plaintiff Profile Form ("SPPF"), an Owner Disclosure Affidavit ("ODA"), and a Plaintiff Fact Sheet ("PFS") to be completed by Plaintiff and set forth full and complete answers regarding the claims and damage amounts sought by all *Bennett* plaintiffs.

To date, Calevro has not produced a PPF, a SPPF, a PFS, or an ODA.

In fact, Calevro has not submitted *any* documents or evidence in support of his claims in this action.

Additionally, Calevro has not submitted to a deposition. Although the Knauf Defendants noticed Calevro's deposition for November 21, 2019 at 10:00 AM,[4] a time mutually agreed upon

---

[3] Rec. Docs. 22334, 22357-58.
[4] *See* Notice of Deposition (attached as Exhibit A).

by counsel for the Knauf Defendants and counsel for Plaintiff, Calevro did not appear on the day of his noticed deposition nor was any explanation provided to the Knauf Defendants.

## II. Legal Standards for Dismissal or Sanctions Pursuant to Rule 37

The court may sanction a party for impeding discovery by failing to respond to discovery requests or to appear for deposition.[5] Among available sanctions is the dismissal of the claim.[6] The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations.[7] Dismissal is appropriate when the refusal to comply results from willfulness or bad faith, and is accompanied by a clear record of delay or contumacious conduct.[8]

## III. Argument

By not producing a PPF, a SPPF, a PFS, an ODA, or any documents or evidence in support of his claims, and by failing to submit to a deposition, Calevro is delaying discovery and disrupting the course of litigation. The Knauf Defendants therefore ask the Court to exercise its inherent power to impose sanctions.[9] The sanction of dismissal for Calevro's claims is appropriate in this case for several reasons.

Calevro's lack of cooperation with discovery is willful, and such willfulness warrants dismissal. Calevro was required to produce documents in support of his claims but did not. The discovery deadline has now lapsed, and the Knauf Defendants never received any discovery from Calevro to shed light on his claims in this action.

---

[5] *See* Fed. R. Civ. P. 37(d)(1)(A).
[6] *See* Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (stating that the court can issue an order "dismissing the action or proceeding in whole or in part" for failure to comply with discovery).
[7] *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).
[8] *Coleman v. Evans*, No. 09-1067, 2010 WL 5105177, at *1 (M.D. La. Dec. 9, 2010).
[9] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i).

Additionally, Calevro was noticed for deposition for November 21, 2019 at 10:00 AM,[10] a time mutually agreed upon by counsel for the Knauf Defendants and counsel for Plaintiff, yet Calevro did not appear on the day of his noticed deposition nor was any explanation provided to the Knauf Defendants. Consequently, Calevro has not been deposed.

Thus, Calevro has not demonstrated a dedication to—or even an interest in—pursuing his case, despite the Knauf Defendants allocating considerable time and expense to investigate his claims.

The sanction of dismissal is not excessive under the circumstances, will ensure compliance with the rules, and will deter future violations by other plaintiffs in this action.[11] Additionally, dismissal is warranted as the Knauf Defendants cannot properly or fairly defend against Calevro's claims without being able to obtain discovery or depose Calevro.

Accordingly, Calevro's continued failure to produce documents and sit for a deposition threatens to interfere with the "rightful decision" of the case so that the Court cannot be confident that the parties will ever have access to the true facts.[12] As long as Calevro fails to participate, and as long as he remains a party to this lawsuit, the Knauf Defendants have no means by which to discover essential facts needed to defend against his claims. If essential and discoverable facts are withheld, the Court cannot have confidence that its ultimate decision relies upon all of the facts.

---

[10] *See* Notice of Deposition (attached as Exhibit A).

[11] *See Radford v. Red Jacket Firearms, L.L.C.*, No. 11-561, 2013 WL 636731, at *1 (M.D. La. Jan. 31, 2013), *report and recommendation adopted*, No. 11-561, 2013 WL 636727 (M.D. La. Feb. 20, 2013) (holding dismissal of claims appropriate pursuant to Rule 37).

[12] *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (plaintiff's claims were dismissed because plaintiff's refusal to cooperate with discovery damaged integrity of discovery process and the court could not proceed based upon true facts).

Calevro's failure to cooperate substantially prejudices the Knauf Defendants.[13] The Knauf Defendants have invested considerable time and resources investigating Calevro's claims. The discovery deadline has now lapsed, and the Knauf Defendants are faced with the difficulty of trying to defend against Calevro's claims without the benefit of discovery and/or deposition testimony that was required of all other claimants in this action.

Calevro has failed to participate in this action and will continue to cause unnecessary delays and expenses while prejudicing the Knauf Defendants. Therefore, Calevro's claims should be dismissed. Alternatively, this Court should impose sanctions it deems appropriate under the circumstances.

## IV.  Conclusion

Based on Calevro's failure to comply with discovery in MDL 2047, the Knauf Defendants request this Court dismiss Calevro's claims with prejudice pursuant to Rule 37 or, alternatively, to sanction Calevro as it deems appropriate.

                                              Respectfully submitted,

                                              **FISHMAN HAYGOOD, LLP**

                                              /s/ *Kerry J. Miller*  
                                              **KERRY J. MILLER (#24562), T.A.**  
                                              **PAUL C. THIBODEAUX (#29446)**  
                                              **DANIEL J. DYSART (#33812)**  
                                              201 St. Charles Avenue, Suite 4600  
                                              New Orleans, LA 70170  
                                              Telephone:    504.556.5549  
                                              Facsimile:     504.310.0275  
                                              Email:          kmiller@fishmanhaygood.com

                                              *Counsel for The Knauf Defendants*

---

[13] *See Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir.1985); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 1st day of April, 2020.

                                          */s/ Kerry J. Miller*
                                          **KERRY J. MILLER**