UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| **This document relates to:** | JUDGE ELDON FALLON |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

### MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY EDWARD J. LAREMORE

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of its Partial Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Edward J. Laremore against it in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

I.  **Factual and Procedural Background**

   A.  *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

### B.  *The Bennett Complaint and the Plaintiff*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Edward J. Laremore is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 7018 Pilgrim Court, Labelle, Florida 33935 (the "Property"). In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.  Edward J. Laremore completed and submitted a PPF, SPPF, PFS.[2] The documents were completed under penalty of perjury. Edward J. Laremore was deposed on June 18, 2019, and had twenty-one (21) days to supplement documents.

In part, Laremore asserted claims in his submissions for loss of use and loss of enjoyment of the Property in the amount of $300,000. Laremore's sole support for his loss of use and loss of enjoyment claim is the assertion that "$300,000 in loss of use/loss of enjoyment damages is appropriate and consistent with past verdicts in the Chinese drywall litigation, based on the number of years I and my family have owned and/or lived in the home containing defective Chinese-manufactured sheetrock produced by the Knauf defendants."[3] Laremore does not occupy, and has

---

[2] Exhibit A, Plaintiff's Submissions.
[3] *See* Exhibit A, Laremore SPPF at p. 9; Exhibit C, Deposition of Laremore at 21: 1-5.

never occupied, the Property; instead, he rents it out for income.[4] Laremore has only visited the Property one time around eight to ten years ago.[5] Laremore has a history of purchasing properties as investments,[6] and he purchased the Property as an investment Property with plans to flip it.[7] However, due to the economic downturn in 2008, he chose to rent out the Property instead.[8] When Laremore believed that the value of the Property increased, he listed the Property for sale in July 2017 and had the tenant move out because of the sale.[9]

## II. Law & Argument

### A. Laremore Cannot Show Loss of Use or Loss of Enjoyment of the Property.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[11]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[12] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[13]

---

[4] Exhibit C, Deposition of Laremore, at 29:20-22; 44:8-15.
[5] *Id.* at 44:19-22.
[6] *Id.* at 35:19-25.
[7] *Id.* at 29:10-13; 70:1-9.
[8] *Id.* at 70:1-9.
[9] *Id.* at 56:5-6; 71:5-16.
[10] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[11] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[13] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[14] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[15] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[16] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[17]

In part, Laremore asserted claims in his submissions for loss of use and loss of enjoyment of the Property in the amount of $300,000. Laremore does not occupy, and has never occupied, the Property; instead, he rents it out for income.[18] Laremore has only visited the Property one time around eight to ten years ago.[19] Laremore alleges damages for loss of use and loss of enjoyment based on "the number of years I and my family have owned and/or lived in the home."[20] However, Laremore has no claim for loss of use and/or of enjoyment of the Property because he never lived in the Property. Rather, he chose to rent the Property out to others, and Laremore has only visited the Property one time around eight to ten years ago. Overall, Laremore has a history of purchasing properties as investments,[21] and he purchased the Property as an investment Property with plans

---

[14] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[15] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[16] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[17] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").
[18] Exhibit C, Deposition of Laremore, at 29:20-22; 44:8-15.
[19] *Id.* at 44:19-22.
[20] Exhibit A.
[21] *Id.* at 35:19-25.

to flip it.[22] However, due to the economic downturn in 2008, he chose to rent the Property instead.[23] When Laremore believed that the value of the Property increased, he listed the Property for sale in July 2017 and had the tenant move out because of the sale.[24] The tenants did not move out because of the alleged Chinese drywall. Overall, Laremore has no claim against the Knauf Defendants for loss of use or loss of enjoyment.

Further, Laremore did not provide sufficient evidence to support his claims—either pursuant to the Court's approved forms, at his deposition, or following his deposition. Laremore's sole support for his loss of use and loss of enjoyment claim is the assertion that "$300,000 in loss of use/loss of enjoyment damages is appropriate and consistent with past verdicts in the Chinese drywall litigation, based on the number of years I and my family have owned and/or lived in the home containing defective Chinese-manufactured sheetrock produced by the Knauf defendants."[25] Laremore bears the burden at trial to prove his claims and damages and the evidence provided is insufficient, not colorable, and not probative to meet his burden under any standards.[26]  Because there is a complete absence of documents, support, or evidence for Laremore's loss of use and loss of enjoyment claims, summary judgment should be granted in favor of the Knauf Defendants.

### III.    CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to Edward J. Laremore, the facts do not support claims for loss of use and loss of enjoyment against the Knauf Defendants.  Laremore cannot substantiate any of the facts forming the basis of the claims against

---

[22] *Id.* at 29:10-13; 70:1-9.
[23] *Id.* at 70:1-9.
[24] *Id.* at 56:5-6; 71:5-16.
[25] *See* Exhibit A, Laremore SPPF at p. 9; Exhibit C, Deposition of Laremore at 21: 1-5.
[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986); *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993); *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)); *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

the Knauf Defendants, and there is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the loss of use and loss of enjoyment claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:            kmiller@fishmanhaygood.com
***Counsel for Defendant,***
***The Knauf Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 1st day of April, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**