UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| This document relates to: *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* Case No. 14:cv-2722 | JUDGE ELDON FALLON MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY RACHEL RENEE SCHOERNER**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Plaintiff, Rachel Renee Schoerner ("Plaintiff" or "Schoerner"), against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.    Factual and Procedural Background**

**A.  MDL 2047 and the Bennett Complaint**

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces,

and objects, and the breaking down of appliances and electrical devices in their homes.[1] Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file lawsuits in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, dozens of depositions have been taken, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[2]

---

[1] *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), aff'd, 742 F.3d 576 (5th Cir. 2014).
[2] *See* Order, Rec. Doc. No. 16570 at 3-4.

### B. The Bennett Complaint and Schoerner

The original *Bennett* Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Schoerner first appeared in the Complaint on October 31, 2019, after moving to intervene as a claimant on October 7, 2019.[3] Schoerner is now a plaintiff in the operative Fifth Amended Complaint and has made claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in her former property located at 451 Linda Drive, Biloxi, Mississippi 39531 (the "Property"). Schoerner was deposed on December 17, 2019.[4]

In conducting discovery in this MDL and in the *Bennett* matter, this Court approved a Plaintiff Profile Form ("PPF"), a Supplemental Plaintiff Profile Form ("SPPF"), an Owner Disclosure Affidavit ("ODA"), and a Plaintiff Fact Sheet ("PFS") to be completed by Plaintiff and set forth full and complete answers regarding the claims and damage amounts sought by all *Bennett* plaintiffs. Schoerner submitted with her signature, under penalty of perjury, a PPF dated December 13, 2019,[5] a SPPF dated December 12, 2019,[6] and a PFS dated December 12, 2019.[7]

Schoerner purchased the Property on May 22, 2006 and sold it on February 22, 2013.[8] Schoerner moved out of the Property around the time of the sale, on or around February 22, 2013.[9] Schoerner maintains that Chinese drywall was installed on the Property in 2006 and was in the

---

[3] Rec. Docs. 22334, 22357, 22358.
[4] *See* Deposition of Rachel Renee Schoerner ("Schoerner Depo.").
[5] Exhibit 2 to Schoerner Depo. (attached as Exhibit A)
[6] Exhibit 3 to Schoerner Depo. (attached as Exhibit B).
[7] Exhibit 4 to Schoerner Depo. (attached as Exhibit C).
[8] Schoerner Depo. at 16:1-16; Ex. A at 1; Ex. B at 2; Exhibit 5 to Schoerner Depo. (attached as Exhibit D).
[9] Schoerner Depo. at 20:7-16.

Property the entirety of her ownership/possession.[10] However, Schoerner did not investigate whether the Property contained Chinese drywall while she was an owner of and/or residing at the Property.[11] Rather, Schoerner testified—and the documents submitted on her behalf support—that she found out the Property was contaminated with Chinese drywall approximately three years after moving out of and selling the Property, on or around February 25, 2016, based on an inspection that had been performed.[12] Still, Schoerner did not appear in this action until over three and a half years had passed, and Schoerner testified—and the documents submitted on her behalf support—that she first filed claims in this action on October 7, 2019.[13]

On December 13, 2019, Schoerner executed and signed an Assignment of Claims & Retention of Rights Agreement (the "Assignment"), which pertains to the sale of the Property that took place on February 22, 2013.[14] In the Assignment, Schoerner, as Seller, "assign[ed] her entire interest in all compensable claims in the existing *Bennett* case, described herein, both pecuniary and non-pecuniary in nature, for all damages that may have accrued since the sale of this property in 2013;" and "Seller [] retain[ed] the right to pursue all pecuniary and non-pecuniary damages that relate to personal property damage, loss of use, loss of enjoyment, punitive damages, statutory attorney's fees, and costs associated with prosecution of legal claims and all other relief that a court and/or jury may deem appropriate[.]"[15] In the Assignment, "Buyers … possess a one hundred percent (100%) interest in all remediation-related compensatory claims possessed by Seller at the time of sale in 2013;" and "Buyers [were] assigned all other damages possessed by Seller on the date of this assignment that have arisen since the sale of this property in 2013, including, but not

