## ASSIGNMENT OF CLAIMS & RETENTION OF RIGHTS AGREEMENT

This Assignment of Claims & Retention of Rights Agreement ("Agreement") is executed on this 13th day of December, 2019 ("Effective Date"), by and between **Renee Schoerner** (the "Seller") and **Ronald Ray Bogard, Sr. and Leslie Susan Bogard** (the "Buyers"). All parties to this agreement will be collectively referred to herein as the "Parties."

### RECITALS

WHEREAS, Seller was the owner of real property situated in Harrison County, State of Mississippi, purchased on or about 2006 and sold on or about February 22, 2013;

WHEREAS, Seller's real property has a residential structure situated on it with a street address of 451 Linda Drive, Biloxi, MS 39531;

WHEREAS, the real property containing Seller's residential structure has a legal description of: Lot Two (2) of the Second Addition to WHISPERING OAKS SUBDIVISION, a subdivision according to the official map or plat thereof on file and of record in the office of the Chancery Clerk of the Second Judicial District of Harrison County, Mississippi in Plat Book 11 at Page 49 thereof, reference to which is hereby made in and of and as a part of this description;

WHEREAS, Seller's residential structure described herein was inspected on or about February 25, 2016, by Ronald Bogard and the structure was found to contain defective drywall;

WHEREAS, the markings on the drywall indicate that the drywall is a "Knauf" product and the parties responsible for manufacturing, marketing, shipping, and selling it are identified as follows: Knauf Plasterboard Tianjin Company, Ltd. and Knauf GIPS, KG;

WHEREAS, Seller transferred ownership of this property without knowledge of the presence of Knauf Chinese-manufactured drywall in the structure at the time of sale;

WHEREAS, Seller has learned of Ronald Bogard's identification of Knauf Chinese-manufactured drywall since the sale of this property;

WHEREAS, after learning that her residential structure contained defective drywall, Seller engaged legal counsel at Doyle Law Firm, PC, and a claim was filed against the responsible parties on or about October 7, 2019, in a civil action styled

1

Exhibit 5

Rachel Schoerner
In RE:
Chinese-Manufactured
Drywall Product Liability
Litigation

12/17/2019

*Bennett, et al. v. Knauf GIPS, KG, et al.*, with a civil action number of 2:14-cv-2722, now pending in the United States District Court for the Eastern District of Louisiana;

WHEREAS, the Parties have previously agreed to the terms of a sale for the real property and the residential situated upon it;

WHEREAS, the Seller has legal claims that may be pursued against the entities that produced the defective drywall product found in the structure on the real property she owned from 2006 to 2013, and the Parties desire to plainly define all legal rights that may be available to either Buyers and Seller;

WHEREAS, the Parties have agreed to an assignment of a portion of Buyer's legal claims related to the Chinese-manufactured drywall;

WHEREAS, the Parties understand that Mississippi law and/or federal law may require the assignment of the legal claims and retention of legal right to occur in writing;

NOW, THEREFORE, in consideration of the preceding Recitals and of the mutual covenants, agreements, representations and promises contained in this Agreement, and other good and valuable consideration, the adequacy and receipt of which are hereby acknowledged, the Parties agree as follows:

1. The Seller hereby assigns her entire interest in all compensable claims in the existing *Bennett* case, described herein, both pecuniary and non-pecuniary in nature, for all damages that may have accrued since the sale of this property in 2013;

2. Seller will retain the right to pursue all pecuniary and non-pecuniary damages that relate to personal property damage, loss of use, loss of enjoyment, punitive damages, statutory attorney's fees, and costs associated with prosecution of legal claims and all other relief that a court and/or jury may deem appropriate;

3. Buyers, through this assignment, shall possess a one hundred percent (100%) interest in all remediation-related compensatory claims possessed by Seller at the time of sale in 2013;

4. Buyers shall also be assigned all other damages possessed by Seller on the date of this assignment that have arisen since the sale of this property in 2013, including, but not limited to, alternative living expenses since 2013, personal property damage since 2013, loss of equity, diminution of value, and loss of use and enjoyment since 2013, and any other damages a court or jury may deem appropriate at trial;

5. The final sale price of this real property reflected an arms-length transaction between the Seller and Buyer, without

|     | either party possessing knowledge of the presence of defective Knauf-manufactured drywall at the time of sale; |
| 6.  | Buyer agrees to follow through with all steps in the litigation process necessary to fully recover all damages, including following the court approved remediation protocol and preservation of evidence orders adopted in MDL-2047, if the Buyers choose to self-remediate the residential structure; |
| 7.  | Seller and Buyer have separately engaged Doyle Law Firm, PC to prosecute the legal claims against the appropriate defendants in the Chinese drywall litigation; |
| 8.  | Buyer and Seller waive any potential conflict of interest that may be related to the dual representation of Buyer and Seller in the Chinese Drywall Litigation and agree to move forward without interruption with the attorneys at Doyle Law Firm, PC continuing legal representation regarding claims related to this property and its residential structure contained thereon; |
| 9.  | Parties agree that it shall be Buyer's obligation to consult with Doyle Law Firm, PC regarding the proper steps to self-remediate the structure (if Buyer chooses to remediate in this manner) and it shall be Buyer's obligation to cooperate with Seller and follow through with the prosecution of any legal claim against the responsible parties and not take any action which might adversely affect or jeopardize any pending claims that are either specified in the *Bennett* lawsuit or which remain unspecified; |
| 10. | Buyer accepts and assumes all rights, title, and interest conveyed through this Agreement and assumes all obligations and duties of the Seller to pursue a recovery against any responsible party (unrelated to the *Bennett* action) beginning on the Effective Date declared herein. |

The Parties have executed this Agreement on this the 13th day of December, 2019.


_____
Renee Schoerner, Seller


_____
Leslie Susan Bogard, Buyer


_____
Ronald Ray Bogard, Buyer


3