UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| This document relates to: <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14:cv-2722 | JUDGE ELDON FALLON <br><br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED
BY BYRON AND FERN ROBBINS AND ALTERNATIVE MOTION FOR ADVERSE
PRESUMPTION AND TO STRIKE PLEADINGS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by Byron and Fern Robbins in the Bennett Plaintiffs' Amended Class Action Complaint (the "Fifth Amended Complaint") and Alternative Motion for Adverse Presumption and to Strike Pleadings.

**I.      Factual and Procedural Background**

   *A.      MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought

into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

### B.     *The Bennett Complaint and the Robbinses*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. The operative Fifth Amended Complaint was filed on May 14, 2018.[2] The Robbinses first asserted claims against the Knauf Defendants in the Fifth Amended Complaint.

The Robbinses assert claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in his property located 421 Chelsea Place Avenue, Ormond Beach, FL 32174 (the "Property"). Specifically, the Robbinses asserts claims for negligence, negligence per se, strict liability, breach of warranty, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form ("PPF"), Supplemental Plaintiff Profile Form ("SPPF"), and Plaintiff Fact Sheet ("PFS") to be completed by Plaintiffs, setting forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Robbinses completed and submitted a PPF,[3] SPPF,[4] and PFS[5] under penalty of perjury. The Robbinses were then deposed on August 8, 2019.

The Robbinses purchased the Property on May 8, 2017.[6] As as an exhibit to their SPPF, the Robbinses submitted a document titled "Exhibit" that contains a subheading titled "Loss of use/and or loss of enjoyment."[7] That section states:

---

[2] Doc. 21334.
[3] Ex. 1.
[4] Ex. 2.
[5] Ex. 3.
[6] Warranty Deed, attached as an exhibit to Ex. 2.
[7] Exhibit to Ex. 2.

Stress was caused from not knowing the truth about the presence of Chinese Drywall in our home. This caused us months of sleepless nights (**April/May** of 2017) and January to present (3/29/18). We were on a regimen of various over the counter sleep aids. Fern (Robbins) also took 0.5 mg of Lorazepam as per her doctor. Loss of enjoyment $50,000.[8]

The Robbinses listed January 5, 2018 as the date they first discovered drywall in the Property.[9] However, when questioned about that date, Byron Robbins explained that in January of 2018, he was "was putting away Christmas decorations over the garage, and I noticed some markings on the drywall….And it got me thinking about Chinese drywall."[10] When she was asked why that "got him thinking about Chinese drywall," Mr. Robbins explained that a pre-purchase inspection of the Property revealed "discolorization of copper and plumbing fittings in the house," which the home inspector said was possibly caused by Chinese drywall.[11] Although Mr. Robbins testified that this home inspector wrote a report with those findings, and the Knauf Defendants called for its production, that report has never been provided.[12]

Fern Robbins expanded on this testimony in her deposition. She explained that the "sleepless nights" referenced in the Exhibit to the Robbinses' SPPF "began after the home inspection, and we did not know whether to buy the home or not."[13] When asked why the Robbinses ultimately bought the house, Fern Robbins testified that they received a "lab report stating there was no Chinese drywall in the house."[14] Here again, the Knauf Defendants requested a copy of this lab report, but it was never provided.[15]

---

[8] Exhibit to Ex. 2 (emphasis added).
[9] Ex. 1, p. 2; Ex. 2, p. 2
[10] Ex. 4, Byron Robbins Depo. Tr. at p. 18:15-25.
[11] Ex. 4, Byron Robbins Depo. Tr. at p. 19:9-22.
[12] Ex. 4, Byron Robbins Depo. Tr. at pp. 19:23-20:10.
[13] Ex. 5, Fern Robbins Depo. Tr. at p. 6:15-25.
[14] Ex. 5, Fern Robbins Depo. Tr., at p. 7:1-8.
[15] *See* Ex. 5, Fern Robbins Depo. Tr., at p. 7:9-17.

**II.     Law & Argument**

    **A.     Rule 56 Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[17]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[18]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[19]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[20]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[21] Furthermore, "[d]iscovery

---

[16] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[17] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[18] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[19] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[20] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[21] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

is not a prerequisite to the disposition of a motion for summary judgment."[22] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[23]

### B. The Robbinses specifically recognized the risk that the Property contained Chinese drywall.

As this Court recently observed:

> Under Florida law, the "affirmative defense of express assumption of the risk may totally bar recovery if the injured party actually consented to a known risk." *Kendrick v. Ed's Beach Serv., Inc.*, 577 So. 2d 936, 937 (Fla. 1991). The defense is viable when the plaintiff had "full knowledge and appreciation of the danger and risk inherent in that kind of activity." *Id.*

Order & Reasons, Doc. 22586, at p. 23. As to other Florida Bennett Plaintiffs, the Court has denied motions for summary judgment because those Plaintiffs did not "specifically recognize[] the risk that the homes they purchased contained Chinese drywall." *Id.* at p. 24.

The Robbinses are different. The Robbinses learned before they purchased the Property that it likely contained Chinese drywall. And the Robbinses appreciated the risks inherent in purchasing a home that contained Chinese drywall—they suffered from sleepless nights agonizing over whether to purchase the Property that were so severe they required medication.[24] The Robbinses expressly assumed the risk that the Property they purchased contained Chinese drywall, and this express assumption totally bars their recovery in this suit.

---

[22] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[23] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[24] *See* Exhibit to Ex. 2.

### C. The Knauf Defendants are entitled to an adverse presumption against the Robbinses and/or to an order striking the Robbinses' claims

If this Court does not grant summary judgment and dismiss the Robbinses' claims, it should impose an adverse presumption against the Robbinses that the pre-purchase home inspection report and lab report would have been unfavorable to them.

"[W]here a party fails to produce evidence within his control, an adverse inference may be drawn that the withheld evidence would be unfavorable to the party failing to produce it." *New Hampshire Ins. Co. v. Royal Ins. Co.*, 559 So. 2d 102, 103 (Fla. Dist. Ct. App. 1990). Further, where a party "has destroyed relevant and material information by destroying the file, and that information is so essential to the [defendant's] defense that it cannot proceed without it, then the striking of the [plaintiff's] pleadings may be warranted." *Id.*

Here, the Robbinses have testified that they received a home inspection report and lab report that appear to have alerted them to the presence of Chinese drywall in the Property before they purchased it. Despite their ongoing obligation from the instructions in the plaintiff forms to "search for all documents, electronically stored information, and tangible things" responsive to the questions in the forms, and despite requests from counsel for the Knauf Defendants to produce the reports, the Robbinses have still failed to provide the reports.[25] The Knauf Defendants are entitled to a presumption that the reports would be unfavorable to the Robbinses, and, moreover, because the reports are essential to proving the Knauf Defendants' defense that the Robbinses bought the

---

[25] *See* Ex. 2; Ex. 4, Byron Robbins Depo. Tr. at pp. 19:23-20:10.; Ex. 5, Fern Robbins Depo. Tr., at p. 7:9-17.

Property with knowledge of Chinese drywall, the Knauf Defendants are entitled to an order striking the Robbinses' claims against them.

## IV. Conclusion

The Robbinses claims in this MDL should be dismissed because the expressly assumed the risk that the Property contained Chinese drywall before they purchased it. Alternatively, this Court should impose an adverse presumption on the Robbinses that the home inspection and lab reports not provided would be unfavorable to the Robbinses and should strike This Court should grant summary judgment and dismiss the Robbinses' claims against the Knauf Defendants with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0279
Email:        kmiller@fishmanhaygood.com

*Counsel for Defendant,*
*The Knauf Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 1st day of April, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**