UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR SUMMARY JUDGMENT OF CLAIMS ASSERTED BY MARTIN KUNTZ; SHONA BLONSKY; KENNETH BUTCHER; MARFELIA CALDERON; ABIGAIL COHEN; ELVIS FERRERA; MARK FLOMAN; SANTIAGO GUZMAN; NEVILLE MARQUES; JULIO MARTINEZ; JOSEPH NIEMIEC AND SUSAN NIEMIEC; YVETTE PRICE; AMRITA ROOPCHAND AND RENNIE ROOPCHAND; RUBEN DAPENA O.B.O. BACO ANNETTA, LLC; ROSE RUSSO; JESSICA STOCKTON; ALBERT TIMMONS; <u>SUZANNE TOLLIVER; ALIESKY SANTIAGO; AND KARMA ZELENENKI</u>[1]**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Martin Kuntz; Shona Blonsky; Kenneth Butcher; Marfelia Calderon; Abigail Cohen; Elvis Ferrera; Mark Floman; Santiago Guzman; Neville Marques; Julio Martinez; Joseph Niemiec and Susan Niemiec; Yvette Price; Amrita Roopchand and Rennie Roopchand;

---

[1] This Motion for Summary Judgment contains claimants that were inadvertently left out of the Motion previously filed at R. Doc. 22658.

Ruben Dapena o.b.o. Baco Annetta, LLC; Rose Russo; Jessica Stockton; Albert Timmons; Suzanne Tolliver; Aliesky Santiago; and Karma Zelenenki against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

## I.     Factual and Procedural Background

### A.     *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.  On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B)

regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[2]

### B. *The Bennett Complaint and the Plaintiffs.*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter. In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Plaintiffs each completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury.

#### 1. Ruben Dapena o.b.o. Baco Annetta LLC[3]

Ruben Dapena o.b.o. Baco Annetta, LLC is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence

---

[2] *See* Order, R. Doc. No. 16570, pp. 3-4.
[3] A separate Motion to Dismiss has been filed regarding these claims. R. Doc. 22666.

of defective Chinese drywall installed in the property located at 363 NE 30th Avenue, Homestead, FL (the "Annetta LLC Property").[4] Dapena alleges that Chinese drywall was installed in the Annetta LLC Property in 2006,[5] prior to the date Annetta LLC purchased the Annetta LLC Property on April 16, 2014.[6]

### 2. Shona Blonsky

Shona Blonsky is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 8220 SW 60 Court, South Miami, FL (the "Blonsky Property").[7] Blonsky alleges that Chinese drywall was installed in the Blonsky Property in 2008,[8] prior to the date Blonsky purchased the Blonsky Property on January 20, 2009.[9]

### 3. Kenneth Butcher

Kenneth Butcher is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 4020 Island Lakes Drive, Winter Haven, FL (the "Butcher Property").[10] Butcher alleges that Chinese drywall was installed in the Butcher Property in 2006,[11] prior to the date Butcher purchased the Butcher Property on June 29, 2007.[12]

---

[4] See Exhibit Annetta LLC A: SPPF.
[5] *Id.*, Annetta LLC SPPF at 2.
[6] See Exhibit Annetta LLC B: Warranty Deed.
[7] See Exhibit Blonsky A: SPPF.
[8] *Id.*, Blonsky SPPF at 2.
[9] See Exhibit Blonsky B: Warranty Deed.
[10] See Exhibit Butcher A: SPPF.
[11] *Id.*, Butcher SPPF at 2.
[12] See Exhibit Butcher B: Warranty Deed.

### 4. Marfelia Calderon

Marfelia Calderon is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 3441 SW Haines Street, Port St. Lucie, FL (the "Calderon Property").[13] Calderon alleges that Chinese drywall was installed in the Calderon Property on April 1, 2005,[14] prior to the date Calderon purchased the Calderon Property on June 13, 2005.[15]

### 5. Abigail Cohen

Abigail Cohen is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 20305 Chestnut Grove Drive, Tampa, FL (the "Cohen Property").[16] Cohen alleges that Chinese drywall was installed in the Cohen Property in 2006,[17] and Cohen purchased the Cohen Property on November 29, 2006.[18]

### 6. Elvis Ferrera

Elvis Ferrera is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 22079 SW 88th Path, Cutler Bay, FL (the "Ferrera

---

[13] See Exhibit Calderon A: SPPF.
[14] *Id.*, Calderon SPPF at 2.
[15] See Exhibit Calderon B: Warranty Deed.
[16] See Exhibit Cohen A: SPPF.
[17] *Id.*, Cohen SPPF at 2.
[18] See Exhibit Cohen B: Warranty Deed.

