UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR SUMMARY
JUDGMENT OF CLAIMS ASSERTED BY 1329 GUM, JACKSON LAND TRUST;
RICHARD CALEVRO; MARY SUE CARANNA; WILLIAM FOREMAN; CANDACE
FORZARD AND DAVID FOZARD; WADE GAUTHREAUX AND SHERYL
GAUTHREAUX; JEREMY JORDAN MARK LEE AND SHANNON RENEE LEE;
DAVID MARTINO AND BRITTANY MARTINO; BILLY MCCULLAR, PEGGY A.
MCCULLER, AND ANDREE MCCULLER; DUNG NGUYEN; PETER ROBINSON;
RACHEL SCHOERNER; AND
<u>THE VAN TRAN AND CHIN THI NGUYEN</u>[1]

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Partial Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by 1329 Gum, Jackson Land Trust; Richard Calevro; Mary Sue Caranna; William Foreman; Candace Forzard and David Fozard; Wade Gauthreaux and Sheryl

---

[1] Note that these claims are the subject of a separate pending Motion for Summary Judgment regarding the Mississippi Products Liability Act. R. Doc. 22659.

Gauthreaux; Jeremy Jordan; Mark Lee and Shannon Renee Lee; David Martino and Brittany Martino; Billy McCullar, Peggy A. McCuller, and Andree McCuller; Dung Nguyen; Peter Robinson; Rachel Schoerner; and The Van Tran and Chin Thi Nguyen (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

I.      **Factual and Procedural Background**

   A.   *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding

preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[2]

### B. *The Bennett Complaint and the Plaintiffs.*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter. In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Plaintiffs each completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury.

---

[2] *See* Order, R. Doc. No. 16570, pp. 3-4.

1. **1329 Gum, Jackson Land Trust[3]**

1329 Gum, Jackson Land Trust is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1329 Gum Street, Ocean Springs, MS (the "Gum Property").[4] 1329 Gum, Jackson Land Trust alleges that Chinese drywall was installed in the Gum Property in 2006,[5] prior to the date 1329 Gum, Jackson Land Trust subsequently purchased the Gum Property on June 1, 2007.[6]

2. **Richard Calevro**

Richard Calevro is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 5040 Georgia St., Bay St. Louis, MS (the "Calevro Property").[7] Susyn Cain, the owner of the Calevro Property prior to Calevro, alleges that Chinese drywall was installed in the Calevro Property on January 31, 2006.[8] Calevro purchased the Calevro Property on January 31, 2009.[9]

3. **Mary Sue Caranna**

Mary Sue Caranna is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 224 Pinewood Drive, Pass Christian, MS (the "Caranna

---

[3] These claims are the subject of a separate pending Motion for Summary Judgment. R. Doc. 22646.

[4] See Exhibit Gum A: SPPF.
[5] *Id.*, Gum SPPF at 2.
[6] See Exhibit Gum B: Deed.
[7] See R. Doc. 22334.
[8] Exhibit Calevro A: Cain SPPF at 2.
[9] Exhibit Calevro B: Deed.

Property").[10] Mary Sue Caranna alleges that Chinese drywall was installed in the Caranna Property in 2006,[11] prior to the date Mary Sue Caranna subsequently purchased the Caranna Property on August 13, 2014.[12]

### 4. William Foreman[13]

William ("Billy") Foreman is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 7514 Pinehurst Court, Diamondhead, MS (the "Foreman Property").[14] Foreman alleges that Chinese drywall was installed in the Foreman Property in 2006,[15] prior to the date Foreman subsequently purchased the Foreman Property on July 20, 2010.[16]

### 5. Candace and David Fozard

Candace and David Fozard are a plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 72685 Diamondhead Drive, Diamondhead, MS (the "Fozard Property").[17] The Fozards allege that Chinese drywall was installed in the Fozard Property in 2006,[18] prior to the date the Forzards subsequently purchased the Fozard Property on March 19, 2015.[19]

### 6. Wade and Sheryl Gauthreaux

---

[10] See Exhibit Caranna A: SPPF.
[11] *Id.*, Caranna SPPF at 2.
[12] *Id.*
[13] These claims are the subject of a separate pending Motion for Summary Judgment. R. Doc. 22640.
[14] See Exhibit Forman A: SPPF.
[15] *Id.*, Forman SPPF at 2.
[16] See Exhibit Forman B: Deed.
[17] See Exhibit Fozard A: SPPF.
[18] *Id.*, Fozard SPPF at 2.
[19] See Exhibit Fozard B: Deed.

