Prepared by/ Return To:
1329 Gum, Jackson Land Trust
P.O. Box 1021
Ocean Springs, MS 39566

# WARRANTY DEED

**STATE OF MISSISSIPPI**
**COUNTY OF JACKSON**

**THIS WARRANTY DEED** is made this **1st** day of **June 2007**, by and between **Bryan Keith Gospodinovich & Karen Gospodinovich** (hereinafter referred to as "Grantors"), and **1329 Gum, Jackson Land Trust, J. B. Wright Jr., as Trustee**, a Land Trust (an executory trust); (hereinafter referred to as "Grantee"), shall have full Trustee powers and authority as described in the attached **Affidavit of Land Trust – Exhibit "A"**, made a part hereof by reference.

### WITNESSETH:

The Grantor, for and in consideration of the sum of **TEN Dollars ($10.00)** and other valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, remises, releases, transfers and conveys to the Grantee, all that certain land situate in **Jackson County, State of Mississippi**, to wit:

**As per attached Legal Description, Exhibit "B", made a part hereof by reference,**

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining, to have and to hold in fee simple forever.

The Grantor hereby covenants with said Grantee that the Grantor is lawfully seized of said land in fee simple; has good, right and lawful authority to sell and convey said land, hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever, and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2007, conditions, restrictions, easements, limitations and zoning ordinances of record, if any, and the following described mortgages, which Grantee herein takes subject to and agrees to pay:

IN WITNESS WHEREOF, the said Grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____ (SEAL)
Grantor: Bryan Keith Gospodinovich

_____ (SEAL)
Grantor: Karen Gospodinovich

200720682 4 PGS

**STATE OF MISSISSIPPI**
**COUNTY OF JACKSON**

PERSONNALY APPEARED BEFORE ME, the undersigned authority in and for the said County and State, within my jurisdiction, the within named Bryan Keith Gospodinovich and Karen Gospodinovich who acknowledged that they signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

WITNESS MY SIGNATURE AND OFFICIAL SEAL OF OFFICE, this the 1st day of June, 2007.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: Nov. 6, 2009

OFFICIAL RECORDS JACKSON COUNTY
Terry Miller
CHANCERY CLERK
RECORDING FEE:          $12.00
#200720682 BK:1493 PG:182-185
06/20/2007 02:11 PM 4 PGS
KDELANEY,DC Rcpt#011365

Grantor: Bryan Keith Gospodinovich
P.O. Box 1021
Ocean Springs, MS 39566
228-831-5552

Grantee: Gum Land trust
P.O. Box 1021
Ocean Springs, MS 39566
228-875-2304

© 1992-2007 Trust Associates – 4426-B Hugh Howell Road, Suite 200, Tucker, GA 30084 Phone: 770-939-8283 Fax: 770-939-3177 www.LouisBrown.com (Rev. 01/07) – Form LT-STP – Auto

# AFFIDAVIT OF LAND TRUST – EXHIBIT "A"

**STATE OF MISSISSIPPI**
**COUNTY OF JACKSON**

BEFORE ME, the undersigned authority, on this day personally appeared J. B. Wright Jr., as Trustee, who being first duly sworn, deposes and says that:

1. The following Trust is the subject of this Affidavit:

    **1329 Gum, Jackson Land Trust, dated the 1st day of June 2007**

2. The names of the currently acting Trustee is:

    **J. B. Wright Jr., as Trustee**

3. The legal description of the real estate held by the Trust is:

    **LOT 614, WEST OCEAN BEACH ESTATES SUBDIVISION, FIRST ADDITION, as per map or plat of recorded in the Office of the Chancery Clerk of Jackson County, Mississippi, in Plat Book 6, at Page 6.**

4. The Trust mailing address is:

    **P.O. Box 1021**
    **Ocean Springs, MS 39566**

5. The Trust is currently in full force and effect.

6. The Trustee's powers, duties and responsibilities are as per the Declaration of Trust and Land Trust Agreement dated the 1st day of June 2007, and the subsequent public records deed filing which shows the Trustee(s) name(s).

7. The signatory hereof is currently the acting Trustee of the Trust named herein.

8. **The signatories hereof have been granted full power and authority under the Trust provisions to take the following action(s), to wit:** To purchase, improve, subdivide, manage and protect said real estate or any part thereof: to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof and to re-subdivide said real estate as often as desired: to contract to: renovate, to repair, to sell: to grant options to purchase, to sell on any terms; to take back, foreclose and release mortgages; to convey either with or without consideration, to carry back financing: to convey said real estate or any part thereof to a successor or successors in trust, all of the title, estate, powers and authorities vested in said Trustee: to donate, dedicate, mortgage, pledge as collateral or otherwise encumber said real estate, or any part thereof, from time to time to contract to lease, or if required, to hire management for said real estate, or any part thereof, in possession or reversion, by leases to commence in praesenti or in futuro, and upon any terms and for any period or periods of time, not exceeding in the case of any single demise the term of 99 years, and to renew or extend leases upon terms and for any period or periods of time and to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter: and to grant options to lease, options to renew leases, options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present and future rentals: to exchange said property, or any part thereof, for other real or personal property, to grant easements or charges of any kind; to release, convey or assign any right, title use or interest in or to said real estate or any part thereof; and to deal with said property and every part thereof in all other ways and for other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter, including filing lawsuits and hiring counsel.

