Prepared by:
Ronald C. Morton (MS Bar no. 9415)
A. Elizabeth Whitaker (MS Bar no. 102825)
Morton Law Firm, PLLC
132 Fairmont St., Suite A
Clinton, MS 39056
601.925.9797

Return to:
Ronald C. Morton (MS Bar no. 9415)
A. Elizabeth Whitaker (MS Bar no. 102825)
Morton Law Firm, PLLC
132 Fairmont St., Suite A
Clinton, MS 39056
601.925.9797

STATE OF MISSISSIPPI
COUNTY OF HARRISON
FIRST JUDICIAL DISTRICT

## WARRANTY DEED

**FOR AND IN CONSIDERATION** of the sum of Ten Dollars ($10.00), cash in hand paid, and other good, legal and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, the undersigned

Selton Bourdin, Trustee of the
Bourdin Children's Trust dated
January 7, 2010
111 Indian Summer Lane
Clinton, MS 39056
601.926.1276

does hereby sell, convey and warrant unto,

Andree McCullar, Individually
479 York Road
Natchez, MS 39120
601.442.2508

the following described real property which is situated, lying and being in the First Judicial District of Harrison County, Mississippi, more particularly and certainly described as follows:

(See Exhibit A attached) (Page 3)

INDEXING INSTRUCTIONS: Lot 70, Section 30, Township 9, Range 12, First Judicial District, Harrison County, Mississippi

Page 1 of 3

This conveyance is subject to any and all restrictive covenants, easements, dedications, rights of way and oil, gas or mineral reservations or conveyances of record pertaining to or affecting the usage of the herein described property.

WITNESS the hand and signature of the undersigned Grantor hereto affixed on this the _____ day of ____ 22, 2011.

_____
SELTON BOURDIN, TRUSTEE

STATE OF MISSISSIPPI
COUNTY OF Adams

PERSONALLY APPEARED BEFORE ME, and undersigned authority in and for the said county and state, on this the 22 day of July 2011, within my jurisdiction, the within named Selton Bourdin, who acknowledged that he executed and delivered the above and foregoing warranty deed.

_____
NOTARY PUBLIC

My Commission Expires:

[Notary Seal: STATE OF MISSISSIPPI, RONALD M. SMILO, ID No 78397, NOTARY PUBLIC, Comm Expires September 15, 2013, ADAMS COUNTY]

REAL ESTATE PURCHASE AGREEMENT

This Agreement is made on the 15th day of July, 2011, by and between Andree McCullar, ("Purchaser") and Selton Bourdin, Trustee of the Bourdin Children's Trust dated January 7, 2010, ("Seller"), and Selton Bourdin, individually and Edward Bourdin, individually("Beneficiaries.")

RECITALS

Seller is the owner of the real property situated at 603 East Second Street in Pass Christian Mississippi more specifically described as follows: Lot 70 Ft on 2nd St. By 2 St. E by Macdiarmid N by L & N RR W by Remus, Section 30, Township 8, Range 12, said property being more fully described in Harrison County Deed Book 1205, Page 0230. ("the Property").

Purchaser is a beneficiary of the Seller, and is entitled to 1/3 of the assets of the Seller trust upon distribution of the trust. Beneficiaries are also each 1/3 beneficiaries of the Seller trust. Purchaser desires to receive her 1/3 interest in the Seller trust in-kind, in the form of the Property, and Beneficiaries also desire to convey the Property to Purchaser as an in-kind distribution. However, the Seller trust cannot yet make complete distribution of trust assets to Purchaser and the beneficiaries. Seller, Purchaser, and Beneficiaries have entered into this Agreement to transfer the Property to Purchaser using a partial in-kind distribution, and promissory notes, with such promissory notes to be paid to Seller or Beneficiaries upon the final distribution of other Seller trust assets.

The Parties agree that the fair market value of the Property for purposes of this transaction is $60,000.

In consideration of the covenants and agreements of the respective parties, as set forth below, Seller agrees to sell and convey to Purchaser, and Purchaser agrees to purchase and take from Seller the Property.

Transfer to Purchaser shall include all right, title, and interest of Seller in and to all streets, alleys, roads, railways, and avenues adjoining the real property, and shall further include any award for damaging or taking eminent domain by public or quasi-public authority, of the real property or any part of it.

The following terms, provisions, and conditions are further agreed to:

1. Price. The purchase price for property is $60,000, payable as described in this Section 1 of this Agreement at closing.

    1.1. In-Kind Share of Property Distributed by Trust. Purchaser shall receive her 1/3 interest in the Seller trust asset of Property as a reduction in her purchase price. The purchase price to be paid to Seller for the benefit of Beneficiaries shall be the remaining 2/3 value of the Property of $40,000, payable at closing as follows.

2. At closing, Purchaser shall pay $40,000 to Beneficiaries in the following form:

    2.1 Cash. Purchaser shall pay the sum of $20,000 to Beneficiaries, in the amount of $10,000 to each Beneficiary at closing.

    2.2 Note. Purchaser shall execute promissory notes in the amount of $20,000 to Beneficiaries, in the amounts of $10,000 each to each Beneficiary at closing.

    2.3 The Promissory notes shall be payable upon demand, and shall bear an interest rate equal to the applicable federal rate. The promissory notes shall be secured by a security interest and deed of trust in the Property in favor of Seller and the Beneficiaries.

    2.4 Assignability. This agreement is not assignable.

3. Title; Tenancies

    3.1 Conveyance of title to property shall be by warranty deed with full covenants, executed by Seller. Title to be conveyed shall be good and marketable, and not subject to any liens, encumbrances, restrictions, easements and other burdens, except as set forth in Schedule 4.1.

    3.2 Assessments. If, at the time of transfer of title, property or any part of property is subject to an assessment or assessments payable in installments, all such installments not due or delinquent at such time and as liens on Property, and all such assessments shall be paid and discharged by Seller.

4. Pro-ration: The following items shall be prorated as of the closing: real estate taxes due but not delinquent, prepaid insurance premiums.

   4.1 Closing costs. Purchaser shall pay all closing costs.

   4.2 Zoning. No Zoning to Seller's knowledge. Purchaser bears the sole risk of determining the property being suitable for Purchaser's purpose.

   4.3 Broker's Commission. Neither party has used the services of a real estate agent or broker, and no commission is due any party as a result of the sale memorialized by this Agreement.

5. Binding Effect of Agreement: This agreement and the covenants and agreements of it shall bind and inure to the benefit of the parties, including Seller, Purchaser, and Beneficiaries, and their respective heirs, personal representatives, successors and assigns. Unless the agreement otherwise requires, the covenants of this agreement shall survive the transfer of title.

   IN WITNESS WHEREOF, the parties have executed this instrument at the place and on the date first above-specified. Two duplicate originals of the Agreement have been signed.

PURCHASER

_/s/ Andree McCullar_  SELLER
Andree McCullar, Purchaser