# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br><br>**SECTION: L** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Elizabeth Bennett, et al. v. Knauf Gips, KG, et al.*<br>**2:14-cv-02722-EEF-JCW** | **JUDGE ELDON FALLON**<br><br>**MAG. JUDGE WILKINSON** |

## PLAINTIFF FACT SHEET

Name of Plaintiff: Steve Binns

Affected Property Address: 1417 SW Devera Place, Port St. Lucie, FL  34953

## I.  Purchase, Sale and/or Transfer of Ownership of Property

1. On what date did you purchase the Property?

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Bennett Supplemental Plaintiff Profile Form ("SPPF").  Plaintiff directs the defendants to Section II of the SPPF. Without waiving said objection, Plaintiff adopts the SPPF response again here and intends to provide the exact same date as provided in the verified SPPF as follows: Plaintiff purchased the property:

(Month/Day/Year)          10 / 26 / 2006

2. When you took ownership of the Property, what was the name of the seller?

Chris Scott

EXHIBIT
BINNS A

3.  Name and address of the realtor?

Remax Realty

4.  Name and address of the closing agent?

Julie R. Pankewich, Republic Title and Trust Co., 1928 Commerce Lane, Suite 1, Jupiter, FL 33458

5.  What was the price of the home when you purchased it?  $ 286,500.00

6.  Was it an "as-is" sale?

**Response**: Plaintiff objects to the use of "as-is" in this question as vague, ambiguous, uncertain, and unintelligible; consequently, Plaintiff cannot determine the exact nature of the information being sought.  This term is not defined and is not commonly understood with one accepted meaning; multiple inpretations are possible.  Without waiving said objection, plaintiff responds as follows:

☑ Yes    ☐ No    ☐ I'm not sure.

7.  If you sold or transferred ownership of the Property, what was the name of the purchaser?

Martin Kuntz

8.  If you sold or transferred ownership of the Property, what was the name and address of the realtor?

Sheryl Delissa, Realtor, Port St. Lucie, FL,  (561) 281-0969

9.  If you sold or transferred ownership of the Property, what was the name and address of closing agent?

Toks Oladejo, Nautica Title USA, Inc., 1035 S. State Road 7, Suite 315, Wellington, FL 33414

10.  If you sold or transferred ownership of the Property, what was the price paid for home?
$ N/A

## II.  Appraisal of the Home

11.  Date of each appraisal:

a. _____/_____/20_____
b. _____/_____/20_____

**PFS REQUEST FOR DOCUMENT PRODUCTION #1**: Please produce copies of any and all appraisals performed on the house both prior and subsequent to the occurrence of any of the events allenged in the petition.

> **Response:** All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 1."

## III.  Discovery of Drywall

12.  Date that the property was constructed and/or renovated that installed the allegedly defective Chinese Drywall.

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Bennett Supplemental Plaintiff Profile Form ("SPPF").  Plaintiff directs the defendants to  Section II of the SPPF. Without waiving said objection, Plaintiff adopts the SPPF response again here and intends to provide the exact same date as provided in the verified SPPF as follows: The property construction and/or renovation that installed the allegedly defective drywall occurred on or about the following date (to the best of my knowledge):

> (Month/Day/Year)         ____/____/20_06__

**PFS REQUEST FOR DOCUMENT PRODUCTION #2**: Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify that there is defective Chinese Drywall in the Property.

> **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 2."

## IV.  Manufacturer/Seller of Drywall

13.  Who sold or distributed the drywall in the house?

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Plaintiff Profile Form ("PPF"). Plaintiff directs the defendants to  Section X of the PPF.  Without waiving said objection, Plaintiff adopts the PPF response again here and intends to provide the exact same information as provided in the verified PPF as follows:   The drywall Supplier's name (to the best of my knowledge) is:

I don't know.

**PFS REQUEST FOR DOCUMENT PRODUCTION #3**: Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify the manufacturer of drywall installed in the house. The submission must be in the form of PTO 1(B).

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 3."

## V.  Damages

14.  Identify any harm, financial or otherwise, that you contend was caused by defective Chinese Drywall installed in the Property.

**Response**: Plaintiff directs the defendants to review the complaint filed with the court in this case for a full listing of the claims being asserted and the damages being sought. The defective Knauf Chinese Drywall emitted gasses that cause damage to Plaintiff's home and the personal property contained therein. It also significantly diminished the use and enjoyment of the home; therefore, Plaintiff seeks the following:  all compensatory, statutory, and/or punitive damages; all pre-judgment and post-judgment interest as allowed by law; any appropriate injunctive relief; an award of attorney's fees as allowed by law; an award of taxable costs; and, any and all such further relief as a jury or judge presiding over my trial deems just and proper.  Other damages include, but are not limited to:

The problems created by the Chinese drywall put an enormous burden on me and my

family. We couldn't sell the house and the problems persisted - failing a/c, appliances, etc.

15.  If you contend that you entered personal bankruptcy as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

N/A

16.  If you contend that you entered short sale and/or foreclosure as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

We listed the house and couldn't sell it with the defective drywall in it. The price was

dropped several times and our bank eventually allowed a short sale. The house sold for

a mere $180,000 which caused us to lose all of our equity.

