UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| **This document relates to:** *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* **Case No. 14:cv-2722** | JUDGE ELDON FALLON MAGISTRATE JOSEPH WILKINSON, JR. |

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF OMNIBUS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Statement of Undisputed Material Facts in Support of their Omnibus Motion for Partial Summary Judgment:

1. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

2. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. (Rec. Doc. 2).

3. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. (Rec. Doc. 337).

4. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence. (Rec. Doc. 12257).

5. The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047.

1

6. The Complaint was amended multiple times to amend the parties and claims.

7. The Fifth Amended Complaint was filed on May 14, 2018.

8. Following the Fifth Amended Complaint, certain plaintiffs intervened.

9. The Fifth Amended Complaint is the operative complaint in this matter.

10. Plaintiffs Jackelyn Aquirre o.b.o. Home and Land, Inc. ("Aquirre"), Hoan Bao and Hahn Tran ("Bao/Tran"), Steve Binns ("Binns"), Bholonath Dhume and Prabha Dhume (the "Dhumes"), Santiago Guzman/Skyline Glass LLC ("Guzman"), Michael A. Chedester and Becky Chedester (the "Chedesters"), Tobi Butcher and Ken Butcher (the "Butchers"), Jason Hallmark and Katie Hallmark (the "Hallmarks"), Leslie Porciuncula and Olivia Porciuncula (the "Porciunculas"), Dave Baldwin and Karen Baldwin (the "Baldwins"), Karina Martinez ("Martinez"), and Edward Ball and Margot Gravel ("Ball/Gravel") (collectively "Plaintiffs") are all listed as plaintiffs in the operative Fifth Amended Complaint and have all made damages claims for alternative living expenses and/or moving expenses allegedly caused by Chinese drywall.

11. In conducting discovery in this MDL and in the *Bennett* action, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Plaintiffs completed and submitted a PPF, SPPF, PFS, and, where relevant, an Owner Disclosure Affidavit.

12. The documents were completed under penalty of perjury. Plaintiffs were likewise deposed.

13. Aquirre alleges that she accumulated $6,000 in damages attributed to moving expenses caused by Chinese drywall at her property at 3310 NE 3 DR, Homestead, FL 33033. (Exhibit Aquirre A: SPPF).[1]

14. However, Aquirre was in the business of buying and selling homes and therefore never lived in the property, and when asked "[d]id you ever intend to live on this property?" she responded "[n]o." (Exhibit Aquirre B: Deposition of Jackelyn Aquirre, July 31, 2019 at 35:3-4, 53:17-19).

15. She admitted in her deposition that the $6,000 of alleged moving expenses were actually from renovations that she performed prior to discovering the property had Chinese drywall. (*Id.* at 35:3-4, 55:2-56:12).

16. Bao/Tran allege that they suffered $35,300 in moving expenses/alternative living expenses due to Chinese drywall at their property at 1008 Washington Court, Moody, AL 35004. (Exhibit Bao/Tran A: PFS).

17. Bao/Tran testified that they never lived in the property and therefore did not and could not incur any expenses for vacating the property due to Chinese drywall. (Exhibit Bao/Tran B: Deposition of Hoan Bao, September 18, 2019 at 29:4-5, 42:10-43:4).

18. In fact, Bao was asked "[a]nd this says that you vacated the property from December 9, 2014, to January 9, 2019; is that just because you've never moved onto the property?" in regards to the alleged moving costs and/or living expenses, to which Bao responded, "[y]es. We don't live there." (*Id.* At 42:25-43:4).

---

[1] For simplicity, exhibits will be plaintiff-specific and lettering will begin at "Exhibit A" for each new plaintiff.

19. Binns alleges that he has damages totaling $10,680 for moving expenses/alternative living expenses due to Chinese drywall at his former property located at 1417 SW Devera Place, Port St. Lucie, FL 34953. (Exhibit Binns A: PFS).

20. Binns admitted to moving out in 2017 prior to his January 31, 2018 discovery that the property contained Chinese drywall. (Exhibit Binns B: Deposition of Steven Binns, July 31, 2019 at 56:21-57:2, 70:9-70:18).

21. When Mr. Binns was asked whether he moved out "before the actual discovery of Chinese drywall[]" he responded in the affirmative. (*Id.* at 70:15-17).

22. The Dhumes allege that they have $74,105 in moving expenses/alternative living expenses due to Chinese drywall at their property at 150 Spencer Avenue, New Orleans, LA 70124. (Exhibit Dhume A: SPPF).

23. However, in his deposition Mr. Dhume explained that they were "going to move anyway" because the property was too big for him and his wife. (Exhibit Dhume B: Deposition of Bholanath Dhume, May 17, 2019 at 28:6-25, 87:14-88:4).

24. Further, they listed the property for sale in May of 2017 and did not learn of the Chinese drywall until June 2017. (Ex. Dhume A; Ex. Dhume B at 28:6-9).

25. Guzman alleges that he suffered $29,500 in alternative living expenses due to Chinese drywall at his property at 10769 NW 81 LN, Doral, FL 33178. (Exhibit Guzman A: PFS; Exhibit Guzman B: Deposition of Santiago Guzman, November 18, 2019 at 77:1-78:3).

26. However, Guzman testified that he never lived in the property since he purchased it as an investment property. (Ex. Guzman B at 46:15-17, 78:1-79:79:17).

27. Guzman has used it as an investment property since he purchased it and has lived at a separate residence the entire time he has owned the property. (*Id.* at 46:15-47:15).

28. Specifically, he was asked "[i]n terms of moving expenses, you never did move into the property, right?" to which he responded "[w]e couldn't move into the property. The problem is moving into the property." (*Id.* at 78:13-14, 78:17-18).

