# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: | **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**<br><br>**SECTION "L"** |
| **This document relates to:** | | |
| ***Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*** | | **JUDGE ELDON FALLON** |
| **Case No. 14:cv-2722** | | **MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR SUMMARY JUDGMENT OF CLAIMS ASSERTED BY ROBERT AMUSO AND STEPHANE AMUSO; HOAN BAO AND HANH BICH THI TRAN; ELIZABETH BENNETT; JENNIFER BRADY AND WILLIAM BRADY; DAMIAN CASON AND LESLIE MARIE CASON; BECKY CHEDESTER AND MICHAEL CHEDESTER; KATIE HALLMARK AND JASON HALLMARK; IKE IJEMERE AND NANCY IJEMERE; JOSHUA KELLEY AND ERNEST HAMILTON; BOOKER LEE AND TERRI LEE; NIC CORNELISON AND R&S PROPERTIES, LLC; DAVID REYNOLDS AND DAHNELLE REYNOLDS; CARL RUSSELL AND LYNN RUSSELL; JASON SCOTT; AND <u>RONALD STANFA AND PATRICIA STANFA</u>**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Partial Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Robert Amuso and Stephane Amuso; Hoan Bao and Hanh Bich Thi Tran; Elizabeth Bennett; Jennifer Brady and William Brady; Damian Cason and Leslie Marie Cason; Becky Chedester and Michael Chedester; Katie Hallmark and Jason Hallmark; Ike Ijemere and Nancy Ijemere; Joshua Kelley and Ernest Hamilton; Booker Lee and Terri Lee; Nic

Cornelison and R&S Properties, LLC; David Reynolds and Dahnelle Reynolds; Carl Russell and

Lynn Russell; Jason Scott; and Ronald Stanfa and Patricia Stanfa (collectively, "Plaintiffs")

against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

## I.    Factual and Procedural Background

### A.    *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding

efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of

construction materials, including drywall. As a result, drywall manufactured in China was brought

into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners

began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces,

and objects, and the breaking down of appliances and electrical devices in their homes. *See In re*

*Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012),

*aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various

physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against

homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors,

and manufacturers who were involved with the Chinese drywall. Because of the commonality of

facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a

Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June

15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings

in MDL 09-2047 before this Court.  On June 16, 2009, this Court entered PTO 1 regarding

preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B)

regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B. *The Bennett Complaint and the Plaintiffs.*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter. In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Plaintiffs each completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury.

### 1. Robert and Stephanie Amuso[2]

Robert Amuso and Stephane Amuso are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.
[2] The Knauf Defendants will be filing a separate Motion for Summary Judgment asserting that the claims of Roberty Amuso should be dismissed because he never had an interest in the Amuso Property.

of defective Chinese drywall installed in the property located at 9461 Ambrose Lane, Kimberly, AL (the "Amuso Property").[3] The Amusos allege that Chinese drywall was installed in the Amuso Property in 2006,[4] prior to the date the Amusos allege they subsequently purchased the Amuso Property on May 8, 2019.[5]

### 2. Hoan Bao and Hanh Bich Thi Tran

Hoan Bao and Hanh Bich Thi Tran are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1008 Washington Court, Moody, AL (the "Bao-Tran Property").[6] Hoan Bao and Hanh Bich Thi Tran allege that Chinese drywall was installed in the Bao-Tran Property in 2006,[7] prior to the date Hoan Bao and Hanh Bich Thi Tran subsequently purchased the Bao-Tran Property on November 5, 2014.[8]

### 3. Elizabeth Bennett

Elizabeth Bennett is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 102 Morningwalk Lane, Huntsville, AL (the "Bennett Property").[9] Bennett alleges that Chinese drywall was installed in the Bennett Property in 2006,[10] and Bennett subsequently purchased the Bennett Property on December 20, 2006.[11]

---

[3] See Exhibit Amuso A: SPPF.
[4] *Id.*, Amuso SPPF at 2.
[5] See Exhibit Amuso B: Deed.
[6] See Exhibit Bao-Tran A: SPPF.
[7] *Id.*, Bao-Tran SPPF at 2.
[8] See Exhibit Bao-Tran B: Deed.
[9] See Exhibit Bennett A: SPPF.
[10] *Id.*, Bennett SPPF at 2.
[11] See Exhibit Bennett B: Deed.

