# Exhibit "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **EDUARDO AND CARMEN AMORIN,** *et al.***, individually, and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | **Case No. 1:11-CV-22408-MGC** |
| **v.** | |
| **TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.,** *et al.***,** | |
| **Defendants.** | |

**OPPOSITION TO AMENDED MOTION FOR AN AWARD OF COMMON BENEFIT COSTS AND/OR FEES OUT OF THE PROCEEDS OF THE FLORIDA INDIVIDUAL SETTLEMENTS (ECF No. 384)**

**Introduction and Summary of Argument**

Class Counsel ask the Court to rely on Judge Fallon's fee award under the Taishan Global Settlement ("Order and Reasons") (MDL Rec. Doc. 22460) as a basis for this Court's ruling on the Motion for an Award of Common Benefit Costs and/or Fees Out of the Proceeds of the Florida Individual Settlements ("Fee Motion") (ECF No. 384). The Fee Motion must be denied for two clear reasons. Alternatively, if considered, the Order and Reasons supports rejection of the Fee Motion in its entirety or a substantially smaller award than requested by Class Counsel.

First, all issues relating to common benefit costs and/or fees arising out of the Florida Individual Settlement were transferred to this Court under an agreement that <u>barred</u> the Settling

1

Firms (also referred to as "Individual Counsel")[1] from participating in the Taishan Global Settlement proceedings. *See* Agreement Regarding Pre-Trial Order No. 32 and Related Issues ("Transfer Agreement"), attached hereto as Exhibit "A".[2] Basic due process forbids the use of judicial findings against a party denied the right to be heard. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

Second, Judge Fallon's seventy-one-page Order and Reasons provides no analysis whatsoever of the fee issues here and therefore cannot satisfy the Eleventh Circuit's "specificity" requirement for fee awards. *In Re Home Depot*, *Inc. Customer Security Breach Litigation*, 931 F.3d 1065, 1089 (11th Cir. 2019).

Third, far from supporting a request for higher fees, Judge Fallon's ruling actually defeats Class Counsel's request for *any* fees from the individual settlements by closing the chapter on Chinese Drywall common benefit fees. All told, Class Counsel have secured common benefit fees totaling **$226,075,738** for work pursuing Knauf and Taishan, *which includes all common benefit work in this Court following remand*. This is surely a reasonable fee, as Judge Fallon expressly found in making both awards. Equity provides no basis for this Court to award supplemental fees, particularly where there is no common fund recovery, no contractual or statutory right to fees by Class Counsel, and a clear forfeiture under Florida law.[3]

---

[1] These firms include: (i) Parker Waichman LLP, (ii) Milstein Jackson Fairchild & Wade LLP; (iii), Whitfield Bryson & Mason LLP; (iv) Mrachek Fitzgerald Rose Konopka Thomas & Weiss PA; (v) Roberts and Durkee PA; and (vi) Levin Papantonio Thomas Mitchell Rafferty Proctor PA. Parker Waichman is acting as lead counsel for Settling Firms, as explained in Individual Counsel's Sur Reply Memorandum (ECF No. 346-1).

[2] Also submitted as Exhibit G of Class Counsel's Fee Motion. ECF No. 320.

[3] The lack of authority for common benefit fees in this instance is fully briefed in Settling Firm's Memorandum in Opposition to Class Counsel's Motion For An Award of Common Benefit Costs And/Or Fees Out Of The Proceeds Of The Florida Individual Settlement (ECF No. 337-1) and Sur Reply Memorandum (ECF No. 346-1).

Finally, at most, Judge Fallon's ruling sets a ceiling of 11.4% of the gross recovery for common benefit fees and 1.18% for costs, which should not be reached in this instance. Class Counsel's selective use of Judge Fallon's 60-40% fee split disregards that fees were <u>capped</u> at 19% and that Class Counsel's request for a 3% cost award (same as here) was denied. At bottom, Class Counsel seeks a supplemental award of fees and costs for time and expenses *already paid*, and at a <u>higher</u> rate than awarded by Judge Fallon. This blatant overreach should be rejected. If an award of common benefit fees and costs must be made – which is denied – it should not exceed 5% of the recovery for fees and 1% for costs.

