# Exhibit "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDUARDO AND CARMEN AMORIN, *et al.*, individually, and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., *et al.*,<br><br>　　Defendants. | Case No. 1:11-CV-22408-MGC |

CLASS COUNSEL'S REPLY IN SUPPORT OF AMENDED
MOTION AND MEMORANDUM OF LAW FOR AN AWARD OF
COMMON BENEFIT COSTS AND/OR FEES OUT OF THE
<u>PROCEEDS OF THE FLORIDA INDIVIDUAL SETTLEMENT</u>

Common benefit counsel took the lead and shouldered the enormous burden of prosecuting Plaintiffs' claims against Taishan for nine years in the MDL and Taishan's efforts to derail the litigation before remand, then, upon remand to this Court, we continued to champion the fight against Taishan. As a result of this hard work – establishing jurisdiction, liability, and the right to remediation formula damages, among other things – common benefit counsel laid the foundation for the Settling Attorneys to be able to reach individual settlements on behalf of 497 *Amorin* Plaintiffs. Stated another way, were it not for the coordinated and concerted efforts of common benefit counsel, designed to maximize all Plaintiffs' recoveries, the Settling Attorneys would not have been offered any settlements from Taishan. As it is, the global Settlement negotiated by Class Counsel increased the value of the Florida Individual Settlement by 46.4% through operation of the Most Favored Nations

1

clause. *See* Supplemental Declaration of Sandra L. Duggan, dated 10/7/2019, at 14-15 & Ex. 2 thereto [ECF 344-1].

In recognition of the tremendous achievement of common benefit counsel, Judge Fallon ruled *sua sponte* that "<u>a fair division of fees is 40% to contract counsel and 60% to common benefit counsel</u>," to "account for the additional hours of discovery, travel (both domestic and foreign), motion practice, conferences, appeals, court appearances, and settlement negotiations that common benefit counsel expended in achieving resolution of the Taishan portion of this case." MDL Order and Reasons, at 66-67 (emphasis added) [ECF No. 368-1]. The MDL Court was in the unique position to make that determination, having directly overseen the Chinese Drywall proceedings and the efforts of the Court-appointed Plaintiffs' leadership team for more than a decade.

Rather than acknowledge our entitlement to common benefit fees from the Florida Individual Settlement, the Settling Attorneys (Parker Waichman and Milstein) suggest we should receive nothing for our efforts. See Opposition [ECF 390] at 2. The unsubstantiated basis for their argument is that the common benefit fees awarded in Knauf and Taishan, combined, are "surely a reasonable fee." *Id.*[1] Under their theory, common benefit counsel have already been sufficiently compensated for their efforts on remand, and equity prevents this Court from awarding "supplemental fees." *Id.* The theory is wrong, as the award of common benefit fees has been determined on a percentage-of-benefit, not hourly, basis. Nevertheless, as addressed by Class Counsel in its initial Reply at ECF 344 at 13, to the extent the hours expended by Class Counsel may have been considered under a general

---

[1] Ironically, Parker Waichman was a recipient of common benefit fees from the Knauf portion of the case. However, the fees awarded in Knauf are irrelevant, here, in any event.

2

"cross-check", the lodestar for all Taishan common benefit work post-January 2014 adds up to $71,906,164.00, based on hourly rates at inception. As the percentage awarded to Class Counsel by Judge Fallon out of the $248,000,000 Taishan Class Settlement in the MDL was only 11.4% or $28,272,000, Class Counsel have, if anything, been undercompensated, not overcompensated, on a strict hourly basis. While relying on prior fee awards in this case to make their sufficiency argument, they contradict themselves by suggesting that Judge Fallon's recent decision splitting common benefit vs. individual attorneys' fees (60/40) cannot be used as persuasive authority against them.

The Opposition plainly ignores or misstates the record in this case.

