UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L"<br><br>JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | |

**MEMORANDUM IN SUPPORT OF REURGED MOTION TO DISMISS CLAIMS ASSERTED BY VASHTI ALETHIA LOCKE-ESBERRY UNDER RULE 37**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Reurged Motion to Dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure as to the claims asserted by Vashti Alethia Locke-Esberry ("Locke-Esberry") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint"). Additionally, the Knauf Defendants seek fees and costs associated with defending against Locke-Esberry's claims.

**I.     Factual and Procedural Background**

    **A.     MDL 2047 and the Bennett Complaint**

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces,

and objects, and the breaking down of appliances and electrical devices in their homes.[1] Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file lawsuits in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, dozens of depositions have been taken, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[2]

---

[1] *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014).
[2] *See* Order, Rec. Doc. No. 16570 at 3-4.

### B.     The *Bennett* Complaint and Locke-Esberry

The original *Bennett* Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. Locke-Esberry appeared as a claimant in the Second Amended Complaint on January 31, 2016. The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter. Locke-Esberry is a plaintiff in the operative Fifth Amended Complaint and has made claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in her property located at 962 SW Haas Avenue, Port St. Lucie, Florida 34953 (the "Property").

In conducting discovery in this MDL and in the *Bennett* matter, this Court approved a Plaintiff Profile Form ("PPF"), a Supplemental Plaintiff Profile Form ("SPPF"), an Owner Disclosure Affidavit ("ODA"), and a Plaintiff Fact Sheet ("PFS") to be completed by Plaintiff and set forth full and complete answers regarding the claims and damage amounts sought by all *Bennett* plaintiffs. Locke-Esberry completed and submitted a PPF,[3] a SPPF,[4] and a PFS.[5] The documents were completed under penalty of perjury. Nearly all information known to the Knauf Defendants about Locke-Esberry's claims is pursuant to these documents.

To date, Locke-Esberry has not allowed the Knauf Defendants to inspect her Property for the purpose of identifying drywall nor have the Knauf Defendants been able to adequately depose Locke-Esberry at no fault of their own. The Knauf Defendants have incurred significant costs and expenses attempting to do so in good faith despite Locke-Esberry's repeated failure to participate

---

[3] Rec Doc. 22375-2.
[4] Rec Doc. 22375-3.
[5] Rec Doc. 22375-4

in the uniform discovery process adopted in this MDL for the *convenience and benefit of all parties* to this litigation.

After two unsuccessful attempts to inspect Locke-Esberry's Property and two failed attempts at deposing Locke-Esberry (both of which required counsel for the Knauf Defendants to travel out of state), the Knauf Defendants filed a motion to dismiss under Rule 37 or, alternatively, for other sanctions on November 25, 2019, hoping to encourage Locke-Esberry to cooperate with discovery.[6] Locke-Esberry made no attempt to cooperate, however, and did not thereafter seek to arrange a deposition or inspection. Instead, Locke-Esberry sought additional time to respond to the Knauf Defendants' motion, ultimately filing an opposition to the motion on January 17, 2020,[7] after the discovery deadline had passed. Locke-Esberry's opposition evidenced no intent to cooperate with discovery in the future.

This Court heard oral argument on the Knauf Defendants' motion on January 22, 2020 and took it under submission.[8] On March 10, 2020, this Court signed its Order granting in part the Knauf Defendants' motion to the extent it sought other sanctions and denying in part the Knauf Defendants' motion to the extent it sought dismissal.[9] The Order issued on March 11, 2020, and states, in relevant part:

> Here, M[s]. Locke Esberry cancelled her first deposition and although she attended her second deposition, she forgot her glasses at home and was unable to be deposed. Similarly, two property inspections were scheduled by the parties, but the first was unable to be completed due to a lack of response from the tenant and the second was cancelled shortly before it began for similar reasons. Ms. Locke-Esberry remains un-deposed and her property un-inspected.
>
> The Court concludes that this behavior significantly frustrates Defendants' attempt to conduct discovery in this matter and prejudices Defendants' ability to develop a defense to Ms. Locke-Esberry's claims. … [T]hese errors and oversights

---

[6] *See* Rec. Doc. 22375.
[7] Rec. Doc. 22487.
[8] Rec. Doc. 22524.
[9] Rec. Doc. 22624.

came at a substantial cost to Defendants, both in terms of time and money. Accordingly, the Court will exercise its discretion under Rule 37(d) and particularly Rule 30(g) to impose "an appropriate sanction" on a party that "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The Court concludes that an appropriate sanction in this matter is to order the parties to arrange a third deposition and inspection of Plaintiff's property at Plaintiff's cost … within one month of this order's issuance.[10]

In light of this Court's ruling, counsel for the Knauf Defendants contacted counsel for Locke-Esberry on March 11, 2020, to schedule a third deposition of Locke-Esberry.[11] Counsel for the Knauf Defendants asked that Plaintiff's counsel respond no later than March 13, 2020.[12] Counsel for Locke-Esberry did not respond by that date or at all. Accordingly, counsel for the Knauf Defendants contacted Plaintiff's counsel again on March 17, 2020, in furtherance of this Court's Order.[13] Counsel for Locke-Esberry did not respond and has not responded to date. It is now April 13, 2020. Consequently, over one month has passed since issuance of this Court's Order on March 11, 2020 and Locke-Esberry has once again failed to evidence any intent to cooperate with discovery. As stated more fully below, Locke-Esberry's claims should be dismissed. Additionally, Locke-Esberry should be required to pay the Knauf Defendants' fees and costs associated with defending against her claims including by, *inter alia*, preparing and filing the instant motion.

