## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:  ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

### SETTLEMENT CLASS COUNSEL'S OMNIBUS RESPONSE TO APPEALS FROM ALLOCATION AMOUNT DETERMINATIONS AND RULINGS ON CLAIM FORMS

### INTRODUCTION

The Taishan Settlement provided an orderly and efficient process for claims administration. On August 29, 2019, Settlement Class Counsel published a Master Spreadsheet on the MDL docket [Rec. Doc. 22312-1] listing all known Class Members with sufficient indicia of Covered Chinese Drywall in their properties. This Spreadsheet identified each claimant's status as an *Amorin* or *Brooke* Plaintiff, the Affected Property address, under air square footage, Product ID, assignments, and prior Chinese Drywall payments received. On or about September 9, 2019, the Claims Administrator BrownGreer mailed individual class notices to all known Class Members and provided each Class Member on the Master Spreadsheet with a gross estimate of their expected Allocation Amount under the Settlement. *See* Declaration of Jacob S. Woody [Rec. Doc. 22397-15], at ¶ 6. The Taishan Settlement Agreement required Class Members who disputed the information on the Master Spreadsheet relating to his or her Claim to submit a challenge to the Claims Administrator within thirty-five (35) days of the Preliminary Approval Order (*i.e.* by

October 3, 2019), stating what he or she contended to be the correct information and providing any supporting evidence or corroborating documentation. Settlement Agreement, Section 12.1.2.

Pursuant to Section 12.1.2 of the Taishan Settlement, the Claims Administrator received 109 timely challenges to the Master Spreadsheet. Declaration of Jacob S. Woody [Rec. Doc. 22397-15], at ¶ 10. After evaluating those challenges, on October 31, 2019, the Claims Administrator published a Revised Master Spreadsheet on the docket [Rec. Doc. 22355-1].

Absent Class Members and known Class Members who were excluded from the Master Spreadsheet for lack of Product ID were permitted to submit a Claim Form to BrownGreer by February 12, 2020. Pursuant to the Taishan Settlement, 129 Class Members timely submitted a Claim Form. On or about February 25, 2020, BrownGreer issued letters of acceptance or denial to each of these Class Members, informing them they had until March 26, 2020 to object. Out of 92 Claim Form denial letters, 7 Class Members submitted objections to the Court. Class Counsel sets forth below its position with respect to each of these objections.

BrownGreer then added the accepted claims to the Master Spreadsheet and filed an Updated Revised Master Spreadsheet [Rec. Doc. 22649-1]. On or about March 6, 2020, BrownGreer disseminated Notices of Allocation Amount Determinations to all Eligible Class Members identified on the Updated Revised Master Spreadsheet, informing them they had 30 days to appeal if they believed the Allocation Model was misapplied to their claim. Out of 3,622 approved claims, 10 Class Members filed an appeal from their Allocation Amount Determination. Eight of the appeals seek to increase the under air square footage for the property. One appeal disputes the prior payment amounts. And, one claimant whose Claim Form was accepted (Lisa and Charles Robin) filed an appeal challenging their status as a new claim. Class Counsel responds to the appeals below.

<u>**RESPONSE TO CLAIM FORM DENIALS AND APPEALS**</u>
<u>**FROM ALLOCATION AMOUNT DETERMINATIONS**</u>

1.      <u>Corinth Homes, LLC [Rec. Doc. 22610]</u>: Corinth Homes, LLC ("Corinth") (represented by Kaufman & Canoles) timely submitted a Claim Form as an absent Class Member for a property located at 712 Stanhope Close, Chesapeake, VA 23320. The Affected Property has 2,580 under air square feet. The Product ID for this property is: Venture Supply (Category "K"). Corinth previously received $21,201 from prior Chinese Drywall settlements. The claim was rejected solely because the Class Member failed to submit a notarized Owner's Affidavit. Upon notification from BrownGreer as to this deficiency, Corinth uploaded a notarized affidavit to the BrownGreer Chinese Drywall portal on February 26, 2020, and thereafter appealed the denial of its claim.

<u>Class Counsel Recommendation</u>: Given that the notary deficiency was corrected immediately and before Notices of Allocation Amount Determinations were disseminated, Class Counsel recommend that the denial of the claim be overturned and the Claims Administrator be ordered to apply the Allocation Model to Corinth's Objective Criteria. Class Counsel estimates that the claim has a value of $7,139.22.

