UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT
OF MOTION TO SEVER**

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | SUMMARY OF THE MOTION | 3 |
| II. | UNDISPUTED FACTS | 4 |
| III. | ARGUMENT | 4 |
| IV. | CONCLUSION | 5 |

Plaintiffs submit this memorandum in support of their motion to sever the claims of Plaintiffs Wicler Pierre and Peggy Powell from the above-styled action pursuant to Fed. R. Civ. P. 21.

## I. SUMMARY OF THE MOTION

Over one hundred twenty (120) Plaintiffs remain joined in this action. The parties have completed discovery, expert disclosures and are nearing the end of the scheduling order for all pretrial activities. Defendants have filed over fifty dispositive motions and Plaintiffs have responded to over thirty-five to date. The remaining responses will be filed within the next three weeks. At that point, the claims are due to be remanded to the transferor court.

Defendants have been successful in a handful of summary judgment challenges, but Plaintiffs wish to file an appeal regarding two that were dismissed – Wicler Pierre and Peggy Powell. The deadline for filing Wicler Pierre's appeal notice is April 14, 2020 and the deadline for filing Peggy Powell's appeal notice is May 6, 2020. Plaintiffs will file an unopposed motion to extend the deadline for filing a notice of appeal concurrent with this motion to sever, allowing additional time for this matter to be submitted and acted upon by the Clerk of Court if it is approved.

Without severance, filing an appeal for the two individual claims would effectively halt the other individual claims that should move towards trial dates without any further delays. The case is now in the sixth year and another extensive delay would delay justice for the other plaintiffs. As opposing counsel aptly stated recently, the wheels of justice must keep rolling.

This requested severance under Rule 21 would create two new, separate individual cases, with separate civil action numbers for Plaintiffs Peggy Powell and Wicler Pierre who have affected properties in Mississippi and Florida, respectively. An order severing these two claims will be in the interest of justice of all Plaintiffs in the *Bennett* action.

In accordance with Local Rules, counsel for the opposing parties were contacted prior the

filing of this motion, were made aware of Plaintiffs' desire to file, but they chose to take no position at this time. Therefore, this motion not be by consent. Instead, it will be set for submission on the Court's next motion day, April 29, 2020, and Defense Counsel will have sufficient time to respond, if they feel it is necessary.

## II. UNDISPUTED FACTS

1. Plaintiffs have defective drywall in their homes that they allege was manufactured and sold by the Knauf Defendants.

2. Plaintiffs filed their claims in this *Bennett* action and each participated in the discovery process.

3. Defendants filed summary judgment motions related to both Plaintiff Wicler Pierre and Peggy Powell's claims.

4. This Court granted Defendants' summary judgment motions regarding Plaintiff Peggy Powell and Plaintiff Wicler Pierre, entering a final judgment in each instance.

5. Severing these two individual claims from *Bennett* will allow the appeal of Plaintiffs Pierre and Powell to proceed in the Fifth Circuit while this Court retains jurisdiction over all other claims.

## III. ARGUMENT

The sole reason for seeking this severance in this instance is to allow the appeals of Plaintiffs Wicler Pierre and Peggy Powell to be filed and proceed in the U.S. Court of Appeals for the Fifth Circuit independently while this Court to retains jurisdiction over all other individual claims in *Bennett*. Severing these two claims will allow the others to proceed unhindered in this Court until remand to the transferor court is appropriate. Denying this severance will invite unnecessary delay for those claims not impacted by the Pierre and Powell

issues that will be raised on appeal.

"It is clear that district courts, pursuant to Rule 21, have the power to sever claims and have the claims proceed separately." *Gomez v. Dept. of the Air Force*, 869 F.2d 852, 859 (5th Cir. 1989). "It is within the district court's broad discretion whether to sever a claim under Rule 21. Before making the severance, the district court does not need to determine the merit of the second claim. As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) (additional citations omitted). Given the maturity of the *Bennett* action and the additional delay that the other claimants will endure if their claims are stayed concurrently with Plaintiffs' appeal, it is clearly in the interest of justice to sever the Powell and Pierre claims from *Bennett*.

## IV. <u>CONCLUSION</u>

Severing the claims of Plaintiffs Wicler Pierre and Peggy Powell would allow all other individual claims in *Bennett* to continue under this Court's jurisdiction. Accordingly, Plaintiffs request an Order with instructions to the Clerk of Court to sever these two claims and assign new civil action numbers without delay.

/s/ *James V. Doyle, Jr.*

James V. Doyle
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 205-414-7528
jimmy@doylefirm.com

*Attorney for Plaintiffs*