UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY ROBERT AMUSO AND STEPHANE AMUSO; HOAN BAO AND HANH BICH THI TRAN; ELIZABETH BENNETT; JENNIFER BRADY AND WILLIAM BRADY; DAMIAN CASON AND LESLIE MARIE CASON; BECKY CHEDESTER AND MICHAEL CHEDESTER; KATIE HALLMARK AND JASON HALLMARK; IKE IJEMERE AND NANCY IJEMERE; JOSHUA KELLEY AND ERNEST HAMILTON; BOOKER LEE AND TERRI LEE; NIC CORNELISON AND R&S PROPERTIES, LLC; DAVID REYNOLDS AND DAHNELLE REYNOLDS; CARL RUSSELL AND LYNN RUSSELL; JASON SCOTT; AND <u>RONALD STANFA AND PATRICIA STANFA</u>**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of its Omnibus Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs' claims asserted in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint") should be dismissed because each Plaintiff purchased their respective Property in Alabama after they allege the defective drywall was installed: Robert Amuso and Stephane Amuso; Hoan Bao and Hanh Bich Thi Tran; Elizabeth Bennett; Jennifer Brady and William Brady; Damian Cason and Leslie Marie Cason; Becky Chedester and Michael

Chedester; Katie Hallmark and Jason Hallmark; Ike Ijemere and Nancy Ijemere; Joshua Kelley and Ernest Hamilton; Booker Lee and Terri Lee; Nic Cornelison and R&S Properties, LLC; David Reynolds and Dahnelle Reynolds; Carl Russell and Lynn Russell; Jason Scott; and Ronald Stanfa and Patricia Stanfa (collectively, "Plaintiffs"). There is no genuine issue of material fact, and the claims asserted by Plaintiffs should be dismissed because they are barred.

The rule in Alabama is clear: a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without an assignment of that cause of action.[1] The authorities cited by Plaintiffs are incorrectly represented and do not contradict or challenge this clear rule and Plaintiffs' claims should be dismissed.

### A.   *Keck* Involved a Manufacturer Defendant and is Directly on Point

Plaintiff's opposition hinges on its argument and representation of that *Keck v. Dryvit Systems, Inc.*, 830 So. 2d 1 (Ala. 2002) was limited to non-manufacturers. There the Alabama Supreme Court upheld the dismissal of a subsequent purchaser's negligence claims arising out of the installation of defective building materials prior to the claimant's purchase of the home. Contrary to Plaintiff's assertions, *Keck* is directly on point with the present Bennett Plaintiffs' claims.[2] Plaintiff attempts to distinguish *Keck* by asserting that *Keck* involved a contractor while this case involves claims against manufacturers. However, *Keck* involved claims against the manufacturer as well as claims against contractors, and all claims, including those against the manufacturer were dismissed because the Alabama Supreme Court found that the owner, as a subsequent purchaser could not pursue the cause of action without an assignment of that cause of action: "The lack of privity between the Kecks and the Dryvit defendants **[which includes the**

---

[1] *Keck v. Dryvit Sys., Inc.*, 830 So. 2d 1, 9 (Ala. 2002); *Boackle v. Bedwell Const. Co., Inc.*, 770 So.2d 1076, 1081 (Ala. 2000); *Copenhagen Reinsurance Co. v. Champion Home Builders Co., Inc.*, 872 So.2d 848, 855 (Ala. Civ. App. 2003).

[2] *Keck* 830 So.2d at 9.

**manufacturer]** forecloses such claims because the Kecks are not the initial purchasers of the house."[3] Thus, *Keck* applies to this case and Plaintiffs claims are barred against the Knauf Defendants because they did not receive an assignment of the claim from the initial purchaser.

### B. The AEMLD Was Not Alleged and Otherwise Does Displace the General Rule

Plaintiffs' complaint is completely devoid of any allegations, causes of action, or even mention of the Alabama Extended Manufacturing Liability Doctrine. R. Doc. 21334. Indeed, while Plaintiffs alleged claims for Louisiana plaintiffs under the Louisiana Products Liability Act, Plaintiffs failed to allege, assert or even mention any claims under the AEMLD. Plaintiffs cannot use their Opposition brief to raise new claims; thus, the new "AEMLD" arguments should be rejected. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage."). Therefore, like Plaintiffs belated attempt to morph their claims to include a non-existent post-sale duty to warn claim, Plaintiffs have not alleged and do not have any active claims under the AEMLD for Alabama Bennett Plaintiffs.

Moreover, even assuming that the Alabama Extended Manufacturing Liability Doctrine somehow displaces the rule recited in *Keck*, AEMLD does not apply to this matter because a "product" is not involved.

