UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| **This document relates to:** *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* Case No. 14:cv-2722 | JUDGE ELDON FALLON MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY JACKELYN AQUIRRE O.B.O HOME AND LAND, INC.; ED BALL AND MARGOT GRAVEL; STEVE BINNS AND MARTIN KUNTZ; DAN BLONSKY AND SHONA BLONSKY; CONSUELA BURGOS; TOBI BUTCHER AND KENNETH BUTCHER; ISIDRO CALDERON AND MARFELIA CALDERON; CDO INVESTMENTS, LLC; ABIGAIL COHEN; ELVIS FERRERA; MERCEDES GASPARD AND NICOLE GASPARD; CESAR JARAMILLO AND INES JARAMILLO; DOLORES JARVIS; JOHN JUDGE; KEVIN KARPEL; M. ELENA KENDALL AND A&B REAL ESTATE HOLDINGS LLC; CHRISTOPHER KOPACH AND JULIANNE KOPACH; V. ALETHIA LOCKE-ESBERRY; MARIE LORQUET; MARK FLOMAN AND M AND M THE CLOSERS, LLC; NANCY MANSOUR AND WILLIAM MANSOUR; NEVILLE MARQUES; JULIO MARTINEZ; KARINA MARTINEZ; MCF ENTERPRISES, INC.; CARL MOORE AND ELLEN MOORE; SUSAN NIEMIEC AND JOSEPH NIEMIEC; BRUNO ESEBAN ULLAURI PAREDES AND KARINA JANNINE SVOBODA STRAKA; FRED POOL AND RAQUEL DEFIGUEIREDO; OLIVIA PORCIUNCULA AND LES PORCIUNCULA; GLENN PRICE AND YVETTE PRICE; MARK RIGOPOULOS AND SHERI RIGOPOULOS; BYRON ROBBINS AND FERN ROBBINS; RUBEN DAPENA O.B.O. ANNETTA, LLC AND BACO ANNETTA, LLC; AMRITA ROOPCHAND AND RENNIE ROOPCHAND; VINCE RUSSO AND ROSE RUSSO; CARLOS SALABARRIA; SANTIAGO GUZMAN AND SKYLINE GLASS LLC; FRED STOCKTON AND JESSICA STOCKTON; MATTHEW TABACCHI O.B.O. ALLSTATE SERVICING, INC.; SHARON TIMMONS; KURT TOLLIVER AND SUZANNE TOLLIVER; ANJALI VAN DRIE; LAURA VEIRA AND ALESKI SANTIAGO; PETER WALIMIRE; <u>AND MICHAEL ZELENENKI AND KARMA ZELENENKI</u>[1]**

---

[1] This Reply Memorandum pertains to the two Motions for Summary Judgment concerning Florida claimants. R. Doc. 22658 and R. Doc. 22688, and Plaintiffs' Oppositions thereto. R. Doc. 22705 and R. Doc. 22706.

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of its Motions for Summary Judgment (R. Doc. 22658 and R. Doc. 22688) (the "Motions") pursuant to Rule 56 of the Federal Rules of Civil Procedure. The following Plaintiffs' claims asserted in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint") should be dismissed because each Plaintiff purchased their respective Property in Florida after they allege the defective drywall was installed:  Jackelyn Aquirre o.b.o Home and Land, Inc.; Ed Ball and Margot Gravel; Steve Binns and Martin Kuntz; Dan Blonsky and Shona Blonsky; Consuela Burgos; Tobi Butcher and Kenneth Butcher; Isidro Calderon and Marfelia Calderon; CDO Investments, LLC; Abigail Cohen; Elvis Ferrera; Mercedes Gaspard and Nicole Gaspard; Cesar Jaramillo and Ines Jaramillo; Dolores Jarvis; John Judge; Kevin Karpel; M. Elena Kendall and A&B Real Estate Holdings LLC; Christopher Kopach and Julianne Kopach; V. Alethia Locke-Esberry; Marie Lorquet; Mark Floman and M and M the Closers, LLC; Nancy Mansour and William Mansour; Neville Marques; Julio Martinez; Karina Martinez; MCF Enterprises, Inc.; Carl Moore and Ellen Moore; Susan Niemiec and Joseph Niemiec; Bruno Eseban Ullauri Paredes and Karina Jannine Svoboda Straka; Fred Pool and Raquel DeFigueiredo; Olivia Porciuncula and Les Porciuncula; Glenn Price and Yvette Price; Mark Rigopoulos and Sheri Rigopoulos; Byron Robbins and Fern Robbins; Ruben Dapena o.b.o. Annetta, LLC and Baco Annetta, LLC; Amrita Roopchand and Rennie Roopchand; Vince Russo and Rose Russo; Carlos Salabarria; Santiago Guzman and Skyline Glass LLC; Fred Stockton and Jessica Stockton; Matthew Tabacchi o.b.o. Allstate Servicing, Inc.; Sharon Timmons; Kurt Tolliver and Suzanne Tolliver; Anjali Van Drie;

Laura Veira and Aleski Santiago; Peter Walimire; and Michael Zelenenki and Karma Zelenenki (collectively, "Plaintiffs").

