IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

**CIVIL ACTION NO. 09-4115**                                  **SECTION: L**

**CLAIMANT ID: 114500**     **AFFECTED PROPETY ID: 18412**     **CLAIM ID: 14113**

## WESTCHESTER APARTMENTS, L.L.C. AND KEVIN U. STEPHENS
Appellant

### MEMORANDUM IN SUPPORT OF APPELANTS' OPPOSITION TO DETERMINATION BY SETTLEMENT ADMINISTRATOR

MAY IT PLEASE THE COURT:

NOW INTO COURT, comes Appellant, Kevin U. Stephens.

#### SUMMARY OF THE ARGUMENT

The Appellant is requesting that the Court increase the Chinese Drywall sheetrock damage award from one unit (D5) to include all 44 Westchester Apartment units and award just and equitable relief for the other losses and damages caused from the Chinese Drywall sheetrock such as the demolition costs and replacement costs of all 44 apartment units.

The request for increasing the damage award from one unit to include all 44 units is based upon three undisputed facts. First of all, the inspector was commissioned to evaluate the entire Westchester Property and the final report submitted documented that the Chinese Drywall as described in Unit D5 was present in the entire Westchester property complex. On or around May 22, 2013, there was an inspection done by Shawn Macomber, CDDC documenting the presence of Chinese Drywall. In his report, Doc ID 17514 on page 2, he is quoted as follows: **"At your request, an inspection of the above property was performed on May 22, 2103. The property consists of 44 two level units. The units are all of the same floor plan or a mirror image....A limited inspection in several other units showed similar damages and branding."** This report goes on to say, **"blackened electrical, plumbing and brand identification markers coupled with known affects associated with the presence of reactive drywall...is of the opinion that reactive drywall is present in the above referenced property."** Kevin U. Stephens was present during the inspection and was told that all the apartments were identical and there was no need to have 44 individual reports since they all exhibited the same or similar findings. The report stated that reactive drywall was present in the **above referenced property,** not just Unit D 5.

The second point is that Kevin U. Stephens served as the GENERAL CONTRACTOR for this renovation. Kevin U. Stephens is a duly licensed GENERAL CONTRACTOR (License

#28061) in the State of Louisiana and personally supervised the entire renovation of the 44 units. Kevin U. Stephens bought and paid for a truck load (bulk) of sheetrock (Chinese drywall) for the entire project. One installer was used to hang, float and tape all the units with the bulk sheetrock purchased. The vendor selling the sheetrock could not be found, nor could the receipt for the purchase for the sheetrock. The installer of the sheetrock could not be located nor the receipt for the labor. The **entire** apartment complex was gutted to the studs, as mandated by the City of Slidell. New wiring and plumbing were properly installed by appropriately licensed professionals and **passed** all inspections all along the way including the permit to close in the walls by the City of Slidell Building and Fire Inspectors. It should be noted that all units were rentable. In fact, **HUD passed the 44-unit apartment** complex for rental by the Section 8 Voucher Program.

The third point is that the inspections done by the City of Slidell Building Inspector and Fire Marshall concluded and documented that the damages such as blackened electrical wires and other internal problems such as plumbing were so extensive that the entire apartment complex was declared unfit for human occupancy and electricity was disconnected from all the apartment units due to a fire hazard. The above noted damages were not present at the time of the release of original occupancy permit. These damages have been attributed as being caused by Chinese Drywall because they are of such a nature which have been attributed, associated with and accepted as being caused by Chinese Drywall and by the absence of any other cause.

The Appellant is requesting consideration for the awarding of other fair and just damages. The City of Slidell ordered inspections on or about March 11, 2015. The City of Slidell was so incensed by the "conditions of the structures." In fact, the Chief Building Official for the City of Slidell found "the **structures** to be a danger to the life, health, property and safety... and unfit for human occupancy, Doc ID 372103. This finding resulted in the **complete** demolition of the entire 44-unit apartment complex. On March 12, 2015, the St. Tammany Parish Fire Prevention District No 1 due to the potential of an electrical fire from significant blackened wires from the sulfur and other agents in the reactive sheetrock from the Chinese Drywall, ordered the electricity disconnected from the entire complex and the structure was condemned. The inspectors saw the **blackened electrical, plumbing and HVAC connections as reported by Mr. Macomber in all the units.** These findings were quite different from the initial inspection and were of such a severe and extensive nature that the entire complex was condemned. **The appellant is requesting relief from the extensive damages caused by the Chinese Drywall.**

2

## SUMMARY

The Westchester Apartments were purchased on or around September 29, 2006 for ONE MILLION SIX HUNDRED THOUSAND DOLLARS, Doc ID 372096. Additionally, approximately ONE MILLION TWO HUNDRED THOUSAND DOLLARS was invested to totally recondition the 44-unit apartment complex. Kevin U. Stephens, as the General Contractor, bought and supervised gutting and replacement of the drywall for the entire 44-unit complex. The sheetrock (Chinese Drywall) was bought at the same time and in bulk for the entire complex. Inspection done by a duly qualified inspector documented reactive sheetrock in the **above referenced property**, not just Unit D5. Only one unit was detailed in the report, however, Kevin U. Stephens commissioned an inspection of the **entire** complex on the property. It was deemed redundant and of no benefit to write 44 individual reports, since all units were **uniform and revealed** similar damages. The City of Slidell Building Inspector and Fire Marshall looked at the wiring and plumbing damages in the infrastructure and noted that it was so extensive that demolition was ordered. The only plausible, proximate cause of the damages noted in the plumbing and wiring of the entire complex was from the Chinese Drywall. The full amount of damages **requested** is made of three components: (a) the demolition lien in the amount of $189,956.52 (which is a sum certain, determined, and due and owing); (b) the loss and costs of replacement value of 44 apartment units $2,800,000.00; (c) the economic going concern value of the 44 apartment units as the economic engine to replace the investment in the project.

## CONCLUSION

FOR ALL OF THE FOREGOING REASONS, the Appellant prays that (1) the Court determines that the evidence is sufficient to support that all 44 units (40,788 square feet) are eligible for compensation, (2) that the damages from the Chinese Drywall caused electrical, plumbing and HVAC damages to the extent where the entire 44 unit complex was condemned and demolished, and (3) for all other relief that is just and equitable.

**DATED:** March 6, 2020

Respectfully submitted,

Kevin U. Stephens, (Bar#25512)
Attorney at Law
208 English Turn Drive
New Orleans, Louisiana 70131
Telephone:   (504) 228-4991
E-mail:kustephensmd@gmail.com

3