UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFF WILLIAM FOREMAN'S OPPOSITION
TO DEFENDANT KNAUF'S MOTION FOR SUMMARY JUDGMENT**

# Table of Contents

|      |      |                                                                                                                                                                                                                                                                                                                                                  | Page |
|------|------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   |      | STATEMENT OF MATERIAL FACTS……………………………..………… | 1 |
|      | A.   | MDL-2047……………………………………………………………..…. | 1 |
|      | B.   | The *Bennett* Class Action ……………….....……………………….... | 3 |
|      | C.   | Plaintiff William Foreman in the B*ennett* Complaint ……………… | 4 |
| II.  |      | STANDARD OF REVIEW……………………………………………….… | 5 |
| III. |      | ARGUMENT…………………………………………………………………… | 5 |
|      | A.   | All Mississippi Plaintiffs' claims contained in the *Bennett* action are protected by the equitable tolling principles of *American Pipe* if discovery of the defective product occurred on or after December 9, 2009 and a claim was filed on or before February 7, 2016, the three year anniversary of class certification in a Knauf-related class action settlement in MDL-2047 ………………………………………….. | 6 |
| IV.  |      | CONCLUSION……………………………………………………………….  | 8 |

Plaintiff William Foreman (hereinafter "Plaintiff"), by and through the undersigned counsel of record, opposes the motion for summary judgment (Rec. Doc. 22640) filed by the Knauf Defendants. As grounds, Plaintiff offers the following:

## I.     STATEMENT OF MATERIAL FACTS

### A.  MDL-2047.

This litigation arises from alleged property damage and caused by the presence of Chinese drywall in homes and other buildings. Hurricanes Katrina and Rita devastated the Gulf Coast in 2005. These disasters, coinciding as they did with a boom in new housing construction, helped precipitate a shortage of drywall for the construction and reconstruction of homes in the United States. As a result, from approximately 2005 to 2008, Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States, primarily in Florida, Louisiana, Alabama, Mississippi, Texas, and Virginia.  Sometime after the installation of Chinese drywall in these properties, homeowners, residents, and occupants began to notice and complain of odd odors, corrosion of metal components, failure of electronics and appliances, and in some cases, physical ailments, such as nose bleeds, skin irritation, and respiratory problems. In response to these complaints, a number of governmental agencies and special interest groups, notably the federal Consumer Products Safety Commission and the Department of Housing and Urban Development, began to investigate, conduct testing, and issue remediation protocols related to Chinese drywall.

The present litigation commenced with the filing of lawsuits in 2009 in both federal and state courts by property owners and occupants damaged by the Chinese drywall installed in their residences and businesses, in addition to suits filed by some homebuilders who repaired these

1

properties. Defendants include homebuilders, developers, installers, retailers, realtors, brokers, suppliers, importers, exporters, and distributors, as well as their insurers and the insurers of homeowners, who were involved with the Chinese drywall in the affected properties. Because of the commonality of facts in the various federal lawsuits, the litigation was designated as Multi-District Litigation 2047 by the Judicial Panel on Multidistrict Litigation. On June 15, 2009, the Panel transferred all federal actions alleging damages from Chinese drywall to the U.S. District for the Eastern District of Louisiana for coordinated and consolidated proceedings.

Since the inception of MDL 2047, numerous cases were consolidated, containing thousands of claims; in addition, the Court issued numerous opinions, pretrial orders, and minute entries; the Court facilitated mediations; and in the Court thousands of documents were filed. Additionally, the Court coordinated with a number of state and federal court judges who also presided over related Chinese drywall cases. The discovery revealed that the manufacturers of the drywall in question generally fell into two groups: the Knauf entities[1] and the Taishan entities[2]. After one of the Taishan entities was held in preliminary default, the Court conducted a bellwether evidentiary default hearing. Shortly thereafter, the Court held its first bellwether, bench trial involving the Knauf entities. With regard to these bellwether proceedings, the Court issued detailed findings of fact and conclusions of law, concluding that the Chinese drywall at issue was in fact defective due to its release of corrosive gasses, requiring remediation of properties containing this drywall. The Court also issued a remediation protocol.

---

[1] The term "Knauf entities" includes: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

[2] The term "Taishan entities" includes: Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd., among others.

