**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

**SETTLEMENT CLASS COUNSEL'S SUPPLEMENTAL OMNIBUS
RESPONSE TO APPEALS FROM ALLOCATION AMOUNT
DETERMINATIONS AND RULINGS ON CLAIM FORMS**

**INTRODUCTION**

On April 13, 2020, Settlement Class Counsel filed an omnibus response to 17 Class Member objections to Claim Form denials and appeals from Allocation Amount Determinations by the Claims Administrator BrownGreer [Rec. Doc. 22708]. On April 16, 2020, the Court docketed 8 additional objections and appeals [Rec. Doc. 22718]. All but one of these are from *pro se* absent Class Members who have objected to the denial of their claims. One Class Member who is a *Brooke* Plaintiff (Christopher Baker) has appealed his Allocation Amount Determination on Product ID and *Brooke* status grounds. Settlement Class Counsel hereby provide a supplemental omnibus response to the newly docketed objections and appeals.

**SUPPLEMENTAL RESPONSE TO CLAIM FORM DENIALS AND
APPEALS FROM ALLOCATION AMOUNT DETERMINATIONS**

1.      Angela Rios [Rec. Doc. 22718-1]: Angela Rios ("Rios") (*pro se*) timely submitted a Claim Form as an absent Class Member for a property located at 3016 48th Street West, Lehigh Acres, FL 33971, having 1,691 under air square feet. The Product ID for this property is Drywall

with dimensions (Category "J"). The claim was denied because although the Class Member signed the Owner's Affidavit, she failed to submit a Notary Public signature. As of the date of this filing, Rios has not corrected the deficiency.

Rios contends that the forms are "very misleading," however, the Claim Form clearly states that: "**This Claim Form must be signed under oath and notarized by the named claimant(s), in hard copy, and by counsel, if represented, and uploaded separately to the Portal**." Claim Form [Rec. Doc. 22305-6], at 1 (emphasis in original). Moreover, the Owner's Affidavit has a blank line at the bottom for a Notary Public signature. *See* Owner's Affidavit, accessible on the BrownGreer Chinese Drywall portal at https://www3.browngreer.com/drywall.

Class Counsel Recommendation: Rios signed the Owner's Affidavit, which provides that: "*By signing below, [the claimant] declare[s] under penalty of perjury that the information provided in [the Claim Form] and the documents provided … are true and correct.*" It is within the Court's discretion whether to waive the failure to provide a notarized signature on the Owner's Affidavit for this *pro se* absent Class Member. Alternatively, the Court could require the submission by Rios of a notarized Affidavit. Class Counsel estimates that the claim has a settlement value of $3,826.95.

2.      Christopher Baker [Rec. Doc. 22718-2]: Christopher Baker ("Baker") (represented by Michael A. Serrano, Esq.) is a *Brooke* Plaintiff with a claim for damages to a property located at 34131 Pennacook Drive, Dade City, FL 33523. His appeal consists of a letter Baker sent to his attorney objecting to (a) his classification as a *Brooke* Plaintiff rather than an *Amorin* Class Member and (b) Product ID. Baker contends that since he and his attorney began "working together" prior to September 24, 2016, he should be included in the *Amorin* class. However, this Court certified the *Amorin* class two years earlier on September 26, 2014, *see In re Chinese-*

*Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014), consisting of:

> All owners of real properties in the United States, who are <u>named Plaintiffs</u> on the complaints in *Amorin*, *Germano*, *Gross*, and/or *Wiltz* (*i.e.*, not an absent class member), asserting claims for remediated damages arising from, or otherwise related to Chinese Drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by the Taishan Defendants.

*Chinese Drywall*, 2014 WL 4809520 at *16 (emphasis added). Baker is not named on any *Amorin* complaint, and the *Amorin* class expressly excludes absent class members. Baker is named on the *Brooke* complaints, though, which explains why he is classified as a *Brooke* Plaintiff under the Taishan Settlement.

Baker also objects to the Product ID category identified for his property. He contends it should be TAIAN TAISHAN and Taihe edge tape (Category "H") rather than MADE IN CHINA MEET[S] OR EXCEED[S] (Category "I") as set forth in the Master Spreadsheet [Rec. Doc. 22312-1 at #121]. However, Baker's counsel confirmed with Class Counsel prior to publication of the Master Spreadsheet on the MDL docket that the information for Baker (both his classification as a *Brooke* Plaintiff and his Product ID category) was accurate (*see* email from Michael Serrano to Emma Schwab dated 8/20/2019, attached hereto as Exhibit "28"). Further, Baker did not challenge the Product ID category for his property within 35 days after the Master Spreadsheet was published on the MDL docket, as he was required to do under Section 12.1.2 of the Settlement Agreement. Moreover, the inspection report for Baker's property states "this home is a probable case for Chinese Drywall" and contains six black and white photographs of corroded coils and images of drywall labeled "MEETS OR EXCEEDS ASTM C1396-04 STANDARD" (*see* inspection report, attached hereto as Exhibit "29"), which is consistent with this claimant's Product ID category set forth in the Master Spreadsheet.

On page 7 of Baker's inspection report is a notation "See the next page for comparison." *Id*. at 7. The next page of the inspection report shows two exemplar black and white photographs (MADE IN CHINA MEETS OR EXCEEDS ASTM C1396 04 STANDARD and Taihe Edge Tape), referencing photos from the Court's Photo Catalog in PTO 10 (*i.e.*, photos that do not show drywall markings found in Baker's property).

Class Counsel Recommendation: Baker is not named on an *Amorin* complaint and the inspection report for his property shows images of drywall labeled MEETS OR EXCEEDS ASTM C1396-04 STANDARD (Category "I"). There are no photos from Baker's property showing an image of aqua blue edge tape that says "Taihe." Accordingly, it appears that the Claims Administrator properly applied the Allocation Model to Baker's Objective Criteria. Further, Baker failed to timely challenge his status and the Product ID category for his property under the Settlement. Therefore, Baker's appeal should be denied.

3.    Gary Fredericks [Rec. Doc. 22718-3]: Gary Fredericks ("Fredericks") (*pro se*) is an absent Class Member. He submitted a claim to BrownGreer in 2014 for a property located at 3626 Meadowlark Drive, Gulfport, MS 39501, in connection with the KPT/GBI settlements (*see* inspection report showing mold in Fredericks' property and photos, attached hereto as Exhibits "30" – "33"). Fredericks did not complete a Taishan Settlement Claim Form, but he did sign an Owner's Affidavit on February 5, 2020, which was notarized. He also signed a Verification of Claims form on January 27, 2020, but this is not a required form for the Taishan Settlement (it was used in the GBI settlements).

Class Counsel Recommendation: Given Fredericks' failure to submit a Claim Form under the Taishan Settlement, and given the lack of any proof of Covered Chinese Drywall in the property, Class Counsel recommend that Fredericks' appeal be denied.

4.     Juan C. Angulo [Rec. Doc. 22718-4]: Juan C. Angulo ("Angula") (*pro se*) submitted a Claim Form as an absent Class Member for a property located at 15043 Emory Road, New Orleans, LA 70128. His claim was denied for failure to submit indicia of Covered Chinese Drywall. According to Angulo's appeal, the wrong version of the inspection report for his property was uploaded by the inspector J.B. Holton and Associates, LLC. On February 26, 2020 (14 days past the deadline), the correct version of the inspection report for Angulo's property was uploaded to the BrownGreer portal showing MADE IN CHINA MEET[S] OR EXCEED[S] (Category "I") as the Product ID indicia (*see* inspection report, attached hereto as Exhibit "34").

Class Counsel Recommendation: Angulo is not represented by counsel. He claims he is recovering from a stroke and English is not his first language, and for those reasons he relied on his inspector to upload the inspection report for his property to the BrownGreer portal. The Claim Form was timely submitted, but the correct version of the inspection report was uploaded 14 days past the deadline. Given the proof of MADE IN CHINA MEET[S] OR EXCEED[S] in the property, it is within the Court's discretion to grant the appeal despite the late submission of the Product ID evidence. The under air square footage for the property is 1,254. Angulo did not receive any prior payments for Chinese Drywall claims. Class Counsel estimate the value of the claim is $2,796.03.

5.     Ryan and Cerissa Dillow [Rec. Doc. 22718-5]: Ryan and Cerissa Dillow ("Dillow") (*pro se*) submitted a Claim Form as absent Class Members for a property located at 5104 Bond Road, North Port, FL 34288. The claim was denied for failure to submit sufficient proof of Product ID and also for failure to submit a notarized Owner's Affidavit. The inspection report attached to Dillow's appeal states that the inspector observed corrosion in the property and there was a "strong odor" "that is consistent with the smell of the house that is confirmed to contain 'Chinese

Drywall.'" However, the inspection report does not identify Covered Chinese Drywall in the property. Moreover, Class Counsel have examined all photographs that Dillow uploaded to the BrownGreer portal (*see* photos, collectively attached hereto as Exhibit "35"), and there is no indicia of Covered Chinese Drywall in the property.

Class Counsel Recommendation: Given the lack of proof of Covered Chinese Drywall in the property, the appeal should be denied.

6.   Shawn Tennefosse [Rec. Doc. 22718-6]: Shawn Tennefosse ("Tennefosse") (*pro se*) submitted five Claim Forms as an absent Class Member. He is appealing the denial of claims for three properties located at (a) 2709-11 Second Street, New Orleans, LA 70113; (b) 2713-15 Second Street, New Orleans, LA 70113; and (c) 2717-19 Second Street, New Orleans, LA 70113. These claims were denied for failure to submit evidence of under air square footage for the properties. Despite Tennefosse's statement that he uploaded to the BrownGreer portal documentation from the Orleans Parish Assessor's office showing 1,176 square feet for each of the properties, these documents have not been uploaded as of the date of this filing. They are, however, attached to Tennefosse's appeal.

Class Counsel Recommendation: This claimant failed to submit evidence of under air square footage with his Claim Forms and only added the Assessor's records to his appeal from BrownGreer's denial of his claims. Under the Taishan Settlement, "[t]he record for appealing an Allocation Amount shall be limited solely to … the Objective Allocation Criteria in the Claim Form and supporting documentation submitted to the Claims Administrator by absent Class Members. Class Members may not submit any new or additional evidence for purposes of appealing his or her Allocation Amount determination." Taishan Settlement Agreement, Section

12.2.2 (emphasis added). Because the under air square footage evidence was never provided to the Claims Administrator, the appeal should be denied.

7.    Stephen and Elena Harriman [Rec. Doc. 22718-7]: Stephen and Elena Harriman ("Harriman") (*pro se*) submitted a Claim Form as absent Class Members for a property located at 3208 NE 4th Street, Pompano Beach, FL 33062. Their claim was denied for lack of Product ID. In their appeal, Harriman attach a photo of Venture Supply drywall (Category "K"), however, this evidence was not submitted with their Claim Form nor uploaded to the BrownGreer portal. In their Claim Form, Harriman provided evidence of Panel Rey and GridMarx drywall (*see* assessment report, attached hereto as Exhibit "36," and inspection report, attached hereto as Exhibit "37"), which are not compensable as Covered Chinese Drywall under the Settlement. Moreover, Harriman indicated in their Claim Form that they were making a claim for IMT Gypsum and Drywall with dimensions (*see* Claim Form, attached hereto as Exhibit "38"). They did not indicate that Venture Supply drywall was in the property.

Class Counsel Recommendation: Harriman failed to submit evidence of Covered Chinese Drywall with their Claim Form. The inclusion of a photo of Venture Supply drywall in their appeal does not correct this deficiency. Under the Taishan Settlement, "[t]he record for appealing an Allocation Amount shall be limited solely to … the Objective Allocation Criteria in the Claim Form and supporting documentation submitted to the Claims Administrator by absent Class Members. Class Members may not submit any new or additional evidence for purposes of appealing his or her Allocation Amount determination." Taishan Settlement Agreement, Section 12.2.2 (emphasis added). Because no evidence of Covered Chinese Drywall was provided to the Claims Administrator with their Claim Form, Harriman's appeal should be denied.

8.      <u>Kevin Stephens – Westchester Apartments [Rec. Doc. 22718-8]</u>: Kevin Stephens –
Westchester Apartments, LLC ("Stephens") (*pro se*; Kevin Stephens is an attorney) submitted a
Claim Form as an absent Class Member for a 44-unit apartment complex located at 111
Westchester Place, Slidell, LA 70458. The claim was denied for 43 of the 44 units for lack of
Product ID. In connection with the Claim Form, Stephens submitted an inspection report that
identified MADE IN CHINA MEET[S] OR EXCEED[S] (Category "I") in Unit D5 only (*see*
inspection report, attached hereto as Exhibit "39"). The inspector admitted that the report was
"based on a visual inspection of the accessible materials and not an exhaustive technical
evaluation." *Id.* at 2. In communications with the Claims Administrator, Stephens explained that
the reason the inspection report covered one unit only was because "[w]e did the entire complex
at the same time with the same sheetrock. We did no [*sic*] get other units inspected because it was
all done at the same time with the same sheetrock." (*see* email from Kevin Stephens to
BrownGreer, attached hereto as Exhibit "40").

BrownGreer advised Stephens to submit "any other inspection reports, photos or other
documents showing evidence of Chinese Drywall in other units, [and BrownGreer]
recommend[ed] uploading those to [Stephens'] file prior to the submission deadline (12:00 AM
Central on 2/13/2020)." *Id.* BrownGreer reminded Stephens that "[t]he proof requirements to
determine eligibility can be fairly strict, so we recommend uploading as much proof for as many
units as you have." *Id.* Stephens' appeal attempts to increase the square footage from 927 (for Unit
D5) to 40,788 (for all 44 units) (a 4,300% increase), without any proof of Covered Chinese Drywall
(*e.g.*, inspection reports, photos, delivery receipts, invoices, affidavits) in the other 43 units in the
apartment complex.

    <u>Class Counsel Recommendation</u>: Given Stephens' failure to provide indicia of Covered Chinese Drywall in the 43 units that were denied by the Claims Administrator, the appeal should be denied.

Respectfully submitted,

Dated:  April 20, 2020

By: */s/ Stephen J. Herman*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
SHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047 and Settlement Class Counsel*

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047 and Settlement Class Counsel*

Patrick Shanan Montoya
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Telephone:  (305) 476-7400
Facsimile:  (305) 476-7444
Patrick@colson.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
757-233-0009
Rserpe@serpefirm.com
*Plaintiffs' Steering Committee MDL 2047 and
Settlement Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 20th day of April, 2020.

*/s/ Stephen J. Herman*