UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**<br><br>**SECTION "L"** |
| **This document relates to:**<br><br>***Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al***<br><br>**Case No. 14:cv-2722** | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE JOSEPH WILKINSON, JR.** |

## RESPONSE TO PLAINTIFFS' MOTION TO SEVER

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Response to Plaintiffs' Motion to Sever (R. Doc. 22710).  On motion or on its own, the court may at any time, on just terms, …. sever any claim against a party. Fed. R. Civ. P. 21. The Fifth Circuit has described the effect of severance as follows:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discre[te], independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*Poincon v. Offshore Marine Contractors, Inc.,* No. CV 18-2748, 2018 WL 5708968, at *2 (E.D. La. Nov. 1, 2018) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)); *see also Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992).

Although the Knauf Defendants do take issue with the actual severance of the claims of Peggy Powell and Wicler Pierre, the Knauf Defendants object to Plaintiff's motion based on the piecemeal nature of Plaintiffs' request. As recognized by Plaintiffs in their motion and this Court when it denied class certification, all of the Bennett claims are "individual," "discrete, and separate." Therefore, all Bennett claims must be severed and proceed individually in courts of competent jurisdiction and venue once/if they survive dispositive motions and are remanded.[1]

This Court has previously tried to set up a mechanism for Plaintiffs' claims to proceed via CMO. Indeed, like in other Chinese drywall matters involving the Taishan entities, this Court and the parties recognized the individual nature of the actions proceeding and the Court issued a CMO requiring Plaintiffs to file individual protective actions in courts of competent jurisdiction and venue. (R. Doc. 22359). Indeed, like an omni complaint, the Bennett action has been utilized as a vehicle to file and add claimants through amendment/intervention. However, Plaintiffs failed to comply with the CMO and did not file any protective actions. Subsequently, this Court denied class certification and the class allegations were dismissed now leaving most of the Bennett claims to be remanded to a transferor court of improper venue and/or jurisdiction (R. Doc. 22528). Therefore, in order to proceed, all of the Bennett claims that ultimately survive dispositive motion practice must be treated as individual claims and severed so that they can proceed on their own "discrete and separate" claims in courts of competent venue and jurisdiction. (R. Doc. 22710-1) (Plaintiffs' Motion to Sever at p. 5)(citing *Rice v. Sunrise Express, Inc*., 209 F.3d 1008, 1016 (7th Cir. 2000).

---

[1] The Knauf Defendants note that several dispositive motions are pending, which could result in the dismissal of additional Bennett claims.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:            kmiller@fishmanhaygood.com
*Counsel for Defendant,*
*The Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 21st day of April, 2020.

/s/ *Kerry J. Miller*

**KERRY J. MILLER**