UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| **This document relates to:** | JUDGE ELDON FALLON |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | |
| | MAGISTRATE JOSEPH WILKINSON, JR. |
| Case No. 14:cv-2722 | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY
CONSUELA BURGOS, JOHNNY TYLER, AND CARL & ELLEN MOORE**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment (Rec. Doc. 22677) pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Consuela Burgos, Johnny Tyler, and Carl & Ellen Moore (collectively "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

There is no genuine issue of material fact, and the claims asserted by Consuela Burgos, Johnny Tyler, and Carl & Ellen Moore should be dismissed because they are barred by the statute of limitations.

**I.      Burgos, Tyler, and the Moores Had Actual Notice of the Allegedly Defective Chinese Drywall**

In Florida, actions founded on negligence and property defects are subject to a four-year statute of limitations.[1] Similarly, Plaintiffs' claims under breach of warranty are subject to a four-year limitations period.[2] As recapped below and more fully detailed in Defendant's Memorandum in Support of Motion for Summary Judgment, each Plaintiff had actual notice of the allegedly defective Chinese drywall in their respective properties because each Plaintiff had an HVAC repair technician inform them that their properties had Chinese drywall installed that was the cause of the HVAC issues.

Since 2011, Consuela Burgos has had the air conditioning unit for the Burgos Property repaired around every six months.[3] Each time the technician came to investigate the failure and repair the unit, he/she told Burgos that the failure and repair/replacement was related to Chinese drywall.[4] She recalled, "[t]hey all say the same thing."[5] She even observed the corrosion on coils being replaced.[6] As such, Consuela Burgos had actual knowledge of the presence of Chinese drywall and the alleged damage in the Burgos Property dating back to 2011, but she did not file a claim until May 14, 2018.

As to Taylor, in 2013, a document from a repair person attributing HVAC failure/repair to "Chinese drywall corrosion" was provided to Johnny Tyler.[7] Yet, Tyler chose to do nothing until May 14, 2018. Then, another invoice for air conditioning unit repair indicated that a new coil was needed because of sulfur.[8] Again, Tyler did nothing to investigate the issue, even with the other

---

[1] FLA. STAT. ANN. § 95.11(3)(a), (c), (e), (h).
[2] *Id.* § (3)(f), (k), (p).
[3] Rec. Doc. 22677-1 at 7-8.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Rec. Doc. 22677-1 at 8-9.
[8] *Id.*

invoice that indicated "Chinese drywall corrosion." Tyler slept on his rights. As such, Johnny Tyler had actual knowledge of the presence of Chinese drywall in the Tyler Property dating back to 2013, but he did not file claim until May 14, 2018.

In January 2014, an HVAC technician informed the Moores about Chinese drywall in the property and the identified it as the cause of HVAC failures they were experiencing.[9] Consequently, Carl and Ellen Moore had actual knowledge of the presence of Chinese drywall in the Moore Property dating back to January 2014, but they did not file claims until May 14, 2018.

Plaintiffs contend that the statute of limitations period can only begin for any plaintiff in this case when "the manufacturer's markings are found and confirmed by an experienced inspector or some other person with expertise, not at any point earlier."[10] Plaintiffs cannot cite any legal support for this fabricated standard that would essentially render pointless the purpose of the statute of limitations. Rather, the standard is that a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action."[11] Further, Plaintiffs fabricated standard ignores this Court's dismissal of the Martinez plaintiffs where the prescriptive period began regardless of an experienced inspector's involvement.[12] Also, Plaintiffs' sophistication or layperson status does not impact the statute of limitations analysis when actual notice has been given. Here, the Plaintiffs had actual notice of the defective drywall in their homes so the issue is not whether the Plaintiffs should have discovered the allegedly defective drywall. Thus, questions regarding Plaintiffs' sophistication or layperson status do not matter.

---

[9] Rec. Doc. 22677-1 at 9-10.
[10] *Id.*
[11] *Kelley v. Sch. Bd. of Seminole Cnty.*, 435 So. 2d 804, 806 (Fla. 1983).
[12] Rec. Doc. 22615 at 28-29.

Accordingly, each Plaintiff had actual knowledge of Chinese drywall in their respective property more than four years before they filed a claim. Plaintiffs' claims are barred by the statute of limitations and should be dismissed with prejudice.

## II.     The Statute of Limitations Was Not Tolled

Plaintiffs raise several irrelevant arguments asserting that the statute of limitations was somehow tolled. This Court has already disposed of these arguments.[13] Further, each of these arguments fail to recognize that Plaintiffs had actual knowledge of the alleged defect, as shown above, and the statute of limitations was not tolled.

### a.     Post-Sale Duty to Warn, Latent Defects, Equitable Estoppel, and the CPSA Do Not Apply

Next, in their opposition, Plaintiffs rehash and reframe their previous argument that the Knauf Defendants had a duty to take some additional affirmative action to place Plaintiffs on notice of their defective product, and that their failure to do so has suspended the running of the limitations period. Plaintiffs present a handful of imaginative arguments on this point, all of which must ultimately fail.

First, Plaintiffs argue that the Knauf Defendants had a duty to warn under Florida law and failed to carry out that duty, such that the limitations period had not yet commenced.[14] This Court has previously rejected this precise argument, concluding "that it would not have been reasonably possible for Knauf to identify all those to whom a post-sale duty to warn may have been owed."[15] Additionally, this Court recognized "that Knauf did undertake an extensive notice program during the major settlement phase of this MDL to identify potential claimants and notify them of their

---

[13] Rec. Doc. 22615 at 27-28.
[14] Rec. Doc. 22717 at 13-17.
[15] Rec. Doc. 22586 at 19-20.

right to participate in the settlement."[16] Consequently, this Court should once more reject Plaintiffs' arguments that the limitations period should be suspended due to the Knauf Defendants' failure to warn them individually. This Court should reject Plaintiffs' equitable estoppel and latent defect arguments for the same reasons. To accept Plaintiffs' arguments would lead to absurd results.

In arguing that the defects in the drywall were "latent," Plaintiffs directly contradict the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits "noxious gases."[17] Even if a latent defect existed, a latent defect would not absolve Plaintiffs because they each had actual notice sufficient to trigger the statute of limitations period—as shown above. The time to file a lawsuit in the case of a latent defect "runs from the time the defect is discovered or should have been discovered with the exercise of diligence."[18] Plaintiffs do not dispute this analysis in their Opposition. Rather, Plaintiffs merely raise the latent defect issue to assert that knowledge of the alleged defect should be imputed to the Knauf Defendants.[19] Even if that were the case, such an imputation of knowledge does not erase Plaintiffs' knowledge of the alleged defect. Plaintiffs similarly assert that the Plaintiffs' knowledge of the alleged defect should be erased because the Knauf Defendants somehow concealed the defect.[20] Even assuming there was some type of concealment, which is denied and wholly lacking in any evidentiary support, the statutory limitations period would still commence to run from the time the right of action is discovered.[21]

---

[16] Rec. Doc. 22586 at 20.
[17] Rec. Doc. 21334 at ¶¶ 23, 25, 27, 31.
[18] FLA. STAT. ANN. § 95.11 (3)(c).
[19] Rec. Doc. 22717 at 12.
[20] Rec. Doc. 22717 at 19.
[21] *Nardone v. Reynolds*, 333 So. 2d 25, 37 (Fla. 1976).

Next, Plaintiffs reframe their duty to warn argument by contending that the limitations period should be suspended because the Knauf Defendants have not reported the sale of their drywall to the Consumer Product Safety Commission ("CPSC") nor recalled their product pursuant to the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* ("CPSA").[22] Plaintiffs' argument is flawed for numerous reasons—both factual and legal.

At the outset, the Knauf Defendants note that the CPSA is not a standalone regulatory text; rather, the federal statute establishes the CPSC and defines the CPSC's basic authority, including its authority to develop standards and bans, pursue recalls, and to ban products under certain circumstances. The CPSA does not establish a statutory framework regulating the Knauf Defendants' commercial business, nor does it singularly create an affirmative legal duty to which the Knauf Defendants must adhere. Most importantly, the CPSA does not establish a private right of action on behalf of Plaintiffs—its enforcement is vested in the CPSC, tasked with overseeing compliance with its own regulations and the CPSA.[23] Thus, if the Knauf Defendants failed to comply with the CPSA, the CPSC—as opposed to Plaintiffs—would have standing to pursue the Knauf Defendants. The CPSC has not done so and Plaintiffs lack standing.

Additionally, the CPSA reporting requirements cited by Plaintiffs are circumvented if the CPSC has been adequately informed of a product defect.[24] On May 25, 2010, the CPSC issued a warning concerning the Knauf Defendants' Chinese drywall.[25] To the extent the Knauf Defendants were required to report the defective drywall under 15 U.S.C. § 2064 (they were not), and this reporting requirement suspended commencement of the limitations period (it does not), such a

---

[22] Rec. Doc. 22717 at 17-20.
[23] 15 U.S.C. § 2061(a).
[24] *Id.* § 2064(b).
[25] U.S. CPSC, *CPSC Identifies Manufacturers of Problem Drywall Made in China*, CPSC.gov (May 25, 2010), https://www.cpsc.gov/Newsroom/News-Releases/2010/CPSC-Identifies-Manufacturers-of-Problem-Drywall-Made-in-China.

requirement was fulfilled in 2010 and does not suspend the limitations period on Plaintiffs' claims beyond this time.

Further, the CPSA reporting requirements cited by Plaintiffs apply solely to failures to comply with CPSC requirements,[26] product defects that create a substantial risk of injury to the public,[27] and products that create an unreasonable risk of serious injury or death.[28] The reporting requirements do not apply to *all* products that "contain[] a defect" as Plaintiffs falsely advocate,[29] only those that create a substantial risk of injury to the public, both of which must "create[] a substantial risk of injury to the public" to invoke the reporting requirements. There is no evidence that the Knauf Defendants' defective drywall fits this definition, a fact that the CPSC has confirmed on its website, additionally noting that the Knauf Defendants are not required to recall their product.[30] Rather, the CPSC has implemented specific regulations—including the Drywall Safety Act of 2012—designed to combat the issues previously encountered with defective drywall.[31] This Court must reject Plaintiffs' arguments regarding the CPSA.

### b. Fraudulent Concealment does not apply

Plaintiffs aver that the limitations period should be suspended because the Knauf Defendants fraudulently concealed known problems with their drywall.[32] In support of this farfetched argument, Plaintiffs cite a single Florida news article from 2010 referencing an alleged agreement between the Knauf Defendants and a drywall distributor in Florida. Plaintiffs have not

---

[26] 15 U.S.C. § 2064(b)(1)-(2).
[27] *Id.* § 2064(a)(2) & (b)(3).
[28] *Id.* § 2064(b)(4).
[29] Rec. Doc. 22717 at 18.
[30] *See* U.S. CPSC, *Other Frequently Asked Questions*, CPSC.gov, https://www.cpsc.gov/content/other-frequently-asked-questions (last visited April 17, 2020); *see also* U.S. CPSC, *CDC Review Finds No Link Between Problem Drywall and 11 Reported Deaths*, CPSC.gov (January 31, 2011), https://www.cpsc.gov/Newsroom/News-Releases/2011/CDC-Review-Finds-No-Link-Between-Problem-Drywall-and-11-Reported-Deaths/.
[31] U.S. CPSC, *Drywall Business Guidance*, CPSC.gov, https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Drywall (last visited April 17, 2020).
[32] Rec. Doc. 22717 at 20.

cited *any reputable evidence* in support of their fraudulent concealment theory, demonstrating its baselessness. Instead, Plaintiffs blame the Knauf Defendants for their lack of evidentiary support, stating that "[i]t is noteworthy that the Defendants have not produced that indemnification agreement [referenced in the Florida news article] in their disclosures to Plaintiffs[.]"[33] Nearly a decade of discovery occurred in this MDL, all of which Plaintiffs received (from both the Knauf Defendants and Banner Supply Company), and none of which supports Plaintiffs' present position. If Plaintiffs believed there was additional discovery withheld by the Knauf Defendants, they should have requested it. Plaintiffs never sought leave to conduct discovery under the CMO and cannot now be excused from adequately supporting their position due to their own neglect.

Lastly, Plaintiffs cannot use their Opposition brief to raise new claims; thus, the new CPSC, duty to warn, and latent defect arguments should be rejected and ignored. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

### III. CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to the claims of Consuela Burgos, Johnny Tyler, and Carl Moore and Ellen Moore, their claims are time-barred

---

[33] Rec. Doc. 22717 at 19.

and there is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:         kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 21st day of April, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**