# Exhibit C

4

> Prepared by/ Return To:
> 1329 Gum, Jackson Land Trust
> P.O. Box 1021
> Ocean Springs, MS 39566

# WARRANTY DEED

**STATE OF MISSISSIPPI**
**COUNTY OF JACKSON**

**THIS WARRANTY DEED** is made this **1st** day of **June 2007**, by and between **Bryan Keith Gospodinovich & Karen Gospodinovich** (hereinafter referred to as "Grantors"), and **1329 Gum, Jackson Land Trust, J. B. Wright Jr., as Trustee**, a Land Trust (an executory trust); (hereinafter referred to as "Grantee"), shall have full Trustee powers and authority as described in the attached **Affidavit of Land Trust – Exhibit "A"**, made a part hereof by reference.

### WITNESSETH:

The Grantor, for and in consideration of the sum of **TEN Dollars ($10.00)** and other valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, remises, releases, transfers and conveys to the Grantee, all that certain land situate in **Jackson County, State of Mississippi**, to wit:

**As per attached Legal Description, Exhibit "B", made a part hereof by reference,**

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining, to have and to hold in fee simple forever.

The Grantor hereby covenants with said Grantee that the Grantor is lawfully seized of said land in fee simple; has good, right and lawful authority to sell and convey said land, hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever, and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2007, conditions, restrictions, easements, limitations and zoning ordinances of record, if any, and the following described mortgages, which Grantee herein takes subject to and agrees to pay:

IN WITNESS WHEREOF, the said Grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____ (SEAL)
Grantor: Bryan Keith Gospodinovich

_____ (SEAL)
Grantor: Karen Gospodinovich

**200720682 4 PGS**

**STATE OF MISSISSIPPI**
**COUNTY OF JACKSON**

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the said County and State, within my jurisdiction, the within named Bryan Keith Gospodinovich and Karen Gospodinovich who acknowledged that they signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

WITNESS MY SIGNITURE AND OFFICIAL SEAL OF OFFICE, this the 1st day of June, 2007.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: _Nov. 6, 2009_

> OFFICIAL RECORDS JACKSON COUNTY
> Terry Miller
> CHANCERY CLERK
> RECORDING FEE:                    $12.00
> #200720682 BK:1493 PG:182-185
> 06/20/2007 02:11 PM 4 PGS
> KDELANEY,DC Rcpt#011365

*LISA LAMERE HARRISON COUNTY, MS*
*NOTARY PUBLIC*
*My Commission Expires*
*November 6, 2009*

| Grantor: Bryan Keith Gospodinovich | Grantee: Gum Land trust |
| P.O. Box 1021 | P.O. Box 1021 |
| Ocean Springs, MS 39566 | Ocean Springs, MS 39566 |
| 228-831-5552 | 228-875-2304 |

© 1992-2007 Trust Associates – 4426-B Hugh Howell Road, Suite 200, Tucker, GA 30084 Phone: 770-939-8283 Fax: 770-939-3177 www.LouisBrown.com (Rev. 01/07) – Form LT-STP – Auto

# AFFIDAVIT OF LAND TRUST – EXHIBIT "A"

## STATE OF MISSISSIPPI
## COUNTY OF JACKSON

BEFORE ME, the undersigned authority, on this day personally appeared J. B. Wright Jr., as Trustee, who being first duly sworn, deposes and says that:

1.  The following Trust is the subject of this Affidavit:

    **1329 Gum, Jackson Land Trust, dated the 1st day of June 2007**

2.  The names of the currently acting Trustee is:

    **J. B. Wright Jr., as Trustee**

3.  The legal description of the real estate held by the Trust is:

    **LOT 614, WEST OCEAN BEACH ESTATES SUBDIVISION, FIRST ADDITION, as per map or plat of recorded in the Office of the Chancery Clerk of Jackson County, Mississippi, in Plat Book 6, at Page 6.**

4.  The Trust mailing address is:

    **P.O. Box 1021
    Ocean Springs, MS 39566**

5.  The Trust is currently in full force and effect.

6.  The Trustee's powers, duties and responsibilities are as per the Declaration of Trust and Land Trust Agreement dated the 1st day of June 2007, and the subsequent public records deed filing which shows the Trustee(s) name(s).

7.  The signatory hereof is currently the acting Trustee of the Trust named herein.

8.  The signatories hereof have been granted full power and authority under the Trust provisions to take the following action(s), to wit: To purchase, improve, subdivide, manage and protect said real estate or any part thereof: to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof and to re-subdivide said real estate as often as desired: to contract: to: renovate, to repair, to sell: to grant options to purchase, to sell on any terms; to take back, foreclose and release mortgages; to convey either with or without consideration, to carry back financing: to convey said real estate or any part thereof to a successor or successors in trust, all of the title, estate, powers and authorities vested in said Trustee: to donate, dedicate, mortgage, pledge as collateral or otherwise encumber said real estate, or any part thereof, from time to time to contract to lease, or if required, to hire management for said real estate, or any part thereof, in possession or reversion, by leases to commence in praesenti or in futuro, and upon any terms and for any period or periods of time, not exceeding in the case of any single demise the term of 99 years, and to renew or extend leases upon terms and for any period or periods of time and to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter: and to grant options to lease, options to renew leases, options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present and future rentals: to exchange said property, or any part thereof, for other real or personal property, to grant easements or charges of any kind; to release, convey or assign any right, title use or interest in or to said real estate or any part thereof; and to deal with said property and every part thereof in all other ways and for other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter, including filing lawsuits and hiring counsel.

9.  In no case shall any party dealing with Trustee in relation to said real estate or to whom said real estate or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by Trustee, be obliged to see to the application of any purchase money, rent, or money borrowed or advanced on said premises, or be obliged to see that the terms of said Trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of Trustee, or be obliged or privileged to inquire into any of the terms of said Trust Agreement; and every deed, trust deed, mortgage, lease, management agreement or other instrument executed by Trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument (a) that at the time of the delivery thereof the trust created by said Trust Agreement was in full force and effect, (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in said Declaration of Trust and Land Trust Agreement and binding upon all beneficiaries thereunder, (c) that Trustee is duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage, management agreement or other instrument, (d) if the conveyance is made to a successor or successors in trust, that such successor or successors in trust have been properly appointed and are fully vested with all the title, estate, rights, powers, duties and obligations of the said predecessor in trust, and (e) Trustee is prohibited under the terms of the aforesaid Trust Agreement to reveal the terms and conditions of said Trust Agreement or the records of the Trust without express written authorization from the holder(s) of the power of direction of the Trust.

10. Any contract, obligation or indebtedness incurred or entered into by the Trustee in connection with said real estate may be entered into by the Trustee in the name of the then beneficiaries under said Trust Agreement, as their attorney in fact, hereby irrevocably appointed for such purpose, or, at the election of Trustee, in its own name as Trustee of an express trust and not individually and the Trustee has no obligation whatsoever with respect to any such contract, obligation or indebtedness except only so far as the trust property and funds in the actual possession of the Trustee shall be applicable for the payment and discharge thereof, and all persons and corporations whomsoever shall be charged with notice of this condition from the date of the filing for record of this affidavit. Any litigation arising in connection with the Trust document shall be adjudicated under the laws of the State of **Mississippi**. In the event any portion of the said Trust Agreement shall be found to be not supportable under **Mississippi** Statutes, the remaining provisions shall continue to be valid and subject to enforcement in the courts without exception. In like manner, any obligations of either party, which may become law, shall be binding on both parties as if included therein.

11. The interest of each and every beneficiary under the Declaration of Trust and Land Trust Agreement hereinbefore referred to and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or other disposition of said real estate and such interest is hereby declared to be personal property, and no beneficiary has any title or interest, legal or equitable, in or to said real estate as such but only an interest in the earnings, avails and proceeds thereof as aforesaid.

© 1992-2007 Trust Associates – 4426-B Hugh Howell Road, Suite 200, Tucker, GA  30084 Phone: 770-939-8283 Fax: 770-939-3177 www.LouisBrown.com (Rev. 01/07) – Form LT-STP – Auto

12.   The following individual(s) are duly appointed as the Successor Trustee(s) with the same powers as stated herein:

D. A. Triplett, as Successor Trustee

13.   The signatory hereof declare that the foregoing statements are true and correct, under penalty of perjury.


**FURTHER AFFIANT SAYETH NOT.**

_____(Seal)
AFFIANT: J. B. Wright Jr., as Trustee

STATE OF MISSISSIPPI
COUNTY OF JACKSON

PERSONNALY APPEARED BEFORE ME, the undersigned authority in and for the said County and State, within my jurisdiction, the within named **J. B. Wright Jr.,** who acknowledged that he signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

WITNESS MY SIGNITURE AND OFFICIAL SEAL OF OFFICE, this the 1st day of June, 2007.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: Nov. 6, 2009

# EXHIBIT "B"
# LEGAL DESCRIPTION

This Exhibit is part of that Warranty Deed dated the 1st day of June 2007, by and between Bryan Keith Gospodinovich and Karen Gospodinovich, (hereinafter referred to as "Grantors"), and 1329 Gum, Jackson Land Trust, J. B. Wright Jr., as Trustee, a Land Trust (an executory trust): (hereinafter referred to as "Grantee").

## Legal Description of Property

LOT 614, WEST OCEAN BEACH ESTATES SUBDIVISION, FIRST ADDITION, as per map or plat of recorded in the Office of the Chancery Clerk of Jackson County, Mississippi, in Plat Book 6, at Page 6.



Index Instructions **(Mississippi Code ANN. §89-5-33):**

Prepared by & Return to:
Joseph Kelly, Attorney At Law
212 Main Street
Bay Saint Louis, Mississippi 39520
228.467.3422
File Number: 0164-60999

-----------------------------------------[Space Above This Line For Recording Data]--------------------------------------------
---------

**State of Mississippi**

**County of Hancock**                        **WARRANTY DEED**

For and in consideration of the sum of Ten Dollars ($10.00) cash in hand paid and

other good and valuable consideration, the receipt and sufficiency of all of which is

hereby acknowledged, We, **William S. Asaff and Elizabeth H. Asaff,** do hereby sell,

convey and warrant unto **Byron M. Cain and Susyn W. Cain, as joint tenants with full**

**rights of survivorship and not as tenants in common,** the following described land

and property situated in Hancock County, Mississippi, to wit:

> All of Lots 20 and 21, Block 314, Unit 3, Addition 1, SHORELINE PARK
> SUBDIVISION, Hancock County, Mississippi.
>
> LESS AND EXCEPT:
> The Point of Beginning being a 3/8 inch rod at the Northwestern corner of
> Lot 21, Block 314, Unit 3, Addition 1, SHORELINE PARK
> SUBDIVISION, Hancock County, Mississippi and thence run South 54
> degrees 55 minutes 03 seconds East, along the Southeastern Right-of-Way
> of Georgia Street for 25.0 feet thence North 35 degrees 04 minutes 57
> seconds East for 102 feet more or less to an existing canal bank, thence
> North 54 degrees 27 minutes 33 seconds West, along canal bank for 25.0
> feet, thence South 35 degrees 04 minutes 57 seconds West for 102 feet
> more or less to the Point of Beginning. Said parcel being the
> Northwestern 1/2 of Lot 21, Block 314, Unit 3, Addition 1, SHORELINE
> PARK SUBDIVISION, Hancock County, MS, this portion having been
> conveyed via Warranty Deed on 7/10/98 and recorded in Book BB 173,
> Page 696.

Together with all and singular the rights, privileges, improvements and appurtenances to

the same belonging or in any wise appertaining.

This conveyance is made subject to any and all reservations, restrictions, easements,

exceptions, covenants and conditions of record, including any mineral, oil or gas reservations

and any covenants or restrictions of record.

If bounded by water, the warranty granted herein shall not extend to any part of the

above described property which is tideland or coastal wetlands as defined in the Mississippi

Page 1 of 3

HUD50.%wd

Coastal Wetlands Protection Act and this conveyance includes any natural accretion and is subject to any erosion due to the action of the elements.

The Grantors herein certify that the property hereinabove conveyed forms no part of the homestead of said Grantors.

It is agreed and understood that the taxes for the current year have been prorated as of this date on an estimated basis, and that when said taxes are actually determined, if the proration as of this date is incorrect, the parties herein agree to pay on a basis of an actual proration. All subsequent years taxes are specifically assumed by Grantees herein.

**WITNESS our signatures**, this the 30th day of July, 1999.


_____
**William S. Asaff**

_____
**Elizabeth H. Asaff**

HUD50.%wd

**State of Mississippi**

**County of Hancock**

      Personally came and appeared before me, the undersigned authority in and for the aforesaid County and State on this the 30th day of July, 1999, **William S. Asaff and Elizabeth H. Asaff,** who acknowledged that they signed and delivered the foregoing instrument of writing on the day and year therein mentioned.

                     **JOSEPH KELLY,** Notary Public
                     My Commission Expires: 5/4/03

Address of Grantors:
4604 Ney Rey Drive
Metairie, LA 70002
504-888-5197

                    07/29/99

Address of Grantees:
5117 Wade Drive
Metairie, LA 70002
504-455-1160

HUD50.%swd

B140023

WHEN RECORDED MAIL TO:

RETURN TO:

SCHWARTZ, ORGLER & JORDAN, PLLC
2355 Pass Rd, Biloxi, MS 39531
228-388-7441

This Deed of Trust prepared by: , Loan Operations, Charter Bank, 1721 Medical Park Drive Suite 103, Biloxi, MS 39532, (228) 392-2330

INDEXING INSTRUCTIONS: __Exempt_____.

**FOR RECORDER'S USE ONLY**

## DEED OF TRUST

GRANTOR: MARY SUE CARANNA, 614 COMMERCE ST, GULFPORT, MS 39507-0000, Tel. (228) 861-5410

LENDER / BENEFICIARY: Charter Bank, Biloxi Main, 1721 Medical Park Drive Suite 103, Biloxi, MS 39532, Tel. (228) 392-2330

TRUSTEE: Roy C Williams, 735 Delmas Avenue, Pascagoula, MS 39567, Tel. (228) 762-2272

THIS DEED OF TRUST is dated August 13, 2014, among MARY SUE CARANNA ("Grantor"); Charter Bank (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and Roy C Williams (referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, Grantor conveys to Trustee for the benefit of Lender as Beneficiary, with power of sale, all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in HARRISON County, State of Mississippi:

See the exhibit or other description document which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.

The Real Property or its address is commonly known as 224 PINEWOOD DRIVE , PASS CHRISTIAN, MS 39571.

**DEED OF TRUST**
**(Continued)**

Grantor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Grantor shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of Grantor's obligations under the Note, this Deed of Trust, and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been

**DEED OF TRUST**
**(Continued)**

Loan No: 7000001536        Page 3

known to Grantor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Mississippi law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**DEED OF TRUST**
**(Continued)**

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Grantor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Grantor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may reasonably require. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least fifteen (15) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. The Real Property is or will be located in an area designated by the Administrator of the Federal Emergency Management Agency as a special flood hazard area. Grantor agrees to obtain and maintain Federal Flood Insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or

**DEED OF TRUST**
**(Continued)**

replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**Grantor's Report on Insurance.** Upon request of Lender, however not more than once a year, Grantor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Grantor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property

complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Grantor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Grantor's Indebtedness shall be paid in full.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Grantor which Grantor is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Grantor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**DEED OF TRUST**
**(Continued)**

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Grantor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Grantor pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon Grantor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Grantor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Any reconveyance fee required by law shall be paid by Grantor, if permitted by applicable law.

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**DEED OF TRUST**

**(Continued)**

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Grantor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The death of Grantor, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.** Any breach by Grantor under the terms of any other agreement between Grantor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Grantor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Deed of Trust, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**DEED OF TRUST**

**(Continued)**

**Sale of Property.** Grantor waives the provisions of Section 89-1-55, Mississippi Code of 1972, as amended, and any successor provisions, as far as said Section restricts the right of Trustee to offer at sale more than one hundred and sixty acres at a time, and Trustee may offer the Property as a whole or in part and in such order as the Trustee may deem best, regardless of the manner in which it may be described.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall, at the request of Lender, sell the Real Property after giving notice of the time, place and terms of sale as required by Section 89-1-55 of the Mississippi Code of 1972, as amended, and any successor provisions, and execute a deed to the purchaser of the Real Property. Out of the proceeds arising from the sale, the costs and expenses of executing this Deed of Trust, including a reasonable Trustee's fee and the attorneys' fees prescribed in the Note or in this Deed of Trust, shall first be paid; next the amount of the Indebtedness then remaining unpaid shall be paid; and, lastly, any balance remaining shall be paid to Grantor or to Grantor's representatives agents or assigns.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Grantor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity.

**Notice of Sale.** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Grantor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender

shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal.  Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid.  Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law.  Grantor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.**  Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.**  The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.**  In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor:  (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public;  (b) join in granting any easement or creating any restriction on the Real Property; and  (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.**  Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.**  Trustee shall meet all qualifications required for Trustee under applicable law.  In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.**  Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of HARRISON County, State of Mississippi.  The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Grantor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest.  The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law.  This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**NOTICES.**  Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually

delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Grantor's residence, Grantor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Grantor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law. This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Mississippi without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of Mississippi.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Harrison County, State of Mississippi.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending

**DEED OF TRUST**

**(Continued)**

provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Mississippi as to all Indebtedness secured by this Deed of Trust.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means Charter Bank, and its successors and assigns.

**Borrower.** The word "Borrower" means MARY SUE CARANNA and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Grantor.** The word "Grantor" means MARY SUE CARANNA.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**DEED OF TRUST**

**Hazardous Substances.**  The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled.  The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws.  The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.**  The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.**  The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee or Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Lender.**  The word "Lender" means Charter Bank, its successors and assigns.

**Note.**  The word "Note" means the promissory note dated August 13, 2014, **in the original principal amount of $147,969.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.  The maturity date of the Note is May 13, 2015. **NOTICE TO GRANTOR:  THE NOTE CONTAINS A VARIABLE INTEREST RATE.**

**Personal Property.**  The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.**  The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.**  The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.**  The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.**  The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**Trustee.**  The word "Trustee" means Roy C Williams, whose address is 735 Delmas Avenue, Pascagoula, MS  39567 and any substitute or successor trustees.

**DEED OF TRUST**

Loan No: 7000001536        **(Continued)**        Page 14

**GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND GRANTOR AGREES TO ITS TERMS.**

**GRANTOR:**

X_____

   **MARY SUE CARANNA**

---

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF ___Mississippi_____       )

                                        ) SS

COUNTY OF ___Harrison_____       )

Personally appeared before me, the undersigned authority in and for the said County and State, on this ___13___ day of ____August_____, 20 __14__, within my jurisdiction, the within named **MARY SUE CARANNA**, who acknowledged that he or she signed, executed and delivered the above and foregoing Deed of Trust for the purposes mentioned on the day and year therein mentioned.

_____

NOTARY PUBLIC

My Commission Expires:

_____

B140623

WHEN RECORDED MAIL TO:

RETURN TO:
SCHWARTZ, ORGLER & JORDAN, PLLC
2355 Pass Rd, Biloxi, MS 39531
228-388-7441

This ASSIGNMENT OF RENTS prepared by:  , Loan Operations, Charter Bank, 1721 Medical Park Drive Suite 103, Biloxi, MS 39532, (228) 392-2330

INDEXING INSTRUCTIONS: _____ Exempt _____.

FOR RECORDER'S USE ONLY

## ASSIGNMENT OF RENTS

GRANTOR:  MARY SUE CARANNA, 614 COMMERCE ST, GULFPORT, MS  39507-0000, Tel. (228) 861-5410

LENDER:  Charter Bank, Biloxi Main, 1721 Medical Park Drive Suite 103, Biloxi, MS  39532, Tel. (228) 392-2330

THIS ASSIGNMENT OF RENTS dated August 13, 2014, is made and executed between MARY SUE CARANNA (referred to below as "Grantor") and Charter Bank (referred to below as "Lender").

ASSIGNMENT.   For valuable consideration, Grantor hereby assigns, grants a continuing security interest in, and conveys to Lender all of Grantor's right, title, and interest in and to the Rents from the following described Property located in HARRISON County, State of Mississippi:

See the exhibit or other description document which is attached to this Assignment and made a part of this Assignment as if fully set forth herein.

The Property or its address is commonly known as  224 PINEWOOD DRIVE , PASS CHRISTIAN, MS 39571.

THIS ASSIGNMENT IS GIVEN TO SECURE   (1) PAYMENT OF THE INDEBTEDNESS AND   (2) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF GRANTOR UNDER THE NOTE, THIS ASSIGNMENT, AND THE RELATED DOCUMENTS. THIS ASSIGNMENT IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

## ASSIGNMENT OF RENTS
### (Continued)

Loan No: 7000001536                                                                    Page 2

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Assignment or any Related Documents, Grantor shall pay to Lender all amounts secured by this Assignment as they become due, and shall strictly perform all of Grantor's obligations under this Assignment. Unless and until Lender exercises its right to collect the Rents as provided below and so long as there is no default under this Assignment, Grantor may remain in possession and control of and operate and manage the Property and collect the Rents, provided that the granting of the right to collect the Rents shall not constitute Lender's consent to the use of cash collateral in a bankruptcy proceeding.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that:

**Ownership.** Grantor is entitled to receive the Rents free and clear of all rights, loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

**Right to Assign.** Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Rents to Lender.

**No Prior Assignment.** Grantor has not previously assigned or conveyed the Rents to any other person by any instrument now in force.

**No Further Transfer.** Grantor will not sell, assign, encumber, or otherwise dispose of any of Grantor's rights in the Rents except as provided in this Assignment.

**LENDER'S RIGHT TO RECEIVE AND COLLECT RENTS.** Lender shall have the right at any time, and even though no default shall have occurred under this Assignment, to collect and receive the Rents. For this purpose, Lender is hereby given and granted the following rights, powers and authority:

**Notice to Tenants.** Lender may send notices to any and all tenants of the Property advising them of this Assignment and directing all Rents to be paid directly to Lender or Lender's agent.

**Enter the Property.** Lender may enter upon and take possession of the Property; demand, collect and receive from the tenants or from any other persons liable therefor, all of the Rents; institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the Property; collect the Rents and remove any tenant or tenants or other persons from the Property.

**Maintain the Property.** Lender may enter upon the Property to maintain the Property and keep the same in repair; to pay the costs thereof and of all services of all employees, including their equipment, and of all continuing costs and expenses of maintaining the Property in proper repair and condition, and also to pay all taxes, assessments and water utilities, and the premiums on fire and other insurance effected by Lender on the Property.

**Compliance with Laws.** Lender may do any and all things to execute and comply with the laws of the State of Mississippi and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the Property.

**Lease the Property.** Lender may rent or lease the whole or any part of the Property for such term or terms and on such conditions as Lender may deem appropriate.

**Employ Agents.** Lender may engage such agent or agents as Lender may deem appropriate, either in Lender's name or in Grantor's name, to rent and manage the Property, including the collection and application of Rents.

**Other Acts.** Lender may do all such other things and acts with respect to the Property as Lender may deem appropriate and may act exclusively and solely in the place and stead of Grantor and to have all of the powers of Grantor for the purposes stated above.

**No Requirement to Act.** Lender shall not be required to do any of the foregoing acts or things, and

## ASSIGNMENT OF RENTS
### (Continued)

the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

**APPLICATION OF RENTS.** All costs and expenses incurred by Lender in connection with the Property shall be for Grantor's account and Lender may pay such costs and expenses from the Rents. Lender, in its sole discretion, shall determine the application of any and all Rents received by it; however, any such Rents received by Lender which are not applied to such costs and expenses shall be applied to the Indebtedness. All expenditures made by Lender under this Assignment and not reimbursed from the Rents shall become a part of the Indebtedness secured by this Assignment, and shall be payable on demand, with interest at the Note rate from date of expenditure until paid.

**FULL PERFORMANCE.** If Grantor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Assignment, the Note, and the Related Documents, Lender shall execute and deliver to Grantor a suitable satisfaction of this Assignment and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Property. Any termination fee required by law shall be paid by Grantor, if permitted by applicable law.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Assignment or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Assignment or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Rents or the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Assignment also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Assignment:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Assignment or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**Default on Other Payments.** Failure of Grantor within the time required by this Assignment to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Assignment or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Assignment or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The death of Grantor, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against the Rents or any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty that Grantor would be required to pay.

**Collect Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender shall have all the rights provided for in the Lender's Right to Receive and Collect Rents Section, above. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may

serve without bond if permitted by law.  Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount.  Employment by Lender shall not disqualify a person from serving as a receiver.

**Other Remedies.**  Lender shall have all other rights and remedies provided in this Assignment or the Note or by law.

**Election of Remedies.**  Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Assignment, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Attorneys' Fees; Expenses.**  If Lender institutes any suit or action to enforce any of the terms of this Assignment, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal.  Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid.  Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law.  Grantor also will pay any court costs, in addition to all other sums provided by law.

**MISCELLANEOUS PROVISIONS.**  The following miscellaneous provisions are a part of this Assignment:

**Amendments.**  This Assignment, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Assignment.  No alteration of or amendment to this Assignment shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.**  Caption headings in this Assignment are for convenience purposes only and are not to be used to interpret or define the provisions of this Assignment.

**Governing Law.  This Assignment will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Mississippi without regard to its conflicts of law provisions.  This Assignment has been accepted by Lender in the State of Mississippi.**

**Choice of Venue.**  If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Harrison County, State of Mississippi.

**Merger.**  There shall be no merger of the interest or estate created by this assignment with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Interpretation.**  (1)   In all cases where there is more than one Borrower or Grantor, then all words used in this Assignment in the singular shall be deemed to have been used in the plural where the context and construction so require.   (2)   If more than one person signs this Assignment as "Grantor," the obligations of each Grantor are joint and several.  This means that if Lender brings a lawsuit, Lender may sue any one or more of the Grantors.  If Borrower and Grantor are not the same person, Lender need not sue Borrower first, and that Borrower need not be joined in any

**ASSIGNMENT OF RENTS**
(Continued)

lawsuit. (3) The names given to paragraphs or sections in this Assignment are for convenience purposes only. They are not to be used to interpret or define the provisions of this Assignment.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Assignment unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Assignment shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Assignment. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Assignment, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Assignment shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Assignment. Any party may change its address for notices under this Assignment by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Powers of Attorney.** The various agencies and powers of attorney conveyed on Lender under this Assignment are granted for purposes of security and may not be revoked by Grantor until such time as the same are renounced by Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Assignment to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Assignment. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Assignment shall not affect the legality, validity or enforceability of any other provision of this Assignment.

**Successors and Assigns.** Subject to any limitations stated in this Assignment on transfer of Grantor's interest, this Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Assignment and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Assignment or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Assignment.

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Mississippi as to all Indebtedness secured by this Assignment.

**Waiver of Right of Redemption.** NOTWITHSTANDING ANY OF THE PROVISIONS TO THE CONTRARY CONTAINED IN THIS ASSIGNMENT, GRANTOR HEREBY WAIVES ANY AND ALL

RIGHTS OF REDEMPTION FROM SALE UNDER ANY ORDER OR JUDGMENT OF FORECLOSURE ON GRANTOR'S BEHALF AND ON BEHALF OF EACH AND EVERY PERSON, EXCEPT JUDGMENT CREDITORS OF GRANTOR, ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY SUBSEQUENT TO THE DATE OF THIS ASSIGNMENT.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Assignment. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Assignment shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Assignment.** The word "Assignment" means this ASSIGNMENT OF RENTS, as this ASSIGNMENT OF RENTS may be amended or modified from time to time, together with all exhibits and schedules attached to this ASSIGNMENT OF RENTS from time to time.

**Borrower.** The word "Borrower" means MARY SUE CARANNA.

**Default.** The word "Default" means the Default set forth in this Assignment in the section titled "Default".

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Assignment in the default section of this Assignment.

**Grantor.** The word "Grantor" means MARY SUE CARANNA.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Assignment, together with interest on such amounts as provided in this Assignment.

**Lender.** The word "Lender" means Charter Bank, its successors and assigns.

**Note.** The word "Note" means the promissory note dated August 13, 2014, **in the original principal amount of $147,969.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Assignment" section of this Assignment.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all of Grantor's present and future rights, title and interest in, to and under any and all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, profits and proceeds from the Property, and other payments and benefits derived or to be derived

## ASSIGNMENT OF RENTS
### (Continued)

Loan No: 7000001536                                                           **Page 8**

from such leases of every kind and nature, whether due now or later, including without limitation Grantor's right to enforce such leases and to receive and collect payment and proceeds thereunder.

**THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS ASSIGNMENT. THIS DOCUMENT IS EXECUTED ON AUGUST 13, 2014.**

**GRANTOR:**

X_____
   **MARY SUE CARANNA**

---

## INDIVIDUAL ACKNOWLEDGMENT

**STATE OF** __Mississippi_____          )
                                                        ) SS
**COUNTY OF** __Harrison_____          )

Personally appeared before me, the undersigned authority in and for the said County and State, on this _____13_____ day of ____August_____, 20 _14__, within my jurisdiction, the within named **MARY SUE CARANNA,** who acknowledged that he or she signed, executed and delivered the above and foregoing Assignment for the purposes mentioned on the day and year therein mentioned.

_____
NOTARY PUBLIC

My Commission Expires:

_____

## EXHIBIT "A"

Lot Eighteen (18), Square Fifty-five (55), TIMBER RIDGE SHORES SUBDIVISION, UNIT THREE (3) a subdivision according to the official map or plat thereof; on file and of record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi in Plat Book 28 at Page 31 thereof, reference to which is hereby made in aid of and as a part of this description.

Tax Parcel Number: 0312M-01-080.000

DATE:  August 4, 2014

_____
Mary Sue Caranna

_____

Return to:
Schwartz, Orgler & Jordan, PLLC
PO Box 4682
Biloxi MS 39535
228-388-7441
Our File: B140623

2010    25091
Received on the above
Deed Book & Page
11-10-2010 09:09:11
Timothy A Keeler
Hancock County

Prepared by:
JP Morgan Chase Bank, NA
375 Glensprings Drive., Ste. 310
Cincinnati, OH 45246
513-671-5100
File # 102675MS

Return to:
Resource Title Agency Inc. (Gulf States Division)
375 Glensprings Drive Suite 310
Cincinnati, OH 45246

Indexing Instructions:   Lot 158, Glen Eagle at Diamondhead, Phase 1, Hancock County, Mississippi

| Grantors Address: | Grantee's Address: |
|---|---|
| JPMorgan Chase Bank, NA | William L. Foreman |
| 270 Park Ave | 27316 NE 143rd Ct |
| New York, NY 10017 | Duvall, WA 98019 |

Prev Rad Ref 2009 3383

STATE OF California
COUNTY OF Orange

## SPECIAL WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00), cash in hand paid and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, **JPMorgan Chase Bank, NA**, Does hereby sell, convey and warrant specially unto **William L. Foreman** the following described property situated in <u>Hancock</u> County, Mississippi, being more particularly described herein, to-wit:

Lot 158, Glen Eagle at Diamondhead, Phase 1, a subdivision according to the map or plat thereof on file and of record in the office of the Chancery Clerk of Hancock County, Mississippi.

Indexing Instructions: Lot 158, Glen Eagle at Diamondhead, Phase 1, Hancock County, Mississippi

MORE COMMONLY KNOWN AS: <u>7514 Pinehurst Court, Diamondhead, MS 39525</u>

THIS CONVEYANCE and the warranty hereof are made subject to all building restrictions, restrictive covenants, easements, rights of way, and mineral reservations of record, if any, pertaining to the above described property.

IT IS AGREED AND UNDERSTOOD that the ad valorem taxes for the current year have been prorated as of this date on an estimated basis or actual taxes from the previous year and that the prorations are final and any difference will not be adjusted by the Seller after closing.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said GRANTEE, its heirs or assigns forever, subject to, and excepting, current taxes and other assessments reservations in patents, and all easements, right-of way, encumbrances, liens, covenants, conditions, restrictions, obligations and liabilities as duly appear of record. GRANTOR does hereby bind itself and its successors and assigns to warrant and forever defend all and singular the said premises unto the said GRANTEE, its heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof, by, through, or under GRANTOR, but not otherwise.

WITNESS MY SIGNATURE this the 26 day of AUGUST , 20 10

       Seller Name: JP Morgan Chase Bank, NA

       BY: _____

                   **Janet Gyore**

       Name & Title: _____ **Asst. Vice President**


STATE OF ___CA___
COUNTY OF ___ORANGE___

       PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the said county and state, on this the 26 day of AUGUST , 20 10 the within named _____**Janet Gyore**_____ , who acknowledged to me that he/she is the _____**Asst. Vice President**_____ of JPM. Chase Bank and that for and on behalf of said company, and as its act and deed he/she executed the above and foregoing instrument, after first having been duly authorized by said company so to do.

                        _____
                        Notary Public

My Commission Expires:

   8/10/12



BRENDA FUENTES
Commission # 1809076
Notary Public - California
Orange County
My Comm. Expires Aug 10, 2012

0045    5005
Recorded in the above
Deed Book & Pages
05-04-2015  11:02:05 AM
Timothy A Kellar
Hancock County

| Prepared By: | Return To: |
|---|---|
| The Casano Law Firm, P.A. | The Casano Law Firm, P. |
| 4370 Leisure Time Drive | 4370 Leisure Time Drive |
| Diamondhead, MS 39525 | Diamondhead, MS 39525 |
| (228) 255-0035 | (228) 255-0035 |
| File No: 15-0105 | |

STATE OF MISSISSIPPI
COUNTY OF **Hancock**

<u>WARRANTY DEED</u>

      For and in consideration of the sum of Ten Dollars (S10.00), cash in hand, paid, and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, I/We

**Sally J. Cleek, Trustee of and under the Cleek Family R. Revocable Trust, Grantor(s)**
72685 Diamondhead Drive North
Diamondhead, MS 39525
Phone: 228-363-3144

Does hereby sell, convey, bargain and warrant to

**David W. Fozard and Candace S. Fozard, Grantee(s)**
Address:    72685 Diamondhead Drive North
Diamondhead, MS 39525
Phone: 217-433-3886

As joint tenants with right of survivorship and not as tenants in common, the following described real property situated and located in **Hancock** County, Mississippi, more particularly and certainly described as follows:

## Lot 8, Block 5, Amended Plat of Unit 2, DIAMONDHEAD, Phase 1, according to the map or plat thereof recorded in the office of the Chancery Clerk of Hancock County, Mississippi.

      Together with all and singular the rights, privileges, improvements and appurtenances to the same belonging or in any wise appertaining.

      This conveyance is made subject to any and all reservations, restrictions, easements, exceptions, covenants and conditions of record, including any mineral, oil or gas reservations and any covenants or restrictions of record.

HUD50.%wd

If bounded by water, the warranty granted herein shall not extend to any part of the above described property which is tideland or coastal wetlands as defined in the Mississippi Coastal Wetlands Protection Act and this conveyance includes any natural accretion and is subject to any erosion due to the action of the elements.

The Grantors herein certify that the property hereinabove conveyed forms no part of the homestead of said Grantors.

It is agreed and understood that the taxes for the current year have been prorated as of this date on an estimated basis, and that when said taxes are actually determined, if the proration as of this date is incorrect, the parties herein agree to pay on a basis of an actual proration. All subsequent years taxes are specifically assumed by Grantees herein.

WITNESS MY SIGNATURE, this the ⅤＩ day of ⅯＡＲＣＨ , 2015.

**Sally J. Cleek, Trustee of and under the**
**Cleek Family R. Revocable Trust**

BY: **Sally J. Cleek, Trustee**

**State of Mississippi**

**County of Hancock**

Personally appeared before me, the undersigned authority in and for the said county and state, on this ⅤＩ day of ⅯＡＲＣＨ , 2015, within my jurisdiction, the within named **Sally J. Cleek,** who acknowledged that she is Trustee of The Cleek Family R. Revocable Trust and that in said representative capacity she executed the above and foregoing instrument, after first having been duly authorized so to do.

Notary Public

My Commission Expires:

Page 2 of 2

HUD50.%wd

4/22/2018

Wade Gauthreaux

Doyle Law Firm

**Wade Gauthreaux Chinese Drywall Case**

Information Request

Attached is The warranty Deed you requested for my residence at 10171 Lagan St. Bay St Louis Mississippi 39520.

**Concerning the Home Inspection Report you requested: Unfortunately I did not have a pre-purchase inspection done. The bank did not require one and considering the house was only 6 years old I did not think it was a necessary expense to me.**

**For future communications please add email address wadegauth@gmail.com and sgauthreaux@hotmail.com (my wife). The wade.gauthreaux@valero.com is my work email and I am often not in the office for many days in a row. That is why I am just responding to your request.**

**Thank You Very Much,**
**Wade Gauthreaux**

[Type the company name]

2015   8308
Recorded in the Above
Deed  Book & Page
08-07-2015 12:46:27 PM
Timothy A Kellar
Hancock County

State of Mississippi
County of Hancock

Prepared by:   Samuel L. Tucker, Sr.        Return to:   Return to:
               Attorney                                  RESOURCE REAL ESTATE
               Post Office Box 1734                      SERVICES, LLC
               Ocean Springs, Mississippi 39566-1734     300 Red Brook Blvd.
               Phone: (228) 282-9537                     Suite 300
                                                         Owings Mills, MD 21117
                                                         Phone(410) 654-5550
                                                         File # IGP 9337

Grantor:   Ronald Olsen           Grantee:   Wade P. Gauthreaux
           Linda Olsen                       Sheryl Gauthreaux
           10171 Logan Street                315 Somerset Road
           Bay St Louis 39520               Laplace LA 70068
           (228) 463-1610                    (604) 444-7578

Indexing Instructions: Lot 8, Square 301, Shoreline Park Subdivision, Unit 3, Addition 1

<u>WARRANTY  DEED</u>

For and in consideration of the sum of Ten Dollars ($10.00) cash in hand paid, and

other good and valuable consideration, the receipt and sufficiency of which is hereby

acknowledged, Ronald Olsen and Linda Olsen hereby sell, convey and warrant to  Wade P.

Gauthreaux and  Sheryl Gauthreaux as joint tenants with rights of survivorship and not as tenants

2015   8309
Deed   Book & Page

in common the property situated and being in Hancock County, Mississippi,

AS DESCRIBED IN EXHIBIT A, ATTACHED

Witness my signature this _3I_ day of _July_____ , 2015

_Ronald Olsen_____
Ronald Olsen

_Linda Olsen_____
Linda Olsen

State of Mississippi
County of ~~Jackson~~ Hancock

Personally came and appeared before me, the undersigned authority, in and for the above named
County and State, the within named Ronald Olsen and  Linda Olsen who acknowledged to me
that they  signed and delivered the above and foregoing instrument on the day and date therein
mentioned.

Given under my hand and seal of office on this the _3_ day of _July_, 2015

_Christine B Poullion_____
NOTARY PUBLIC

My commission expires: _08 · 14 -18_



STATE OF MISSISSIPPI
CHRISTINE B POULLION
NOTARY PUBLIC
ID No. 67015
My Commission Expires
August 14, 2018
HANCOCK COUNTY

Deed Book & Page

Hancock County
I certify this instrument was filed on
08-07-2015 12:46:27 PM
and recorded in Deed Book
2015 at pages 8308 - 8310
Timothy A Kellar

The following described real property, together with all improvements thereon, located in Hancock, State of Mississippi, to-wit:

Lot 8, Square 301, Shoreline Park Subdivision, Unit 3, Addition 1, Hancock County, Mississippi, as per plat or map thereof on file in the office of the Chancery Clerk of Hancock County, Mississippi.

The improvements thereon being known as 10171 Logan Street, Bay St. Louis, Mississippi 39520

Being the same lot or parcel of ground which by Deed dated April 26, 2006 and recorded May 5, 2006 among the Land Records of Hancock County, State of Mississippi, in Liber/Book 2006, folio/page 6374, was granted and conveyed/assigned by and between Gary L. Boggs and Penelope D. Boggs, unto Ron Olsen and Linda Olsen.

**Tax ID Number: I39A-0-40-042.001**

EXHIBIT A

1st Judicial District
Instrument  2006   5512 D   -J1
Filed/Recorded  6 23 2006  10 31 A
Total Fees   12.00
1 Pages Recorded

# WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of Ten and no/100 Dollars ($10.00), cash in hand paid, and other good and valuable consideration,  the receipt and sufficiency of all of which is hereby acknowledged, CHERRY BARK BUILDERS, INC., a Mississippi corporation, does hereby sell, convey and warrant unto JEREMY S. JORDAN, the following land and property, lying and being situated in the County of Harrison, State of Mississippi, and more particularly described as follows, to-wit:

Lot 55, AZALEA TRACE, PHASE THREE, AMENDED, a subdivision according to the official map or plat thereof on file and of record in the Office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 46 at Page 15 thereof.

THIS CONVEYANCE is subject to any and all recorded easements, rights-of-way, minerals reservations and restrictive covenants applicable to subject property.

AD VALOREM TAXES for the current year are hereby prorated and assumed as of this date  by the Grantee(s) herein.

WITNESS the signature(s) of the Grantor(s) on this the 21st day of June, 2006.

CHERRY BARK BUILDERS, INC.

By: _____
David S. Bourdette Asst. Vice President

STATE OF MISSISSIPPI
COUNTY OF HARRISON

PERSONALLY appeared before me, the undersigned authority in and for said county and state, on this 21st day of June, 2006, within my jurisdiction, the within named, David S. Bourdette, who acknowledged to me that he/she is the Asst. Vice President of CHERRY BARK BUILDERS, INC., a Mississippi corporation, and that for and on behalf of said corporation and as its act and deed he/she signed and delivered the foregoing instrument of writing on the day and year therein mentioned, he/she having been first duly authorized to do so.

_____
NOTARY PUBLIC
My Commission Expires:

Grantor's Address:     P. O. Box 3657
                       Gulfport, MS  39505
                                                (228) 539-1151
Grantee's Address:     11592 Azalea Trace
                       Gulfport, Mississippi  39503        (228)  601)  795-0553

Document prepared by and return to:
Gerald M. Warren, Attorney
PO Box 1506
Gulfport, MS 39502
(228) 897-9975



## RECORD FIRST

**STATE OF MISSISSIPPI**

**COUNTY OF HARRISON**

**FIRST JUDICIAL DISTRICT**



1st Judicial District
Instrument  2008  5494 D  -J1
Filed/Recorded  6 24 2008  1 12 P
Total Fees  12.00
2 Pages Recorded

### QUIT CLAIM DEED

FOR AND IN CONSIDERATION of the sum of TEN DOLLARS ($10.00) cash in hand

paid and other good and valuable considerations, the receipt and sufficiency of all of which is

hereby acknowledged, we, **JEREMY S. JORDAN AND EMILEIGH OWEN JORDAN,** do

hereby convey and quit claim unto, **JEREMY S. JORDAN, an individual,** the following

described property situated in Harrison County, Mississippi, to-wit:

> **Lot 55, Azalea Trace, Phase Three, amended, a subdivision according to the
> official map or plat thereof on file and of record of the Office of the Chancery
> Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 46
> at Page 15 thereof.**

This conveyance is subject to all recorded protective covenants, easements, and prior oil,

gas or mineral reservations.

Witness our signatures on this the 10th day of June, 2008.

JEREMY S. JORDAN

EMILEIGH OWEN JORDAN

2

STATE OF MISSISSIPPI

COUNTY OF HARRISON

PERSONALLY came and appeared before me, the undersigned authority in and for the county and state aforesaid, the within named, **JEREMY S. JORDAN AND EMILEIGH OWEN JORDAN**, who acknowledged that they signed and delivered the above and foregoing Quit Claim Deed on the day and year therein set out.

WITNESS my hand and official seal of office on this the 10th day of June , 2008.

NOTARY PUBLIC

My Commission Expires:

GRANTOR:
11592 Azalea Trace
Gulfport, MS 39503

Phone No. (228) 831-3099

GRANTEE:
11592 Azalea Trace
Gulfport, MS 39503

Phone No. (228) 831-3099

Prepared By and Return To:
STEPHEN R. COLSON
15476 DEDEAUX ROAD, SUITE C
GULFPORT, MS 39501
(228) 868-0031

File #:05-08-47 Jordan

**This instrument prepared by & return to:**
Halsey Cumbest, MS Bar No. 7949
Cumbest, Cumbest, Hunter & McCormick, PA
P.O. Drawer 1287
Pascagoula, MS 39568-1287
Telephone: 228-762-5422

Index in: **Helen Moro Claim Section
9, T8S, R6W, Jackson County, MS**

**Grantor Address:**

45 Yellow Jacket Dr.
Starksville MS 39759
Telephone: 228-691-0177

**Grantee Address:**
**308 Italian Isle**
**Gautier, MS 39553**
Telephone: _____

STATE OF MISSISSIPPI

COUNTY OF JACKSON

<u>**WARRANTY DEED**</u>

FOR AND IN CONSIDERATION of the price and sum of TEN AND NO/100 ($10.00)

DOLLARS, cash in hand paid and other good and valuable consideration, the receipt and sufficiency

of which is hereby acknowledged, **THE JACK W. BRELAND REVOCABLE TRUST, U.T.A.**

**dated June 16, 2010,** do hereby sell, convey and warrant unto **MARK S. LEE and wife,**

**SHANNON RENEE LEE,** as joint tenants with full rights of survivorship and not as tenants in

common, the following described tract, piece or parcel of property, located and situated in Jackson

County, Mississippi, being more particularly described as follows, to-wit:

Parcel I

That certain tract, piece or parcel of land situated Helen Moro Claim Section 9, Township 8 South, Range 6 West, in Jackson County, Mississippi, and being more particularly described as follows, to-wit:

Commencing at a concrete monument on the line dividing Township 8 South, Range 6 West, from Township 7 South, Range 6 West, 2,640 feet East of the Northwest corner of said Township 8 South, Range 6 West; which point is the first one-half-mile post on said Township line East of the Northwest Corner of said Township 8 South, Range 6 West, and is, according to the Township plat, at the Northwest corner of the James White "Confirmation" or Claim Section No. 2 and at the Northeast Corner of the Isabel Glaude "Confirmation" or Claim Section No. 3, Township 8 South, Range 6 West; thence running South 0 degrees 17 minutes West 2,640 feet; thence South 89 degrees 43 minutes East along the line dividing the James White Claim Section No. 2 from the Helen Moro Claim Section No. 9, 1,436.5 feet to a point thereon; thence South 25 degrees 48 minutes East 1,363.06 feet to a point on the East margin of a public road, where the East margin of said road is intersected by the West boundary line of the tract of land conveyed to P. H. Chestnut and Vivienne Chestnut on the 28th day of February, 1948, by A. Khorassanian, as per deed of record at Page 457-460 of Book 79 of the Record of Deeds of Jackson County, Mississippi; thence North 36 degrees 27 minutes East 28.25 feet; along the said margin of said public road, and along the Northwest boundary of said Chestnut property; thence North 71 degrees 32 minutes East, along the North boundary line of said Chestnut property and continuing along the North boundary line of the property of Warren J. Montgomery and Mary Diehl St. John Montgomery 414.95 feet to the Northeast corner of the property acquired by the Montgomery's by Special Commissioner's Deed dated the 9th day of January, 1950, and of record in Book 111, at Pages 39-41 of the Record of Deeds of Jackson County, Mississippi, the **POINT OF BEGINNING** of the property herein to be conveyed. Thence from said Point of Beginning, running North 83 degrees 26 minutes East 151.29 feet; thence South 14 degrees 03 minutes East 542.37 feet to a point on the high tide line on the shore of Mississippi Sound; thence South 68 degrees 09 minutes West along said high tide line on the shore of the Mississippi Sound 151.40 feet to the Southeast corner of said Montgomery property; thence North 14 degrees 03 minutes West along the East line of said Montgomery property 582.62 feet to the PLACE OF BEGINNING; together with all rights, privileges and appurtenances thereunto belonging, including riparian rights, in the Mississippi Sound, between the East and West line of the property here described, extended into said Sound; except however a strip of land approximately 25 feet in width, extending across the North part of the property hereby conveyed, which strip is to conform with like strip of land excepted in the conveyances of the

Chestnut and Montgomery properties lying to the West of the property here conveyed; and which strip of land is excepted so (Mrs.) Lois Welsh Castigliola, will have access for herself and future grantees or devisees to the land now owned by her to the East of the property hereby conveyed.  Such strip, although in use for access, has not been dedicated as a public road, and there is no obligation on the part of the public to maintain such strip of land as a road nor is there any obligation on the part of any of the land owners using such road to perform maintenance on such strip for the benefit of the other land owners using such strip for ingress and egress.

## AND ALSO:

Parcel II

That certain tract, piece or parcel of land situated Helen Moro Claim Section 9, Township 8 South, Range 6 West, in Jackson County, Mississippi, and being more particularly described as follows, to-wit:

Commencing at a concrete monument on the line dividing Township 8 South, Range 6 West from Township 7 South, Range 6 West, 2,640 feet East of the Northwest corner of said Township 8 South, Range 6 West, which point is the first one-half-mile post on the said Township line East of the Northwest corner of said Township 8 South, Range 6 West, and is, according to the Township plat at the Northwest corner of the James White Confirmation or Claim Section No. 2 and at the Northeast corner of the Isabel Glaude Confirmation or Claim Section No. 3, Township 8 South, Range 6 West; thence running South 0 degrees 17 minutes West 2,640 feet; thence South 89 degrees 43 minutes East along the line dividing the James White Claim Section No. 2 from the Helen Moro Claim Section No. 9, 1,436.5 feet to a point thereon; thence South 25 degrees 48 minutes East 1,363.06 feet to a point on the East margin of a public road where the East margin of said road is intersected by the West boundary line of the tract of land conveyed to P. H. Chestnut and Vivenne Chestnut on the 28th day of February, 1948 by A. Khorassanian, as per deed of record at Page 457-460 of Book 79 of the Record of Deeds of Jackson County, Mississippi; thence North 36 degrees 27 minutes East 28.25 feet, along the said margin of said public road, and along the Northwest boundary of said Chestnut property; thence North 71 degrees 32 minutes East along the North boundary line of the said Chestnut property and continuing along North boundary line of the Warren J. Montgomery and Mary Diehl St. John Montgomery 414.95 feet to the Northeast corner of the property acquired by the Montgomery's by Special Commissioner's Deed dated the 9th day of January, 1950, and of record in Book 111, at Pages 39-41, of the Record of Deeds of Jackson County, Mississippi, thence North 83 degrees 26 minutes East 151.29 feet to the **POINT OF BEGINNING** of the property herein to be conveyed; thence North 83 degrees 26 minutes East 90.27 feet; thence South 14 degrees 03 minutes East 518.23 feet to a point on the high tide line of the shore of the Mississippi Sound;

thence South 68 degrees 09 minutes West along said shore line of the Mississippi Sound 90.84 feet; thence North 14 degrees 03 minutes West a distance of 542.37 feet to the Point of Beginning; together with all rights, privileges and appurtenances thereunto belonging, including riparian rights, in the Mississippi Sound between the East and West line of the property herein described, extended into said Sound.

LESS AND EXCEPT from the above described tract of land that certain parcel conveyed to Vincent J. Castigliola and wife, Betty C. Castigliola by Deed dated June 10, 1980, recorded in Deed Book 682, Page 555-557, Land Deed Records of Jackson County, Mississippi.

LESS AND EXCEPT from the above described tract of land a fifty foot wide right-of-way reserved for future access to property to the East and West, said right-of-way described as follows, to-wit:

Commencing at the aforesaid Point of Beginning herein described, thence South 14 degrees 03 minutes East a distance of 167.00 feet to the **POINT OF BEGINNING**. Thence South 14 degrees 03 minutes East 51.31 feet; thence North 62 degrees 57 minutes East 40.0 feet; thence North 46 degrees 20 minutes East 58.7 feet; thence North 14 degrees 03 minutes West 50 feet; thence South 75 degrees 57 minutes West 13.22 feet; thence South 46 degrees 20 minutes West 64.62 feet; thence South 62 degrees 57 minutes West 21.16 feet to the Point of Beginning.

The above described property being the same as conveyed to The Jack W. Breland Revocable Trust U.T.A. dated June 16, 2010, by Warranty Deed dated August 17, 2011, recorded in Deed Book 1653, Pages 102-106, Land Deed Records of Jackson County, Mississippi.

The Certificate of Trust for the Jack W. Breland Revocable Trust dated June 16, 2010 is recorded in Deed Book 1655, Pages 552-573, Land Deed Records of Jackson County, Mississippi.

Jack W. Breland, original Trustee of the Jack W. Breland Revocable Trust is now deceased. Jack W. Breland departed this life on November 17, 2014 as shown by Certificate of Death attached hereto as Exhibit "A" and made a part hereof.

This conveyance is made subject to any and all oil, gas and other minerals in, on and under

the subject property reserved by former owners, and further made subject to any and all covenants, easements and restrictions of record, together with any and all restrictions imposed on subject property by any governmental authority including any portion of the property which may be considered wetlands.

WITNESS MY SIGNATURE, on this the _17_ day of _November_ A.D.,2016.

THE JACK W. BRELAND REVOCABLE TRUST, U.T.A. dated June 16, 2010

By: _Dorothy H. Breland_

**Dorothy H. Breland, Successor Trustee**

STATE OF _MISSISSIPPI_

COUNTY OF _Lowndes_

PERSONALLY came and appeared before me, the undersigned authority in and for the jurisdiction aforementioned, the within named **Dorothy H. Breland,** who, being by me first duly sworn, acknowledged that she is the Successor Trustee of **THE JACK W. BRELAND REVOCABLE TRUST, U.T.A., dated June 16, 2010,** and that in said representative capacity, she signed, executed and delivered the above and foregoing instrument on the date therein mentioned as their own, free and voluntary act and deed and for the purpose therein stated after first having been duly authorized to do so.

GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE, on this, the _17_ day of _Nov._, 2016.

_Paula Kidder_

NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 61938
PAULA KIDDER
Commission Expires
March 17, 2017
LOWNDES COUNTY

| | |
|---|---|
| Prepared by:<br>Morris & Associates<br>2309 Oliver Road<br>Monroe, LA 71201<br>Phone: 318-330-9020<br>Sean Southern Bar# 103043 | Return to:<br>Morris & Associates<br>2309 Oliver Road<br>Monroe, LA 71201<br>Phone: 318-330-9020 |

STATE OF MISSISSIPPI
COUNTY OF HARRISON 2ND

### SPECIAL WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00), and other good and valuable consideration, the undersigned, grantor (s) **Fannie Mae aka Federal National Mortgage Association** do hereby convey, and warrant specially unto grantee (s) **Brittany Martino and David Martino, as joint tenants with full rights of survivorship and not as tenants in common**, the following described property situated in Harrison 2nd County, Mississippi, to-wit;

**Building F, Unit No 138, in the Plan of Condominium Subdivision known as McDONNELL SQUARE CONDOMINIUMS, as the same is recorded in Plat Book 23 at Page 5, and as the same is otherwise created, established, and dedicated in a certain Declaration of Condominium, dated September 25, 2006, bearing Instrument Number 2006 3640 D-J2 in the Land Records of the Chancery Clerk of the Second Judicial District of Harrison County at Biloxi, Mississippi, together with an undivided 8617% interest in and to the common areas of McDonnell Square Condominiums, appurtenant to the unit as such are defined in the aforesaid Plan of Condominium and Declaration of Condominium thereto**

INDEXING INSTRUCTIONS: Building F, Unit No 138, Plan of Condominium S/D, McDonnell Square Condominium, Plat Book 23, Page 5, Harrison Co., 2nd J.D., MS

City, County, and State ad valorem taxes for the year 2015 are to be pro-rated as of the date of delivery of this deed. The above warranty and this conveyance are made subject to any and all valid and outstanding oil, gas, and mineral leases, exceptions, reservations and conveyances. The above warranty and this conveyance is made subject to any and all easements for public utilities as presently laid out, constructed or in use.

WITNESS MY SIGNATURE, this the _16_ day of November, 2015.

**Fannie Mae aka Federal National Mortgage Association by Its Attorney-In-Fact, Morris and Associates**

BY: Sean A. Southern
Title: Associate Attorney

STATE OF LOUISIANA
PARISH OF OUACHITA

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the aforesaid jurisdiction, on this, the _16_ day of November, 2015, within my jurisdiction, the within name Sean A. Southern who acknowledges that he is an associate attorney of **Morris and Associates** a sole proprietorship which is the Attorney in Fact for **Fannie Mae aka Federal National Mortgage Association** a corporation, and that for and on behalf of the said **Morris and Associates** in its representative capacity as Attorney in Fact for **Fannie Mae aka Federal National Mortgage Association** that he executed the above and foregoing instrument, after first having been duly authorized so to do.

NOTARY

MY COMMISSION EXPIRES        (SEAL)

| | |
|---|---|
| GRANTOR:<br>**Fannie Mae aka Federal National Mortgage Association**<br>P.O. Box 650043<br>Dallas, TX 75265-0043<br>318-330-9020<br>R15-1112/adp | GRANTEE:<br>**Brittany Martino and David Martino**<br>908 55th Street<br>Oakland, CA 94608<br>228-388-7701 |

**Prepared by:**
Ronald C. Morton (MS Bar no. 9415)
A. Elizabeth Whitaker (MS Bar no. 102825)
Morton Law Firm, PLLC
132 Fairmont St., Suite A
Clinton, MS 39056
601.925.9797

**Return to:**
Ronald C. Morton (MS Bar no. 9415)
A. Elizabeth Whitaker (MS Bar no. 102825)
Morton Law Firm, PLLC
132 Fairmont St., Suite A
Clinton, MS 39056
601.925.9797

STATE OF MISSISSIPPI

COUNTY OF HARRISON

FIRST JUDICIAL DISTRICT

WARRANTY DEED

**FOR AND IN CONSIDERATION** of the sum of Ten Dollars ($10.00), cash in hand paid, and other good, legal and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, the undersigned

Selton Bourdin, Trustee of the

Bourdin Children's Trust dated

January 7, 2010

111 Indian Summer Lane

Clinton, MS 39056

601.926.1276

does hereby sell, convey and warrant unto,

Andree McCullar, Individually

479 York Road

Natchez, MS 39120

601.442.2508

the following described real property which is situated, lying and being in the First Judicial District of Harrison County, Mississippi, more particularly and certainly described as follows:

(See Exhibit A attached) (Page 3)

INDEXING INSTRUCTIONS: Lot 70, Section 30, Township 9, Range 12, First Judicial District, Harrison County, Mississippi

Page 1 of 3

This conveyance is subject to any and all restrictive covenants, easements, dedications, rights of way and oil, gas or mineral reservations or conveyances of record pertaining to or affecting the usage of the hereindescribed property.

WITNESS the hand and signature of the undersigned Grantor hereto affixed on this the _____ day of _____, 2011.

SELTON BOURDIN, TRUSTEE

STATE OF MISSISSIPPI
COUNTY OF _Adams_

PERSONALLY APPEARED BEFORE ME, and undersigned authority in and for the said county and state, on this the 22 day of July 2011, within my jurisdiction, the within named Selton Bourdin, who acknowledged that he executed and delivered the above and foregoing warranty deed.

NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
RONALD M. SMILO
ID No
78397
NOTARY PUBLIC
Comm Expires
September 15, 2013
ADAMS COUNTY

REAL ESTATE PURCHASE AGREEMENT

This Agreement is made on the 15th day of July, 2011, by and between Andree McCullar, ("Purchaser") and Selton Bourdin, Trustee of the Bourdin Children's Trust dated January 7, 2010, ("Seller"), and Selton Bourdin, individually and Edward Bourdin, individually("Beneficiaries.")

RECITALS

Seller is the owner of  the real property situated at 603 East Second Street in Pass Christian Mississippi more specifically described as follows: Lot 70 Ft on 2nd St. By 2 St. E by Macdiarmid N by L & N RR W by Remus, Section 30, Township 8, Range 12, said property being more fully described in Harrison County Deed Book 1205, Page 0230. ("the Property").

Purchaser is a beneficiary of the Seller, and is entitled to 1/3 of the assets of the Seller trust upon distribution of the trust.  Beneficiaries are also each 1/3 beneficiaries of the Seller trust. Purchaser desires to receive her 1/3 interest in the Seller trust in-kind, in the form of the Property, and Beneficiaries also desire to convey the Property to Purchaser as an in-kind distribution.  However, the Seller trust cannot yet make complete distribution of trust assets to Purchaser and the beneficiaries.  Seller, Purchaser, and Beneficiaries have entered into this Agreement to transfer the Property to Purchaser using a partial in-kind distribution, and promissory notes, with such promissory notes to be paid to Seller or Beneficiaries upon the final distribution of other Seller trust assets.

The Parties agree that the fair market value of the Property for purposes of this transaction is $60,000.

In consideration of the covenants and agreements of the respective parties, as set forth below, Seller agrees to sell and convey to Purchaser, and Purchaser agrees to purchase and take from Seller the Property.

Transfer to Purchaser shall include all right, title, and interest of Seller in and to all streets, alleys, roads, railways, and avenues adjoining the real property, and shall further include any award for damaging or taking eminent domain by public or quasi-public authority, of the real property or any part of it.

The following terms, provisions, and conditions are further agreed to:

1. Price. The purchase price for property is $60,000, payable as described in this Section 1 of this Agreement at closing.

    1.1. In-Kind Share of Property Distributed by Trust. Purchaser shall receive her 1/3 interest in the Seller trust asset of Property as a reduction in her purchase price. The purchase price to be paid to Seller for the benefit of Beneficiaries shall be the remaining 2/3 value of the Property of $40,000, payable at closing as follows.

2. At closing, Purchaser shall pay $40,000 to Beneficiaries in the following form:

    2.1 Cash. Purchaser shall pay the sum of $20,000 to Beneficiaries, in the amount of $10,000 to each Beneficiary at closing.

    2.2 Note. Purchaser shall execute promissory notes in the amount of $20,000 to Beneficiaries, in the amounts of $10,000 each to each Beneficiary at closing.

    2.3 The Promissory notes shall be payable upon demand, and shall bear an interest rate equal to the applicable federal rate. The promissory notes shall be secured by a security interest and deed of trust in the Property in favor of Seller and the Beneficiaries.

    2.4 Assignability. This agreement is not assignable.

3. Title; Tenancies

    3.1 Conveyance of title to property shall be by warranty deed with full covenants, executed by Seller. Title to be conveyed shall be good and marketable, and not subject to any liens, encumbrances, restrictions, easements and other burdens, except as set forth in Schedule 4.1.

    3.2 Assessments. If, at the time of transfer of title, property or any part of property is subject to an assessment or assessments payable in installments, all such installments not due or delinquent at such time and as liens on Property, and all such assessments shall be paid and discharged by Seller.

4. Pro-ration: The following items shall be prorated as of the closing: real estate taxes due but not delinquent, prepaid insurance premiums.

   4.1 Closing costs. Purchaser shall pay all closing costs.

   4.2 Zoning. No Zoning to Seller's knowledge. Purchaser bears the sole risk of determining the property being suitable for Purchaser's purpose.

   4.3 Broker's Commission. Neither party has used the services of a real estate agent or broker, and no commission is due any party as a result of the sale memorialized by this Agreement.

5. Binding Effect of Agreement: This agreement and the covenants and agreements of it shall bind and inure to the benefit of the parties, including Seller, Purchaser, and Beneficiaries, and their respective heirs, personal representatives, successors and assigns. Unless the agreement otherwise requires, the covenants of this agreement shall survive the transfer of title.

     IN WITNESS WHEREOF, the parties have executed this instrument at the place and on the date first above-specified. Two duplicate originals of the Agreement have been signed.

PURCHASER

_Andree McCullar_ _____

Andree McCullar, Purchaser

                        SELLER



SCANNED

1st Judicial District
Instrument 2017    1454 D – J1
Filed/Recorded  3/ 9/2017  10:40 A
Total Fees $     12.00
3 Pages Recorded

Prepared by & return to:
Jordan R. Mathews, Esq.
Schwartz, Orgler & Jordan, PLLC
P O Box 4682
Biloxi MS 39535
228-388-7441
MSB # 105210
jordan@sojlaw.net

Index: Lot 3, St. Martin South, Phase One (1)



REVIEWED

STATE OF MISSISSIPPI
COUNTY OF HARRISON

## DEED IN LIEU OF FORECLOSURE

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00), cash in hand paid, and other

good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, the

undersigned,

Jimmy Le and Hang Le,

3 Laudeac Court, Pass Christian, MS 39571

(228)343-3496

do hereby sell, convey and warrant unto

Dung H. Nguyen and wife, Hang Nguyen,

131 Destiny Oaks Drive, Long Beech, MS 39560

(228)229-7229,

as joint tenants with rights of survivorship and not as tenants in common, the following described land and

property being located in the First Judicial District of Harrison County, Mississippi, together with all

structures and improvements thereon, all fixtures therein or thereto and all privileges, easements and

appurtenances pertaining thereto, including all of Grantors' right, title and interest in and to any adjacent or

adjoining streets, alleys, or rights-of-ways and any strips or gores,  being more particularly described as

follows, to-wit:

Lot Three (3), St. Martin South, Phase One (1), a subdivision according to the official map or plat thereof
on file and of record in the office of the Chancery Clerk of the First Judicial District of Harrison County,
Mississippi, in Plat Book 43 at Page 19 thereof, reference to which is hereby made in aid of and as a part
of this description.

THIS CONVEYANCE is subject to any and all recorded restrictive covenants, rights-of-way and easements applicable to subject property, and subject to any and all prior recorded reservations, conveyances and leases of oil, gas and minerals by previous owners.   TAXES for the current year are hereby assumed by the Grantees herein.

The Grantors further acknowledge that the execution and delivery of this Deed to the Grantees does not cancel the underlying promissory notes or any guaranty agreement in favor of Dung H. Nguyen and wife, Hang Nguyen, which all survive the delivery and recordation of this instrument.  Dung H. Nguyen and wife, Hang Nguyen's Agreement to accept this deed in lieu of its rights to foreclosure under said Deed of Trust is predicated and conditioned upon the warrant and representations of Jimmy Le and Hang Le that there are no other liens, conveyances, mortgages or other interest in the property which prevent this Deed from conveying fee simple title to the Grantees.  In the event of the breach of these warranties and representations, Dung H. Nguyen and wife, Hang Nguyen, or their successors or assigns retain all right to foreclose upon their Deed of Trust.

All parties acknowledge that the consideration set forth herein is equal to and represents the fair market value of the Real property and includes the fair and reasonable value of the Grantors' interest therein. This Deed is executed voluntarily and not as a result of duress or threats of any kind and is bona fide and not given to hinder, delay or defraud the rights of creditors or contravene the bankruptcy laws of the United States.  This deed is not given as security for the payment or repayment of any monies or as a security of any kind or nature.

The actual possession of the Real Property herein conveyed has been surrendered and delivered to the Grantees.  The Grantors intend by this Deed to vest the Grantees with absolute and unconditional title to the Real Property, and to forever stop and bar the Grantors, their successors and/or assigns or anyone else claiming through them either in law or in equity or in possession or in expectancy in and to the Real Property or any part thereof.

WITNESS THE SIGNATURE of the undersigned on this the 17th day of February, 2017.

BY: _____
        Jimmy Le

BY: _____
        Hang Le

3

STATE OF MISSISSIPPI

COUNTY OF HARRISON

     THIS DAY PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority

in and for the jurisdiction aforesaid, Jimmy Le and Hang Le, who acknowledged that the above and

foregoing instrument was signed, executed, and delivered as the free and voluntary act and deed of the

Grantors on the day and in the year therein mentioned.

     GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE, this February 17 , 2017.

                                      NOTARY PUBLIC

My Commission Expires:



SCANNED

Instrument 2013   8964 D – J1
1st Judicial District
Filed/Recorded 12/ 5/2013 03:26 P
Total Fees $     12.00
8 Pages Recorded

REVIEWED

**Prepared by and return to:**
LandCastle Title, LLC
3343 Aspen Grove Drive, Suite 240
Franklin, TN 37067-2908
File #:  MSQ-131100553S
(615)503-9901

State of Mississippi

County of Harrison

## SPECIAL WARRANTY DEED

   For and in consideration of the sum of Ten Dollars ($10.00) cash in hand paid and other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, Federal Home Loan Mortgage Corporation (hereinafter called "Grantor") does hereby sell, convey, specially warrant and deliver unto Peter L. Robinson (hereinafter called "Grantee"), the following described property situated in Harrison County, Mississippi, to wit:

**Indexing Instructions:**
Lot 17, Sea Oaks Estates, Plat Book 42, Page 11, First Judicial District of Harrison County, Mississippi

   SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR LEGAL DESCRIPTION.

Commonly known as: 131 Sea Oaks Blvd, Long Beach, MS 39560

Address of Grantee:  *131 Sea Oaks Blvd, Long Beach, MS 39560*

Phone Number:  *256-457-5763*

Address of Grantor:  *5000 Plano Parkway Carrolton TX 70510*

Phone Number:  *972-395-4000*

   This conveyance is made subject to any and all reservations, restrictions, easements, exceptions, covenants and conditions of record, including any mineral, oil or gas reservations and any covenants or restrictions of record.

   Taxes for the current year have been pro-rated as of this date and are hereby assumed by the Grantee herein.

RE: 131 Sea Oaks Blvd, Long Beach, MS 39560
   REO # _____

This conveyance is also subject to zoning and/or other land use regulations promulgated by federal, state or local governments affecting the use of occupancy of the subject property.

WITNESS THE SIGNATURE of the Grantor on this _21st_ day of _Nov._ , 2013 .

Seller(s):

Federal Home Loan Mortgage Corporation by Stewart Lender Services as Attorney in Fact

By: _Ericka A Brunette_

Name: _____Ericka A. Brunette_____

Its: _Authorized Signatory_

State of _Florida_

County of _Pinellas_

This day personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid _____Ericka A. Brunette_____ , who acknowledged to me that she/he is _Authorized Signatory_ (Title of person signing) of _Stewart Lender Services_ (Name of Company), the attorney-in-fact for Federal Home Loan Mortgage Corporation, and that in its capacity as attorney-in-fact for Federal Home Loan Mortgage Corporation she/he executed, signed and delivered the above and foregoing instrument after having been authorized by Federal Home Loan Mortgage Corporation and the attorney-in-fact for said Grantor to do so.

Given under my hand and seal this the _21st_ day of _November_ , 2013 .

_____

Notary Public for the State of _Florida_

My commission expires: _6/10/17_

JANE HARRIS
Notary Public, State of Florida
My Comm. Expires June 10, 2017
No. FF 25501

RE: 131 Sea Oaks Blvd, Long Beach, MS 39560

REO # _____

*Exhibit* *HB"*

P   4/23/09 11:38:37 33
BK 131 PG 486
DESOTO COUNTY, MS
W.E. DAVIS, CH CLERK

WHEN RECORDED MAIL TO:

Federal Home Loan Mortgage Corporation
5000 Plano Parkway
Carrollton, TX  75010
Attn:  Christina Rubealcaba
PHNA

USE SPACE ABOVE THIS LINE FOR RECORDER'S

## LIMITED POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS:**  That the Federal Home Loan Mortgage Corporation ("Freddie Mac"), a federal instrumentality organized and existing under the laws of the United States of America, with its principal office located at 8200 Jones Branch Drive, McLean, VA  22102, and an office located at 5000 Plano Parkway, Carrollton, TX  75010, does hereby make, constitute and appoint Stewart Lender Services, Inc., as attorney-in-fact and/or agent, to be authorized to act, do and perform, on behalf of Freddie Mac, with full power and authority to act for it, in its place and stead, any and all lawful acts, matters, and things whatsoever requisite, necessary, proper, or convenient to be done as fully as Freddie Mac might or could do itself for all intents and purposes, with regard to the matters listed below performed in connection with the sale of real estate owned by Freddie Mac:

**WITH REGARD TO REAL PROPERTY,** to execute, to acknowledge, to seal, to deliver and to revoke

1.       Contracts of sale and other contractual documents related to the sale of 1-4 unit real estate, mobile homes, modular homes or manufactured homes owned by Freddie Mac;

2.       Deeds and instruments that convey title to 1-4 unit real estate, mobile homes, modular homes or manufactured homes owned by Freddie Mac;

3.       Documents required of Freddie Mac as a seller of real estate, mobile homes, modular homes or manufactured homes, or otherwise required to be prepared and executed in connection with the sale of such property, to include but not limited to a HUD-1; and

4.       Documents required of Freddie Mac to obtain, transfer and/or convey title or ownership rights to mobile homes, modular homes or manufactured homes.

This power of attorney shall be effective from the date of execution hereof until such time as it is revoked in writing by Freddie Mac, and such revocation is filed for record in the office of the county in which such real property is situated.  The revocation of such power of attorney shall only affect the specific parties, whether an entity, person, or individual, named in any revocation, and shall not affect or impair the powers of any entity, person, or individual not named.  The revocation shall not affect any liability in any way resulting from transaction initiated prior to the revocation.

**IN WITNESS WHEREOF,** the grantor has caused this instrument to be executed by its authorized representative
This 31 day of   March   , 2009  .

FEDERAL HOME LOAN MORTGAGE CORPORATION

By:
Printed Name:     Leta Wilson
Title:     Assistant Treasurer

PAGE 1 OF 2 PAGE LIMITED POWER OF ATTORNEY

## CONTINUATION OF SPECIAL WARRANTY DEED

## Exhibit "A"

Land in Harrison County, Mississippi and more particularly described as follows:

Being Lot 17, Sea Oaks Estates, a subdivision according to the official map or plat thereof on file and of record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 42, Page 11.

ATTEST:

First Witness sign and print Name & Title
  Peter Kuclo,   Assistant Secretary
in the state of Texas, Denton County

ATTEST:

First Witness sign and print Name & Title
  Victor Madugba   , Assistant Secretary
in the state of Texas, Denton County

### Acknowledgement

STATE OF TEXAS
                    )SS:
COUNTY OF DENTON

On this 31 day of   March   , 2009   before me a Notary Public of the state of Texas,
personally came       Leta Wilson  ,       Peter Kuclo             and
    Victor Madugba   known to me to be the persons whose names are subscribed to the within
Limited Power of Attorney and to be the   Assistant Treasurer and Assistant Secretaries   of the
said Federal Home Loan Mortgage Corporation, and each person acknowledged, under oath, to my
satisfaction, that they executed same on behalf of such corporation, as the voluntary act of the
corporation and for the purposes therein contained.

SIGNED AND SWORN TO BEFORE ME, I have set my hand and official seal.

                                                    Notary Public

My commission expires:



ALICIA SCOTT
MY COMMISSION EXPIRES
March 22, 2012

### CONTINUATION OF SPECIAL WARRANTY DEED

### Exhibit "A"

Land in Harrison County, Mississippi and more particularly described as follows:

Being Lot 17, Sea Oaks Estates, a subdivision according to the official map or plat thereof on file and of record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 42, Page 11.

STATE OF MISSISSIPPI

COUNTY OF JACKSON

## WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of Ten and no/100 Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, the undersigned,

FAMILY RETIREMENT INVESTMENT GROUP, LLC,
a Mississippi limited liability company,

does hereby sell, convey and warrant unto

THE VAN TRAN,

the following described real property, together with all improvements thereon, located in Jackson County, State of Mississippi, , to-wit:

*Lot 121 in Part II of the Replat of Sweetbriar Subdivision, as per map or plat thereof on file and of record in Plat Book 15 at Page 16 of the Land Plat Records of Jackson County, Mississippi.*

This conveyance is subject to all restrictions, reservations and easements affecting said property on file and of record in the Office of the Chancery Clerk of Jackson County, Mississippi, .

Ad valorem taxes for the year 2006 have been prorated between the parties hereto and the obligation to pay same is assumed by the Grantee herein, who will pay same when due.

WITNESS my signature on this the 20th day of September, 2006.

FAMILY RETIREMENT INVESTMENT
GROUP, LLC, a Mississippi limited liability
company

By: _____
Kevin D. Shaughnessy, Member

By: _____
Mark Wells, Member

in and for the aforesaid jurisdiction, within my jurisdiction, the within named Kevin D. Shaughnessy and Mark Wells, who acknowledged that they are Members of FAMILY RETIREMENT INVESTMENT GROUP, LLC, a Mississippi Limited Liability Company, and that for and on behalf of said limited liability company, and as its act and deed they executed the above and foregoing instrument, after first having been duly authorized by said limited liability company so to do.

GIVEN UNDER MY HAND, and official seal of office, this 20th day of September, 2006.

NOTARY PUBLIC

My Commission Expires:

_____

(SEAL)

Commission Expires: June 11, 2010

Grantor/Grantors' Address:

2021 Bayside Drive
Biloxi, MS 39532
(228)385-7303

Grantee/Grantees' Address:

6628 Rose Farm Road
Ocean Springs, MS 39564
(228)257-9247

PREPARED BY & RETURN TO:

PAGE, MANNINO, PERESICH &
MCDERMOTT, P.L.L.C.
759 VIEUX MARCHE MALL
BILOXI, MS 39533
(228) 374-2100

35313