UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

**ORDER & REASONS ALLOCATING COMMON BENEFIT
FEES AND REIMBURSING COSTS AND ASSESSMENTS**

Having approved the Taishan Settlement, determined the award of attorney fees, and established the division of the attorney fee award between common benefit counsel and contract counsel, the Court must now determine the appropriate allocation of the common benefit award among the parties entitled to receive common benefit funds. The Court now rules as follows.

I.   BACKGROUND

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of foul-smelling gas, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014).

1

In an attempt to recoup their damages, these homeowners began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation in accordance with 28 U.S.C § 1407. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were transferred and consolidated for pretrial proceedings in MDL 09-2047 before this Court.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities and (2) the Taishan Entities. The litigation has focused upon these two entities and their downstream associates and has proceeded on strikingly different tracks for the claims against each group. The Court assumes familiarity with the lengthy procedural history of this case and accordingly comments only upon recent developments involving the Taishan Settlement Agreement that underly this Order and Reasons.

On January 10, 2020, the Court issued an Order & Reasons granting final approval to the Taishan Settlement Agreement, which obligated the Taishan Entities to pay $248,000,000 to fully resolve all claims of the *Amorin* class, the plaintiffs named in the *Brooke* complaints, and any other property owners with Chinese drywall attributable to Taishan ("Absent Class Members").[1] R. Doc. 22460. Notably, the settlement funds are inclusive of any amount allocated for attorney fees and costs. Accordingly, in that same Order & Reasons, the Court ruled on Settlement Class Counsel's motion for an award of attorney's fees and costs. R. Doc. 22460. The Court awarded attorneys

---

[1] The Settlement specifically excludes 498 Florida *Amorin* Plaintiffs who received a separate settlement from Taishan (the "Parker Waichman Settlement"), the plaintiffs involved in the *Mitchell* action, and plaintiffs whose claims were previously voluntarily dismissed or dismissed for failure to complete a Supplemental Plaintiff Profile Form. R. Doc. 22305-2 at 5.

(both common benefit counsel and contract counsel) 19% of the $248,000,000 Taishan Settlement Fund—totaling $47,120,000. R. Doc. 22460 at 69, 71. The Court further ordered that a "fair division of fees is 40% to contract counsel and 60% to common benefit counsel." R. Doc. 22460 at 67. Accordingly, common benefit counsel are entitled to 60% of the fees—totaling approximately $28,272,000. In addition, the Court awarded common benefit counsel reimbursement of $1,166,418.88 in held costs and $1,669,824.00 as cash assessments, for a total of $2,836,242.88, for costs incurred between January 1, 2015 and August 31, 2019. R. Doc. 22460 at 69, 71. On January 31, 2020, the Court entered a final order and judgment pursuant to Federal Rule of Civil Procedure 54(b), R. Doc. 22466, from which no appeal was taken.

Having determined the appropriate percentage of attorney fees in this aspect of the litigation and established the appropriate division of these fees among common benefit counsel and contract counsel, the Court must now determine the appropriate allotment of common benefit fees and costs to the attorneys who performed common benefit work that produced the favorable result in this case. To aid in this endeavor, the Court appointed a Fee Allocation Committee and ordered anyone interested in receiving a common benefit fee to file an application indicating the time spent and nature of the work performed. R. Doc. 22481 at 1. The Court received nineteen fee applications. The Fee Allocation Committee was charged with reviewing fee requests and supporting documents from all attorneys who performed common benefit work in this portion of the litigation and thereafter making a recommendation to the Court regarding the allocation of common benefit fees.

The Fee Allocation Committee evaluated the applications, discussed the requests, and prepared a recommendation. The Committee indicated that its recommendations were agreeable to all fee applicants. Nevertheless, the Court felt it appropriate to give the applicants another

opportunity to object to the recommendations and accordingly posted the recommendations on the public website devoted to the Chinese drywall litigation and ordered that any objections to the recommendations be filed by April 6, 2020. If any objections were filed, the Court intended to appoint a special master to meet with the objectors, conduct any requested discovery, and make a recommendation regarding these objections. No objections were filed. Thus, this appointment was not necessary. The Court accordingly issues this Order & Reasons adopting the recommendations of the Fee Allocation Committee and allocating common benefit fees and costs in the manner set forth in section II.

## II.   ALLOCATION

The Court has examined the materials submitted by the fee applicants, consulted records kept by the Court-appointed CPA, reviewed the analysis of the Fee Allocation Committee, and concluded that the work performed by each applicant is commensurate with the recommended allocation. In view of the fact that no parties object to the Fee Allocation Committee's recommendation, the Court will adopt the recommendation and allocate common benefit fees and costs as follows.

| Firm | Common Benefit Allocation | Cost Reimbursements | Cash Assessments |
|---|---|---|---|
| Levin, Sedran & Berman | $9,800,000.00 | $759,837.15 | $608,133.01 |
| Herman Herman & Katz | $4,850,000.00 | $25,625.58 | $608,133.00 |
| Richard J. Serpe, P.C. | $2,000,000.00 | $63,963.41 | $70,236.00 |
| Colson Hicks Edison, PA | $2,000,000.00 | $83,227.52 | $80,000.00 |
| Barrios, Kingsdorf & Casteix | $1,925,000.00 | $22,850.55 | $54,718.00 |
| Irpino Law Firm | $1,925,000.00 | $55,109.53 | $72,039.00 |

| | | | |
|---|---|---|---|
| Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | $1,200,000.00 | $24,281.77 | $54,340.00 |
| Seeger Weiss | $1,000,000.00 | $78,009.43 | $44,482.00 |
| Morgan & Morgan | $900,000.00 | $37,051.14 | $18,477.00 |
| Hausfeld, LLP | $800,000.00 | $37,449.02 | $33,104.00 |
| The Lambert Firm | $689,000.00 | $7,341.85 | $7,753.00 |
| Allison Grant, PA | $675,000.00 | $6,672.87 | - |
| The Steckler Law Firm | $675,000.00 | $41,036.91 | $15,768.00 |
| Becnel Law Firm, LLC | $125,000.00 | $1,038.36 | - |
| Baron & Budd | $50,000.00 | - | - |
| Lieff Cabraser Heimann & Bernstein LLP and Cunningham Bounds, LLC | $25,250.00 | - | - |
| Martzell Bickford & Centola | $7,627.45 | - | - |
| Thornhill Law Group | $2,500.00 | $907.87 | - |
| Law Offices of Sidney D. Torres, III, A.P.L.C. | $2,500.00 | - | - |
| Lemmon Law Firm | - | $65.43 | - |
| Pendley Baudin & Coffin | - | $229.95 | - |
| Reeves & Mestayer | - | $6,020.12 | $12,641.00 |
| **TOTAL** | **$28,651,877.45** | **$1,250,718.46** | **$1,679,824.01** |

The Court notes that the total value of common benefit fees listed above--$28,651,877.45—exceeds the total awarded in the January 10, 2020 Order & Reasons, which was approximately $28,272,000. However, the Court finds it appropriate to additionally award common benefit counsel 60% of common benefit fees previously awarded in the *Allen* Settlement

5

on March 6, 2019—totaling $379,877.45—which are currently held in the Court Registry.[2] R. Doc. 22122.

Similarly, the total value of held costs and cash assessments listed above—$1,250,718.46 and $1,679,824.01, respectively—exceeds the sums originally awarded. With respect to reimbursement for held costs and cash assessments, the Court agrees with the Fee Allocation Committee that the number originally awarded—$1,166,418.88 in held costs and $1,669,824.00 in cash assessments—should be amended to reflect work performed between January 1, 2015 and the end of 2019 (as opposed to August 31, 2019, as originally ordered by the Court). Significant costs were expended between August 31, 2019, and the end of the year, as counsel executed the notice provisions of the Settlement Agreement and prepared for the Final Fairness Hearing. The additional held costs and reimbursements—$94,299.59 in total—shall be funded by accessing two funds of common benefit attorney fees from Virginia state court settlements with installers of Taishan Drywall: Jay Sprays, Inc. and K&M Drywall. Judge Hall, who presided over the Virginia state court matter, ordered that these funds be reserved to compensate the PSC, which had expended significant resources pursuing these installers in Virginia state court. *See* Order Establishing Qualified Settlement Fund and Appointing Fund Administrator at 2, *Atkins v. K & M Drywall* (Va. Cir. Ct. Aug. 18, 2014) (No. CL12-5298); Order: 1) Acknowledging Report of Special Master and 2) Approving Settlement Allocation Plan, *Butzer v. Next Level Group, et al*, (Va. Cir. Ct. Oct. 9, 2015) (No. CL11-0639). These funds were transferred to the Qualified Settlement Fun at Huntington National Bank, on or about April 1, 2020. The Court recognizes that these funds were held in escrow and have not been earmarked for any particular purpose, and

---

[2] On February 17, 2019, the Court ordered that 32% of the *Allen* Settlement Fund, or $633,129.09, be reserved for attorney fees, the allocation of which between common benefit counsel and individually retained counsel to be determined at a later date. These funds were placed in the registry of the Court.

accordingly authorizes the distribution of $94,299.59 to compensate common benefit counsel for held costs and cash assessments expended in this litigation.

### III. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that the common benefit funds from the Taishan Settlement and the Allen Settlement shall be allocated to the following firms in the following amounts, plus any interest accumulated over this time:

| FIRM | Allocation Recommendation | Held Costs 1/1/2015-12/31/2019 | Assessments 1/1/2015-12/31/2019 | TOTAL |
|---|---|---|---|---|
| Levin, Sedran & Berman | $ 9,800,000.00 | $ 759,837.15 | $ 608,133.01 | $ 11,167,970.16 |
| Herman Herman & Katz | $ 4,850,000.00 | $ 25,625.58 | $ 608,133.00 | $ 5,483,758.58 |
| Richard J. Serpe, P.C. | $ 2,000,000.00 | $ 63,963.41 | $ 70,236.00 | $ 2,134,199.41 |
| Colson Hicks Edison, PA | $ 2,000,000.00 | $ 83,227.52 | $ 80,000.00 | $ 2,163,227.52 |
| Barrios, Kingsdorf & Casteix | $ 1,925,000.00 | $ 22,850.55 | $ 54,718.00 | $ 2,002,568.55 |
| Irpino Law Firm | $ 1,925,000.00 | $ 55,109.53 | $ 72,039.00 | $ 2,052,148.53 |
| Gainsburgh, Benjamin, et al. | $ 1,200,000.00 | $ 24,281.77 | $ 54,340.00 | $ 1,278,621.77 |
| Seeger Weiss, LLP | $ 1,000,000.00 | $ 78,009.43 | $ 44,482.00 | $ 1,122,491.43 |
| Morgan & Morgan | $ 900,000.00 | $ 37,051.14 | $ 18,477.00 | $ 955,528.14 |
| Hausfeld, LLP | $ 800,000.00 | $ 37,449.02 | $ 33,104.00 | $ 870,553.02 |
| The Lambert Firm | $ 689,000.00 | $ 7,341.85 | $ 7,753.00 | $ 704,094.85 |
| Allison Grant, PA | $ 675,000.00 | $ 6,672.87 | $ - | $ 681,672.87 |
| The Steckler Law Firm | $ 675,000.00 | $ 41,036.91 | $ 15,768.00 | $ 731,804.91 |
| Becnel Law Firm, LLC | $ 125,000.00 | $ 1,038.36 | $ - | $ 126,038.36 |
| Baron & Budd | $ 50,000.00 | $ - | $ - | $ 50,000.00 |
| Lieff Cabraser / Cunningham Bounds | $ 25,250.00 | $ - | $ - | $ 25,250.00 |
| Martzell Bickford | $ 7,627.45 | $ - | $ - | $ 7,627.45 |
| Thornhill Law Firm | $ 2,500.00 | $ 907.87 | $ - | $ 3,407.87 |
| Torres Law | $ 2,500.00 | $ - | $ - | $ 2,500.00 |
| Lemmon Law Firm | $ - | $ 65.43 | $ - | $ 65.43 |
| Pendley Baudin & Coffin | $ - | $ 229.95 | $ - | $ 229.95 |
| Reeves & Mestayer | $ - | $ 6,020.12 | $ 12,641.00 | $ 18,661.12 |
|  | **$ 28,651,877.45** | **$ 1,250,718.46** | **$ 1,679,824.01** | **$ 31,582,419.92** |

**IT IS FURTHER ORDERED** that BrownGreer distribute the total common benefit fees

7

and reimbursable costs and assessments to the common benefit counsel as set forth above in the amounts specified for each such counsel, together with the accrued interest on these funds allocated proportionally among counsel. Distribution is not to occur until the time to appeal has passed.

**IT IS FURTHER ORDERED** that BrownGreer be authorized to withhold from the accrued interest portion of the funds to be distributed, the amount required to pay taxes on interest earned on the funds during deposit in the Court Registry.

**IT IS FURTHER ORDERED** that each firm entitled to receive funds under this Order provide BrownGreer, through Jake Woody, a Social Security number or Tax Identification number prior to receiving any distribution.

The Court finds that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.

New Orleans, Louisiana this 21st day of April, 2020.

_____
Eldon E. Fallon
United States District Judge