UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 SECTION "L" |
| This document relates to: *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* Case No. 14:cv-2722 | JUDGE ELDON FALLON MAGISTRATE JOSEPH WILKINSON, JR. |

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY R&S PROPERTIES, LLC

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by R&S Properties, LLC in the Bennett Plaintiffs' Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.   R&S Properties had actual knowledge of the defect at least six years before it filed its claims against the Knauf Defendants. It is irrelevant whether that defect was latent and whether other signs may have put R&S on notice of the defect.**

Plaintiff quotes from only one Alabama case on "concealed" or "latent" defects: *Collier v. Duprel* , 480 So. 2d 1196 (Ala. 1985), in which the Alabama Supreme Court held that the defect complained of was *not* a latent defect because the plaintiff was able to observe "the manner in which electricity was supplied" via a wire over which the plaintiff had tripped. *Id.* at 1199.  Here, like in *Collier*, the defect was not latent after Plaintiff **was informed it existed** in 2011 or 2012 by

a technician who repaired the Property's air conditioning. *See also Chandiwala v. Pate Const. Co.*, 889 So. 2d 540, 542, 544 (holding that a plaintiff's claims were time barred where he did not make repairs for more than two years after being informed that potential problems could result if he did not correct the defect).[1]

Plaintiff also argues that the statute of limitations on its claims "did not begin to run when they purchased their properties in 2009."[2] Plaintiff then argues that "some unidentified smell or corrosion" did not place it on notice that its Property contained defective drywall and that only a professional inspection could have uncovered the defect.[3] All of these might be viable rebuttal arguments to a constructive knowledge argument, but that is an argument the Knauf Defendants did not make. Instead, as explained above, Plaintiff obtained *actual* knowledge of its causes of action, and therefore the statute of limitations began to run, when an air technician informed one of Plaintiff's members that he believed the Property contained defective drywall.[4]

## II.     This Court has already determined the Knauf Defendants did not owe a post-sale duty to warn.

Plaintiff argues that its claims are not prescribed because the Knauf Defendants had a duty to take some additional affirmative action to place Plaintiffs on notice of their defective product, and their failure to do so has suspended the running of the statute of limitations. In support, Plaintiff argues that the Knauf Defendants had a duty to warn under Alabama law and failed to carry out that duty, such that the prescriptive period has not yet commenced.[5]

---

[1] It is also worth noting that in arguing that the defects in the drywall were "latent," Plaintiffs directly contradict the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits "noxious gases."
[2] Rec. Doc. 22719 at 8.
[3] Rec. Doc. 22719 at 9-10.
[4] Rec. Doc. 22644-1 at 6.
[5] Rec. Doc. 22719 at 11-13.

This Court has previously rejected this precise argument under both Florida and Louisiana law, concluding "that it would not have been reasonably possible for Knauf to identify all those to whom a post-sale duty to warn may have been owed."[6] Additionally, this Court recognized "that Knauf did undertake an extensive notice program during the major settlement phase of this MDL to identify potential claimants and notify them of their right to participate in the settlement."[7] This Court should reject Plaintiffs' arguments that Alabama's limitations periods were suspended due to the Knauf Defendants' failure to warn Plaintiff individually.

For similar reasons, this Court should reject Plaintiff's argument that "equitable estoppel" tolled the running of the statutes of limitations applicable to Plaintiff's claims. Plaintiff argues that because the Knauf Defendants have "failed to provide proof that a warning was issued" to any customer, "[e]quitable estoppel . . . cause[d] Plaintiffs' [sic] statutory filing period to toll."[8] A claim for equitable estoppel requires that the person against whom estoppel is asserted "must have knowledge of the facts" and "communicate[] something in a misleading way" by words or silence. *Gen. Elec. Credit Corp. v. Strickland Div. of Rebel Lumber Co.*, 437 So. 2d 1240, 1243 (Ala. 1983). Because the Knauf Defendants had no duty to warn, it was not misleading for the Knauf Defendants to fail to provide a warning to Plaintiff.

### III.    R&S Properties has not asserted, and could not assert, a claim under the CPSA.

Plaintiff contends that the prescriptive period should be suspended because the Knauf Defendants have not reported the sale of their drywall to the Consumer Product Safety Commission ("CPSC") nor recalled their product pursuant to the Consumer Product Safety Act,

---

[6] Rec. Doc. 22586 at 19-20; Rec. Doc. 22615 at 27-28.
[7] Rec. Doc. 22586 at 20; Rec. Doc. 22615 at 28.
[8] Rec. Doc. 22719 at 17.

15 U.S.C. § 2051, *et seq.* ("CPSA").[9] Plaintiff's argument is flawed for numerous reasons—both factual and legal.

Initially, Plaintiff has not asserted a claim against the Knauf Defendants under the CPSA. Plaintiff cannot use its Opposition to raise new claims; thus, the new arguments regarding the CPSA should be rejected. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

Even if Plaintiff could assert a claim under the CPSA, that statute does not establish a statutory framework regulating the Knauf Defendants' commercial business. It establishes the CPSC and defines the CPSC's basic authority, including its authority to develop standards and bans, pursue recalls, and to ban products under certain circumstances The CPSA does not create an affirmative legal duty to which the Knauf Defendants must adhere. Most importantly, the CPSA does not establish a private right of action on behalf of Plaintiffs—its enforcement is vested in the CPSC, which is tasked with overseeing compliance with its own regulations and with the CPSA.[10] If the Knauf Defendants had failed to comply with the CPSA, it is the CPSC—not Plaintiff— that would have had standing to pursue the Knauf Defendants. The CPSC has not done so.

---

[9] Rec. Doc. 22719 at 13-16.
[10] 15 U.S.C. § 2061(a).

Additionally, on May 25, 2010, the CPSC issued a warning concerning the Knauf Defendants' Chinese drywall.[11] When, as here, the CPSC has been adequately informed of a product defect, the CPSA reporting requirements are mooted.[12] To the extent the Knauf Defendants were required to report the defective drywall under 15 U.S.C. § 2064 (they were not), and this reporting requirement suspended commencement of the statute of limitations period (it does not), such a requirement was fulfilled at least by May 25, 2010, and the statute of limitations began to run no later than that date.

Further, the CPSA reporting requirements cited by Plaintiff apply solely to failures to comply with CPSC requirements,[13] product defects that create a substantial risk of injury to the public,[14] and products that create an unreasonable risk of serious injury or death.[15]  The reporting requirements do not, as Plaintiff contends, apply to *all* products that "contain[] a defect";[16] they apply only to those that create a substantial risk of injury to the public, As the CPSC has confirmed on its website, there is no evidence that the Knauf Defendants' defective drywall fits this definition, and the CPSC has not required the Knauf Defendants to recall their product.[17] Instead, the CPSC has implemented specific regulations—including the Drywall Safety Act of 2012—designed to combat the issues previously encountered with defective drywall.[18]

---

[11] U.S. CPSC, *CPSC Identifies Manufacturers of Problem Drywall Made in China*, CPSC.gov (May 25, 2010), https://www.cpsc.gov/Newsroom/News-Releases/2010/CPSC-Identifies-Manufacturers-of-Problem-Drywall-Made-in-China.

[12] 15 U.S.C. § 2064(b).

[13] 15 U.S.C. § 2064(b)(1)-(2).

[14] *Id.* § 2064(a)(2) & (b)(3).

[15] *Id.* § 2064(b)(4).

[16] Rec. Doc. 22709 at 19.

[17] *See* U.S. CPSC, *Other Frequently Asked Questions*, CPSC.gov, https://www.cpsc.gov/content/other-frequently-asked-questions (last visited April 17, 2020); *see also* U.S. CPSC, *CDC Review Finds No Link Between Problem Drywall and 11 Reported Deaths*, CPSC.gov (January 31, 2011), https://www.cpsc.gov/Newsroom/News-Releases/2011/CDC-Review-Finds-No-Link-Between-Problem-Drywall-and-11-Reported-Deaths/.

[18] U.S. CPSC, *Drywall Business Guidance*, CPSC.gov, https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Drywall (last visited April 17, 2020).

Plaintiff has no cause of action against the Knauf Defendants under the CPSA. Its arguments based on that statute have no merit.

**IV.    R&S Properties has not asserted a fraud claim against the Knauf Defendants and has presented no evidence of fraud that could have tolled the statute of limitations.**

Plaintiff also argues that the prescriptive period should be suspended because the Knauf Defendants fraudulently concealed known problems with their drywall.[19] Here again, Plaintiff is asserting a claim in opposition to a summary judgment motion that it did not allege in its Complaint and is therefore not properly before this Court. *See DeKort.*, 475 F. App'x at 522; *Gilmour*, 382 F.3d at 1314; *see also Fisher v. Blue Cross & Blue Shield of Texas, Inc.*, No. 3:10-CV-2652-L, 2015 WL 5603711, at *11 n.7 (N.D. Tex. Sept. 23, 2015) (refusing to consider a fraud theory raised for the first time in a summary judgment opposition because it "was never pled," and therefore "not properly before the court").

Moreover, Plaintiff's newly asserted claim is one that must "be pled with particularity to the circumstances allegedly constituting the fraud." *Target Const., Inc. v. Baker Pile Driving & Site Work, L.L.C.*, No. 12-1820, 2012 WL 5878855, at *3 (E.D. La. Nov. 20, 2012). In its untimely assertion of fraud, Plaintiff provides no such particulars and cites no credible evidence—instead, it points only to a single Florida news article from 2010 referencing a *suspected* agreement between the Knauf Defendants and a drywall distributor in Florida.[20] Moreover, even if this Court did rely on one Florida journalist's speculations and theories, the article is irrelevant to Plaintiff's claims. Plaintiff's Property is located in Alabama, not Florida, and Plaintiff has no connection to Banner

---

[19] Rec. Doc. 22719 at 14-16.
[20] Plaintiff blames the Knauf Defendants for this lack of evidentiary support, stating that "[i]t is noteworthy that the Defendants have not produced that indemnification agreement [referenced in the Florida news article] in their disclosures to Plaintiffs [sic] [.]" Rec. Doc. 22719 at 15. Nearly a decade of discovery occurred in this MDL, all of which Plaintiff received and none of which supports Plaintiff's present position. If Plaintiff believed there was additional discovery withheld by the Knauf Defendants, it should have requested it. Plaintiff never sought leave to conduct discovery under the CMO and cannot now be excused from adequately supporting its position due to its own neglect.

Supply Company (a Florida distributor). Finally, the article was published on June 2, 2010. The fraud it allegedly exposes could only have tolled the statute of limitations until that date.

## V. Conclusion

R&S Properties' arguments in opposition to the Knauf Defendants' Motion for Summary Judgment are based on misstatements of fact and misunderstandings of the law. This Court should grant summary judgment and dismiss R&S Properties' claims against the Knauf Defendants with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
---
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0279
Email:           kmiller@fishmanhaygood.com

*Counsel for Defendant,*
*The Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 21st day of April, 2020.

*/s/ Kerry J. Miller*
---
**KERRY J. MILLER**