## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

### OMNIBUS REPLY MEMORANDUM IN SUPPORT OF MOTIONS SET FOR SUBMISSION ON APRIL 29, 2020 AGAINST MARTIN ARMSTRONG AND TOSHONIA ARMSTRONG, GERALD LEVIN, RACHEL RENEE SCHOERNER, AND VASHTI ALETHIA LOCKE-ESBERRY

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Omnibus Reply Memorandum in Support of Motions Set for Submission on April 29, 2020, including their: (1) Motion for Summary Judgment on Claims asserted by Toshonia Jackson Armstrong and Martin Armstrong (the "Armstrongs") (Rec. Doc. 22633); (2) Motion for Summary Judgment on Claims Asserted by Gerald Levin ("Levin") (Rec. Doc. 22679); (3) Motion for Summary Judgment on Claims Asserted by Rachel Renee Schoerner ("Schoerner") (Rec. Doc. 22685); and (4) Reurged Motion to Dismiss Claims Asserted by Vashti Alethia Locke-Esberry ("Locke-Esberry") pursuant to Rule 37 of the Federal Rules of Civil Procedure (Rec. Doc. 22707). Based on the Knauf Defendants' previous arguments, and with no timely opposition filed by Plaintiffs, the claims asserted by the aforementioned Plaintiffs against the Knauf Defendants in Plaintiffs' Fifth

Amended Class Action Complaint (the "Fifth Amended Complaint") must be dismissed with prejudice.

The Motion for Summary Judgment on claims asserted by the Armstrongs was filed on March 13, 2020 (Rec. Doc. 22633) and set for submission on April 29, 2020 (Rec. Doc. 22694). The Motion for Summary Judgment on Claims Asserted by Levin was filed on March 31, 2020 (Rec. Doc. 22679) and set for submission on April 29, 2020 (Rec. Doc. 22694). The Motion for Summary Judgment on Claims Asserted by Rachel Renee Schoerner was filed on April 1, 2020 (Rec. Doc. 22685) and set for submission on April 29, 2020 (Rec. Doc. 22694). The Reurged Motion to Dismiss Claims Asserted by Locke-Esberry was filed on April 13, 2020 (Rec. Doc. 22707) and set for submission on April 29, 2020 (Rec. Doc. 22707-5).

According to Local Rule 7.5 for the U.S. District Court for the Eastern District of Louisiana, "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Consequently, with regard to all of the aforementioned motions set for submission on April 29, 2020, Plaintiffs were required to file an opposition no later than April 21, 2020. Plaintiffs have failed to do so.

A plaintiff's failure to oppose a motion for summary judgment is, standing alone, an insufficient basis for a grant of summary judgment. *Rivers v. Zwolle*, No. CV-10-0578, 2011 WL 1103792, at *2 (W.D. La. Mar. 22, 2011). However, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must … set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.* (quoting Fed. R. Civ. P. 56(e)(2)).

The Armstrongs' failure to oppose the Knauf Defendant's Motion for Summary Judgment on claims asserted by the Armstrongs (Rec. Doc. 22633) weighs in favor of dismissal. As more fully detailed in the Memorandum in Support of the Motion, the Armstrongs' claims are time-barred. First, the Armstrongs' negligence, DTPA, and property-damage claims are time-barred because the Armstrongs' clearly knew of Chinese drywall when they discussed it with the homebuilder for their Property more than two years before filing claims in this matter such that they filed beyond the statutory deadline in Alabama for such claims. Rec. Doc. 22633-1 at 9. Similarly, the Armstrongs' implied warranty claims are time-barred because delivery of the Chinese drywall occurred more than four years before they filed suit such that they filed beyond the statutory deadline in Alabama for such claims. Rec. Doc. 22633-1 at 10. Lastly, and in the alternative, several items of damages listed by the Armstrongs in their submissions should be dismissed because the damages are entirely speculative—the Armstrongs even admit that they never incurred those expenses. Rec. Doc. 22633-1 at 10.

Similarly, Levin's failure to oppose the Knauf Defendant's Motion for Summary Judgment on Claims Asserted by Levin (Rec. Doc. 22679) weighs in favor of dismissal. As more fully detailed in the Memorandum in Support of the Motion, Adelaide Levin, now deceased, discovered Chinese drywall in her Property more than two years before a claim was filed in this action—well after the one-year prescriptive deadline in Louisiana for such claims. Rec. Doc. 22679-1 at 6. Thus, Levin's claims are prescribed.

Next, Schoerner's failure to oppose the Knauf Defendant's Motion for Summary Judgment on Claims Asserted by Schoerner (Rec. Doc. 22685) weighs in favor of dismissal. Schoerner obtained actual knowledge, through an inspection, of Chinese drywall in the Property and did not initiate an action until more than three years later—beyond the statutory period in Mississippi for

such claims. Rec. Doc. 22685-1 at 6-9. Thus, Schoerner's claims are prescribed. In the alternative, Schoerner assigned away any claims that accrued before she sold the Property or that pertained to remediation of the Property. Rec. Doc. 22685-1 at 10-11. Further, Schoerner is not entitled to any claim for diminution of value of the Property because she sold the Property via an arms-length transaction with the value calculated as if the Property did not contain Chinese drywall. Rec. Doc. 22685-1 at 11.

Lastly, Locke-Esberry's failure to oppose the Knauf Defendants' Reurged Motion to Dismiss Claims Asserted by Locke-Esberry (Rec. Doc. 22707) also weighs in favor of dismissal. The Knauf Defendants note that Plaintiff's counsel has still not responded to counsel for the Knauf Defendants' communications regarding scheduling a deposition, nor has counsel for Plaintiff contacted the Knauf Defendants to discuss arranging an inspection. Thus, Plaintiff has now failed to properly appear for deposition, to permit inspection of her Property, or to even communicate with the Knauf Defendants despite repeated attempts by the Knauf Defendants at both deposing Plaintiff and inspecting her Property, two motions to dismiss based on Rule 37 filed against her (the latter of which Plaintiff did not even bother to oppose), and this Court's Order requiring compliance (Rec. Doc. 22624).

The factual circumstances surrounding Locke-Esberry's failure to pursue her claims are nearly identical to those in other cases where dismissal was granted. *See Sauviac v. Cannizzaro*, No. CV-14-1027, 2015 WL 7734090, at *2 (E.D. La. Nov. 30, 2015) ("Plaintiff has delayed the resolution of this issue by his refusal to participate in discovery, he has shown little interest in the result of this suit in his failure to oppose any of Defendant's motions, and he has directly ignored orders of this Court. … [T]his Court believes it is justified in dismissing Plaintiff's claims with prejudice for failure to prosecute and as a sanction for failure to comply with the Court's orders.").

Locke-Esberry's claims must be dismissed and Locke-Esberry should be required to pay the Knauf Defendants' fees and costs associated with defending against her claims.

Based on Plaintiffs' failure to oppose the Knauf Defendants' motions, the Knauf Defendants request this Court dismiss the claims of the Armstrongs, Levin, Schoerner, and Locke-Esberry with prejudice. Additionally, the Knauf Defendants request this Court award fees and costs associated with defending against Locke-Esberry's claims.

>Respectfully submitted,
>
>**FISHMAN HAYGOOD, LLP**
>
>*/s/ Kerry J. Miller*
>**KERRY J. MILLER (#24562), T.A.**
>**PAUL C. THIBODEAUX (#29446)**
>**DANIEL J. DYSART (#33812)**
>201 St. Charles Avenue, Suite 4600
>New Orleans, LA 70170
>Telephone:   504.556.5549
>Facsimile:    504.310.0279
>Email:          kmiller@fishmanhaygood.com
>
>*Counsel for The Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 23rd day of April, 2020.

>*/s/ Kerry J. Miller*
>**KERRY J. MILLER**