UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

**MEMORANDUM IN SUPPORT OF SETTLEMENT CLASS COUNSEL'S MOTION TO MODIFY PRETRIAL ORDER NOS. 1(B), 1(I) AND 1(J) AS TO SETTLING CLASS MEMBERS**

**MAY IT PLEASE THE COURT:**

This memorandum is being submitted on behalf of Settlement Class Counsel in support of their motion to modify Pretrial Order Nos. 1(B), 1(I) and 1(J). Settlement Class Counsel respectfully request that this Court modify PTO 1 by relieving all settling Class Members (*i.e.*, all Class Members who did not opt out of the Taishan Settlement) and their counsel from any and all obligations to preserve evidence, provided they do not have pending claims against the Knauf Defendants (*i.e.*, Plaintiffs in *Bennett, et al. v. Knauf, et al.*,14-cv-2722 (E.D. La.)), and would respectfully show the following.

1.  All Class Members have been required for over 10 years to maintain drywall samples and other physical evidence from properties with allegedly defective Chinese-manufactured drywall pursuant to PTOs 1(B) and 1(I). PTO 1(J), entered on March 20, 2015 [Rec. Doc. 18528], revised PTO 1(I) to allow Plaintiffs with settled claims against the Knauf Defendants

with respect to KPT Chinese Drywall (*i.e.*, drywall manufactured or supplied by Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT") but not drywall manufactured or supplied by any other Knauf Defendant) to dispose of their physical evidence. Given that all settling Class Members' claims have been fully adjudicated (except for those with pending claims against the Knauf Defendants), Settlement Class Counsel respectfully suggest that settling Class Members should be relieved from the preservation obligation, and permitted to dispose of all remaining drywall samples and other physical evidence remaining in their possession.

2.  The Plaintiffs' Steering Committee ("PSC") has obtained drywall samples and other physical evidence from drywall distributors such as Venture Supply, Inc., and continues to preserve this evidence in storage facilities, which requires ongoing monthly rental payments.[1] Settlement Class Counsel request that the PSC be relieved from any further obligation to preserve this physical evidence, and that the PSC be permitted to dispose of all remaining physical evidence in their possession.

3.  The PSC has retained multiple expert witnesses in the fields of chemistry, metallurgy, material science, electronics and engineering to conduct testing and analysis of drywall physical evidence (including Bradley D. Krantz of Corrosion Testing Laboratories, Inc., Lori Streit of Unified Engineering, Inc., John R. Scully, Professor of Material Science & Engineering and Co-Director of the Center for Electrochemical Science & Engineering at the University of Virginia, Peter Nelson, Civil Engineer at Simpson, Gumpertz & Heger, and others). These experts continue to maintain the samples that they were provided, as well as documentation regarding their expert analysis in this matter.[2]

---

[1] For example, the PSC incurs monthly storage charges for Venture Supply, Inc. drywall in the amount of $248.39.

[2] For example, Krantz maintains 19 ft.$^2$ of drywall samples and evidence, and charges $1,140 every six months for storage of these materials.

4.      On February 26, 2020 and April 17, 2020, PSC Member Richard Serpe contacted counsel for the 90 Plaintiffs who opted out of the Taishan Class Settlement (Jimmy Doyle and Kevin O'Bryon), advising them of the PSC's intent to file the instant motion (*see* emails to Jimmy Doyle and Kevin O'Bryon, attached hereto as Exhibit "A"). Mr. Serpe also spoke with Mr. Doyle on February 27, providing additional notice of this motion to permit destruction of drywall samples and evidence. In the ensuing six weeks, the PSC received no request from counsel for the Opt-Out Plaintiffs to transfer custody of any evidence or samples.

5.      Accordingly, Settlement Class Counsel respectfully request that the PSC be authorized to contact all expert witnesses and consultants and advise them that they may dispose of all remaining physical evidence of drywall in their possession.

6.      Given that the litigation is resolved for all settling Class Members who do not have pending claims against the Knauf Defendants, Settlement Class Counsel respectfully request that the Court permit settling Class Members with no pending claims against the Knauf Defendants, their counsel, and the PSC to dispose of all remaining physical evidence in their possession, and in the possession of their experts and consultants. Any party that remains in the litigation that wishes to preserve any such physical evidence must file, within 30 days of the date of the Court's Order, a Notice of Transfer of Preservation Responsibility, attaching an identification of the materials to be preserved, a record of chain-of-custody procedures, and an acknowledgement of assumption of all expenses for continued preservation by the requesting remaining party. If no such Notice of Transfer of Preservation Responsibility is timely filed, all materials identified herein may be destroyed by their custodian.

7. Taishan and the Additional Released Parties to the Taishan Settlement consent to the relief requested.

Respectfully submitted,

Dated: April 24, 2020                By: */s/ Stephen J. Herman*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
SHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047 and Settlement Class Counsel*

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047 and Settlement Class Counsel*

Patrick Shanan Montoya
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
Patrick@colson.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510

757-233-0009
Rserpe@serpefirm.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 24th day of April, 2020.

*/s/ Stephen J. Herman*