UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
|  | SECTION "L" |
| This document relates to: | JUDGE ELDON FALLON |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* |  |
|  | MAGISTRATE JOSEPH WILKINSON, JR. |
| Case No. 14:cv-2722 |  |

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED
BY DUNG NGUYEN

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by Dung Nguyen in the Bennett Plaintiffs' Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.  Nguyen had actual knowledge of the defect at least six years before he filed his claims against the Knauf Defendants. The discovery rule is inapplicable, and it is irrelevant whether any "signs" may have put Nguyen on notice of the defect.**

As Plaintiff himself explains, the discovery rule in Mississippi only tolls the statute of limitations until "a plaintiff 'should have reasonably known of some negligent conduct, even if the plaintiff does not know with absolute certainty that the conduct was legally negligent.'" *Boyles v. Schlumberger Tech. Corp.*, 832 So. 2d 503, 506 (Miss. 2002) (quoting *Sarris v. Smith*, 782 So. 2d 721, 725 (Miss. 2001)). Here, Plaintiff should have reasonably known of some negligent conduct when his tenant (in 2011), and then the purchaser of his Property (in 2012), both told him they

believed the Property contained Chinese-manufactured drywall.[1] Further, as the Mississippi Supreme Court explained in the *Boyles* case cited by Plaintiff, when a plaintiff opposes a summary judgment without any "hard evidence such as affidavits that they did not know of their claims" prior to the statute of limitations running, the plaintiff has failed to properly support their summary judgment opposition, and summary judgment is warranted. 832 So. 2d at 507.  Here, like in *Boyles*, "[a]ll [Plaintiff] did was argue that [he] did not know of [his] claims" until he received an inspection report from Healthy Home Solutions in 2017.  *See id.* Plaintiff argues only that his own testimony as to when he was informed that the Property had Chinese drywall cannot be trusted because used the word "probably" in his explanation.[2]

Plaintiff also argues that the statute of limitations on his claims "did not begin to run when he purchased the property in 2006."[3] Plaintiff then argues that "some unidentified smell or corrosion" did not place him on notice that his Property contained defective drywall and that only a professional inspection could have uncovered the defect.[4]  All of these might be viable rebuttal arguments to a constructive knowledge argument, but that is an argument the Knauf Defendants did not make. Instead, as explained above, Plaintiff obtained *actual* knowledge of his causes of action, and therefore the statute of limitations began to run in 2011, when a tenant put him on notice of Chinese-manufactured drywall in the Property, or at the very least in 2012, when the family to whom Plaintiff sold the Property informed him there was Chinese drywall in the Property.[5]

---

[1] *See* Rec. Doc. 22641-1 at 3-4, 6-7.
[2] Rec. Doc. 22726 at 6.
[3] Rec. Doc. 22726 at 9.
[4] Rec. Doc. 22726 at 11.
[5] *See* Rec. Doc. 22641-1 at 6-7.

## II. This Court has already determined the Knauf Defendants did not owe a post-sale duty to warn.

Plaintiff argues that his claims are not prescribed because the Knauf Defendants had a duty to take some additional affirmative action to place Plaintiffs on notice of their defective product, and their failure to do so has suspended the running of the statute of limitations. In support, Plaintiff argues that the Knauf Defendants had a duty to warn under Mississippi law and failed to carry out that duty, such that the statute of limitations has not yet commenced to run.[6]

This Court has previously rejected this precise argument, explaining that "Mississippi law does not recognize a post-sale duty to warn."[7] But even if Mississippi did recognize this duty, the Court noted "that Knauf did undertake an extensive notice program during the major settlement phase of this MDL to identify potential claimants and notify them of their right to participate in the settlement."[8] Plaintiff has no basis for his argument that the Knauf Defendants owed, and breached, a post-sale duty to warn.

For similar reasons, this Court should reject Plaintiff's argument that "equitable estoppel" tolled the running of the statutes of limitations applicable to Plaintiff's claims. Plaintiff argues that because the Knauf Defendants "[f]ail[ed] to speak when under some duty to speak," equitable estoppel "prevent[s] the Knauf Defendants from taking unfair advantage" of him.[9] Because Mississippi law does not recognize any duty to warn, the Knauf Defendants did not "fail to speak when under some duty to speak."

---

[6] Rec. Doc. 22726 at 17-20.
[7] Rec. Doc. 22615 at 27-28.
[8] Rec. Doc. 22615 at 28.
[9] Rec. Doc. 22726 at 19-20.

**III.     Nguyen has not asserted, and could not assert, a claim under the CPSA.**

Plaintiff contends that the prescriptive period should be suspended because the Knauf Defendants have not reported the sale of their drywall to the Consumer Product Safety Commission ("CPSC") nor recalled their product pursuant to the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* ("CPSA").[10] Plaintiff's argument is flawed for numerous reasons—both factual and legal.

Initially, Plaintiff has not asserted a claim against the Knauf Defendants under the CPSA. Plaintiff cannot use his Opposition to raise new claims; thus, the new arguments regarding the CPSA should be rejected. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

Even if Plaintiff could assert a claim under the CPSA, that statute does not establish a statutory framework regulating the Knauf Defendants' commercial business. It establishes the CPSC and defines the CPSC's basic authority, including its authority to develop standards and bans, pursue recalls, and to ban products under certain circumstances The CPSA does not create an affirmative legal duty to which the Knauf Defendants must adhere. Most importantly, the CPSA does not establish a private right of action on behalf of Plaintiff—its enforcement is vested in the CPSC, which is tasked with overseeing compliance with its own regulations and with the CPSA.[11]

---

[10] Rec. Doc. 22726 at 14-17.
[11] 15 U.S.C. § 2061(a).

If the Knauf Defendants had failed to comply with the CPSA, it is the CPSC—not Plaintiff— that would have had standing to pursue the Knauf Defendants. The CPSC has not done so.

Additionally, on May 25, 2010, the CPSC issued a warning concerning the Knauf Defendants' Chinese drywall.[12] When, as here, the CPSC has been adequately informed of a product defect, the CPSA reporting requirements are mooted.[13] To the extent the Knauf Defendants were required to report the defective drywall under 15 U.S.C. § 2064 (they were not), and this reporting requirement suspended commencement of the statute of limitations period (it does not), such a requirement was fulfilled at least by May 25, 2010, and the statute of limitations began to run no later than that date.

Finally, the CPSA reporting requirements cited by Plaintiff apply solely to failures to comply with CPSC requirements,[14] product defects that create a substantial risk of injury to the public,[15] and products that create an unreasonable risk of serious injury or death.[16]  The reporting requirements do not, as Plaintiff contends, apply to *all* products that "contain[] a defect";[17] they apply only  to those that create a substantial risk of injury to the public, As the CPSC has confirmed on its website, there is no evidence that the Knauf Defendants' defective drywall fits this definition, and the CPSC has not required the Knauf Defendants to recall their product.[18] Instead, the CPSC

---

[12] U.S. CPSC, *CPSC Identifies Manufacturers of Problem Drywall Made in China*, CPSC.gov (May 25, 2010), https://www.cpsc.gov/Newsroom/News-Releases/2010/CPSC-Identifies-Manufacturers-of-Problem-Drywall-Made-in-China.
[13] 15 U.S.C. § 2064(b).
[14] 15 U.S.C. § 2064(b)(1)-(2).
[15] *Id.* § 2064(a)(2) & (b)(3).
[16] *Id.* § 2064(b)(4).
[17] Rec. Doc. 22726 at 15.
[18] *See* U.S. CPSC, *Other Frequently Asked Questions*, CPSC.gov, https://www.cpsc.gov/content/other-frequently-asked-questions (last visited April 17, 2020); *see also* U.S. CPSC, *CDC Review Finds No Link Between Problem Drywall and 11 Reported Deaths*, CPSC.gov (January 31, 2011), https://www.cpsc.gov/Newsroom/News-Releases/2011/CDC-Review-Finds-No-Link-Between-Problem-Drywall-and-11-Reported-Deaths/.

has implemented specific regulations—including the Drywall Safety Act of 2012—designed to combat the issues previously encountered with defective drywall.[19]

Plaintiff has no cause of action against the Knauf Defendants under the CPSA. His arguments based on that statute have no merit.

### IV. Nguyen has not asserted a fraud claim against the Knauf Defendants and has presented no evidence of fraud that could have tolled the statute of limitations.

Plaintiff also argues that the prescriptive period should be suspended because the Knauf Defendants fraudulently concealed known problems with their drywall.[20] Here again, Plaintiff is asserting a claim in opposition to a summary judgment motion that he did not allege in his Complaint and is therefore not properly before this Court. *See DeKort.*, 475 F. App'x at 522; *Gilmour*, 382 F.3d at 1314; *see also Fisher v. Blue Cross & Blue Shield of Texas, Inc.*, No. 3:10-CV-2652-L, 2015 WL 5603711, at *11 n.7 (N.D. Tex. Sept. 23, 2015) (refusing to consider a fraud theory raised for the first time in a summary judgment opposition because it "was never pled," and therefore "not properly before the court").

Moreover, Plaintiff's newly asserted claim is one that must "be pled with particularity to the circumstances allegedly constituting the fraud." *Target Const., Inc. v. Baker Pile Driving & Site Work, L.L.C.*, No. 12-1820, 2012 WL 5878855, at *3 (E.D. La. Nov. 20, 2012). In his untimely assertion of fraud, Plaintiff provides no such particulars and cites no credible evidence—instead, it points only to a single Florida news article from 2010 referencing a *suspected* agreement between the Knauf Defendants and a drywall distributor in Florida.[21] Moreover, even if this Court did rely

---

[19] U.S. CPSC, *Drywall Business Guidance*, CPSC.gov, https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Drywall (last visited April 17, 2020).

[20] Rec. Doc. 22726 at 15-16.

[21] Plaintiff blames the Knauf Defendants for this lack of evidentiary support, stating that "[i]t is noteworthy that the Defendants have not produced that indemnification agreement [referenced in the Florida news article] in their disclosures to Plaintiffs [sic] [.]" Rec. Doc. 22726 at 16. Nearly a decade of discovery occurred in this MDL, all of which Plaintiff received and none of which supports Plaintiff's present position. If Plaintiff believed there was additional discovery withheld by the Knauf Defendants, he should have requested it. Plaintiff never sought leave to

on one Florida journalist's speculations and theories, the article is irrelevant to Plaintiff's claims. Plaintiff's Property is located in Alabama, not Florida, and Plaintiff has no connection to Banner Supply Company (a Florida distributor). Finally, the article was published on June 2, 2010. The fraud it allegedly exposes could only have tolled the statute of limitations until that date.

## V.     Conclusion

Dung Nguyen's arguments in opposition to the Knauf Defendants' Motion for Summary Judgment are based on misstatements of fact and misunderstandings of the law. This Court should grant summary judgment and dismiss Nguyen's claims against the Knauf Defendants with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:     504.310.0279
Email:          kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

---

conduct discovery under the CMO and cannot now be excused from adequately supporting his position due to its own neglect.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 24th day of April, 2020.

                                      */s/ Kerry J. Miller*
                                      **KERRY J. MILLER**