# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| This document relates to: <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14:cv-2722 | JUDGE ELDON FALLON <br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

### REPLY MEMORANDUM IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY
### <u>WILLIAM FOREMAN</u>

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment on Claims asserted by William Foreman (Rec. Doc. 22640).

Foreman does not dispute that his claims were filed more than three years after he was put on notice that his Property contained Chinese-manufactured drywall. Instead, Foreman's only argument is that his claims are timely because an earlier class action, *Payton v. Knauf Gips, KG*, No. 2:09-cv-07628, tolled the running of that period pursuant to the United States Supreme Court's holding in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). This Court has already considered, and rejected, this argument as to Mississippi claimants.

As this Court recognized in Orders & Reasons dated February 14, 2020 and March 6, 2020 "*American Pipe* tolling does not apply" to claims asserted by *Bennett* claimants because the rule announcing in that case "applies only to individual claims and not to successive class actions."[1] This limitation is known as the prohibition against "stacking" or "piggybacking" class actions for purposes of tolling. *See, e.g., Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir. 1998) ("Plaintiffs may not stack one class action on top of another and continue to toll the statute of limitations indefinitely."); *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994) (same); *Salazar-Calderon v. Presido Valley Farmers Ass'n*, 765 F.2d 1334, 1350 (5th Cir. 1985) ("Plaintiffs have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely, nor have we found any.").

This prohibition was recently confirmed by the United States Supreme Court in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018). Justice Ginsburg, writing for the majority, explained: "*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Id.* at 1806. The Court explained that *American Pipe* and its progeny protect "putative class members who wish to sue individually after a class-certification denial," but do not "so much as hint[] that tolling extends to otherwise time-barred class claims." *Id.*[2] As Plaintiff admits, his tolling argument is based on *Payton*, a class action filed several years before the *Bennett* class action. Foreman is not a putative *Payton* class members

---

[1] Rec. Doc. 22586 at 20; Rec. Doc. 22165 at 28; *see also* Rec. Doc. 22124 at p. 19.

[2] The Court concluded that it would be inefficient to allow "maintenance of untimely successive class actions"; instead, "any additional class filings should be made early on, soon after the commencement of the first action seeking class certification" because "efficiency favors early assertion of competing class representative claims. *Id.* at 1811. Indeed, any assertion that the class claims were tolled would lead to inefficiency and a lack of repose because it "would allow the statute of limitations to be extended time and again; as each class is denied certification, a new named plaintiff could file a class complaint that resuscitates the litigation." *Id.* at 1808. The Court noted that if accepted, "the time for filing successive class suits, if tolling were allowed, could be limitless." *Id.* at 1809.

who is seeking to sue individually after a class-certification denial. *Payton* did not toll the statute of limitations Foreman's claims asserted in the *Bennett* action.[3]

Second, even if tolling was possible, this Court has already determined that *American Pipe* does not automatically apply in diversity cases:

> The limitations periods of *American Pipe* and *Crown, Cork* were derived from federal statutes. Here, we are dealing with Hawaii's limitation statutes. Because none of them provide for tolling in a situation such as exists here, it is doubtful that either *American Pipe* or *Crown, Cork* can be treated as applicable precedent.

*Orleans Parish Sch. Bd. v. U.S. Gypsum Co.*, 892 F. Supp. 794, 805 (E.D. La. 1995). Here, "the Mississippi Rules of Civil Procedure do not permit class actions, and no Mississippi court has ever permitted 'cross-jurisdictional tolling,'" so the pendency of the Payton case, which was filed in Louisiana, would not toll Foreman's Mississippi claims. *See In re Lorazepam & Clorazepate Antitrust Litigation*, No. 03-1650, MDL 1290, 2004 WL 7081446 at *2 (D.D.C. May 18, 2004) *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 393 (5th Cir. 2005) ("Mississippi does not have class actions and we are cited to no Mississippi court decision applying class action tolling to a Mississippi law cause of action allegedly barred by a Mississippi statute of limitations.") This Court has previously agreed that Mississippi would not adopt cross-jurisdictional tolling. (R. Doc. 22124) (*citing Boone*, 416 F.3d at 393).

*American Pipe* equitable tolling does not apply here. Foreman's claims are untimely under Mississippi's three-year statute of limitations, because he was on notice of his claims as early as 2010, and by no later than 2012, and he did not file suit in the *Bennett* putative class action until January 31, 2016. Foreman's claims against the Knauf Defendants should be dismissed.

---

[3] Moreover, even if Mississippi recognized cross-jurisdictional tolling (it does not) and even if Foreman were asserting his claims individually (he is not), the *Payton* class was *certified*, not *denied*, and Foreman is not an opt-out member of the *Payton* class. *American Pipe* is inapplicable for these additional reasons.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:      504.556.5549
Facsimile:       504.310.0275
Email:             kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 24th day of April, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**