# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY MICHAEL CHRISTOVICH AND CARLISLE PLACE, LLC

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Michael Christovich and Carlisle Place, LLC (collectively "Plaintiffs") against it in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").[1] There is no genuine issue of material fact, and the claims asserted by Michael Christovich and Carlisle Place, LLC should be dismissed.

---

[1] At the outset, Plaintiffs have indicated that the Knauf Defendants have stipulated to liability. Rec. Doc. 22729 at 10. This is patently incorrect because while the Knauf Defendants have offered to stipulate to product defect in appropriate cases, Plaintiff has not agreed to any proposed stipulations.

## I.      Carlisle Place, LLC Should be Dismissed.

First, the Opposition admits that it has no legal interest in this action and is due to be dismissed.[2] Thus, there is no dispute and Carlisle Place, LLC should be dismissed.

## II.     Christovich's Claims are Barred by the Statute of Limitations.

Next, Christovich's claims are barred by the statute of limitations. Christovich does not dispute that Christovich does not have a claim in his own right, but rather alleges that Carlisle Place, LLC's rights were assigned to Christovich.[3] However, Christovich's claims as assignee are barred by the statute of limitations because such claims were barred when they were assigned. The assignee stands in the shoes of the assignor, takes no rights other than those that the insured had, and is subject to all defenses which the third party might assert against the assignor.[4] Despite Christovich's attempt to downplay Bailey's involvement,[5] Sherwood R. Bailey, Jr., is the manager of Carlisle Place, LLC,[6] and held an executive position at Bailey Lumber & Supply Co. that was involved as a settlement distributer in class settlements as late as April 2011.[7] Not only was Bailey Lumber & Supply Co. involved, Sherwood Bailey himself was served with pleadings in the matter.[8]

---

[2] Rec. Doc. 22729 at 7.
[3] Rec. Doc. 22729 at 7.
[4] *Indiana Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.*, 456 So. 2d 750, 754 (Miss. 1984).
[5] Rec. Doc. 22729 at 8.
[6] Rec. Doc. 22645-6.
[7] Sherwood R. Bailey, Jr. is listed as the President for Bailey Lumber & Supply Co. Rec. Doc. 22645-1 at 7. Bailey Lumber & Supply Co. was a settlement distributer in class settlements (Rec. Doc. 8268-4 p. 3 of 18) and was heavily involved in prior litigation in this MDL and appears in at least seventy-one documents filed in the matter. Rec. Doc. 1460, 1523, 1598, 1885, 2108, 2214, 3279, 3501, 4201, 4201, 4262, 4512, 4638, 4821, 4822, 5026, 5542, 6028, 7886, 7610, 7737, 7783, 8049, 8891, 9266, 9269, 9635, 9636, 9637, 9780, 9827, 10036, 10926, 11224, 11337, 11599, 12252, 12253, 12303, 12715, 13257, 13536, 13537, 13540, 13541, 13546, 13548, 13550, 13571, 13572, 13576, 13578, 13580, 13581, 13635, 13461, 14623, 15038, 15303, 15385, 16574, 16578, 16583, 16639, 16776, 18913, 18915, 18939, 19170, 19257, 19262, 19596.
[8] Rec. Doc. 4262, 5026.

Yet, more than three years later, Carlisle Place, LLC was first listed as a plaintiff on September 10, 2018.[9] The statute of limitations had already run to bar Carlisle Place, LLC's claims when the claims were assigned. Moreover, Michael Christovich was not listed as a plaintiff until over a year after that in Plaintiff's Second Motion to Intervene, filed October 7, 2019.[10] In short, the effective owner of the Property (Bailey) was heavily involved in this MDL while he owned the Property. Bailey could have rebutted the clear indication that he knew of the Chinese drywall, but he failed to attend his deposition—twice.[11] Christovich could have rebutted this as well, but he referred the Knauf Defendants to Bailey for that information.[12] Even in their Opposition, Christovich offers no evidence that Bailey and/or Carlisle Place, LLC, did not know of the Chinese drywall.

Overall, Christovich's claims in his own right are barred because he purchased the Property with full knowledge that it contained Chinese drywall. Christovich's claims as assignee are barred by the statute of limitations because such claims were barred when they were assigned by Carlisle Place, LLC to Christovich. Therefore, based on the undisputed facts and evidence, Christovich's claims are barred by the statute of limitations and must be dismissed with prejudice.

It should be noted that contrary to Christovich's assertions,[13] this Court has not settled the application of the subsequent purchaser doctrine, with the exception of Louisiana—which this Court held as applicable to bar certain claims.

---

[9] Rec. Doc. 21770.
[10] Rec. Doc. 22334.
[11] Rec. Doc. 22645-4.
[12] Rec. Doc. 22729 at 9.
[13] Rec. Doc. 22729 at 11.

## III. The Statute of Limitations Was Not Tolled

Christovich raises several irrelevant arguments asserting that the statute of limitations was somehow tolled. This Court has already disposed of these arguments.[14] Further, each of these arguments fail to recognize that Plaintiffs had actual knowledge of the alleged defect, as shown above, and the statute of limitations was not tolled.

### i. "Discovery Rule" Does not Change the Analysis—the Claims are Time-Barred.

The discovery rule is not at issue because the Plaintiffs had actual notice of the alleged defect. To the extent a "discovery rule" applies, "causes of action accrue upon discovery of the injury, not discovery of the injury and its cause."[15] Christovich recognizes that the time-period begins to run when the injury is discovered, but assert that a defective drywall claim can only be filed after the cause and the manufacturer's markings are located.[16] Christovich cannot cite any legal support for this fabricated standard that would essentially render pointless the purpose of the statute of limitations. Further, Christovich's fabricated standard ignores this Court's dismissal of the other plaintiffs where the prescriptive period began regardless of the discovery of the manufacturer's markings.[17]

Further, in arguing that the defects in the drywall were "latent," Christovich directly contradicts the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits "noxious gases."[18] Even if a latent defect existed, a latent defect would not absolve Christovich because Plaintiffs each had actual notice sufficient to trigger the statute of limitations period—as shown above. As cited by Christovich, the time to file a lawsuit in the case of a latent

---

[14] Rec. Doc. 22615 at 27-28.
[15] *Am. Optical Corp. v. Estate of Rankin*, 227 So.3d 1062, 1068 (Miss. 2017) citing *Ridgway Lane & Assocs., Inc. v. Watson*, 189 So.3d 626, 629 (Miss. 2016).
[16] Rec. Doc. 22729 at 12.
[17] Rec. Doc. 22615 at 28-29.
[18] Rec. Doc. 21334 at ¶¶ 23, 25, 27, 31.

defect begins when "it is discoverable and apparent that a compensable injury has been sustained."[19] Thus, regardless of any latent defect, the statutory limitations period would still commence to run from the time the injury is discovered. Moreover, Plaintiffs' sophistication or layperson status does not impact the statute of limitations analysis when actual notice has been given. Here, the Plaintiffs had actual notice of the defective drywall in the Property so the issue is not whether the Plaintiffs should have discovered the allegedly defective drywall. Thus, questions regarding Plaintiffs' sophistication or layperson status do not matter. Even still, it is difficult to conceive that Bailey could be considered a layperson because he is an executive at Bailey Lumber & Supply Co., which was involved as a settlement distributer in class settlements as late as April 2011.

Thus, the Plaintiffs had actual notice of the alleged defective drywall more than three years before filing claims, the discovery rule does not change this analysis, and the claims are time-barred.

### ii. Post-Sale Duty to Warn, Equitable Estoppel, and the CPSA Do Not Apply

Next, in their opposition, Christovich rehashes and reframes previous arguments that the Knauf Defendants had a duty to take some additional affirmative action to place Christovich on notice of their defective product, and that their failure to do so has suspended the running of the limitations period. Christovich presents a handful of imaginative arguments on this point, all of which must ultimately fail.

First, Christovich argues that the Knauf Defendants had a duty to warn under Mississippi law and failed to carry out that duty, such that the limitations period had not yet commenced.[20] This Court has previously rejected this precise argument, concluding "that it would not have been

---

[19] Rec. Doc. 22729 at 12.
[20] Rec. Doc. 22729 at 20-23.

reasonably possible for Knauf to identify all those to whom a post-sale duty to warn may have been owed."[21] Additionally, this Court recognized "that Knauf did undertake an extensive notice program during the major settlement phase of this MDL to identify potential claimants and notify them of their right to participate in the settlement."[22] Consequently, this Court should once more reject Christovich's arguments that the limitations period should be suspended due to the Knauf Defendants' failure to warn them individually. This Court should reject Christovich's equitable estoppel and latent defect arguments for the same reasons. To accept Christovich's arguments would lead to absurd results.

Next, Christovich reframes the duty to warn argument by contending that the limitations period should be suspended because the Knauf Defendants have not reported the sale of their drywall to the Consumer Product Safety Commission ("CPSC") nor recalled their product pursuant to the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* ("CPSA").[23] Christovich's argument is flawed for numerous reasons—both factual and legal. At the outset, the Knauf Defendants note that the CPSA is not a standalone regulatory text; rather, the federal statute establishes the CPSC and defines the CPSC's basic authority, including its authority to develop standards and bans, pursue recalls, and to ban products under certain circumstances. The CPSA does not establish a statutory framework regulating the Knauf Defendants' commercial business, nor does it singularly create an affirmative legal duty to which the Knauf Defendants must adhere. Most importantly, the CPSA does not establish a private right of action on behalf of Christovich—its enforcement is vested in the CPSC, tasked with overseeing compliance with its own regulations and the CPSA.[24] Thus, if the Knauf Defendants failed to comply with the CPSA, the CPSC—as opposed to

---

[21] Rec. Doc. 22586 at 19-20.
[22] Rec. Doc. 22586 at 20.
[23] Rec. Doc. 22729 at 16-19.
[24] 15 U.S.C. § 2061(a).

Christovich —would have standing to pursue the Knauf Defendants. The CPSC has not done so and Plaintiffs lack standing.

Additionally, the CPSA reporting requirements cited by Christovich are circumvented if the CPSC has been adequately informed of a product defect.[25] On May 25, 2010, the CPSC issued a warning concerning the Knauf Defendants' Chinese drywall.[26] To the extent the Knauf Defendants were required to report the defective drywall under 15 U.S.C. § 2064 (they were not), and this reporting requirement suspended commencement of the limitations period (it does not), such a requirement was fulfilled in 2010 and does not suspend the limitations period on Plaintiffs' claims beyond this time.

Further, the CPSA reporting requirements cited by Christovich apply solely to failures to comply with CPSC requirements,[27] product defects that create a substantial risk of injury to the public,[28] and products that create an unreasonable risk of serious injury or death.[29] The reporting requirements do not apply to *all* products that "contain[] a defect" as Christovich falsely advocates,[30] only those that create a substantial risk of injury to the public, both of which must "create[] a substantial risk of injury to the public" to invoke the reporting requirements. There is no evidence that the Knauf Defendants' defective drywall fits this definition, a fact that the CPSC has confirmed on its website, additionally noting that the Knauf Defendants are not required to recall their product.[31] Rather, the CPSC has implemented specific regulations—including the

---

[25] *Id.* § 2064(b).

[26] U.S. CPSC, *CPSC Identifies Manufacturers of Problem Drywall Made in China*, CPSC.gov (May 25, 2010), https://www.cpsc.gov/Newsroom/News-Releases/2010/CPSC-Identifies-Manufacturers-of-Problem-Drywall-Made-in-China.

[27] 15 U.S.C. § 2064(b)(1)-(2).

[28] *Id.* § 2064(a)(2) & (b)(3).

[29] *Id.* § 2064(b)(4).

[30] Rec. Doc. 22729 at 17.

[31] *See* U.S. CPSC, *Other Frequently Asked Questions*, CPSC.gov, https://www.cpsc.gov/content/other-frequently-asked-questions (last visited April 17, 2020); *see also* U.S. CPSC, *CDC Review Finds No Link Between*

Drywall Safety Act of 2012—designed to combat the issues previously encountered with defective drywall.[32] This Court must reject Christovich's arguments regarding the CPSA.

### iii.  Fraudulent Concealment does not apply

Christovich avers that the limitations period should be suspended because the Knauf Defendants fraudulently concealed known problems with their drywall.[33] At the outset, Christovich cites Texas law, and not Mississippi law, regarding fraudulent concealment.[34] In support of this farfetched argument, Christovich cites a single Florida news article from 2010 referencing an alleged agreement between the Knauf Defendants and a drywall distributor in Florida. Christovich has not cited *any reputable evidence* in support of their fraudulent concealment theory, demonstrating its baselessness. Instead, Christovich blames the Knauf Defendants for their lack of evidentiary support, stating that "[i]t is noteworthy that the Defendants have not produced that indemnification agreement [referenced in the Florida news article] in their disclosures to Plaintiffs[.]"[35] Nearly a decade of discovery occurred in this MDL, all of which Christovich received (from both the Knauf Defendants and Banner Supply Company), and none of which supports Christovich's present position. If Christovich believed there was additional discovery withheld by the Knauf Defendants, they should have requested it. Christovich never sought leave to conduct discovery under the CMO and cannot now be excused from adequately supporting their position due to their own neglect.

---

*Problem Drywall and 11 Reported Deaths*, CPSC.gov (January 31, 2011), https://www.cpsc.gov/Newsroom/News-Releases/2011/CDC-Review-Finds-No-Link-Between-Problem-Drywall-and-11-Reported-Deaths/.
[32] U.S. CPSC, *Drywall Business Guidance*, CPSC.gov, https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Drywall (last visited April 17, 2020).
[33] Rec. Doc. 22729 at 19.
[34] Rec. Doc. 22729 at 19.
[35] Rec. Doc. 22729 at 18.

Lastly, Christovich cannot use his Opposition brief to raise new claims; thus, the new CPSC, duty to warn, and latent defect arguments should be rejected and ignored.[36]

## IV. Christovich does not Dispute that Plaintiffs Failed to Comply with PTOs and to Preserve and Present Evidence of Drywall Manufacturers and/or Damages to the Prejudice of the Knauf Defendants.

Next, Christovich does not dispute that the evidence demonstrates that Christovich did not comply with the requirements of PTO 1, PTO 1(B), or PTO 1(I). Despite numerous plaintiff forms requesting the information and separate deposition requests for physical evidence of KPT drywall, Christovich did not present any evidence of KPT drywall before, at, or within 21 days of the deposition. Christovich also failed to timely produce evidence of other physical evidence or materials allegedly damaged by Chinese drywall. This Court has recognized that while Christovich may be able to submit additional evidence, including testimony, such evidence is insufficient to overcome the requirements to comply with the preservation and presentment pretrial orders in this matter. Therefore, summary judgment should be granted.

## V. Christovich Offers No Evidence Supporting Loss of Use or Remediation Claims

Christovich does not dispute that he did not timely provide sufficient evidence to support his loss of use and remediation claims pursuant to the Court's approved forms, at the deposition, or following the deposition. As more fully detailed in the Memorandum in Support of this Motion for Summary Judgment, Christovich testified that he did not know where the loss of use claim came from.[37] Further, Christovich has provided no documentation to support the $200,000 claim

---

[36] *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

[37] Rec. Doc. 22645-1 at 10.

for remediation costs.[38] Again, Christovich attached no evidence to its Opposition and does not dispute this failure to provide sufficient evidence to support these claims. Because there is a complete absence of documents, support, or evidence for the loss of use or remediation costs, summary judgment should be granted in favor of defendants.

## VI.   CONCLUSION

Plaintiffs' claims are barred, the facts do not support claims against the Knauf Defendants, and there is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0275
Email:        kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 23rd day of April, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**

---

[38] *Id.*