UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY
<u>CARL AND LYNN RUSSELL AND RONALD AND PATRICIA STANFA</u>**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Carl and Lynn Russell and Ronald and Patricia Stanfa (collectively "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint"). There is no genuine issue of material fact, and the claims asserted by Carl and Lynn Russell and Ronald and Patricia Stanfa are barred by the statute of limitations and should be dismissed.

**I.    The Stanfas and the Russells Had Actual Notice of the Allegedly Defective Chinese Drywall**

The Russell's and the Stanfa's claims are barred by the statute of limitations because they had actual notice of the allegedly defective Chinese drywall in their respective properties more

than two years before filing claims in this matter. In Alabama, actions founded on negligence and property defects, including claims for unjust enrichment resulting therefrom,[1] are subject to a two-year statute of limitations.[2] Generally, "the statute of limitations begins to run in favor of the party liable from the time the cause of action accrues."[3] Courts have held that class settlement notices constitute actual notice on recipients and start the clock running for statute of limitations purposes.[4]

First, Carl and Lynn Russell had actual notice when they received a letter in 2012[5] from their contractor regarding Chinese drywall in the Russell Property.[6] This letter put the Russells on actual notice that their Property contained Chinese drywall. Plaintiffs assert that Carl Russell was told by the builder that the letter likely did not apply to the Russells.[7] Yet, Plaintiffs provide no support for this assertion. Assuming that Plaintiffs are referring to Carl Russell's statement in his deposition that "She said, Well, I know that you probably were not bothered by it . . . .",[8] this self-serving testimony does not negate the fact that the Russells received the notice. Ultimately, the Russells had actual knowledge of Chinese drywall being present in their Property before November 13, 2012, but they did not file a claim until January 31, 2016, more than four years later.[9]

---

[1] Although the Alabama Supreme Court has not directly addressed the issue, Alabama's federal courts have predicted that "Alabama courts would hold that the statute of limitations on an unjust enrichment claim would follow the statute of limitations applicable to the underlying conduct." *AAL USA, Inc. v. Black Hall Aerospace, Inc.*, No. 2:16-CV-02090-KOB, 2018 WL 3368855, at *5 (N.D. Ala. July 10, 2018) *citing Auburn Univ. v. Int'l Business Machines, Corp.*, 716 F. Supp. 2d 1114, 1117–18 (M.D. Ala. 2010); *see also Snider v. Morgan,* 113 So. 3d 643, 655 (Ala. 2012).

[2] ALA. CODE § 6-2-38.

[3] *Chaney v. Ala West–AL, LLC*, 22 So. 3d 488, 496 (Ala. Civ. App. 2008) (citation and internal quotation marks omitted).

[4] *In re Briscoe*, 448 F.3d 201, 220–21 (3rd CiRec. 2006); *In re Vioxx Prods. Liab. Litig.*, 522 F. Supp. 2d 799, 802 (E.D. La. 2007).

[5] The letter would have been sent after preliminary approval, but before the final fairness hearing on November 13, 2012. Rec. Doc. 16570 at 3 of 37. Gibson & Anderson Construction, Inc. was a party to both the InEx and Global Builder settlements (as an additional releasee) so the letter would have been sent pursuant to the InEx and Global Builder settlement notice programs in 2012. Rec. Doc. 8268-4 at 10 of 18; Rec. Doc. 14404-3 at 11 of 119.

[6] Rec. Doc. 22613-4 at 2-3.

[7] Rec. Doc. 22714 at. 8.

[8] Rec. Doc. 22613-4 at. 2.

[9] Rec. Doc. 20020-2.

Similarly, Ronald and Patricia Stanfa had actual notice of the allegedly defective Chinese drywall in the Stanfa Property more than two years before filing claims in this matter because an electrician informed Ronald Stanfa in 2014 that he saw some markings in the Stanfa Property that were consistent with defective Chinese drywall,[10] the electrician persisted,[11] and the Stanfas chose to "slough[] it off."[12] Further, before July 2014, a construction supervisor recommended that the Stanfas have the Stanfa Property inspected for Chinese drywall.[13] Yet, with this specific knowledge of Chinese drywall in their property before July 2014, they did not file a claim until September 10, 2018, more than four years later.[14]

Plaintiffs contend that the statute of limitations period can only begin for any plaintiff in this case when "the manufacturer's markings are found and confirmed by an experienced inspector or some other person with expertise, not at any point earlier."[15] Plaintiffs cannot cite any legal support for this fabricated standard that would essentially render pointless the purpose of the statute of limitations. Further, not only does this belie logic, it ignores this Court's dismissal of the Martinez plaintiffs where the prescriptive period began regardless of an experienced inspector's involvement.[16]

## II. The Statute of Limitations Was Not Tolled

Plaintiffs raise several irrelevant arguments asserting that the statute of limitations was somehow tolled. This Court has already disposed of these arguments.[17] Further, each of these

---

[10] Rec. Doc. 22613-6 at 2.
[11] Rec. Doc. 22613-7 at 6.
[12] Rec. Doc. 22613-6 at 2.
[13] Rec. Doc. 22613-6 at 3-4.
[14] Rec. Doc. 21770-2.
[15] Rec. Doc. 22714 at 12.
[16] Rec. Doc. 22615 at 28-29.
[17] Rec. Doc. 22615 at 27-28.

arguments fail to recognize that Plaintiffs had actual knowledge of the alleged defect, as shown above, and the statute of limitations was not tolled.

### a. The "Discovery Rule" does not apply

First, even ignoring the fact that the Russells and the Stanfas had actual notice of the alleged defect, "[t]here is . . . no 'discovery rule' to toll the running of the limitations period with respect to negligence or wantonness actions. . . ."[18] Although fraudulent concealment by a defendant is an exception to this rule,[19] the discovery rule is not at issue because the Plaintiffs had actual notice of the alleged defect. Plaintiffs assert that the Plaintiffs' knowledge of the alleged defect should be erased because the Knauf Defendants somehow concealed the defect.[20] Even assuming there was some type of concealment, which is denied, "[a] defendant's fraudulent concealment of a cause of action tolls the running of the statute of limitations *until the tort was actually discovered* . . . ."[21] Thus, the Russells and the Stanfas had actual notice of the alleged defective drywall more than four years before filing claims.

Further, Plaintiffs' sophistication or layperson status does not impact the statute of limitations analysis when actual notice has been given. Here, the Plaintiffs had actual notice of the defective drywall in their homes so the issue is not whether the Plaintiffs should have discovered the allegedly defective drywall. Thus, questions regarding Plaintiffs' sophistication or layperson status do not matter. Moreover, the notices received by the Stanfas came from an electrician and a contractor, and the notice received by the Russells came from the builder of their home. Further, *Atkins v. American Motors Corporation*, 335 So.2d 134 (1976), cited by Plaintiffs,[22] dealt with

---

[18] *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993).
[19] *Ladd v. Stockham*, 209 So.3d 457, 468 (Ala. 2016)
[20] Rec. Doc. 22714 at 18.
[21] *McKenzie v. Janssen Biotech Inc.*, No 1170787 (Ala. 2019); *citing Ladd v. Stockham*, 209 So.3d 457, 468 (Ala. 2016).
[22] Rec. Doc. 22714 at 12-13.

questions of assumption of the risk as a defense to a products liability action—not statute of limitations issues.[23] To the extent *Atkins* could be extended to apply to issues related whether a plaintiff acted reasonably in determining when the statute of limitations period began to run, the Plaintiffs actions—including the reasonableness of such actions—are not at issue here because they had actual notice of the alleged defect.

      **b.     Post-Sale Duty to Warn, Latent Defects, Equitable Estoppel, and the CPSA Do Not Apply**

Next, in their opposition, Plaintiffs rehash and reframe their previous argument that the Knauf Defendants had a duty to take some additional affirmative action to place Plaintiffs on notice of their defective product, and that their failure to do so has suspended the running of the limitations period. Plaintiffs present a handful of creative arguments on this point, all of which must ultimately fail.

First, Plaintiffs argue that the Knauf Defendants had a duty to warn under Alabama law and failed to carry out that duty, such that the limitations period has not yet commenced.[24] This Court has previously rejected this precise argument, concluding "that it would not have been reasonably possible for Knauf to identify all those to whom a post-sale duty to warn may have been owed under Louisiana law."[25] Additionally, this Court recognized "that Knauf did undertake an extensive notice program during the major settlement phase of this MDL to identify potential claimants and notify them of their right to participate in the settlement."[26] Notably, the Russells' notice originated from this notice program. Accordingly, the Russells are ironically asserting that

---

[23] *Atkins* 335 So.2d at 143.
[24] Rec. Doc. 22714 at 15.
[25] Rec. Doc. 22615 at 27-28.
[26] Rec. Doc. 22615 at 28.

their claims should not be dismissed because they did not receive a notice that they admit they received.

In arguing that the defects in the drywall were "latent," Plaintiffs directly contradict the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits "noxious gases."[27] Further, even if a latent defect exists, it would not absolve Plaintiffs because they each had actual notice sufficient to trigger the statute of limitations period—as shown above. Plaintiffs do not dispute this analysis in their Opposition. Rather, Plaintiffs merely raise the latent defect issue to assert that knowledge of the alleged defect should be imputed to the Knauf Defendants.[28] Even if that were the case, such an imputation of knowledge does not erase Plaintiffs' knowledge of the alleged defect.

Consequently, this Court should once more reject Plaintiffs' arguments that the limitations period should be suspended due to the Knauf Defendants' failure to warn them individually. This Court should reject Plaintiffs' equitable estoppel and latent defect arguments for the same reasons. To accept Plaintiffs' arguments would lead to absurd results.

Second, Plaintiffs reframe their duty to warn argument by contending that the limitations period should be suspended because the Knauf Defendants have not reported the sale of their drywall to the Consumer Product Safety Commission ("CPSC") nor recalled their product pursuant to the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* ("CPSA").[29] Plaintiffs' argument is flawed for numerous reasons—both factual and legal.

At the outset, the Knauf Defendants note that the CPSA is not a standalone regulatory text; rather, the federal statute establishes the CPSC and defines the CPSC's basic authority, including

---

[27] Rec. Doc. 21334 at ¶¶ 23, 25, 27, 31.
[28] Rec. Doc. 22714 at 13.
[29] Rec. Doc. 22714 at 16-21.

its authority to develop standards and bans, pursue recalls, and to ban products under certain circumstances. The CPSA does not establish a statutory framework regulating the Knauf Defendants' commercial business, nor does it singularly create an affirmative legal duty to which the Knauf Defendants must adhere. Most importantly, the CPSA does not establish a private right of action on behalf of Plaintiffs—its enforcement is vested in the CPSC, tasked with overseeing compliance with its own regulations and the CPSA.[30] Thus, if the Knauf Defendants failed to comply with the CPSA, the CPSC—as opposed to Plaintiffs—would have standing to pursue the Knauf Defendants. The CPSC has not done so and Plaintiffs lack standing.

Additionally, the CPSA reporting requirements cited by Plaintiffs are circumvented if the CPSC has been adequately informed of a product defect.[31] On May 25, 2010, the CPSC issued a warning concerning the Knauf Defendants' Chinese drywall.[32] To the extent the Knauf Defendants were required to report the defective drywall under 15 U.S.C. § 2064 (they were not), and this reporting requirement suspended commencement of the limitations period (it does not), such a requirement was fulfilled in 2010 and does not suspend the limitations period on Plaintiffs' claims beyond this time.

Further, the CPSA reporting requirements cited by Plaintiffs apply solely to failures to comply with CPSC requirements,[33] product defects that create a substantial risk of injury to the public,[34] and products that create an unreasonable risk of serious injury or death.[35] The reporting requirements do not apply to *all* products that "contain[] a defect" as Plaintiffs falsely advocate,[36]

---

[30] 15 U.S.C. § 2061(a).
[31] *Id.* § 2064(b).
[32] U.S. CPSC, *CPSC Identifies Manufacturers of Problem Drywall Made in China*, CPSC.gov (May 25, 2010), https://www.cpsc.gov/Newsroom/News-Releases/2010/CPSC-Identifies-Manufacturers-of-Problem-Drywall-Made-in-China.
[33] 15 U.S.C. § 2064(b)(1)-(2).
[34] *Id.* § 2064(a)(2) & (b)(3).
[35] *Id.* § 2064(b)(4).
[36] Rec. Doc. 22714 at 17.

only those that create a substantial risk of injury to the public, both of which must "create[] a substantial risk of injury to the public" to invoke the reporting requirements. There is no evidence that the Knauf Defendants' defective drywall fits this definition, a fact that the CPSC has confirmed on its website, additionally noting that the Knauf Defendants are not required to recall their product.[37] Rather, the CPSC has implemented specific regulations—including the Drywall Safety Act of 2012—designed to combat the issues previously encountered with defective drywall.[38] This Court must reject Plaintiffs' arguments regarding the CPSA.

      **c.     Fraudulent Concealment does not apply.**

Third, Plaintiffs aver that the limitations period should be suspended because the Knauf Defendants fraudulently concealed known problems with their drywall.[39] In support of this farfetched argument, Plaintiffs cite a single Florida news article from 2010 referencing a *suspected* agreement between the Knauf Defendants and a drywall distributor in Florida. Plaintiffs have not cited *any reputable evidence* in support of their fraudulent concealment theory, demonstrating its baselessness. Instead, Plaintiffs blame the Knauf Defendants for their lack of evidentiary support, stating that "[i]t is noteworthy that the Defendants have not produced that indemnification agreement [referenced in the Florida news article] in their disclosures to Plaintiffs[.]"[40] Nearly a decade of discovery occurred in this MDL, all of which Plaintiffs received (from both the Knauf Defendants and Banner Supply Company), and none of which supports Plaintiffs' present position. If Plaintiffs believed there was additional discovery withheld by the Knauf Defendants, they

---

[37] *See* U.S. CPSC, *Other Frequently Asked Questions*, CPSC.gov, https://www.cpsc.gov/content/other-frequently-asked-questions (last visited April 17, 2020); *see also* U.S. CPSC, *CDC Review Finds No Link Between Problem Drywall and 11 Reported Deaths*, CPSC.gov (January 31, 2011), https://www.cpsc.gov/Newsroom/News-Releases/2011/CDC-Review-Finds-No-Link-Between-Problem-Drywall-and-11-Reported-Deaths/.
[38] U.S. CPSC, *Drywall Business Guidance*, CPSC.gov, https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Drywall (last visited April 17, 2020).
[39] Rec. Doc. 22714 at 19-20.
[40] Rec. Doc. 22714 at 17.

should have requested it. Plaintiffs never sought leave to conduct discovery under the CMO and cannot now be excused from adequately supporting their position due to their own neglect.

As a final note, even if this Court did rely on one Florida journalist's speculations and theories, the article is irrelevant to Plaintiffs' claims. Plaintiffs' respective properties are located in Alabama, not Florida, and Plaintiffs have no connection to Banner Supply Company (a Florida distributor) because their drywall was purchased from Interior Exterior Building Supply (an Alabama distributor). Also, the article, published in 2010, does not demonstrate that the limitations period could be suspended beyond this time.

Lastly, Plaintiffs cannot use their Opposition brief to raise new claims; thus, the new CPSC, duty to warn, and latent defect arguments should be rejected and ignored. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

### III.    Conclusion

Based on all the discovery in MDL 2047 and the case-specific discovery as to Plaintiffs, the claims of Carl and Lynn Russell and Ronald and Patricia Stanfa should be dismissed because such claims are barred by the statute of limitations. There is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0275
Email:    kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 24th day of April, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**