UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br><br> SECTION: L |
| THIS DOCUMENT RELATES TO: <br><br> *Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.* <br> 2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON <br><br> MAG. JUDGE WILKINSON |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION
TO DEFENDANT KNAUF'S OMNIBUS MOTIONS FOR SUMMARY JUDGMENT
(Docs. 22687 and 22688)**

Plaintiffs, through the undersigned counsel respectfully submit this Sur-Reply Memorandum in Opposition to Defendants' Omnibus Motions for Summary Judgment as to claims asserted by Alabama and Florida plaintiffs in the Fifth Amended Class Action Complaint.

**ARGUMENT**

Plaintiffs previously filed an opposition to each of Defendants' two omnibus motions for summary judgment filings against the Alabama and Florida plaintiffs in this action. The two motions being opposed by this omnibus opposition are all based upon one legal theory presented by Defendants – that a subsequent purchaser doctrine bars all claims. In each motion, Defendants presented case law with instances of injury to real property where the courts in Alabama and Florida held that an injury to the real property before purchase by the plaintiffs required an assignment or subrogation of rights in order for the subsequent purchaser to have standing to file a claim against the responsible party. In Alabama and Florida, just as Plaintiffs

1

acknowledged in their omnibus response in opposition to summary judgment motions involving the Louisiana, Mississippi and Texas claims, the law is fairly consistent with regard to injury to real property that occurs prior to purchase.

In support of the Alabama-related summary judgment motion (Doc. 22687), Defendants offered *Keck v. Dryvit Systems, Inc*., 830 So.2d 1 (Ala. 2002), a case involving claims against a contractor for negligence arising out of the installation of defective building materials prior to the claimant's purchase of the home. Defendants specifically quoted, "[t]he lack of privity between the Kecks and the Dryvit defendants forecloses such claims because the Kecks are not the initial purchasers of the house." *Id*. at 9. Defendants also offered *Boackle v. Bedwell Const. Co., Inc*., 770 So.2d 1076, another case involving an alleged defect in the construction of the home where the court barred the claim due to lack of privity between plaintiffs and the defendants.

In support of the Florida-related summary judgment motion (Doc. 22688), Defendants offered *Ginsberg v. Lennar Florida Holdings, Inc*., 645 So.2d 490 (Fla. Dist. Ct. App. 1994), a case involving assignment of mortgages that quoted *State Road Dept. v. Bender*, 147 Fla. 15, 2 So.2d 298 (Fla. 1941), a case involving damage to curbs, sidewalks and soil during a construction project. Defendants also offered *Durrance v. Horner*, 711 So.2d 135 (Fla. Dist. Ct. App. 1998), a case involving dirt piled onto an owner's fence prior to his purchase of the property.

Defendants supporting case law and argument are premised on the injury to the land being the equivalent of defective Chinese drywall. If Chinese drywall is an injury to real property in the same way builder's negligence claims, defective construction claims, mineral rights, mineral leases, subsurface contamination, defective mortgage assignments, damage to fencing, or deed of trust deficiencies are viewed under the laws of these states, then the

subsequent purchaser doctrine argument might apply. The fundamental flaw in Defendants' argument is that defective Chinese drywall is not viewed the same. It is factually dissimilar to the defects that require an assignment or subrogation of rights in the case law they offered. Defendants have chosen to avoid addressing the one published opinion in the Fifth Circuit that directly addresses whether Defective Chinese drywall is an injury to the land or a defective product that may proceed through tort actions against a manufacturer. *See, In re Chinese Manufactured Drywall Products Liability Litigation*, 680 F.Supp.2d (E.D.La. 2010).

In 2010, this Court considered multiple motions related to the economic loss rule for homeowners who purchased their homes after the Chinese drywall was installed. The opinion did not address the claims of individual homeowners that purchased and installed the defective sheetrock themselves or with their oversight. It was focused entirely on buyers of finished homes that contained defective drywall that had been installed prior to the date they purchased. In the analysis, this Court considered whether the defective drywall should be treated like asbestos or other defective products. This analysis and the conclusions reached by this Court directly impact Defendants' subsequent purchase doctrine theory. Motions by builders, distributors, plaintiffs' counsel, and manufacturers were considered by this Court in its ruling. The participating manufacturers included Knauf Plasterboard (Tianjin) Co., Ltd and Knauf Gips, KG. *Id*. at 785. In this Court's analysis, the laws of Florida, Mississippi, Alabama, and Louisiana were evaluated.

The first step in the analysis involved determining whether to adopt the view in *Casa Clara*[3], a Florida case, that held tort claims for economic losses caused by "crumbling, cracking concrete used to construct their homes on the basis that the homes plaintiffs purchased were the

---

[3] *Casa Clara Condo. Ass'n , Inc. v. Charley Toppino & Sons, Inc.*, 620 So.2d 1244 (Fla. 1993).

'product' and the concrete was an integral part of the product-home which only damaged itself. *Id*. at 783. Since the time it was published, *Casa Clara* had been criticized and clarified by a number of subsequent Florida rulings in sister courts. Ultimately, this Court rejected the "house is the product" view with regard to Chinese drywall because the damage caused by Chinese drywall is fundamentally different than a failing product. As the Court noted, defective Chinese drywall functions as intended within the building. But, it's the hazardous off-gassing that corrodes and causes health effects and collateral personal property damage for its owners.

The second step in the analysis germane to the instant motion involves whether Chinese drywall functions as intended and only injures itself. The first type of defect claim evaluated was a defective turbine in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). This Court's analysis was instructive regarding Chinese drywall:

> [T]he Chinese drywall in the instant matter is operating as intended- as an interior wall and/or ceiling, a room divider, a shell for insulation and wiring, and a base for hanging various items, such as lighting fixtures and decorative items. It is not crumbling, deteriorating or failing to serve its intended purpose. The allegations involving the Chinese drywall are that it is contaminating the home by giving off noxious fumes which are corroding certain metal elements located within the property where the drywall is installed, and is causing health problems to the inhabitants of this property. Factually, this contrasts with defective turbines which ceased to run.
>
> …
>
> [I]n the instant matter, the drywall is functioning as intended, so the structural expectations of the Plaintiffs with regard to the drywall are not disappointed. Additionally, the Plaintiffs are not in privity with the Manufacturer and Distributor Defendants, so they, unlike the plaintiff in *East River*, are not left with breach of contract and breach of warranty actions against these defendants (**except in Louisiana where by statute the purchaser or ultimate consumer does have breach of warranty claims against the manufacturer under the LPLA**).

*Id*. at 792 (emphasis added).

Ultimately, this Court decided that Chinese drywall claims are analogous to asbestos claims, stating:

> The facts of the instant matter are analogous to the facts in these, and the many other asbestos cases. The Chinese drywall has been installed in numerous homes and in each instance is functioning as drywall. This is similar to the asbestos fireproofing which was installed in numerous building and functions as fire-proofing. Additionally, the Chinese drywall is releasing contaminates, causing damage to the building and those occupying the buildings, just as the asbestos. Accordingly, there exist the same bases for allowing tort claims for economic losses in the instant matter, as there are in the in the asbestos cases.

*Id*. at 798.

The finding that Chinese drywall functions as intended and meets the structural expectations of the homeowners is a crucial finding in the subsequent purchaser analysis for the instant motion.  The drywall product doesn't fail; the latent defect that causes injury is hazardous off-gassing of noxious and corrosive fumes by the product for an extended duration, causing damage to the building, those occupying the building, and the corporeal movable property contained within the building; consequently, as this Court held, the house is not the product and the damage caused by the off-gassing can be pursued as a tort claim by the end-users, the Plaintiffs in this action, utilizing the various states' tort statutes. This Court's finding regarding Chinese drywall is *res judicata*.  The doctrine of res judicata is a four-pronged test. The Fifth Circuit has said that for *res judicata* to apply:

> "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and, (4) the same cause of action must be involved in both cases."

*Eubanks v. Federal Deposit Deposit Insurance Corp.*, 977 F.2d 166, 169 (5th Cir. 1992).  Here, all four-prongs are met.  The Defendants participated in both actions, the prior judgment was rendered in this Court, the final judgment was on the merits, and the same cause of action is involved in both cases.

This Court's analysis of Florida and Alabama law was central to its conclusion that "the product is not the home" in defective Chinese drywall cases.  Plaintiffs alleged in their complaint that the defective Chinese drywall manufactured by Defendants has damaged property other than the product itself.

If the analysis rejecting *Casa Clara's* finding that the "home is the product" is again adopted here, coupled with the finding that Chinese drywall is functioning as intended and the damage comes from the off-gassing that affects the inhabitants and other personal property in an ongoing basis, then there is no personal right possessed by previous owners that must be assigned or subrogated to Plaintiffs prior to filing this defective product claim.  Given the Defendants consistent refrain, again asserted in these two omnibus summary judgment motions, that Alabama and Florida laws are similar to Louisiana law, Plaintiffs urge this Court to apply the same analysis regarding Chinese drywall as it did when applying the *Casa Clara* analysis.  Consequently, Defendants' motion for summary judgment regarding the Florida Plaintiffs must be denied.

In both of these omnibus summary judgment motions, *res judicata* should still apply to the analysis regarding Chinese drywall claims proceeding under state tort laws.  *Res judicata* bars the re-litigation of claims that have been finally adjudicated, or that could have been litigated, in a prior action. The foundation of *res judicata* is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well

as those issues that could have been litigated. We have explained the doctrine of *res judicata* as follows:

> A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

*Engle v. R.J. Reynolds Tobacco*, 945 So.2d 1246, 1259 (Fla. 3d DCA 2003). The doctrine of *res judicata*, also known as claim preclusion, applies where four elements are present:

> (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim in made.

*Topps v. State*, 865 So.2d 1253, 1255 (Fla. 2004).

Plaintiff urge this Court to adopt the analysis of Chinese drywall claims contained in its 2010 ruling as *res judicata* in this instance with regard to the analysis that can and should be applied to Alabama and Florida law. If adopted, there is no subsequent purchaser doctrine defense available to Defendants and their motion for summary judgment must be denied.

## IV.    CONCLUSION

Chinese drywall claims are factually dissimilar to the contractor negligence, mortgage assignment defect, and soil damage cases offered by Defendants in support of their summary judgment motions. This Court analyzed the case law of four states and found that Chinese drywall claims are most similar to asbestos cases due to the hazardous effect that continues for years after installation. And, asbestos cases are not damage to real property; rather, they're a hazardous substance that functions as intended, yet causes damage to individuals for years following installation. In asbestos cases, no supporting case law has found a requirement that a

claimant must acquire a personal right to sue for their injury. This court's finding in 2010 allows for homeowners to proceed in tort actions without the need for an assignment or subrogation of a personal right to sue, because the Chinese drywall is not an injury to real property. Therefore, no subsequent purchaser doctrine defense can prevail. For the foregoing reasons provided herein, Defendants' Omnibus Motions for Summary Judgment (Docs. 22687 and 22688) should be denied.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiff*