Program Contractor Remediation Option Release- New Claims

# PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This RELEASE ("Release"), dated this __27__ day of __October__, 201_4_ is entered into by [name(s) of property owners] __Ronald & Bernice Pendelton__ (hereinafter "Claimant") (Social Security Number(s) __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 / 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__), owner of the property located at __5224 Pasteur Blvd., New Orleans, LA 70122__ ("Property"), which Claimant acquired title to on [date] __3/21/95__.

WHEREAS, on or about __10/25/13__, Claimant commenced a lawsuit on Claimant's own behalf against one or more of Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL 2047 as Knauf Insulation USA), Knauf AMF GmbH & Co. KG, Knauf UK GmbH, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft KG, PT Knauf Gypsum Indonesia, or Knauf Gips KG (collectively "Knauf Defendants"). Claimant's action was filed as:

[case caption] __Paul Beane, et al. v. Gebreueder Knauf Verwaltungsgesellschaft, KG, et al.__ in the [Court] __U.S. District Court for the Eastern District of Louisiana__ (hereinafter "Action"); and

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs' Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL") entered into a Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation Agreement") to create a program (the "Program") to remediate homes that contain all or substantially all KPT drywall board ("KPT Chinese Drywall");

WHEREAS, on December 11, 2012, the Knauf Defendants and the PSC filed the Third Amended Class Settlement Agreement Regarding Claims against the Knauf Defendants in MDL No. 2047 ("Third Amended Class Settlement Agreement"), which, based on the Program created by the Demonstration Remediation Agreement, provides property owners a means for resolving their KPT Chinese Drywall-related claims;

WHEREAS, on December 12, 2012, the MDL Court issued an Order allowing submission of the Third Amended Class Settlement Agreement and making the Court's prior Preliminary Approval Order, issued January 10, 2012, applicable to the Third Amended Class Settlement Agreement;

WHEREAS, on February 7, 2013, the MDL Court issued an Order granting Final Approval to the Third Amended Class Settlement Agreement, which became final on or about March 11, 2013.

WHEREAS, on August 12, 2013, the Knauf Defendants and the PSC entered into the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047 ("New Claims Agreement").

WHEREAS, on October 3, 2013, the Knauf Defendants and the PSC filed the Fourth Amended Class Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Fourth Amended Class Settlement Agreement"), which amends certain sections of the Third Amended Class Settlement Agreement (collectively, the "Knauf Class Settlement Agreement").[1]

WHEREAS, on November 1, 2013, the MDL Court issued an Order granting Approval of the Fourth Amended Class Settlement Agreement.

---

[1] Capitalized terms not otherwise defined herein have the same meaning given to the them in the Knauf Class Settlement Agreement.

WHEREAS, the Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

WHEREAS, the Claimant has selected the Program Contractor Remediation Option pursuant to Section 4.3.1 of the Knauf Class Settlement Agreement;

WHEREAS, Claimant's counsel has explained to Claimant, and Claimant understands, (i) the terms of this Release; (ii) the terms and conditions set forth in Section 4.3.1 of the Knauf Class Settlement Agreement and (iii) the New Claims Agreement;

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns and occupies the above listed property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the Knauf Defendants in satisfying their obligations under the Knauf Class Settlement Agreement and New Claims Agreement, will constitute full compensation and settlement arising out of or related to claims asserted in the Action or to the KPT Chinese Drywall in the Property, and that

Claimant will not seek anything further, including any other payment, from any other person or entity related to the Action, except as described below.

3.  Claimant and the Knauf Defendants further agree that, in exchange for the consideration that is described herein, including but not limited to the offer to remediate the Property, Claimant will dismiss with prejudice the Action.

4.  Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Knauf Defendants, the Other Releasees (as that term is defined in Section 1.50 of the Knauf Class Settlement Agreement), and any party that supplied, installed, or facilitated and/or assisted in such supply or installation of KPT Chinese Drywall in the Property, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present, and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations, and representatives ("Supply Chain Defendants") from any claims arising out of or relating to the presence of KPT Chinese Drywall in the Claimant's Property or claims regarding the KPT Chinese Drywall in the Property. This general release includes without limitation claims for injury, loss or damage, including claims for bodily injury, emotional distress, and economic loss, past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those KPT Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 5 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

5.  The following claims are reserved (the "Reserved Claims"):

    a.    Claims by Claimant's counsel for "Attorneys' Fees" pursuant to the section VI of the New Claims Agreement; and

    b.    Claims in connection with the performance of, and any obligations arising under, the New Claims Agreement, and where applicable, the Knauf Class Settlement Agreement.

6. Except as to the Reserved Claims, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have, (1) in connection with the KPT Chinese Drywall in the Claimant's Property, against the Other Releasees and Supply Chain Defendants and (2) in connection with any non-KPT drywall manufactured in China ("Other Chinese Board") found in the Property, if any, against the manufacturers of the Other Chinese Board, Other Releasees and Supply Chain Defendants (the "Assigned Claims"). The Knauf Defendants shall be permitted to prosecute the Assigned Claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution of the Assigned Claims. However, if the Knauf Defendants elect not to prosecute the Assigned Claims, the release in Paragraph 4 above shall be effective as against whom the Knauf Defendants decline to bring the Assigned Claims.

7. This Release is effective immediately with exception that it shall be effective as to the Knauf Defendants upon (i) compliance by the Knauf Defendants concerning the Certificate of Occupancy and Environmental Certificate, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the home have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.

8. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims), and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

9. As provided for in Rule 408 of the Federal Rules of Evidence or its equivalent in state court jurisdictions, Claimant and the Knauf Defendants, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein will not introduce in evidence this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.

10. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Knauf Defendants, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies,

partnerships, subsidiaries, sister corporations and representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

11. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Knauf Defendants.

12. Claimant authorizes and instructs Claimant's counsel to deliver to the Knauf Defendants a Notice of Dismissal with prejudice of the Action, which shall be "so ordered" by the Court where the Action is pending, as against all parties released herein in accordance with the provisions of the New Claims Agreement, and where applicable, the Knauf Class Settlement Agreement. Claimant and Claimant's counsel shall cooperate with the Knauf Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice. Such delivery of the Notice of Dismissal shall be made to Kerry J. Miller, Frilot L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163.

13. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

14. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Knauf Defendants who expressly deny any liability to Claimant and who are entering this agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses, except as provided in

the New Claims Agreement, and where applicable, the Knauf Class Settlement Agreement; or (iii) consent to service by the Knauf Defendants. Neither this Release nor any Agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, the New Claims Agreement, or where applicable, the Knauf Class Settlement Agreement.

_____
Ronald Pendleton -  Claimant

 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
_____
Claimant SS #

STATE OF ___Louisiana___, PARISH OF _____Orleans_____

    I certify that on __OCT 27__, 2014, Ronald Pendleton personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

JACK JERNIGAN
[Printed Name of Notary]

My Commission Expires: upon death

_____
Counsel - Jimmy Doyle

Law Firm  Doyle Law Firm, PC

_Bernice Pendleton_
_____
Bernice Pendleton - BP Claimant

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
_____
Claimant SS #

STATE OF ___Louisiana___, PARISH OF ___Orleans___

I certify that on ___Oct 27___, 2014, ___Bernice Pendleton___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

JACK JERNIGAN
_____
[Printed Name of Notary]

My Commission Expires: __upon death__

_____
Counsel - Jimmy Doyle

Law Firm: ___Doyle Law Firm, PC___