UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**PRE-TRIAL ORDER NO. 1K**
**(Response Times for Remaining Actions)**

In 2010, the Court entered Pre-Trial Order Nos. 1G and 1H, which established a protocol for the filing of responsive pleadings to all complaints docketed in this MDL.

PTO 1G acknowledged that the PSC had already filed – and subsequently amended – several Omnibus complaints and noted that Plaintiffs intended to further amend those complaints. Rec. Doc. 3348. To preserve the resources of all involved parties, PTO 1G suspended the deadlines for responding to any complaint in this MDL until the PSC filed a "Notice of Completion of Amendments to Omni Complaints." *Id*. at 2.

PTO 1H, entered five months later, expanded the requirements of PTO 1G to require the PSC to file a "Master Complaint" within 60 days of the filing of its Notice of Completion. Rec. Doc. 6083. Under this protocol, responsive pleadings were not required to be filed until 30 days after the PSC's Master Complaint was filed.[1] *Id*. at 2.

---

[1] On April 6, 2017, the PSC filed a "Notice of Completion Pursuant to Pre-Trial Order No. 1(G)" which stated that all amendments to the *Amorin* and *Brooke* actions (Omni Complaints XV, XVI, XVII, and XX) were complete. Rec. Doc. 20723. However, the PSC did not subsequently file a Master Complaint, as required by PTO 1(H), and subsequently filed numerous motions to intervene new claimants into the *Brooke* actions.

1

Now, almost ten years after PTO Nos. 1G and 1H were entered, the suspension of the requirement to file responsive pleadings remains in place in this MDL. The Court has granted final approval to the Class Settlement with Taishan and entered final judgment, thereby releasing all remaining homeowner claims against Taishan, the BNBM entities, and the CNBM entities, apart from certain opt-out claims identified by Class Counsel. Rec. Doc. 22466. On April 15, 2020, the JPML remanded opt-out claims based in Alabama, Georgia and Mississippi back to their transferor courts for further proceedings in the following cases:

- *Bentz, et al. v. Taishan Gypsum Co., Ltd., et al.*, 17-cv-08286 (N.D. GA)
- *Bayne, et al v Taishan Gypsum Co., Ltd., et al*, No: 17-cv-08284 (N.D. AL)
- *Allen, et al v Taishan Gypsum Co., Ltd., et al*, No: 17-cv-08288 (S.D. MS)

Rec. Doc. 22713.

Because of PTO Nos. 1G and 1H, all deadlines for responsive pleadings or motions were suspended in the *Bentz, Bayne,* and *Allen* actions, all filed in 2017. On remand, the transferor courts can determine the appropriate deadlines for responsive pleadings or motions.

In this MDL, a limited number of opt-out claims remain in the following case:

- *Brooke et al. v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Case No. 15-4127 (E.D. LA) [2]

In light of the changed circumstances in this MDL, the Court hereby lifts the requirements of PTO 1G and 1H that the filing of responsive pleadings for the *Brooke* complaint is conditioned on the PSC's filing of "Notice of Completion of Amendments to Omni Complaints" and "Master Complaint." Instead, the dates for the filing of an answer or responsive motion to the *Brooke* complaint shall be set by a separate future order of this MDL Court. Until such response dates are

---

[2] While *Amorin v. Taishan Gypsum Co. Ltd., et al.* (Case No. 11-1395) remains in this MDL and has a limited number of non-settled, opt-out claims, the protocols outlined in PTO 1G and 1H are inapplicable because of the preliminary default entered in *Amorin*. Rec. Doc. 17792.

2

set by separate future orders, no answer or responsive motion to the *Brooke* complaint shall become due.

Unless otherwise stated, the protocol outlined in PTO 1G and 1H remains in place as to any other cases in this MDL.

New Orleans, Louisiana, this __1st__ day of ___May___, 2020.

_____
Honorable Eldon E. Fallon
U.S. District Court Judge