UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## ORDER & REASONS

Pending before the Court are twenty-seven objections to and appeals from Brown Greer's determination of eligibility for settlement funds and the allocation of said funds. Settlement Class Counsel has filed omnibus responses. R. Docs. 22708, 22730. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

## I.    BACKGROUND

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of foul-smelling gas, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-*

*Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014).

In an attempt to recoup their damages, these homeowners began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation in accordance with 28 U.S.C § 1407. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were transferred and consolidated for pretrial proceedings in MDL 09-2047 before this Court.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities and (2) the Taishan Entities. The litigation has focused upon these two entities and their downstream associates and has proceeded on strikingly different tracks for the claims against each group. The Court assumes familiarity with the lengthy procedural history of this case and accordingly comments only upon recent developments involving the Taishan Settlement Agreement that underly this Order and Reasons.

On January 10, 2020, the Court granted final approval to the Taishan Settlement Agreement, which obligated the Taishan Entities to pay $248,000,000 to fully resolve all claims of the *Amorin* class, the plaintiffs named in the *Brooke* complaints, and any other property owners with Chinese drywall attributable to Taishan ("Absent Class Members"). R. Doc. 22460. The settlement funds are "intended to provide compensation for all property and remediation damages as well as Other Losses." R. Doc. 22305-2 at 21. The Settlement specifically excludes 498 Florida *Amorin* Plaintiffs who received a separate settlement from Taishan (the "Parker Waichman

Settlement"), the plaintiffs involved in the *Mitchell* action,[1] and plaintiffs whose claims were previously voluntarily dismissed or dismissed for failure to complete a Supplemental Plaintiff Profile Form. R. Doc. 22305-2 at 5. Class Members who have not opted out are deemed to have fully released any and all claims, as defined by the Settlement Agreement, against Taishan and the Additional Released Parties,[2] and are barred from bringing or continuing suit on a released claim against these entities. R. Doc. 22305-2 at 19-20.

The amount a plaintiff receives under the Settlement Agreement has been determined by a Court-appointed Allocation Neutral. R. Doc. 22305-2 at 20-21. Mr. J. Cal Mayo, Jr., the Allocation Neutral, developed an allocation model to determine the proper allocation and distribution of settlement funds among all the affected properties and eligible class members. R. Doc. 22304. This model attempts to "strike a balance between property-specific allocation, on the one hand, and efficient and effective allocation, on the other hand." R. Doc. 22304-1 at 2. To that end, the allocation model considers a number of "objective allocation criteria," including square footage of the Affected Property, whether the claimant was an *Amorin* plaintiff, a *Brooke* plaintiff, or an Absent Class Member, product identification, and the prior receipt of settlement funds. R. Doc. 22304-1. The allocation model does not consider the national average construction cost based on zip codes, ownership status, remediation status, or the value of other losses. R. Doc. 22304-1. The Settlement provides for a single allocation for each Affected Property, such that settlement awards may need to be divided among eligible class members with competing claims to the same property.

---

[1] On July 8, 2019, the Court denied Mitchell's motion seeking certification of a homebuilder class. R. Doc. 22287. On August 22, 2019, the Court suggested that the *Mitchell* matter be remanded to state court in Florida. The Court noted that remand was appropriate because the purpose behind consolidating these related actions in this Court had been served. The Court had addressed numerous discovery disputes, dispositive motions, and other pretrial issues involving facts and legal questions common to the various cases in this MDL proceeding. No further pretrial motions raising common questions were pending in these cases, and remand to the transferor court appeared to be in the interest of judicial efficiency and fairness to the parties.

[2] The released parties are Taishan, BNBM, BNBM Group, CNBM, CNBM Group, and the State-Owned Assets Supervision and Administration Commission of the State Council ("SASAC"). R. Doc. 22392-3 at 20.

The allocation model does not consider, nor does the Settlement provide compensation for personal injury claims, but such claims shall nevertheless be released pursuant to the Agreement. R. Doc. 22397-1 at 23.

Following preliminary approval on August 29, 2019, Class Members were able to access the allocation model on the Settlement website and on the Court's docket. A Master Spreadsheet of Known Class Member Claims was also posted and filed, providing class members who had submitted sufficient proof of covered Chinese drywall with the ability to review the objective criteria used to calculate the value of their claim. Class Members had the opportunity to dispute the information on the Master Spreadsheet by October 3, 2019. One hundred and nine challenges were made, and a Revised Master Spreadsheet was filed with the Court on October 31, 2019. R. Doc. 22355-1. It was also posted on the Settlement Website, and a Challenge Determination Notice was sent to each affected Class Member. Following final approval, Absent Class Members and Class Members excluded from the Master Spreadsheet for lack of Product ID were given until February 12, 2020 to submit a Claim Form to Brown Greer. Brown Greer sent letters accepting or denying these claims on February 25, 2020, informing claimants that they had until March 26, 2020 to object.

Subsequently, Brown Greer revised the Master Spreadsheet to reflect these additional accepted claims. R. Doc. 22649-1. On March 6, 2020, Brown Greer sent Notice of Allocation Amount Determinations to all Eligible Class Members identified on the spreadsheet and informed them that they could appeal their allocation determination within thirty days. In total, the Court has received twenty-seven objections and appeals. Having carefully considered the arguments on both sides, the Court now rules as follows.

## II.    THE OBJECTIONS

### A.  Corinth Homes, LLC [R. Doc. 22610]

Corinth Homes, LLC's claims involve a property located at 712 Stanhope Close, Chesapeake, Virginia. The claim was timely filed and all supporting documentation was provided. Nevertheless, the claim was denied because Corinth Homes, LLC failed to submit a notarized Owner's Affidavit. Corinth Homes, LLC was notified of this deficiency and uploaded a notarized affidavit on February 26, 2020. Because the deficiency was immediately rectified, Settlement Class Counsel recommends that the denial of the claim be overturned. R. Doc. 22708 at 3. Seeing as this request is unopposed and the procedural deficiency was immediately corrected, the Court will overturn the denial of this claim.

### B.  Roxzana Moore [R. Doc. 22616]

Roxzana Moore is a *pro se Amorin* Class Member whose claims involve a property located at 900 Yazoo Street, Bay Saint Louis, Mississippi. Her claim was denied for lack of proof of Product ID. Settlement Class Counsel recommends that the denial of her claim be upheld because the only proof of Product ID provided were markings indicating ClassicRoc, an American Gypsum product not covered by the Taishan Settlement. R. Doc. 22708 at 3.

The Taishan Settlement Agreement only covers claimants with certain types of drywall. Ms. Moore has not provided any evidence that the drywall in her home was manufactured by one of the brands attributable to Taishan. In fact, the only evidence Ms. Moore provided confirming Product ID indicates that her drywall is an American drywall product. R. Doc. 22708-1. Accordingly, she is ineligible to recover under the Taishan Settlement and the denial of her claim is upheld.

### C. Nathan Ross, Jr. [R. Doc. 22617-1]

Nathan Ross, Jr. is a *pro se* absent Class Member whose claims involve a property located at 3032 Wenonah Park Place, Birmingham, Alabama. His claim was denied for lack of proof of Product ID. Settlement Class Counsel recommends that the denial of his claim be upheld because he failed to submit *any* proof of Covered Chinese Drywall. R. Doc. 22708 at 4. Because Mr. Ross has submitted no evidence pertinent to the Taishan Settlement, the Court upholds the denial of this claim.

### D. Annie McDonald [R. Doc. 22619-1]

Annie McDonald is a *pro se* claimant whose claims involve a property located at 4 Bilbrew Road, Laurel, Mississippi. Her claim was denied for lack of proof of Product ID and for failure to submit evidence of under air square footage. Settlement Class Counsel recommends that the denial of her claim be upheld because she failed to submit *any* proof of Covered Chinese Drywall and evidence of under air square footage. R. Doc. 22708 at 4. Because Ms. McDonald has submitted no evidence pertinent to the Taishan Settlement, the Court upholds the denial of her claim.

### E. Victor and Loumertistene Howell [R. Doc. 22634]

Victor and Loumertistene Howell are *Amorin* Class Members whose claims involve a property located at 5275 Sandbar Cove, Winston, Georgia. The Howells appeal their Allocation Amount Determination, arguing that their allocation does not accurately reflect the square footage of their property. Although the Howell's attorney confirmed that the under air square footage listed on the original Master Spreadsheet (9,245 square feet) was correct, the Howells challenge this determination and seek to have the figure increased to 14,358 square feet, arguing that the property's basement should be included in the calculation. Settlement Class Counsel recommends denying the appeal because the governing tax assessor's records indicate that the under air square

6

footage is 9,245 and the "furnished basement's square footage is 0, and because the Howell's attorney confirmed this original square footage calculation." R. Doc. 22708 at 5. Based on the tax assessor's records, the Court concludes that the original square footage is correct and accordingly denies this appeal.

### F. Gary Rollins [R. Doc. 22635]

Gary Rollins is a *pro se* claimant whose claims involve a property located at 5400 Hwy A-1-A, Unit G-5, Indian River Shores, Florida. Rollins submitted a Claim Form on February 10, 2020, after having previously submitted a Claims Form in the Global/Banner/InEx Settlement in 2013 and receiving $5,166.75 therefrom. BrownGreer denied the claim because Rollins failed to submit sufficient evidence of Covered Chinese Drywall. In his appeal, Rollins argues that the Claims Administrator "already accepted [his] claim in 2013." Settlement Class Counsel recommends denying the appeal because Rollins failed to submit the required proof of Covered Chinese Drywall and because "[t]he fact that a prior claim was approved under the GBI Settlements does not warrant automatic acceptance of the claim under the Taishan Settlement, since the Product ID requirements are different." R. Doc. 22708 at 6.

Mr. Rollins submitted along with his Claim Form an inspection report stating that "ALL DEFECTIVE DRYWALL THAT WAS IDENTIFIED WAS TAISHAN DRYWALL." Settlement Class Counsel takes issue with the fact that there are no identifiable photographs of covered Chinese drywall in the property. However, the Claim Form requires claimants to submit proof of Covered Chinese drywall "based on one of the following: photographic indicia, sales or delivery records, chain of custody records, inspection report(s), or other proof." Additional corroborating evidence is required if no markings are found on the drywall. Here, Mr. Rollin's inspection report appears to indicate that the drywall found in his home contained the marking "Drywall

4feetx12feetx1/2inch," which is a marking covered by the Settlement Agreement. The Court concludes that Mr. Rollins has presented evidence of Product ID and will accordingly overturn this denial.

### G. Alphonso and Nora Walker [R. Doc. 22639]

Alphonso and Nora Walker are *Amorin* Class Members whose claims involve a property located at 4973 Chantilly Drive, New Orleans, Louisiana. The Walkers appeal their Allocation Amount Determination, arguing that their allocation does not accurately reflect the square footage of their property. The Walkers' attorney confirmed that the under air square footage listed on the original Master Spreadsheet (2,145 square feet) was correct and the Walkers never disputed this information during the time in which such challenges would have been appropriate. The Walkers first disputed the square footage determination in their March 1, 2020 appeal, in which they seek to have the square footage increased to 2,622 square feet. The Walkers' appeal references a hand drawn corrected floor plan that includes a garage and a tax assessor document. Settlement Class Counsel argues these documents are insufficient because handwritten measurements are not "an adequate form of verified under air square footage," and because the tax assessor document was never before submitted to Brown Greer and accordingly cannot be considered on appeal under Section 12.2.2 of the Settlement Agreement. R. Doc. 22708 at 7. Settlement Class Counsel argues the appeal should be denied because "it does not demonstrate that the Allocation Model was applied incorrectly" and because even if the new floor plan could be considered, "the additional square footage constitutes garage space which should not be included in the total." R. Doc. 22708 at 7.

Even if the Court were prepared to excuse the procedural deficiencies present in the instant case, the evidence of the additional square footage is an unverifiable, hand-drawn floorplan.

Additionally, even if the floor plan was considered proof of square footage, garages are expressly excluded from square footage calculation unless they are part of the same ventilation system as the home, and the parties have not presented such evidence. The Court will accordingly deny this appeal.

**H. Raymond and Amelia Farley [R. Docs. 22642, 22652]**

Raymond and Amelia Farley are absent Class Members whose claims involve a property located at 3756 Summerwind Circle, Bradenton, Florida. The Farleys' claim was denied because the Farleys had assigned their claim to their builder, Taylor Morrison. The Farleys appeal the denial, arguing that the assignment was limited to the costs of repair and remediation, and that the assignment expressly excluded claims for personal injuries, personal property, moving costs, and expenses, among others. Settlement Class Counsel recommends granting to the appeal to the extent the Farleys have an Other Loss claim, which, under the Allocation Model, are awarded 7.5% of the value of the total claim. R. Doc. 22708 at 8.

It appears as though the Farleys only assigned their claims for costs of repair and remediation, retaining for themselves "any personal injury claims, moving and storage claims, expense claims, personal property claims, attorneys' fee claims and relocation claims." R. Doc. 22652 at 2. These types of claims, which the Allocation Model refers to as "other losses," are recoverable. A plaintiff who has retained an Other Loss claim is entitled to receive 7.5% of the total awarded in compensation for both remediation damages and Other Losses. Having expressly retained all Other Loss claims for their personal benefit, the Farleys are entitled to receive compensation for them in accordance with the Allocation Model. Accordingly, the Court will overturn the denial of this claim.

**I. Justin Kelley [R. Doc. 22654]**

Justin and Melissa Kelley are *pro se* claimants whose claims involve a property located at 3319 12 St. North, St. Petersburgh, Florida. The Kelleys' claim was denied for lack of sufficient Product ID and for lack of notarized signature from Melissa Kelley. With respect to Product ID, the Kelleys rely on an inspection report that mentions drywall markings "MADE IN CHINA MEETS OR EXCEEDS ASTM C1396 04." Settlement Class Counsel recommends denying the appeal because the inspection report is insufficient proof of Product ID, as it was prepared by a private investigator rather than a licensed home inspector and is not supported by corroborating photographs, invoices, or delivery receipts. R. Doc. 22708 at 9.

First, although Ms. Kelley failure to submit a notarized owner affidavit, Mr. Kelley's own Owner Affidavit was duly signed and notarized. Additionally, Mr. Kelley argues that his wife's affidavit was offered "merely to show that she has knowledge the claim was being submitted, not as evidence of truth of the claim." R. Doc. 22654 at 2. Second, with respect to Product ID, the Kelley's submitted proof of Product ID in a manner allowed by the Claim Form. The claim submission instructions require a claimant to submit, as proof of Product ID, "one of the following: photographic indicia, sales or delivery records, chain of custody records, inspections report[s]…" Mr. Kelley submitted an inspection report dated October 20, 2011, which he contends is "the only evidence still in his possession after discovery of the covered Chinese Drywall product in 2011." R. Doc. 22654 at 2–3. Mr. Kelley contends this report, authored by a "non-interested third party, and a Licensed Private Investigator" and concluding that the home contained Chinese drywall bearing specific markings, constitutes sufficient evidence of Product ID. R. Doc. 22654 at 3. In light of the circumstances, the Court concludes that the inspection report provides sufficient proof of Product ID and accordingly overturns the denial.

**J.  Brian and Barbara Lewis [R. Doc. 22661]**

10

Brian and Barbara Lewis are *Amorin* Class Members whose claims involve a property located at 6755 Lake Willow Drive, New Orleans, Louisiana. The Lewises appeal their Allocation Amount Determination, arguing that the square footage of their home should be 5,231, rather than 3,214 as listed in the Updated Revised Master Spreadsheet. In support of this change, the Lewises rely on a Correctness of Square Footage on Chinese Drywall Client(s) Property for Remediation Damages, dated May 19, 2017, and prior deposition testimony of Brian Lewis. Settlement Class Counsel recommends denying the appeal because the Lewis' attorney confirmed the original square footage and the Lewises failed to challenge that determination when it was published on the original Master Spreadsheet as required by Section 12.1.2. of the Settlement Agreement. R. Doc. 22708 at 10.

Despite the procedural deficiencies, the Court will grant this appeal as it appears as though the confirmation of the underreported-square footage was the product of attorney error that should not prejudice plaintiffs' right to recover their fair share of settlement funds.

### K. Melissa Young [R. Doc. 22667]

Melissa Young is an *Amorin* Class Member whose claims involve a property located at 2909 Monica Lane, Marrero, Louisiana. Young appeals her Allocation Amount Determination on the grounds that her square footage calculation should include the garage, which is a furnished room with heating and air conditioning. Including the garage, the square footage of the property would increase from 1,797 to 2,185. Although Young's attorney confirmed that 1,797 was the correct square footage, Settlement Class Counsel recommends granting this appeal because the supporting evidence indicates that the garage is a finished room and because Young properly and timely contested the original square footage determination within 35 days of the filing of the

Master Spreadsheet. Because this appeal is uncontested and because Ms. Young complied with the procedural requirements, the Court will grant this appeal.

**L. Jon Jackel [R. Doc. 22668]**

Jon Jackel is an *Amorin* Class Member whose claims involve a property located at 244 Springrose Drive, Bell Chasse, Louisiana. Jackel appeals his Allocation Amount Determination on the grounds that the correct square footage for his property is 4,538, instead of the 3,663 as listed in the Updated Revised Master Spreadsheet. In support, Jackel relies on an inspection report containing a handwritten note that the first floor in 3,663 square feet and the second floor is 875 square feet. Settlement Class Counsel recommends denying this appeal because the second floor is identified as an unfinished attic space, which is not included in the square footage calculation and because Jackel's attorney confirmed that 3,663 was the correct square footage, without a timely challenge from Jackel as required under Section 12.1.2. of the Settlement Agreement. R. Doc. 22708 at 11.

Even if the Court were to overlook the procedural deficiencies, Mr. Jackel has submitted no evidence that the unfinished attic space he seeks to include in his under air square footage calculation qualifies as under air square footage as defined in the Settlement Agreement. Accordingly, the Court will deny this appeal.

**M. Shawndrika Sutton [R. Doc. 22669]**

Shawndrika Sutton is a *Brooke* Plaintiff whose claims involve a property located at 12931 Lake Carmel Drive, New Orleans, Louisiana. Sutton appeals her Allocation Amount Determination on the grounds that the under air square footage of her property is 1,614, not the 1,014 listed in the Updated Revised Master Spreadsheet. Although Sutton's attorney confirmed that 1,014 was the correct square footage and Sutton failed to challenge this determination within

thirty-five days of the publication of the Updated Revised Master Spreadsheet as required by Section 12.1.2 of the Settlement Agreement, the appraisal for the property submitted to Brown Greer in connection with prior settlements indicates that the under air square footage of the property is in fact 1,614. Settlement Class Counsel recommends denying Sutton's appeal because she failed to timely challenge the square footage listed on the Master Spreadsheet but notes that "[i]t is within the Court's discretion to accept different square footage information for the subject property submitted to BrownGreer in 2003." R. Doc. 22708 at 12.

The Court is prepared to overlook the procedural deficiencies and grant this appeal because Ms. Sutton ultimately submitted evidence indicating that her property is in fact 1,614 square feet.

### N. Wanadoo, LLC [R. Doc. 22676]

Wanadoo, LLC is an *Amorin* Class Member with claims arising from a property located at 9275 Marsh Island Drive, Vero Beach, Florida. Wanadoo, LLC appeals its Allocation Amount Determination on the grounds that it only received $42,141.47 in prior Chinese Drywall payments, rather than $88,974.03 at listed on the Updated Revised Master Spreadsheet. Settlement Class Counsel recommends denying this appeal because Wanadoo, LLC's attorney confirmed the receipt of $88,974.03 and Wanadoo, LLC failed to challenge this information within thirty-five days of publication of the Master Spreadsheet as required by Section 12.1.2. of the Settlement Agreement.

The Court is prepared to overlook the procedural deficiencies and grant this appeal because Wanadoo, LLC's attorney admitted that the original sum was reported in error and clarified how much Wandaoo, LLC did in fact receive.

### O. Randy and G. Antoinette Chevalier [R. Doc. 22697]

Randy and G. Antoinette Chevalier's are *Amorin* Class Members with claims arising from properties located at 3900-3902 Franklin Avenue, New Orleans, Louisiana and 2585 Jonquil

Street, New Orleans, Louisiana. The Chevaliers appeal their Allocation Amount Determination on the grounds that the combined square footage of their properties should be 3,784, instead of 3,025 as listed on the Updated Revised Master Spreadsheet. Although the Chevalier's attorney represented that the aggregate square footage of the property was 3,025, a representation the Chevalier's failed to timely challenge as required by Section 12.1.2 of the Settlement Agreement, on October 14, 2019, the Chevaliers' attorney provided Brown Greer with an appraisal of the properties conducted by Murphy Appraisal Services that indicated that the "building area" for these properties is 3,784 square feet. Settlement Class Counsel appears to recommend denying the appeal because the Chevaliers failed to timely challenge the initial determination but notes that evidence of the updated square footage determination was provided, albeit eleven days after the deadline for doing so. R. Doc. 22708 at 14.

Although the Chevaliers failed to correct the deficiency in under air square footage listed on the Updated Revised Master Spreadsheet, the Chevalier's did ultimately provide competent evidence that their property is 3,784 square feet, albeit in an untimely fashion. Accordingly, the Court is prepared to overlook the procedural deficiency and grant this appeal.

### P.  Michael Gallacher and Randall Baker [R. Doc. 22698]

Michael Gallacher and Randall Baker are *Amorin* Class Members with claims involving a property located at 8911 Cobblestone Point Circle, Boynton Beach, Florida. Gallacher and Baker appeal their Allocation Amount Determination on the grounds that the under aid square footage of the property is 4,134, not 3,830 as listed on the Updated Revised Master Spreadsheet. Gallacher and Baker attribute this increase in square footage to a "bonus room." Settlement Class Counsel recommends denying the appeal because the only evidence of the increased square footage is a copy of a tax assessor's record for a neighbor's house (located at 8561 Cobblestone Point Circle),

and a copy of the original appraisal displaying a hand drawn "bonus room" and handwritten additional square footage. Settlement Class Counsel also notes that Gallacher and Baker's attorney confirmed that the square footage was 3,830 and that Gallacher and Baker failed to timely challenge this determination as required by Section 12.1.2 of the Settlement Agreement.

The Court will deny this appeal. Although the Court has excused procedural deficiencies with respect to other claimants, the evidence provided in support of additional square footage appears to have been prepared for a neighbor's property. The original appraisal for the affected property has been altered by hand to reflect the additional square footage. The Court concludes that this is insufficient evidence of additional square footage and will accordingly deny the appeal.

### Q. Lisa and Charles Robin, III [R. Doc. 22699]

Lisa and Charles Robin, III are *Amorin* Class Members with claims involving a property located at 1920 Russell Drive, St. Bernard, Louisiana. The Robins challenge their status as new claimants. Settlement Class Counsel argues that this status is warranted because the Robins never completed a Plaintiff Profile Form or a Supplemental Profile Form, nor did they ever produce evidence of Product ID. Accordingly, the Robins were intentionally excluded from the Master Spreadsheet and the first time they introduced any evidence of Product ID was July 24, 2019. Settlement Class Counsel recommends denying this appeal because the Robins failed to challenge their exclusion from the Master Spreadsheet at time when it would have been appropriate to do so.

Although the Robins filed their claims in *Amorin*, they failed to submit various required documents throughout the litigation, such as a Plaintiff Profile Form. Accordingly, they were not included on the Master Spreadsheet and the Robins never challenged this exclusion in a timely fashion. Although the Court has excused procedural deficiencies with respect to other claimants,

it notes that the Robins failed to pursue their case or otherwise participate in the litigation of their claims while the *Amorin* litigation was active. Accordingly, the Court will deny this appeal.

### R.  Angela Rios [R. Doc. 22718-1]

Angela Rios is a *pro se* absent Class Member with claims involving a property located at 3016 48th Street West, Lehigh Acres, Florida. Her claim was rejected for failure to submit a Notary Public signature. Rios describes the claim form as "very misleading." Settlement Class Counsel appears to recommend denying this appeal because the Claim Form clearly requires notarization but notes that it is within the Court's discretion to waive the failure to comply with this procedural requirement or order Rios to submit a notarized Affidavit. Considering Ms. Rios' status as a *pro se* claimant, the Court is prepared to overlook this procedural deficiency and overturn this denial.

### S.  Christopher Baker [R. Doc. 22718-2]

Christoper Baker is a *Brooke* Plaintiff with claims involving a property located at 34131 Pennacook Drive, Dade City, Florida. Baker objects to his classification as a *Brooke* Plaintiff rather than an *Amorin* Plaintiff because he and his attorney began "working together" before the *Amorin* class was certified. Settlement Class Counsel recommends denying this appeal because the *Amorin* class consisted of individuals who were "named Plaintiffs on the complaints in *Amorin*, *Germano*, *Gross*, and/or *Wiltz*," and because Mr. Baker was not a named Plaintiff on any of these complaints. R. Doc. 22730 at 3.

Baker also objects to Product ID, which is set forth on the Master Spreadsheet as MADE IN CHINA MEET[S] OR EXCEED[S] (Category I). Baker contends his home contained TAIAN TAISHAN markings and Taihe edge tape, and accordingly should be in Category I. Settlement Class Counsel recommends denying this appeal on Product ID grounds because Baker failed to timely appeal the determination after publication of the Master Spreadsheet and because an

inspection report submitted in connection with his claim includes photographs of drywall displaying Category H markings.

Based on the foregoing, the Court concludes that Baker is correctly identified as a *Brooke* class member because he is not a named Plaintiff in either the *Amorin*, *Germano*, *Gross*, and/or *Wiltz* complaints. However, with respect to Product ID, it is unclear whether the photograph of drywall bearing Category H markings included in the inspection report is a photograph of drywall found in Baker's home or solely provided for comparison. At this juncture, the Court will defer ruling on Baker's appeal and instructs Settlement Class Counsel to provide to the Court any documentation submitted in conjunction with Baker's claim that could indicate what type of drywall was discovered in Baker's property.

### T.  Gary Fredericks [R. Doc. 22718-3]

Gary Fredericks is a *pro se* absent Class Member with claims involving a property located at 3636 Meadowlark Drive, Gulfport, Mississippi. Settlement Class Counsel recommends denying this appeal because Fredericks failed to submit a Claim Form or any proof of covered Chinese drywall. Mr. Fredericks submitted a notarized Owner's Affidavit on February 5, 2020. Settlement Class Counsel notes that while Mr. Fredericks did not submit a Taishan Settlement Claim Form, he submitted a Verification of Claims Form on January 27, 2020. The Verification of Claims Form was used in the GBI Settlements, not the Taishan Settlement.

It is apparent that while Mr. Fredericks has not complied with the procedural requirements of the Taishan Settlement, he had attempted to provide some proof of his claims. Accordingly, at this juncture, the Court will defer ruling on Mr. Fredericks' objection and orders Settlement Class Counsel to supply the materials submitted by Mr. Fredericks, if any, in support of his claim.

### U.  Juan C. Angulo [R. Doc. 22718-4]

Juan C. Angulo is a *pro se* absent Class Member with claims involving a property located at 15043 Emory Road, New Orleans, Louisiana. Angulo objects to the denial of his claim and argues that an incorrect version of the inspection report for his property was submitted. Settlement Class Counsel reports that the correct version of the inspection report, indicating that Angulo's property contained Category I Chinese drywall was present in the property, was submitted on February 26, 2020. Settlement Class Counsel recognizes that the despite the tardy submission of the correct inspection report, it is within the Court's discretion to grant Angulo's appeal because the proper documentation was ultimately provided and because Angulo is a *pro se* claimant.

Because this appeal is unopposed and because Angulo is a *pro se* claimant, the Court will overturn this denial.

### V.  Ryan and Cerissa Dillow [R. Doc. 22718-5]

Ryan and Cerissa Dillow are *pro se* absent Class Members with claims involving a property located at 5104 Bond Road, North Port, Florida. The Dillows' claims were denied for failure to submit proof of Product ID and failure to submit a notarized Owner's Affidavit. Settlement Class Counsel recommends denying this appeal because the inspection report submitted as proof of Product ID does not identify any Covered Chinese Drywall but instead merely notes that corrosion was observed and that the property suffered from a smell consistent with Chinese drywall.

Although the failure to submit a notarized Owner's Affidavit may be excusable, the Dillows' inspection report does not indicate what type of Chinese drywall was located in the property. Further, the photographs provided by the Dillows all show corrosion of pipes and wires, but do not reveal any markings. The Court is unable to determine whether the Dillows' property contained Covered Chinese Drywall and will accordingly uphold this denial.

### W.  Shawn Tennefosse [R. Doc. 22718-6]

Shawn Tennefosse is a *pro se* absent Class Member with claims involving properties located at 2709-11 Second Street, New Orleans, Louisiana, 2713-15 Second Street, New Orleans, Louisiana, and 2717-19 Second Street, New Orleans, Louisiana. These claims were denied for failure to provide evidence of under air square footage. Tennefosse has attached to his appeal Orleans Parish Assessor's documents indicating that the square footage of these properties is 1,176 square feet. Settlement Class Counsel recommends denying this appeal because Section 12.2.2. of the Taishan Settlement Agreement prohibits Class Members from submitting new evidence to appeal his or her Allocation Amount determination.

The Court is prepared to overlook the procedural deficiencies in the instant case. Considering that Mr. Tennefosse has provided evidence of updated square footage, albeit in an untimely fashion, the Court will grant this appeal.

### X. Stephen and Elena Harriman [R. Doc. 22718-7]

The Harrimans are *pro se* absent Class Members with claims involving a property located at 3208 NE 4th Street, Pompano Beach, Florida. The Harriman's claims were denied for lack of evidence of Product ID. The Harrimans have attached to their appeal a photograph of drywall with Category K markings. Settlement Class Counsel recommends denying this appeal because the Harrimans' Claim Form only indicates the presence of non-compensable drywall and because the evidence of drywall bearing Category K markings is inadmissible under Section 12.2.2 of the Taishan Settlement Agreement, which prohibits Class Members from submitting new evidence to appeal his or her Allocation Amount determination.

The Court is prepared to overlook the procedural deficiencies in the instant case. Considering that the Harrimans have provided evidence of a compensable type of drywall, albeit in an untimely fashion, the Court will grant this appeal.

### Y. Kevin Stephens – Westchester Apartments [R. Doc. 22718-8]

Kevin Stephens is a *pro se* absent Class Member with claims involving an apartment complex located at 111 Westchester Place, Slidell, Louisiana. Stephens' claim form included an inspection report indicating that his property contained Category I in one of the forty-four units in the apartment complex. His claim was denied with respect to the forty-three units for which Product ID was not submitted. Stephens appeals this denial, arguing that an inspection was not conducted for the other forty-three units because they were "all done at the same time with the same sheetrock." R. Doc. 22730-13. Settlement Class Counsel recommends denying this appeal because he has failed to submit any proof of covered Chinese drywall in these forty-three units. R. Doc. 22730 at 9.

Throughout this litigation, there was evidence presented that a load of drywall from one source could contain some Taishan drywall and other non-Taishan drywall. Thus, specific proof of covered drywall is necessary to support a claim. Because Mr. Stephens is unable to provide evidence of Product ID with respect to the other forty-three units in his property, the Court will uphold this objection.

### Z. Bevalie and Lawrence Favre [R. Doc. 22732]

Bevalie and Lawrence Favre are *pro se* absent Class Members with claims involving a property located at 10345 Old Lower Bay Road, Bay Saint Louis, Mississippi. The Favres did not submit a claims form or provide any supporting documentation. Settlement Class Counsel notes that the Favres submitted four documents to the BrownGreer portal in 2013, including a hand written letter indicating that their home contained Chinese drywall. Settlement Class Counsel recommends denying this appeal because the Favres did not submit a claim form or otherwise comply with any of the requirements of the Taishan Settlement.

20

The Court will uphold this denial as the Favres have not provided *any* documents or evidence in connection with the Taishan Settlement.

### AA.       Diges Little [R. Doc. 22732]

Diges Little is a *pro se* absent Class Member with claims involving a property located at 816 Martha S. Ratchford Street, Pritchard, Alabama. Little's claims were denied for lack of Product ID. Settlement Class Counsel explains that inspection report submitted by Little indicates that the property only contained KTP drywall, which is not covered by the Taishan Settlement. Settlement Class Counsel recommends denying this appeal because Little has failed to submit any proof of Covered Chinese drywall in the property.

The Court will uphold this denial as the only evidence submitted by Diges Little involves the presence of KPT drywall, a type of drywall expressly excluded from the Taishan Settlement.

### III.     CONCLUSION

Considering the foregoing.

**IT IS ORDERED** that the denial of the claim asserted by Corinth Homes, LLC, R. Doc. 22610, is **OVERTURNED**, and the Claims Administrator is ordered to apply the Allocation Model to Corinth Homes, LLC's Objective Criteria.

**IT IS FURTHER ORDERED** that the denial of the claim asserted by Roxzana Moore, R. Doc. 22616, is **UPHELD**.

**IT IS FURTHER ORDERED** that the denial of the claim asserted by Nathan Ross, Jr., R. Doc. 22617-1, is **UPHELD**.

**IT IS FURTHER ORDERED** that the denial of the claim asserted by Annie McDonald, R. Doc. 22619-1, is **UPHELD**.

21

**IT IS FURTHER ORDERED** that the appeal filed by Victor and Lourmertistene Howell, R. Doc. 22634, is **DENIED**.

**IT IS FURTHER ORDERED** that the denial of the claim asserted by Gary Rollins, R. Doc. 22635, is **OVERTURNED**, and the Claims Administrator is ordered to apply the Allocation Model to Gary Rollins' Objective Criteria.

**IT IS FURTHER ORDERED** that the appeal filed by Alphonso and Nora Walker, R. Doc. 22639, is **DENIED**.

**IT IS FURTHER ORDERED** that the denial of the claim asserted by Raymond and Amelia Farley, R. Docs. 22642, 22652, is **OVERTURNED** and the Claims Administrator is ordered to apply the Allocation Model to the Farleys' Objective Criteria.

**IT IS FURTHER ORDERED** that the denial of the claim asserted by Justin Kelley, R. Doc. 22654, is **OVERTURNED** and the Claims Administrator is ordered to apply the Allocation Model to Kelley's Objective Criteria.

**IT IS FURTHER ORDERED** that the appeal filed by Brian and Barbara Lewis, R. Doc. 22661, is **GRANTED** and the Claims Administrator is ordered to revise the Lewises' Allocation Amount Determination accordingly.

**IT IS FURTHER ORDERED** that the appeal filed by Melissa Young, R. Doc. 22667, is **GRANTED**, and the Claims Administrator is ordered to revise Ms. Young's Allocation Amount Determination accordingly.

**IT IS FURTHER ORDERED** that the appeal filed by Jon Jackel, R. Doc. 22668, is **DENIED**.

**IT IS FURTHER ORDERED** that the appeal filed by Shawndrika Sutton, R. Doc. 22669, is **GRANTED**, and the Claims Administrator is ordered to revise Ms. Sutton's Allocation Amount Determination accordingly.

**IT IS FURTHER ORDERED** that the appeal filed by Wanadoo, LLC, R. Doc. 22676, is **GRANTED** and the Claims Administrator is ordered to revise Wanadoo, LLC's Allocation Amount Determination accordingly.

**IT IS FURTHER ORDERED** that the appeal filed by Randy and Antoinette Chevalier, R. Doc. 22697, is **GRANTED** and the Claims Administrator is ordered to revise the Chevaliers' Allocation Amount Determination accordingly.

**IT IS FURTHER ORDERED** that the appeal filed by Michael Gallacher and Randall Baker, R. Doc. 22698, is **DENIED**.

**IT IS FURTHER ORDERED** that the appeal filed by Lisa and Charles Robin, III, R. Doc. 22699, is **DENIED**.

**IT IS FURTHER ORDERED** that the denial of the claims asserted by Angela Rios, R. Doc. 22718-1, is **OVERTURNED** and the Claims Administrator is ordered to apply the Allocation Model to Rios' Objective Criteria.

**IT IS FURTHER ORDERED** that Settlement Class Counsel produce the materials supplied by Christopher Baker regarding Product ID within ten days of this Order's issuance.

**IT IS FURTHER ORDERED** that Settlement Class Counsel produce the materials supplied by Gary Fredericks in support of his claim, if any, within ten days of this Order's issuance.

**IT IS FURTHER ORDERED** that the denial of the claims asserted by Juan C. Angulo, R. Doc. 22718-4, is **OVERTURNED**, and the Claims Administrator is ordered to apply the Allocation Model to Angulo's Objective Criteria.

**IT IS FURTHER ORDERED** that the denial of the claims asserted by Ryan and Cerissa Dillow, R. Doc. 22718-5, is **UPHELD**.

**IT IS FURTHER ORDERED** that the appeal filed by Stephen and Elena Harriman, R. Doc. 22718-7, is **GRANTED** and the Claims Administrator is ordered to revise the Harrimans' Allocation Amount Determination accordingly.

**IT IS FURTHER ORDERED** that the denial of the claims asserted by Kevin Stevens, R. Doc. 22718-8, is **UPHELD**.

**IT IS FURTHER ORDERED** that the denial of the claims asserted by Bevalie and Lawrence Favre, R. Doc. 22732, is **UPHELD**.

**IT IS FURTHER ORDERED** that the denial of the claims asserted by Diges Little, R. Doc. 22732, is **UPHELD**.

New Orleans, Louisiana this 4th day of May, 2020.

Eldon E. Fallon
United States District Judge