UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**OPPOSITION TO DEFENDANT KNAUF'S MOTION FOR SUMMARY JUDGMENT
AGAINST ALL LOUISIANA AND MISSISSIPPI PLAINTIFFS**

# Table of Contents

|      |                                                         | Page |
|------|---------------------------------------------------------|------|
| I.   | STATEMENT OF MATERIAL FACTS……………………………….………… | 1    |
|      | A. MDL-2047………………………………………………………….….. | 1    |
|      | B. The *Bennett* Class Action ………………..………………………... | 3    |
|      | C. Plaintiffs in the B*ennett* Complaint …………………………………….. | 4    |
| II.  | STANDARD OF REVIEW……………………………………………….…… | 4    |
| III. | ARGUMENT………………………………………………………………… | 5    |
| IV.  | CONCLUSION………………………………………………………… | 7    |

All Louisiana and Mississippi Plaintiffs (hereinafter "Plaintiffs"), by and through the undersigned counsel of record, oppose the motion for summary judgment (Rec. Doc. 22659) filed by the Knauf Defendants. As grounds, Plaintiffs offer the following:

I. STATEMENT OF MATERIAL FACTS

    A. MDL-2047.

This litigation arises from alleged property damage and caused by the presence of Chinese drywall in homes and other buildings. Hurricanes Katrina and Rita devastated the Gulf Coast in 2005. These disasters, coinciding as they did with a boom in new housing construction, helped precipitate a shortage of drywall for the construction and reconstruction of homes in the United States. As a result, from approximately 2005 to 2008, Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States, primarily in Florida, Louisiana, Alabama, Mississippi, Texas, and Virginia. Sometime after the installation of Chinese drywall in these properties, homeowners, residents, and occupants began to notice and complain of odd odors, corrosion of metal components, failure of electronics and appliances, and in some cases, physical ailments, such as nose bleeds, skin irritation, and respiratory problems. In response to these complaints, a number of governmental agencies and special interest groups, notably the federal Consumer Products Safety Commission and the Department of Housing and Urban Development, began to investigate, conduct testing, and issue remediation protocols related to Chinese drywall.

The present litigation commenced with the filing of lawsuits in 2009 in both federal and state courts by property owners and occupants damaged by the Chinese drywall installed in their residences and businesses, in addition to suits filed by some homebuilders who repaired these

properties. Defendants include homebuilders, developers, installers, retailers, realtors, brokers, suppliers, importers, exporters, and distributors, as well as their insurers and the insurers of homeowners, who were involved with the Chinese drywall in the affected properties. Because of the commonality of facts in the various federal lawsuits, the litigation was designated as Multi-District Litigation 2047 by the Judicial Panel on Multidistrict Litigation. On June 15, 2009, the Panel transferred all federal actions alleging damages from Chinese drywall to the U.S. District for the Eastern District of Louisiana for coordinated and consolidated proceedings.

Since the inception of MDL 2047, numerous cases were consolidated, containing thousands of claims; in addition, the Court issued numerous opinions, pretrial orders, and minute entries; the Court facilitated mediations; and in the Court thousands of documents were filed. Additionally, the Court coordinated with a number of state and federal court judges who also presided over related Chinese drywall cases.  The discovery revealed that the manufacturers of the drywall in question generally fell into two groups: the Knauf entities[1] and the Taishan entities[2]. After one of the Taishan entities was held in preliminary default, the Court conducted a bellwether evidentiary default hearing.  Shortly thereafter, the Court held its first bellwether, bench trial involving the Knauf entities. With regard to these bellwether proceedings, the Court issued detailed findings of fact and conclusions of law, concluding that the Chinese drywall at issue was in fact defective due to its release of corrosive gasses, requiring remediation of properties containing this drywall. The Court also issued a remediation protocol.

---

[1]  The term "Knauf entities" includes: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

[2]  The term "Taishan entities" includes: Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd., among others.

An initial settlement was reached in the Knauf portion of the litigation in October 2010, when the PSC and the Knauf entities entered into a Court-approved pilot program for remediation of homes containing drywall manufactured by Knauf. The pilot program led to a broader settlement agreement that extended the pilot program and provided remediation benefits to plaintiffs with filed claims. On December 11, 2012, the final Knauf-related agreement, labeled, "Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047" was filed with the Court. A preliminary approval of the agreement was issued at the time, but no fairness hearing was immediately held, and no certification of a proposed class was approved. Instead, the Court later held a consolidated fairness hearing for the five interrelated settlements: L&W; Banner; INEX; Global; and Knauf. Ultimately, on February 7, 2013, the Court certified a settlement class that included the Knauf entities and memorialized the terms in the Third Amended Settlement Agreement. The Knauf settlement class provided benefits to participants limited to remediation. All claims other than remediation were omitted including those claims for personal property, negligence, strict liability, consumer protection acts, nuisance, unjust enrichment, or non-pecuniary claims were not settled with the Knauf entities. In addition, no provision in the Knauf settlement class protected or provided benefits to absent class members.

B.  The *Bennett* Class Action.

The original *Bennett* Complaint was filed on November 13, 2014, in the United States District Court for the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047 via a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. The Complaint was amended multiple times, primarily to amend the parties. The Fifth Amended Class Action Complaint was filed on March 6, 2018, and includes

the following claims: 1) negligence and failure to warn; 2) negligence per se; 3) strict liability; 4) breach of express and/or implied warranty; 5) Redhibition (by Louisiana plaintiffs); 6) Louisiana Products Liability Act (by Louisiana plaintiffs); 7) private nuisance; 8) negligent discharge of a corrosive substance; 9) unjust enrichment; 10) violation of the Louisiana Deceptive and Unfair Consumer Protection Law; 11) violation of the Mississippi Consumer Protection Act; 12) equitable injunctive relief and medical monitoring.

In the prayer for relief, Plaintiffs seek: compensatory, statutory, and/or punitive damages, pre- and post-judgment interest as allowed by law, injunctive relief, an award of attorney's fees as allowed by law, and award of taxable costs; and, any other relief a court deems just and proper. On January 27, 2020, this Court issued an order denying class certification and all claims will proceed on an individual basis permissively joined as allowed by Fed. R. Civ. P. 20.

### C. Plaintiffs in the *Bennett* Complaint.

Plaintiffs at issue in this motion each own property in either the State of Louisiana or the State of Mississippi that contains drywall manufactured by the Knauf Defendants that is alleged to be defective ("Affected Property"). Plaintiffs' claims were filed in the *Bennett* complaint at varying times and all remain in the Fifth Amended Complaint.

Each Plaintiff completed discovery documents and provided support for their damages either in the form of documentation or testimony at their deposition.

## II. STANDARD OF REVIEW

Summary judgment is only warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making the determination, "all justifiable inferences are to be drawn in [the non-movant's] favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (quoting *Anderson v.*

4

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The movant may argue that "there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), but "it is never enough simply to state that the non-moving party cannot meet its burden at trial," *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). If the non-moving party provides more than a mere "scintilla of evidence" demonstrating that "the jury could reasonably find for the plaintiff," it will defeat the motion. *Anderson*, 477 U.S. at 252. This can be done by pointing out where the record "contains supporting evidence . . . which was 'overlooked or ignored' by the moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citing *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)).

**III.    ARGUMENT**

Nothing in the instant motion supports summary judgment in any way against Plaintiffs with properties in Louisiana or Mississippi. Defendants stated that Louisiana has the Louisiana Products Liability Act ("LPLA") and Mississippi has the Mississippi Product Liability Act ("MPLA"), but failed to state how each of these acts warrant summary judgment, only stating that the "exclusivity" of these acts should result in a ruling dismissing the claims of these Plaintiffs.

In their complaint, Plaintiffs pled that the LPLA and redhibition laws apply to properties in the State of Louisiana; therefore, it's puzzling why this motion was filed. Louisiana Plaintiffs will proceed with their claims against these Defendants at trial and the LPLA and redhibition laws will apply. This Court will preside over these trials and the appropriate jury charges will be given. Nothing mentioned in Defendants' memorandum in support of their motion is an appropriate basis for summary judgment being entered against any Louisiana Plaintiff. This appears to be an issue better suited for a jury charge conference rather than summary judgment.

5

With regard to the Mississippi claims, Defendants memorandum in support of their motion fails to specify how the MPLA's provisions should limit Plaintiffs claims in any way. It certainly does not provide support for summary judgment.  The MPLA specifically provides:

> (a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
>
> (i) 1. The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or
>
> 2. The product was defective because it failed to contain adequate warnings or instructions, or
>
> 3. The product was designed in a defective manner, or
>
> 4. The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to us e the product; and
>
> (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>
> (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Miss. Code Ann. § 11-1-63 (2013).

According to the MPLA statute, strict liability applies in this case, but the act does not limit the types of damages that may be recovered and it does not specify any "non-MPLA" that have been proscribed due to its enactment; rather, it provides the requirements for bringing a defective product claim, nothing more.  Once the defective product claim has been proven to meet the requirements of the act, the damages that are proximately caused by the defective product may be recovered.

Again, Defendants have failed to demonstrate that summary judgment is appropriate in this instance with regard to Mississippi Plaintiffs.  The issue of damages is better suited for a

conference with the district court judge in Mississippi who will preside over the trial of these claims and who will charge the jury.

## IV. CONCLUSION

For the foregoing reasons provided herein, Defendants' Motion for Summary Judgment should be denied.

Respectfully submitted by:

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Opposition to Defendant Knauf's Motion for Summary Judgment has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of May, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC