UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | |
| *Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.* 2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON |
| | MAG. JUDGE WILKINSON |

**PLAINTIFF'S OPPOSITION TO DEFENDANT KNAUF'S MOTION
TO DISMISS CLAIMS ASSERTED BY MICHAEL PHILLIPS, PETER & LIN
ROBINSON, JEREMY JORDAN, CESAR & INES JARAMILLO AND ANNETTA, LLC
& BACO ANNETTA, LLC UNDER RULE 37 OR,
<u>ALTERNATIVELY, FOR OTHER SANCTIONS (DOC. 22682)</u>**

# Table of Contents

**Page**

I.   STATEMENT OF MATERIAL FACTS……………………………….………….   1

  A.   MDL-2047………………………………………………………….….   1

  B.   The *Bennett* Class Action ……………………...………………………...   3

  C.   Plaintiffs in the *Bennett* Complaint ……………………………………...   4

II.   STANDARD OF REVIEW……………………………………………………..….   5

III.   ARGUMENT……………………………………………………………………   5

IV.   CONCLUSION………………………………………………………………….   6

Plaintiffs Michael Phillips, Peter & Lin Robinson, Jeremy Jordan, Cesar & Ines Jaramillo, and Annetta, LLC & Baco Annetta, LLC (hereinafter "Plaintiff") by and through the undersigned counsel of record, opposes the motion to dismiss (Rec. Doc. 22666) filed by the Knauf Defendants.  As grounds, Plaintiff offers the following:

I.    STATEMENT OF MATERIAL FACTS

A.  MDL-2047.

This litigation arises from alleged property damage and caused by the presence of Chinese drywall in homes and other buildings. Hurricanes Katrina and Rita devastated the Gulf Coast in 2005. These disasters, coinciding as they did with a boom in new housing construction, helped precipitate a shortage of drywall for the construction and reconstruction of homes in the United States. As a result, from approximately 2005 to 2008, Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States, primarily in Florida, Louisiana, Alabama, Mississippi, Texas, and Virginia.  Sometime after the installation of Chinese drywall in these properties, homeowners, residents, and occupants began to notice and complain of odd odors, corrosion of metal components, failure of electronics and appliances, and in some cases, physical ailments, such as nose bleeds, skin irritation, and respiratory problems. In response to these complaints, a number of governmental agencies and special interest groups, notably the federal Consumer Products Safety Commission and the Department of Housing and Urban Development, began to investigate, conduct testing, and issue remediation protocols related to Chinese drywall.

The present litigation commenced with the filing of lawsuits in 2009 in both federal and state courts by property owners and occupants damaged by the Chinese drywall installed in their

residences and businesses, in addition to suits filed by some homebuilders who repaired these properties. Defendants and declaratory judgment plaintiffs include homebuilders, developers, installers, retailers, realtors, brokers, suppliers, importers, exporters, and distributors, as well as their insurers and the insurers of homeowners, who were involved with the Chinese drywall in the affected properties. Because of the commonality of facts in the various federal lawsuits, the litigation was designated as Multi-District Litigation 2047 by the Judicial Panel on Multidistrict Litigation. On June 15, 2009, the Panel transferred all federal actions alleging damages from Chinese drywall to the U.S. District for the Eastern District of Louisiana for coordinated and consolidated proceedings.

Since the inception of MDL 2047, numerous cases were consolidated, containing thousands of claims; in addition, the Court issued numerous opinions, pretrial orders, and minute entries; the Court has facilitated mediations; and in the Court thousands of documents have been filed. Additionally, the Court has corresponded and coordinated with a number of state and federal court judges who also preside over related Chinese drywall cases.  The discovery revealed that the manufacturers of the drywall in question generally fell into two groups: the Knauf entities[1] and the Taishan entities[2]. After one of the Taishan entities was held in preliminary default, the Court conducted a bellwether evidentiary default hearing.  Shortly thereafter, the Court held its first bellwether, bench trial involving the Knauf entities. With regard to these bellwether proceedings, the Court issued detailed findings of fact and conclusions

---

[1]  The term "Knauf entities" includes: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

[2]  The term "Taishan entities" includes: Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd., among others.

of law, concluding that the Chinese drywall at issue was in fact defective due to its release of corrosive gasses, requiring remediation of properties containing this drywall. The Court also issued a remediation protocol.

An initial settlement was reached in the Knauf portion of the litigation in October 2010, when the PSC and the Knauf entities entered into a Court-approved pilot program for remediation of homes containing drywall manufactured by Knauf. The pilot program led to a broader settlement agreement that extended the pilot program and provided remediation benefits to plaintiffs with filed claims.  On December 11, 2012, the final Knauf-related agreement, labeled, "Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047" was filed with the Court.  A preliminary approval of the agreement was issued at the time, but no fairness hearing was immediately held, and no certification of a proposed class was approved.  Instead, the Court later held a consolidated fairness hearing for the five interrelated settlements: L&W; Banner; INEX; Global; and Knauf. Ultimately, on February 7, 2013, the Court certified a settlement class that included the Knauf entities and notice was published.  The Knauf settlement class provided benefits to participants limited to remediation.  All other claims were omitted including those claims for personal property, negligence, strict liability, consumer protection acts, nuisance, unjust enrichment, or non-pecuniary claims were not settled with the Knauf entities.

**B.  The *Bennett* Class Action.**

The original *Bennett* Complaint was filed on November 13, 2014, in the United States District Court for the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047 via a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. The Complaint was amended multiple times, primarily to amend the

parties.  The Fifth Amended Class Action Complaint was filed on March 6, 2018, and includes

the following claims: 1) negligence; 2) negligence per se; 3) strict liability; 4) breach of express

and/or implied warranty; 5) private nuisance; 6) negligent discharge of a corrosive substance; 7)

unjust enrichment; 8) violation of Mississippi Deceptive Trade Practices Act; 9) equitable

injunctive relief and medical monitoring.  In the prayer for relief, Plaintiffs seek: compensatory,

statutory, and/or punitive damages; pre- and post-judgment interest as allowed by law; injunctive

relief; an award of attorney's fees as allowed by law; and award of taxable costs; and, any other

relief a court deems just and proper.  This Court approved the Fifth Amended Class Action

Complaint on May 14, 2018.

     **C.  Plaintiffs in the *Bennett* Complaint.**

     Plaintiff Jeremy Jordan is a Mississippi resident that owned a property in the State of

Mississippi containing drywall manufactured by the Knauf Defendants that is alleged to be

defective.  Plaintiff's claim was filed in the *Bennett* complaint on November 13, 2014.  The

street address of Plaintiff's property at issue is: 11592 Azalea Trace, Gulfport, MS 39503.

Plaintiff purchased the Affected Property on June 21, 2006.

     Cesar Jaramillo is a Florida resident that owned a property in the State of Florida

containing drywall manufactured by the Knauf Defendants that is alleged to be defective.

Plaintiff's claim was filed in the *Bennett* complaint on January 30, 2016.  The street address of

Plaintiff's property at issue is: 5301 Nicklaus Drive, Winter Haven, FL 33884.  Plaintiff

purchased the Affected Property on December 26, 2006, 2006.

     Annett, LLC and Baco Annetta, LLC are Florida companies that owned a property in the

State of Florida containing drywall manufactured by the Knauf Defendants that is alleged to be

defective.  Plaintiff's claim was filed in the *Bennett* complaint on January 30, 2016.  The street

address of Plaintiff's property at issue is: 363 NE 30 Avenue, Homestead, FL 33033.  Plaintiff

purchased the Affected Property on April 16, 2014.

Plaintiffs each completed Plaintiff Profile Forms that verified the date that the Knauf

drywall was discovered and the identity of the manufacturer confirmed after purchase. (Exhibits

attached to Defendants' motion).  The presence of the defective drywall was later confirmed by

Healthy Home Solutions, LLC (Letters from HHS attached as Exhibit A) for each property.

Plaintiffs each also completed a Supplemental Plaintiff Profile Form (attached to Defendants'

motion) and a Plaintiff Fact Sheet (attached to Defendants' motion).  Plaintiffs assert all claims

in the Fifth Amendment Complaint and seeks all relief available under current Florida and

Mississippi law, as appropriate.

Plaintiffs Jordan, Jaramillo, and Annetta, LLC/Baco Annetta, LLC have not been

deposed by counsel for Knauf, as each were recovering from surgeries or are suffering health

complications when this issue was discussed with the Court in December 2019.  Defense and

Plaintiff counsel agreed that these depositions could take place after the discovery cutoff at a

time and place convenient for the deponents.

## II. STANDARD OF REVIEW

When considering sanctions under Rule 37, particularly under Rule 37(b), a district's

court's discretion is limited by "two standards—one general and one specific." *Compaq*

*Computer Corp. v. Ergonome Inc*., 387 F.3d 403, 413 (5th Cir. 2004). "First, any sanction must

be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at

issue in the order to provide discovery." *Id*. (quoting I*ns. Corp. of Ireland, Ltd. v. Compagniedes*

*Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

## III.   ARGUMENT

Between the date this Court discussed the health issues being addressed by Plaintiffs in December until the filing of this motion, Defense counsel has made no effort to schedule these depositions.  Defense counsel has also not taken any steps to comply with Rule 37 of the Federal Rules of Civil Procedure to compel Plaintiff to attend a deposition if they believed Plaintiffs were somehow acting in bad faith regarding discovery; instead, Defendants took no action and now, more than four months later, they've filed this "motion to dismiss" based on Rule 37 rather than send a request to Plaintiffs' counsel.  The Rule 37 predicate is not present for a dismissal order.

The only issue that remains are the depositions of Plaintiffs.  With the exception of Plaintiff Cesar Jaramillo, who remains in the care of a rehabilitation facility, the other Plaintiffs could arrange a date to be deposed.  If the court agrees with Defendants that an order compelling the depositions should be granted, the  appropriate order would be to compel Plaintiffs attendance within a reasonable time, but given the current pandemic social distancing and stay-at-home orders in place in southern Mississippi, Louisiana, and Florida, Plaintiffs requests an instruction allowing the deposition to be taken via a video link rather than in person.

## IV.   CONCLUSION

Defendants have not established the predicate for a Rule 37 dismissal order.  At this point in the process, the instant motion should be considered a "motion to compel" rather than dismissal.  Setting a reasonable period for Defendants to depose Plaintiffs would appear to be the appropriate response by this Court, but there is no basis for any sanctions because Plaintiffs have not acted in bad faith in any way.

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Plaintiff 's Opposition has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of May, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC