UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFF MARTIN KUNTZ'S OPPOSITION
TO DEFENDANT KNAUF'S MOTION TO DISMISS CLAIMS ASSERTED BY
MARTIN KUNTZ UNDER RULE 37 OR, ALTERNATIVELY, FOR OTHER
SANCTIONS AND PARTIAL SUMMARY JUDGMENT (DOC. 22671)**

## Table of Contents

|  |  | **Page** |
|---|---|---|
| I. | STATEMENT OF MATERIAL FACTS……………………………..………… | 1 |
|  | A.   MDL-2047…………………………………………………………..….. | 1 |
|  | B.   The *Bennett* Class Action ……………….…...………………………... | 3 |
|  | C.   Plaintiff Martin Kuntz in the *Bennett* Complaint ………………………. | 4 |
| II. | STANDARD OF REVIEW……………………………………………….…… | 5 |
| III. | ARGUMENT……………………………………………………………………… | 6 |
| IV. | CONCLUSION………………………………………………………………….. | 7 |

Plaintiff Martin Kuntz (hereinafter "Plaintiff") by and through the undersigned counsel of record, opposes the motion to dismiss (Rec. Doc. 22671) filed by the Knauf Defendants. As grounds, Plaintiff offers the following:

I.  STATEMENT OF MATERIAL FACTS

   A.  MDL-2047.

This litigation arises from alleged property damage and caused by the presence of Chinese drywall in homes and other buildings. Hurricanes Katrina and Rita devastated the Gulf Coast in 2005. These disasters, coinciding as they did with a boom in new housing construction, helped precipitate a shortage of drywall for the construction and reconstruction of homes in the United States. As a result, from approximately 2005 to 2008, Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States, primarily in Florida, Louisiana, Alabama, Mississippi, Texas, and Virginia. Sometime after the installation of Chinese drywall in these properties, homeowners, residents, and occupants began to notice and complain of odd odors, corrosion of metal components, failure of electronics and appliances, and in some cases, physical ailments, such as nose bleeds, skin irritation, and respiratory problems. In response to these complaints, a number of governmental agencies and special interest groups, notably the federal Consumer Products Safety Commission and the Department of Housing and Urban Development, began to investigate, conduct testing, and issue remediation protocols related to Chinese drywall.

The present litigation commenced with the filing of lawsuits in 2009 in both federal and state courts by property owners and occupants damaged by the Chinese drywall installed in their residences and businesses, in addition to suits filed by some homebuilders who repaired these

properties. Defendants and declaratory judgment plaintiffs include homebuilders, developers, installers, retailers, realtors, brokers, suppliers, importers, exporters, and distributors, as well as their insurers and the insurers of homeowners, who were involved with the Chinese drywall in the affected properties. Because of the commonality of facts in the various federal lawsuits, the litigation was designated as Multi-District Litigation 2047 by the Judicial Panel on Multidistrict Litigation. On June 15, 2009, the Panel transferred all federal actions alleging damages from Chinese drywall to the U.S. District for the Eastern District of Louisiana for coordinated and consolidated proceedings.

Since the inception of MDL 2047, numerous cases were consolidated, containing thousands of claims; in addition, the Court issued numerous opinions, pretrial orders, and minute entries; the Court has facilitated mediations; and in the Court thousands of documents have been filed. Additionally, the Court has corresponded and coordinated with a number of state and federal court judges who also preside over related Chinese drywall cases.  The discovery revealed that the manufacturers of the drywall in question generally fell into two groups: the Knauf entities[1] and the Taishan entities[2]. After one of the Taishan entities was held in preliminary default, the Court conducted a bellwether evidentiary default hearing.  Shortly thereafter, the Court held its first bellwether, bench trial involving the Knauf entities. With regard to these bellwether proceedings, the Court issued detailed findings of fact and conclusions of law, concluding that the Chinese drywall at issue was in fact defective due to its release of

---

[1] The term "Knauf entities" includes: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

[2] The term "Taishan entities" includes: Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd., among others.

corrosive gasses, requiring remediation of properties containing this drywall. The Court also issued a remediation protocol.

An initial settlement was reached in the Knauf portion of the litigation in October 2010, when the PSC and the Knauf entities entered into a Court-approved pilot program for remediation of homes containing drywall manufactured by Knauf. The pilot program led to a broader settlement agreement that extended the pilot program and provided remediation benefits to plaintiffs with filed claims. On December 11, 2012, the final Knauf-related agreement, labeled, "Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047" was filed with the Court. A preliminary approval of the agreement was issued at the time, but no fairness hearing was immediately held, and no certification of a proposed class was approved. Instead, the Court later held a consolidated fairness hearing for the five interrelated settlements: L&W; Banner; INEX; Global; and Knauf. Ultimately, on February 7, 2013, the Court certified a settlement class that included the Knauf entities and notice was published. The Knauf settlement class provided benefits to participants limited to remediation. All other claims were omitted including those claims for personal property, negligence, strict liability, consumer protection acts, nuisance, unjust enrichment, or non-pecuniary claims were not settled with the Knauf entities.

B.  The *Bennett* Class Action.

The original *Bennett* Complaint was filed on November 13, 2014, in the United States District Court for the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047 via a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. The Complaint was amended multiple times, primarily to amend the parties. The Fifth Amended Class Action Complaint was filed on March 6, 2018, and includes

3

the following claims: 1) negligence; 2) negligence per se; 3) strict liability; 4) breach of express and/or implied warranty; 5) private nuisance; 6) negligent discharge of a corrosive substance; 7) unjust enrichment; 8) violation of Florida Deceptive and Unfair Trade Practices Act; 9) equitable injunctive relief and medical monitoring.  In the prayer for relief, Plaintiffs seek: compensatory, statutory, and/or punitive damages; pre- and post-judgment interest as allowed by law; injunctive relief; an award of attorney's fees as allowed by law; and award of taxable costs; and, any other relief a court deems just and proper.  This Court approved the Fifth Amended Class Action Complaint on May 14, 2018.

### C. Plaintiff Martin Kuntz in the *Bennett* Complaint.

Plaintiff Martin Kuntz is a Florida resident that owns a property in the State of Florida containing drywall manufactured by the Knauf Defendants that is alleged to be defective. Plaintiff's claim was filed in the *Bennett* complaint on October 31, 2019.  The street address of Plaintiff's property at issue is: 1417 SW Devera Place, Port St. Lucie, FL 34953 ("Affected Property").

Plaintiff purchased the Affected Property on January 11, 2019. A copy of the deed is attached hereto as Exhibit D.  Plaintiff completed a Plaintiff Profile Form verified the date that the Knauf drywall was discovered and the identity of the manufacturer confirmed on August 24, 2016. (See Exhibit A).  Plaintiff learned of the defective drywall in Affected Property during the purchase process.  The presence of the defective drywall was later confirmed by Healthy Home Solutions, LLC (Letter from HHS attached as Exhibit E).  Plaintiff also completed a Supplemental Plaintiff Profile Form (Exhibit B) and a Plaintiff Fact Sheet (Exhibit C).  Plaintiff asserts all claims in the Fifth Amendment Complaint and seeks all relief available under current Florida law.

Plaintiff Martin Kuntz was deposed by counsel for Knauf on December 19, 2019, in Tampa, Florida. Plaintiff's discovery documents had not been served on Defendants prior to the deposition, but Plaintiff attended and answered all questions for hours regarding the purchase of Affected Property and the assignments he received by the sellers. Since that deposition, no steps were taken to comply with Rule 37 of the Federal Rules of Civil Procedure to compel Plaintiff to produce his discovery documentation; instead, Defendants took no action and now, more than four months later, they've filed this "motion to dismiss" based on Rule 37 rather than send a request to Plaintiffs' counsel.

## II. STANDARD OF REVIEW

Defendants have filed a motion to dismiss with a style include "partial summary judgment," with documents attached in support. A district court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). Thus, the instant motion is a motion for summary judgment and will be referenced as such in this Opposition.

Summary judgment is only warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making the determination, "all justifiable inferences are to be drawn in [the non-movant's] favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The movant may argue that "there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), but "it is never enough simply to state that the non-moving party cannot meet its burden at trial," *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the non-moving party provides more than a mere "scintilla of evidence" demonstrating that "the jury could

5

reasonably find for the plaintiff," it will defeat the motion. *Anderson*, 477 U.S. at 252. This can be done by pointing out where the record "contains supporting evidence . . . which was 'overlooked or ignored' by the moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citing *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)).

### III.   ARGUMENT

Attached to this Opposition are exhibits that make Defendants' "Rule 37" motion moot. Plaintiff's Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet are attached and Defendants have also been served through the Brown Greer secure web portal. In addition, the assignment of claims and retention of legal rights agreements executed by both Mr. Steve Binns and Ms. Jean Williams-Binns are included in the SPPF as required.

Plaintiff has now fully complied with his discovery requirements.  Since joining this action in October of 2019, Plaintiff traveled to Tampa from Port St. Lucie, Florida, and sat for his deposition.  And, for reasons that are unclear, Plaintiff's discovery documents were not uploaded to Brown Greer's portal in December when they were executed and produced to the undersigned counsel's office.  Plaintiff has not been noncompliant in any way.  All delays are attributable to a breakdown in Plaintiff counsel's internal tracking system within its office. However, no follow-up request following the deposition was made by Defendants prior to the filing of this motion.  Defendants have chosen to take a path of filing a high volume of motions rather than communicate with Plaintiffs' counsel's office.  Such as path is completely unnecessary and a waste of everyone's time and resources.

With regard to the proper party, Plaintiff Binns or Plaintiff Kuntz, who might be entitled to damages, it is an issue for the Florida district court to sort out at trial.  It is clear that both Plaintiff Steve Binns and his ex-wife Jean Williams-Binns have assigned their legal interest as

6

described in their agreements with Plaintiff Kuntz.  Any retention of rights by Plaintiff Binns and the identity of the appropriate party to recover after trial is a matter not suited for summary judgment.  Defendants have failed to demonstrate that Florida law entitles them to such a ruling now in any way.  Because summary judgment is clearly not appropriate in this instance and the premature Rule 37 motion that is now moot, Plaintiffs request that this Court enter the proposed order denying Defendants' motion in its entirety.

## IV.   CONCLUSION

This lawsuit was filed because Defendant Knauf manufactured defective drywall found in Plaintiff's property.  The Knauf Defendants' drywall product is indeed defective as previous juries have decided.  This fact they cannot avoid and liability will be entered in the United States District Court for the Middle District of Florida at the time of trial.  Although counsel for Defendant Knauf has crafted an argument for summary judgment and cited Rule 37 for the basis of their dismissal, they have failed to follow the requirements that might allow this court to rule in their favor now.  No motion compel production was filed; thus, the predicate for a dismissal order is not present.

Plaintiff has now provided the discovery information that Defendants seek.  The PPF, SPPF and PFS are attached to this Opposition.  This issue is now moot.  And, as evidenced by Plaintiff's deposition that lasted hours in December 2019, Plaintiff has demonstrated his ability and desire to follow through with a claim against these Defendants.  Because Defendants have sufficient information in their possession about the assigned legal claims to understand who will seek a recovery at trial for the damages caused by their defective product since 2006.

For the foregoing reasons, Defendants' Motion for Summary Judgment/ Motion to Dismiss should be denied. Multiple issues of material fact exist and are due to be decided by a trier of fact.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff Martin Kuntz's Opposition to Defendant Knauf's Motion for Summary Judgment has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of May, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC