UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFF'S OPPOSITION TO DEFENDANT KNAUF'S MOTION
TO DISMISS CLAIMS ASSERTED BY RICHARD CALEVRO UNDER RULE 37 OR,
<u>ALTERNATIVELY, FOR OTHER SANCTIONS (DOC. 22682)</u>**

# Table of Contents

**Page**

I.    STATEMENT OF MATERIAL FACTS………………………….………… 1

    A.   MDL-2047………………………………………………………….…… 1

    B.   The *Bennett* Class Action ………………………...……………………... 3

    C.   Plaintiff Richard Calevro in the *Bennett* Complaint …………………… 4

II.   STANDARD OF REVIEW…………………………………………………. 5

III.  ARGUMENT………………………………………………………………… 5

IV.  CONCLUSION……………………………………………………………... 6

Plaintiff Richard Calevro (hereinafter "Plaintiff") by and through the undersigned counsel of record, opposes the motion to dismiss (Rec. Doc. 22682) filed by the Knauf Defendants.  As grounds, Plaintiff offers the following:

## I.    STATEMENT OF MATERIAL FACTS

### A.  MDL-2047.

This litigation arises from alleged property damage and caused by the presence of Chinese drywall in homes and other buildings. Hurricanes Katrina and Rita devastated the Gulf Coast in 2005. These disasters, coinciding as they did with a boom in new housing construction, helped precipitate a shortage of drywall for the construction and reconstruction of homes in the United States. As a result, from approximately 2005 to 2008, Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States, primarily in Florida, Louisiana, Alabama, Mississippi, Texas, and Virginia.  Sometime after the installation of Chinese drywall in these properties, homeowners, residents, and occupants began to notice and complain of odd odors, corrosion of metal components, failure of electronics and appliances, and in some cases, physical ailments, such as nose bleeds, skin irritation, and respiratory problems. In response to these complaints, a number of governmental agencies and special interest groups, notably the federal Consumer Products Safety Commission and the Department of Housing and Urban Development, began to investigate, conduct testing, and issue remediation protocols related to Chinese drywall.

The present litigation commenced with the filing of lawsuits in 2009 in both federal and state courts by property owners and occupants damaged by the Chinese drywall installed in their residences and businesses, in addition to suits filed by some homebuilders who repaired these

properties. Defendants and declaratory judgment plaintiffs include homebuilders, developers, installers, retailers, realtors, brokers, suppliers, importers, exporters, and distributors, as well as their insurers and the insurers of homeowners, who were involved with the Chinese drywall in the affected properties. Because of the commonality of facts in the various federal lawsuits, the litigation was designated as Multi-District Litigation 2047 by the Judicial Panel on Multidistrict Litigation. On June 15, 2009, the Panel transferred all federal actions alleging damages from Chinese drywall to the U.S. District for the Eastern District of Louisiana for coordinated and consolidated proceedings.

Since the inception of MDL 2047, numerous cases were consolidated, containing thousands of claims; in addition, the Court issued numerous opinions, pretrial orders, and minute entries; the Court has facilitated mediations; and in the Court thousands of documents have been filed. Additionally, the Court has corresponded and coordinated with a number of state and federal court judges who also preside over related Chinese drywall cases.  The discovery revealed that the manufacturers of the drywall in question generally fell into two groups: the Knauf entities[1] and the Taishan entities[2]. After one of the Taishan entities was held in preliminary default, the Court conducted a bellwether evidentiary default hearing.  Shortly thereafter, the Court held its first bellwether, bench trial involving the Knauf entities. With regard to these bellwether proceedings, the Court issued detailed findings of fact and conclusions of law, concluding that the Chinese drywall at issue was in fact defective due to its release of

---

[1]  The term "Knauf entities" includes: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

[2]  The term "Taishan entities" includes: Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd., among others.

corrosive gasses, requiring remediation of properties containing this drywall. The Court also issued a remediation protocol.

An initial settlement was reached in the Knauf portion of the litigation in October 2010, when the PSC and the Knauf entities entered into a Court-approved pilot program for remediation of homes containing drywall manufactured by Knauf. The pilot program led to a broader settlement agreement that extended the pilot program and provided remediation benefits to plaintiffs with filed claims.  On December 11, 2012, the final Knauf-related agreement, labeled, "Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047" was filed with the Court.  A preliminary approval of the agreement was issued at the time, but no fairness hearing was immediately held, and no certification of a proposed class was approved.  Instead, the Court later held a consolidated fairness hearing for the five interrelated settlements: L&W; Banner; INEX; Global; and Knauf. Ultimately, on February 7, 2013, the Court certified a settlement class that included the Knauf entities and notice was published.  The Knauf settlement class provided benefits to participants limited to remediation.  All other claims were omitted including those claims for personal property, negligence, strict liability, consumer protection acts, nuisance, unjust enrichment, or non-pecuniary claims were not settled with the Knauf entities.

**B.  The *Bennett* Class Action.**

The original *Bennett* Complaint was filed on November 13, 2014, in the United States District Court for the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047 via a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. The Complaint was amended multiple times, primarily to amend the parties.  The Fifth Amended Class Action Complaint was filed on March 6, 2018, and includes

the following claims: 1) negligence; 2) negligence per se; 3) strict liability; 4) breach of express and/or implied warranty; 5) private nuisance; 6) negligent discharge of a corrosive substance; 7) unjust enrichment; 8) violation of Mississippi Deceptive Trade Practices Act; 9) equitable injunctive relief and medical monitoring.  In the prayer for relief, Plaintiffs seek: compensatory, statutory, and/or punitive damages; pre- and post-judgment interest as allowed by law; injunctive relief; an award of attorney's fees as allowed by law; and award of taxable costs; and, any other relief a court deems just and proper.  This Court approved the Fifth Amended Class Action Complaint on May 14, 2018.

### C. Plaintiff Richard Calevro in the *Bennett* Complaint.

Plaintiff Richard Calevro is a Mississippi resident that owns a property in the State of Mississippi containing drywall manufactured by the Knauf Defendants that is alleged to be defective.  Plaintiff's claim was filed in the *Bennett* complaint on October 31, 2019.  The street address of Plaintiff's property at issue is: 5040 Georgia Street, Bay St. Louis, MS 39520 ("Affected Property").

Plaintiff purchased the Affected Property on January 31, 2019. Plaintiff completed a Plaintiff Profile Form verified the date that the Knauf drywall was discovered and the identity of the manufacturer confirmed on May 4, 2016. (See Exhibit A).  Plaintiff learned of the defective drywall in Affected Property prior to purchase from Plaintiff Susyn Cain.  Plaintiff was assigned certain legal rights at the time of closing. (See Exhibit B).  The presence of the defective drywall was later confirmed by Healthy Home Solutions, LLC (Letter from HHS attached as Exhibit D). Plaintiff also completed a Supplemental Plaintiff Profile Form (Exhibit B) and a Plaintiff Fact Sheet (Exhibit C).  Plaintiff asserts all claims in the Fifth Amendment Complaint and seeks all relief available under current Mississippi law.

4

Plaintiff Richard Calevro was not deposed by counsel for Knauf prior to the discovery deadline. Plaintiff's deposition was unilaterally noticed by Defendants on a date that Plaintiff could not attend. Defense counsel was made aware of the conflict prior to the deposition and they made no effort to coordinate any additional time during the weeks that remained prior to the expiration of the discovery period. Since that deposition date that required rescheduling, no steps were taken to comply with Rule 37 of the Federal Rules of Civil Procedure to compel Plaintiff to produce his discovery documentation or attend a deposition; instead, Defendants took no action and now, more than four months later, they've filed this "motion to dismiss" based on Rule 37 rather than send a request to Plaintiffs' counsel. The Rule 37 predicate is not present for a dismissal order. They've been in possession of the assignment of legal claims through Plaintiff Susyn Cain, as well as the original 2016 inspection report confirming the Knauf-manufactured drywall in the home.

## II. STANDARD OF REVIEW

When considering sanctions under Rule 37, particularly under Rule 37(b), a district's court's discretion is limited by "two standards—one general and one specific." *Compaq Computer Corp. v. Ergonome Inc*., 387 F.3d 403, 413 (5th Cir. 2004). "First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Id*. (quoting I*ns. Corp. of Ireland, Ltd. v. Compagniedes Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

## III.   ARGUMENT

Attached to this Opposition are exhibits that make Defendants' "Rule 37" motion moot with regard to discovery documents. Plaintiff's Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet are attached and Defendants have also been served through

the Brown Greer secure web portal.  In addition, the assignment of claims and retention of legal

rights agreements executed by Plaintiff and Plaintiff Susyn Cain are included in the SPPF, as

required.

The only issue that remains is the deposition of Plaintiff.  If they court agrees with

Defendants that his deposition should be allowed beyond the discovery cutoff date, the

appropriate order would be to compel Plaintiff's attendance, but given the current pandemic

social distancing and stay-at-home orders in place in southern Mississippi and Louisiana,

Plaintiff requests an instruction allowing the deposition to be taken via a video link rather than in

person.

## IV.   CONCLUSION

Defendants have not established the predicate for a Rule 37 dismissal.  At this point in

the process, the instant motion should be considered a "motion to compel" Plaintiff's attendance

at deposition, rather than dismissal.  Plaintiff has now provided the discovery information that

Defendants have sought.

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.


/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Plaintiff 's Opposition has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of May, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC