UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

## PLAINTIFFS' STATEMENT OF UNCONTESTED MATERIAL FACTS

Plaintiff Edward Laremore, by and through the undersigned counsel of record, submit this Statement of Uncontested Material Facts in support of Plaintiffs' Opposition to Defendant Knauf's Motion for Summary Judgment:

1. The original *Bennett* Complaint was filed in the Northern District of Alabama and transferred to MDL-2047 via Conditional Transfer Order issued by the Judicial Panel on Multidistrict Litigation. (R. Doc. 18181).

2. The *Bennett* Complaint was amended five times, primarily to add plaintiffs with similar claims against the Knauf Defendants.

3. Plaintiff Edward Laremore owns a property in the State of Florida with a street address of: 7018 Pilgrim Court, Labelle, FL 33935. ("Affected Property")

4. Plaintiff Edward Laremore purchased the Affected property on October 7, 2005.

1

5. Plaintiff Edward Laremore discovered Knauf-manufactured drywall in Affected Property on July 17, 2015.

6. Plaintiff Edward Laremore discovered defective Knauf-manufactured drywall through an inspection by Property Inspection Services, an experienced Florida drywall inspection company.

7. Plaintiff Edward Laremore filed his claim against the Knauf Defendants in this action on March 6, 2018.

8. Plaintiff Edward Laremore completed and executed a verified Plaintiff Profile Form.

9. Plaintiff Edward Laremore completed and executed a verified Supplemental Plaintiff Profile Form.

10. Plaintiff Edward Laremore completed and executed a verified Plaintiff Fact Sheet.

11. Plaintiff Edward Laremore was deposed by Knauf's Counsel in Tampa, Florida.

12. Florida law provides a four-year statute of limitations to file defective product claims once a distinct injury and a causal connection are identified.

13. Florida law recognizes a Delayed Discovery Rule to file product defect-related claims, an exception to the four-year statute of limitations.

14. Plaintiff Edward Laremore seeks all damages available under Florida law outlined in the Fifth Amended Class Action Complaint, including, but not limited to, the full cost of remediation, living expenses, personal property loss, loss of use and enjoyment, statutory attorney's fees and all compensatory and punitive damages appropriate under the Florida Deceptive and Unfair Trade Practices Act.

Respectfully submitted by:

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiff*