UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: *Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.* 2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON MAG. JUDGE WILKINSON |

**PLAINTIFFS' OPPOSITION TO DEFENDANT KNAUF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF CLAIMS ASSERTED BY JACKELYN AGUIRRE O.B.O. HOME AND LAND, INC., HOAN BAO AND HAHN TRAN, STEVE BINNS, BHOLONATH DHUME AND PRABHA DHUME, SANTIAGO GUZMAN/SKYLINE GLASS LLC, MICHAEL A. CHEDESTER AND BECKY CHEDESTER, TOBI BUTCHER AND KEN BUTCHER, JASON HALLMARK AND KATIE HALLMARK, LESLIE PORCIUNCULA AND OLIVIA PORCIUNCULA DAVE BALDWIN AND KAREN BALDWIN, KARINA MARTINEZ, AND EDWARD BALL AND MARGOT GRAVEL (DOC. 22690)**

# Table of Contents

**Page**

I.     STATEMENT OF MATERIAL FACTS……………………………….………   1

       A.   MDL-2047…………………………………………………….……   1

       B.   The *Bennett* Class Action ………………………...………………………...   3

       C.   Plaintiffs in the *Bennett* Complaint …………………………………...   4

II.    STANDARD OF REVIEW…………………………………………………….…   5

III.   ARGUMENT…………………………………………………………………   6

       A.   A genuine issue of material fact exists for Plaintiff's consequential
            damages, including moving costs and pre-remediation alternative
            living expense damages …………………………………………….   6

IV.    CONCLUSION………………………………………………………………...   8

Plaintiffs Jackelyn Aguirre o.b.o. Home and Land, Inc., Hoan Bao & Hahn Tran, Steve

Binns, Bholonath & Prabha Dhume, Skyline Glass, LLC, Becky Chedester, Tobi & Ken Butcher,

Jason & Katie Hallmark, Leslie & Olivia Porciuncula, Dave & Karen Baldwin, Karina Martinez,

and, Edward Ball & Margot Gravel, by and through the undersigned counsel of record, opposes

the motion for partial summary judgment (Rec. Doc. 22690) filed by the Knauf Defendants.  As

grounds, Plaintiffs offer the following:

## I.    STATEMENT OF MATERIAL FACTS

### A.  MDL-2047.

This litigation arises from alleged property damage and caused by the presence of

Chinese drywall in homes and other buildings. Hurricanes Katrina and Rita devastated the Gulf

Coast in 2005. These disasters, coinciding as they did with a boom in new housing construction,

helped precipitate a shortage of drywall for the construction and reconstruction of homes in the

United States. As a result, from approximately 2005 to 2008, Chinese drywall entered the United

States market, changing hands in the chain of commerce, and ultimately finding its way into

thousands of homes and buildings in the United States, primarily in Florida, Louisiana, Alabama,

Mississippi, Texas, and Virginia.  Sometime after the installation of Chinese drywall in these

properties, homeowners, residents, and occupants began to notice and complain of odd odors,

corrosion of metal components, failure of electronics and appliances, and in some cases, physical

ailments, such as nose bleeds, skin irritation, and respiratory problems. In response to these

complaints, a number of governmental agencies and special interest groups, notably the federal

Consumer Products Safety Commission and the Department of Housing and Urban

Development, began to investigate, conduct testing, and issue remediation protocols related to

Chinese drywall.

The present litigation commenced with the filing of lawsuits in 2009 in both federal and state courts by property owners and occupants damaged by the Chinese drywall installed in their residences and businesses, in addition to suits filed by some homebuilders who repaired these properties. Defendants and declaratory judgment plaintiffs include homebuilders, developers, installers, retailers, realtors, brokers, suppliers, importers, exporters, and distributors, as well as their insurers and the insurers of homeowners, who were involved with the Chinese drywall in the affected properties. Because of the commonality of facts in the various federal lawsuits, the litigation was designated as Multi-District Litigation 2047 by the Judicial Panel on Multidistrict Litigation. On June 15, 2009, the Panel transferred all federal actions alleging damages from Chinese drywall to the U.S. District for the Eastern District of Louisiana for coordinated and consolidated proceedings.

Since the inception of MDL 2047, numerous cases were consolidated, containing thousands of claims; in addition, the Court issued numerous opinions, pretrial orders, and minute entries; the Court has facilitated mediations; and in the Court thousands of documents have been filed. Additionally, the Court has corresponded and coordinated with a number of state and federal court judges who also preside over related Chinese drywall cases.  The discovery revealed that the manufacturers of the drywall in question generally fell into two groups: the Knauf entities[1] and the Taishan entities[2]. After one of the Taishan entities was held in preliminary default, the Court conducted a bellwether evidentiary default hearing.  Shortly

---

[1]  The term "Knauf entities" includes: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

[2]  The term "Taishan entities" includes: Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd., among others.

thereafter, the Court held its first bellwether, bench trial involving the Knauf entities. With regard to these bellwether proceedings, the Court issued detailed findings of fact and conclusions of law, concluding that the Chinese drywall at issue was in fact defective due to its release of corrosive gasses, requiring remediation of properties containing this drywall. The Court also issued a remediation protocol.

An initial settlement was reached in the Knauf portion of the litigation in October 2010, when the PSC and the Knauf entities entered into a Court-approved pilot program for remediation of homes containing drywall manufactured by Knauf. The pilot program led to a broader settlement agreement that extended the pilot program and provided remediation benefits to plaintiffs with filed claims.  On December 11, 2012, the final Knauf-related agreement, labeled, "Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047" was filed with the Court.  A preliminary approval of the agreement was issued at the time, but no fairness hearing was immediately held, and no certification of a proposed class was approved.  Instead, the Court later held a consolidated fairness hearing for the five interrelated settlements: L&W; Banner; INEX; Global; and Knauf. Ultimately, on February 7, 2013, the Court certified a settlement class that included the Knauf entities and notice was published.  The Knauf settlement class provided benefits to participants limited to remediation.  All other claims were omitted including those claims for personal property, negligence, strict liability, consumer protection acts, nuisance, unjust enrichment, or non-pecuniary claims were not settled with the Knauf entities.

### B.  The *Bennett* Class Action.

The original *Bennett* Complaint was filed on November 13, 2014, in the United States District Court for the Northern District of Alabama and was subsequently transferred and

consolidated into MDL 2047 via a conditional transfer order issued by the Judicial Panel on

Multidistrict Litigation. The Complaint was amended multiple times, primarily to amend the

parties.  The Fifth Amended Class Action Complaint was filed on March 6, 2018, and includes

the following claims: 1) negligence; 2) negligence per se; 3) strict liability; 4) breach of express

and/or implied warranty; 5) Redhibition (by Louisiana plaintiffs); 6) Louisiana Products Liability

Act (by Louisiana plaintiffs); 7) private nuisance; 8) negligent discharge of a corrosive

substance; 9) unjust enrichment; 10) violation of Florida Deceptive and Unfair Trade Practices

Act; 11) equitable injunctive relief and medical monitoring.  In the prayer for relief, Plaintiffs

seek: compensatory, statutory, and/or punitive damages; pre- and post-judgment interest as

allowed by law; injunctive relief; an award of attorney's fees as allowed by law; and award of

taxable costs; and, any other relief a court deems just and proper.  This Court approved the Fifth

Amended Class Action Complaint on May 14, 2018.

### C.  Plaintiffs in the *Bennett* Complaint.

Plaintiffs each own a single property in one of the following states: Alabama, Louisiana,

Florida, or Texas.  Plaintiffs' properties have been found to contain defective drywall

manufactured by the Knauf Defendants.  Plaintiff's each filed a claim in the *Bennett* complaint at

varying times since the initial complaint was filed in the United States District Court for the

Northern District of Alabama and transferred to this Court for MDL proceedings.  Plaintiffs each

assert all claims in the Fifth Amendment Complaint and seeks all relief available under current

Alabama, Louisiana, Florida, or Texas law.

Plaintiffs each completed a Plaintiff Profile Form that verified the date that the Knauf

drywall was discovered and the identity of the manufacturer confirmed in their home.  Plaintiffs

each learned of the defective drywall in their respective home through an inspection conducted

by Property Inspection Services that was later confirmed by Healthy Home Solutions, LLC

(HHS Summary Letters attached as Exhibit A).  Plaintiffs each  also completed a Supplemental

Plaintiff Profile Form and a Plaintiff Fact Sheet.

Plaintiffs were each deposed by counsel at varying times during the 2019 calendar year

between May and December.   Each Plaintiff affirmed the responses in their three discovery

forms, including the date of discovery of the defective Knauf-manufactured drywall in the

Affected Property, the loss of use and enjoyment damages being sought, personal property

damages being sought, and other consequential damages being sought such as pre-remediation

alternative living expenses which are the subject of the instant motion.  Plaintiffs each provided

testimony under oath that affirmed the responses in the discovery documents related to damages,

including the basis for alternative living expenses.

## II. STANDARD OF REVIEW

Summary judgment is only warranted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In making the determination, "all justifiable inferences are to be drawn in [the non-

movant's] favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (quoting *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The movant may argue that "there is an absence of

evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986), but "it is never enough simply to state that the non-moving party cannot meet its burden

at trial," *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the non-moving

party provides more than a mere "scintilla of evidence" demonstrating that "the jury could

reasonably find for the plaintiff," it will defeat the motion. *Anderson*, 477 U.S. at 252. This can

be done by pointing out where the record "contains supporting evidence . . . which was

'overlooked or ignored' by the moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116

(11th Cir. 1993) (citing *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)).

## III.   ARGUMENT

The sole issue in this motion relates to pre-remediation alternative living expenses,

including moving costs, that Plaintiffs have incurred as a result of Chinese drywall in their

homes.  Defendants have cited a previous ruling that granted partial summary judgment in

Plaintiff Nathan Junius' case, but that situation is factually distinct when compared to each of the

Plaintiffs named in this motion.  Plaintiffs named in the instant motion have not provided

testimony similar to Mr. Junius who acknowledged that his moving costs were incurred before

Chinese drywall was discovered in his property.  In addition, he had an agreed sale price with a

buyer at the time of discovery of defective drywall and his buyer was willing to await completion

of the remediation before closing several months later at the agreed sale price.  Mr. Junius'

situation is unlike any other Plaintiff affected by this motion.

Each Plaintiff named herein has not sold their home since finding Chinese drywall in it.

All incurred living expenses directly due to the Knauf-made drywall in their homes. All have

incurred the cost of affected property while also paying to live elsewhere.  The laws of Alabama,

Louisiana, Florida, and Texas do not prohibit the recovery of consequential damages like pre-

remediation alternative living expenses and Plaintiffs intend to present evidence of their damages

at their respective trials.  Through the instant motion, Defendants have asked this court to

substitute its judgment for that of a jury.  Plaintiffs urge this Court to reject this ploy and allow

the trier of fact to make this decision.

**A.    A genuine issue of material fact exists for Plaintiff's consequential damages,
        including moving costs and pre-remediation alternative living expense damages.**

Plaintiffs have each asserted a claim for alternative living damages that is alleged to be caused by off-gassing from the defective Chinese drywall manufactured by Knauf Defendants. In their Plaintiff Fact Sheets or at deposition, Plaintiff provided the value of living expenses incurred to that date.

Plaintiffs will offer testimony at trial regarding the effect of drywall off-gassing on components of the home and personal property susceptible to corrosion.  In addition, Plaintiffs intend to offer testimony to their jury regarding the discomfort they experienced living in a home containing the gasses produced by Defendant's defective product.   The parties obviously assign different values to such consequential damages, but that is precisely why we utilize jury trial to settle issues of material fact.

This Court previously considered consequential damages such as living expense damages and found that a plaintiff's damages are not limited to the diminution in value of the property and may include damages for loss in use and other consequential injuries.  *In Re Chinese Manufactured  Drywall Prod. Liab. Liti.,* 706 F. Supp. 2d 655, 692 (E.D. La. 2010).  This Court's ruling was consistent with the Restatement of Torts regarding compensation for consequential damages.  See Restatement (Second) of Torts § 929 (1979) (providing that damages for injury to real property include compensation for loss of use of the property and other consequential injuries in addition to any permanent property damage, whether measured by restoration or market value);  5C Michie's Jurisprudence, Damages, § 32 (2006) (rule encompasses recovery of expenses incidental to irreparable injury); *accord Bailey v. Missouri P.R. Co.,* 383 So. 2d 397, 402, 1980 La. App. LEXIS 3636 at *15 (1980) (tortfeasor must compensate his victim "for even the most improbable severe consequences of his wrongful act."), citing, *Gallick v. B O R.R.,*83 S.Ct. 659 (U.S. 1963).  Plaintiff requests this same standard

to be applied in this instance. Plaintiffs' living expenses due to the presence of defective drywall in their homes are a consequential effect of the off-gassing from the defective drywall; therefore, a jury could find in favor of Plaintiff that those damages are recoverable under Alabama, Louisiana, Florida and Texas law. Plaintiff is now in this particular action, filed in 2014 and unresolved in 2020, as a consequence.

Each Plaintiff named in this motion has incurred expenses to varying degrees since learning that defective Knauf drywall is in their homes. Unlike Plaintiff Junius, each of these Plaintiffs have incurred the expense of living in a different property while continuing to pay the monthly note on a property that cannot be sold and in many cases cannot be rented. The huge financial burden of carrying the cost of a second home is certainly testimony that a jury should be allowed to consider when evaluating the evidence at trial and assessing appropriate damages. And, it should be the jury that renders its decision, not this Court at this stage of the proceedings. There are genuine issues of material fact between the parties that, when taken in the light most favorable to Plaintiffs, militate against the entry of partial summary judgment.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment should be denied.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Plaintiffs Opposition to Defendant Knauf's Motion for Partial Summary Judgment has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of May, 2020.


/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC