UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**OMNIBUS REPLY MEMORANDUM IN SUPPORT OF
MOTIONS SET FOR SUBMISSION ON MAY 13, 2020 AGAINST
ARROWHEAD INVESTMENTS, LLC; DR. PETER WALIMIRE; STEVE BINNS; 1329
GUM, JACKSON LAND TRUST; JEREMY JORDAN;
NICOLE GASPARD; AND ROBERT AMUSO, JR.**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Omnibus Reply Memorandum in Support of Motions Set for Submission on May 13, 2020, including their: (1) Motion for Summary Judgment on Claims asserted by Arrowhead Investments, LLC ("Arrowhead") (Rec. Doc. 22650); (2) Motion for Summary Judgment on Claims Asserted by Dr. Peter Walimire ("Walimire") (Rec. Doc. 22650); (3) Motion for Summary Judgment on Claims Asserted by Steve Binns ("Binns") (Rec. Doc. 22672); (4) Motion for Summary Judgment on Claims Asserted by 1329 Gum, Jackson Land Trust ("1329 Gum") (Rec. Doc. 22646); (5) Motion for Summary Judgment on Claims Asserted by Jeremy Jordan ("Jordan") (Rec. Doc. 22665); (6) Motion to Dismiss Claims Asserted by Nicole Gaspard ("Gaspard") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Rec. Doc. 22673); and (7) Motion for Summary Judgment on Claims Asserted by Robert Amuso, Jr. ("Amuso") (Rec. Doc. 22681). Based on the Knauf

Defendants' previous arguments, and with no timely opposition filed by Plaintiffs, the claims asserted by the aforementioned Plaintiffs against the Knauf Defendants in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint") must be dismissed with prejudice.

The Motion for Summary Judgment on claims asserted by Arrowhead and Walimire was filed on March 24, 2020 (Rec. Doc. 22650) and set for submission on May 13, 2020 (Rec. Doc. 22694). The Motion for Summary Judgment on Claims Asserted by Binns was filed on March 30, 2020 (Rec. Doc. 22672) and set for submission on May 13, 2020 (Rec. Doc. 22694). The Motion for Summary Judgment on Claims Asserted by 1329 Gum was filed on March 8, 2020 (Rec. Doc. 22646) and set for submission on May 13, 2020 (Rec. Doc. 22694). The Motion for Summary Judgment on Claims Asserted by Jordan was filed on March 27, 2020 (Rec. Doc. 22665) and set for submission on May 13, 2020 (Rec. Doc. 22694). The Motion to Dismiss Claims Asserted by Gaspard was filed on March 30, 2020 (Rec. Doc. 22673) and set for submission on May 13, 2020 (Rec. Doc. 22694). The Motion for Summary Judgment on Claims Asserted by Amuso was filed on April 1, 2020 (Rec. Doc. 22681) and set for submission on May 13, 2020 (Rec. Doc. 22694).

According to Local Rule 7.5 for the U.S. District Court for the Eastern District of Louisiana, "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Consequently, with regard to all of the aforementioned motions set for submission on May 13, 2020, Plaintiffs were required to file an opposition no later than May 5, 2020. Plaintiffs have failed to do so.

A plaintiff's failure to oppose a motion for summary judgment is, standing alone, an insufficient basis for a grant of summary judgment. *Rivers v. Zwolle*, No. CV-10-0578, 2011 WL

1103792, at *2 (W.D. La. Mar. 22, 2011). However, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must … set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.* (quoting Fed. R. Civ. P. 56(e)(2)).

### 1.     Arrowhead and Walimire (Rec. Doc. 22650)

Arrowhead and Walimire's failure to oppose the Knauf Defendant's Motion for Summary Judgment on claims asserted by Arrowhead and Walimire (Rec. Doc. 22650) weighs in favor of dismissal. As more fully detailed in the Memorandum in Support of the Motion, Arrowhead and Walimire's claims are barred: Arrowhead assigned away its claims prior to filing suit, and the prior owner of Walimire's property authorized remediation and provided a release. Rec. Doc. 22650-1 at 4. Moreover, Walimire's counsel has recognized that his claims should be dismissed. *Id.*

### 2.     Binns (Rec. Doc. 22672)

Binns' failure to oppose the Knauf Defendant's Motion for Summary Judgment on the remediation claims asserted by Binns (Rec. Doc. 22672) weighs in favor of dismissal. As more fully detailed in the Memorandum in Support of the Motion, Binns' remediation claims are barred because he assigned away all such claims prior to filing suit. Rec. Doc. 22672-1 at 7.

### 3.     1329 Gum (Rec. Doc. 22646)

1329 Gum's failure to oppose the Knauf Defendant's Motion for Summary Judgment on claims asserted by 1329 Gum (Rec. Doc. 22672) weighs in favor of dismissal. As more fully detailed in the Memorandum in Support of the Motion, 1329 Gum's claims are barred because it lost its rights in foreclosure. Rec. Doc. 22646-1 at 6-7. The factual circumstances surrounding 1329 Gum's foreclosure are nearly identical to Baber's claims—which this Court dismissed. Rec.

Doc. 22615 at 40-41. Accordingly, as this Court determined that Baber's claims were barred due to foreclosure, 1329 Gum's claims are also barred. *Id.*

### 4.     Jordan (Rec. Doc. 22665)

Jordan's failure to oppose the Knauf Defendant's Motion for Summary Judgment on claims asserted by Jordan (Rec. Doc. 22665) weighs in favor of dismissal. As more fully detailed in the Memorandum in Support of the Motion, Jordan's claims are barred because he lost his rights in foreclosure. Rec. Doc. 22665-1 at 6-7. The factual circumstances surrounding Jordan's foreclosure are nearly identical to Baber's claims—which this Court dismissed. Rec. Doc. 22615 at 40-41. Accordingly, Jordan's claims are barred. *Id.* Further, as more fully addressed in a separate motion to dismiss filed by the Knauf Defendants, Jordan's claims should be dismissed for failure to comply with discovery. Rec. Doc. 22666.

### 5.     Gaspard (Rec. Doc. 22673)

Gaspard's failure to oppose the Knauf Defendants' Motion to Dismiss Claims Asserted by Gaspard (Rec. Doc. 22673) also weighs in favor of dismissal. As more fully detailed in the Memorandum in Support of the Motion, Gaspard lacks standing to bring claims because she does not own the subject property or the personal property in it. Rec. Doc. 22673-1 at 5-6.

### 6.     Amuso (Rec. Doc. 22681)

Amuso's failure to oppose the Knauf Defendant's Motion for Summary Judgment on claims asserted by Amuso (Rec. Doc. 22681) weighs in favor of dismissal. As more fully detailed in the Memorandum in Support of the Motion, Robert Amuso's claims are barred because he does not have any interest in the subject property. Rec. Doc. 22681-1 at 6-7.

Based on Plaintiffs' failure to oppose the Knauf Defendants' motions, the Knauf Defendants request this Court dismiss the claims of Arrowhead Investments, LLC; Dr. Peter

Walimire; Steve Binns; 1329 Gum, Jackson Land Trust; Jeremy Jordan; Nicole Gaspard; and Robert Amuso, Jr. with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: 504.556.5549
Facsimile: 504.310.0275
Email: kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 6th day of May, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**