## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| **This document relates to:** <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14:cv-2722 | JUDGE ELDON FALLON <br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

## REPLY MEMORANDUM IN SUPPORT OF
## OMNIBUS MOTION FOR PARTIAL SUMMARY JUDGMENT (REC. DOC. 22690)

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Omnibus Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Rec. Doc. 22690) as to the claims asserted against them by Jackelyn Aquirre o.b.o. Home and Land, Inc. ("Aquirre"), Hoan Bao and Hahn Tran ("Bao/Tran"), Steve Binns ("Binns"), Bholonath Dhume and Prabha Dhume (the "Dhumes"), Santiago Guzman/Skyline Glass LLC ("Guzman"), Michael A. Chedester and Becky Chedester (the "Chedesters"), Tobi Butcher and Ken Butcher (the "Butchers"), Jason Hallmark and Katie Hallmark (the "Hallmarks"), Leslie Porciuncula and Olivia Porciuncula (the "Porciunculas"), Dave Baldwin and Karen Baldwin (the "Baldwins"), Karina Martinez ("Martinez"), and Edward Ball and Margot Gravel ("Ball/Gravel") (collectively "Plaintiffs"), in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint"). Plaintiffs have not provided any evidence to dispute the uncontested facts set forth by the Knauf Defendants.

## I. Legal Standard

As the moving party and the party who does not bear the burden of proof at trial on Plaintiffs' damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case." *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out that (1) Plaintiffs' own submissions and testimony indicated that Plaintiffs did not incur alternative living expenses and/or moving costs, and (2) Plaintiffs failed to provide any documents, testimony, or competent evidence to support their claims for alternative living expenses and/or moving costs. Therefore, the burden shifted to Plaintiffs to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.,* 660 F. App'x 290, 291 (5th Cir. 2016).

To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004) "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), and "[g]eneralizations that are contradicted by deposition testimony will not prevent summary judgment." *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017). Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v. Sewerage & Water Bd. of New Orleans*, No. CV-05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original).

**II.     Summary Judgment is Appropriate Because Plaintiffs Have Not Provided Any Evidence to Dispute the Uncontested Facts Set Forth by the Knauf Defendants**

Plaintiffs did not meet their burden to defeat summary judgment as to the alternative living expenses and/or moving cost claims. Plaintiffs' opposition cites to **no** evidence that would demonstrate a genuine dispute as to any of the alternative living expenses and/or moving cost claims. Instead, Plaintiffs raise only unsupported conjecture as to the alternative living expenses and/or moving costs incurred by Plaintiffs and likewise fail to provide any support or evidence that Plaintiffs moved out of the properties due to the existence of Chinese drywall.

Plaintiffs state in their opposition that "[e]ach Plaintiff named in this motion has incurred expenses to varying degrees since learning that defective Knauf drywall is in their homes." Plaintiffs' Opposition to Defendant's Omnibus Motion for Partial Summary Judgment, Dkt. No. 22796, ("Opp.") at 8. Plaintiffs clearly fail to discern a difference between general damages and alternative living expenses and/or moving costs. The Plaintiffs here all either moved out *prior* to the discovery of Chinese drywall or they never even lived in the properties allegedly affected by Chinese drywall, thus eradicating any claim for alternative living expenses and/or moving costs. The Knauf Defendants supported their contention with deposition testimony and documentary evidence in which the Plaintiffs themselves admit that they had either moved out of the property prior to the Chinese drywall discovery or that they had never lived in the property. Memorandum in Support of Omnibus Motion for Partial Summary Judgment, Dkt. No. 22690, ("Omnibus Mot.") at 4-8.

Plaintiffs also argue that they were unable to sell their respective properties due to the presence of Chinese drywall, this unsupported contention once again misses the mark. Opp. at 6. Firstly, Plaintiffs are incorrect in stating that none of the Plaintiffs mentioned in the Knauf Defendants' motion were unable to sell the properties and provide no evidence to support their

position. For example, Steve Binns testified that he sold the property in question to Martin Kuntz in in early 2019 (Exhibit A: Deposition of Steve Binns, July 31, 2019 at 22:3-6; 26:7-13). Plaintiffs' blanket contention, without support, that none of the Plaintiffs were able to sell their property is clearly incorrect and unsupported by evidence. Plaintiffs offer no evidence to support their own claims, nor do they offer evidence to contest the factual evidence provided by the Knauf Defendants.

Secondly, whether or not Plaintiffs were able to sell their home is immaterial to their claims for moving costs when the Plaintiffs moved from the property prior to the discovery of Chinese drywall or never lived in the property at all. A claim for moving costs relates to costs incurred by a plaintiff in having to relocate their residence due to the presence of Chinese drywall, not how the presence of Chinese drywall has impacted their ability to sell their home. In their Opposition, Plaintiffs failed to offer any evidence to the contrary to challenge the Knauf Defendants' contentions. As such, Plaintiffs' claims for alternative living expenses and/or moving costs are wholly unsupported and must be dismissed.

**IV.   Conclusion**

For the foregoing reasons, this Court should grant partial summary judgment, dismissing the claims for alternative living expenses and/or moving expenses of Aquirre, Bao/Tran, Binns, the Dhumes, Guzman, the Chedesters, the Butchers, the Hallmarks, the Porciunculas, the Baldwins, Martinez, and Ball/Gravel with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: 504.556.5549
Facsimile: 504.310.0275
Email: kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 8th day of May 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**