UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14:cv-2722** | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE JOSEPH WILKINSON, JR.** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS ASSERTED BY MARTIN KUNTZ UNDER RULE 37 OR, ALTERNATIVELY, FOR OTHER SANCTIONS AND PARTIAL SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion to Dismiss Claims Asserted by Martin Kuntz ("Kuntz") Under Rule 37 or, Alternatively, for Other Sanctions and Partial Summary Judgment as to the claims asserted against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint"),[1] and to respond to Plaintiff's Opposition.[2]

"Pretrial plans will necessarily vary with the circumstances of the particular MDL. However, the district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."[3] "[W]here the

---

[1] Rec. Doc. 22671.
[2] Rec. Doc. 22792.
[3] *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006).

plaintiffs themselves prevent their cases from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor."[4]

Here, Kuntz failed to timely submit discovery to the Knauf Defendants prior to his December 19, 2019 deposition. All of Kuntz's forms are well over a year late, as none were produced prior to January of 2020. Kuntz's forms *still* have not been properly served on the Knauf Defendants, and his SPPF and PFS have only been provided to the Knauf Defendants via his opposition filed on May 5, 2020, as attachments thereto. The documents attached to Kuntz's opposition do not merit consideration at a time when the Knauf Defendants no longer have the opportunity to depose Kuntz regarding their substance and when the *Bennett* Plaintiffs are simultaneously arguing that their cases are ready for remand. Accordingly, Kuntz has prevented his own case from moving forward and has failed to abide by the firm discovery cutoff dates established in this MDL. His case should be dismissed.

Plaintiff has argued in his opposition that "[a]ttached to this Opposition are exhibits that make Defendants' "Rule 37" motion moot. Plaintiff's Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet are attached and Defendants have also been served through the Brown Greer secure web portal."[5] The Knauf Defendants disagree that their motion is moot. First, Kuntz has not submitted to a deposition during which the Knauf Defendants had the benefit of questioning him regarding any discovery documents, as those documents had not been produced as of December 19, 2019. Second, the discovery documents are excessively late and are provided at a time when Plaintiff has also argued that this case is ripe for remand. Third, as to the SPPF and PFS, the Knauf Defendants have never been served with these documents through the

---

[4] *Id.* at 1234 (citations omitted).
[5] Rec. Doc. 22792 at 8.

Brown Greer secure web portal, such that they have only ever been produced in Plaintiff's opposition—an inappropriate method of serving new evidence.[6]

For the foregoing reasons and those stated in the Knauf Defendants' memorandum in support of their motion, this Court should grant the Knauf Defendants' motion and dismiss Kuntz's claims against them in the Fifth Amended Complaint. Alternatively, this Court should grant partial summary judgment dismissing Kuntz's claims save those for remediation with prejudice, and order that Plaintiff produce all profile forms with attachments within seven (7) days and arrange for a deposition to occur in New Orleans either in person or via video conference, at Plaintiff's cost, within fifteen (15) days after the proper production of all profile forms.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*_____
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:   504.310.0279
Email:       kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

---

[6] Kuntz's PPF was uploaded to Brown Greer in January of 2020, after the cutoff date for the Knauf Defendants to depose Plaintiff. Plaintiff's counsel did not alert counsel for the Knauf Defendants that a claim for Kuntz had been added to Brown Greer, nor did Plaintiff's counsel advise counsel for the Knauf Defendants that documents had been uploaded. Accordingly, the Knauf Defendants were unaware of the PPF until the filing of Plaintiff's opposition on May 5, 2020, because Plaintiff's counsel failed to communicate with counsel for the Knauf Defendants regarding the availability of the documents.

## **CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of May, 2020.

                                      */s/ Kerry J. Miller*
                                      **KERRY J. MILLER**