UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: | CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | | SECTION "L" |
| This document relates to: | | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | | MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by all Louisiana and Mississippi plaintiffs in Plaintiffs' Fifth Amended Class Action Complaint (R. Doc. 22659). Pursuant to Louisiana and Mississippi law and this Court's previous rulings, Louisiana and Mississippi Plaintiffs' claims are limited by the exclusivity of the Louisiana Products Liability Act ("LPLA") and the Mississippi Products Liability Act ("MPLA"). Therefore, the non-LPLA and non-MPLA claims must be dismissed.

A.     **LPLA Provides Exclusive Claim for Louisiana Plaintiffs.**

It was undisputed in Plaintiffs' opposition (R. Doc. 22790) that Plaintiffs' non-LPLA claims are barred by the exclusivity of the LPLA. Plaintiffs fail to provide any opposition to the legal argument presented and only suggest it go to a "jury charge."

The LPLA, which "establishes the exclusive theories of liability for manufacturers for damage caused by their products" and explicitly provides that "[a]ttorney's fees are not recoverable under th[e LPLA.]" La. Rev. Stat. §§ 9:2800.52 (LPLA exclusivity) & 2800.53(5) (attorney fees prohibition). "Damage" under the LPLA, however, is a defined term, and it usually does not include "damage to the product itself [or] economic loss." *Id.* § 2800.53(5). Accordingly, the LPLA precludes the other claims, including Plaintiffs' redhibition claim—and, consequently, its entitlement to attorney fees—unless the jury awarded damages to compensate for "damage to [the bolts themselves or] economic loss," which are recoverable in redhibition. *Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 900 (5th Cir. 2010); *De Atley v. Victoria's Secret Catalogue, LLC*, 876 So.2d 112, 115 (La. App. 4th Cir. 2004).

Here, all Louisiana Bennett Plaintiffs seek to recover for damages caused by the alleged presence of defective Knauf-manufactured Chinese drywall in their homes. Therefore, all Louisiana Bennett plaintiffs' claims fall directly within the scope of the LPLA, which governs the liability of manufacturers with respect to any damage caused by their products. Louisiana law and this court's prior rulings are clear. To the extent the Louisiana Bennett Plaintiffs' claims survive other dispositive motions, the LPLA is the exclusive remedy for plaintiffs in this situation and the non-LPLA claims must be dismissed.[1]

---

[1] R. Doc. 22615 at pp. 37-38. Defendants note the Court's exception as redhibition claims that will only be viable to the extent the plaintiffs seek recovery for damage to the defective drywall itself or economic loss.

**B.     MPLA Provides Exclusive Claim for Mississippi Plaintiffs.**

Plaintiffs' arguments also fail as to the non-MPLA claims. Plaintiffs merely cite the MPLA statue and allege it provides for strict liability. Plaintiffs completely fail to address that the Mississippi Bennett Plaintiffs' non-MPLA claims are barred by the exclusive remedies contained in the MPLA. The Mississippi Supreme Court has previously confirmed the exclusivity of the MPLA with respect to products liability claims. *Elliott v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015). Indeed, in interpreting and applying the MPLA, the Court has explained that "the MPLA provides the exclusive remedy" for products-liability claims. *Id*. Therefore, the MPLA has abrogated products-liability claims based on strict-liability or negligence theories, and the MPLA now provides the roadmap for such claims. *Id*.

Here, to the extent the Mississippi Bennett Plaintiffs' claims survive other dispositive motions, all Mississippi Bennett Plaintiffs' claims fall directly within the scope of the MPLA. Therefore, the MPLA is the exclusive claim for plaintiffs in this situation, and the remaining claims are barred and must be dismissed.

## **CONCLUSION**

Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
_____
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:      504.556.5549
Facsimile:      504.310.0275
Email:           kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of May, 2020.

/s/ *Kerry J. Miller*
_____
**KERRY J. MILLER**