**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14:cv-2722** | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE JOSEPH WILKINSON, JR.** |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED
BY BYRON & FERN ROBBINS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by Byron and Fern Robbins in the Bennett Plaintiffs' Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.     There was a disclosure of Chinese-manufactured drywall in the Property.**

Plaintiffs argue that they did not expressly assume the risk of the Chinese-manufactured drywall in their Property because "no disclosure was made regarding the risk of defective drywall" before it was sold to them.[1] This is wrong. A pre-purchase home inspector told Plaintiffs the Property likely had Chinese-manufactured drywall, and Plaintiffs knew and understood the risks associated with owning a home that contained defective drywall, because they suffered sleepless

---

[1] Rec. Doc. 22795 at 9-10.

nights and agonized over whether to purchase the home.[2] This is precisely the "voluntary exposure" that Plaintiffs argue is the "bedrock" of express assumption of the risk.[3]

## II. Plaintiffs still have not provided any evidence to disprove the Knauf Defendants' argument.

Plaintiffs testified in their deposition that a pre-purchase home inspection report indicated that their Property likely had Chinese drywall but that a subsequent lab report showed there was not reactive drywall in the Property. Despite a request for production, and despite the Knauf Defendants' pointing out in their original Motion that Plaintiffs had not provided this evidence, Plaintiffs still have not produced either the inspection report or lab report. Plaintiffs' counsel argues, without citing to any testimony or declaration from Plaintiffs, that the reports were "apparently discarded after purchase and a duplicate cannot be produced now as the Plaintiffs would certainly desire."[4] Plaintiffs' counsel also argues, again citing no testimony or declaration, that "Plaintiffs had no intent to avoid production when the documents were discarded."[5]

"[A]rguments of counsel are not evidence." *U.S. v. Parr*, 516 F.2d 458, 472 (5th Cir. 1975). Plaintiffs have therefore provided no evidence to show why these documents cannot be reproduced and no evidence to show what their state of mind was when they discarded the documents. Plaintiffs' inability to provide any actual explanation for their nonproduction further bolsters the Knauf Defendants' argument that they are entitled to an adverse presumption that the withheld documents would be unfavorable to Plaintiffs.

---

[2] Rec. Doc. 22686-6, Fern Robbins Depo. Tr. at p. 6:15-25.
[3] Rec. Doc. 22795 at 10.
[4] Rec. Doc. 22795 at 20.
[5] Rec. Doc. 22785 at 22.

**III.    This Court has already determined the Knauf Defendants did not owe a post-sale duty to warn.**

Plaintiffs argue that the Knauf Defendants had a duty to warn under Florida law and failed to carry out that duty, and therefore the Knauf Defendants should be "equitably estopped" from "taking advantage" of the "limited or inaccurate" information Plaintiffs had about the presence of Chinese Drywall in their Property.[6]  This argument is inapposite for multiple reasons.

*First*, a ***post-sale*** duty to warn is irrelevant here, where Plaintiffs had **actual knowledge** of the presence of Chinese-manufactured drywall in the Property **before** they purchased the Property. Plaintiffs did not need any additional warning about Chinese-manufactured drywall—they had already suffered "sleepless nights" because they knew the Property had Chinese-manfactured drywall and "did not know whether" to buy it or not.[7]

*Second*,  this Court has previously rejected the argument that the Knauf Defendants had a post-sale duty to warn under Florida law, concluding "that it would not have been reasonably possible for Knauf to identify all those to whom a post-sale duty to warn may have been owed."[8] Additionally, this Court recognized "that Knauf did undertake an extensive notice program during the major settlement phase of this MDL to identify potential claimants and notify them of their right to participate in the settlement."[9]  This Court has conclusively determined that no post-sale duty to warn exists under Florida law.

*Third*, because this Court has determined that there is no post-sale duty to warn, Plaintiffs' claims that the Knauf Defendants should be "equitably estopped" from asserting that they had actual knowledge of the presence of Chinese-manufactured drywall in the Property must also fail.

---

[6] Rec. Doc. 22795 at 10-13.
[7] Rec. Doc. 22686-6, Fern Robbins Depo. Tr. at p. 6:15-25.
[8] Rec. Doc. 22586 at 19-20; Rec. Doc. 22615 at 27-28.
[9] Rec. Doc. 22586 at 20; Rec. Doc. 22615 at 28.

Plaintiffs argue that equitable estoppel applies because the Knauf Defendants "fail[ed] to speak when under some duty to speak." This Court has determined that the duty Plaintiffs purport to rely upon does not exist.

### IV.     Plaintiffs have not asserted, and could not assert, a claim under the CPSA.

Plaintiffs contend that the prescriptive period should be suspended because the Knauf Defendants have not reported the sale of their drywall to the Consumer Product Safety Commission ("CPSC") nor recalled their product pursuant to the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* ("CPSA").[10] Here again, Plaintiffs' argument is flawed for numerous reasons.

*First*, Plaintiffs have not asserted a claim against the Knauf Defendants under the CPSA. Plaintiffs cannot use their Opposition to raise new claims; thus, the new arguments regarding the CPSA should be rejected. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

*Second*, if Plaintiffs could assert a claim under the CPSA, that statute does not establish a statutory framework regulating the Knauf Defendants' commercial business. It establishes the CPSC and defines the CPSC's basic authority, including its authority to develop standards and bans, pursue recalls, and to ban products under certain circumstances The CPSA does not create

---

[10] Rec. Doc. 22795 at 15-18.

an affirmative legal duty to which the Knauf Defendants must adhere. Most importantly, the CPSA does not establish a private right of action on behalf of Plaintiffs—its enforcement is vested in the CPSC, which is tasked with overseeing compliance with its own regulations and with the CPSA.[11] If the Knauf Defendants had failed to comply with the CPSA, it is the CPSC—not Plaintiffs— that would have had standing to pursue the Knauf Defendants. The CPSC has not done so.

*Third*, on May 25, 2010, the CPSC issued a warning concerning the Knauf Defendants' Chinese drywall.[12] When, as here, the CPSC has been adequately informed of a product defect, the CPSA reporting requirements are mooted.[13] To the extent the Knauf Defendants were required to report the defective drywall under 15 U.S.C. § 2064 (they were not), and this reporting requirement suspended commencement of the statute of limitations period (it does not), such a requirement was fulfilled at least by May 25, 2010, and the statute of limitations began to run no later than that date.

*Finally*, the CPSA reporting requirements cited by Plaintiffs apply solely to failures to comply with CPSC requirements,[14] product defects that create a substantial risk of injury to the public,[15] and products that create an unreasonable risk of serious injury or death.[16] The reporting requirements do not, as Plaintiff contends, apply to *all* products that "contain[] a defect";[17] they apply only to those that create a substantial risk of injury to the public, As the CPSC has confirmed on its website, there is no evidence that the Knauf Defendants' defective drywall fits this definition,

---

[11] 15 U.S.C. § 2061(a).
[12] U.S. CPSC, *CPSC Identifies Manufacturers of Problem Drywall Made in China*, CPSC.gov (May 25, 2010), https://www.cpsc.gov/Newsroom/News-Releases/2010/CPSC-Identifies-Manufacturers-of-Problem-Drywall-Made-in-China.
[13] 15 U.S.C. § 2064(b).
[14] 15 U.S.C. § 2064(b)(1)-(2).
[15] *Id.* § 2064(a)(2) & (b)(3).
[16] *Id.* § 2064(b)(4).
[17] Rec. Doc. 22795 at 16.

and the CPSC has not required the Knauf Defendants to recall their product.[18] Instead, the CPSC has implemented specific regulations—including the Drywall Safety Act of 2012—designed to combat the issues previously encountered with defective drywall.[19]

Plaintiffs have no cause of action against the Knauf Defendants under the CPSA. Their arguments based on that statute have no merit.

### V. Plaintiffs have not asserted a fraud claim against the Knauf Defendants and have presented no evidence of fraud.

Plaintiffs also argue that the Knauf Defendants fraudulently concealed known problems with their drywall and therefore the "prescriptive statutory period" has not yet commenced.[20] The Knauf Defendants do not allege that Plaintiffs' claims are prescribed or that the applicable statute of limitations has run. Regardless, here again, Plaintiffs are asserting a claim in opposition to a summary judgment motion that they did not allege in its Complaint and is therefore not properly before this Court. *See DeKort.*, 475 F. App'x at 522; *Gilmour*, 382 F.3d at 1314; *see also Fisher v. Blue Cross & Blue Shield of Texas, Inc.*, No. 3:10-CV-2652-L, 2015 WL 5603711, at *11 n.7 (N.D. Tex. Sept. 23, 2015) (refusing to consider a fraud theory raised for the first time in a summary judgment opposition because it "was never pled," and therefore "not properly before the court").

Moreover, Plaintiffs' newly asserted claim is one that must "be pled with particularity to the circumstances allegedly constituting the fraud." *Target Const., Inc. v. Baker Pile Driving &*

---

[18] *See* U.S. CPSC, *Other Frequently Asked Questions*, CPSC.gov, https://www.cpsc.gov/content/other-frequently-asked-questions (last visited April 17, 2020); *see also* U.S. CPSC, *CDC Review Finds No Link Between Problem Drywall and 11 Reported Deaths*, CPSC.gov (January 31, 2011), https://www.cpsc.gov/Newsroom/News-Releases/2011/CDC-Review-Finds-No-Link-Between-Problem-Drywall-and-11-Reported-Deaths/.
[19] U.S. CPSC, *Drywall Business Guidance*, CPSC.gov, https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Drywall (last visited April 17, 2020).
[20] Rec. Doc. 22795 at 17-18.

*Site Work, L.L.C.*, No. 12-1820, 2012 WL 5878855, at *3 (E.D. La. Nov. 20, 2012). In its untimely assertion of fraud, Plaintiff provides no such particulars and cites no credible evidence—instead, it points only to a single Florida news article from 2010 referencing a *suspected* agreement between the Knauf Defendants and a drywall distributor in Florida.[21] One journalist's speculations and theories are not sufficient to show fraud with particularity.

## VI. Conclusion

Plaintiffs' arguments in opposition to the Knauf Defendants' Motion for Summary Judgment are based on misstatements of fact and misunderstandings of the law. This Court should grant summary judgment and dismiss Plaintiffs' claims against the Knauf Defendants with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:    504.310.0279
Email:           kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., ltd.*

---

[21] Plaintiff blames the Knauf Defendants for this lack of evidentiary support, stating that "[i]t is noteworthy that the Defendants have not produced that indemnification agreement [referenced in the Florida news article] in their disclosures to Plaintiffs [sic] [.]" Rec. Doc. 22795 at 17. Nearly a decade of discovery occurred in this MDL, all of which Plaintiff received and none of which supports Plaintiff's present position. If Plaintiff believed there was additional discovery withheld by the Knauf Defendants, it should have requested it. Plaintiff never sought leave to conduct discovery under the CMO and cannot now be excused from adequately supporting its position due to its own neglect.

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of May, 2020.

            */s/ Kerry J. Miller*
            **KERRY J. MILLER**