UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| This document relates to: <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14:cv-2722 | JUDGE ELDON FALLON <br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
ADDITIONAL EXHIBITS FILED BY BYRON AND FERN ROBBINS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Strike Additional Exhibits Filed by Byron and Fern Robbins.

**I.     Background**

Byron and Fern Robbins were deposed on August 8, 2019. At that deposition, the Robbinses testified about the existence of a pre-purchase home inspection report indicating the presence of Chinese-manufactured drywall in their home at 421 Chelsea Place Avenue, Ormond Beach, FL 32174 (the "Property") and a lab report that purportedly indicated no such drywall was present in the Property. The Knauf Defendants called for the production of those documents.[1]

---

[1] Rec. Doc. 22686-5, Byron Robbins Depo. Tr. at pp. 19:23-20:10; Rec. Doc. 22686-6, Fern Robbins Depo. Tr., at p. 7:9-17.

Discovery in this case closed on December 31, 2019, at which point the Robbinses still had not produced these documents.[2]

The Knauf Defendants filed a Motion for Summary Judgment and Alternative Motion for Adverse Inference on March 31, 2020.[3] In support, the Knauf Defendants argued that the Robbinses failure to produce these documents gave rise to an adverse inference that the documents would be harmful to their case. The Robbinses filed an opposition on May 5, 2020.[4] In the Opposition, the Robbinses represented that the home inspection report and lab report "were both apparently discarded after purchase [of the Property] and a duplicate cannot be produced now."[5] The Knauf Defendants filed their reply, which raised no new arguments, on May 11, 2020.[6]

The next day, May 12, 2020, the Robbinses filed an "Ex Parte Motion For Leave To File Additional Exhibits."[7] The Robbinses did not seek the Knauf Defendants' consent before filing this "ex parte" motion. Attached to the Motion are four exhibits—the long-ago requested home inspection report and lab report, as well as a pre-purchase disclosure checklist and part of an e-mail chain between the Robbinses and their realtor.

## II.   Law & Argument

Plaintiffs' late production of these documents, which were specifically requested in August of 2019 but were also responsive to the Plaintiff Profile Forms the Robbinses filled out in 2018 and 2019, is the definition of trial by ambush, "an evil which the discovery rules were expressly intended to eliminate." *Ragan v. Gulf Oil Corp.*, No. 85-5841, 1986 WL 11763, at *1 (E.D. La. 1986). The Knauf Defendants had no opportunity to depose the Robbinses regarding these

---

[2] *See* Rec. Doc. 22359.
[3] Rec. Doc. 22686.
[4] Rec. Doc. 22795.
[5] Rec. Doc. 22795 at 20.
[6] Rec. Doc. 22818.
[7] Rec. Doc. 22820.

documents. The Knauf Defendants will not even have the opportunity to address the documents in their summary judgment briefing, because their motion is set for submission tomorrow, May 13, 2020. "The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. CIV.A. 3:01-CV-1397-, 2003 WL 251318, at *21 (N.D. Tex. Feb. 3, 2003). The Robbinses are seeking to circumvent this purpose by producing documents that were requested more than nine months ago and are specifically at issue in the Knauf Defendants' Motion for Summary Judgment at the eleventh hour. Moreover, the production of these documents now contradicts the Robbinses' previous representation to the Court that two of the documents had been discarded and could not be reproduced.

This Court's consideration of the Robbinses' additional exhibits without the Knauf Defendants having an opportunity to depose the Robbinses about the exhibits or even address the exhibits in their summary judgment briefing will result in an unfairly prejudicial, imbalanced presentation of evidence to this Court. Accordingly, the Knauf Defendants respectfully request an order from this Court striking the additional exhibits filed by Byron and Fern Robbins.

        Respectfully submitted,

        **FISHMAN HAYGOOD, LLP**

        /s/ *Kerry J. Miller*
        **KERRY J. MILLER (#24562), T.A.**
        **PAUL C. THIBODEAUX (#29446)**
        **DANIEL J. DYSART (#33812)**
        201 St. Charles Avenue, Suite 4600
        New Orleans, LA 70170
        Telephone:   504.556.5549
        Facsimile:    504.310.0279
        Email:        kmiller@fishmanhaygood.com

        *Counsel for the Knauf Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 12th day of May, 2020.

                                */s/ Kerry J. Miller*
                                **KERRY J. MILLER**