UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**  **SECTION "L"** |
| **This document relates to:**  *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*  **Case No. 14:cv-2722** | **JUDGE ELDON FALLON**  **MAGISTRATE JOSEPH WILKINSON, JR.** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CLAIMS ASSERTED BY RICHARD CALEVRO UNDER RULE 37
OR, ALTERNATIVELY, FOR OTHER SANCTIONS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion to Dismiss Claims Asserted by Richard Calevro ("Calevro") Under Rule 37 or, Alternatively, for Other Sanctions, based on the claims asserted against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint"),[1] and to respond to Plaintiff's Opposition.[2]

"Pretrial plans will necessarily vary with the circumstances of the particular MDL. However, the district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."[3] "[W]here the

---

[1] Rec. Doc. 22682.
[2] Rec. Doc. 22793.
[3] *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006).

plaintiffs themselves prevent their cases from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor."[4]

Here, Calevro has failed to appear for his deposition and has not produced discovery to the Knauf Defendants, except by way of attaching documents as exhibits to his opposition. These forms are well over a year late, have not been properly served on the Knauf Defendants, and do not merit consideration at a time when the *Bennett* Plaintiffs are simultaneously arguing that their cases are ready for remand. Accordingly, Calevro has prevented his own case from moving forward and has failed to abide by the firm discovery cutoff dates established in this MDL. His case should be dismissed.

Plaintiff's opposition papers are likewise unavailing and filled with inaccuracies. The Knauf Defendants highlight those inaccuracies for this Court's convenience:

First, Plaintiff states that "Plaintiff's deposition was unilaterally noticed by Defendants on a date that Plaintiff could not attend."[5] This statement misrepresents how Plaintiff's deposition was noticed, as counsel for the Knauf Defendants noticed Plaintiff's deposition on a date and at a time that was provided by Plaintiff's counsel.[6] Specifically, Plaintiff's counsel provided a date and time for the deposition of Susyn Cain, but not Plaintiff Calevro, and counsel for the Knauf Defendants assumed both were to be noticed for the same time because their claims correspond to the same Property (5040 Georgia Street, Bay Saint Louis, Mississippi 39520) and no alternative date was provided for Calevro.[7] Plaintiffs' counsel did not inform counsel for the Knauf Defendants otherwise. Consequently, the Knauf Defendants noticed the depositions for Cain and

---

[4] *Id.* at 1234 (citations omitted).
[5] Rec. Doc. 22793 at 7.
[6] *See* November 12, 2019 Email from Jimmy Doyle (attached as Exhibit B).
[7] *See id.*

Calevro at the same date and time.[8] At no point did Plaintiffs' counsel instruct counsel for the Knauf Defendants that this would be problematic for Plaintiff Calevro.

Second, Plaintiff avers that "Defense counsel was made aware of the conflict prior to the deposition and they made no effort to coordinate any additional time during the weeks that remained prior to the expiration of the discovery period."[9] Plaintiff does not cite any evidence in support of his assertion that "Defense counsel was made aware of the conflict." Rather, counsel for the Knauf Defendants maintain that they were never informed, via electronic communications or otherwise, that Plaintiff Calevro would be unable to attend his deposition at the noticed date and time. Rather, at the deposition of Susyn Cain, counsel for the Knauf Defendants inquired as to Calevro's whereabouts.[10] After the deposition, counsel for the Knauf Defendants asked Plaintiff's counsel whether Calevro would be pursuing his claims (based on his nonappearance and lack of participation in discovery) and Plaintiff's counsel responded with uncertainty.

Finally, in Plaintiff's opposition, he notes that "[a]ttached to this Opposition are exhibits that make Defendants' "Rule 37" motion moot with regard to discovery documents. Plaintiff's Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet are attached and Defendants have also been served through the Brown Greer secure web portal."[11] The Knauf Defendants disagree that their motion is moot. First, Calevro has not submitted to a deposition. Second, the discovery documents are excessively late and are provided at a time when Plaintiff has also argued that this case is ripe for remand. Third, the Knauf Defendants have never been served with these documents through the Brown Greer secure web portal, such that they have only ever been produced in Plaintiff's opposition—an inappropriate method of serving new evidence.

---

[8] *See* Exhibit A to the Knauf Defendants' Motion to Dismiss Calevro, Rec. Doc. 22682-2.
[9] Rec. Doc. 22793 at 7.
[10] *See* Cain Depo. at 36:12-23.
[11] Rec. Doc. 22793 at 7-8.

For the foregoing reasons and those stated in the Knauf Defendants' memorandum in support of their motion, this Court should grant the Knauf Defendants' motion and dismiss Calevro's claims against them in the Fifth Amended Complaint.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:             kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of May, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**