UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| This document relates to: <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14:cv-2722 | JUDGE ELDON FALLON <br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY EDWARD J. LAREMORE**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of its Motion for Partial Summary Judgment (Rec. Doc. 22684) pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Edward J. Laremore ("Plaintiff") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint"). There is no genuine issue of material fact, and the loss of use and loss of enjoyment claims asserted by Edward J. Laremore should be dismissed.

In Florida, "[l]oss of use damages are only recoverable when an owner suffers a complete deprivation of his property." *AT&T Corp. v. Lanzo Constr. Co., Fl.*, 74 F. Supp. 2d 1223, 1225 (S.D. Fla. 1999). Therefore, for example, when the owners of a home experience severe roof leaks, but continue to reside in the home, they are not entitled to damages for loss of use. *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App. 1985).

The cases cited by Plaintiff do not apply here.[1] *McCreary v. Florida Residential Prop. & Cas. Joint Underwriting Ass'n*, 758 So.2d 692, 694 (Fla. Dist. Ct. App. 1999) and *Mid-Continent Cas. Co. v. Adams Homes of Nw. Florida Inc.*, 725 Fed.Appx. 777, 781 (11th Cir. 2018) each dealt with whether the language of the petition was sufficient to trigger an insurance company's defense obligation under an insurance contract—which is inapplicable here. Even if *McCreary* and *Mid-Continent Cas. Co.* could be stretched to apply here, the loss of use issues in those cases dealt with an "ongoing clear and present danger to . . . health, safety, and comfort . . . ." *McCreary*, 758 So.2d at 694. Here, there is no fact issue—Laremore's health, safety, or comfort are not at issue because Laremore does not occupy, and has never occupied, the Property; instead, he rents it out for income.[2] Laremore has only visited the Property once around eight to ten years ago.[3] When Laremore listed the Property for sale in July 2017, he had the tenant move out because of the sale.[4] The tenants did not move out because of the alleged Chinese drywall. Overall, Laremore has no claim against the Knauf Defendants for loss of use or loss of enjoyment. No one, not Laremore or his tenants, lost use of the Property because of the alleged Chinese drywall.

Further, Laremore did not provide sufficient evidence to support his claims—either pursuant to the Court's approved forms, at his deposition, or following his deposition. Laremore's sole support for his loss of use and loss of enjoyment claim is the assertion that "$300,000 in loss of use/loss of enjoyment damages is appropriate and consistent with past verdicts in the Chinese drywall litigation, based on the number of years I and my family have owned and/or lived in the home containing defective Chinese-manufactured sheetrock produced by the Knauf defendants."[5]

---

[1] Rec. Doc. 22794 at 9-10.
[2] Rec. Doc. 22684-1 at 5.
[3] *Id.*
[4] *Id.*
[5] Rec. Doc. 22684-1 at 6.

Laremore bears the burden at trial to prove his claims and damages and the evidence provided is insufficient, not colorable, and not probative to meet his burden under any standards.[6]

Laremore cannot substantiate any of the facts forming the basis of the claims against the Knauf Defendants, and there is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the loss of use and loss of enjoyment claims with prejudice.

    Respectfully submitted,

    **FISHMAN HAYGOOD, LLP**

    /s/ *Kerry J. Miller*
    **KERRY J. MILLER (#24562), T.A.**
    **PAUL C. THIBODEAUX (#29446)**
    **DANIEL J. DYSART (#33812)**
    201 St. Charles Avenue, Suite 4600
    New Orleans, LA 70170
    Telephone:    504.556.5549
    Facsimile:    504.310.0275
    Email:    kmiller@fishmanhaygood.com
    *Counsel for Defendants,*
    *Knauf Gips KG and*
    *Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of May, 2020.

    /s/ *Kerry J. Miller*
    **KERRY J. MILLER**

---

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986); *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993); *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)); *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).