UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | JUDGE ELDON FALLON |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF
<u>MCF ENTERPRISES INC. & CDO INVESTMENTS LLC</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (R. Doc. 22630) as to the claims asserted by CDO Investments LLC ("CDO") and MCF Enterprises Inc. ("MCF") (collectively "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**A.   Reasonable Minds Cannot Disagree - MCF and CDO Assumed the Risk and Can't Establish Product ID.**

Plaintiffs do not dispute any of the facts set forth in Plaintiffs' Motion for Summary Judgment. In sum, prior to purchasing the properties submitted in the Bennett Complaint, MCF and CDO each purchased and remediated multiple properties in South Florida and had knowledge of the existence and risks of Chinese drywall. They submitted claims for those properties to the

Knauf Class Settlement Program, and this Court denied those claims based on the fact they purchased with knowledge of Chinese drywall, failed to conduct a reasonable inquiry, and/or could not establish if/how much KPT drywall was in their properties.[1] After they bought and allegedly remediated those properties with Chinese drywall, and submitted claims to the Knauf Class Settlement Agreement via current counsel, MCF and CDO then bought the properties submitted in this litigation "as-is," without disclosures, without any visual inspection, and without a Chinese-drywall inspection.

Of course, shortly after purchasing the properties at great discount, CDO and MCF each allege they found KPT Chinese drywall, and coincidentally, each allegedly performed a full remediation of their properties using the same company. At that time, both were litigants in MDL 2047, class members to the Knauf Class Settlement Agreement, represented by current Plaintiffs' counsel, and had performed multiple Chinese drywall remediations. However, MCF and CDO failed to comply with PTO 1, PTO 1(B), or PTO 1(I) and the only evidence of product ID presented was a few skeptical photos of alleged KPT samples.

Pursuant to well-established legal principles, summary judgment is appropriate because there is no genuine disputed issue as to any material fact, and the Knauf Defendants are entitled to judgment as a matter of law based on these undisputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d at 1075.

---

[1] R. Doc. 21838 (Special Master Report and Recommendation); R. Doc. 21839 (Special Master Supplemental Report and Recommendation); and R. Doc. 21871 (District Court Order Adopting Special Master Report and Recommendation).

To escape summary judgment, Plaintiffs were required to direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, supra, 477 U.S. at 323.  To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004).  "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v. Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original). Furthermore, the litigant bears the burden at summary judgment of marshaling the evidence and presenting it to the Court in an organized fashion. *See* Fed. R. Civ. P. 56(c). Absent such organization, a party proceeds at its own peril. *See* Fed. R. Civ. P. 56(e)(2).

Here, Plaintiffs have not disputed any of the facts as set forth by the Knauf Defendants and have not come forward with any evidence to buttress their claims.  Instead, Plaintiffs only cite legal issues and ask the Court to allow these claims to go to a jury based on a mere scintilla of evidence.  However, based on the undisputed facts, and this Court's prior ruling as to the same

issues, same facts, and same claimants, reasonable minds could not differ that at the time of purchase, MCF and CDO recognized the risk of Chinese drywall and then proceed in the face of the danger. This voluntary exposure fits squarely within the doctrine of express assumption of risk. *Kuehner v. Green*, 436 So.2d 78 (Fla. 1983); *Blackburn v. Dorta*, 348 So.2d 287 (Fla. 1977)   The same is true for failure to present evidence of product ID.  MCF and CDO were on notice of the requirements, were litigants in MDL 2047, and represented by current counsel at the time of the remediation and still can't establish if/how much KPT drywall was in their properties. Therefore, like this Court has previously determined as to these claimants,[2] summary judgment should be granted in favor of the Knauf Defendants because MCF and CDO assumed the risk of Chinese drywall and/or cannot meet their burden as to product ID.

**B.     Undisputed Plaintiffs' Damages are Completely Unsupported.**

As set forth in the Motion for Summary Judgment, the CDO and MCF claims for loss of use and diminution in value should be dismissed because neither submitted any competent evidence throughout discovery or in opposition to support the claims.  Again, Plaintiffs were required to direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248. The burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial." *Ratliff v. Advisors Asset Mgmt., Inc.,* 660

---

[2] R. Doc. 21838 (Special Master Report and Recommendation); R. Doc. 21839 (Special Master Supplemental Report and Recommendation); and R. Doc. 21871 (District Court Order Adopting Special Master Report and Recommendation). Under the law of the case doctrine, courts show deference to decisions already made in the case they are presiding over. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc*., 677 F.3d 720, 727 (5th Cir. 2012)  The law of the case doctrine developed to maintain consistency and avoid needless reconsideration of matters previously decided during the course of continuing litigation. *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 880 (5th Cir. 1993) (internal quotes and citation omitted); *Copeland v. Merrill Lynch & Co., Inc*., 47 F.3d 1415, 1423 (5th Cir. 1995) (once court of competent jurisdiction decides rule of law, that decision governs the same issues in subsequent stages of the same case); *North Mississippi Communications, Inc. v. Jones*, 951 F.2d 652, 656 (5th Cir. 1992) (prior decision followed without re-examination unless evidence substantially different).

F.App'x 290, 291 (5th Cir. 2016).  To meet this burden, a plaintiff was required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004).   "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v. Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original).

Here, Plaintiffs have left undisputed the facts set forth by the Knauf Defendants and have merely cited legal issues and unsubstantiated assertions. It is undisputed that the MCF and CDO Properties were purchased for the exclusive purpose of flipping and reselling and that they did not sustain any loss of enjoyment/use of the respective properties.  Furthermore, it is undisputed MCF and CDO failed to provide any competent evidence of a diminution in value claim.[3]  Therefore, summary judgment must be granted on these claims.

C.     **Plaintiffs Don't Have a Post-Sale Warning, CPSC, or Fraudulent Concealment Claim**

In their opposition, Plaintiffs rehash and reframe their previous opposition arguments that the Knauf Defendants had a duty to take some additional affirmative action to place Plaintiffs on notice of a defective product.  Preliminarily, Plaintiffs' do not have post-sale duty to warn claims under the Restatement, CPSC/CPSA, or fraudulent concealment claims.  Here, the Fifth Amended Class Action Complaint is completely silent on any alleged breach by the Knauf Defendants of a

---

[3] Furthermore, MCF did not claim any diminution in value in the SPPF but then alleges diminution in value in the PFS.  MCF submitted no competent evidence to support a diminution in value claim under Florida law.  Florida law requires proof of lost fair market value be established by competent, substantial evidence and through a "qualified" witness.  *See, e.g.*, *Hillside Van Lines, Inc. v. Matalon*, 297 So. 2d 848 (Fla. 3d D.C.A. 1974); *McDonald Air Conditioning, Inc. v. John Brown, Inc*., 285 So. 2d 697 (Fla. 4th DCA 1973).

post-sale duty to warn claim, fraudulent concealment, or CPSA requirements and failures. (*See generally* Doc. 21334). It is axiomatic that Plaintiffs cannot use their Opposition to raise new claims; thus, the new "single business enterprise/alter ego" arguments should be rejected and ignored. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

Even if addressed, Plaintiffs' arguments all fail. First, Plaintiffs argue that the Knauf Defendants had a duty to warn under Restatement and failed to carry out that duty. This Court has previously rejected this precise argument, concluding "that it would not have been reasonably possible for Knauf to identify all those to whom a post-sale duty to warn may have been owed under" state law.[4] Additionally, this Court recognized "that Knauf did undertake an extensive notice program during the major settlement phase of this MDL to identify potential claimants and notify them of their right to participate in the settlement."[5] Additionally, this Court previously rejected Plaintiffs' equitable estoppel arguments for the same reasons and should do so once more.[6]

Second, Plaintiffs reframe their duty to warn argument by contending that the Knauf Defendants had a duty to report to the Consumer Product Safety Commission ("CPSC") or recall their product pursuant to the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* ("CPSA").

---

[4] Rec. Doc. 22615 at 27-28.
[5] *Id.* at 28.
[6] *Id.*

Plaintiffs' argument is flawed for numerous reasons—both factual and legal. The CPSA is not a standalone regulatory text; rather, the federal statute establishes the CPSC and defines the CPSC's basic authority, including its authority to develop standards and bans, pursue recalls, and to ban products under certain circumstances. The CPSA does not establish a statutory framework regulating the Knauf Defendants' commercial business, nor does it singularly create an affirmative legal duty to which the Knauf Defendants must adhere. Most importantly, the CPSA does not establish a private right of action on behalf of Plaintiffs—its enforcement is vested in the CPSC, tasked with overseeing compliance with its own regulations and the CPSA.[7] Thus, if the Knauf Defendants failed to comply with the CPSA, the CPSC—as opposed to Plaintiffs—would have standing to pursue the Knauf Defendants. The CPSC has not done so and Plaintiffs lack standing. Additionally, the CPSA reporting requirements cited by Plaintiffs are circumvented if the CPSC has been adequately informed of a product defect.[8] On May 25, 2010, the CPSC issued a warning concerning the Knauf Defendants' Chinese drywall.[9] To the extent the Knauf Defendants were required to report the defective drywall under 15 U.S.C. § 2064 (they were not), such a requirement was fulfilled in 2010.

Further, the CPSA reporting requirements cited by Plaintiffs apply solely to failures to comply with CPSC requirements,[10] product defects that create a substantial risk of injury to the public,[11] and products that create an unreasonable risk of serious injury or death.[12] The reporting requirements do not apply to *all* products that "contain[] a defect" as Plaintiffs falsely advocate,[13]

---

[7] 15 U.S.C. § 2061(a).
[8] 15 U.S.C. § 2064(b).
[9] U.S. CPSC, *CPSC Identifies Manufacturers of Problem Drywall Made in China*, CPSC.gov (May 25, 2010), https://www.cpsc.gov/Newsroom/News-Releases/2010/CPSC-Identifies-Manufacturers-of-Problem-Drywall-Made-in-China.
[10] 15 U.S.C. § 2064(b)(1)-(2).
[11] *Id.* § 2064(a)(2) & (b)(3).
[12] *Id.* § 2064(b)(4).
[13] Rec. Doc. 22740 at 20.

only those that create a substantial risk of injury to the public. There is no evidence that the Knauf Defendants' defective drywall fits this definition, a fact that the CPSC has confirmed on its website, additionally noting that the Knauf Defendants are not required to recall their product.[14] Rather, the CPSC has implemented specific regulations—including the Drywall Safety Act of 2012—designed to combat the issues previously encountered with defective drywall.[15] This Court must reject Plaintiffs' arguments regarding the CPSA.[16]

Third, Plaintiffs aver that the Knauf Defendants fraudulently concealed known problems with their drywall.[17] In support of this farfetched argument, Plaintiffs cite a single Florida news article from 2010 referencing an agreement between the Knauf Defendants and a drywall distributor in Florida. Plaintiffs have not alleged any fraudulent concealment claims in the operative complaint and cannot do so now.  Nonetheless, Plaintiffs have not cited *any reputable evidence* in support of their fraudulent concealment theory, demonstrating its baselessness. Instead, Plaintiffs blame the Knauf Defendants for their lack of evidentiary support, stating that "[i]t is noteworthy that the Defendants have not produced that indemnification agreement [referenced in the Florida news article] in their disclosures to Plaintiffs[.]"[18] Nearly a decade of

---

[14] *See* U.S. CPSC, *Other Frequently Asked Questions*, CPSC.gov, https://www.cpsc.gov/content/other-frequently-asked-questions (last visited April 17, 2020); *see also* U.S. CPSC, *CDC Review Finds No Link Between Problem Drywall and 11 Reported Deaths*, CPSC.gov (January 31, 2011), https://www.cpsc.gov/Newsroom/News-Releases/2011/CDC-Review-Finds-No-Link-Between-Problem-Drywall-and-11-Reported-Deaths/.

[15] U.S. CPSC, *Drywall Business Guidance*, CPSC.gov, https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Drywall (last visited April 17, 2020).

[16] Lastly, in arguing that the defects in the drywall were "latent," Plaintiffs directly contradict the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits "noxious gases." Plaintiffs cannot use their Opposition brief to raise new claims; thus, the new arguments regarding the CPSA, duty to warn, and latent defects should be rejected and ignored. *See, e.g.*, *DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

[17] Rec. Doc. 22740 at 21-23.

[18] *Id.* at 21.

discovery occurred in this MDL, all of which Plaintiffs received (from both the Knauf Defendants and Banner Supply Company), and none of which supports Plaintiffs' present position. If Plaintiffs believed there was additional discovery withheld by the Knauf Defendants, and it was not included in the trial package sent to counsel by the PSC, counsel should have requested it. Plaintiffs never sought leave to conduct discovery under the CMO and cannot now be excused from adequately supporting their position due to their own neglect.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:            kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

**CF &CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of May, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**