UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047  SECTION "L" |
| This document relates to:  *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*  Case No. 14:cv-2722 | JUDGE ELDON FALLON  MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS ASSERTED BY MICHAEL PHILLIPS; PETER & LIN H. ROBINSON; JEREMY JORDAN; CESAR & INES JARAMILLO; AND ANNETTA, LLC & BACO ANNETTA LLC UNDER <u>RULE 37 OR, ALTERNATIVELY, FOR OTHER SANCTIONS</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion to Dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure, as to the claims asserted by Michael Phillips; Peter & Lin H. Robinson; Jeremy Jordan; Cesar & Ines Jaramillo; and Annetta, LLC & Baco Annetta LLC (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

The Knauf Defendants ask the Court to exercise its inherent power to impose sanctions, namely dismissal, for Plaintiffs' respective failure to comply with discovery.[1] Alternatively, the

---

[1] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i).

Knauf Defendants request that this Court impose sanctions it deems appropriate under the circumstances, such as requiring Phillips and the Robinsons to make their respective Property available for inspection and compelling each of the above-referenced Plaintiffs to appear at their own cost for depositions. The Knauf Defendants further request any additional relief deemed just and appropriate.

**I.      Standard**

Rule 37(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." *See* FED. R. CIV. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which in turn include "striking pleadings in whole or in part;" "staying further proceedings until the order is obeyed;" and "dismissing the action or proceeding in whole or in part." *See id.* 37(d)(3); *see also id.* 37(b)(2)(A)(iii), (iv), (v).

"A party need not violate a court order before the court can act under Rule 37 to remedy the party's violations of its discovery obligations." *See In re Katrina Canal Breaches Consol. Litig.*, Civil Action No. 05-4182, 2008 WL 4401970, at *9 (E.D. La. Sept. 22, 2008) (Wilkinson, J.). "The Court has wide latitude in determining the appropriate sanction for failure to comply with discovery," including discretion to dismiss a case with prejudice upon "a finding of bad faith or willful conduct" and other factors. *See Quintero v. Balboa Ins. Co.*, Civil Action No. 08-1527, 2009 WL 382506, at *1-2 (E.D. La. Feb. 11, 2009) (Vance, J.) (adopting report and recommendation). In any event, "[i]nstead of or in addition to the[] sanctions [otherwise available under Rule 37], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." *See* FED. R. CIV. P. 37(d)(3).

## II. Argument

Contrary to Plaintiffs' Opposition, and as more fully set forth in the Knauf Defendants' Motion to Dismiss, every reasonable effort was made to overcome Plaintiffs' respective failures to comply with discovery, and to no avail, counsel for Knauf Defendants has continuously conferred with Plaintiffs' counsel to secure the discovery.

After an agreed upon schedule, Phillips has not allowed the Knauf Defendants to inspect the Phillips Property in Mississippi and twice failed to appear for his deposition in Mississippi or in Louisiana after orders from this Court. Rec. Doc. 22666-1 at 4-5. Similarly, the Robinsons failed to make the Robinson Property available for inspection, failed to appear for their deposition, and never provided availability for a re-scheduled deposition. Rec. Doc. 22666-1 at 5-6. As to Jordan, the Jaramillos, and the Annetta Entities, the Knauf Defendants endeavored to secure their respective depositions but after months of attempts to schedule, availability was never provided, and the discovery deadline passed. Rec. Doc. 22666-1 at 6.

While the Knauf Defendants are sympathetic to the Plaintiffs' respective medical issues,[2] the Plaintiffs still have a responsibility to comply with discovery. In *Fisher v. Henderson*, 105 F.R.D. 515 (N.D. Tex. 1985), the court dismissed the matter when plaintiff repeatedly failed to appear for scheduled depositions. *Id.* at 517. Although the plaintiff cited health issues for the non-appearance, the court noted that "Rule 30 places the burden on the deponent to get an order

---

[2] The Knauf Defendants note that Plaintiffs have provided no documentation, such as a physician's letter, confirming their respective medical issues. *See e.g., Wright v. Zlotnick*, 230 F.Supp. 307, 308 (E.D. Pa. 1964) (dismissing matter after plaintiff failed to provide the promised physician's certificate to support failure to appear at deposition).

postponing the deposition, otherwise the duty to appear remains. . .," and the court concluded that dismissal was appropriate because "Plaintiff did nothing to relieve her burden, and in fact deliberately and without good cause ignored her duty to appear." *Id.* citing *Hepperle v. Johnston*, 590 F.2d 609 (5th Cir. 1979) and *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 259 (9th Cir. 1964).

### III. Conclusion

The Plaintiffs, and the Knauf Defendants therefore ask the Court to exercise its inherent power to impose sanctions, namely dismissal.[3] Alternatively, the Knauf Defendants request that this Court impose sanctions it deems appropriate under the circumstances, such as requiring Phillips and the Robinsons to make their respective Property available for inspection, compelling each of the above-referenced Plaintiffs to appear at their own cost for depositions within thirty days of such order, and allowing the Knauf Defendants to file dispositive motions, if appropriate, within a reasonable time after the depositions have been taken and the transcripts received.[4] The Knauf Defendants further request any additional relief deemed just and appropriate.

---

[3] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i).
[4] Considering the nature of Phillips' failure to comply with discovery, Phillips should be dismissed, or alternatively, should be required to appear in New Orleans for deposition.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
_____
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:	504.556.5549
Facsimile:	504.310.0275
Email:	kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of May, 2020.

/s/ *Kerry J. Miller*
_____
**KERRY J. MILLER**