UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

### SETTLEMENT CLASS COUNSEL'S RESPONSE TO THE COURT'S MAY 11, 2020 ORDER [REC. DOC. 22811]

Settlement Class Counsel hereby submit the following pursuant to the Court's May 11, 2020 Order [Rec. Doc. 22811] regarding Rizwan Ahmad ("Ahmad") and Dustin Fleetwood ("Fleetwood"):

**Rizwan Ahmad**: Ahmad (*pro se*) is an absent Class Member. He is an owner of a property located at 1690 Renaissance Commons Blvd., Apt. 1521, Boynton Beach, FL 33426, having 1,119 under air square feet. The Product ID for this property is Drywall with dimensions (Category "J"). Knauf remediated this property in the Pilot Program in 2014 for a total cost of $90,636.70 (*see* Moss & Associates ("Moss") project manager email, attached hereto as Exhibit "A"). The funds were paid to the contractor that performed the remediation for the benefit of Ahmad. Thus, these funds are considered a "prior payment" for Ahmad.[1] Ahmad did not make a GBI claim so he did not receive any funds for other losses.

---

[1] For purposes of applying the Allocation Model, all KPT Pilot Program payments for remediation of Chinese Drywall in the Knauf Settlement were included on the Master Spreadsheet for Eligible Class Members whose properties received this benefit, regardless of whether the funds were paid directly to Moss, the homeowner's independent contractor, or the homeowner. As explained by the Allocation Neutral, "roughly 2600 [Owners] have received prior payments in varying amounts related to their claims, typically from settlements with entities other than the [Taishan] Defendants. To determine an appropriate credit for an earlier payment received, I have assumed the settlement paid for a portion of the remediation,

Ahmad's primary complaint is that he is dissatisfied with the quality and scope of the Moss remediation in 2014. He contends the "whole construction work was sloppy" and the "[w]orkmanship was horrible." *See* Ahmad appeal [Rec. Doc. 22811], at 4. However, these problems relate to the benefits Ahmad received in the Knauf Settlement and are not pertinent to the application of the Allocation Model in the Taishan Settlement to Ahmad's Objective Criteria.

<u>Class Counsel Recommendation</u>: The Claims Administrator properly applied the Allocation Model to Ahmad's Objective Criteria: Ahmad is an absent Class Member; the Product ID for the property is Drywall with dimensions (Category "J"); the under air square footage is 1,119; and Ahmad's prior payments are $90,636.70, which is the amount Knauf paid to Moss & Associates for the remediation of Ahmad's property. Accordingly, Ahmad's appeal should be denied.

**Dustin Fleetwood**: Fleetwood (*pro se*) is an absent Class Member. Fleetwood submitted a Claim Form for a property located at 3517 Golden Drive, Chalmette, LA 70043, with four apartment units. In connection with the Claim Form, Fleetwood submitted an inspection report that identified MADE IN CHINA MEET[S] OR EXCEED[S] (Category "I"), but for Apartments A and B only (*see* inspection report, attached hereto as Exhibit "B"). The claim was denied for lack of proof of under air square footage, lack of proof of ownership, and failing to submit a signed and notarized Claim Form affidavit.

Fleetwood timely appealed his denial and submitted a copy of the act of sale, a signed and notarized Affidavit of Ownership, and an unsigned letter from a "license[d] contractor and home builder" stating that he "measured the under air square footage of 3517 Golden Dr. Chalmette, Louisiana 70043. Measurements are as follows: Unit A 1,000 Unit B 1,000 Unit C 1,000 Unit D

---

theoretically reducing the square footage for which additional remediation is necessary." Allocation Model [Rec. Doc. 22304-1], at 4.

1,000 A total of 4,000 Under air square footage." *See* Fleetwood appeal [Rec. Doc. 22811], at 20. Fleetwood alleges he previously provided this documentation to BrownGreer in 2013 and his "documents are getting lost." However, the exhibits Fleetwood attached in support of his appeal fail to demonstrate that any of this documentation was previously submitted.[2]

Class Counsel Recommendation: Fleetwood is not represented by counsel. The Claim Form and Product ID for Apartments A and B were timely submitted, but Fleetwood neither signed nor had the Claim Form notarized, and failed to submit proof of ownership and under air square footage. Under the Taishan Settlement, "[t]he record for appealing an Allocation Amount shall be limited solely to … the Objective Allocation Criteria in the Claim Form and supporting documentation submitted to the Claims Administrator by absent Class Members. Class Members may not submit any new or additional evidence for purposes of appealing his or her Allocation Amount determination." Taishan Settlement Agreement, Section 12.2.2.

It is within the Court's discretion whether to accept the newly submitted evidence on square footage and ownership to cure the procedural deficiencies associated with this claim. If the evidence is accepted, the question arises as to whether the letter from BJC Construction, Inc. is valid proof of under air square footage. If the Court determines the letter is sufficient, Class Counsel estimate the value of the claim for Apartments A and B is $4,461.75. Given that no evidence of Product ID was submitted for Apartments C or D, the claims for those units should be denied.

---

[2] In fact, the BJC Construction, Inc. letter that Fleetwood submitted for proof of under air square footage is dated January 31, 2020. Even if BrownGreer lost or deleted some of the documents submitted in 2013, as Fleetwood alleges, this proof of square footage is not one of them.

3

Respectfully submitted,

Dated: May 13, 2020

By: */s/ Stephen J. Herman*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
SHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047 and Settlement Class Counsel*

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047 and Settlement Class Counsel*

Patrick Shanan Montoya
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
Patrick@colson.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
757-233-0009
Rserpe@serpefirm.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 13th day of May, 2020. I further certify that the above and foregoing has been served on Rizwan Ahmad whose present address is 1690 Renaissance Commons Blvd., Apt. 1521, Boynton Beach, FL 33426 and email address is Rizwan_aa@hotmail.com, and Dustin Fleetwood whose present address is 3220 N. Arnoult Road #152, Metairie, LA 70002 and email address is dustinf2005@yahoo.com, *via* electronic and regular mail.

*/s/ Stephen J. Herman*