**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re:   **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** **SECTION "L"** |
| **This document relates to:** *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al; Peggy Powell v. Knauf Gips KG, et al; Wicler Pierre v. Knauf Gips KG, et al* **Case No. 14-cv-2722** | **JUDGE ELDON FALLON** **MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT
OF MOTION TO STRIKE SUPPLEMENTAL CLAIMS
IN AMENDED COMPLAINTS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Strike Supplemental Claims in Amended Complaints filed by Peggy Powell and Wicler Pierre.[1] R. Docs. 22826, 22827.  The amended complaints filed by Pierre and Powell represent the latest tactic to attempt to add untimely, new claims and allegations, which were previously denied by this Court, for claimants that have already been dismissed on summary judgment.

---

[1] The severed actions had not been given their own case numbers at the time of this filing but were filed in MDL-2047 and are related to the Bennett action captioned above.

1

Following a decade of MDL discovery and four years of pending Bennett claims, this

Court denied Plaintiffs' previous request to amend to add these same claims in a sixth amended

complaint. [2]  Then, after almost two years of Bennett discovery, the Pierre and Powell claims were

dismissed by this Court on summary judgment.  At the request of Pierre and Powell, and following

denial of class certification, this Court allowed their claims to be severed for the sole purpose of

allowing their individual appeals to proceed separate from the remaining Bennett claimants.

Instead, Pierre and Powell now attempt again to add untimely supplemental claims and allegations

*after* this Court previously denied leave to add those same claims, after the close of discovery, and

after the Pierre and Powell claims were dismissed.  As this Court previously determined, this will

only serve to cause undue delay and undue prejudice on the defendants and this Court. For those

reasons, and as more fully set forth below, the Court must strike the supplemental claims in the

Pierre and Powell amended complaints.

## I.       BACKGROUND

The Bennett matter was a purported class action filed on November 13, 2014 by Elizabeth

Bennett in the Northern District of Alabama.[3]  Ms. Bennett raised claims on her own behalf and

on the behalf of a nationwide class of similarly situated homeowners who allegedly suffered

damages due to the presence of defective Chinese drywall in their homes. The Plaintiffs raised

claims against the Knauf Entities for (1) negligence, (2) negligence per se, (3) strict liability, (4)

breach of express and/or implied warranty, (5) redhibition, (6) violations of the Louisiana Products

---

[2] R. Doc. 21991 (Order and Reasons denying Plaintiffs' Motion for Leave to File Sixth Amended Complaint adding claims for  (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) fraudulent concealment, and (4) fraud).

[3] On January 22, 2020, the Court granted Defendant's Motion to Deny Class Certification, finding that the predominance requirement of Rule 23(b)(3) was not satisfied. R. Docs. 22524, 22528. Specifically, the Court noted that the variety in the individual claims, which included personal injury and property damage claims, theories of liability, applicable state laws and defenses, and different damage calculations precluded the finding of predominance necessary to warrant class certification.

Liability Act, (7) private nuisance, (8) negligent discharge of a corrosive substance, (9)  unjust

enrichment, (10) violations of consumer protection laws, and (11) equitable and injunctive relief

and medical monitoring with respect to the manufacture of allegedly defective Chinese drywall.

In January 2015, the Judicial Panel on Multidistrict Litigation transferred the case to the Eastern

District of Louisiana and consolidated it with the *In re Chinese Manufactured Drywall Liability*

*Litigation*, MLD 09-2047, currently pending before this Court.

The Bennett complaint was amended several times with the Fifth Amended Complaint

being the operative complaint. R. Doc. 21334.  Plaintiffs sought to amend the complaint a sixth

time to add claims and allegations for (1) fraudulent misrepresentation, (2) negligent

misrepresentation, (3) fraudulent concealment, and (4) fraud.

On December 19, 2018, the Court denied Plaintiffs' request to amend their complaint a

sixth time to add the new claims.  R. Doc. 21991. The Court acknowledged that the new claims

came more than four years after Plaintiffs initially filed suit and recognized that the parties had

already issued, completed, and reviewed plaintiff profile forms and supplemental profile forms,

neither of which contemplated or included consideration of discovery, proceedings, dispositive

motions or trials based on these new proposed allegations and causes of action.  Therefore, based

on the Court's particularly broad discretion to manage its docket and the undue prejudice on the

Knauf Defendants, the Court denied Plaintiffs' motion for leave to add new claims in the sixth

amended complaint.[4]  R. Doc. 21991 (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d

278, 291 (5th Cir. 2006);  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989);

*In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012).

---

[4] As this Court is aware, several dispositive motions have been filed and Plaintiffs have continuously sought to oppose based on claims related to fraudulent concealment not included in the operative Fifth Amended Complaint. As set forth by the Knauf Defendants in their various replies supporting summary judgment, and here, Plaintiffs were denied leave to assert these claims and have not asserted or alleged these claims in an operative complaint.

At the end of discovery, the Knauf Defendants began to file dispositive motions targeting the claims of several individual plaintiffs. The Court granted summary judgment in Defendants' favor and against Plaintiffs Wicler Pierre on February 14, 2020, R. Doc. 22586, and Peggy Powell on March 6, 2020, R. Doc. 22615, on the grounds that their claims were barred under Florida and Mississippi's applicable statute of limitations.   Plaintiffs Wicler Pierre and Peggy Powell sought extensions of the deadline to file a Notice of Appeal and sought to sever their claims from the Bennett action in order to allow them to pursue an appeal in the United States Fifth Circuit separate and apart from the remaining Bennett claimants.

Recognizing that appeals are a lengthy process that may stall the adjudication of the other plaintiff claims, which have already been active for over six years, the Court concluded that these two individual claims should be severed in the interests of convenience and judicial economy, and the other claims allowed to continue to proceed before this Court. Therefore, the Court allowed the claims to be severed and directed Pierre and Powell to file separate complaints to obtain separate case numbers within MDL-2047 so that they may proceed to appeal separately. R. Doc. 22765.   Instead of filing a separate complaint consistent with the operative Fifth Amended Complaint which was dismissed as to Pierre and Powell and subject of the individual appeals, Pierre and Powell filed amending and supplementing complaints on May 12, 2020 attempting to add again claims and allegations for: (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) fraudulent concealment, (4) fraud, and (5) punitive damages. R. Docs. 22826, 22827.

## II.    LAW & ARGUMENT

Preliminarily, it must be noted that the amended complaints with supplemental claims were filed without leave of Court.  Unless the requirements of Fed. R. Civ. Proc. 15(a)(1) are met, a

party may amend its pleading only with the opposing party's written consent or the court's leave. The Knauf Defendants did not provide consent to add these new claims and vehemently object to the inclusion of these untimely, baseless claims.  Likewise, the Court has not granted leave to add new claims.

Leave to amend a complaint is governed by Rule 15(a)(2). Decisions concerning amendments of pleadings are "entrusted to the sound discretion of the district court...." *Quintanilla v. Tex. Television, Inc*., 139 F.3d 494, 499 (5th Cir. 1998) (quoting *Wimm v. Jack Eckerd Corp*., 3 F.3d 137, 139 (5th Cir. 1993)). District courts "have discretion to manage their docket." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). The trial court's discretion to deny leave to amend is "particularly broad" where, as here, a plaintiff has previously amended the complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). As outlined by the Supreme Court, this Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Although Rule 15(a) does not impose a time limit "for permissive amendment, 'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir.1992) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). There is undue and considerable delay and expense on the parties and the Court when new claims would require parties to reopen discovery and prepare additional theories and defenses of the case. *See Smith v. EMC Corp*. 393 F.3d 590, 595 (5th Cir. 2004); *see also Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 427 (5th Cir. 2004)

Moreover, in instances where a plaintiff seeks to amend a claim after the discovery deadline has passed, a "defendant suffers prejudice when an amended pleading adds a claim that would require the defendant to reopen discovery and prepare a defense for a claim that was not originally asserted." *Smith*, 393 F.3d at 596 (citing *Duggins v. Steak 'N Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999)). Indeed, leave to amend to add new claims may be denied when defendants would be unduly prejudiced by the amendment and because it is "the most expeditious way to dispose of the merits of the litigation." R. Doc. 21991 (quoting *In re Vioxx Prods. Liab. Litig*., No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012)). Additionally, it is more so appropriate to deny leave to amend to add new claims after the close of discovery. *See Smith*, 393 F.3d at 596 (affirming district court's denial of motion for leave to add new claims after the close of discovery on basis of undue delay and undue prejudice); *see also Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9245462, at *2 (E.D. Tex. Dec. 14, 2016), *aff'd*, 708 F. App'x 158 (5th Cir. 2017) (striking new claims in amended complaint after the close of discovery and outside scope of leave to amend granted by district court); *see also Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co*., No. CV 17-0491, 2019 WL 2233727, at *4 (E.D. La. May 23, 2019) (denying motion for leave to amend claims to add new claims after deadline for amendment of pleadings and after the close of discovery).

Here, law of the case and res judicata doctrines should apply in the instant matter based on the Court's prior orders denying Plaintiffs' request to add new claims in the sixth amended complaint. R. Doc. 21991. This Court should maintain consistency with its reasoning in the prior ruling denying leave to add new claims under the law of the case doctrine. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc*., 677 F.3d 720, 727 (5th Cir. 2012). Furthermore, the four elements of res judicata should apply: (1) the parties are identical or in privity; (2) the

6

judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action

was concluded by a final judgment on the merits; and (4) the same claim or cause of action was

involved in both actions. See *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.

2005).  Here, this Court has already conclusively denied leave to add these same claims, based on

the same issues, and between the same parties.

Furthermore, even if reconsidered, Pierre and Powell have not obtained consent and the

Knauf Defendants object to any amendment to the amended complaints other than the limited relief

provided by this Court to submit a separate complaint identical to the operative Fifth Amended

Complaint in Bennett to allow the dismissed claims of Pierre and Powell to proceed to appeal

separate from the remaining Bennett claims.[5]  Indeed, the sole and exclusive purpose of the Pierre

and Powell motion for extension to file a notice of appeal, motion to sever, and this Court's

granting of the motion to sever was to allow the dismissed Pierre and Powell claims to proceed to

appeal separately. Nowhere in the requested relief in the motion to sever, or in this Court's prior

ruling did it allow Pierre, Powell, or any Bennett claimant to add new claims after a decade of

MDL discovery, after six years of the pending Bennett action, and after this Court previously

denied the exact same requested relief over a year earlier.

The sole purpose of the current amended complaint can only be viewed as an underhand

tactic to add supplemental claims in disregard for the Court's prior rulings and to the undue delay,

cost, and prejudice to this Court and the Knauf Defendants.  Indeed, under Fifth Circuit law and

the sound discretion of this Court, these new claims cannot be allowed and should be stricken as

they would only serve to create undue delay and costs on the parties and undue prejudice on the

Knauf Defendants. *See Smith*, 393 F.3d at 596 (affirming district court's denial of motion for leave

---

[5] The Knauf Defendants note that several additional dispositive motions are pending and several others were previously granted dismissing plaintiff claims that will certainly be in a similar appellate posture as Pierre and Powell.

to add new claims after the close of discovery on basis of undue delay and undue prejudice); *see also Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9245462, at \*2 (E.D. Tex. Dec. 14, 2016), *aff'd*, 708 F. App'x 158 (5th Cir. 2017) (striking new claims in amended complaint after the close of discovery and outside scope of leave to amend granted by district court); *see also Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. CV 17-0491, 2019 WL 2233727, at \*4 (E.D. La. May 23, 2019) (denying motion for leave to amend claims to add new claims after deadline for amendment of pleadings and after the close of discovery). Therefore, for these reasons, the motion to strike should be granted and the supplemental claims and allegations of Pierre and Powell in the amended complaints inconsistent with the operative Fifth Amended Complaint in Bennett must be stricken, including claims and allegations for (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) fraudulent concealment, (4) fraud, and (5) punitive damages.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0275
Email: kmiller@fishmanhaygood.com

***Counsel for the Knauf Defendants***

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 13th day of May, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**