A True Copy
Certified May 20, 2020

Tyle W. Cayce

Clerk, U.S. Court of Appeals, Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 20-30120

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

---

GUILFORT DIEUVIL,

    Plaintiff - Appellant

v.

GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG; KNAUF INTERNATIONAL GMBH; KNAUF INSULATION GMBH; KNAUF UK GMBH; KNAUF AMF GMBH AND COMPANY, KG; KNAUF DO BRASIL, LIMITED; PT KNAUF GYPSUM INDONESIA; KNAUF GIPS KG; KNAUF PLASTERBOARD TIANJIN COMPANY, LIMITED; KNAUF PLASTERBOARD WUHU COMPANY, LIMITED; GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS COMPANY, LIMITED,

    Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:

    This appeal stems from the ongoing Chinese-Manufactured Drywall Products Liability Multi-District Litigation. In a recent unpublished opinion, this court dismissed a similar appeal because the appellant had waived his

No. 20-30120

appellate rights in a class settlement agreement. *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 794 F. App'x 387, 389 (5th Cir. 2019). We dismiss this appeal for the same reason and publish this opinion to avert further fruitless attempts at appellate review.

Appellant Guilfort Dieuvil joined the MDL in 2013, alleging his home contained defective Chinese-manufactured drywall. Dieuvil is subject to a class settlement agreement (the "New Claims Settlement Agreement") that details the process for resolving claims against appellees the Knauf Defendants[1] in the MDL. As part of that process, the district court awarded Dieuvil over $300,000 in damages. Dieuvil appeals the award, and the Knauf Defendants move to dismiss.

As we previously recognized, the New Claims Settlement Agreement expressly states that "[a]ny dispute under this Agreement shall be presented for resolution to the MDL court" and "[t]he MDL's determination *shall be final with no appeal.*" *Id.* (emphasis added). The New Claims Settlement Agreement incorporates another agreement that has a similar waiver of appellate rights. These explicit waivers clearly and unequivocally waive Dieuvil's right to appeal. *See id.*; *see also* 15A Charles Alan Wright et al., Federal Practice & Procedure § 3901 (2d ed. 2012) ("The most likely occasion for waiver arises from a settlement agreement that calls for resolution of some disputed matter by the district court, coupled with an explicit agreement that the district court decision shall be final and that all rights of appeal are waived.").

---

[1] The Knauf Defendants include appellees Knauf Plasterboard (Tianjin) Co., Ltd.; Knauf Plasterboard (Wuhu) Co., Ltd.; Guangdong Knauf New Building Material Products Co., Ltd.; Knauf Gips KG; Gebr. Knauf Verwaltungsgesellschaft KG; Knauf International GmbH; Knauf Insulation GmbH; Knauf UK GmbH; Knauf AMF GmbH & Co. KG; Knauf Do Brasil Ltd.; and Pt Knauf Gypsum Indonesia.

No. 20-30120

Accordingly, the Knauf Defendants' motion to dismiss for lack of jurisdiction is **GRANTED** and the appeal is **DISMISSED**.