UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

### SETTLEMENT CLASS COUNSEL'S RESPONSE TO THE COURT'S JUNE 3, 2020 ORDER [REC. DOC. 22870]

Settlement Class Counsel hereby submit the following pursuant to the Court's June 3, 2020 Order [Rec. Doc. 22870] regarding Kevin Kramer ("Kramer"):

Kramer is an absent Class Member. He is an owner of property located at 234 NW 15th Place, Cape Coral, Florida 33903 ("the Property"). Kramer timely submitted his Claim Form and supporting documentation to the Chinese Drywall Portal on February 11, 2020.[1] The supporting documentation included proof of ownership, proof of under air square footage, photographs of corrosion, an XRF report, and the notarized claim form affidavit. On February 25, 2020, the claim was denied for failure to submit sufficient evidence of Covered Chinese Drywall. Kramer timely filed an appeal.[2] According to his appeal, Kramer did not submit indicia of drywall markings as he "was attempting to avoid the destructive testing necessary to photograph the back side of the drywall." Kramer Appeal [Rec. Doc. 22870], at 2. Kramer contends the instructions of the Claims

---

[1] Kramer first submitted a Claim Form on January 22, 2020, along with a builder's floor plan, photographs of corrosion and an XRF report. Kramer amended his Claim Form on February 10, 2020, and submitted an appraisal. On February 11, 2020, Kramer uploaded his notarized claim form affidavit.

[2] Though Kramer's appeal was not filed on the docket until June 3, 2020, the appeal was sent via FedEx priority overnight to the United States District Court, Eastern District of Louisiana on March 24, 2020.

Administrator for filing a claim were unclear and "should have clearly stated that actual drywall photos are required." *Id.*

Kramer's appeal identifies instructions from BrownGreer, which state "[t]he best evidence of the presence of Chinese Drywall in the property ***is a photograph of the back of the drywall that shows the manufacturer*** or other identifying information….You may ***also*** submit photographs showing corrosion of certain wiring and metal objects in the property…" [Rec. Doc. 22870], at 5 (emphasis added). The above instructions were from and pertinent to the KPT/GBI settlement program. Nevertheless, these instructions make clear the photographs must identify the markings or manufacturer.

According to Section VI of the Claim Form, Proof Requirement #1 requires "photographic indicia, sales or delivery records, chain of custody records, inspection report(s) or other proof that demonstrates that the property contains or contained the Chinese Drywall identified above [*i.e.*, Covered Chinese Drywall]. If no markings are on the drywall, corroborating evidence must be submitted as identified in Section V." *See* Claim Form [Rec. Doc. 22305-6], at 5. Kramer identified the Covered Chinese Drywall in the Property as BNBM/ Dragon Board, C&K, and Chinese Manufacturer #2 in his initial Claim Form uploaded on January 22, 2020, and BNBM/ Dragon Board and white edge tape, boards with no markings or boards with no markings other than numbers or letters in his First Amended Claim Form submitted on February 10, 2020. Kramer did not submit any photographic indicia of drywall markings with either Claim Form.

Following the denial of his claim, Kramer hired a contractor to identify the markings of the drywall in the Property and submitted photographs with his appeal showing Drywall with dimensions (Category "J").

Class Counsel Recommendation: Kramer is a *pro se* absent Class Member. The Product ID for the Property is Drywall with dimensions (Category "J") and the under air square footage is 2,118 according to the assessor's record. Kramer's prior payments are $11,849.87.[3] The Claim Form, proof of ownership, proof of under air square footage and notarized affidavit were timely submitted, but the proof of Covered Chinese Drywall was not submitted until the appeal was filed. Under the Taishan Settlement, "[t]he record for appealing an Allocation Amount shall be limited solely to … the Objective Allocation Criteria in the Claim Form and supporting documentation submitted to the Claims Administrator by absent Class Members. Class Members may not submit any new or additional evidence for purposes of appealing his or her Allocation Amount determination." Taishan Settlement Agreement, Section 12.2.2. However, under circumstances similar to Kramer's, the Court has allowed the late submission of Product ID proof. *See* Order & Reasons [Rec. Doc. 22788]. Given that the appeal was timely filed, the *pro se* Class Member found the instructions of the Claims Administrator to be confusing, and sufficient indicia of Covered Chinese Drywall was provided, Class Counsel support granting the appeal. Class Counsel estimate the value of the claim is $4,462.01.

                                                          Respectfully submitted,

Dated:  June 4, 2020                            By: */s/ Stephen J. Herman*
                                                          Russ M. Herman (Bar No. 6819)
                                                          Leonard A. Davis (Bar No. 14190)
                                                          Stephen J. Herman (Bar No. 23129)
                                                          Herman, Herman & Katz, LLC
                                                          820 O'Keefe Avenue
                                                          New Orleans, LA 70113
                                                          Phone: (504) 581-4892
                                                          Fax: (504) 561-6024
                                                          SHerman@hhklawfim.com
                                                          *Plaintiffs' Liaison Counsel MDL 2047 and*
                                                          *Settlement Class Counsel*

---

[3] This amount was provided by BrownGreer. Kramer stated his prior payments are $6,266 in the Claim Form he submitted under penalty of perjury.

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047 and Settlement Class Counsel*

Patrick Shanan Montoya
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Telephone:  (305) 476-7400
Facsimile:  (305) 476-7444
Patrick@colson.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
757-233-0009
Rserpe@serpefirm.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 4th day of June, 2020. I further certify that the above and foregoing has been served on Kevin Kramer whose present address is 118 Grand Canal, Newport Beach, CA 92662 and email address is fykramer@yahoo.com, *via* electronic and regular mail.


*/s/ Stephen J. Herman*