UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS
LIABILITY LITIGATION                              CIVIL ACTION
                                                  Case 2:09-md-02047-EEF-JCW
                                                  SECTION "L" (5)

### CLAIMANTS VALENTINE AND KIM FREGO AND FRED L. NOLTE'S OBJECTION AND APPEAL OF THE SETTLEMENT ADMINISTRATOR'S DENIAL OF TAISHAN CLAIMS

COME NOW Claimants Valentine and Kim Frego (Claimant ID 104751) and Fred L. Nolte (Claimant ID 104748), and move this court for relief by (1) allowing an extension of the time period to appeal the Settlement Administrator's denial of these claims, and/or (2) by overturning the Settlement Administrators denials of these claims and/or (3) any other appropriate relief within the power of this Court to prevent the total elimination of these valid claims. In support of this motion, Claimants state the following:

### Summary

These two claims were denied because one of them failed to submit a deed, and the other failed to submit a property tax document showing under air square footage. These deficiencies were corrected three days after receiving notice of the same. Both claimants in this motion have been registered with the Brown Greer Settlement Portal since 2013, and both claimants have provided multiple documents and supplements, as requested by the Claims Administrator and class counsel at various times. Both of these claimants received denial notices on February 25, 2020, based on easily correctable document supplementations. On February 28, 2020, three days later, both claimants uploaded the requested documents[1] and filed their appeal. Unfortunately, because

---

[1] These documents do not contest the "allocation amounts" from the Settlement Administrator, but simply verified the previously supplied information regarding their respective claims, which

of a miscommunication with the claims center, the appeals were uploaded to the portal, instead of filed with the Clerk of this Court. Claimants now request that the Court consider the appeals filed with the claims portal on February 28, 2020 as if they were filed with this Court's Clerk on the same day, as well as any other relief deemed appropriate by the Court.

## Timeline of Document Filings Regarding Claimants

### Fred L. Nolte (Claimant ID 104748)

06/21/2013: Registration Form filed on the portal (Claim Doc ID 7039) (Exh.A).

10/25/2013: Miscellaneous Claim Form filed on the portal (Claim Doc ID 174454) (Exh.B).

01/13/2014: Plaintiff Profile Form filed on the portal (Claim Doc ID 315588) (Exh.C).

01/13/2014: Photographs of drywall showing the requisite indicia filed on the portal (Claim Doc ID 315589) (Exh.D).

04/15/2015: Claimant's Taishan Evidence Form submitted on the portal (Claim Doc ID 327086) (Exh.E).

02/12/2020: Absent Class Member Taishan Claim Form and Owner Affidavit filed on the portal (Claim Doc ID 372877-372878). (Exh.F).

02/28/2020: Proof of Ownership and Notice of Appeal filed on the portal (Claim Doc ID 373179-373184) (Exh.G).

---

had been active for nearly seven years. Claimants were never listed on the Master Spreadsheet, never received an allocation amount, and so never had the opportunity to contest said amount.

**Claimants Valentine & Kimberly Frego (Claimant ID 104751)**

6/21/2013: Registration Form filed on the portal (Claim Doc ID 70557) (Exh.H).

10/25/2013: Miscellaneous Claim Form filed on the portal (Claim Doc ID 174519) (Exh.I).

01/13/2014: Plaintiff Profile Form filed on the portal (Claim Doc ID 315603) (Exh.J).

01/13/2014: Photographs of drywall showing the requisite indicia filed on the portal (Claim Doc ID 315604) (Exh.K).

04/15/2015: Claimants' Taishan Evidence Form submitted on the portal (Claim Doc ID 327044) (Exh.L).

02/12/2020: Absent Class Member Taishan Claim Form and Owner Affidavit filed on the portal (Claim Doc ID 372881-372882) (Exh.M).

02/28/2020: Proof of Square Footage and Notice of Appeal filed on the portal (Claim Doc ID 373182-373183) (Exh.N).

**Argument**

"In a class action settlement, a court retains special responsibility to see to the administration of justice." In re Cendant Corp. Prides Litig., 233 F.3d 188, 194 (3d Cir.2000). This Court has supervisory power over this MDL, and this Court has inherent power to manage its own docket. This Court therefore has ample authority to grant the relief requested, which is a matter of internal MDL procedure. In the present case, these claimants have valid claims, yet are on the verge of being denied any compensation for their loss.

Claimants Nolte and Frego filed their claims in 2013 and updated their claims on multiple occasions. On October 31, 2019, the Revised Master Spreadsheet [Doc. 22355-1] did not list either of them as a "known class member." Accordingly, on February 12, 2020, Claimants completed and uploaded the Absent Class Member claim form. (Exh.F, M). On February 25, 2020, the Claims Administrator emailed denial notices for each of these claims (Exh.O). The denial notices failed to provide a clear written procedure of how to submit claimants' appeals. (Exh.O). Claimants' counsel was aware that previous deficiency notices from the Settlement Administrator have directed the claimant to appeal by filling out a "notice of appeal" on the portal at "htttps://www3browngreer.com/drywall." The February 25, 2020 denial notices at issue allowed 30 days to appeal and simply stated that Claimant should present a written objection to the Court. (Exh.O). Claimants' counsel was uncertain as to <u>where</u> the appeal should be filed, either on the portal, which would transmit the document to the Court, or directly with the Federal Court Clerk of the Eastern District of Louisiana. On February 28, 2020, Claimants' counsel's office called and spoke with a Brown Green representative about <u>how</u> to file the appeal. (Exh. P, Affidavit of Elizabeth Wright Yzaguirre). The Brown Greer representative did not know how to file an appeal, but said that she would find out and email Claimants' counsel. The Brown Greer representative admitted that the claims representatives did not fully understand the process, and that more specifics about the "nuts and bolts" of the procedure was necessary. (Exh.P). On February 28, 2020, Brown Greer responded by email and instructed that the appeal should be filed using the "regular filing procedure." (Exh.Q, email from Brown Greer dated February 28, 2020). Based on past experience with these claims, the "regular filing procedure" reasonably conveyed that filing on the portal was how to appeal. Claimants' counsel mistakenly believed that said appeals would be transmitted to the Court for a ruling. Claimants submit this constitutes good cause for granting the requested relief.

On February 28, 2020, three days after the denial, Claimants submitted their appeals by uploading the appeals to the portal (Doc ID 373184 and 373183). For Mr. Nolte, the appeal included two deeds (Doc ID 373179-373180), and a property tax appraisal form (Doc ID 373181). (Exh.G). These documents clearly indicated that the owner of the property was Fred L. Nolte. For Mr. and Mrs. Frego, the appeal included a property tax appraisal from the Baldwin County Revenue Commission, showing the under air square footage of the property. (Exh. N).

The first sentence of the appeal filed on the portal states the following:

"Please let this serve as claimants' appeal of the denial of this claim."

(Exh.G,N). Brown Greer never emailed, issued a notice or otherwise communicated that these appeals were deficient or erroneously filed. Had such communication occurred, Claimants' counsel had more than adequate time (27 days) to file the very same documents with the Clerk of the Eastern District of Louisiana.

In recent days, after not receiving payment of this claim, Claimants' counsel discovered the filing error and now files this motion requesting assistance from the Court. Claimants hereby request that this Court consider the appeals filed to the portal on February 28, 2020, as being timely filed with the Clerk of this Court, for the Court's current consideration. If the Court denies these appeals, two homeowners will be left without any ability to remediate the defective drywall throughout their home. It would be manifestly unjust for these appeals to be denied when claimants have taken many steps for the past seven years to preserve their claims, and the Claimants provided notice of these claims in 2013. Claimants request one or more of the following relief: (1) extend the time period for filing this appeal based on the circumstances stated herein, (2) overturn the denial of this claim based on the documents filed with the portal on February 28,

5

2020, and (3) any other relief available within the powers of this Court, as deemed appropriate by this Court.

          Respectfully Submitted,
          TAYLOR MARTINO, P.C.,
          Attorney for the Claimants

          */s/ Edward P. Rowan*_____
          EDWARD P. ROWAN (Fed Bar ID ROWA3430)
          Post Office Box 894
          Mobile, Alabama 36601
          Phone: (251) 433-3131
          Email: ed@taylormartino.com

OF COUNSEL:
TAYLOR MARTINO, P.C.
455 St. Louis St.; Ste 2100
Mobile, Alabama  36602
(251) 433-331
(251) 433-4207 (Fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the MEC/ECF system which will send notifications to all counsel of record.

          /s/ Edward P. Rowan
          EDWARD P. ROWAN