UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Chinese Manufactured Drywall Products  Liability Litigation** | **MDL 09-md-2047** |
| | **SECTION "L"** |
| ***This Document Relates to:*** | **JUDGE ELDON E. FALLON** |
| ***Guilfort Dieuvil 13-609*** | **MAGISTRATE MICHAEL B. NORTH** |

<u>**MOTION FOR STATUS CONFERENCE**</u>

**NOW INTO COURT,** through undersigned counsel, come Defendants, Knauf Gips, KG and Knauf Plasterboard (Tianjin) Co, Ltd. (the "Knauf Defendants"), who respectfully submit this Motion for Status Conference regarding Claimant, Guilfort Dieuvil and aver as follows:

1.

Dieuvil filed claims as a class member to the Knauf Class Settlement Agreement. Dieuvil's Knauf Class Settlement Agreement claim was denied by the Special Master on November 22, 2017.

2.

On January 27, 2020, following extensive briefing and hearing, this Court reviewed and reversed the Special Master's decision in-part, and determined that Claimant was eligible to receive benefits from the Knauf Class Settlement Agreement.  (R. Doc. 22527).

3.

Specifically, following deduction of GBI amounts awarded to Dieuvil, and assigned to the Knauf Defendants pursuant to the Knauf Class Settlement Agreement, this Court found Dieuvil to

be eligible to receive benefits in the amount of $343,672.06 from the Knauf Class Settlement Agreement as an Option 3 claimant.

4.

Pursuant to the Knauf Class Settlement Agreement, the Court's decision as to Dieuvil's settlement claim was a final, non-appealable judgment.[1]

5.

Following the ruling, the Knauf Defendants prepared and sent to Plaintiff's Liaison Counsel and Dieuvil the required Option 3 documents all class members must execute in order to release the funds: (1) Option 3 individual release, (2) lienholder release, and (3) affidavit of notice in the public records.  This documentation was required by all Option 3 class members and is required by Section 4.3.3 of the Knauf Class Settlement Agreement.[2]

6.

Mr. Dieuvil refused to execute any of the Option 3 documents.

7.

A constructive dialogue between the parties continued in terms of the necessary releases required under the Knauf Class Settlement Agreement as a prerequisite to releasing benefits. Indeed, on February 17, 2020, and given the unique circumstances of Dieuvil's property being partially remediated, the Knauf Defendants informed Dieuvil that they would not require the

---

[1] Section 4.2.9 of the Knauf Class Settlement Agreement; *see also In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 18-31223, 2019 WL 6798384, at *1, __ Fed. Appx. __(5th Cir. 2019).

[2] Section 4.3.3 of the Knauf Class Settlement Agreement relative to Option 3 claims states in pertinent part: The KPT Property Owner may select this option only (i) if there is no mortgage or other lien on the property, or if the KPT Property Owner provides a release by the Mortgagee(s) or Lienholder(s) to the Knauf Defendants and Other Releasees; (ii) if the KPT Property Owner records the existence of reactive Chinese Drywall in the local property clerks' office, if permitted by local law; and (iii) covenants to inform subsequent purchasers of the KPT Property of the presence of KPT Chinese Drywall by stating under oath in application for this benefit that 'I will inform any subsequent purchaser in writing that there is reactive KPT Chinese Drywall in the KPT Property and I will defend and indemnify the Knauf Defendants and any other person or entity released by the Settlement against claims asserted by subsequent purchasers arising from KPT Chinese Drywall.'"

affidavit of notice in the public records.  Still, Mr. Dieuvil refused to execute any of the other necessary Option 3 documents. Instead of continuing this constructive dialogue and/or seeking clarification from this Court, Dievuil filed a Notice of Appeal of this Court's final, non-appealable judgment on February 19, 2020.

8.

The Knauf Defendants moved to dismiss the appeal for lack of jurisdiction.

9.

On May 20, 2020 the U.S. Fifth Circuit Court of Appeals dismissed Dieuvil's appeal for lack of jurisdiction finding this Court's order was a final, non-appealable judgment. *In re Chinese-Manufactured Drywall Prod. Liab. Litig*., No. 20-30120, ___F.3d___, 2020 WL 2553650, at *1 (5th Cir. May 20, 2020).

10.

On June 8, 2020, undersigned counsel resent the Option 3 documents for Dieuvil to execute along with the other record owners of the Affected Property.  Mr. Dieuvil and the other current co-owners, including Magdadene Dieuvil, wife of Guilfort Dieuvil, refused to execute the Option 3 documents, and  instead, demanded that the Knauf Defendants release the funds despite the fact Ms. Dieuvil recently filed new claims against the Knauf Defendants for Chinese drywall in the United State District Court for the Southern District of Florida (No. 20-cv-14099, *Magdadene Dieuvil v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al*.).[3]

---

[3] Undersigned counsel was alerted to the new action recently through public records. The Knauf Defendants were never given notice from Dieuvil of these new claims nor were they served in accordance with applicable law.

11.

For these reasons, the Knauf Defendants respectfully request a status conference with the Court to discuss the next steps in this matter in order to finally, and conclusively dispose of all claims and actions with respect to Dieuvil's Affected Property.

Respectfully submitted,

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170
Telephone:      (504) 556-5549
Facsimile:      (504) 310-0275
Email:          kmiller@fishmanhaygood.com
Email:          pthibodeaux@fishmanhaygood.com
Email:          ddysart@fishmanhaygood.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to File and Serve Xpress in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this the 11th day of June, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**