# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

## ORDER & REASONS

Pending before the Court are objections to and appeals from Brown Greer's determination of eligibility for settlement funds and the allocation of said funds filed by Dorothy LaFrance, R. Doc. 22799, Rizwan Ahmad, R. Doc. 22811, Dustin Fleetwood, R. Doc. 22811, Kevin Kramer, R. Doc. 22870, Valentine and Kim Frego, R. Doc. 22873, Fred L. Nolte, R. Doc. 22873, Christopher Baker, R. Doc. 22718-2, and Gary Fredericks, R. Doc. 22718-3. The Court has previously ruled on twenty-five similar appeals. R. Doc. 22788. In its previous ruling, the Court considered the objections raised by Christopher Baker and Gary Fredericks but deferred ruling until Settlement Class Counsel provided additional documentation regarding the claims. Settlement Class Counsel has complied with this order. R. Doc. 22798. Settlement Class Counsel has also filed responses with respect to the other claimants. R. Docs. 22802, 22847. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

## I.       BACKGROUND

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of foul-smelling gas, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014).

In an attempt to recoup their damages, these homeowners began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation in accordance with 28 U.S.C § 1407. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were transferred and consolidated for pretrial proceedings in MDL 09-2047 before this Court.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities and (2) the Taishan Entities. The litigation has focused upon these two entities and their downstream associates and has proceeded on strikingly different tracks for the claims against each group. The Court assumes familiarity with the lengthy procedural history of this case

and accordingly comments only upon recent developments involving the Taishan Settlement Agreement that underly this Order and Reasons.

On January 10, 2020, the Court granted final approval to the Taishan Settlement Agreement, which obligated the Taishan Entities to pay $248,000,000 to fully resolve all claims of the *Amorin* class, the plaintiffs named in the *Brooke* complaints, and any other property owners with Chinese drywall attributable to Taishan ("Absent Class Members"). R. Doc. 22460. The settlement funds are "intended to provide compensation for all property and remediation damages as well as Other Losses." R. Doc. 22305-2 at 21. The Settlement specifically excludes 498 Florida *Amorin* Plaintiffs who received a separate settlement from Taishan (the "Parker Waichman Settlement"), the plaintiffs involved in the *Mitchell* action,[1] and plaintiffs whose claims were previously voluntarily dismissed or dismissed for failure to complete a Supplemental Plaintiff Profile Form. R. Doc. 22305-2 at 5. Class Members who have not opted out are deemed to have fully released any and all claims, as defined by the Settlement Agreement, against Taishan and the Additional Released Parties,[2] and are barred from bringing or continuing suit on a released claim against these entities. R. Doc. 22305-2 at 19-20.

The amount a plaintiff receives under the Settlement Agreement has been determined by a Court-appointed Allocation Neutral. R. Doc. 22305-2 at 20-21. Mr. J. Cal Mayo, Jr., the Allocation Neutral, developed an allocation model to determine the proper allocation and distribution of settlement funds among all the affected properties and eligible class members. R. Doc. 22304. This

---

[1] On July 8, 2019, the Court denied Mitchell's motion seeking certification of a homebuilder class. R. Doc. 22287. On August 22, 2019, the Court suggested that the *Mitchell* matter be remanded to state court in Florida. The Court noted that remand was appropriate because the purpose behind consolidating these related actions in this Court had been served. The Court had addressed numerous discovery disputes, dispositive motions, and other pretrial issues involving facts and legal questions common to the various cases in this MDL proceeding. No further pretrial motions raising common questions were pending in these cases, and remand to the transferor court appeared to be in the interest of judicial efficiency and fairness to the parties.

[2] The released parties are Taishan, BNBM, BNBM Group, CNBM, CNBM Group, and the State-Owned Assets Supervision and Administration Commission of the State Council ("SASAC"). R. Doc. 22392-3 at 20.

model attempts to "strike a balance between property-specific allocation, on the one hand, and efficient and effective allocation, on the other hand." R. Doc. 22304-1 at 2. To that end, the allocation model considers a number of "objective allocation criteria," including square footage of the Affected Property, whether the claimant was an *Amorin* plaintiff, a *Brooke* plaintiff, or an Absent Class Member, product identification, and the prior receipt of settlement funds. R. Doc. 22304-1. The allocation model does not consider the national average construction cost based on zip codes, ownership status, remediation status, or the value of other losses. R. Doc. 22304-1. The Settlement provides for a single allocation for each Affected Property, such that settlement awards may need to be divided among eligible class members with competing claims to the same property. The allocation model does not consider, nor does the Settlement provide compensation for personal injury claims, but such claims shall nevertheless be released pursuant to the Agreement. R. Doc. 22397-1 at 23.

Following preliminary approval on August 29, 2019, Class Members were able to access the allocation model on the Settlement website and on the Court's docket. A Master Spreadsheet of Known Class Member Claims was also posted and filed, providing class members who had submitted sufficient proof of covered Chinese drywall with the ability to review the objective criteria used to calculate the value of their claim. Class Members had the opportunity to dispute the information on the Master Spreadsheet by October 3, 2019. One hundred and nine challenges were made, and a Revised Master Spreadsheet was filed with the Court on October 31, 2019. R. Doc. 22355-1. It was also posted on the Settlement Website, and a Challenge Determination Notice was sent to each affected Class Member. Following final approval, Absent Class Members and Class Members excluded from the Master Spreadsheet for lack of Product ID were given until February 12, 2020 to submit a Claim Form to Brown Greer. Brown Greer sent letters accepting or

4

denying these claims on February 25, 2020, informing claimants that they had until March 26, 2020 to object.

Subsequently, Brown Greer revised the Master Spreadsheet to reflect these additional accepted claims. R. Doc. 22649-1. On March 6, 2020, Brown Greer sent Notice of Allocation Amount Determinations to all Eligible Class Members identified on the spreadsheet and informed them that they could appeal their allocation determination within thirty days. In total, the Court has received twenty-seven objections and appeals. Having carefully considered the arguments on both sides, the Court now rules as follows.

## II.      THE OBJECTIONS

### A. Dorothy LaFrance [R. Doc. 22799]

Dorothy LaFrance is an absent Class Member whose claims involve a property located at 2316 Caluda Lane, Violet, Louisiana. Her claim was denied for lack of proof of Product ID. Ms. LaFrance argues that evidence of Product ID was provided by New Orleans Area Habitat for Humanity, an organization to which she assigned all Chinese drywall-related claims save for those related to personal property damage. LaFrance argues that Habitat for Humanity introduced evidence of Product ID to the Settlement Administered when it pursued its remediation claim for the property. Settlement Class Counsel recommends overturning the denial of her claim and awarding Ms. LaFrance damages for "Other Losses." R. Doc. 22708 at 3.

The Court will overturn the denial of this claim. Ms. LaFrance's remediation agreement with Habitat for Humanity specifically assigns Ms. LaFrance's claims and causes of action involving Chinese drywall, apart from those involving personal property damages, to Habitat for Humanity. Specifically, it provides that the organization "shall have the exclusive right to bring any action or claim in connection with any property damage related to CDW and affected

materials." R. Doc. 22802-1 at 5. Having assigned the rights to all other claims or payments, Ms. LaFrance is only entitled to recover for personal property losses under the Settlement Agreement. However, these types of claims, which the Allocation Model refers to as "other losses," are recoverable. A plaintiff who has retained an Other Loss claim is entitled to receive 7.5% of the total awarded in compensation for both remediation damages and Other Losses. Having expressly retained personal property claims for her own benefit, Ms. LaFrance is entitled to receive compensation for them in accordance with the Allocation Model.

**B. Rizwan Ahmad [R. Doc. 22811]**

Rizwan Ahmad is a *pro se* absent Class Member whose claims involve a property located at 1690 Renaissance Commons Blvd., Apt. 1521, Boynton Beach, Florida. Mr. Ahmad appeals his allocation amount determination and argues that it should be higher. Settlement Class Counsel recommends denying this appeal because Mr. Ahmad does not argue or otherwise indicate that the Settlement Administrator made any errors when calculating his allocation amount.

The Court will deny this appeal. Allocation amounts are determined by the Settlement Administrator's consideration of certain objective criteria, such as under air square footage, product ID, and prior payments received. Mr. Ahmad's appeal does not allege that any of the objective criteria considered when evaluating his claim was incorrect. Mr. Ahmad's primary contention appears to be with the quality of the remediation work performed on his property by Moss & Associates, for which the company was paid $90,636.70 in connection with the Knauf Settlement. Notably, Mr. Ahmad's allocation amount properly reflects this substantial prior payment, as is required by the terms of the Taishan Settlement Agreement.

### C. Dustin Fleetwood [R. Doc. 22811]

Dustin Fleetwood is a *pro se* absent Class Member whose claims involve a four-unit apartment complex located at 3517 Golden Drive, Chalmette, Louisiana. Mr. Fleetwood's claim was denied for lack of proof of under air square footage, lack of proof of ownership, and failing to submit a signed and notarized claim form. R. Doc. 22847 at 2. Mr. Fleetwood appealed this denial, submitting a copy of the act of sale, a signed and notarized claim form, and a letter from a general contractor indicating that each unit in the property had 1,000 feet of under air square footage, for a total of 4,000 square feet. Settlement Class Counsel recommends denying the appeal but notes that it is within the Court's discretion to accept this newly submitted evidence.

The Court will grant this appeal. The Court has previously overlooked procedural deficiencies in this matter, particularly for *pro se* claimants and will do so in this case as well. Accordingly, the Court will accept the newly submitted evidence of proof of ownership and under air square footage, as well as the signed and notarized claim form. However, because Mr. Fleetwood only submitted evidence of Product ID with respect to Apartments A and B, his claim was correctly denied with respect to Apartments C and D as the materials submitted with his appeal do not cure the deficiency.

### D. Kevin Kramer [R. Doc. 22870]

Kevin Kramer is a *pro se* absent class member whose claims involve a property located at 234 NW 15th Place, Cape Coral, Florida. Mr. Kramer's claim was denied for failure to submit evidence of Covered Chinese Drywall. Mr. Kramer appeals the denial of his claim, arguing that he did not submit any photographs of the drywall located in his property in an attempt "to avoid the destructive testing necessary to photograph the back side of the drywall." R. Doc. 22870 at 2. Instead, he submitted photographs of corrosion and an inspection report indicating the presence of

Chinese drywall in the property, assuming "this would be enough." R. Doc. 22870 at 2. After his claim was denied, Mr. Kramer hired a contractor who identified drywall with Category J markings in the property. Photographs of this drywall was submitted to Brown Greer in connection with his appeal. Despite the fact that Mr. Kramer's submission of proof of Product ID was untimely under Section 12.2.2 of the Taishan Settlement Agreement, Settlement Class Counsel recommends granting this appeal.

The Court will grant this appeal. Although Mr. Kramer's submission of photographs depicting Covered Chinese Drywall were submitted in contravention of Section 12.2.2., which prohibits class members from submitting new evidence on appeal, the Court has overlooked such procedural deficiencies in the past. *See* R. Doc. 22788 at 10. Accordingly, the Court is prepared to excuse the procedural issues with Mr. Kramer's request and grant his appeal because he ultimately submitted competent evidence indicating that his property contained Covered Chinese Drywall.

### E. Christopher Baker [R. Doc. 22718-2]

The Court addressed Mr. Baker's argument in its Order and Reasons dated May 5, 2020 but deferred ruling on the issue until additional documentation regarding Product ID was provided.[3]

Christoper Baker is a *Brooke* Plaintiff with claims involving a property located at 34131 Pennacook Drive, Dade City, Florida. Mr. Baker objects to his Product ID, which is set forth on the Master Spreadsheet as MADE IN CHINA MEET[S] OR EXCEED[S] (Category I). Mr. Baker contends his home contained TAIAN TAISHAN markings and Taihe edge tape, and accordingly

---

[3] In part, Baker objected to his classification as a *Brooke* Plaintiff rather than an *Amorin* Plaintiff because he and his attorney began "working together" before the *Amorin* class was certified. Settlement Class Counsel recommended denying this appeal because the *Amorin* class consisted of individuals who were "named Plaintiffs on the complaints in *Amorin*, *Germano*, *Gross*, and/or *Wiltz*," and because Mr. Baker was not a named Plaintiff on any of these complaints. R. Doc. 22730 at 3. In its Order and Reasons, the Court concluded that Baker is correctly identified as a *Brooke* class member because he is not a named Plaintiff in either the *Amorin*, *Germano*, *Gross*, and/or *Wiltz* complaints. R. Doc. 22788 at 17.

should be Category H. Settlement Class Counsel recommends denying this appeal on Product ID grounds because Mr. Baker failed to timely appeal the determination after publication of the Master Spreadsheet and because an inspection report submitted in connection with his claim includes photographs of drywall displaying Category H markings. In its Order and Reasons dated May 5, 2020, the Court explained that it was unclear whether the photograph of drywall bearing Category H markings included in the inspection report was a photograph of drywall found in Mr. Baker's home or solely provided for comparison. R. Doc. 22788. Accordingly, the Court ordered Settlement Class Counsel to provide to the Court any documentation submitted in conjunction with Mr. Baker's claim that could indicate what type of drywall was discovered in Baker's property.

Settlement Class Counsel responded to the Court's order on May 6, 2020. Class Counsel represents that the inspection report is the *only* documentation submitted in support of Mr. Baker's claim. They explain, "No other photographs or indicia were submitted by Baker for this property." R. Doc. 22798 at 1. Further, Settlement Class Counsel reiterates its position that the inspection report contains photographs of drywall bearing the Category I markings "MEETS OR EXCEEDS ASTM C1396-04 STANDARD." Page 7 of the report states "See the next page for comparison." The following page "shows two exemplar black and white photographs" bearing the markings "MADE IN CHINA MEETS OR EXCEEDS ASTM C1396 04 STANDARD" and Taihe Edge Tape. Settlement Class Counsel explains that these are not photographs of Baker's property but are instead photographs from the Court's Photo Catalog in PTO 10. R. Doc. 22798 at 1–2. Accordingly, Settlement Class Counsel recommends upholding the classification of this drywall at Category I. R. Doc. 22798 at 2.

The Court has reviewed the materials submitted in support of Mr. Baker's claim and is unable to reach a determination at this time. Although Class Counsel notes that the photographs

displaying Category H drywall contained in the inspection report are derived from the Court's PTO 10 photograph catalog and are meant for comparison purposes only, the Court has not found these photographs in PTO 10. Accordingly, the Court will reserve ruling at this time and set a status conference to discuss the matter with the parties in the near future.

### F.  Gary Fredericks [R. Doc. 22718-3]

The Court addressed Mr. Fredericks' argument in its Order and Reasons dated May 5, 2020 but deferred ruling on the issue until additional documentation was provided.

Gary Fredericks is a *pro se* absent Class Member with claims involving a property located at 3636 Meadowlark Drive, Gulfport, Mississippi. Settlement Class Counsel recommends denying this appeal because Fredericks failed to submit a Claim Form or any proof of covered Chinese drywall. Mr. Fredericks submitted a notarized Owner's Affidavit on February 5, 2020. Settlement Class Counsel notes that while Mr. Fredericks did not submit a Taishan Settlement Claim Form, he submitted a Verification of Claims Form on January 27, 2020. The Verification of Claims Form was used in the GBI Settlements, not the Taishan Settlement.

The Court noted that although Mr. Fredericks had not complied with the procedural requirements of the Taishan Settlement, he had attempted to provide some proof of his claims. The Court deferred ruling on his appeal and ordered Settlement Class Counsel to supply the materials submitted by Mr. Fredericks, if any, in support of his claim. R. Doc. 22788 at 17.

Settlement Class Counsel responded to the Order on May 6, 2020. As Settlement Class Counsel explains, "After searching the BrownGreer portal, it appears as though the only additional document provided by Mr. Fredericks is the lab results of the mold test in the property." R. Doc. 22798. Settlement Class Counsel provided the Court with the lab results. R. Doc. 22798-1. Settlement Class Counsel argues that the denial of this claim should be upheld because neither the

lab results, nor the photographs included therein, identify any markings of Covered Chinese Drywall in the property. R. Doc. 22798 at 2.

The Court will uphold the denial of this claim. Although the Court has excused procedural deficiencies with regards to the Taishan Settlement, Mr. Fredericks failed to submit a Taishan Claims Form, instead submitting a claims form used in other settlements within this MDL. Further scrutiny into the matter has revealed that the only evidence Mr. Fredericks has submitted in this MDL documents the presence of corrosion on his property, but not the presence of drywall sheets bearing the markings of Covered Chinese Drywall. Accordingly, Mr. Fredericks has not sufficiently proven that his property contained drywall subject to this Settlement Agreement.

### G. Valentine and Kim Frego [R. Doc. 22873]

Valentine and Kim Frego are absent class members whose claims involve a property located at 808 Bishop Road, Fairhope, Alabama. Their claims were denied for failure to submit proof of under air square footage. The Fregos aver the deficiency was corrected within three days of receiving notice of the denials, but that, due to a "miscommunication with the claims center" their appeals and relevant documents were uploaded to the Brown Greer portal, rather than filed with the Court. R. Doc. 22873 at 1–2. The Fregos argue that the denial notice they received "failed to provide a clear written procedure of how to submit claimants' appeals." R. Doc. 22873 at 4. The Fregos further explain that their attorney, questioning where to file an appeal, contacted Brown Greer and was advised to use the "regular filing procedure." R. Doc. 22873 at 4. The attorney construed this to mean that any appeal should be filed on the portal, "mistakenly believing that said appeals would be transmitted to the Court for a ruling." R. Doc. 22873 at 4. The Fregos explain the error was discovered when payment of the claim was never received. Settlement Class Counsel

11

notes that it is within the Court's discretion to overlook the Fregos' counsel's failure to timely file in the appropriate manner.

The Court will overturn the denial of this claim. In the instant case, it is clear that, but for attorney error, the Fregos would be entitled to benefits under the Taishan Settlement. The Court has overlooked procedural deficiencies in the past and is prepared to do so here, where the deficiency was not caused by Plaintiffs and remedied almost immediately.

### H.  Fred L. Nolte [R. Doc. 22873]

Fred Nolte is an absent class member whose claims involve a property located at 9243 Highway 98, Fairhope, Alabama. His claim was denied for failure to submit proof of ownership. Mr. Nolte avers that the deficiency was corrected within three days of receiving notice of the denials, but that, due to a "miscommunication with the claims center" his appeals and relevant documents were uploaded to the Brown Greer portal, rather than filed with the Court. R. Doc. 22873 at 1–2. Mr. Nolte argues that the denial notice he received "failed to provide a clear written procedure of how to submit claimants' appeals." R. Doc. 22873 at 4. Mr. Nolte further explains his their attorney, questioning where to file an appeal, contacted Brown Greer and was advised to use the "regular filing procedure." R. Doc. 22873 at 4. The attorney construed this to mean that any appeal should be filed on the portal, "mistakenly believing that said appeals would be transmitted to the Court for a ruling." R. Doc. 22873 at 4. Mr. Nolte explain the error was discovered when payment of the claim was never received.

The Court will overturn the denial of this claim. In the instant case, it is clear that, but for attorney error, the Mr. Nolte would be entitled to benefits under the Taishan Settlement. The Court has overlooked procedural deficiencies in the past and is prepared to do so here, where the deficiency was not caused by Plaintiff and remedied almost immediately.

III.     **CONCLUSION**

Considering the foregoing,

**IT IS ORDERED** that the denial of the claim asserted by Dorothy LaFrance, R. Doc. 22799, is **OVERTURNED**, and the Claims Administrator is ordered to apply the Allocation Model to Ms. LaFrance's Objective Criteria.

**IT IS FURTHER ORDERED** that the appeal filed by Rizwan Ahmad, R. Doc. 22811, is **DENIED**.

**IT IS FURTHER ORDERED** that the appeal filed by Dustin Fleetwood, R. Doc. 22811, is **GRANTED**, and the Claims Administrator is ordered to revise Mr. Fleetwood's Allocation Amount Determination accordingly.

**IT IS FURTHER ORDERED** that the appeal filed by Kevin Kramer, R. Doc. 22870, is **GRANTED**, and the Claims Administrator is ordered to revise Mr. Kramer's Allocation Amount Determination accordingly.

**IT IS FURTHER ORDERED** that the denial of the claim asserted by Gary Fredericks, R. Doc. 22718-3, is **UPHELD**.

**IT IS FURTHER ORDERED** that the denial of the claim asserted by Valentine and Kim Frego, R. Doc. 22873, is **OVERTURNED**, and the Claims Administrator is ordered to apply the Allocation Model to the Fregos' Objective Criteria.

**IT IS FURTHER ORDERED** that the denial of the claim asserted by Fred L. Nolte, R. Doc. 22873, is **OVERTURNED**, and the Claims Administrator is ordered to apply the Allocation Model to Mr. Nolte's Objective Criteria.

The Court will set a status conference to discuss the appeal filed by Christopher Baker, R. Doc. 22718-2, by separate order.

New Orleans, Louisiana  this  12th day of June, 2020.

Eldon  E. Fallon
United  States District  Judge