```
                                              U.S. DISTRICT COURT
                                          EASTERN DISTRICT OF LOUISIANA
                                                 FILED  JUN 18 2020
     UNITED STATES DISTRICT COURT EASTERN
                                                    CAROL L. MICHEL
            DISTRICT OF LOUISIANA                        CLERK
```

IN RE: CHINESE -MANUFACTURED MDL          RELATED TO: GUILFORT DIEUVIL

CASE NO: MDL 2047                          No. 13-609

DRYWALL PRODUCTS LIABILITY LITIGATION

SECTION: L (5)

JUDGE: ELDON FALLON

MAGISTRATE WILKINSON

## CLAIMANT, GUILFORT DIEUVIL'S REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE

COMES NOW , Claimant, Guilfort Dieuvil respectfully files this Request For The Federal Court To Take Judicial Notice in the above-titled civil action, and as grounds therefore states:

On September 09, 2019 at 12:10 PM -  Liaison Counsel Mr Herman sent an email to the Settlement Administrator Mr. Jacob Woody which state the following:

- "Thanks. Appreciate it. Apologize, but I wasn't involved in processing individual Knauf Settlement Claims and am not familiar with the process. Is this what would have / could have / should have been submitted in terms of "Other Losses" in terms of the pre-remediation Alternative Living Expense / Storage type costs? Or is that something separate? And, if separate, what did, or could have / should have Doyle / Dieuvil submitted in that regard? Thanks." (See Exhibit "A' ; "A-1" Copy of email from Liaison Counsel)   TENDERED FOR FILING

On Wednesday, September 11, 2019 8:05 AM - Mr. Jacob Woody responded:           JUN 18 2020

U.S. DISTRICT COURT
Eastern District of Louisiana

MDL 2047GDieuvil#13-609                                                    Page 1 of 13

- "Yes, I've attached his claim form and our denial."(See Exhibit "B" Copy of email from Mr. Jacob Woody, Settlement Administrator)

Mr Woody sent to Liaison Counsel several attachments of documents that Mr. Woody has in his possession on behalf of Claimant, Guilfort Dieuvil, and one of the attachment includes copy of Alternative Living Expense Claim Form with Incompleteness Denial Notice that has no watermark sign "Online Portal Submission" and Notice of Appeal for Alternative Living Expense dated on 05/29/2014. Multiple documents were sent from Mr. Woody to Liaison Counsel among those attachments included documents that Claimant personally timely gave to former counsel, Jimmy Doyle several years ago. In order for Jacob to have those documents, including Notice of Appeal for Living Expense Claims Form, and submitted those documents to Liaison counsel that is absolute proof that at the very least Claimant was fully complied with for compensations of Alternative Living Expense Claims / ALEC. (See Exhibit "C" Copy of Notice of Appeal filed on behalf of Claimant, Guilfort sent from Mr. Jacob Woody to Liaison's counsel).

On May 15, 2014 prior the deadline to file the Appeal on ALEC, Claimant, Guilfort Dieuvil emailed all remaining supporting documents for reconsideration of Alternative Living Expense Expenses Claims. (See Exhibit "D" Copy of missing documents to support alternative living expenses)

However by mistakes opposing parties misled the court under belief that Claimant did not submit all supporting documents for Alternative Living Expense Claim / ALEC, and mistakenly alleged that Claimant, Guilfort Dieuvil did not file the Appeal, in the other hand, Mr. Woody himself sent the Notice of Appeal among multiple documents that Mr. Woody had in his possession on behalf of Claimant. Upon knowledge of material facts of any misrepresentation, mistake, error, inadvertence, surprise, newly-discovered evidence, than the Honorable Court reserves the right at anytime to reverse its denied Order of Alternative Living Expense Claim

which is well acknowledged by all parties as coverage loss pursuant to FRCP Rule 60(b); Rule 59; (3). See Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999).

On March 10, 2017 Mrs. Ashley D. Hipps from BwronGreer sent an email, and spoke to Claimant about the acceptance of his GBI claim, and the documents submitted have met full compliance for Relocation Expenses / GBI. Mrs. Hipps stated that BwronGreer is just waiting for a claim to be withdrawn prior of releasing fund; also, Mrs. Hipps informed Claimant that the payment from the GBI claim is separate, and it will not be deducted from any recovery in Remediation Fund from knauf, because Claimant has met compliance of GBI, and such claim was fully accepted after review; unfortunately, Knauf denied Claimant, Guilfort Dieuvil's claims, and Knauf states in the event that the court wants to consider any payment for remediation fund, than all payments on previously approved claims must be deducted from the remediation fund. The court has ruled in such manner and deducted from the remediation fund $37,402.88 that Mr. Guilfort had rightfully received from other qualified fund, after such deduction, the Honorable Court granted Mr. Dieuvil $343,672.06 to recover from Knauf. ( See Exhibit "E" Copy of email from BrownGreer Mrs. and documents regarding GBI Claim).

The remediation cost of the home is over $612,000 alone, but the court granted $343,672.06 as final judgment to be paid by Knauf; despite all, Knauf has relentlessly remained defiant and in contempt of the court order to make that final judgment payment to Claimant, after multiples requests for such payment, and Claimant even travelled to New Orleans to collect such judgment amount, and knauf has categorically refused to honor the court final judgment order, under the excuse that Magdadene Dieuvil as a non-party of this case and with lack of jurisdiction, than Knauf demands that Magdadene must sign "Released Claims Forms". Knauf's refusal to make the final judgment payment pushed Claimant to file an appeal, but due to the Covid-19 Claimant, Guilfort Dieuvil was overwhelmed and missed the deadline to file the Initial

Brief in the Federal Court, and the Federal Appellate Court has granted Knauf's Motion to Dismiss for Lack of Jurisdiction.

## THIS COURT HAS LACK OF JURISDICTION WITH RESPECT TO MAGDADENE DIEUVIL

At all material times, Magdadene Dieuvil as predecessor owner of the subject property, and Magdadene has maintained her ownership interest in the Home prior to any MDL Action, and she has never been a party, never been involved, asserted, filed, any claim in any MDL Action and did not file any claim related to KPT Drywall as name Plaintiff in any litigation prior to December 9, 2011. The Approved MDL Settlement Agreement explicitly described Class Member as the following:

- "1.1.2. Class; Settlement Class; Class Members. "Class," also referred to as "Settlement Class" or "**Class Members," shall mean all members** -below **who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff** (i.e., not an absent class member) asserting claims arising from, or otherwise related to, KPT Chinese Drywall,… **for the purpose of obtaining benefits under the Other Loss Fund,** but not for the purpose of obtaining benefits under the Remediation Fund as those Class Members' Remediation Claims…" - Other Loss Fund is one of the class payment option within the MDL Action - *(See Case 2:09-MDL-02047-EEF-JCW Document 00515362612 Filed 03/13/12 Page 5 of 81, Approved Court MDL Global Settlement Agreement)"*

All Approved MDL Settlements Agreements were entered prior to September 2013. At no material times, there was never any notice of those MDL Settlements Agreements that was never given, served, sent or mailed to Magdadene Dieuvil as up today's date by the Federal Court, Knauf or Settlement Class Counsel. Notice of the Approved MDL Settlement Agreements were required to be disseminated to all class members in order for that settlement Agreement to be bound against that class member, and the Approved Setlement stated the following:

- *"First-class mail, postage prepaid, to the last known address of all Class Members with claims in all CDW-Related Actions and their counsel, involving those Class Members ascertainable from available records, such as the notices required by Fla. Stat. § 558 et. seq."*

At no material times, Magdadene Dieuvil <u>is not a successor purchaser of the subject property</u>. (See Exhibit "A" copy of the purchase contract of the Pre Construction of the Home). Pursuant to the Approved MDL Settlements Agreement, including State and Federal laws, in order for judgments, orders to be effective and bound against a citizen or class member; therefore, notices within reasonable time should have been sent and given to that class member, which has never happened with respect to Magdadene Dieuvil as of today's date.

Appellate court in the United States has made it explicitly clear and stated:

- "A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void. Generally, due process requires fair notice and an opportunity to be heard and defend in an orderly procedure before judgment is entered. 922 So.2d 1090 (Fla. 4th DCA 2006). (emphasis in original); see also J.B. v. Florida Dept. of Children and Family Services, 768 So.2d 1060 (Fla. 2000); and Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (Fla. 1935)." The other parties may be attacked at any time by a person whose rights are affected and nullified, void such judgments or settlements against the affected parties. See El-Kareh v Texas Alcoholic Beverage Comm'n, 874 S W 2d 192, 194 (Tex App —Houston [14th Dist.] 1994, no writ)

At no material times, Magdadene Dieuvil never submitted claims or never received any c compensations related to KPT from Browngreer, Banneer Settlement / MDL Settlement Administrator, and/or any other entity.

Under Federal laws which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. As Kanuf erroneously implied that Magdadene Dieuvil would be affected by a non enforceable / void judgment / MDL Settlement Agreements against her, and no need for

Judicial Action or Appeal is necessary. State ex rel. Latty, 907 S.W.2d at 486. Such judgments or Those MDL Settlements Agreements do not affect, impair, or create legal rights with respect to Magdadene Dieuvil. See - Ex parte Spaulding, 687 S.W.2d at745 (Teague, J.,concurring).

## LACK OF STANDING WITH RESPECT TO MAGDADENE DIEUVIL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 17(A)(1)

Federal Rule of Civil Procedure 17(a)(1) which requires that "an action must be prosecuted in the name of the real party in interest." See also, In reJacobson , 402 B.R. 359, 365-66 (Bankr.W.D. Wash. 2009); In re Hwang, 396B.R. 757, 766767 (Bankr. C.D. Cal. 2008); Mortgage Electronic Registration Systems, Inc. v. Chong, 824 N.Y.S.2d 764 (2006). At no material times, Magdadene Dieuvil has never been a party of this MDL Action, and there has not been any notice sent to Mrs Dieuvil and there is no action in this case that was prosecuted in Magdadene Dieuvil's name while Mrs Dieuvil has been well acknowledged as the owner in public record and has maintained her ownership interest in the subject property from pre-construction.

It is unquestionable those MDL Settlements Agreements / judgments are not enforceable against Magdadene Dieuvil, and have no effect against Magdadene Dieuvil,and they can not preclude her from exercising her legal rights as a citizen, or deprive her right under amendment 4 of the constitution. This court may not even need to address the merits, since there is a lack of standing, lack of jurisdiction and violations of due process which rendered those Settlements Agreements to be nullified and enforceable against Magdadene Dieuvil. A void judgment may be attacked at any time by a person whose rights are affected. See also Evans v. C. Woods, Inc., No. 12-99-00153-CV, 1999 WL 787399, at *1 (Tex. App.—Tyler Aug. 30, 1999, no pet. h.).

## VIOLATIONS OF DUE PROCESS AND LACK OF SERVICE AND NOTICE IN REGARDS MAGDADENE DIEUVIL

The lack of notice and service of those MDL Settlement Agreements and legal proceeding would deprive, Magdadene Dieuvil's rights and infringe her due process rights, Mrs.

Dieuvil's right under the Fifth Amendment, Federal laws Fed. R. Civ. P. 23(c)(2)(B), as well as Florida laws. The constitution guarantee of due process extends to every type of legal proceeding (see Pelle v. Dinners Club, 287 So2nd 737, (Fla. DCA 3rd Dist 1974); Tomayko v. Thomas, 143 So2nd 227 (Fla. 3rd DCA, 1962); In Bolling v. Sharpe 347 U.S. 497.

Failure to send notice to Magdadene Dieuvil and inform her in a reasonable manner was an integral part requirement to all class members pursuant to the Approved MDL 2047 Settlement Agreements or proposals to be bound against that member. See Fed. R. Civ. P. 23(e)(1). For a class certified under Rule 23(b)(3), also see the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B). Including Florida laws and the constitution guarantee of due process extends to every type of legal proceeding (see Pelle v. Dinners Club, 287 So2nd 737, (Fla. DCA 3rd Dist 1974); Tomayko v. Thomas, 143 So2nd 227 (Fla. 3rd DCA, 1962); In Bolling v. Sharpe 347 U.S. 497.

## KNAUF'S REQUEST FOR MAGDADENE DIEUVIL TO BE CONSIDERED AS MEMBER OF THIS MDL ACTION WOULD CONSTITUTE A VIOLATION OF CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED U.S. Const. amend. XIV

The 14th amendment of the United States Constitution gives everyone a right to due process of law, which includes judgments that comply with the rules and case law. Most due process exceptions deal with the issue of notification. If, for example, someone gets a judgement against you in another state without your having been notified, you can attack the judgement for lack of due process of law. In Griffen v. Griffen, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635 a pro se litigant won his case in the Supreme Court who stated:

- "The Fourteenth Amendment states: No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV"

As of today's date Magdadene Dieuvil has never been notified with any legal proceeding, and never been a party in the MDL Action, and her rights can not be deprived without due process. This Court is required to take judicial notice of those MDL Settlement Agreements that have no effect against Magdadene Dieuvil including violation of due process, and of all misrepresentations, lack of standing and lack of jurisdiction for this court as grounds: RULE 60(b) (1) (2) (3) (4) (6) 60(d) (1) (2) (3) and FRAP 25(a)(2)(B) and RULE 17(a)(1) and 9(b). Fed. R. Civ. P. 23(c)(2)(B).

## VIOLATION OF FED. RULES CIV. PROC., RULE 60(B)(4), 28 U.S.C.A., U.S.C.A. CONST. WOULD RENDER JUDGMENTS AND ORDERS VOID AND NON ENFORCEABLE AGAINST MAGDADENE DIEUVIL

The law is well-settled that a judgement or settlements Agreements could be void or non enforceable even before reversal", VALLEY v. NORTHERN FIRE & MARINE INS. CO., 254 U.S. 348,41 S. Ct. 116 (1920) "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." WILLIAMSON v. BERRY, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850). It has also been held that"It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside, It may be impeached in any action direct or, collateral.' Holder v. Scott, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.). A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established as a matter of law that an order can be challenged in any court", OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8,27 S. Ct. 236 (1907). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const.

This cannot be ignored its fact recorded! Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp. 892 (D.S.C. 1985).

The integrity of the civil litigation process depends on the truthful disclosure of facts. A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of fraudulent conduct, concealment, mischief and misrepresentations must be discouraged in the strongest possible way. Robinson v. Weiland, 988 So. 2d at 1113, quoting Cox, 706 So. 2d at 47; see also Channel Components, Inc. v. American Electronics, Inc., 915 So. 2d 1278 (Fla. 2d DCA 2005).

## VIOLATIONS OF RIGHTS TO OPT OUT
## OF THE CLASS RULE 23(B)(2)

The Supreme Court has repeatedly insisted that due process requires that absent class members be given an opportunity to opt out of a class action seeking predominantly money damages, in which the Court's asserted justification for linking opt-out rights and due process focuses on absent class members' potential interest in seeking their own personal "day in court" which should provide every citizen absolute opportunity to opt-out rights, and to seek their most obviously, their day-in-court justification involving individual damages claims, which must feasibly be litigated outside the context of this MDL Action.

Once the court has certified a lawsuit as a class action, it has the duty of notifying class members of the pending litigation. FRCP 23(c)(2) requires that notice of a (b)(3) class contain detailed information about the class, the lawsuit, and procedures for requesting exclusion, or "opting out" from the class.

Not only Magdadene Dieuvil never receives any notice about MDL Action, including notices about those MDL Approved Settlements Agreements, and no opportunity was never given to Mrs. Dieuvil to opt out of any class.

Mr Guilfort was misled and induced by Glhomes/the builder to join the MDL Action, than Claimant, Guilfort Dieuvil was trapped without giving any opportunity to opt out from the MDL Action; despite of, multiple requests to opt out of this MDL Class Settlement which is an absolute violation of Federal Rule 23(b)(2) which required every class member must be giving an opportunity to opt out of a class action. Allowing Claimant to join the MDL Action in late 2013, than there should have been a grace period for Claimant Guilfort Dieuvil to exercise his right to opt out of the MDL Action, which was never given to Claimant, Guilfort Dieuvil.

At no material times, there has been no notice of those Approved MDL Settlement Agreements that were sent or delivered to even Mr. Guilfort Dieuvil at the time those Settlements orders were entered in 2012 - February 2013. Claimant, Mr. Guilfort became knowledgeable about those MDL Settlement Agreements several years after joining the MDL Action in late 2013.

### FRAUD IN THE INDUCEMENT INTO JOINING MDL ACTION

Glhomes represented to Claimant, Guilfort Dieuvil that Glhomes will forego the Twenty-Five Thousand ($25,000.00) contribution payment toward the remediation of the Home, if Mr. Guilfort elected to join the MDL Action, and Glhomes would complete the repair, remediation of the home. Glhomes further represented Mr. Guilfort that all living expenses, delays, expenses, all miscellaneous claims, and damages will be fully paid off without any possibility for Mr. Guilfort's claims to be denied. Claimant, Guilfort Dieuvil relied on Glhomes' misrepresentations and fraudulent inducement while Glhomes has concealed its true intent and conducted itself in bad faith and induced Mr, Guilfort Dieuvil into agreement to join the MDL Action for its own benefit.

Glhomes knew that Claimant Guilfort's claims would be extensively delayed and ultimately denied as a result of Glhomes' negligence, lack of strict compliance, agreement with knauf and misconduct, but Glhomes has induced Clamant, Guilfort Dieuvil into joining the MDL Action, as a scheme to shield their frauds, liabilities, misconducts, and to claim release as

Participant Defendants under the MDL Action. The district courts of appeal have held that agreements are void as against public policy and ineffective as a shield against intentional torts. Meyer, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)); D & M Jupiter Inc. v. Friedopfer, 853 So. 2d 485 (Fla. 4th DCA 2003); Horizons Rehabilitation Inc. v. Health Care and Retirement Corp., 810 So.2d 958, 962& 962n.3 (Fla. 5th DCA 2002); The District Court held, citing Court's leading decision in Oceanic Villas, supra, 4 So. 2d at 690, where there is fraudulent inducement of a contract or agreement, the fraudulent misrepresentation vitiates every part of the contract, including any 'Release Clause' 853 So. 2d at 489.

On December 11, 2010 at 6:54 AM, Glhomes Vice-President of Construction, Mike Toll explicitly told Glhomes' counsel and staff members thru emails that Claimant told him to proceed with the remediation, since Claimant constantly told him to move forward with remediation and completion of the home and such email stated the followings:

"**From:** Mike Toll - **Sent:** Saturday, December 11, 2010 6:54 AM - **To:** Heather Keith - Cc: Jamie Knott - **Subject:** CI79, Dieuvil; Metal Studs
"Heather, Please see Dieuvil's email. He had previously indicated to me that he was okay with us proceeding.  * Mike Toll Director of Construction" ( See Exhibit "F" Copy of email)

Above written evidence made it clear Glhomes knew that Claimant, Guilfort Dieuvil gave Glhomes / Builder full authority to proceed with remediation of the home, and such facts refuted and invalidated Knauf and Glhomes' misrepresentations that Claimant has refused to allow Glhomes to complete remediation. Glhomes abandoned the remediation of the home since 2010, and Glhomes did not want to assume any liability about leaving the metals studs / framing, and deliberately wanted to discriminate against Claimant, and induced Claimant into long process of negotiations and inducement to join the MDL Action

with expectations the home will be remediated, and all damages and expense will be fully paid.

CONCLUSION: This Honorable Court has authority to protect its integrity. This includes the right and obligation to deter fraud on the court, abuse, misrepresentations, and misconduct including imposing sanctions. Glhomes/builder has induced Claimant to join the MDL Action as Participant Defendants under the guise and trick to fraudulently shield itself from fraud, liability and Release under MDL Action. Now Knauf is trying to induce this court to get separate release from Claimant and from non-party of this MDL Action. Knauf is merely trying to obtain release to get Glhomes released from liabilities on pending case in Florida. Knauf's refusal to make payment under the final judgment has been in bad faith with intent to tamper with the administration of justice to avoid consequences for their liabilities and Glhomes' liabilities in Florida. This court should not be stripped of its inherent authority to stop Glhomes and Knauf from using MDL Action as a shield for their frauds and conspiracy. Glhomes has already collected about $7 Millions in compensation from from Knauf since early 2011 without any delay under the same evidence of KPT drywalls, but Knauf and Glhomes have dragged Claimant and Magdadene Dieuvil out of their home for more than 10 years which cost enormous damages, and the final judgment in the amount of $343,672.06 will not even be enough to remediate the subject property which would cost over $612,00 just remediation alone. Those MDL Settlement Agreements already provide full protection and absolutely release Knauf from all claims from any successors purchasers, mortgagees, and liens holders; also, upon acceptance of this final judgment from Knauf, it would solely release Claimant, Guilfort Dieuvil personal's claims against Knauf and Knauf's entities with respect to KPT. Accordingly, this Court shall order Knauf to fully comply with the final judgment within the next seven business days from this status conference's date without condition and delay, and grant Claimant compensations for

Alternative Living Expense Claims, and GBI Claims, and the court reserves the right to enter any other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed on this the 17 day of June, 2020 to Defendants, Knauf's counsel address and all other related parties.

_Guilfort Dieuvil_, Claimant

1870 Spotted Owl Dr SW

Vero Beach Fl 32962

Cell. 786-344-5497

Email: guilf5@hotmail.com

This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail Express® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; October 2018; All rights reserved.

**U.S. POSTAGE PAID**
PME 2-Day
PORT SAINT LUCIE, FL
34986
JUN 17, 20
AMOUNT
**$31.35**
R2304P119262-4

USPS PRIORITY MAIL EXPRESS

EJ 338 498 075 US

**FROM:** Guilfort Dieuvil
1810 Spotted Dollar SW
Vero Beach FL 32962

**TO:** US District Court
Eastern District of Louisiana
Room C-151
500 Poydras St
New Orleans, LA 70130

PO ZIP Code: 34986
Date Accepted: 06/17/20
Time Accepted: 5:59 PM
Weight: 1 lb 4.00 oz
Scheduled Delivery Date: 06/19/20
Scheduled Delivery Time: 10:30 AM
Postage: $31.35
Total Postage & Fees: $31.35
Acceptance Employee Initials: AM

DELIVER BY 10:30 AM

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

PS10001000006