**MINUTE ENTRY**
**FALLON, J.**
**JUNE 18, 2020**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * | **CIVIL ACTION** <br><br> **MDL NO. 2047** <br><br> **SECTION L (5)** |
| **THIS DOCUMENT RELATES TO:** <br> *Guilfort Dieuvil* No. 13-609 | * * * | |

A telephone status conference was held on this date from the Chambers of the Honorable Eldon E Fallon. Giulfort Dieuvil participated on his own behalf. Kerry Miller and Danny Dysart participated on behalf of the Knauf Defendants. Russ Herman and Steve Herman also participated. The parties discussed a dispute that has arisen with respect to Mr. Dieuvil's participation in the Knauf Settlement Agreement.

After extensive discovery and several bellwether trials, the Knauf Defendants and Plaintiffs entered into settlement discussions, resulting in the certification of a Settlement Class. The Class is defined by the Knauf Settlement Agreement as:

> [A]ll members of one of the three Subclasses in Sections 1.1.2.1, 1.1.2.2 and 1.1.2.3 below who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff (*i.e.*, not an absent class member) asserting claims arising from, or otherwise related to, KPT Chinese Drywall . . . .

The instant dispute arose in the following fashion. Mr. Dieuvil filed claims under the Knauf Settlement Agreement, which were denied by the Special Master on November 22, 2017. Mr.

1

Dieuvil appealed the denial to this Court. Accordingly, the Court held a hearing, reviewed evidence, and considered the parties' arguments. On January 27, 2020, the Court reversed the Special Master's decision in part and concluded that Mr. Dieuvil should be considered an Option 3 Claimant under the terms of the Class Action Settlement and was accordingly entitled to recover $343,672.06 from the Knauf Defendants.

Following the Court's decision, the parties discussed payment of Mr. Dieuvil's claim. The Knauf Defendants contend that Mr. Dieuvil, as an Option 3 Claimant, must execute certain documents in order to receive Settlement Funds. To date, Mr. Dieuvil has refused to execute the documents in the manner required by the Knauf Settlement Agreement. In fact, while discussions were underway, Mr. Dieuvil appealed the Court's decision to the Fifth Circuit, which was denied for lack of jurisdiction, and his wife filed suit in the Southern District of Florida for claims arising out of the very same affected property. The parties have reached an impasse.

The Court's order from January 27, 2020 was clear: Mr. Dieuvil has a right to participate in the Knauf Settlement Agreement as an Option 3 Claimant. He must, accordingly, comply with the procedural requirements applicable to all Option 3 Claimants as set forth in the specific terms of the Settlement. In pertinent part, Section 4.3.3 of the Knauf Settlement Agreement provides:

> The KPT Property Owner may select this option only (i) if there is no mortgage or other lien on the property, or if the KPT Property Owner provides a release by the Mortgagee(s) or Lienholder(s) to the Knauf Defendants and Other Releasees; (ii) if the KPT Property Owner records the existence of reactive Chinese Drywall in the local property clerks' office, if permitted by local law; and (iii) covenants to inform subsequent purchasers of the KPT Property of the presence of KPT Chinese Drywall by stating under oath in application for this benefit that 'I will inform any subsequent purchaser in writing that there is reactive KPT Chinese Drywall in the KPT Property and I will defend and indemnify the Knauf Defendants and any other person or entity released by the Settlement against claims asserted by subsequent purchasers arising from KPT Chinese Drywall.'"

To ensure compliance with these requirements, participation in the Knauf Settlement as an Option 3 claimant requires the claimant to sign three documents: (1) Option 3 individual release; (2) lienholder release; and (3) affidavit of notice in the public records. Although every other Option 3 Claimant in this litigation has executed these documents and collected their funds, Mr. Dieuvil refuses to do so yet demands immediate payment. It appears as though Mr. Dieuvil intends to recover in this MDL while pursuing Knauf through other channels with respect to the same affected property.

To date, the Knauf Defendants remain willing, able, and even eager to pay Mr. Dieuvil and end this lengthy litigation. Mr. Dieuvil is a participant in the Knauf Class Action; accordingly, if Mr. Dieuvil wishes to receive Settlement benefits, he must play by the exact same rules that govern all other claimants in this litigation. The Court will not entertain any further argument with respect to this matter.

JS10(00:32)