UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO DEFENDANT KNAUF'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS RELATED TO BYRON AND FERN ROBBINS (REC. DOCS. 22686 & 22889)**

Plaintiffs Byron & Fern Robbins (hereinafter "Plaintiffs") by and through the undersigned counsel of record, respectfully submit this supplemental opposition the motion for summary judgment (Rec. Doc. 22686 and 22889) filed by the Knauf Defendants. As grounds, Plaintiffs re-urge denial of Defendants' motion for the following reasons:

**ARGUMENT**

Nothing in the second depositions of Plaintiffs or the documents that were the subject of the second depositions are in conflict with previous testimony, evidence, or Plaintiffs' previous opposition to Defendants' motion for summary judgment. Everything Plaintiffs have provided in discovery is consistent with the argument in the original opposition to summary judgment. If anything, the Rider to the Residential Contract for Sale and Purchase of the Property (Exhibit 1 to Defendants' Supplemental Memorandum), the pre-purchase inspection report (Exhibit 2 to Defendants' Supplemental Memorandum), Plaintiffs' email regarding the builder's denial of use

1

of defective Knauf-made drywall (Exhibit 3 to Defendants' Supplemental Memorandum), and Lakeland Labs' lab analysis of the sample drywall (Exhibit 4 to Defendants' Supplemental Memorandum) bolster the Plaintiffs' position against summary judgment.

     Defendants acknowledge in their memorandum that the seller denied that the home contained Chinese drywall in the Rider.  The email memorializes the denial by the builder regarding use of Chinese drywall in the home.  And, the Lakeland Labs report confirms that the sample submitted for testing is not consistent with Chinese drywall.  Therefore, there was no assumption of a risk at the time of sale and Plaintiffs testified that it was their conclusion that one of the other potential sources must have caused the corrosion in the home (environmental, water, mold, etc.).  Defendants acknowledge that the home inspection report provides multiple potential sources that could have caused corrosion in the home.

     Defendants have again argued in their supplemental memorandum that they are entitled to summary judgment in this instance, because, they allege, Plaintiffs assumed the risk of Chinese drywall in the property.  In order to prevail with this summary judgment motion, Defendants must demonstrate that there are no issues of material fact to be decided by a jury in the transferor court.  Again, it is clear that Plaintiffs' testimony doesn't support their position and the reasonableness of Plaintiffs' actions following the inspection, lab results and denial by the builder are jury questions under Florida law.   Florida law requires an appreciation of a risk for there to be a valid assumption of risk defense.  Here, there was no appreciation of an identifiable risk.  There was an elimination of risk of defective drywall in Plaintiffs' opinion and actions.  Plaintiffs testified regarding the process they followed leading to the purchase of the home and both were forthcoming about the results they received in the lab report that they believe

eliminated the potential risk of defective drywall in the home.  This Court must view these facts in a light most favorable to Plaintiffs, the non-moving party.

Plaintiffs re-urge this Court to consider Defendants failure to warn end-users (i.e., the seller and/or Plaintiffs), as required by Florida and federal law, when ruling on this motion.  This failure to warn has caused a domino effect that led to the previous owners of this property being unaware in 2017 that defective Knauf-made drywall was used in the construction of the home.  Defendants were also derelict in their duty to warn the builder who used the defective drywall in the construction of Affected Property.  As Plaintiffs have stated in their original opposition, Defendants' failure to notify the CPSC of their defective product being sold in the United States and Defendants' surreptitious indemnification agreement with Banner Supply Company, after their internal emails the previous year demonstrate and appreciation of their legal exposure, clearly demonstrate their desire to fraudulently conceal information about their product to consumers. The situation in which Plaintiffs find themselves is yet another example of the consequence Defendants' created by their concealment of their product's defect.  Defendants could have easily identified the end users and homeowners that received their product, given notice as required by law, and initiated a corrective action plan, but they chose to remain silent.  Now, they're asking this Court to rule in their favor, shift the financial burden of remediation to Plaintiffs, and receive an enormous windfall as a result.

It is a fact that manufacturers have a post-sale duty under Florida law and federal law to notify all consumers of a defect once it is learned.  Defendants have produced no evidence that they complied with Florida law.  And, although their defective product was discussed at length internally in 2006 by Defendant Knauf's management, not a single Florida homeowner to date has received adequate notice from Defendants about their product.

Defendants also violated federal law through their intentional failure to warn Florida Plaintiffs, builders, distributors and all other end users.  Defendants did not notify the Consumer Product Safety Commission of their defective drywall that was sold in the United States, including Florida.  And, by failing to specifically warn homeowners or end-users of the possibility that their defective drywall is in properties that they could identify, they failed to comply with Florida law.  Defendants have moved this Court to overlook their unclean hands and request a final order granting summary judgment.  Again, this would be a windfall to the Defendants and would reward them for violating federal law.

The Fifth Amended Complaint has specifically pled the failure to warn as a basis for Plaintiffs damages.  Plaintiffs continue to hold the position that the reasonableness of Defendants' actions and inactions are jury questions. In this respect there are genuine issues of material fact.

Defendants have done nothing in their supplemental memorandum to address the application of equitable estoppel under Florida law that should limit Defendants' argument that Plaintiffs were on notice about the presence of their defective product in Affected Property.  As previously argued in their initial Opposition, the failure to warn in violation of both federal and state law affects: 1) notice to prospective buyers about the nature of defective drywall that may be in a particular home, thereby providing them with inadequate information upon which they can rely when making a homebuying decision; 2) notice to homeowners regarding the harmful effects cause by defective drywall to both inhabitants and the components of the home that may be experiencing the effects from harmful off-gassing; and, 3) notice to homeowners regarding the harmful effects caused by defective drywall to personal property during the time they have lived in the home with defective Knauf-made drywall thereby leaving them with inadequate

4

information and an inability to preserve potential evidence in support of claims. This Court must view the omission of a warning by the Knauf Defendants in a light most favorable to Plaintiffs when considering the appreciation of the risk required by Florida and federal law when evaluating the assumption of risk defense they have posited. If this evidence is view in this manner, Plaintiffs should be allowed to present these facts to a jury.

## CONCLUSION

Although counsel for Defendant Knauf has crafted an argument for summary judgment, the facts and law in this instance simply do not support their legal position or their motion. Plaintiffs did not assume the risk of Chinese drywall in the home at the time of purchase according to Florida law. Plaintiffs acted reasonably in their process evaluating Affected Property prior to purchase. Defendants actively concealed their defective product from everyone. Defendants may argue otherwise to a jury, but it is ultimately the trier of fact that must decide the reasonableness of Defendants' actions.

For the foregoing reasons, Defendants' Motion for Summary Judgment should be denied. Multiple issues of material fact exist that must be decided by a trier of fact.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing Plaintiffs' Supplemental Opposition to Defendant Knauf's Motion for Summary Judgment has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 30th day of June, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC