UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14:cv-2722** | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE MICHAEL B. NORTH** |

**KNAUF DEFENDANTS' REPLY TO THE SUPPLEMENTAL OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY <u>BYRON & FERN ROBBINS</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply to the Supplemental Opposition to their Motion for Summary Judgment on Claims Asserted by Byron and Fern Robbins in the Bennett Plaintiffs' Amended Class Action Complaint (the "Fifth Amended Complaint").

The Robbinses' supplemental opposition is five pages long. Three of those pages are devoted to re-urging arguments they previously asserted in their original opposition—arguments that the Knauf Defendants owed a post-sale duty to warn, that the Knauf Defendants somehow violated the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* ("CPSA"), and that the Knauf

1

Defendants should be "equitably estopped" from making a notice argument.[1] The Knauf Defendants have previously addressed those arguments and will not do so again.[2]

But the Robbinses' supplemental opposition is notable for what it lacks. The opposition contains no citation to any testimony from the Robbinses that disputes the arguments made in the Knauf Defendants' supplemental memorandum in support of summary judgment and no citation to any particular statement in the supplemental documents the Robbbinses submitted. Instead, the Robbinses only generally argue that there was "no appreciation of an identifiable risk" because "they believe[d]" that the Lakeland Laboratories report "eliminated the potential risk of defective drywall in the home."[3] The Robbinses misunderstand what it means to "appreciate" a risk.

It cannot be disputed that the Robbinses understood there was a risk their home could contain defective drywall—it is in light of this risk that they obtained the report from Lakeland Laboratories. That report, which tested one piece of drywall from one room in the Robbinses' Property, specifically represented that the finding that the sample did not contain concentrations of elemental sulfur equal to or in excess of 1.00 mg/kg should be "evaluated as one small part of an overall assessment protocol," because the laboratory made "absolutely no representation as to the presence or absence of problem drywall" in the Property. Put another way, the Robbinses knew there could be defective drywall in the Property, obtained a report that made "no representation" as to the presence of defective drywall and in fact advised the Robbinses to rely on an "overall assessment protocol," but then still decided to purchase the Property, without taking any further steps to investigate or assess.

---

[1] Rec. Doc. 22895 at 3-5.
[2] *See generally* Rec. Doc. 22818-1.
[3] Rec. Doc. 22895 at 2-3.

The Robbinses specifically recognized the risk that the Property they purchased contained Chinese drywall. The Robbinses should not be permitted to recover from the Knauf Defendants for harm they knew they risked incurring.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:	504.556.5549
Facsimile:	504.310.0275
Email:	kmiller@fishmanhaygood.com

*Counsel for Defendant,*
*The Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon James Doyle, Plaintiffs' Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 7th day of July, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**