UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| **THIS DOCUMENT RELATES TO:**<br><br>*Christopher Baker*, No. 15-4127 | |

## ORDER & REASONS

Pending before the Court is Mr. Baker's appeal from Brown Greer's Allocation Amount Determination under the Taishan Settlement. The Court has deferred ruling on Mr. Baker's appeal on two previous occasions. R. Docs. 22788, 22882. Having considered the substance of Mr. Baker's appeal and Settlement Class Counsel's response, the Court now rules as follows.

The Court presumes familiarity with the facts and procedural history of this MDL. The specific issue before the Court at this juncture involves an appeal from the Settlement Administrator's Allocation Amount Determination under the Taishan Settlement Agreement, which obligated the Taishan Entities to pay $248,000,000 to fully resolve all claims of the *Amorin* class, the plaintiffs named in the *Brooke* complaints, and any other property owners with Chinese drywall attributable to Taishan ("Absent Class Members"). R. Doc. 22460.

Christopher Baker is a *Brooke* Plaintiff[1] with claims involving a property located at 34131 Pennacook Drive, Dade City, Florida. R. Doc. 22718-2. Mr. Baker objects to his Product ID, which

---

[1] Mr. Baker also appealed his status as a *Brooke* plaintiff. In its Order and Reasons dated May 4, 2020, the Court concluded that Mr. Baker is correctly identified as a *Brooke* class member because he is not a named Plaintiff in either the *Amorin*, *Germano*, *Gross*, and/or *Wiltz* complaints. R. Doc. 22788 at 17. That issue is no longer before the Court.

is set forth on the Master Spreadsheet as MADE IN CHINA MEET[S] OR EXCEED[S] (Category I). Mr. Baker contends his home contained both "Made in China" markings (Category I) and Taihe edge tape (Category H), and accordingly should be identified as Category H.[2] Mr. Baker apparently bases this belief on an inspection report submitted in connection with his claim that includes photographs of both "Made in China" and Taihe edge tape drywall. Settlement Class Counsel recommends denying this appeal because the photographs of Taihe edge tape included in the inspection report are not photographs of Mr. Baker's property and were included only for the sake of comparison.

The inspection report submitted in connection with Mr. Baker's claim has been the cause of confusion. Accordingly, the Court held a status conference on July 8, 2020 to discuss the inspection report and determine the appropriate action. Prior to the status conference, Class Counsel provided the Court with a color copy of the inspection report. R. Doc. 22896-1. Close scrutiny of the inspection report reveals that Mr. Baker's Product ID was correctly determined to be Category I. As an initial matter, page 1 of the report reflects that the drywall was identified by cutting a hole in a kitchen wall. On page 6, the report indicates that the inspectors found a "Made in China" label on the drywall. Page 7 includes photographs of drywall bearing "Made in China" (Category I) markings. Although page 7 also includes a photograph that depicts blue tape on a piece of drywall, the photograph appears to depict joint tape, not the blue edge tape associated with Taihe blue edge tape drywall that falls under Category H. Although a photograph on page 8 depicts "Taihe Blue-Aqua paper End Label" drywall, the photograph also depicts insulation, leading the Court to believe that the drywall in the photograph was located in an attic or some

---

[2] The difference is significant, as Category I drywall is subject to a 25% discount. R. Doc. 22304-1 at 4.

other area in which insulation is necessary. Notably, Mr. Baker's drywall was found in his kitchen, and the photographs on page 7 that indisputably depict drywall on his property do not depict any insulation. In any event, Plaintiff has provided insufficient evidence to persuade the Court that Category H drywall was found in his home. Notably, Mr. Baker's individually retained counsel participated in the status conference and represented that no other evidence of Product ID existed.

Based on the foregoing,

**IT IS ORDERED** that Mr. Baker's appeal is **DENIED**.

New Orleans, Louisiana this 9th day of July, 2020.

_____
Eldon E. Fallon
United States District Court