**Important Communication from Chinese Drywall MDL Plaintiffs' Lead Counsel Arnold Levin and Liaison Counsel Russ M. Herman.**
**You need to take action by**
**<u>Friday, May 19, 2017</u>**.

Counsel,

<u>Taishan's attempts to avoid any liability</u>

For years Taishan has challenged us at every turn - urging decertification of the class, which was denied on April 21, 2017 (Rec. Doc. 20740), as well as arguing that the Court had no jurisdiction over Taishan's parent companies BNBM, BNBM Group, and CNBM. As you know, the Fifth Circuit upheld jurisdiction over Taishan in Virginia, Florida, and Louisiana in two separate opinions in 2014. Now, Judge Fallon has ruled that it has jurisdiction over BNBM in relation to Plaintiffs' claims in Louisiana, Florida, and Virginia (Rec. Doc. 20739). The Court also held that under Louisiana law, BNBM, BNBM Group, CNBM and Taishan were members of a single business enterprise, such that those entities are treated as one for purposes of determining jurisdiction (*id.*).

<u>Judge Fallon's April 21, 2017 rulings</u>

On Friday, April 21, 2017, Judge Fallon issued Findings of Fact and Conclusions of Law Related to the June 9, 2015 Class Damages Hearing (Rec. Doc. 20741) (which is attached for your convenience). This ruling applies to the class certified by the Court on September 26, 2014 and consists of:

> All owners of real properties in the United States, who are named Plaintiffs on the complaints in *Amorin, Germano, Gross,* and/or *Wiltz* (*i.e.,* not an absent class member) asserting claims for remediated damages arising from, or otherwise related to [Taishan] Chinese Drywall…." *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) at *16.

The class definition does <u>not</u> include those plaintiffs who were only named on Omni XX (*Brooke et al. v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Case No. 15-4127 (E.D. La.)). A motion to sever and remand the Omni XX plaintiffs' actions was filed on December 23, 2016, and is pending before the Court (Rec. Doc. 20614). We will handle these claims according to the Judge's ruling, when it is issued. This memo does not apply to the properties only on Omni XX.

EXHIBIT 23

Ruling on Method of Calculating Remediation

In the Findings of Fact and Conclusions of Law on Class Damages, the Court adopted Class Counsel's position that remediation damages could be calculated on a class wide formulaic basis. The Judge specifically rejected Taishan's argument that each property should be inspected to determine the amount of remediation damages caused by Taishan drywall and the cost for each property to be remediated. Specifically, the Court found that to fix the remediation damages after inspection and calculation of each property, as urged by Taishan, would be a "series of costly (and wasteful), individualized mini-trial, inspections, and estimates...."

The Court adopted Class Counsel's position and held that the remediation cost for each Taishan property could be calculated by multiplying *verified* under air square footage by $105.91 per square foot *as adjusted* by the RS Means location factor. All other types of damages would be determined in a later phase at a later date on an individual basis (such as alternative living expenses, foreclosure, loss of enjoyment, and/or lost rent, etc.). Specifically, the relevant ruling is:

> "**IT IS FURTHER ORDERED** that the revised Class Plaintiffs' Spreadsheet, on which the Court will rely to determine the aggregate total of these remediation damages, be submitted to the Court within two months of this Order. Taishan will then be permitted to review and contest or seek set-offs. The damages awarded will be calculated by multiplying the under air square footage of the affected properties listed in the revised Class Plaintiffs' Spreadsheet by $105.91 *as adjusted* by the RS Means location factor. Ultimately, all such claims will be based on verifications, not only of the under air living space square footage of the contaminated property, but also the presence of Taishan Drywall in those properties." (Emphasis supplied.)

The Court simplified the calculation of remediation damages and ruled that "[e]ach Taishan Property Owner is entitled to a sum that would pay for a proper, full remediation" "regardless of whether they have been remediated by the Taishan Property Owners in the past or are yet to be remediated." Since our goal is to obtain a money judgment against Taishan, we now need *verified* proof that the property has Taishan drywall and *verified* proof of the under air square footage.

## The Next Steps

In order to get to a money judgment, we must submit claim information to the Court on *verified* under air square footage, *verified* product identification, and ownership status. The PSC has been collecting both product identification and information on ownership status that we believe will satisfy our burden of proof. (If we need any further information on product identification or ownership, we will contact you separately.) **Your current responsibility is to verify under air square footage.**

We have prepared an excel spreadsheet (which is attached) identifying all of your clients whose properties may qualify for Taishan class damages. You must complete the three highlighted columns (G, H and I).

- In column G you must enter the under air living space square footage you have verified.

- In column H enter the type of documentation you provide to verify the under air living space square footage using the list of the methods of acceptable documentation set forth below, and which are in the dropdown list.

- In column I, click on the dropdown list to indicate Yes or No. You are saying "yes" or "no" to whether you have signed a Declaration stating that you have provided under air living space square footage and that you verify the correctness of the under air living space square footage for each property on the attached spreadsheet. You must sign a Declaration for each property.

**The information for each property on the attached spreadsheet will be submitted to the Court, along with the documentation you provide to verify under air living space square footage and your Declaration of the correctness of the under air living space square footage, and this information will determine the amount of your clients' remediation damages.**

**If you do not provide *verified* under air living space square footage, the property will not be awarded remediation damages.**

The calculation of under air living space square footage **cannot be an approximation**, but must be an exact measurement. The exterior dimensions may be used, but it must be noted that the calculation was done based on exterior measurements. Under air living space square footage means the square footage of the property that has HVAC ventilation and is a living space year round. It may not include attics, outdoor porches, or garages that do not receive air or heating by the HVAC system.

Verification of the under air living space square footage for each property can be done by providing any of the following types of proof:

EXHIBIT 23

1. Inspection performed by an inspector, showing floor plan and under air living space square footage.
2. Under air living space square footage listed on homeowner's insurance form with a floor plan attached (with or without measurements).
3. Builder's floor plan provided to homeowner at time of purchase with under air living space square footage.
4. State property tax assessor's website showing under air living space square footage of home and floor plan.
5. Benchmark inspection report using Zillow.com, an inspection report from Healthy Home Solutions, LLC, Kross Inspectors, Driskill Environmental Consultants, LLC, or Trimble Loss Consultants, LLC for under air living space square footage (cannot be an approximation).
6. Appraisal of home showing floor plan and under air living space square footage.

By Friday, May 19, 2017 at 5pm CT you must upload the following documents and completed chart to the Sharefile link for your firm: https://bkclaw.sharefile.com/r-rd98ae6c4e8e435eb. You must name each document uploaded as follows:  Last Name, First Name- Street Address (Ex: Smith, John-1234 First St.)

   a. Evidence of under air living space square footage (as described above) for your clients' properties listed on the attached chart, and
   b. A Declaration you have executed verifying correctness of the under air living space square footage for each client. (Thus, if you have 15 clients, you must upload 15 Declarations.)

If you have any questions about the spreadsheet, verification of under air living space square footage or uploading to Sharefile, please email Dena White at dwhite@bkc-law.com.

Although the deadline is Friday, May 19, 2017 at 5 pm CT, please send in any client's documentation and Declaration as soon as it is completed.

Also please note that you may receive a call from Dawn Barrios' office seeking clarification on the documentation we have related to your clients' product identification information, square footage or ownership information. If you do, please respond to Dawn in a complete and immediate manner.

Many thanks for your anticipated cooperation.  We are almost there!

Arnold Levin, Lead Counsel
Russ Herman, Liaison Counsel

EXHIBIT 23