UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.,* Civil Action No. 09-4115 (E.D. La.))

**MEMORANDUM IN SUPPORT OF CLAIMANTS VALENTINE AND KIM FREGO AND FRED L. NOLTE'S MOTION FOR RELIEF PURSUANT TO RULES 59(e), 60(b)(1) AND 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE REGARDING THE COURT'S ORDER DATED JUNE 11, 2020**

### Summary

On June 11, 2020, this Court overturned the denial of the claims of Frego and Nolte [Doc.22880], but awarded the allocation of 5% of the full compensation because these claims were deemed absent class member claims[1]. These claims were properly filed by claimants' counsel dating back to 2013, but were inadvertently left off of the appropriate Omnibus Complaint. However, Taishan was on notice of these claims and claimants request that this Court provide the appropriate relief to allow them full compensation for their claims.

### Timeline of Documents and Filings Regarding Claimants

**Fred L. Nolte (Claimant ID 104748)**

06/21/2013: Registration Form filed (Claim Doc ID 7039) (Exh.1).

---

[1] These two claims were denied by the Claims Administrator because one of them failed to submit a deed, and the other failed to submit a property tax document showing under air square footage. These deficiencies were corrected three days after receiving notice of the same.

08/02/2013 – Fourth Supplement to Exh. A re Plaintiff's in Omnibus Complaint (XVIII) [Doc. 16972-1) (Exh.2)

10/25/2013: Miscellaneous Claim Form filed (Claim Doc ID 174454) (Exh. 6).

01/13/2014: Plaintiff Profile Form filed (Claim Doc ID 315588) (Exh.3).

01/13/2014: Photographs of drywall showing the requisite indicia filed (Claim Doc ID 315589) (Exh.4).

04/15/2015: Claimant's Taishan Evidence Form submitted (Claim Doc ID 327086) (Exh.5).

02/12/2020: Absent Class Member Taishan Claim Form and Owner Affidavit filed on the portal (Claim Doc ID 372877-372878). (Exh.7).

02/28/2020: Proof of Ownership and Notice of Appeal filed on the portal (Claim Doc ID 373179-373184) (Exh.8).

### Claimants Valentine & Kimberly Frego (Claimant ID 104751)

6/21/2013: Registration Form filed on the portal (Claim Doc ID 70557) (Exh.9).

10/25/2013: Miscellaneous Claim Form filed on the portal (Claim Doc ID 174519) (Exh.10).

01/13/2014: Plaintiff Profile Form filed on the portal (Claim Doc ID 315603) (Exh.11).

01/13/2014: Photographs of drywall showing the requisite indicia filed on the portal (Claim Doc ID 315604) (Exh.12).

04/15/2015: Claimants' Taishan Evidence Form submitted on the portal (Claim Doc ID 327044) (Exh.13).

05/07/2015: Sworn statement by attorney re representation (Exh.14).

02/12/2020: Absent Class Member Taishan Claim Form and Owner Affidavit filed on the portal (Claim Doc ID 372881-372882) (Exh.15).

### Documents from Taishan claimants who received full compensation

Melissa Hudson Taishan claim documents – consolidated (Exh.16).

Brandi Herrington Taishan claim documents – consolidated (Exh.17).

### Communications regarding Taishan clients Frego and Nolte

04/07/2015 – Email from PSC directing claimants' counsel to submit the supplemental submission of evidence (Exh.18).

5/08/2015 – email from PSC regarding Attorney verification of Taishan clients (Exh.19).

5/08/2015 – email to PSC submitting the executed Attorney verification of Taishan clients (Exh.20).

06/25//2015 – email to PSC regarding the missing clients on the Omnibus Complaint (Exh.21).

06/26/2015 – 6/29/2015 – email chain – PSC confirming that no further action necessary for Frego and Nolte and advising claimants' counsel that he has complied with all requirements (Exh.22).

5/9/2017 – emails between claimants' counsel and PSC re Frego and Nolte not on complaint (Exh.23).

5/19/2017 – email and correspondence from the PSC which indicates that the PSC has the responsibility to review the indicia, assign the product id and place the claim in the appropriate omnibus complaint. (Exh.24).

10/25/2019 – Emails between claimants' counsel and PSC regarding claimants Frego and Nolte (Exh.25).

## Facts

Claimants' counsel submitted four Taishan claims, Kimberly Frego, Fred Nolte, Brandi Herrington and Melissa Hudson. Claimants counsel provided the exact same documentation for all four claimants. For a reason unknown to claimants' counsel, two of the claimants were placed on the correct Omnibus Complaint, but Frego and Nolte were left off any Taishan related complaint, and instead placed on the *Beane* complaint, which was a complaint against Knauf. The two claimants placed on the correct Omnibus Complaint received 100% of the value of their claim, but Frego and Nolte only received 5% of the full value of their claim.

On June 25, 2015, claimants' counsel informed the PSC of this oversight. (Exh.21). On June 29, 2015, the PSC informed claimants' counsel that the claims were all protected. (Exh.22). The claimants performed every requested action by the court and the PSC that would and should have placed them in the appropriate complaint for the Taishan claimants. The PSC confirmed that claimants' counsel complied with all requirements and there was nothing more for him to do. (Exh.22). The Taishan Defendants would have been put on notice and/or had access to the Plaintiff Profile Forms and all of the other filings and indicia showing that Frego and Nolte were Taishan

claimants. Both claimants in this motion have been registered with the Chinese drywall litigation since 2013, and both claimants have provided multiple documents and supplements, as requested by the Claims Administrator and class counsel at various times. For instance, both Frego and Nolte submitted court ordered documents indicating their Taishan claims. (Exhs. 1-5, 9-14). On May 7, 2015, claimants' attorney signed and submitted a sworn statement of representation of Taishan claimants Frego and Nolte. (Exh.14). Claimants now request that the Court deem them class members as every party in these proceedings have been on notice that these claimants have Taishan drywall and should have been included in the *Amorin* complaint, the *Brooke* complaint and/or any other action which would provide the compensation which these claimants are entitled to.

## Argument

"In a class action settlement, a court retains special responsibility to see to the administration of justice." In re Cendant Corp. Prides Litig., 233 F.3d 188, 194 (3d Cir.2000). This Court has supervisory power over this MDL, and this Court has inherent power to manage its own docket. This Court therefore has ample authority to grant the relief requested, which is a matter of internal MDL procedure. In the present case, these claimants have valid claims, yet have only been awarded a fraction of what their actual compensation should be.

In implementing Federal Rule of Civil Procedure, Rule 59(e), the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5$_{th}$ Cir.1993). In balancing these interests, courts consider the following non-inclusive factors: "(1) the reasons for the plaintiffs' default, (2) the importance of the evidence to the plaintiffs' case, (3) whether the evidence was [previously] available to plaintiffs ..., and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened." *Ford v.*

*Elsbury*, 32 F.3d 931, 937-38 (5th Cir.1994); *see also Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 400-01 (5th Cir. 2003).

The 5th Circuit has explained the following regarding Rule 60(b) motions:

> Several factors shape the framework of the court's consideration of a 60(b) motion: "(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack."

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir.1993) (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981); *see also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984).

Claimants Nolte and Frego filed their claims in 2013 and updated their claims on multiple occasions. As shown in the exhibits under the heading "timeline," claimants repeatedly complied with notices of their Taishan claims. (Exhs. 1-5, 9-14). Although Frego and Nolte were left off the PSC's spreadsheets, the PSC never requested that claimants' counsel make sure that all Taishan clients were on the spreadsheet – the PSC requested that claimants' counsel verify that the information on the spreadsheets was correct. On October 31, 2019, the Revised Master Spreadsheet [Doc. 22355-1] did not list either Frego or Nolte as a "known class member." The PSC only requested that claimants' counsel verify if the information on the spreadsheet was correct. (Exh.25). Claimants submit the above facts constitute good cause for granting the requested relief.

If the Court denies the requested relief, two homeowners will be left without 95% of the compensation which they are entitled to. This will drastically affect the claimants' ability to

6

remediate the defective drywall throughout their home. It would be manifestly unjust for the Court to deny this relief when claimants have taken many steps for the past seven years to preserve their claims, and the Claimants provided notice of these claims in 2013. Claimants request one or more of the following relief: (1) If the Court deems that the claimants should be considered *Amorin* claimants, then claimants request an Order that Claimants are entitled to the full compensation - $186,809.40 for Frego and $71,392.20 for Nolte, (2) If the Court deems that the claimants should be considered *Brooke* claimants, then claimants request an Order that they are entitled to $37,361.88 for Frego and $14,278.44 for Nolte and/or (3) any other relief available within the powers of this Court, as deemed appropriate by this Court.

Respectfully Submitted,
TAYLOR MARTINO, P.C.,
Attorney for the Claimants

 */s/ Edward P. Rowan*_____
EDWARD P. ROWAN (Fed Bar ID ROWA3430)
Post Office Box 894
Mobile, Alabama 36601
Phone: (251) 433-3131
Email: ed@taylormartino.com

OF COUNSEL:
TAYLOR MARTINO, P.C.
455 St. Louis St., Ste 2100
Mobile, Alabama  36602
(251) 433-331
(251) 433-4207 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2020, I electronically filed the foregoing with the Clerk of the Court by electronically uploading the same to the MEC/ECF system which will serve a notice of the uploading in accordance with the procedures established in MDL 2047.

/s/ Edward P. Rowan
EDWARD P. ROWAN