# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2020

Lyle W. Cayce
Clerk

No. 18-30742

IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY
LITIGATION

-----------------------------------------------

EDUARDO AMORIN; STEPHEN BROOKE; PERRY FONTENOT; DAVID
GROSS; KENNETH WILTZ,

       Plaintiffs - Appellees

v.

CHINA NATIONAL BUILDING MATERIALS COMPANY, LIMITED;
BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY;
BEIJING NEW BUILDING MATERIAL GROUP COMPANY LIMITED,

       Defendants - Appellants

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-MD-02047

---

Before DENNIS, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-30742

This appeal involves the denial or partial denial of four motions for dismissal filed by the Defendants/Appellants in the Chinese-manufactured drywall multi-district litigation. This court has considered this appeal based on the briefs, record, applicable law and oral arguments. Having done so, we conclude that the matter should be affirmed for essentially the same reasons set out by the district court. Because the district court did not err, we AFFIRM.[1]

---

[1] The separate opinion concurs as to Florida for what it says are not the reasons stated by the district court but would remand for a new choice-of-law analysis on the Louisiana claims. However, not only did the district court cite *In re Chinese-Manufactured Drywall Products Liability Litigation (Drywall II)*, 753 F.3d 521, 529 (5th Cir. 2014), for the exact proposition the separate opinion cites it regarding the Florida claims, but the defendants' acknowledgments were only one of multiple reasons offered by the district court in its thorough analysis supporting the application of the laws of the forum states. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 09-02047, 2017 WL 1476595, *23 (E.D. La. Apr. 21, 2017); *see also Id.* at n. 22.

No. 18-30742

DON R. WILLETT, Circuit Judge, concurring in part and dissenting in part.

I agree that we should affirm the district court on the Florida-law claims (though not for the reasons stated in the district court opinion). As for the *non*-Florida claims, the district court had no valid grounds to disregard Louisiana law. For those claims, I would remand to the district court for a new choice-of-law analysis.

In MDL cases like this one, federal courts generally apply the substantive state law that the transferor court would apply.[1] That includes the forum state's choice-of-law rules.[2] The district court correctly held that under both Florida and Louisiana law, the choice-of-law rules point to the place of incorporation—here, China—for determining whether veil piercing is appropriate for establishing jurisdiction.[3] Yet the district court applied forum-state law rather than Chinese law because, according to the district court, Defendants conceded that, "whether the Court applies Chinese or forum-state law, there is no meaningful difference in outcome."[4]

---

[1] *Weatherly v. Pershing, LLC*, 945 F.3d 915, 920 (5th Cir. 2019).

[2] *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 646 (5th Cir. 2002). Here, the original transferor forums were in Florida, Virginia, and Louisiana. But all the Virginia plaintiffs have abandoned their claims under a settlement, so there are no live questions under Virginia law. Therefore, we need only consider the choice-of-law rules of Florida and Louisiana.

[3] *In re Chinese-Manufactured Drywall Prods. Liab. Litig.,* No. 09-02047, 2017 WL 1476595, at *23 (E.D. La. Apr. 21, 2017).

[4] *Id.* In this concurrence, I focus only on the district court's most *plausible* rationale for disregarding Chinese law—Defendants' alleged concession. But the district court's decision to apply forum-state law was based on a few other factors as well (none of which I find convincing): (1) "the Fifth Circuit has held that Chinese law is not materially different than the forum state's law on the question of imputation of contacts"; (2) "the lack of authoritative interpretation of the applicable Chinese law"; and (3) "the influence of Chinese culture and politics on the applicable Chinese law." *Id.* None of these reasons holds water. First, the Fifth Circuit has not held that Chinese corporate law is the same as forum-state law. In *In re Chinese-Manufactured Drywall Products Liability Litigation* (*Drywall II*), we applied forum-state law in a particular dispute based on a different concession of a different defendant. 753 F.3d 521, 529 (5th Cir. 2014). We did not settle for all time that all disputes

3

No. 18-30742

Respectfully, I don't believe any such concession was made.[5] Defendants argued vigorously that Chinese law applies *and* that Chinese law sets a higher hurdle for veil piercing than any of the forum states' laws. But Defendants also argued, as any savvy litigant would, that they win no matter whose law is applied. It's an argument in the alternative, and it would have bordered on legal malpractice not to make it.

Moreover, it's difficult to accept the district court's conclusion that Chinese law is no different than Florida or Louisiana law when the court's jurisdictional analysis led to different outcomes under Florida and Louisiana law. The district court ruled, for example, that it had jurisdiction over only one Defendant in Florida but three in Louisiana because Louisiana, unlike Florida, recognizes a "Single Business Enterprise" theory.[6] If applying Florida law and

---

involving Chinese corporate law could be resolved by applying Florida or Louisiana law. Second, Chinese law may be difficult to interpret, but interpreting the law is what courts do; difficulty is no reason to abandon the enterprise. And third, calibrating the sway of foreign culture and politics on foreign law is *not* what courts do. Judges by and large are not fluent in the language of international social or political science. Rightly understood, the judiciary is emphatically a legal institution, not a political or cultural one.

[5] Here are the statements that allegedly form the concession: "Even if this Court were to apply the law of the forum states, there is still no basis to impute Taishan's forum contacts to BNBM PLC as an alter ego." *Id.* "Nor, based on the factual record, would an alter ego relationship exist under the forum states' laws." *Id.* "Under both Chinese and U.S. law, exercising controlling shareholder rights fall far short of demonstrating that a subsidiary is so totally subsumed by a shareholder that they should be treated as a single entity." *Id.* "The result is the same if the law of Florida, Louisiana, or Virginia is applied." That last one has the most concession-like ring. But in context, it's clear Defendants are just arguing they win no matter what law is applied. Right before Defendants say "[t]he result is the same if the law of Florida, Louisiana, or Virginal is applied," they contend that Chinese law does not permit piercing the veil in these circumstances. Defendants never claim that Chinese corporate law generally yields the same results as Florida or Louisiana law. The same result is simply obtained here, so say they, because their case is such a winner. "*Go anywhere in the world, and you can't lose on these facts!*" That's just lawyering.

[6] *In re Chinese-Manufactured Drywall Prods. Liab. Litig.,* 2017 WL 1476595, at *46–47.

4

No. 18-30742

Louisiana law lead to different outcomes, it's hard to understand how both states' laws yield the same result as Chinese law.

Absent a concession from the parties, two important questions remain:

1. Whose law should control?

2. What result does that law produce?

The answers depend on the forum.

For the Florida plaintiffs, Florida law should control. I join the majority on this point, but not for reasons discussed in the district court's opinion. Our precedent in this MDL is helpful in divining what the Florida Supreme Court would say about Florida's choice-of-law rules here. In *Drywall II*, we did rely on the defendant's concession that Florida and Chinese corporate law were not materially different.[7] But we also looked to a Florida state court case—*Lennar Homes LLC v. Knauf Gips KG*[8]—to determine what law Florida courts would apply.[9]

*Lennar Homes* held that Florida law applied in this very circumstance because "Florida courts have adopted the 'significant relationships' test as set forth in the Restatement (Second) of Conflict of laws."[10] Because the property damage suffered by Florida residents comprised "the foundation of this litigation," the court reasoned that "Florida law should apply in determining whether the [subsidiary's] actions can be attributed to [the parent] under Florida principles of agency."[11] We should simply follow *Drywall II* in looking

---

[7] 753 F.3d at 529.

[8] No. 09-07901 CA 42, 2012 WL 3800187 (Fla. Cir. Ct. Aug. 31, 2012).

[9] *Drywall II*, 753 F.3d at 529, n.6. *Lennar Homes* involved substantially overlapping issues with *Drywall II*, so much so that the federal and state judges, Fallon and Farina, coordinated their hearings. *Id.*

[10] *Lennar Homes*, 2012 WL 3800187, at *2.

[11] *Id.* The Third District Court of Appeal of Florida affirmed the trial court order in a per curiam opinion. *Taishan Gypsum Co. Ltd. v. Lennar Homes, LLC*, 123 So. 3d 637 (Fla.

5

No. 18-30742

to *Lennar Homes* for guidance on what law Florida courts would apply.[12] The clear answer: Florida law. There is no need to examine whether there is a conflict between Chinese law and Florida law. And I agree with the majority that under Florida agency principles, the district court correctly held that it had jurisdiction over BNMB.

But Louisiana, unlike Florida, does not recognize the significant relationships test. Because Louisiana choice-of-law rules point to the place of incorporation for a veil-piercing inquiry,[13] Louisiana law cannot be applied unless there is indeed "no conflict" with Chinese law. To my mind, there hasn't been sufficient analysis on this question because the district court improperly relied on a concession that Defendants never made.

In sum, I concur in the judgment as to the Florida plaintiffs because Florida courts would apply Florida law. But as to the *non*-Florida plaintiffs, I would remand to the district court for a proper comparison of Chinese law with Louisiana law to determine whether there truly is no conflict.

---

Dist. Ct. App. 2013). So we looked to *Lennar Homes* for guidance because, "when the supreme court of a state has not spoken to a particular issue, the well-established practice of this Circuit is to follow the opinion of the highest court which *has* written on the matter." *Drywall II*, 735 F.3d at 529, n.6 (emphasis in original) (quoting *Birmingham Fire Ins. Co. of Pa. v. Winegardner & Hammons, Inc.*, 714 F.2d 548, 550 (5th Cir. 1983)).

[12] Claiming that the district court did cite *Drywall II* for this precise proposition, the majority directs us to page *23 and footnote 22 of the district court's opinion. Majority Op. at n.1. It would be difficult to demonstrate with a quote from the district court's opinion what it *didn't* rely on. But curious readers can scour page *23 and footnote 22 for a reference to *Lennar Homes* or to Florida's significant relationships test. I found none. Rather, the district court cited *Drywall II* for the proposition that "Chinese law is not materially different than the forum state's law on the question of imputing contacts for personal jurisdiction." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.,* 2017 WL 1476595, at *23.

[13] *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 647 (5th Cir. 2002) (holding that in Louisiana, "the law of the state of incorporation governs the determination when to pierce a corporate veil").