UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * | |
| | * | |
| | * | CIVIL ACTION |
| | * | |
| | * | MDL NO. 2047 |
| | * | |
| | * | SECTION L (5) |
| THIS DOCUMENT RELATES TO: | * | |
| *Elizabeth Bennett, et al. v. Gebr. Knauf* | * | |
| *Verwaltungsgesellschaft, KG, et al.*, No. 14-2722 | * | |

## ORDER & REASONS

Pending before the Court are Defendants' Motions to Dismiss Claims Asserted by Michael Phillips, Peter & Lin H. Robinson, Jeremy Jordan, Cesar & Ines Jaramillo, and Annetta, LLC & Baco Annetta LLC, R. Doc. 22666, Richard Calevro, R. Doc. 22682, and Martin Kuntz, R. Doc. 22671, Under Rule 37, or Alternatively, Other Sanctions. Plaintiffs oppose the motions, R. Docs. 22791; 22792; 22793, and Defendants have filed replies, R. Docs. 22846; 22835; 22831. Because the motions all present the same issue, the Court considers them collectively. Having considered the applicable law and the parties' arguments, the Court now rules as follows.

## I.      BACKGROUND

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of foul-smelling gas, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-*

*Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to be caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. As a result, many homebuilders also filed suit seeking to recoup their damages. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. Since that date, numerous cases have been consolidated, involving thousands of individual claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, depositions have been taken in the United States and in China, and over thirty Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers, and it has presided over monthly status conferences, hearings, and several bellwether trials.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities and (2) the Taishan Entities. The litigation has focused upon these two entities and their downstream associates and has proceeded on strikingly different tracks for the claims against each group.

## A. The Knauf Defendants

The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"),

advertised and sold its Chinese drywall in the United States. The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts.

The Knauf Entities first entered their appearance in the MDL litigation on July 2, 2009. Thereafter, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall. The Court found in favor of the plaintiff family in *Hernandez*, issued a detailed Findings of Fact and Conclusions of Law, and entered a Judgment in the amount of $164,049.64, including remediation damages in the amount of $136,940.46—which represented a remediation cost of $81.13 per square foot based on the footprint square footage of the house.

Subsequently, the Knauf Entities agreed to institute a pilot remediation program utilizing the remediation protocol formulated by the Court from the evidence in *Hernandez*. The Knauf pilot remediation program is now completed and has remediated more than 2,200 homes containing KPT Chinese drywall using the same general protocol. At the Court's urging, the parties began working together to monetize this program and make it available to a broader class of plaintiffs.

On December 20, 2011, the Knauf Entities and the PSC entered into a global, class Settlement Agreement ("Knauf Settlement Agreement"), which was designed to resolve all Knauf-related, Chinese drywall claims. In addition to the Knauf Settlement Agreement and after a jury trial in a bellwether case, numerous defendants in the chain-of-commerce with the Knauf Entities have entered into class settlement agreements, the effect of which settles almost all of the Knauf Entities' chain-of-commerce litigation. The total amount of the Knauf Settlement is approximately $1.1 billion. Thereafter, additional claims were filed against Knauf and others.

### B. The Bennett Class Action

The instant matter is a purported class action filed on November 13, 2014 by Elizabeth Bennett in the Northern District of Alabama. [1] Ms. Bennet raised claims on her own behalf and on the behalf of a nationwide class of similarly situated homeowners who allegedly suffered damages due to the presence of defective Chinese drywall in their homes. The Plaintiffs raised claims against the Knauf Entities for negligence, negligence per se, strict liability, breach of express and/or implied warranty, redhibition, violations of the Louisiana Products Liability Act, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of consumer protection laws, and equitable and injunctive relief and medical monitoring with respect to the manufacture of allegedly defective Chinese drywall. In January 2015, the Judicial Panel on Multidistrict Litigation transferred the case to the Eastern District of Louisiana and consolidated it with the *In re Chinese Manufactured Drywall Liability Litigation*, MLD 09-2047, currently pending before this Court.

On October 31, 2019, the Court granted leave for Plaintiffs to add several new Plaintiffs to the action. R. Doc. 22357. The case now involves 130 affected properties. On that date, the Court also extended many of the Case Management Order's deadlines. R. Doc. 22357. With discovery well underway, the Knauf Defendants have begun to file dispositive motions targeting the claims of several individual plaintiffs.

---

[1] On January 22, 2020, the Court granted Defendant's Motion to Deny Class Certification, finding that the predominance requirement of Rule 23(b)(3) was not satisfied. R. Docs. 22524, 22528. Specifically, the Court noted that the variety in the individual claims, which included personal injury and property damage claims, theories of liability, applicable state laws and defenses, and damage calculations precluded the finding of predominance necessary to warrant class certification.

## II.   PENDING MOTIONS

### A.  Defendants' Motion to Dismiss Claims Asserted by Michael Phillips, Peter & Lin H. Robinson, Jeremy Jordan, Cesar & Ines Jaramillo, and Annetta, LLC & Baco Annetta LLC Under Rule 37 or, Alternatively, for Other Sanctions [R. Doc. 22666]

In this motion, Defendants seek dismissal of claims asserted by Michael Phillips, Peter and Lin H. Robinson, Jeremy Jordan, Cesar and Ines Jaramillo, and Annetta, LLC and Baco Annetta on the grounds that these Plaintiffs either failed to attend their depositions or failed to accommodate the inspections of their properties. R. Doc. 22666.

Michael Phillips' claims arise from the alleged presence of defective Chinese drywall in a property located at 11263 Creek Drive, Gulfport, Mississippi. Defendants argue dismissal of Phillips' claims is warranted because although the parties had agreed to conduct an inspection of the affected property on September 30, 2019, access to the property was not provided and an alternative inspection date never arranged. R. Doc. 22666-1 at 4. Additionally, Defendants contend Phillips was unable to appear at his deposition on December 2, 2019, and failed to appear for the rescheduled deposition on December 18, 2019. *Id.* at 5.

Peter and Lin H. Robinson's claims arise from the alleged presence of defective Chinese drywall in a property located at 131 Sea Oaks Drive, Long Beach, Mississippi. Defendants argue that dismissal of the Robinsons' claims is warranted because the Robinsons failed to attend a deposition noticed for December 12, 2019, a date that Plaintiffs' counsel had not objected to, and "no availability was provided" by counsel for an alternative deposition date. *Id.* Defendants further argue that they have been unable to inspect the Robinsons' property. *Id.* at 8.

Jeremy Jordan's claims arise from the alleged presence of defective Chinese drywall in a property located at 11592 Azalea Trace, Gulfport, Mississippi. Defendants contend dismissal of Jordan's claims is warranted because he was unable to attend his noticed deposition due to

"surgery-related circumstances" and no alternative date was ever provided. Defendants contend these circumstances "do not excuse the months of delay in providing dates on which they might otherwise be deposed." *Id*. at 10. Additionally, Defendants have been unable to inspect Jordan's property because the property was lost in foreclosure. *Id*. at 6.

Cesar and Inez Jaramillo's claims arise from the alleged presence of defective Chinese drywall in a property located at 5301 Nicklaus Drive, Winter Haven, Florida. Defendants argue dismissal of the Jaramillo's claims is warranted because the Jaramillos were unable to attend their depositions due to "surgery-related circumstances" and no alternative dates were ever provided. *Id*. Defendants contend these circumstances "do not excuse the months of delay in providing dates on which they might otherwise be deposed." *Id*. at 10.

Annetta, LLC and Baco Annetta's ("the Annetta Entities") claims arise from the alleged presence of defective Chinese drywall in a property located at 363 NE 30th Avenue, Homestead, Florida. Defendants argue dismissal of the Annetta Entities' claims is warranted because these Plaintiffs were unable to attend their depositions due to "surgery-related circumstances" and no alternative dates were ever provided. *Id*. at 6. Defendants contend these circumstances "do not excuse the months of delay in providing dates on which they might otherwise be deposed." *Id*. at 10.

Plaintiffs oppose the motion, arguing that sanctions under Rule 37 are inappropriate because Defendants failed to compel the depositions or inspections upon which the instant motion is based. R. Doc. 22791. Plaintiffs aver that depositions can be expeditiously arranged for all Plaintiffs but Cesar Jaramillo, who currently lives in a rehabilitation facility. *Id*. at 8.

**B. Defendants' Motion to Dismiss Claims Asserted by Richard Calevro under Rule 37 Or, Alternatively, For Other Sanctions [R. Doc. 22682]**

In this motion, Defendants seek dismissal of Richard Calevro's claims, or, alternatively sanction under Rule 37, on the grounds that Calevro has not produced a Plaintiff Profile Form, a Supplemental Plaintiff Profile Form, an Owner Affidavit, or a Plaintiff Fact Sheet, nor has he submitted to a deposition. R. Doc. 22682-1 at 3. Calevro's claims arise from the presence of allegedly defective Chinese-manufactured drywall in a property located at 5040 Georgia Street, Bay Saint Louis, Mississippi. *Id.* at 3.

In opposition, Calevro argues that a deposition was unilaterally noticed by Defendants for a date Plaintiff could not accommodate. He maintains that Defendants were informed of the conflict in advance of the deposition yet made no effort to reschedule "during the weeks that remained prior to the expiration of the discovery period." R. Doc. 22793 at 7. Additionally, Calevro attaches to his opposition a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet, which he argues render the pending motion moot. *Id.* at 7–8. Calevro avers these documents were contemporaneously served on Defendants through the Brown Greer portal.

Defendants have filed a reply, arguing that they were never informed that Plaintiff would be unable to attend his deposition. R. Doc. 22831. Further, Defendants argue the untimely attachment of the outstanding documents does not moot the motion as the documents were "excessively late," produced in an "inappropriate method of serving new evidence," and because Calevro has never submitted to a deposition. *Id.* at 3.

**C. Defendants' Motion to Dismiss Claims Asserted by Martin Kuntz Under Rule 37 of, Alternatively, Other Sanctions [R. Doc. 22671]**

In this motion, Defendants seek dismissal of Martin Kuntz's claims, or, alternatively sanctions under Rule 37, on the grounds that Kuntz has not produced "a single document in support of his claims," nor has he submitted a Plaintiff Profile Form, a Supplemental Plaintiff Profile Form, or a Plaintiff Fact Sheet. R. Doc. 22671-1 at 7. Alternatively, Defendants seek partial summary judgment with respect to any non-remediation claims on the grounds that Kuntz was only assigned remediation claims by the property's prior owner, Steve Binns. Martin Kuntz's claims arise from the alleged presence of Chinese drywall in a property located at 1417 Southwest Devera Avenue, Port St. Lucie, Florida. *Id.* at 3.

Kuntz opposes the motion, acknowledging that he had not disclosed the required documents but noting that he was deposed on December 19, 2019 and "answered all questions for hours regarding the purchase of the Affected Property and the assignment he received by sellers." R. Doc. 22792 at 7. Kuntz notes that at no time after the deposition did Defendants attempt to compel production of discovery documentation. *Id.* Nevertheless, Kuntz attaches to his opposition a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet. *Id.* at 8. Kuntz avers any delay in the production of these documents is attributable to "a breakdown in Plaintiff counsel's internal tracking system within its office." *Id.* Additionally, Kuntz suggests that Binns' retention of rights "is a matter not suited for summary judgment." *Id.* at 9.

In reply, Defendants argue the untimely attachment of the outstanding documents does not moot the motion as the documents were "excessively late," produced in an "inappropriate method of serving new evidence," and because Kuntz has never submitted to a deposition. R. Doc. 22835 at 2.

## D.  LAW & ANALYSIS

Rule 37 authorizes courts to sanction parties that fail to comply with a court order or otherwise adequately participate in the discovery process. Fed. R. Civ. P. 37. In particular, Rule 37(d)(1)(a) authorizes the imposition of sanctions when a party fails to attend its own deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(a). Sanctions available to the court include, among others, striking the pleadings, staying proceedings, and dismissal with prejudice. Fed. R. Civ. P. 37(b)(2)(a)(i)-(vi). In the Fifth Circuit, courts must consider whether the sanction furthers Rule 37's important goal of punishing misbehaving parties and deterring similar conduct in the future. *Chilcutt v. United States*, 4 F.3d 1313, 1321 (5th Cir. 1993). Although "[l]esser sanctions do not require a finding of willfulness," *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012), dismissal with prejudice is a severe sanction only available where the refusal to comply is the product of bad faith or willfulness and where a less drastic sanction would not further Rule 37's goal of deterrence. *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985).

Plaintiffs Phillips, the Robinsons, Jordan, the Jaramillos, the Annetta Entities, and Calevro all either failed to attend their depositions or were unable to attend them due to extenuating circumstances. Additionally, Phillips and the Robinsons have failed to allow property inspections. The Court recognizes that Defendants' inability to conduct depositions and/or inspections for these Plaintiffs has significantly frustrated the discovery process, drawn out this litigation, and prejudiced Defendants' ability to develop a defense to their claims. However, the Court does not find that the dramatic sanction of dismissal to be an appropriate because the record does not indicate that any of these Plaintiffs acted willfully or in bad faith. Indeed, it appears as though

9

Plaintiffs' counsel often notified Defendants of scheduling conflicts in advance and merely neglected to arrange alternative dates.

Accordingly, the Court declines to dismiss these cases. It will, however, exercise its discretion under Rule 37 and order Plaintiffs to promptly submit to depositions and/or property inspections. Considering the fact that the discovery period is over and the delay has caused prejudice to Defendants, Plaintiffs and Defendants shall each bear their own costs related to the rescheduled depositions and or/inspections. However, in contrast to the other Plaintiffs, Mr. Phillips failed to appear for two depositions and failed to provide access to his property during a scheduled inspection. The Court believes his actions have more significantly frustrated the discovery process than those of other Plaintiffs and therefore warrant a more dramatic sanction. Accordingly, Mr. Phillips must bear all reasonable costs associated with his rescheduled deposition and property inspection.

Plaintiffs Calevro and Kuntz also failed to submit Plaintiff Fact Sheets, Plaintiff Profile Forms, and Supplemental Plaintiff Profile Forms in a timely manner. The Court recognizes that the delay in document production has significantly frustrated the discovery process and prejudiced Defendants' ability to develop a defense to Calevro and Kuntz's claims. However, the record does not indicate that Calevro or Kuntz acted willfully or in bad faith. In fact, Kuntz's counsel avers that any delay is attributable not to Kuntz himself but to problems with counsel's "internal tracking system." R. Doc. 22792 at 6. The Court accordingly declines to penalize Kuntz and Calevro for what could conceivably amount to attorney oversight, particularly because the documents were eventually produced.

Lastly, Defendants seek partial summary judgment on Kuntz's non-remediation claims. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on

file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

The Court concludes that partial summary judgment is warranted with respect to Kuntz' non-remediation claims. Defendants have demonstrated that Kuntz purchased the affected property from Binns on January 11, 2019, and received an assignment of claims that same day. Specifically, the "Assignment of Claims & Retention of Rights Agreement" provides that Binns, as the seller of the affected property, agreed to "assign[] and transfer[] to Kuntz all filed claims he may possess *related to the remediation* of the residential structure containing Chinese-manufactured drywall." R. Doc. 22671-4 at 2. Binns specifically retained non-remediation claims, including but not limited to claims for alternative living expenses, personal property, loss of equity, diminution in value, and loss of use and enjoyment, for himself. *Id.* Plaintiff has not provided any argument or evidence to create a genuine issue of material fact with respect to Binns' retention of all non-remediation based claims. Accordingly, Kuntz only has the right to prosecute remediation-based claims, and all other claims he asserts must be dismissed.

### E.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss Claims Asserted by Michael Phillips, Peter & Lin H. Robinson, Jeremy Jordan, Cesar & Ines Jaramillo, and Annetta, LLC &

Baco Annetta LLC Under Rule 37 or, Alternatively,  for Other Sanction, R. Doc. 22666, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks an order requiring Plaintiffs' to submit to depositions  and/or inspections, but is **DENIED** to the extent it seeks the sanction of dismissal.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Claims Asserted by Richard Calevro under Rule 37 Or, Alternatively, For Other Sanctions, R. Doc. 22682, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks an order requiring Calevro to submit to depositions  and/or inspections, but is **DENIED** to the extent it seeks the sanction of dismissal.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Claims Asserted by Martin Kuntz under Rule 37 Or, Alternatively,  For Other Sanctions, R. Doc. 22671, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks partial summary judgment on Kuntz's non-remediation claims, but is **DENIED** to the extent it seeks sanctions.

**IT IS FURTHER ORDERED** that the parties arrange for depositions of Michael Phillips, Peter & Lin H. Robinson, Jeremy Jordan, Cesar & Ines Jaramillo, Annetta, LLC & Baco Annetta LLC, and Richard Calevro, within fourteen days of this order's issuance. Due to ongoing concerns regarding the global outbreak of COVID-19, these depositions may take place via videoconference. Plaintiffs and Defendants are to bear their own costs, except for Mr. Phillips, who shall bear all reasonable costs associated with his deposition.

**IT IS FURTHER ORDERED** the parties arrange for inspections of Michael Phillips' and Peter and Lin H. Robinson's properties within one month of this order's issuance. The Robinsons

and Defendants shall each bear their own costs. Mr. Phillips shall bear all reasonable costs associated with the inspection.

**IT IS FURTHER ORDERED** that Kuntz and Calevro properly provide all outstanding documents necessary to complete the discovery process to Defendants within seven days.

New Orleans, Louisiana this 31st day of July, 2020.

_____

Eldon E. Fallon
United States District Judge