UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * <br> * <br> *   CIVIL ACTION <br> * <br> *   MDL NO. 2047 <br> * <br> *   SECTION L (5) <br> * |
| THIS DOCUMENT RELATES TO: <br> *Elizabeth Bennett, et al. v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al.*, No. 14-2722 | * <br> * <br> * |

**ORDER & REASONS**

Pending before the Court is Defendants' Motion to Dismiss Claims Asserted by Nicole Gaspard. R. Doc. 22673. Gaspard has not filed an opposition, and Defendants have filed a reply, R. Doc. 22810. Having considered the applicable law and the parties' arguments, the Court now rules as follows.

I.  BACKGROUND

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of foul-smelling gas, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to be caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. As a result, many homebuilders also filed suit seeking to recoup their damages. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. Since that date, numerous cases have been consolidated, involving thousands of individual claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, depositions have been taken in the United States and in China, and over thirty Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers, and it has presided over monthly status conferences, hearings, and several bellwether trials.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities and (2) the Taishan Entities. The litigation has focused upon these two entities and their downstream associates and has proceeded on strikingly different tracks for the claims against each group.

### A. The Knauf Defendants

The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States. The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts.

The Knauf Entities first entered their appearance in the MDL litigation on July 2, 2009. Thereafter, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall. The Court found in favor of the plaintiff family in *Hernandez*, issued a detailed Findings of Fact and Conclusions of Law, and entered a Judgment in the amount of $164,049.64, including remediation damages in the amount of $136,940.46—which represented a remediation cost of $81.13 per square foot based on the footprint square footage of the house.

Subsequently, the Knauf Entities agreed to institute a pilot remediation program utilizing the remediation protocol formulated by the Court from the evidence in *Hernandez*. The Knauf pilot remediation program is now completed and has remediated more than 2,200 homes containing KPT Chinese drywall using the same general protocol. At the Court's urging, the parties began working together to monetize this program and make it available to a broader class of plaintiffs.

On December 20, 2011, the Knauf Entities and the PSC entered into a global, class Settlement Agreement ("Knauf Settlement Agreement"), which was designed to resolve all Knauf-related, Chinese drywall claims. In addition to the Knauf Settlement Agreement and after a jury trial in a bellwether case, numerous defendants in the chain-of-commerce with the Knauf Entities have entered into class settlement agreements, the effect of which settles almost all of the Knauf Entities' chain-of-commerce litigation. The total amount of the Knauf Settlement is approximately $1.1 billion. Thereafter, additional claims were filed against Knauf and others.

### B. The Bennett Class Action

The instant matter is a purported class action filed on November 13, 2014 by Elizabeth Bennett in the Northern District of Alabama.[1] Ms. Bennet raised claims on her own behalf and on the behalf of a nationwide class of similarly situated homeowners who allegedly suffered damages due to the presence of defective Chinese drywall in their homes. The Plaintiffs raised claims against the Knauf Entities for negligence, negligence per se, strict liability, breach of express and/or implied warranty, redhibition, violations of the Louisiana Products Liability Act, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of consumer protection laws, and equitable and injunctive relief and medical monitoring with respect to the manufacture of allegedly defective Chinese drywall. In January 2015, the Judicial Panel on Multidistrict Litigation transferred the case to the Eastern District of Louisiana and consolidated it with the *In re Chinese Manufactured Drywall Liability Litigation*, MLD 09-2047, currently pending before this Court.

On October 31, 2019, the Court granted leave for Plaintiffs to add several new Plaintiffs to the action. R. Doc. 22357. The case now involves 130 affected properties. On that date, the Court also extended many of the Case Management Order's deadlines. R. Doc. 22357. With discovery well underway, the Knauf Defendants have begun to file dispositive motions targeting the claims of several individual plaintiffs.

---

[1] On January 22, 2020, the Court granted Defendant's Motion to Deny Class Certification, finding that the predominance requirement of Rule 23(b)(3) was not satisfied. R. Docs. 22524, 22528. Specifically, the Court noted that the variety in the individual claims, which included personal injury and property damage claims, theories of liability, applicable state laws and defenses, and damage calculations precluded the finding of predominance necessary to warrant class certification.

4

## II. PENDING MOTION

Nicole Gaspard's claims arise from the alleged presence of Chinese drywall in a property located at 1402 O'Donnell Lane SE, Port St. Lucie, Florida. R. Doc. 22673-1 at 3. Defendants allege that although Mercedes Gaspard, the owner of the home, submitted a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet, Nicole Gaspard did not sign any of these documents. *Id.* at 3. Additionally, Defendants note that the warranty deed provided during discovery revealed that the property was granted only to Mercedes Gaspard, who confirmed during her deposition that Nicole Gaspard does not own the property. R. Doc. 22673-1 at 3–4. Accordingly, Defendants seek summary judgment of Nicole Gaspard's claims on the grounds that she lacks standing. R. Doc. 22673-1 at 5.

## III. LAW & ANALYSIS

### A. Legal Standard

Motions to dismiss for lack of standing are properly brought under Rule 12(b)(1). *Harrison v. Safeco Ins. Co. of America*, 2007 WL 1244268, *3 (E.D.La. Jan. 26, 2007) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

"The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)" except that the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in considering its subject matter jurisdiction over the cause(s) in the suit. *Williams v. Wynne*, 533 F.3d 360, 364-65 n. 2 (5th Cir.

5

2008). A district court may dismiss for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).

### B. Discussion

Defendants seek summary judgment on the grounds that Nicole Gaspard lacks standing to bring the instant claims because she is not an owner of the affected property. A party has standing to bring legal claims when it can "demonstrate a direct and articulable interest in the controversy, which will be affected by the outcome of the litigation." *Whitburn, LLC v. Wells Fargo Bank, N.A.*, 190 So. 3d 1087, 1091 (Fla. Dist. Ct. App. 2015) (quoting *Centerstate Bank Cent. Fla., N.A. v. Krause*, 87 So.3d 25, 28 (Fla. 5th DCA 2012)). This interest must be concrete and particularized, not conjectural or hypothetical, and must be analyzed in light of the nature of the asserted interest. *Centerstate Bank*, 87 So. 3d at 28. "Standing depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest that would be affected by the outcome of the litigation." *Id*.

Here, Gaspard's claims arise from the alleged presence of Chinese drywall in a property Defendants have demonstrated she does not own. Notably, a warranty deed dated January 31, 2007 reflects that the property was conveyed by Majestic Land Holdings to Mercedes Gaspard alone. R. Doc. 22673-3 at 23. During Mercedes Gaspard's deposition, when asked why Nicole Gaspard was listed as a Plaintiff in the amended complaint filed on May 14, 2018, Mercedes Gaspard

6

responded, "Because she is helping me." R. Doc. 22673-5 at 3. Mercedes Gaspard then confirmed, "The house belongs to me." *Id*. at 4. Further, Nicole Gaspard did not sign any of the documents required in the prosecution of this litigation, such as a Plaintiff Profile Form, which lists only Mercedes Gaspard as the Claimant and property owner. R. Doc. 22673-2 at 1, 3. Mercedes Gaspard is listed as the sole owner in a Saint Lucie County Property Appraiser report, *id*. at 4, and the sole insured on a Renewal Declaration from United Property & Casualty Insurance Company, *id*. at 6.

Nicole Gaspard has not produced any evidence to rebut the claim that she does not own the affected property. Recognizing that an individual "cannot recover for damage to property he does not own," *Benoit v. Saint-Gobain Performance Plastics Corp.*, No. 116CV1057LEKDJS, 2017 WL 3316132, at *6 (N.D.N.Y. Aug. 2, 2017), *aff'd in part, appeal dismissed in part*, 959 F.3d 491 (2d Cir. 2020), the Court concludes that Nicole Gaspard lacks standing to bring the instant claims. They must accordingly be dismissed.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss Claims Asserted by Nicole Gaspard, R. Doc. 22673, is **GRANTED**.

New Orleans, Louisiana this 31st day of July, 2020.

_____
Eldon E. Fallon
United States District Judge