## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

**SETTLEMENT CLASS COUNSEL'S RESPONSE TO MOTION OF CLAIMANTS VALENTINE AND KIM FREGO AND FRED L. NOLTE FOR RELIEF PURSUANT TO RULES 59(e), 60(b)(1) AND 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE REGARDING THE COURT'S ORDER DATED JUNE 11, 2020**

### I.    INTRODUCTION

In their motion for relief [Rec. Doc. 22909], Claimants Valentine and Kim Frego ("Frego") and Fred L. Nolte ("Nolte") are seeking significantly increased Allocation Amounts from the Taishan Settlement approved by the Court more than six months ago.[1] They argue they should be considered *Amorin* Plaintiffs, or *Brooke* Plaintiffs, rather than absent Class Members for purposes of calculating their settlement awards.[2] However, neither Frego nor Nolte are *Amorin* Plaintiffs because they are not named on an *Amorin*, *Germano*, *Gross*, *Wiltz*, *Abel*, *Almeroth*, or *Haya* complaint.[3] Likewise, they are not *Brooke* Plaintiffs because they are not named on a *Brooke*

---

[1] These Claimants are represented by Taylor Martino, P.C. ("Taylor Martino"), a firm that has represented more than 80 Plaintiffs in this litigation, including 5 Plaintiffs with claims against the Taishan Defendants.

[2] In support of their motion, Frego and Nolte rely on documents dating back to 2013. They previously appealed the denial of their claims under the Settlement [Rec. Doc. 22873]. On June 12, 2020, the Court overturned the denials and ordered the Claims Administrator BrownGreer to apply the Allocation Model to their Objective Criteria. *See* Order & Reasons [Rec. Doc. 22882] at 11-13.

[3] *See In re Chinese-Manufactured Prod. Liab. Litig.*, 2014 WL 4809520, *1 (E.D. La. Sept. 26, 2014).

complaint or any complaint in intervention.[4] For these reasons, these Claimants were not included on the Master Spreadsheet that included "known Settlement Class Member Claims with sufficient proof of indicia of Covered Chinese Drywall in the subject Affected Property,"[5] filed on the MDL docket on August 29, 2019 [Rec. Doc. 22312-1], and published on the Settlement Website. Under the terms of the Taishan Settlement Agreement, Frego and Nolte are properly considered absent Class Members. Both Claimants have received Allocation Amounts based on their status as absent Class Members and other Objective Criteria set forth in their Claim Forms, which was uploaded to the BrownGreer Chinese Drywall portal.

## II.     RELEVANT FACTS

After a decade of hard-fought proceedings that included multiple jurisdictional challenges and appeals to the Fifth Circuit and more than 22,250 docket entries, on May 23, 2019, Class Counsel successfully negotiated a $248 million global class settlement of Plaintiffs' claims against the Taishan Defendants. The class included: all *Amorin* Plaintiffs (except for 498 Plaintiffs involved in the Florida Individual Settlement); all *Brooke* Plaintiffs; and all absent Class Members with damages from drywall alleged to be manufactured by Taishan and/or BNBM [Rec. Doc. 22466 at ¶ 3]. This settlement was preliminarily approved by the Court on August 30, 2019 [Rec. Doc. 22314]. Following individual notice to all known Class Members and their counsel, widespread publication notice to absent Class Members, multiple opportunities for Class Members

---

[4] The operative *Brooke* Complaints are: *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

[5] *See* Settlement Agreement [Rec. Doc. 22305-2] at Section 12.1.1. In the Taishan Settlement Agreement, "*Amorin* Plaintiffs and *Brooke* Plaintiffs are collectively referred to as 'known Class Members.'" *Id.* at Section 1.1.1.

to review and contest the Objective Criteria contained in the Master Spreadsheet, an opportunity to opt out of or object to the Settlement, and a final fairness hearing on December 11, 2019, which included live testimony of witnesses and oral argument from objectors, this Court granted final approval to the Taishan Settlement on January 10, 2020. *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 424 F. Supp. 3d 456 (E.D. La. 2020). An Order and Judgment pursuant to Federal Rule of Civil Procedure 54(b) was entered on January 13, 2020 ("Final Order and Judgment") [Rec. Doc. 22466], from which no appeal was lodged, and the Settlement achieved finality on February 12, 2020.

Pursuant to the Court's Final Order and Judgment, absent Class Members and *Amorin* and *Brooke* Plaintiffs not included in the Master Spreadsheet were permitted to submit Claim Forms and supporting proofs to the Claims Administrator on or before February 12, 2020. *See* Final Order and Judgment [Rec. Doc. 22466] at ¶ 17. The Claims Administrator reviewed 192 Claim Forms that were timely submitted, and on or about February 25, 2020, BrownGreer issued letters of acceptance or denial to each of these Class Members based on their Objective Criteria, informing them they had until March 26, 2020 to object. *See* Declaration of Jacob S. Woody dated 5/4/2020 regarding compliance with settlement obligations ("5/4/2020 Woody Declaration") [Rec. Doc. 22787-1] at ¶¶ 3-4. The accepted claims were added to the Revised Master Spreadsheet, and thereafter an Updated Revised Master Spreadsheet was filed on the MDL docket [Rec. Doc. 22649-1].

On March 6, 2020, BrownGreer disseminated individual notices of Allocation Amount Determinations to all Eligible Class Members, which set forth the net claim payment under the Settlement and the factors used to calculate each claim payment. *See* Notice of Filing [Rec. Doc. 22649] at 1. Following the process for appeals from claim denials and Allocation Amount

Determinations, approximately 3,630 Eligible Class Members, including Claimants Frego and Nolte, received Settlement payments. The Allocation Amounts for each Claimant were determined by applying the Allocation Model approved by the Court to each Claimant's Objective Criteria (*i.e.*, under air square footage of the Affected Property, whether the claimant was an *Amorin* Plaintiff, a *Brooke* Plaintiff, or an absent Class Member, product identification, partial or full assignment of claim, and prior Chinese Drywall settlement payments received).

This model was developed by an independent, Court-appointed Neutral, Mr. Cal Mayo, Jr., to equitably distribute the Settlement funds among Eligible Class Members. *See* Allocation Model [Rec. Doc. 22304-1]. The Allocation Model used a methodology that assigned relative values to the objective factors determined to be relevant in calculating Allocation Amounts. For example, *Brooke* Plaintiffs were ascribed a 20% value in comparison to *Amorin* Plaintiffs (*i.e.*, the *Brooke* claims were discounted by 80%), and the New Claims (*e.g.*, those of absent Class Members) were ascribed a value of 5% in comparison to *Amorin* Plaintiffs' claims (in other words, a 95% discount was applied to those claims). The model explained why a Class Member's status as an *Amorin* Plaintiff, a *Brooke* Plaintiff, or an absent Class Member affected the value of the claim:

> For the *Amorin* plaintiffs, the MDL Court has entered a default judgment as to liability and has certified a class, which the courts in Florida and Virginia have acknowledged and adopted. The only step remaining to judicially resolve the *Amorin* claims is a per claim damages determination. In fact, the federal courts in Florida, Virginia, and Louisiana were proceeding with resolution of these claims at the time of settlement. The *Amorin* plaintiffs have the strongest claims.[6]

In contrast,

> The *Brooke* litigation remains in the early stages. The Defendants have not answered, no discovery has occurred, and no court has certified a class. Significant work must occur (taking much time and

---

[6] *Id.* at 2.

expense) to resolve these claims, in the face of various defenses, including statutes of limitation defenses. The *Brooke* plaintiffs' claims are worth much less than the *Amorin* plaintiffs' claims.[7]

Further discounts were applied to New Claims on the grounds they were "worth significantly less than the *Amorin* plaintiffs' claims and less than the *Brooke* plaintiffs' claims."[8]

Given that this was a fixed sum settlement, the calculation of Allocation Amounts was based on the totality of approved claims. *See id.* at 7 (Step 5); 5/4/2020 Woody Declaration [Rec. Doc. 22787-1] at ¶ 7 ("To determine the net payment to each claimant, BrownGreer subtracted from the Settlement Fund the amounts awarded by the Court for attorneys' fees and cost reimbursements, administrative costs, and a holdback necessary to ensure that funds are available for successful appeals, and used the remaining amount to determine each claimant's share of the remaining Settlement Funds based on the application of the Allocation Model to their Objective Criteria.").

Claimants Frego and Nolte were treated as absent Class Members because they are not *Amorin* Plaintiffs and they are not *Brooke* Plaintiffs, as those terms are defined in the Taishan Settlement Agreement [Rec. Doc. 22305-2]. All Class Members were given numerous opportunities to verify or dispute the information contained in the Master Spreadsheet,[9] and indeed, 109 Class Members submitted challenges to the Claims Administrator by the October 3, 2019 deadline.[10] Where justified, the information on the Master Spreadsheet was modified.[11]

---

[7] *Id.*

[8] *Id.*

[9] *See* Settlement Agreement [Rec. Doc. 22305-2] at § 12.1.2; Long-Form Class Notice [Rec. Doc. 22316-1] at 6; *see also* Email exchange between Ed Rowan of Taylor Martino and PSC dated 8/20-27/2019 (attached hereto as Exhibit "A").

[10] Declaration of Jacob S. Woody dated 12/2/2019 [Rec. Doc. 22397-15] at ¶ 10.

[11] *Id.*

Thereafter, a Revised Master Spreadsheet was filed with the Court on October 31, 2019 [*see* Rec. Doc. 22355-1], and a Challenge Determination Notice was sent to each affected Class Member.[12] The Revised Master Spreadsheet was also posted on the Settlement Website.

Following approval of the Settlement, on February 12, 2020, Frego and Nolte each submitted a Claim Form to the Claims Administrator. The claims were denied for failure to submit certain required proofs. These Claimants corrected the failures, and thereafter appealed the denial of their claims [Rec. Doc. 22873]. The Court overturned the denials [Rec. Doc. 22882], and Frego and Nolte received their Allocation Amounts as absent Class Members.

At no time during the Settlement approval process did Frego or Nolte contest their exclusion from the Master Spreadsheet. Similarly, neither Claimant objected to the class definition, the Allocation Model, or any other terms of the Settlement Agreement. Yet, unhappy with their Settlement payments, these Claimants are asking the Court at this late juncture, after all eligible claims have been paid, to alter their status under the Settlement by retroactively including them in the *Amorin* class, or, alternatively, by adding them to a *Brooke* complaint on the grounds they "were inadvertently left off of the appropriate Omnibus Complaint." However, at no previous time during the past nine years did either Claimant seek to be included in *Amorin* or intervene into *Brooke*.

Beginning in 2011, during the period of time when Taishan was contesting jurisdiction in Louisiana, Florida, and Virginia, the Plaintiffs' Steering Committee ("PSC") prepared and filed three identical *Amorin* complaints in each of those jurisdictions in order to protect Plaintiffs with damages from drywall alleged to be manufactured by the Taishan Defendants. Individual Counsel

---

[12] *Id.* at ¶ 11.

for Plaintiffs were invited to submit evidence on behalf of their clients with Taishan drywall to be included in *Amorin*.[13] In response, Taylor Martino submitted claims for owners of two Affected Properties in Alabama – Chad & Melissa Hudson ("Hudson") and Brandi Herrington & Joey Willis ("Herrington").[14] Taylor Martino did not ask the PSC to include Frego and Nolte in *Amorin*. The most likely reason for this is because these Claimants did not have evidence of Taishan drywall in their Affected Properties at the time the *Amorin* class was certified on September 26, 2014. According to their motion, it was not until April 15, 2015, that these Claimants came forth with evidence of Taishan drywall [*see* Rec. Docs. 22909-7 & 22909-15].

In June 2015, the PSC decided to file another complaint against the Taishan Defendants for claimants not included in the *Amorin* class. Its request to individual Plaintiffs' counsel was specifically limited to "new claims never asserted against the Taishan Defendants."[15] Ed Rowan of Taylor Martino made an inquiry to Dawn Barrios about Nolte and Frego's inclusion on the *Brooke* complaint, but indicated that his Taishan clients were already included on Omni complaints (Omni IX and Omni XVIII).[16] However, these claimants were included on an omnibus complaint against Knauf, not Taishan.[17] At no time did Taylor Martino request that Frego or Nolte be added to the *Brooke* complaint or any of the *Brooke* intervention complaints.

---

[13] *See* Email from PSC to Individual Plaintiffs' Counsel, including Taylor Martino, dated 9/20/2012 (attached hereto as Exhibit "B").

[14] *See* Email from Taylor Martino to PSC dated 9/26/2012, and attachments thereto (attached hereto as Exhibit "C"). Notably, Hudson and Herrington received full compensation under the Taishan Settlement. *See* Motion for Relief at 3.

[15] *See* Email from PSC to Individual Plaintiffs' Counsel dated 6/12/2015 (attached hereto as Exhibit "D").

[16] *See* Rec. Doc. 22909-24 (email exchange between Ed Rowan and Dawn Barrios).

[17] *Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, Civ. Action, Case No. 13-609.

In 2017, following the Court's ruling on class damages in *Amorin* [Rec. Doc. 20741], the PSC sent each firm a list of their clients in the *Amorin* class with confirmed product ID and asked that counsel submit verified proof of under air square footage and a signed declaration for each client. The PSC also completed this task for the *Brooke* claimants. When Mr. Rowan received his list and noticed that Frego and Nolte were not included, he inquired to Barrios, Kingsdorf and Casteix and was advised "OC XVIII, which you say these claimants are listed, is a Knauf complaint. If they are listed on only that complaint, they are not a part of the class."[18] On May 9, 2017, Mr. Rowan responded, "I got my wires crossed somewhere. They are Knauf Plaintiffs, not Taishan."[19] Had Mr. Rowan advised the PSC in 2017 that his clients Frego and Nolte had Taishan drywall, and not Knauf drywall, in their properties, these claimants could have been included in any of the seven *Brooke* interventions filed after May 9, 2017.[20] Unfortunately, at no time prior to filing their instant motion did these Claimants seek inclusion on a *Brooke* complaint.

## III.    ARGUMENT

Frego and Nolte have moved for relief pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1), and 60(b)(6). Rule 59(e) requires that a motion to alter or amend a judgment "be filed no later than 28 days after the judgment is entered." Fed. R. Civ. P. 59(e). The Court sustained Claimants' objections to the denials of their claims on June 12, 2020.[21] On July 13, 2020 (31 days later), Frego and Nolte filed a deficient motion to alter or amend [Rec. Doc. 22907]. They refiled

---

[18] Exhibit 24 to Frego and Nolte Appeal [Rec. Doc. 22909-26].

[19] *See* Email from Ed Rowan dated 5/9/2019 (attached hereto as Exhibit "E").

[20] Rec. Docs. 20811, 21056, 21105, 21163, 21342, 21599, and 21882.

[21] Claimants refer to an Order dated June 11, 2020; however, the relevant Order & Reasons was entered on June 12, 2020 [Rec. Doc. 22882].

their motion on July 21, 2020 [Rec. Doc. 22909]. Accordingly, the motion to alter or amend under Rule 59(e) was filed out of time.

Under Federal Rule of Civil Procedure 60(b), a motion for relief from a judgment or order must be filed "within a reasonable time," and motions pursuant to 60(b)(1) (alleging mistake, inadvertence, surprise, or excusable neglect) must be filed "no more than a year after the date of the entry of the judgment or the date of the proceeding." Fed. R. Civ. P. 60(c). A motion for relief pursuant to Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions "are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances." *Reed v. Pierce*, 2014 WL 3919656, *1 (D. Del. Aug. 11, 2014) (citing *Pierce Ass'n, Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)).

The "catch-all" provision of Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [other than the specific circumstances set out in Rules 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(6); *Gonzalez*, 545 U.S. at 529. Courts have consistently held that Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." *See Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). The movant bears a heavy burden in showing entitlement to relief under this provision. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991).

Moreover, a Rule 60(b)(6) motion must be filed within a "reasonable time," which is determined by considering:

(1) "the interest of finality;"

(2) "the reason for delay;"

9

(3) "the practical ability of the litigant to learn earlier of the grounds relied upon;" and

(4) "prejudice to other parties."

*Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994); *Shoemaker v. Estis Well Service, L.L.C.*, 122 F. Supp. 3d 493, 515 (E.D. La. 2015); *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010); *Reed*, 2014 WL 3919656, at *1; *Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). Generally, a Rule 60(b)(6) motion "filed more than one year after final judgment is untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Reed*, 2014 WL 3919656, at *1; *see generally Ackerman v. United States*, 340 U.S. 193, 202 (1950); *Travelers*, 38 F.3d at 1411 (upholding denial of Rule 60(b)(6) motions as untimely where filed almost a year after becoming aware of facts relevant to disqualification motion and entry of judgments); *Pruett v. Stephens*, 608 Fed. App'x 182 (5th Cir.), *cert. denied*, 575 U.S. 993 (2015) (upholding denial of 60(b)(6) motion as untimely where filed 19 months after awareness of relevant information).

In this case, Claimants Frego and Nolte are challenging the Allocation Amounts they received under the Settlement. They specifically contest their status as absent Class Members, contending they should be treated as *Amorin* Plaintiffs, or, alternatively, as *Brooke* Plaintiffs. The definition of the *Amorin* class, however, was set by the Court almost six years ago on September 26, 2014. *Chinese Drywall*, 2014 WL 4809520, at *16. *Amorin* consists of "named Plaintiffs on the complaints in *Amorin*, *Germano*, *Gross*, and/or *Wiltz* (*i.e.*, not an absent class member)." *Id*. Neither Frego nor Nolte was named on those complaints, and, in fact, they did not produce evidence of Taishan drywall in their homes until April 15, 2015 [*see* Rec. Docs. 22909-7 & 22909-15], almost a year after *Amorin* was certified. Therefore, these Claimants cannot be considered *Amorin* Plaintiffs under the Settlement, and their 60(b) motion is untimely in any event.

Similarly, their request for inclusion on a *Brooke* complaint is being made years after the last intervention in *Brooke* occurred in 2018. Counsel for these Claimants acknowledged more than three years ago, on May 9, 2017, that these Plaintiffs were included on a Knauf complaint (*Beane*) rather than a Taishan complaint. Claimants provide no justification for the relief they are seeking. Any "mistake" regarding which Omnibus complaint included Frego and Nolte should have been corrected a long time ago, not now, after all opportunities for challenging the Master Spreadsheet have passed and the Taishan Settlement claims process has concluded. The lengthy delay in seeking this relief is not reasonable.

## IV.   **CONCLUSION**

Claimants Frego and Nolte have not provided justification for the relief they are seeking, and their motion is untimely. They were properly treated as absent Class Members under the Settlement. For these reasons, their motion should be denied.

Respectfully submitted,

Dated:  August 4, 2020                   By: */s/ Stephen J. Herman*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
SHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047 and
Settlement Class Counsel*

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047 and Settlement Class Counsel*

Patrick Shanan Montoya
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Telephone:  (305) 476-7400
Facsimile:  (305) 476-7444
Patrick@colson.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
757-233-0009
Rserpe@serpefirm.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 4th day of August, 2020.

*/s/ Stephen J. Herman*