**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED** | **MDL NO. 2047** |
| **DRYWALL PRODUCTS** | **SECTION: L** |
| **LIABILITY LITIGATION** | **JUDGE FALLON** |
| | **MAG. JUDGE WILKINSON** |

**THIS DOCUMENT RELATES TO:**

**ALL ACTIONS (except *The Mitchell Co.,***
***Inc. v. Knauf Gips KG, et al.,* Civil Action No.**
**09-4115 (E.D. La.))**

<u>**CLAIMAINTS VALENTINE AND KIM FREGO'S AND FRED L. NOLTE'S REPLY IN**</u>
<u>**SUPPORT OF THEIR MOTION FOR RELIEF REGARDING THE COURT'S ORDER**</u>
<u>**DATED JUNE 11, 2020**</u>

Stripped to its essence, Settlement Class Counsel's ("SCC") Response to Claimants'

Motion for Relief places all the blame on Claimants and their counsel for Claimants' present

predicament—an allocation of only 5% of full compensation because they were deemed absent

Class Members. This totally ignores the egregious failure of the Plaintiffs' Steering Committee

("PSC") to list Claimants as Plaintiffs in a complaint against the Taishan Defendants, when the

PSC had been well aware since 2013, throughout years of this litigation, that Claimants had claims

against the Taishan Defendants.

Several exhibits to Claimants' Motion for Relief identify Claimants as having Taishan

Drywall: Exhibits 3, 5, 7, 11, 13, 20, 21, and 22.[1] (Doc. 22909-3, 22909-5, 22909-7, 22909-11,

22909-13, 22909-20, 22909-21, and 22909-22). These submissions to the PSC were made

throughout the years 2013, 2014, and 2015, within the designated deadlines. Yet somehow, the

---

[1] Exhibits 3 and 11 reflect that Plaintiffs have Taihe drywall. It is established that Taihe drywall
is Taishan drywall.

PSC placed Claimants in a 2013 Omnibus Complaint against Knauf, another Defendant, that Claimants had no claims against.[2] In their Response, SCC never bothers to explain why the PSC did this.

Claimants' counsel states in his accompanying declaration that he was never asked or told by the PSC to select the proper Omnibus Complaint for his clients, and that his understanding was that this was the PSC's function. (Ex. A, Par. 3, 8). In any event, it defies understanding why Claimants were placed by the PSC in the wrong Omnibus Complaint, against Knauf, when there was so much evidence before the PSC that Claimants' claims were against the Taishan Defendants.

SCC argues Claimants were properly not placed in the *Amorin* complaints because the *Amorin* class, which was limited to the named Plaintiffs in *Amorin* and several other complaints, was certified on September 26, 2014, while Claimants did not submit evidence of Taishan drywall in their homes until April 15, 2015. If that statement were accurate, the PSC could still have sought to amend Claimants into the *Amorin* complaints. But more important, the PSC was in possession of evidence fifteen months before the *Amorin* class was certified that showed Claimants had Taishan drywall in their residences. Exhibits 3 and 11 (Doc. 22909-3 and 22909-11) to Claimants' Motion for Relief were submitted to the PSC on June 18, 2013, and they both state that Claimants had Taishan drywall in their residences. These Plaintiff Profile Forms were declarations executed under penalty of perjury, just as were Exhibits 7 and 15 (Doc. 22909-7 and Doc. 22909-15) that SCC relies upon for their assertion that Claimants did not submit evidence of Taishan drywall until April 15, 2015. If a declaration under penalty of perjury suffices for SCC's purpose when filed in

---

[2] Both Nolte and the Fregos appear on the Fourth Supplement to Exhibit "A" – Plaintiffs named in Plaintiffs' Omnibus Complaint (XVIII), filed on August 2, 2013 [Doc.16972-1].

2015, it also sufficed when such declarations were filed in 2013. In view of this, there is no excuse for the PSC's failure to list Claimants in an *Amorin* complaint.

A review of the timeline of Taishan filings shows that Nolte and the Fregos should have been included on an intervention in the *Amorin* complaint. It appears that the last *Amorin* intervention was filed on November 14, 2012. (Doc.16225-1).  Approximately seven months later, on June 18, 2013, Claimants' counsel completed and submitted Plaintiff's Profile Forms ("PPFs") for Nolte and the Fregos, which included photographs of their drywall. (Docs. 22909-5, 22909-13).  The PPFs, along with the attached photographs, clearly identified Taishan Chinese drywall.[3] On July 23, 2014, thirteen months after Claimants submitted PPFs, the PSC filed its motion for class certification with respect to the *Amorin* complaint. (Doc.17883).

SCC's Response in this case offers no explanation as to why the PSC never filed an intervention on behalf of Nolte and the Fregos in the thirteen months that passed after being put on notice of Claimants' Taishan drywall and before the filing of the motion to certify the *Amorin* class.  SCC points out that seven interventions were filed for the *Brooke* complaint,[4] but the PSC failed to protect the interests of Nolte and the Fregos by intervening them into the *Amorin* complaint, while there was ample time.

Fed.R.Civ.P.23(d) requires that the named class representatives fairly and adequately represent the interests of absent class members.  The PSC's motion to certify the *Amorin* class (Doc.17883) acknowledged the duty to protect absent class members:

---

[3] The PPFs identified the drywall markings as follows: "Made in China meets or exceeds ASTM C1936 04 Standard."  This type of drywall is, by definition, Taishan drywall.

[4] Doc.20811 (filed on June 15, 2017); Doc.21056 (filed on November 1, 2017); Doc.21105 (filed on December 26, 2017); Doc.21163 (filed on January 26, 2018); Doc.21342 (filed on May 22, 2018); Doc.21599 (filed on July 24, 2018); and Doc. 21882 (filed on October 25, 2018).

> [T]he District Court should inquire into the zeal and competence of the
> class representatives' counsel and into the class representatives'
> willingness to take an active role in the litigation and to protect the interests
> of absentees.

(Doc.17883-1, p.21) (citing *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir.
2001)). Despite this acknowledged duty, the PSC took no action to protect the claims of Nolte and
the Fregos via the *Amorin* complaint.

The PSC's failure to include Claimants in the *Brooke* complaint is even more shocking. As
shown by Claimants' exhibits, the PSC had at least eight separate pieces of evidence, submitted in
2013 through 2015, that qualified Claimants as Taishan plaintiffs. (Doc. 22909-3, 22909-5, 22909-
7, 22909-11, 22909-13, 22909-20, 22909-21, and 22909-22). SSC states that "[h]ad Mr. Rowan
advised the PSC in 2017 that his clients Frego and Nolte had Taishan drywall, and not Knauf
drywall, in their properties, these claimants could have been included in any of the seven *Brooke*
interventions." (SCC's Resp., Doc. 22930 p. 8). But Mr. Rowan's email on May 8, 2017, states
just that: "I have two Taishan cases which appear to be on Omnibus XVIII – Nolte and Frego…."
(Doc. 22930-5, SCC's Ex. E). The PSC had been advised multiple times before 2017 that
Claimants had Taishan drywall in their properties, so it is beyond any doubt that the PSC should
have included Claimants in one of the *Brooke* interventions.

The SCC seeks to excuse the PSC's failure to include Claimants on a Taishan complaint
because of an email exchange on May 8-9, 2017 between Claimants' counsel and the PSC. (Doc.
22930-5, SCC's Ex. E). On that date, Claimants' counsel asked the PSC why Claimants' Taishan
claims, listed in Omnibus Complaint XVIII, were not on a recent list of Taishan claimants. In
response, Claimants' counsel was told that Omnibus Complaint XVIII was a Knauf complaint, and
if Claimants were listed only on that complaint, "they are not a part of the class." (*Id.*) Claimants'
counsel responded, "I got my wires crossed somewhere. They are Knauf plaintiffs, not Taishan."

(*Id.*) Claimants' counsel states in his declaration that after the passage of considerable time in this case, he mistakenly thought he was wrong about Claimants being Taishan plaintiffs and that the PSC, which actually assigned plaintiffs to the Omnibus Complaints, was right—they were Knauf plaintiffs. The PSC was well aware of the confusion caused by so many different types of Chinese drywall, and the myriad of complaints asserting claims.  The PSC should have inquired further, or at least instructed Claimants' counsel to check the drywall indicia, and match that up with the correct complaint.

Claimants' counsel's mistake cannot excuse the PSC from not adding Claimants into a *Brooke* complaint in intervention. Irrespective of counsel's mistaken statement that Claimants were Knauf plaintiffs, induced by a mistaken belief that the PSC knew what it was doing, the PSC had to know that Claimants were Taishan plaintiffs, because the undisputed evidence before the PSC indicated that Nolte and the Fregos were Taishan claimants. The PSC should have placed Claimants in a proper Taishan Omnibus Complaint. SCC's attempt to shift the blame to Claimants' counsel is astounding.

Claimants' counsel informed the PSC in an email on June 26, 2015 that two of his Taishan clients (Nolte and the Fregos) were part of Omnibus Complaint XVIII. Claimant's counsel asked if these Taishan claims were protected, or if there was anything else for him to do. (Cls' Ex. 22, Doc. 22909-22). He was told, "If all your Taishan clients are on an OC and you have done PFSs [Plaintiffs' Factual Statements] for them, you have nothing more to do." (*Id.*) The PSC did not instruct Claimants' counsel to match up the type of drywall contained in Claimants' homes to the correct complaint.  The information that two Taishan claimants were on a Knauf complaint (XVIII) should have sent up flares to the PSC.  Instead, the PSC assured Claimants' counsel that everything

was fine. Claimants' counsel had every right to rely on that assurance, and after that 2015 instruction, SCC has no room to attempt to shift any blame to Claimants' counsel.

SSC asserts that when it emailed the Master Spreadsheet in August of 2019, Claimants' counsel failed to dispute the information as to claimants Nolte and the Fregos. However, the instructions that accompanied the email did not instruct Claimants' counsel to verify that all of his Taishan claimants were listed on the document. The document asked to verify or dispute the information for the listed claimants, such as under air square footage. (Doc.22930-1, p.2-3). Had the PSC not ignored the multiple notices that Nolte and the Fregos had Taishan drywall, they would have been listed on the Master Spreadsheet. What the PSC argues here is that Claimants' counsel should have searched for clients not on the document, when the instruction was to verify or dispute the information contained on the document. In a class settlement, notice must go out to all potential class members. Because the PSC failed to include Nolte or the Fregos on *Amorin* or *Brooke*, they received no such notice.

Notwithstanding all of the facts set out above—or perhaps because of them—SCC's sole argument is that Claimants' Motion for Relief is untimely. SCC points out that a motion under Fed.R.Civ.P. 60(b)(1) on the ground of mistake, such as this one, has a time limit of one year after the entry of the judgment at issue. SCC says that the judgment regarding *Amorin* inclusion is the September 26, 2014, class certification order, and regarding *Brooke* inclusion, they say the last *Brooke* intervention occurred in 2018. But Claimants' Motion for Relief and accompanying Memorandum are specifically directed to the Court's June 12, 2020, order overturning the denial of Claimants' claims, but allocating them 5% of full compensation as absent Class Members.[5]

---

[5] Claimants' Motion and Memorandum mistakenly designated this order as Doc. 22880 when it is actually Doc. 22882.

The order directed the Claims Administrator to apply the Allocation Model to Claimants, and because Claimants were treated as absent Class Members, the Allocation Model awarded them 5% of full compensation. The 60(b)(1) Motion is timely with respect to this June 12, 2020, order.[6]

There was obviously a mistake by the PSC in not including Claimants in an *Amorin* complaint or in a *Brooke* complaint in intervention. Claimants' counsel was mistaken when he thought Claimants were Knauf plaintiffs, based on the PSC's representation. There is mutual mistake here, which strengthens Claimants' grounds for relief under Rule 60(b)(1). Whether to grant or deny relief under 60(b)(1) is within the sound discretion of the District Court. *Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). Claimants respectfully submit that this Court should exercise that discretion so as to protect them from mistakes committed in this case that were not their fault, and that the Court should instruct the Claims Administrator to recalculate their allocation determination as *Amorin* plaintiffs, or at a minimum, as *Brooke* plaintiffs.

Respectfully submitted,

TAYLOR MARTINO, P.C.,
Attorney for the Claimants

 */s/ W. Lloyd Copeland*_____
W. LLOYD COPELAND (Fed Bar ID COPW3831)
Post Office Box 894
Mobile, Alabama 36601
Phone: (251) 433-3131
Email: lloyd@taylormartino.com

---

[6] When SCC addressed Claimants' alternative request for relief under Fed.R.Civ.P. 59(e), to alter or amend the judgment, they said the June 12, 2020, order was the order Claimants challenged. But SCC says another order, presumably the order allowing the last *Brooke* intervention, was challenged by Claimants' 60(b)(1) request for relief. SCC cannot have it both ways.

OF COUNSEL:
TAYLOR MARTINO, P.C.
455 St. Louis St., Ste 2100
Mobile, Alabama  36602
(251) 433-331
(251) 433-4207 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court by electronically uploading the same to the MEC/ECF system which will serve a notice of the uploading in accordance with the procedures established in MDL 2047.


*/s/ W. Lloyd Copeland*
W. LLOYD COPELAND