UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED  MDL NO. 2047
DRYWALL PRODUCTS  SECTION: L
LIABILITY LITIGATION  JUDGE FALLON
 MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

ALL ACTIONS (except *The Mitchell Co.,
Inc. v. Knauf Gips KG, et al.*, Civil Action No.
09-4115 (E.D. La.))

## DECLARATION OF EDWARD P. ROWAN

I, Edward P. Rowan, declare as follows:

1. My name is Edward P. Rowan. I am an attorney licensed to practice law in the State of Alabama and admitted to practice in the United States District Court for the Southern District of Alabama, among other courts. I have personal knowledge of all matters set out in this declaration.

2. I represent Claimants Fred L. Nolte and Valentine and Kim Frego in the Chinese Drywall litigation.

3. As an attorney for individual claimants, I was never asked or told to determine which Omnibus Complaint my clients should be listed in. My understanding was that this function was left solely to the Plaintiffs' Steering Committee ("PSC").

4. On June 18, 2013, I submitted Plaintiff Profile Forms ("PPF") for Nolte and Frego, which included photographic evidence. The described drywall and the photographs showed that Claimants had Taishan drywall in their properties. I later submitted other documentation

EXHIBIT A

including the supplemental submission of evidence of Taishan Chinese drywall. All of these submissions were within the designated deadlines.

5. On June 26, 2015, I emailed the PSC and informed them that I had Taishan cases (referring to Nolte and the Fregos) listed in Omnibus Complaint XVIII. I asked if this was insufficient to protect their claims.

6. On June 29, 2015, the PSC responded by stating, "If all your Taishan clients are on an OC and you have done PFSs for them, you have nothing more to do." (PFSs means Plaintiffs' Factual Statements.) I relied on this assurance that the Nolte and Frego Taishan claims were protected, and that I needed to do nothing further to protect them. It ultimately turned out that Omnibus Complaint XVIII was a Knauf complaint, not a Taishan complaint.

7. In May 2017, I received a list of Taishan cases that did not include Nolte and the Fregos. On May 8, 2017, I emailed the PSC asking about this, and noting that Nolte and the Fregos were in Omnibus Complaint XVIII. The PSC's response was, "OC XVIII, which you say these claimants are listed is a Knauf complaint. If they are listed on only that complaint, they are not a part of the class."

8. I took this terse reply to mean I had mistakenly thought Nolte and the Fregos were Taishan claimants, when they were actually Knauf claimants. Considerable time had gone by in this case, and because of the PSC's statement I thought I was wrong about Nolte and the Fregos being Taishan plaintiffs. I mistakenly thought that Nolte and the Fregos were Knauf plaintiffs, because the PSC had listed them in a Knauf Omnibus Complaint. That is why I replied, "Thanks, Jill—I got my wires crossed somewhere. They are Knauf plaintiffs, not Taishan."

EXHIBIT A

9. It was always my understanding that my job was to provide all of the required documentation for the claimants I represented. I did that. Again, it was my understanding that the PSC's job was to select the proper Omnibus Complaint in which to list my clients. I relied on the PSC to do this correctly.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, and that this declaration was executed in Mobile, Alabama, on August 19th, 2020.

_____
EDWARD P. ROWAN

EXHIBIT A