UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| This document relates to: *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* Case No. 14:cv-2722 | JUDGE ELDON FALLON MAGISTRATE MICHAEL B. NORTH |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS ASSERTED BY MICHAEL PHILLIPS AND PETER & LIN H. ROBINSON OR, ALTERNATIVELY, FOR OTHER SANCTIONS**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure, as to the claims asserted by Michael Phillips and Peter & Lin H. Robinson (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

On August 3, 2020, this Court ordered that the Plaintiffs' depositions be arranged within fourteen days of that order.[1] The deadline has passed, and despite Defendants' repeated efforts,

---

[1] R. Doc. 22920 at 12.

Plaintiffs have failed again to comply with this Court's orders and make themselves available in discovery. Therefore, Plaintiffs' claims should be dismissed.

I.      **Factual and Procedural Background**

   A.      *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B)

regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[2]

### B.     *The Bennett Complaint and the Plaintiffs*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Michael Phillips was first listed as a plaintiff in the Fifth Amended Complaint, filed November 13, 2014.[3] Michael Phillips is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 11263 Creek Drive, Gulfport, Mississippi (the "Phillips Property").

Peter Robinson was first listed as a plaintiff in the original Complaint, filed November 13, 2014,[4] and Lin H. Robinson was first listed as a plaintiff in Plaintiff's Second Motion to Intervene,

---

[2] *See* Order, R. Doc. 16570, pp. 3-4.
[3] R. Doc. 21334.
[4] R. Doc. 1.

filed October 7, 2019.[5] Peter Robinson and Lin H. Robinson are plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 131 Sea Oaks Drive, Long Beach, MS 39560 (the "Robinson Property").

In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Plaintiffs each completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury.[6]

Despite repeated efforts and multiple chances provided by this Court, the Knauf Defendants have been unable to depose Phillips. On November 12, 2019, counsel for Phillips advised the Knauf Defendants that Phillips would be available for deposition on December 2, 2019.[7] However, Phillips failed to appear on the date of the deposition. In order to facilitate the deposition, the Knauf Defendants again conferred with Plaintiff's counsel and issued a second notice for Phillips to appear for deposition on December 18, 2019,[8] but Michael Phillips failed to appear for that deposition.

Similarly, the Knauf Defendants have been unable to depose the Robinsons. Counsel for the Knauf Defendants conferred with Plaintiffs' counsel and proposed that the Robinsons be deposed on December 12, 2019.[9] Receiving no objection as to that date, the Knauf Defendants

---

[5] R. Doc. 22334.
[6] See Exhibit A (Phillips PPF, SPPF, and PFS); Exhibit B (Robinson PPF, SPPF, and PFS).
[7] *See* Exhibit C, November 12, 2019 email from Jimmy Doyle to Kerry Miller attaching a table showing that Phillips was available for deposition on December 2, 2019.
[8] *See* Exhibit D, December 13, 2019 email from Daniel Dysart to James Doyle confirming that Phillips would be available on December 18, 2019; Exhibit E, Re-Notice of Deposition and corresponding email forwarding the same to Plaintiffs' counsel.
[9] *See* Exhibit F, December 10, 2019 email from Daniel Dysart to Jimmy Doyle.

issued a notice of deposition for the Robinsons to appear on December 12, 2019.[10] However, the Robinsons failed to appear on that date. Then, counsel for the Knauf Defendants conferred with Plaintiffs' counsel again, but no availability was provided for the Robinsons' depositions.[11]

The operative CMO in this matter set a deadline of December 31, 2020 for all Bennett Plaintiff depositions to take place. Because Plaintiffs failed to participate in discovery consistent with the CMO, the Knauf Defendants filed a Motion to Dismiss, *inter alia*, the claims of Phillips and the Robinsons.[12] In ruling on Defendants' Motion on August 3, 2020, this Court ordered that the Plaintiffs' depositions be arranged within fourteen days of that order.[13] Despite Defendants' efforts, Plaintiffs have not arranged to be deposed. On August 5, 2020, counsel for Defendants corresponded with Plaintiffs' counsel, listing numerous dates and times for Plaintiffs' respective depositions.[14] On August 7, 2020, Plaintiffs' counsel replied that Phillips' deposition would be take place prior to August 12, 2020 and counsel would provide "if/when it can be confirmed."[15] Plaintiffs' counsel gave no information regarding the Robinsons' depositions.[16]

## II. Law & Argument

### A. Sanctions Pursuant to Rule 37

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders." Further, Rule 37(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court where the action is pending may, on motion, order sanctions if . .

---

[10] *See* Exhibit G, Robinson Notice of Deposition.
[11] *See* Exhibit D, December 13, 2019 email from Daniel Dysart to Jimmy Doyle.
[12] R. Doc. 22666.
[13] R. Doc. 22920 at 12.
[14] Exhibit H, August 5, 2020 email from Daniel Dysart to Jimmy Doyle.
[15] Exhibit I, August 7, 2020, email from Jimmy Doyle to Daniel Dysart.
[16] *Id*.

. a party . . . fails, after being served with proper notice, to appear for that person's deposition." *See* FED. R. CIV. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which in turn include "striking pleadings in whole or in part;" "staying further proceedings until the order is obeyed;" and "dismissing the action or proceeding in whole or in part." *See id.* 37(d)(3); *see also id.* 37(b)(2)(A)(iii), (iv), (v).

"The Court has wide latitude in determining the appropriate sanction for failure to comply with discovery," including discretion to dismiss a case with prejudice upon "a finding of bad faith or willful conduct" and other factors. *See Quintero v. Balboa Ins. Co.*, Civil Action No. 08-1527, 2009 WL 382506, at *1-2 (E.D. La. Feb. 11, 2009) (Vance, J.) (adopting report and recommendation). In any event, "[i]nstead of or in addition to the[] sanctions [otherwise available under Rule 37], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* FED. R. CIV. P. 37(d)(3).

**B.     Argument**

As laid out above, Plaintiffs have had multiple opportunities to arrange to be deposed, have failed to appear for noticed depositions, and the discovery period is over in this matter. Even still, the Court allowed Plaintiffs more time to arrange their respective depositions. That deadline has passed, and Plaintiffs have not arranged to be deposed—despite Plaintiffs' assertions that their depositions could be expeditiously arranged,[17] and despite Defendants' efforts to arrange such depositions.[18] By failing to obey this Court's order to arrange for their depositions, the Robinsons

---

[17] R. Doc. 22791 at 8. Notably, Mr. Phillips has previously failed to appear for two noticed depositions. R. Doc. 22920 at 10.
[18] See Exhibits C and D, email correspondence.

and Mr. Phillips are obviously delaying discovery and disrupting the course of litigation. The Court has recognized that "the discovery period is over and the delay has caused prejudice to Defendants."[19] The Knauf Defendants therefore ask the Court to exercise its inherent power to impose sanctions.[20] The sanction of dismissal for Plaintiffs' claims is appropriate in this case for several reasons.

Considering the lack of compliance with this Court's order and considering that the Plaintiffs have had ample time to arrange to be deposed, the lack of cooperation with discovery is willful and such willfulness warrants dismissal. The sanction of dismissal is not excessive under the circumstances, will ensure compliance with the rules, and will deter future violations by other plaintiffs in this action.[21] Additionally, dismissal is warranted as the Knauf Defendants cannot properly or fairly defend against Plaintiffs' respective claims without being able to depose them. Accordingly, the Robinsons and Mr. Phillips' continued failure to be deposed threatens to interfere with the "rightful decision" of the case so that the Court cannot be confident that the parties will ever have access to the true facts.[22] As long as Plaintiffs fail to participate, and as long as they remain parties to this lawsuit, the Knauf Defendants have no means by which to discover essential facts needed to defend against their claims.

Essential and discoverable facts have been withheld, and the Court cannot have confidence that its ultimate decision relies upon all of the facts. As recognized by the Court, Plaintiffs' failure to cooperate prejudices the Knauf Defendants. The Plaintiffs have continuously

---

[19] R. Doc. 22920 at 10.

[20] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i).

[21] *See Radford v. Red Jacket Firearms, L.L.C.*, No. 11-561, 2013 WL 636731, at *1 (M.D. La. Jan. 31, 2013), *report and recommendation adopted*, No. 11-561, 2013 WL 636727 (M.D. La. Feb. 20, 2013) (holding dismissal of claims appropriate pursuant to Rule 37).

[22] *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (plaintiff's claims were dismissed because plaintiff's refusal to cooperate with discovery damaged integrity of discovery process and the court could not proceed based upon true facts).

failed to participate in this action and will continue to cause unnecessary delays and expenses while prejudicing the Knauf Defendants.

The Robinsons and Mr. Phillips' claims should be dismissed. Alternatively, this Court should impose sanctions it deems appropriate under the circumstances.

### III. CONCLUSION

For the foregoing reasons, the Knauf Defendants ask that the Court dismiss the above-referenced Plaintiffs' claims with prejudice pursuant to Rule 37. Alternatively, this Court should impose sanctions it deems appropriate under the circumstances. The Knauf Defendants further request any additional relief deemed just and appropriate.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:       504.310.0275
Email:             kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 19th day of August, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**

## **RULE 37 CERTIFICATE**

      I hereby certify that I have conferred or attempted to confer with counsel for the above-referenced Plaintiffs in an effort to obtain depositions without court action and that those efforts have to date been unsuccessful.

                                        */s/ Kerry J. Miller*
                                        **KERRY J. MILLER**