# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | **CIVIL ACTION** **MDL NO. 2047** **SECTION L (5)** |
| THIS DOCUMENT RELATES TO: ALL CASES | | |

## ORDER & REASONS

Pending before the Court is Claimants Valentine and Kim Frego and Fred L. Nolte's Motion for Relief Pursuant to Rules 59(e), 60(b)(1), and 60(b)(6), R. Doc. 22909. Settlement Class Counsel opposes the motion, R. Doc. 22930. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

## I.      BACKGROUND

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of foul-smelling gas, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014).

In an attempt to recoup their damages, these homeowners began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation in accordance with 28 U.S.C § 1407. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were transferred and consolidated for pretrial proceedings in MDL 09-2047 before this Court.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities and (2) the Taishan Entities. The litigation has focused upon these two entities and their downstream associates and has proceeded on strikingly different tracks for the claims against each group.

The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States. The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts. After two years of litigation, the Knauf Entities and the PSC entered into a global, class Settlement Agreement ("Knauf Settlement Agreement"), which was designed to resolve all Knauf-related, Chinese drywall claims. Under the terms of the Knauf Settlement, homeowners had the choice of a sum certain or having the house totally remediated in addition to receiving reasonable costs and attorney fees. Furthermore, after a jury trial in a bellwether case, numerous defendants in the chain-of-commerce with the Knauf Entities entered into class settlement agreements, the effect of which settles almost all of the Knauf Entities' chain-of-commerce litigation. The total amount of the

2

Knauf Settlement is estimated at $1.1 billion. Thereafter, additional claims were filed against Knauf and others.

The litigation against the Chinese entities has taken a different course. The Chinese Defendants in the litigation include the principal Chinese-based Defendant, Taishan, namely, Taishan Gypsum Co. Ltd. ("TG") and its wholly-owned subsidiary, Taian Taishan Plasterboard Co., Ltd. ("TTP") (collectively "Taishan" or "Taishan Entities"). Other Chinese-based Defendants include the CNBM and BNBM Entities. The Taishan portion of this litigation has lasted for over a decade and has involved personal jurisdiction challenges, appeals, default judgments. This Court has held hundred of status conferences and issued a plethora of opinions.

A significant development in the Taishan aspect of this litigation occurred in the spring of 2019. On May 22 and 23, 2019, the parties underwent mediation with the goal of resolving the entirety of the *Amorin*[1] and *Brooke*[2] matters pending in the Eastern District of Louisiana, the Southern District of Florida, and the Eastern District of Virginia. On May 23, 2019, the parties agreed to a Term Sheet, and negotiations continued in person and by telephone for three months. All matters in the *Amorin* and *Brooke* actions were accordingly stayed by the remand courts and this Court, pending the execution of a Settlement Agreement between the parties. The stay was extended several times and preliminary approval of the Settlement Agreement was granted by the

---

[1] On September 26, 2014, the Court certified the *Amorin* class, comprised of homeowners with defective drywall allegedly manufactured by any of the Taishan entities.

[2] The *Brooke* action involves the plaintiffs who filed suit after the *Amorin* class had been certified. The Court has not ruled on the applicability of *Amorin* rulings to the *Brooke* complaints. The operative *Brooke* complaints are *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

Court on August 29, 2019. R. Doc. 22314. Final approval was granted on January 10, 2020, and administration of the Settlement is underway. R. Doc. 22460.

In overseeing the Taishan Settlement, the Court has considering numerous objections to the allocation amounts determined by Brown Greer and the Special Master, as well as myriad appeals from Brown Greer's determination of ineligibility to participate in the Settlement.

## II.   PENDING MOTION

Claimants Valentine and Kim Frego ("the Fregos") and Fred L. Nolte ("Nolte")'s claims under the Taishan Settlement were initially denied for failure to provide certain evidence. On June 11, 2020, the Court overturned the denial, finding that the evidentiary deficiencies had been timely cured, and ordered the Claims Administrator to apply the Allocation Model to the Fregos' and Nolte's Objective Criteria. R. Doc. 22882.

In the instant motion, the Fregos and Nolte appeal their allocation amount determinations on the basis that the Claims Administrator erroneously characterized them as "absent class members" entitled to receive only 5% of a full award. R. Doc. 22909-2 at 1. Claimants contend that their claims were "properly filed by claimants' counsel dating back to 2013, but were inadvertently left off the appropriate Omnibus Complaint." *Id.* For a reason allegedly unknown to Claimants' counsel, the Fregos and Nolte were added to the *Beane* complaint, which involved the Knauf Defendants. *Id.* at 4. Claimants argue that the error was brought to the PSC's attention on June 25, 2019, and that the PSC "informed claimants' counsel that the claims were all protected." *Id.* Because the Fregos and Nolte have participated in this lawsuit as Taishan claimants since 2013, registering their claims and providing the appropriate supporting materials and evidence, they ask the Court to "deem them class members" in order to avoid manifest injustice. *Id.* at 5, 7. Claimants do not suggest whether they should be considered *Amorin* or *Brooke* Plaintiffs.

4

Settlement Class Counsel ("SCC") opposes the motion. R. Doc. 22930. Settlement Class Counsel argues that the Fregos and Nolte are properly characterized as absent class members because they are neither *Amorin* nor *Brooke* Plaintiffs as defined in the Taishan Settlement Agreement. *Id.* at 5. SCC takes the position that Claimants' attorney, Ed Rowan, did not seek their inclusion in the *Amorin* class at the time of filing because Claimants did not have evidence of Taishan drywall in their Affected Properties until after the *Amorin* class had already been certified. *Id.* at 7. Although SCC concedes that Mr. Rowan inquired about his clients' status to the Plaintiffs' Steering Committee in 2015 and 2017, at no time did counsel "request that Frego or Nolte be added to the *Brooke* complaint or any of the *Brooke* intervention complaints." *Id.* at 7–8. Accordingly, SCC argues this appeal should be denied.

### III.   LAW & DISCUSSION

Although Claimants style their motion as one for relief from a judgment under Federal Rules of Civil Procedure 59 and 60, neither rule is directly applicable to this situation, as the Court has not entered a judgment adverse to Claimants in this matter. In fact, in the most recent ruling concerning these Claimants, the Court sustained their objection and ordered the Claims Administrator to calculate their recovery under the Taishan Settlement. R. Doc. 22882. The instant motion does not ask the Court to reconsider that prior order or alter or amend a judgment entered against Claimants. The Court therefore considers this motion as an appeal of the Claims Administrator's allocation amount determination and will treat it like all other appeals in this matter. *See* R. Docs. 22788, 22882

It is undisputed that the Fregos and Nolte were never named plaintiffs on any *Amorin*, *Germano*, *Gross*, *Witlz*, *Abel*, *Almeroth*, or *Hoya* complaints, nor where they listed on a *Brooke* complaint or a complaint in intervention. It is also undisputed that they were not listed on the

5

Master Spreadsheet of known Settlement Class Members filed with the Court on August 29, 2019. R. Doc. 22312-1. The question is whether the failure to be listed on one of these complaints is fatal to Claimants' ability to recover the full value of the claim under the Taishan Settlement. Notably, the Fregos' and Nolte's characterization as "absent class members" is significant because absent class members are only entitled to receive 5% of the compensation they would receive as *Amorin* Plaintiffs.

Although Claimants admittedly do not appear on any applicable Taishan complaint, they clearly understood their claims to involve Taishan since the time of filing, as did their attorney. Notably, Claimants completed documents required of all Taishan Claimants, including Taishan Notice Forms and Plaintiff Profile Forms indicating the presence of Taishan-manufactured drywall in their properties. R. Docs. 22909-5, 22909-7, 22909-13, 22909-15. Mr. Rowan clearly also believed these claims were properly raised against Taishan and communicated at least twice with the PSC about protecting his clients' claims in the light of newly filed Omni complaints. R. Doc. 22909-24. Specifically, in 2015 Mr. Rowan communicated with the PSC, representing that he had four Taishan cases listed on Omni IX and Omni XVIII and that he wanted to "confirm that there is nothing further to do regarding the new Omni Complaint." R. Doc. 22909-24 at 1. The PSC replied, "If all your Taishan clients are on an [Omni Complaint] and you have done [Plaintiff Fact Sheets] for them, you have nothing more to do." R. Doc. 22909-24.

The Court understands why Mr. Rowan may have construed the PSC's reply as an affirmation that his clients were in fact properly considered Taishan claimants. Nevertheless, Mr. Rowan's subsequent actions in this litigation are not as easily justified. Specifically, Mr. Rowan was provided a list of Taishan claimants in 2017 and, realizing that the Fregos and Nolte were not included, asked the PSC for an explanation. R. Doc. 22930-5 at 3. After being expressly told that

6

Omni XVII, on which Claimants were included, was a Knauf complaint and that accordingly, "they are not a part of the class" for purposes of the Taishan proceedings, Mr. Rowan responded, "I got my wires crossed somewhere. They are Knauf Plaintiffs, not Taishan." *Id.* at 2. There is no evidence that Mr. Rowan ever tried to correct this mistake. In fact, Mr. Rowan concedes that the Fregos and Nolte were not included on subsequent spreadsheets circulated by the PSC but argues that his failure to bring the discrepancy to the PSC's attention should be excused because "the PSC never requested that claimants' counsel make sure that all Taishan clients were on the spreadsheet – the PSC requested that claimants' counsel verify that the information on the spreadsheets was correct." R. Doc. 22909-2 at 6. With respect to the October 31, 2019 Revised Master Spreadsheet, Claimants' Counsel noted that the document did not list either the Fregos or Nolte as a "known class member" but he did not take action apparently again because the PSC only requested that counsel verify that the information was correct. *Id.*

Although the Court has granted appeals based on attorney error where the error was minor and expeditiously resolved, the instant error was substantial and sustained. Accordingly, the Court will deny the Fregos' and Nolte's appeal. In doing so, the Court is sympathetic to Claimants' position and recognizes that their attorney on multiple occasions endeavored to ensure that his clients were listed on the appropriate complaints. Nevertheless, the Court cannot overlook the fact that once Mr. Rowan was expressly told that his clients were not part of the class, he affirmed that they were "Knauf Plaintiffs, not Taishan," and never took any action to correct that mistaken statement. As SCC points out, Mr. Rowan had multiple opportunities over the past three years to realize the mistake and resolve the issue in time to include his clients on one of the seven *Brooke* complaints in intervention filed after May 9, 2017. R. Docs. 20811, 21056, 21105, 21163, 21342,

21599, 21882. Rather than doing so, he waited until the Settlement had been reached, executed, and administered before filing the instant appeal and bringing the error to the Court's attention.

## IV.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Claimants' Valentine and Kim Frego and Fred L. Nolte's Motion for Relief Pursuant to Rules 59(e), 60(b)(1), and 60(b)(6), R. Doc. 22909, is **DENIED**.

New Orleans, Louisiana this 21st day of August, 2020.

_____

Eldon E. Fallon

United States District Court