UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | CIVIL ACTION |
| | * | |
| | * | MDL NO. 2047 |
| | * | |
| | * | SECTION L (5) |
| THIS DOCUMENT RELATES TO: | * | |
| *Elizabeth Bennett, et al. v. Gebr. Knauf* | * | |
| *Verwaltungsgesellschaft, KG, et al.*, No. 14-2722 | * | |

## ORDER & REASONS

Pending before the Court are the following five motions: (1) Motion for Summary Judgment as to the claims asserted by Frank Grande, Suzan Grande, CJ Properties, Karen Beth Baldwin, and David Neil Baldwin, R. Doc. 22632, (2) Motion for Summary Judgment as to Multiple Bennett Plaintiffs, R. Doc. 22658, (3) Motion for Summary Judgment as to Alabama Subsequent Purchaser Claimants, R. Doc. 22687, (4) Motion for Summary Judgment (Omnibus) as to Florida Subsequent Purchaser Claimants, R. Doc. 22688, and (5) Motion for Summary Judgment (Omnibus) as to MS Subsequent Purchaser Claimants, R. Doc. 22689. Plaintiffs oppose the motions, R. Docs. 22739, 22705, 22706, 22701, 22739, and Defendants have filed replies, R. Docs. 22773, 22724, 22722, 22724.

### I. PENDING MOTION

The Court assumes familiarity with the factual and procedural background of this case for the purposes of this perfunctory Order and Reasons. In these five motions, Defendants argue Plaintiffs' claims are barred by state law doctrines that prohibit subsequent purchasers of property from suing for property damage inflicted on the property before purchase, in the absence of an express assignment of rights from the predecessor-in-interest.

Recently, the Court granted summary judgment in Defendants' favor with respect to the Louisiana Plaintiffs who had purchased their Affected Properties after the installation of the allegedly defective drywall. R. Doc. 22941. In so ruling, the Court held that Louisiana subsequent purchaser doctrine, which imagines the right to sue a tortfeasor for property damage as a personal right that arises at the time the damage is inflicted and which can only be exercised by a subsequent purchaser in the event of an express assignment or subrogation, clearly barred those particular claims. In the instant motions, Defendants raise the same arguments with respect to Alabama, Florida, Mississippi, and Texas law.

The Court will not grant summary judgment on this basis at this time. Notably, while the doctrine is clear in Louisiana, it is arguably more nuanced in other states. Due to the nuances of state law and the factual nature of this dispute, the Court is inclined to deny these motions as premature and allow them to be re-urged before the trial courts, who will be in a better position to consider the facts of each case and the nuances of state law when ruling on these motions.

II. **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment as to the claims asserted by Frank Grande, Suzan Grande, CJ Properties, Karen Beth Baldwin, and David Neil Baldwin, R. Doc. 22632, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment as to Multiple Bennett Plaintiffs, R. Doc. 22658, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment as to Alabama Subsequent Purchaser Claimants, R. Doc. 22687, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Omnibus) as to Florida Subsequent Purchaser Claimants, R. Doc. 22688, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Omnibus) as to MS Subsequent Purchaser Claimants, R. Doc. 22689, is **DENIED** without prejudice.

New Orleans, Louisiana this 27th day of August, 2020.

_____
Eldon E. Fallon
United States District Judge