**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL | * | |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | **CIVIL ACTION** |
| | * | |
| | * | **MDL NO. 2047** |
| | * | |
| | * | **SECTION L (5)** |
| THIS DOCUMENT RELATES TO: | * | |
| *Elizabeth Bennett, et al. v. Gebr. Knauf* | * | |
| *Verwaltungsgesellschaft, KG, et al.*, No. 14-2722 | * | |

**ORDER & REASONS**

Pending before the Court is Defendants' Motion to Dismiss Claims Asserted by Michael Phillips and Peter & Lin H. Robinson, R. Doc 22938, Under Rule 37, or Alternatively, for Other Sanctions. Plaintiffs do not oppose the motion or the dismissal of these claims. R. Doc. 22946. Having considered the applicable law and the parties' arguments, the Court now rules as follows.

## I.      BACKGROUND

The Court assumes familiarity with the factual background and procedural history of the Chinese Drywall cases and MDL 2047. The Chinese drywall at issue here was manufactured by the Knauf Entities, German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States. The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts.

The original Bennett Complaint was filed by Elizabeth Bennett on November 13, 2014. Ms. Bennet raised claims on her own behalf and on the behalf of a nationwide class of similarly situated homeowners who allegedly suffered damages due to the presence of defective Chinese drywall in their homes. The Plaintiffs raised claims against the Knauf Entities for negligence, negligence per se,

strict liability, breach of express and/or implied warranty, redhibition, violations of the Louisiana Products Liability Act, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of consumer protection laws, and equitable and injunctive relief and medical monitoring with respect to the manufacture of allegedly defective Chinese drywall. In January 2015, the Judicial Panel on Multidistrict Litigation transferred the case to the Eastern District of Louisiana and consolidated it with the *In re Chinese Manufactured Drywall Liability Litigation*, MDL 09-2047, currently pending before this Court. Subsequently, the Court granted leave for Plaintiffs to add several new Plaintiffs to the action. R. Doc. 22357. The Bennett Complaint was amended multiple times, and Plaintiffs in this matter are listed on the Fifth Amended Complaint. R. Doc. 21334-1.

## II.   PENDING MOTION

Defendants seek dismissal of Plaintiffs' claims under Rule 37 on the grounds that Michael Phillips and Peter & Lin H. Robinson failed to comply with the terms of this Court's August 3, 2020 Order requiring Plaintiffs' deposition be arranged within fourteen days and the inspection of Plaintiffs' properties be arranged within a month. R. Doc. 22938-1 at 1, 2. Defendants contend that Plaintiffs have repeatedly failed to make themselves available for discovery; therefore, their claims should be dismissed. *Id*. Plaintiffs do not oppose this motion or the dismissal of the individual claims. R. Doc. 22946.

Michael Phillips' claims arise from the alleged presence of defective Chinese drywall in a property located at 11263 Creek Drive, Gulfport, Mississippi. Phillips is listed on the operative Fifth Amended Complaint in the Bennett matter. R. Doc. 21334-1. Defendants argue dismissal of Phillips' claims is warranted because he has not submitted to deposition or inspection, in violation of this Court's Order and despite Defendants' reasonable efforts. R. Doc. 22938-1 at 7. The Court

previously found that Michael Phillips should bear his own cost related to rescheduled depositions and/or inspections because he has failed to appear for two noticed depositions, on December 2, 2019 and December 18, 2019, and a scheduled inspection on September 30, 2020. R. Doc. 22920 at 5, 10.

Peter & Lin H. Robinson's claims arise from the alleged presence of defective Chinese drywall in a property located at 131 Sea Oaks Drive, Long Beach, Mississippi. The Robinsons are listed on the operative Fifth Amended Complaint in the Bennett matter. R. Doc. 21334-1. Defendants argue that dismissal of the Robinsons' claims is warranted because the Robinsons failed to attend a deposition noticed for December 12, 2019 and have not provided their availability for any alternate dates since, in violation of this Court's August 3, 2020 Order to promptly submit to deposition within fourteen days. R. Doc. 22938-1 at 5. Defendants further contend that they have been unable to inspect the Robinsons' property, in violation of this Court's Order to arrange for property inspection by September 3, 2020. *Id*. at 8.

Defendants argue that Michael Phillips and the Robinsons have prevented Defendants from "properly or fairly defending" against Plaintiffs' claims by not complying with the court-ordered depositions. *Id*. at 7. Defendants also maintain that without access to the requested discovery, they have "no means by which to discover essential facts needed to defend against their claims." *Id*.

### III.   LAW & ANALYSIS

Rule 37 authorizes courts to sanction parties that fail to comply with a court order or otherwise adequately participate in the discovery process. Fed. R. Civ. P. 37. Rule 37(d)(1)(A) authorizes the imposition of sanctions when a party fails to attend its own deposition after being served with proper notice. Sanctions available to the court include, among others, striking the pleadings, staying proceedings, and dismissal with prejudice. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). In addition,

Rule 37(b)(2)(A) authorizes a court to dismiss a complaint with prejudice when a party refuses to submit to a valid discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). In the Fifth Circuit, courts must consider whether the sanction furthers Rule 37's important goal of punishing misbehaving parties and deterring similar conduct in the future. *Chilcutt v. United States*, 4 F.3d 1313, 1321 (5th Cir. 1993). Although "[l]esser sanctions do not require a finding of willfulness," *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012), dismissal with prejudice is a severe sanction only available where the refusal to comply is the product of bad faith or willfulness and where a less drastic sanction would not further Rule 37's goal of deterrence. *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985).

Here, the Court has already exercised its discretion under Federal Rules of Civil Procedure Rule 37 to order Plaintiffs to promptly submit to depositions and property inspections. R. Doc. 22920. Michael Phillips and the Robinsons failed to comply with this Court's Order and have continued to delay the discovery process, disrupting the course of litigation and prejudicing Defendants. The sanction of dismissal is not excessive under these circumstances because the Court has given Plaintiffs ample opportunities to comply with discovery requests and to participate in this action, even after the discovery deadline had passed. This remedy, though severe, is necessary to ensure compliance with the Federal Rules of Civil Procedure and to deter future similar conduct. Accordingly, the dismissal of Plaintiff's claims is warranted in this case.

## IV.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss Claims Asserted by Michael Phillips and Peter and Lin H. Robinson, R. Doc. 22938, under Rule 37 is **GRANTED**.

New Orleans, Louisiana this 8th day of September, 2020.

_____
Eldon E. Fallon
United States District Judge