UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722 | JUDGE ELDON FALLON<br><br>MAG. JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' EXPEDITED MOTION TO SEVER**

## **TABLE OF CONTENTS**

I.    SUMMARY OF THE MOTION    3

II.    UNDISPUTED FACTS    4

III.    ARGUMENT    5

IV.    CONCLUSION    6

Plaintiffs submit this memorandum in support of their motion to sever the claims of Plaintiffs Michael & Alice Ginart, William Foreman, Dung Nguyen, Ronald & Leslie Bogard, Ronald & Patricia Stanfa, R&S Properties, LLC, Consuelo Burgos, Johnny Tyler, Carl & Ellen Moore, Ronald & Bernice Pendelton, Jeremy Jordan, 1329 Gum, Jackson Land Trust, Jason Arnold, Mardechria Charles, Feng Hu & Simin Liu, Mathew & Susan Issman, Karen & Kerry McCann, Nicole & Michael Norris, Mark & Kimberlie Perez, Wayne & Kristal Province, Estate of Veronica Rosenaur, Chien Van Pham & Bich Nguyen, and Xiaochun Xi & Jinjian Wang from the above-styled action pursuant to Fed. R. Civ. P. 21.

## I. SUMMARY OF THE MOTION

The parties have completed discovery, expert disclosures and we have reached the end of the scheduling order related to all pretrial activities. This Court has ruled on all pending motions to dismiss and summary judgment. At this point, claims are due to be remanded to district courts in other states to be set for trial.

Defendants filed a substantial number of dispositive motions and the Plaintiffs named herein had summary judgment granted against them in this Court's three separate Order and Reasons (Docs. 22823, 22941 and 22947) entered on May 12, 2020, August 21, 2020, and August 28, 2020, respectively. The deadline for filing an appeal notice related to Doc. 22823 has been extended by orders to October 2, 2020; the deadline for filing an appeal notice related to Doc. 22941 is September 20, 2020; and the deadline for filing an appeal notice related to Doc. 22947 has been extended by orders to September 27, 2020. Plaintiffs will file a motion to extend the deadlines for filing a notice of appeal again, if necessary, allowing additional time for this matter to be submitted on this court's next available motion day and subsequently allow the Clerk of Court to act following approval, if this Court chooses not to act ahead of its motion day.

Without severance, filing an appeal for these individual claims would effectively halt the other individual claims that should move towards trial dates without any further delays. The case

is now nearing the end of its sixth year and another extensive delay would delay justice for the other plaintiffs not affected by the Orders entered against the Plaintiffs named herein. As opposing counsel aptly stated previously during a status conference, the wheels of justice must keep rolling.

Plaintiffs request severance under Rule 21 in a manner that would create seven (7) new, separate individual cases, with separate civil action numbers for: 1) Michael & Alice Ginart; 2) Ronald & Bernice Pendelton; 3) R&S Properties, LLC, Ronald & Patricia Stanfa; 4) William Foreman, Dung Nguyen, Ronald & Leslie Bogard; 5) Consuelo Burgos, Johnny Tyler, Carl & Ellen Moore; 6) Jeremy Jordan, 1329 Gum, Jackson Land Trust; and 7) Jason Arnold, Mardechria Charles, Feng Hu & Simin Liu, Mathew & Susan Issman, Karen & Kerry McCann, Nicole & Michael Norris, Mark & Kimberlie Perez, Wayne & Kristal Province, Estate of Veronica Rosenaur, Chien Van Pham & Bich Nguyen, and Xiaochun Xi & Jinjian Wang. The groupings of Plaintiffs in this manner would promote judicial economy as groups 3, 4, 5, 6, and 7 have similar issues to raise on appeal and also have affected properties in the same respective states. Additionally, an order severing these claims will be in the interest of justice of all Plaintiffs remaining in the *Bennett* action with active claims.

In accordance with Local Rules, counsel for the opposing parties were contacted prior the filing of this motion, were made aware of Plaintiffs' desire to file, but they chose to take no position at this time. Therefore, this motion is not being submitted by consent. Instead, it will be set for submission on the Court's next motion day, October 14, 2020, and Defense Counsel will have sufficient time to respond, if they feel it is necessary.

## II. UNDISPUTED FACTS

1. Plaintiffs have defective drywall in their homes that they allege was manufactured and sold by the Knauf Defendants.

2. Plaintiffs filed their claims in this *Bennett* action and each participated in the discovery process.

3. Defendants filed summary judgment motions related to the claims of Plaintiffs named herein.

4. This Court granted Defendants' summary judgment motions regarding these claims, entering a final judgment in each instance.

5. Severing these individual claims from *Bennett* will allow the appeal of these claims to proceed in the Fifth Circuit while this Court retains jurisdiction over all other claims.

### III. <u>ARGUMENT</u>

The sole reason for seeking this severance in this instance is to allow the appeals of Plaintiffs Michael & Alice Ginart, William Foreman, Dung Nguyen, Ronald & Leslie Bogard, Ronald & Patricia Stanfa, R&S Properties, LLC, Consuelo Burgos, Johnny Tyler, Carl & Ellen Moore, Ronald & Bernice Pendelton, Jeremy Jordan, 1329 Gum, Jackson Land Trust, Jason Arnold, Mardechria Charles, Feng Hu & Simin Liu, Mathew & Susan Issman, Karen & Kerry McCann, Nicole & Michael Norris, Mark & Kimberlie Perez, Wayne & Kristal Province, Estate of Veronica Rosenaur, Chien Van Pham & Bich Nguyen, and Xiaochun Xi & Jinjian Wang to be filed and proceed in the U.S. Court of Appeals for the Fifth Circuit independently while this Court to retains jurisdiction over all other individual claims in *Bennett*. Severing these claims will allow the others to proceed unhindered in this Court until remand for trial of all other non-Louisiana claims is appropriate. Denying this severance will invite unnecessary delay for those claims not impacted by the issues that will be raised on appeal.

"It is clear that district courts, pursuant to Rule 21, have the power to sever claims and have the claims proceed separately." *Gomez v. Dept. of the Air Force*, 869 F.2d 852, 859 (5th Cir. 1989). "It is within the district court's broad discretion whether to sever a claim under Rule 21.

5

Before making the severance, the district court does not need to determine the merit of the second claim.  As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) (additional citations omitted).  Given the maturity of the *Bennett* action and the additional delay that the other claimants will endure if their claims are stayed concurrently with Plaintiffs' appeal, it is clearly in the interest of justice to sever the identified claims herein from *Bennett*.

Plaintiffs request an Order in this instance similar to the Order & Reasons (Doc. 22765) previously entered in this case with respect to the severance of Peggy Powell and Wicler Pierre.

## IV.  **CONCLUSION**

Severing the claims of the identified Plaintiffs would allow all other individual claims in *Bennett* to continue under this Court's jurisdiction.  Accordingly, Plaintiffs request an Order with instructions to the Clerk of Court to sever these claims and assign new civil action numbers for the seven actions described without delay.

/s/ *James V. Doyle, Jr.*

James V. Doyle
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 205-414-7528
jimmy@doylefirm.com

*Attorney for Plaintiffs*