UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| This document relates to: *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* Case No. 14:cv-2722 | JUDGE ELDON FALLON MAGISTRATE MICHAEL B. NORTH |

**RESPONSE TO PLAINTIFFS' MOTION TO SEVER**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Response to Plaintiffs' Motion to Sever (R. Doc. 22951). ***First***, like previous partial severances in this matter,[1] the Knauf Defendants do not object to the individual severance of the 23 claims ("Appealing Plaintiffs") listed in Plaintiffs' Motion (R. Doc. 22951) solely for the purpose of filing individual appeals.[2] However, each should be severed and appealed individually, as opposed to groups, and Appealing Plaintiffs cannot amend, modify or enlarge the allegations for their dismissed claims alleged in the operative Fifth Amended Complaint.[3] ***Second***, instead of continued piecemeal severances, and as acknowledged by the parties and the Court, the Court should, on its own, sever the remaining

---

[1] R. Doc. 22737 (Response to Motion to Sever).
[2] The Appealing Plaintiffs seeking severance and appeal in R. Doc. 22951 are set forth in Exhibit A with their property addresses and proper venue where the properties are located.
[3] R. Doc. 21991 (Order Denying Motion for Leave to Amend); R. Doc. 22848 (Motion to Strike Amended Complaints). R. Doc. 22948 (Order regarding Amended Complaints).

active Bennett claims so that when they are remanded and transferred, the active claims may be transferred for trial to District Courts with proper venue and jurisdiction where the properties are located.[4]  Finally, like the dismissed claims, because the severance of claims is solely to provide for the transfer of the individual claims for trial as alleged in the operative Fifth Amended Complaint, Plaintiffs cannot amend and/or enlarge their complaint and allegations.[5]

A.   **Background**

At the outset of this post-Knauf settlement litigation, the Court and the parties recognized the potential individual nature of the actions proceeding as a class before this Court, this Court issued case management orders ("CMOs") regarding consolidated discovery, dispositive motions, and the requirement that all plaintiffs file individual protective actions in courts of competent jurisdiction and venue.[6]  Pursuant to the CMOs, and after the Court denied class certification, the Knauf Defendants filed several dispositive motions at the conclusion of the discovery period.[7] After briefing and argument, the Court issued several rulings with some resulting in the dismissal of individual claims including those set forth in Plaintiffs' current Motion to Sever.  However, because Plaintiffs are mis-joined and did not file individual protective actions as provided in the CMO or previously move to sever the individual claims before or after denial of class certification, Plaintiffs now seek another piecemeal severance and appeal of certain rulings (R. Docs. 22823, 22941, and 22947).  Plaintiffs' motion requests severance of 23 individual claims into 7 separate consolidated groups for the purposes of appeal only.

---

[4] The current active Bennett claims that have not been dismissed are listed in Exhibit B with their property addresses and proper venue.
[5] R. Doc. 21991 (Order Denying Leave to Amend).
[6] R. Doc. 21992.
[7] R. Doc. 22528.

Now, as detailed below, this Court should individually sever the Appealing Plaintiffs' claims listed in R. Doc. 22951 for individual appeals,[8] ***and*** the Court should sever the remaining active Bennett claims.[9] Furthermore, because the severance is solely for the purpose of appeal and/or transfer for individual trials to District Court's with proper venue and jurisdiction where the properties are located, Plaintiffs are not allowed to amend or enlarge the operative allegations and claims in the Fifth Amended Complaint.

**B.     Rule 21 Severance by Motion or on Court's Own.**

On motion or on its own, the court may at any time, on just terms, …. sever any claim against a party. Fed. R. Civ. P. 21. The Fifth Circuit has described the effect of severance as follows:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discre[te], independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*Poincon v. Offshore Marine Contractors, Inc.,* No. CV 18-2748, 2018 WL 5708968, at *2 (E.D. La. Nov. 1, 2018) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)); *see also Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). Rule 21 has been held to authorize 'the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance, such as where venue is improper as to certain defendants."[10]

---

[8] *See* Exhibit A.
[9] *See* Exhibit B.
[10] *Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481, 496 (D.N.J.1998) *quoting Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618–19 (2d Cir.), *cert. denied*, 393 U.S. 977 (1968).

### C. No Objection to Severance for Purposes of Appeal Only

As to the Appealing Plaintiffs listed in Plaintiffs' Motion (R. Doc. 22951), the Knauf Defendants do not object to individual severance of the claims for purposes of individual appeals. However, because the claims are "individual" and "discrete" as set forth by Plaintiffs, and mis-joined, the Knauf Defendants believe the claims should be severed and appealed individually. Once severed and appealed, where appropriate, the appeals could be consolidated before the U.S. Fifth Circuit.

Furthermore, because Appealing Plaintiffs' operative claims in the Fifth Amended Complaint have been dismissed, and the purpose of severance is solely for filing individual appeals, Appealing Plaintiffs cannot use severance as a mechanism to enlarge or amend their dismissed claims.[11] Indeed, this Court has already addressed complaint amendments under Rule 16 and denied Plaintiff's request to amend prior complaints seeking to amend and/or add allegations and claims.[12] Like this Court ruled prior to the completion of discovery, amendment at this even later stage of the proceedings would unduly prejudice the Knauf Defendants and is inconsistent with the "the most expeditious way to dispose of the merits of the litigation." R. Doc. 21991 (quoting *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012) (internal quotations omitted)). Therefore, while Appealing Plaintiffs may be granted relief to sever and appeal, Appealing Plaintiffs cannot use severance as a way of changing their dismissed claims.

Therefore, while the Knauf Defendants do not wholly object to severance of the Appealing Plaintiffs' dismissed claims, the Knauf Defendants believe the claims should be severed and appealed individually. Furthermore, the Knauf Defendants object to the extent Appealing

---

[11] R. Doc. 22848 (Motion to Strike Amended Severed Complaints).
[12] R. Doc. 21991 (Order Denying Motion for Leave to Amend Denial of Sixth Amended Complaint).

Plaintiffs will seek to use severance as a mechanism to attempt to amend or change the operative allegations and claims, which have already been dismissed by this Court.

**D.      The Court Should Sever the Remaining Active Claims at the Same Time.**

The Knauf Defendants aver that the Court, on its own through Rule 21, should sever the remaining active claims individually notwithstanding Plaintiff's piecemeal requests. As recognized by Plaintiffs in their motion and this Court when it denied class certification, all of the Bennett claims are individual, discrete, and separate. Accordingly, the claims are mis-joined and should proceed separately. However, Plaintiffs failed to file the individual actions as required by the CMO. Now, without a Rule 21 severance, the majority of the claims are subject to an improper venue hundreds of miles from the location of their affected property. Therefore, consistent with the Court's prior orders and rulings, and in the interests of justice, all of the remaining active Bennett claims must be severed and proceed individually in courts of competent jurisdiction and venue where the properties are located.[13]

Pursuant to Rule 21, the Court, on its own, and at any time, may sever claims against a party and this Court has previously tried to set up a mechanism for Plaintiffs' individual claims to be severed and proceed as individual trials in courts of competent venue and jurisdiction via CMO. (R. Doc. 22359). However, Plaintiffs failed to comply with the CMO and did not file any individual actions. Subsequently, this Court denied class certification and the class allegations were dismissed. Plaintiffs never sought to amend or clarify the operative complaint regarding the claims set in an improper venue.

In order to comply with 28 U.S.C. §1391, Plaintiffs must be able to allege that "a substantial part of the events or omissions giving rise to the claim[s] occurred, or a substantial part of the

---

[13] See Exhibit B.

property that is the subject of the action is situated" in the pending district. 28 U.S.C. §1391(b)(2). Without the individual filed actions, and with the denial and dismissal of class certification, Plaintiffs cannot meet this burden. The vast majority of real property is outside this District and the Northern District of Alabama and a substantial portion of the events or omissions giving rise to the claims occurred outside the districts. Indeed, Plaintiffs' counsel has recognized the defect in this matter and in other Chinese drywall matters,[14] particularly as it relates to the need to sever the individual claims and transfer them to the appropriate venue under 28 U.S.C. § 1406. Therefore, in order to proceed, all of the remaining active Bennett claims must be severed as individual claims so that they can proceed on their own discrete and separate claims in courts of competent venue and jurisdiction.[15] For these reasons, the Court should sever the active Bennett claims listed in the attached Exhibit B, and when appropriate, the severed claims may be transferred to the appropriate jurisdiction and venue.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:            kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***The Knauf Defendants***

---

[14] R. Doc. 71-1 (Motion to Sever and Transfer Claimants – Case No. 15-cv-24348, S.D. FLA.).

[15] This Court has the authority to transfer Plaintiffs' actions, upon remand, to a venue other than the transferor court. Rule 11(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides "[e]ach transferred action that has not been terminated in the transferee court will be remanded by the Panel to the transferor district for trial, unless ordered transferred by the transferee judge to the transferee or other district under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. R.P.J.P.M.L Rule 11(b), 65 F.R.D. 253, 261. Also, 28 U.S.C.A. §§ 1404(a), 1406(a), and 1407 "are not mutually exclusive and, when appropriate, should be used in concert to effect the most expeditious disposition of multidistrict litigation." *In re Air Crash Disaster Near Chicago, Ill., on May 25, 1979*, 476 F.Supp. 445, 450 (J.P.M.L. 1979) (citations omitted).

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 5th day of October, 2020.

                                              /s/ *Kerry J. Miller*
                                              **KERRY J. MILLER**