**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**2:14-cv-02722-EEF** | JUDGE ELDON FALLON<br><br>MAG. JUDGE MICHAEL NORTH |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' EXPEDITED**
**MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

The instant motion is Plaintiffs' request for an extension of time to file a notice of appeal related to this Court's three orders, entered on May 12, 2020, August 21, 2020, and August 28, 2020 (Docs. 22823, 22941 and 22947).  The current deadline is set by order of this Court on November 2, 2020, for all three orders. Plaintiffs seek expedited consideration of this request and entry of the proposed order, submitted herewith, and grant an extension to appeal to November 30, 2020.

All dispositive motions filed by Defendants have now been evaluated by this court and rulings have been entered.  Plaintiffs previously requested extensions for filing a notice of appeal for those Plaintiffs affected by Doc. 22823 until such time as all remaining motions were resolved by this Court in order to avoid confusion where multiple plaintiffs were named in multiple motions.  With that process now concluded, the time is now appropriate to sever claims from *Bennett*, have the Clerk of Court issue new civil action numbers, and allow Plaintiffs to file new complaints for the severed claims before filing their appeal.  This Court indicated that Plaintiffs' motion to sever will be granted, but an order has not yet been issued.

Plaintiffs' consolidated motion to sever (Doc. 22951) was not opposed by Defendants apart from their desire to have each plaintiff individually severed for the purpose of an appeal. It is noteworthy that they provided no authority for their position; it was simply a statement of their preference. As Plaintiffs argued in their motion, common questions of law are present for appellate consideration, so judicial economy would be promoted if groupings are approved as requested. The commonality of issues should also favor consolidation of issues; moreover, the Clerk of Court's office in the Fifth Circuit actively solicits information at the outset of the appellate process regarding common issues that might lead to consolidation of appeals for briefing and disposition. So, severing of the claims individually does nothing but create duplicative, unnecessary steps for the clerk of this district court that will ultimately result in a consolidation at the Fifth Circuit.

Because severance is necessary to allow the remaining active claims to move forward, additional time is required to accomplish this step. To be clear, the Plaintiffs seeking to appeal will need to be severed from *Bennett* prior to filing an appeal in order to avoid delaying the other Plaintiffs' trial dates. This requested extension is within the discretion of this court and specifically contemplated in the Local Rules of the Fifth Circuit. *See Fed. R. App. P*. 4(a)(5).

Plaintiffs' extension request will not prejudice the Defendants in any way; consequently, the motion to extend time for filing a notice of appeal should be granted.


DATED:  November 2, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*