UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * CIVIL ACTION * * MDL NO. 2047 * * SECTION L (2) |
| THIS DOCUMENT RELATES TO: *Elizabeth Bennett, et al. v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al.*, No. 14-2722 | * * * |

## ORDER & REASONS

Pending before the Court is a Motion to Sever the claims of Michael & Alice Ginart, William Foreman, Dung Nguyen, Ronald & Leslie Bogard, Ronald & Patricia Stanfa, R&S Properties, LLC, Consuelo Burgos, Johnny Tyler, Carl & Ellen Moore, Ronald & Bernice Pendelton, Jeremy Jordan, 1329 Gum: Jackson Land Trust, Jason Arnold, Mardechria Charles, Feng Hu & Simin Liu, Mathew & Susan Issman, Karen & Kerry McCann, Nicole & Michael Norris, Mark & Kimberlie Perez, Wayne & Kristal Province, Veronica Rosenaur o.b.o. Estate of Veronica Griffith Rayborn, Chien Van Pham & Bich Nguyen, and Xiaochun Xi & Jinjian Wang ("Identified Plaintiffs") pursuant to Rule 21 of the Federal Rules of Civil Procedure. R. Doc. 22951. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

**I. BACKGROUND**

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of foul-smelling gas; the corrosion and blackening of metal wiring, surfaces, and

objects; and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to be caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. As a result, many homebuilders also filed suit seeking to recoup their damages. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. Since that date, numerous cases have been consolidated, involving thousands of individual claims; over 20,000 documents have been entered into the record; millions of documents have been exchanged in discovery; depositions have been taken in the United States and in China; and over thirty Pretrial Orders have been issued. The Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers, and it has presided over monthly status conferences, hearings, and several bellwether trials.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities and (2) the Taishan Entities. The litigation has focused upon these two entities and their downstream associates and has proceeded on strikingly different tracks for the claims against each group. Because the *Bennett* action only involves the Knauf Entities, the Court does not address the Taishan portion of the litigation in this Order & Reasons

**A. The Knauf Defendants**

2

The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States. The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts.

The Knauf Entities first entered their appearance in the MDL litigation on July 2, 2009. Thereafter, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall. The Court found in favor of the plaintiff family in *Hernandez*, issued a detailed Findings of Fact and Conclusions of Law, and entered a Judgment in the amount of $164,049.64, including remediation damages in the amount of $136,940.46—which represented a remediation cost of $81.13 per square foot based on the footprint square footage of the house.

Subsequently, the Knauf Entities agreed to institute a pilot remediation program utilizing the remediation protocol formulated by the Court from the evidence in *Hernandez*. The Knauf pilot remediation program is now completed and more than 2,200 homes containing KPT Chinese drywall have been remediated using the same general protocol. At the Court's urging, the parties began working together to monetize this program and make it available to a broader class of plaintiffs.

On December 20, 2011, the Knauf Entities and the PSC entered into a global, class Settlement Agreement ("Knauf Settlement Agreement"), which was designed to resolve all Knauf-related, Chinese drywall claims. In addition to the Knauf Settlement Agreement and after a jury trial in a bellwether case, numerous defendants in the chain-of-commerce with the Knauf Entities have entered into class settlement agreements, the effect of which settles almost all of the Knauf

Entities' chain-of-commerce litigation. The total amount of the Knauf Settlement is approximately $1.1 billion. Thereafter, additional claims were filed against Knauf and others.

### B. The Bennett Class Action

The original Bennett Complaint was filed by Elizabeth Bennett on November 13, 2014 in the Northern District of Alabama. Ms. Bennet raised claims on her own behalf and on the behalf of similarly situated homeowners who allegedly suffered damages due to the presence of defective Chinese drywall in their homes. The Plaintiffs raised claims against the Knauf Entities for negligence, negligence *per se*, strict liability, breach of express and/or implied warranty, redhibition, violations of the Louisiana Products Liability Act, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of consumer protection laws, and equitable and injunctive relief and medical monitoring with respect to the manufacture of allegedly defective Chinese drywall. In January 2015, the Judicial Panel on Multidistrict Litigation transferred the case to the Eastern District of Louisiana and consolidated it with *In re Chinese Manufactured Drywall Liability Litigation*, MDL 09-2047, currently pending before this Court.

On January 22, 2020, the Court granted Defendants' Motion to Deny Class Certification, finding that the predominance requirement of Rule 23(b)(3) was not satisfied. R. Docs. 22528. Specifically, the Court noted that the variety in the individual claims, which included personal injury and property damage claims, theories of liability, applicable state laws and defenses, and different damage calculations precluded the finding of predominance necessary to warrant class certification. *Id.* at 10-11.

At this point in the litigation, the parties have completed discovery, and all deadlines in the scheduling order for pretrial activities have passed. The Court has ruled on all pending dispositive motions to dismiss and motions for summary judgment.

Relevant to the instant motion, the Court granted summary judgment in Defendants' favor against the Identified Plaintiffs in Order and Reasons entered on May 12, 2020, August 21, 2020, and August 28, 2020. R. Docs 22823; 22941; 22947.

## II.  PRESENT MOTION

The twenty-three Identified Plaintiffs seek a severance of their claims pursuant to Rule 21 so that they may proceed to appeal their cases to the U.S. Court of Appeal for the Fifth Circuit, while avoiding further delays to the other remaining plaintiffs. R. Doc. 22951-1 at 4. Plaintiffs also propose the creation of the following seven individual cases, grouped by Plaintiffs who have similar issues to raise on appeal and the property located in the same state.[1] *Id.*

Defendants do not object to the severance of the claims of these Identified Plaintiffs; however, they do object to the "continued piecemeal" nature of the severances. R. Doc. 22956 at 1. In Defendants' view, Plaintiffs are mis-joined, as they failed to file individual protective actions in courts of competent jurisdiction and venue as provided in the Court's previous CMO or to otherwise amend the Operative complaint regarding venue. *Id.* at 5. Defendants maintain that the *Bennett* claims are "individual, discrete, and separate." *Id.* Accordingly, Defendants argue that any remaining *Bennett* claim must be severed from the main action so that they may "proceed individually in courts of competent jurisdiction and venue where the properties are located." *Id*. Lastly, Defendants express concern that the Identified Plaintiffs will seek to use severance as a

---

[1] Plaintiffs propose the creation of the following seven individual cases, grouped by Plaintiffs who have similar issues to raise on appeal and the property located in the same state: 1) Michael & Alice Ginart; 2) Ronald & Bernice Pendelton; 3) R&S Properties, LLC, Ronald & Patricia Stanfa; 4) William Foreman, Dung Nguyen, Ronald & Leslie Bogard; 5) Consuelo Burgos, Johnny Tyler, Carl & Ellen Moore; 6) Jeremy Jordan, 1329 Gum, Jackson Land Trust; and 7) Jason Arnold, Mardechria Charles, Feng Hu & Simin Liu, Mathew & Susan Issman, Karen & Kerry McCann, Nicole & Michael Norris, Mark & Kimberlie Perez, Wayne & Kristal Province, Estate of Veronica Rosenaur, Chien Van Pham & Bich Nguyen, and Xiaochun Xi & Jinjian Wang. *Id.* at 4.

5

tool to enlarge or amend their dismissed claims, which would unduly prejudice Defendants at this late stage of the proceedings. *Id.* at 4.

### III. LAW & DISCUSSION

Rule 21 of the Federal Rules of Civil Procedure allows a district court to "sever any claim against a party." Fed. R. Civ. P. 21. Notably, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). As the Fifth Circuit has explained,

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discre[te], independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). Although for the sake of judicial economy, "joinder of claims, parties, and remedies is strongly encouraged," *Applewhite*, 67 F.3d at 574, the district court "has broad discretion to sever." *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).

The Identified Plaintiffs seek to appeal the denial of their claims on summary judgment to U.S. Court of Appeals for the Fifth Circuit. The Court recognizes that this is a lengthy process that would inevitably stall the adjudication of their fellow Plaintiffs' claims, which have already been active for over six years. Accordingly, the Court concludes that the above-mentioned Plaintiffs should be severed into individual claims in the interest of convenience and judicial economy, and the other claims be allowed to proceed before this Court.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Sever, R. Doc. 22951, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall file amended complaints with respect to Plaintiffs Michael & Alice Ginart, William Foreman, Dung Nguyen, Ronald & Leslie Bogard, Ronald & Patricia Stanfa, R&S Properties, LLC, Consuelo Burgos, Johnny Tyler, Carl & Ellen Moore, Ronald & Bernice Pendelton, Jeremy Jordan, 1329 Gum: Jackson Land Trust, Jason Arnold, Mardechria Charles, Feng Hu & Simin Liu, Mathew & Susan Issman, Karen & Kerry McCann, Nicole & Michael Norris, Mark & Kimberlie Perez, Wayne & Kristal Province, Veronica Rosenaur o.b.o. Estate of Veronica Griffith Rayborn,, Chien Van Pham & Bich Nguyen, and Xiaochun Xi & Jinjian Wang. The caption of the amended complaints shall contain only the names of the individual plaintiffs whose claims have been severed and the defendants that are the subject of that specific claim.

Upon filing of the amended complaints, the Clerk of Court shall issue individual civil actions numbers for Plaintiffs to proceed apart from the above-captioned action, but the claims shall remain consolidated in MDL 09-2047.

New Orleans, Louisiana, this 6th day of November, 2020.

_____
Eldon E. Fallon
United States District Court