UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE MICHAEL B. NORTH |

## OPPOSITION TO MOTION FOR EXTENSION OF TIME

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Opposition to Plaintiffs' Motion for Extension of Time (R. Doc. 22962). Here, Plaintiffs seek an extension of time for Plaintiff Cesar and Ines Jaramillo to substitute parties pursuant to Federal Rule of Civil Procedure 25(a)(1). Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Federal Rule of Civil Procedure 6(b)(1)(A) provides district courts the discretion to grant extensions of time for good cause. FED. R. CIV. P. 6(b)(1)(A); *Doss v. Helpenstell*, 699 F. App'x 337, 339 (5th Cir. 2017) ("A district court's decision to grant a request for an extension of time is reviewed only for an abuse of discretion."). Here, no good causes exists for the continued delay

of these proceedings and Plaintiffs' lack of prosecution and participation throughout this matter. Therefore, the motion should be denied and the claim must be dismissed under Rule 25(a)(1).

For years, the Knauf Defendants have been trying to obtain discovery from Jaramillo. This Court issued multiple Case Management Orders regarding discovery and extension of discovery deadlines to allow Plaintiffs time to provide discovery and sit for depositions (R. Doc. 21992, 22291, 22359). Early on, the Court gave Plaintiffs the benefit of deferring or denying motions to dismiss on Plaintiffs' lack of discovery (R. Doc. 22227). For months, the parties arranged depositions of other claimants, and despite repeated efforts to set Jaramillo's deposition, the Knauf Defendants were never allowed to depose Jaramillo. Indeed, even when the Court ordered the parties to complete the discovery process by the end of the discovery period on December 31, 2019, Jaramillo was never presented to provide the necessary discovery.

After the discovery deadline, the Knauf Defendants moved to dismiss Jaramillo's claims, along with other claimants, due to their failure to participate in the discovery process. R. Doc. 22666. On May 5, 2020, Plaintiffs' counsel opposed the motion based on health complications despite the fact Jaramillo passed away on December 22, 2019 and had been deceased for almost five months. R. Doc. 22933. The Court ruled that Jaramillo was required to set and sit for deposition within 14 days. R. Doc. 22920. Plaintiffs' counsel then filed a suggestion of death on August 7, 2020 almost eight months after Jaramillo's death. Despite the repeated requests and efforts to complete discovery to facilitate the resolution of these cases, this was the first notice provided to the Knauf Defendants and the Court regarding Jaramillo's death.

Now, almost a year since Jaramillo's death, almost three years without the necessary discovery, and despite the Court's multiple opportunities to allow Plaintiffs to participate, Plaintiff seeks yet another extension of deadlines to delay this matter further. In short, Plaintiffs have

thwarted the consolidated discovery process set forth for these claims, wasted judicial resources, and almost three years later the parties are not any closer to moving this claim forward toward resolution or trial. These consequences are a result of Plaintiff's lack of interest in prosecuting the matter and undue delay, which do not provide good cause to allow for any additional extensions of time.  Therefore, for these reasons, the motion should be denied and the claim must be dismissed.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:             kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***The Knauf Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 9th day of November, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**
