UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                       SECTION: L

THIS DOCUMENT RELATES TO:

*Stephen and Diane Brooke, individually,*        JUDGE ELDON FALLON
*et al. v. The State-Owned Assets Supervision*
*and Administration Commission of the*           MAG. JUDGE NORTH
*State Council, et al.*, 2:15-cv-004127-EEF

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO AMEND COMPLAINT**

This memorandum is being submitted in support of Plaintiffs' Motion for Leave to Amend Complaint, filed by Plaintiffs' Counsel, James V. Doyle, Jr.

**BACKGROUND**

This action was originally filed in in 2015 as a class action complaint with the style *Stephen and Diane Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.* on behalf of plaintiffs and other similarly situated owners and residents of real property in Louisiana containing defective Chinese manufactured drywall that was designed, manufactured, imported, exported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by multiple manufacturing defendants.

After a class action settlement was reached with the manufacturing defendants, a number of individual plaintiffs opted-out. The opt-out Plaintiffs remaining in this action have Louisiana

1

properties affected by Defendants' products and their claims were excluded from the class settlement process. Although the Defendants have not yet filed an answer to the complaint, it has been years since the Complaint was served upon the Defendants; thus, leave of court must be sought to amend the complaint at this stage. The purpose of the amended complaint is to remove the class allegations, clarify the jurisdiction and venue allegations, and define the remaining Plaintiffs, as well as the claims they assert under Louisiana and/or federal law. The proposed Amended Complaint is being offered as an exhibit hereto. Plaintiffs also offer a proposed order granting the relief being requested.

## ARGUMENT

Under Rule 15, Federal Rules of Civil Procedure, Plaintiffs may amend their Complaint once as a matter of course within 21 days of serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). More than 21 days has passed since this Complaint was served and Plaintiffs have thus far not sought an amendment to this complaint. After an initial amendment, leave of court is required in each instance that an additional amendment to the complaint is sought. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" (Fed. R. Civ. P. 15(a)(2)); *see also Foman v. Davis*, 371 U.S. 178,182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

All named Taishan, TTP, BNBM, BNBM Group, CNBM and CNBM Group defendants located in China have now been served in accordance with Rule 4 of the Federal Rules of Civil Procedure and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as the Hague Service Convention. Notice of

service of each Taishan entity was provided to the clerk of court in MDL-2047.

**1. Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P.15(a)(2). A motion to amend ordinarily should be granted absent some justification for refusal. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Foman*, 371 U.S. at 182.

The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, . . ." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 386 (5th Cir. 2003).

In addition, the Federal Rules of Civil Procedure, Rule 20, allows for "Persons Who May Join or Be Joined." Fed. R. Civ. P. 20(a). According to that rule, "[p]ersons may join in one action as plaintiffs, if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Id*.

As set forth in the proposed Amended Complaint attached hereto as an exhibit, the

3

Plaintiffs' claims are similar to those in the original filing once the class allegations have been removed. Plaintiffs have alleged in this proposed pleading that the facts and circumstances for each are similar -- each residential property containing defective Chinese-manufactured drywall produced and/or sold by the Defendants -- and they seek the same relief arising out of the same series of transactions and occurrences committed by the Defendants.

## 2. Undue Prejudice

The Fifth Circuit has adopted a liberal stance favoring leave to be granted freely by district courts considering an amendment to pleadings. "Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotation marks omitted). In other words, "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux*, 376 F.3d at 425.

There is no prejudice to any Defendant named in this action. Plaintiffs simply seek to amend the complaint to remove the class action allegations and define the Louisiana Plaintiffs that properly excluded their claims from the class action settlement in addition to clarifying the jurisdiction and venue requirements. The remaining Plaintiffs have substantially similar claims which are being permissively joined via Rule 20 of the Federal Rules of Civil Procedure through this action. This preserves the Court's, Plaintiffs' and Defendants' resources rather than forcing

the Court to manage, and Defendant to separately defend against, separate -- albeit nearly identical -- suits.

### 3. Undue Delay, and Bad Faith or Dilatory Motive

In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. *Foman,* at 182. While "[p]rejudice and timeliness are obviously closely related," *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), they are analytically distinct. There is no delay, bad faith, or dilatory motive here. As explained above, the plaintiffs contained in the previously-filed Complaint and instant complaint have nearly identical claims with the class allegations removed. Both the claims and the relief sought have remained nearly identical.

### 4. Futility

Amendment of a complaint may also be denied if the amendment sought would be futile. *Frank,* 3 F.3d at 1365; *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc*., 466 F.3d 1195, 1199 (10th Cir. 2006)). "A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim." *Darris v. Pugliese,* No. 08-cv-02624-PAB-KMT, 2009 WL 3162630 *2 (D. Colo. Sept. 30, 2009). Here, Plaintiffs' proposed Amended Complaint seeks to clarify the identity of the remaining Plaintiffs and provide the address of their affected properties, in addition to providing the Court with the basis for jurisdiction and venue. All plaintiffs allege they experienced damages as a result of installation of defective Chinese-manufactured drywall sold by the various named Defendants.

There is nothing in any of the pleadings filed to date that might suggest that these amendments would fall short of the standard accepted by the U.S. Supreme Court or the Fifth

Circuit Court of Appeals; thus, the proposed Amended Complaint should be approved by this Court.

## 5. Failure to Cure Deficiencies by Amendments Previously Allowed

Leave of court to amend may also be denied if the party seeking to amend fails by amendment to cure deficiencies in the complaint previously allowed. *Frank*, 3 F.3d at 1365. This justification for denying leave to amend does not apply in this case

## CONCLUSION

None of the reasons for denying leave to amend under Rule 15(a)(2), United States Supreme Court precedent and Fifth Circuit precedent exist in this case, and, therefore, leave to amend should be granted now.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant this Motion for Leave to File An Amended Complaint and order any other relief that this Court deems necessary, proper and just.

DATED: November 16, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
Email: jimmy@doylefirm.com

*Attorney for Plaintiffs*