UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| Barbara Ann Alfonso; Bessie Barnett; Kerry Barre; Gwendolyn Kerr Bierria; Joseph Bourlet; Gregory Cross; Stephanie Fortenberry; Greater NOLA Homes, LLC; Howard Jones; and, Terrence Ross and Rhonda Ross,<br>   Plaintiffs,<br>v.<br>Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and administration Commission of the State Council,<br>   Defendants. | Case No. 2:15-CV-04127-EEF-JCW |

## CASE MANAGEMENT ORDER NO. 1

THIS MATTER was among the cases subject to a Class Action Settlement ("Class Settlement") approved by this Court in January 2020. (*See* Rec. Doc. No. 22460 & 22466). The Class Settlement resolved 218 of the claims in this case. However, 10 plaintiffs opted out of the Class Settlement and their claims remain in this case.[1] This Case Management Order No. 1 sets forth an Initial Scheduling Plan for the Louisiana claims among the opt-outs.

---

[1] Prior to the Class Settlement, this Court remanded two identical cases to Florida and Virginia, effectively carving out the Florida-based claims and Virginia-based claims from the MDL and from the current case. Rec. Docs. 22138 and 22139. The Class Settlement resolved 807 of the claims in the Florida *Brooke* action (with 40 opt-outs remaining) and 31 of the claims in the Virginia *Brooke* action (with no opt-outs). Because of the prior remands, no Florida or Virginia-based claims will be adjudicated in this action.

1

I.      **Amendment of PTO 1G & 1H**

The obligation of Defendants to answer or otherwise respond to the Complaint in this case was suspended by application of MDL Pre-Trial Order ("PTO") 1G and 1H. Rec. Docs. 3348 and 6083. On May 1, 2020, this Court issued a new PTO 1K (Rec Doc. 22786) to establish an orderly process to end that suspension and provide for a date certain by which Defendants must answer or otherwise respond to complaints in this and other cases in the MDL in which opt-out Plaintiffs remain. PTO 1K advised that the dates for filing of an answer or responsive motion to the Complaint in this case would be set by a separate future order this Court. Rec. Doc. 22786 at 2.

II.     **Initial Scheduling Plan for Louisiana Claims**

This Initial Scheduling Plan sets forth an orderly sequence to efficiently litigate and resolve the remaining ten Louisiana-based claims, with an emphasis on limited expedited discovery to provide an opportunity for early Motions for Summary Judgment where warranted. Discovery in this Initial phase shall be limited to the activities specified herein.

A.  **Initial Discovery Phase**

| | |
|---|---|
| December 10, 2020 | Defendants shall answer the Amended Complaint. |
| December 11, 2020 | Plaintiffs may initiate subpoenas on third parties on the topic of Product Identification ("Product ID"). |
| December 21, 2020 | Each Plaintiff shall submit a complete, verified Supplemental Plaintiff Profile Form and supporting |

|  |  |
|---|---|
|  | documentation in accordance with the procedures set forth in Attachment 1.  Failure to comply may result in dismissal of a Plaintiff's claim. |
| December 21, 2020 | Defendants shall provide Plaintiffs with their position on Product ID and attribution to the manufacturing Defendants for each property in the Amended Complaint. |
| December 28, 2020 | Plaintiffs may initiate written discovery requests on Defendants on the topic of Product ID. |
| December 28, 2020 | Defendants shall serve Notices of Deposition, if desired, for any Plaintiffs at Defendants' election.  Defendants shall consult with Plaintiffs' counsel on agreeable dates prior to service of any Notice of Deposition. |
| February 26, 2021 | All discovery in Initial Discovery Phase (including all depositions and written discovery responses) must be completed on or before this date. |

**B.  Early Dispositive Motions**

|  |  |
|---|---|
| March 29, 2021 | Plaintiffs or Defendants shall file early Motions for Summary Judgment for any or all Plaintiffs at their election on or before this date.  The filing and denial of an early Motion for Summary Judgment will not preclude the later filing of a Rule 56 Motion for Summary Judgment on other grounds. |
| April 19, 2021 | Opposing parties shall file any oppositions to early Motions for Summary Judgment on or before this date. |
| May 3, 2021 | Reply briefs in support of early Motions for Summary Judgment shall be filed on or before this date. |

**C.  Second Discovery Phase.**

This Second Discovery Phase begins upon completion of the Early Motion for Summary Judgment Period (*i.e.*, the date this Court enters its order on the final pending summary judgment motion) and outlines the management of activity in this case until

it is trial ready.  In the event that no Early Summary Judgment Motions are filed by Defendants, the start date for this period begins on March 31, 2021.

1. **Discovery**. Any remaining discovery desired by the parties must be completed within seventy-five (75) days from the start of this period.

2. **Expert Schedule**.  The following schedule shall apply to expert witness discovery:

   a. **Plaintiff Expert Reports**.  No later than one hundred (100) days from the start of this period, plaintiffs shall designate and provide reports by their expert witnesses for the trials.

   b. **Defendants Expert Reports**.  No later than one hundred and thirty (130) days from the start of this period, defendants shall designate and provide reports by their expert witnesses for the trials.

   c. **Rebuttal Reports**.  The Parties shall be allowed a rebuttal expert report only upon a showing of good cause to the Court.

   d. **Depositions**.  At the time of the submission of the expert report, each expert shall indicate no fewer than three dates the expert is available for deposition. Expert depositions shall conclude no later than forty-five (45) days following submission of their respective expert report. At least ten (10) days prior to the deposition, the expert shall produce all files, documents and reliance materials subject to discovery under the Federal Rules.

   The limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all cases.

D.  **Dispositive Motions**

1. **Motions and Briefs**. All motions and briefs must be submitted within two hundred (200) days from the start of the Second Discovery Phase. Response in Opposition Briefs: All responses in opposition to briefs must be submitted twenty-one (21) days after filing of any dispositive motion.

2. **Reply Briefs**. All reply briefs must be submitted fourteen (14) days after the filing of any opposition to a dispositive motion.

3. **Hearing and Argument (if necessary)**. Hearing and argument, if necessary will be scheduled individually by the Court.

E.  **Trials**

The Court will schedule any and all trials following the close of discovery and rulings on dispositive motions.

So ordered this 4th day of December 2020.

_____
United States District Judge