UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**  <br><br>**SECTION "L"** |
| **This document relates to:**  <br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*  <br><br>**Case No. 14:cv-2722** | **JUDGE ELDON FALLON**  <br><br>**MAGISTRATE MICHAEL B. NORTH** |

## RESPONSE TO MOTION TO SUBSTITUTE

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Response to Plaintiff's Motion to Substitute (R. Doc. 23007).

*First*, like Plaintiff's previous motion to extend the deadline to substitute (R. Doc. 22962),[1] Plaintiff filed the motion to substitute as an *ex parte*/consent motion when (1) consent was not requested and (2) Federal Rule of Civil Procedure 25(a)(3) requires that Plaintiff file the motion "together with a notice of hearing."

*Second*, Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days

---

[1] The Court previously allowed additional time to move the Court to substitute parties for Cesar and Ines Jaramillo (R. Doc. 22973). The present Motion to Substitute only applies as to Cesar Jaramillo. Because Plaintiff's have not filed any motion regarding the substitution of Ines Jaramillo, her claims must be dismissed pursuant to Rule 25.

>after service of a statement noting the death, the action by or against the decedent must be dismissed.

"Fed.R.Civ.P. 25(a)(1) involves the procedural capacity to sue; therefore, a person seeking to be substituted under the Rule must strictly comply with the requirement relating to becoming 'a proper party.'" *Marcano v. Offshore Venezuela*, 497 F. Supp. 204, 208 (E.D. La. 1980). Unless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the "proper" party for substitution would be either the executor or administrator of the estate of the deceased. *Ashley v. Illinois Cent. Gulf R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983); *see also Arce v. Louisiana State*, No. CV 16-14003, 2017 WL 3438338, at *1 (E.D. La. Aug. 10, 2017).

Here, Plaintiff requests to substitute the estate of the previous plaintiff, and not proper party - the executor or administrator of the estate of the deceased. Further, Plaintiff failed to provide evidence or support that Maritza Jaramillo is or could be the executor or administrator of Cesar Jaramillo's estate. Without the substitution of a party with proper standing or procedural capacity to be substituted under Rule 25, the motion to substitute would be denied and the claim dismissed. *See Ashley*, 98 F.R.D. at 724 (finding motion to substitute was properly denied because widow seeking to substitute for deceased spouse was not proper party under Rule 25). Therefore, without evidence to support the actual proper party to be substituted, the Knauf Defendants request the Motion to Substitute be denied and the claim dismissed with prejudice pursuant to Rule 25.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)B**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:            kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***The Knauf Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 4th day of December, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**