# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 13, 2020
Lyle W. Cayce
Clerk

No. 20-30326

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

_____

PEGGY POWELL,

        *Plaintiff—Appellant*,

versus

KNAUF GIPS KG; KNAUF PLASTERBOARD TIANJIN COMPANY, LIMITED,

        *Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-MD-2047
USDC No. 2:20-CV-1436

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

W. EUGENE DAVIS, *Circuit Judge*:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30326

Plaintiff-Appellant Peggy Powell appeals the district court's summary judgment in favor of Defendants-Appellees dismissing her claim for damages due to defective Chinese drywall. Powell's individual claim was initially filed as a part of a purported class action in the Chinese Drywall MDL, but the district court subsequently denied class certification and the class allegations were dismissed, leaving only individual claims to be pursued by individual plaintiffs. Following the close of discovery, Defendants-Appellees filed a motion for summary judgment on the grounds that Powell's claim was time-barred by Mississippi's statute of limitations. The district court granted Defendants-Appellees' motion and Powell now appeals.

Powell's claim arises from repairs to her home in Pass Christian, Mississippi, completed in 2006, involving the installation of defective Chinese-made drywall, manufactured by Defendants-Appellees. When Powell attempted to sell her home in 2014, she was made aware that the property contained defective Chinese drywall. Although Powell maintains she did not learn the identity of the manufacturer of the drywall until 2018, she admitted in her deposition that she was aware in 2014 that her home contained the defective drywall. Powell further testified that after learning in 2014 of the defective drywall, she researched the issue but was unable to identify the manufacturer and took no further action to determine the manufacturer's identity. Instead, Powell decided to just "deal with it later." Despite knowing in 2014 of the presence of the defective Chinese drywall in her home, Powell waited until 2018 to file suit against Defendants-Appellees, asserting that it was not until 2018 that she learned the identity of the manufacturer of the defective drywall.

Powell argues that the district court erred in granting Defendants-Appellees' motion for summary judgment because: (1) Powell discovered the identity of the manufacturer of the defective Chinese drywall in her home in 2018, so that is when her cause of action accrued; and (2) Defendants-

Appellees' post-sale failure to warn and fraudulent concealment of the defective Chinese drywall should have equitably tolled the statute of limitations.

We review a district court's grant of summary judgment *de novo*, applying the same legal standard as the district court. *Volvo Fin. Servs. v. Williamson*, 910 F.3d 208, 211 (5th Cir. 2018). Summary judgment is warranted when the moving party "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting FED. R. CIV. P. 56(c)).

### A. Statute of Limitations

Pursuant to Mississippi law, "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code. Ann. § 15-1-49(1). "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." *Id.* at § 15-1-49(2). "[C]auses of action accrue 'upon discovery of the injury, *not discovery of the injury and its cause*.'" *Ridgway Lane & Assocs., Inc. v. Watson*, 189 So. 3d 626, 629 (Miss. 2016) (quoting *Angle v. Koppers, Inc.*, 42 So. 3d 1, 5 (Miss. 2010)). "Knowledge of the cause of the injury is irrelevant to the analysis; rather, the inquiry is when the plaintiff knew or should have known of an injury." *F & S Sand, Inc. v. Stringfellow*, 265 So. 3d 170, 174 (Miss. 2019) (quoting *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 838 (Miss. 2010)).

In this case, Powell stated in her deposition that she was made aware in 2014 of the defective Chinese drywall in her home. Therefore, the district court correctly concluded that the cause of action accrued in 2014, when "the plaintiff [] discovered . . . the injury." Miss. Code. Ann. § 15-1-49(2). Powell

was therefore time-barred from bringing her suit in 2018 because more than three years had passed since the cause of action accrued. *See id.* at § 15-1-49(1).

### B. Equitable Tolling

Mississippi law does not recognize a post-sale duty to warn. *See Austin v. Will-Burt Co.*, 361 F.3d 862, 870 (5th Cir. 2004). Pursuant to Mississippi law, the manufacturer of a defective product may be found liable for a failure to warn about the defect only if a plaintiff demonstrates, by a preponderance of the evidence, that the manufacturer "knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought." Miss. Code. Ann. § 11-1-63. In other words, liability attaches when a manufacturer fails to warn of risks known at the time of sale. *See Austin*, 361 F.3d at 870. Even if a post-sale duty to warn applied, this Court has previously stated that "equitable tolling applies only in 'rare and exceptional circumstances.'" *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (quoting *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002)). "Courts have typically extended equitable tolling where 'the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 & nn. 3–4 (1990)).

Moreover, regarding fraudulent concealment, the Mississippi Code states that:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code. Ann. § 15-1-67. Consequently, to establish fraudulent concealment, a plaintiff must show that "(1) some affirmative act by the defendant was designed to prevent, and did prevent, discovery of the claim and (2) despite the plaintiff's due diligence, he could not have discovered the claim." *Walker v. Epps*, 550 F.3d 407, 416 (5th Cir. 2008) (citing *Andrus v. Ellis*, 887 So. 2d 175, 181 (Miss. 2004)).

In the instant case, Powell's claim against Defendants-Appellees was brought in Mississippi, which does not recognize a post-sale duty to warn. Even if Defendants-Appellees had a post-sale duty to warn, Powell does not show how Defendants-Appellees' failure to warn impacted her ability to bring a lawsuit entitling her to equitable tolling. Powell herself admitted in her deposition that she was aware of the presence of the defective Chinese drywall in her home as early as 2014. She does not assert that Defendants-Appellees' actions or omissions prevented her from bringing suit within the three-year statute of limitations period.

Similarly, even if Defendants-Appellees had fraudulently concealed the presence of the defective Chinese drywall, Powell was made aware in 2014 of the defective drywall in her home. Pursuant to the Mississippi Code, Powell's cause of action would first accrue when Defendants-Appellees' alleged fraud was, "or with reasonable diligence might have been, first known or discovered." § 15-1-67. According to her own deposition testimony, Powell first knew or discovered the presence of defective Chinese drywall in her home in 2014, which is when her cause of action first accrued. Therefore, the district court did not err in denying an equitable tolling of the statute of limitations on Powell's claim.[1]

---

[1] Powell also attempts to raise an argument about Defendants-Appellees' alleged failure to report the sale of their drywall to the Consumer Product Safety Commission ("CPSC") and failure to recall their product pursuant to the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* ("CPSA"). However, Powell raises this argument for the first time on appeal. This Court has made

Accordingly, we AFFIRM the district court.

---

clear that a "[f]ailure to raise an argument before the district court waives that argument." *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 747 (5th Cir. 2011). Therefore, we do not consider this argument on appeal.