UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>Case Nos. 14-cv-2722; 20-cv-3267; 20-cv-3268; 20-cv-3269; 20-cv-3261; 20-cv-3263; 20-cv-3264; 20-cv-3256; 20-cv-3258; 20-cv-3259; 20-cv-3265 | JUDGE ELDON FALLON<br><br>MAGISTRATE MICHAEL B. NORTH |

**MEMORANDUM IN SUPPORT OF
OMNIBUS MOTION TO STRIKE SUPPLEMENTAL CLAIMS
IN AMENDED COMPLAINTS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Strike Supplemental Claims in Amended Complaints[1] filed by Plaintiffs recently severed from the Bennett action: Bholanath & Prabha Dhume, Nathan Junius, Scott & Kim Armstrong, Bonnie & Carl Cordier, Melinda Milam & Clayton Latimer, Carole Bonney, Cathey & Tommy Gueydan, Funches O. & Sharese Matthews Dixon, Jawad & Fatme Gharib, and Jacques & Sarah Brousseau.[2] The amended complaints filed by these Plaintiffs add supplemental

---

[1] Amended Complaints are R. Doc. 1 in the following case nos.: 20-cv-3267; 20-cv-3268; 20-cv-3269; 20-cv-3261; 20-cv-3263; 20-cv-3264; 20-cv-3256; 20-cv-3258; 20-cv-3259; 20-cv-3265.

[2] Order severing claims (R. Doc. 22980).

1

pleadings[3] and represent an attempt to add untimely, new allegations, which were previously denied by this Court and will only serve to slow these proceedings down further.

Following a decade of MDL discovery and four years of pending Bennett claims, this Court denied Plaintiffs' previous request to amend to add new allegations and claims in a proposed sixth amended complaint.[4] Recently, the Court allowed the above-referenced claims to be severed for the sole purpose of proceeding in Louisiana separate from the remaining Bennett claimants. Instead, Plaintiffs now attempt again to add untimely supplemental allegations *after* this Court previously denied leave to add those same claims, and after the close of discovery. As this Court previously determined, this will only serve to cause delay and undue prejudice on the defendants and this Court. For those reasons, and as more fully set forth below, the Court must strike the supplemental claims in the amended complaints.

I.   BACKGROUND

The Bennett matter was a purported class action filed on November 13, 2014 by Elizabeth Bennett in the Northern District of Alabama.[5] Ms. Bennett raised claims on her own behalf and on the behalf of a nationwide class of similarly situated homeowners who allegedly suffered damages due to the presence of defective Chinese drywall in their homes. The Plaintiffs raised claims against the Knauf Entities for (1) negligence, (2) negligence per se, (3) strict liability, (4) breach of express and/or implied warranty, (5) redhibition, (6) violations of the Louisiana Products

---

[3] See paragraphs 24 – 27 in each amended and severed complaint. Compare with R. Doc. 21334 (Operative Fifth Amended Complaint).

[4] R. Doc. 21991 (Order and Reasons denying Plaintiffs' Motion for Leave to File Sixth Amended Complaint adding claims for (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) fraudulent concealment, and (4) fraud).

[5] On January 22, 2020, the Court granted Defendant's Motion to Deny Class Certification, finding that the predominance requirement of Rule 23(b)(3) was not satisfied. R. Docs. 22524, 22528. Specifically, the Court noted that the variety in the individual claims, which included personal injury and property damage claims, theories of liability, applicable state laws and defenses, and different damage calculations precluded the finding of predominance necessary to warrant class certification.

Liability Act, (7) private nuisance, (8) negligent discharge of a corrosive substance, (9) unjust enrichment, (10) violations of consumer protection laws, and (11) equitable and injunctive relief and medical monitoring with respect to the manufacture of allegedly defective Chinese drywall. In January 2015, the Judicial Panel on Multidistrict Litigation transferred the case to the Eastern District of Louisiana and consolidated it with the *In re Chinese Manufactured Drywall Liability Litigation*, MLD 09-2047, currently pending before this Court.

The Bennett complaint was amended several times with the Fifth Amended Complaint being the operative complaint. R. Doc. 21334. Plaintiffs sought to amend the complaint a sixth time to add claims and allegations for (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) fraudulent concealment, and (4) fraud.

On December 19, 2018, the Court denied Plaintiffs' request to amend their complaint a sixth time to add the new allegations and claims. R. Doc. 21991. The Court acknowledged that the new allegations came more than four years after Plaintiffs initially filed suit and recognized that the parties had already issued, completed, and reviewed plaintiff profile forms and supplemental profile forms, neither of which contemplated or included consideration of discovery, proceedings, dispositive motions or trials based on these new proposed allegations and causes of action. Therefore, based on the Court's particularly broad discretion to manage its docket and the undue prejudice on the Knauf Defendants, the Court denied Plaintiffs' motion for leave to add new claims in the sixth amended complaint.[6] R. Doc. 21991 (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149,

---

[6] As this Court is aware, several dispositive motions were filed and Plaintiffs have continuously sought to oppose based on new claims not included in the operative Fifth Amended Complaint, like post-sale duty to warn and CPSC duties. As set forth by the Knauf Defendants in their various replies supporting summary judgment, and here, Plaintiffs were denied leave to assert these claims and have not asserted or alleged these claims in an operative complaint. *See, e.g.* R. Doc. 22599 at p. 5 (Reply in Support of MSJ regarding post-sale duty to warn); R. Doc. 22844 at p. 4 (Reply in Support of MSJ regarding CPSC claims).

3

1160 (9th Cir. 1989); *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012).

At the end of discovery, the Court dismissed all non-redhibition and non-LPLA claims of Louisiana claimants. R. Doc. 22925. Then, the Court concluded that the remaining Louisiana claims could be severed in the interests of convenience and judicial economy and proceed to final disposition with this Court, or in the case of Brousseau, in the Middle District of Louisiana. Therefore, the Court allowed the claims to be severed and directed Plaintiffs to file separate complaints to obtain separate case numbers within MDL-2047 so that they may proceed separately from the non-Louisiana Bennett claims. R. Doc. 22980. Instead of filing separate complaints consistent with the operative Fifth Amended Complaint and the Court's prior rulings, Plaintiffs filed complaints with supplementing pleadings attempting to add allegations regarding failure to test drywall, failure to report to the CPSC, and failure to provide a post-sale warning.[7] As previously denied by this Court and briefed by the Knauf Defendants throughout summary judgment proceedings, these allegations are untimely and supplemental of the Fifth Amended Complaint and must be stricken.

**II.    LAW & ARGUMENT**

Preliminarily, it must be noted that the supplemental pleadings were filed without leave of Court. Unless the requirements of Fed. R. Civ. Proc. 15(a)(1) are met, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Knauf Defendants did not provide consent to add any new allegations and object to the inclusion of these untimely, baseless allegations. Furthermore, as set forth above, the Court's directive to filed amended

---

[7] See paragraphs 24 – 27 in each amended and severed complaint. Compare with R. Doc. 21334 (Operative Fifth Amended Complaint).

complaints was for the sole purpose of severing the claims from the remaining, non-Louisiana Bennett claims.

Leave to amend a complaint is governed by Rule 15(a)(2). Decisions concerning amendments of pleadings are "entrusted to the sound discretion of the district court...." *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). District courts "have discretion to manage their docket." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). The trial court's discretion to deny leave to amend is "particularly broad" where, as here, a plaintiff has previously amended the complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). As outlined by the Supreme Court, this Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Although Rule 15(a) does not impose a time limit "for permissive amendment, 'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir.1992) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). There is undue and considerable delay and expense on the parties and the Court when new claims would require parties to reopen discovery and prepare additional theories and defenses of the case. *See Smith v. EMC Corp*. 393 F.3d 590, 595 (5th Cir. 2004); *see also Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 427 (5th Cir. 2004)

Moreover, in instances where a plaintiff seeks to amend a claim after the discovery deadline has passed, a "defendant suffers prejudice when an amended pleading adds a claim that would

5

require the defendant to reopen discovery and prepare a defense for a claim that was not originally asserted." *Smith*, 393 F.3d at 596 (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).  Indeed, leave to amend to add new claims may be denied when defendants would be unduly prejudiced by the amendment and because it is "the most expeditious way to dispose of the merits of the litigation."  R. Doc. 21991 (quoting *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012)). Additionally, it is more so appropriate to deny leave to amend to add new claims after the close of discovery. *See Smith*, 393 F.3d at 596 (affirming district court's denial of motion for leave to add new claims after the close of discovery on basis of undue delay and undue prejudice); *see also Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9245462, at *2 (E.D. Tex. Dec. 14, 2016), *aff'd*, 708 F. App'x 158 (5th Cir. 2017) (striking new claims in amended complaint after the close of discovery and outside scope of leave to amend granted by district court); *see also Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. CV 17-0491, 2019 WL 2233727, at *4 (E.D. La. May 23, 2019) (denying motion for leave to amend claims to add new claims after deadline for amendment of pleadings and after the close of discovery).

      Here, law of the case and res judicata doctrines should apply in the instant matter based on the Court's prior orders denying Plaintiffs' request to add new allegations in the sixth amended complaint.  R. Doc. 21991.  This Court should maintain consistency with its reasoning in the prior ruling denying leave to add new claims under the law of the case doctrine.  *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012). Furthermore, the four elements of res judicata should apply: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was

involved in both actions. See *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Here, this Court has already conclusively denied leave to add claims, based on the same issues, and between the same parties.

Furthermore, even if reconsidered, Plaintiffs have not obtained consent and the Knauf Defendants object to any supplement to the amended complaints other than the limited relief provided by this Court to submit a separate complaint consistent with the operative Bennett Complaint (Fifth Amended Complaint – R. Doc. 21334) to allow the claims to proceed. Nowhere in the requested relief in the order of severance, or in this Court's prior rulings did it allow Plaintiffs to add new allegations after this Court previously denied the exact same requested relief over a year earlier.

Under Fifth Circuit law and the sound discretion of this Court, these new claims cannot be allowed and should be stricken as they would only serve to create undue delay and costs on the parties and undue prejudice on the Knauf Defendants. *See Smith*, 393 F.3d at 596 (affirming district court's denial of motion for leave to add new claims after the close of discovery on basis of undue delay and undue prejudice); *see also Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9245462, at *2 (E.D. Tex. Dec. 14, 2016), *aff'd*, 708 F. App'x 158 (5th Cir. 2017) (striking new claims in amended complaint after the close of discovery and outside scope of leave to amend granted by district court); *see also Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. CV 17-0491, 2019 WL 2233727, at *4 (E.D. La. May 23, 2019) (denying motion for leave to amend claims to add new claims after deadline for amendment of pleadings and after the close of discovery). Therefore, for these reasons, the motion to strike should be granted and Plaintiffs' supplemental allegations inconsistent with the Fifth Amended Complaint must be stricken,

including allegations regarding failure to test drywall, failure to report to the CPSC, and failure to provide a post-sale warning.[8]

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
PAUL C. THIBODEAUX (#29446)
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:  504.556.5549
Facsimile:  504.310.0275
Email:  kmiller@fishmanhaygood.com
Email:  ddysart@fishmanhaygood.com

**Counsel for the Defendants,
Knauf Gips KG and
Knauf Plasterboard (Tianjin) Co., Ltd.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 8th day of December, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**

---

[8] See paragraphs 24 – 27 in each amended and severed complaint. Compare with R. Doc. 21334 (Operative Fifth Amended Complaint).