# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Knauf Gips, KG, et al.*<br>2:14-cv-02722-EEF-MBN | JUDGE ELDON FALLON<br><br>MAG. JUDGE NORTH |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND TIME TO SUBSTITUTE PARTIES

Plaintiff Cesar Augusto Jaramillo passed away during the pendency of this action. A suggestion of death (Doc. 22933) was previously filed per Fed.R.Civ.P. 25 with this Court on August 7, 2020, within days of learning of Mr. Jaramillo's passing. The children of Mr. Jaramillo subsequently opened an estate in the Circuit Court of Palm Beach County, Florida, Probate Division, and followed the court's process for appointment of an estate representative.

The Probate Court in Palm Beach County, Florida, has today issued an Order appointing Maritza Pineda Jaramillo as the estate representative and also issued Letters of Administration. Those documents will be provided as exhibits in support of a motion to substitute her as the proper party in this action. Appointment of Ms. Martitza Pineda Jaramillo would fully comport with both the federal rules and Florida law.

The process to have Mrs. Jaramillo appointed by the Florida probate court took longer than the 90 days contemplated in Rule 25, but the rules of civil procedure also provide this court with the discretion to extend the deadline for a reasonable period. "Federal Rule of Civil

Procedure 25 states that a motion for substitution must be made within ninety days after service of a statement noting the death. Fed.R.Civ.P. 25(a)(1). However, courts have the discretion to extend the ninety-day deadline for substitution for good cause." *Cook v. Polk County School Board*, 8:17-cv-2391-T-23AAS at 1 (M.D. Fla. Mar. 22, 2018), *citing Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1011 (11th Cir. 2017). Plaintiffs posit that the minimal additional time being requested here, based on the probate court's process, is reasonable and for good cause.

Plaintiffs previously requested (Doc. 22962) and were granted an extension to December 2, 2020. As mentioned, Fed.R.Civ.P. 6 provides this court with the discretion to extend the 90 day period. "Rule 6(b) permits the court to extend the Rule 25 ninety-day period for good cause **<u>with or without motion</u>**. Fed.R.Civ.P. 6(b)(1)(A)." *Broady v. Chatman*, 5:15-CV-303 (LJA-CHW), ROSS 11940625 at *1 (M.D. Ga. Jan. 11, 2018) (emphasis added); *citing Lizarazo*, 2017 WL 6629153, at *4.

A motion to substitute will be filed concurrently with this motion - today. Plaintiffs have no need for additional time beyond this minimal extension with regard to the issue of the proper party to be substituted for Mr. Jaramillo. Therefore, for the reasons cited herein, Plaintiffs request an order from this honorable court for an additional seven (7) day extension of time, expiring today, to move for Maritza Pineda Jaramillo on behalf of the Estate of Cesar Augusto Jaramillo as the proper party moving forward in this action, expiring today, December 9, 2020.

Respectfully submitted:

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*