UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| Barbara Ann Alfonso; Bessie Barnett; Kerry Barre; Gwendolyn Kerr Bierria; Joseph Bourlet; Gregory Cross; Stephanie Fortenberry; Greater NOLA Homes, LLC; Howard Jones; and, Terrence Ross and Rhonda Ross,<br>**Plaintiffs**,<br>v.<br>Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and administration Commission of the State Council,<br>**Defendants**. | Case No. 2:15-CV-04127-EEF-JCW |

## TAISHAN'S ANSWER TO AMENDED COMPLAINT

Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan"), through its attorneys, hereby answers Plaintiffs' Amended Complaint (Rec. Doc. 23021) in the above-caption action.

### JURISDICTION, VENUE, AND PARTIES[1]

1. The allegations of Paragraph 1 assert legal conclusions for which no response is required from Taishan. To the extent that a response is required, Taishan admits that jurisdiction over Taishan in Louisiana has been established by court order in this MDL, but that Taishan lacks

---

[1] The headers herein are taken from the Amended Complaint but are not adopted by Taishan.

1

information or knowledge sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 1.

2. The allegations of Paragraph 2 assert legal conclusions for which no response is required from Taishan. Taishan admits that jurisdiction over Taishan in Louisiana has been established by court order in this MDL but denies that Taishan is subject to the Louisiana Long-Arm Statute for "tortious conduct."

3. The allegations of Paragraph 3 assert legal conclusions for which no response is required from Taishan. To the extent that a response is required, Taishan admits that venue is proper in this jurisdiction and that all Defendants are foreign business entities with no principal places of business or corporate headquarters located within Louisiana, but that Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 3.

4. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 4.

5. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 5.

6. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 6.

7. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 7.

8. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 8.

9. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 9.

10. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 10.

11. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 11.

12. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 12.

13. Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 13.

14. Taishan denies the allegations of Paragraph 14, except to admit that Taishan is a foreign manufacturer of gypsum drywall.

15. Taishan denies the allegations of Paragraph 15, except to admit that TTP is a foreign manufacturer of gypsum drywall.

16. Taishan admits the allegations contained in Paragraph 16.

17. The allegations of Paragraph 17 are not directed at Taishan, and therefore require no response. To the extent an answer is required, Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 17.

18. The allegations of Paragraph 18 are not directed at Taishan, and therefore require no response. To the extent an answer is required, Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 18.

19. The allegations of Paragraph 19 are not directed at Taishan, and therefore require no response. To the extent an answer is required, Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 19.

20. The allegations of Paragraph 20 are not directed at Taishan, and therefore require no response. To the extent an answer is required, Taishan lacks information or knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 20.

21. The allegations of Paragraph 21 do not require a response from Taishan. To the extent that a response is required, the allegations contained in Paragraph 21 are denied.

## FACTS REGARDING THE DEFENDANTS

22. To the extent the allegations of Paragraph 22 are not directed to Taishan, no response is required. To the extent that the allegations of Paragraph 22 are directed to Taishan, Taishan lacks sufficient information or knowledge to form a belief regarding the truth of the allegations of this paragraph of the Complaint.

23. To the extent the allegations of Paragraph 23 are not directed to Taishan or assert legal conclusions, no response is required. To the extent that the allegations of Paragraph 23 are directed to Taishan, Taishan denies the allegations contained in Paragraph 23.

24. Taishan denies the allegations in Paragraph 24, except that Taishan admits that Jia Tongchun is Taishan's Chairman and a member of BNBM's board and that Peng Shiliang is TTP's Chairman.

25. To the extent the allegations of Paragraph 25 are not directed to Taishan, no response is required. To the extent that the allegations of Paragraph 25 are directed to Taishan, Taishan denies the allegations of Paragraph 25, except that Taishan admits that a contempt order was entered against Taishan on July 17, 2014.

26. Taishan admits that Judge Fallon issued this order on April 21, 2017. Taishan denies the remaining allegations contained in Paragraph 26.

27. Taishan admits that CNBM's public announcement was made on October 13, 2015. Taishan denies that BNBM's acquisition of Taishan's shares occurred on October 27, 2016.

28. Taishan denies the allegations contained in Paragraph 28.

## FACTS REGARDING DEFECTIVE DRYWALL

29. To the extent that the allegations of Paragraph 29 are not directed to Taishan, no response is required. To the extent that the allegations of Paragraph 29 are directed to Taishan, the allegations are admitted.

30. Taishan denies the allegations contained in Paragraph 30.

31. Taishan denies the allegations contained in Paragraph 31.

32. Taishan denies the allegations contained in Paragraph 32.

33. Taishan denies the allegations contained in Paragraph 33.

34. Taishan denies the allegations contained in Paragraph 34.

35. Taishan denies the allegations contained in Paragraph 35.

36. Taishan denies the allegations contained in Paragraph 36.

37. Taishan denies the allegations contained in Paragraph 37.

38. Taishan denies the allegations contained in Paragraph 38.

39. Taishan denies the allegations contained in Paragraph 39.

40. Taishan denies the allegations contained in Paragraph 40.

41. Taishan denies the allegations contained in Paragraph 41.

42. Taishan denies the allegations contained in Paragraph 40.

43. Taishan denies the allegations contained in Paragraph 43.

44. Taishan denies the allegations contained in Paragraph 44.

## COUNT I
### REDHIBITION

45. Taishan adopts and restates its responses to the preceding paragraphs as if fully set forth herein.

46. Taishan denies the allegations contained in Paragraph 46.

47. Taishan denies the allegations contained in Paragraph 47.

48. Taishan denies the allegations contained in Paragraph 48.

49. Taishan denies the allegations contained in Paragraph 49.

50. Taishan denies the allegations contained in Paragraph 50.

51. Taishan denies the allegations contained in Paragraph 51.

52. Taishan denies the allegations contained in Paragraph 52.

53. Taishan denies the allegations contained in Paragraph 53.

## COUNT II
### LOUISIANA PRODUCTS LIABILITY ACT

54. Taishan adopts and restates its responses to the preceding paragraphs as if fully set forth herein.

55. Taishan denies the allegations contained in Paragraph 55.

57. Taishan denies the allegations contained in Paragraph 57.

58. Taishan denies the allegations contained in Paragraph 58.

59. Taishan denies the allegations contained in Paragraph 59.

60. Taishan denies the allegations contained in Paragraph 60.

61. Taishan denies the allegations contained in Paragraph 61.

62. Taishan denies the allegations contained in Paragraph 62.

63. Taishan denies the allegations contained in Paragraph 63.

64. Taishan denies the allegations contained in Paragraph 64.

65. Taishan denies the allegations contained in Paragraph 65.

Taishan denies all allegations of the Amended Complaint that they have not expressly admitted above.

## PRAYER FOR RELIEF

Taishan denies that Plaintiffs are entitled to any of the relief requested in the Amended Complaint.

## TAISHAN'S AFFIRMATIVE AND OTHER DEFENSES

Taishan asserts the following affirmative and other defenses, undertaking the burden of proof only as to those defenses that are deemed by law to be affirmative defenses. Taishan has not knowingly and intentionally waived any applicable defenses. Nothing herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations. Taishan reserves the right to amend or supplement these defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on its failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

No act or omission by Taishan, or any product for which Taishan might be liable, was the proximate cause of any injury or damages allegedly suffered by Plaintiffs.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, based on its failure to mitigate any alleged damages.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations and/or repose.

**SIXTH DEFENSE**

Taishan pleads the failure to join necessary and indispensable parties, and the intervening negligence and intervening causation of entities not parties to this action, as partial or complete bars to all claims asserted by Plaintiffs.

**SEVENTH DEFENSE**

Taishan states that its products, and any methods of production or testing, conformed to the generally recognized and prevailing industry standards and the state of the art in existence at the time such products were produced, distributed, and sold.

**EIGHTH DEFENSE**

Taishan is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiff with any other person or entity for any of Plaintiffs' alleged damages.

**NINTH DEFENSE**

Taishan pleads that to the extent it is liable to Plaintiffs, which Taishan explicitly denies, Taishan is entitled to indemnification and/or contribution from other parties.

**TENTH DEFENSE**

Plaintiffs' claims may be barred by the doctrine of contributory negligence.

...
...

**ELEVENTH DEFENSE**

Plaintiffs' claims may be barred by the subsequent purchaser doctrine.

**TWELFTH DEFENSE**

The doctrine of judicial estoppel precludes Plaintiffs from taking a position in this case that is inconsistent with a position Plaintiffs have taken in other litigation with respect to the same allegations.

**THIRTEENTH DEFENSE**

Plaintiffs' claims may be barred by collateral estoppel and res judicata.

**FOURTEENTH DEFENSE**

Plaintiffs may lack the authority and/or standing to sue Taishan.

**FIFTEENTH DEFENSE**

Plaintiffs' claims may be barred by the doctrine of mootness.

**SIXTEENTH DEFENSE**

Plaintiffs' claims may be subject to a prior settlement and bar order.

WHEREFORE, Taishan denies that it is liable to Plaintiff for any damages, costs, or other relief demanded in Plaintiffs' Amended Complaint and respectfully requests that the Court:

(a) dismiss all claims against Taishan with prejudice;

(b) award Taishan its costs and attorneys' fees; and

(c) grant such further relief as the Court deems equitable and proper.

Dated:  December 10, 2020                    Respectfully Submitted,

*/s Michael P. Kenny*
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.

9

Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of December, 2020.

   /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*