## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** ——————————————————— | **MDL NO. 2047**<br><br>**SECTION: L** |
| **THIS DOCUMENT RELATES TO THE FOLLOWING ACTION ORIGINALLY STYLED:** | |
| ***Stephen and Diane Brooke, individually, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al., 2:15-cv-004127-EEF*** ——————————————————— | **JUDGE ELDON FALLON**<br><br>**MAG. JUDGE NORTH** |

**THROUGH THE AMENDED COMPLAINT, THE FOLLOWING PARTIES REMAIN IN THIS ACTION:**

**Barbara Ann Alfonso; Bessie Barnett; Kerry Barre; Gwendolyn Kerr Bierria; Joseph Bourlet; Gregory Cross; Stephanie Fortenberry; Greater NOLA Homes, LLC; Howard Jones; and, Terrance Ross and Rhonda Ross,**

**Plaintiffs,**

**v.**

**Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Materials Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and administration Commission of the State Council,**

**Defendants**

———————————————————

## DEFENDANTS CHINA NATIONAL BUILDING MATERIALS COMPANY LTD.'S, BEIJING NEW BUILDING MATERIALS GROUP COMPANY LIMITED'S, BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S <u>ANSWER TO PLAINTIFFS' AMENDED COMPLAINT</u>

Defendants China National Building Materials Company, Limited ("CNBM"), Beijing

New Building Materials (Group) Company, Limited ("BNBM Group"), and Beijing New Building

1

Materials Public Limited Company ("BNMB PLC") (collectively "Defendants") submit this response to Plaintiffs' Amended Complaint (MDL Dkt. No. 23021).

## AMENDED COMPLAINT

Defendants deny the factual allegations and legal conclusions in the introductory paragraphs on page 1 of Plaintiffs' Amended Complaint.  Defendants deny that Plaintiffs' claims are appropriate for permissive joinder.

## JURISDICTION, VENUE, AND PARTIES

1.  Defendants lack knowledge with regard to Plaintiffs' residential status or citizenship, and therefore deny those allegations.  Defendants acknowledge that Plaintiffs purport to claim damages in excess of $75,000.00.

2.  Defendants deny they are subject to supplemental jurisdiction and deny they are subject to Louisiana's long-arm statute.

3.   Defendants deny the factual allegations in paragraph 3 for lack of knowledge as to Plaintiffs, admit Defendants are foreign businesses with no principal place of business or corporate headquarters located within Louisiana, and admit that venue is proper in this Court.

4.   Defendants lack knowledge as to Plaintiff's residential or ownership status, and therefore deny the allegations in paragraph 4.

5.   Defendants lack knowledge as to Plaintiff's residential or ownership status, and therefore deny the allegations in paragraph 5.

6.   Defendants lack knowledge as to Plaintiff's residential or ownership status, and therefore deny the allegations in paragraph 6.

7.   Defendants lack knowledge as to Plaintiff's residential or ownership status, and therefore deny the allegations in paragraph 7.

8. Defendants lack knowledge as to Plaintiff's residential or ownership status, and therefore deny the allegations in paragraph 8.

9. Defendants lack knowledge as to Plaintiff's residential or ownership status, and therefore deny the allegations in paragraph 9.

10. Defendants lack knowledge as to Plaintiff's residential or ownership status, and therefore deny the allegations in paragraph 10.

11. Defendants lack knowledge as to Plaintiff's place of incorporation and/or organization, as well as Plaintiff's ownership status, and therefore deny the allegations in paragraph 11.

12. Defendants lack knowledge as to Plaintiff's residential or ownership status, and therefore deny the allegations in paragraph 12.

13. Defendants lack knowledge as to Plaintiffs' residential or ownership status, and therefore deny the allegations in paragraph 13.

14. Defendants lack knowledge as to other defendants and information sufficient to form a belief as to the truth of the allegations pertaining to them in paragraph 14. On that basis, Defendants deny the allegations in paragraph 14 and otherwise deny the same.

15. Defendants lack knowledge as to other defendants and information sufficient to form a belief as to the truth of the allegations pertaining to them in paragraph 15. On that basis, Defendants deny the allegations in paragraph 15 and otherwise deny the same.

16. Defendants lack knowledge as to other defendants and information sufficient to form a belief as to the truth of the allegations pertaining to them in paragraph 16. On that basis, Defendants deny the allegations in paragraph 16 and otherwise deny the same. The second sentence of paragraph 16 states a conclusion to which no response is required.

17. BNBM PLC is a Chinese company located in Beijing. Between 2005 and 2007, BNBM PLC engaged in a limited number of transactions with seven U.S. customers, with the

drywall being shipped to Florida and California.  Defendants deny the remaining allegations in paragraph 17.

18.  BNBM Group is a Chinese company located in Beijing.  Defendants deny the remaining allegations in paragraph 18.

19.  CNBM is a Chinese company located in Beijing.  CNBM does not manufacture, market, sell, or distribute products of any kind.  Defendants deny the remaining allegations in paragraph 19.

20.  Defendants lack knowledge as to other defendants and information sufficient to form a belief as to the truth of the allegations pertaining to them in paragraph 20.  On that basis, Defendants deny the allegations in paragraph 20 and otherwise deny the same.

21.  The allegations of paragraph 21 are a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 21.

## FACTS REGARDING THE DEFENDANTS

22.  Defendants lack knowledge as to other defendants and information sufficient to form a belief as to the truth of the allegations pertaining to them in paragraph 22.  On that basis, Defendants deny the allegations in paragraph 22.  Defendants otherwise deny the same.

23.  Defendants admit that BNBM owned 65 percent of Taishan's shares during the 2005-2007 time period.  Defendants lack knowledge as to other defendants and information sufficient to form a belief as to the truth of the allegations pertaining to them in paragraph 23.  On that basis, Defendants deny the allegations in paragraph 23.  Defendants otherwise deny the same.

24.  Defendants admit that Mr. Tongchun Jia is one of BNBM PLC's board members.  The allegations in paragraph 24 are a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in paragraph 24.

4

25.   Defendants admit that certain lawyers and law firms have represented more than one defendant in the Chinese Drywall litigation.  Defendants lack knowledge as to other defendants and information sufficient to form a belief as to the truth of the allegations pertaining to them in paragraph 25.  On that basis, Defendants deny the allegations in paragraph 25 regarding other defendants.  Defendants otherwise deny the allegations in paragraph 25.

26.   Defendants admit that CNBM Group was previously dismissed from the Chinese Drywall MDL.  *See* MDL Dkt. No. 20150.  Defendants further admit that BNBM PLC is the "controlling shareholder" of Taishan, as that term is defined under applicable Chinese securities regulations.  Defendants further admit that BNBM PLC provided loan guarantees to Taishan. Defendants further admit that certain individuals held management and/or leadership positions at both BNBM and Taishan.  Defendants deny that the order of April 21, 2017 made correct findings. To the extent the allegations of paragraph 26 seek to paraphrase or characterize the contents of the MDL Court's Order and Reasons of April 21, 2017 (MDL Dkt. No. 20739), the Order speaks for itself and Defendants deny the allegations to the extent that they are inconsistent with the document.  The MDL Court's Order and Reasons of April 21, 2017 addressed relationships between defendants for purposes of jurisdiction, rather than liability.  Defendants deny the remaining allegations in paragraph 26.

27.  Defendants admit that, in 2016, BNBM PLC acquired the remaining shares in Taishan, and now holds 100 percent of Taishan's shares.  Defendants deny the remaining allegations in paragraph 27.

28.  Defendants lack knowledge as to other defendants and information sufficient to form a belief as to the truth of the allegations pertaining to them in paragraph 28.  On that basis, Defendants deny the allegations in paragraph 28.  Defendants otherwise deny the same.

5

## FACTS REGARDING DEFECTIVE DRYWALL

29.  Defendants admit the allegations in paragraph 29 as to BNBM PLC's drywall.

30.  The allegations of paragraph 30 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 30 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

31.  The allegations of paragraph 31 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 31 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

32.  The allegations of paragraph 32 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 32 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

33.  The allegations of paragraph 33 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 33 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

34.  The allegations of paragraph 34 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations

in paragraph 34 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

35.    The allegations of paragraph 35 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 35 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

36.    The allegations of paragraph 36 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 36 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

37.    The allegations of paragraph 37 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 37 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

38.    The allegations of paragraph 38 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 38 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

39.   The allegations of paragraph 39 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 39 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

40.   The allegations of paragraph 40 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 40 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

41.   The allegations of paragraph 41 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 41 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

42.   The allegations of paragraph 42 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 42 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

43.   The allegations of paragraph 43 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 43 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's

drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

44.   The allegations of paragraph 44 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 44 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

**COUNT I**
**REDHIBITION**

45.   Defendants adopt and restate their responses to the preceding paragraphs as if fully set forth herein.

46.   The allegations of paragraph 46 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 46 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

47.   The allegations of paragraph 47 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 47 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

48.   The allegations of paragraph 48 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 48 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's

drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

49.   The allegations of paragraph 49 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 49 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

50.   The allegations of paragraph 50 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 50 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

51.   The allegations of paragraph 51 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 51 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

52.   The allegations of paragraph 52 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 52 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

53.   The allegations of paragraph 53 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations

in paragraph 53 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

**COUNT II**
**LOUISIANA PRODUCTS LIABILITY ACT**

54.  Defendants adopt and restate their responses to the preceding paragraphs as if fully set forth herein.

55.  The allegations of paragraph 55 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 55.

56.  The allegations of paragraph 56 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 56 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

57.  The allegations of paragraph 57 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 57 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

58.  The allegations of paragraph 58 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 58 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's

drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

59.   The allegations of paragraph 59 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 59 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

60.   The allegations of paragraph 60 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 60 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

61.   The allegations of paragraph 61 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 61 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

62.   The allegations of paragraph 62 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 62 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

63.   The allegations of paragraph 63 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations

in paragraph 63 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

64.   The allegations of paragraph 64 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 64 as they relate to BNBM PLC's drywall (including any allegation BNBM PLC's drywall was defective) and as they relate to Defendants' conduct, and deny the allegations for lack of knowledge as they relate to any other defendant or other drywall.

65.   The allegations of paragraph 65 state legal conclusions to which no response is required.  To the extent a response is nonetheless deemed required, Defendants deny the allegations in paragraph 65.

Defendants deny all allegations of the Amended Complaint that they have not expressly admitted above.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs are entitled to any relief, including the relief requested in their Prayer for Relief, and aver that judgment should be entered in Defendants' favor, together with such additional and further relief as the court deems proper.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to Plaintiffs' Amended Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' failure to properly mitigate their damages bars or reduces, in whole or in part, damages which otherwise may be awarded to Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

This action is barred by Plaintiffs' failure to join indispensable parties.

## THIRD AFFIRMATIVE DEFENSE

This action is barred by Plaintiffs' voluntary assumption of the risk for failure to inspect the drywall at issue upon delivery.

## FOURTH AFFIRMATIVE DEFENSE

Defendants plead all defenses and affirmative defenses as may be sustained by the evidence, including but not limited to (1) any drywall manufactured or sold by BNBM PLC was not defective or substandard at the time it left the control of BNBM PLC; (2) the drywall manufactured or sold by BNBM PLC was not unreasonably dangerous in any way; (3) the drywall manufactured or sold by BNBM PLC was not unfit for its intended purpose or use; (4) the drywall manufactured or sold by BNBM PLC was placed in an unreasonable and/or unanticipated use by Plaintiffs or third-parties; (5) the drywall manufactured or sold by BNBM PLC was sold to a sophisticated user and/or purchaser of the product; and (6) no additional warnings were feasible or required.

## FIFTH AFFIRMATIVE DEFENSE

This action is barred by Plaintiffs' failure to properly give notice of any breach of contract for sale of the allegedly defective drywall and therefore any warranty claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred by the economic loss doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred by Plaintiffs' alteration, modification, misuse, and/or failure to follow warnings and instructions regarding use of the product at issue.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred by Plaintiffs' failure to exercise due care pursuant to the principles of comparative and/or contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the subsequent purchaser doctrine.

## TENTH AFFIRMATIVE DEFENSE

This action is barred due to the lack of privity between Plaintiffs and Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is barred as to certain Plaintiffs due to applicable statutes of limitation.

## TWELFTH AFFIRMATIVE DEFENSE

This action is barred as to certain Plaintiffs due to the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

The action is barred in whole or in part as to certain Plaintiffs due to their lack of standing.

## FOURTEENTH AFFIRMATIVE DEFENSE

The action is barred as to certain plaintiffs by the provisions of the MDL class action settlement.

## FIFTEENTH AFFIRMATIVE DEFENSE

The action is barred in whole or in part as to claims asserted against or based upon the conduct of certain defendants pursuant to the Foreign Sovereign Immunities Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of certain Plaintiffs are barred by the doctrines of collateral estoppel and res judicata.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants adopt by reference and incorporates all affirmative defenses asserted by the other defendants for whose conduct or omissions the Plaintiffs seek to hold Defendants liable.

## ADDITIONAL DEFENSES RESERVED

Defendants reserve their rights to amend their Answer to assert additional affirmative defenses as the claims of Plaintiffs become more fully disclosed during the course of discovery and the litigation.

Defendants respectfully request that the Court dismiss this action, with prejudice, award Defendants their costs and attorney's fees, and grant Defendants such further relief as the Court deems equitable and proper.

Respectfully submitted,

*/s/ L. Christopher Vejnoska*

L. Christopher Vejnoska (CA Bar No. 96082)
Andrew K. Davidson (CA Bar No. 266506)
Daniel S. Guerra (CA Bar No. 267559)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA  94105
T:  415-773-5700
Email:  cvejnoska@orrick.com
        adavidson@orrick.com
        dguerra@orrick.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
Marc R. Shapiro (NY Bar No. 4403606)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
T:  212-506-5000
Email:  jstengel@orrick.com
        xiangwang@orrick.com
        mrshapiro@orrick.com

*/s/ Alex Rothenberg*

Diana Szego Fassbender (D.C. Bar No. 996625)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
T:  202-339-8400
Email:  dszego@orrick.com

*Attorneys for the CNBM and BNBM Entities*

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MONTGOMERY,
BARNETT, MCCOLLAM, DUPLANTIS &
EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
T: (504) 582-1111
Email: eeagan@gamb.com
        arothenberg@gamb.com

*Attorneys for CNBM Company, Ltd.*

Harry Rosenberg (LA Bar No. 11465)
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
T: (504) 584-9219
Email: harry.rosenberg@phelps.com

*Attorneys for BNBM (Group) Co. Ltd. and BNBM PLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of December, 2020.

/s/ *Alex Rothenberg*
Alex Rothenberg