UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MINDY MILAM and CLAYTON LATIMER,**<br><br>Plaintiffs,<br><br>v.<br><br>**KNAUF GIPS KG; and KNAUF PLASTERBOARD TIANJIN CO., LTD.** | MDL 2047 IN RE: CHINESE MANUFACTURER DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>CIVIL ACTION NO. 2:20-cv-3267<br><br>JUDGE ELDON FALLON<br><br>MAGISTRATE MICHAEL B. NORTH |

## ANSWER TO AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), who answer the Amended Complaint of Mindy Milan and Clayton Latimer (the "Plaintiffs") as follows:

1.

The allegations of the opening Paragraph of the Amended Complaint are denied.

### JURISDICTION, PARTIES, AND VENUE

2.

The allegations of Paragraph 1 of the Amended Complaint are denied.

3.

The allegations of Paragraph 2 of the Amended Complaint are denied.

4.

The allegations of Paragraph 3 of the Amended Complaint are denied.

5.

1

The allegations of Paragraph 4 of the Amended Complaint are denied.

6.

The allegations of Paragraph 5 of the Amended Complaint are denied.

7.

The allegations of Paragraph 6 of the Amended Complaint are denied.

8.

The allegations of Paragraph 7 of the Amended Complaint are denied.

9.

The allegations of Paragraph 8 of the Amended Complaint are denied.

10.

The allegations of Paragraph 9 of the Amended Complaint are denied.

11.

The allegations of Paragraph 10 of the Amended Complaint are denied.

12.

The allegations of Paragraph 11 of the Amended Complaint are denied.

13.

The allegations of Paragraph 12 of the Amended Complaint are denied.

**GENERAL ALLEGATIONS**

14.

The allegations of Paragraph 13 of the Amended Complaint are denied.

15.

The allegations of Paragraph 14 of the Amended Complaint are denied.

16.

The allegations of Paragraph 15 of the Amended Complaint are denied.

17.

The allegations of Paragraph 16 of the Amended Complaint are denied.

18.

The allegations of Paragraph 17 of the Amended Complaint are denied.

19.

The allegations of Paragraph 18 of the Amended Complaint are denied.

20.

The allegations of Paragraph 19 of the Amended Complaint are denied.

21.

The allegations of Paragraph 20 of the Amended Complaint are denied.

22.

The allegations of Paragraph 21 of the Amended Complaint are denied.

23.

The allegations of Paragraph 22 of the Amended Complaint are denied.

24.

The allegations of Paragraph 23 of the Amended Complaint are denied.

25.

The allegations of Paragraph 24 of the Amended Complaint are denied.

26.

The allegations of Paragraph 25 of the Amended Complaint are denied.

27.

The allegations of Paragraph 26 of the Amended Complaint are denied.

28.

The allegations of Paragraph 27 of the Amended Complaint are denied.

29.

The allegations of Paragraph 28 of the Amended Complaint are denied.

30.

The allegations of Paragraph 29 of the Amended Complaint are denied.

31.

The allegations of Paragraph 30 of the Amended Complaint are denied.

## COUNT I
## REDHIBITION

32.

The allegations of Paragraph 31 of the Amended Complaint are denied.

33.

The allegations of Paragraph 32 of the Amended Complaint are denied.

34.

The allegations of Paragraph 33 of the Amended Complaint are denied.

35.

The allegations of Paragraph 34 of the Amended Complaint are denied.

36.

The allegations of Paragraph 35 of the Amended Complaint are denied.

37.

The allegations of Paragraph 36 of the Amended Complaint are denied.

38.

The allegations of Paragraph 37 of the Amended Complaint are denied.

39.

The allegations of Paragraph 38 of the Amended Complaint are denied.

40.

The allegations of Paragraph 39 of the Amended Complaint are denied.

41.

The allegations of Paragraph 40 of the Amended Complaint are denied.

## COUNT II
## LOUISIANA PRODUCTS LIABILITY ACT

42.

The allegations of Paragraph 41 of the Amended Complaint are denied.

43.

The allegations of Paragraph 42 of the Amended Complaint are denied.

44.

The allegations of Paragraph 43 of the Amended Complaint are denied.

45.

The allegations of Paragraph 44 of the Amended Complaint are denied.

46.

The allegations of Paragraph 45 of the Amended Complaint are denied.

47.

The allegations of Paragraph 46 of the Amended Complaint are denied.

48.

The allegations of Paragraph 47 of the Amended Complaint are denied.

49.

The allegations of Paragraph 48 of the Amended Complaint are denied.

50.

The allegations of Paragraph 49 of the Amended Complaint are denied.

51.

The allegations of Paragraph 50 of the Amended Complaint are denied.

52.

The allegations of Paragraph 51 of the Amended Complaint are denied.

53.

The allegations of Paragraph 52 of the Amended Complaint are denied.

54.

The allegations of Paragraph 53 of the Amended Complaint are denied.

## PRAYER FOR RELIEF

The allegations of the Prayer for Relief Paragraph and all of its subparts are denied.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, the Knauf Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have been misjoined.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by prescription.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

**SIXTH AFFIRMATIVE DEFENSE**

The Knauf Defendants did not make any express or implied warranties to Plaintiffs nor did the Knauf Defendants breach any express or implied warranties.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice of any alleged breach to the Knauf Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with the Knauf Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana Consumer Protection Statute because, under La. Rev. Stat. Ann. § 1409, Plaintiffs may not bring a private action for actual damages in a representative capacity.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because the Knauf Defendants did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by the Knauf Defendants in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of KPT drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom the Knauf Defendants had no control.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

## NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, the Knauf Defendants are entitled to a credit and set-off in the amount of such settlements.

## TWENTIETH AFFIRMATIVE DEFENSE

The Knauf Defendants breached no duty or obligation to Plaintiffs, whether arising by law, contract, or otherwise, on the premises of Plaintiffs' pleadings.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Knauf Defendants deny, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of the Knauf Defendants, or at the instruction or subject to the control of the Knauf Defendants, and therefore the Knauf Defendants are not liable for any acts or omissions of such third parties as a matter of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Knauf Defendants did not participate in, authorize, ratify, or benefit from any alleged wrongful acts that are asserted in the Amended Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Knauf Defendants are barred to the extent that the Knauf Defendants did not manufacture or market the drywall installed in their properties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because class actions are not recognized under the laws of the Knauf Defendants' home jurisdiction and are contrary to the public policy of the Knauf Defendants' home jurisdiction.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Knauf Defendants' liability, if any, for damages is several rather than joint, and should be prorated.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws and are contrary to the public policy of the Knauf Defendants' home jurisdiction.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of the Knauf Defendants' home jurisdiction.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws Plaintiffs seek relief.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover any costs of this proceeding, nor are they entitled to any compensatory damages, pre- or post-judgment interests, injunctive relief, statutory penalties, or attorneys' fees.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The Knauf Defendants engaged in no conduct and committed no act or omission, either directly or indirectly, that was or could have been the direct, legal, and/or proximate cause of any loss, damage, or injury to Plaintiffs or any of them.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The Knauf Defendants fully, properly, and faithfully performed any and all such duties or obligations in good faith and in a manner otherwise consistent with the law; with any and all pertinent agreements, undertakings, and/or releases relevant to the transactions, circumstances, and/or occurrences at issue; and otherwise acted in accordance with all applicable custom and practice.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by their own neglect and/or fault.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are the proximate and legal result of pre-existing health problems, conditions, and/or impairments and are not attributable to any intervening or supervening act, omission, or other conduct on the part of the Knauf Defendants or any other person or entity for which the Knauf Defendants are responsible.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims and allegations of the Plaintiffs are barred, in whole or in part, to the extent that the damages alleged were caused by the contributing and/or comparative fault, negligence, strict liability, or other fault of the Plaintiffs or third parties for which the Knauf Defendants are not liable.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are speculative, uncertain, contingent, and/or premature.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited by the state laws of Louisiana, which prohibit Plaintiffs from bringing their claims as alleged.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The Knauf Defendants deny that Plaintiffs were injured by its conduct and/or any product manufactured, distributed, or supplied by it and calls for strict proof thereof.

### FORTIETH AFFIRMATIVE DEFENSE

The Knauf Defendants affirmatively alleges and avers that there was no causal connection between the Knauf Defendants and any product allegedly manufactured or sold by it to any alleged

injuries sustained by Plaintiffs, such causal connection being remote, indefinite, and speculative, and as a result thereof, the Amended Complaint should be dismissed as to the Knauf Defendants.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The claims and damages asserted by Plaintiffs are limited and/or barred by the Louisiana Products Liability Act (the "LPLA"), which provides the exclusive remedies available against the Knauf Defendants, if any. La. R. S. § 9:2800.52, et. seq.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The Knauf Defendants specifically plead, to the extent applicable, all defenses available under the LPLA, including but not limited to Plaintiffs' failure to establish each element required by La. R.S. § 9:2800.54. The Knauf Defendants specifically aver that Plaintiffs' damages, if any, were not proximately caused by a characteristic of the product that renders the product unreasonably dangerous, and that such damages, if any, did not arise from a reasonably anticipated use of the product by the claimant or another person or entity. The Knauf Defendants further specifically plead that no characteristic of the product at issue was unreasonably dangerous at the time the product left the control of the Knauf Defendants or results from a reasonably anticipated alteration or modification of the product.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to the spoliation of evidence.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The Knauf Defendants each affirmatively allege and aver that it is not the agent or apparent agent of any other Knauf entity.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The Knauf Defendants each give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed and are barred for failure to fully comply with the Hague Convention on Service Abroad of Judicial and Extra-Judicial documents in Civil and Commercial Matters. Fed. R. Civ. P. 4; Fed. R. Civ. P. 12(b)(4)-(5).

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the statute of mootness.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the subsequent purchaser doctrine.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are extinguished by operation of sale or transfer of the subject property, foreclosure, and/or bankruptcy.

**WHEREFORE**, defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd, pray that this Answer be deemed good and sufficient and that, after all due proceedings are had, there be judgment rendered in favor of Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd, dismissing Plaintiffs' Amended Complaint with prejudice, at plaintiffs' cost.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
PAUL C. THIBODEAUX (#29446)
DANIEL J. DYSART (#33812)**

**WILLIAM L. MIZELL (#36589)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:         kmiller@fishmanhaygood.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 14th day of December, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**