

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
Chambers of Judge Eldon E. Fallon
(504) 589-7545 (phone)
(504) 589-6966 (fax)

December 18, 2020

Mr. John W. Nichols
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Washington, D.C. 20544-0005

    Re:    MDL 2047 – In re Chinese-Manufactured Drywall Products Liability Litigation

Dear Mr. Nichols:

    I am writing to inform the Panel that this Court recommends transferring certain cases consolidated in *In re Chinese-Manufactured Drywall Products Liability Litigation* (MDL 2047) to the transferor court, the Northern District of Alabama. The selected cases are part of *Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* (No. 14-2722) and are listed in Attachment A. It has been a privilege to have been entrusted by the Panel to handle this complex MDL for the past decade. Given the extensive discovery, motions practice, and bellwether trials that have occurred, I feel that it is now appropriate to remand the cases. A brief summary of this litigation is appropriate.

    From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of foul-smelling gas, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829-30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also complained of various physical afflictions believed to be caused by the Chinese drywall.

    These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a

Mr. John W. Nichols
December 18, 2020
Page 2

Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities and (2) the Taishan Entities. The litigation has focused upon these two entities and their downstream associates and has proceeded on strikingly different tracks for the claims against each group.

The Knauf Entities are the relevant defendants for this suggestion of remand. The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States. The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts.

The Knauf Entities first entered their appearance in the MDL litigation on July 2, 2009. Thereafter, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall. The Court found in favor of the plaintiff family in *Hernandez*, issued a detailed Findings of Fact and Conclusions of Law, and entered a Judgment in the amount of $164,049.64, including remediation damages in the amount of $136,940.46—which represented a remediation cost of $81.13 per square foot based on the footprint square footage of the house.

Subsequently, the Knauf Entities agreed to institute a pilot remediation program utilizing the remediation protocol formulated by the Court from the evidence in *Hernandez*. The Knauf pilot remediation program is now completed and more than 2,200 homes containing KPT Chinese drywall have been remediated using the same general protocol. At the Court's urging, the parties began working together to monetize this program and make it available to a broader class of plaintiffs.

On December 20, 2011, the Knauf Entities and the PSC entered into a global, class Settlement Agreement ("Knauf Settlement Agreement"), which was designed to resolve all Knauf-related, Chinese drywall claims. In addition to the Knauf Settlement Agreement and after a jury trial in a bellwether case, numerous defendants in the chain-of-commerce with the Knauf Entities entered into class settlement agreements, the effect of which settles almost all of the Knauf Entities' chain-of-commerce litigation. The total amount of the Knauf Settlement is approximately $1.1 billion.

Thereafter, additional claims were filed against the Knauf Entities. The claims at issue in this suggestion of remand were part of the complaint filed by Elizabeth Bennett in the Northern District of Alabama on November 13, 2014. Ms. Bennett raised claims on her own behalf and on behalf of a nationwide class of similarly situated homeowners who allegedly suffered damages due to the presence of defective Chinese drywall in their homes. The Plaintiffs raised claims

Mr. John W. Nichols
December 18, 2020
Page 3

against the Knauf Entities for negligence, negligence per se, strict liability, breach of express and/or implied warranty, redhibition, violations of the Louisiana Products Liability Act, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, violations of consumer protection laws, and equitable and injunctive relief and medical monitoring with respect to the manufacture of allegedly defective Chinese drywall. In January 2015, the Judicial Panel on Multidistrict Litigation transferred the case to the Eastern District of Louisiana and consolidated it with the *In re Chinese Manufactured Drywall Liability Litigation*, MDL 09-2047, currently pending before this Court.

On January 22, 2020, the Court granted Defendant's Motion to Deny Class Certification, finding that the predominance requirement of Rule 23(b)(3) was not satisfied. R. Docs. 22524, 22528. Specifically, the Court noted that the variety in the individual claims, which included personal injury and property damage claims, theories of liability, applicable state laws and defenses, and different damage calculations precluded the finding of predominance necessary to warrant class certification.

The Court concludes that the purposes behind consolidating these related actions in this Court have now been served. The Court has addressed numerous discovery disputes, dispositive motions, and other pretrial issues involving facts and legal questions common to the various cases in this MDL proceeding. Upon learning that twenty-three *Bennett* plaintiffs planned to appeal the Court's Orders and Reasons granting summary judgment against them, the Court severed these cases so as not to delay this suggestion of remand. R. Doc. 22967. No further pretrial motions raising common questions are pending in the remaining *Bennett* cases, and remand to the transferor court appears to be in the interest of judicial efficiency and fairness to the parties.

Given the extensive motions practice and bellwether trials that have occurred in this MDL, the Court finds it appropriate to transfer the remaining *Bennett* cases back to the transferor court, the Northern District of Alabama. The transferor court and parties are now equipped with abundant resources to steer these cases to a fair and just conclusion. At this point in the litigation, centralizing these cases has minimal benefit to parties; local courts are well-suited to evaluate the property damages and other losses incurred by plaintiffs.

Based on the foregoing reasons and pursuant to Rule 10.1(b)(I) of the Rules of the Judicial Panel on Multidistrict Litigation, the Court recommends that the cases listed in Appendix A be remanded to the Northern District of Alabama for trial or further proceedings.

Sincerely,

Eldon E. Fallon
United States District Judge