UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>Case No. 14-cv-2722; 20-cv-3267; 20-cv-3268; 20-cv-3269; 20-cv-3261; 20-cv-3263; 20-cv-3264; 20-cv-3256; 20-cv-3259; 20-cv-3265 | JUDGE ELDON FALLON<br><br>MAGISTRATE MICHAEL B. NORTH |

## OPPOSITION TO DEFENDANTS' OMNIBUS MOTION TO STRIKE SUPPLEMENTAL CLAIMS IN AMENDED COMPLAINTS

Plaintiffs[1] Scott & Kim Armstrong, Carole Bonney, Bonnie & Carl Cordier, Bholanath & Prabha Dhume, Funches & Sharese Dixon, Jawad & Fatme Gharib, Tommy & Cathy Gueydan, Nathan Junius, Mindy Milam, and Clayton Latimer, all of whom are Louisiana residents with properties affected by defective Knauf-made drywall, and all of whom have filed individual complaints after approval by this Court of their respective motions to sever, oppose Defendants' current motion to strike (Doc. 23018). As grounds, Plaintiffs offer the following:

### I. INTRODUCTION

Defendants object to a portion of the individual complaints filed after severance because, they allege, they add supplemental pleadings. Specifically, Defendants seek to strike Paragraphs 24, 25, 26, and 27 of the individual complaints. Those Paragraphs are contained in the General Allegations section of each complaint and specifically state as follows:

---

[1] The claims of Jacques and Sarah Brousseau, Case No. 20-cv-3258, are not included in this opposition as this Court ordered their individual civil action transferred to the Middle District of Louisiana on December 22, 2020 (Doc. 23045).

24. Defendants recklessly, wantonly, and/or negligently failed to implement procedures for safely formulating, preparing, testing, and otherwise ensuring that the drywall at issue in this litigation was safe for consumers.

25. After learning that their products being sold in the United States were defective, Defendants took no action required under federal law (see Consumer Product Safety Act, 15 U.S.C. § 2051, et seq.) to notify their importers, distributors, agents, or consumers of the harmful effects caused by their drywall.

26. After learning that their products being sold in the United States were defective, Defendants took no action to initiate a corrective action plan.

27. By failing to take action to notify potential victims or attempt to implement a corrective action plan for the damage their defective drywall products caused, Defendants directly violated the federal CPSA that specifically requires that when a manufacturer has reason to know its product does not meet safety standards, contains a defect, or creates and unreasonable risk of death or injury, it must inform the CPSC. (See 15 U.S.C. 2064(b)).

Defendants take issue with the inclusion of these general allegations and argue that, by virtue of their previous inclusion in the proposed sixth amended complaint to the *Bennett v. Knauf* case, Case No. 14-cv-2722, which the court would not allow the plaintiffs to file, somehow creates a *res judicata* situation. Defendants claim that these general allegations are baseless and would cause undue delay in the proceedings, and for these reasons, should be stricken from the complaints.   For the reasons below, Defendants' motion should be denied.

## II.  STANDARD OF REVIEW

In *Paternostro v. Choice Hotel International Services Corp.*, Civil Action 13-0662, (E.D. La. Aug. 27, 2015), this Court provided guidance on a court's consideration of a defense motion to strike.  The United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), provided courts with the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be

developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief.  This Court found that a court "must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff." *Id*., citing *Tanglewood East Homeowners v. Charles-Thomas, Inc*., 849 F.2d 1568, 1572 (5th Cir.1988).

### III.  ARGUMENT

The individual complaints filed by these Louisiana Plaintiffs contain two claims through which they seek monetary damages from these Knauf Defendants for the effects of the defective drywall in their homes: 1) Redhibition; and 2) Louisiana Product Liability Act.  The additional claims contained in the five previous amended complaints in *Bennett* have been reduced to these two legal claims, consistent with this Court's rulings after the close of discovery in *Bennett*. This Court has explained in multiple orders denying Defendants' dismissal motions that these two legal claims are the vehicles for Louisiana Plaintiffs to recover under Louisiana law.  And, under these Louisiana laws, attorneys' fees may be paid to counsel representing plaintiffs who successfully prosecute their claims against manufacturing defendants who sold defective products to Louisiana buyers and acted in bad faith.  That is truly what Defendants' latest effort is really about – attacking the evidence that will allow assessment of attorneys' fees after trial.

**A. Knauf had knowledge that their drywall products were defective as early as 2006, so the bad faith seller implications under Louisiana law will require Defendants to pay reasonable attorneys' fees to plaintiffs' attorneys.**

The Paragraphs being challenged by Defendants are reflections of the evidence developed and presented to this court since the Fifth Amended Complaint was filed.  The issue is whether the paragraphs in the general allegations accurately reflect the evidence that Plaintiffs have offered the Court during the course of the litigation and whether those allegations reflect the

evidence that will be presented at trial. Paragraphs 24-27 are germane to this Court's post-trial analysis when it will be tasked with deciding whether attorneys' fees are appropriate. Plaintiffs believe that attorneys' fees will be appropriately assessed against the Knauf Defendants as Louisiana law specifically allows.

Knauf's drywall products with all-capital letter markings are defective as a matter of law. This Court has ruled as much on multiple occasions. Defendants are collaterally estopped from making a contrary argument at trial. And, under Louisiana law, through the Redhibition and LPLA laws, these plaintiffs will be able to recover specific classes of damages as this Court has laid out in multiple orders during the course of the MDL proceedings. The only pieces of the puzzle that remain are the specific amounts of the classes of compensatory damages and the appropriate attorneys' fees.

Article 2545 of the Louisiana Civil Code charges the manufacturer of a product with presumptive knowledge of the defects in the products they sell. And, in situations where presumptive knowledge exists, as is the case with manufacturing defendants, the Louisiana legislature allows the recovery of damages and attorneys' fees. That is truly what the Defendants have been fighting against over and over in their dispositive motions, since the close of discovery.

The Knauf Defendants are manufacturers of drywall, who sold and distributed their products in the State of Louisiana. This is not in dispute. It is also not in dispute that Defendants' actions were exactly as described in Paragraphs 24-27 of the individual complaints – at no time did Defendants attempt to notify the CPSC, initiate a corrective action plan, or notify Louisiana consumers who might have received their defective product into their homes. Consequently, the Knauf Defendants fit squarely within the definition of "bad faith sellers"

under Louisiana law, as the Louisiana legislature defined. Evidence was produced by Plaintiffs demonstrating knowledge by Knauf of the defective nature of their drywall as early as 2006. See, e.g., Exhibit B to Record Doc. 22630, a 2006 email exchange by Knauf executives discussing the "thousands" of homes likely impacted by their defective product. Plaintiffs raised the violations of federal law repeatedly in response to dispositive motions and not once did either Knauf Defendant produce evidence to rebut it. Not a single affidavit, letter, or filing history with the CPSC was produced. The evidence of violations of federal and state law – their post-sale duty to warn – was not challenged once. The evidence that they are indeed bad faith sellers remains to this day uncontroverted.

**B. The Federal Rules of Civil Procedure allow for the inclusion of allegations or evidence developed during the course of litigation that will be presented at trial.**

Plaintiffs oppose Defendants' motion to strike because the Federal Rules of Civil Procedure allow for amended pleadings where the claims and/or general allegations were inadequately pled, but evidence exists that may be presented to a jury in support of the claims. As long as the evidence arose out of the conduct or occurrence set out in the original pleading, it is relevant and permissible at trial.

Plaintiffs' general allegations in Paragraphs 24-27 of the individual complaints do exactly as the Rules suggest. The evidence Plaintiffs will partially rely upon at trial to support their claims for recovery under Redhibition and LPLA have been presented to this Court as exhibits in opposition to a number of summary judgment motions. The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Plaintiffs urge this Court to follow prior rulings that have found that Rule 15 shows a bias in favor of granting leave to amend. *S. Constructors Group v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *see Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir.

2003). Paragraphs 24-27 of the individual complaints are an accurate reflection of evidence that has been presented to this Court and which relates directly to the general allegations in prior *Bennett* complaints. For these reasons, Defendants' motion should be denied at this stage of the proceedings.

**C. Defendants' res judicata argument is not appropriate in this motion to strike – it must be brought through a summary judgment motion.**

Defendants' claim that the behavior outlined in Paragraphs 24-27, which remains uncontroverted, is precluded based on the *res judicata* doctrine, but this argument is completely without legal merit whatsoever. The denial of Plaintiffs' motion to file a Sixth Amended Complaint in *Bennett* was related to the addition of fraud claims, not bad faith seller allegations. Additionally, the additional fraud counts in that complaint were not litigated to a final order based on the merits; rather, this court denied Plaintiffs' motion to amend at that point in the proceedings as this Court concluded that the additional discovery and the development of that evidence would delay the conclusion of the litigation. It was not a final order on the merits of the fraud counts therein. Additionally, it was not a final order as the Rules of Civil Procedure require.

*Res judicata* is an affirmative defense. Fed.R.Civ.P.8(c). Therefore, unless the complaint itself sets forth the facts necessary to determine that *res judicata* precludes adjudication, summary judgment is the proper standard for determining whether a claim should be dismissed based on *res judicata*. See Hall, 305 Fed.Appx. at 227 ("[G]enerally a *res judicata* contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense.") (quoting *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 n. 2 (5th Cir.2005)). In the instant case, Knauf's claim of *res judicata* cannot be sustained by looking only to the Complaint. It must look beyond the complaint to past final orders. *See, e.g., Grynberg v. BP P.L.C.*, 855

F.Supp.2d 625, 648 (S.D. Tex. 2012).  In this respect, the Knauf Defendants have failed to meet the *res judicata* standard for this court's review.

Finally, Federal Rule of Civil Procedure 8 classifies *res judicata* and collateral estoppel as two distinct affirmative defenses, and "all affirmative defenses must be specifically pleaded in the answer or in an amended answer permitted under Fed.R.Civ.P. 15(a), or be deemed waived." *Higgins v. NMI Enterprises Inc.*, Civil Action 09-6594 at *12 (E.D. La. Nov. 30, 2012). Defendants have not plead *res judicata* in their answer to the complaint; thus, the affirmative defense is waived.  And, for this reason, their motion is due to be denied.

### D. CONCLUSION

For the reasons contained herein, Defendants' motion to strike is defective in multiple ways, the general allegations in Paragraphs 24-27 are appropriate for inclusion in the individual complaints based on the uncontroverted evidence that Knauf is a bad faith seller of drywall, and the Rule 15 of the Federal Rules of Civil Procedure has a liberal amendment of pleadings standard, Defendants' motion to strike is due to be denied.

Respectfully submitted:

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
James V. Doyle
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
jim.doyle@doylefirm.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to Defendants' Motion to Strike has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of December, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC