UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>Case Nos. 14-cv-2722; 20-cv-3267; 20-cv-3268; 20-cv-3269; 20-cv-3261; 20-cv-3263; 20-cv-3264; 20-cv-3256; 20-cv-3258; 20-cv-3259; 20-cv-3265 | JUDGE ELDON FALLON<br><br>MAGISTRATE MICHAEL B. NORTH |

**REPLY MEMORANDUM IN SUPPORT
OF OMNIBUS MOTION TO STRIKE SUPPLEMENTAL CLAIMS
IN AMENDED COMPLAINTS**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion to Strike Supplemental Claims in Amended Complaints filed by Plaintiffs severed from the Bennett action: Bholanath & Prabha Dhume, Nathan Junius, Scott & Kim Armstrong, Bonnie & Carl Cordier, Melinda Milam & Clayton Latimer, Carole Bonney, Cathey & Tommy Gueydan, Funches O. & Sharese Matthews Dixon, Jawad & Fatme Gharib, and Jacques & Sarah Brousseau.[1]

**A.    The Court has Already Denied Plaintiffs' Request to Supplement.**

The Court has already denied this exact same request and Plaintiffs completely fail to address why the law of the case doctrine and this Court's prior rulings and reasoning should not

---

[1] Order severing claims (R. Doc. 22980). Although the Brousseau claim is in process of being transferred to the Middle District of Louisiana, the current motion was pending before this Court transferred the matter.

1

be applied here.  On December 19, 2018, the Court denied Plaintiffs' request to amend their complaint a sixth time to add new allegations and claims. R. Doc. 21991. The Court acknowledged that the new allegations came more than four years after Plaintiffs initially filed suit and recognized that the parties had already issued, completed, and reviewed plaintiff profile forms and supplemental profile forms, neither of which contemplated or included consideration of discovery, proceedings, dispositive motions or trials based on these new proposed allegations and causes of action.  Therefore, based on the Court's particularly broad discretion to manage its docket and the undue prejudice on the Knauf Defendants, the Court denied Plaintiffs' motion for leave to add new claims in the sixth amended complaint.[2]  R. Doc. 21991 (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012). Whether Plaintiffs are trying to add "fraud" claims or "bad-faith seller" allegations, it is undisputed that Plaintiffs are now attempting to add untimely supplemental allegations after this Court previously denied leave to supplement.  As this Court previously determined, this will only serve to cause delay and undue prejudice on the defendants and this Court. Therefore, the Court should maintain consistency with its reasoning in its prior ruling denying leave to add new allegations under the law of the case doctrine. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012).

---

[2] As this Court is aware, several dispositive motions were filed and Plaintiffs have continuously sought to oppose based on new claims and allegations not included in the operative Fifth Amended Complaint, like post-sale duty to warn and CPSC duties. As set forth by the Knauf Defendants in their various replies supporting summary judgment, and here, Plaintiffs were denied leave to assert these claims and have not asserted or alleged these claims in an operative complaint. *See, e.g.* R. Doc. 22599 at p. 5 (Reply in Support of MSJ regarding post-sale duty to warn); R. Doc. 22844 at p. 4  (Reply in Support of MSJ regarding CPSC claims).

**B.      Amendment Prejudices the Knauf Defendants and Contradicts the Court's Remand and Transfer Orders.**

The amended complaints filed by these Plaintiffs represent the latest tactic to attempt to add untimely, new allegations, which were previously denied by this Court, but also serve to continue to delay these proceedings.  While Plaintiffs did not seek any discovery during the Bennett action, the Knauf Defendants completed discovery consistent with the Fifth Amended Complaint, which is completely devoid of these new allegations, and the Court's CMO, which ended discovery in December 2019.  Had Plaintiffs included these allegations in a timely filed complaint, the Knauf Defendants would have had the opportunity to discover those allegations in the course of the Court's CMO.  However, now that discovery is closed, after the filing of dispositive motions, and after the Court has issued remand/transfer orders, Plaintiffs now again seek to ambush with these untimely allegations.

Where a plaintiff seeks to amend a claim after the discovery deadline has passed, a "defendant suffers prejudice when an amended pleading adds a claim that would require the defendant to reopen discovery and prepare a defense for a claim that was not originally asserted." *Smith*, 393 F.3d at 596 (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). Indeed, leave to amend to add new claims may be denied when defendants would be unduly prejudiced by the amendment and because it is "the most expeditious way to dispose of the merits of the litigation."  R. Doc. 21991 (quoting *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012)). Additionally, it is more so appropriate to deny leave to amend to add new claims after the close of discovery. *See Smith*, 393 F.3d at 596 (affirming district court's denial of motion for leave to add new claims after the close of discovery on basis of undue delay and undue prejudice); *see also Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9245462, at *2 (E.D. Tex. Dec. 14, 2016), *aff'd*, 708 F. App'x 158 (5th Cir. 2017) (striking

3

new claims in amended complaint after the close of discovery and outside scope of leave to amend granted by district court); *see also Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. CV 17-0491, 2019 WL 2233727, at *4 (E.D. La. May 23, 2019) (denying motion for leave to amend claims to add new claims after deadline for amendment of pleadings and after the close of discovery).

Under Fifth Circuit law and the sound discretion of this Court, these new claims cannot be allowed and should be stricken as they would only serve to create undue delay and costs on the parties and undue prejudice on the Knauf Defendants. *See Smith*, 393 F.3d at 596 (affirming district court's denial of motion for leave to add new claims after the close of discovery on basis of undue delay and undue prejudice); *see also Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9245462, at *2 (E.D. Tex. Dec. 14, 2016), *aff'd*, 708 F. App'x 158 (5th Cir. 2017) (striking new claims in amended complaint after the close of discovery and outside scope of leave to amend granted by district court); *see also Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. CV 17-0491, 2019 WL 2233727, at *4 (E.D. La. May 23, 2019) (denying motion for leave to amend claims to add new claims after deadline for amendment of pleadings and after the close of discovery).   Therefore, the motion to strike should be granted and the supplemental allegations of Plaintiffs must be stricken.

**C.     Plaintiffs Were Not Granted Leave to Supplement and the Baseless Allegations Were Not Recently Determined Through "Discovery."**

The reason Plaintiffs are now limited to redhibition and LPLA claims is because the Court dismissed all non-redhibition and non-LPLA claims of Louisiana claimants. R. Doc. 22925. Following this order, the Court concluded that the remaining Louisiana claims could be severed in the interests of convenience and judicial economy and proceed to trial.  Therefore, for the sole purpose of allowing severance to proceed in separate trials, the Court severed the claims and

4

directed Plaintiffs to file complaints to obtain individual case numbers within MDL-2047 so that they may proceed separately from the non-Louisiana Bennett claims. R. Doc. 22980. Nowhere in the requested relief in the motion to sever, or in this Court's prior ruling did it allow Plaintiffs to add new allegations after a decade of MDL discovery, after six years of the pending Bennett action, and after this Court previously denied the exact same requested relief over a year earlier.

However, instead of filing complaints consistent with the operative Fifth Amended Complaint and the Court's prior rulings, Plaintiffs are attempting to supplement, and on the basis that these were allegations uncovered during the course of "discovery." The supplemental allegations now set forth were not "discovered" during the Bennett consolidated discovery. To be clear, Plaintiffs *did not seek to take any discovery* in the Bennett action and relied solely on discovery through the PSC developed in this MDL almost a decade earlier. Plaintiffs could have set forth these allegations at any time in their original, first, second, third, fourth, or fifth amended complaints. However, Plaintiff failed to do so and as previously denied by this Court and briefed by the Knauf Defendants throughout these proceedings, these new allegations are untimely, supplemental of the Fifth Amended Complaint, prejudicial to the Knauf Defendants, and must be stricken.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:          kmiller@fishmanhaygood.com
***Counsel for the Knauf Defendants***

5

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 4th day of January, 2021.

                                  */s/ Kerry J. Miller*
                                  **KERRY J. MILLER**