UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * | CIVIL ACTION<br><br>MDL NO. 2047<br><br>SECTION L (5) |
| THIS DOCUMENT RELATES TO:<br>14-cv-2722; 20-cv-3267; 20-cv-3268; 20-cv-3269; 20-cv-3261; 20-cv-3263; 20-cv-3264; 20-cv-3256; 20-cv-3258; 20-cv-3259; 20-cv-3265 | * * | |

## ORDER & REASONS

Before the Court is the Motion to Strike Supplemental Claims in Amended Complaints filed by Knauf Defendants. R. Doc. 23018. The motion is opposed, and Knauf Defendants filed a Reply. R. Docs. 23046; 23053. During the January 8, 2021 monthly status conference, the Court asked counsel to explain their positions. The Court now rules as follows.

On November 23, 2020, the Court severed all Louisiana cases remaining in the *Bennett* action so it could retain jurisdiction over cases involving property located in this district. R. Doc. 22980. As a purely administrative matter, the Court instructed the severed plaintiffs to file amended complaints so they could proceed separate and apart from the *Bennett* action. *Id.* at 1-2. Perhaps out of an abundance of enthusiasm, Plaintiffs in above-captioned actions added paragraphs to their amended complaints. *See* R. Doc. 23046 at 2. These paragraphs include new claims involving 1) failure to test and safely formulate drywall; 2) failure to report defective product pursuant to the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051, *et seq.*; 3) failure to implement a corrective action plan; and 4) failure to notify potential victims or attempt to

implement a plan in violation of the CPSA. *Id*. Plaintiffs argue that these claims do not constitute "supplemental pleadings" and the motion to strike should be denied. *Id.* at 3-7.

It has been over six years since commencement of the *Bennett* action, and the Plaintiffs at issue have amended the *Bennett* complaint five times. The Court denied Plaintiff's sixth attempt in an Order and Reasons dated December 19, 2018 because adding supplemental claims would unduly prejudice the Knauf Defendants. R. Doc. 21991. With discovery complete in the *Bennett* action, allowing new claims to be asserted at this stage would be prejudicial and necessitate the reopening of discovery. Accordingly,

**IT IS HEREBY ORDERED** that Knauf Defendants' Motion is **GRANTED**, and any supplemental claims in the Amended Complaints of plaintiffs Bholanath & Prabha Dhume, Nathan Junius, Scott & Kim Armstrong, Bonnie & Carl Cordier, Melinda Milam & Clayton Latimer, Carole Bonney, Cathey & Tommy Gueydan, Funches O. & Sharese Matthews Dixon, Jawad & Fatme Gharib, inconsistent with R. Doc. 21334 and this Court's prior rulings are hereby **STRICKEN**. It must be noted that the severed claims of Jacques and Sarah Brousseau were transferred to the Middle District of Louisiana on December 29, 2020, so this Order does not pertain to these Plaintiffs.

New Orleans, Louisiana on this 12th day of January 2021.

_____
Eldon E. Fallon
U.S. District Court Judge