**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| Barbara Ann Alfonso; Bessie Barnett; Kerry Barre; Gwendolyn Kerr Bierria; Joseph Bourlet; Gregory Cross; Stephanie Fortenberry; Greater NOLA Homes, LLC; Howard Jones; and, Terrence Ross and Rhonda Ross, | Case No. 2:15-CV-04127-EEF-JCW |
| Plaintiffs, | |
| v. | |
| Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and administration Commission of the State Council, | |
| Defendants. | |

## TAISHAN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST CERTAIN OPT-OUT PLAINTIFFS

Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. (collectively, "Taishan) submit this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted against them by Plaintiffs Barbara Alfonso, Kerry Barre, Joseph Bourlet, Gregory Cross, Greater NOLA Homes, LLC, Howard Jones, and Terrence and Rhonda Ross (collectively, "Plaintiffs")[1]. As outlined below, these

---

[1] The Court's Case Management Order No. 1 permits the filing or "early Motions for Summary Judgment for any or all Plaintiffs" and clarifies that "[t]he filing and denial of an early Motion for Summary Judgment will not preclude the later filing of a Rule 56 Motion for Summary Judgment on other grounds." Rec. Doc. 23012 at 3. Taishan does not move for summary judgment, at this

1

Plaintiffs' claims are impaired by one or more fatal defects that bar them from recovery and require summary dismissal. Those defects include violation of Louisiana's Subsequent Purchaser Rule and inexcusable and undeniable failure to timely file their claims within Louisiana's one-year prescriptive period.

## I. Factual and Procedural Background

### A. The Beginning of Chinese Drywall Litigation

The underlying facts of this litigation are well-established in this MDL, but instructive when considering the deficiencies of the claims at issue in this Motion. From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. Rec. Doc. 20741 at 1. From 2006 to 2007, Taishan manufactured and sold drywall, which was subsequently exported to the United States in 2006 and 2007. Rec. Docs. 14215-3, 14215-4. In 2009, property owners who discovered indicia of Chinese drywall in their properties began filing complaints against Knauf, Taishan, and other drywall manufacturers. *See, e.g., Wiltz* and *Germano* complaints (Case No. 09-3488, Rec. Doc. 1, and Case No. 09-6687, Rec. Docs. 1-1, 1-2). On June 15, 2009, the Judicial Panel on Multidistrict Litigation created the Chinese-Manufactured Drywall MDL. Rec. Doc. 1. On May 25, 2010, the United States Consumer Product Safety Commission ("CPSC") issued a public release identifying manufacturers of allegedly defective drywall. *See* Rec. Doc. 20741 at 13 (referencing CPSC report). Thousands of property owners discovered that they had claims and filed suit during those early years of this MDL.

---

stage of the proceedings, against the following opt-out plaintiffs: Gwendolyn Bierria, Bessie Barnett, and Stephanie Fortenberry.

2

### B. The Late Entry of Brooke Claims into this MDL

But those are *not* the property owners who filed suit in the *Brooke* action. The *Brooke* complaint, filed in 2015, is one of the ***last*** in a line of "omnibus" complaints (Omnibus XX) filed by the Plaintiffs' Steering Committee ("PSC") in this MDL. Unlike its predecessors, the *Brooke* complaint was not a procedural effort by the PSC to consolidate claims filed in other prior complaints, but instead was an attempt to file ***new*** claims years after the vast majority of other property owner claims in the MDL had been filed. The *Brooke* Louisiana complaint was filed on September 4, 2015 – more than six years after this MDL was formed – and introduced nearly 700 new claims. EDLA Case No. 15-4127, ECF No. 1. But even those late claims were not the end of the line. In 2017 and 2018, the PSC would go on to add hundreds of additional new claims to the *Brooke* complaint through multiple "Motions to Intervene" – which were the procedural vehicles used to add many of the Opt-Out Plaintiffs remaining in this case. *See* Rec Docs. 20811; 21056; 21105; 21163; 21342; 21599; 21882; 21932. The following chart shows when each of the Plaintiffs at issue in this Motion brought his or her claim:

| Plaintiff Name | Date of Claim |
|---|---|
| Barbara Alfonso | October 25, 2018 |
| Kerry Barre | November 1, 2017 |
| Joseph Bourlet | September 4, 2015 |
| Gregory Cross | September 4, 2015 |
| Greater NOLA Homes, LLC | October 25, 2018 |
| Howard Jones | September 4, 2015 |
| Terrence and Rhonda Ross | September 4, 2015 |

*See* attached Taishan's Statement of Undisputed Material Facts ("Statement") at ¶ 3.

### C. The Court's Rulings on Late *Brooke* Claims

On March 6, 2019, the Court issued its order granting in part and denying in part the Motion to Dismiss the *Brooke* complaint filed by the BNBM Defendants. Rec. Doc. 22124. In relevant part, that Order held that Louisiana law does not allow for cross-jurisdictional tolling of claims.

3

*Id.* at 14; 17 (citing *Quinn v. La. Citizens Prop. Ins. Corp.*, 118 So. 3d 1011, 1022–23 (La. 2012)). Additionally, the Court rejected the argument that *Brooke* plaintiffs' claims were tolled under the doctrine of *contra non valentem* or equitable tolling under Louisiana law. Rec. Doc. 22124 at 23. But the Court stopped short of dismissing all of the *Brooke* claims as facially time-barred, instead holding that Plaintiffs "will be required to prove they neither knew or should have known of their causes of action sufficient to satisfy their respective jurisdictions' discovery law" and calling the inquiry "highly fact based." *Id.* at 26-27.

### D. Remands, Class Settlement and Opt-Out Litigation

In March 2019, this Court remanded two duplicate *Brooke* complaints to Florida and Virginia, effectively carving out the Florida-based claims and Virginia-based claims from the MDL and from the *Brooke* Louisiana complaint. Rec. Docs. 22138 and 22139. Shortly thereafter, the parties agreed to terms on the Taishan Class Settlement which resolved virtually all of the remaining property owner claims in the MDL and was approved by this Court in January 2020. *See* Rec. Docs. 22460 & 22466.[2] The Class Settlement resolved 218 of the claims in the Louisiana *Brooke* action but ten Louisiana plaintiffs opted out of the Class Settlement and chose to litigate their claims individually. Rec. Doc. 23012.

On December 10, 2020, Taishan filed its Answer to the *Brooke* Louisiana Complaint. Rec. Doc. 23025. The Court ordered each of the ten remaining plaintiffs to submit a "complete, verified Supplemental Plaintiff Profile Form and supporting documentation" by December 21, 2020, and

---

[2] After approval of the Taishan Class Settlement, the Court remanded all remaining claimants in the *Brooke* Louisiana complaint with properties in Alabama, Georgia and Mississippi to federal district courts in their home states – leaving only Louisiana property claims in the *Louisiana* Brooke action. Rec Doc. 22786.

4

warned that "[f]ailure to comply may result in dismissal of a Plaintiff's claim."[3] Rec. Doc. 23012 at 2-3. Pursuant to the Court's Case Management Order No. 1, Defendants took the depositions of all ten Plaintiffs from December 28, 2020 to February 26, 2021. Rec. Doc. 23012 at 3.

## II.     Legal Standards

### A. Rule 56 Summary Judgment Standard

Summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (*quoting Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains

---

[3] Not all remaining plaintiffs complied with this directive, which has hampered Taishan's early summary judgment efforts. However, the undisputed facts set forth in support of early summary judgment are more than sufficient to merit dismissal of Plaintiffs' claims. Should any of Plaintiffs' claims survive this Motion, Taishan reserves the right to move for sanctions for noncompliance with the Court's order, up to and including dismissal.

5

appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'" *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)). "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (*quoting Anderson*, 477 U.S. at 249).

When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (internal citation omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 253.

**III.     Plaintiffs' Claims are Barred by the Subsequent Purchaser Rule**

Louisiana's Subsequent Purchase Rule bars the claims of plaintiffs Barre, Cross, Greater NOLA Homes, LLC, and Ross (collectively, the "Subsequent Purchaser Plaintiffs") as a matter of Louisiana law. The binding rule, which is well-settled and familiar to this Court, prohibits a property owner from recovering from a third party for alleged damage inflicted on the property before his purchase unless he holds an express assignment or subrogation of rights from whoever owned the property when the damage occurred. *See Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 79 So.3d 246, 256-75 (La. 2011); *see also Niemann v. Crosby Dev. Co.*, 2011-1337 (La. App. 1 Cir. 5/3/12), 92 So. 3d 1039, 1043; *Guilbeau v. Hess Corp.*, 854 F.3d 310, 312–13 (5th Cir. 2017). In *Eagle Pipe & Supply, Inc.*, the Louisiana Supreme Court performed a comprehensive

review of the Subsequent Purchaser Rule in Louisiana case law and applied it, cementing it as a bedrock legal principle. 79 So.3d at 256-75. The court held:

> The subsequent purchaser rule is a jurisprudential rule which holds that an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted.

*Id*. at 256-67; *see also Guilbeau*, 854 F.3d at 312-13.  The Louisiana Supreme Court clarified that damage to property—here, alleged to be the installation of Chinese Drywall—creates a ***personal*** right to sue, which unlike a real property right, does not transfer to a subsequent purchaser with the transfer of the property itself.  *See Eagle Pipe & Supply, Inc.*, 79 So.3d at 279.  This Court adheres to the Subsequent Purchaser Rule in the Chinese Drywall context. *See* Rec. Doc. 22941 at 8-9 ("The subsequent purchaser rule is clear: the right to recover for damage to real property inures to the personal benefit of the property owner at the time the damage was inflicted and a subsequent purchaser may not exercise that right without an assignment.").  The sale of the property cannot transfer that personal claim from a prior owner to a subsequent purchaser "[i]n the absence of an assignment or subrogation." *Eagle Pipe & Supply, Inc.* at 256-57. Thus, a current property owner (a/k/a "subsequent purchaser") has no right to recover from a third party (here, Taishan) for property damages caused prior to his purchase, unless the plaintiff can show proof of an express assignment or subrogation from the prior owner. *Id.* at 262, 279.

But Louisiana law sets a high standard for that narrow exception to apply.  The Louisiana Supreme Court refused to allow a subsequent purchaser to avoid the dispositive consequences of the Rule, finding that the following language, included in the act of sale, did ***not*** constitute an express assignment or subrogation:

> [the sellers] do by these presents sell, transfer and deliver, with full guarantee of title and free from all encumbrances, and with full subrogation to all their rights and action of warranty against previous owners . . .

7

*Id.* at 281. Similarly in *Prados v. South Central Bell Telephone Co.*, the Louisiana Supreme Court found that an act of sale containing similar language did not constitute an express subrogation because it was "directed to the rights and actions of warranty against previous owners," and did not mention the specific cause of action at issue or the right to seek damages. 329 So. 2d 744, 750 (La. 1975). Indeed, in examining *Eagle Pipe* and its progeny, the Fifth Circuit has affirmed that the right to sue is a personal right and must be ***expressly assigned*** and cannot be "implicitly conveyed." *Broussard v. Dow Chem. Co.*, 550 F. App'x 241, 244–45 (5th Cir. 2013). As shown below, the undisputed facts are that none of the Subsequent Purchaser Plaintiffs owned the subject property at the time the Chinese Drywall was installed, and none of them holds a valid express assignment to satisfy Louisiana law. Therefore, the Subsequent Purchaser Rule mandates dismissal of their claims.

In this MDL, this Court has already applied Louisiana's Subsequent Purchaser Rule to grant summary judgment for the defendant in the *Bennett* action against Knauf. Rec Doc. 22615; 22941. Faced with arguments by similarly situated plaintiffs represented by the same counsel as many of the Plaintiffs facing this Motion, the Court held that

> [a] straightforward application of the subsequent purchaser doctrine compels the conclusion that the claims targeted by the instant motion are barred, as Plaintiffs seek to recover for property damage caused by the installation of defective drywall prior to the purchase of the respective properties.

Rec. Doc. 22941 at 8. The claims of the Subsequent Purchaser Plaintiffs in this case should meet the same end.

### A. Kerry Barre

Plaintiff Kerry Barre ("Barre") purchased her property located at 11150 South Idlewood Court, New Orleans, Louisiana (the "Barre Property") on August 20, 2015. Statement at ¶ 4. The alleged Chinese drywall was in the Barre Property in 2006 – nine years before Barre purchased

8

the Property. Statement at ¶ 5. Barre did not acquire and was not assigned or subrogated from the prior owner(s) the personal right to sue for damages that would allow this plaintiff to recover in the instant action. Statement at ¶ 6. Accordingly, Barre's claim are barred under the Subsequent Purchaser Rule.

### B. Greater NOLA Homes, LLC

Plaintiff Greater NOLA Homes, LLC ("Greater NOLA Homes") purchased the property at 8287 Benjamin Street, Chalmette, Louisiana on January 24, 2018 – more than two years after the filing of the *Brooke* complaint in September 2015 and about 12 years after the installation of Chinese Drywall in the property in 2006. Statement at ¶ 7-8. At the time of sale, Greater NOLA Homes did not acquire and was not assigned or subrogated from the prior owner(s) the personal right to sue for damages that would allow this plaintiff to recover in the instant action. Statement at ¶ 9.

In an attempt to salvage their claim, Greater NOLA Homes recently obtained a purported assignment of the right to sue from the prior owner, Robin Marie Jarvis. Greater NOLA Homes Statement at ¶ 10. For multiple reasons, even assuming that the assignment transaction was legally valid, it could not, as a matter of law, have conferred to Greater NOLA Homes any right to sue. *First*, the assignment from Ms. Jarvis to Greater NOLA Homes was executed in November 2020—almost one year after this Court held its Fairness Hearing on the Class Settlement of all claims by named and absent class members. Ms. Jarvis was an absent class member who did not file a claim in nor opt out from the Class Settlement. Rec Doc. 22859. Therefore, any claim Ms. Jarvis may have had ***before*** the Class Settlement was ***extinguished*** no later than May 26, 2020 when the Court entered its Dismissal Order effectuating the Taishan Class Settlement. *Id*. Therefore, Ms. Jarvis had no claim to transfer to Greater NOLA Homes, LLC in November 2020.

*Second*, this Court analyzed and rejected identical "last-ditch" assignments in the *Bennett* action (involving the same Plaintiffs' counsel as here), holding that, under Louisiana law, such "eleventh-hour" assignments were ineffective. Rec. Doc. 22941 at 12-14. As with those *Bennett* claims, here "[i]t is undisputed that at the time of filing, Plaintiffs had not been assigned the personal right to sue Defendants for damages related to Chinese drywall." *Id.* at 12. Greater NOLA Homes' purported late assignments cannot "retroactively cure this serious deficiency." *Id. Further*, the Greater NOLA Homes claim is prescribed under Louisiana's one-year prescriptive period because Greater NOLA Homes filed a claim against Taishan through a motion to intervene in the *Brooke* action on October 25, 2018 – more than two years ***before*** being "assigned" Ms. Jarvis's right of action. Rec. Doc. 21882.  Thus, the Court should find, as it did in *Bennett*, that "more than a year has passed since these Plaintiffs initially attempted to exercise legal rights related to the discovery of Chinese drywall, albeit rights they did not at the time possess." Rec. Doc. 22941 at 13.  *Finally*, there can be no interruption of that prescription under Louisiana Civil Code article 3462 because "Plaintiffs did not have a right of action when they originally filed suit, [so] the initial filing cannot constitute an 'action' for the purposes of interrupting prescription." *Id.* at 13 (citing *TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3 of Par. of Lafourche,* 2010-0685 (La. App. 1 Cir. 12/8/10)*,* 52 So. 3d 1103, 1113).

Accordingly, Greater NOLA Homes was – at best – assigned an invalid dismissed claim ***and*** is time barred from pursuing any claim, assigned or otherwise, in this action.  This Court granted summary judgment against plaintiffs in *Bennett* on late-assigned claims that had not even been extinguished by a prior judgment from Class Settlement. Rec. Doc. 22941 at 8-14. The Court should likewise grant summary judgment against Greater NOLA Homes here.

### C. Gregory Cross

Plaintiff Gregory Cross ("Cross") purchased the property at 284 Vintage Drive, Covington, Louisiana (the "Cross Property") on January 5, 2007. Statement at ¶ 12. The alleged Chinese drywall was in the Property in 2006, before Cross purchased the Property. Statement at ¶ 13. At the time of sale, Cross did not acquire and was not assigned or subrogated from the prior owner(s) the personal right to sue for damages that would allow this plaintiff to recover in the instant action. Statement at ¶ 14. Like Greater NOLA Homes, Mr. Cross recently obtained a purported assignment of the right to sue from the Cross Property's prior owner, Royal Homes, LLC in December 2020. Statement at ¶ 15. Cross's purported assignment did not confer any right to sue for the same reasons outlined above for Greater NOLA Homes.

The assignment from Royal Homes, LLC to Cross was executed in December 2020. Royal Homes, LLC was an absent class member who did not file a claim in nor opt out from the Class Settlement. Rec Doc. 22859. Therefore, any claim Royal Homes, LLC may have had before the Class Settlement was extinguished no later than May 26, 2020 when the Court entered its Dismissal Order effectuating the Taishan Class Settlement. Id.  Therefore, Royal Homes, LLC had no claim to transfer to Greater NOLA Homes, LLC in December 2020. Further, the Cross claim is prescribed under Louisiana's one-year prescriptive period because Cross filed a claim against Taishan through a motion to intervene in the *Brooke* action on October 25, 2018 – more than two years before being "assigned" Royal Homes, LLC's right of action. Rec. Doc. 21882. As this Court has held previously, that filing does not interrupt prescription because Cross – a subsequent purchaser under Louisiana law – did not have a right to sue at the time of filing. Rec. Doc. 22941 at 13. Accordingly, like Greater NOLA Homes' "last ditch" assignment attempt, Cross holds at

11

most an invalid dismissed claim and is time barred from pursuing any claim, assigned or otherwise, in this action.

### D. Terrence and Rhonda Ross

The Rosses purchased the property located at 316 Woodvine Avenue, Metairie, Louisiana from C. Adams Construction ("C. Adams") on January 3, 2007. Statement at ¶ 17. The alleged Chinese drywall was installed in the Property in September 2006 before the Rosses purchased the Property. Statement at ¶ 18. At the time of sale, the Rosses did not acquire and were not assigned or subrogated from the prior owner(s) the personal right to sue for damages that would allow this plaintiff to recover in the instant action. Statement at ¶ 19.

The Rosses claim that they discovered the alleged Chinese drywall in their home in March 2009 – approximately two years after acquiring the Property. Statement at ¶ 20. Within ***four months*** of that alleged discovery, the Rosses filed a suit against their homebuilder (C. Adams) in Jefferson Parish District Court on July 30, 2009. Statement at ¶ 21. Several years later, on January 22, 2014, the Rosses amended their petition in Jefferson Parish to name Taishan as a defendant, but never served that complaint on Taishan. Statement at ¶ 22-23. Just days after that, C. Adams assigned to the Rosses its personal right to sue for damages as part of a broader settlement. Statement at ¶ 24. One year and nine months after suing Taishan in state court, the Rosses filed their claims against Taishan in this federal court as part of the original *Brooke* complaint on September 4, 2015. EDLA Case No. 15-4127, ECF No. 1.

The Rosses' own claim is barred by the Subsequent Purchaser Rule (and Louisiana's one-year prescription period, as discussed further in section IV.A., *infra*). The February 2014 assignment from C. Adams cannot salvage their claim because it did not confer any right to sue. C. Adams's own claim was time-barred when it purported to assign it. C. Adams—which acquired

12

the drywall at issue and installed it when it built the house—was put on notice of its potential Chinese drywall claims against Taishan on July 30, 2009, when the Rosses filed their original complaint against C. Adams in Jefferson Parish alleging claims centered on the installation of Chinese Drywall. Because C. Adams did nothing to pursue a claim against Taishan, the one-year prescription period had long expired prior to C. Adam's assignment in 2014 – thus giving C. Adams no valid claim to assign to the Rosses. *See TCC Contrs., Inc. v. Hosp. Serv. Dist. No. 3 of Lafourche*, 2010-0685 (La. App. 1 Cir. 12/08/10), 52 So. 3d 1103, 1113 (holding that later-acquired assignments cannot retroactively cure prescription deficiencies where the same prescriptive deficiencies apply to the assignors claims). Accordingly, the Rosses' claim is barred by the Subsequent Purchaser Rule, and there is no assignment of any valid claim of a former owner to avoid dismissal.

For these reasons, Taishan respectfully moves for summary judgment against Plaintiffs Barre, Greater NOLA Homes, Cross and Ross.

### IV. Plaintiffs' Claims are Barred by the Applicable Statute of Limitations

All ten remaining claims in this action were filed into the *Brooke* case between 2015 and 2018. On their face, these claims are time-barred when compared to undisputed facts of this litigation – where the drywall at issue was exported to the United States from 2006 to 2007 and hundreds (if not thousands) of claims were discovered and filed beginning in 2009. Rec. Doc. 22124 at 2. While Taishan reserves the right to move for summary judgment on statute of limitations grounds for *all* remaining Plaintiffs at later stages of these proceedings, the six claims described below warrant summary judgment now based on the incontrovertible record now before the Court. The following Plaintiffs have admitted or shown by undisputed (and indisputable) proof that they knew about their Chinese Drywall claims years before joining the *Brooke* complaint:

13

Ross, Bourlet, Cross, Jones, and Alfonso (the "Time-Barred Plaintiffs"). The first four of the Time-Barred Plaintiffs established indisputable knowledge of their claims against Taishan by actually initiating other prior Chinese Drywall lawsuits (against *Taishan*) many years prior to joining the current *Brooke* action. The last Time-Barred Plaintiff admitted under oath that she in fact discovered Chinese Drywall in her property years before this suit began.

Under Louisiana law, the prescriptive period for products liability claims is one year. La. Civ. Code art. 3492. Typically, the prescriptive period begins to run from the day the injury or damage is sustained. *Carter v. Matrixx Initiatives, Inc.,* 391 Fed.Appx. 343, 344 (5th Cir. 2010). In these cases, the alleged damage occurred at the time of the installation of Chinese Drywall in the properties at issue. However, Louisiana law recognizes the doctrine of *contra non valentem,* under which the prescriptive period does not begin to run until a plaintiff has "actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Bailey v. Khoury*, 04-0620, p. 10 (La. 1/20/05); 891 So. 2d 1268, 1276. "[T]he prescriptive period commences when there is enough notice to call for an inquiry about a claim, not when an inquiry reveals the facts or evidence that specifically outline the claim." *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 300 (5th Cir. 1999). "[T]he doctrine . . . only suspends the running of prescription during the period of time when the action was not reasonably knowable by the plaintiff." *Bowers v. Orleans Parish School Board*, 95-2530, p. 16 (La. App. 4 Cir. 05/29/96); 694 So.2d 967, 973. As described below, the alleged injuries to the Time-Barred Plaintiffs from Chinese Drywall were absolutely known to them for well over a year prior to their joining of this *Brooke* action.

### A. Terrence and Rhonda Ross

As described in the section III.D. above, the Rosses filed a lawsuit ***naming Taishan as the defendant*** in Louisiana state court on January 22, 2014, about 20 months prior to suing Taishan ***again*** in the *Brooke* complaint in this Court. Against this record, there can be no argument that the Rosses did not know they had a claim until within one year prior to the *Brooke* complaint.

Nor can the Rosses rely on their January 22, 2014 amended complaint in Jefferson Parish (which named Taishan as a defendant but was never served on them) to excuse their late filing in this case. As this Court has held, a plaintiff – even after acquiring new rights through assignment – "cannot relate back to the previously but invalidly filed original complaint" to avoid the statute of limitations. Rec. Doc. 22941 at 13-14. As subsequent purchasers, the Rosses did not have the right to sue Taishan under Louisiana law at the time they filed their January 22, 2014 Jefferson Parish amended complaint, and the Rosses' filing of this action on September 4, 2015 was outside of any measure of the one-year prescriptive period.

Nor can the Rosses rely on their purported "assignment" from C. Adams (a claim that, as explained in III.D. above, was itself time-barred at the time of the February 4, 2014 assignment). Even assuming that the C. Adams claim was *not* time-barred at the time of the assignment, the Rosses did not file *that* claim against Taishan until September 4, 2015 – more than one year after the assignment from C. Adams – which would again place the claim (assuming it was valid when "assigned") outside of the one-year prescriptive period.

The delinquency of the Rosses claim – whether couched as their own claim or the assigned claim of C. Adams – is clear and obvious. It must be dismissed.

### B.  The *Little* Plaintiffs:  Joseph Bourlet, Gregory Cross, and Howard Jones

Years before the filing of the *Brooke* complaint, three Plaintiffs – Joseph Bourlet, Gregory Cross, and Howard Jones (the "*Little* Plaintiffs"), filed suit ***against Taishan*** in December 2013 in the Southern District of Alabama in the case of *Little, et al. v. Taishan Gypsum Co., Ltd., et al.* SDAL Case No. 1:13-cv-0612, ECF No. 1. The Little case was subsequently transferred to this MDL in March 2014 as EDLA Case No. 2:14-cv-00587, was never served on Taishan and was subsequently abandoned. See EDLA Case No. 2:14-cv-00587, ECF No. 1. While they sat on their rights in the *Little* action, the *Little* Plaintiffs (including Bourlet, Cross, and Jones) sued Taishan a second time in the original *Brooke* complaint in the Eastern District of Louisiana on September 4, 2015. The *Little* action sat dormant for years before it was dismissed in May 2020 by the Court's Dismissal Order effectuating the Taishan Class Settlement. Rec. Doc. 22859.

The *Little* Plaintiffs cannot use the abandoned *Little* lawsuit to salvage their late claims here.  Louisiana law allows the one-year prescription period for a products liability claim to be interrupted only by "the filing of a suit in a competent court and ***in the proper venue*** or ***from service of process*** within the prescriptive period continues as long as the suit is pending." La. C.C. art. 3463 (emphasis added).  The *Little* Plaintiffs never served Taishan in the *Little* case, nor can they show that venue was proper in an Alabama court for these Louisiana claims.

But there's another reason the *Little* action hurts, not helps, the time-barred claims of the *Little* Plaintiffs in this case.  Louisiana law also states that "[i]nterruption is considered never to have occurred if the plaintiff ***abandons, voluntarily dismisses the action at any time or fails to prosecute the suit at trial***." *Id.*  An action "is abandoned when the parties fail to take any step in its prosecution or defense in the trial court ***for a period of three years***." La. C. C. P. art. 561(A)(1) (emphasis added). The record of the *Little* case shows that there was no attempt to prosecute that

16

action for nearly *four years* from Plaintiffs' Motion for Leave to file a Second Amended Complaint (Rec. Doc. 20299, filed on June 10, 2016) until the Court's dismissal of the *Little* case on May 26, 2020.[4] Rec Doc. 22859.

And while *Little* was never formally dismissed for abandonment – no formal order is required. Louisiana law is explicit that the abandonment provision "shall be operative without formal order." La. C. C. P. art. 561(A)(3). Plaintiffs' abandonment of the *Little* action, effective without any formal order, means that the *Little* case is treated as if it **never occurred** and, therefore, did not interrupt the prescriptive period on Plaintiffs Bourtlet, Cross, and Jones' claims against Taishan. *See Seaman v. Jimes*, 49,422, p. 9 (La. App. 2 Cir. 10/01/14) 150 So. 3d 948, 952. Louisiana courts have consistently held that "[i]t is not the dismissal of the first suit that causes it to lose the effect of interrupting prescription, but rather the plaintiff's allowance of three years to elapse without taking any *steps* in the prosecution of the case that renders the interruption as 'never to have occurred.' *Id.* (holding that a suit which was abandoned for lack of prosecution did not interrupt the one-year prescription period under Louisiana law, despite no formal order being entered for abandonment) (internal citations omitted). Accordingly, the Court should grant summary judgment against each of the *Little* Plaintiffs' claims.

### C. Barbara Alfonso

Unlike the first four Time-Barred Plaintiffs whose delinquencies are firmly established through the filing of prior lawsuits, Plaintiff Barbara Alfonso admitted in sworn testimony to

---

[4] A request for summons was filed by the *Little* Plaintiffs in September 2016, but service was never effectuated under the Hague Convention. Rec. Doc. 20494; 20495. Plaintiffs' Counsel in *Little* (the same counsel that still represents the *Little* Plaintiffs in this case) announced his intention to withdraw the Motion for Leave to file a Second Amended *Little* Complaint to the MDL Court prior to the November 2016 MDL Monthly Status Conference. *See* Rec. Doc. 21363. That motion was subsequently denied as moot by the Court. *Id*.

17

discovering Chinese Drywall in her property well over a year before joining this suit. Alfonso did not file her claims against Taishan until October 25, 2018 through a Motion to Intervene in the *Brooke* complaint alleging that her property located at 2412 Edgar Drive, Violet, Louisiana has been damaged due to the alleged presence of defective Chinese Drywall. Rec. Doc. 21882. In her deposition in this case, Alfonso testified that she discovered the alleged Chinese drywall in her home "six or seven years ago" after an air conditioning repair person specifically told her to check the home for Chinese Drywall during a service visit. Statement at ¶ 33. While Alfonso's PPF and SPFF assert that she completed her own drywall inspection in 2018 (within Louisiana's one-year prescription period), Alfonso's sworn testimony that she saw the Chinese Drywall in her house "six or seven years" ago after being told to look for it by an air conditioning repair person is the type of "actual notice" repeatedly held by this Court to be sufficient to run the statute of limitations on a plaintiff's claim. *See* Rec. Doc. 22823 at 11-12; 15-16 (holding that summary judgment was appropriate for multiple plaintiffs where plaintiffs were told by professional technicians that the markings on their drywall were consistent with Chinese Drywall and/or that their air condition or appliance issues may be caused by Chinese Drywall).

The Court has also rejected attempts by plaintiffs to claim, like Alfonso, that a well-timed inspection – years ***after*** they were informed of the Chinese Drywall in their homes is the proper date of claim discovery. Rec. Doc. 22823 at 28 (rejecting plaintiff's claim that, despite being told that his home contained Chinese drywall in 2011 or 2012, plaintiff's inspection of the property over four years later was the actual date of claim discovery). Here, the Court again should reject Plaintiff's attempts to salvage their claim with self-serving inspection dates. *See e.g. Love v. Motiva Enters. LLC*, 349 F. App'x 900, 903-04 (5th Cir. 2009) (holding that the district court properly disregarded statements that were inconsistent with the plaintiff's prior deposition

18

testimony). Accordingly, Alfonso's testimony establishes that her claim, filed in late 2018 falls years outside of the one-year prescriptive period which would have started in 2014 or 2015 according to her own sworn statements.

## V.  CONCLUSION

Plaintiffs' claims suffer from fatal defects under Louisiana's Subsequent Purchaser Rule and/or failure to timely file their claims within Louisiana's one-year prescriptive period. These defects require summary dismissal. Taishan respectfully requests that the Court grant its motion for summary judgment on all claims by Plaintiffs Barbara Alfonso, Kerry Barre, Joseph Bourlet, Gregory Cross, Greater NOLA Homes, LLC, Howard Jones, and Terrence and Rhonda Ross.

Dated: March 29, 2021

Respectfully submitted,

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*