# ROSS EXHIBIT C

**DIV. P**
JUDGE
LEE V. FAULKNER, JR.

## 24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NUMBER: 676-185                                      DIVISION " "

TERRENCE M. ROSS AND RHONDA B. ROSS

VERSUS

C. ADAMS CONSTRUCTION & DESIGN, L.L.C.,
STATE FARM MUTUAL INSURANCE COMPANY AND
LOUISIANA CITIZENS PROPERTY INSURANCE COMPANY

FILED:_____      _____
                                              DEPUTY CLERK

### ORIGINAL PETITION

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Terrence M. Ross and Rhonda B. Ross, individuals of the age of majority who are residents of Jefferson Parish, State of Louisiana, who respectfully shows as follows:

I.

Made Defendants herein are as follows:

A.  **C. Adams Construction & Design, L.L.C.** (hereinafter "C. Adams Construction"), a Louisiana limited liability company, whose registered office is located at 5235 Magazine Street, New Orleans, Louisiana.

B.  **State Farm Mutual Insurance Company** (hereinafter "State Farm"), a foreign insurer, authorized to do and doing business in the State of Louisiana.

C.  **Louisiana Citizens Fair Plan, d/b/a Louisiana Citizens Property Insurance Company** (hereinafter "Louisiana Citizens"), a domestic insurer authorized to do and doing business in the State of Louisiana.

II.

On or about January 3, 2007, Plaintiffs purchased immovable property located at 316 Woodvine Avenue, Metairie, Louisiana (hereinafter "The Residence") from C. Adams Construction.

III.

Prior to selling The Residence to Plaintiffs, massive renovations were made to The Residence by or on behalf of C. Adams Construction. Part of these renovations included the replacement of the interior walls and ceilings of The Residence.

IV.

During the replacement of the interior walls and ceilings, C. Adams Construction used or directed to be used foreign gypsum drywall in The Residence.

V.

During the installation of the gypsum drywall, C. Adams Construction became aware or should have been aware of defects or other problems with the foreign gypsum drywall. Despite this knowledge, C. Adams Construction continued to install, or directed to install, the foreign gypsum drywall throughout the entire or substantial majority of The Residence.

VI.

The foreign gypsum drywall installed in the residence is defective and emits levels of sulfur, methane and/or other volatile organic chemical compounds that cause corrosion of HVAC coils and refrigerator units, certain electrical wiring and plumbing components, and other household items, as well as create noxious, "rotten egg-like" odors.

VII.

C. Adams Construction, as both seller and manufacturer of the home, failed to notify Plaintiffs of the use of the defective drywall before, during or after the sale of The Residence to Plaintiffs.

VIII.

After purchasing and moving into The Residence, Plaintiffs began to experience malfunctions in their Heating, Ventilation and Air Conditioning system (hereinafter "HVAC system"), and had the coils of the HVAC system replaced on multiple occasions.

IX.

Upon further investigation, Plaintiffs uncovered the use of defective foreign gypsum drywall in The Residence purchased from C. Adams Construction.

X.

Unbeknownst to Plaintiffs, the defective condition of The Residence existed at the time C. Adams Construction delivered The Residence to Plaintiffs.

XI.

C. Adams Construction had actual knowledge that The Residence was defective, but failed to declare it to Plaintiffs. In addition, C. Adams Construction, as manufacturer of The Residence, is deemed to know of the defects in The Residence, but failed to notify Plaintiffs of the defects.

XII.

On or about May 28, 2009 the Louisiana Department of Health and Hospitals inspected the home and issued a report finding the presence of dangerous foreign defective drywall in the home.

XIII.

Upon further investigation, Plaintiff learned that defective drywall and its sulfur, methane and/or other volatile organic chemical compounds caused damage to The Residence, its component parts and the personal property contained therein, including, but not limited to corrosion of the HVAC coils, electrical wiring, plumbing components, jewelry, appliances, electronics and other household items.

XIV.

As seller of The Residence, C. Adams Construction warranted that The Residence would be free from redhibitory defects and vices.

XV.

On June 23, 2009, Plaintiffs, through undersigned counsel, sent formal demand to C. Adams Construction giving them the opportunity to repair, remedy or correct the defects in The Residence pursuant to Louisiana Civil Code article 2520, *et seq.* C. Adams Construction has failed to remedy the defects in the property as required by law.

XVI.

Hidden defects in The Residence rendered it so inconvenient that it must be presumed that Plaintiffs would not have purchased The Residence had they known of said defects or would

IMAGED AUG - 4 2009

have purchased The Residence at a drastically reduced price. Consequently, C. Adams Construction breached its warranty against redhibitory defects as set forth in Louisiana Civil Code Article 2520, *et seq.*

XVII.

C. Adams Construction is liable to plaintiff for (1) the partial return of the purchase price of The Residence, (2) reimbursement for the reasonable expenses occasioned by the sale, (3) damages, and (4) attorney's fees as set forth in Louisiana Civil Code article 2545.

XVIII.

As seller of The Residence, C. Adams Construction warranted that The Residence would be fit for its ordinary intended use.

XIX.

As The Residence was not fit for its ordinary, intended use, C. Adams Construction is liable for breach of contract and/or the warranties set forth in Louisiana Civil Code Article 2324.

XX.

C. Adams Construction was at fault for manufacturing defects in The Residence and in failing to warn Plaintiffs of defects in The Residence which ultimately led to the damages to The Residence, its component parts and Plaintiffs' household items.

XXI.

C. Adams Construction is liable to Plaintiffs for damages in under the Louisiana Products Liability Act ("LPLA") under Louisiana Revised Statute 9:2800.50, *et seq.*

XXII.

C. Adams Construction was negligent in the construction and/or sale of the residence and is liable to plaintiff for negligence and/or strict liability.

XXIII.

C. Adams Construction is liable to Plaintiffs under the following non-exclusive list of legal theories:

    A.    Breach of Contract;

    B.    Redhibition;

    C.    Strict Liability;

D.  Negligence;

E.  La. R.S. 9:2800.51, *et seq.*

F.  Intentional Infliction of Emotional Distress; and

G.  Any other legal theory proven at trial.

XXIV.

At all pertinent times, State Farm Mutual Insurance Company issued certain policies of insurance to C. Adams Construction Company that provided coverage for the damages to The Residence, its component parts, Plaintiffs' household items and any other damages for which C. Adams Construction is liable.

XXV.

As a result of said policy, State Farm Mutual Insurance Company is liable *in solido* for the damages caused by C. Adams Construction Company.

XXVI.

At all material times, Louisiana Citizens issued a policy of homeowner's insurance to Plaintiffs covering The Residence and the damages sustained caused by the defects in the home.

XXVII.

The Citizens policy at issue provided coverage to Plaintiffs on the date of loss and specifically provided coverage for dwelling, other structures, personal property, loss of use, reasonable repairs and other coverages that may become relevant during the course of these proceedings.

XXVIII.

The Louisiana Citizens policy issued to Plaintiffs provides full replacement coverage.

XXIX.

On or about March 19, 2009, Plaintiffs first discovered the presence of defective gypsum drywall in The Residence and contacted Louisiana Citizens to report the claim.

XXX.

Shortly thereafter, representatives of Louisiana Citizens inspected the property and on April 29, 2009, Louisiana Citizens sent Plaintiffs a denial of their claim.

IMAGED AUG - 4 2009

XXXI.

On June 23, 2009, Plaintiffs, through undersigned counsel, sent satisfactory Proof of Loss to Louisiana Citizens demanding payments due under the policy in accordance with Louisiana Revised Statutes 22:658 and 22:1220.

XXXII.

On July 23, 2009, Louisiana Citizens sent additional correspondence denying Plaintiffs claim arbitrarily, capriciously or without probable cause.

XXXIII.

Louisiana Citizens is in bad faith based upon its failure to adequately issue payments and/or reimbursements within thirty (30) days of satisfactory proof of loss in accordance with the applicable provisions of La. R.S. 22:658, or within sixty (60) days in accordance with La. R.S. 22:1220.

XXXIV.

Louisiana Citizens is liable to Plaintiffs under the following legal theories:

A. Breach of Contract;

B. Intentional Infliction of Emotional Distress;

C. Bad Faith Claims Adjusting;

D. Negligence; and

E. Any other legal theory proven at trial.

XXXV.

As a result of the actions or inactions of C. Adams Construction, State Farms, and Louisiana Citizens, Plaintiffs suffered the following non-exclusive list of damages:

A. Repair and remediation expenses;

B. Loss of use of The Residence/additional living expenses;

C. Diminution in value of The Residence;

D. Loss of enjoyment of The Residence;

E. Mental anguish;

F. Attorney's fees;

G. Cost of this litigation;

H   Bad faith damages under La. R.S. 22:658 and 22:1220.

I.   Any other losses which will be proven at the trial of this matter.

XXXVI.

Plaintiffs reserve the right to supplement and amend this Petition.

XXXVII.

Plaintiffs are entitled to and request trial by jury.

**WHEREFORE,** Plaintiffs therein, prays that the Petition for Damages be deemed good, valid and sufficient, that Defendants be served with a copy of this Petition and be duly cited to appear and answer same, and that after due proceedings there be judgment rendered herein in favor of Plaintiffs and against Defendants severally, jointly, and *in solido* in an amount that will fully compensate Plaintiffs for their Damages pursuant to the evidence and in accordance with the law, and for penalties, attorney's fees, all sums with legal interest thereon from the date of judicial demand until fully paid, for all cost of these proceedings, and for all other general and equitable relief allow by law.

Respectfully submitted,

*/s/ Jason R. Bonnet*
DONALD E. MCKAY (#14207)
JASON R. BONNET (#28502)
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Tel: (504) 585-7500
Fax: (504) 585-7775
***Counsel for Plaintiffs***

**PLEASE SERVE:**

**C. Adams Construction**
Through its agent for service of process    check # 46252
CHRISTOPHER P. ADAMS,    Louisiana Secretary
5235 MAGAZINE STREET    of State.
NEW ORLEANS, LA 70115    check # 46241
    Sheriff - Orleans.
**State Farm Mutual Insurance Company**
Through the Louisiana Secretary of State    check # 46253
    East Baton Rouge
**Louisiana Citizens Fair Plan**    Sheriff
d/b/a **Louisiana Citizens Property Insurance Company**
Through the Louisiana Secretary of State

IMAGED AUG - 4 2009    7 of 7