UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2:09-MD-02047 |
| | SECTION L |
| THIS DOCUMENT RELATES TO:<br>STEPHEN AND DIANE BROOKE,<br>INDIVIDUALLY, ET ALS | JUDGE FALLON |
| | MAGISTRATE JUDGE NORTH |
| VERSUS | CASE NO. 2:15-CV-04127-EEF-MBN |
| THE STATE-OWNED ASSETS SUPERVISION<br>AND ADMINISTRATION COMMISSION OF<br>THE STATE COUNCIL, ET ALS | |
| REMAINING PARTIES:<br>BARBARA ANN ALFONSO; BESSIE BARNETT;<br>KERRY BARRE; GWENDOLYN KERR BIERRIA;<br>JOSEPH BOURLET; GREGORY CROSS;<br>STEPHANIE FORTENBERRY; GREATER NOLA<br>HOMES, LLC; HOWARD JONES; AND, TERRENCE<br>ROSS AND RHONDA ROSS | |
| VERSUS | |
| BEIJING NEW BUILDING MATERIALS GROUP,<br>CO., LTD.; BEIJING NEW BUILDING MATERIALS<br>PUBLIC LIMITED CO.; CHINA NATIONAL BUILDING<br>MATERIAL CO., LTD.; TAISHAN GYPSUM CO., LTD.<br>F/K/A SHANDONG TAIHE DONGXIN CO., LTD.;<br>TAI'AN TAISHAN PLASTERBOARD CO., LTD.; AND,<br>THE STATE-OWNED ASSETS SUPERVISION AND<br>ADMINISTRATION COMMISSION OF THE STATE COUNCIL | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ROSS MEMORANDUM IN OPPOSITION TO THE
B&C MOTION FOR SUMMARY JUDGMENT**

May it please the Court:

Plaintiffs Terrence and Rhonda Ross show that the motion for summary judgment of the "B&C companies" ( R. Doc. 23071) is due to be denied. The Court has previously determined that

the B&C defendants constitute a "single business enterprise" with the Taishan defendants, and are properly joined in this matter.

### Prescription/Subsequent Purchaser Doctrine

To the extent that B&C defendants adopt and join in the prescription and subsequent purchaser doctrine arguments of the Taishan defendants (R. Doc. 20370), the Rosses adopt by reference their opposition to the motion filed by the Taishan defendants.

### Single Business Enterprise

The B&C companies' motion amounts to a collateral attack upon, or at least a request for reconsideration of, the court's previous ruling that the B&C companies constitute a single business enterprise with the Taishan defendants. The B&C companies were found subject to personal jurisdiction in the U.S. courts because they are liable with the Taishan defendants, and can properly be sued for the liabilities of the Taishan defendants. The Rosses cannot say it better than the Court has already said it (R. Doc. 20739), in a comprehensive analysis which has already been affirmed on appeal. 811 F. App'x. 910 (5th Cir. 2020). This is the law of the case, and is not subject to further dispute.

The law of the case doctrine follows from the "sound policy that when an issue is once litigated and decided, that should be the end of the matter". United States v. United States Smelting, Refining and Mining Company, 339 U.S. 186, 70 S. Ct. 537, 94 L.Ed.750 (1950). Once a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Arizona v. California, 460 U.S. 605, 103 S. Ct. 1382, 75 L.Ed.2d 318 (1983). An issue of law decided on appeal may not be re-examined by the district court on remand, or by the appellate court under subsequent appeal. United States v. Lee, 358 F.3d 315 (5th Cir. 2004).

The B&C defendants attempt another bite at this apple by contending that Taishan's begrudging funding of the class settlement demonstrates a financial independence that somehow justifies wholesale reconsideration of the court's one hundred page opinion regarding personal jurisdiction over the closely-related Chinese entities. The fact that the Taishan entities were purportedly able to pay this settlement themselves might be more impressive, if not for the acknowledged fact that the B&C entities act as guarantors on the loans that finance the operations of the Taishan entities.

The B&C companies postulate that collectability of a potential judgment is "clearly not at play here" (R. Doc. 23071-1, Memorandum in Support at Page 12). Perhaps that is so. But, the B&C motion papers certainly don't prove it to be so. And the conduct of the entities in this litigation has given the plaintiffs much cause for skepticism.

Speaking only for the Rosses, there would be much greater peace of mind as to the collectability of any judgment which might be rendered in this action if the Taishan entities were to post security against their potential liability, or if the B&C entities would execute guaranties backed by letters of credit with U.S. banks. Instead, there are only representations of counsel, which undoubtedly are made in good faith, but may or may not prove to be correct.

The Court's personal jurisdiction analysis is directly applicable to the instant motion. Indeed, that analysis amounted to reverse engineering: the exercise of personal jurisdiction was premised in large part on the determination that the B&C entities acted as a single business enterprise with the Taishan entities for purposes of liability. R. Doc. 20739 at page 37. A particularly compelling distinction from U.S. corporate operations noted within that analysis is that Chinese corporate culture is heavily influenced by the state's pervasive dominance in the Chinese economy, and by China's Confucian tradition. Undersigned counsel cannot improve upon the Court's analysis, which

considered voluminous evidence and briefing to conclude that these entities operate as a single business enterprise, and thus have joint liability. The Rosses therefore adopt that analysis (R. Doc. 20739, at pages 69-79) and the underlying submissions by reference.

## Conclusion

The status of the B&C companies as a single business enterprise has already been decided, cannot be revisited, and was correctly decided the first time. The motion for summary judgment is due to be denied.

S/KEVIN O'BRYON
KEVIN O'BRYON, LSBA 10151
O'Bryon & Schnabel
935 Gravier Street, Suite 900
New Orleans, LA 70112
Telephone: (504) 799-4200
Facsimile: (504) 799-4211

## **CERTIFICATE OF SERVICE**

A copy of the foregoing has been served on all counsel of record through a filing in the ECF/Pacer system this 19th day of April, 2021.

s/Kevin O'Bryon
KEVIN O'BRYON