UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2:09-MD-02047 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: STEPHEN AND DIANE BROOKE, INDIVIDUALLY, ET ALS | JUDGE FALLON |
| | MAGISTRATE JUDGE NORTH |
| VERSUS | CASE NO. 2:15-CV-04127-EEF-MBN |
| THE STATE-OWNED ASSETS SUPERVISION AND ADMINISTRATION COMMISSION OF THE STATE COUNCIL, ET ALS | |

REMAINING PARTIES:
BARBARA ANN ALFONSO; BESSIE BARNETT;
KERRY BARRE; GWENDOLYN KERR BIERRIA;
JOSEPH BOURLET; GREGORY CROSS;
STEPHANIE FORTENBERRY; GREATER NOLA
HOMES, LLC; HOWARD JONES; AND, TERRENCE
ROSS AND RHONDA ROSS

VERSUS

BEIJING NEW BUILDING MATERIALS GROUP,
CO., LTD.; BEIJING NEW BUILDING MATERIALS
PUBLIC LIMITED CO.; CHINA NATIONAL BUILDING
MATERIAL CO., LTD.; TAISHAN GYPSUM CO., LTD.
F/K/A SHANDONG TAIHE DONGXIN CO., LTD.;
TAI'AN TAISHAN PLASTERBOARD CO., LTD.; AND,
THE STATE-OWNED ASSETS SUPERVISION AND
ADMINISTRATION COMMISSION OF THE STATE COUNCIL
*************************************************************************

## ROSS MEMORANDUM IN OPPOSITION TO
## TAISHAN'S MOTION FOR SUMMARY JUDGMENT

May it please the Court:

    Plaintiffs Terrence and Rhonda Ross show that the motion for summary judgment of the Taishan defendants (R. Doc. 23070) is due to be denied. Prescription on the Rosses' claim has been

continuously interrupted since the filing of their state court action in 2009. And, to whatever extent the subsequent purchaser doctrine has application to their claim, they possess a valid assignment of the personal right to sue from the original owner (which claim was promptly asserted upon accrual of the cause of action).

## Prescription

The Taishan arguments regarding prescription of the Ross claim misapprehend fundamental tenets of Louisiana prescription law. The Rosses timely filed suit against a solidary obligor, which suit has continually interrupted prescription against the Taishan defendants.

As noted in the Taishan motion, the Rosses discovered the presence of Chinese drywall in their home in March, 2009. They promptly filed suit in the 24th Judicial District Court for the Parish of Jefferson against the seller/manufacturer of that home on July 30, 2009. Exhibit 1, Petition for Damages. The primary defendant was the builder who renovated the home and incorporated Chinese drywall into it, C. Adams Construction and Development, LLC. The Rosses bought the newly-renovated home from C. Adams in January, 2007, shortly after the drywall was installed in September, 2006.

In the course of discovery in that action, it was learned that the defective Chinese drywall in the home may have been manufactured by the Taishan defendants. On January 22, 2014, the Rosses amended their petition, pertinently naming the Taishan entities (Taishan Gypsum Co., Ltd., and Taian Taishan Plasterboard Co., Ltd.) as defendants liable in solido with original defendant C. Adams Construction and Development, LLC. Exhibit 2, First Supplemental and Amending Petition. The amended petition asserted both the Rosses' personal product liability cause of action and the cause of action assigned to the Rosses by C. Adams. Exhibit 2, at Paragraph XVII.

The Rosses' lawsuit in Jefferson Parish state court remains pending and active today.

Prescription is interrupted by the filing of suit in a court of competent jurisdiction and venue. La. Civil Code Art. 3462. The filing of suit in a court of competent jurisdiction and venue interrupts any kind of prescription as to the causes of action therein sued upon. La. Civil Code Art. 3462, Comment (b). The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs. La. Civil Code Art. 1799. The source of liability may be different among solidary obligors, but to the extent that they share co-extensive liability to repair elements of the same damage, suit against one interrupts prescription as to all. Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383 (La. 1993).

An interruption of prescription resulting from the filing of suit in a competent court and in the proper venue continues as long as the suit is pending. La. Civil Code Art. 3463. Defendants can point to no defect in jurisdiction or venue with respect to the Rosses' state court action. Venue is proper under La. Code of Civil Procedure Article 74, as the home is located and the damage occurred in Jefferson Parish. Jurisdiction for the civil suit is proper in the district court pursuant to La. Constitution, Article V, Section 16. The docket sheet for that action (attached to the Taishan motion as "Ross Exhibit F", R. Doc. 23070-18) demonstrates that the action has been continuously prosecuted and not abandoned.

It bears mention that Taishan's assertion that it has not been served in the state court suit is misinformed. Although plaintiffs incurred thousands of dollars of expense for translation of court documents to comply with Hague Convention service requirements, the service made upon the Taishan defendants in China went unacknowledged by Chinese authorities (similar to the MDL experience). Exhibit 3.

The foregoing is dispositive of the Taishan argument regarding prescription on the Ross claim. The mere allegation of solidarity is sufficient to defeat the exception of prescription during

the pendency of litigation, until there is a final determination at trial as to the liability of the alleged solidary obligors. Younger v. Marshall Industries, Inc., 618 So.2d 866 (La. 1993).

The discovery rule, or the fourth category of contra non valentum, delays the running of prescription until a plaintiff has actual or constructive knowledge of facts indicating to a reasonable person that he is the victim of a tort. Bailey v. Khoury, 04-0620, 04-0647, 04-0684 (La. 1/20/05), 891 So.2d 1268, 1276.

For a negligence cause of action to accrue, three elements are required: fault, causation, and damages. Austin v. Abney Mills, Inc., 2001-1598 (La. 9/4/02), 824 So.2d 1137, 1148. The damage suffered must at least be actual and appreciable in quality - that is determinable and not merely speculative. Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La. 1992). Damage is considered to have been sustained only when it has manifested itself with sufficient certainty as to support accrual of a cause of action. Cole v. Celotex Corp., 627 So.2d 1154, 1156 (La. 1993). Prescription begins to run when the plaintiff has a reasonable basis to pursue a claim against a specific defendant, and not at the earliest indication that the plaintiff may have suffered some wrong. Jordan v. Employee Transfer Corp., 509 So.2d 420 (La. 1987). In this case, the Rosses first learned in March, 2009 that the repetitive failures and replacement of their HVAC units might be related to Chinese drywall. (As documented by "Ross Exhibit A" to the Taishan motion, R. Doc. 23070-13.) Determination that the Taishan products were involved, in particular, remains uncertain, as the Taishan defendants have never conceded that the markings on the Rosses' drywall are Taishan markings.

The accrual of the cause of action for the damage done by the Chinese drywall at the Ross home cannot be simplistically attributed to the date of installation. The damage resulting from the defective drywall product was not immediate, but gradual, and did not become manifest for months

thereafter, until after the Rosses had acquired ownership of the property (approximately four months passed between the installation of the drywall and the sale from C. Adams to the Rosses). Ascertainment of the connection between the defective drywall and the corrosion experienced by metal components within the home took much longer; the Rosses had owned the home for more than two years before discovering that the source of their difficulties was the Chinese drywall.

Upon seeing a newscast about the effects of Chinese drywall, and being aware of similar effects in their home, the Rosses promptly contacted the Louisiana Department of Health to inspect their home, and learned that it had Chinese drywall. Exhibit 4, Report. Pursuant to the discovery rule, prescription on the Rosses' claim began to run in 2009. Suit promptly followed.

While the foregoing is dispositive of the issue of prescription, the Rosses additionally adopt by reference the argument of their fellow Brooke plaintiffs regarding equitable tolling pursuant to American Pipe and Construction Company v. Utah, 414 U.S. 538, 94 S. Ct. 756, 38 L.Ed.2d 713 (1974). Equitable tolling provides a redundant basis to find that the pending claims are not prescribed, but timely.

## Subsequent Purchaser Doctrine

Taishan's contentions regarding the applicability of the subsequent purchaser doctrine to the Rosses are similarly misplaced. The Rosses are possessed of a clear and explicit assignment of the personal right to sue the Taishan defendants from the prior owner of the property, who purchased and installed the defective Taishan products.

On February 3, 2014, as part of a settlement agreement, C. Adams Construction and Design, LLC assigned to Terrence M. Ross and Rhonda B. Ross "any and all additional rights of recovery and/or causes of action it has or may have against the manufacturers, distributors and vendors of the Chinese drywall installed or incorporated in the premises" at 316 Woodvine Avenue, Metairie,

Louisiana. Exhibit 5. This included "all rights in tort and contract" and specifically included "all rights against... Taishan Gypsum Co., Ltd., and Taian Taishan Plasterboard Co., Ltd.". The explicit assignment clearly satisfies the requirements of Eagle Pipe and Supply, Inc. v. Amerada Hess Corp., 2010-2267 (La. 10/25/11), 79 So.3d 246, rehearing denied.

Because the Rosses interrupted prescription on their claims against C. Adams, and all solidary obligors with C. Adams, by filing suit almost immediately upon discovery of their cause of action in 2009, and because the pendency of the state court suit operates to continuously interrupt prescription, to this day prescription cannot serve as a bar to the institution of an action against any solidary obligor. The Rosses' joinder in the Brooke complaint in 2015 is unquestionably timely.

Taishan's suggestion that C. Adams' right to claim against Taishan had already prescribed before C. Adams assigned that claim to the Rosses is incorrect. C. Adams' cause of action against the Taishan defendants is not for damages sustained by C. Adams. Instead, C. Adams' cause of action is one for indemnification and/or contribution among joint tortfeasors, for C. Adams' liability to the Rosses. C. Adams itself did not sustain any damages. It was the Rosses who suffered the damages of having to replace personal property, and to remediate the home. Prescription does not commence on a claim for indemnity until a party has sustained a loss, either through payment, settlement, or an enforceable judgment, because the cause of action for indemnity does not accrue until the indemnitee suffers a loss or damages. Reggio v. E.T.I., 2007-1433 (La. 12/12/08), 15 So.3d 951. The right to claim contribution from solidary obligors matures by operation of law, when parties make payment or are cast in judgment. Id.

While C. Adams had the right to file an incidental demand against the Taishan defendants from the time that it was first sued by the Rosses, prescription on that claim did not begin to run until C. Adams sustained damage by paying a settlement. By virtue of contemporaneously assigning its

rights against the Taishan defendants to the Rosses at the time that C. Adams paid a settlement to the Rosses, those parties effected a seamless transfer of C. Adams' rights against the Taishan defendants to the Rosses. The assigned claim was immediately asserted in the First Supplemental and Amended Petition. Exhibit 2.

Taishan's strained citation to TCC Contractors, Inc. v. Hospital Service District Number 3, 2010-0685 (La. App. 1st Cir. 12/8/10), 52 So.3d 1103, is easily distinguished. There the right sought to be assigned was of an insured's contractual claim for coverage against its own property insurer. But, the subject policy contract incorporated an explicit prohibition on the assignment of any rights thereunder, absent the prior written consent of the insurer. The insurer gave no such consent. And, by the time the assignment was executed, any rights the insured had under the policy had already prescribed. Thus, the assignment was of a right which had already been extinguished.

By contrast, the rights subject of the Ross' assignment are of rights which exist under law (La. Civil Code Arts. 1803, 1804, 1805), are not subject of any contractual limitation, and as to which prescription had not yet begun to run. Unlike the claims at issue in the Court's previous ruling on the subsequent purchaser doctrine (R. Doc. 22941), in this case the prior owner's claims were assigned, and judicially asserted, before the Brooke action was filed. And, the assertion of the prior owner's contribution/indemnity claims was contemporaneous with the accrual of those claims.

Although the above is dispositive of the application of the subsequent purchaser doctrine to the Ross' claim, it should be noted that the doctrine can only partially apply to the Rosses' claim, based on the time that the property sustained damage so as to trigger accrual of the Rosses' cause of action.

As stated in Eagle Pipe, a property owner "...has no right or actual interest in recovering from a third party for damage *which was inflicted upon the property before his purchase,...*" absent

an assignment of rights. 789 So. 3d at 256 (emphasis added). Each successive owner of the property has a right to sue for the damage to the property which occurred during his ownership. Eagle Pipe, supra, 789 So. 3d at 264, citing to Clark v J. L. Warner Co., 6 La. Ann. 408 (1851). The damage to interior components and personal property resulting from the off-gassing of the Chinese drywall occurred gradually over several years, until the home was remediated. Almost all of that damage occurred after the Rosses' purchase of the newly-renovated home. Any allocation of that damage would necessarily find that all or almost all occurred during the Rosses' ownership.

Regardless of whether the right to claim all or any part of the damage to the property belonged to the prior owner or to the Rosses, the claim has been timely asserted. The cause of action became unified with the assignment of C. Adams' rights to the Rosses.

## Conclusion

The Rosses' state court suit against a solidary obligor continuously interrupted prescription on their claims against the Taishan defendants. The Rosses obtained an explicit and valid assignment of the original owner's rights against the Taishan defendants. Those rights were not prescribed, because prescription had not yet begun to run on the original owner's contribution and indemnity claims against the Taishan defendants when the assignment was executed. The motion for summary judgment is due to be denied.

S/KEVIN O'BRYON
KEVIN O'BRYON, LSBA 10151
O'Bryon & Schnabel
935 Gravier Street, Suite 900
New Orleans, LA 70112
Telephone: (504) 799-4200
Facsimile: (504) 799-4211

## **CERTIFICATE OF SERVICE**

A copy of the foregoing has been served on all counsel of record through a filing in the ECF/Pacer system this 19th day of April, 2021.

s/Kevin O'Bryon
KEVIN O'BRYON
