# DIV. P
## JUDGE
### LEE V. FAULKNER, JR.

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER: 676-185                                    DIVISION "    "

TERRENCE M. ROSS AND RHONDA B. ROSS

VERSUS

C. ADAMS CONSTRUCTION & DESIGN, L.L.C.,
STATE FARM MUTUAL INSURANCE COMPANY AND
LOUISIANA CITIZENS PROPERTY INSURANCE COMPANY

FILED: _____        _____
                                        DEPUTY CLERK

## ORIGINAL PETITION

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Terrence M. Ross and Rhonda B. Ross, individuals of the age of majority who are residents of Jefferson Parish, State of Louisiana, who respectfully shows as follows:

I.

Made Defendants herein are as follows:

A.    **C. Adams Construction & Design, L.L.C.** (hereinafter "C. Adams Construction"), a Louisiana limited liability company, whose registered office is located at 5235 Magazine Street, New Orleans, Louisiana.

B.    **State Farm Mutual Insurance Company** (hereinafter "State Farm"), a foreign insurer, authorized to do and doing business in the State of Louisiana.

C.    **Louisiana Citizens Fair Plan, d/b/a Louisiana Citizens Property Insurance Company** (hereinafter "Louisiana Citizens"), a domestic insurer authorized to do and doing business in the State of Louisiana.

II.

On or about January 3, 2007, Plaintiffs purchased immovable property located at 316 Woodvine Avenue, Metairie, Louisiana (hereinafter "The Residence") from C. Adams Construction.

AUG 0 4 2009

IMAGED AUG - 4 2009

ISSUED 3 Cot p t
DATE 8.6.09
            Deputy Clerk

1 of 7

IMAGED AUG 18 2009

**EXHIBIT**
1

III.

Prior to selling The Residence to Plaintiffs, massive renovations were made to The Residence by or on behalf of C. Adams Construction. Part of these renovations included the replacement of the interior walls and ceilings of The Residence.

IV.

During the replacement of the interior walls and ceilings, C. Adams Construction used or directed to be used foreign gypsum drywall in The Residence.

V.

During the installation of the gypsum drywall, C. Adams Construction became aware or should have been aware of defects or other problems with the foreign gypsum drywall. Despite this knowledge, C. Adams Construction continued to install, or directed to install, the foreign gypsum drywall throughout the entire or substantial majority of The Residence.

VI.

The foreign gypsum drywall installed in the residence is defective and emits levels of sulfur, methane and/or other volatile organic chemical compounds that cause corrosion of HVAC coils and refrigerator units, certain electrical wiring and plumbing components, and other household items, as well as create noxious, "rotten egg-like" odors.

VII.

C. Adams Construction, as both seller and manufacturer of the home, failed to notify Plaintiffs of the use of the defective drywall before, during or after the sale of The Residence to Plaintiffs.

VIII.

After purchasing and moving into The Residence, Plaintiffs began to experience malfunctions in their Heating, Ventilation and Air Conditioning system (hereinafter "HVAC system"), and had the coils of the HVAC system replaced on multiple occasions.

IX.

Upon further investigation, Plaintiffs uncovered the use of defective foreign gypsum drywall in The Residence purchased from C. Adams Construction.

IMAGED AUG - 4 2009

X.

Unbeknownst to Plaintiffs, the defective condition of The Residence existed at the time C. Adams Construction delivered The Residence to Plaintiffs.

XI.

C. Adams Construction had actual knowledge that The Residence was defective, but failed to declare it to Plaintiffs. In addition, C. Adams Construction, as manufacturer of The Residence, is deemed to know of the defects in The Residence, but failed to notify Plaintiffs of the defects.

XII.

On or about May 28, 2009 the Louisiana Department of Health and Hospitals inspected the home and issued a report finding the presence of dangerous foreign defective drywall in the home.

XIII.

Upon further investigation, Plaintiff learned that defective drywall and its sulfur, methane and/or other volatile organic chemical compounds caused damage to The Residence, its component parts and the personal property contained therein, including, but not limited to corrosion of the HVAC coils, electrical wiring, plumbing components, jewelry, appliances, electronics and other household items.

XIV.

As seller of The Residence, C. Adams Construction warranted that The Residence would be free from redhibitory defects and vices.

XV.

On June 23, 2009, Plaintiffs, through undersigned counsel, sent formal demand to C. Adams Construction giving them the opportunity to repair, remedy or correct the defects in The Residence pursuant to Louisiana Civil Code article 2520, *et seq.* C. Adams Construction has failed to remedy the defects in the property as required by law.

XVI.

Hidden defects in The Residence rendered it so inconvenient that it must be presumed that Plaintiffs would not have purchased The Residence had they known of said defects or would

IMAGED AUG - 4 2009

have purchased The Residence at a drastically reduced price. Consequently, C. Adams Construction breached its warranty against redhibitory defects as set forth in Louisiana Civil Code Article 2520, *et seq.*

### XVII.

C. Adams Construction is liable to plaintiff for (1) the partial return of the purchase price of The Residence, (2) reimbursement for the reasonable expenses occasioned by the sale, (3) damages, and (4) attorney's fees as set forth in Louisiana Civil Code article 2545.

### XVIII.

As seller of The Residence, C. Adams Construction warranted that The Residence would be fit for its ordinary intended use.

### XIX.

As The Residence was not fit for its ordinary, intended use, C. Adams Construction is liable for breach of contract and/or the warranties set forth in Louisiana Civil Code Article 2324.

### XX.

C. Adams Construction was at fault for manufacturing defects in The Residence and in failing to warn Plaintiffs of defects in The Residence which ultimately led to the damages to The Residence, its component parts and Plaintiffs' household items.

### XXI.

C. Adams Construction is liable to Plaintiffs for damages in under the Louisiana Products Liability Act ("LPLA") under Louisiana Revised Statute 9:2800.50, *et seq.*

### XXII.

C. Adams Construction was negligent in the construction and/or sale of the residence and is liable to plaintiff for negligence and/or strict liability.

### XXIII.

C. Adams Construction is liable to Plaintiffs under the following non-exclusive list of legal theories:

A.    Breach of Contract;

B.    Redhibition;

C.    Strict Liability;

IMAGED AUG - 4 2009        4 of 7

D.    Negligence;

E.    La. R.S. 9:2800.51, *et seq.*

F.    Intentional Infliction of Emotional Distress; and

G.    Any other legal theory proven at trial.

### XXIV.

At all pertinent times, State Farm Mutual Insurance Company issued certain policies of insurance to C. Adams Construction Company that provided coverage for the damages to The Residence, its component parts, Plaintiffs' household items and any other damages for which C. Adams Construction is liable.

### XXV.

As a result of said policy, State Farm Mutual Insurance Company is liable *in solido* for the damages caused by C. Adams Construction Company.

### XXVI.

At all material times, Louisiana Citizens issued a policy of homeowner's insurance to Plaintiffs covering The Residence and the damages sustained caused by the defects in the home.

### XXVII.

The Citizens policy at issue provided coverage to Plaintiffs on the date of loss and specifically provided coverage for dwelling, other structures, personal property, loss of use, reasonable repairs and other coverages that may become relevant during the course of these proceedings.

### XXVIII.

The Louisiana Citizens policy issued to Plaintiffs provides full replacement coverage.

### XXIX.

On or about March 19, 2009, Plaintiffs first discovered the presence of defective gypsum drywall in The Residence and contacted Louisiana Citizens to report the claim.

### XXX.

Shortly thereafter, representatives of Louisiana Citizens inspected the property and on April 29, 2009, Louisiana Citizens sent Plaintiffs a denial of their claim.

IMAGED AUG – 4 2009

### XXXI.

On June 23, 2009, Plaintiffs, through undersigned counsel, sent satisfactory Proof of Loss to Louisiana Citizens demanding payments due under the policy in accordance with Louisiana Revised Statutes 22:658 and 22:1220.

### XXXII.

On July 23, 2009, Louisiana Citizens sent additional correspondence denying Plaintiffs claim arbitrarily, capriciously or without probable cause.

### XXXIII.

Louisiana Citizens is in bad faith based upon its failure to adequately issue payments and/or reimbursements within thirty (30) days of satisfactory proof of loss in accordance with the applicable provisions of La. R.S. 22:658, or within sixty (60) days in accordance with La. R.S. 22:1220.

### XXXIV.

Louisiana Citizens is liable to Plaintiffs under the following legal theories:

A.    Breach of Contract;

B.    Intentional Infliction of Emotional Distress;

C.    Bad Faith Claims Adjusting;

D.    Negligence; and

E.    Any other legal theory proven at trial.

### XXXV.

As a result of the actions or inactions of C. Adams Construction, State Farms, and Louisiana Citizens, Plaintiffs suffered the following non-exclusive list of damages:

A.    Repair and remediation expenses;

B.    Loss of use of The Residence/additional living expenses;

C.    Diminution in value of The Residence;

D.    Loss of enjoyment of The Residence;

E.    Mental anguish;

F.    Attorney's fees;

G.    Cost of this litigation;

IMAGED AUG - 4 2009

H       Bad faith damages under La. R.S. 22:658 and 22:1220.

I.      Any other losses which will be proven at the trial of this matter.

XXXVI.

Plaintiffs reserve the right to supplement and amend this Petition.

XXXVII.

Plaintiffs are entitled to and request trial by jury.

**WHEREFORE,** Plaintiffs therein, prays that the Petition for Damages be deemed good, valid and sufficient, that Defendants be served with a copy of this Petition and be duly cited to appear and answer same, and that after due proceedings there be judgment rendered herein in favor of Plaintiffs and against Defendants severally, jointly, and *in solido* in an amount that will fully compensate Plaintiffs for their Damages pursuant to the evidence and in accordance with the law, and for penalties, attorney's fees, all sums with legal interest thereon from the date of judicial demand until fully paid, for all cost of these proceedings, and for all other general and equitable relief allow by law.

Respectfully submitted,

**DONALD E. MCKAY (#14207)**
**JASON R. BONNET (#28502)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  (504) 585-7500
Fax:  (504) 585-7775
*Counsel for Plaintiffs*

**PLEASE SERVE:**

**C. Adams Construction**
Through its agent for service of process,
CHRISTOPHER P. ADAMS,
5235 MAGAZINE STREET
NEW ORLEANS, LA 70115

**State Farm Mutual Insurance Company**
Through the Louisiana Secretary of State

**Louisiana Citizens Fair Plan**
d/b/a Louisiana Citizens Property Insurance Company
Through the Louisiana Secretary of State

*[handwritten annotations]: Check # 46252 Lousiana Secretary of state. Check # 46241 Sheriff - Orleans. Check # 46253 East Baton Rouge Sheriff*

IMAGED AUG - 4 2009        7 of 7

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

P11858



CODED   FILE FOR RECORD

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 676-185                                                    DIVISION "P"

TERRENCE M. ROSS AND RHONDA B. ROSS

VERSUS

C. ADAMS CONSTRUCTION AND DESIGN, LLC, STATE FARM MUTUAL
INSURANCE COMPANY AND LOUISIANA CITIZENS PROPERTY
INSURANCE COMPANY

FILED: _____          _____
                                                          DEPUTY CLERK

**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come plaintiffs, Terrence M. Ross and

Rhonda B. Ross, individuals of the age of majority domiciled in the Parish of Jefferson, State of

Louisiana, and supplement, amend and re-state their petition for damages, as follows:

1.

Made defendants herein are:

a.   C. Adams Construction & Design, LLC, a domestic
     limited liability company with registered office in the
     Parish of Orleans, State of Louisiana;

b.   State Farm Fire & Casualty Company, a foreign
     insurer authorized to do and doing business in the
     State of Louisiana;

c.   Interior/Exterior Building Supply, L.P., a domestic
     limited partnership with registered office in the Parish
     of Orleans, State of Louisiana;

d.   Knauf Insulation GMBH a/k/a Knauf USA ("Knauf
     USA"), a foreign corporation not authorized to do but
     doing business in the State of Louisiana;

e.   Knauf Gips KG, a German corporation not authorized
     to do but doing business in the State of Louisiana;

f.   Knauf International GmbH, a German corporation not
     authorized to do but doing business in the State of
     Louisiana;

**EXHIBIT**

2

IMAGED JAN 2 4 2014

g.   Knauf Plasterboard Tianjin Co., Ltd., a Chinese corporation not authorized to do but doing business in the State of Louisiana;

h.   Taishan Gypsum Co., Ltd., a Chinese corporation not authorized to do but doing business in the State of Louisiana; and,

i.   Taian Taishan Plasterboard Co., Ltd., a Chinese corporation not authorized to do but doing business in the State of Louisiana.

II.

On or about January 3, 2007, plaintiffs purchased immovable property with improvements bearing municipal number 316 Woodvine Avenue, Metairie, Louisiana from defendant C. Adams Construction & Design, LLC.

III.

Before selling the property to plaintiffs, C. Adams Construction performed substantial renovations to the improvements, including but not limited to the replacement of the interior walls and ceilings with gypsum drywall products manufactured in China by Knauf Plasterboard Tianjin Co., Ltd. and/or Taian Taishan Plasterboard Co., Ltd.

IV.

The Chinese drywall installed in the residence was defective, and omitted levels of sulphur and other volatile chemical compounds that caused corrosion of metallic components and property within the building, and presented a risk to human health and respiratory systems.

V.

C. Adams Construction had actual knowledge that the defective Chinese drywall had been incorporated in the improvements on the property, and as manufacturer of the property was deemed to know of the defect, but failed to disclose it to the plaintiffs.

VI.

After purchasing and moving into the home, plaintiffs began to experience malfunctions in their HVAC system. The damage was caused by a characteristic of the Chinese drywall product that

- 2 -

IMAGED
JAN 24 2014

rendered it unreasonably dangerous for its reasonably anticipated use, and unreasonably dangerous due to failure to warn.

VII.

In approximately March, 2009, plaintiffs learned through media reports that Chinese drywall products were the cause of similar problems experienced by other property owners. Plaintiffs promptly investigated the situation. On or about May 28, 2009, the Louisiana Department of Health & Hospitals inspected the property and confirmed the presence of dangerous and defective Chinese drywall in the home.

VIII.

The hidden defects in the home rendered it so inconvenient that it must be presumed that plaintiffs would not have purchased it had they known of the defect, or alternatively, would have purchased the home at a drastically reduced price.

IX.

State Farm Fire & Casualty Company is the insurer of, and is liable in solido with, C. Adams Construction & Design, LLC.

X.

C. Adams Construction & Design, LLC purchased most of the defective Chinese drywall product utilized in the home from Interior/Exterior Building Supply, LP in August, 2006, and gave the vendor notice of the sub-standard nature of the Chinese drywall product during the course of installation.

XI.

Interior/Exterior knew or should have known of the defective nature of the product it sold, but issued no warnings or other disclosure. Interior/Exterior negligently failed to perform any material investigation, testing, sampling and/or inspection of the defective product it sold.

XII.

Interior/Exterior sold drywall that was manufactured in China by the Knauf companies. The availability and suitability of that drywall was promoted and marketed by Knauf Insulation GMBH

- 3 -

IMAGED JAN 2 4 2014

a/k/a Knauf USA, an American distributor of Knauf products and the parent, subsidiary and/or alter ego of the other Knauf defendants. Interior/Exterior's purchases of Chinese drywall were initiated, arranged and facilitated by Knauf USA.

### XIII.

At all materials times, Knauf USA presented itself as representing, speaking for, aligned with and part of the Knauf companies, and was the actual and/or apparent agent of the Knauf companies.

### XIV.

Knauf Gips KG and Knauf International GmbH are parents, subsidiaries and/or alter egos of Knauf USA and the Chinese Knauf corporations. All Knauf defendants constitute a single business enterprise which acted in concert to facilitate and accomplish the sale of Chinese Knauf drywall products to American drywall suppliers, and specifically to Interior/Exterior, for use in Louisiana.

### XV.

Taishan Gypsum Co., Ltd. is the sole owner and alter ego of Taian Taishan Plasterboard Co., Ltd. The two entities constitute a single business enterprise which knowingly manufactured and sold defective Chinese drywall products to Louisiana purchasers for use in Louisiana.

### XVI.

The Knauf and Taishan companies breached their contract by manufacturing and selling a product that was defective and dangerous in construction and composition, defectively designed and manufactured, and lacked adequate warning of the defects associated with the product.

### XVII.

The claims asserted against Interior/Exterior and the Knauf and Taishan entities are asserted directly, and in plaintiffs' capacity as the subrogees and assignees of C. Adams Construction & Design, LLC.

### XIII.

As a result of the acts and omissions of all of the defendants, plaintiffs suffered the following non-exclusive damages:

- 4 -

a.   Repair and remediation expense;

b.   Additional expense and loss of use of the home;

c.   Diminution in value of the home;

d.   Loss of enjoyment of the home;

e.   Mental anguish;

f.   Attorneys fees;

g.   Any other losses which may be proven at trial.

XIX.

The plaintiffs are entitled to and request trial by jury as to all issues.

WHEREFORE, plaintiffs, Terrence M. Ross and Rhonda B. Ross, pray that this first supplemental and amending petition be filed and served, for trial by jury, and that after all due proceedings had there be judgment herein in their favor and against the defendants, C. Adams Construction & Design, LLC, State Farm Fire & Casualty Company, Interior/Exterior Building Supply, LP, Knauf Insulation GMBH a/k/a Knauf USA, KnaufGips KG, Knauf International GmbH, Knauf Plasterboard Tianjin Co., Ltd., Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd., in solido, for such damages as may be proven at the time of trial, together with legal interest from date of judicial demand and all costs of this action, and such other general and equitable relief as may be appropriate.

KEVIN O'BRYON, LSBA 10151
O'Bryon & Schnabel, PLC
1010 Common Street, Suite 1950
New Orleans, LA 70112
Telephone: (504) 799-4200
Facsimile: (504) 799-4211

**O R D E R**

Let the foregoing first supplemental and amended petition be filed as prayed for.

Gretna, Louisiana this _____ day of January, 2014.

JUDGE

- 5 -

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

**Kevin O'Bryon**

| | |
|---|---|
| **From:** | Judy A. Nunn <NunnJ@CivilActionGroup.com> |
| **Sent:** | Wednesday, March 4, 2015 10:34 AM |
| **To:** | Kevin O'Bryon |
| **Subject:** | RE: APS #272573-2-3-4   Ross v C. Adams Construction |

Hi Kevin~

Thank you for your email. I appreciate the heads-up.

As April 8th draws near, we can continue to wait for the proofs to arrive. Or, I can provide you with the documentation to apply for a default judgment. If we provide the documentation to apply for a default judgment, additional fees will apply to translate the proofs when (or if) they arrive later.

I will check with you after April 8th to confirm what you would like done at that time.

Thank you again and have a great day!

Judy

**From:** Kevin O'Bryon [mailto:kob@obryonlaw.com]
**Sent:** Tuesday, March 03, 2015 4:13 PM
**To:** Judy A. Nunn
**Subject:** APS #272573-2-3-4 Ross v C. Adams Construction

Judy-

Thanks for your note of 2/25/15.
Be advised that, although I have not received service return documentation regarding defendant Knauf Plasterboard Tianjin Co., Ltd., that entity has filed responsive pleadings in my US lawsuit.
So, I believe that that entity has been served.

It appears that I will need documentation to apply for a default judgment against the other two Chinese entities:
Taishan Gypsum Co., Ltd.; and,
Taian Taishan Plasterboard Co., Ltd.

**Kevin O'Bryon**
Partner
O'Bryon & Schnabel, PLC
1010 Common Street, Suite 1950
New Orleans, LA 70112
Tel: (504) 799-4200
Fax: (504) 799-4211
e-mail: kob@obryonlaw.com
Website: www.obryonlaw.com

**EXHIBIT**
3

1

**Kevin O'Bryon**

| | |
|---|---|
| **From:** | Judy A. Nunn [NunnJ@CivilActionGroup.com] |
| **Sent:** | Monday, January 05, 2015 7:33 AM |
| **To:** | Kevin O'Bryon |
| **Subject:** | RE: APS #272573-002, 3 & 4 |

Hi Kevin~

We are waiting on China. Service and return of proof normally takes 6-8 months and occasionally longer.

Thank you.

Judy

**From:** Kevin O'Bryon [mailto:kob@obryonlaw.com]
**Sent:** Friday, January 02, 2015 10:02 AM
**To:** Judy A. Nunn
**Subject:** APS #272573-002, 3 & 4

Judy-

I haven't heard anything further about the services APS sent out to China for me in August.
That may be routine, but I just thought I'd follow up in case there is anything I can or should be doing (other than waiting).

KEVIN O'BRYON
PARTNER
O'BRYON & SCHNABEL, PLC
1010 COMMON STREET, SUITE 1950
NEW ORLEANS, LA 70112
TEL: (504) 799-4200
FAX: (504) 799-4211
E-MAIL: KOB@OBRYONLAW.COM
WEBSITE: WWW.OBRYONLAW.COM




Kevin Cramer O'Bryon

THIS E-MAIL TRANSMISSION, AND ANY DOCUMENTS, FILES OR E-MAIL MESSAGES ATTACHED TO IT, MAY CONTAIN CONFIDENTIAL INFORMATION THAT IS ATTORNEY WORK PRODUCT OR LEGALLY PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY OF THE INFORMATION CONTAINED IN OR ATTACHED TO THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US BY TELEPHONE 504 799 4200 (FAX 504 799 4211) IMMEDIATELY, AND DESTROY THE ORIGINAL TRANSMISSION AND ITS ATTACHMENTS WITHOUT READING THEM.

# APS International, Ltd.

APS International Plaza • 7800 Glenroy Rd.
Minneapolis, MN  55439-3122

(952) 831-7776
Fax (952) 831-8150
Toll Free (800) 328-7171

August 19, 2014

**www.CivilActionGroup.com**

O'BRYON & SCHNABEL
Mr. Kevin O'Bryon
1010 Common St., Ste. 1950
New Orleans, LA  70112

| | |
|---|---|
| APS File #: | 272573-0002, -0003 & -0004 |
| Your Ref. #: | 41646 |
| Case Name: | Ross  v  C. Adams Construction and Design, LLC |
| Defendant: | Knauf Plasterboard Tianjin Co., Ltd., Taishan Gypsum Co., Ltd. & |
| | Taian Taishan Plasterboard Co., Ltd. |
| Country: | China |

Dear Mr. O'Bryon:

Enclosed please find the translations of your pleadings with respect to the above entitled action.
Your documents are presently abroad for service.  As soon as we learn of service being perfected,
we will contact your office.

Remember:  APS can handle all your translation needs.  APS routinely translates business
manuals, correspondence, evidentiary responses, etc. to and from English for our law firm,
insurance and corporate clients.  Call us for a quote, or email Trans@CivilActionGroup.com.

Thank you for using APS International.

Sincerely,

Judy Nunn
International Division
JNunn@CivilActionGroup.com
My direct extension is:  340



# STATE OF LOUISIANA
# DEPARTMENT OF HEALTH AND HOSPITALS



LOUISIANA
Department of
HEALTH and
HOSPITALS
Alan Levine
SECRETARY

Bobby Jindal
GOVERNOR

May 28, 2009

Mr. and Mrs. Ross
316 Woodvine Ave.
Metairie, LA 70005

Dear Mr. and Mrs. Ross,

Thank you for allowing the Louisiana Department of Health and Hospitals to visit your home. As you know, we conducted a visual assessment of your home and its surroundings in order to document the conditions that you reported to us related to foreign drywall.

Our visual assessment supports a conclusion of the presence of foreign drywall in your home. A summary of the information we collected while at your home is provided for your records.

This assessment will help us to better define the extent of the foreign drywall problem throughout the State of Louisiana, and our observations will be shared with our federal partners who are investigating this issue on a national level.

The Louisiana Department of Health and Hospitals is working with the US Centers for Disease Control and Prevention to develop foreign drywall fact sheets for residents and medical professionals. This information will be finalized soon and will be sent to your home address.

Thank you again for your cooperation in this investigation. If you have any questions or concerns, please do not hesitate to call us at 1-888-293-7020.

Sincerely,

Darcie Olexia

Darcie Olexia, M.S.P.H.
Environmental Health Scientist
Louisiana Department of Health and Hospitals, Office of Public Health
Section of Environmental Epidemiology and Toxicology

P - 16000



EXHIBIT
4

**Walk-through Checklist for Foreign Drywall**                          (ver 5/12/09)

Name Mr. and Mrs. Ross
Address 316 Woodvine Ave. Metairie, LA 70005
Phone 504-883-5764
Date: 5/13/09
Time In: 10:40 am
Time Out: 11:40 am

**ODORS**

☐ Sulfur (match strike)          ☐ Rotten egg/sewer gas
☐ Other                          ☐ Location of odor _____
☐ Dissipation of odor during visit? _____
☐ When do you smell the odor most often? _____

Staff did not detect a distinct odor in the home. Mrs. Ross stated that she did not notice that the odor was prevalent during any time of the day. She stated that the smell was worse during hot and humid weather.

**EVALUATION OF AIR CONDITIONING UNIT & COMPRESSED FREON LINE**

☒ Age of A/C evaporator coil in air handling unit fall 2008 _____
☒ Replacement of A/C evaporator coil  ☒ How many times? 3  (3 units = 9 coils) _
☐ Black corrosion of the coil (attach photos)
☒ Replacement of Freon  ☒ How often? 3 _____
☒ Black corrosion on the compressed Freon line (attach photos)
    *This copper line is approximately ¼ inch in diameter and can be easily viewed without opening the
    air handling unit or removing any panels. If the air handler is in an interior closet or garage, go to it
    and look at the un-insulated copper line going into the air handler. If the air handler is located in the
    attic or crawlspace, it is less common to find corrosion on the un-insulated Freon line.

**EVALUATION OF ELECTRICAL WIRING**

☐ Black corrosion of un-insulated ground wires in main breaker panel (attach photos)
    ☐ Location_____

☒ Black corrosion at light switches (attach photos)
    ☒ Location  upstairs office _____

☐ Black corrosion of electrical outlets (attach photos)
    ☐ Location_____

☐ Professional inspector or licensed electrician/technician to confirm corrosion

P - 00092

## EVALUATION OF OTHER METAL SURFACES

☐ Corrosion of copper, brass or metallic surfaces in kitchen: (attach photos)
    ☐ sinks    ☐ faucets    ☐ plumbing/valves

☐ Corrosion of copper, brass or metallic surfaces in bath: (attach photos)
    ☐ sinks    ☐ faucets    ☐ plumbing/valves    ☐ mirror trim

☒ Corrosion of copper, brass or metallic surfaces at water heater (attach photos)

☒ Corrosion of metal jewelry, ornamental fixtures (attach photos)
    ☒ Location Walk-in closet in master bedroom.

*Staff also noticed corrosion of silverware that was located in dining room, and pitting on light fixture in master bedroom.

* Nails on roof are corroding. The nails are galvanized. The corrosion was identified during when the roofers came to check for leaks. The homeowners have not replaced the nails because they continue to corrode. The sprayer in the kitchen had to be replaced.

## EVALUATION OF DRYWALL

☒ Imported drywall with "Made in China" markings (attach photos)
    ☒ Location Attic

☐ Imported drywall with "Knauff" markings (attach photos)
    ☐ Location_____

☐ Imported drywall with "Knauff Tianjin" markings (attach photos)
    ☐ Location_____

☐ Other markings (attach photos)
    ☐ Location_____

*Identifying drywall made in China may be the most difficult and possibly inconclusive. This requires cutting holes in walls and finding those markings are not guaranteed. Homes can have drywall from multiple manufacturers, American and imported. It is possible that the imported drywall was installed on the ceiling. Markings may be located under the insulation in the attic space. Some drywall has no marking at all.

## EVALUATION OF FAILURE OF ELECTRONIC DEVICES/SMOKE ALARM

☒ Failure of electronic devices (attach photos)
    ☒ television    ☐ computer    ☒ microwave    ☒ other appliance (dishwasher (motor went out) , CD player)

☐ Failure of smoke alarm (attach photos)

P - 00093

**COMMENTS:**

*Health Problems:* Mrs. Ross' mother was living in the home and died on May 2, 2009.  She had heart disease and COPD.  Her mother's physician stated that Mrs. Ross' mother's condition may have been worsened due to dry wall exposure.  Mrs. Ross stated that she has allergies and has been experiencing burning eye sensations.  She is currently using eye drops. Mrs. Ross also stated that her symptoms are more noticeable when it is humid.   She also stated that her dog is having respiratory problems and is currently taking Atopicia.

*Relocation:* The family is having the home gutted completely in 30-40 days.  The family will be moving from the home until the home is completely renovated.

*Dry wall Distributor:* Homeowner informed the staff that the drywall was purchased from Interiors/Exteriors.

*Sampling:* Citizens insurance company collected a drywall sample for their analysis/records.

## RECEIPT AND RELEASE WITH INDEMNITY

For and in consideration of payment to me on behalf of the parties released of the total sum of TWO HUNDRED FIFTY THOUSAND AND NO/100'S ($250,000.00) DOLLARS, of which $200,000.00 is paid by State Farm Fire & Casualty Insurance Company on behalf of C. Adams Construction & Design, LLC, and $50,000.00 is paid by or on behalf of another party, and the assignment hereinafter described, receipt of which I hereby acknowledge, I hereby release and forever discharge: C. Adams Construction & Design, LLC and all parties that might be liable for C. Adams Construction & Design, LLC, and all persons who might be responsible for the acts and omissions of any of said parties, and their respective insurers, including but not limited to State Farm Fire & Casualty Insurance Company (inclusive of its parent companies, subsidiary companies, affiliated companies, agents, adjusters, officers, and employees) sued herein in its capacity as the insurer of C. Adams Construction & Design, LLC; hereinafter the "Released Parties", as set forth in particular below.

I hereby release and forever discharge the Released Parties of and from any and all claims, demands, actions and causes of action, known or unknown, for: damages, compensation, medical payments, mental anguish, court costs, attorney's fees, penalties, interest, wrongful death, survivorship, funeral expense, medical expenses, property damages, contents/personal property damages, additional living expenses, general damages, special damages, punitive damages, expenses and loss of any and every kind whatever, including but not limited to any claims for damages for losses due to claims handling or for loss of consortium and/or society, whether or not of the kind enumerated, directly or indirectly sustained or suffered by me on account of, or in any way growing out of, any and all known and unknown personal injuries and/or property damage and/or losses arising from the sale, installation, incorporation or presence of Chinese drywall products in the premises bearing municipal number 316 Woodvine Avenue, Metairie, Louisiana, including, without limitation, all claims and demands made by me in the suit entitled "Terrence M. Ross and Rhonda B. Ross v. C. Adams Construction & Design, LLC, et al.", bearing docket number 676-185 "P" on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

{N0817716 -}

EXHIBIT

5

I understand that any losses, injuries and damages sustained by me may be permanent and progressive and that recovery therefrom may be uncertain and indefinite; and I understand and agree that in making this settlement and in giving this receipt and final and complete discharge and release, I am relying wholly upon my own judgment, belief and knowledge as to the nature, extent and duration of said injuries, losses and damages, and upon the advice of my advisors and my attorney, and I acknowledge that I have not been influenced in any manner in making this settlement and giving this release by any representations or statements whatever made by the parties hereby released or by anyone representing them or any of them.

**In further consideration of said payment, I agree to defend, protect, indemnify and hold harmless each of the parties released from any and every claim or demand, loss and expense of every kind, which may ever be asserted by me for my account or by anyone else arising out of my own injuries and damages as set forth above; and each of the parties released shall be entitled to plead this obligation and this release in defense of any such claim.**

**I hereby authorize my attorney of record to dismiss with prejudice at my cost, any suit or claim which I may have brought or which may have been brought in my behalf, arising out of the matters described above.**

**After consultation with my counsel, I have read this entire document and understand everything herein contained; and I am satisfied in every respect to accept said sum of money with full knowledge that in so doing, I am giving up all of the rights and claims that I have or may have against the above-released parties in consequence of said accident, injuries, and damage.** However, I reserve all rights against all others, including but not limited to Interior/Exterior Building Supply, L.P., Knauf Insulation GMBH a/k/a Knauf USA, Knauf Gips KG, Knauf International GmbH, Knauf Plasterboard Tianjin Company, Ltd., Taishan Gypsum Company, Ltd., and Taian Taishan Plasterboard Company, Ltd.

It is understood and acknowledged that it is the position of Terrance M. Ross and Rhonda B. Ross that the payment referenced hereinabove represents less than the full amount of damages claimed to be incurred by Terrence M. Ross and Rhonda B. Ross, and it is acknowledged that it is the position of Terrance M. Ross and Rhonda B. Ross that for income tax purposes Terrence M.

{N0817716 -}

Ross and Rhonda B. Ross are allocating the recovery effected hereby first to recoupment of their associated $74,396.95 legal costs of recovery from the above-released parties, then to $29,189.98 in additional living expense, then to $29,535.00 in miscellaneous expenses, and finally to $116,878.07 of property renovation expense, all due to the casualty loss.

**I understand and agree that the payment to me of the sum described above is not an admission of liability, negligence nor that the Contractors Policy bearing number 98-GE-0553-0 and issued by State Farm Fire & Casualty Insurance Company to C. Adams Construction & Design provided coverage, defense and indemnity for the claims presented in the above referenced lawsuit. I further agree that this release shall in no way be construed as a determination of the negligence or freedom from negligence of any of the persons involved, and that this release may in no way be construed to relieve me from any liability which I may have to any person, including those released hereunder, as a result of my acts or omissions in connection with the subject claim or events.**

The terms of the agreement and the settlement it confirms are and shall remain forever confidential. No disclosure may be made without a court order. The parties shall make reasonable efforts to give notice of the pendency of any motion seeking disclosure of this agreement to counsel for State Farm Fire & Casualty Insurance Company. Should any party need to enforce the breach of this confidentiality provision, and prevail, the party found to have violated this provision shall pay all attorney's fees and costs associated with said action.

**Executed in multiple counterparts at New Orleans, Louisiana in the presence of the undersigned witnesses.**

TERRENCE M. ROSS

RHONDA B. ROSS

WITNESSES:

NOTARY PUBLIC

KEVIN O'BRYON
NOTARY PUBLIC
Jefferson Parish, Louisiana
LSBA No. 10151
My Commission is Issued for Life.

(N0817716 -)

3

## ASSIGNMENT

In further consideration of the foregoing release, C. Adams Construction & Design, LLC does by these presents transfer, convey, subrogate, assign and deliver unto Terrence M. Ross and Rhonda B. Ross any and all additional rights of recovery and/or causes of action it has or may have against the manufacturers, distributors and vendors of the Chinese drywall installed or incorporated in the premises bearing municipal number 316 Woodvine Avenue, Metairie, Louisiana, by C. Adams Construction & Design, LLC, including but not limited to all rights in tort and contract, and including but not limited to all rights to recoup the sums paid by or on behalf of C. Adams Construction & Design, LLC, as referenced hereinabove, and specifically including, but not limited to, all rights against Interior/Exterior Building Supply, L.P., Knauf Insulation GMBH a/k/a Knauf USA, Knauf Gips KG, Knauf International GmbH, Knauf Plasterboard Tianjin Company, Ltd., Taishan Gypsum Company, Ltd., and Taian Taishan Plasterboard Company, Ltd.

C. Adams Construction & Design, LLC and Christopher Adams thereof further undertake to provide full and complete cooperation to Terrence M. Ross and Rhonda B. Ross in any existing and future litigation, to include but not be limited to the provision of documents as may be necessary to the prosecution of the claims, voluntary appearance to testify at depositions, hearings and trials as may be necessary, and the right to prosecute any claims in the name of C. Adams Construction & Design, LLC, all as may be determined by the sole judgment and discretion of Terrence M. Ross and Rhonda B. Ross.

Executed at _____Orleans_____, Louisiana on this __3rd__ day of _____February_____, 2014.

C. ADAMS CONSTRUCTION & DESIGN, LLC

BY: _____
CHRISTOPHER ADAMS, MEMBER

_____
CHRISTOPHER ADAMS, INDIVIDUALLY

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY ON THE
DATE HEREINABOVE WRITTEN.

_____
NOTARY PUBLIC

4