UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Stephen and Diane Brooke, individually, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.,* 2:15-cv-4127-EEF-MBN | JUDGE ELDON FALLON<br><br>MAG. JUDGE NORTH |

**PLAINTIFFS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANT TAISHAN'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS BEIJING NEW BUILDING MATERIALS' AND CHINA NATIONAL BUILDING MATERIALS' MOTION FOR SUMMARY JUDGMENT**

May it please the Court:

Plaintiffs Barbara Alfonso, Kerry Barre, Joseph Bourlet, Gregory Cross, Greater NOLA Homes, LLC, and Howard Jones (herein "Plaintiffs" or "Plaintiff"), by and through the undersigned counsel of record, oppose the motions for summary judgment (Docs. 23070 and 23071) filed by the Taishan Defendants ("Taishan" or "Taishan Defendants") and China National Building Materials Company, Ltd., Beijing New Building Materials Group Company Limited, and Beijing New Building Materials Public Limited Company ("B&C" or "B&C Defendants"). As grounds, Plaintiffs offer the following:

**Statement of Material Facts**

On September 26, 2014, this Court issued its "FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO PLAINTIFFS' OMNIBUS MOTION FOR

CLASS CERTIFICATION PURSUANT TO RULES 23(a)(1)-(4) and 23(b)(3)." (Doc. 18028). That order certified a number of Taishan-related class actions filed or pending in the Eastern District of Louisiana collectively referred to as the "Amorin" group of cases. The Court remained silent on the other class actions that were filed in the Eastern District of Louisiana and were pending at that time. (See Doc. 22305-2). Less than one year later, on September 4, 2015, the Omnibus XX class action complaint ("Brooke") was filed against the Taishan Defendants in the Eastern District of Louisiana. Contained within that complaint were the claims of Joseph Bourlet, Gregory Cross, and Howard Jones. The claims of the other Plaintiffs whose claims are being challenged in Defendants' motion were filed into the *Brooke* class action at a later date. On January 10, 2020, this Court issued its Order and Reasons for certifying a settlement class. (Doc. 22460).

## Standard of Review

Summary judgment is only warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making the determination, "all justifiable inferences are to be drawn in [the non-movant's] favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The movant may argue that "there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), but "it is never enough simply to state that the non-moving party cannot meet its burden at trial," *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the non-moving party provides more than a mere "scintilla of evidence" demonstrating that "the jury could reasonably find for the plaintiff," it will defeat the motion. *Anderson*, 477 U.S. at 252. This can be done by pointing out where the record "contains supporting evidence . . . which was

'overlooked or ignored' by the moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citing *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)).

### Equitable Tolling of Louisiana's Prescription Period

The predicate for the defense against all challenges being made by the Taishan and B&C Defendants in their two motions is the equitable tolling protection afforded plaintiffs, both class members and absent class members, defined by the United States Supreme Court. During the pendency of a class action, no absent class member is required to take action against the named defendants where their individual claims align with the class allegations. In this instance, whether the challenge being made by Defendants relates to Louisiana's subsequent purchaser doctrine or the one-year prescription period for filing claims, equitable tolling plays a crucial role in this court's analysis.

In *American Pipe & Construction Co. v. Utah*, the Supreme Court held that a class action tolls the statute of limitations for individual putative class members who make a timely motion to intervene by permission or as of right after the court has found suit inappropriate for class action. 414 US. 538 (1974). The Court noted that tolling is justified because it serves the purposes of efficiency and judicial economy in Rule 23, in that putative class members need not file their own actions nor seek to intervene just to protect the limitations period. The Court concluded that the policy is fair to defendants because, when a class action is filed, the class representative "thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *American Pipe*, 414 U.S. at 555. The Court later extended *American Pipe* tolling to class members who opt out and to plaintiffs who file separate individual actions after the denial of class certifications. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156,

176 n. 13, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974); and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983). The claims in *American Pipe* and its Supreme Court progeny all arose under federal law. A federal court sitting in diversity applies the state's statute of limitations. It is generally held that the state's tolling rules apply in federal court, as they are integrally related to statutes of limitations. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n. 13, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974).

When *American Pipe* tolling does apply to stop the running of the statute of limitations for an individual claim, it starts when a class action complaint is filed or when a complaint is first amended to include class action allegations. *Arnold v. Dirrim*, 398 N.E.2d 426, 440 (Ind. Ct. App. 1979). In this instance, the *Germano* complaint was filed in 2009 (EDLA Case No. 09-6687), so the statute of limitations would be tolled starting on the date of filing. A 2009 filing predates the discovery of defective Chinese-manufactured drywall by any of the Plaintiffs subject to Defendants' motion for summary judgment.

Generally, tolling stops the running of the clock on the applicable statute of limitations until the district court denies class certification or when the case terminates for some other reason, whichever comes first. *See, e.g., Realmonte v. Reeves*, 169 F.3d 1280, 1284 (10th Cir. 1999) ("[W]e hold that the fact that the Realmontes' participation in the class action terminated with a decision to opt out of a certified class rather than with the denial of class certification is irrelevant to the applicability of the *American Pipe* tolling rule."). *American Pipe* tolling also ends as to a particular individual when they cease being a member of the class, but even then, equitable tolling may save the class member's claim if "there is a justification created by an extraordinary event." *See, e.g., Knauf Insulation, Inc. v. S. Brands, Inc.*, 820 F.3d 904, 909 (7th Cir. 2016).

The nature of the relationship between the claims in the class action and the claims in a subsequent lawsuit that must exist in order for *American Pipe* tolling to apply is a common topic that arises after a denial of class certification. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983). In this instance, without consideration of the other pending class actions filed in the Eastern District of Louisiana, certification of *Amorin* occurred on September 26, 2014; therefore, any claim that was discovered in Louisiana, but remained unfiled either individually or through intervention, had until September 26, 2015, to file a claim and be afforded the equitable tolling protection.

In 2018, the Supreme Court ruled that "*American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails. " *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018).   Here, the class actions at issue are intra-jurisdictionally filed; thus, the protection afforded to all Plaintiffs with claims involving real property within Louisiana is without dispute, because it is not a "cross-jurisdictional" situation where the issue is unsettled in both Supreme Court and several of the circuit courts; consequently, equitable tolling should be extended to all Louisiana Plaintiffs and summary judgment is due to be denied.

### **Bourlet, Cross, and Jones Claims were timely filed.**

Defendants have argued that the "Little" Plaintiffs (Joseph Bourlet, Gregory Cross, and Howard Jones) allowed their prescriptive period to expire, but that is simply not the case.  Each Plaintiff discovered Defendants' drywall product in their respective homes prior to *Amorin* class certification; therefore, each Plaintiff's claim was tolled during the pendency of the *Amorin* group of class actions until certification occurred. This direct application of *American Pipe* tolls all three Plaintiffs' claims during this time and their respective prescriptive filing periods did

not begin to run until class certification occurred on September 26, 2014.  To be clear, Plaintiffs Cross, Bourlet and Jones timely filed their claims on September 4, 2015, in the original Louisiana Omnibus XX "*Brooke*" complaint filed in the Eastern District of Louisiana, if this Court only considers the *Amorin* and *Brooke* actions while ignoring the other pending class cases.  Filing of the Omnibus XX *Brooke* class action complaint occurred within one year of this Court's certification of the Louisiana-filed *Amorin* actions; consequently, the filing of each claim was timely.  It is for this reason that Defendants' summary judgment motion must be denied regarding the alleged expiration of the prescription period.

## **Subsequent Purchaser Rule**

Defendants have challenged the claims of Plaintiffs Barre, Cross, and Greater NOLA Homes, LLC based on Louisiana's unique "Subsequent Purchaser Rule."  Defendants have suggested that the rule is well settled and familiar to this Court, but this is not accurate.  In 2020, this Court was asked to decide the issue in the *Bennett v. Knauf* case.  At that time, it was a matter of first impression for this Court as no other Louisiana or federal case had applied the rule to Chinese-manufactured drywall.  Defendants suggest that the rule should be applied in the same manner and with the same result as *Bennett*, but the posture of the two cases couldn't be more dissimilar.

In the Knauf litigation, as this Court is aware, the parties reached a settlement and settlement class was certified in 2013.  Later, this Court denied class certification in the *Bennett* action.  The Taishan-related claims traveled a different path.

As mentioned above, this Court granted class certification to the group of "Amorin" actions in 2014.  At that time in September of 2014, there were a number of other class actions previously filed in the Eastern District of Louisiana and pending. (See Doc. 22305-2 for the list

of settled cases). No challenges to their class status were made by any of the Taishan or B&C Defendants. They continued as active class actions until this Court certified the *Brooke* class action case, Omnibus XX, on January 10, 2020. As a result, this Court should apply the *American Pipe* equitable tolling principles broadly which should be afford all Louisiana Plaintiffs equitable tolling protection from the filing date of the earliest of the *Amorin* actions (*Germano*) until January 10, 2020, when this court certified the class settlement that enveloped all the actions listed on Doc. 22305-2. At that point, all Louisiana Plaintiffs who had properly filed exclusion forms and opted out of the class settlement could file their individual claims within the one-year prescriptive period in Louisiana, expiring on January 10, 2021.

Notwithstanding the equitable tolling of claims, Defendants have urged this Court to grant summary judgment based on the subsequent purchaser rule. Defendants rely upon *Eagle Pipe*, decided by the Louisiana Supreme Court in 2011, specifically citing the following section:

> The subsequent purchaser rule is a jurisdictional rule which holds that an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, ***in the absence of an assignment or subrogation of the rights*** belonging to the owner of the property when the damage was inflicted.

*Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 79 So.3d 246, 256-275 (La. 2011) (emphasis added).

Defendants' argument specifically fails in this instance because both Plaintiff Greater NOLA Homes, LLC and Plaintiff Gregory Cross received an assignment of a personal right to sue for defective Chinese drywall from the previous owner that possessed the right to sue after the sale of the home. And both personal right to sue assignments occurred prior to January 10, 2021.

It is not in dispute that Plaintiffs Greater NOLA Homes, LLC and Gregory Cross received an assignment of a personal right to sue for Chinese drywall damage from their

respective sellers who retained the personal right to sue under Louisiana law. (See Docs. 23070-9 and 23070-12)[1]. It is also not in dispute that each Plaintiff received the assignment of the personal right to sue prior to the expiration of the one-year statutory filing period that expired on January 10, 2021. It is for this reason, Defendants' motion for summary judgment against Plaintiffs Cross and Greater NOLA Homes, LLC, is due to be denied with respect to the subsequent purchaser rule.

In addition to the reasons set forth herein, Plaintiffs adopt Plaintiff Ross' rationale, filed separately on this same date, regarding the inapplicability of the subsequent purchaser rule against all Louisiana Plaintiffs in this action.

## B&C Defendants' Motion

The B&C Defendants have joined the Taishan Defendants' motion for summary judgment and have urged this court to abandon its previous finding that BNBM and Taishan "were members of a single business enterprise, such that the two entities are treated as one…" (Doc. 20739), based on Taishan's funding in 2020 of the class action settlement. Plaintiffs oppose summary judgment in favor of the B&C Defendants at this time. Both the Taishan and B&C Defendants have denied product attribution for markings on the gypsum board found in several of the Louisiana Plaintiffs homes in this action. As this Court has previously found that "[u]nder Louisiana law, Taishan, BNBM, BNBM Group, and CNBM were members of a single business enterprise," Plaintiffs see no reason to release the B&C Defendants at this time. To do so based on the funding argument might ultimately harm Plaintiffs and prevent them from recovering their damages from the responsible entities. Plaintiffs urge this Court to deny Defendants' motion for summary judgment.

---

[1] Plaintiff Kerry Barre did not receive a personal right to sue assignment from the owner of his property.

## Conclusion

For the reasons set forth herein, Defendants' summary judgment motions should be denied regarding all Plaintiffs except Plaintiff Kerry Barre.

          Respectfully submitted:

          /s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs Barbara Alfonso, Kerry Barre, Joseph Bourlet, Gregory Cross, Greater NOLA Homes, LLC, and Howard Jones*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Summary Judgment has been served on Plaintiffs' Liaison Counsel, Russ Herman, Taishan-BNBM-CNBM Defendants' Liaison Counsel, Harry Rosenberg, and Knauf Defendants' Liaison Counsel, Kerry Miller, by electronically filing with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF System, followed by electronically filing of the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, which will send a notice in accordance with the procedures established in MDL 2047, on this 19th day of April, 2021.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC