# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| | MAG. JUDGE NORTH |
| Barbara Ann Alfonso; Bessie Barnett; Kerry Barre; Gwendolyn Kerr Bierria; Joseph Bourlet; Gregory Cross; Stephanie Fortenberry; Greater NOLA Homes, LLC; Howard Jones; and, Terrence Ross and Rhonda Ross, | Case No. 2:15-CV-04127-EEF-JCW |
| Plaintiffs, | |
| v. | |
| Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and Administration Commission of the State Council, | |
| Defendants. | |

## TAISHAN'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST CERTAIN OPT-OUT PLAINTIFFS

Taishan's Motion for Summary Judgment demonstrated, with facts and law, how seven of the remaining opt-out claims in the *Brooke* action should be summarily dismissed under Louisiana's Subsequent Purchaser Rule, Louisiana's one-year prescriptive period, or both. In response, all seven Plaintiffs admitted to all facts offered by Taishan and conceded that there is no genuine issue of material fact in dispute. Plaintiffs failed to refute or meaningfully distinguish well-settled Louisiana law that is dispositive as to their claims. Accordingly, summary judgment is warranted for the claims asserted by Plaintiffs Barbara Alfonso, Kerry Barre, Joseph Bourlet, Gregory Cross, Greater NOLA Homes, LLC, Howard Jones (collectively, the "Doyle Plaintiffs") and Terrence and Rhonda Ross (the "Ross Plaintiffs" or "The Rosses").

## I.    Plaintiffs Admit to Taishan's Undisputed Material Facts

Taishan's Motion complied with the requirements of Local Rule 56.1 and attached a Statement of Undisputed Material Facts, which is defined as a "separate and concise statement of material facts which the moving party contends present no genuine issue." Rec. Doc. 23070-2. In their oppositions, Plaintiffs were required to file their own "separate and concise statement." Local Rule 56.2. Neither the Doyle Plaintiffs nor the Ross Plaintiffs complied with this rule. The Doyle Plaintiffs did not file a separate statement of material facts as required by Local Rule 56.2 nor did they oppose any fact offered by Taishan's statement of material facts. While the Doyle Plaintiffs' opposition brief includes a section titled "Statement of Material Facts," it does not dispute any of Taishan's factual statements, but rather simply restates the procedural history of class certification in the *Amorin* class action, the filing of the *Brooke* complaint, and the Court's certification of a settlement class in January 2020. Rec. Doc. 23081 ("Doyle Opp.") at 1-2. The Ross Plaintiffs did not attach a separate statement of material facts nor submit any statement of facts incorporated in their brief. Rec. Doc. 23080 ("Ross Opp."). Accordingly, Local Rule 56.2 requires that all material

facts offered in Taishan's Statement of Undisputed Material Facts are deemed admitted for purposes of this Motion and no disputed factual issues remain before the Court. *See Belala v. Coastal Towing Co. Inc.*, No. CIV.A. 01-3137, 2002 WL 31729491, at *1 (E.D. La. Dec. 3, 2002) (holding that the Defendant's statement of uncontested material facts would be deemed admitted for purposes of its motion for summary judgment because Plaintiff's opposition to the Defendant's motion for summary judgment "did not contain a separate short statement of contested material facts as required by local rule[.]").[1]

## II. The Subsequent Purchaser Plaintiffs' Claims are Barred under Louisiana Law

Taishan's Motion and Statement of Undisputed Facts demonstrated that Plaintiffs Kerry Barre, Greater NOLA Homes LLC, Gregory Cross, and Terrence and Rhonda Ross are subsequent purchasers who bought their properties after the time of installation of Chinese Drywall. None of the Subsequent Purchaser Plaintiffs has been assigned a valid property damage claim from the prior owners of their properties, as required by Louisiana law. Accordingly, Taishan is entitled to summary judgment against these four Plaintiffs.

### A. Plaintiffs Explicitly Concede to Summary Judgment for Plaintiff Kerry Barre

In addition to conceding the material facts stated by Taishan, the Doyle Opposition explicitly concedes that Plaintiff Kerry Barre "did not receive a personal right to sue assignment from the owner of his property." Doyle Opp. at 8, fn. 1. The Doyle Opposition goes on to oppose

---

[1] *See also Robinson v. St. Tammany Par. Pub. Sch. Sys.*, 983 F. Supp. 2d 835, 844 (E.D. La. 2013), *aff'd*, 569 F. App'x 303 (5th Cir. 2014) (holding that defendant's statement of facts was accepted as undisputed where plaintiff attached their own "Statement of Uncontested Facts" but none of the plaintiff's statements controverted defendant's statement of facts); *Bring Our Streetcars Home Inc. v. U.S. Dep't of Transp.*, No. CV 15-60, 2016 WL 1110237, at *7 (E.D. La. Mar. 22, 2016) (holding that defendant's statement of facts was deemed admitted where plaintiff discussed defendant's statement of facts in plaintiff's opposition but did not file a separate statement nor controvert defendant's facts).

summary judgment as to all Plaintiffs "except Plaintiff Kerry Barre." Accordingly, and as outlined in Taishan's Motion, Taishan is entitled to summary judgment against Plaintiff Barre under Louisiana's Subsequent Purchaser Rule.

### B. Plaintiffs Gregory Cross and Greater NOLA Homes, LLC Did Not Receive Any Right of Action from their Purported Assignments

Taishan's Motion showed that while Plaintiffs Cross and Greater NOLA Homes received purported assignments from the prior owners of their respective properties, neither assignment conveyed a right to sue Taishan for damages in this action because those claims had been dismissed months earlier. Rec. Doc. 23070-1 at 9-12. Plaintiffs concede that neither assignment occurred before this Court's Dismissal Order on May 26, 2020 (the assignments were executed six to seven months later). Rec. Doc. 23070-2 at ¶ 10, 15. Thus, the Court's Dismissal Order extinguished any right of action held by the prior owner of the Cross Property (Royal Homes, LLC) and the prior owner of the Greater NOLA Homes property (Robin Marie Jarvis) as of May 26, 2020.[2] Rec Doc. 22859.

Additionally, Plaintiffs do not even respond to Taishan's argument that the one-year prescriptive period had already passed for both the Cross and Greater NOLA Homes claims (both filed on October 25, 2018) at the time they were purportedly assigned their prior owners' claims in November and December 2020. Because neither Plaintiff Cross nor Plaintiff Greater NOLA Homes had a right to sue at the time they filed in 2018, both claims are prescribed under Louisiana law. *See* Rec. Doc. 22941 at 12-14 (holding that similar "last-ditch attempt" assignments were ineffective because the plaintiffs' claims had already prescribed prior to their receipt of the assignment); *see also TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3 of Par. of Lafourche*, 2010-

---

[2] It is undisputed that those prior owners did not opt-out of the Taishan Class Settlement. Rec. Doc. 23070-2 at ¶ 11, 16.

3

0685 (La. App. 1 Cir. 12/8/10), 52 So. 3d 1103, 1116.

Accordingly, Plaintiffs Cross and Greater NOLA Homes are subsequent purchasers who do not receive a valid right to sue Taishan through an assignment, and Taishan is entitled to summary judgment as to their claims.

### C. Terrence and Rhonda Ross Admit to Being Subsequent Purchasers, and their Assigned Claim is Prescribed

Terrence and Rhonda Ross's direct claim for damages is barred by the Subsequent Purchaser Rule. The Ross Plaintiffs concede that they did not own their property at the time of the installation of Chinese drywall but claim to have a viable assignment that saves their claim from Louisiana's Subsequent Purchaser Rule. However, as Taishan argued in its Motion, the Rosses' assigned claim is not valid because it was prescribed under Louisiana law at the time of the assignment.

The Rosses seek to escape that reality by arguing that C. Adams Construction & Design, LLC ("C. Adams"), who owned the property at the time of the Chinese drywall installation, "did not sustain any damages" and held no property damage claim against Taishan. Ross Opp. at 6. But that ignores that C. Adams was not just the builder, but the *property owner*. The Louisiana Supreme Court holds that damage to property—here, alleged to be the installation of Chinese Drywall—creates for the property owner a *personal* right to sue, which unlike a real property right, does not transfer to a subsequent purchaser with the transfer of the property itself. *See Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, No. 2010-C-2267, (La. 10/25/2011); 79 So.3d 246, 279 Thus, under Louisiana law, C. Adams is the *only* party that ever had a property damages claim related to Chinese Drywall in the Ross Property, and that property claim was prescribed by the time C. Adams attempted to transfer it to the Rosses, who have asserted only property damage claims in this action. As such, the Rosses themselves have no direct claim as subsequent

4

purchasers, and they cannot advance C. Adams' property claim because it was prescribed at the time of the purported assignment.

So the Rosses have come up with a new argument: that their assigned claim from C. Adams is ***not*** for property damages but is instead C. Adams' claim for *indemnity* from Taishan for its alleged liability to the Rosses. There are multiple flaws in that new proposal. ***First***, the assignment does not mention any claim for indemnity but, instead, explicitly seeks to transfer "all rights in tort and contract" that C. Adams may have against entities including Taishan. Rec. Doc. 23070-17, Ross Exhibit E at 5. ***Second***, even assuming C. Adams assigned an indemnity claim, the Rosses have never made an indemnification claim in this action; instead, the Rosses joined the *Brooke* complaint, which asserts claims for and seeks to recover *property* damages. ***Finally***, the Rosses have submitted no facts whatsoever to this Court—much less facts that would support an unspoken indemnification claim by C. Adams against Taishan, whose commercial relationship with each other (if any) remains a complete mystery to this case record.

Finally, the Rosses attempt to salvage their claim for property damages by arguing that they are entitled to pursue a claim for damages to their property that allegedly accrued *after* they took title to the property in 2007. Louisiana courts and this MDL Court have consistently rejected that argument under the Subsequent Purchaser Rule. *See Eagle Pipe & Supply, Inc.*, 79 So.3d 246, 279 (rejecting the argument that a subsequent purchaser was entitled to assert a right of action for continuing damage to their property after sale where the plaintiff had alleged continuing damage, but not a continuing tort). In *Niemann*, the Court applied *Eagle Pipe*'s holding to the Chinese Drywall context, finding that the plaintiff's petition did not allege "continuing, persistent, or ongoing unlawful or tortious acts" by the defendant, but, like the *Brooke* complaint, alleged that the wrongful act took place at the time of installation of the drywall and that the damages from

5

that tortious act were ongoing. *Niemann v. Crosby Dev. Co. LLC*, 2011-1337 (La. App. 1 Cir. 5/3/12), 92 So. 3d 1039, 1047.

And this Court has rejected the idea that subsequent purchasers are entitled to a right of action for continuing damages from the installation of their drywall, holding that while the Louisiana Products Liability Act "provides a cause of action for the ultimate consumer of a product despite the lack of privity with the product's manufacturer, the law does nothing to abrogate the effect of the subsequent purchaser doctrine." Rec. Doc. 22941 at 9-10. This Court further noted that allowing such a loophole to the Subsequent Purchaser Rule would "expose[] [a manufacturer] to myriad claims stemming from the same tortious act resulting in the same ensuing damage inflicted on the same property" and "would defeat the basic tenet of Louisiana law that injury to real property creates a real right in favor of the property's owner at the time the damage is inflicted." *Id.* Louisiana law is clear – neither the Rosses nor any of the other Subsequent Purchaser Plaintiffs have a personal right to sue for property damages related to Chinese Drywall.

### III. The Claims of Plaintiffs Alfonso, Bourlet, Cross, Jones and Ross are Prescribed under Louisiana Law

As outlined in Taishan's Motion, the direct claims of Plaintiffs Alfonso, Bourlet, Cross, Jones, and Ross are all barred by Louisiana's one-year prescriptive period. Plaintiffs have admitted to Taishan's Statement of Undisputed Facts demonstrating the prescription of these claims. In their Oppositions, Plaintiffs offer various exceptions to prescription – none of which are availing.

#### A. No Plaintiffs are Entitled to Equitable Tolling

This Court has ruled in this very *Brooke* action that equitable tolling, including *American Pipe* and cross-jurisdictional tolling, is not available to Louisiana Plaintiffs. Rec. Doc. 22124 at 16-17. Despite this clear ruling, the Doyle Opposition argues that *American Pipe* tolling somehow

6

protects the Alfonso, Bourlet, Cross, and Jones claims from prescription.[3] Doyle Opp. at 3-5. This issue is *res judicata*, and Plaintiffs' improper arguments must be rejected.

This Court has also ruled specifically that cross-jurisdictional tolling does not apply to Louisiana claims. Rec. Doc. 22124 at 14, 17. Yet the Doyle Plaintiffs argue that the Court does not need to analyze Louisiana's prohibition on cross-jurisdictional tolling because all suits at issue were filed within the Eastern District of Louisiana. Plaintiffs appear to misunderstand the concept of "cross-jurisdictional," which refers to the relationship between the *jurisdiction* of Louisiana state court and the different *jurisdiction* where a class action on which a class member relies on was filed. As this Court ruled in 2019, Louisiana does not recognize cross-jurisdictional tolling with Louisiana federal courts. *See id.; see also Quinn v. La. Citizens Prop. Ins. Corp.*, 2012-0152 (La. 11/02/12), 118 So. 3d 1011, 1020 (filing in Louisiana federal court did not toll under CCP art. 596). Accordingly, the Louisiana opt-out Plaintiffs in this action cannot rely on class actions filed in federal courts in Louisiana to suspend prescription on their Louisiana state law claims. Thus, according to this Court's own ruling in this case, Louisiana Plaintiffs "will be required to prove they neither knew or should have known of their causes of action sufficient to satisfy [Louisiana's] discovery law" and cannot rely on equitable tolling. Rec. Doc. 22124 at 26-27. On the undisputed facts, Plaintiffs have not met that burden.

### B. Plaintiffs Admit to the Facts Prescribing the Alfonso, Bourlet, Cross, and Jones Claims

The Doyle Opposition relies solely on its flawed *American Pipe* tolling argument to argue that the Bourlet, Cross, and Jones claims were filed within Louisiana's one-year prescriptive period. Doyle Opp. at 5-6. No other arguments are offered, and no attempt is made to controvert

---

[3] The Ross Plaintiffs incorporate this argument by reference. Ross. Opp. at 5.

the facts and legal arguments offered in Taishan's Motion (Rec. Doc. 23070-1 at 16-17). Plaintiffs do not address – and therefore concede – Taishan's demonstration that the *Little* action in the Southern District of Alabama could not have interrupted the prescriptive period. Accordingly, the Court should grant Taishan summary judgment over these claims.

The Doyle Opposition does not even mention the claim of Plaintiff Alfonso, who, as Taishan showed, admitted at deposition to discovering her claim years prior to filing a lawsuit against Taishan. Rec. Doc. 23070-1 at 17-19. Thus, the facts and law are unrebutted as to that claim, and Taishan is entitled to summary judgment.

### C. The Rosses' (Invalid) Direct Claim is Prescribed

As set forth in Section II(C) above, because the Ross Plaintiffs are admitted subsequent purchasers, they have no direct claim for property damages against Taishan under Louisiana law, so the Court need not reach the question of whether any theoretical direct claim was prescribed. However, even if the Court does analyze the Rosses' supposed "direct claim," the undisputed facts show that it would be prescribed. *See* Rec. Doc. 23070-2 at ¶¶ 17-24 (demonstrating that the Rosses filed their state court petition against Taishan over four years after discovering their claims). Taishan has made an undisputed showing that the Rosses' claim is prescribed on its face, which shifts the burden to the Rosses to prove suspension or interruption of prescription. *Younger v. Marshall Indus., Inc.*, 92-C-3134 (La. 5/24/93); 618 So. 2d 866, 869. The Rosses have failed to overcome that burden.

The Rosses argue that their filing of a lawsuit against their homebuilder, C. Adams, suspended prescription against all other obligors, namely, Taishan. But the Rosses have not met their evidentiary burden to prove solidary liability between C. Adams and Taishan. *Id.* ("[I]f the plaintiff's basis for claiming interruption of prescription is solidary liability between two or more

parties, then the plaintiff bears the burden of proving that solidary relationship."). ***First***, the Rosses failed to offer any statement of material facts and, therefore, did not properly offer any facts stating that C. Adams is a solidary obligor with Taishan. This failure, by itself, is fatal to the Rosses' argument. ***Second***, the Rosses fail to meet their burden to prove solidary liability even as they try to articulate their argument in Opposition. The Rosses' 2014 amended state court petition made only a conclusory allegation of solidary liability between Taishan and any other defendant and stated no other factual basis for that alleged relationship. Rec. Doc. 23080-1 at 12. The Ross Opposition offers no factual basis for solidary liability between Taishan and C. Adams or any other defendant in their amended state court petition. Accordingly, the Rosses have not met their burden of proof to overcome their facial prescription.

The Rosses' 2009 state court petition against C. Adams also could not interrupt prescription because there was never a finding of liability against C. Adams in the state court action. C. Adams was released from any liability to the Rosses on February 3, 2014 (Rec. Doc. 23070-17, Ross Exhibit E) and was subsequently dismissed from the action on April 8, 2014 (Rec. Doc. 23070-18, Ross Exhibit F at 14). Under Louisiana law, "where no liability is found on the part of a timely sued alleged tortfeasor, prescription will not be interrupted as to another tortfeasor, who is not timely sued, since no joint or solidary obligation exists." *Gallina v. Hero Lands Co.*, 2003-0331 (La.App. 4 Cir. 10/7/03); 859 So. 2d 758, 767. (internal citations omitted).[4] Because there was no finding of liability against C. Adams, prescription was never interrupted and the Rosses' claim against Taishan is prescribed under Louisiana law.

---

[4] *See also Morris v. Westside Transit Line*, 2002-1029 (La.App. 5 Cir. 02/25/03); 841 So. 2d 920, 924. (holding that where a timely-sued, alleged solidary obligor was subsequently dismissed from the action, prescription was not interrupted as to defendant who was added to the lawsuit through an untimely, amended petition outside of the one-year prescriptive period).

9

Additionally, the Rosses advance the failing argument that their "mere allegation of solidarity is sufficient to defeat the exception of prescription during the pendency of litigation, until there is a final determination at trial as to the liability of the alleged solidary obligors." Ross Opp. at 3-4. That misstates Louisiana law. In *Younger*, the Louisiana Supreme Court held that *even if* a plaintiff met their initial burden to show solidary liability, further evidence at trial could require a *reversal* of that finding and a dismissal of the action for prescription. 618 So. 2d at 869. *Younger* does not hold that the mere allegation of solidary liability is sufficient – it holds the opposite, requiring a plaintiff to meet their burden of proof to prove solidary liability *before* trial – and the Ross Plaintiffs' failure to meet their evidentiary burden is, therefore, fatal to the Rosses' claim.

## IV.     Conclusion

Plaintiffs' claims suffer from fatal defects under Louisiana's Subsequent Purchaser Rule and/or failure to timely file their claims within Louisiana's one-year prescriptive period. These defects require summary dismissal. Taishan respectfully requests that the Court grant its motion for summary judgment on all claims by Plaintiffs Barbara Alfonso, Kerry Barre, Joseph Bourlet, Gregory Cross, Greater NOLA Homes, LLC, Howard Jones, and Terrence and Rhonda Ross.

Dated: May 3, 2021

Respectfully submitted,

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

                    Alan Dean Weinberger
                    LA Bar No. 13331
                    HANGARTNER, RYDBERG & TERRELL, LLC
                    One Shell Square
                    701 Poydras St., Suite 310
                    New Orleans, Louisiana 70179
                    Phone: (504) 434-6815
                    Fax: (504) 522-5689
                    aweinberger@hanrylaw.com
                    *Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of May, 2021.

<u>/s Christina Hull Eikhoff</u>
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*