IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br>_____ | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO THE FOLLOWING ACTION ORIGINALLY STYLED:<br><br>*Stephen and Diane Brooke, individually, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al., 2:15-cv-004127-EEF*<br>_____ | JUDGE ELDON FALLON<br><br>MAG. JUDGE NORTH |

THROUGH THE AMENDED COMPLAINT, THE FOLLOWING PARTIES REMAIN IN THIS ACTION:

Barbara Ann Alfonso; Bessie Barnett; Kerry Barre; Gwendolyn Kerr Bierria; Joseph Bourlet; Gregory Cross; Stephanie Fortenberry; Greater NOLA Homes, LLC; Howard Jones; and, Terrance Ross and Rhonda Ross,

                Plaintiffs,

v.

Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Materials Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and Administration Commission of the State Council,

                Defendants
_____

**DEFENDANTS CHINA NATIONAL BUILDING MATERIALS COMPANY LTD., BEIJING NEW BUILDING MATERIALS GROUP COMPANY LIMITED, AND BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S REPLY IN SUPPORT OF
<u>JOINDER AND MOTION FOR SUMMARY JUDGMENT</u>**

Defendants China National Building Materials Company, Limited ("CNBM"), Beijing New Building Materials (Group) Company, Limited ("BNBM Group"), and Beijing New Building Materials Public Limited Company ("BNBM PLC") (collectively, the "B&C Companies") submit this reply in support of their Joinder and Motion for Summary Judgment (Dkt. No. 23071, the "Motion") responding to Plaintiffs' oppositions (Dkt. No. 23079 (Ross); Dkt. No. 23081 (Alfonso, Barre, Bourlet, Cross, Greater NOLA Homes LLC, and Jones)).[1]

## I. INTRODUCTION

At issue is whether Taishan's potential liability may be imputed to the B&C Companies.[2] As to that question, Chinese law differs from Louisiana law. In addressing the related issue of jurisdictional contacts, this Court applied Louisiana law based on a perceived concession by the B&C Companies that the two standards were the same. While the B&C Companies strenuously rejected making any such concession, they certainly do not make it now: Chinese law applies. And Plaintiffs offer no explanation why, in the absence of any concession, Chinese law would not apply. Nor do they dispute that if Chinese law does apply, Taishan's liability cannot be imputed to the B&C Companies.

Rather, the entirety of Plaintiffs' argument is that this Court's prior single business enterprise ("SBE") determination in the context of personal jurisdiction necessarily and conclusively resolves the imputation issue as to liability. That is wrong. The Court's opinion acknowledged as much, expressly stating it was limited to the jurisdictional issue and that a separate determination would be necessary as to liability. That recognition was sound and considered because, contrary to Plaintiffs' suggestion, even if Louisiana SBE law were applied,

---

[1] Plaintiffs Barrett, Bierria, and Fortenberry did not oppose the Motion.
[2] Each Plaintiff in this action alleges that their property contains drywall manufactured by Taishan. No Plaintiff alleges drywall manufactured by BNBM. Motion at 2, n.1; SUMF ¶¶ 1-10 & Exs. A-J.

1

the jurisdictional order cannot dispositively resolve the issue as to liability for at least two reasons. First, the liability standard (clear and convincing) is more rigorous than that employed in the jurisdictional context (preponderance of the evidence). Second, defendants are entitled to a jury determination as to whether they constitute a single business enterprise for the purposes of liability.

Because there is no basis for applying Louisiana law to a Chinese company, the Court should apply Chinese law, conclude that Taishan is a distinct corporate entity, and grant the B&C Companies' motion for summary judgment.

## II.   ARGUMENT

### A.   The B&C Companies Are Entitled to Summary Judgment

The B&C Companies' motion explains that the first step in any veil-piercing analysis is determining what law applies. Motion at 4; *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 646 (5th Cir. 2002); Dkt. No. 20739 at 40-41. In Louisiana, veil-piercing analysis applies the law of the place of incorporation—here, China, and China's Company Law. *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 462-63 (5th Cir. 2016); Dkt. No. 20739 at 41. Plaintiffs do not dispute this. Nor do they dispute the standard under Chinese law. Under Chinese law, courts inquire whether the shareholder has abused the subsidiary's independent status, evaded debts, and, in the process, damaged the subsidiary's creditors. Motion at 4. They thus ask whether companies have commingled assets, failed to maintain separate books, disregarded corporate formalities, and are undercapitalized. *Id.* This Court considered these factors and made none of these findings. Dkt. No. 20739 at 25-26. On the contrary, it found that Taishan and BNBM comply with corporate governance requirements, Taishan is well capitalized and has always repaid debts, and there has been no commingling of funds. *Id.* at 26; Motion at 5.

But rather than apply Chinese law and arrive at the outcome it dictates, this Court applied Louisiana law. Central to that determination was the Court's conclusion that "each of the

2

Defendants acknowledges that, whether the Court applies Chinese or forum-state law, there is no meaningful difference in outcome[,]" Dkt. No. 20739 at 48; *see also id.* at 49 (citing "Defendants' acknowledgment that no real conflict exists"), and thus, the Court decided, it could "apply the laws of the forum states[.]"  *Id.* at 49.  Throughout the jurisdictional contest, the B&C Companies rejected making any such concession.  The B&C Companies maintained that any recognition that the same outcome follows under distinct legal regimes does not constitute a concession that no conflict exists.  *See, e.g.*, Dkt. No. 20043-2 at 10-11; *see also In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 811 F. App'x 910, 912 (5th Cir. 2020) (Willett, J., concurring and dissenting) ("[No] such concession was made. . . . Defendants [] argued, as any savvy litigant would, that they win no matter whose law is applied.  It's an argument in the alternative, and it would have bordered on legal malpractice not to make it.").

Whatever perceived concession was previously made, it is not being made now: Chinese law must be applied.  Plaintiffs do not contest, and thereby concede, that Taishan's liability cannot be imputed to the B&C Companies under Chinese law (indeed, they say nothing about Chinese law at all).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (once the moving party identifies the basis for its motion and undisputed material facts, the non-movant bears the burden of showing "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *Jackson v. Fed. Exp.*, 766 F.3d 189, 194-195 (2d Cir. 2014) ("a partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims.").

Louisiana law requires the same *outcome* (but to be clear, it does not apply the same standard).  Louisiana courts recognize the presumptive legal distinction between corporations and their shareholders, parents, and subsidiaries.  *Riggins v. Dixie Shoring Co.*, 590 So. 2d 1164, 1167 (La. 1991).  Piercing the corporate veil is permitted only in exceptional circumstances, usually

3

involving fraud or deceit. *Id.* at 1168. As noted, this Court previously recognized such facts do not exist. Motion at 7. And Plaintiffs have introduced none now.[3] Indeed, the only additional facts introduced by either party pertain to Taishan's independent funding of the $248 million class settlement (Dkt. No. 22305-2)—a fact that evinces the companies' distinct corporate existence and undermines any reliance on the nefarious factors incorporated into Louisiana's SBE standard. Plaintiffs' only response is to claim this additional evidence of corporate separateness "might be more impressive, if not for the acknowledged fact that the B&C entities act as guarantors on the loans that finance the operations of the Taishan entities." Dkt. No. 23079 at 3. But this assertion is puzzling because there is no indication, or even an assertion, that the settlement proceeds came from a loan. Moreover, as this Court previously explained concerning such loan guarantees, "BNBM does not finance Taishan's operations by providing non-repayable funds; it has never paid for Taishan's debts, losses, or expenses and it has not made any direct loans to Taishan." Dkt. No. 20739 at 22. Thus, there is nothing improper about such a guarantee nor, in any event, is it of any relevance to the settlement funding issue.

### B. The Court's Personal Jurisdiction Determination Did Not Dispositively Resolve the Issue of Liability

Plaintiffs' primary response to all of this is to argue the Court is obligated to apply the same ruling in the liability context as it did in the jurisdictional context. Dkt. No. 23079 at 2-4; Dkt. No. 23081 at 8. That contention is wrong in several respects.

*First,* the Court's jurisdictional ruling itself immediately refutes Plaintiffs' arguments. Dkt. No. 20739 at 39-40. There, the Court explained, it was addressing only the parties' imputation

---

[3] Because the B&C Companies filed a Statement of Undisputed Material Facts (Dkt. No. 23071-1), Plaintiffs were required under Local Rule 56.2 to file their own separate and concise statement. The Ross Plaintiffs filed no statement (Dkt. No. 23079), and the Alfonso, Barre, Bourlet, Cross, Greater NOLA Homes, LLC, and Jones Plaintiffs asserted no facts bearing upon derivative liability (Dkt. No. 23081 at 1-2). And no Plaintiff disputed the B&C Companies' SUMF.

4

arguments for personal jurisdiction purposes and would "address the parties' arguments regarding corporate veil piercing for the purposes of liability *if and when such a determination becomes necessary.*" *Id.* (italics added).  Thus, the very decision upon which Plaintiffs rely disproves their contention that it conclusively resolved the issue as to liability.

*Second,* the Court was correct in drawing the distinction it did.  Plaintiffs' argument could only be plausible if the same burden of proof applied in both contexts.  But it does not.  In resolving the issue of personal jurisdiction, the Court applied the preponderance of the evidence standard.  *Id*. at 40 ("If the facts demonstrate by a preponderance of the evidence that a Defendant entity is so intertwined with Taishan that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for purposes of jurisdiction, that Defendant would also be subject to the jurisdiction of this Court.") (internal quotation omitted).  In resolving application of SBE as to liability, Louisiana law requires proof by **clear and convincing** evidence, a more rigorous standard.  *Grayson v. R.B. Ammon & Assocs., Inc.,* 778 So.2d 1, 14 (La. App. 1 Cir. 2000) (emphasis added).  It is axiomatic that when "a party . . . has proved an issue by a preponderance of the evidence," preclusion is prohibited when the party must later "prove the same issue by a higher standard."  Wright & Miller, 18 Fed. Prac. & Proc. Juris. § 4422 (3d ed.); *see also*, *e.g., Grogan v. Garner*, 498 U.S. 279, 284-85 (1991) (explaining that if a fraud claim was proven by a preponderance of the evidence, collateral estoppel would not apply if the same issue required resolution under the clear and convincing evidence standard).

*Third*, it is necessarily the case that an imputation determination by the Court with respect to personal jurisdiction cannot conclusively resolve that factual issue as to liability against the defendant because, as regards SBE, a defendant is entitled to a jury determination of that issue. *Grayson*, 778 So. 2d at 13-15 (jury resolved issue of SBE); *Com. Union Ins. Co. v. CBC Temp.*

5

*Staffing Servs., Inc.*, 897 So. 2d 647, 649 (La. App. 1 Cir. 2004) (same).[4]

Plaintiffs' preclusion arguments fail to account for any of these points, each of which undermine any contention that the Court conclusively, and without notice to any party, resolved the issue of derivative liability, and did so when considering only personal jurisdiction. Such an illogical conclusion flies in the face of settled jurisprudence and should be rejected. That Plaintiffs would have "greater peace of mind" if the B&C Companies remained in the litigation (Dkt. No. 23079 at 3) does not supply a legal basis for forcing them to incur significant litigation costs and ultimately subject them to a judgment against a separate and independent corporation.

## III.  JOINDER

The B&C Companies join the arguments advanced by Taishan Gypsum in their Reply in Support of Motion for Summary Judgment (Dkt. No. 23084).

## IV.  CONCLUSION

Controlling Chinese law precludes derivative liability for any judgments assessed against Taishan. Plaintiffs make no argument to the contrary. The B&C Companies are thus entitled to summary judgment. The only issue Plaintiffs do contest is one that concerns Louisiana law, which is not applicable. But even if it were, contrary to Plaintiffs' contention, the Court's prior determination does not conclusively resolve the issue. The undisputed facts, including Taishan's independent funding of the class settlement, warrant summary judgment in favor of the B&C Companies even if Louisiana law were applied.

---

[4] The B&C Companies contend that there is no factual dispute, and thus summary judgment should be granted in their favor. And Plaintiffs have not moved for summary judgment. Instead, Plaintiffs contend this Court's resolution of factual issues during personal jurisdiction proceedings conclusively resolves that issue. That cannot be the case because any determination of disputed material facts as to liability must be made by a jury.

Respectfully submitted,

*/s/ L. Christopher Vejnoska*

L. Christopher Vejnoska (CA Bar No. 96082)
Andrew K. Davidson (CA Bar No. 266506)
Daniel S. Guerra (CA Bar No. 267559)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105
T:  415-773-5700
Email:  cvejnoska@orrick.com
           adavidson@orrick.com
           dguerra@orrick.com

Diana Szego Fassbender (D.C. Bar No. 996625)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
T:  202-339-8400
Email:  dszego@orrick.com

James L. Stengel (NY Bar No. 1800556)
Marc R. Shapiro (NY Bar No. 4403606)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
T:  212-506-5000
Email:  jstengel@orrick.com
           mrshapiro@orrick.com

*Attorneys for the CNBM and BNBM Entities*

*/s/ Alex Rothenberg*

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
T:  (504) 582-1111
Email:  eeagan@gamb.com
           arothenberg@gamb.com

*Attorneys for CNBM Company, Ltd.*

Harry Rosenberg (LA Bar No. 11465)
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
T: (504) 584-9219
Email: harry.rosenberg@phelps.com

*Attorneys for BNBM (Group) Co. Ltd. and BNBM PLC*

8

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing has been served on Plaintiffs' Counsel by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on May 3, 2021.

                /s/ *Alex Rothenberg*
                Alex Rothenberg