# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2021

Lyle W. Cayce
Clerk

No. 20-30329

In re: Chinese-Manufactured Drywall Products Liability Litigation

———————————————————————

Wicler Pierre,

*Plaintiff—Appellant*,

*versus*

Knauf Gips KG; Knauf Plasterboard Tianjin Company, Limited,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-MD-2047

Before Haynes, Graves, and Willett, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30329

Wicler Pierre appeals the district court's grant of summary judgment in favor of the Defendants-Appellees (collectively "Knauf") dismissing his claim for damages stemming from defective Chinese-manufactured drywall ("Chinese drywall"). Because we find no error, we AFFIRM.

## FACTS AND PROCEDURAL HISTORY

Pierre purchased the affected property in Boynton Beach, Florida on December 3, 2007. Beginning in 2010 and 2011, Pierre said he became aware of the issues with defective Chinese drywall and the potential that it had been installed at his property. Pierre also said that he had to begin replacing fuses on a monthly basis as a result of Chinese drywall in 2010. In 2016, Pierre said he did a formal inspection and discovered defective Chinese drywall connected to the Knauf entities.

Pierre initially filed his claim on November 21, 2016 as part of a purported class action (the *Bennett* class) in the Chinese drywall multi-district litigation (MDL). The district court subsequently denied class certification and dismissed the class allegations, leaving only individual claims. Pierre's claim alleged various damages under Florida law resulting from the presence of defective Chinese drywall installed in his Florida property. The complaint was amended multiple times; the Fifth Amended Complaint is relevant here.

At the close of discovery, Knauf moved for summary judgment on the basis that Pierre's claim was time-barred by the four-year Florida statute of limitations. The district court granted the motion and Pierre now appeals.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 864 (5th Cir. 2021). Summary judgment is appropriate

when, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).

## Discussion

### I. Statute of limitations and equitable tolling

The statute of limitations for actions involving negligent injury to real property in Florida is four years. Fla. Stat. Ann. 95.11(3)(a). The limitations period begins running "from the time the defect is discovered or should have been discovered with the exercise of due diligence." Fla. Stat. Ann. 95.11(3)(c).

Pierre first asserts that the accrual date for the statute of limitations under Florida law was not until 2016 when he had the Chinese drywall inspection completed. Pierre admits that he was aware of Chinese drywall in his house in 2011. However, he asserts that the crucial factor is when he learned the specific identity of the drywall manufacturer by cutting into the walls of his house in June of 2016. Pierre cites no authority for such a proposition. Further, as the district court found, the record contains multiple admissions by Pierre that he knew about the Chinese drywall as early as 2011. Additionally, Pierre admitted that he had to begin replacing fuses on a monthly basis as a result of the Chinese drywall in 2010.

Pierre also asserts that the MDL was pending before he discovered the issue. Thus, Pierre asserts that the claims are protected by the equitable tolling principles of *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974), if the discovery of the defective product occurred on or after December 9, 2009 and a claim was filed on or before February 7, 2017, when the four-year

statutory filing period ended.[1]  Thus, he asserts that his November 21, 2016 filing was timely.

In *American Pipe*, the Supreme Court concluded that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id*. at 554. The court reiterated that conclusion in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), further saying: "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Id*. at 354.

However, Pierre is not arguing that equitable tolling should apply from the commencement of this class action, the *Bennett* class, filed on November 13, 2014.  Instead, Pierre asserts that equitable tolling should apply from the filing of an earlier class action, the *Payton* class, filed on December 9, 2009. Pierre asserts that a claim filed before February 7, 2017, the four-year anniversary of the *Payton* class certification, would be timely.

Knauf argues that the tolling provisions of *American Pipe* do not apply to subsequent class actions.  The district court agreed, citing *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), as authority.

In *China Agritech*, the Supreme Court explicitly concluded that: "We hold that *American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Id*. at

---

[1] Knauf asserts that Florida law applies to the tolling question and does not recognize class action tolling.  We have no need to make the determination of which law applies because, even if federal law governs the question, *American Pipe* does not mandate reversal here.

1806.  The Court also said that "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations."  *Id.* at 1804.  We likewise conclude here that Pierre cannot piggyback on the earlier *Payton* class action to avoid the expiration of the statute of limitations.

For the reasons stated herein, we conclude that the district court did not err in granting summary judgment.  Thus, we AFFIRM.