UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2:09-MD-02047 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: STEPHEN AND DIANE BROOKE, INDIVIDUALLY, ET ALS | JUDGE FALLON |
| | MAGISTRATE JUDGE NORTH |
| VERSUS | CASE NO. 2:15-CV-04127-EEF-MBN |
| THE STATE-OWNED ASSETS SUPERVISION AND ADMINISTRATION COMMISSION OF THE STATE COUNCIL, ET ALS | |

REMAINING PARTIES:
BARBARA ANN ALFONSO; BESSIE BARNETT;
KERRY BARRE; GWENDOLYN KERR BIERRIA;
JOSEPH BOURLET; GREGORY CROSS;
STEPHANIE FORTENBERRY; GREATER NOLA
HOMES, LLC; HOWARD JONES; AND, TERRENCE
ROSS AND RHONDA ROSS

VERSUS

BEIJING NEW BUILDING MATERIALS GROUP,
CO., LTD.; BEIJING NEW BUILDING MATERIALS
PUBLIC LIMITED CO.; CHINA NATIONAL BUILDING
MATERIAL CO., LTD.; TAISHAN GYPSUM CO., LTD.
F/K/A SHANDONG TAIHE DONGXIN CO., LTD.;
TAI'AN TAISHAN PLASTERBOARD CO., LTD.; AND,
THE STATE-OWNED ASSETS SUPERVISION AND
ADMINISTRATION COMMISSION OF THE STATE COUNCIL
************************************************************************

### ROSS' MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL/RECONSIDERATION/TO ALTER OR AMEND JUDGMENT/FOR RELIEF FROM JUDGMENT OR ORDER

MAY IT PLEASE THE COURT:

Plaintiffs Terrence and Rhonda Ross show that the order entered on May 27, 2021 granting summary judgment dismissing their claims was legally erroneous, and is due to be

withdrawn/vacated/reversed or reconsidered pursuant to Federal Rules of Civil Procedure 59 and/or 60.

It is respectfully submitted that the Court failed to consider all of the ramifications of the subsequent purchaser rule with respect to the Ross claim. Particularly, the Court's order and reasons (which addressed multiple claims in addition to those of Mr. and Mrs. Ross) failed to address that the assigned cause of action from the original purchaser is for indemnification from Taishan for the original purchaser's liability to the Rosses. As established by the Louisiana Supreme Court, prescription did not begin to run on that claim until original purchaser C. Adams made payment in 2014.

Under Rule 59, "the Court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Federal Rule of Civil Procedure 59(a)(2). Motions under Rule 59 are "properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence'" In Re: Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. International Paper Company, 875 F.2d 468, 473 (5th Cir. 1989)). Parties must file a Rule 59 motion "no later than twenty-eight (28) days after the entry of the judgment." Federal Rule of Civil Procedure 59(e).

Rule 60(b)(1) permits relief "from a final judgment, order or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Mistakes can include an "obvious error of law, apparent on the record." In Re: Grimland, Inc., 243 F.3d 228, 233 (5th Cir. 2001). Rule 60(b) balances "the principle of finality of a judgment with the interest of the Court in seeing that justice

is done in light of all the facts." Hesling v. CSX Transportation, Inc., 396 F.3d 632, 638 (5th Cir. 2005) (citing Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981)).

As noted in the filings submitted in support of and in opposition to the subsequent purchaser summary judgment motion, the Rosses purchased their Jefferson Parish residence approximately four months after Chinese drywall had been installed during the course of a post-Katrina renovation. At the time, neither the original drywall purchaser who was selling the home (C. Adams Construction & Design) nor the Rosses were aware that the home was afflicted by a latent defect. Thus, although the subsequent purchaser rule considers that the damage to the immovable property occurred at the time of installation, there was no basis for any adjustment in price due to the unknown damage.

More than two years passed before discovery that corrosion problems affecting certain metallic components of the home were due to the presence of Chinese drywall. Significantly, there was no identification of the manufacturer of that drywall at that time. The Rosses timely filed suit against C. Adams in state court in Jefferson Parish, without knowledge or allegation as to the identity of the manufacturer of the foreign drywall product. As noted by the Court in its decision (R. Doc. 23089 at p. 15 of 17), as soon as it was learned that the defective Chinese drywall in the home may have been manufactured by the Taishan defendants, the Rosses amended that action to add the Taishan defendants as parties on January 22, 2014.[1]

---

[1] Of note, the markings on the drywall from the Ross home do not expressly identify the manufacturer of the drywall, stating only "Made in China, meets or exceeds ASTM C 1396-04 standard." The Taishan defendants have expressly denied responsibility for the language printed on the Ross' drywall, although is almost identical to language which the Taishan defendants have admitted was printed on other products manufactured by them. The ultimate determination of whether Taishan manufactured the drywall in the Ross home remains to be established at trial.

In their motion pleadings, the Taishan defendants incorrectly argued that the passage of time between the January, 2014 amendment of the state court suit and the September, 2015 filing of the Brooke action in this Court constituted grounds to determine that the Rosses' claims were prescribed. It does not appear that the Court accepted this argument. Louisiana law leaves no question that the Rosses' filing of suit against the Taishan entities in a court of proper venue and jurisdiction effected a continuous interruption of prescription (under Louisiana Civil Code Article 3462 and 3463) which preserved the claims against the Taishan defendants from January, 2014 until the Brooke suit was filed. The concept of a continuous tort is inapplicable to this circumstance, and the mention of it in the Court's order and reasons is inapposite.

The dispositive issue for prescription and subsequent purchaser doctrine purposes is whether C. Adams' right to claim against Taishan was already prescribed in January, 2014. The January, 2014 assignment explicitly assigned all of C. Adams' rights, whether in tort or contract, against the Taishan entities and any other parties involved in the manufacture or sale of the drywall in the Ross home.

In its decision (R. Doc. 23089) the Court appears to have overlooked or perhaps misapprehended the nature of the claim assigned by C. Adams to the Rosses.

The assignment from C. Adams to the Rosses conveyed the right to assert two types of claims against the Taishan entities: 1) C. Adams' right to directly assert a claim for the damage to the property as the original purchaser of the defective Taishan product, which claim would be subject to the subsequent purchaser doctrine; and, 2) C. Adams' right to seek contribution and/or indemnity from the Taishan entities for C. Adams' own liability to the Rosses. The Rosses have asserted both types of assigned claim.

Two different prescription analyses apply to the two types of claim. For C. Adams' direct claim against Taishan, a one year prescription would begin to run with the accrual of the cause of action (requiring fault, causation and damages). This is the analysis of the subsequent purchaser doctrine. However, accrual of this cause of action could be delayed by *contra non valentum*, if C. Adams were unaware of the occurrence of the damage and/or the identity of the party at fault.

A different analysis applies with respect to the second type of claim, C. Adams' indemnity/contribution claim against the Taishan entities for C. Adams' own legal liabilities arising from the defective product: "...it is well settled that prescription does not commence on a claim for indemnity or contribution until the party seeking it has sustained a loss, either through payment, settlement or an enforceable judgment." Reggio v. E. T. I., 2007-1433 (La. 12/12/08), 15 So.3d 951, 952. In this case, prescription on C. Adams' claim for contribution and/or indemnity against Taishan would begin to run only upon C. Adams' making payment in January, 2014. Because the Rosses immediately asserted this claim at the time of the assignment, it cannot be prescribed.

As a matter of basic Louisiana tort law, both Taishan as the manufacturer of a defective product and C. Adams as manufacturer/seller of a renovated home are potentially liable to the parties who sustained damage as a result of their defective product. Taishan and C. Adams occupy the position of joint tortfeasors or solidary obligors for the damage caused by that product. In turn, joint tortfeasors and/or solidary obligors are entitled to seek indemnification and/or contribution from one another for their liability to third parties. Under Louisiana law, the right to claim contribution from solidary obligors matures by operation of law when a party makes payment or is cast in judgment. Reggio v. E. T. I., 2007-1433 (La. 12/12/08), 15 So.3d 951. Prescription does not begin to run on a claim for contribution or indemnity until a party makes payment or is cast in judgment. Id.

Applying these basic precepts of Louisiana law to our situation, prescription did not begin to run on the cause of action for C. Adams' rights to seek indemnity or contribution from Taishan for C. Adams' liability to the Ross plaintiffs until C. Adams made payment to the Ross plaintiffs in January, 2014.

The assignment the Rosses obtained from C. Adams in 2014 expressly included C. Adams' rights of indemnity from Taishan, among others. That is, the claim that C. Adams was assigning had not prescribed, and had only just come into existence. C. Adams' right to seek indemnity from Taishan exists as a matter of law, as it would against any other manufacturer of a defective product. The subsequent purchaser doctrine is no bar to the assertion of C. Adams' indemnity claim against Taishan.

As in Reggio v. E. T. I., supra, the indemnity claim at issue is not contractual, but for tort indemnity from a negligent or strictly liable party. The indemnity claim in Reggio was filed three years after the main demand was served. "An action for indemnity is a separate substantive cause of action, independent of the underlying tort." 15 So.3d at 958. The action for indemnity does not accrue until judgment or payment.

The dispositive issue is when the right of C. Adams to seek contribution and/or indemnity from Taishan accrued. Because that cause of action accrued at the time C. Adams made payment to the Rosses, the Rosses' immediate assertion of that claim is clearly timely under the applicable Civil Code articles and established Louisiana Supreme Court jurisprudence.

The grant of summary judgment dismissing the Rosses' claims pursuant to the subsequent purchaser doctrine is contrary to law and due to be reconsidered pursuant to Rule 59 and/or Rule 60. The subject order should be withdrawn and vacated, and the motions filed by Taishan and related

entities (and adopted by the B&C Companies) regarding the subsequent purchaser doctrine denied with respect to Terrence and Rhonda Ross.

Respectfully submitted:<br>
S/KEVIN O'BRYON<br>
KEVIN O'BRYON, LSBA 10151<br>
O'Bryon & Schnabel<br>
935 Gravier Street, Suite 900<br>
New Orleans, LA 70112<br>
Telephone: (504) 799-4200

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served on all counsel of record through a filing in the ECF/Pacer system this 24th day of June, 2021.

s/Kevin O'Bryon<br>
KEVIN O'BRYON