UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| Barbara Ann Alfonso; Bessie Barnett; Kerry Barre; Gwendolyn Kerr Bierria; Joseph Bourlet; Gregory Cross; Stephanie Fortenberry; Greater NOLA Homes, LLC; Howard Jones; and, Terrence Ross and Rhonda Ross, | Case No. 2:15-CV-04127-EEF-JCW |
| Plaintiffs, | |
| v. | |
| Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and Administration Commission of the State Council, | |
| Defendants. | |

## **TAISHAN'S OPPOSITION TO ROSSES' MOTION FOR RECONSIDERATION**

### I.     INTRODUCTION

Terrance and Rhonda Ross' (the "Rosses") Motion for Reconsideration asks to relitigate an issue that was fully briefed by the parties, addressed at oral argument, and resolved by the Court's Order (Rec. Doc. 23089).  In direct rebuttal of the Rosses' late characterization of their claim as an assigned indemnification claim, Taishan argued in its reply briefing and at oral argument that the Rosses had failed to present any evidence to support their argument that an indemnification claim allegedly assigned to them by C. Adams Construction & Design LLC ("C. Adams") was ever filed against Taishan Gypsum, let alone that such a claim interrupted prescription. Rec. Doc. 23084 at 5. A far cry from the Rosses' current allegation that the Court

"appears to have overlooked or perhaps misapprehended the nature of the claim assigned by C. Adams to the Rosses," (Rec. Doc. 23094), the Court considered the indemnification claim and agreed with Taishan, holding that "the Rosses presented no facts to show that there was an indemnification arrangement" between Taishan and C. Adams. Rec. Doc. 23089 at 15. But that holding is never mentioned in the Rosses' Motion, which posits that the Court erred by failing to address indemnification at all. Further, the Motion fails to cite to any evidence in the record that would prove the Court erred in its finding that the indemnification claim had not been substantiated; instead the Motion just recites the same law that the Rosses already briefed and argued the first time around. Accordingly, the Rosses' Motion should be denied and the Court's grant of summary judgment in favor of Taishan should be upheld.

## II.     LEGAL STANDARD

The Rosses' Motion is framed as either a Rule 59 or Rule 60 motion, but the Rosses fail to articulate which specific provisions of those Rules apply to their Motion. Motion at 2-3. For purposes of this opposition, Taishan assumes that the Motion seeks relief under FRCP 59(e) (seeking to alter or amend a judgment) or under FRCP 60(b)(1) (seeking relief from an order on grounds of "mistake, inadvertence, surprise, or excusable neglect"). As explained below, the distinction between Rule 59 and Rule 60 is moot because the Rosses are not entitled to relief under either Rule.

The standard for reconsideration of a court order or judgment is onerous and stringent. A motion to alter or amend a judgment filed pursuant to Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Namer v. Scottsdale Insurance Company*, 314 F.R.D. 392 (E.D. La. 2016) (*citing Waltman v. Int'l*

*Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)).To be entitled to reconsideration under Rule 59(e), this Court announced the following standard to follow:

> A motion to reconsider should be granted only where the movant demonstrates: (1) intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent injustice. "Reconsideration of an order is an extraordinary remedy which courts should use sparingly." Further, ***motions for reconsideration are not to be used "to redebate the merits of a particular motion***."

*In re Vioxx Prod. Liab. Litig.*, 230 F.R.D. 473, 474-475 (E.D. La. 2005) (citations omitted) (emphasis added).

As this Court has held, a motion for reconsideration is not to be used as a vehicle to relitigate old issues, advance new theories, or simply secure a rehearing. *See Fontenot v. Mesa Petrol.*, 791 F.2d 1207, 1219 (5th Cir. 1986). Instead, the Fifth Circuit has held that a Rule 59(e) motion must clearly establish "either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

Similarly, the Fifth Circuit has made clear that relief under Rule 60(b) is an extraordinary remedy, which will be granted only in "unusual or unique circumstances." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir.1985). In considering a Rule 60(b) motion, courts "must engage in the same balancing of competing interests" as under Rule 59(e), but must also consider "that final judgments should not lightly be disturbed" and that "the Rule 60(b) motion is not to be used as a substitute for appeal." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993) (internal citations omitted).

The Rosses' Motion fails to meet either the standards of Rule 59 or 60, as outlined below, and, accordingly, should be dismissed.

### III. ARGUMENT

The Rosses' Motion does not allege any new evidence, manifest injustice or an intervening change in controlling law. Instead, The Rosses' request for reconsideration of the Court's May 27, 2021 Order claims this Court committed a single error of law: failing to "address that the assigned cause of action from the original purchaser is for indemnification from Taishan for the original purchaser's liability to the Rosses" which they claim would have interrupted prescription of their claims in this suit under Louisiana law. Motion at 2. But while the Rosses claim that the Court "appears to have overlooked or perhaps misapprehended the nature of the claim assigned by C. Adams to the Rosses" (Motion at 4), the Court's Order *directly addressed* the Rosses' indemnification argument:

> By the time [C. Adams] assigned its right to sue in 2014, over five years had passed since the initial discovery of defective drywall. At that point, there was no claim to assign because the claim had prescribed. **Finally, the Rosses presented no facts to show that there was an indemnification arrangement between C. Adams and [Taishan]**. Accordingly, the Rosses' claims must be dismissed.

Rec. Doc. 23089 at 15.

The Rosses' Motion entirely ignores this Court's ruling. The Court did not fail to address the Ross' indemnification argument, nor did the Court make an error of law by misstating or misapplying Louisiana law regarding prescription of indemnification claims. Instead, the Court reviewed the record submitted on summary judgment and found, as Taishan had argued in writing and orally, that the Rosses had failed to present *any* facts or evidence to support their indemnification argument. That failure was fully outlined by Taishan in the reply brief in support of Taishan's Motion for Summary Judgment:

> So the Rosses have come up with a new argument: that their assigned claim from C. Adams is not for property damages but is instead C. Adams' claim for indemnity from Taishan for its alleged liability to the Rosses. There are multiple flaws in that new proposal. *First*, the assignment does not mention any claim for indemnity but, instead, explicitly seeks to transfer "all rights in tort and contract" that C. Adams

4

> may have against entities including Taishan. Rec. Doc. 23070-17, Ross Exhibit E at 5. ***Second***, even assuming C. Adams assigned an indemnity claim, the Rosses have never made an indemnification claim in this action; instead, the Rosses joined the Brooke complaint, which asserts claims for and seeks to recover property damages. ***Finally***, the Rosses have submitted no facts whatsoever to this Court—much less facts that would support an unspoken indemnification claim by C. Adams against Taishan, whose commercial relationship with each other (if any) remains a complete mystery to this case record.

Rec. Doc. 23084 at 5.

The Rosses do not allege new facts nor cite to any previously submitted facts to contradict the Court's conclusion that there was no factual basis for the Rosses' argument that they are pursuing an assigned indemnification claim in this action that survived prescription. Instead, the Rosses restate the same Louisiana law regarding indemnification claims and prescription that was submitted in their opposition briefing. *See* Rec. Doc. 23080 at 3-4, 6-7.

Even if the Court were to assume that the Rosses were properly assigned an indemnification claim by C. Adams and properly filed that claim in Louisiana state court in 2014 (neither of which is supported by the record on summary judgment), it is uncontroverted that the Rosses never filed an indemnification claim in the above-captioned case. The Ross' claims in this case are for property damages as outlined in the *Brooke* complaint – which are claims that this Court has ruled are prescribed and barred by the subsequent purchaser doctrine. The Rosses do not seek reconsideration of those rulings, and their Motion fails to state any basis for overturning the Court's summary judgment determination. The Rosses have mistakenly claimed legal error where the Court did not even need to reach a legal finding because the Rosses failed to present any

5

evidence to support their claim, both in their initial response to summary judgment and here in their misguided reconsideration attempt.[1]

Accordingly, the Motion should be denied and the Court's Order granting Taishan's Motion for Summary Judgment should be upheld.

Dated: July 13, 2021

Respectfully submitted,

*/s Christina Hull Eikhoff*
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

---

[1] The Rosses failed to file any opposition to Taishan's Statement of Undisputed Material Facts (Rec. Doc. 23070-2) nor did the Rosses' file a statement of their own material facts, as required by Local Rule 56.2. Accordingly, the facts submitted in Taishan's Statement were undisputed as to the Rosses' claim.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of July, 2021.

<u>/s Christina Hull Eikhoff</u>
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*