
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2:09-MD-02047 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: STEPHEN AND DIANE BROOKE, INDIVIDUALLY, ET ALS | JUDGE FALLON |
| | MAGISTRATE JUDGE NORTH |
| VERSUS | CASE NO. 2:15-CV-04127-EEF-MBN |
| THE STATE-OWNED ASSETS SUPERVISION AND ADMINISTRATION COMMISSION OF THE STATE COUNCIL, ET ALS | |
| REMAINING PARTIES: BARBARA ANN ALFONSO; BESSIE BARNETT; KERRY BARRE; GWENDOLYN KERR BIERRIA; JOSEPH BOURLET; GREGORY CROSS; STEPHANIE FORTENBERRY; GREATER NOLA HOMES, LLC; HOWARD JONES; AND, TERRENCE ROSS AND RHONDA ROSS | |
| VERSUS | |
| BEIJING NEW BUILDING MATERIALS GROUP, CO., LTD.; BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO.; CHINA NATIONAL BUILDING MATERIAL CO., LTD.; TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.; TAI'AN TAISHAN PLASTERBOARD CO., LTD.; AND, THE STATE-OWNED ASSETS SUPERVISION AND ADMINISTRATION COMMISSION OF THE STATE COUNCIL | |

*****************************************************************************

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL/ RECONSIDERATION/TO ALTER OR AMEND JUDGMENT/FOR RELIEF FROM JUDGMENT OR ORDER**

MAY IT PLEASE THE COURT:

Plaintiffs/movants Terrence and Rhonda Ross briefly reply in support of their motion for new trial, etc. (R. Doc. 23094) to clear up an apparent misunderstanding.

The Taishan defendants' opposition (R. Doc. 23100) focuses on a purported failure "to present any facts or evidence to support their indemnification argument" regarding original purchaser C. Adams' indemnity rights against Taishan.

The parties seem to be speaking past each other. The Rosses did not allege the existence of a written contract of indemnification existing between C. Adams and Taishan. Rather, the Rosses have pointed out that original purchaser C. Adams was possessed of causes of action to recover its own damages and to obtain indemnity or contribution for its liability to others, from defective product manufacturer Taishan. These rights exist as a matter of law. Under Louisiana Civil Code Article 2520, the seller of any product warrants the buyer against redhibitory defects or vices in the thing sold. Additionally, C. Adams as a solidary obligor to the Rosses has a right to seek tort indemnity or contribution from another solidary obligor (Taishan) pursuant to Louisiana Civil Code Articles 1804 and 1805. As noted in the Rosses' original memorandum, this cause of action for indemnity or contribution accrues when the obligor (C. Adams) makes payment. Neither of these causes of action requires a written contract of indemnity. C. Adams' rights were assigned to the Rosses in 2014.

C. Adams' right of indemnity against Taishan exists as a matter of law, and not based on a written contract. Taishan's opposition is directed to a claim the Rosses do not assert (written contract of indemnity), and overlooks the claim the Rosses do assert (assignment of C. Adams' legal rights of indemnity from Taishan).

To the extent that Taishan's opposition contends that the Rosses did not have an assignment from C. Adams, and that the Rosses did not file their claim against Taishan in Louisiana state court, both contentions are directly disproved by Taishan's own summary judgment filings. R. Doc. 23070-17 is the assignment from C. Adams to the Rosses, which explicitly assigns all of C. Adams'

legal rights against Taishan. R. Doc. 23070-18 is the docket of the Rosses' state court suit in Jefferson Parish, documenting the Rosses' filing against Taishan in that action.

And to the extent that Taishan contends that the Brooke omnibus complaint, as amended (R. Doc. 23021), fails to fully assert the Rosses' claims against Taishan, Taishan overlooks that FRCP 8 sets out a regime of "notice" pleadings, eschewing the detailed fact pleadings required in some state court systems. If Taishan were of the opinion that the amended complaint was insufficiently detailed, such that it could not reasonably prepare a response, it was entitled to file a FRCP 12(e) motion for a more definite statement. It did not. Instead, Taishan filed an answer (R. Doc. 23025) which explicitly pled the subsequent purchaser doctrine defense subject of the underlying motion for summary judgment, evidencing that Taishan was on notice of this potential issue from the filing of the amended complaint (R. Doc. 23021).

Original purchaser C. Adams' rights of indemnification against Taishan arise by operation of law. The fact that there is no written indemnity contract between C. Adams and Taishan is simply irrelevant to the claims which C. Adams assigned to the Rosses.

    Respectfully submitted:

    S/KEVIN O'BRYON
    KEVIN O'BRYON, LSBA 10151
    O'Bryon & Schnabel
    935 Gravier Street, Suite 900
    New Orleans, LA 70112
    Telephone: (504) 799-4200
    Facsimile: (504) 799-4211

**CERTIFICATE OF SERVICE**

      A copy of the foregoing has been served on all counsel of record through a filing in the ECF/Pacer system this 20th day of July, 2021.

                                                      s/Kevin O'Bryon
                                                      KEVIN O'BRYON