UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 09-2047 |
| THIS DOCUMENT RELATES TO: | SECTION L (5)<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| Terrence Ross and Rhonda Ross,<br><br>　　　　Plaintiffs,<br>v.<br><br>Beijing New Building Materials Group, Co., Ltd.;<br>Beijing New Building Materials Public Limited Co.;<br>China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and The State-Owned Assets Supervision and administration Commission of the State Council,<br><br>　　　　Defendants. | Case No. 15-4127 |

## ORDER AND REASONS

Before the Court is Plaintiffs Terrence and Rhonda Ross's Motion for Reconsideration, R. Doc. 23094. Defendant Taishan Gypsum Company, Ltd. filed an opposition, R. Doc. 23100, in which Defendants China National Building Materials Company, Ltd., Beijing New Building Materials Group Company, Ltd., and Beijing New Building Materials Public Limited Company joined, R. Doc. 23101. Having considered the briefing and the applicable law, the Court now rules as follows.

### I.  BACKGROUND

This case is part of the Chinese Drywall multi-district litigation ("MDL") that arose after many plaintiffs in several regions of the United States filed suits alleging that drywall used in the construction of their homes was defective. The plaintiffs claimed that the drywall, which had been manufactured in China, had emitted gases, damaged wiring and appliances in their homes, and

1

caused physical afflictions to the homes' residents. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings before this Court.

The drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities, which are German-based manufacturers whose Chinese subsidiary sold some of the drywall, and (2) the Taishan Entities, which are Chinese-based manufacturers who produced some of the drywall. The present motion relates to the Taishan Defendants and other Chinese-based defendants. These defendants include the principal Chinese-based Defendant, Taishan Gypsum Co. Ltd. ("Taishan"), and its wholly-owned subsidiary, Tai'an Taishan Plasterboard Co., Ltd. ("TTP"). Other Chinese-based defendants include China New Building Materials Group ("CNBM Group"), China New Building Materials Co. ("CNBM"), Beijing New Building Materials Public Limited Company ("BNBM") and Beijing New Building Material Group ("BNBMG").

The Taishan Defendants agreed to a settlement with certain groups of plaintiffs who had filed omnibus complaints, the *Amorin* and *Brooke* plaintiffs, on January 10, 2020. However, several plaintiffs from the *Brooke* group opted out of this settlement agreement, choosing to continue litigating their claims. Two Louisiana plaintiffs from the *Brooke* group, Terrence and Rhonda Ross ("the Rosses"), filed the present motion.

On May 27, 2021, the Court granted Taishan's motion for summary judgment against seven of the *Brooke* opt-outs, including the Rosses. R. Doc. 23089. The Court found that the Rosses did not have a valid claim against Taishan because, as subsequent purchasers of a home in which the drywall had already been installed, the Rosses did not have a personal right to sue Taishan. *Id.* at 15. Moreover, the Court found the Rosses had not acquired the right to sue from the original purchaser of their home, C. Adams Construction & Design LLC ("original purchaser"), because

any claim against Taishan had already prescribed by the time the original purchaser allegedly assigned it to the Rosses. *Id*. at 15. The Rosses filed the present motion seeking reconsideration of the Court's dismissal of their claim.

## II.     PRESENT MOTION

The Rosses seek reconsideration of the Court's grant of summary judgment for Taishan, arguing that the Court erred in dismissing the Rosses' claim based on the subsequent purchaser rule. R. Doc. 23094-2 at 2. The Rosses allege that the cause of action they acquired from the original purchaser of the home included a claim for indemnification from Taishan for the original purchaser's liability to the Rosses, and that prescription did not begin to run on that claim until the original purchaser paid the Rosses in 2014. *Id.* Thus, the Rosses argue, because they immediately asserted that claim, the claim did not prescribe and the Rosses acquired a valid right to sue Taishan despite being subsequent purchasers. *Id.* at 5. Consequently, the Rosses argue, their claims against Taishan should have survived and they are entitled to reconsideration of the Court's judgment under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *Id.* at 2.

In opposition, Taishan argues that the Rosses are not entitled to relief, whether under Rule 59 or Rule 60, because they have not presented new evidence or shown an error of law. R. Doc. 23100 at 2, 5. Taishan argues that the Court already considered the indemnification claim that the Rosses allege and found that there was not sufficient evidence that the Rosses had acquired a cause of action for indemnification. *Id.* at 4. Taishan further argues that the only claims the Rosses have brought in this case are for property damage, which the Court has already ruled are prescribed and barred under the subsequent purchaser rule. *Id.* at 5.

## III.    APPLICABLE LAW

### a.  *Altering a Judgment Under Rule 59(e)*

3

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion for reconsideration under Rule 59(e) should only be granted in narrow circumstances: "[s]uch motions serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D.Ill.1982), *affd.* 735 F.2d 1367 (7th Cir. 1984)). As this Court has stated,

> [a] motion to reconsider should be granted only where the movant demonstrates: (1) intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent injustice. "Reconsideration of an order is an extraordinary remedy which courts should use sparingly." Further, motions for reconsideration are not to be used "to re-debate the merits of a particular motion."

*In re Vioxx Prod. Liab. Litig.*, 230 F.R.D. 473, 474–75 (E.D. La. 2005) (quoting *Schildkrant v. Bally's Casino New Orleans, LLC*, No. 04-366, 2004 WL 2385004, at *1-2 (E.D. La. Oct. 22, 2004)).

### b. *Relief from a Judgment Under Rule 60(b)*

Rule 60(b) provides that "the court may relieve a party from a final judgment, order, or proceeding" due to "mistake," "newly-discovered evidence," or "any other reason that justifies relief," among other reasons. Fed. R. Civ. P. 60(b). This rule "affords extraordinary relief" and requires "a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). Moreover, "final judgments should not be lightly disturbed" and the rule "is not to be used as a substitute for appeal." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

## IV. DISCUSSION

The Rosses have not met the standard for altering a judgment under Rule 59(e) or for relief from a judgment under Rule 60(b). Both rules allow a court to reconsider a judgment only in narrow circumstances—for example, where there has been a clear error, new evidence has been discovered, or there is a danger of injustice. *See* Fed. R. Civ. P. 59(e) and 60(b). Moreover, the case law on both rules emphasizes the need to uphold prior judgments absent unusual circumstances and to avoid arbitrary reconsideration of issues the Court has already decided. *See Bohlin*, 6 F.3d at 356 (noting that courts "must engage in the same balancing of competing interests" under both rules).

Here, the Rosses have not presented new evidence or shown a clear error in the Court's prior ruling. The argument that the Rosses acquired an indemnification claim against Taishan from the original purchaser of their home—the only argument they raise in support of reconsideration—was already discussed in the parties' briefing on Taishan's motion for summary judgment. *See* R. Doc. 23084 at 5. Moreover, the Court referred to the topic of a potential indemnification claim between the original purchaser and Taishan in the Court's order granting summary judgment. R. Doc. 23089 at 15. Thus, the Court was aware of the topic of a potential indemnification claim against Taishan but did not find its implications sufficient to prevent summary judgment against the Rosses. The Rosses have not met the standard for reconsideration of the Court's judgment merely by elaborating their argument about a potential indemnification claim in greater detail after the Court has already dismissed their case.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Rosses' Motion for Reconsideration, R. Doc. 23094, is **DENIED**.

New Orleans, Louisiana, this 29th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE