### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | JUDGE FALLON<br><br>MAG. JUDGE NORTH |

### REPLY IN SUPPORT OF MOTION OF THE FEE AND ALLOCATION COMMITTEE TO ALLOCATE COMMON BENEFIT FEES AWARDED FROM THE FLORIDA INDIVIDUAL SETTLEMENT AND TO DETERMINE AMOUNT OF INTEREST OWED

There is unanimous support from all interested parties for the proposed allocation of common benefit fees from the Florida Individual Settlement ("FIS") (R. Doc. 23114). Significantly, none of the attorneys who are entitled to an allocation of those fees have opposed the Motion to Allocate. The only opposition was filed by Individual Counsel representing the Plaintiffs who participated in the FIS (R. Doc. 23118). This group of attorneys, however, do not challenge, nor would they have standing to challenge, the allocation of the FIS common benefit fee award. Rather, they contend this Court lacks jurisdiction to determine the amount of interest owed on the fees awarded. In so doing, Individual Counsel ignore the fact they agreed to a two-step process for adjudicating this fee dispute, which was sanctioned by this Court (R. Doc. 22289). There is no question that the Court has retained jurisdiction to resolve this matter.

Class Counsel have filed a motion to enforce Judge Cooke's fee award since Individual Counsel have refused to transfer the awarded funds to the MDL Court registry despite a valid

mandate from the Eleventh Circuit (R. Doc. 23115). For completeness of the record, Class Counsel's Reply in Support of their Motion to Enforce is attached hereto as Exhibit "A."

Given there is no opposition to the Fee and Allocation Committee's proposed allocation of common benefit fees awarded from the FIS, the Motion to Allocate should be granted. Further, the FAC's request to set a hearing to determine the interest owed on those fees should be set.

Respectfully submitted,

Dated:  September 9, 2021

By: */s/ Leonard A. Davis*
Leonard A. Davis (LA Bar #14190)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfim.com
*Fee Allocation Committee*

Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
sduggan@lfsblaw.com
*Chair of Fee Allocation Committee and Settlement Class Counsel*

Patrick Shanan Montoya (FL Bar #0524441)
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Phone:  (305) 476-7400
Fax:  (305) 476-7444
Patrick@colson.com
*Fee Allocation Committee, Plaintiffs' Steering Committee, and Settlement Class Counsel*

Richard J. Serpe, Esq.

LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
Phone: 757-233-0009
Rserpe@serpefirm.com
*Fee Allocation Committee, Plaintiffs' Steering Committee, and Settlement Class Counsel*

Hugh P. Lambert (LA Bar #7933)
The Lambert Law Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com
*Fee Allocation Committee, Plaintiffs' Steering Committee*

Allison Grant, Esquire (FL Bar #858330)
Allison Grant, P.A.
14 S.E. 4th Street
Boca Raton, Florida 33434
Phone: (561) 994-9646
Fax: (561) 431-4627
agrant@allisongrantpa.com
*Fee Allocation Committee*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **EDUARDO AND CARMEN AMORIN,** *et al.*, **individually, and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 1:11-CV-22408-MGC** |
| **TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.,** *et al.*, | |
| **Defendants.** | |

### CLASS COUNSEL'S REPLY IN SUPPORT OF MOTION TO ENFORCE JUDGMENT AWARDING COMMON BENEFIT COUNSEL 45% OF THE TOTAL FEES (PAID BY BOTH TAISHAN AND CLIENTS) RECEIVED BY INDIVIDUAL COUNSEL FROM THE FLORIDA INDIVIDUAL SETTLEMENT (ECF NO. 408)

Individual Counsel continue to grasp at straws in an effort to avoid having to pay for the work Common Benefit Counsel performed on behalf of 497 *Amorin* Plaintiffs who participated in the Florida Individual Settlement ("FIS"). They continue to take the untenable position that Common Benefit Counsel are entitled to no compensation whatsoever for their efforts in prosecuting the Florida *Amorin* cases on remand, despite the findings of this Court (affirmed on appeal) that:

- "Class Counsel exerted a great deal of time and labor that directly benefited FIS claimants, and this factor weighs heavily in favor of the fee award here." ECF No. 408 at 8;

- The FIS claimants increased their total recovery by $12,852,012.83 when they "liquidated their MFN [Most Favored Nations] rights based

# Exhibit A

on the approximate anticipated value of comparable claims in the global settlement" that Class Counsel negotiated. *Id.* at 9;

- Class Counsel's "'ability to bring a Chinese corporation to the bargaining table to resolve a product liability action in the United States represents an outstanding result.'" *Id.*;

- The FIS would not have been obtained "without any benefit from the years of litigation conducted by Class Counsel leading up to the FIS." *Id.*; and

- "Class Counsel undertook the substantial risk of litigating this case on a contingency basis[, which]. included paying out-of-pocket expenses and 'devot[ing] three partners to this litigation virtually full time' without guarantee they would be reimbursed." *Id.* at 8.

There is no denial that the Eleventh Circuit has issued a mandate affirming these findings (ECF No. 452), that Individual Counsel never asked for a stay of the mandate (ECF No. 455 at 3), and that no such stay has been entered. Therefore, in accordance with the agreed-to and Court-approved process for adjudicating this fee dispute, Individual Counsel must transfer the common benefit fees awarded by this Court from their firms' escrow accounts to the MDL Court registry for allocation, notwithstanding any petition for certiorari they may file.[1]

---

[1] Individual Counsel's argument that the disputed fees are more secure in various counsel's private escrow accounts than in the registry of the MDL Court is without merit. First, it is not

Individual Counsel, however, are refusing to do so. Incredibly, they suggest that this Court does not have the authority to enforce its own order. ECF No. 455 at 2. "It is well settled that federal courts possess inherent authority to enforce their own orders and to police their own proceedings." *Davis v. Post Univ., Inc.*, 497 F.Supp.3d 1252, 1263 (S.D. Fla. 2019); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

Individual Counsel further contend they are not required to transfer the monies because this Court's order does not mention their escrow accounts and "the judgment does not quantify the total amount of the award or the portions attributable to the individual defendant firms." *Id.* at 3. Yet, when it was in their interest to do so, Individual Counsel took the contradictory position in the Eleventh Circuit that the fee order was immediately appealable as a final judgment because there were no remaining issues to be decided by this Court, and the calculation of the fees owed was

---

certain that Judge Fallon will authorize a distribution of the fees while a petition for certiorari is pending, but in the event a distribution occurs, Common Benefit Counsel are officers of the Court and subject to its jurisdiction such that they would be ordered to return the monies if Individual Counsel are successful before the Supreme Court. Second, Individual Counsel's contention that funds in excess of the fee award (*i.e.*, $93,552.71) are being held in escrow by them ignores the fact that Class Counsel are entitled to legal interest dating back to the Court's order of May 22, 2020, which may or may not exceed the additional escrowed monies. Moreover, Individual Counsel have not advised where the monies are being held and whether or not the funds are deposited in interest-bearing accounts. Finally, it is unquestionable that the disputed funds are most secure under the auspices of the Court that will conclude this common benefit award process, *i.e.* the MDL Court.

a ministerial task easily accomplished. *See* Individual Counsel's Opposition to Motion to Dismiss Appeal, at 1 & 6-7, attached hereto as Exhibit "A." In fact, Individual Counsel provided the Appellate Court with specific amounts owed by each law firm, totaling in the aggregate <u>$5,832,950.95</u> (without interest),[2] even though they previously struck from the record Class Counsel's proposed order setting forth the specific amounts that would be owed by them in the event Class Counsel's fee petition were granted and directing them to transfer those monies to the MDL Court registry.[3]

At every pass, Individual Counsel have exhibited a penchant for dragging out these legal proceedings and creating imaginary roadblocks intended to delay the resolution of disputes. These same attorneys in a separate fee fight in the MDL were found to have created "havoc and needless delay," by filing multiple objections, commencing "unnecessary proceedings," and "prolong[ing] the discovery process by filing unnecessary written discovery and seeking pointless depositions of the Court-appointed CPA and various members of the [Plaintiffs' Steering Committee] and Fee Allocation Committee." *See* ECF No. 391 at 3-5 (*quoting* MDL Order and Reasons

---

[2] According to Individual Counsel, the fees owed by each law firm are as follows: (i) $3,180,845.90 owed by Parker Waichman, LLP; (ii) $778,631.87 owed by Levin Papantonio Thomas Mitchell Rafferty Proctor, PA; (iii) $601,798.10 owed by Milstein Jackson Fairchild & Wade, LLP; (iv) $769,006.79 owed by Whitfield Bryson & Mason, LLP; and (v) $502,668.30 owed by Mrachek Fitzgerald Rose Konopka Thomas & Weiss, PA. *Id.* at 1 n.1 (*citing* ECF Nos. 400, 400-1 (sealed)).

[3] *See* Individual Counsel's Motion to Strike and for Sanctions. ECF No. 403-1 at 2 (arguing that Class Counsel's proposed order contained confidential information regarding their contingent fee contracts). *See also* Order striking proposed order from the docket. ECF No. 405.

Setting Common Benefit Fees [R. Doc. 21168] at 23). Their *modus operandi* has not changed here, and there is little doubt they will attempt to appeal whatever ruling this Court issues on the motion to enforce.

What makes their conduct particularly egregious is that these attorneys are trying to negate the orderly two-step, multi-jurisdictional process involving this Court and the MDL Court, which they agreed to for the award of common benefit fees out of the proceeds of the FIS.[4] Under the procedures approved by Judge Fallon, this Court would be asked in the first instance to determine the amount of fees, if any, that are owed to Class Counsel. Secondly, the MDL Court would be asked to allocate those fees among eligible Common Benefit Counsel. ECF No. 320-7 (stipulation); ECF No. 453-1 (MDL Order approving proposed fee award process).

In accordance with the first step, after extensive briefing and consideration of the evidence presented, this Court determined that Class Counsel are "entitled to 45% of the total fees (paid by both Taishan and clients) received by Individual Counsel from the FIS." ECF No. 408 at 10. Given their position that Class Counsel are not entitled to any common benefit fees, Individual Counsel were quick to challenge this ruling by

---

[4] In their stipulation, the parties recognized "that Judge Cooke has jurisdiction over a request by Class Counsel for an award of Common Benefit Costs and/or Fees out of the Florida Individual Settlement funds,[] but that Judge Fallon retains jurisdiction to allocate any such award between and among the individual Common Benefit Attorneys who have submitted time and/or expenses in accordance with PreTrial Order No. 9 in MDL No. 2047.[]" ECF No. 320-7 at 2 (fns. omitted).

filing an appeal in the Eleventh Circuit rather than await the conclusion of the fee award process in the MDL. This effectively halted the multi-step process in place.

Now, having lost the appeal and facing a valid mandate from the Eleventh Circuit, Individual Counsel are refusing to transfer the awarded fees to the MDL Court registry, despite their prior agreement intended "to facilitate resolution of their differences in a manner that will advance an expedient, orderly and equitable resolution of all related proceedings." ECF No. 320-7 at 2. They contend that the "proper" procedure at this juncture is for Class Counsel to seek a writ of execution under Florida law – which would certainly be met with opposition. The position of Individual Counsel belies the record and flouts the integrity of the judicial system.

Absent an enforcement order from this Court requiring Individual Counsel to transfer the fees to the MDL Court for allocation by Judge Fallon, they will continue to thwart and delay the conclusion of the fee award process. For these reasons, the motion to enforce should be granted.

Dated: September 1, 2021                    Respectfully submitted,


                                            /s/ Patrick S. Montoya, Esq.
                                            Patrick Shanan Montoya
                                            Fla. Bar No. 0524441
                                            Email: Patrick@colson.com
                                            Colson Hicks Eidson
                                            255 Alhambra Circle, PH
                                            Coral Gables, FL  33134-2351
                                            Telephone:  (305) 476-7400
                                            Facsimile:  (305) 476-7444
                                            *Interim Lead Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Southern District of Florida by using the CM/ECF System, which will send a notice of electronic filing on this 1st day of September, 2021.

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Telephone:  (305) 476-7400
Facsimile:  (305) 476-7444
*Interim Lead Counsel for Plaintiffs*

# Exhibit A

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

## No. 20-12100
_____

## MR. EDUARDO AMORIN, ET AL.

## V.

## TAISHAN GYPSUM CO., LTD., ET AL.

_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
Civil Action No. 1:11-CV-22408
Honorable Marcia G. Cooke, District Judge

_____

## OPPOSITION TO INCORPORATED MOTION TO DISMISS APPEAL
## FOR LACK OF APPELLATE JURISDICTION ON BEHALF OF
## APPELLANTS PARKER WAICHMAN, LLP;
## MILSTEIN JACKSON FAIRCHILD & WADE, LLP;
## WHITFIELD BRYSON & MASON, LLP;
## MRACHECK FITZGERALD ROSE KONOPKA THOMAS & WEISS, PA;
## ROBERTS AND DURKEE, PA; AND
## LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY PROCTOR, PA

_____

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

**Jimmy R. Faircloth, Jr. (La. Bar No. 20645), T.A.**
**Mary Katherine Price (La. Bar No. 38576)**
105 Yorktown Drive
Alexandria, LA 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744
jfaircloth@fairclothlaw.com
kprice@fairclothlaw.com
**Counsel for Appellants**

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1, to the best of Appellants' (i) Parker Waichman LLP, (ii) Milstein Jackson Fairchild & Wade LLP, (iii) Whitfield Bryson & Mason LLP, (iv) Mrachek Fitzgerald Rose Konopka Thomas & Weiss PA, (v) Roberts and Durkee PA, and (vi) Levin Papantonio Thomas Mitchell Rafferty Proctor PA knowledge, the Certificate of Interested Persons and Corporate Disclosure Statement filed on June 19, 2020 as supplemented by Appellees' Statement filed on July 1, 2019, remains current and complete, and the following persons and entities have or may have an interest in the outcome of this case:

Abadi, Jamal and Hamzey – Individual Settling Claimant

Abel, Kenneth – Individual Settling Claimant

Adams, Edward and Paula – Individual Settling Claimant

Adams, Richard and Marilyn – Individual Settling Claimant

Aguilar, Delsa – Individual Settling Claimant

Albanis, Panagiotis, V. -- Identified in Appellee's CIP

Albites, Francisco A. – Attorney for Individual Settling Claimants

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Aldred, Timothy and Pearl – Individual Settling Claimant

Alekseyeva, Yelena – Individual Settling Claimant

Alexander, Lynne – Individual Settling Claimant

Allison Grant, PA -- Identified in Appellee's CIP

Altidor, Julie – Individual Settling Claimant

Altizio, Ignazio – Individual Settling Claimant

Amaral, Antonio and Isabel  – Individual Settling Claimant

Andersen, Michael – Individual Settling Claimant

Ankum, Freda G. – Individual Settling Claimant

Astrin, Scott and Terri – Individual Settling Claimant

Auguste, Alide – Individual Settling Claimant

Avner, Brett and Wendy – Individual Settling Claimant

Aymerich, Jason – Individual Settling Claimant

Azor, Harry and Stephania – Individual Settling Claimant

Baez, Ramon – Individual Settling Claimant

Ballard, Marcia – Individual Settling Claimant

Barcia, Aurora – Individual Settling Claimant

Barnes, Arlana – Individual Settling Claimant

Baron & Budd -- Identified in Appellee's CIP

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Baron, Steve -- Identified in Appellee's CIP

Barragan, Fernando and Barbara – Individual Settling Claimant

Barreto, Adolfo – Individual Settling Claimant

Barrios, Ana – Individual Settling Claimant

Barrios, Dawn M. -- Identified in Appellee's CIP

Barrios, Kingsdorf & Casteix -- Identified in Appellee's CIP

Bartschat, Eric and Anne Marie – Individual Settling Claimant

Bast, Peter and Robin – Individual Settling Claimant

Batra, Vinod – Individual Settling Claimant

Becerra, Alexander – Individual Settling Claimant

Becnel Law Firm, LLC -- Identified in Appellee's CIP

Becnel, Bradley -- Identified in Appellee's CIP

Becnel, Mary, as Administrator for the Estate of Daniel E. Becnel, Jr. --

Identified in Appellee's CIP

Benish, Frances – Individual Settling Claimant

Bentley, Lonnette – Individual Settling Claimant

Benzo, Ramon and Candida – Individual Settling Claimant

Berman, Laurence S. -- Identified in Appellee's CIP

Bickford, Scott R. -- Identified in Appellee's CIP

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Blanchard, Abelar – Individual Settling Claimant

Bonome-Rodriguez, Ramon – Individual Settling Claimant

Borgardt, David and Katherine – Individual Settling Claimant

Borges, Virgilio and Janaina – Individual Settling Claimant

Borowiec, Gary – Individual Settling Claimant

Bowers, Gail and Roger – Individual Settling Claimant

Bradley, Leon Sr. and Robin – Individual Settling Claimant

Braga, Henry and Deborah – Individual Settling Claimant

Bragoli, Frank and Carolyn – Individual Settling Claimant

Breit, Jeffrey A. -- Identified in Appellee's CIP

Brewton, III, I.D. and Sonia – Individual Settling Claimant

Brice, Philip – Individual Settling Claimant

Browne, James and Jill – Individual Settling Claimant

Brumbaugh, Russell and Carol – Individual Settling Claimant

Bryson, Daniel – Attorney for Individual Settling Claimants

Buchanan, David -- Identified in Appellee's CIP

Buckwald, David – Individual Settling Claimant

Budd, Russell -- Identified in Appellee's CIP

Bui, Tom – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Burkhead, Samantha and John L. – Individual Settling Claimant

Burns, Roberta -- Identified in Appellee's CIP

Caballero, Frank and Carmen – Individual Settling Claimant

Cain, Joseph E. -- Identified in Appellee's CIP

Calloway, Frederic (Kent) and Amanda – Individual Settling Claimant

Callwood, Sandy and Alberto – Individual Settling Claimant

Cammarata, Louis and Michele – Individual Settling Claimant

Caple, Janelle (Beaber) – Individual Settling Claimant

Carbonell, Wayne and Kimberly – Individual Settling Claimant

Cardenas, Francisco and Elsa – Individual Settling Claimant

Cardenas, Frank, III – Individual Settling Claimant

Cardiello, Frank and Gayle – Individual Settling Claimant

Caricato, Lisa – Individual Settling Claimant

Carlson, Susan S. -- Identified in Appellee's CIP

Carmen, Anthony – Individual Settling Claimant

Carter, Daniel and My-Duyen – Individual Settling Claimant

Casalengo, Roger – Individual Settling Claimant

Casburn, Richard and Judy – Individual Settling Claimant

Casey, Stephanie A. -- Identified in Appellee's CIP

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Casteix, Barbara T. -- Identified in Appellee's CIP

Cavalieri, Sam, John, Jennifer and Candace – Individual Settling Claimant

Cegielski, Boguslaw and Ning – Individual Settling Claimant

Centola, Lawrence J., III -- Identified in Appellee's CIP

Chan, Yut Siong – Individual Settling Claimant

Chau, Van – Individual Settling Claimant

Chinoy, Vinita and Raymond – Individual Settling Claimant

Christina, Salvadore, Jr. -- Identified in Appellee's CIP

Christodoulou, Louis and Maryann – Individual Settling Claimant

Clark, Robert and Linda – Individual Settling Claimant

Clarke, Joseph and Sandra – Individual Settling Claimant

Clarke, Paul and Heather – Individual Settling Claimant

Coaker, Deborah – Individual Settling Claimant

Cohen, Jay and Shari – Individual Settling Claimant

Cole, John and Star – Individual Settling Claimant

Collingwood, Sharon and Samuel – Individual Settling Claimant

Colson Hicks Eidson, PA – Attorneys/Appellees

Colson, Dean C. -- Identified in Appellee's CIP

Condon, Paul – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Conlin, Patrick – Individual Settling Claimant

Conroy, John – Individual Settling Claimant

Cooke, Honorable Marcia G., United States District Judge, Southern District of

Florida

Coolidge, Melinda -- Identified in Appellee's CIP

Corea, Edgar – Individual Settling Claimant

Cove, Joseph, Jr – Individual Settling Claimant

Covos, Sebastian – Individual Settling Claimant

Craig, Bill and Jill – Individual Settling Claimant

Creevy, John S. -- Identified in Appellee's CIP

Crespo, Aileen – Individual Settling Claimant

Croley, Paul – Individual Settling Claimant

Cruz, Eduardo – Individual Settling Claimant

Cruz, Robert and Sandra – Individual Settling Claimant

Cummings, Brian and Leslie – Individual Settling Claimant

Cunningham Bounds, LLC -- Identified in Appellee's CIP

D & B Assets, LLC – Individual Settling Claimant

D'Ambrosio, Angelo and Deborah – Individual Settling Claimant

Dalal, Alpa – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Daniels, Lula – Individual Settling Claimant

Danza, Madelina – Individual Settling Claimant

David, Robert, Sr. -- Identified in Appellee's CIP

Davis, Chris – Individual Settling Claimant

Davis, Gordon and Estela – Individual Settling Claimant

Davis, Kimberly – Individual Settling Claimant

Davis, Leonard A. -- Identified in Appellee's CIP

Deeg, David – Individual Settling Claimant

DeKeyser, Lee and Phyllis – Individual Settling Claimant

Delisser, John and Marvalyn – Individual Settling Claimant

Demirgian, Edward and Tonia – Individual Settling Claimant

DeMonaco, Charles and Rachele – Individual Settling Claimant

DeNaeva, Marta – Individual Settling Claimant

DeNavea, Martha Lisa – Individual Settling Claimant

Derzhko, Miroslam and Jaroslawa (Gloria) – Individual Settling Claimant

Ditianquin, Marlon – Individual Settling Claimant

Dominguez, Antonio and Zenedia – Individual Settling Claimant

Dong, Chi – Individual Settling Claimant

Donnelly, James – Individual Settling Claimant

Case Case: 20-12100 Date Filed: 07/27/2020 Page: 10 of 46 Case 2:09-md-02047-EEF-MBN Document 456 Entered 20-1 Filed 08/09/09/09/Page 21 Page 11 of

Case: 20-12100 Date Filed: 07/27/2020 Page: 10 of 46

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Dowdy, Alfred and Joyce – Individual Settling Claimant

Dryman, Lauren (Bove) – Individual Settling Claimant

Dudreck, Albert and Thomas – Individual Settling Claimant

Duggan, Sandra L. – Attorney/Appellee

Dunn, Keith and Crystal – Individual Settling Claimant

Durkee, C. David – Attorney for Individual Settling Claimants

Durrance, Barry and Denise – Individual Settling Claimant

Earley, Amanda and Peter – Individual Settling Claimant

Eastman, Julie Mae – Individual Settling Claimant

Ecuyer, Michael -- Identified in Appellee's CIP

Edwards, Norma – Individual Settling Claimant

Eidson, Lewis S. -- Identified in Appellee's CIP

Elliot, N. Frank, III -- Identified in Appellee's CIP

Ellison, Maynard and David – Individual Settling Claimant

Eltahawy, Sherif – Individual Settling Claimant

Englander, Mark – Individual Settling Claimant

Ercolino, Vincent – Individual Settling Claimant

Escudie, Mary – Individual Settling Claimant (Declined Settlement Offer)

Estrela, Jose Antonio and Maria A. – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Etter, Steven and Cathy – Individual Settling Claimant

Evans, Donald and Barbara – Individual Settling Claimant

Evans, Wessels and Pauline – Individual Settling Claimant

Ewald, Thomas and Christina (Greco) – Individual Settling Claimant

Faircloth Melton Sobel & Bash, LLC – Attorneys for Parker Waichman LLP /

Appellants

Faircloth, Jimmy R., Jr. – Attorney for Parker Waichman LLP / Appellants

Fayard & Honeycutt APLC -- Identified in Appellee's CIP

Fayard, Calvin C. -- Identified in Appellee's CIP

Fischer, Dirk – Individual Settling Claimant

Fisher, Regina – Individual Settling Claimant

Flaherty, Catherine – Individual Settling Claimant

Flaherty, Sean – Individual Settling Claimant

Flores, David – Individual Settling Claimant

Fluharty, Carson and Charlene – Individual Settling Claimant

Foster, Gregg – Individual Settling Claimant

Fowler, Gerald and Darlene – Individual Settling Claimant

Fox, Edwin and Lisa – Individual Settling Claimant

Foxwell, Craig and Linda – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Franca, Sylvia – Individual Settling Claimant

Frasiolas, Steve and Harriet – Individual Settling Claimant

Frazier, Sr., Frank and Jessie – Individual Settling Claimant

Freel, Kevin – Individual Settling Claimant

Fugazy, Lenni and Justin – Individual Settling Claimant

Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC -- Identified in

Appellee's CIP

Gambhir, Reena -- Identifed in Appellee's CIP

Gander, Deborah, J. -- Identified in Appellee's CIP

Garcia, Alexander and Sylvia – Individual Settling Claimant

Garrett, June (Swift) – Individual Settling Claimant

Garrido, Carlos and Olga – Individual Settling Claimant

Garvey, Stephen and Karen – Individual Settling Claimant

Geraci, Vincent and Joan – Individual Settling Claimant

Gerber, Avis and Russell – Individual Settling Claimant

Giannini Trust, Dominic – Individual Settling Claimant

Giannoussidis, Nikolaos – Individual Settling Claimant

Gill, Pamela and Theodore – Individual Settling Claimant

Gillman, James – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Gilmore, Elsie – Individual Settling Claimant

Gisleson, Soren E. -- Identified in Appellee's CIP

Gittens, Dian – Individual Settling Claimant

Goede, John and Krista – Individual Settling Claimant

Gonzalez, Adalberto and Annette – Individual Settling Claimant

Gonzalez, Laura – Individual Settling Claimant

Gonzalez, Sergio and Maria – Individual Settling Claimant

Goodman, Honorable Jonathan, United States Magistrate Judge, Southern

District of Florida

Gordon, Ben W., Jr. – Attorney for Individual Settling Claimants

Gordon, Ryan – Individual Settling Claimant

Gosselin, Sathya -- Identified in Appellee's CIP

Grant, Allison K. -- Identified in Appellee's CIP

Grassel, Eric and Svetlana – Individual Settling Claimant

Graziano, John and Lisa – Individual Settling Claimant

Gregory, Robert and Fern – Individual Settling Claimant

Griffith, Richard and Olga – Individual Settling Claimant

Guillette, Jason and Melissa – Individual Settling Claimant

Hahn, Letitia – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Hamilton, Roger – Individual Settling Claimant

Hamwee, Mark – Individual Settling Claimant

Hanlon, Patrick and Ann – Individual Settling Claimant

Harris, Ralph and Bain-Harris, Jean – Individual Settling Claimant

Harris, Scott C. – Attorney for Individual Settling Claimants

Harrison, Barrie and Hillary – Individual Settling Claimant

Harter, Harry and Olga – Individual Settling Claimant

Hartley, Charles and Janet – Individual Settling Claimant

Harvey, Ronald and Brandy Jr. – Individual Settling Claimant

Hasselschwert, Craig and Jane – Individual Settling Claimant

Hattemer, Greg and Jennifer – Individual Settling Claimant

Hatton, Patrick and Jeannette – Individual Settling Claimant

Hausfeld, Michael -- Identified in Appellee's CIP

Haywood, Manisha Adwani – Individual Settling Claimant

Herman Herman & Katz, LLC – Attorneys/Appellees

Herman, Russ M. -- Identified in Appellee's CIP

Herman, Stephen J. – Attorney/Appellee

Hernandez, Humberto – Individual Settling Claimant

Hirt, Frederick and Ellen – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Hiskey, Richard – Individual Settling Claimant

Hobbie, Wendy Lee – Individual Settling Claimant

Hoffman, Hannelore – Individual Settling Claimant

Holt, Herschel and Karen – Individual Settling Claimant

Honeycutt, D. Blayne -- Identified in Appellee's CIP

Hooker, Deborah – Individual Settling Claimant

Hornbeck, Ronald and Linda – Individual Settling Claimant

Hoxter, Scott – Individual Settling Claimant

Huang, Qinxi – Individual Settling Claimant

Hubbard, Curtis and Michelle – Individual Settling Claimant

Hughes, Amanda – Individual Settling Claimant

Hurley, Jonathan and April – Individual Settling Claimant

Hussey, Greer A. – Individual Settling Claimant

Irpino, Anthony -- Identified in Appellee's CIP

Irvin, Timothy and Karen – Individual Settling Claimant

Ivory, James – Individual Settling Claimant

Jackson, Edmund – Individual Settling Claimant

Jackson, Tiffany (Norris) – Individual Settling Claimant

Jarman, Marcus and Jaclyn – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Jioia, Perry and Alice – Individual Settling Claimant

Johnson, Christopher – Individual Settling Claimant

Johnson, Edward and Gail – Individual Settling Claimant

Johnson, Rosemary – Individual Settling Claimant

Joiner, David and Charity – Individual Settling Claimant

Jones, Brian – Individual Settling Claimant

Jones, Bruce – Individual Settling Claimant

Jones, Kenneth – Individual Settling Claimant

Jones, Megan -- Identified in Appellee's CIP

Jones, Rosetta and Lucious – Individual Settling Claimant

Joseph, David and Pamela – Individual Settling Claimant

Julia, Juan Carlos and Martha – Individual Settling Claimant

Junco, Jorge – Individual Settling Claimant

Kalbac, Joseph J., Jr. -- Identified in Appellee's CIP

Kallfelz, Marita – Individual Settling Claimant

Kane, Julie Braman -- Identified in Appellee's CIP

Kapalin, Daniel and Danielle – Individual Settling Claimant

Karaian, George and Bernadette – Individual Settling Claimant

Karcher, John – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Katz, Brian D. -- Identified in Appellee's CIP

Kaufman, Leslie – Individual Settling Claimant

Kehl, Hans and Beate – Individual Settling Claimant

Keller, Brad and Kerry – Individual Settling Claimant

Kelley, Walter -- Identified in Appellee's CIP

Kellner, Alan and Ilana – Individual Settling Claimant

Kelson, Sherrie – Individual Settling Claimant

Kepler, LLC – Individual Settling Claimant

Kim, Mai – Individual Settling Claimant

Kingsdorf, Bruce S. -- Identified in Appellee's CIP

Kingsnorth, Bob and Grace – Individual Settling Claimant

Knight, Rosemary – Individual Settling Claimant

Knowles, Timothy and Tosha – Individual Settling Claimant

Kolich, John and Susanna – Individual Settling Claimant

Kovens, Arthur and Martha – Individual Settling Claimant

Kramer, Betty Ann – Individual Settling Claimant

Kramer, Dan and Carolyn – Individual Settling Claimant

Kranz, Helene – Individual Settling Claimant

Krause, Donald – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Krause, Howard – Individual Settling Claimant

Kropf, Leneva Jean – Individual Settling Claimant

Krueckel, Susanne – Individual Settling Claimant

Lambert, Hugh -- Identified in Appellee's CIP

Lambert, Palmer -- Identified in Appellee's CIP

Landau, Brent -- Identified in Appellee's CIP

Larrazabal, Alejandro – Individual Settling Claimant

Lau, Donald K. – Individual Settling Claimant

Law Offices of Richard J. Serpe, PC – Attorneys/Appellees

Law Offices of Sidney D. Torres, III, A.P.L.C. -- Identified in Appellee's CIP

Layton, Clark Michael – Individual Settling Claimant

Lebsock, Christopher -- Identified in Appellee's CIP

Lehmann, Michael -- Identified in Appellee's CIP

Lemberg, Mark and Diana – Individual Settling Claimant

Lengel, Donna – Individual Settling Claimant

Leon, Damarys – Individual Settling Claimant

Levin Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. – Attorneys for

Individual Settling Claimants / Appellants

Levin Sedran & Berman LLP – Attorneys/Appellees

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Levin, Arnold – Attorney/Appellee

Levina, Tatyana – Individual Settling Claimant

Levitan, Rosaliya (Makarchu) – Individual Settling Claimant

Lewis, Lesley – Individual Settling Claimant

Lewis, Richard -- Identified in Appellee's CIP

Leyon, Mikhail – Individual Settling Claimant

Lieff Cabraser Heimann & Bernstein LLP -- Identified in Appellee's CIP

Lister, Mindy and Martin – Individual Settling Claimant

Litwin, Barry and Mel – Individual Settling Claimant

Liviach, Peter – Individual Settling Claimant

LJPTRD, LLC – Individual Settling Claimant

Loader, Jennifer C. – Individual Settling Claimant

Logan, Susan – Individual Settling Claimant

Longer, Frederick S. -- Identified in Appellee's CIP

Look, Peter – Individual Settling Claimant

Lopez, Abner – Individual Settling Claimant

Lopez, Stephen – Individual Settling Claimant

Love, Nakisha – Individual Settling Claimant

Lowande, Paul and Renee – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Lowery, Kenneth – Individual Settling Claimant

Lu, Qun – Individual Settling Claimant

Lumar, Semyon and Darina – Individual Settling Claimant

Lundy, William and Gena – Individual Settling Claimant

Luntz, George and Adrienne – Individual Settling Claimant

Macciavello, Giovanni – Individual Settling Claimant

Madera, Eligio and Belkis – Individual Settling Claimant

Maderal, Francisco R. -- Identified in Appellee's CIP

Madigan, Murphy – Individual Settling Claimant

Mallin, Karen and Jonathan  – Individual Settling Claimant

Maloy, Jack and Louise – Individual Settling Claimant

Mancini, Richard – Individual Settling Claimant

Maness, Danielle Lee – Individual Settling Claimant

Maniscalco, Frank and Grace – Individual Settling Claimant

Mantuo, Joe Ellen – Individual Settling Claimant

Maradona, Michael and Arlen – Individual Settling Claimant

Marinell, Derek – Individual Settling Claimant

Marion, James – Individual Settling Claimant

Martin, Patrick and Alice – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Martin, Scott -- Identified in Appellee's CIP

Martinez, Roberto -- Identified in Appellee's CIP

Martzell Bickford & Centola -- Identified in Appellee's CIP

Masih, Parveen – Individual Settling Claimant

Mason Lietz & Klinger LLP – Attorneys for Individual Settling Claimants

Mason, Gary E. – Attorney for Individual Settling Claimants

Mastrogiacomo, Kim – Individual Settling Claimant

Maton, Anthony -- Identified in Appellee's CIP

Mattesich, John – Individual Settling Claimant

Mattia, Michael and Mary Ellen – Individual Settling Claimant

Mazzola, Bruce – Individual Settling Claimant

McCarthy, Mary Ann – Individual Settling Claimant

McDavid, Fernon and Loretta – Individual Settling Claimant

McKnight, Ashley and Gloria – Individual Settling Claimant

McMillan, Annette and John – Individual Settling Claimant

Medrano, Ramon and Nedy – Individual Settling Claimant

Meinholz, Nancy – Individual Settling Claimant

Meinke, Mark and Jennifer – Individual Settling Claimant

Meister, David and Diane – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Mendez, Claudia – Individual Settling Claimant

Mendez, Wilmer (Morales) – Individual Settling Claimant

Menz, Charlotte – Individual Settling Claimant

Meunier, Gerald E. -- Identified in Appellee's CIP

Meyer, Ken – Individual Settling Claimant

Mihelich, George and Mara – Individual Settling Claimant

Miller, Robert – Individual Settling Claimant

Miller, Vicki – Individual Settling Claimant

Milstein, Jackson, Fairchild & Wade, LLP – Attorneys for Individual Settling

Claimants / Appellants

Milstein, Mark – Attorney for Individual Settling Claimants

Miner, Curtis B. -- Identified in Appellee's CIP

Miranda, Sergio – Individual Settling Claimant

Mitchell, Robert and Bonnie – Individual Settling Claimant

Mitchell, Susan – Individual Settling Claimant

Molina, Carlos and Margarita – Individual Settling Claimant

Montoya, Patrick S. – Attorney/Appellee

Morgan & Morgan, PA -- Identified in Appellee's CIP

Morillo, Madelyn – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Morin, Barbara – Individual Settling Claimant

Morris, Robert – Individual Settling Claimant

Morrison, Walter -- Identified in Appellee's CIP

Mosley, Toni (Hall) – Individual Settling Claimant

Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A. – Attorneys for

Individual Settling Claimants / Appellants

Mueller, Lawrence and Jaime – Individual Settling Claimant

Muenchen, Stephen M., Jr. – Individual Settling Claimant

Muenchen, Stephen, Sr. – Individual Settling Claimant

Mundt, Elaine – Individual Settling Claimant

Muradali, Fazeel – Individual Settling Claimant

Murphy, William – Individual Settling Claimant

Murray, Paul – Individual Settling Claimant

Murray, Paul and Lois – Individual Settling Claimant

Murray, Robin and Marva – Individual Settling Claimant

N. Frank Elliott III, LLC -- Identified in Appellee's CIP

Naustdal, Donna – Individual Settling Claimant

Nord, John – Individual Settling Claimant

Notarpasquale, Agostina (Domenic) – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Nowling, Michael and Angel – Individual Settling Claimant

Nudelman, Gene – Individual Settling Claimant

Nunes, Norberto – Individual Settling Claimant

Nunez, Carmela (Margarita) – Individual Settling Claimant

O'Brien, Jason – Individual Settling Claimant

Ojeda, Benjamin and Nancy – Individual Settling Claimant

Okaily, AM and Lois – Individual Settling Claimant

Okaily, Rhoda and Aly – Individual Settling Claimant

Ondrovic, Joseph – Individual Settling Claimant

Organista, Maria – Individual Settling Claimant

Osborne, Jason and Pemberton-Osborne, Janna – Individual Settling Claimant

Osterberg, David and Andrea – Individual Settling Claimant

Overbeck, David – Individual Settling Claimant

Ovicher, Joseph and Celine – Individual Settling Claimant

Owen, Scott and Emilia – Individual Settling Claimant

Packard, Suki and Michael – Individual Settling Claimant

Page, Michael and Rikke – Individual Settling Claimant

Palmer, Olga – Individual Settling Claimant

Parikh, Jayesh and Kirti – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Parker Waichman LLP – Attorneys for Individual Settling Claimants /

Appellants

Parker, Jerrold S. – Attorney for Individual Settling Claimants

Parker, William, Jr. – Individual Settling Claimant

Parker, William, Sr. – Individual Settling Claimant

Parr, Patrick and Linda – Individual Settling Claimant

Paskow, Ross and Jacyln – Individual Settling Claimant

Patchan, Catherine – Individual Settling Claimant

Pate, Jeremy – Individual Settling Claimant

Patterson, Kelli – Individual Settling Claimant

Pauls, Henry and Gerna – Individual Settling Claimant

Pech, Guenter and Eveline – Individual Settling Claimant

Peltier, Isaac and Shanon – Individual Settling Claimant

Penzimer, Marilyn – Individual Settling Claimant

Perecca, Joel – Individual Settling Claimant

Perez, Andres and Raquel – Individual Settling Claimant

Perez, Carlos – Individual Settling Claimant

Perez, Esdras – Individual Settling Claimant

Peter, Arish  – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Petty, Barbara R. – Individual Settling Claimant

Pezze, Daniel and Carol – Individual Settling Claimant

Pfeiffer, Marion – Individual Settling Claimant

Pham, Kelly – Individual Settling Claimant

Pietrantonio, Robert and Tamie – Individual Settling Claimant

Pirczhalski, Joseph – Individual Settling Claimant

Pizzirusso, James -- Identified in Appellee's CIP

Podzielry, Randa – Individual Settling Claimant

Poggio, James and Janice – Individual Settling Claimant

Polychronopoulos, Nathalie and George – Individual Settling Claimant

Pope, Jackie and Ronald – Individual Settling Claimant

Poplausky, Maurice and Hanna – Individual Settling Claimant

Portnoy, Sidney and Sandra – Individual Settling Claimant

Posey, Susan – Individual Settling Claimant

Powell, Laura Ann and Lindeerth – Individual Settling Claimant

Price, Mary K. – Attorney for Parker Waichman LLP / Appellants

Prokopetz, Jerry, Jason and Linda – Individual Settling Claimant

Pruna, David and Jaimy – Individual Settling Claimant

PSC Enterprises, LLC – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Quaranta, Benito – Individual Settling Claimant

Quinn, Christopher and Katherine – Individual Settling Claimant

Racius, Lubraine and Anese – Individual Settling Claimant

Rand, Richard – Individual Settling Claimant

Rappa, Erasmo and Kathleen – Individual Settling Claimant

Ratner, Brian -- Identified in Appellee's CIP

RCR Holdings II, LLC – Individual Settling Claimant

Reber, Todd and Melissa – Individual Settling Claimant

Reilly, Reed and Victoria – Individual Settling Claimant

Reino, Frank – Individual Settling Claimant

Renaud, Paris and Baird-Renaud, Merle – Individual Settling Claimant

Renzetti, Nicholas and Adrienne – Individual Settling Claimant

Restrepo, Soccoro – Individual Settling Claimant

Riback, Martin – Individual Settling Claimant

Richardson, Valerie – Individual Settling Claimant

Richman, Steven and Marsha – Individual Settling Claimant

Riley, Estela – Individual Settling Claimant

Risko, Mark and Beverly Ann – Individual Settling Claimant

RMM Investments, LLC – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Roberts & Durkee P.A. – Attorneys for Individual Settling Claimants /

Appellants

Robinson, Louis – Individual Settling Claimant

Robinson, Peter – Individual Settling Claimant

Robinson, Terry and Wallace – Individual Settling Claimant

Rockcliff, Christie – Individual Settling Claimant

Rodriguez, Iyanse – Individual Settling Claimant

Rodriguez, Otonier and Margarita – Individual Settling Claimant

Rodriguez, Yalier – Individual Settling Claimant

Rose, Mary – Individual Settling Claimant

Rosen, Sheree – Individual Settling Claimant

Roth, Stephen and Leslie – Individual Settling Claimant

Rovezzi, James and Narcissa – Individual Settling Claimant

Roy, Gerard and Nancy – Individual Settling Claimant

Sabatino, Dominic – Individual Settling Claimant

Saeks, Sieglinde – Individual Settling Claimant

Sakalauskas, Alberto and Laura – Individual Settling Claimant

Salter, Kenneth and Cindy – Individual Settling Claimant

Saltzman, Scott and Jordana – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Sandler, Inna on behalf of Daniels, Anatoly – Individual Settling Claimant

Sanford, Patricia – Individual Settling Claimant

Santiago, Cesar – Individual Settling Claimant

Santillo, Keith – Individual Settling Claimant

Santos, Jeomarcio – Individual Settling Claimant

Santos, Joel – Individual Settling Claimant

Schatzle, Judith – Individual Settling Claimant

Scherrer, Hilary -- Identified in Appellee's CIP

Schneider, Wolfgang – Individual Settling Claimant

Schneider-Christians, Michael and Verena – Individual Settling Claimant

Schour, Stephen – Individual Settling Claimant

Schwab, Emma Kingsdorf -- Identified in Appellee's CIP

Scocco, Bart – Individual Settling Claimant

Scott, Cynthia and Jonathan – Individual Settling Claimant

Scott, Denise (Breen) – Individual Settling Claimant

Seddon, Robert and Joan – Individual Settling Claimant

Seeger Weiss -- Identified in Appellee's CIP

Seeger, Christopher A. -- Identified in Appellee's CIP

Sellman, Terry and Donna – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Sena, Dale – Individual Settling Claimant

Serajuddowla, Mohammad and Ruth – Individual Settling Claimant

Serpe, Richard J. – Attorney/Appellee

Shaw, John – Individual Settling Claimant

Sheehan, Michael – Individual Settling Claimant

Shehadi, Fred and Susan – Individual Settling Claimant

Shelmandine, Gerald A. and Connie L. – Individual Settling Claimant

Sher, Golub and Donna – Individual Settling Claimant

Siddiqui, Hassan – Individual Settling Claimant

Siegel, Sandra – Individual Settling Claimant

Sierra, Santos – Individual Settling Claimant

Simonian, Thomas – Individual Settling Claimant

Sims, Fred – Individual Settling Claimant

Sims, Willie – Individual Settling Claimant

Singh, Govinhd – Individual Settling Claimant

Singleton, Robert and Krista – Individual Settling Claimant

Sistrunk, Earl – Individual Settling Claimant

Skipper, Phillip and Cheryl – Individual Settling Claimant

Smith, Christopher – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Smith, Gloria and Robert – Individual Settling Claimant

Smith, Marsha – Individual Settling Claimant

Steckler, Bruce W. -- Identified in Appellee's CIP

Steed, Max – Individual Settling Claimant

Stein, Amy – Individual Settling Claimant

Stewart, Joseph and Sandra – Individual Settling Claimant

Strehle, Etta – Individual Settling Claimant

Suarez, Humberto – Individual Settling Claimant

Sullivan, William and Sheila – Individual Settling Claimant

Summy, Scott -- Identified in Appellee's CIP

Sutton, Stuart – Individual Settling Claimant

Swartz, Christopher and Sylvia – Individual Settling Claimant

Sweeney, Bonny -- Identified in Appellee's CIP

Sylvester, Kristen and Nolan – Individual Settling Claimant

Talerico, Michelle & Tom – Individual Settling Claimant

Taylor, George and Anna – Individual Settling Claimant

Taylor, Lloyd – Individual Settling Claimant

Teegarden, Randy – Individual Settling Claimant

Teitelbaum, Ronald and Donna – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Tempel, Harvey and Lisa – Individual Settling Claimant

Templeton, Sherry – Individual Settling Claimant

The Lambert Firm, PLC -- Identified in Appellee's CIP

The Steckler Law Firm -- Identified in Appellee's CIP

Thompson, Benjamin and Deborah – Individual Settling Claimant

Thompson, Venesia – Individual Settling Claimant

Thornhill Law Firm -- Identified in Appellee's CIP

Thornhill Law Group -- Identified in Appellee's CIP

Thornhill, Tom W. -- Identified in Appellee's CIP

Tighe, Edward – Individual Settling Claimant

Toledo, Maria – Individual Settling Claimant

Tomac, Tom and Carrie – Individual Settling Claimant

Torres, Noel – Individual Settling Claimant

Torres, Sidney -- Identified in Appellee's CIP

Torres-Barajas, Ramiro – Individual Settling Claimant

Torres-Lutz, Marcelo and Cecilia – Individual Settling Claimant

Tran, Minh – Individual Settling Claimant

Tuller Investments, LLC – Individual Settling Claimant

Tuller, Elaine – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Twin Crest Associates, LLC – Individual Settling Claimant

Vacca, Natalie – Individual Settling Claimant

Vaccaro, Chase and Robin – Individual Settling Claimant

Valentin, Miguel – Individual Settling Claimant

Vargas, Odilio – Individual Settling Claimant

Vasquez, Monica – Individual Settling Claimant

Vayda, Richard and Rita – Individual Settling Claimant

Venetian Village of Brevard Condo Association, Inc. – Individual Settling

Claimant

Verderame, Frances – Individual Settling Claimant

Vieau, Mark – Individual Settling Claimant

Vila, Desiree – Individual Settling Claimant

Villalobos, Gilliam – Individual Settling Claimant

Villaneuva, Emilse – Individual Settling Claimant

Vitiello, Anthony and Laura – Individual Settling Claimant

Waas, John – Individual Settling Claimant

Wagner, Jonathon and Samantha – Individual Settling Claimant

Wardally, Arthur – Individual Settling Claimant

Warren, Megan and John – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Warshauer, Irving -- Identified in Appellee's CIP

Weinsberg, Edgar and Yvonne – Individual Settling Claimant

Weiss, Gregory S. – Attorney for Individual Settling Claimants

Weiss, Stephen – Individual Settling Claimant

White, Jill and Vincent – Individual Settling Claimant

White, Richard and Linda – Individual Settling Claimant

Whitfield Bryson & Mason, LLP – Attorneys for Individual Settling Claimants /

Appellant

Whitfield Bryson LLP – Attorneys for Individual Settling Claimants

Wienstroer, Danny and Patrick – Individual Settling Claimant

Wilcox, Eric and Karen – Individual Settling Claimant

Wiley, John – Individual Settling Claimant

Wiley, Thad – Individual Settling Claimant

Willey, Ryan and Danielle – Individual Settling Claimant

Williams, Catina (Fletcher) – Individual Settling Claimant

Willman, Courtney – Individual Settling Claimant

Wilson, Darrell and Darlene – Individual Settling Claimant

Wilson, Reginald – Individual Settling Claimant

Winn, Brandon and Juliet – Individual Settling Claimant

**Mr. Eduardo Amorin, et al v. Taishan Gypsum Co., Ltd., et al**
**Appeal No.: 20-12100-GG**

Wohleber, David and Marlene – Individual Settling Claimant

Woodard, Benjamin and Deborah – Individual Settling Claimant

Woods, Randy and Sherry – Individual Settling Claimant

Wool, Zachary -- Identified in Appellee's CIP

Yamamoto, Sean and Christine – Individual Settling Claimant

Yassa, Alain – Individual Settling Claimant

Yudess, Daniel and Karen – Individual Settling Claimant

Yusuf, Nejeh – Individual Settling Claimant

Zagalsky, Yefim – Individual Settling Claimant

Zamora, Michael – Individual Settling Claimant

Zavala, Carlos – Individual Settling Claimant

Zelazny, Louis – Individual Settling Claimant

Zhang, Dong – Individual Settling Claimant

Zhou, Zhongmin – Individual Settling Claimant

Zitner, Sheldon – Individual Settling Claimant

*/s/ Jimmy R. Faircloth, Jr.*
Jimmy R. Faircloth, Jr.
Counsel for Appellants

Dated: July 27, 2020

## SUMMARY OF ARGUMENT IN OPPOSITION

The Order issued by the trial court (R. Doc. 408) conclusively adjudicates all claims and defenses in the trial court as between *these* parties and is, thus, final under 28 U.S.C. § 1291. Finality is not lacking simply because the calculation of the award is not performed in the Order itself, as argued by Appellees. In this instance, determining the amount of the award for execution is "purely ministerial in nature—a simple arithmetic calculation," *Turner v. Orr*, 759 F.2d 817, 820 (11th Cir. 1985), based on explicit instructions in the Order and undisputed information in the record. *See* R. Doc. 408 at 11 ("45% of total fees" paid to Appellants) and R. Docs. 400, 400-1 (sealed) ("Notice of Settling Attorneys in Response to Endorsed Order Requiring Notice of Attorney Fees") (hereafter "Fee Notice") (identifying total fees paid to Appellants, individually and collectively).[1] Appellees' argument about the "amount" of fees awarded is purely form over substance.

Further, Appellees cite no authority—and there is none—to support the argument that the Order is non-reviewable by this Court because it *may* ultimately

---

[1] The total award is $5,832,950.95, and the amounts owed by the individual Appellants are as follows: (i) $3,180,845.90 owed by Parker Waichman, LLP; (ii) $778,631.87 owed by Levin Papantonio Thomas Mitchell Rafferty Proctor, PA; (iii) $601,798.10 owed by Milstein Jackson Fairchild & Wade, LLP; (iv) $769,006.79 owed by Whitfield Bryson & mason, LLP; and (v) $502,668.30 owed by Mracheck Fitzgerald Rose Konopka Thomas & Weiss, PA. *See* R. Doc. 400, 400-1 (sealed). The Notice was filed under seal to protect some of the internal data, which is proprietary, not to secrete the amount of the awards from Appellees or the public.

1

form the basis of a "yet-to-be-entered final order" in the Eastern District of Louisiana adjudicating the rights of parties not present here, or that the Order is somehow reviewable by the Fifth Circuit at the end of that process.[2] This claim is but another stage in a *sui generis* odyssey that has drifted far from any statutory mooring and beyond the assurances of due process.

<u>Proceedings Below</u>. For the sake of brevity, Appellants adopt and incorporate by reference the contents of the "Statement of the Case" from their Original Brief at 2-7.[3]

---

[2] *See* Appellees' Answer to Jurisdictional Question and Motion to Dismiss Appeal ("Motion to Dismiss") at 2.

[3] The only material misstatements in Appellees' rendition of the procedural history are (1) that Appellants "offered to escrow 10% of the proceeds [of the individual settlements for common benefit fees" when initially requesting that Judge Fallon lift PTO 32 (*See* Motion to Dismiss at 4), and (2) that Judge Cooke scheduled a hearing to "determine the fairness" of the individual settlements. *Id*. at 5. In fact, Appellants offered to escrow proceeds from the individual settlements *as security* for a potential award of common benefit fees, not *for* an award of common benefit fees. Also, as explained in Appellants' Original Brief, the hearing before Judge Cooke concerned the mere adequacy of the information provided by Appellants to their clients about the individual settlements, not the "fairness" of the settlements. This matters greatly, because it relates to court's lack of jurisdiction over the individual settlements, a threshold requirement for an award of common fund fees. *See* Appellants' Original Brief at 14-19

## ARGUMENT IN OPPOSITION

### A. <u>Mr. Montoya is the Only Proper Appellee</u>

The proceeding below involved a claim by Interim Lead Counsel, Patrick Montoya, against the Appellants for an award of attorney fees from the settlement of 497 individual claims in the trial court. He is the only member of the self-designated "Class Counsel" acting on formal authority issued by the trial court.[4] There were no claims asserted in the trial court by individual common benefit attorneys. Instead, Mr. Montoya sought an aggregate award on behalf of all potential common benefit stakeholders. If he succeeds, individual attorney stakeholders may seek an allocation from the award in the Eastern District of Louisiana. *See* R. Doc. 390-1 ("Agreement Regarding Pre-Trial Order No. 32 and Related Matters") (hereafter the "Transfer Agreement") and R. Doc. 390-2 (Order lifting PTO 32).

The reference to "Levin et al" in the original caption directed by the appellate case manager was inaccurate.[5] In fact, Mr. Levin is not a party to this proceeding,

---

[4] Mr. Montoya was appointed Interim Lead Counsel at the initial status conference after Appellants objected to a lack of formal authority by Class Counsel on remand. *See* R. Doc. 40 at 22. Thereafter, Class Counsel avoided additional formal authority, explained in Appellants' Original Brief at 23-27.

[5] The designation of "Levin et al" appears to have originated from a notice issued by the Court's case manager (*See* "Notice of Case" at 2, issued on June 5, 2020), and this designation was used on attorney appearance forms. Later, the case manager directed counsel for Appellants to use the case caption reflected on the cover of Appellants' Original Brief and this Opposition, which does not include "Levin et al."

nor is Mr. Herman, Ms. Duggan, or Mr. Serpe. Although seemingly harmless, the expanded Appellee roster is a demonstration of the nuanced use of authority and status that has plagued this proceeding. On this occasion, it is being used to falsely imply that there are unresolved claims between the parties *to this proceeding*. That simply is not the case. As observed by this Court, a litigant may not "hitch a ride on his adversary's notice of appeal to enlarge his rights under the judgment [under review] or diminish those of the opposing part." *Lawhorn v. Allen*, 519 F.3d at 1272, 1286 n. 20 (11th Cir. 2008). Mr. Montoya is the only party with standing as an Appellee.

## B. The Order is Final Under 28 U.S.C. § 1291

### 1. The Proceeding Below Stands Alone for Purposes of Appellate Review

Appellees correctly state that "the parties contemplated and expressly agreed that the process for awarding common benefit fees, if any, to common benefit counsel out of the proceeds of the FIS[s] would involve multiple steps" (Motion to Dismiss at 7) consisting of one fee proceeding in the Southern District of Florida and, if necessary, a second fee proceeding in the Eastern District of Louisiana. But Appellees are wrong in suggesting that this process involved "coordination between Judge Cooke and Judge Fallon" that somehow alters appellate review. *See* Motion to Dismiss at 7. On the contrary, the Transfer Agreement and Judge Fallon's order

make clear these are entirely separate proceedings involving entirely different parties
and claims.

Although PTO 32 from the MDL provided Class Counsel a hook to lay claim
to fees from individual settlements on remand, it turned out to be an obstacle for
approval of the global class settlement. This impediment related to the inappropriate
exclusion of the 498 individual *Amorin* class member from the class settlement—
before execution of any individual settlements—who surely would have objected if
their individual settlements were delayed while awaiting approval of the global class
settlement. Compounding this dilemma was the issue of attorney fees, with Class
Counsel poised to demand fees from the individual settlements and Appellants
poised to demand fees from the global class settlement.

The solution was to decouple the individual settlements from the global class
settlement and all issues between the "two sets of attorneys."[6] Hence, Appellants
and Class Counsel entered the Transfer Agreement (*see* R. Doc. 390-1) and Judge
Fallon lifted PTO 32 (*see* R. Doc. 390-2). This accomplished three things: (1) The
individual settlements were allowed to proceed without delay; (2) All fee issues
between Appellants and Class Counsel (collectively) were transferred to the

---

[6] Class Counsel correctly describe the "two sets of attorneys" as "the Settling
Attorneys-Appellants representing the Florida Amorin Plaintiffs who participating
in the Florida Individual Settlement[s] and common benefit counsel in the MDL."
Appellees Motion at n.1.

5

Southern District of Florida; and (3) Judge Fallon reserved authority to allocate "any

such award between and among individual common benefit attorneys." R. Doc. 390-

2 (emphasis added).[7]

In sum, the proceeding before Judge Fallon is conditioned on the existence of

an enforceable award from the Southern District of Florida. There is nothing in the

Transfer Agreement that alters Appellants' right to appeal to *this* Court from a final

decree rendered by Judge Cooke. Appellees' attempt to avoid this Court's review by

casting the proceeding below as merely a part of an "ultimate award"—by another

court and among parties not present here—is without merit.

### 2. The Award is Fixed and Easily Determinable

There is no question that the Order fully resolves all contested issues in the

trial court and provides clear instructions for calculating the award for purposes of

executing a judgment. "A final decision 'ends the litigation and on the merits and

leaves nothing for the [trial] court to do but execute the judgment." *SEC v. Carrillo*,

325 F.3d 1268, 1272 (11th Cir. 2003), quoting *Catlin v. Unites States*, 324 U.S. 229,

233 (1945). *See also*, *Fort v. Roadway Express*, 746 F.2d 744 (11th Cir. 1984). But

---

[7] Under the Transfer Agreement, Appellants agreed not to appear in the anticipated fee proceeding before Judge Fallon in exchange for the right to request that Judge Cooke weigh the value of Appellants' contribution to the global settlement as part of the fee proceeding involving the individual settlements. In other words, as an offset.

this Circuit has long recognized the distinction between unresolved matters requiring further adjudication in the trial court—which defeat finality—and "purely ministerial" actions "concerning the execution of a judgment"—which do not. *Turner v. Orr*, 759 F.2d 817, 820 (11th Cir. 1985).[8]

*Turner* involved the appeal of an order by a special master on claims arising from a consent judgment entered in a class action suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). The special master found for the plaintiff and "instructed counsel to 'calculate seniority, back pay, and other appropriate relief'" apparently based on data not in dispute. 759 F.2d at 820. On appeal, this Court rejected the argument that jurisdiction was lacking because the amount of award was not expressly stated in the decree, as argued here. According to the Court: "The calculation required under the special master's report is purely ministerial in nature—a simple arithmetic calculation of back pay and seniority. Such ministerial acts concerning the execution of a judgment do not affect the finality of the decree." *Id.*

*Carrillo*, involving an unquantified award of prejudgment interest, cited the rule from *Turner* with approval, but reached a different result because issues affecting the value of the award remained in the trial court. As explained in *Carrillo*,

---

[8] *See Massachusetts Casualty Ins. Co. v. Forman,* 469 F.2d 259, 260 (5th Cir.1972) (appealable where order "amounted to a final disposition of the primary issue then existing between the parties").

"[t]he final judgment rule does not require district courts to calculate a precise amount of damages in every case []. This is true even though it might appear that the district court still has something left to do that goes beyond executing the judgment," as in *Turner*. 325 F.3d at 1272.  But in *Carrillo* the factors for calculating the award were not conclusively determined*. Id*. at 1272-73 ("the language of the order is absolutely silent regarding the prejudgment interest rate and the time period for accrual"). Further, the trial court expressly "retain[ed] jurisdiction to determine the amount of interest and to consider motions for fees and costs." *Id*. Under these circumstances, the Court concluded that the "calculation of prejudgment interest is not a mere ministerial task based on the court's [] order." *Id*.

A similar result was reached in *Herman v. Seaworld Parks & Entertainment, Inc*. 2017 WL 5515837, \*1 (11th Cir. 2017), where the "district court did not make any findings on the issue of damages" and "clearly contemplated further proceedings in regard to damages." According to the Court, these "remaining calculations of damages go beyond mere ministerial matters and basic mathematical calculations." *Id*.

Other circuits recognize this same distinction between ministerial actions for executing a judgment and the adjudication of unresolved issues affecting the value of an award. For example, the court in *Griffin v. Michigan Dept. of Corrections*, 5 F.3d 186, 190 (6th Cir. 1993), cited this Court's decision in *Turner* for the

8

proposition that "it is commonplace that the pendency of damage computations does not prevent an appeal." And in *Matter of Fox*, 762 F.2d 54, 55 (7th Cir. 1985) (involving a bankruptcy remand order), Judge Posner explained that a judgment is final for purposes of appeal "if all that remains to do on remand is a purely mechanical, computational, or in short 'ministerial' task, whose performance is unlikely either to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand."[9]

In this case, the calculation of the award is indeed ministerial. The trial court provided the formula: "45% of total fees" paid to Appellants. *See* R. Doc. 408 at 11). And the total fees paid to Appellants, individually and collectively, was filed under seal in the trial court *at the direction of the trial court* before issuing the Order. *See* "Endorsed Order Requiring Notice of Attorneys' Fees" at R. Doc. 398 (stating "the Parties must file a notice informing the Court of the total amount of settlement funds paid to the 498 Florida Amorin plaintiffs who participated in the FIS and the total amount of attorneys' fees charged by the Settling Attorneys to their clients who participated in the FIS, including any fees paid by Taishan. The Court grants the

---

[9] *See also Hattersley v. Bollt*, 512 F.2d 209, 213 (3d Cir.1975) (finding judgment appealable even though it "does not ... assess the precise monetary amount owed.... because the judgment fixes ... ultimate liability and clearly establishes the parameters of that liability"); *United States v. Brook Contracting Corp.*, 759 F.2d 320, 323 (3d Cir.1985) (same).

9

Parties leave to file the requested information under seal"). *See also* R. Docs. 400, 400-1 (sealed) "Fee Notice".

Contrary to Appellees' vague suggestion that Appellants undermined the finality of the Order by secreting fee information from the public, the Fee Notice was filed under seal at the invitation of the trial court. R. Doc. 398. Moreover, Appellants provided Mr. Montoya a copy of the Fee Notice, and he promptly offended the seal by unnecessarily publishing the information in a proposed judgement. *See* R. Doc. 405 (endorsed order striking the proposed order). To be clear, Appellees know full well the precise value of the award as to each Appellant and in the aggregate.

There is simply no doubt that the fee issues are resolved in the trial court and that the calculation of the award is purely ministerial. For these reasons, the Motion to Dismiss should be denied.

Respectfully submitted,

*/s/ Jimmy R. Faircloth, Jr.*
Jimmy R. Faircloth, Jr. (La. Bar No. 20645), T.A.
Mary Katherine Price (La. Bar No. 38576)
**FAIRCLOTH MELTON SOBEL & BASH, LLC**
105 Yorktown Drive
Alexandria, LA 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744
jfaircloth@fairclothlaw.com
kprice@fairclothlaw.com
**Counsel for Appellants**

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing Opposition to Incorporated Motion to Dismiss Appeal for Lack of Appellate Jurisdiction was electronically filed with the Clerk of Court of the United States Court of Appeals for the 11th Circuit on the 27th day of July, 2020, using the Court's CM/ECF system which will provide a notice of electronic filing to all counsel of record.

*/s/ Jimmy R. Faircloth, Jr.*
Jimmy R. Faircloth, Jr.