UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2:09-MD-02047 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: STEPHEN AND DIANE BROOKE, INDIVIDUALLY, ET ALS | JUDGE FALLON |
| | MAGISTRATE JUDGE NORTH |
| VERSUS | CASE NO. 2:15-CV-04127-EEF-MBN |
| THE STATE-OWNED ASSETS SUPERVISION AND ADMINISTRATION COMMISSION OF THE STATE COUNCIL, ET ALS | |
| REMAINING PARTIES: BARBARA ANN ALFONSO; BESSIE BARNETT; KERRY BARRE; GWENDOLYN KERR BIERRIA; JOSEPH BOURLET; GREGORY CROSS; STEPHANIE FORTENBERRY; GREATER NOLA HOMES, LLC; HOWARD JONES; AND, TERRENCE ROSS AND RHONDA ROSS | |
| VERSUS | |
| BEIJING NEW BUILDING MATERIALS GROUP, CO., LTD.; BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED CO.; CHINA NATIONAL BUILDING MATERIAL CO., LTD.; TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.; TAI'AN TAISHAN PLASTERBOARD CO., LTD.; AND, THE STATE-OWNED ASSETS SUPERVISION AND ADMINISTRATION COMMISSION OF THE STATE COUNCIL | |

*******************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT PURSUANT TO RULE 54(b)

MAY IT PLEASE THE COURT:

Plaintiffs Terrence Ross and Rhonda Ross submit that there is no just reason for delay of the entry of judgment on the dismissal of their claims against the Taishan and B&C defendants, so as to permit appeal therefrom.

Federal Rule of Civil Procedure Rule 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the Court expressly determines that there is no just reason for delay."  Such partial final judgment is primarily "meant to prevent the 'hardship and denial of justice [that may attend] delay if each issue must await the determination of all issues as to all parties before a final judgment can be had.'" Johnson v. Ocwen Loan Servicing, LLC, 916 F.3d 505, 507 (5th Cir. 2019) [quoting Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S. Ct. 322, 94 L. Ed. 299 (1950)].

It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claim action is ready for appeal.  A district court must take into account judicial administrative interests as well as the equities involved.  Curtiss-Wright Corp. v. General Electric Company, 446 U.S. 1, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980).

While the scope of the captioned multi-district litigation has been whittled down considerably over the past decade, even the remaining Louisiana opt-out cases in the Brooke action involve multiple parties and multiple claims.  The first requirement of Rule 54(b) is satisfied.  The Court has adjudicated the claims of the Ross plaintiffs, but not all the claims or rights and liabilities of all of the parties, satisfying the second requirement of Rule 54(b).  The Court's order and reasons of May 27, 2021 (R. Doc. 23089) pertinently granted the Taishan and B&C companies' motions for summary judgment as to Terrence and Rhonda Ross, directing dismissal of the Ross claims.  The Court's order and reasons of July 29, 2021 (R. Doc. 23107) denied the Rosses' motion for new trial/reconsideration/to alter or amend judgment/for relief from judgment or order.  Those rulings

have terminated the Ross claims, such that the matter is ripe for entry of final judgment as to the Rosses.

The third requirement of Rule 54(b) is that there be no just reason for delay of the entry of final judgment. The interests of judicial efficiency will be served if the Rosses are allowed to proceed with their appeal at this time, rather than waiting for the disposition of all claims of all other parties. In the event that the Rosses are successful in obtaining the reinstatement of their claims on appeal, their claims may be rejoined with those of the other consolidated <u>Brooke</u> plaintiffs to proceed to a single trial on the merits, thereby avoiding the prospect of multiple or repetitive trials of the same issues on behalf of different, similarly-situated plaintiffs.

The Court's summary judgment rulings left three of the <u>Brooke</u> claims intact. The claims of the Rosses and six others were dismissed on time limitations grounds arising out of the subsequent purchaser rule. The other dismissed plaintiffs (Barbara Alfonso, et al.) Have initiated an appeal (R. Doc. 23096) so that they, too, may rejoin the <u>Brooke</u> group (if successful on appeal) for purposes of trial.

It is self-evident that trying all the <u>Brooke</u> claims together, in a single proceeding, is preferable to having two or even three trials in the event that the currently-dismissed actions are revived on appeal. In addition to that judicial efficiency, the interests of justice and equity strongly militate in favor of allowing the Rosses to proceed with the appeal of their case at this time, rather than further extending the already-lengthy delays attendant to this complex multi-party litigation. And, because the legal issues presented by the Rosses in this Court and intended to be presented on appeal are relatively unique to the circumstances of their particular case, a designation of partial finality at this time does not present any danger of requiring the Fifth Circuit to decide the same issues more than once in the event of subsequent appeals on the remaining claims.

Delaying the entry of final judgment as to the Ross claims would accomplish nothing other than burdening the Rosses by delaying their appeal. The delay would also extend the pendency of this action in this Court by requiring duplicative proceedings in the event that the Rosses are successful on appeal.

        Respectfully submitted:

        S/KEVIN O'BRYON
        KEVIN O'BRYON, LSBA 10151
        O'Bryon & Schnabel
        935 Gravier Street, Suite 900
        New Orleans, LA 70112
        Telephone: (504) 799-4200
        Facsimile: (504) 799-4211

## **CERTIFICATE OF SERVICE**

A copy of the foregoing has been served on all counsel of record through a filing in the ECF/Pacer system this 10th day of September, 2021.

        s/Kevin O'Bryon
        KEVIN O'BRYON