# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| Barbara Ann Alfonso; Bessie Barnett; Kerry Barre; Gwendolyn Kerr Bierria; Joseph Bourlet; Gregory Cross; Stephanie Fortenberry; Greater NOLA Homes, LLC; Howard Jones; and, Terrence Ross and Rhonda Ross, | Case No. 2:15-CV-04127-EEF-JCW |
| Plaintiffs, | |
| v. | |
| Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and Administration Commission of the State Council, | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO ROSSES' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT PURSUANT TO RULE 54(b)

### I.   INTRODUCTION

Defendants, Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co. Ltd., (collectively, "Taishan"), and Beijing New Building Materials Group, Co., Ltd., Beijing New Building Materials Public Limited Co., and China National Building Material Co., Ltd. (collectively, "the B & C Companies" and together with Taishan, "Defendants"), respectfully submit this Opposition to the Motion for Entry of Partial Final Judgment Pursuant to Rule 54(b) (the "Motion"), Rec. Doc. 23123, filed by plaintiffs Terrance Ross and Rhonda Ross (collectively, the "Rosses").

Fifth Circuit law is clear: a party's claims should not be certified under Rule 54(b) simply because they have been conclusively resolved. *See PYCA Indus., Inc. v. Harrison County Waste Management*, 81 F.3d 1412, 1421 (5th Cir. 1996). Rather, a party must demonstrate that the policy against piecemeal appeals is outweighed by the hardship or injustice that would occasion non-issuance of a certification request. *Id.* That is not the case here. Of the seven claims this Court disposed on summary judgment for similar legal deficiencies, the Rosses are the only plaintiffs currently pursuing an appeal. And three more claims have not yet reached the next summary judgment stage. It is far more efficient to await resolution of the remainder of the claims and have the Fifth Circuit address them all at once. And the Rosses will not have to wait long. Discovery and dispositive motions on the three outstanding claims will conclude in a matter of months. The Rosses identify no hardship or injustice that would result from them awaiting resolution of those claims.

## II.  BACKGROUND

After years of litigation, in January 2020, this Court approved a global classwide settlement with Taishan that resolved nearly all the claims against Defendants. Rec. Doc. 22460. However, ten of the plaintiffs in the Louisiana *Brooke* action chose to opt out of the settlement and litigate their claims individually. *Id.* Following discovery, on March 29, 2021, Defendants moved for early summary judgment as to seven of the ten plaintiffs' claims, including the Rosses' claims. Rec. Docs. 23070, 23071. On May 27, 2021, this Court granted Defendants' motion, holding that the claims were all foreclosed under one of two doctrines (or both): subsequent purchaser and statute of limitations. Rec. Doc. 23089. On June 24, 2021, the Rosses filed a Motion for Reconsideration. Rec. Doc. 23094. On July 29, 2021, this Court denied the motion. Rec. Doc. 23107.

On September 10, 2021, the Rosses filed the instant motion, seeking certification of a partial final judgment under Rule 54(b) so that they may pursue an immediate appeal. Rec. Doc. 23123. None of the other six plaintiffs are pursuing an appeal.[1]

## III.     LEGAL STANDARD

Rule 54(b) provides: "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As the Fifth Circuit has explained, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc.*, 81 F.3d at 1421.

The purpose of this rule is to avoid piecemeal appeals from orders that adjudicate less than all of the claims or the rights and liabilities of fewer than all of the parties. *Id*. Accordingly, certification should be denied where a party fails to identify any hardship or injustice. *See Hefron v. Murphy Exploration and Prod. Co., USA*, 34 F. Supp. 3d 651, 661 (W.D. La. 2014) ("[T]he plaintiff's motion is insufficient to overcome the policy against piecemeal appeals."); *Dufrene v. Browning-Ferris, Inc.*, No. CIV.A. 97-0877, 1998 WL 164856, at *2 (E.D. La. Apr. 7, 1998) (denying certification because the "the possibility that an entry of judgment will produce piecemeal review in this case outweighs the danger of denying justice by delay"); *see also PYCA Ind.*, 81

---

[1] The other six plaintiffs filed a notice of appeal (Rec. Doc. 23096) but subsequently dismissed the appeal while reserving the right to pursue one following disposition of the three remaining claims (*Bourlet v. Taishan Gypsum Company, Ltd.*, Case No. 21-30364, Dkt. Nos. 00515996932, 00515998570).

3

F.3d at 1421; *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, No. CIV.A. MDL 991, 1997 WL 191488, at *6 (E.D. La. Apr. 17, 1997).

Courts addressing a Rule 54(b) request balance the policy against piecemeal appellate litigation against the danger of denying justice via delay. *See Rd. Sprinkler Fitters Loc. Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (courts must take into account "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other") (internal quotation marks omitted). A major factor the district court should consider is whether the "'appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir.1988) (quoting *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)); *see In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. CV 09-2047, 2018 WL 2095729, at *7 (E.D. La. May 7, 2018) (quoting same).

**IV.   ARGUMENT**

The Rosses' Motion does not satisfy the requirements of Rule 54(b). To overcome the presumption against routine certification, the Rosses contend judicial efficiency will be served by piecemeal appeals because if they "are successful in obtaining the reinstatement of their claims on appeal, their claims may be rejoined with those of the other consolidated *Brooke* plaintiffs to proceed to a single trial on the merits, thereby avoiding the prospect of multiple or repetitive trials of the same issues on behalf of different, similarly-situated plaintiffs." Rec. Doc. 23123-1 at 3. But the premise of their argument is flawed in several respects. *First*, it remains to be seen whether a trial *will even be necessary*. Pursuant to the case management order (Rec. Doc. 23012), a second round of dispositive motions will commence in early December 2021. If those motions are granted, there will be no trial. Thus, the efficiency gains the Rosses speak of are wholly

4

speculative. *Second*, even if a trial is necessary, there would still be no efficiency because the cases cannot be coordinated for trial. Second (and final) phase discovery concerning the three remaining claims is complete. Rec. Doc. 23012. Any trial would thus be ready for commencement within just a few months or by early 2022. The Rosses offer no explanation for how an appeal—complete with appellant's brief, appellees' brief, reply briefs, oral argument, and allowance for resolution—would be resolved by that time. Thus, the trial coordination the Rosses' reference is not grounded in the procedural reality of the cases. *Third*, to the extent the Rosses' timing argument is premised upon other plaintiffs currently pursuing appeals, that too is flawed. The Rosses assert that "[t]he other dismissed plaintiffs (Barbara Alfonso, et al.) [h]ave initiated an appeal." Rec. Doc. 23123-1 at 3. From there, they argue having those appeals resolved at once, along with the Rosses, and then rejoining the other three plaintiffs for trial is sensible. *Id.* The Rosses are however mistaken. There are no other appeals. Although other dismissed plaintiffs initiated appeals, they have since withdrawn them. *See supra* at 3. Thus, the multi-claim coordination the Rosses tout is nonexistent.

Although, under scrutiny, the Rosses' efficiency arguments do not bear out, the premise of their argument—that similarly situated cases should proceed simultaneously—counsels in favor of denying their motion. As noted, the seven resolved cases turn on the same two issues: subsequent purchaser and statute of limitations. *See supra* at 2. The Rosses themselves acknowledge as much, stating their claims and those of the six other plaintiffs were dismissed "on time limitations grounds arising out of the subsequent purchaser rule." Rec. Doc. 23123-1 at 3. Those issues are likely to factor into the upcoming dispositive motions for the three outstanding claims. Rather than have the Fifth Circuit "decide the same issues more than once" in serial appeals, *H & W Indus., Inc.*, 860 F.2d at 175, it is more efficient to have that court resolve ten

5

claims touching upon the same issues at once.  *See also In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2018 WL 2095729, at *7.  Indeed, the Rosses themselves acknowledge as much, stating it is "self-evident" that adjudicating all the *Brooke* claims together is "preferable."  Rec. Doc. 23123-1 at 3.

Moreover, even assuming that granting the Rosses' Motion would result in judicial efficiencies, that is not enough to meet the Rule 54(b) certification standard.  Certification should be granted "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal[.]" *PYCA Indus., Inc.*, 81 F.3d at 1421.  The Rosses' Motion fails to articulate any such hardship or injustice.  All they say on that point is that "the interests of justice and equity strongly militate in favor of allowing [them] to proceed with the appeal of their case at this time, rather than further extending the already-lengthy delays attendant to this complex multi-party litigation."  Rec. Doc. 23123-1 at 3.  This conclusory statement does not identify any hardship or injustice that would justify refusing to wait just a few more months until all similarly situated claims are resolved and can proceed on appeal together.  Having failed to demonstrate any unique or significant hardship or injustice they would suffer as a result of delayed appellate review, "the possibility that an entry of judgment will produce piecemeal review . . . outweighs the danger of denying justice by delay." *King v. Travelers Prop. Cas.*, Case No. CIV.A. 06-7888, 2007 WL 1521016, at *2 (E.D. La. May 23, 2007); *Hefron*, 34 F. Supp. 3d at 661 (same); *Dufrene*, No. CIV.A. 97-0877, 1998 WL 164856, at *1 (denying certification for failure to articulate danger, hardship or injustice caused by a delayed appeal); *see also PYCA Ind.*, 81 F.3d at 1421; *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 1997 WL 191488, at *6.

## V. CONCLUSION

The Rosses' Rule 54(b) certification request does not overcome the Fifth Circuit's presumption against fragmented, piecemeal appeals. Their timing arguments are misguided, and their hardship contentions are conclusory. Their Motion for Entry of Partial Final Judgment Pursuant to Rule 54(b) should therefore be denied.

Respectfully submitted,

Dated: September 21, 2021

*/s Christina Hull Eikhoff*
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Attorneys for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

L. Christopher Vejnoska (CA Bar No. 96082)
Andrew K. Davidson (CA Bar No. 266506)
Daniel S. Guerra (CA Bar No. 267559)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA  94105
T:  415-773-5700
Email:  cvejnoska@orrick.com

Diana Szego Fassbender (D.C. Bar No. 996625)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
T:  202-339-8400

       adavidson@orrick.com        Email:  dszego@orrick.com
       dguerra@orrick.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
Marc R. Shapiro (NY Bar No. 4403606)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
T:  212-506-5000
Email:  jstengel@orrick.com
       xiangwang@orrick.com
       mrshapiro@orrick.com

       *Attorneys for the CNBM and BNBM Entities*

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MONTGOMERY,
BARNETT, MCCOLLAM, DUPLANTIS &
EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
T:  (504) 582-1111
Email:  eeagan@gamb.com
       arothenberg@gamb.com

       *Attorneys for CNBM Company, Ltd.*

Harry Rosenberg (LA Bar No. 11465)
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
T:  (504) 584-9219
Email:  harry.rosenberg@phelps.com

       *Attorneys for BNBM (Group) Co. Ltd. and BNBM PLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 21st day of September, 2021.

                                  <u>/s Christina Hull Eikhoff</u>
                                  Christina Hull Eikhoff, Esq.
                                  Georgia Bar No. 242539
                                  ALSTON & BIRD LLP
                                  1201 West Peachtree Street NW
                                  Atlanta, Georgia 30309
                                  Phone: (404) 881-7000
                                  Fax: (404) 881-7777
                                  christy.eikhoff@alston.com

                                  *Counsel for Taishan Gypsum Co., Ltd. and*
                                  *Tai'an Taishan Plasterboard Co., Ltd.*