



Search here... 

## Subscribe now

LOGIN   REGISTER

| NEWS | TOPIC | SECTORS | REGIONS | ANALYSIS | INSIGHT | IAM PATENT 1000 | IAM STRATEGY 300 | MEDIA | EVENTS |

**18 May 2018**

# Suing a Chinese entity in the United States? Expect a two year wait to serve process

There are a host of challenges when it comes to trying to assert US patents against a Chinese legal entity. A recent court filing by Dutch telecom KPN, which is suing Oppo, Vivo and OnePlus in the District of Delaware, underlines what looks to be a new normal: it may be two years before a defendant domiciled in China can even be served process.

There is only one way to serve process to an entity in China: the Hague Service Convention's Article 5 procedure. That means going through a national central authority, which in the case of China is the Ministry of Justice. China formally objects to the service of process by private individuals as well as service of process by mail – so there is no getting around the central government.

The procedure itself is straightforward enough. Documents must be translated to Chinese, $95 must be wired to the Ministry and a form called USM-94 must be filled out. Experts advise hiring a private investigator to ascertain the correct address for the company being served. Even in the best of times, a minute clerical error can result in having to start the whole process again.

Then, you play the waiting game. But as KPN has found out, that wait seems to be getting longer and longer.

Back in 2015, Dan Harris wrote about this issue at his China Law Blog – at the end of the post, he estimates that service can take "anywhere from one to five months".

The Hague Law Blog pins the historical norm at six to eight months. By 2017, Harris was saying that you should expect to wait around a year. Four days ago, the Hague Law Blog reported: "There are rumblings in the transnational litigation community that they've stopped executing US requests altogether."

KPN sued Oppo, Vivo, OnePlus and the parent company of all three, BBK Electronics, in January 2017. In an April 2018 status report, the plaintiff told Judge Leonard Stark that it has been attempting to effect service on Shenzhen-based OnePlus for nearly a year. "The Chinese Ministry of Justice has not confirmed service or provided any case-specific information as to when service might be effected," KPN's counsel explained.

The attached affidavit of a third-party foreign process server explained the situation:

*Until recently, service in China in accordance with the Hague Service Convention averaged 8 months to 1 year. Although the situation with China remains frustrating and unbending, we recently received notification from the Ministry of Justice in Beijing that the standard turnaround time for service will now be between 1 and 2 years and proofs of service are starting to be returned for requests in various cases that were originally sent to China 2 years ago.*

We don't know why exactly the gears have ground to a near halt in this part of the Chinese bureaucracy. Two recent changes may be tripping up would-be process servers, according to the Hague Law Blog: the Ministry of Justice stopped accepting cheques at some point, and also apparently changed its address without telling anybody at The Hague.

The bottom line is that the Hague Convention does not set out an obligatory time frame for signatories. Foreign parties have no choice but to wait. The process will speed up if and when Chinese authorities decide it should speed up.

KPN launched 11 patent assertions in January 2017, including the one against Oppo, Vivo and OnePlus. Another of those cases targetted Shenzhen-based TCL. But importantly, TCL has US subsidiaries which KPN was able to name in that complaint.

The TCL case proceeded fairly quickly. On 22nd March 2018, Judge Stark knocked out the sole patent-in-suit, US 6,212,662 ("Method and devices for the transmission of data with transmission error checking"), on Section 101 grounds. The '662 patent is also the only patent asserted against Oppo, Vivo and OnePlus. KPN has appealed to the circuit court.

Interestingly, KPN is one of relatively few foreign SEP owners to sue Chinese implementers in Chinese courts. As of last year, it had matters pending in the Beijing IP Court against Xiaomi, Lenovo and TCL.

In sum, logistical issues are making it difficult to go after certain Chinese companies in foreign courts, while the overall trade and political situation means that few US entities want to follow KPN's lead in China just yet. For the time being, there's a significant chunk of the mobile market that is very tricky to reach through patent enforcement.



**Jacob Schindler**
Author | Asia editor

jschindler@GlobeBMG.com

**TAGS**

Trademark law, Market Developments, Patents, Litigation, Law & Policy, Trademarks, Transactions, Strategy, Frand/SEPS, Mobile Communications, Telecommunications, Asia-Pacific, China, Europe, Netherlands, North America, United States of America

**SHARE THIS**



## TRENDING

1. For the US Defense Department, China is not the IP problem – data is

2. Life sciences IP - the major developments in August

3. Despite the difficulties, it is time to embrace arbitration as the best way to resolve licensing disputes

4. Asia's top IP owners revealed

5. InterDigital seeks UK FRAND injunction; $7.5bn Bayer sale's IP takeaways; Drone patent leaders revealed; Samsung's PTAB champions; Globalfoundries' patent attack on TSMC; and much more

## TWITTER

**11 SEP 2019**
@IAM_magazine Former @uspto head admits he was wrong on controversial joint DOJ statement https://t.co/MGwlZ07e7P https://t.co/FHCI09r1iN
Read more

**11 SEP 2019**
@IAM_magazine In an exclusive interview with IAM, given in the run-up to Software IP 2019, the @UChicago's George Chellapa descri… https://t.co/SsTvx5wbW5
Read more

**11 SEP 2019**
@IAM_magazine Recent CAFC decision deems treatment method patents invalid under section 101 for the first time: https://t.co/yWJhqV7Wn0
Read more

**10 SEP 2019**
@IAM_magazine As China's patent star rises local companies are facing greater scrutiny of their portfolios https://t.co/OvsCzjYFwe https://t.co/SRUFHIoC3X
Read more



## FIND AN EXPERT

**Luc Santarelli**
Managing Partner
Paris, France

Santarelli

**VIEW FULL BIOGRAPHY**



| About | Privacy policy | IP Hall of Fame |
| Advertise | GDPR compliance | IPBC |
| Contact | Terms and conditions | World Trademark Review |
| Subscribe | Cookie policy | |

  

© Copyright 2003-2019 Globe Business Media Group