UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | JUDGE FALLON<br><br>MAG. JUDGE NORTH |

**OPPOSITION OF CLASS COUNSEL TO MOTION OF INDIVIDUAL COUNSEL FOR A TEMPORARY STAY OF THE ORDER DIRECTING THE TRANSFER OF COMMON BENEFIT FEES AWARDED FROM THE FLORIDA INDIVIDUAL SETTLEMENT TO THE COURT'S REGISTRY**

On September 16, 2021, this Court ordered Individual Counsel to transfer the common benefit attorneys' fees from the Florida Individual Settlement ("FIS") to the Court registry (R. Doc. 23128). Those fees were awarded by Judge Marcia G. Cooke over 16 months ago on May 22, 2020 (*see* R. Doc. 23113-1) ("FIS fee award"). Class Counsel patiently awaited the conclusion of Individual Counsel's appeal of the FIS fee award to the Eleventh Circuit before requesting that they transfer the fees to the MDL Court for allocation, as contemplated by the process agreed-to by the parties and sanctioned by the Court in 2019 (*see* R. Doc. 22289). They refused on the grounds they intend to file a petition for certiorari to the Supreme Court. Their position is untenable, however, since Individual Counsel never sought a stay of the Eleventh Circuit mandate affirming the FIS fee award, and no stay is in place.

Now that this Court has ordered them to transfer the common benefit fees to the Court registry, ironically they are seeking a "temporary" stay on the grounds that Judge Cooke should

1

be given an opportunity to rule on Class Counsel's motion to enforce the FIS fee award. Had Individual Counsel complied with the mandate in the first place, as they should have, there would have been no need for Class Counsel to file the motion to enforce. Further, as soon as Individual Counsel comply with this Court's order to transfer the awarded funds, the motion to enforce will be moot.

Individual Counsel have demonstrated that if they had their way, there would be no end to these fee proceedings. Their latest motion for a stay is nothing more than a last-minute attempt to further delay paying common benefit fees for the work performed by Common Benefit Counsel on behalf of the FIS claimants. There simply is no justification for staying the order to transfer. The motion should be denied.

Respectfully submitted,

Dated: October 5, 2021

By: */s/ Stephen J. Herman*
Stephen J. Herman (La. Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
sherman@hhklawfim.com
*Settlement Class Counsel*

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
sduggan@lfsblaw.com
*Settlement Class Counsel*

Patrick Shanan Montoya (Fla. Bar No. 0524441)
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Phone:  (305) 476-7400
Fax:  (305) 476-7444
Patrick@colson.com
*Settlement Class Counsel*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
Phone: 757-233-0009
Rserpe@serpefirm.com
*Settlement Class Counsel*