**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**<br><br>**SECTION "L"** |
| **This document relates to:**<br><br>***Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*** **2:14-cv-02722-EEF**<br><br>**And**<br><br>**The following severed and individually filed civil actions: [2:20-cv-3199, 3200, 3203, 3204, 3205, 3206, 3208, 3209, 3210, 3212, 3213, 3214, 3215, 3216, 3217, 3218, 3219, 3220, 3221, 3222, 3223, 3224]** | **JUDGE ELDON FALLON**<br><br>**MAG. JUDGE MICHAEL NORTH** |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUMMONSES AND ALTERNATIVELY DISMISS AMENDED COMPLAINTS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(4), 12(b)(5), AND 12(b)(6)**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Motion to Quash Summonses and Alternatively Dismiss Amended Complaints Under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) pertaining to the claims of the following 22 Plaintiffs previously severed from the *Bennett* action: Ronald & Leslie Bogard (20-cv-3199), Consuelo Burgos (20-cv-3200), William Foreman (20-cv-3203), Dung Nguyen (20-cv-3204), R&S Properties, LLC (20-cv-3205), Ronald & Patricia Stanfa (20-cv-3206), Johnny Tyler (20-cv-3208), Jeremy Jordan (20-cv-3209),

1329 Gum: Jackson Land Trust (20-cv-3210), Carl & Ellen Moore (20-cv-3212), Feng Hu & Simin Liu (20-cv-3213), Mardechria Charles McDonald (20-cv-3214), Jason Arnold (20-cv-3215), Michael & Alice Ginart (20-cv-3216), Mathew & Susan Issman (20-cv-3217), Karen & Kerry McCann (20-cv-3218), Nicole & Michael Norris (20-cv-3219), Mark & Kimberlie Perez (20-cv-3220), Xiaochun Xi & Jinjian Wang (20-cv-3221), Wayne & Kristal Province (20-cv-3222), Chien Van Pham & Bich Nguyen (20-cv-3223), and Veronica Rosenaur o.b.o. Estate of Veronica Griffith Rayborn (20-cv-3224) (collectively, the "Identified Plaintiffs").

The Identified Plaintiffs' claims against the Knauf Defendants have been fully and finally litigated in this Court, appealed, and dismissed by the Fifth Circuit in Mandates issued on January 29, 2021, February 4, 2021, and February 10, 2021.[1] Nevertheless, on September 29, 2021, each of the 22 Identified Plaintiffs filed summonses in this MDL, 09-cv-2047, directed to the Knauf Defendants.[2] As the summonses refer to finally adjudicated actions and seek to have previously dismissed Amended Complaints served upon the Knauf Defendants, the summonses are unenforceable and procedurally improper. Accordingly, the Knauf Defendants respectfully request that this Court quash the summonses and direct the Clerk of Court to cease the related services of process. Alternatively, should the Court find that the Identified Plaintiffs' Amended Complaints contain viable claims against the Knauf Defendants, the Knauf Defendants request that the Court dismiss the Amended Complaints with prejudice.

## I. Factual and Procedural Background

As the Court is familiar with the history of this multidistrict litigation, the Knauf Defendants now produce only the facts pertinent to the instant Motion.

[1] *See* R. Docs. 23057, 23058, and 23060, respectively.

[2] *See* R. Docs. 23149–23191; *see also* R. Docs. 23198–23206 (issuing summonses).

On November 13, 2014, Plaintiff Elizabeth Bennett filed her original Complaint (the "Bennett Complaint") in the Northern District of Alabama, on behalf of herself and those similarly situated, against the Knauf Defendants for damages arising from allegedly defective Chinese drywall. In January of 2015, the *Bennett* action was transferred to the Eastern District of Louisiana and consolidated with the multidistrict litigation *In re Chinese Manufactured Drywall Liability Litigation*, MDL 09-2047, that is currently pending before the Court. Following consolidation, the Bennett Complaint was amended multiple times to amend the parties and claims, and several plaintiffs intervened. The most recent and now-operative Bennett Complaint, the Fifth Amended Complaint, was filed on May 14, 2018.[3] Relevant to the instant Motion are the claims of 22 named plaintiffs in the Bennett Complaint—the Identified Plaintiffs.

In early 2020, the Knauf Defendants filed separate motions for summary judgment on each of the Identified Plaintiff's claims. In three Orders and Reasons dated May 12, 2020, August 21, 2020, and August 28, 2020, this Court granted summary judgment in favor of the Knauf Defendants and against the Identified Plaintiffs.[4] The Identified Plaintiffs thereafter requested several extensions of time to file their related notices of appeal and were ultimately granted until November 9, 2020.[5]

Before the matters were appealed to the Fifth Circuit, however, the *Bennett* Plaintiffs filed a motion to sever the claims of the Identified Plaintiffs from the *Bennett* action so that the Identified Plaintiffs' appeals would not interfere with the timely procession of the non-dismissed claims in the *Bennet* action. In its November 6, 2020 Order and Reasons, this Court granted the motion to

---

[3] On January 22, 2020, the Court granted a Motion to Deny Class Certification of the *Bennett* action. *See* R. Doc. 22524.
[4] *See* R. Docs. 22823, 22941, and 22947 (Orders and Reasons).
[5] *See* R. Doc. 22964 (Order extending deadline for filing notices of appeal related to R. Docs. 22823, 22941, and 22947 to November 9, 2020); *see also* R. Docs. 22945, 22952 (Motions to Extend Time to File Notice of Appeal); R. Docs. 22949, 22955 (Orders granting Motions for Extension of Time to File a Notice of Appeal).

sever and ordered that "Plaintiffs' counsel . . . file amended complaints with respect to [the Identified Plaintiffs]."[6] The Court further ordered that, "[u]pon the filing of the amended complaints, the Clerk of Court shall issue individual civil actions numbers for Plaintiffs to proceed apart from the above-captioned action but remain consolidated in MDL 09-2047."[7] On November 24, 2020, Amended Complaints were filed in separate dockets and each of the 22 Identified Plaintiffs were assigned individual civil action numbers. The Identified Plaintiffs never requested service of the Amended Complaints.

On November 30, 2020, the Identified Plaintiffs individually filed notices of appeal to the United States Court of Appeals for the Fifth Circuit from this Court's three Orders and Reasons granting summary judgment as to their respective claims.[8] At the Fifth Circuit, the Knauf Defendants moved to dismiss the appeals as untimely under Federal Rule of Appellate Procedure 4(a), 28 U.S.C. § 2107, and this Court's Orders extending the deadline to appeal to November 9, 2020. As the Identified Plaintiffs filed no opposition, the Fifth Circuit granted the motions and dismissed all three appeals for lack of jurisdiction. [9] These Fifth Circuit Orders were issued as Mandate on January 29, 2021,[10] February 4, 2021,[11] and February 10, 2021.[12] Notably, each Mandate lists the Identified Plaintiffs' individual civil action numbers as the actions henceforth dismissed.[13]

---

[6] *See* Doc. 22967 at 6–7. The motion to sever and the Court's related Order referred to 23 plaintiffs for whom severance was requested. However, a notice of appeal was not filed for Ronald & Bernice Pendelton. *See id*. at 7.
[7] *Id*. at 7.
[8] *See* Docs. 22982–23005 (Notices of Appeal).
[9] *See generally* McDonald v. Knauf GPS KG, No. 20-cv-30751; Ginart v. Knauf GPS KG, No. 30741; Jordan v. Knauf GPS KG 20-cv-30749.
[10] R. Doc. 23057 (dismissing appeals associated with civil action numbers: 09-cv-2047, 20-cv-3213, 20-cv-3214, 20-cv-3215, 20-cv-3216, 20-cv-3218, 20-cv-3219, 20-cv-3220, 20-cv-3221, 20-3222, 20-cv-3223, 20-cv-3224).
[11] *See* R. Doc. 23058 (dismissing appeals associated with civil action numbers: 09-cv-2045, 20-cv-3209, 20-cv-3210).
[12] *See* R. Doc. 23060 (dismissing appeals associated with civil action numbers: 20-cv-3199, 20-cv-3200, 20-cv-3203, 20-cv-3204, 20-cv-3205, 20-cv-3206, 20-cv-3208, 20-cv-3212, 20-cv-3216).
[13] Although their civil action numbers are not reproduced on the final page, the January 29, 2021 Mandate also dismissed the claims of Identified Plaintiffs Jason Arnold (20-cv-3215), Wayne and Kristal Province (20-cv-3222),

## II. The Current Motion

On September 29, 2021, Plaintiffs' counsel filed requests for issuance of summons in 31 cases.[14] Of these cases, 22 refer to the post-severance civil action numbers of the Identified Plaintiffs. Prior to the filing of these summonses, no action had been taken in these cases following the Fifth Circuit's Mandates.[15] Accordingly, the Identified Plaintiffs are now attempting to serve, for the first time, the Amended Complaints filed in November of 2020.[16] In other words, the Identified Plaintiffs are attempting to serve the Knauf Defendants with Amended Complaints containing claims that have been dismissed by this Court, appealed, and finally dismissed by the Fifth Circuit. These 22 issued summonses are both frivolous and unenforceable and should be quashed, or in the alternative, the claims should be dismissed by this Court in accordance with Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6).

## III. Legal Standards

### A. Motion to Quash Summons and Dismiss Under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)

Rules 12(b)(4) and 12(b)(5) allow a party to move for dismissal for insufficient process and insufficient service of process, respectively.[17] "Generally speaking, 'an objection under Rule 12(b)(4) concerns the form of the process rather than the manner of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and

---

and Chien Van Pham & Bich Nguyen (20-cv-3223). The Plaintiffs' names are included in the Mandate, but their civil action numbers are omitted from the final list. This omission is a purely clerical error.

[14] *See* R. Docs. 23131–23191.

[15] *See* R. Docs. 23149–23191.

[16] This conclusion is supported by Plaintiffs' recently filed Motion to Approve Alternative Method of Service of Process and Severed Actions. *See* R. Doc. 23192-1 at 2 ("This Court ordered severance of these claims and the filing of an amended complaint to establish individual civil action numbers for the new cases to proceed towards resolution in this Court or appeal to the Fifth Circuit, separate from the original Bennett action. Counsel for both defendants (Knauf Gips KG and Knauf Plasterboard Tianjin Co., Ltd.) at Fishman Haygood, LLP have refused to accept service of the newly created, severed complaints and seem intent on delaying these proceedings by insisting that Plaintiffs serve each of their complaints consistent with the Hague Convention.").

[17] *See* FED. R. CIV. PROC. 12(b)(4), 12(b)(5).

complaint.'"[18] Under either Rule, the party effectuating service has the burden to prove its validity.[19] Should the plaintiff fail to meet this burden, "the district court has broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."[20]

**B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

A court reviewing a motion to dismiss under Rule 12(b)(6) must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.[21] However, a court is "not bound to accept as true a legal conclusion couched as factual allegation."[22] Instead, the court must "examine the factual allegations to ensure that they are 'enough to raise a right to relief above the speculative level.'"[23] Stated differently, "[t]he plaintiff must plead 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24]

When reviewing a motion to dismiss, the court considers the complaint in its entirety, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[25] Finally, "[u]nder Rule 12(b)(6), federal courts are required to dismiss claims based upon invalid legal theories even though they might otherwise be well-pleaded."[26]

---

[18] Gartin v. Par Pharm. Companies, Inc., 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed.)).
[19] *See* Holly v. Metro. Transit Auth., 213 F. App'x 343, 344 (5th Cir. 2007); Baton Rouge Total Care Ctr. v. Regency 14333, No. CIV.A. 14-168-JWD-SC, 2014 WL 5794995, at *1 (M.D. La. Nov. 6, 2014) (addressing Rules 12(b)(4) and 12(b)(5)) (citing *Holly*, 213 F. App'x at 343)).
[20] Magee v. St. Tammany Par. Jail, No. CIV.A. 09-5839 R(4), 2010 WL 1424404, at *2 (E.D. La. Mar. 5, 2010), *report and recommendation adopted*, No. CIV.A. 09-5839 R(3), 2010 WL 1424402 (E.D. La. Apr. 5, 2010) (citing Amous v. Trustmark National Bank, 195 F.R.D. 607, 610 (N.D. Miss. 2000)); Henderson v. Republic of Texas, 672 F. App'x 383, 384 (5th Cir. 2016) ("District courts enjoy broad discretion in Rule 12(b)(4) and 12(b)(5) contexts . . .").
[21] Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009).
[22] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
[23] Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).
[24] *Id.* (quoting *Iqbal*, 556 U.S. at 663).
[25] Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (internal quotations omitted)).
[26] Breen v. Texas A&M Univ., 485 F.3d 325, 336 (5th Cir.), *opinion withdrawn in part on reh'g*, 494 F.3d 516 (5th Cir. 2007); *see also* Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."

## IV. Argument

### A. The Summonses Are Substantively and Procedurally Improper Under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

Federal Rule of Civil Procedure 12(b)(4) generally concerns objections to the form of process while Rule 12(b)(5) generally concerns the mode or service of process. *See Gartin*, 289 Fed. App'x at 691 n.3. However, a "defendant is free to interpose any objection he or she may have to the adequacy of the summoning process by way of a motion under these two subdivisions of Rule 12(b)." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed.) (Westlaw, April 2021 Update). Here, the Identified Plaintiffs are attempting to serve the Knauf Defendants with Amended Complaints containing claims that were fully litigated in this Court and subsequently dismissed by the Fifth Circuit.[27] These summonses should thus be quashed under Rules 12(b)(4) and 12(b)(5) as unenforceable, superfluous, and untimely.

The unenforceability of each summons is readily evidenced from its face. In accordance with Federal Rule of Civil Procedure 4(a)(1)(E), each summons states that if the Knauf Defendants fail to respond, "judgment by default will be entered against [them] for the relief demanded in the complaint."[28] Such a result is an impossibility, however, as judgment has already been rendered on these same claims and *in this same matter* in favor of the Knauf Defendants and against the Identified Plaintiffs. The summonses are undoubtedly meritless.

Moreover, even if the Amended Complaints did contain viable, non-dismissed claims, their attempted service is unnecessary. Service of a pleading is not required when it does not assert

---

(quotation marks and citations omitted)); Phillips v. Puckett, 177 F.3d 977, 1999 WL 195297, at *4 (5th Cir. 1999) (Table) ("A district court must dismiss a claim under Rule 12(b)(6) without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." (internal quotations omitted)).

[27] *See* R. Docs. 23057, 23058, 23060 (Fifth Circuit Mandates).

[28] *See* R. Docs. 23149–23191.

additional claims. *In re Chinese Manufactured Drywall Prod. Liab. Litig*., 894 F. Supp. 2d 819, 891 (E.D. La. 2012) (Fallon, J.), *aff'd*, 742 F.3d 576 (5th Cir. 2014), and *aff'd*, 753 F.3d 521 (5th Cir. 2014). Service is thus unnecessary here as the Amended Complaints were filed by Order of this Court solely for the purpose of appeal and did not assert new claims against the Knauf Defendants.

Alternatively, should the Identified Plaintiffs attempt to argue that new claims are indeed present, the attempted service of the Amended Complaints is nevertheless untimely. Although the 90-day timeframe for service of process "does not apply to service in a foreign country," the deadline to effect service of process on a foreign defendant is not "unlimited." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012). Rather, "Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Id*. In applying this calculus, "[g]ood faith and reasonable dispatch are the proper yardsticks." *Id.*

Here, the Amended Complaints were filed on November 24, 2020 and appealed on November 30, 2020; Mandates were returned on January 29, 2021, February 4, 2021, and February 10, 2021. Yet, the first step towards initiating service was not taken until September 29, 2021—309 days after the Amended Complaints were filed and 231 days after the Fifth Circuit's most recent Mandate. As the filing of the Identified Plaintiffs' summonses does not evidence the requisite "good faith" and "reasonable diligence," the summonses should be quashed or dismissed as dilatory. *See Veliz v. Rimax Contractors, Inc.*, No. CV 15-6339, 2016 WL 1704496, at *3 (E.D. La. Apr. 28, 2016) (Africk, J.) (dismissing the action under Rule 12(b)(5) where "[a]lmost five months have elapsed since plaintiffs filed their complaint and plaintiffs have yet to attempt service on [the foreign defendant] via the methods required by Rule 4(f)").

In sum, the at-issue summonses are nullities in several respects: (1) they are unenforceable in that they attempt to revive claims and serve Amended Complaints already dismissed by this Court and the Fifth Circuit; (2) they initiate the service of pleadings for which service is not required; and, alternatively, (3) they were not timely filed. For these reasons, the Knauf Defendants request that the Court quash the summonses and preclude further attempts to effectuate their service.

**B. Alternatively, Res Judicata Bars Re-litigation of the Identified Plaintiffs' Amended Complaints and Warrants Dismissal Under Federal Rule of Civil Procedure 12(b)(6).**

Should the Court accept the Identified Plaintiffs' renewed proffer of their Amended Complaints, re-litigation of the claims is precluded under the doctrine of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). The doctrine applies where: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005).

All four elements of res judicata are satisfied as to the Identified Plaintiffs' claims against the Knauf Defendants. It cannot be disputed that the parties are identical, that the judgments were rendered by a court of competent jurisdiction, or that the Amended Complaints concern the same claims addressed by both this Court and the Fifth Circuit. Further, the Identified Plaintiffs cannot argue that their claims were never concluded by final judgments where: the relevant Orders and Reasons granted summary judgment as to all of the Identified Plaintiffs' claims against the Knauf

Defendants;[29] the Identified Plaintiffs moved for extensions of time to file their respective notices of appeal in accordance with Federal Rule of Appellate Procedure 4(a);[30] the Identified Plaintiffs did not file an opposition to the Knauf Defendant's motions to dismiss the appeals as untimely;[31] and the Fifth Circuit dismissed the untimely appeals for lack of appellate jurisdiction.[32] The Identified Defendants are accordingly precluded from revisiting these same or related claims.

"A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal." *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co*., 510 F.2d 272, 273 (5th Cir. 1975) (per curiam)). In turn, the decision of the appellate court is final upon the issuance of a mandate. *Charpentier v. Ortco Contractors*, 480 F.3d 710, 713 (5th Cir. 2007) (per curiam). This Court has conclusively decided the Identified Plaintiffs' claims in favor of the Knauf Defendants, and those decisions were undisturbed by the Fifth Circuit's Mandates. The Knauf Defendants are thus entitled to the dismissal of the Identified Plaintiffs' resurrected claims.

## V. Conclusion

The summonses filed on September 29, 2021 on behalf of the Identified Plaintiffs are without merit, procedurally improper, and representative of an unprecedented attempt to undermine the final decisions of this Court and the Fifth Circuit. If required to respond to these summonses, the Knauf Defendants will incur unnecessary expenses associated with appearing again in Court to answer claims that have already been wholly litigated. Such a result is not in the

---

[29] *See* R. Docs. 22823, 22941, and 22947. "Generally, a judgment or order is final and appealable when it resolves all claims against all parties and 'leaves nothing for the court to do but execute the judgment.'" Thomas v. Pohlmann, 681 F. App'x 401, 404 (5th Cir. 2017) (citations omitted).

[30] *See, e.g.,* R. Docs. 22945, 22952 (Motions to Extend Time to File Notice of Appeal).

[31] *See generally* McDonald v. Knauf GPS KG, No. 20-cv-30751; Ginart v. Knauf GPS KG, No. 30741; Jordan v. Knauf GPS KG 20-cv-30749.

[32] Alternatively, where separate judgments are not issued, judgment is nevertheless considered entered 150 days following the entry of the final Order and Reasons. *See* Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 335 (5th Cir. 2004) (citing FED. R. APP. PROC. 4(a)(7)(A)(ii) (2002); FED. R. CIV. PROC. 58(b)(1)–(2) (2002)).

interest of judicial economy. Accordingly, the Knauf Defendants respectfully request that this Court quash the summonses affiliated with the Identified Plaintiffs' claims and direct the Clerk of Court to cease the related service of process.[33]

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: 504.556.5549
Facsimile: 504.310.0275
Email: kmiller@fishmanhaygood.com
***Counsel for Defendant,***
***The Knauf Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of October, 2021.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**

[33] *See* R. Docs. 23149–23191; *see also* R. Docs. 23198–23206 (issuing summonses).