UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF<br><br>**And**<br><br>The following severed and individually filed civil actions: [2:20-cv-3199, 3200, 3203, 3204, 3205, 3206, 3208, 3209, 3210, 3212, 3213, 3214, 3215, 3216, 3217, 3218, 3219, 3220, 3221, 3222, 3223, 3224, 3256, 3259, 3269, 3261, 3263, 3264, 3265, 3267, 3268] | JUDGE ELDON FALLON<br><br>MAG. JUDGE MICHAEL NORTH |

**<u>OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE ALTERNATIVE METHOD OF SERVICE OF PROCESS IN SEVERED ACTIONS</u>**

**MAY IT PLEASE THE COURT:**

Defendants Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Opposition to Plaintiffs' Motion to Approve Alternative Method of Service of Process in Severed Actions (R. Doc. 23192) (the "Motion").

**I.     Factual and Procedural Background**

As the Court is familiar with the history of this multidistrict litigation, the Knauf Defendants now produce only the facts pertinent to the instant Motion.

On November 13, 2014, Plaintiff Elizabeth Bennett filed her original Complaint (the "Bennett Complaint") in the Northern District of Alabama, on behalf of herself and those similarly situated, against the Knauf Defendants for damages arising from allegedly defective Chinese drywall. In January of 2015, the *Bennett* action was transferred to the Eastern District of Louisiana and consolidated with the multidistrict litigation *In re Chinese Manufactured Drywall Liability Litigation*, MDL 09-2047, currently pending before the Court. Following consolidation, the Plaintiffs amended the Bennett Complaint multiple times to alter the parties and modify their claims, and several plaintiffs intervened. The most recent and now-operative Bennett Complaint, the Fifth Amended Complaint, was filed on May 14, 2018.[1]

On September 29, 2021, Plaintiffs' counsel filed requests for issuance of summons in 31 cases filed by Plaintiffs named in the Bennett Complaint.[2] In the Motion now before the Court, Plaintiffs ask that they be allowed to serve these 31 summonses and amended complaints directly upon counsel for the Knauf Defendants rather than pursuant to the Hague Convention.[3] Of the 31 cases at-issue, 22 belong to plaintiffs whose claims were severed from the *Bennett* action and were ultimately dismissed by this Court and the Fifth Circuit (the "Identified Plaintiffs"),[4] while nine represent plaintiffs whose claims were severed from the *Bennett* action and are still pending before

---

[1] On January 22, 2020, the Court granted a Motion to Deny Class Certification of the *Bennett* action. *See* R. Doc. 22524.
[2] *See* R. Docs. 23131–23191.
[3] Doc. 23192-1.
[4] The Identified Plaintiffs are: Ronald & Leslie Bogard (20-cv-3199), Consuelo Burgos (20-cv-3200), William Foreman (20-cv-3203), Dung Nguyen (20-cv-3204), R&S Properties, LLC (20-cv-3205), Ronald & Patricia Stanfa (20-cv-3206), Johnny Tyler (20-cv-3208), Jeremy Jordan (20-cv-3209), 1329 Gum: Jackson Land Trust (20-cv-3210), Carl & Ellen Moore (20-cv-3212), Feng Hu & Simin Liu (20-cv-3213), Mardechria Charles McDonald (20-cv-3214), Jason Arnold (20-cv-3215), Michael & Alice Ginart (20-cv-3216), Mathew & Susan Issman (20-cv-3217), Karen & Kerry McCann (20-cv-3218), Nicole & Michael Norris (20-cv-3219), Mark & Kimberlie Perez (20-cv-3220), Xiaochun Xi & Jinjian Wang (20-cv-3221), Wayne & Kristal Province (20-cv-3222), Chien Van Pham & Bich Nguyen (20-cv-3223), and Veronica Rosenaur o.b.o. Estate of Veronica Griffith Rayborn (20-cv-3224). These 22 Plaintiffs are the same 22 plaintiffs referred to as "the Identified Plaintiffs" in the Knauf Defendants' Motion to Quash Summonses and Alternatively Dismiss Amended Complaints. *See* R. Doc. 23211.

this Court (the "Pending Plaintiffs").[5] Given the relevance of the procedural history of these claims to Plaintiffs' Motion, the Knauf Defendants address the background of these two groups separately.

### A. The 22 Identified Plaintiffs

In early 2020, the Knauf Defendants filed separate motions for summary judgment on each of the Identified Plaintiff's claims. In three Orders and Reasons dated May 12, 2020, August 21, 2020, and August 28, 2020, this Court granted summary judgment in favor of the Knauf Defendants and against the Identified Plaintiffs.[6] The Identified Plaintiffs thereafter requested several extensions of time to file their related notices of appeal and were ultimately granted until November 9, 2020 to submit such notices.[7]

Before the matters were appealed to the Fifth Circuit, however, the *Bennett* Plaintiffs filed a motion to sever the claims of the Identified Plaintiffs from the *Bennett* action so that the Identified Plaintiffs' appeals would not interfere with the timely procession of the non-dismissed claims in the *Bennet* action. In its November 6, 2020 Order and Reasons, this Court granted the motion to sever and ordered that "Plaintiffs' counsel . . . file amended complaints with respect to [the Identified Plaintiffs]."[8] The Court further ordered that, "[u]pon the filing of the amended complaints, the Clerk of Court shall issue individual civil actions numbers for Plaintiffs to proceed apart from the above-captioned action but remain consolidated in MDL 09-2047."[9] On November

---

[5] The Pending Plaintiffs are: Scott & Kim Armstrong (20-cv-3256), Bonnie & Carl Cordier, Jr. (20-cv-3259), Bholanath & Prabha Dhume (20-cv-3261), Funches & Sharese Dixon (20-cv-3263), Jawad & Fatima Gharib (20-cv-3264), Tommy & Cathy Gueydan (20-cv-3265), Mindy Milam & Clayton Latimer (20-cv-3267), Nathan Junius (20-cv-3268), Carole Bonney (20-cv-3269).
[6] *See* R. Docs. 22823, 22941, and 22947 (Orders and Reasons).
[7] *See* R. Doc. 22964 (Order extending deadline for filing notices of appeal related to R. Docs. 22823, 22941, and 22947 to November 9, 2020); *see also* R. Docs. 22945, 22952 (Motions to Extend Time to File Notice of Appeal); R. Docs. 22949, 22955 (Orders granting Motions for Extension of Time to File a Notice of Appeal).
[8] *See* Doc. 22967 at 6–7. The motion to sever and the Court's related Order referred to 23 plaintiffs for whom severance was requested. However, a notice of appeal was not filed for Ronald & Bernice Pendelton. *See id*. at 7.
[9] *Id*. at 7.

24, 2020, amended complaints were filed in separate dockets and each of the 22 Identified Plaintiffs were assigned individual civil action numbers. The Identified Plaintiffs never requested service of their amended complaints.

On November 30, 2020, the Identified Plaintiffs individually filed notices of appeal to the United States Court of Appeals for the Fifth Circuit from this Court's three Orders and Reasons granting summary judgment as to their respective claims.[10] At the Fifth Circuit, the Knauf Defendants moved to dismiss the appeals as untimely under Federal Rule of Appellate Procedure 4(a), 28 U.S.C. § 2107, and this Court's Orders extending the deadline to appeal to November 9, 2020. As the Identified Plaintiffs filed no opposition, the Fifth Circuit granted the motions and dismissed all three appeals for lack of jurisdiction.[11] These Fifth Circuit Orders were issued as Mandate on January 29, 2021,[12] February 4, 2021,[13] and February 10, 2021.[14] Notably, each Mandate lists the Identified Plaintiffs' individual civil action numbers as the actions henceforth dismissed.[15]

### B. The Nine Pending Plaintiffs

At the end of 2020, the Court began preparing to suggest remand of the remaining *Bennett* claims.[16] As part of this process, on November 23, 2020, the Court severed the claims of the remaining *Bennett* plaintiffs with affected property in Louisiana so as "to retain jurisdiction over

---

[10] *See* Docs. 22982–23005 (Notices of Appeal).
[11] *See generally* McDonald v. Knauf GPS KG, No. 20-cv-30751; Ginart v. Knauf GPS KG, No. 30741; Jordan v. Knauf GPS KG 20-cv-30749.
[12] R. Doc. 23057 (dismissing appeals associated with civil action numbers: 09-cv-2047, 20-cv-3213, 20-cv-3214, 20-cv-3215, 20-cv-3216, 20-cv-3218, 20-cv-3219, 20-cv-3220, 20-cv-3221, 20-3222, 20-cv-3223, 20-cv-3224).
[13] *See* R. Doc. 23058 (dismissing appeals associated with civil action numbers: 09-cv-2045, 20-cv-3209, 20-cv-3210).
[14] *See* R. Doc. 23060 (dismissing appeals associated with civil action numbers: 20-cv-3199, 20-cv-3200, 20-cv-3203, 20-cv-3204, 20-cv-3205, 20-cv-3206, 20-cv-3208, 20-cv-3212, 20-cv-3216).
[15] Although their civil action numbers are not reproduced on the final page, the January 29, 2021 Mandate also dismissed the claims of Identified Plaintiffs Jason Arnold (20-cv-3215), Wayne and Kristal Province (20-cv-3222), and Chien Van Pham & Bich Nguyen (20-cv-3223). The Plaintiffs' names are included in the Mandate, but their civil action numbers are omitted from the final list. This omission is a purely clerical error.
[16] *See* R. Docs. 22980; 23043 at 3, 4.

plaintiffs with affected property in the Eastern District and transfer cases involving property outside of the this district to the appropriate Louisiana district pursuant to 28 U.S.C. § 1404."[17] Accordingly, the Court's November 23, 2020 Order severed the claims of ten plaintiffs with Louisiana-related claims from the *Bennett* action and instructed Plaintiffs' counsel to file an amended complaint for each of them.[18] Of the ten claims severed by that Order, nine belong to the Pending Plaintiffs.[19]

On December 1, 2020, the nine Pending Plaintiffs filed amended complaints in accordance with the severance Order, and each was assigned an individual civil action number. The Knauf Defendants subsequently filed answers to the Pending Plaintiffs' amended complaints on December 14, 2020 and February 5, 2021.[20] Like the Identified Plaintiffs, the Pending Plaintiffs never requested service of their amended complaints.

Relevant here, on January 12, 2021, the Court denied the Pending Plaintiffs' attempts to assert new claims against the Knauf Defendants in their amended complaints. Notably, in granting the Defendants' motion to strike any supplemental claims, the Court explained that the amended complaints were filed "[a]s a purely administrative matter" and found that "allowing new claims to be asserted at this stage would be prejudicial and necessitate the reopening of discovery."[21] The Pending Plaintiffs' amended complaints accordingly do not assert new claims against the Knauf Defendants.

---

[17] R. Doc. 22980 at 1.
[18] *Id*. at 1–2.
[19] *See id.* The one case transferred outside of the Eastern District of Louisiana was that of Jacques and Sarah Brousseau, which was transferred to the Middle District of Louisiana. *See* R. Doc. 23045. The claims of the nine Pending Plaintiffs remain in the Eastern District.
[20] The only Answer filed on February 5, 2021 was that in response to the Amended Complaint of Tommy & Cathy Gueydan (20-cv-3265).
[21] *See* R. Doc. 23055.

Until the filing of the at-issue summonses, the Court's January 12, 2021 Order striking the Pending Plaintiffs' supplemental claims was the last action taken in any of these nine cases.

## II.     Law and Argument

In the Motion now before the Court, Plaintiffs ask that they be allowed to serve these 31 summonses and amended complaints directly upon counsel for the Knauf Defendants in circumvention of the Hague Convention.[22] However, as explained herein, the claims of the Identified Plaintiffs have been dismissed by both this Court and the Fifth Circuit, rendering the related summonses unenforceable. Likewise, as the Pending Plaintiffs' claims were filed solely as an administrative formality and do not assert new claims, formal service of those complaints is superfluous. Accordingly, service of these 31 amended complaints, whether or not confected in accordance with the Hague Convention, is ultimately meritless, frivolous, and untimely. Thus, the Knauf Defendants respectfully request that the Court enter an Order denying Plaintiffs' Motion to Approve Alternative Method of Service of Process in Severed Actions as moot and precluding Plaintiffs' further attempts at service.

### A.     The claims of the 22 Identified Plaintiffs have been dismissed by both this Court and the Fifth Circuit, rendering the related summonses unenforceable.

As it pertains to the service of the 22 Identified Plaintiffs' claims, Plaintiffs' Motion is moot because the claims of the Identified Plaintiffs have been fully and finally litigated. Indeed, the Identified Plaintiffs' amended complaints solely consist of claims that have been dismissed by this Court, appealed, and finally dismissed by the Fifth Circuit.[23] There is thus no viable amended complaint for which the Identified Plaintiffs could seek service. Accordingly, as fully set forth both here and in the Knauf Defendants' Motion to Quash Summonses and Alternatively Dismiss

---

[22] *See* Doc. 23192-1.
[23] *See* R. Docs. 23057, 23058, 23060 (Fifth Circuit Mandates).

Amended Complaints,[24] which is set to be submitted concurrently with Plaintiffs' Motion to Approve Alternate Service, the summonses requesting service of the Identified Defendants' amended complaints are demonstrably unenforceable.

Plaintiffs' blatant attempt to revive long-terminated claims and undermine the final decisions of this Court should not be tolerated. Moreover, the Knauf Defendants should not be required to incur the unnecessary expenses associated with again answering claims that have been fully litigated. The Knauf Defendants thus ask that the Court grant the relief requested in their Motion to Quash—that the Court quash the summonses and bar further attempts to effect service on these resurrected claims—and deny Plaintiffs' Motion to Approve Alternative Method of Service as Moot.

> **B.   Nevertheless, as the Identified and Pending Plaintiffs' amended complaints do not assert new claims, formal service of the amended complaints is not proper.**

The instant Motion requests relief that is contrary to and unwarranted by the procedures governing service in the federal courts. "Federal Rule of Civil Procedure 5, not Rule 4, governs service of 'every pleading subsequent to the original complaint.'" *Johnson v. Crown Enterprises, Inc.,* 398 F.3d 339, 344 (5th Cir. 2005) (finding that the amended complaint was properly served in accordance with Rule 5); *see also Emp. Painters' Tr. v. Ethan Enterprises, Inc.,* 480 F.3d 993, 999 (9th Cir. 2007) ("The amended complaint in this case qualifies as a 'pleading subsequent to the original complaint,' thus allowing it to be served in any manner prescribed in Rule 5(b)."). In accordance with Rule 5, service may be made upon a party's attorney through the court's electronic-filing system. *See* FED. R. CIV. P. 5(b)(1), 5(b)(2)(E); *Lowe v. Eltan, B.V.,* No. 9:05-CV-38, 2017 WL 4294136, at *8 (E.D. Tex. July 31, 2017), *report and recommendation adopted,* No. 9:05-CV-38, 2017 WL 4285759 (E.D. Tex. Sept. 26, 2017) (finding that the defendant was on

---

[24] *See* R. Doc. 23211.

notice of all claims against her because of her attorney's receipt of the fourth amended complaint through the CM/ECF system). Formal service under Rule 4 is thus not required upon defendants who have already appeared, particularly when the pleading does not assert new claims against them. *Williams v. Eadgear Holdings USA, Inc.*, No. SA-13-CA-125-OLG, 2013 WL 12114865, at *1 (W.D. Tex. Aug. 2, 2013) ("To the extent plaintiff is not submitting new claims against a defendant, service of his second or third amended complaint on that defendant is unnecessary.").

Here, as noted by Plaintiffs in their Motion, the Identified and Pending Plaintiffs' amended complaints were not filed to add or alter their pre-existing claims; rather, they were filed at the direction of this Court to "establish individual civil action numbers for the new cases to proceed towards resolution in this Court or appeal to the Fifth Circuit, separate from the original Bennett action."[25] Indeed, this Court has described the filing of the post-severance complaints "[a]s a purely administrative matter."[26] Accordingly, as Plaintiffs' pursuit of formal process under Rule 4 is procedurally improper and superfluous, Plaintiffs' Motion should be denied.

> **C.** **Alternatively, should the Court find that service is required in accordance with Federal Rule of Civil Procedure 4, Plaintiffs' attempts to serve the Identified and Pending Plaintiffs' amended complaints are untimely and should thus be denied.**

The Plaintiffs' requests for service are also untimely. Although the 90-day timeframe for service of process "does not apply to service in a foreign country," the deadline to effect service of process on a foreign defendant is not "unlimited." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012). Rather, "Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Id*. In applying this calculus, "[g]ood faith and reasonable dispatch are the proper yardsticks." *Id.*

---

[25] Doc. 23192-1.
[26] *See* R. Doc. 23055 (referring to the filing of the Pending Plaintiffs' Amended Complaints).

As to the Identified Plaintiffs, the Plaintiffs filed their amended complaints on November 24, 2020, and appealed on November 30, 2020; shortly thereafter, the Fifth Circuit returned its mandates on January 29, 2021, February 4, 2021, and February 10, 2021. Yet, Plaintiffs did not take any step towards initiating service until September 29, 2021—309 days after the Plaintiffs filed their amended complaints and 231 days after the Fifth Circuit issued its most recent mandate. Likewise, the Pending Plaintiffs filed their amended complaints on December 1, 2020, but did not request summonses until September 29, 2020—302 days after the filing of the Complaints.

In Plaintiffs' Motion to Approve Alternate Service, Plaintiffs argue that *Defendants* have prolonged these proceedings by failing to waive service under the Hague Convention. However, as evidenced above, it is Plaintiffs' latent attempt at service that is devoid of good faith and reasonable diligence. *See Veliz v. Rimax Contractors, Inc.*, No. CV 15-6339, 2016 WL 1704496, at *3 (E.D. La. Apr. 28, 2016) (Africk, J.) (dismissing the action under Rule 12(b)(5) where "[a]lmost five months have elapsed since plaintiffs filed their complaint and plaintiffs have yet to attempt service on [the foreign defendant] via the methods required by Rule 4(f)"). Indeed, Plaintiffs cannot now argue that their Motion requesting service of claims filed almost a year ago—22 of which have been finally dismissed by this Court—is filed in the interest of judicial efficiency. Accordingly, the Court should deny Plaintiffs' Motion and preclude further attempts at service.

### III. Conclusion

Plaintiffs' Motion to Approve Alternative Method of Service of Process must be denied as there is no acceptable basis upon which Plaintiffs can request service of the 31 amended complaints. The claims of the 22 Identified Plaintiffs have been dismissed by this Court, appealed, and dismissed by the Fifth Circuit; accordingly, the related summonses are unenforceable as the Identified Plaintiffs' do not have active complaints to serve. Likewise, the nine Pending Plaintiffs'

amended complaints were filed solely for administrative purposes and do not assert new claims, thus rendering formal service of the complaints under Rule 4 unnecessary and improper. Alternatively, should the court find formal service warranted, Plaintiffs' latent request for service—filed over 300 days after the filing of the amended complaints—should nevertheless be denied. For these reasons, the Knauf Defendants request that the Court preclude Plaintiffs' further attempts at service and deny Plaintiffs' Motion to Approve Alternative Method of Service of Process as moot.[27]

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:  504.556.5549
Facsimile:  504.310.0275
Email:  kmiller@fishmanhaygood.com
***Counsel for Defendant,***
***The Knauf Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 19th day of October, 2021.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**

---

[27] Out of an abundance of caution, the Knauf Defendants also re-urge their requested relief as stated in their Motion to Quash or Alternatively Dismiss, which is set to be submitted contemporaneously with Plaintiffs' Motion to Approve Alternative Method of Service of Process. *See* Doc. 23211.