# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE ELDON FALLON<br><br>MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.* 2:14-cv-02722-EEF<br><br>And<br><br>The following severed and individually-filed civil actions: [2:20-cv-3199, 3200, 3203, 3204, 3205, 3206, 3208, 3209, 3210, 3212, 3213, 3214, 3215, 3216, 3217, 3218, 3219, 3220, 3221, 3222, 3223, 3224, 3256, 3259, 3269, 3261, 3263, 3264, 3265, 3267, 3268 ] | |

### PLAINTIFFS' OPPOSITION TO DEFENDANT KNAUF'S MOTION TO QUASH SUMMONSES AND ALTERNATIVELY DISMISS AMENDED COMPLAINTS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(4), 12(b)(5) 12(b)(6).

Plaintiffs oppose Defendants' motion to quash summonses and alternatively dismiss complaints under Fed.R.Civ.P. 12(b)(4), 12(b)(5), and 12(b)(6) (Rec. Doc. 23211). Each of Defendant Knauf's theories for relief is flawed and their motion is due to be denied in its entirety for the following reasons:

### SUMMARY OF ARGUMENT

Defendants have petitioned this Court to quash or set aside the summonses issued by the clerk of court. Defendants argued during a recent status conference that they believe that there is

1

no need for service of severed complaints, but have filed this motion nonetheless.

Defendants have provided no alleged improper purpose for the service of process now underway on each Knauf Defendant following the filing of individual civil actions severed from the *Bennett* action. Without a specific articulation of the improper purpose, Defendants fail to meet the legal standard utilized by courts considering motions to quash in other circumstances. Plaintiffs offer the following four specific reasons for denial of Defendants motion to quash or dismiss the pending civil actions.

First, there is no rule of civil procedure to allow the summonses to be quashed after issuance by a clerk of court – it is a perfunctory step that occurs after submission of a proposed summons to a clerk of court by a plaintiff following the initiation of a civil action. Generally speaking, as this Court is no doubt aware, a motion to quash in any context must contain specific reasons, with accompanying proof or affidavits, as the basis for the item to be quashed (set aside). Here, the Knauf Defendants have provided the Court with none, other than Rule 12 defenses.

Any deficiencies in the service of process can be asserted in defenses contained within an Answer or, later, via motions to dismiss, if the defenses haven't been waived by participation in the legal proceedings without a specific reservation of the defense. Moreover, the complete absence of any legal support should highlight this aspect for this Court. For this reason, the motion to quash summonses is due to be summarily denied.

Second, Defendants' alternative motion to dismiss the severed complaints is nearly on par with the motion to quash summonses as they have provided no viable legal basis for their motion. The severed complaints contain claims upon which relief can be granted (see each severed complaint in each action cited in the style); thus, the theory for dismissal based on

Fed.R.Civ.P. 12(b)(6) posited by Defendants is flawed on its face. See the *Iqbal* standard, *infra*, that Defendants have failed to meet, as well as the inferences this Court is required to make when evaluating the contents of each complaint for compliance with Fed.R.Civ.P. 8.

Third, participation by Defendant Knauf's counsel during the severance process and afterwards, including the appeals dismissed by the Fifth Circuit *without prejudice* would certainly be strong evidence that the Knauf Defendants waived any Rule 12(b)(4) or 12(b)(5) defense. Counsel for the Knauf Defendants made no special appearance with a reservation of these two defenses; thus, their participation in the litigation process prior to filing this motion is grounds for denial of the motion to dismiss based on either of these subsections of Rule 12. These two defenses have been waived.

Fourth, with regard to the alternative theories for dismissal, neither are ripe in this instance as the Rule 54(b) requirements have not been met; consequently, Defendants' contention that the claims have been fully and finally adjudicated is clearly without merit. Furthermore, as Fed.R.Civ.P. 4(f)(1) allows for the service of foreign defendants beyond the 90-day service requirement in Fed.R.Civ.P. 4(m), Plaintiffs are able to serve these foreign Defendants with process under either the Hague Service Abroad Convention or through alternative means (motion now pending with this Court). Therefore, continuing efforts to serve the Knauf Defendants with process has not yet been truncated. The Rules allow for continuing service of process efforts by Plaintiffs; therefore, Defendants motion is due to be denied for this reason as well.

## RELEVANT FACTS

1. This Court has issued neither a partial final judgment nor final judgment with regard to any claim related to the *Bennett* case to date.

3

2. Plaintiffs filed their earlier appeals before the entry of a Fed.R.Civ.P. 54(b) order for partial final judgment was issued by this Court.

3. The mandate issued by the Fifth Circuit when dismissing in the earlier filed appeals was *without prejudice*.

4. This Court possesses jurisdiction over the claims in earlier appeals, returned by the Fifth Circuit, until a final partial or complete judgment has been entered.

5. Defendants are foreign entities with no operations on U.S. soil.

6. Counsel for the Knauf Defendants participated in the legal proceedings both before and after severance of the claims at issue.

7. This Court may review any of its previous rulings on summary judgment or dismissal until final judgments are entered.

## LEGAL STANDARD

### A. Fed.R.Civ.P. 12(b)(6).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language must, on its face, demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the

pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Thus, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 570).

### B. Fed.R.Civ.P. 12(b)(4) and Fed.R.Civ.P. 12(b)(5).

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process is not completed in the proper manner. Service is not completed in the proper manner if not made in compliance with the requirements of Rule 4. "In the absence of valid service of process, proceedings against a party are void." See *Ganpat v. E. Pac. Shipping Pte.*, Civil 18-13556, at *1 (E.D. La. Aug. 10, 2021).

A plaintiff is required to serve the summons and a copy of the complaint upon each defendant in a timely and proper manner. *See* Fed. R. Civ. P. 4. Rule 4(f) of the Federal Rules of Civil Procedure mandates compliance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("the Hague Convention") (to which Germany is a signatory) to effect service on individuals in a foreign country, and the rules governing service abroad supersede applicable state rules . *See In re Graf Tech Switzerland S.A. to Perpetuate Testimony of Certain Crewmembers & Documentary Evidence*, CIV. A. 10-MC-17, 2010 WL 2342580, at *1, n.1 (W.D. La. June 8, 2010) (citing 1 *Moore's Federal Practice*, § 4.52 (Matthew Bender 3d ed.)); *see also Otto Candies, LLC v. Drager Safety*

*AG & Co.*, *KgaA*, 2013 WL 6243957, at *1 (E.D. La. Dec. 3, 2013) (internal citations omitted) ("The Hague Convention 'prescribes the exclusive means for service of process emanating from one contracting nation and culminating in another.' Because Germany and the United States are both signatories to the Hague Convention, service of process [on the German corporate defendant] in Germany must comply with the Hague Convention."). Article 10 of the Hague Convention specifically provides that it will not interfere with "the freedom to send judicial documents, by postal channels," where the signatory country does not object. *Water Splash*, *Inc. v. Menon*, 137 S.Ct. 1504, 1513, 197 L.Ed.2d 826 (2017); *see also* Hague Convention, 220 U.S.T. 261, art. 10. However, Germany has formally objected to service under Article 10, and does not permit service via postal channels.

A court cannot exercise personal jurisdiction over a defendant unless the defendant was properly served. *Landry v. Garber*, 6:19-CV-00367, 2019 WL 5783369, at *2 (W.D. La. Oct. 18, 2019), *report and recommendation adopted*, 6:19-CV-00367, 2019 WL 5782873 (W.D. La. Nov. 5, 2019) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Absent valid service of process, proceedings against a party are void. *Id.* (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435(5th Cir. 1981); *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968)).

## ARGUMENT

**A. Defendant's Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is insufficient for this Court to grant dismissal as each Complaint meets the *Iqbal* standard and the standard contained in both Fed.R.Civ.P. 8(a)(1) and (2).**

Defendants have moved to dismiss this complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). To state a valid claim for relief under Rule 12(b)(6), the complaint must simply contain three items: (1) a short and plain statement of the grounds for the court's

6

jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed.R.Civ.P. 8(a)(1) and (2). See, e.g., *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Plaintiffs have met this pleading standard. In addition, Plaintiffs filed amended complaints with full participation of Defense counsel during the severance process where they filed motions and supplied this court with proposed orders (see, e.g., Rec.Doc. 22956); in the amended complaints, the class action language has been removed, the jurisdiction of the court is defined, the basis for venue is defined, and the proper Plaintiffs remaining in each action are defined.

What matters is whether each complaint meets the *Iqbal* requirements, and each does.

**B. The Mandates issued by the Fifth Circuit were *without prejudice* and jurisdiction was transferred back to this Court for further proceedings or the refiling of appeals after the entry of a final judgment.**

This Court retains jurisdiction over the parties in all actions contained in the style of this Opposition. All civil actions contain claims by Plaintiffs previously pending in *Bennett*. Some of the severed actions contain claims by Plaintiffs who were subject to a summary judgment order; however, none of the Plaintiffs at issue have been affected by the entry of a partial or final judgment entered by this Court. To date, this Court has not entered such an order and no request for such a judgment order has been made by Plaintiffs.

As this Court is no doubt aware a mandate by an appellate court is simply the device by which an appellate court closes an appeal and transfers jurisdiction to another court. See Fed.R.App.P. 41. Here, after the Fifth Circuit dismissed three *Bennett*-related appeals *without prejudice*, it returned all claims in all of the consolidated actions to the jurisdiction of this Court. The premature filing of those complaints has no bearing on the ability of those affected Plaintiffs to re-file an appeal, if necessary, in the future once compliance with Rule 54(b) is satisfied.

7

Rule 54(b) of the Federal Rules of Civil Procedure states as follows:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

This Court has not entered a final judgment on any of the *Bennett*-related actions contained in the style of this Opposition; thus, it retains jurisdiction. Furthermore, in a related issue, this Court is free to evaluate any motion to reconsider its prior rulings. Rule 54(b) authorizes the district court to "revise[] at any time...any order or other decision...that does not end the action." Fed. R. Civ. P. 54(b) ; *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 336 (5th Cir. 2017). The Court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)(*en banc*)). Compared to Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves [is] more flexible, reflecting the "inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."' *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)(internal citations omitted)(quoting *Greene v. Union Mutual Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985)(Breyer, J.)). See *Butler v. Denka Performance Elastomer LLC*, CIVIL ACTION No. 18-6685 SECTION "F", at *3-4 (E.D. La. Feb. 20, 2019).

The Fifth Circuit has recently clarified the requirements for entry of a Rule 54(b) order where there is not a complete final adjudication of claims by a district court. The Fifth Circuit found that under 28 U.S.C. § 1291, courts of appeals may review only "final decisions" of the district courts. In a suit against multiple defendants, there is no final decision as to one defendant until there is a final decision as to all defendants. *See* FED. R. CIV. P. 54(b) (absent an order to the contrary, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties"). *See, e.g., Williams v. Taylor Seidenbach, Inc.*, 958 F.3d 341 (5th Cir. 2020).

The Knauf Defendants have argued that there has been a complete adjudication of the claims in the severed complaints. Based on the foregoing controlling rule of civil procedure and Fifth Circuit precedential rulings, Defendants' argument is without any legal basis; thus, their motion to dismiss is due to be denied.

### C. Service of process on the foreign Knauf Defendants is still permissible under Rule 4(f)(1).

The time limitation contained in Rule 4(m) is not applicable to the instant case, as the two defendants are foreign entities that require service outside of the United States via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. The summonses issued by the Clerk of Court for the Eastern District of Lousiana reflect the addresses for service in Germany and China. Rule 4(f)(1) of the Federal Rules of Civil Procedure specifically addresses service of foreign defendants. Additionally, Rule 4(m) exempts service on foreign defendants from the 90-day service requirement, stating, "[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f)..."

The process for service of these foreign defendants is now underway. As this Court is

aware, it took in excess of 2.5 years to serve the Chinese Knauf Defendant in the original Bennett action. Plaintiffs have a pending motion for alternative service on counsel for the Knauf Defendants – to be taken under submission on October 27, 2021. This Court retains jurisdiction over these Knauf Defendants in all of the *Bennett*-related actions and Plaintiffs are entitled to see the service of process through by until service of process is perfected; consequently, the motions to dismiss should be denied.

### D. Defendants waived any Rule 12(b)(4) or 12(b)(5) Defense by their participation in the litigation.

Counsel for the Knauf Defendants have been active in the *Bennett* action and the related severed actions that are the subject of their current motion. Not once have counsel for the Knauf Defendants made a special appearance that reserves their right to assert Rule 12(b) defenses. In fact, during the recent status conference on October 5, 2021, attorney Kerry Miller specifically represented to this Court that he didn't believe that service on the Knauf Defendants was necessary, given the proceedings he and his associates participated in leading up to the filing of the severed actions and afterwards. However, Mr. Miller has now filed this motion nonetheless after making those representations to this Court during its official MDL-2047 proceedings. Although Plaintiffs agree with Mr. Miller that service of process may not be necessary given their participation in the litigation without limitation, Plaintiffs would prefer to serve the Defendants to avoid any future jurisdictional entanglements if/when this Court enters a final partial judgment on the actions affected by earlier summary judgment orders.

It is clear that both Fed.R.Civ.P. 12(b)(4) and 12(b)(5) are subject to waiver. See Fed.R.Civ.P. 12(h). A party waives these defenses by failing to assert them by motion or answer in a timely manner. *See, e.g.*, *Swanson v. City of Hammond, Ind.*, 411 F. App'x 913, 915 (7th

Cir. 2011) ("As long as defendants comply with the rules by raising their defenses in their first responsive pleading or consolidate their defenses in a pre-pleading motion under Rule 12(b), they do not waive their Rule 12(b) defenses."). It is Plaintiffs' position that counsel for the Defendants have waived these two defenses based on their participation in the litigation without making a limited special appearance.

Fed. R. Civ. P. 12(h)(1) is clear that both 12(b)4) and 12(b)(5) defenses are waived if omitted from a preliminary motion. Failure by the Knauf Defendants to assert one or more of these defenses in their initial motions results in waiver of the defense(s). For this additional reason, the Knauf Defendants' motion to dismiss is due to be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the entry of an order denying Defendants' motion to quash summonses or dismiss the pending civil actions. Defendants have failed to provide this Court with a sufficient legal basis for such a ruling; therefore, Defendants' motion is due to be denied in its entirety.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of October, 2021.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC