| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF LOUISIANA | |
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF<br><br>And<br><br>The following severed and individually filed civil actions: [2:20-cv-3199, 3200, 3203, 3204, 3205, 3206, 3208, 3209, 3210, 3212, 3213, 3214, 3215, 3216, 3217, 3218, 3219, 3220, 3221, 3222, 3223, 3224] | JUDGE ELDON FALLON<br><br>MAG. JUDGE MICHAEL NORTH |

**THE KNAUF DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO QUASH SUMMONSES AND ALTERNATIVELY DISMISS AMENDED COMPLAINTS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(4), 12(b)(5), and 12(b)(6)**

**MAY IT PLEASE THE COURT:**

The Identified Plaintiffs are transparent in their attempt to use the severed and amended complaints as a mechanism through which to resurrect their long-terminated claims and get a second chance at appeal. Indeed, the Identified Plaintiffs' Opposition makes clear that they are attempting to re-serve the Knauf Defendants with previously dismissed claims so (they say) "to avoid any future jurisdictional entanglement" when they inevitably seek reconsideration and/or appeal of this Court's decisions under Federal Rule of Civil Procedure 54.[1]

As explained herein, this Court's decisions granting summary judgment as to all of the claims in each of the Identified Plaintiffs' amended complaints were final decisions undisturbed

---

[1] *See* R. Doc. 23215 at 10; R. Doc. 23215 at 7 (Plaintiffs' Opposition) ("The premature filing of those complaints has no bearing on the ability of those affected Plaintiffs to re-file an appeal, if necessary, in the future once compliance with Rule 54(b) is satisfied.").

by the Fifth Circuit on appeal and cannot be freely revisited under Rule 54. Accordingly, as the Identified Plaintiffs' amended complaints do not contain viable claims, the Knauf Defendants respectfully request that the Court quash the summonses and the related service of process or, alternatively, dismiss the complaints for failure to state a claim.

### 1. Rule 54 does not apply to the Identified Plaintiffs' claims.

The Identified Plaintiffs' attempt to save their dismissed claims through invocation of Federal Rule of Civil Procedure 54 is without merit. Under Rule 54(b), an "order or decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties" unless the court, upon request, certifies the decision as final and appealable. However, "[w]hen a suit is a part of a consolidated action, whether or not a Rule 54(b) certification is required as a predicate for appeal depends largely upon the extent to which the suits are consolidated." *In re Katrina Canal Breaches Litig.,* 345 F. App'x 1, 3 (5th Cir. 2009) (citing *Rd. Sprinkler Fitters v. Cont'l Sprinkler,* 967 F.2d 145, 149 (5th Cir. 1992)). If the consolidated cases "have essentially merged so as to become a single action," Rule 54(b) certification is required. *See id*; *Ringwald v. Harris,* 675 F.2d 768, 771 (5th Cir. 1982) (finding certification necessary where the claims "could have been filed as a single suit"). Alternatively, where suits are consolidated "merely for reasons of convenience and judicial economy," the suits "retain their separate character for purposes of appeal." *Id*. at *2.

In *In re Katrina Canal Breaches Litigation,* the Fifth Circuit found that the district court's dismissal of a single suit in the consolidated action was final and appealable despite the absence of a Rule 54(b) certification because: (1) the decision "dismissed all [of that plaintiff's] claims against the only defendant"; (2) it was unlikely that the dozens of suits by thousands of plaintiffs could have been filed as a single suit; and (3) the cases were consolidated solely for purposes of convenience and judicial economy. *Id.* at *4. Likewise, this Court's Orders and Reasons dismissed

the Identified Plaintiffs' claims in their entirety.[2] Further, as evidenced from this Court's decision granting Defendants' Motion to Deny Class Certification and its recent Suggestion of Remand, the individual cases in this consolidated suit could not have been brought as a single action but were rather consolidated for convenience and judicial efficiency.[3] This Court's Orders and Reasons granting summary judgment as to the Identified Plaintiffs' claims were thus final and appealable and did not implicate Rule 54.

### 2. Plaintiffs' argument that a final judgment was never rendered is without merit.

The Identified Plaintiffs' contention that "none of the Plaintiffs at issue have been affected by the entry of a partial or final judgment" is incorrect.[4] Regardless of whether a separate judgment was required (and indeed whether Plaintiffs are estopped from asserting any technical deficiencies after treating the summary judgments as final and appealable), Federal Rule of Civil Procedure 58 provides that, "if a separate judgment is required but not entered, judgment is deemed entered 150 days after the order." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386 (5th Cir. 2007); *see* FED. RULE CIV. P. 54(b)(2)(B); *United States v. Mtaza,* No. 19-20280, 2021 WL 911959 (5th Cir. Mar. 9, 2021) (finding that judgment was entered 150 days from the court's entry of the order granting summary judgment). Likewise, Federal Rule of Appellate Procedure 4(a)(7) incorporates the 150-day rule to "ensure that parties will not be given forever to appeal . . . when a court fails to set forth a judgment or order on a separate document."[5] *Outlaw v. Airtech Air Conditioning & Heating, Inc.,* 412 F.3d 156, 163 (D.C. Cir. 2005) (internal citations and quotations omitted).

---

[2] *See* R. Docs. 22823, 22941, and 22947 (Orders and Reasons).
[3] *See* R. Docs. 22524 (Minute Entry for hearing on Motion to Deny Class Certification); 22528 (Order and Reasons granting Motion to Deny Class Certification); R. Doc. 23043 (Suggestion of Remand, Opinion and Order) ("After managing this MDL for ten years, the Court concludes that the purpose behind consolidating these related actions in this Court have now been served. . . . No further pretrial motions raising common questions area pending in these cases, and remand to the transferor court appears to be in the interest of judicial efficiency and fairness to the parties.").
[4] R. Doc. 23215 at 7.
[5] Notably, Rule 4(a)(7) also clarifies that the failure to set forth a judgment or order on a separate document under Rule 58(a) does not affect the validity of an appeal from that judgment or order. *See* Fed. R. Civ. P. 4(a)(7)(B).

This Court dismissed the Identified Plaintiffs' claims in Orders and Reasons dated May 12, 2020, August 21, 2020, and August 28, 2020; thus, at the latest, judgment was deemed rendered on October 9, 2020, January 18, 2021, and January 25, 2021. Any judgment the Court may later issue on these claims "would be a nullity," *Hooks v. Nationwide Hous. Sys., L.L.C.*, 695 F. App'x 86, 87 (5th Cir. 2017) (per curiam), and Plaintiffs are simply incorrect in their assertion that there has never been a final judgment. *See id.* (concluding that plaintiff's appeal from the district court's order denying entry of a final judgment under Rule 58 was either barred by plaintiff's first appeal, which was dismissed as untimely, or moot because over 180 days had passed since the entry of the dispositive order).

### 3. The Identified Plaintiffs should be judicially estopped from arguing that there is no final judgment in this case.

In the year since this Court granted summary judgment on the Identified Plaintiffs' claims, the Identified Plaintiffs have taken the position that these Orders and Reasons constitute final and appealable judgments. Following this Court's grant of summary judgment on their claims, the Identified Plaintiffs—without seeking certification under Rule 54(b)—filed several extensions of time to file notices of appeal and were ultimately granted until November 9, 2020.[6] In moving for extension, Plaintiffs expressly asserted that the extensions would serve judicial economy by allowing one appeal from the various appealable judgments.[7] Thereafter, the Identified Plaintiffs moved for, and were granted, severance of their claims under Rule 21 so that they could independently pursue appeal.[8] When the Identified Plaintiffs nevertheless waited until November 30, 2020 to file their notices of appeal, the Knauf Defendants moved to dismiss the appeals as

---

[6] *See* R. Doc. 22964 (Order extending deadline for filing notices of appeal related to R. Docs. 22823, 22941, and 22947 to November 9, 2020); *see also* R. Docs. 22945, 22952 (Motions to Extend Time to File Notice of Appeal); R. Docs. 22949, 22955 (Orders granting Motions for Extension of Time to File a Notice of Appeal).
[7] *See id.*
[8] *See* R. Doc. 22951.

untimely under Federal Rule of Appellate Procedure 4(a), 28 U.S.C. § 2107, and this Court's Orders extending the deadline to appeal to November 9, 2020. The Fifth Circuit granted the motions as unopposed and dismissed all three appeals for lack of jurisdiction.[9] Now, over one year later and after mandates have returned from the Fifth Circuit, the Identified Plaintiffs argue that their pursuit of appeal was improper as the summary judgment decisions were never final or appealable. Plaintiffs are estopped from asserting this position.

Judicial estoppel prevents parties from playing "fast and loose with the courts" by precluding them "from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (quoting *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996)). A party will be estopped if it can be shown that: (1) the party's position is "clearly inconsistent with its previous [position]"; and (2) that the party "convinced the court to accept that previous position." *Id*. (quoting *Ahrens v. Perot Systems Corp.*, 205 F.3d 831, 833 (5th Cir. 2000) (internal quotations omitted)). In addition to "the two factors primarily relied on in [the Fifth Circuit]," a court may also look to "whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id*. at 359 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks omitted)).

The elements of judicial estoppel are clearly satisfied here. First, Plaintiffs' previous requests for extension and severance are irreconcilable with their current argument that a final judgment was never rendered. As explained by the Fifth Circuit in *Frew v. Young*, an order cannot both be subject to the deadlines for appeal articulated in Appellate Rule 4 and simultaneously be

---

[9] *See generally* McDonald v. Knauf GPS KG, No. 20-cv-30751; Ginart v. Knauf GPS KG, No. 30741; Jordan v. Knauf GPS KG 20-cv-30749.

subject to revision "at any time" under Rule 54(b). 992 F.3d 391, 397 n. 7 (5th Cir. 2021). The Identified Plaintiffs' invocation of, and attempted compliance with, Appellate Rule 4 in their pursuit of appeal thus necessarily embraces the position that the appealed-from orders were final. *See id.* at 396 ("Rule 54(b) permits a district court to 'revise[] at any time' an order that is *not final*." (quoting Fed. R. Civ. P. 54(b)); *Williams v. Seidenbach,* 958 F.3d 341, 343 (5th Cir. 2020) ("[C]ourts of appeal may review only 'final decisions' of the district courts."). Second, both this Court and the Fifth Circuit treated the summary judgment decisions as final in granting the motions for extension of time to appeal, severing the claims for appeal, and ultimately dismissing the appeals as untimely under Appellate Rule 4. Third, the Knauf Defendants have been, and will continue to be, prejudiced by the delay, expense, and inappropriateness of Plaintiffs' attempt for a "do-over" at the Fifth Circuit. Plaintiffs are thus estopped from changing their position at this late date and after convincing this and the appellate court that Plaintiffs were appealing the previous judgments.

The Identified Plaintiffs' delayed invocation of Rule 54 is a transparent attempt to play "fast and loose with the court." *See Hall*, 327 F.3d at 396. The Identified Plaintiffs now seek to re-serve their dismissed amended complaints so that they can "re-file an appeal" when "compliance with Rule 54(b) is satisfied."[10] Through their own negligence, the Identified Plaintiffs untimely noticed their appeals and then failed to oppose their dismissal at the Fifth Circuit. The Identified Plaintiffs' attempt to get a "second bite at the apple" should be stopped at the start; the service of their amended complaints should be quashed. *See also Hooks*, 695 F. App'x at 86 (per curiam) (noting that plaintiffs failed to seek rehearing of the first appellate decision or file a petition for *certiori* to the Supreme Court).

---

[10] *See* R. Doc. 23215 at 7.

### 4. The Fifth Circuit mandates do not provide for a "without-prejudice" dismissal.

The Identified Plaintiffs argue that the Fifth Circuit's "without-prejudice" dismissals sanction the re-filing of their appeal. As an initial matter, however, the Fifth Circuit's mandates do not say that the dismissal is without prejudice, and Plaintiffs do not cite to the record or otherwise indicate where this "without prejudice" language can be found.[11] In any event, the Fifth Circuit dismissed the appeals because of Plaintiffs' failures: both to effect a timely appeal and to oppose the Knauf Defendants' motions to dismiss. Plaintiffs cannot now argue that a so-called without-prejudice dismissal—a product of their own errors—implicitly provides Plaintiffs with an unlimited deadline and endless opportunities to file an appeal. *See Outlaw*, 412 F.3d at 163 (explaining that Appellate Rule 4(a)(7) was amended to include the 150-day rule so as to "ensure that parties will not be given forever to appeal[.]" (internal quotations and citations omitted)). The Identified Plaintiffs' argument to this point is without merit.

### 5. The Knauf Defendants' Motion to Quash is valid and sufficiently supported.

The Identified Plaintiffs argue that the Knauf Defendants' Motion to Quash under Rules 12(b)(4) and 12(b)(5) is improper because: (1) Defendants' Motion does not allege an improper purpose or include supporting affidavits; and (2) Defendants have waived their right to any 12(b)(4) or 12(b)(5) defense by their participation in the litigation. These arguments are easily dismissed.

First, the Identified Plaintiffs do not provide any legal support for their assertions that evidence of an improper purpose and supporting affidavits must accompany a motion to quash service of process, and the Court should dispose of these arguments on this ground alone. Nevertheless, the Knauf Defendants' Motion to Quash emphasizes that the "[t]he summonses filed

---

[11] *See* R. Docs. 23057, 23058, 23060 (Fifth Circuit Mandates).

on September 29, 2021 on behalf of the Identified Plaintiffs are . . . representative of an unprecedented attempt to undermine the final decisions of this Court and the Fifth Circuit"[12] and were thus filed for an improper purpose.[13] Further, no additional affidavits or "proof" is required in support of Defendants' Motion as all supporting evidence is available from the record.

As to the Identified Plaintiffs' second argument, the Knauf Defendants could not have waived their right to object to the service of the amended complaints through the litigation of the Identified Plaintiffs' claims on appeal. Those claims were litigated to finality and the amended complaints dismissed. Accordingly, the Knauf Defendants' have not waived their ability to object to Plaintiffs' attempts to serve them with an action that has been dismissed and for which there is no operative complaint. Motions under Federal Rules 12(b)(4) and 12(b)(5) allow the court the option of either dismissing the complaint or quashing the service of process. *See Magee v. St. Tammany Par. Jail*, No. CIV.A. 09-5839 R(4), 2010 WL 1424404, at *2 (E.D. La. Mar. 5, 2010), *report and recommendation adopted*, No. CIV.A. 09-5839 R(3), 2010 WL 1424402 (E.D. La. Apr. 5, 2010) (citations omitted). Here, there is no underlying complaint, and Defendants ask that the at-issue summonses and related service of process be quashed as absolute nullities.

### 6. The Identified Plaintiffs have failed to demonstrate why the amended complaints should not be dismissed under Federal Rule 12(b)(6).

In response to Defendants' request that, in the alternative, the Court dismiss the amended complaints pursuant to the doctrine of res judicata, Plaintiffs merely argue that there was no final judgment as to the Identified Plaintiffs' claims and that the claims within the amended complaints meet the pleading standard required by Federal Rule of Civil Procedure 8. As discussed above,

---

[12] *See* R. Doc. 23211 at 10.
[13] Indeed, Plaintiffs' intent to re-initiate this litigation is further evidenced through their assertion that "[a]ny deficiencies in the service of process can be asserted in defenses contained within an [A]nswer or, later, motions to dismiss." R. Doc. 23215 at 2.

there is in fact a final judgment in this case, and Plaintiffs do not contest the existence of the remaining elements of res judicata.[14] Moreover, as res judicata precludes re-litigation of each claim in the Identified Plaintiffs' amended complaints, Plaintiffs' argument that the complaints meet Rule 8's pleading standard is irrelevant. Accordingly, should the Court find that the amended complaints are viable and capable of being served, the Knauf Defendants' Rule 12(b)(6) motion should be granted.

### 7. The Identified Plaintiffs' Opposition does not address the Knauf Defendants' alternative arguments that the service of process is untimely and unnecessary.

In the event that the Court finds that there are viable amended complaints, the Court should nevertheless quash the summonses and service of process as untimely. The Identified Plaintiffs merely argue that the 90-day service requirement under Rule 4 does not apply to service of foreign entities. As explained in the Motion to Quash, however, the deadline to effect service of process on a foreign defendant is not unlimited, and plaintiffs must demonstrate good faith and reasonable diligence in their attempts to serve the defendant. *See Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012). As the Identified Plaintiffs have not explained why they waited over 300 days to initiate service on defendants, the Court should quash the summonses and service of process.

Likewise, the Identified Plaintiffs do not address Defendants' argument that formal service of the amended complaints is unnecessary. Formal service of process under Rule 4 is improper where the defendant has already appeared and new claims have not been asserted.[15] *See Johnson v. Crown Enterprises, Inc.,* 398 F.3d 339, 344 (5th Cir. 2005) ("Federal Rule of Civil Procedure 5, not Rule 4, governs service of 'every pleading subsequent to the original complaint.'"). In accordance with Rule 5, the Knauf Defendants were served with the amended complaints via this

---

[14] *See* R. Doc. 23211 at 9 (analyzing the elements of res judicata).
[15] *See* R. Doc. 23214 (the Knauf Defendants' Opposition to Plaintiffs' Motion to Approve Alternative Method of Service).

Court's CM/ECF system when they were filed. *See* Fed. R. Civ. P. 5(b)(1), 5(b)(2)(E). Thus, even assuming that the amended complaints are viable, the Identified Plaintiffs' attempt to re-serve these complaints is nevertheless procedurally improper.

## CONCLUSION

For the reasons stated herein, the Knauf Defendants respectfully request that the Court grant the relief requested in their Motion to Quash Summonses and Alternatively Dismiss Amended Complaints Under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) (R. Doc. 23211).

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:    504.556.5549
Facsimile:     504.310.0275
Email:            kmiller@fishmanhaygood.com
*Counsel for Defendant,*
*The Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 27th day of October, 2021.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**