UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 09-2047 |
| | SECTION L (5) |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *ALL CASES* | MAG. JUDGE NORTH |

### ORDER AND REASONS

Before the Court is a Motion to Stay filed by Individual Counsel from the Florida Individual Settlement, seeking to stay this Court's previous Order Allocating Common Benefit Fees from the Florida Individual Settlement. R. Doc. 23207. Class Counsel filed an opposition to the motion. R. Doc. 23208. Having considered the briefing, the Court now rules as follows.

**I.     BACKGROUND**

This dispute stems from the Chinese Drywall multi-district litigation ("MDL") that arose after thousands of plaintiffs in several states filed suits alleging that drywall used in the construction of their homes was defective. The plaintiffs claimed that the drywall, which had been manufactured in China, had emitted gases that damaged wiring and appliances and caused physical afflictions to the homes' residents. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation, on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL No. 2047 before this Court.

The drywall at issue in this MDL was manufactured by two groups of defendants: (1) the Knauf Defendants, German-based manufacturers whose Chinese subsidiary sold some of the drywall; and (2) the Taishan Defendants, Chinese-based manufacturers who produced some of the drywall. The present motion relates to the Taishan Defendants. In January 2020, thousands of

plaintiffs settled with the Taishan Defendants in a global settlement agreement, including many plaintiffs in the *Amorin* class. However, 497 plaintiffs in the *Amorin* class whose cases had been remanded to the United States District Court for the Southern District of Florida did not participate in the global settlement. These plaintiffs instead settled with the Taishan Defendants in the Florida Individual Settlements ("FIS"), which form the basis of the present dispute.

The attorneys who negotiated the settlement of the 497 claims in the FIS are referred to as "Individual Counsel." In resolving their clients' claims, Individual Counsel benefitted from work that had been done by a group of Plaintiffs' counsel in the overarching MDL, referred to as "Class Counsel." Because Class Counsel's efforts had contributed to Individual Counsel's ability to settle these cases, Class Counsel sought a portion of the fees that Individual Counsel had received. In March of 2020, Class Counsel filed an amended motion for an award of common benefit fees in the Southern District of Florida, seeking sixty percent of the fees earned by Individual Counsel. SDFL Case No. 11-cv-22408, R. Doc. 384. Individual Counsel opposed the motion. SDFL Case No. 11-cv-22408, R. Doc. 390. On May 22, 2020, Judge Marcia G. Cooke, after hearing from the parties, ruled that Class Counsel were entitled to forty-five percent of the amount Individual Counsel had earned in fees from the FIS. SDFL Case No. 11-cv-22408, R. Doc. 408. Individual Counsel appealed Judge Cooke's order to the United States Court of Appeals for the Eleventh Circuit. SDFL Case No. 11-cv-22408, R. Doc. 411. In their brief to the Eleventh Circuit, Individual Counsel stated that the award to be paid to Class Counsel under Judge Cooke's order would total $5,832,950.95. On June 9, 2021, the Eleventh Circuit affirmed the award of forty-five percent of Individual Counsel's fees to Class Counsel. *Amorin v. Taishan Gypsum Co., Ltd.*, __ Fed. App'x. __, 2021 WL 2349920, at *5 (11th Cir. June 9, 2021).

The determination and allocation of the common benefit fees was long contemplated as a two-step process in which Judge Cooke would determine the amount of common benefit fees to be awarded and this Court would direct the allocation of those fees. In July 2019, this Court ordered that "any claim for an award of common benefit fees and costs from the proceeds of the Florida Individual Settlement shall be directed to the transferor court, the Southern District of Florida," with this Court, as the MDL court, "retaining jurisdiction to allocate any such award between and among the individual common benefit attorneys." MDL No. 2047, R. Doc. 22289. On September 16, 2021, this Court granted Class Counsel's motion to allocate the common benefit fees. MDL No. 2047, R. Doc. 23128. The Court's Order specified the portion of the total award of $5,832,950.95 in common benefit fees to be paid to the various law firms that contributed to Class Counsel's work, ordering specific amounts to be paid to nineteen firms. *Id.* at 2. Individual Counsel now seek to stay that Order.

## II.     PRESENT MOTION

Individual Counsel's motion seeks to stay this Court's Order to transfer and allocate the common benefit fees. R. Doc. 23207. Individual Counsel argue that a temporary stay is appropriate because there is a pending motion to enforce the judgment before Judge Cooke in the Southern District of Florida, which Individual Counsel have opposed. R. Doc. 23207-1 at 2. Individual Counsel argue that if Judge Cooke were to deny the motion to enforce the judgment, Individual Counsel would be unable to comply with both Judge Cooke's decision and this Court's Order to transfer the common benefit fees. *Id.* at 3.

In opposition, Class Counsel argue that their motion to enforce the judgment in the Southern District of Florida was only necessary because Individual Counsel refused to transfer the fees for allocation, even after the Eleventh Circuit affirmed the fee award and issued a

3

mandate. R. Doc. 23208 at 1. Class Counsel aver that, though Individual Counsel claim they plan to appeal the fee award to the United States Supreme Court, Individual Counsel did not seek a stay of the Eleventh Circuit's mandate, so there is no justification for the delay in transferring the fees. *Id.* Class Counsel further argue that, as soon as Individual Counsel obey this Court's Order to transfer the fees, the motion to enforce the judgment will be rendered moot. *Id.*

### III.    DISCUSSION

The Court finds that a stay of its Order to transfer and allocate common benefit fees is not justified. As Class Counsel point out, the pending motion to enforce the judgment—the basis of Individual Counsel's argument for staying the Order—will be moot as soon as Individual Counsel transfer the fees to the registry of this Court for allocation. Thus, there is no reason that motion should delay compliance with the Order.

Moreover, there is little justification for further delaying the payment of common benefit fees to Class Counsel. This litigation has been ongoing for more than ten years. The two-step procedure in which the Southern District of Florida would determine the amount of common benefit fees while this Court would direct the allocation of those fees was established in an Order more than two years ago. MDL No. 2047, R. Doc. 22289. As contemplated, Judge Cooke, after considering briefing from both sides, determined that Class Counsel should receive forty-five percent of the fees Individual Counsel had earned. SDFL Case No. 11-cv-22408, R. Doc. 408. The Eleventh Circuit then affirmed Judge Cooke's decision. *Amorin v. Taishan Gypsum Co., Ltd.*, __ Fed. App'x. __, 2021 WL 2349920, at *5 (11th Cir. June 9, 2021). Individual Counsel's own disclosure of the amount of fees they had earned forms the basis of the $5,832,950.95 figure to be transferred to Class Counsel. Thus, with the amount of common benefit fees determined (and affirmed), this Court's jurisdiction to allocate those fees established, and the amount to be

allocated undisputed, there is no reason for further delay in the transfer and allocation of the fees pursuant to this Court's Order.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Stay, R. Doc. 23207, is **DENIED**.

**IT IS FURTHER ORDERED** that Individual Counsel **TRANSFER** the common benefit fees to the registry of this Court pursuant to the Order Transferring and Allocating Common Benefit Fees, R. Doc. 23128.

New Orleans, Louisiana, this 27th day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE