UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO THE FOLLOWING ACTION ORIGINALLY STYLED:<br><br>*Stephen and Diane Brooke, individually, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.,*<br>2:15-cv-004127-EEF-MBN | JUDGE ELDON FALLON<br><br>MAG. JUDGE NORTH |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT**:

Plaintiffs Bessie Barnett, Gwendolyn Bierria, and Stephanie Fortenberry (the "Plaintiffs"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the liability and causation related to claims asserted against Tai'an Taishan Plasterboard Co., Ltd. and Taishan Gypsum Company, Ltd. (hereinafter collectively "Taishan" or "Defendants") against them in Plaintiffs' Amended Complaint.

**I.     Factual and Procedural Background**

*A. Establishment of MDL 2047.*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese-manufactured drywall

1

was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. See In re Chinese-Manufactured Drywall Prods. Liab. Litig., 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), aff'd, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese-manufactured drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese-manufactured drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation.

Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese-manufactured drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL-2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.

### B. The Brooke Complaint and Plaintiffs.

This action was originally filed in in 2015 as a class action complaint with the style *Stephen and Diane Brooke, et al. v. The State-Owned Assets Supervision and Administration*

*Commission of the State Council, et al*. on behalf of plaintiffs and other similarly situated owners and residents of real property in Louisiana containing defective Chinese manufactured drywall that was designed, manufactured, imported, exported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by multiple manufacturing defendants.

After a class action settlement was reached with the Taishan Defendants, a number of individual plaintiffs opted-out, including all of the Plaintiffs remaining in this action.  The three opt-out Plaintiffs included in this motion have Louisiana properties affected by Defendants' products and their claims were excluded from the class settlement process.  The Defendants have now filed an answer to the amended complaint and discovery has concluded. The remaining issue is the resolution of Plaintiffs' claims.   Plaintiffs amended their complaint to include those compensable claims allowable under Louisiana and/or federal law.

**II. Law & Argument**

*A. Legal Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.   However, where the non-movant bears the burden of

---

[1] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[2] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

proof at trial, the movant may merely point to an absence of evidence, thus shifting to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[3]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[4] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[5] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[6] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[7]

### B.  *Taishan Drywall is Defective.*

Defendant Taishan's drywall has been found to be defective on multiple occasions by this Court. Following the *Germano* trial, this Court issued a Finding of Fact & Conclusion of Law order that detailed the effects on a home and the property within a home. It also provided the requirements for full remediation of a structure. Later, in 2015, following the default entered against the Taishan Defendants, this Court squarely addressed the liability and causation

---

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[4] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[5] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[6] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[7] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

established in this litigation, stating, "Chinese Drywall is Defective."[8] This Court also stated that, "[t]he *Germano* FOFOL resolved a multitude of factual and legal issues including the scope of remediation and the right to recover remediation damages. The Class Certification FOFCOL essentially adopted the *Germano* ruling regarding liability and causation."[9] In addition, "[t]he Court adopts and incorporates herein the *Germano* and Class Certification Tools and emphasizes its prior holding that Taishan and its affiliates are liable to the Class Plaintiffs."[10]

The Taishan Defendants produced a Defendant Profile Form as required in the litigation. (Exhibit A). Attached to the Defendant Profile Form completed by Taishan is a table listing details identifying the markings they placed on each product. These are the products that this Court found to be defective which resulted in the liability and causation declaration.

### C. Taishan Drywall was Found Plaintiffs' Homes; therefore, Liability and Causation are Established and Plaintiffs are Entitled to Partial Summary Judgment.

Here, Plaintiffs Bessie Barnett, Gwendolyn Bierria, and Stephanie Fortenberry have found defective Taishan-manufactured drywall in their homes. Plaintiffs Barnett and Bierria found drywall marked with "Made In China Meet or Exceeds ASTM C1396 Standard," and Plaintiff Fortenberry found drywall marked with "Crescent City Gypsum." Plaintiffs provided the proof of product identification to Defendants on multiple occasions during the pendency of this litigation. For example, in each respective Plaintiff Profile Form, Plaintiffs Barnett, Bierria, and Fortenberry provided their verified declaration that Taishan drywall was found in their homes. See Exhibit B. Within each Plaintiff Profile Form is a description of the markings found as well as a description of the corrosion found on the electrical wiring and plumbing. In

---

[8] Finding of Fact & Conclusion of Law Related to the June 9, 2015 Damages Hearing, Document 20741 at Page 13.
[9] Id. at 17.
[10] Id. at 17.

addition, during the course of the MDL-2047 proceedings, Plaintiffs provided product indicia and evidence of corrosion to Defendants through the Brown Greer web portal. See Exhibit C as a representative example of Plaintiffs' production.  Later, Plaintiffs provided letters from a Chinese drywall inspector, Shawn Macomber of Healthy Home Solutions, LLC, that includes pictures of the same very markings found in the living space of each home.  See Exhibit D. Markings on these drywall boards are consistent with the description of drywall markings disclosed by Defendant Taishan on their Defendant Profile Form attached as Exhibit A.  Thus, Plaintiffs have established the requisites for recovery through this action.

For these reasons, Plaintiffs request an order from this Court granting partial summary judgment with regard to the issues of liability and causation, leaving only the issue of damages for trial.  Granting this relief would promote judicial economy by reducing the length of the trial of these actions as liability and causation are clear.

### III. CONCLUSION

Based on the proof that Plaintiffs' homes contain defective Taishan-manufactured drywall, partial summary judgment on the issue of liability and causation is appropriate in this instance.  There is no genuine issue of material fact preventing partial summary judgment now.

Respectfully submitted by:

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*