UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Selene Acosta, et al. v. Knauf Gips, KG, et al.*, 2:21-cv-02033-EEF-MB | JUDGE ELDON FALLON<br><br>MAG. JUDGE MICHAEL NORTH |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE TO AMEND COMPLAINT

This memorandum is being submitted in support of Plaintiffs' Motion for Leave to Amend Complaint, filed by Plaintiffs' Counsel, James V. Doyle, Sr., and James V. Doyle, Jr.

## BACKGROUND

This action was originally filed in the United States District Court for the Southern District of Florid on behalf of multiple plaintiffs permissively joined as allowed by Fed.R.Civ.P. 20, as all plaintiffs own real property located in the Southern District of Florida and all have identified defective in their homes that is Chinese manufactured and that was designed, manufactured, imported, exported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by the Knauf Defendants. Through a Conditional Transfer Order, the case was transferred to this court after Judge Ruiz permitted service on the defendants named in the original complaint.

1

Plaintiffs file this motion to add additional defendants to the action. The proposed Amended Complaint is being offered as an exhibit to this motion and leave is hereby requested in order to allow the changes being made – identifying a number of additional defendants.

## ARGUMENT

Under Rule 15, Federal Rules of Civil Procedure, Plaintiffs may amend their Complaint once as a matter of course within 21 days of serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). While this action was pending in the Southern District of Florida, Plaintiffs did not amend their complaint, but more than 21 days have elapsed since filing; therefore, leave of court is required to amend. "[After 21 days], a party may amend its pleading only with the opposing party's written consent or the court's leave" (Fed. R. Civ. P. 15(a)(2)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

This case is at its infancy, as only the complaint and answer have been filed to date. No served defendant will be prejudiced by leave being given to name additional entities at this early stage of the proceedings. A proposed order is being offered as an accompanying exhibit to this filing.

**1. Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P.15(a)(2). A motion to amend ordinarily should be granted absent some justification for refusal. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*,

371 U.S. at 182.  Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Foman*, 371 U.S. at 182.

The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, . . ."  *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 386 (5th Cir. 2003).

In addition, the Federal Rules of Civil Procedure, Rule 20, allows for "Persons Who May Join or Be Joined." Fed. R. Civ. P. 20(a). According to that rule, "[p]ersons may join in one action as plaintiffs, if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Id*.

As set forth in the proposed Amended Complaint attached hereto, the newly-named defendants are Knauf entities that have acted as agents of Knauf Gips KG and Knauf Plasterboard Tianjin Co., Ltd.  The Amended Complaint seeks the same relief arising out of the same series of transactions and occurrences committed by the Knauf entities. Therefore, this Court should allow the new defendants to be joined in this case.

## 2. Undue Prejudice

The Fifth Circuit has adopted a liberal stance favoring leave to be granted freely by district courts considering an amendment to pleadings.  "Because of the liberal pleading

presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotation marks omitted). In other words, "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux*, 376 F.3d at 425.

There is no prejudice to any Defendant named in this action. This case is in its very early stages – only one of the named defendants have answered the complaint and lawyers have only recently appeared on behalf of any of the Knauf defendants. Plaintiffs simply seek to add the additional Knauf entities that acted as agents in marketing, shipping, selling, and coordinating the distribution of the defective drywall to the United States.

**3. Undue Delay, and Bad Faith or Dilatory Motive**

In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. *Foman,* at 182. While "[p]rejudice and timeliness are obviously closely related," *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), they are analytically distinct. There is no delay, bad faith, or dilatory motive here. As explained above, the newly named defendants contained in the Amended Complaint participated in the activities that lead to Plaintiffs' damages. Plaintiffs have nearly identical claims against these common defendants and the relief being sought is similar for these Florida Plaintiffs.

4

**4. Futility**

Amendment of a complaint may also be denied if the amendment sought would be futile. *Frank,* 3 F.3d at 1365; *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). "A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim." *Darris v. Pugliese*, No. 08-cv-02624-PAB-KMT, 2009 WL 3162630 *2 (D. Colo. Sept. 30, 2009). Here, Plaintiffs' proposed Amended Complaint seeks to add the appropriate defendants whose actions affected the properties owned by Plaintiffs. All plaintiffs allege they experienced damages as a result of installation of defective Chinese-manufactured drywall sold by the various Knauf Entities.

There is nothing in any of the pleadings filed to date that might suggest that these amendments would fall short of the standard accepted by the U.S. Supreme Court or the Fifth Circuit Court of Appeals; thus, the Amended Complaint should be approved by this court.

**5. Failure to Cure Deficiencies by Amendments Previously Allowed**

Leave of court to amend may also be denied if the party seeking to amend fails by amendment to cure deficiencies in the complaint previously allowed. *Frank*, 3 F.3d at 1365. This justification for denying leave to amend does not apply in this case – the sole changes relate to the addition of parties as defendants.

## CONCLUSION

None of the reasons for denying leave to amend under Rule 15(a)(2), United States Supreme Court precedent, and Fifth Circuit precedent exist in this instance; therefore, leave to amend should be granted now.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant this Motion for Leave to File an Amended Complaint and order any other relief that this Court deems necessary, proper and just.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
James V. Doyle
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
Email: jimmy@doylefirm.com
Email: jim.doyle@doylefirm.com

*Attorneys for Plaintiffs*