**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| Bessie Barnett; Gwendolyn Kerr Bierria; Stephanie Fortenberry; | |
| Plaintiffs, | Case No. 2:15-CV-04127-EEF-JCW |
| v. | |
| Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and Administration Commission of the State Council, | |
| Defendants. | |

**TAISHAN'S MEMORANDUM OF LAW IN SUPPORT OF**
**EMERGENCY MOTION TO STRIKE UNTIMELY EXPERT MATERIALS,**
**STAY BRIEFING SCHEDULE, AND TO ENFORCE**
**CASE MANAGEMENT ORDER NO. 1**

## I.    INTRODUCTION

Taishan seeks the Court's immediate intervention to (1) correct Plaintiffs' violation of the

expert discovery schedule and (2) prevent Plaintiffs from taking advantage of that violation in their

dispositive motion practice. Plaintiffs' violation has thrown this case's schedule into chaos –

leaving Taishan with little more than a week to depose Plaintiffs' untimely experts to meaningfully

respond to Plaintiffs' premature dispositive motion. Accordingly, Taishan seeks the emergency

relief described below and requests that the Court set a telephonic or Zoom hearing on these issues

before the Thanksgiving holiday.

The three remaining Plaintiffs in this case produced expert reports for two expert witnesses on November 6, 2021. But that was untimely because the discovery schedule in Case Management Order No. 1 ("CMO") (Rec. Doc. 23012) required expert disclosures *two months* ago on September 4, 2021. And those disclosures were also extremely prejudicial because, as the Court announced at October's MDL Status Conference, the CMO sets the date for the final round of summary judgment motions at less than a month away. Plaintiffs then added further chaos to this case by filing on November 10, 2021, a Motion for Partial Summary Judgment 33 days before the CMO deadline for summary judgment motions). Rec. Doc. 23229. Plaintiffs attached to that motion two home-inspection reports that were a part of their untimely expert disclosures from a few days before.

Plaintiffs' untimely disclosures and prejudicial attempt to use those untimely materials to support premature summary judgment leaves Taishan no choice but to seek emergency relief from the Court before the 21-day clock on their Opposition to Plaintiffs' Motion for Partial Summary Judgment elapses on December 1. Accordingly, Taishan respectfully requests that the Court set a telephonic or video hearing to resolve these issues before the Thanksgiving holiday and issue an order providing the following relief:

(1) declare Plaintiffs' expert disclosures untimely and inadmissible in support of Plaintiffs' claims;

(2) strike Plaintiffs' untimely home inspection reports (Exhibit D, Rec. Doc. 23229-5) from Plaintiffs' Motion under Federal Rule of Civil Procedure 37, and

(3) stay Defendants' deadline to respond to Plaintiffs' Motion for Partial Summary Judgment until January 3, 2022, the CMO deadline for responses to summary judgment motions filed on December 13, 2021, the CMO deadline for filing of any motions for summary judgment.

## II.     RELEVANT PROCEDURAL BACKGROUND

### A.     The Parties Complete the CMO's Initial Discovery Phase and Early Dispositive Motion Phase

On December 4, 2020, the Court issued the CMO – a scheduling order negotiated and agreed to by Plaintiffs and Defendants prior to its submission to the Court for approval. Rec. Doc. 23012. The CMO provided for a specific date to begin the "Initial Discovery Phase, with Taishan filing its Answer to the *Brooke* Louisiana Complaint" on December 10, 2020. *Id.* at 2; *see also* Rec. Doc. 23025 (Taishan's Answer). The Parties proceeded through the CMO's Initial Discovery Phase with specific target dates and concluding on February 26, 2021. Rec. Doc. 23012 at 2-3.

The CMO also used specific dates for its next phase, "Early Dispositive Motions," with Defendants filing Motions for Early Summary Judgment on March 29, 2021, on the claims of seven Plaintiffs. Oppositions and Replies were filed per the CMO's specific dates on April 19, 2021, and May 3, 2021, respectively.

### B.     The Second Discovery Phase Begins on May 27, 2021

Unlike the CMO's scheduling of the Initial Discovery Phase and the Early Dispositive Motions period, the CMO does *not* have specific dates for the Second Discovery Phase or for the final Dispositive Motions briefing. CMO at 3-5. Instead, the CMO sets a specifically defined event to trigger the beginning of the Second Discovery Phase:

> This Second Discovery Phase begins upon completion of the Early
> Motion for Summary Judgment Period (i.e., the date this Court
> enters its order on the final pending summary judgment motion)…

Rec. Doc. 23012 at 3. At the time the CMO was adopted, the parties and the Court could not know the specific date on which the Court would resolve the last initial summary judgment motion, thus making the case ready for the next phases. Because of that uncertainty, the CMO used time periods

from that triggering event rather than specific dates, and all the remaining pretrial deadlines

cascade from that date, as set out in the chart below:

| Deadline | Event |
|---|---|
| **75 days from start of Second Discovery Phase** | Any remaining discovery desired by the parties must be completed |
| **100 days from start of Second Discovery Phase** | Plaintiffs designate and provide reports by their expert witnesses |
| **130 days from start of Second Discovery Phase** | Defendants designate and provide reports by their expert witnesses |
| **10 days prior to deposition of Plaintiffs' experts** | Plaintiffs produce all of their expert witnesses' files, documents, and reliance materials |
| **45 days following submission of Plaintiffs' expert reports** | Defendants to take Plaintiffs experts' depositions on or before this date |
| **10 days prior to deposition of Defendants' experts** | Defendants must produce all of their expert witnesses' files, documents, and reliance materials |
| **45 days following submission of Plaintiffs' expert reports** | Plaintiffs to take Defendants experts' depositions on or before this date |
| **200 days from start of Second Discovery Phase** | All motions and briefs due |
| **21 days after dispositive motion is filed** | Responses in opposition due |
| **14 days after dispositive motion is filed** | Reply briefs due |

The Second Discovery Phase began on May 27, 2021, when the Court entered its orders

resolving all pending initial summary judgment motions. Rec. Doc. 23089.[1] That triggering event

established the following deadlines under the CMO:

| Deadline | Event |
|---|---|
| **August 10, 2021** | Any remaining discovery desired by the parties must be completed |
| **September 4, 2021** | Plaintiffs designate and provide reports by their expert witnesses |

---

[1] The Court granted summary judgment for Taishan and against all seven plaintiffs, leaving three plaintiffs (Barnett, Bierria, and Fortenberry) remaining in the case.

4

| October 4, 2021 | Defendants designate and provide reports by their expert witnesses |
| --- | --- |
| October 9, 2021 | Plaintiffs produce all of their expert witnesses' files, documents, and reliance materials |
| October 19, 2021 | Defendants to take Plaintiffs experts' depositions on or before this date |
| November 8, 2021 | Defendants must produce all of their expert witnesses' files, documents, and reliance materials |
| November 18, 2021 | Plaintiffs to take Defendants experts' depositions on or before this date |
| December 13, 2021 | All motions and briefs due |
| January 3, 2022 | Responses in opposition due |
| January 17, 2022 | Reply briefs due |

Now governed by that specific schedule and desiring to conduct additional discovery, Defendants served their First Requests for Production of Documents (the "Requests") on Plaintiffs Barnett, Bierria and Fortenberry on June 30, 2021. *See* **Exhibit A** (email chain regarding service and production in response to Defendants' Requests). Plaintiffs failed to respond to those Requests within 30 days as required by Rule 34(a)(2)(A).On August 2, 2021, Defendants requested to meet and confer with Plaintiffs regarding that failure and Plaintiffs' counsel responded by requesting an extension to respond to the document requests. Ex. A**.** Taishan's counsel responded by pointing out that **"[t]he close of this phase of discovery per Judge Fallon's Case Management Order is August 10"** and agreed to allow Plaintiffs an extension to produce "responsive documents at any time prior to that date." *Id.* Plaintiffs did not object to Defendants' assertion that fact discovery concluded on August 10 (a calculation based on the Court's May 27, 2021 Orders). They produced their materials responsive to Taishan's document requests by August 10.

Plaintiffs did not serve any expert designations or provide any expert reports by the September 4, 2021 deadline for those materials. Relying on that inaction, Defendants chose not to designate experts, and thus made no such disclosures on or before their October 4, 2021 deadline. On October 5, 2021, the parties attended a status conference at which Taishan's counsel advised

the Court that fact discovery had concluded and that the case was proceeding toward summary judgment by the end of the year.[2] When Plaintiffs' counsel incorrectly stated that the case did not have an active case management order, Taishan's counsel reminded that the CMO controlled the proceedings. Later in the conference, the Court advised that summary judgment motions were due in "December," which aligned with the December 13 summary judgment deadline calculated above based on the May 27, 2021 triggering date for the Second Discovery Phase. Later that day, the Court issued a minute entry calling for the parties to address any concerns about the CMO, stating:

> The parties discussed the status of the cases remaining in this district and the need to clarify whether they were still following the existing case management order or whether a new scheduling order was needed. The Court instructed the parties to advise it if a new scheduling order is necessary.

Rec. Doc. 23209 at 1. Despite having raised scheduling questions during the status conference, Plaintiffs' counsel never reached out to defense counsel to request any modifications to the CMO. Since the October status conference, the parties took no action under the CMO October and November deadlines, which all relate solely to expert discovery.

But just prior to midnight on Friday, November 5, 2021, Plaintiffs sent Defendants an email naming two expert witnesses and advising that they would serve those experts' reports on November 6, which Plaintiffs did. *See* **Exhibit B** (email chain regarding Plaintiffs' expert disclosures). Plaintiffs gave no explanation for the designations, reports and supporting materials being two months late.

---

[2] Taishan ordered the transcript from the October 5, 2021 status conference on November 9, 2021, and will supplement the record with the transcript when counsel receives it.

On Monday, November 8, Taishan advised Plaintiffs that their expert disclosures were "untimely and violate Judge Fallon's Case Management Order No. 1." Ex. B.  Plaintiffs responded that the disclosures were "not untimely" and that, under their interpretation of the CMO, the triggering date for the CMO scheduling order was *not* the Court's May 27, 2021 order granting Taishan's Motion for Partial Summary Judgment, but rather the Court's July 29, 2021 denial of Plaintiffs Rhonda and Terrence Ross's Motion for Reconsideration of that summary judgment order, which counsel described as the "final action date for the Ross motion to reconsider." Plaintiffs claimed that their expert disclosures were due on November 6, 2021.

Things got even stranger on November 10, 2021, when, again without warning, Plaintiffs filed a motion seeking partial summary judgment against Taishan on liability and causation – a month before summary judgment deadline based on the May 27 triggering date and over three months before the dispositive motions deadline under Plaintiffs' novel view. Rec. Doc. 23229. Plaintiffs' motion attached home inspection reports that were attached to the untimely Expert Report of Shawn Macomber. Rec. Doc. 23229-5. The CMO requires Taishan to respond to Plaintiffs' Motion for Partial Summary Judgment within 21 days of its filing (by December 1, 2021), absent the Court granting a stay of that deadline as requested in this Motion.

## III.   LEGAL STANDARD

Rule 16(b) of the Federal Rules of Civil Procedure permits the district court to control and expedite pretrial discovery through a Case Management Order. Under Rule 16 the Fifth Circuit extends the trial court "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990).

Failing to timely identify an expert witness as required by a case management order bars a litigant from using that witness in the proceeding under Rule 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Beyond that rule, a trial court also has broad discretion to exclude evidence as a means of enforcing a pretrial order, and that decision "must not be disturbed" absent a clear abuse of discretion. *Id.* (citing *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir.1971)); *see also* Fed.R.Civ.P. 16(f) (authorizing court to sanction party's failure to comply with scheduling order by excluding evidence). Although a court has discretion to permit the late designation of an expert, the court must consider a four-factor test:

(1) the explanation given for the failure to identify the witness;

(2) the importance of the witness's testimony;

(3) potential prejudice to the opposing party in allowing the witness's testimony; and

(4) the possibility that a continuance would cure such prejudices.

*See Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007); *see also Smith v. Johnson & Johnson, Inc.*, 483 F. App'x 909, 913 (5th Cir. 2012).

## IV.    ARGUMENT

Plaintiffs' expert disclosures are untimely under the CMO, are not "substantially justified or harmless," and do not satisfy any of the Fifth Circuit's four factors for untimely disclosures. The Court should strike the untimely expert materials from Plaintiffs' summary judgment motion and preclude Plaintiffs from otherwise using those materials, including at any trial.

A.      **Plaintiffs' Expert Disclosures are Untimely and Plaintiffs' Attempt to Reset the Schedule Has No Support in the CMO**

Plaintiffs' expert disclosures are untimely by a simple reading of the CMO. The CMO's language specifying the start of the Second Discovery Phase is clear and unambiguous:

> This Second Discovery Phase begins upon completion of the Early Motion for Summary Judgment Period (i.e., the date this Court enters its order on the final pending summary judgment motion)…

Rec. Doc. 23012 at 3.

The Court entered "its order on the final pending summary judgment motion" on May 27, 2021. Rec. Doc. 23089. No other motions for summary judgment were pending after that order. By the CMO's plain terms, the entry of the order immediately triggered the commencement of the Second Discovery Phase, which also triggered the running of the cascade of deadlines in the CMO measured in days from the beginning of the Second Discovery Phase. Rec. Doc. 23012 at 3-5. For example, the parties had 75 days to complete any remaining fact discovery before proceeding to expert disclosures and discovery. *Id.* at 4.

The CMO required Plaintiffs to "designate and provide reports by their expert witnesses for the trials" on a date "[n]o later than one hundred (100) days from the start of this [Second Discovery Phase] period." *Id.* The May 27, 2021 triggering date for the Second Discovery Phase meant that Plaintiffs' expert disclosures were due 100 days after May 27, 2021 – on September 4, 2021. Plaintiffs did not serve any expert disclosures by September 4, 2021, foreclosing their opportunity to disclose experts under the CMO.

Plaintiffs' attempt to justify their untimely expert disclosures flies in the face of the CMO's plain language and is contrary to how they have litigated the case up until now. The Court should reject Plaintiffs' recently articulated position that the Court's order denying the Ross Plaintiffs' Motion for Reconsideration (Rec Doc. 23094) somehow reset the clock on the deadlines for the

Second Discovery Phase and shifted the triggering date from the Court's May 27, 2021 Order granting summary judgment, to July 29, 2021, and shifted their expert disclosure date to November 6, 2021. Plaintiffs' argument fails for at least two major reasons.

*First*, the Rosses' Motion for Reconsideration of the Court's May 27, 2021 summary judgment order was not a "summary judgment motion" as identified in the CMO. Rec. Doc. 23012 at 4 (starting Second Discovery Period on "the date this Court enters its order on the final pending summary judgment motion"). A motion for reconsideration under Rule 60 is a different procedural vehicle with a very different name from a summary judgment motion under Rule 56. The CMO looks only to an order on the latter.  The Court should reject any argument that a reconsideration motion tolls the CMO dates by analogy to a motion for reconsideration tolling the time to appeal under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi). Unlike FRAP 4(a)(4), which provides explicit guidance on the "Effect of a Motion on a Notice of Appeal," the CMO has no such exceptions to the general triggering provision. Moreover, a CMO regime in which a reconsideration motion could reset the deadlines for the remaining discovery phases would be an invitation to mischief and chaos. Because a reconsideration motion can be filed at any reasonable time, a party could potentially attempt to upset the entire discovery schedule or even get a second bite of the apple on fact and expert discovery after the parties had already proceeded to final summary judgment motions. And even if a reconsideration motion could have that drastic effect, it would not apply to these remaining Plaintiffs because the reconsideration motion was filed by different Plaintiffs (the Rosses) who are no longer in the case.

*Second*, Plaintiffs are estopped from making this argument now after remaining silent about it over the last six months. Plaintiffs were consistently reminded of the actual schedule under the CMO and did not object. When Plaintiffs were delinquent in responding to Defendants'

10

document requests by July 30, 2021 deadline, and were advised that the close of fact discovery was on August 10, 2021, Plaintiffs never argued that the Court's ruling on the Ross Plaintiffs' Motion for Reconsideration had reset the discovery schedule when it had been entered shortly before those discussions. Had this been Plaintiffs' position, they certainly should have raised it to Defendants then. But they did not and instead produced documents by the August 10, 2021 close of fact discovery.

If the Plaintiffs sincerely believed that the Ross Plaintiffs' Motion for Reconsideration had reset the discovery schedule, counsel also should have raised it at the October 5, 2021 MDL Status Conference when he vaguely raised the issue of needing a revised schedule. But Plaintiffs' counsel did not dispute the Court's stated expectation that the parties would file summary judgment motions in December. Nor did Plaintiffs' counsel meet and confer with defense counsel in response to the Court's October 5, 2021 minute entry regarding the potential for a new scheduling order (Rec. Doc. 23209), leading Defendants to reasonably conclude that the CMO schedule remained fully on track as all parties and the Court expected.

In short, the clear and unambiguous language of the CMO left no doubt that the Second Discovery Phase began on May 27, 2021, and the parties proceeded accordingly for over five months with no objection from Plaintiffs. Plaintiffs' eleventh-hour attempt to reset the clock on the Second Discovery Phase has no basis in this Court's CMO and is belied by their own conduct.

### B.    Plaintiffs Are Not Entitled To Relief

The Court should also reject any attempt by Plaintiffs to seek relief from Rule 37 for their untimely expert materials. Plaintiffs' untimely expert disclosures were unjustified, are prejudicial to both Defendants and certain plaintiffs in this case, and fail all four factors under the Fifth Circuit's test.

First, Plaintiffs have no valid explanation for their untimely expert disclosures under the plain terms of the CMO. Moreover, those untimely expert disclosures are not justified where Plaintiffs had ample time to solicit reports on known contested issues. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 573 (5th Cir. 1996) (finding that untimely expert disclosures were not justified because party "had over nine months to solicit experts and prepare reports" on contested issues). Plaintiffs have had *years* to develop expert reports, and the Court entered Case Management Order No. 1 nearly *one year* ago on December 4, 2020. Plaintiffs were reasonably on notice of the need to develop expert disclosures as of the CMO's filing. *See Wiseman v. Lipinski*, No. 3:10-0250, 2011 U.S. Dist. LEXIS 83047 at *10 (M.D. Tenn., July 28, 2011) (granting motion to enforce case management order where plaintiff sought untimely disclosure of expert witness). Plaintiffs' untimely disclosures are unjustified and fail the first factor of the Fifth Circuit's test because there is no valid explanation for Plaintiffs' delay.

Second, Plaintiffs cannot show that their untimely expert testimony is important to this case. Their Motion for Partial Summary Judgment shows just the opposite because it tacitly admits that the testimony of its expert witnesses is not necessary to resolve liability or causation against the Defendants under Plaintiffs' own theory (which Taishan disputes and will oppose). Plaintiffs' unexpected Motion argues that prior court rulings in other MDL cases and the parties' profile forms and Plaintiffs' product identification submissions are all that is needed to resolve liability and causation in this case. Rec. Doc. 23229-1 at 4-6. Plaintiffs' Motion attaches inspection reports conducted by one of the proffered experts, but the motion fails to cite either of the actual expert reports served on November 6, 2021 nor does it attach those reports. Plaintiffs' decision not to reference or attach their expert reports to their Motion provides the strongest evidence possible that the reports are not essential to Plaintiffs' theories on liability and causation.

12

Third, Plaintiffs' untimely expert disclosures unquestionably prejudice Taishan. Taishan would not have enough time to prepare any expert disclosures of their own prior to the summary judgment deadline on December 13, 2021, nor would Taishan have enough time to meaningfully depose Plaintiffs' experts and integrate that discovery into its Motions. Prejudice exists when the untimely report benefits only the disclosing party and the opportunity to depose the expert would be limited or denied by the time remaining in the current discovery schedule. *See Pride Centric Res., Inc. v. LaPorte,* No. 13-10163, 2021 U.S. Dist. LEXIS 187972 at *11 (E.D. La., September 30, 2021) (granting motion to exclude expert report where disclosure came after deadline in case management order).

Fourth, a continuance would not cure the prejudice to Taishan. First, Taishan's efforts to prepare summary judgment motions due in less than a month would be entirely wasted if this case's record were upended by untimely expert testimony. Second, even if the Court were to grant a continuance, Taishan would be forced to respond to Plaintiffs' Motion for Partial Summary Judgment while simultaneously engaging in the expert discovery stage of the litigation, which would both stretch Taishan's resources but also prevent Taishan from using any of its own potential expert disclosures in response to Plaintiffs' Motion. Third, a continuance would delay the appeal and final resolution of the claims of  Rhonda and Terrence Ross because the Court reserved ruling on the Ross Plaintiffs' Motion for Entry of Partial Final Judgment pending resolution of final summary judgment motions that the Court expects in December per the CMO. Rec. Doc. 23210. Where a case has already been pending for years, like this one, Fifth Circuit courts have weighed this factor against the untimely party, finding additional continuances to be "inappropriate" given the amount of time the parties have had to solicit expert testimony. *See Pride*

*Centric Res., Inc.,* 2021 U.S. Dist. LEXIS 187972 at *12. Accordingly, all four Fifth Circuit factors weigh against allowing Plaintiffs' untimely disclosures.

## V.    CONCLUSION

For these reasons, Taishan respectfully requests that the Court set a telephonic or video hearing to resolve these issues before the Thanksgiving holiday and issue an order providing the following relief:

(1) find that Plaintiffs' expert disclosures are untimely and inadmissible in support of Plaintiffs' claims;

(2) strike Plaintiffs' untimely home inspection reports (Exhibit D, Rec. Doc. 23229-5) from Plaintiffs' Motion pursuant to Rule 37, and

(3) stay Defendants' deadline to respond to Plaintiffs' Motion for Partial Summary Judgment until January 3, 2022, the CMO deadline for responses to summary judgment motions filed on December 13, 2021, the CMO deadline for filing of any motions for summary judgment.

.                                                          Respectfully submitted,

Dated: November 19, 2021

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an
Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And*
*Tai'an Taishan Plasterboard Co., Ltd.*