# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br><br> SECTION: L |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | JUDGE FALLON <br><br> MAG. JUDGE NORTH |

## CLASS COUNSEL'S STATUS REPORT REGARDING THE TRANSFER OF COMMON BENEFIT FEES OWED BY INDIVIDUAL COUNSEL TO THE COURT REGISTRY

On May 22, 2020, common benefit counsel were awarded $5,832,950.95 (without interest), representing 45% of the attorneys' fees earned by Individual Counsel[1] from the Florida Individual Settlement ("FIS") (R. Doc. 23113-1), payable as follows:

a. Parker Waichman - $3,959,477.76[2]

b. Milstein & Durkee - $601,798.10

c. Whitfield Bryson Mason - $769,006.79

d. Mrachek - $502,668.30.

---

[1] Individual Counsel are: (1) Parker Waichman LLP ("Parker Waichman"); (2) Milstein, Jackson, Fairchild & Wade LLP ("Milstein"); (3) Roberts & Durkee PA ("Durkee"); (4) Whitfield Bryson & Mason LLP; (5) Mrachek Fitzgerald Rose Konopka Thomas & Weiss PA ("Mrachek"); and (6) Levin Papantonio Thomas Mitchell Rafferty Proctor PA ("Levin Papantonio"). According to the Declaration of Ben W. Gordon, Jr. (R. Doc. 23234-1), Levin Papantonio referred all of its remanded Florida *Amorin* plaintiffs' cases to Parker Waichman in January 2019, with no expectation of a referral fee. Levin Papantonio did not receive any attorneys' fees from the FIS, and consequently, the firm is not subject to the Court's transfer order.

[2] This includes 45% of the fees earned on the cases referred by Levin Papantonio to Parker Waichman (*i.e.*, $778,631.86).

1

On September 16, 2021, this Court allocated these fees among 19 common benefit counsel firms, and ordered Individual Counsel to transfer the monies owed from the FIS to the Court registry (R. Doc. 23128).[3] On October 27, 2021, the Court denied Individual Counsel's motion for a stay of the transfer order and "**FURTHER ORDERED** that Individual Counsel **TRANSFER** the common benefit fees to the registry of this Court pursuant to the Order Transferring and Allocating Common Benefit Fees" (R. Doc. 23219 at 5) (emphasis in original).

Since denial of their motion for a stay, Jimmy Faircloth filed a Notice of Compliance regarding the transfer of fees owed by Mrachek and Whitfield, Bryson & Mason from Parker Waichman's escrow account to the Court's registry (R. Doc. 23230). According to Mr. Faircloth, $488,640.88 has been transferred on behalf of Mrachek, leaving a shortfall of $14,027.42 owed by that firm (*i.e.*, $502,668.30 - $488,640.88). In addition, $762,365.17 has been transferred on behalf of Whitfield Bryson & Mason, leaving a shortfall of $6,641.62 owed by that firm (*i.e.*, $769,006.79 - $762,365.17). Greg Weiss (on behalf of Mrachek) and Dan Bryson (on behalf of Whitfield Bryson & Mason) have advised Class Counsel that they have deposited or are in the process of depositing to the Court's registry the respective shortfalls they owe in common benefit attorneys' fees.[4]

To Class Counsel's knowledge, Parker Waichman, Milstein, and Durkee have not complied with this Court's transfer order entered over two months ago despite numerous efforts by Class Counsel to achieve compliance. Indeed, Class Counsel have reached out to Milstein and Durkee repeatedly to inquire about the transfer of the common benefit fees they owe –

---

[3] The Court indicated it will set a hearing at a later date to determine the amount of interest owed to common benefit counsel. *Id.* at 2.

[4] *See* Letter from Gregory S. Weiss to Clerk of Court dated 11/19/2021, attached hereto as Exhibit "A."

$601,798.10. Mr. Durkee has not responded to any of Class Counsel's emails. Mr. Milstein has indicated he has not made a decision yet as to whether he will transfer the funds and he has delayed making that decision until he is able to speak with Jimmy Faircloth. On November 11, 2021, Mr. Milstein informed Class Counsel that:

> Still have not discussed [the issue] on our end and made a decision but will do so and get back to you next week. Btw-what date do you have as the date Judge Fallon denied the Motion to Stay? I thought 10/27 so not even two weeks yet? Please let me know if that is not correct.[5]

Class Counsel responded that "the motion for a stay was denied on 10/27, but the operative order is dated 9/16. Compliance with that order is overdue."[6] In following up with Mr. Milstein to inquire whether he had "transferred the funds to the court registry (or decided to ignore the order)," he informed Class Counsel: "I am not sure as I have not connected with Jimmy [Faircloth] yet but I will try to let you know by end of the week."[7] Class Counsel reminded Mr. Milstein that connecting with Jimmy Faircloth on this issue is not necessary since the fees owed by Milstein & Durkee are being held in Milstein's escrow account, not Parker's.[8]

With regard to the fees owed by Parker Waichman – $3,959,477.76 – on November 10, 2021, Mr. Faircloth informed Class Counsel that: "PW continues to hold in escrow the 16% set aside from its contracts and those of Levin Pap (assigned to PW). I am awaiting final

---

[5] *See* Email exchange between Sandra L. Duggan and Mark Milstein dated 11/11/2021, attached hereto as Exhibit "B."

[6] *See* Email exchange between Sandra L. Duggan and Mark Milstein dated 11/11/2021, attached hereto as Exhibit "C."

[7] *See* Email exchange between Sandra L. Duggan and Mark Milstein dated 11/17/2021, attached hereto as Exhibit "D."

[8] *See* Email exchange between Sandra L. Duggan and Mark Milstein dated 11/17/2021, attached hereto as Exhibit "E."

instructions from PW regarding the transfer order. I have not heard from Milstein on this issue."[9] Class Counsel have heard nothing further from Mr. Faircloth or his client Parker Waichman as to whether they have any intention of complying with the Court's transfer order.

                                        Respectfully submitted,

Dated:  November 19, 2021                By: */s/ Stephen J. Herman*
Stephen J. Herman (Bar No. 23129)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
SHerman@hhklawfim.com
*Class Counsel*

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Class Counsel*

Patrick Shanan Montoya
Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Telephone:  (305) 476-7400
Facsimile:  (305) 476-7444
*Class Counsel*

---

[9] *See* Email from Jimmy Faircloth to Sandra L. Duggan and Patrick Montoya dated 11/10/2021, attached hereto as Exhibit "F."

4

> Richard J. Serpe, Esq.
> LAW OFFICES OF RICHARD J. SERPE, PC
> 580 E. Main Street, Suite 310
> Norfolk, Virginia 23510
> 757-233-0009
> Rserpe@serpefirm.com
> *Class Counsel*

**Certificate of Service**

I HEREBY CERTIFY that the above and foregoing will be filed into the MDL Court Docket *via* the Court's ECF / PACER service, thereby effecting service on all counsel who are designated to receive such service;  will be served on All Counsel *via* the File & Serve Express system established for service of pleadings, orders, and other documents in MDL No. 2047;  and will be served *via* E-Mail upon Florida Individual Settlement counsel, Jimmy Faircloth;  this 19th day of November, 2021.

     /s/ Stephen J. Herman