UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | SECTION L (5)<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| Bessie Barnett; Gwendolyn Kerr Bierria; Stephanie Fortenberry; | |
| Plaintiffs, | Case No. 15-CV-4127 |
| v. | |
| Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and The State-Owned Assets Supervision and Administration Commission of the State Council, | |
| Defendants. | |

## ORDER AND REASONS

Before the Court is Defendants' motion to strike untimely expert materials, R. Doc. 23237. Plaintiffs filed an opposition, R. Doc. 23245. Having considered the briefing, the Court now rules as follows.

I.   **BACKGROUND**

This dispute stems from the Chinese Drywall multi-district litigation ("MDL") that arose after thousands of plaintiffs in several states filed suits alleging that drywall used in the construction of their homes was defective. The plaintiffs claimed that the drywall, which had been manufactured in China, had emitted gases that damaged wiring and appliances and caused physical afflictions to the homes' residents. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation, on June 15, 2009, all federal cases involving Chinese

drywall were consolidated for pretrial proceedings in MDL No. 2047 before this Court.

The drywall at issue in this MDL was manufactured by two groups of defendants: (1) the Knauf Defendants, German-based manufacturers whose Chinese subsidiary sold some of the drywall; and (2) the Taishan Defendants, Chinese-based manufacturers who produced some of the drywall. The present motion relates to the Taishan Defendants. In January 2020, thousands of plaintiffs settled with the Taishan Defendants in a global settlement agreement. However, a number of plaintiffs opted out of this settlement, including the Plaintiffs whose claims form the basis of the present motion.

The Plaintiffs involved in the present motion are members of the *Brooke* group of cases, a class action filed in 2015. Plaintiffs claim to own properties in Louisiana that were affected by the defective drywall. Plaintiffs have filed a motion for partial summary judgment on the issues of liability and causation, arguing they are entitled to summary judgment on these issues because Taishan's drywall has been held defective and Plaintiffs have proof (namely, home inspection reports) that Taishan's drywall was installed in their homes. The present motion is related to that motion for partial summary judgment.

**II.    PRESENT MOTION**

Defendants seek to strike the expert materials attached to Plaintiffs' motion for partial summary judgment, namely home inspection reports asserting that defective drywall is present in Plaintiffs' homes. Defendants argue that Plaintiffs' disclosure of these materials was untimely under the discovery schedule set forth in the Case Management Order No. 1, which Defendants assert controls the deadlines in this case. Specifically, Defendants allege that under the Case Management Order, which based the deadline for expert disclosures on the date of the Court's ruling on the last pending motion for summary judgment, Plaintiffs' expert materials were due

on September 4, 2021, but Plaintiffs did not provide expert disclosures until November 6, 2021. Defendants argue that the home inspection reports that Plaintiffs attached to their motion were part of this untimely disclosure and should be stricken. Defendants request that the Court (1) find that Plaintiffs' expert disclosures are untimely and inadmissible in support of Plaintiffs' claims; (2) strike Plaintiffs' untimely home inspection reports from Plaintiffs' Motion under Federal Rule of Civil Procedure 37, and (3) stay Defendants' deadline to respond to Plaintiffs' Motion for Partial Summary Judgment until January 3, 2022.

In opposition, Plaintiffs assert a different view of the Case Management Order and argue that their disclosure of expert reports was timely. Plaintiffs argue that the Court's ruling on a motion for reconsideration of a summary judgment motion represented a ruling on a pending summary judgment motion and thus reset the deadline for Plaintiffs' expert disclosures to November 6, 2021. Thus, Plaintiffs argue they timely disclosed the home inspection reports attached to their motion for partial summary judgment.

**III.   DISCUSSION**

The Court finds that Plaintiffs' expert disclosures were untimely under the Case Management Order. The Case Management Order, which the parties jointly submitted and the Court merely adopted for their convenience, states that the second discovery phase will begin on "the date this Court enters its order on the final pending summary judgment motion." R. Doc. 23012 at 3. The Court entered an order granting the final pending summary judgment motion on May 27, 2021. R. Doc. 23089. Pursuant to the Case Management Order, the deadline for Plaintiffs to disclose their expert reports was one hundred days after this date. R. Doc. 23012 at 4. Thus, the deadline for Plaintiffs' expert disclosures was September 4, 2021.

The Court is not convinced by Plaintiffs' argument that the Court's ruling on the motion

3

for reconsideration of the summary judgment order reset the discovery period. A motion for reconsideration is not a "pending summary judgment motion" under the terms of the Case Management Order and a ruling on such a motion should not reset any deadlines based on the disposition of summary judgment motions—especially when the ruling is a denial, as here. If the Court were to accept Plaintiffs' argument, Plaintiffs could arbitrarily alter the deadlines in this case by filing meritless motions for reconsideration. Thus, Plaintiffs' assertion that their disclosure of these expert reports on November 6, 2021 was timely is incorrect. Plaintiffs' disclosure was untimely because it was over two months after the deadline of September 4, 2021 established by the Case Management Order.

Because Plaintiffs' disclosure of these expert materials, including the home inspection reports attached to Plaintiffs' motion for summary judgment, was untimely, the Court has no alternative but to strike the home inspection reports under Rule 37. Thus, the Court will not consider the home inspection reports in ruling on Plaintiffs' motion for partial summary judgment.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion to strike untimely expert materials, R. Doc. 23237, is **GRANTED**.

New Orleans, Louisiana, this 9th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE