UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L (5) |
| | JUDGE ELDON E. FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE MICHAEL B. NORTH |
| *Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.* 2:14-cv-02722 | |
| AND | |
| The following severed and individually-filed civil actions: 2:20-cv-3199, 3200, 3203, 3204, 3205, 3206, 3208, 3209, 3210, 3212, 3213, 3214, 3215, 3216, 3217, 3218, 3219, 3220, 3221, 3222, 3223, 3224, 3256, 3259, 3269, 3261, 3263, 3264, 3265, 3267, 3268 | |

## ORDER AND REASONS

Before the Court are Plaintiffs' Motion to Approve Alternative Service of Process, R. Doc. 23192, and Defendants' Motion to Quash Summonses and Alternatively Dismiss Amended Complaints, R. Doc. 23211. Defendants filed an opposition to Plaintiffs' motion, R. Doc. 23214, while Plaintiffs filed an opposition to Defendants' motion, R. Doc. 23215, to which Defendants filed a reply, R. Doc. 23222. Having considered the briefing and the applicable law, the Court now rules as follows.

I. BACKGROUND

These cases are part of the Chinese Drywall multi-district litigation ("MDL") that arose after thousands of plaintiffs in several states filed suits alleging that drywall used in the

1

construction of their homes was defective. The plaintiffs claimed that the drywall, which had been manufactured in China, had emitted gases, damaged wiring and appliances, and caused physical afflictions to their homes' residents. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL No. 2047 before this Court.

The drywall at issue was largely manufactured by two groups of defendants: the Knauf Defendants, which are German-based manufacturers whose Chinese subsidiary sold some of the drywall, and the Taishan Defendants, which are Chinese-based manufacturers who produced some of the drywall. The present motions relate to the Knauf Defendants. The Plaintiffs whose claims form the basis of the present motions originally filed their claims as part of the *Bennett* action, a class action against the Knauf Defendants that was filed in November of 2014 and consolidated with this MDL in January of 2015. However, the Court later severed the claims of the thirty-one Plaintiffs whose claims relate to the present motions from the *Bennett* action and ordered them to proceed as individual cases within the MDL. Amended complaints were filed in each of these cases when they were severed, but these amended complaints were for administrative purposes, not to assert new claims. R. Doc. 23055. Discovery has already been completed in these cases.

Within the group of thirty-one severed claims that form the basis of the present motions, there are two sets of Plaintiffs: the Identified Plaintiffs, twenty-two Plaintiffs whose claims were severed from the *Bennett* action on November 6, 2020, and the Pending Plaintiffs, nine Plaintiffs whose claims were severed from the *Bennett* action on November 23, 2020. R. Docs. 22967, 22980. This distinction is relevant to the pending motions because Defendants argue that the Identified Plaintiffs' claims have been dismissed by this Court and that the appeals of those

2

dismissals were dismissed by the United States Court of Appeals for the Fifth Circuit, while the Pending Plaintiffs' claims continue before this Court.

## II. PRESENT MOTIONS

### a. *Plaintiffs' Motion to Approve Alternative Service of Process*

Plaintiffs seek an order allowing service of process directly on counsel for Defendants by electronic means instead of serving Defendants abroad pursuant to the Hague Convention. R. Doc. 23192-1 at 1-2. Plaintiffs allege that counsel for the foreign Defendants Knauf Gips KG and Knauf Plasterboard Tianjin Co., Ltd. have refused to accept service of the amended complaints for Plaintiffs' severed claims and have insisted that Plaintiffs serve their complaints consistent with the Hague Convention. *Id.* at 2. Plaintiffs argue that serving these Defendants abroad would cause unnecessary delay, specifically alleging that service of process in China would take several years. *Id.* at 2-3.

In opposition, Defendants argue that formal service of these amended complaints is unnecessary because Rule 4 only requires formal service of the original complaint. R. Doc. 23214 at 7. Defendants also argue that, as for the Identified Plaintiffs, these Plaintiffs' claims have already been dismissed, making service of their amended complaints futile. *Id.* at 6. Defendants further argue that all of these Plaintiffs' amended complaints were filed solely as an administrative formality and do not assert new claims, making formal service of the Pending Plaintiffs' complaints futile as well. *Id.* at 8.

### b. *Defendants' Motion to Quash Summonses and Alternatively Dismiss Amended Complaints*

Defendants seek to quash the summonses, or alternatively to dismiss the amended complaints, filed by the twenty-two Identified Plaintiffs whose claims, Defendants assert, have

3

already been dismissed by this Court and the Fifth Circuit. R. Doc. 23211. Defendants argue that the summonses are unenforceable and procedurally improper because the claims of the Identified Plaintiffs have been fully and finally adjudicated, such that there are no operative complaints for which these Plaintiffs can seek service. R. Doc. 23211-1 at 2. Alternatively, should the Court find that these Plaintiffs' amended complaints contain viable claims, Defendants request that the Court dismiss the amended complaints with prejudice because the amended complaints are untimely and because *res judicata* bars re-litigation of the Identified Plaintiffs' claims. *Id.* at 8, 12.

In opposition, Plaintiffs argue that their summonses should not be quashed because Defendants have not proved that Plaintiffs seek to serve these summonses for an improper purpose. R. Doc. 23215 at 2. Plaintiffs also argue that Defendants' counsel's participation in these cases since they were severed indicates that Defendants have waived the grounds they now assert for quashing the summonses. *Id.* at 3. Plaintiffs further argue that their amended complaints should not be dismissed because they contain claims upon which relief may be granted and because there has not been a final judgment under Rule 54(b). *Id.* at 2-3.

In a reply in support of their motion, Defendants reiterate that this Court's decisions granting summary judgment and dismissing the Identified Plaintiffs' claims, the appeals of which the Fifth Circuit dismissed, are final decisions that disposed of these claims. R. Doc. 23222 at 1-2. Defendants argue that a Rule 54(b) certification was not required to dispose of these claims because the claims were not part of a single action but were consolidated only for efficiency. *Id.* at 2-3. Thus, Defendants argue, Plaintiffs' amended complaints do not contain viable claims despite Plaintiffs' attempt to use these amended complaints to resurrect their previous claims and get a second chance at appeal. *Id.* at 1.

### III. APPLICABLE LAW

#### a. *Service of Process Under Rules 4 and 5*

Federal Rule of Civil Procedure 4(f) provides that an individual within a foreign country may be served by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention"; by a variety of methods that are "reasonably calculated to give notice"; or "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(1)-(3). Courts have interpreted this last provision, Rule 4(f)(3), to mean that whether to allow alternative methods of service under Rule 4(f)(3) is within "the sound discretion of the district court" and that an alternative method under Rule 4(f)(3) is equally valid as the other methods of service that Rule 4(f) describes. *West v. Rieth*, No. CV 15-2512, 2016 WL 195945, at *2 (E.D. La. Jan. 15, 2016) (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002)). Where direct service on a foreign defendant would cause delay due to difficulties achieving service in a particular country, courts have allowed service, including service via email, on the defendant's United States counsel. *See, e.g.*, *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 510 (S.D.N.Y. 2013); *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 175 (S.D. Ohio 2013).

However, formal service of any pleading other than the original complaint, including an amended complaint, is generally unnecessary. Federal Rule of Civil Procedure 5 provides that a "pleading filed after the original complaint" may be served by various methods, including "filing [the pleading] with the court's electronic-filing system." FED. R. CIV. P. 5(a)-(b). *See Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 344 (5th Cir. 2005) (holding that an amended complaint does not need to be served in compliance with Rule 4, but instead may be served by the various

methods Rule 5 permits).

### b. *Quashing a Summons or Dismissing a Complaint Under Rule 12(b)*

Objections to the validity of service may be made under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Rule 12(b)(4) allows a party to move to dismiss a claim for "insufficient process," while Rule 12(b)(5) provides the ground for dismissal of "insufficient service of process." "The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). If a plaintiff fails to meet this burden and service is improper, "the district court has broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Magee v. St. Tammany Par. Jail*, No. CIV.A. 09-5839 R(4), 2010 WL 1424404, at *2 (E.D. La. Mar. 5, 2010), *report and recommendation adopted*, No. CIV.A. 09-5839 R(3), 2010 WL 1424402 (E.D. La. Apr. 5, 2010).

In addition to the Rule's provisions for quashing a summons, Rule 12(b)(6) provides that a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

### c. **Res Judicata**

The doctrine of *res judicata* holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *Res judicata* applies where four requirements are satisfied: "(1) the parties [in both actions] are identical or in privity; (2) the

judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

### d. *Necessity of a Final Judgment Under Rule 54(b)*

Federal Rule of Civil Procedure 54(b) permits the entry of a final judgment on a claim that is part of a case involving several claims when judgment has been rendered as to that claim but not the others. The Rule provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). The Rule further provides that, absent such a final judgment, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . ." *Id.*

However, a certification under Rule 54(b) may not be necessary to make a decision a final judgment, even for a claim that was consolidated with other claims, depending on the reason the claims were consolidated and the extent to which they have merged into a single action. For "suits that are consolidated merely for reasons of convenience and judicial economy," judgment on a single claim may be final even without a Rule 54(b) certification. *In re Katrina Canal Breaches Litig.*, 345 F. App'x 1, 3 (5th Cir. 2009). On the other hand, "if the suits have essentially merged so as to become a single action" and the claims "could have been filed as a single suit," a Rule 54(b) certification is necessary to make a judgment on a particular claim final. *Id.*

IV.   **DISCUSSION**

### a. Plaintiffs' Motion to Approve Alternative Service of Process

Plaintiffs seek permission to serve their amended complaints on Defendants' counsel rather than pursuant to the Hague Convention. However, under Rule 5 of the Federal Rules of Civil Procedure, formal service of any pleading other than the original complaint, including an amended complaint, is unnecessary. Plaintiffs' amended complaints have already been filed on the Court's electronic filing system. Under Rule 5, electronic filing is a sufficient method of service for an amended complaint. FED. R. CIV. P. 5(b)(2)(E). Therefore, the service for which Plaintiffs seek the Court's permission is not necessary and Plaintiffs' motion is moot.

### b. Defendants' Motion to Quash Summonses and Alternatively Dismiss Amended Complaints

The Identified Plaintiffs' amended complaints fail to state claims for which relief can be granted because this Court has already dismissed the claims of these twenty-two Plaintiffs. R. Docs. 22823, 22941, and 22947. Moreover, the Fifth Circuit has dismissed the appeals of those dismissals. R. Docs. 23057, 23058, and 23060. *Res judicata* applies because the parties whose claims were dismissed and the parties who now seek to serve amended complaints are the same; this Court had jurisdiction to render judgment in the prior actions; the dismissals of these claims were final judgments on the merits; and the claims that Plaintiffs now assert in these amended complaints are the same claims that were dismissed. *Test Masters*, 428 F.3d at 571. Certifications under Rule 54(b) were not necessary to make the dismissals of these claims final judgments because the claims were consolidated "merely for reasons of convenience and judicial economy" and did not "merge[] so as to become a single action." *In re Katrina Canal Breaches*, 345 F. App'x at 3. Therefore, the Identified Plaintiffs' amended complaints merely raise claims that have been finally adjudicated and thus fail to state a claim upon which relief can be granted.

## V.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Approve Alternative Service of Process, R. Doc. 23192, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash Summonses and Alternatively Dismiss Amended Complaints, R. Doc. 23211, is **GRANTED**.

New Orleans, Louisiana, this 21st day of December, 2021.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE