UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br><br>Bessie Barnett; Gwendolyn Kerr Bierria; Stephanie Fortenberry,<br><br>      Plaintiffs,<br><br>v.<br><br>Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and administration Commission of the State Council,<br><br>      Defendants. | MDL Docket No. 2047<br><br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br><br>Case No. 2:15-CV-04127 |

**TAISHAN'S OPPOSITION TO PLAINTIFFS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

      As Taishan described in its Motion for Summary Judgment (Rec. Doc. 23252)[1], the three remaining Opt-Out Plaintiffs have entirely failed to prosecute their claims or develop the proof required to prove any elements of their claims. Tacitly acknowledging this failure, Plaintiffs' Motion for Partial Summary Judgment erroneously argues that no evidentiary proof is required to

---

[1] Taishan hereby incorporates its Motion for Summary Judgment, Memorandum of Law, Statement of Undisputed Material Facts, and exhibits (Rec. Doc. 23252) into this Opposition to Plaintiffs' Motion for Partial Summary Judgment. Taishan's Motion addresses Plaintiffs' failure to meet their burden to prove causation and liability under Louisiana law and, therefore, provides additional support for denying Plaintiffs' Motion.

1

prove liability and causation on their product liability claims and that this Court can simply rely on its prior rulings in other MDL cases where liability and causation were not even contested.

But if Plaintiffs wanted to rely on the prior efforts of other plaintiffs in this MDL, they could have received compensation through participation in the Taishan Class Settlement. Instead, these Plaintiffs chose what this Court has described as an "inherently riskier" path – pursuing their individual claims at the "nascent stages of litigation" which would "entail significant time and expense" and "substantial obstacles to recovery." Rec. Doc. 22460 at 48. Nearly two years after the Court warned of "the inherent difficulties and uncertainties" that opt-outs would face to prosecute their claims, Plaintiffs have failed to request *any* discovery, failed to develop *any* expert testimony, and instead have come to this Court seeking summary judgment with nothing more than their pleadings and the initial disclosure profile forms required for all plaintiffs in this MDL. That is not enough to advance these claims to trial, much less win summary judgment in their favor.

Plaintiffs' vain attempt to rely on the defaults entered in the *Amorin* and *Germano* cases to achieve summary judgment on issues of liability and causation – issues which were defaulted and uncontested in those prior cases – should be entirely rejected. As opt-outs, Plaintiffs chose a difficult and uncertain path, have failed to advance their claims beyond the pleading stage, and have no basis to request summary judgment on any issues. Accordingly, Taishan respectfully requests that the Court deny the Motion for Partial Summary Judgment by Plaintiffs Barnett,

Bierria, and Fortenberry (and, on the contrary, grant summary judgment for Defendants on their separate motion [Rec. Doc. 23252]).

## I.  Factual and Procedural Background

As stated above, Taishan incorporates its Motion for Summary Judgment into this Opposition to Plaintiffs' Motion, including Taishan's detailed recitation of the factual and procedural background of this case. Rec. Doc. 23252-1 at 2-6.

## II.  Legal Standard

Summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (*quoting Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)). When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in

the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Celotex*, 477 U.S. at 322-24.

**III.     Argument**

**A. Plaintiffs Failed to Support Their Motion with the Required Statement of Uncontested Material Facts**

Local Rule 56.1 provides that every motion for summary judgment must be accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue. Similarly, Federal Rule of Civil Procedure 56(c)(1)(A) requires that a party moving for summary judgment arguing that a fact cannot be genuinely disputed must support that assertion by "citing to particular parts of materials in the record."

In violation of LR 56.1, Plaintiffs failed to submit the required Statement of Uncontested Material Facts with their Motion.  Additionally, Plaintiffs' Motion itself does not articulate which specific facts they believe are undisputed in this case. Plaintiffs failure to properly support their Motion both prejudices the Defendants in knowing which facts, if any, they must dispute to defeat the Motion and denies the Court a clear record to consider when evaluating the Motion. For this reason, Eastern District of Louisiana judges have commonly denied motions for summary judgment where the moving party has failed to submit a statement of uncontested material facts. *See e.g. Fontenot v. Adams*, No. 05-6670, 2007 U.S. Dist. LEXIS 10351 (E.D. La. February 12, 2007) (denying plaintiff's motion for summary judgment where plaintiff failed to submit a statement of uncontested material facts and could not establish the absence of a genuine issue of material fact as to liability). As outlined below, Plaintiffs would not be entitled to partial summary judgment even if they had not violated LR 56.1, but Plaintiffs failure to follow this Court's rules and requirements for summary judgment is, by itself, a reason to deny Plaintiffs' Motion.

### B. Prior Rulings in the Defaulted *Amorin* and *Germano* Cases Have No Bearing on Plaintiffs' Claims for Liability and Causation

Plaintiffs' Motion appears to hinge on the single, erroneous contention that "Defendant Taishan's drywall has been found to be defective on multiple occasions by this Court." Motion at 4. Later, Plaintiffs' Motion refers to this Court's "liability and causation declaration" (Motion at 5) but never actually quotes or cites to that declaration because *it does not exist*. Plaintiffs' only purported basis for this contention is this Court's Rule 55(b) damages rulings in the *Germano* and *Amorin* cases. *Id.* at 4-5. But neither of the Court's damages rulings in *Germano* or *Amorin* held that the drywall *in Plaintiffs' homes* is defective, nor did either of those rulings address issues of liability or causation in this or other cases. Rather, in both of those cases, *default* judgments were entered against Taishan, which made proof of product defect or causation unnecessary. *See* Rec. Doc. 487 (*Germano* Entry of Default); Rec. Doc. 17815 (*Amorin* Default). Defendants are not in default in this case.

While referencing the *Germano* trial generally, Plaintiffs do not even attempt to cite or quote from the Court's Findings of Fact and Conclusions of Law in that case (Rec. Doc. 2380, the "*Germano* FOFCOL") to support their claim that it contains a "ruling regarding liability and causation." Motion at 5. Plaintiffs' failure to support this assertion is unsurprising because *there is no such ruling in the Germano FOFCOL.* While the *Germano* plaintiffs *did* submit significant scientific testing and expert testimony to prove the defect of their specific drywall and its effect on their specific homes, those proofs were submitted to determine the proper measure of Rule 55 *default* damages, including the scope of remediation. Rec. Doc. 2380 at 18-19. Setting aside that this case is not in default, there is no evidence in the record to establish that Plaintiffs here have the same drywall that the *Germano* plaintiffs had. In fact, the *Germano* FOFCOL explains that each of the seven *Germano* plaintiffs had drywall with "Venture Supply" markings (*See* Rec. Doc.

5

2380 at 9) which are not consistent with the drywall markings that Plaintiffs allege to have in their homes. *See* Motion at 5 ("Plaintiffs Barnett and Bierria found drywall marked with 'Made in China Meet or Exceeds ASTM C1396 Standard,' and Plaintiff Fortenberry found drywall marked with 'Crescent City Gypsum.'") Plaintiffs offer no citation or explanation for how the *Germano* damages order relates to their proofs for causation or liability because there is simply no support for that assertion.

Plaintiffs also point to this Court's Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages Hearing in the *Amorin* cases (Rec. Doc. 20741, the "*Amorin* Damages FOFCOL") as support for their argument that liability and causation are already established for their claims. This assertion is also entirely unsupported. The *Amorin* Damages FOFCOL explicitly states that "the Court already determined that the Defendants' liability was conceded by their default" in the *Amorin* cases and that, accordingly, the sole purpose of the June 9, 2015 hearing and the Court's subsequent FOFCOL was assessment of damages under Rule 55. *Amorin* Damages FOFCOL at 18-19. Plaintiffs refer to a subject header in Section III(A) of the *Amorin* FOFCOL ("Chinese Drywall is Defective") as proof that "this Court squarely addressed the liability and causation established in this litigation," but that section of the FOFCOL does no such thing. Instead, the Court restates general findings about defective Chinese-manufactured drywall from the *Germano* FOFCOL but does not make any ruling that any drywall manufactured by Taishan is defective "Chinese drywall." Proof that particular drywall in a particular plaintiff's home is defective requires scientific analysis and expert testimony – which was submitted to the Court at the *Germano* evidentiary hearing and cited to in the *Germano* FOFCOL. *Germano* FOFCOL at 18-19. This Court's findings about the corrosive nature of defective Chinese-manufactured drywall in the homes of certain other plaintiffs in other cases do not prove that Plaintiffs' homes contain

6

defective drywall, nor do they prove that Plaintiffs' alleged property damages are caused by their drywall.

As argued in Taishan's Motion for Summary Judgment, Plaintiffs do not (and cannot) point to any prior ruling by this Court that the particular drywall in *Plaintiffs'* homes is defective or of any ruling on causation related to *Plaintiffs'* homes. In fact, Plaintiffs' Motion is confirmation that Plaintiffs have no actual evidence to prove either of these necessary elements and, instead, are attempting to ride the coattails of prior default judgments in other cases. But as the Court warned at the outset of this opt-out litigation, the *Brooke* cases were procedurally distinct from the defaulted and class-certified *Amorin* claims and that it would take "significant time and expense" to develop proof of liability, causation and damages. Rec. Doc. 22460 at 48. These *Brooke* opt-out Plaintiffs were required to develop their own case-specific proof of the elements of their claims – they cannot shortcut those burdens in this litigation with ill-placed reliance on older, different cases.

**C. Plaintiffs Fail to Establish that Taishan Manufactured the Drywall in Their Homes**

After Plaintiffs failed to establish that this Court's prior rulings prove that all Taishan-manufactured drywall is defective and the proximate cause of their alleged damages, their Motion goes on to try to establish that the Plaintiffs' homes contain Taishan-manufactured drywall. While this issue is moot if the Court finds that its prior rulings do not establish liability and causation for Plaintiffs' particular claims, Plaintiffs have also failed to establish proof of this assertion.

*First*, as a threshold matter, Plaintiffs failed to submit the required Statement of Uncontested Facts to establish the specific facts and citations to the record associated with these Product Identification claims. This failure, by itself, is enough to find a disputed issue of material fact on Product Identification.

7

*Second*, Exhibits A, B, and C attached to Plaintiffs' Motion[2] – the sole evidence provided for proof of Product Identification offered in the Motion – ***do not contain any photographs of the drywall contained in Plaintiffs' homes***. Instead, Plaintiffs point to statements in their Plaintiff Profile Forms about the markings on their drywall. Motion at 5, citing Plaintiffs' Exhibit B. But those forms are not consistent with Plaintiffs' Product ID claims. Plaintiffs' Motion asserts that Plaintiffs Barnett and Bierria have drywall marked "Made in China Meet or Exceeds ASTM C1396 Standard" but their profile forms state that their drywall is marked "Made in China **Meets** or Exceeds ASTM" (Barnett) and "Made in China Meet or Exceeds ASTM C 1396 **04 Standarr**" (Bierria). Plaintiffs' Exhibit B (emphasis added to show differences). Contrary to Plaintiffs' claims, those stated markings are not consistent with Plaintiffs' own statement in their Motion about their drywall markings, are not consistent with the markings that Taishan admitted to in its Manufacturer Profile Form submission (Plaintiffs' Exhibit A), and are not consistent with the markings shown in the "Product ID Catalog" used by the Court and parties to identify the drywall markings at issue in this case.

As outlined in Taishan's Motion for Summary Judgment, Plaintiff Fortenberry has produced photographic evidence of drywall with Product ID marking #27 – bearing the marking "Made in China Crescent City Gypsum Incorporated Manufactured in P.R.C." Rec. Doc. 23252-2 (Taishan's Statement of Undisputed Material Facts, "Statement") at ¶ 19. But Taishan denied manufacturing that marking in its Product ID Statement served on Plaintiffs. Statement at ¶ 20. And no finding in any case anywhere has established any connection between Taishan and that marking.  Given Taishan's denial, Fortenberry bears the burden of proving that Taishan made the

---

[2] Plaintiffs' Exhibit D was ruled to be untimely produced and stricken from Plaintiffs' Motion. Rec. Doc. 23251 at 4.

drywall (with marking #27) in her property. Simply alleging that Taishan made the drywall, without any documentary or other proof to support that, falls short of Fortenberry's evidentiary burden. Without any evidence that Taishan manufactured drywall with marking #27, there is no genuine dispute of material fact and – as requested in its Motion for Summary Judgment - Taishan respectfully requests that the Court grant summary judgment over Fortenberry's claims for failure to prove that Taishan manufactured the drywall in her home.[3]

***Third***, even if Plaintiffs had submitted proper proof of Product ID in their Motion, they have failed to offer any declaration or deposition testimony from the three Plaintiffs stating that Taishan-manufactured drywall was found in their homes or that the photos allegedly showing corrosion in Exhibit C were taken in their homes. As discussed in Section III(B) above, instead of developing their own proof of causation, Plaintiffs instead (falsely) claim that the Court's prior rulings establish causation for them. But to prove the element of causation under Louisiana product liability law, Plaintiffs were required to develop expert testimony and evidence proving that their allegedly defective drywall is the most probable cause of their alleged property damages. *See, e.g., Lacoste v. Pilgrim Int'l,* No. 07-2904, 2009 U.S. Dist. LEXIS 46752, *18-20 (E.D. La., June 3, 2009) (granting motion for summary judgment against plaintiff's product liability claims under Louisiana law where plaintiff failed to provide expert testimony on causation and "the record [did] not contain any evidence to suggest that the product defect was the most probable cause of the

---

[3] Taishan has admitted to manufacturing drywall with the product marking that appears to be shown in the Product ID photographs produced by Plaintiffs Bierria and Plaintiff Barnett's Product ID photograph submissions. Therefore, without waiving those Plaintiffs' obligation to submit sufficient proof of Product ID at trial, Taishan did not move for summary judgment for Plaintiffs Bierria or Barnett on the grounds of Product ID. However, as explained above, Plaintiffs have failed to submit a proper record on summary judgment in their own Motion and, therefore, are not entitled to any summary judgment findings as to Product ID for Plaintiffs Barnett or Bierria.

9

injury") (internal quotations omitted). These basic failures to submit required evidence on summary judgment are, by themselves, fatal to Plaintiffs' Motion.

## IV. Conclusion

Plaintiffs' Motion is a vain attempt to disguise the fatal deficiencies in their proofs that were caused entirely by Plaintiffs' failure to adequately prosecute their own case. As this Court warned two years ago, there were no shortcuts for these opt-out Plaintiffs and, accordingly, the Court should not permit this last-ditch attempt to ride the coattails of claims that chose to participate in the Taishan Class Settlement. For these reasons, Taishan respectfully requests that the Court deny Plaintiffs' motion for partial summary judgment and grant Defendants' Motion for Summary Judgment.

Dated: January 3, 2022

Respectfully submitted,

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Request for Oral Argument has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of January, 2022.

<u>/s Christina Hull Eikhoff</u>
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*