UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL<br>PRODUCTS LIABILITY LITIGATION<br><br><br><br><br><br>THIS DOCUMENT RELATES TO:<br>*Guilfort Dieuvil,* No. 13-609 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br><br>MDL NO. 2047<br><br>SECTION L (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SUBMISSION BY LIAISON COUNSEL
### REGARDING THE RELEASE SUBMITTED BY PLAINTIFF, GUILFORT DIEUVIL

Plaintiffs' Liaison Counsel respectfully submits the following memorandum in response to the Court's Order dated January 18, 2022 [Doc 23271]:

**MAY IT PLEASE THE COURT:**

As the Court may recall, Mr. Dieuvil was initially represented by Doyle Law Firm, which entered into an agreement with Knauf in 2015 which allowed Mr. Dieuvil to participate in the Knauf New Claims Settlement, subject to various terms and conditions. Knauf thereafter denied the claim, which denial was affirmed by the Special Master on the basis that Mr. Dieuvil did not present evidence in compliance with PTO 1(B). Appearing *pro se,* Mr. Dieuvil filed an objection to the Special Master's recommendation, at which point the Court asked Plaintiffs' Liaison Counsel to attempt to assist Mr. Dieuvil. Following a hearing on the issues, the Court determined that Mr. Dieuvil was entitled to recover $343,672.06 from Knauf as an Option 3 claimant. *See* ORDER AND REASONS [Doc 22527] (Jan. 27, 2020).

Mr. Dieuvil then attempted to file a *pro se* appeal, which was dismissed for lack of jurisdiction. *See* PER CURIAM, No.20-30120 (5th Cir. May 20, 2020) [Doc 22853].

At the same time, Mr. Dieuvil was reluctant to sign the release documents provided to him by Knauf, as his wife was continuing to pursue litigation in Florida against G&L Homes (and/or Knauf). At a telephone status conference on June 18, 2020, the Court advised Mr. Dieuvil that he (and his wife) would have to sign the Option 3 release documents. *See* MINUTE ENTRY [Doc 22888] (June 18, 2020).

On January 11, 2022, the undersigned received an e-mail from Mr. Dieuvil, attaching an unredacted signed set of Release documents; advising that a redacted version had been filed into the public record; and asking when payment from Knauf could be expected.

After various communications with Counsel for Knauf and Mr. Dieuvil, it appeared that there continued to be a dispute about the form of the release that had been executed in Knauf's favor. At which time, the Court entered its Order.[1] Based on subsequent communication with Mr. Dieuvil, Liaison Counsel respectfully advises the Court as follows:

**The January 8, 2022 Release**

In the signed Release that was executed by both Mr. Dieuvil and his wife on January 8, 2022, the Dieuvils agree that they "unconditionally release and relinquish all rights that Claimant has or may have against the Knauf Defendants",[2] "will not seek anything further against Knauf Defendants, including any other payment from Knauf Defendants",[3] and "shall dismiss with prejudice any Action against Knauf Defendants."[4] Mr. Dieuvil believes that this is sufficient

---

[1] Doc 23271.

[2] *See* Paragraph 6 on p.5.

[3] *See* Paragraph 4 on p.5.

[4] *See* Paragraph 5 on p.5.

under the Knauf New Claims Settlement Agreement, as he and Mrs. Dieuvil are forever releasing and discharging Knauf and all Knauf-related entities and affiliates from any further liability or claims.

The primary difference between the signed Release and the proposed release that had been previously provided to Mr. Dieuvil by Knauf is that the signed Release would ostensibly allow Mr. and/or Mrs. Dieuvil to continue to pursue claims against *not* Knauf, but GL Homes.[5,6]  Mr. Dieuvil believes, in this regard, that Knauf has already entered into a settlement agreement with GL Homes in which GL Homes has agreed to waive, release and forever discharge Knauf from any further liability or claims in connection with the *Chinese Drywall* Litigation – and hence Knauf is fully protected from any potential third-party or other claims by GL Homes against Knauf for contribution or indemnity.  (Mr. Dieuvil also points out that the litigation in Florida against GL Homes was commenced prior to this Court's award of any compensation from Knauf in the MDL.[7])  Mr. Dieuvil therefore asks Knauf, and/or the Court, to deem the signed Release he has submitted fully and legally sufficient under the Knauf New Claims Settlement.

---

[5] Specifically, Mr. Dieuvil appears to have added "with exception of the builder and the builder's affiliated entity" to Paragraph 4;  replaced "Claimant will dismiss with prejudice any and all other claims, actions, or lawsuits related to KPT Chinese drywall filed in any court or tribunal, including but not limited to: MAGDADENE DIEUVIL v. GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, et al., Civil Action 20-14099, filed in the United States District Court for the Southern District of Florida" with "Claimant shall dismiss with prejudice any Action against Knauf Defendants" in Paragraph 5;  added "with sole exception of the builder of the subject property" and "this general release exclusively applies to Knauf Defendants" in Paragraph 6;  excluded "any and all claims against the builder and/or the builder's affiliated entity of the subject property" from the assignment in Paragraph 8;  and added "with the exception the builder and the builder's affiliates entity of the subject property are herein excluded from any Release" in Paragraph 9.

[6] In addition to reserving his rights against GL Homes, Mr. Dieuvil has also added language: **(i)** suggesting that he was not and is not a Knauf Settlement Class Member, having received no notice, etc; **(ii)** attempting to create an acknowledgement that "any financial obligation that Claimant may or may not have with respect to the subject property has been irrelevant to Knauf's case";  **(iii)** purporting to exclude the application of a credit or offset with respect to the payments received from Knauf; and **(iv)** attempting to require Knauf to make payment within 20 days.

[7] Separate and apart from seeking additional compensation to which he believes he is entitled, Mr. Dieuvil seems particularly concerned that, if he were to release GL Homes in these proceedings, and GL Homes relied upon that release in order to secure a dismissal of the Florida lawsuit, he and/or his wife might face a potential risk of liability for GL Homes' costs and/or attorneys' fees in the Florida suit.

In the alternative, Mr. Dieuvil respectfully requests that he be released from the settlement class, (presumably forfeiting the existing $343,672.06 judgment, which he believes to be grossly insufficient to compensate him for his Chinese drywall related losses), and allowed to continue to litigate claims against Knauf (and/or GL Homes) for the full damages he believes he is entitled to.

This 28th day of January, 2022.

Respectfully submitted,

/s/ Stephen J. Herman
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
**Herman, Herman & Katz, LLC**
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No.  (504) 561-6024
E-Mail: sherman@hhklawfirm.com

**Plaintiffs' Liaison Counsel**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing submission will be filed into the record *via* the Court's electronic filing system, thereby effectuating service on all parties registered to receive such service on PACER; will be served *via* File & Serve Xpress, pursuant to the procedures established in MDL No. 2047; and will be served upon both Counsel for Knauf and Mr. Dieuvil *via* E-Mail, this 28th day of January, 2022.

/s/ Stephen J. Herman