---

[10] Ex. B at 2; Ex. C at 3.
[11] Schoerner Depo. at 47:7-11.
[12] *Id.* at 54:14-25, 55:1-24; Ex. A at 2; Ex. D at 1.
[13] Schoerner Depo. at 67:7-22; Ex. D at 1-2; Rec. Docs. 22334, 22357, 22358.
[14] Ex. D.
[15] Ex. D at 2.

limited to, alternative living expenses since 2013, personal property damage since 2013, loss of equity, diminution of value, and loss of use and enjoyment since 2013, and any other damages a court or jury may deem appropriate at trial[.]"[16]

## II. Legal Standard for Rule 56 Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[18]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[19] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[20]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[21] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict

---

[16] *Id.*
[17] Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[18] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[19] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).
[20] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[21] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)).

for that party' is a full trial on the merits warranted."[22] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[23] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[24]

**III.   Argument**

   **A.  Schoerner's claims are barred by the statute of limitations.**

Schoerner's claims are barred under the statute of limitations because her cause of action accrued over three years prior to initiating this action. Under Mississippi law, claims for damage to real property are subject to a three-year statute of limitations.[25] When the damage involves a latent defect, the statute of limitations is tolled "until the plaintiff has discovered, or by reasonable diligence should have discovered, *the injury*."[26] A latent injury exists when the plaintiff is "precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question … [or] when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act."[27]

The Mississippi Supreme Court has clarified that "causes of action accrue 'upon discovery of the injury, *not discovery of the injury and its cause*.'"[28] "Knowledge of the cause of the injury

---

[22] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[23] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[24] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").
[25] Miss. Code. Ann. § 15-1-49.
[26] *Id.* § 15-1-49(2) (emphasis added).
[27] *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 50 (Miss. 2005) (citing *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 168 (Miss. 1999)).
[28] *Ridgway Lane & Assocs., Inc. v. Watson*, 189 So. 3d 626, 629 (Miss. 2016) (quoting *Angle v. Koppers, Inc.*, 42 So. 3d 1, 5 (Miss. 2010)).

is irrelevant to the analysis; rather, the inquiry is when the plaintiff knew or should have known of an injury."[29] "In determining whether a plaintiff knew or reasonably should have known that he had an injury, the Court considers the actions taken by the plaintiff."[30] "For example, 'seeking medical attention for side effects or symptoms' may confirm that the plaintiff knew he was injured."[31]

"Moreover, to claim benefit of the discovery rule, a plaintiff must be reasonably diligent in investigating the circumstances surrounding the injury."[32] "Although occasionally, the question of whether the suit is barred by the statute of limitations is a question of fact for the jury, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion, as with other putative fact questions."[33] Mississippi courts frequently grant summary judgment after finding that a plaintiff's claims were time-barred because they were filed over three years after the discovery of an injury.[34]

Here, the analysis is simple. Schoerner purchased the Property on May 22, 2006 and sold it on February 22, 2013.[35] She moved out of the Property around the time of the sale, on or around February 22, 2013.[36] Schoerner testified—and the documents submitted on her behalf support—

---

[29] *Am. Optical Corp. v. Estate of Rankin*, 227 So. 3d 1062, 1068 (Miss. 2017) (citing *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 838 (Miss. 2010)).
[30] *Id.* (citing *Lincoln Elec.*, 54 So. 3d at 837-38)
[31] *Id.* (quoting *PPG*, 909 So. 2d at 51).
[32] *Wayne Gen. Hosp. v. Hayes*, 868 So. 2d 997, 1001 (Miss. 2004).
[33] *Am. Optical*, 227 So. 3d at 1068-69 (citing *Peoples Bank of Biloxi v. McAdams*, 171 So. 3d 505, 509-10 (Miss. 2015)).
[34] *See, e.g.*, *Milam v. Kelly*, 282 So. 3d 682, 691 (Miss. Ct. App. 2019) (affirming chancellor's determination as to discovery date of injury and granting summary judgment based on claims having been barred by the statute of limitations); *Angle v. Koppers, Inc.*, 42 So. 3d 1, 4, 8 (Miss. 2010) (affirming trial court's order granting summary judgment based on determination that cause of action accrued when the plaintiff discovered her illnesses as opposed to when she discovered the cause of her illnesses, such that her claims were time-barred); *City of Tupelo v. O'Callaghan*, 208 So. 3d 556, 569-70 (Miss. 2017) (concluded that summary judgment should be granted on the basis that claims were time-barred because the claims had accrued at the time the plaintiffs had knowledge of the property damage, and not at the time the plaintiffs learned the cause of the injury from an engineer).
[35] Schoerner Depo. at 16:1-16; Ex. A at 1; Ex. B at 2; Exhibit 5 to Schoerner Depo. (attached as Exhibit D).
[36] Schoerner Depo. at 20:7-16.

that she found out the Property was contaminated with Chinese drywall approximately three years after moving out of and selling the Property, on or around February 25, 2016, based on an inspection that had been performed:

> Q. On the Plaintiff Profile Form, Exhibit 2 to the deposition, you indicated that Chinese drywall was determined by Ronald Bogart on February 25, 2016; is that accurate?
>
> A. Yes.
>
> Q. Okay. So at the time your father determined Chinese drywall you would have also learned at that time?
>
> A. Yes, somewhere around there.[37]

Still, Schoerner did not appear in this action until over three and a half years had passed, as Schoerner testified—and the documents submitted on her behalf support—that she first filed claims in this action on October 7, 2019:

> Q. All right. And do you have any reason to dispute that in the agreement you executed that the first claims filed by you was on October 7, 2019 in this case?
>
> A. No.[38]

Based on Schoerner's deposition testimony and the documents and forms submitted in support of her claims, there is no genuine dispute that Schoerner was informed that her former Property contained Chinese drywall on or around February 25, 2016, yet Schoerner delayed pursuing a claim until October 7, 2019. Because Schoerner initiated this action over three years after obtaining actual knowledge of Chinese drywall on her former Property,[39] her claims are time-barred on their face.

---

[37] Schoerner Depo. at 54:14-22; *see also id.* at 54:23-25, 55:1-24; Ex. A at 2; Ex. D at 1.
[38] Schoerner Depo. at 67:18-22; *see also id.* at 67:7-17; Ex. D at 1-2; Rec. Docs. 22334, 22357, 22358.
[39] The Knauf Defendants do not submit that a claimant must have actual knowledge of the cause of an injury for a cause of action to accrue under Mississippi law. Rather, Mississippi law is clear that a cause of action accrues upon knowledge of an injury, regardless of whether the cause is known. *See Angle*, 42 So. 3d at 7. Here, the Knauf Defendants have refrained from arguing that Schoerner's claims are time-barred based on the discovery date because Schoerner has clearly identified actual knowledge of an injury and the cause on a date over three years prior to the date she initiated this action. Still, the Knauf Defendants reserve their right to present evidence that Schoerner was

Finally, the Knauf Defendants point out that, in the course of Schoerner's nearly seven years of ownership of the Property and residence at the same from 2006 to 2013, Schoerner never investigated whether the Property contained Chinese drywall or pursued her claims.[40] Likewise, she continued to neglect to take any action to investigate her claims for over three years after selling and leaving the Property. In fact, Schoerner never took affirmative action on her own—she only learned of Chinese drywall on the Property when someone else informed her of it in 2016. Even then, she did nothing to pursue her claims and allowed over three and a half additional years to pass prior to this action being initiated on her behalf in October of 2019. And, even the circumstances surrounding the filing of her claims indicate that Schoerner was not its motivating force; Schoerner's own testimony indicates that it was her now-attorney who brought this case to her attention in October of 2019 and "want[ed] to file the claim."[41] Consequently, Schoerner has not demonstrated that she was "reasonably diligent in investigating the circumstances surrounding [her] injury" so as "to claim benefit of the discovery rule[.]"[42] Much to the contrary, Schoerner displayed no diligence or effort whatsoever. This Court should not hesitate to grant summary judgment and dismiss Schoerner's claims as time-barred.[43]

---

aware of her injury—and the cause of action therefore accrued—long before the February 25, 2016 date provided herein.

[40] Schoerner Depo. at 47:7-11.
[41] *Id.* at 67:13.
[42] *Wayne Gen. Hosp.*, 868 So. 2d at 1001.
[43] It should be noted that Mississippi law does not recognize a post-sale duty to warn. *See Stevenson v. Cont'l Eagle Corp.*, 169 F. App'x 408, 409 (5th Cir. 2006); *Williams v. Ford Motor Co.*, No. 11-CV-110-NBB-SAA, 2012 WL 2990165, at *3 (N.D. Miss. July 20, 2012). Under Mississippi law, the manufacturer of a defective product may be found liable for failure to warn only if a plaintiff demonstrates, by the preponderance of the evidence, that the manufacturer "knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought." Miss. Code. Ann. § 11-1-63. In other words, liability attaches when a manufacturer fails to warn of risks known at the time of sale. *See Murray v. Gen. Motors*, No. 10-CV-188-DPJ-FKB, 2011 WL 52559, at *2 (S.D. Miss. Jan. 7, 2011), *aff'd sub nom. Murray v. Gen. Motors, L.L.C.*, 478 F. App'x 175 (5th Cir. 2012) (holding that a manufacturer did not breach its duty by not recalling a defective vehicle because "Mississippi imposes no post-sale duty to warn").

### B. Schoerner's claims are limited to those retained in the Assignment.

To the extent Schoerner's claims are not time-barred or subject to dismissal based on the subsequent purchaser doctrine, Schoerner's claims must be dismissed to extent they exceed the scope of the rights retained in the Assignment Schoerner executed on December 13, 2019 pertaining to her February 22, 2013 sale of the Property.[44] "[I]f the language of the contract is plain and unambiguous, the [court] must enforce it as written. However, if it is less than clear, the court must then attempt to ascertain the intent of the parties."[45] The Assignment is plain and unambiguous and must be enforced as written.

In the Assignment, Schoerner, as Seller, "assign[ed] her entire interest in all compensable claims in the existing *Bennett* case, described herein, both pecuniary and non-pecuniary in nature, for all damages that may have accrued since the sale of this property in 2013;" and "Seller [] retain[ed] the right to pursue all pecuniary and non-pecuniary damages that relate to personal property damage, loss of use, loss of enjoyment, punitive damages, statutory attorney's fees, and costs associated with prosecution of legal claims and all other relief that a court and/or jury may deem appropriate[.]"[46]

In the Assignment, "Buyers … possess a one hundred percent (100%) interest in all remediation-related compensatory claims possessed by Seller at the time of sale in 2013;" and "Buyers [were] assigned all other damages possessed by Seller on the date of this assignment that have arisen since the sale of this property in 2013, including, but not limited to, alternative living expenses since 2013, personal property damage since 2013, loss of equity, diminution of value, and loss of use and enjoyment since 2013, and any other damages a court or jury may deem

---

[44] Ex. D.
[45] *Century 21 Deep S. Properties, Ltd. v. Keys*, 652 So. 2d 707, 717 (Miss. 1995).
[46] Ex. D at 2.

appropriate at trial[.]"[47] The Assignment is plain and unambiguous and must be enforced as written, but the intent of the parties is equally clear.

Accordingly, Schoerner cannot demonstrate that she is entitled to recover on either claims that accrued after the sale or on claims that pertain to remediation. Additionally, because Schoerner acknowledged that the "final sale price reflected an arms-length transaction between the Seller and the Buyer, without either party possessing knowledge of the presence of defective Knauf-manufactured drywall at the time of sale;"[48] Schoerner cannot pursue claims based on any assertion that she received less than market value for the Property (calculated as if it did not contain Chinese drywall) at the time of the sale. Therefore, to the extent Plaintiff's claims are not dismissed based on another argument, this Court should conclude that Plaintiff's claims must be dismissed to the extent that they exceed what is provided for in the Assignment.

### IV. Conclusion

Based on all the discovery in MDL 2047 and the case-specific discovery as to Schoerner, the facts do not support any claims against the Knauf Defendants. Schoerner cannot substantiate any of the facts forming the basis of her claims against the Knauf Defendants, and there is no genuine issue of material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing her claims with prejudice.

---

[47] *Id.*
[48] *Id.* at 2-3.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0279
Email:        kmiller@fishmanhaygood.com

*Counsel for The Knauf Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 1st day of April, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**