Property").[19] Ferrera alleges that Chinese drywall was installed in the Ferrera Property in 2006,[20] and Ferrera purchased the Ferrera Property on August 16, 2006.[21]

### 7. Mark Floman

Mark Floman is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1924 CT, Homestead, FL (the "Floman Property").[22] Floman alleges that Chinese drywall was installed in the Floman Property in 2006,[23] prior to the date Floman purchased the Floman Property on May 29, 2014.[24]

### 8. Santiago Guzman

Santiago Guzman is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 10769 NW 81 LN, Doral, FL (the "Guzman Property").[25] Guzman alleges that Chinese drywall was installed in the Guzman Property in 2006,[26] prior to the date Guzman purchased the Guzman Property on January 8, 2018.[27]

### 9. Martin Kuntz

Martin Kuntz is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1417 SW Devera Place, Port St. Lucie, FL (the "Kuntz

---

[19] See Exhibit Ferrera A: SPPF.
[20] *Id.*, Ferrera SPPF at 2.
[21] See Exhibit Ferrera B: Warranty Deed.
[22] See Exhibit Floman A: SPPF.
[23] *Id.*, Floman SPPF at 2.
[24] See Exhibit Floman B: Deed.
[25] See Exhibit Guzman A: SPPF.
[26] *Id.*, Guzman SPPF at 2.
[27] See Exhibit Guzman B: Deed.

Property").[28] Kuntz purchased the Kuntz Property from Steve Binns,[29] who alleges that Chinese drywall was installed in the Kuntz Property on May 1, 2006,[30] prior to the date Binns purchased the Kuntz Property on October 26, 2006.[31]

### 10. Neville Marques

Neville Marques is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1722 NE 6th Street Boynton Beach, FL (the "Marques Property").[32] Marques alleges that Chinese drywall was installed in the Marques Property in 2007,[33] Marques purchased the Marques Property on December 14, 2007.[34]

### 11. Julio Martinez

Julio Martinez is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 14731 SW 34 Lane, Miami, FL (the "Martinez Property").[35] Martinez alleges that Chinese drywall was installed in the Martinez Property in 2006 or 2007,[36] and Martinez purchased the Martinez Property on September 13, 2007.[37]

### 12. Joseph and Susan Niemiec

Joseph Niemiec and Susan Niemiec are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence

---

[28] See Exhibit Kuntz A: Binns SPPF.
[29] See Exhibit Kuntz B: Kuntz Deposition at p. 11.
[30] *Id.*, Binns SPPF at 2.
[31] See Exhibit Kuntz C: Binns Warranty Deed.
[32] See Exhibit Marques A: SPPF.
[33] *Id.*, Marques SPPF at 2.
[34] See Exhibit Marques B: Warranty Deed.
[35] See Exhibit Martinez A: SPPF.
[36] *Id.*, Martinez SPPF at 2.
[37] See Exhibit Martinez B: Warranty Deed.

of defective Chinese drywall installed in the property located at 6881 Brompton Drive, Lakeland, FL (the "Niemiec Property").[38] The Niemiecs allege that Chinese drywall was installed in the Niemiec Property in 2006,[39] and the Niemiecs purchased the Niemiec Property on September 6, 2006.[40]

### 13. Yvette Price

Yvette Price is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1751 Bobcat Trial, North Port, FL (the "Price Property").[41] Price alleges that Chinese drywall was installed in the Price Property on April 1, 2006,[42] prior to the date Price purchased the Price Property on February 9, 2009.[43]

### 14. Amrita and Rennie Roopchand

Amrita Roopchand and Rennie Roopchand are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 15320 87th Road North, Loxahatchee, FL (the "Roopchand Property").[44] The Roopchands allege that Chinese drywall was installed in the Roopchand Property in 2006,[45] prior to the date the Roopchands purchased the Roopchand Property on December 29, 2017.[46]

---

[38] See Exhibit Niemiec A: SPPF.
[39] *Id.*, Niemiec SPPF at 2.
[40] See Exhibit Niemiec B: Warranty Deed.
[41] See Exhibit Price A: SPPF.
[42] *Id.*, Price SPPF at 2.
[43] See Exhibit Price B: Warranty Deed.
[44] See Exhibit Roopchand A: SPPF.
[45] *Id.*, Roopchand SPPF at 2.
[46] See Exhibit Roopchand B: Warranty Deed.

### 15. Rose Russo

Rose Russo is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 9800 Quinta Artesa Way, Unit 105, Fort Myers, FL (the "Russo Property").[47] Russo alleges that Chinese drywall was installed in the Russo Property in 2006,[48] prior to the date Russo purchased the Russo Property on September 27, 2010.[49]

### 16. Aliesky Santiago

Aliesky Santiago is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 14763 SW 35 Lane, Miami, FL (the "Santiago Property").[50] Santiago alleges that Chinese drywall was installed in the Santiago Property in 2006,[51] prior to the date Santiago purchased the Santiago Property on December 30, 2008.[52]

### 17. Jessica Stockton

Jessica Stockton is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 13095 Montego Street, Spring Hill, FL (the "Stockton Property").[53] Stockton alleges that Chinese drywall was installed in the Stockton Property in 2006,[54] prior to the date Stockton purchased the Stockton Property on April 12, 2008.[55]

---

[47] See Exhibit Russo A: SPPF.
[48] *Id.*, Russo SPPF at 2.
[49] See Exhibit Russo B: Warranty Deed.
[50] See Exhibit Santiago A: SPPF.
[51] *Id.*, Santiago SPPF at 2.
[52] See Exhibit Santiago B: Warranty Deed.
[53] See Exhibit Stockton A: SPPF.
[54] *Id.*, Stockton SPPF at 2.
[55] See Exhibit Stockton B: Warranty Deed.

### 18. Albert Timmons

Albert Timmons is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1820 NE 7th Avenue, Cape Coral, FL (the "Timmons Property").[56] Timmons alleges that Chinese drywall was installed in the Timmons Property in 2006,[57] prior to the date Timmons purchased the Timmons Property on July 22, 2008.[58]

### 19. Suzanne Tolliver[59]

Suzanne Tolliver is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 4531 Darwin Boulevard, Port St. Lucie, FL (the "Tolliver Property").[60] Tolliver alleges that Chinese drywall was installed in the Tolliver Property in 2006,[61] prior to the date Tolliver purchased the Tolliver Property on September 11, 2015.[62]

### 20. Karma Zelenenki

Karma Zelenenki is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 4331 Ferrari Drive, Sebring, FL (the "Zelenenki

---

[56] See Exhibit Timmons A: SPPF.
[57] *Id.*, Timmons SPPF at 2.
[58] See Exhibit Timmons B: Warranty Deed.
[59] This claim is the subject of another Motion for Summary Judgment. R. Doc. 22447, 22484, 22498, 22520, 22479, 22586, and 22607.
[60] See Exhibit Tolliver A: SPPF.
[61] *Id.*, Tolliver SPPF at 2.
[62] See Exhibit Tolliver B: Warranty Deed.

Property").[63] Zelenenki alleges that Chinese drywall was installed in the Zelenenki Property in 2007,[64] prior to the date Zelenenki purchased the Zelenenki Property on November 25, 2009.[65]

## II.  Law & Argument

### A.  Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[66] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[67]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[68] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[69]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly

---

[63] See Exhibit Zelenenki A: SPPF.
[64] *Id.*, Zelenenki SPPF at 2.
[65] See Exhibit Zelenenki B: Warranty Deed.
[66] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[67] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[68] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[69] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

probative.'"[70] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[71]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[72] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[73]

### B. *Plaintiffs' Claims are Barred by the Subsequent Purchaser Doctrine.*

Florida law provides that a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without an assignment of that cause of action.

> Where the cause of action arises out of an injury to property, that action is personal to the owner of the property and a party who subsequently takes title to the property, without receiving an assignment of that cause of action, may not pursue that cause of action. . . . In order to pursue a cause of action the subsequent purchaser of the property must allege that they became owner of the property after the damage was done and "that by assignment, he became possessed of all rights and causes of action which the original owners possessed."[74]

"When an assignment of interests is involved, the plaintiff must allege a valid assignment of that cause of action." *Llano Fin. Grp., LLC v. Ammons*, 3:16-CV-627/MCR/CJK, 2017 WL 7596921, at *2 (N.D. Fla. June 15, 2017) citing *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 496 (Fla. 3d DCA 1994).

---

[70] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[71] *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[72] *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc*., 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[73] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[74] *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490, 496 (Fla. Dist. Ct. App. 1994) citing *Selfridge v. Allstate Ins.,* 219 So. 2d 127, 128 (Fla. 1969)*;* and quoting *State Road Dept. v. Bender*, 147 Fla. 15, 2 So.2d 298 (Fla. 1941).

For instance, in *Durrance v. Horner*, 711 So.2d 135 (Fla. Dist. Ct. App.1998), a neighbor piled dirt onto prior owner's fence and the subsequent owner of the property sought damages. Applying the rule above, the court held that the subsequent owner's claims were barred because there was no assignment of that cause of action. *Id.* at 136-37.

As outlined above, the Plaintiffs above each purchased their respective Property after the alleged defective drywall was installed in the Property. In Plaintiffs' respective deeds, Plaintiffs were not assigned or subrogated to any of the prior owners' rights, and no evidence of an assignment or subrogation has been presented.[75] Therefore, Plaintiffs' claims are barred.

Further, this Court should maintain consistency with its prior rulings. Florida law is virtually identical to Louisiana's subsequent purchaser doctrine,[76] which this Court applied to dismiss the claims of Toni Macksey, Ronald and Maria Natal, and Bank of Louisiana.[77] Under the law of the case doctrine, courts show deference to decisions already made in the case they are presiding over. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012). The law of the case doctrine developed to maintain consistency and avoid needless reconsideration of matters previously decided during the course of continuing litigation. *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 880 (5th Cir. 1993) (internal quotes and citation omitted); *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1423 (5th Cir. 1995) (once court of competent jurisdiction decides rule of law, that decision governs the same issues in subsequent stages of the same case); *North Mississippi Communications, Inc. v. Jones*,

---

[75] See Warranty Deeds.
[76] *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 2010-2267 (La. 10/25/11), 79 So.3d 246, 256-57 (La. 2011). ("an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of rights belonging to the owner of the property when the damage was inflicted.")
[77] R. Doc. 22615 at 22-24.

951 F.2d 652, 656 (5th Cir. 1992) (prior decision followed without re-examination unless evidence substantially different). Here, under this Court's prior ruling, applying virtually identical law to substantially the same facts, there can be no genuine issue of fact such that Plaintiffs claims are barred.

As with Toni Macksey, Ronald and Maria Natal, and Bank of Louisiana, the Plaintiffs' claims here are barred because they each purchased their respective Property after the alleged defective drywall was installed and there is no evidence they were assigned or subrogated to any of the prior owners' rights.

## III. CONCLUSION

For these reasons, this Court should grant summary judgment, dismissing the claims of Martin Kuntz; Shona Blonsky; Kenneth Butcher; Marfelia Calderon; Abigail Cohen; Elvis Ferrera; Mark Floman; Santiago Guzman; Neville Marques; Julio Martinez; Joseph Niemiec and Susan Niemiec; Yvette Price; Amrita Roopchand and Rennie Roopchand; Ruben Dapena o.b.o. Baco Annetta, LLC; Rose Russo; Jessica Stockton; AlbertTimmons; Suzanne Tolliver; Aliesky Santiago; and Karma Zelenenki with prejudice.

    Respectfully submitted,
    **FISHMAN HAYGOOD, LLP**

    /s/ *Kerry J. Miller*
    **KERRY J. MILLER (#24562), T.A.**
    **PAUL C. THIBODEAUX (#29446)**
    **DANIEL J. DYSART (#33812)**
    201 St. Charles Avenue, Suite 4600
    New Orleans, LA  70170
    Telephone:    504.556.5549
    Facsimile:    504.310.0275
    Email:    kmiller@fishmanhaygood.com
    *Counsel for Defendant,*
    *The Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 1st day of April, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**