Wade and Sheryl Gauthreaux are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 10171 Lagan Street, Bay St. Louis, MS (the "Gauthreaux Property").[20] The Gauthreauxs allege that Chinese drywall was installed in the Gauthreaux Property in 2006,[21] prior to the date the Gauthreauxs subsequently purchased the Gauthreaux Property on July 31, 2015.[22]

### 7. Jeremy Jordan[23]

Jeremy Jordan is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 11592 Azalea Trace, Gulfport, MS (the "Jordan Property").[24] Jordan alleges that Chinese drywall was installed in the Jordan Property in 2006,[25] and Jordan purchased the Jordan Property on June 21, 2006.[26]

### 8. Mark Lee and Shannon Renee Lee

Mark Lee and Shannon Renee Lee are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 308 Italian Isle, Gautier, MS (the "Lee Property").[27] The Lees allege that Chinese drywall was installed in the Lee Property in

---

[20] See Exhibit Gauthreaux A: SPPF.
[21] *Id.*, Gauthreaux SPPF at 2.
[22] See Exhibit Gauthreaux B: Deed.
[23] A separate Motion to Dismiss has been filed regarding these claims. R. Doc. 22666.
[24] See Exhibit Jordan A: SPPF.
[25] *Id.*, Jordan SPPF at 2.
[26] See Exhibit Jordan B: Deed.
[27] See Exhibit Lee A: SPPF.

2006,[28] prior to the date the Lees subsequently purchased the Lee Property on November 17, 2016.[29]

### 9. David Martino and Brittany Martino

David Martino and Brittany Martino are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 245 McDonnell Blvd., F-138, Biloxi, MS (the "Martino Property").[30] The Martinos alleges that Chinese drywall was installed in the Martino Property in 2006,[31] prior to the date the Martinos subsequently purchased the Martino Property on November 16, 2015.[32]

### 10. Billy McCullar, Peggy A. McCuller, and Andree McCuller

Billy McCullar, Peggy A. McCuller, and Andree McCuller are plaintiffs listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 603 East Second Street, Pass Christian, MS (the "McCullar Property").[33] The McCullars allege that Chinese drywall was installed in the McCullar Property in 2006,[34] prior to the date the McCullars subsequently purchased the McCullar Property on July 22, 2011.[35]

---

[28] *Id.*, Lee SPPF at 2.
[29] See Exhibit Lee B: Deed.
[30] See Exhibit Martino A: SPPF.
[31] *Id.*, Martino PFS at 3.
[32] *Id.*
[33] See Exhibit McCullar A: SPPF.
[34] *Id.*, McCullar SPPF at 2.
[35] See Exhibit McCullar B: Deed.

### 11. Dung Nguyen[36]

Dung Nguyen is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 3 Laudeac Court, Long Beach, MS (the "Nguyen Property").[37] Nguyen alleges that Chinese drywall was installed in the Nguyen Property on April 15, 2006,[38] prior to the date Nguyen subsequently purchased the Nguyen Property on October 15, 2006.[39]

### 12. Peter Robinson[40]

Peter Robinson is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 131 Sea Oaks Drive, Long Beach, MS (the "Robinson Property").[41] Robinson alleges that Chinese drywall was installed in the Robinson Property in 2006,[42] prior to the date Robinson subsequently purchased the Robinson Property on October 27, 2013.[43]

### 13. Rachel Schoerner

Rachel Schoerner is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 451 Linda Drive, Biloxi, MS (the "Schoerner

---

[36] These claims are the subject of a separate pending Motion for Summary Judgment. R. Doc. 22641.
[37] See Exhibit Nguyen A: SPPF.
[38] *Id.*, Nguyen SPPF at 2.
[39] See Exhibit Nguyen B: Deed.
[40] A separate Motion to Dismiss is pending regarding these claims. R. Doc. 22666.
[41] See Exhibit Robinson A: SPPF.
[42] *Id.*, Robinson SPPF at 2.
[43] *Id.*

Property").[44] Schoerner alleges that Chinese drywall was installed in the Schoerner Property in 2006,[45] and Schoerner purchased the Schoerner Property on May 22, 2006.[46] Ronald and Leslie Bogard, the owners prior to Schoerner, allege that Chinese drywall was installed in the Schoerner Property on February 14, 2006.[47]

### 14. The Van Tran and Chin Thi Nguyen

The Van Tran and Chin Thi Nguyen are plaintiffs listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 12912 Rosemont Street, Ocean Springs, MS (the "Van Tran Property").[48] The Van Tran and Chin Thi Nguyen allege that Chinese drywall was installed in the Van Tran Property in 2006,[49] and The Van Tran and Chin Thi Nguyen purchased the Van Tran Property on September 31, 2006.[50]

## II.   Law & Argument

### A.   Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[51]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[52]

---

[44] See Exhibit Schoerner A: SPPF.
[45] *Id.*, Schoerner SPPF at 2.
[46] See Exhibit Schoerner B: Deed.
[47] Exhibit Schoerner C, Bogard SPPF at 2.
[48] See Exhibit Van Tran A: SPPF.
[49] *Id.*, Van Tran SPPF at 2.
[50] See Exhibit Van Tran B: Deed.
[51] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[52] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[53] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[54]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[55] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[56] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[57] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[58]

B. *Plaintiffs' Claims are Barred.*

Mississippi law provides that a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without an assignment

---

[53] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[54] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[55] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[56] *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[57] *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc*., 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[58] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

of that cause of action. In *Henderson v. Copper Ridge Homes, LLC*, 273 So.3d 750, 754–55 (Miss.2019) the Mississippi Supreme Court found that the lower court erred in finding that a prior owner's claims traveled with the land because the deed did not convey claims for alleged damage to the property sustained before the purchase.

> The deed of trust specifically conveys only the property identified in the deed of trust in the event of foreclosure. It did not convey the [prior owner's] contractual or common-law rights related to either the promissory note or its separate contract with Copper Ridge. Therefore, the Court holds that the trial court erred in finding that the [prior owner's] claims traveled with the title to the property upon foreclosure.[59]

The Mississippi Supreme Court reiterated this rule in February 2020, holding that "[t]his Court . . . has acknowledged the distinction between real property rights or interests that travel with title to the property by operation of law and personal rights that belong to the grantee and do not travel with title but may be assigned."[60]

As outlined above and condensed in the attached chart,[61] the Plaintiffs above each purchased their respective Property after the alleged defective drywall was installed in the Property. In Plaintiffs' respective deeds, Plaintiffs were not assigned or subrogated to any of the prior owners' rights, and no evidence of an assignment or subrogation has been presented.[62] Therefore, Plaintiffs' claims are barred.

Further, this Court should maintain consistency with its prior rulings. Mississippi law is virtually identical to Louisiana's subsequent purchaser doctrine,[63] which this Court applied to

---

[59] *Henderson v. Copper Ridge Homes, LLC*, 273 So.3d 750, 754–55 (Miss.2019).
[60] *Diamondhead Country Club & Prop. Owners Ass'n, Inc. v. Peoples Bank*, 2018-CA-00978-SCT, 2020 WL 948324, at *3 (Miss. Feb. 27, 2020) citing *Davis v. Davis* (In re Estate of Waitzman), 507 So. 2d 24, 26-27 (Miss. 1987); *Henderson v. Copper Ridge Homes, LLC*, 273 So. 3d 750, 754-55 (Miss. 2019).
[61] See Exhibit C.
[62] See Warranty Deeds. (Deeds for Caranna, the Martinos, and Robinson, were not provided. However, no evidence of an assignment or subrogation has been presented.)
[63] *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 2010-2267 (La. 10/25/11), 79 So.3d 246, 256-57 (La. 2011). ("an owner of property has no right or actual interest in recovering from a third party for damage which was

dismiss the claims of Toni Macksey, Ronald and Maria Natal, and Bank of Louisiana.[64] Under the law of the case doctrine, courts show deference to decisions already made in the case they are presiding over. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012). The law of the case doctrine developed to maintain consistency and avoid needless reconsideration of matters previously decided during the course of continuing litigation. *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 880 (5th Cir. 1993) (internal quotes and citation omitted); *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1423 (5th Cir. 1995) (once court of competent jurisdiction decides rule of law, that decision governs the same issues in subsequent stages of the same case); *North Mississippi Communications, Inc. v. Jones*, 951 F.2d 652, 656 (5th Cir. 1992) (prior decision followed without re-examination unless evidence substantially different). Here, under this Court's prior ruling, applying virtually identical law to substantially the same facts, there can be no genuine issue of fact such that Plaintiffs claims are barred.

As with Toni Macksey, Ronald and Maria Natal, and Bank of Louisiana, the Plaintiffs' claims here are barred because they each purchased their respective Property after the alleged defective drywall was installed and there is no evidence they were assigned or subrogated to any of the prior owners' rights.

### III. CONCLUSION

For these reasons, this Court should grant summary judgment, dismissing the claims of 1329 Gum, Jackson Land Trust; Richard Calevro; Mary Sue Caranna; William Foreman; Candace

---

inflicted on the property before his purchase, in the absence of an assignment or subrogation of rights belonging to the owner of the property when the damage was inflicted.")

[64] R. Doc. 22615 at 22-24.

Forzard and David Fozard; Wade Gauthreaux and Sheryl Gauthreaux; Jeremy Jordan; Mark Lee and Shannon Renee Lee; David Martino and Brittany Martino; Billy McCullar, Peggy A. McCuller, and Andree McCuller; Dung Nguyen; Peter Robinson; Rachel Schoerner, and The Van Tran and Chin Thi Nguyen with prejudice.

        Respectfully submitted,
        **FISHMAN HAYGOOD, LLP**

        /s/ *Kerry J. Miller*
        **KERRY J. MILLER (#24562), T.A.**
        **PAUL C. THIBODEAUX (#29446)**
        **DANIEL J. DYSART (#33812)**
        201 St. Charles Avenue, Suite 4600
        New Orleans, LA  70170
        Telephone:   504.556.5549
        Facsimile:    504.310.0275
        Email:       kmiller@fishmanhaygood.com
        *Counsel for Defendant,*
        *The Knauf Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 1st day of April, 2020.

        /s/ *Kerry J. Miller*
        **KERRY J. MILLER**