9. **In no case** shall any party dealing with Trustee in relation to said real estate or to whom said real estate or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by Trustee, be obliged to see to the application of any purchase money, rent, or money borrowed or advanced on said premises, or be obliged to see that the terms of said Trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of Trustee, or be obliged or privileged to inquire into any of the terms of said Trust Agreement; and every deed, trust deed, mortgage, lease, management agreement or other instrument executed by Trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument (a) that at the time of the delivery thereof the trust created by said Trust Agreement was in full force and effect, (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in said Declaration of Trust and Land Trust Agreement and binding upon all beneficiaries thereunder, (c) that Trustee is duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage, management agreement or other instrument, (d) if the conveyance is made to a successor or successors in trust, that such successor or successors in trust have been properly appointed and are fully vested with all the title, estate, rights, powers, duties and obligations of the said predecessor in trust, and (e) Trustee is prohibited under the terms of the aforesaid Trust Agreement to reveal the terms and conditions of said Trust Agreement or the records of the Trust without express written authorization from the holder(s) of the power of direction of the Trust.

10. **Any contract,** obligation or indebtedness incurred or entered into by the Trustee in connection with said real estate may be entered into by the Trustee in the name of the then beneficiaries under said Trust Agreement, as their attorney in fact, hereby irrevocably appointed for such purpose, or, at the election of Trustee, in its own name as Trustee of an express trust and not individually and the Trustee has no obligation whatsoever with respect to any such contract, obligation or indebtedness except only so far as the trust property and funds in the actual possession of the Trustee shall be applicable for the payment and discharge thereof, and all persons and corporations whomsoever shall be charged with notice of this condition from the date of the filing for record of this affidavit. Any litigation arising in connection with the Trust document shall be adjudicated under the laws of the State of **Mississippi**. In the event any portion of the said Trust Agreement shall be found to be not supportable under **Mississippi** Statutes, the remaining provisions shall continue to be valid and subject to enforcement in the courts without exception. In like manner, any obligations of either party, which may become law, shall be binding on both parties as if included therein.

11. **The interest** of each and every beneficiary under the Declaration of Trust and Land Trust Agreement hereinbefore referred to and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of said real estate and such interest is hereby declared to be personal property, and no beneficiary has any title or interest, legal or equitable, in or to said real estate as such but only an interest in the earnings, avails and proceeds thereof as aforesaid.

12. The following individual(s) are duly appointed as the Successor Trustee(s) with the same powers as stated herein:
D. A. Triplett, as Successor Trustee

13. The signatory hereof declare that the foregoing statements are true and correct, under penalty of perjury.

**FURTHER AFFIANT SAYETH NOT.**

_____ (Seal)
AFFIANT: J. B. Wright Jr., as Trustee

STATE OF MISSISSIPPI
COUNTY OF JACKSON

PERSONNALY APPEARED BEFORE ME, the undersigned authority in and for the said County and State, within my jurisdiction, the within named **J. B. Wright Jr.**, who acknowledged that he signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

WITNESS MY SIGNITURE AND OFFICIAL SEAL OF OFFICE, this the 1st day of June, 2007.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: Nov. 6, 2009

© 1992-2007 Trust Associates – 4426-B Hugh Howell Road, Suite 200, Tucker, GA 30084 Phone: 770-939-8283 Fax: 770-939-3177 www.LouisBrown.com (Rev. 01/07) – Form LT-STP – Auto

# EXHIBIT "B"
# LEGAL DESCRIPTION

This Exhibit is part of that **Warranty Deed** dated the 1st day of **June 2007**, by and between **Bryan Keith Gospodinovich and Karen Gospodinovich**, (hereinafter referred to as "Grantors"), and **1329 Gum, Jackson Land Trust, J. B. Wright Jr., as Trustee**, a Land Trust (an executory trust): (hereinafter referred to as "Grantee").

## Legal Description of Property

**LOT 614, WEST OCEAN BEACH ESTATES SUBDIVISION, FIRST ADDITION,** as per map or plat of recorded in the Office of the Chancery Clerk of Jackson County, Mississippi, in Plat Book 6, at Page 6.