4

**PFS REQUEST FOR DOCUMENT PRODUCTION #4**: If you claim loss of income, please produce any copies of any and all documentation upon which you intend to rely upon to prove this claim.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 4."

**17.** If you claim diminution of the property as a result of Chinese Drywall, state with particularity each fact which supports your claim.

The home was purchased for $286,500 and sold through a short sale with an assignment for $180,000.00. It would have been sold for less if the assignment of legal claims wasn't included in the sale terms.

**18.** Identify the appliances, fixtures and/or other electronics, if any, that you claim were damaged by Chinese Drywall in the property.

> **Response**: An list of damaged items is attached as "Exhibit 14."

**19.** If you vacated the property because of the alleged presence of Chinese Drywall, please provide: Address of each location you stayed thereafter.

a. 5788 North Plum Bay Parkway, Tamarac, FL  33321

b. _____

c. _____

**20.** If you vacated the property because of the alleged presence of Chinese Drywall, please provide: Time periods in which you resided at each property.

a. _01_ / _30_ /20_17_   to   _01_ / _11_ /20_19_

b. ____ / ____ /20____   to   ____ / ____ /20____

c. ____ / ____ /20____   to   ____ / ____ /20____

**21.** If you vacated the property because of the alleged presence of Chinese Drywall, please provide: Moving costs and/or alternative living expenses you claim to have incurred as a result of the alleged presence of Chinese Drywall.

a. $ 10,680.00 _____

b. $_____

c. $_____

**PFS REQUEST FOR DOCUMENT PRODUCTION #5**:  If you vacated the property because of the alleged presence of Chinese Drywall, please provide any documentation to support your claims.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 5."

22.  Are you claiming damages for personal injury? ☐ Yes (explain below) ☑ No

_____

_____

23.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  Date you allege that you first sustained personal injuries as a result of your exposure to allegedly defective Chinese Drywall.

> **Response**:   ☑ N/A

24.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  What specific injuries have you suffered?

> **Response**:   ☑ N/A

25.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  Name and address of any doctor, physician, surgeon, chiropractor, or osteopath who examined and/or treated your alleged injuries.

> **Response**:   ☑ N/A

## VI.  Potential Witnesses/Evidence

26.  Has any written or recorded statement been taken from any witness or person who has knowledge of relevant facts, including the nature, character, and extent of the injuries referred to in the petition, and for each statement identified?

> ☐ Yes   ☐ No   ☑ I don't know

27.  If the answer to 26 is "yes," please state:  The name, address, and telephone number of the person from whom the statement was taken.

N/A _____

_____

28. If the answer to 26 is "yes," please state: The name, address, and telephone number of the person who took the statement.

N/A

29. If the answer to 26 is "yes," please state: The name address, and telephone number of the party having custody of such statement.

N/A

30. If the answer to 26 is "yes," please state: The date the statement was taken.

N/A

## VII.  Already Remediated Properties

31. If you already remediated the Property, who conducted the remediation?

      Response:     ☑N/A

32. When did the remediation commencement date occur?

      Response:     ☑N/A

33. When did the remediation end date occur?

      Response:     ☑N/A

34. What was the scope of the remediation and the scope of the work carried out?

      Response:     ☑N/A

35. What costs or expenses, if any, did you incur related to the remediation of the Property?

      Response:     ☑N/A

36. Were any samples from the remediation retained?

    Response:    ☑ N/A

37. If the response to 36 is "yes," were the samples compliant with PTO 1(B)?

    Response:    ☑ N/A

38. Were any photographs taken of the allegedly defective Chinese Drywall?

    Response:    ☑ N/A

39. If the response to 38 is "yes," were the photographs compliant with PTO 1(B)?

    Response:    ☑ N/A

**PFS REQUEST FOR DOCUMENT PRODUCTION #6**:  Please produce the following documentation concerning the remediation of the Property: Any evidence of KPT Chinese Drywall and Non-KPT Chinese Drywall, if any, in the Property prior to remediation.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 6."

**PFS REQUEST FOR DOCUMENT PRODUCTION #7**:  Please produce the following documentation concerning the remediation of the Property: Interior photographs of the Affected Property immediately prior to the commencement of, and following completion of, the remediation, including photographs and/or video images of the flooring and major components such as cabinets, moldings, doors, intercom systems, and fixtures for every room and bathroom and, to the extent possible, security systems, appliances and audio such as surround sound.

** The photographs do not need to be pictures taken specifically for the litigation. For example, family photographs or photographs taken for purposes of refinancing a mortgage are acceptable in the absence of other photographs.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 7."

**PFS REQUEST FOR DOCUMENT PRODUCTION #8**:  Please produce the following documentation concerning the remediation of the Property: The remediation contract and an itemization from the contractor who performed the remediation work of the materials used during the remediation, including, but not limited to, manufacturer, model number, and quantity.

8

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 8."

**PFS REQUEST FOR DOCUMENT PRODUCTION #9**: Please produce the following documentation concerning the remediation of the Property: An itemized invoice from the contractor who performed the remediation work ("Itemized Invoice") showing the scope of work carried out.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 9."

**PFS REQUEST FOR DOCUMENT PRODUCTION #10**: Please produce the following documentation concerning the remediation of the Property: Proof of payment of the Itemized Invoice and any other expenses, such as cancelled checks, credit card statements, etc.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 10."

**PFS REQUEST FOR DOCUMENT PRODUCTION #11**: Please produce the following documentation concerning the remediation of the Property: A floor plan of the Affected Property with dimensions.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 11."

**PFS REQUEST FOR DOCUMENT PRODUCTION #12**: Please produce the following documentation concerning the remediation of the Property: An Environmental Certificate.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 12."

**PFS REQUEST FOR DOCUMENT PRODUCTION #13**: Please produce the following documentation concerning the remediation of the Property: An Owner Disclosure Affidavit in the form attached as Exhibit 1, which includes a certification that the materials provided comprise all of the available documentation regarding the following: The drywall that was in the Affected Property prior to the commencement of the remediation; and, the scope, extent, and cost of the remediation.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 13."

## **VERIFICATION**

I hereby verify that the responses to the Plaintiff Fact Sheet are correct to the best of my knowledge.


_Steve Binns_
Signature of Plaintiff

_01/23/19_
Date


STEVE BINNS
Printed Name

# Exhibit 1

# Exhibit 2

# Exhibit 3





# Exhibit 4

# Exhibit 5

# Exhibit 6

# Exhibit 7

# Exhibit 8

# Exhibit 9

# Exhibit 10

# Exhibit 11

# Exhibit 12

# Exhibit 13

# Exhibit 14

# Plaintiff Fact Sheet

Plaintiff:        Steve Binns

Property Address:    1417 SW Devera Ave Port St Lucie, Fl

## Question #18 Itemization (Personal Property Damage)

| #  | Description of Damaged Item | Value ($) |
|----|------------------------------|-----------|
| 1  | Trane 3 ton A/C Unit *       | $8600     |
| 2  | 30" GE Microwave *           | $340      |
| 3  | Samsung 52" TV *             | $486      |
| 4  | Sony TV *                    | $1649     |
| 5  | XBox 360 *                   | $423      |
| 6  | Nintendo Wii*                | $264      |
| 7  | Dell Studio 15 XPS*          | $1589     |
| 8  | Dell XPS 410 *               | $2350     |
| 9  | GF Refrigerator             | $2300     |
| 10 | RCA TV*                      | $375      |
| 11 | Sony TV*                     | $525      |
| 12 | GE 5 Burner Glass Stove*     | $569      |
| 13 | Brass Chandelier            | $434      |
| 14 | Whirlpool Dishwasher*        | $619      |
| 15 | Whirlpool Washer *           | $1383     |
| 16 | Whirlpool Dryer *            | $847      |

| 17 | GE Refrigerator/Freezer* | $560 |
|----|--------------------------|------|
| 18 | Grandfather clock | $625 |
| 19 | Home Security System* | $370 |
| 20 | GE 50 Gallon Water Heater* | $450 |
| 21 | Bose Speakers/ Sony Entertainment Center* | $1450 |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |
| 31 | | |
| 32 | | |
| 33 | | |
| 34 | | |
| 35 | | |

Total: $ __26,208.00__

PFS – Itemized Cost
Sheet

# Plaintiff Fact Sheet

Plaintiff: _____ Steve Binns _____ _____ _____

Property Address: ___ 1417 SW Devera Ave Port St Lucie, Fl _____

## Question #18 Itemization (Personal Property Damage)

| # | Description of Damaged Item | Value ($) |
|---|------------------------------|-----------|
| 1 | Trane 3 ton A/C Unit * | $8600 |
| 2 | 30" GE Microwave * | $340 |
| 3 | Samsung 52" TV * | $486 |
| 4 | Sony TV * | $1649 |
| 5 | XBox 360* | $423 |
| 6 | Nintendo Wii* | $264 |
| 7 | Dell Studio 15 XPS* | $1589 |
| 8 | Dell XPS 410* | $2350 |
| 9 | GF Refrigerator | $2300 |
| 10 | RCA TV* | $375 |
| 11 | Sony TV* | $525 |
| 12 | GE 5 Burner Glass Stove* | $569 |
| 13 | Brass Chandelier | $434 |
| 14 | Whirlpool Dishwasher* | $619 |
| 15 | Whirlpool Washer * | $1383 |
| 16 | Whirlpool Dryer * | $847 |

| 17 | GE Refrigerator/Freezer* | $560 |
|----|---------------------------|------|
| 18 | Grandfather clock | $625 |
| 19 | Home Security System* | $370 |
| 20 | GE 50 Gallon Water Heater* | $450 |
| 21 | Bose Speakers/ Sony Entertainment Center* | $1450 |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |
| 31 | | |
| 32 | | |
| 33 | | |
| 34 | | |
| 35 | | |

Total: $ __26,208.00__