29. The Chedesters allege $18,276 in alternative living expenses due to Chinese drywall at 10955 West Brighton Drive, Chunchula, AL 36521. (Exhibit Chedester A: PFS).

30. However, Ms. Chedester testified that they moved out of the property in 2011 to rent it, and did not discover that the property had Chinese drywall until January 22, 2016. (Exhibit Chedester B: Deposition of Becky Chedester, November 25, 2019 at 27:25-28:10, 34:1-10).

31. Ms. Chedester stated in her deposition that the property was continuously rented from the time they moved out in 2011 to the time they discovered the Chinese drywall on January 22, 2016. (*Id.* at 28:8-9, 28:16-24).

32. The Butchers allege they incurred $70,249 in alternative living expenses due to Chinese drywall at their property located at 4020 Island Lakes Dr., Winter Haven, FL 33881. (Exhibit Butcher A: SPPF).

33. However, Mrs. Butcher testified in her deposition that they had moved out of the property in March 2015 (Exhibit Butcher B: Deposition of Tobi Butcher, August 2, 2019 at 47:12-15). However, she also testified "[they] had found out [they] had Chinese drywall in February of 2016." (*Id.* at 49:11-12).

34. The Hallmarks allege $27,500 in alternative living expenses due to Chinese drywall at 775 Ridgefield Way, Odenville, AL 35120. (Exhibit Hallmark A: PFS).

35. However, the Hallmarks moved in July of 2014 and did not discover the presence of Chinese drywall until February of 2015. (Exhibit Hallmark B: Deposition of Katie Hallmark, December 4, 2019 at 19:9-16, 24:4-8).

36. Mrs. Hallmark testified in her deposition that the alternative living expenses they allege are for rent payments to their relatives. (*Id.* at 43:19-44:4).

37. The Porciunculas allege $20,653 in alternative living expenses due to Chinese drywall at 339 Wilton Avenue SW, Palm Bay, CA 32908. (Exhibit Porciuncula A: SPPF).

38. However, Olivia Porciuncula testified in her deposition that she never actually lived in the property nor did she have to find alternate living arrangements due to the presence of Chinese drywall. (Exhibit Porciuncula B: Deposition of Olivia Porciuncula, September 19, 2019 at 57:7-58:3).

39. When asked "[o]kay. But you have never actually lived in the home at Southwest Wilton, right?" she responded "[c]orrect." (*Id.* at 57:20-22).

40. Lastly, when she was asked "[a]nd so you haven't had to find an alternative living arrangement due to the presence of Chinese drywall in the home, right?" she responded "I haven't, no." (*Id.* at 57:23-58:1).

41. The Baldwins allege $76,447.73 in alternative living expenses due to Chinese drywall at 909 High Ridge Drive, Friendswood, TX 77546. (Exhibit Baldwin A: PFS).

42. However, Karen Baldwin testified that they had already purchased their new home before the discovery of Chinese drywall, and therefore did not incur any expenses having to vacate the property due to Chinese drywall. (Exhibit Baldwin B: Deposition of Karen Beth Baldwin, November 25, 2019 at 45:17-46:17).

43. She answered "[c]orrect" when asked "[a]nd you had determined that you would buy that North Mission Circle house before moving out of the 909 High Ridge Drive Home?" (*Id.* at 46:4-7).

44. Further, when asked if she "had already decided to buy the North Mission Circle house before [they] knew there was Chinese drywall in the 909 Ridge Drive property?" she answered "[w]e had actually already purchased it." (*Id.* at 46:8-11).

45. Karina Martinez alleges $580 in moving expenses and $27,600 in alternative living expenses due to Chinese drywall at 23631 SW 12th Court, Homestead, FL 33032. (Exhibit Martinez A: PFS).

46. However, she testified in her deposition that she was planning on moving prior to the discovery of Chinese drywall, (Exhibit Martinez B: Deposition of Karina Martinez, July 12, 2019 at 45:9-17).

47. When Ms. Martinez was asked, "[a]nd again, to clarify, you were planning on moving prior to the discovery of Chinese drywall; is that correct?" she responded "[y]es." (*Id.* at 45:14-17).

48. She further clarified that she decided to sell the property "[b]ecause [she] was with [her] fiancé. [They] were going to sell it and buy a bigger house. [They] have four dogs. So [they] couldn't keep them in the townhouse." (*Id.* at 25:18-21).

49. Ball/Gravel allege $50,000 in alternative living expenses due to Chinese drywall at 2464 Silver Palm Road, North Port, FL 34288. (Exhibit Ball/Gravel A: PFS).

50. However, they had moved out of the property in 2016 and did not discover the presence of Chinese drywall until about March 2017. (Exhibit Ball/Gravel B: Deposition of Edward Ball July 9, 2019 at 21:17-22:25, 58:3-12).

51. Additionally, Mr. Ball confirmed that he was not alleging alternative living expenses twice in his deposition. (*Id.* at 48:1-13, 56:18-57:2).

52. When asked "[s]o you are not claiming any alternative living expense as damages?" he answered "[n]o." (*Id.* at 48:11-13).

53. He later stated, "I guess we can strike that item" when asked "[s]o can you clarify for me whether you are or you are not [claiming moving expenses]?" (*Id.* at 56:25-57:2).

Respectfully submitted

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
PAUL C. THIBODEAUX (#29446)
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46TH Floor
New Orleans, LA  70170
Telephone: (504) 556-5549
Facsimile: (504) 310-0275
Email: kmiller@fishmanhaygood.com
Email: pthibodeaux@fishmanhaygood.com
Email: ddysart@fishmanhaygood.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served via electronic mail on all counsel of record this 1st day of April, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**