### 4. Jennifer and William Brady

Jennifer Brady and William Brady are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 2089 Knollwood Place, Birmingham, AL (the "Brady Property").[12] The Bradys allege that Chinese drywall was installed in the Brady Property on January 1, 2006,[13] prior to the date the Bradys subsequently purchased the Brady Property on February 21, 2006.[14]

### 5. Damian and Leslie Marie Cason

Damian Cason and Leslie Marie Cason are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 124 Arbor Hill Lane, Huntsville, AL (the "Cason Property").[15] The Casons allege that Chinese drywall was installed in the Cason Property in 2006,[16] prior to the date the Casons subsequently purchased the Cason Property on January 29, 2010.[17]

### 6. Becky and Michael Chedester

Becky Chedester and Michael Chedester are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 10955 Brighton Drive, Chunchula, AL (the "Chedester Property").[18] The Chedesters allege that Chinese drywall was

---

[12] See Exhibit Brady A: SPPF.
[13] *Id.*, Brady SPPF at 2.
[14] See Exhibit Brady B: Deed.
[15] See Exhibit Cason A: SPPF.
[16] *Id.*, Cason SPPF at 2.
[17] See Exhibit Cason B: Deed.
[18] See Exhibit Chedester A: SPPF.

installed in the Chedester Property in 2006,[19] prior to the date the Chedesters subsequently purchased the Chedester Property on August 3, 2017.[20]

### 7. Katie and Jason Hallmark

Katie Hallmark and Jason Hallmark are plaintiffs listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 775 Ridgefield Way, Odenville, AL (the "Hallmark Property").[21] The Hallmarks allege that Chinese drywall was installed in the Hallmark Property in 2006,[22] prior to the date the Hallmarks subsequently purchased the Hallmark Property on February 23, 2009.[23]

### 8. Ike and Nancy Ijemere

Ike Ijemere and Nancy Ijemere are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 7012 Eagle Point Trial, Birmingham, AL (the "Ijemere Property").[24] The Ijemeres allege that Chinese drywall was installed in the Ijemere Property March 1, 2006,[25] prior to the date the Ijemeres subsequently purchased the Ijemere Property on June 28, 2006.[26]

---

[19] *Id.*, Chedester SPPF at 2.
[20] See Exhibit Chedester B: Deed.
[21] See Exhibit Hallmark A: SPPF.
[22] *Id.*, Hallmark SPPF at 2.
[23] See Exhibit Hallmark B: Deed.
[24] See Exhibit Ijemere A: SPPF.
[25] *Id.*, Ijemere SPPF at 2.
[26] See Exhibit Ijemere B: Deed.

### 9. Joshua Kelley and Ernest Hamilton[27]

Joshua Kelley and Ernest Hamilton are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 160 Blairs Circle, Pell City, AL (the "Kelley-Hamilton Property").[28] Kelley and Hamilton allege that Chinese drywall was installed in the Kelley-Hamilton Property in 2006,[29] prior to the date Kelley-Hamilton subsequently purchased the Kelley-Hamilton Property on August 2, 2012.[30]

### 10. Booker and Terri Lee

Booker Lee and Terri Lee are plaintiffs listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 3258 Clubhouse Road, Mobile, AL (the "Lee Property").[31] The Lees allege that Chinese drywall was installed in the Lee Property in 2007,[32] prior to the date the Lees subsequently purchased the Lee Property on July 23, 2007.[33]

### 11. Nic Cornelison and R&S Properties, LLC[34]

Nic Cornelison and R&S Properties, LLC are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 9810 Bay Road North, Foley, AL (the "Cornelison-R&S Property").[35] Nic Cornelison and R&S Properties, LLC allege

---

[27] These claims are the subject of a separate pending Motion for Summary Judgment. R. Doc. 22523, 22577, 22615, 22647.
[28] See Exhibit Kelley-Hamilton A: PFS.
[29] *Id.*, Kelley-Hamilton PFS at 3.
[30] See Exhibit Kelley-Hamilton B: Deed.
[31] See Exhibit Lee A: SPPF.
[32] *Id.*, Lee SPPF at 2.
[33] See Exhibit Lee B: Deed.
[34] These claims are the subject of a separate pending Motion for Summary Judgment. R. Doc. 22644.
[35] See Exhibit Cornelison-R&S A: SPPF.

that Chinese drywall was installed in the Cornelison-R&S Property in 2006,[36] prior to the date Nic Cornelison and R&S Properties, LLC subsequently purchased the Cornelison-R&S Property on August 24, 2009.[37]

### 12. David and Dahnelle Reynolds

David Reynolds and Dahnelle Reynolds are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 101 Spotted Fawn Road, Madison, AL (the "Reynolds Property").[38] The Reynolds allege that Chinese drywall was installed in the Reynolds Property in 2006,[39] prior to the date the Reynolds subsequently purchased the Reynolds Property on February 21, 2011.[40]

### 13. Carl and Lynn Russell[41]

Carl Russell and Lynn Russell are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 5427 Creekside Lane, Hoover, AL (the "Russell Property").[42] The Russells allege that Chinese drywall was installed in the Russell Property in 2006,[43] and the Russells purchased the Russell Property on January 23, 2006.[44]

---

[36] *Id.*, Cornelison-R&S SPPF at 2.
[37] See Exhibit Cornelison-R&S B: Deed.
[38] See Exhibit Reynolds A: SPPF.
[39] *Id.*, Reynolds SPPF at 2.
[40] See Exhibit Reynolds B: Deed.
[41] These claims are the subject of a separate pending Motion for Summary Judgment. R. Doc. 22613.
[42] See Exhibit Russell A: SPPF.
[43] *Id.*, Russell PFS at 3.
[44] See Exhibit Russell B: Deed.

### 14. Jason Scott

Jason Scott is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 149 Silo Hill Road, Madison, AL (the "Scott Property").[45] Scott alleges that Chinese drywall was installed in the Scott Property in 2006,[46] prior to the date Scott subsequently purchased the Scott Property on November 20, 2009.[47]

### 15. Ronald and Patricia Stanfa[48]

Ronald Stanfa and Patricia Stanfa are listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 180 Sheffield Lane, Birmingham, AL (the "Stanfa Property").[49] The Stanfas allege that Chinese drywall was installed in the Stanfa Property in 2006,[50] prior to the date the Stanfas subsequently purchased the Stanfa Property on September 20, 2006.[51]

## II.  Law & Argument

### A.  Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[45] See Exhibit Scott A: SPPF.
[46] *Id.*, Scott SPPF at 2.
[47] See Exhibit Scott B: Deed.
[48] These claims are the subject of a separate pending Motion for Summary Judgment. R. Doc. 22613.
[49] See Exhibit Stanfa A: SPPF.
[50] *Id.*, Stanfa SPPF at 2.
[51] See Exhibit Stanfa B: Deed.

matter of law."[52]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[53]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[54]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[55]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[56]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[57]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[58]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[59]

---

[52] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[53] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[54] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[55] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[56] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[57] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[58] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[59] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary

**B.** *Plaintiffs' Claims are Barred.*

Alabama law provides that a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without an assignment of that cause of action.

In *Keck v. Dryvit Systems, Inc.*, 830 So. 2d 1 (Ala. 2002), the Alabama Supreme Court upheld the trial court's dismissal of a subsequent purchaser's negligence claims arising out of the installation of defective building materials prior to the claimant's purchase of the home, holding: "The lack of privity between the Kecks and the Dryvit defendants forecloses such claims because the Kecks are not the initial purchasers of the house." *Keck v. Dryvit Sys., Inc.*, 830 So.2d 1, 9 (Ala.2002). Similarly, in *Boackle v. Bedwell Const. Co., Inc.*, 770 So.2d 1076, 1081 (Ala.2000) the court found that the plaintiffs' negligence claims relating to the defendants' original construction of the home were barred because of the lack of privity between the plaintiffs and the defendants, summarizing the applicable law:

> The law so evolved in this Court's decisions in *Wells v. Clowers Constr. Co.*, 476 So.2d 105 (Ala.1985), and in *Wooldridge v. Rowe*, 477 So.2d 296 (Ala.1985), the plaintiffs sued the builder of their home for property damage resulting from a fire caused by a negligently constructed fireplace. Affirming the dismissal of the plaintiffs' claims, this Court reasoned that, because the plaintiffs were not in privity of contract with the builder, the doctrine of caveat emptor barred their recovery. 477 So.2d at 298. In Wells, an insurance company as subrogee and a homeowner (not the original purchaser) sued a construction company for property damage resulting from a fire caused by another negligently constructed fireplace. This Court, noting that this precise issue had been addressed in Wooldridge, applied the doctrine of caveat emptor and affirmed summary judgment for the builder. 476 So.2d at 106.

In *Copenhagen Reinsurance Co. v. Champion Home Builders Co., Inc.*, 872 So.2d 848, 855 (Ala. Civ. App.2003), the court upheld the trials court's grant of summary judgment dismissing the

---

judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

plaintiff's negligence and wantonness claims for property damage to a home because the plaintiff was not the original purchaser of the home.

As outlined above and condensed in the attached chart,[60] the Plaintiffs above each purchased their respective Property after the alleged defective drywall was installed in the Property. In Plaintiffs' respective deeds, Plaintiffs were not assigned or subrogated to any of the prior owners' rights, and no evidence of an assignment or subrogation has been presented.[61] Therefore, Plaintiffs' claims are barred.

Further, this Court should maintain consistency with its prior rulings. Mississippi law is virtually identical to Louisiana's subsequent purchaser doctrine,[62] which this Court applied to dismiss the claims of Toni Macksey, Ronald and Maria Natal, and Bank of Louisiana.[63] Under the law of the case doctrine, courts show deference to decisions already made in the case they are presiding over. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012). The law of the case doctrine developed to maintain consistency and avoid needless reconsideration of matters previously decided during the course of continuing litigation. *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 880 (5th Cir. 1993) (internal quotes and citation omitted); *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1423 (5th Cir. 1995) (once court of competent jurisdiction decides rule of law, that decision governs the same issues in subsequent stages of the same case); *North Mississippi Communications, Inc. v. Jones*,

---

[60] See Exhibit C.
[61] See Warranty Deeds.
[62] *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 2010-2267 (La. 10/25/11), 79 So.3d 246, 256-57 (La. 2011). ("an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of rights belonging to the owner of the property when the damage was inflicted.")
[63] R. Doc. 22615 at 22-24.

951 F.2d 652, 656 (5th Cir. 1992) (prior decision followed without re-examination unless evidence substantially different). Here, under this Court's prior ruling, applying virtually identical law to substantially the same facts, there can be no genuine issue of fact such that Plaintiffs claims are barred.

As with Toni Macksey, Ronald and Maria Natal, and Bank of Louisiana, the Plaintiffs' claims here are barred because they each purchased their respective Property after the alleged defective drywall was installed and there is no evidence they were assigned or subrogated to any of the prior owners' rights.

## III.    CONCLUSION

For these reasons, this Court should grant summary judgment, dismissing the claims of Robert Amuso and Stephane Amuso; Hoan Bao and Hanh Bich Thi Tran; Elizabeth Bennett; Jennifer Brady and William Brady; Damian Cason and Leslie Marie Cason; Becky Chedester and Michael Chedester; Katie Hallmark and Jason Hallmark; Ike Ijemere and Nancy Ijemere; Joshua Kelley and Ernest Hamilton; Booker Lee and Terri Lee; Nic Cornelison and R&S Properties, LLC; David Reynolds and Dahnelle Reynolds; Carl Russell and Lynn Russell; Jason Scott; and Ronald Stanfa and Patricia Stanfa with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:          kmiller@fishmanhaygood.com
***Counsel for Defendant,***
***The Knauf Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 1st day of April, 2020.

/s/ *Kerry J. Miller*

**KERRY J. MILLER**