## Argument

### A. Judge Fallon's Rulings

Class Counsel's selective use of Judge Fallon's fee rulings is misleading. The hard findings are as follows:

1. Under the Knauf Settlement, Judge Fallon awarded $197,803,738.17 in common benefit fees for all work pursuing both Knauf and Taishan prior to January 1, 2014. *In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 09-2047, 2018 WL 2095729 (E.D. La. May 7, 2018). *See* Order and Reasons at 15 n.6. Those fees were divided 52% to common benefit counsel and 48% to contract counsel, which rendered a common benefit award equal to **<u>9.81%</u>** of the recovery. Id. at 66-67.

2. Under the Taishan Global Settlement, Class Counsel requested "an award of 30% of the aggregate amount of the Settlement for attorney fees (total, for contract counsel and common benefit counsel) and 3% for costs, totaling $74,400,000 in fees and approximately $7,074,830.15 in costs." Order and Reasons at 52. <u>However</u>, Judge Fallon capped attorney fees at "19% of the Settlement Fund, or $47,120,000" (*Id*. at 66) and awarded "$2,836,242.88" for costs, equivalent to 1.18% of the recovery.

3. Judge Fallon then divided the Taishan Global Fee award 60% ($28,272,000) to common benefit counsel and 40% ($18,848,000) to contract counsel, while expressly

pointing out that "a common benefit fee of $28,272,000 is roughly **11.4%** of the total settlement amount recovered" and that "[t]his percentage (11.4%) is consistent with the common benefit fee awarded in cases producing similar recoveries, as explained in Eisenberg and Miller's study, and greater than the percentage of the fee allocated to common benefit counsel in the Knauf aspect of this litigation. *See* R. Doc. 21168 at 20 (awarding 9.181% of the total settlement amount recovered to common benefit counsel)." Order and Reasons at 67.

> *(By comparison, Class Counsel is requesting **19.8 to 24%** of the recovery under the Florida Individual Settlement (60% of standard contingency contracts [30-40%]))*

4. Judge Fallon's Taishan award covers "109,236.22 hours of [common benefit] work in this litigation between January 1, 2014 and August 31, 2019" (Order and Reasons at 66), which includes all time on remand.   According to Judge Fallon, "[a] common benefit fee of $28,272,000 is reasonable . . . [and] results in an hourly fee of approximately $258.82." *Id.* 67.

> *(Class Counsel are requesting fees from the individual settlements for this very same work.)*[4]

## B. Due Process Prohibits the Use of the Order and Reasons Against Individual Counsel in This Proceeding

1. Recap of Procedural History

On May 15, 2018, the MDL Court issued Pretrial Order No. 32 ("PTO 32") directed to future settlements on remand, prohibiting "any distribution of funds resulting from cases that have

---

[4] *See* Fee Allocation Committee's Analysis of Fee Applicants and Recommended Allocation of Common Benefit Fees and Cost Reimbursement filed in the MDL.  MDL Rec. Doc. 22648.

been remanded" until further order of the MDL Court following conferral with the Transferor Court regarding common benefit fees and costs. MDL Rec. Doc. 21328.[5]

On March 7, 2019, Individual Counsel filed a Motion to Lift PTO 32 to allow completion of the Florida Individual Settlement. MDL Rec. Doc. 22126, 22126-4. The motion was denied as premature on March 20, 2019. MDL Rec. Doc. 22174.

On March 19, 2019, this Court stayed the Florida Individual Settlement (ECF No. 196) at Class Counsel's urging. *See* ECF No. 192. The stay was lifted on June 6, 2019. ECF No. 313.

After announcement of the pending Taishan Global Settlement, Individual Counsel informed Class Counsel of their intention to re-request that Judge Fallon lift PTO 32 to allow the Florida Individual Settlement to proceed. To avoid potential disruption to the approval process for the Taishan Global Settlement, Individual Counsel and Class Counsel entered into the Transfer Agreement, Exhibit A.

On July 1, 2019, Individual Counsel filed an Unopposed Motion to Lift PTO 32 (MDL Rec. Doc. 22283), and Judge Fallon issued an Order transferring to this Court "any claim for an award of common benefit fees and costs from the Florida Individual Settlement, as well as any related claim," except as to allocation of such an award, if any, "as between and among common benefit counsel." MDL R. Doc. 22289. Exhibit "B."

2. The Transfer Agreement

The Transfer Agreement between Class Counsel and Individual Counsel was negotiated as a prerequisite to the Unopposed Motion to Lift PTO 32, as explained in the document. *See* Exhibit A. As a central feature, the agreement includes a waiver by Individual Counsel of the right to

---

[5] Parker Waichman, LLP objected to the Court's retention of jurisdiction over common benefit fee and cost issues. *See* Motion to Vacate Conditional Remand Order – 482. USJP Doc. No. 504, 504-1. The objection was deemed premature. *See* Remand Order. USJP Doc. No. 524.

object to Class Counsel's cost and fee motion before Judge Fallon[6] in exchange for the right to request an offset against Class Counsel's cost and fee motion *in this Court* based on the value of Individual Counsel's work leading to the Taishan Global Settlement.[7] In other words, the Transfer Agreement required that Individual Counsel not appear in the Global Settlement proceeding.

Honoring its obligation, Individual Counsel filed no objection to the cost and/or fee motion before Judge Fallon and requested no common benefit fees, waiting instead to address those issue in this Court as required by the Transfer Agreement.

3. Use of the Order and Reasons will Deny Individual Counsel the Opportunity to be Heard

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), *quoting Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). "Due process, in its most basic form, still requires notice and an opportunity be heard." *Securities and Exchange Comm'n v. Torchia*, 922 F.3d 1307, 1316 (11th Cir. 2019) (holding that summary proceeding denied investors notice and opportunity to be heard).

The Transfer Agreement – negotiated and entered by both parties - prohibited Individual Counsel from appearing in the proceeding before Judge Fallon. Both sides received valuable

---

[6] Paragraph 4 provides: "Settling Attorneys agree to forever waive, discharge, release and forego **any and all objections to** Class Counsel's petition and/or request for Common Benefit Costs and/or Fees out of **the Global Class Settlement funds, as well as any and all rights to and/or claim for any Common Benefit Costs and/or Fees out of the Global Class Settlement funds**." Exhibit A at 2 (emphasis added).

[7] Paragraph 6 provides that "[i]f the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cook. In response, Settling Attorneys **shall have the right** to oppose Class Counsel's and **to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in** the Florida Individual Settlement and/or members of **the Global Settlement** as a factor for Judge Cook to weigh in making such determination." Exhibit A at 3 (emphasis added).

consideration for this agreement: Class Counsel avoided opposition before Judge Fallon, and Individual Counsel moved all fee and cost issues involving the Florida Individual Settlement to this Court and away from the Global Settlement issues. It would be an undeniable deprivation of due process to now use Judge Fallon's findings (influenced by Class Counsel's appearance and advocacy in that proceeding) against Individual Counsel.[8]

### C. Judge Fallon's Ruling Provides No Record to Decide the Specific Issues Raised in This Court

"A district court's order on attorney fees must allow meaningful review – the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *In Re Home Depot*, *Inc. Customer Security Breach Litigation*, 931 F.3d 1065, 1089 (11th Cir. 2019). "The level of specificity required by district courts is proportional to the specificity of the fee opponents' objections." *Id*. "Where specific objections are made a court's order should consist of more than conclusory statements. … The more specific the objections to a fee application are, the more specific the findings and reasons for rejecting those objections can be." *Id. quoting American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428-29 (11th Cir. 1999).

Individual Counsel has made numerous specific legal and factual objections to the Fee Motion in this Court, including Class Counsel's forfeiture of fees under Florida law, the doctrine of unclean hands, a lack of unjust enrichment to support an award in equity, and a challenge to the reasonableness of the requested fee. *See* ECF No. 337 and 346. None of these issues were challenged in connection with the Taishan Global Settlement, and there are no findings on these

---

[8] Judge Fallon's avoidance of the fee issues before this Court reflects his understanding of the terms of Transfer Agreement.

issues in the Order and Reasons. Furthermore, Individual Counsel has requested limited discovery, whereas there was no request for discovery on the fee and cost issues before Judge Fallon.

## D. Alternatively, Judge Fallon's Ruling Fully Satisfies Equity by Assuring Class Counsel a Reasonable Fee

First and foremost, it cannot be gainsaid that Class Counsel are asking this Court to compensate common benefit counsel for the same time and work product compensated by Judge Fallon.[9] This request is based solely on equity, as they have no statutory or contractual right to demand a portion of contractual fees paid to Individual Counsel by their individual clients. For reasons explained in Individual Counsel's initial opposition (ECF No. 337), the common benefit doctrine – a purely equitable doctrine[10] - does not apply in this instance, primarily because there is no common fund recovery.[11]

Nevertheless, even if equity somehow applies, it exists only to avoid unjust enrichment. Here, there is no unjust enrichment because everyone has received, or will receive, exactly what they were entitled to: Individual Counsel received contractual fees for a settlement that they

---

[9] Compare the description of time and labor described in Class Counsel's fee motion with this Court (ECF No. 320) with the time and labor described by Judge Fallon in the Order and Reasons and with the submission by the Fee Allocation Committee recommending how to divide common benefit fees awarded by Judge Fallon. Fee Allocation Committee's Analysis of Fee Applicants and Recommended Allocation of Common Benefit Fees and Cost Reimbursement filed in the MDL. MDL Rec. Doc. 22648.
.

[10] "[T]he 'common benefit' theory is premised on a court's equity power." *United Steelworkers of America, AFL-CIO-CLC v. Sadlowski*, 435 U.S. 977, 979 (1978). *See Reuderman ex rel. Schwartz v. Washington Nat. Ins. Co.*, No. 08-23401, 2001 WL 915721, *6 (S.D. Fla. 2011) (Cohn, J.) ("Class counsel's entitlement to a percentage of the common fund derives from the equitable power of the courts under the doctrines of *quantum meruit*, unjust enrichment and the 'common benefit' doctrine.").

[11] *See In Re Home Depot, Inc. Customer Security Breach Litigation*, 931 F.3d 1065, 1089 (11th Cir. 2019) ("A common benefit case is when 'a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *quoting Boeing Co. v. Van Gemert*, 44 U.S. 472, 478 (1980)).

negotiated for their individual clients, while Class Counsel will receive a common benefit fee of roughly $258.82 per hour, according to Judge Fallon. Order and Reasons at 67. While $258 may be lower than standard rates for work on the Global Settlement, it is more than reasonable for work in connection with the Florida Individual Settlement, which Class Counsel avoided, rejected and opposed, while negotiating a global settlement to the exclusion of these individuals. "Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client." *In Re Home Depot*, 931 F.3d at 1087. It is highly unlikely that any of the 498 individual clients excluded from the Taishan Global Settlement would support paying fees to Class Counsel at any rate, let alone above $258 per hour.

### E. Alternatively, Judge Fallon's Ruling Sets the Bar Far Lower Than Requested by Class Counsel

If anything, Judge Fallon's ruling establishes a <u>ceiling</u> on common benefit fees equal to 11.4% of the gross recovery and 1.18% of gross recovery for costs, which should not be reached in this instance. Order and Reasons at 66-67. The 60-40 split on fees (which were capped at 19% of recovery) was based on careful consideration of the extent and quality of work performed by common benefit counsel to produce the Taishan Global Settlement and, by comparison, the "mostly administrative" work performed by contract counsel that "can be done—and usually is done—by non-lawyers working under the supervision and direction of lawyers." Id. at 67-68.

The time-consuming, substantive work performed by Individual Counsel to achieve the Florida Individual Settlement against the efforts of Class Counsel was far greater and more valuable than the "mostly administrative" work of contract counsel toward the Taishan Global Settlement.[12] Thus, the percentage assigned to Individual Counsel should be substantially higher

---

[12] See Declaration of Jimmy R. Faircloth, Jr., (ECF No. 337-2) and Supplemental Declaration of Jimmy R. Faircloth, Jr. (ECF No. 346-2).

here.  Further, Class Counsel's opposition to the Florida Individual Settlement, their exclusion of the 498 individual claimants from the Taishan Global Settlement, and their payment of common benefit fees by Judge Fallon should heavily mitigate against common benefit fees in connection with the Florida Individual Settlement.  Also, as contemplated in the Transfer Agreement, this Court should give weight to the value that Individual Counsel added to the Taishan Global Settlement, as the negotiations and methodology leading to the Florida Individual Settlement provided the platform for the Global Settlement.

If common benefit fees are awarded in this instance, which is denied, circumstances dictate no greater than 5% of the recovery, with costs equal to 1% of the recovery.  A higher award would be inequitable.

## F.  Discovery and Hearing

Individual Counsel respectfully re-urge their request for limited discovery on the issue of the reasonableness of the requested award and for a hearing.

Respectfully submitted,

*/s/ Francisco A. Albites*
Jay P. Dinan
FL Bar No.: 876593
Email:  jdinan@yourlawyer.com
Francisco A. Albites
FL Bar No.: 78046
Email: falbites@yourlawyer.com
Parker Waichman LLP
27300 Riverview Center Boulevard, Suite 103
Bonita Springs, Florida 34134
Office: 239.390.1000
Fax: 239.390.0055

/s/ *Mark Milstein*
Mark Milstein
Email: mmilstein@mjfwlaw.com
Milstein, Jackson, Fairchild & Wade, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA 90067
Office: 310.396.9600
Fax: 310.396.9635

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Opposition to Class

Counsel's Amended Motion for an Award of Common Benefit Costs and/or Fees out of the

Proceeds of the Florida Individual Settlement (ECF. No. 384) was served on March 24, 2020, by

electronically filing the foregoing with the Clerk of Court using the CM/ECF system, which

automatically served all parties authorized to receive service via CM/ECF.

_____*/s/ Francisco A. Albites*_____
OF COUNSEL

# Exhibit A

**AGREEMENT REGARDING PRE-TRIAL ORDER NO. 32 AND RELATED ISSUES**

The following Agreement is entered on this 25th day of June, 2019, by Class Counsel,[1] on behalf of Common Benefit Attorneys who have submitted time and/or expenses in MDL 2047 pursuant to Pre-Trial Order No. 9, on the one hand, and Settling Attorneys,[2] on the other:

**WHEREAS,** on or about March 4, 2019, the Settling Attorneys entered into a settlement agreement with Taishan and related entities that provides 498 plaintiffs with claims arising out of defective drywall manufactured in China ("the *Chinese Drywall* Litigation") the opportunity to settle their individual claims ("**Florida Individual Settlement**");[3]

**WHEREAS,** on or about May 23, 2019, Class Counsel entered into a proposed class settlement on behalf of all other plaintiffs in the *Chinese Drywall* Litigation ("the **Global Class Settlement**");

**WHEREAS** Pre-Trial Order No. 32 issued by Judge Fallon in the *Chinese Drywall* Multi-District Litigation, MDL No. 2047 prohibits the immediate distribution of funds from the Florida Individual Settlement;

**WHEREAS** the Settling Attorneys dispute the jurisdiction of the Court with regard to Pre-Trial Order No. 32;

**WHEREAS** Class Counsel and Settling Attorneys dispute the amount of Common Benefit Costs and/or Fees (if any)[4] that should be awarded to Class Counsel and/or other Common Benefit Attorneys out of the Florida Individual Settlement funds;

---

[1] "**Class Counsel**" shall be defined, for the purposes of this Agreement, as **(i)** Levin Sedran & Berman, **(ii)** Herman Herman & Katz, LLC **(iii)** Colson Hicks Eidson, **(iv)** Law Offices of Richard J. Serpe, PC, **(v)** Gainsburgh Benjamin David Meunier & Washauer, LLC, and **(vi)** Barrios Kingsdorf & Casteix LLP.

[2] "**Settling Attorneys**" shall be defined, for the purposes of this Agreement, to include: **(i)** Faircloth Melton Sobel & Bash, LLC, **(ii)** Parker Waichman PR LLC, **(iii)** Milstein Jackson Fairchild & Wade LLC, **(iv)** Whitfield Bryson & Mason LLP, **(v)** Mrachek Fitzgerald Rose Konopka Thomas & Weiss, PA, **(vi)** Roberts & Durkee, PA, and **(vii)** Levin Papantonio Thomas Mitchell Rafferty Proctor PA.

[3] The Florida Individual Settlement does not, standing alone, settle or resolve any of the 498 eligible claims. Rather, it provides each eligible claimant the right to accept or reject certain terms for settlement of their claim.

[4] Settling Attorneys specifically contend that Common Benefit Costs and/or Fees should not be awarded from the Florida Individual Settlement. Class Counsel disagree.

**WHEREAS** Class Counsel and Settling Attorneys dispute the amount of Common Benefit Costs and/or Fees (if any)[5] that should be awarded to one or more of the Settling Attorneys out of either the Florida Individual Settlement funds and/or the Global Class Settlement funds; and

**WHEREAS** Class Counsel and Settling Attorneys enter this Agreement to facilitate resolution of their differences in a manner that will advance an expedient, orderly and equitable resolution of all related proceedings;

**NOW, THEREFORE,** the parties stipulate and agree as follows:

1. Settling Attorneys and Taishan will file a Motion to Lift Pre-Trial Order No. 32 ("Motion to Lift") with respect to the 498 eligible plaintiffs identified in the Florida Individual Settlement.

2. Class Counsel will not oppose the Motion to Lift.

3. The Motion to Lift will request an order recognizing that Judge Cooke has jurisdiction over a request by Class Counsel for an award of Common Benefit Costs and/or Fees out of the Florida Individual Settlement funds,[6] but that Judge Fallon retains jurisdiction to allocate any such award between and among the individual Common Benefit Attorneys who have submitted time and/or expenses in accordance with Pre-Trial Order No. 9 in MDL No. 2047.[7]

4. Settling Attorneys agree to forever waive, discharge, release and forego any and all objections to Class Counsel's petition and/or request for Common Benefit Costs and/or Fees out of the Global Class Settlement funds, as well as any and all right to and/or claim for any Common Benefit Costs and/or Fees out of the Global Class Settlement funds.

5. Settling Attorneys acknowledge that Class Counsel may assert a claim for Common Benefit Cost and/or Fees resulting from the Florida Individual Settlement in an amount up to twenty percent (20%) of the gross claimant recovery.[8]

---

[5] Class Counsel specifically contend that Settling Attorneys are not entitled to any Common Benefit Costs and/or Fees from either the Florida Individual Settlement funds or the Global Class Settlement funds. Settling Attorneys disagree.

[6] Class Counsel will not oppose the lifting of PTO No. 32 with respect to the 498 eligible plaintiffs identified in the Florida Individual Settlement, nor to the jurisdiction of Judge Cooke. Class Counsel, however, and for the avoidance of any doubt, will not join in any suggestion by Settling Attorneys that the MDL Transferee Court lacks jurisdiction in any regard.

[7] Taishan will take no position regarding the issues relating to Common Benefit Costs and Fees.

[8] Settling Attorneys reserve the right to contest such claim, and this Agreement should not be construed as any type of "admission" or concession by the Settling Attorneys in this regard.

6. Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement. If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke. In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7. If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:

_____
For LEVIN SEDRAN BERMAN
*Lead Counsel and Settlement Class Counsel*

SETTLING ATTORNEYS:

_____
For FAIRCLOTH MELTON SOBEL & BASH, LLC

_____
For HERMAN HERMAN & KATZ LLC
*Liaison Counsel and Settlement Class Counsel*

_____
For PARKER WAICHMAN PR LLC

_____
For COLSON HICKS EIDSON
*PSC and Settlement Class Counsel*

_____
For MILSTEIN JACKSON FAIRCHILD
& WADE LLC

_____

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

Page | 3

6. Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement. If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke. In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7. If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:                                          SETTLING ATTORNEYS:

_____          _____
For LEVIN SEDRAN BERMAN                          For FAIRCLOTH MELTON SOBEL & BASH, LLC
*Lead Counsel and Settlement Class Counsel*

_____          _____
For HERMAN HERMAN & KATZ LLC                 For PARKER WAICHMAN PR LLC
*Liaison Counsel and Settlement Class Counsel*

_____          _____
For COLSON HICKS EIDSON                             For MILSTEIN JACKSON FAIRCHILD
*PSC and Settlement Class Counsel*                        & WADE LLC

_____

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

6. Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement. If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke. In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7. If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:                                          SETTLING ATTORNEYS:

_____          _____
For LEVIN SEDRAN BERMAN                          For FAIRCLOTH MELTON SOBEL & BASH, LLC
*Lead Counsel and Settlement Class Counsel*

_____          _____
For HERMAN HERMAN & KATZ LLC                For PARKER WAICHMAN PR LLC
*Liaison Counsel and Settlement Class Counsel*

_____          _____
For COLSON HICKS EIDSON                            For MILSTEIN JACKSON FAIRCHILD
*PSC and Settlement Class Counsel*                                    & WADE LLC

_____

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

_____
For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

_____
For WHITFIELD BRYSON & MASON LLP

_____
For GAINSBURGH BENJAMIN DAVID MEUNIER
& WASHAUER, LLC
*Plaintiff Steering Committee*

_____
For MRACHEK FITZGERALD ROSE KONOPKA
THOMAS & WEISS, PA

_____
For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

_____
For ROBERTS & DURKEE, PA

_____
For LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR PA

_____
For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

_____
For GAINSBURGH BENJAMIN DAVID MEUNIER
& WASHAUER, LLC
*Plaintiff Steering Committee*

_____
For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

_____
For WHITFIELD BRYSON & MASON LLP

_____
For MRACHEK FITZGERALD ROSE KONOPKA
THOMAS & WEISS, PA

_____
For ROBERTS & DURKEE, PA

_____
For LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR PA

For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

For WHITFIELD BRYSON & MASON LLP

For GAINSBURGH BENJAMIN DAVID MEUNIER
& WASHAUER, LLC
*Plaintiff Steering Committee*

For MRACHEK FITZGERALD ROSE KONOPKA
THOMAS & WEISS, PA

*Dawn Barrios / EKS*

For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

For ROBERTS & DURKEE, PA

For LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR PA

6. Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement. If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke. In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7. If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:                                SETTLING ATTORNEYS:

_____              _____
For LEVIN SEDRAN BERMAN                       For FAIRCLOTH MELTON SOBEL & BASH, LLC
*Lead Counsel and Settlement Class Counsel*

_____              _____
For HERMAN HERMAN & KATZ LLC                  For PARKER WAICHMAN PR LLC
*Liaison Counsel and Settlement Class Counsel*

_____              _____
For COLSON HICKS EIDSON                       For MILSTEIN JACKSON FAIRCHILD
*PSC and Settlement Class Counsel*                       & WADE LLC

_____

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

Page | 3

6.  Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement.  If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke.  In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7.  If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:                                    SETTLING ATTORNEYS:

_____                  _____
For LEVIN SEDRAN BERMAN                           For FAIRCLOTH MELTON SOBEL & BASH, LLC
*Lead Counsel and Settlement Class Counsel*

_____                  _____
For HERMAN HERMAN & KATZ LLC                      For PARKER WAICHMAN PR LLC
*Liaison Counsel and Settlement Class Counsel*

_____                  _____
For COLSON HICKS EIDSON                           For MILSTEIN JACKSON FAIRCHILD
*PSC and Settlement Class Counsel*                    & WADE LLC

_____

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

_____
For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

_____
For WHITFIELD BRYSON & MASON LLP

_____
For GAINSBURGH BENJAMIN DAVID MEUNIER
& WASHAUER, LLC
*Plaintiff Steering Committee*

_____
For MRACHEK FITZGERALD ROSE KONOPKA
THOMAS & WEISS, PA

_____
For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

_____
For ROBERTS & DURKEE, PA

_____
For LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR PA

For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

For WHITFIELD BRYSON & MASON LLP

For GAINSBURGH BENJAMIN DAVID MEUNIER
& WASHAUER, LLC
*Plaintiff Steering Committee*

For MRACHEK FITZGERALD ROSE KONOPKA
THOMAS & WEISS, PA

For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

For ROBERTS & DURKEE, PA

For LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR PA

_____
For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

_____
For WHITFIELD BRYSON & MASON LLP

_____
For GAINSBURGH BENJAMIN DAVID MEUNIER
& WASHAUER, LLC
*Plaintiff Steering Committee*

_____
For MRACHEK FITZGERALD ROSE KONOPKA
THOMAS & WEISS, PA

_____
For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

_____
For ROBERTS & DURKEE, PA

_____
For LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR PA

For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

For WHITFIELD BRYSON & MASON LLP

For GAINSBURGH BENJAMIN DAVID MEUNIER
& WASHAUER, LLC
*Plaintiff Steering Committee*

For MRACHEK FITZGERALD ROSE KONOPKA
THOMAS & WEISS, PA

For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

For ROBERTS & DURKEE, PA

For LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR PA

# Exhibit B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  **CHINESE-MANUFACTURED**          MDL NO. 2047
        **DRYWALL PRODUCTS LIABILITY**
        **LITIGATION**          **SECTION: L**

        **THIS DOCUMENT RELATES TO:**          **JUDGE FALLON**

        **ALL** *CASES*          **MAG. JUDGE WILKINSON**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Considering the *Unopposed Motion to Lift PTO 32 for Individual Settlements on Remand and Request for Expedited Consideration*;

IT IS ORDERED BY THE COURT that the motion is GRANTED and PTO 32 is hereby lifted as to the individual claims on remand eligible under the Florida Individual Settlement (R. Doc. 22126-4);

IT IS FURTHER ORDERED that any claim for an award of common benefit fees and costs from the proceeds of the Florida Individual Settlement shall be directed to the transferor court, the Southern District of Florida, with this Court retaining jurisdiction to allocate any such award between and among the individual common benefit attorneys in accordance to Pre-Trial Order No. 9.

New Orleans, Louisiana, this 16th day of _____ July _____, 2019.

_____
Eldon E. Fallon
United States District Judge