1. This Court previously adopted the MDL Court's rulings on class certification, liability, default, and remediation formula damages, finding "Judge Fallon's decisions well-reasoned and well-supported by the evidentiary record." Trial Plan Order [ECF No. 112] at 3. The Settling Attorneys have offered no grounds to disregard the MDL Court's recent ruling that common benefit counsel are entitled to 60% of the fees awarded for the Taishan portion of the case. For many years, Judge Fallon has had a first-hand view of the tireless efforts of the Plaintiffs' Steering Committee litigating against recalcitrant Defendants that sought to vacate every ruling against them and delay justice for Plaintiffs. The fact that the Settling Attorneys opted to have the fee petition heard here as opposed to the MDL does not preclude this Court from considering the MDL Court's findings on an appropriate fee split. That ruling is certainly relevant, and it does not deprive the Settling Attorneys of due process – as evidenced by the filing of their Opposition and the panoply of arguments asserted against common benefit counsel. Similarly, the fact that the Settling Attorneys waived any right to claim common benefit fees in the MDL does not affect the persuasive authority of Judge Fallon's ruling on the relative value of common benefit counsel's efforts.

2. The MDL Court's Pretrial Order No. 32 contemplates that attorneys' fees will be awarded to common benefit counsel in all remanded cases: "Defendants shall not furnish any payment — to either plaintiff(s) or attorney(s) — until this Court confers with the transferor court regarding proper procedures to allocate a fair and equitable division among plaintiff(s), individually retained counsel, and common benefit counsel." PTO 32 at 2-3. There is nothing in the record to suggest that Judge Fallon ruled that common benefit counsel have already been compensated for their efforts in the remanded litigation such that the Settling Attorneys owe nothing for having received the value of the common benefit services of Class Counsel. Once the *Amorin* cases were remanded to this Court, Class Counsel diligently prosecuted all 1,700 cases, including those represented by the Settling Attorneys. In fact, even after they reached their individual settlements with Taishan in March 2019, Class Counsel continued to pursue remediation damages on their behalf, fighting Defendants' numerous contests, all with the knowledge and permission of the Settling Firms. To deny common benefit counsel any compensation for these efforts (or to limit them to 5% of the recovery as the Settling Attorneys suggest in the alternative) would create an unfair "free rider" problem.[2]

3. The Settling Attorneys are not newcomers to any fee dispute in this litigation. They previously objected to common benefit counsel's request for 59% of the fees awarded by Judge Fallon during the Knauf portion of the case. In so doing, these attorneys "filed some

---

[2] When this fee dispute first arose, Class Counsel asked the Settling Attorneys to escrow the requested common benefit fee – 20% of the total settlement – pending judicial resolution, but they would only agree to escrow 16%. Despite their differences, Class Counsel agreed to the lesser escrow amount in order to allow deserving Plaintiffs to promptly receive the settlement payments they were offered from Taishan. Class Counsel were committed to protecting the interests of the *Amorin* Plaintiffs represented by the Settling Attorneys in getting paid irrespective of the consequences to our fee award. [ECF No. 390-1].

4

23 objections, commenced unnecessary proceedings, and prolonged the discovery process by filing unnecessary written discovery and seeking pointless depositions of the Court-appointed CPA and various members of the PSC and Fee Allocation Committee. Their accomplished results: havoc and needless delay. Their actions also caused additional expense by requiring the CPA and Special Master to conduct a special hearing and perform other services." MDL Order and Reasons Setting Common Benefit Fees [MDL Rec. Doc. 21168] at 23. Given their history in these proceedings and the unreasonable positions taken, the Settling Attorneys' request for discovery on the issue of attorneys' fees should be rejected out of hand.

## CONCLUSION

The extensive record of common benefit counsel's efforts and achievements in this case, as supported by the MDL Court's analysis, justifies an award to common benefit counsel of 60% of the fees received by the Settling Attorneys (10% paid by Taishan and the remaining charged to the Plaintiffs). According to the Settling Attorneys, the standard Florida contingency contract ranges between 30-40%. *See* Opposition at 4. Therefore, Class Counsel submit that each Settling Firm should be required to set forth its standard contingency contract percentage in this case and that common benefit counsel should be awarded 60% of the fees that the Settling Attorneys received.

Dated: March 31, 2020

Respectfully Submitted,

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*
*On behalf of Class Counsel*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Southern District of Florida by using the CM/ECF System, which will send a notice of electronic filing on this 31st day of March, 2020.

      /s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*
*On behalf of Class Counsel*