## II. Dismissal Pursuant to Rule 37

The court may sanction a party for impeding discovery by failing to appear for deposition and/or failing to respond to a request for inspection.[14] Among available sanctions is the dismissal

---

[10] *Id.* at 7-8.
[11] *See* March 11, 2020 Email (attached as Exhibit A).
[12] *Id.*
[13] *See* March 17, 2020 Email (attached as Exhibit B).
[14] *See* Fed. R. Civ. P. 37(d)(1)(A).

of the claim.[15] The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations.[16] Dismissal is appropriate when the refusal to comply results from willfulness or bad faith, and is accompanied by a clear record of delay or contumacious conduct.[17]

### III.    Argument

Locke-Esberry has continuously failed to cooperate with the uniform discovery process adopted in this MDL for the *convenience and benefit of all parties* to this litigation: she has failed to make her Property available for inspection on two occasions, she has failed to appear for her deposition on one occasion, she has failed to appear prepared to give testimony at a second scheduled deposition, and she has ignored this Court's March 10, 2020 Order requiring that she schedule a third deposition and inspection with the Knauf Defendants within one month. Most notable, however, is not her failure to schedule the aforementioned discovery, but her complete unresponsiveness to the Knauf Defendants. In the month following this Court's Order, counsel for Locke-Esberry has not taken any affirmative action to schedule a deposition or inspection or to communicate with counsel for the Knauf Defendants regarding scheduling a deposition or inspection in the future, and has instead ignored all of the communications from counsel for the Knauf Defendants regarding the same.[18] Thus, Locke-Esberry is obviously delaying discovery and disrupting the course of litigation. The Knauf Defendants therefore ask the Court to exercise its inherent power to impose sanctions.[19] The sanction of dismissal for Locke-Esberry's claims is appropriate in this case for several reasons.

---

[15] *See* Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (stating that the court can issue an order "dismissing the action or proceeding in whole or in part" for failure to comply with discovery).
[16] *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).
[17] *Coleman v. Evans*, No. 09-1067, 2010 WL 5105177, at *1 (M.D. La. Dec. 9, 2010).
[18] *See* Exs. A, B.
[19] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i).

Locke-Esberry's lack of cooperation with discovery is willful, and such willfulness warrants dismissal. The Knauf Defendants have attempted to inspect Locke-Esberry's Property on two separate occasions, to no avail. The Knauf Defendants have been similarly unsuccessful in deposing Locke-Esberry, despite twice traveling outside of state in furtherance of that task and incurring significant costs. Even in spite of this Court's Order mandating that the parties schedule a third deposition and inspection, Locke-Esberry is still un-deposed and her Property uninspected. Locke-Esberry has evidenced no intent to cooperate with this Court's Order or the discovery process as a whole.

The sanction of dismissal is not excessive under the circumstances, will ensure compliance with the rules, and will deter future violations by other plaintiffs in this action.[20] Additionally, dismissal is warranted as the Knauf Defendants cannot properly or fairly defend against Locke-Esberry's claims without being able to depose her or inspect her Property.

Accordingly, Locke-Esberry's continued failure to be deposed threatens to interfere with the "rightful decision" of the case so that the Court cannot be confident that the parties will ever have access to the true facts.[21] As long as Locke-Esberry fails to participate, and as long as she remains a party to this lawsuit, the Knauf Defendants have no means by which to discover essential facts needed to defend against her claims. If essential and discoverable facts are withheld, the Court cannot have confidence that its ultimate decision relies upon all of the facts.

---

[20] *See Radford v. Red Jacket Firearms, L.L.C.*, No. 11-561, 2013 WL 636731, at *1 (M.D. La. Jan. 31, 2013), *report and recommendation adopted*, No. 11-561, 2013 WL 636727 (M.D. La. Feb. 20, 2013) (holding dismissal of claims appropriate pursuant to Rule 37).

[21] *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (plaintiff's claims were dismissed because plaintiff's refusal to cooperate with discovery damaged integrity of discovery process and the court could not proceed based upon true facts).

Locke-Esberry's failure to cooperate substantially prejudices the Knauf Defendants.[22] The Knauf Defendants have incurred costs for compensation of their inspector, payment of attorneys' fees, travel expenses, and retention of court reporters and office space for depositions. The Knauf Defendants have now incurred additional attorneys' fees in motion practice necessitated by Locke-Esberry's failure to cooperate. The discovery deadline has now passed, as has the deadline for dispositive motions, and the Knauf Defendants are faced with the difficulty of trying to defend against Locke-Esberry's claims without the benefit of a deposition, an inspection, or an opportunity to move for summary judgment (if warranted based on discovery).

Locke-Esberry has continuously failed to participate in this action and will continue to cause unnecessary delays and expenses while prejudicing the Knauf Defendants. Therefore, Locke-Esberry's claims should be dismissed.

Additionally, Locke-Esberry should be required to pay the Knauf Defendants' fees and costs associated with defending against her claims including by, *inter alia*, preparing and filing the instant motion.

## IV.  Conclusion

Based on Locke-Esberry's continued failure to comply with discovery in MDL 2047, the Knauf Defendants request this Court dismiss Locke-Esberry's claims with prejudice pursuant to Rule 37. Additionally, the Knauf Defendants request this Court award fees and costs associated with defending against Locke-Esberry's claims.

---

[22] *See Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir.1985); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:      504.556.5549
Facsimile:       504.310.0275
Email:            kmiller@fishmanhaygood.com

*Counsel for The Knauf Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 13th day of April, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**