2.      <u>Roxzana Moore [Rec. Doc. 22616]</u>: Roxzana Moore ("Moore") (*pro se*) submitted a Claim Form for a property located at 9008 Yazoo Street, Bay Saint Louis, MS 39520. The claim was denied for lack of proof of Product ID under the Settlement. Moore is an *Amorin* Class Member who was previously represented by Luckey & Mullins. Her claim was excluded by Class Counsel from the Master Spreadsheet for failure to submit indicia of Covered Chinese Drywall. The only proof of Product ID that was submitted by this claimant were markings showing ClassicRoc, an American Gypsum product, which is not compensable under the Settlement (*see* markings submitted by Moore, attached hereto as Exhibit "1"). Further, Moore admits in her

objection that the testing for sulfur in the drywall samples from the property was inconclusive [Rec. Doc. 22616 at Page 2].

Class Counsel Recommendation: Given the failure to submit any proof of Covered Chinese Drywall in the property, Class Counsel recommend that the denial of the claim be upheld.

3.   Nathan Ross, Jr. [Rec. Doc. 22617]: Nathan Ross, Jr. ("Ross") (*pro se*) submitted a Claim Form for a property located at 3032 Wenonah Park Place, Birmingham, AL 35211. Ross is an absent Class Member who was previously represented by Lewis & Roberts. His claim was denied for failure to submit any indicia of Covered Chinese Drywall.

Class Counsel Recommendation: Given the failure to submit any proof of Covered Chinese Drywall in the property (no photos, no inspection report, no invoices or delivery receipts, etc.), Class Counsel recommend that the denial of the claim be upheld.

4.   Annie McDonald [Rec. Doc. 22619]: Annie McDonald ("McDonald") (*pro se*) submitted a Claim Form as an absent Class Member for a property located at 4 Bilbrew Road, Laurel, MS 39443. Her claim was denied for failure to submit any indicia of Covered Chinese Drywall. She also failed to submit evidence of under air square footage.

Class Counsel Recommendation: Given the failure to submit any proof of Covered Chinese Drywall in the property and the failure to provide evidence of under air square footage, Class Counsel recommend that the denial of the claim be upheld.

5.   Victor and Loumertistene Howell [Rec. Doc. 22634]: Victor and Loumertistene Howell ("Howell") (represented by Whitfield, Bryson & Mason) are *Amorin* Class Members. They have appealed their Allocation Amount Determination based on a challenge to the under air square footage for the subject property located at 5275 Sandbar Cove, Winston, GA 30187. On August 27, 2019, counsel for Howell confirmed with Class Counsel that the correct under air square

footage for the property was 9,245, as set forth in the Master Spreadsheet [Rec. Doc. 22312-1 at #1299] (*see* email from Amanda Mkamanga to Emma Schwab, attached hereto as Exhibit "2") ("We have completed your [*sic*] review of the spreadsheet as an officer of the Court, and the information for your clients' claims is accurate and complete and based upon evidentiary support."). Thereafter, Howell challenged the under air square footage of the property with the Claims Administrator, seeking to increase the square footage by 5,113 (a 55% increase), for a total of 14,358 square feet. BrownGreer denied this challenge on November 1, 2019. Howell alleges that the square footage of the property's basement should be included in the under air square footage calculation. However, the governing tax assessor's record states the under air square footage is 9,245 and identifies the "finished basement" square footage as 0 (*see* Tax Assessor record, attached hereto as Exhibit "3").

Class Counsel Recommendation: Given the lack of support for Howell's challenge to the under air square footage for the property and counsel's prior confirmation that the correct square footage is 9,245, the appeal should be denied.

6.    Gary Rollins [Rec. Doc. 22635]: Gary Rollins ("Rollins") (*pro se*) submitted a Claim Form as an absent Class Member for a property located at 5400 Hwy A-1-A, Unit G-5, Indian River Shores, FL 32963. Rollins is a former owner of the property. He previously submitted a claim in the Global/Banner/InEx ("GBI") Settlements in 2013 for this property and was awarded $5,166.75. Upon receipt of a blast email from BrownGreer regarding the deadline to submit a Claim Form in the Taishan Settlement, Rollins submitted a Claim Form and uploaded documents to the BrownGreer portal on February 10, 2020.

BrownGreer denied Rollins' claim on February 25, 2020. The stated reason for the denial was a "failure to submit sufficient evidence of covered Chinese Drywall product." Rollins has appealed this denial, arguing that the Claims Administrator "already accepted [his] claim in 2013."

Class Counsel Recommendation: This claimant has failed to submit sufficient proof of Covered Chinese Drywall in the Affected Property. The fact that a prior claim was approved under the GBI Settlements does not warrant automatic acceptance of the claim under the Taishan Settlement, since the Product ID requirements are different. The purported indicia submitted by Rollins appears to be an excerpt from the Court's Drywall Indicia Guide [Rec. Doc. 12061-10, at 7], which was inserted into the subject inspection report. The notation on the inspection report states, "ALL DEFECTIVE DRYWALL THAT WAS IDENTIFIED WAS TAISHAN DRYWALL," but there are no identifiable independent photographs of Covered Chinese Drywall in the Affected Property. Further, the evidence of Product ID submitted by Rollins is illegible and, therefore, inadequate under the Settlement. The denial of the claim should be upheld.

7.   Alphonso and Nora Walker [Rec. Doc. 22639]: Alphonso and Nora Walker ("Walker") (represented by Martzell Bickford) are *Amorin* Class Members. They have appealed their Allocation Amount Determination based on a challenge to the under air square footage for the subject property located at 4973 Chantilly Drive, New Orleans, LA 70126. The declaration signed and submitted by Walker's counsel Larry Centola on May 24, 2017, attested to 2,145 as the correct under air square footage for the property (*see* declaration and inspection report, attached hereto as Exhibit "4"). Then, on August 22, 2019, Adam Thomas of Martzell Bickford confirmed in an email with Class Counsel that the correct square footage for the property was 2,145, as set forth in the Master Spreadsheet [Rec. Doc. 22312-1 at #3519] (*see* email from Adam Thomas to Emma Schwab, attached hereto as Exhibit "5") ("We have reviewed the attached spreadsheet and

have determined the information to be accurate."). Walker did not dispute this square footage information after the Master Spreadsheet was filed on the docket, as claimants were obligated to do under Section 12.1.2 of the Settlement Agreement if they believed the square footage was incorrect. In fact, Walker's appeal filed on March 17, 2020, is the first time this claimant has disputed the stated square footage for the subject property, seeking to increase it by 477 square feet (a 22.2% increase), to 2,622.

The appeal references a corrected floorplan that includes the garage, which should not be included in the under air square footage calculation (*see* Doc ID 241613, attached hereto as Exhibit "6"). This "corrected floor plan" has handwritten measurements on the exterior, which is not an adequate form of verified under air square footage. The appeal also relies on a tax assessor document that was never before submitted either to BrownGreer or Class Counsel in support of increased under air square footage. The Settlement Agreement makes clear that new evidence may not be introduced on an appeal from an Allocation Amount Determination. *See* Settlement Agreement, Section 12.2.2 ("The record for appealing an Allocation Amount shall be limited solely to (i) the original Master Spreadsheet submitted by the Parties, (ii) any additional documents, evidence or information submitted by the Settlement Class Member to the Claims Administrator in accordance with Section 12.1.2; (iii) the revised Master Spreadsheet as modified by the Claims Administrator pursuant to Section 12.1.3, and/or (iv) the Objective Allocation Criteria in the Claim Form and supporting documentation submitted to the Claims Administrator by absent Class Members or any other Class Members not listed on the Master Spreadsheet.").

Class Counsel Recommendation: The appeal should be denied because it does not demonstrate that the Allocation Model was applied incorrectly to the Walker claim. Rather, Walker seeks to introduce new evidence on appeal in an attempt to increase the under air square footage

of the property, but in any event, the additional square footage constitutes garage space which should not be included in the total.

8.      Raymond and Amelia Farley [Rec. Docs. 22642 & 22652]: Raymond and Amelia Farley ("Farley") (represented by Fergeson Skipper, PA) are absent Class Members who submitted a Claim Form for a property located at 3756 Summerwind Circle, Bradenton, FL 34209, which was denied on the grounds that Farley had assigned the claim to their builder Taylor Morrison. The appeal argues that the assignment was limited to only the costs of repair and remediation and that the assignment expressly excluded "any personal injury claims, moving and storage claims, expense claims, personal property claims, attorneys' fee claims and relocation claims" (*i.e.*, Other Losses) (*see* Farley Assignment, attached hereto as Exhibit "7").

Farley submitted evidence to the Claims Administrator that the under air square footage for the subject property is 2,196, with Product ID for Drywall with dimensions (Category "J"). Farley received prior payments for Chinese Drywall claims totaling $47,561.92.

Class Counsel Recommendation: The Allocation Model acknowledges that the Taishan Settlement resolves property damage claims as well as "claims for other types of losses and damages, such as loss of use and enjoyment, personal property damage and repair, bankruptcy, foreclosure, emotional distress, alternatives living expenses, punitive damages, and attorney fees ("Other Losses")." Allocation Model [Rec. Doc. 22304-1], at 2. Eligible Class Members will receive a single Allocation Amount as compensation for remediation damages and Other Losses, although some Allocation Amounts may be split in certain circumstances. For example, where a Class Member assigned his or her remediation claim to a commercial builder (that cannot make a claim under the Settlement) but retained the claim for Other Losses, the Allocation Model prescribes that the Class Member is entitled to the Other Loss Allocation Amount — 7.5% of the

claim. *See* Allocation Model at 5-6 ("I have allocated 7.5% for Other Losses"). It appears that Farley is entitled to the Other Loss portion of its claim, having assigned only the remediation damages to their builder. Class Counsel estimates that 7.5% of the Allocation Amount for this absent Class Member would total $298.00.

9.      Justin Kelley [22654]: Justin and Melissa Kelley ("Kelley") (*pro se*; Justin Kelly is an attorney) timely submitted a Claim Form as absent Class Members for a property located at 3319 12 St. North, St. Petersburgh, FL 33704. The property has 1,876 square feet. The claim was denied for lack of sufficient indicia of Product ID and for lack of a notarized signature from Melissa Kelley. As proof of Product ID, Kelley relies on a one-page inspection report from a private investigator that mentions the existence of drywall markings "MADE IN CHINA MEETS OR EXCEEDS ASTM C1396 04," but contains no photos or other evidence of Covered Chinese Drywall in the property (*see* inspection report, attached hereto as Exhibit "8").

Class Counsel Recommendation: The denial of the claim should be upheld for lack of proof of Covered Chinese Drywall in the Affected Property. The appeal is devoid of credible indicia of Product ID. There are no photographs, no invoices or delivery receipts, and only a one-page report with no photos from a private investigator rather than a licensed home inspector.

10.      Brian and Barbara Lewis [Rec. Doc. 22661]: Brian and Barbara Lewis ("Lewis") (represented by Gainsburgh Benjamin, *et al.*) are *Amorin* Class Members who have appealed their Allocation Amount Determination for a property located at 6755 Lake Willow Drive, New Orleans, LA 70126. Lewis contends the under air square footage should be 5,231, rather than 3,214 as set forth in the Updated Revised Master Spreadsheet [Rec. Doc. 22649-1 at #1440]. Lewis relies on a Correctness of Square Footage on Chinese Drywall Client(s) Property for Remediation Damages with floorplan attached, dated May 19, 2017 (attached hereto as Exhibit "9") and prior

deposition testimony of Brian Lewis (attached hereto as Exhibit "10"), which were provided to BrownGreer for the first time on March 11, 2020. Unfortunately, counsel for Lewis confirmed with Class Counsel that 3,214 was the correct square footage (*see* email from Michael Ecuyer to Emma Schwab, attached hereto as Exhibit "11"). Further, Lewis did not challenge the square footage for the property after the Master Spreadsheet was filed on the docket, as they were required to do if they believed the published amount was incorrect. Settlement Agreement, Section 12.1.2.

Class Counsel Recommendation: It appears that Lewis is attempting on appeal to increase the square footage for the property based on evidence that was not presented to the Claims Administrator within 35 days of the publication of the Master Spreadsheet on the MDL docket pursuant to Section 12.1.2 of the Settlement Agreement. For this reason, the appeal should be denied.

11.    Melissa Young [Rec. Doc. 22667]: Melissa Young ("Young") (represented by Becnel Law Firm) is an *Amorin* Class Member who is appealing the square footage calculation for her property located at 2909 Monica Lane, Marrero, LA 70072. Young contends the correct square footage should include the garage, which is a finished room with heating and air conditioning (*see* builder's floor plan, attached hereto as Exhibit "12"; and deposition testimony of Young, attached hereto as Exhibit "13"). The total under air square footage of the property with the garage is 2,185, rather than rather than 1,797 as set forth in the Updated Revised Master Spreadsheet [Rec. Doc. 22649-1 at #3577]. Unfortunately, counsel for Young confirmed with Class Counsel on August 23, 2019, that 1,797 was the correct square footage (*see* email from Sal Christina to Emma Schwab, attached hereto as Exhibit "14"). However, thereafter, Young timely submitted a challenge to the Claims Administrator within 35 days of the publication of the Master Spreadsheet on the MDL

docket, which included the builder's floorplan and the deposition testimony of Young. BrownGreer denied the challenge on November 1, 2019.

Class Counsel Recommendation: Given Young's timely challenge to the square footage calculation for her property and the supporting evidence that the garage is a finished room with heating and air conditioning, the appeal should be granted. The Product ID for this property is MADE IN CHINA MEET[S] OR EXCEED[S] (Category "I"). Young previously received Chinese Drywall payments totaling $6,761.21. Class Counsel estimates that Young's Allocation Amount will increase by $17,312.60, if the appeal is granted.

12.     Jon Jackel [Rec. Doc. 22668]: Jon Jackel ("Jackel") (represented by Becnel Law Firm) is an *Amorin* Class Member who is appealing the square footage calculation for his property located at 244 Springrose Drive, Belle Chasse, LA 70037. Jackel contends the correct under air square footage for the property is 4,538, rather than 3,663 as set forth in the Updated Revised Master Spreadsheet [Rec. Doc. 22649-1 at #1264]. For the 875 square foot difference, Jackel relies on an inspection report containing a computer-generated schematic with no dimensions and a handwritten note that the first floor has 3,663 square feet and the second floor has 875 square feet (*see* inspection report, attached hereto as Exhibit "15"). Importantly, the second floor is identified as "unfinished" and attic space, which is not included in the under air square foot calculation. On August 23, 2019, counsel for Jackel confirmed that the correct square footage was 3,663 (*see* email from Sal Christina to Emma Schwab, attached hereto as Exhibit "16"). Further, Jackel did not challenge this square footage amount after the Master Spreadsheet was published on the MDL docket, as he was required to do under Section 12.1.2 of the Settlement Agreement.

Class Counsel Recommendation: Based on insufficient evidence to justify an increase in under air square footage (second floor inspection report), and the failure to challenge square

footage within 35 days of the publication of the Master Spreadsheet on the MDL docket pursuant to Section 12.1.2 of the Settlement Agreement, the appeal should be denied.

13.    <u>Shawndrika Sutton [Rec. Doc. 22669]</u>: Shawndrika Sutton ("Sutton") (represented by Becnel Law Firm) is a *Brooke* Plaintiff who is appealing the square footage calculation for her property located at 12931 Lake Carmel Drive, New Orleans, LA 70128. Sutton contends that the correct square footage, excluding the garage, is 1,614, rather than 1,014 as set forth in the Updated Revised Master Spreadsheet [Rec. Doc. 22649-1 at #3345] The declaration of counsel for Sutton, which was submitted on August 4, 2017, attests that the correct under air square footage of the property is 1,014 (*see* declaration of Sal Christina, attached hereto as Exhibit "17"). On August 23, 2019, counsel for Sutton confirmed that the correct square footage was 1,014 (*see* email from Sal Christina to Emma Schwab, attached hereto as Exhibit "18"). Further, Sutton did not challenge the square footage amount after the Master Spreadsheet was published on the MDL docket, as she was required to do under Section 12.1.2 of the Settlement Agreement. However, the appraisal for the property, submitted to the Claims Administrator in connection with the prior GBI settlements in 2013 (Doc ID 186357), shows 1,614 square feet of under air living space (*see* appraisal, attached hereto as Exhibit "19").

<u>Class Counsel Recommendation</u>: It is within the Court's discretion to accept different square footage information for the subject property submitted to BrownGreer in 2013. However, Sutton failed to correct the square footage discrepancy before the Master Spreadsheet was published on the MDL docket and further failed to submit a challenge to the Claims Administrator within 35 days after the publication of the Master Spreadsheet. For these reasons, the appeal should be denied.

14.    <u>Wanadoo, LLC [Rec. Doc. 22676]</u>: Wanadoo, LLC ("Wanadoo") (represented by Allison Grant PA) is an *Amorin* Class Member who is appealing its Allocation Amount Determination with respect to prior payment calculations for a property located at 9275 Marsh Island Drive, Vero Beach, FL 32963. Wanadoo contends that the correct prior Chinese Drywall payments should be $42,141.47, rather than $88,974.03 as set forth in the Updated Revised Master Spreadsheet [Rec. Doc. 22649-1 at #3470]. Unfortunately, counsel for Wanadoo confirmed with Class Counsel that the correct prior payment amounts were $88,974.03 (*see* email from Allison Grant to Emma Schwab, attached hereto as Exhibit "20"). Further, Wanadoo did not challenge the prior payment information after the Master Spreadsheet was filed on the docket, as it was required to do if it believed the published prior payment amounts were incorrect. Settlement Agreement, Section 12.1.2.

<u>Class Counsel Recommendation</u>: It appears that Wanadoo is attempting on appeal to correct information that should have been brought to the attention of the Claims Administrator within 35 days of the publication of the Master Spreadsheet on the MDL docket pursuant to Section 12.1.2 of the Settlement Agreement, well before the Allocation Amount Determinations were disseminated. For this reason, the appeal should be denied.

15.    <u>Randy and G. Antoinette Chevalier [Rec. Doc. 22697]</u>: Randy and G. Antoinette Chevalier ("Chevalier") (represented by Herman, Herman & Katz) are *Amorin* Class Members who are challenging the under air square foot calculations for two properties located at 3900-3902 Franklin Avenue, New Orleans, LA 70122 ("Franklin Avenue") and 2585 Jonquil Street, New Orleans, LA 70122 ("Jonquil Street"). They contend the combined correct square footage for these properties should be 3,784, rather than 3,025 (2,125 for Franklin Avenue and 900 for Jonquil Street) as set forth in the Updated Revised Master Spreadsheet [Rec. Doc. 22649-1 at #494 and

#495]. On May 19, 2017, counsel for Chevalier submitted declarations attesting to 3,025 as the correct aggregate square footage for both properties (*see* declarations, collectively attached hereto as Exhibit "21"). Chevalier did not submit a formal challenge regarding the square footage information to the Claims Administrator within 35 days of the publication of the Master Spreadsheet on the MDL docket (*i.e.*, on or before October 3, 2019), but on October 14, 2019, counsel for Chevalier uploaded an appraisal by Murphy Appraisal Services, LLC for Franklin Avenue and Jonquil Street to the BrownGreer portal (Doc ID 371698) (*see* appraisal, attached hereto as Exhibit "22"). The appraisal indicates that the "building area" for these properties is 3,784 square feet, but does not state that the total is for "living" space or "under air."

Class Counsel Recommendation[1]: Chevalier did not timely submit a formal challenge to the Claims Administrator, but did provide updated evidence of square footage calculations that was uploaded to the BrownGreer portal on October 14, 2019, 11 days after the deadline. If the Court grants the appeal, Class Counsel estimates that Chevalier's award would increase by $33,851.77.

16.    Michael Gallacher and Randall Baker [Rec. Doc. 22698]: Michael Gallacher and Randall Baker ("Gallacher") (represented by Baron & Budd) are *Amorin* Class Members who are challenging the square footage calculations for a property located at 8911 Cobblestone Point Circle, Boynton Beach, FL 33472. They contend the under air square footage should be 4,134, rather than 3,830 as set forth in the Updated Revised Master Spreadsheet [Rec. Doc. 22649-1 at #924]. The basis for the increased square footage request is a "bonus room." However, they rely on a copy of a tax assessor's record for a neighbor's house owned by Marshall Stitsky and located

---

[1] Class Counsel's recommendation does not include the opinion of Steve Herman, who is also counsel for Chevalier.

at 8561 Cobblestone Point Circle, which has a bonus room recorded (*see* second page of Doc ID 105313, attached hereto as Exhibit "23"). In support of the additional square footage for their house, Gallacher submitted a hand drawn "bonus room," which was added to the appraisal for their property along with handwritten additional square footage (*see* first page of Doc ID 105313 and Doc ID 105315, attached hereto collectively as Exhibit "24").

On May 19, 2017, counsel for Gallacher submitted a declaration attesting to 3,830 as the correct square footage amount, supported by the tax assessor's floorplan and square footage breakdown (*see* declaration, attached hereto as Exhibit "25," and tax assessor's floorplan, attached hereto as Exhibit "26"). On August 27, 2019, counsel for Gallacher confirmed with Class Counsel that the square footage of 3,830 was correct (*see* email from Holly Werkema to Emma Schwab, attached hereto as Exhibit "27"). Further, Gallacher did not challenge the square footage calculations for the property after the Master Spreadsheet was filed on the docket, as they were required to do if they believed the published amount was incorrect. Settlement Agreement, Section 12.1.2.

Class Counsel Recommendation: Gallacher did not submit a challenge regarding the square footage for the property to the Claims Administrator within 35 days of the publication of the Master Spreadsheet on the MDL docket pursuant to Section 12.1.2 of the Settlement Agreement. Moreover, the evidence supporting the request for increased square footage for a bonus room is not related to the property itself, but rather to a neighbor's property. For these reasons, the appeal should be denied.

17. Lisa and Charles Robin, III [Rec. Doc. 22699]: Lisa and Charles Robin, III ("Robin") (represented by Baron & Budd) are *Amorin* Class Members who were excluded by Class Counsel from the Master Spreadsheet for failure to submit any indicia of Covered Chinese

Drywall. Robin timely submitted a Claim Form to the Claims Administrator for a property located at 1921 Russell Drive, St. Bernard, LA 70085, which was accepted. On appeal, they are challenging their status in the Settlement as new claimants. Although Robin was included on the *Amorin* complaint, Robin never completed a Plaintiff Profile Form or a Supplemental Plaintiff Profile Form, as required of all *Amorin* Class Members. Further, Robin did not submit any evidence of Product ID to the Plaintiffs' Steering Committee despite multiple opportunities and requests to do so as early as 2015, and for these reasons Robin was not included by Class Counsel on the Master Spreadsheet. Their exclusion was not inadvertent as claimed in Robin's appeal. On July 24, 2019, Counsel for Robin uploaded indicia of Crescent City Gypsum (Category "D") in the property. This was the first time Product ID indicia for this claimant was provided.

Class Counsel Recommendation: Robin did not challenge their exclusion from the Master Spreadsheet at any point until the filing of their appeal on April 6, 2020. As known *Amorin* Class Members, they were sent individual notice of the Class Settlement in September 2019, and could have reviewed the Master Spreadsheet at that time to determine they were not included therein. Further, they could have submitted a challenge to the Claims Administrator after the Master

Spreadsheet was published on the MDL docket, but they failed to do so. For these reasons, the appeal regarding Robin's status as new claimants should be denied.

Respectfully submitted,

Dated:  April 13, 2020                     By: */s/ Stephen J. Herman*
                                            Russ M. Herman (Bar No. 6819)
                                            Leonard A. Davis (Bar No. 14190)
                                            Stephen J. Herman (Bar No. 23129)
                                            Herman, Herman & Katz, LLC
                                            820 O'Keefe Avenue
                                            New Orleans, LA 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            SHerman@hhklawfim.com

*Plaintiffs' Liaison Counsel MDL 2047 and Settlement Class Counsel*

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com

*Plaintiffs' Lead Counsel MDL 2047 and Settlement Class Counsel*

Patrick Shanan Montoya
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Telephone:  (305) 476-7400
Facsimile:  (305) 476-7444
Patrick@colson.com

*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
757-233-0009
Rserpe@serpefirm.com

*Plaintiffs' Steering Committee MDL 2047 and
Settlement Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 13th day of April, 2020.

*/s/ Stephen J. Herman*