> The question whether an item attached to realty may be considered a product for purposes of the AEMLD must be based on the underlying policies of product-liability law in Alabama, not on the law of fixtures. When considering whether an

---

[3] *Id.*

item attached to realty constitutes a 'product' for purposes of the AEMLD, we must consider the overall function and life span of the item.[4]

In *Keck*, the Alabama Supreme Court found that the artificial stucco siding was not a "product" for purposes of AEMLD because it was expected to endure for the entire useful life of the house.[5] The Court distinguished the stucco siding from other "products", such as roofing materials, which are not structural and not expected to endure the useful life of the house.[6] Plaintiffs' sole argument that drywall is a "product" for purposes of the AEMLD is that the Knauf Defendants have used the term "product" to colloquially refer to the drywall at issue.[7] Clearly, the colloquial use of a discrete term of art is not determinative of the issue, particularly when Plaintiffs failed to ever mention such a claim existed for Alabama Bennett Plaintiffs in the Complaint or until now in opposition to summary judgment Further, the drywall is clearly structural, as with the stucco siding in *Keck*. This Court has recognized the structural nature of drywall.[8]

Further, *Jones v. Gulf States Steel Co.*, 88 So. 2d (1921) and *Harris v. Board of Water and Sewer Commissioners of City of Mobile*, 320 So.2d 624 (1975), cited by Plaintiffs as a basis for liability, involved pre-AMELD law and applied concepts that have been absorbed by the AEMLD. Accordingly, these cases are inapplicable because the AMELD is inapplicable. *Harris,* 320 So.2d 624 involved a fire hydrant that failed to work, resulting in a fire that caused damage. Addressing the negligence claims, the Alabama Supreme Court found that the plaintiffs may have a cause of action against the supplier because 1) a party to a contract assumed a duty via the contract, and 2) liability arose under pre-AEMLD concepts. Neither concept applies here. First, as so strenuously

---

[4] *Keck* 830 So.2d at 6.
[5] *Id.*
[6] *Id.* at 5.
[7] Contrary to Plaintiffs assertion at R. Doc. 22701 p. 11, the Knauf Defendants have not stipulated to liability.
[8] *In re Chinese Manufactured Drywall Products Liab. Litig.*, 680 F.Supp.2d 780, 793, 795 (E.D. La. 2010) ("The Chinese drywall is not structurally inferior drywall, nor does it fail to serve its intended structural purpose . . . ."; ". . . the Chinese drywall stands just as any other functioning drywall, serving its intended structural purpose.").

argued by Plaintiffs, there is no contract at issue that would impose any duty on the Knauf Defendants. Second, *Harris* applied the liability concepts that now make up the AEMLD, which does not apply here, as shown above.

Accordingly, AEMLD does not apply to displace the rule, and as in *Keck,* Plaintiffs claims are barred against the Knauf Defendants because they were not the initial purchasers of the respective Property and failed to provide evidence of an assignment of any claims

### C. The Economic Loss Rule Does not Change the Analysis

Plaintiffs assert that established Alabama jurisprudence should somehow be disregarded because of the inapplicability of the economic loss rule. However, the cases cited by Plaintiffs did not address the economic loss rule in the context of a subsequent purchaser claiming damages to property sustained before the purchase.

*Tuscumbia City Sch. Sys. V. Pharmacia Corp.*, 871 F. Supp. 2d 1241 (N.D. Ala. 2012) dealt with claims against a manufacturer brought by the property owner, which was the owner when the defective product was purchased and installed. *In re Chinese Manufactured Drywall Products Liab. Litig.*, 680 F.Supp.2d 780 recognized that Louisiana does not recognize the economic loss rule, and this Court applied Louisiana's subsequent purchaser doctrine in this matter to dismiss the claims of Toni Macksey, Ronald and Maria Natal, and Bank of Louisiana under Louisiana's similar subsequent purchaser doctrine.[9] The economic loss rule did not color the disposition of those claims, illustrating that the economic loss rule is irrelevant here. Thus, the inapplicability of the economic loss rule is irrelevant to the issue of whether Plaintiffs' claims are barred against the Knauf Defendants when they were not the initial purchasers of the respective Property when the damage was sustained and have not obtained any assignment

---

[9] R. Doc. 22615 at 22-24.

Similarly, this matter is further distinguishable from *Tuscumbia City Sch. Sys.*, 871 F. Supp. 2d at 1251, which made distinction that the defective product was not destroying the buildings at issue.[10] "Rather, plaintiff alleges that its injury is the ongoing hazardous conditions in its schools."[11] Here, there is no ongoing hazardous condition. Plaintiffs did not plead a continuing tort in the Fifth Amended Complaint and have submitted no evidence that an "ongoing hazardous condition" exists. Further, this Court dismissed certain claims as barred by the applicable statute of limitation—thereby recognizing that a continuing tort does not exist in this case.[12] Rather, as in *In re Chinese Manufactured Drywall Products Liab. Litig.*, destruction of the Plaintiffs' respective Property is the issue presented by Plaintiffs.[13] Thus, *Tuscumbia City Sch. Sys.,* 871 F. Supp. 2d at 1251 (N.D. Ala. 2012) does not apply.

Further, Plaintiffs also attempt to circumvent the rule recited in *Keck* by asserting that the drywall is an inherently dangerous product.[14] This not a personal injury case and none of the Plaintiffs have provided any evidence of personal injuries allegedly sustained[15] Accordingly, *Chinese Manufactured Drywall Products*, which held that the economic loss rule did not apply, is further distinguishable because that ruling was largely based on allegations that the allegedly defective drywall was causing personal injuries.[16] Indeed, the Court distinguished *Casa Clara* as

---

[10] *Tuscumbia City Sch. Sys.*, 871 F. Supp. 2d at 1251.
[11] *Id.*
[12] R. Doc. 22586 at pp. 17-23.
[13] *In re Chinese Manufactured Drywall Products Liab. Litig.*, 680 F.Supp.2d at 795 ("Further, the instant matter goes beyond the concerns in *Bay Lines* of 'increased costs of doing business' and 'customer displeasure,' to concerns with the **destruction of Plaintiffs' homes** and the deterioration of Plaintiffs' health.") (emphasis added).
[14] R. Doc. 22701 at 12-18.
[15] *Boackle v. Bedwell Const. Co., Inc.*, 770 So.2d 1076, 1081 (Ala. 2000) ("The plaintiffs claim only property damage and depreciation, without any physical injury to persons.")
[16] *In re Chinese Manufactured Drywall Products Liab. Litig.*, 680 F.Supp.2d 780, 792, 793, 795, 798 (E.D. La. 2010). ("Plaintiffs further allege that the Chinese drywall causes allergic reactions, coughing, sinus and throat infection, eye irritation, respiratory problems and other health concerns.") *Id.* at 791.

merely involving property damage and analogized asbestos cases on the basis that the Chinese drywall was allegedly causing physical injury.[17] Again, this is not a personal injury case.

Lastly, Alabama jurisprudence extends the rule recited in *Keck* to foreclose claims not only to the defective item itself, but also damage caused by the item. For instance, in *Wooldridge v. Rowe*, 477 So.2d 296 (Ala. 1985) and *Wells v. Clowers Constr. Co.*, 476 So.2d 105 (Ala. 1985), the Alabama Supreme Court dismissed plaintiff's claims for fire damage to their homes caused by defective fireplaces. This case fits squarely with *Wooldridge* and *Wells*. Plaintiffs are bringing claims for damage to their property caused by allegedly defective drywall, and Plaintiffs claims should be dismissed.

### D. Law of the Case Doctrine is Not a Choice of Law Issue

The Knauf Defendants are not advocating for Louisiana law to be applied to Plaintiffs' claims. Rather Alabama law is virtually identical to Louisiana's subsequent purchaser doctrine,[18] which this Court applied to dismiss the claims of Louisiana subsequent purchasers.[19] As such, this Court should maintain consistency with its reasoning in prior rulings under the law of the case doctrine and the state law applicable to a plaintiff's respective claim.[20] Further, the doctrine extends to those issues "decided by necessary implication as well as those decided explicitly."[21] Even assuming that the issue herein was not explicitly decided by this Court, this Court implicitly held that a plaintiff's claims are barred when the applicable law provides that the claims are barred

---

[17] *In re Chinese Manufactured Drywall Products Liab. Litig.*, 680 F.Supp.2d 780, 793-795 (E.D. La. 2010).
[18] *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 2010-2267 (La. 10/25/11), 79 So.3d 246, 256-57 (La. 2011). ("an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of rights belonging to the owner of the property when the damage was inflicted.")
[19] R. Doc. 22615 at 22-24.
[20] *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012).
[21] *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 880–81 (5th Cir. 1993) citing *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1098 (5th Cir. 1983).

when the plaintiff purchased their respective Property after the alleged defective drywall was installed.

Here, under this Court's prior ruling, applying virtually identical law to substantially the same facts, there can be no genuine issue of fact such that Plaintiffs claims are barred. Plaintiffs have presented no new evidence, and Alabama law is virtually identical to Louisiana's subsequent purchaser doctrine—as shown above and in the Knauf Defendants' Motion. Like the Louisiana subsequent purchasers, , the Plaintiffs' claims here are barred because they each purchased their respective Property after the alleged defective drywall was installed and there is no evidence they were assigned or subrogated to any of the prior owners' rights.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0275
Email:    kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 15th day of April, 2020.

      /s/ *Kerry J. Miller*
      **KERRY J. MILLER**