The rule in Florida is clear: a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without an assignment of that cause of action.[2] The authorities cited by Plaintiffs do not contradict or challenge this clear rule, and Plaintiffs' claims should be dismissed.

### A. *Ginsburg* is on point.

First, *Ginsburg* is on point. Plaintiffs attempt to distinguish *Ginsburg* by asserting that *Ginsburg* merely involved the enforcement of a mortgage assignment. However, *Ginsburg* is on point because it involved tort claims for property damage, and the court ultimately dismissed the subsequent purchaser's claims after determining that the mortgage assignment did not result in an assignment of the prior owner's claims.[3] The *Ginsberg* court conducted a lengthy review of the economic loss rule and ultimately concluded that Plaintiff's tort claims for property damage were properly dismissed because the damage occurred before plaintiff purchased the property and the claims were not assigned.[4] Like in *Ginsburg*, none of the deeds mention, or attempt to assign any cause of action. Accordingly, Plaintiffs' do not have a cause of action.

### B. Strict Liability Does not Change the Analysis

Plaintiffs assert that established Florida jurisprudence should somehow be disregarded because of the applicability of the doctrine of strict liability. Yet, the cases cited by Plaintiffs did not address strict liability in the context of a subsequent purchaser claiming damages to property

---

[2] *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490, 496 (Fla. Dist. Ct. App. 1994) citing *Selfridge v. Allstate Ins.*, 219 So. 2d 127, 128 (Fla. 1969)*; and quoting* State Road Dept. v. Bender*, 147 Fla. 15, 2 So.2d 298 (Fla. 1941).

[3] *Ginsberg*, 645 So.2d at 496 ("The Assignment of Mortgage makes no mention of, or attempt to, assign to Lennar any cause of action held by the RTC.").

[4] *Id.*

sustained before the purchase. Plaintiff is conflating two separate concepts. Strict liability deals with whether certain elements of negligence need to be proven to establish liability.[5] Here, the Motions concern whether a subsequent purchaser may pursue a cause of action arising out of injury to property without an assignment of that cause of action. As shown above, the answer is no.

### C. There is No Continuing Tort.

Next, the damages alleged by Plaintiffs occurred before the purchase of their respective properties. This Court recognized as much when it dismissed the Louisiana Subsequent Purchasers: "an owner of property has no right or actual interest in recovering from a third party for ***damage which was inflicted on the property before his purchase*** . . . ."[6]

This rationale is supported under Florida law.[7] In *Durrance*, the subsequent purchaser sought damages arising from fill being placed against a fence on the property.[8] Surely, the fill was still in place when the subsequent purchaser took ownership, and the court could have found that the damage was continuing such that the subsequent purchaser had a cause of action in its own right.[9] However, the court found that the subsequent purchaser did not have a right to bring the cause of action because there was no evidence of an assignment.[10]

Further, taking the allegations as pled, each Plaintiff purchased their respective Property after they allege the defective drywall was installed in the Property, and the tortious act occurred upon installation. Plaintiffs' complaint is completely devoid of any allegations or even mention of

---

[5] *West v. Caterpillar Tractor Co., Inc.*, 336 So.2d 80, 90 (Fla. 1976) ("Strict liability does not make the manufacturer or seller an insurer. Strict liability means negligence as a matter of law or negligence per se, the effect of which is to remove the burden from the user of proving specific acts of negligence.")

[6] R. Doc. 22615 p. 22 *quoting Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.* 2010-2267 (La. 10/25/11), 79 So.3d 246, 256-57 (La. 2011).

[7] *Durrance v. Horner*, 711 So.2d 135, 136 (Fla. Dist. Ct. App.1998).

[8] *Id.*

[9] *Id.*

[10] *Id.*

a continuing tort.[11] Plaintiffs cannot use their Opposition brief to raise new claims; thus, the new "continuing tort" arguments should be rejected.[12] Therefore, like Plaintiffs belated attempt to morph their claims to include a non-existent post-sale duty to warn claim, Plaintiffs have not alleged and do not have any continuing tort claims. Plaintiffs make the conclusory assertion that there is no dispute that the defective drywall remains in their home and continues to emit corrosive gasses.[13] This has not been established by Plaintiffs or stipulated to by the Knauf Defendants. Plaintiffs further assert that they have alleged a continuing tort by citing to Paragraph 31 of the Original Bennett Complaint, which states that:

> As a direct and proximate result of Defendants' defective, problematic, and unfit drywall and the corrosive and harmful effects of the sulfur compounds and other noxious gases released from these products, Plaintiffs and the Class Members have suffered, and continue to suffer, economic harm and/or personal injury.[14]

"A continuing tort is 'established by continual tortious acts, not by continual harmful effects from an original, completed act.'"[15] Simply alleging that the Plaintiffs continue to suffer economic harm and/or personal injury hardly rises to the level of establishing an allegation that a continuing tort exists. Overall, Plaintiffs have not alleged a continuing tort. Plaintiffs did not plead a continuing tort in the Fifth Amended Complaint and have submitted no evidence that a continuing tort exists. Further, this Court dismissed certain claims as barred by the applicable statute of limitation—thereby recognizing that a continuing tort does not exist in this case.[16]

---

[11] R. Doc. 21334.

[12] See, e.g., *DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); see also *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

[13] R. Doc. 22705.

[14] R. Doc. 1 at p. 10.

[15] *Suarez v. City of Tampa*, 987 So.2d 681, 686 (Fla. 2d DCA 2008) (*quoting Horvath v. Delida*, 213 Mich.App. 620, 540 N.W.2d 760, 763 (1995)).

[16] R. Doc. 22586 at pp. 17-23.

Lastly, Plaintiffs seek to revive equitable tolling and post-sale duty to warn issues in an oblique attempt to overcome the clear Florida jurisprudence that Plaintiffs' claims are barred as subsequent purchasers. First, this Court ruled that post-sale duty to warn/equitable estoppel has not been shown in this case.[17] Second, these concepts are irrelevant because they apply to statute of limitations issues—Plaintiffs recognize this in their Opposition to the Motion.[18]

### D. Law of the Case Doctrine is Not a Choice of Law Issue

Next, the Knauf Defendants are not advocating for Louisiana law to be applied to Plaintiffs' claims. Rather Florida law is virtually identical to Louisiana's subsequent purchaser doctrine,[19] which this Court applied to dismiss the claims of Louisiana subsequent purchasers.[20] As such, this Court should maintain consistency with its reasoning in prior rulings under the law of the case doctrine and the state law applicable to a plaintiff's respective claim.[21] Further, the doctrine extends to those issues "decided by necessary implication as well as those decided explicitly."[22] Even assuming that the issue herein was not explicitly decided by this Court, this Court implicitly held that a plaintiff's claims are barred when the applicable law provides that the claims are barred when the plaintiff purchased their respective Property after the alleged defective drywall was installed.

Here, under this Court's prior ruling, applying virtually identical law to substantially the same facts, there can be no genuine issue of fact such that Plaintiffs claims are barred. Plaintiffs

---

[17] R. Doc. 22586 pp. 19-20 ("Accordingly, the evidence does not support Plaintiffs' estoppel argument.")
[18] R. Doc. 22705 p. 14.
[19] *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 2010-2267 (La. 10/25/11), 79 So.3d 246, 256-57 (La. 2011). ("an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of rights belonging to the owner of the property when the damage was inflicted.")
[20] R. Doc. 22615 at 22-24.
[21] *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012).
[22] *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 880–81 (5th Cir. 1993) citing *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1098 (5th Cir. 1983).

have presented no new evidence, and Florida law is virtually identical to Louisiana's subsequent purchaser doctrine—as shown above and in the Knauf Defendants' Motions. Like the Louisiana subsequent purchasers, the Plaintiffs' claims here are barred because they each purchased their respective Property after the alleged defective drywall was installed and there is no evidence they were assigned or subrogated to any of the prior owners' rights.

### E. Conclusion

Overall, the Plaintiffs each purchased their respective Property after the alleged defective drywall was installed in the Property. In Plaintiffs' respective deeds, Plaintiffs were not assigned or subrogated to any of the prior owners' rights, and no evidence of an assignment or subrogation has been presented.[23] Therefore, Plaintiffs' claims are barred.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:  504.556.5549
Facsimile:  504.310.0275
Email:  kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

---

[23] See Warranty Deeds. (Deeds for Lorquet and Tabacchi were not provided. However, no evidence of an assignment or subrogation has been presented).

Page **7** of **8**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 16th day of April, 2020.

                                        /s/ *Kerry J. Miller*
                                        **KERRY J. MILLER**