An initial settlement was reached in the Knauf portion of the litigation in October 2010, when the PSC and the Knauf entities entered into a Court-approved pilot program for remediation of homes containing drywall manufactured by Knauf. The pilot program led to a broader settlement agreement that extended the pilot program and provided remediation benefits to plaintiffs with filed claims. On December 11, 2012, the final Knauf-related agreement, labeled, "Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047" was filed with the Court. A preliminary approval of the agreement was issued at the time, but no fairness hearing was immediately held, and no certification of a proposed class was approved. Instead, the Court later held a consolidated fairness hearing for the five interrelated settlements: L&W; Banner; INEX; Global; and Knauf. Ultimately, on February 7, 2013, the Court certified a settlement class that included the Knauf entities and memorialized the terms in the Third Amended Settlement Agreement. The Knauf settlement class provided benefits to participants limited to remediation. All claims other than remediation were omitted including those claims for personal property, negligence, strict liability, consumer protection acts, nuisance, unjust enrichment, or non-pecuniary claims were not settled with the Knauf entities. In addition, no provision in the Knauf settlement class protected or provided benefits to absent class members.

### B.  The *Bennett* Class Action.

The original *Bennett* Complaint was filed on November 13, 2014, in the United States District Court for the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047 via a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. The Complaint was amended multiple times, primarily to amend the parties. The Fifth Amended Class Action Complaint was filed on March 6, 2018, and includes

the following claims: 1) negligence and failure to warn; 2) negligence per se; 3) strict liability and failure to warn; 4) breach of express and/or implied warranty; 5) private nuisance; 6) negligent discharge of a corrosive substance; 7) unjust enrichment; 8) violation of the Mississippi Consumer Protection Act; 9) equitable injunctive relief and medical monitoring.  In the prayer for relief, Plaintiffs sought: certification of the class action; order appointing named plaintiffs as class representatives; compensatory, statutory, and/or punitive damages; pre- and post-judgment interest as allowed by law; injunctive relief; an award of attorney's fees as allowed by law; and award of taxable costs; and, any other relief a court deems just and proper. On January 27, 2020, this Court issued an order denying class certification and all claims will proceed on an individual basis permissively joined as allowed by Fed. R. Civ. P. 20.

### C. Plaintiff William Foreman in the *Bennett* Complaint.

Plaintiff owns a property in the State of Mississippi that contains drywall manufactured by the Knauf Defendants that is alleged to be defective.  Plaintiff's claim was filed in the *Bennett* complaint on January 31, 2016.  The street address of Plaintiff's property at issue is: 7514 Pinehurst Court, Diamondhead, Mississippi 39525 ("Affected Property").  Plaintiff purchased the Affected Property on August 26, 2010. A copy of the deed is attached hereto as Exhibit A.

Plaintiff completed three discovery documents approved by this Court.  The Plaintiff Profile, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet are attached to Defendants' motion as exhibits.  Plaintiff was deposed by counsel for Knauf in Seattle, Washington, where he affirmed the responses in his three discovery forms, including the date of discovery of the defective Knauf-manufactured drywall in the Affected Property.  Plaintiffs also provided testimony under oath that affirmed the responses in the discovery documents related to damages,

4

including loss of use and enjoyment, and personal property damages, among other topics addressed by counsel for the defendants.

**II. STANDARD OF REVIEW**

Summary judgment is only warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making the determination, "all justifiable inferences are to be drawn in [the non-movant's] favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The movant may argue that "there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), but "it is never enough simply to state that the non-moving party cannot meet its burden at trial," *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the non-moving party provides more than a mere "scintilla of evidence" demonstrating that "the jury could reasonably find for the plaintiff," it will defeat the motion. *Anderson*, 477 U.S. at 252. This can be done by pointing out where the record "contains supporting evidence . . . which was 'overlooked or ignored' by the moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citing *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)).

**III.   ARGUMENT**

Plaintiff purchased the Affected Property, partially-remediated the Affected Property, and utilized the home as a rental property during the pendency of *Payton v. Knauf Gips, KG, case 2:09-cv-07628,* a class action pending filed in MDL-2047 on December 9, 2009. Plaintiff did not file a claim in the *Payton* class case but is a putative class member that fits the definition of the nationwide class because Affected Property contains defective drywall that was

5

manufactured and sold into the stream of commerce by the Knauf entities. The *Payton* case was the vehicle for settlement of the class action negotiated with the Knauf entities. Those same Knauf entities are Defendants in this *Bennett* action and the claims here are the same as those contained in *Payton*.

On February 7, 2013, after holding a fairness hearing, this Court certified a Knauf class action settlement that included *Payton* claims. Plaintiff filed his claim in *Bennett* on January 31, 2016, less than three years after the *Payton* settlement was certified. Thus, under the Supreme Court's guidance in *American Pipe & Construction Co. v. Utah*[3], and later in *Crown, Cork & Seal Co. v. Parker*[4], Plaintiff's claim is timely filed within the three-year statute of limitations provided by Mississippi law.

Defendants' challenge in this motion for summary judgment is premised entirely on the contention that Plaintiff's claim is time-barred because it was filed more than three years after discovery. This Court must decide whether *American Pipe* and *Crown* apply in this instance to equitably toll Plaintiff's statute of limitations. If this Court finds that *American Pipe* and *Crown* apply, summary judgment must be denied.

A. **All Mississippi Plaintiffs' claims contained in the *Bennett* action are protected by the equitable tolling principles of *American Pipe* if discovery of the defective product occurred on or after December 9, 2009 and a claim was filed on or before February 7, 2016, the three year anniversary of class certification in a Knauf-related class action settlement in MDL-2047.**

In *American Pipe & Construction Co. v. Utah*, the Supreme Court held that a class action tolls the statute of limitations for individual putative class members who make a timely motion to intervene by permission or as of right after the court has found suit inappropriate for class action.

---

[3] *American Pipe & Construction v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).
[4] *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–354, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983)

The Court noted that tolling is justified because it serves the purposes of efficiency and judicial economy in Rule 23, in that putative class members need not file their own actions nor seek to intervene just to protect the limitations period. The Court concluded that the policy is fair to defendants because, when a class action is filed, the class representative "thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *Id.*, 414 U.S. at 555. The Court later extended *American Pipe* tolling to class members who opt out and to plaintiffs who file separate individual actions after the denial of class certifications. See *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n. 13, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974); and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983). The claims in *American Pipe* and its Supreme Court progeny all arose under federal law. A federal court sitting in diversity applies the state's statute of limitations. It is generally held that the state's tolling rules apply in federal court, as they are integrally related to statutes of limitations. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n. 13, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974).

When *American Pipe* tolling does apply to stop the running of the statute of limitations for an individual claim, it starts when a class action complaint is filed or when a complaint is first amended to include class action allegations. *Arnold v. Dirrim*, 398 N.E.2d 426, 440 (Ind. Ct. App. 1979). In this instance, the *Payton* complaint was filed on December 9, 2009, so the statute of limitations would be tolled starting on that date.

Generally, tolling stops the running of the clock on the applicable statute of limitations until the district court denies class certification or when the case terminates for some other reason, whichever comes first. *See, e.g., Realmonte v. Reeves*, 169 F.3d 1280, 1284 (10th Cir. 1999) ("[W]e hold that the fact that the Realmontes' participation in the class action terminated

with a decision to opt out of a certified class rather than with the denial of class certification is irrelevant to the applicability of the *American Pipe* tolling rule."). *American Pipe* tolling also ends as to a particular individual when they cease being a member of the class, but even then, equitable tolling may save the class member's claim if "there is a justification created by an extraordinary event." *See, e.g., Knauf Insulation, Inc. v. S. Brands, Inc.*, 820 F.3d 904, 909 (7th Cir. 2016).

The nature of the relationship between the claims in the class action and the claims in a subsequent lawsuit that must exist in order for *American Pipe* tolling to apply is a common topic that arises after a denial of class certification. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983). In this instance, the *Bennett* claims are similar to *Payton*; thus, the equitable tolling principles should apply.

In the Fifth Circuit, tolling provided under *American Pipe* and *Crown, Cork & Seal* appear to be afforded to Mississippi residents who are "indisputably members of the putative class seeking to recover on the identical cause of action." *Boone v. Citigroup, Inc.,* 416 F.3d 382, 394 (5th Cir. 2005) (*citing Piney Woods Country Life Sch. v. Shell Oil Co.,* 170 F.Supp.2d 675, 677 (S.D. Miss. 1999)). Thus, equitable tolling should be extended to Plaintiff and protect his claim from a statute of limitations defense because the discovery of this injury occurred during the pendency of the *Payton* case and he filed his claim within three years of class certification as required by Mississippi law.

## IV.   CONCLUSION

For the foregoing reasons provided herein, Defendants' Motion for Summary Judgment should be denied.

        Respectfully submitted by:

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
*Attorney for Plaintiffs*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiff William Foreman's Opposition to Defendant Knauf's Motion for Summary Judgment has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of April, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC