UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Chinese Manufactured Drywall Products Liability Litigation | MDL 09-md-2047 |
| | SECTION "L" |
| *This Document Relates to:* | JUDGE ELDON E. FALLON |
| *Guilfort Dieuvil 13-609* | MAGISTRATE MICHAEL B. NORTH |

### THE KNAUF DEFENDANTS' RESPONSE REGARDING CLASS MEMBER, GUILFORT DIEUVIL

**NOW INTO COURT,** through undersigned counsel, come Defendants, Knauf Gips, KG and Knauf Plasterboard (Tianjin) Co, Ltd. (the "Knauf Defendants"), who respectfully submit this Response regarding Knauf Class Settlement Agreement Class Member, Guilfort Dieuvil and aver as follows:

1.

Dieuvil filed claims and is a class member to the Knauf Class Settlement Agreement. Dieuvil's Knauf Class Settlement Agreement claim was denied by the Special Master on November 22, 2017. On January 27, 2020, following extensive briefing and hearing, this Court reviewed and reversed the Special Master's decision in-part, and determined that Claimant was eligible to receive benefits from the Knauf Class Settlement Agreement. (R. Doc. 22527). Specifically, following deduction of GBI amounts awarded to Dieuvil, and assigned to the Knauf Defendants pursuant to the Knauf Class Settlement Agreement, this Court found Dieuvil to be

eligible to receive benefits in the amount of $343,672.06 from the Knauf Class Settlement Agreement as an Option 3 claimant.

2.

Pursuant to the Knauf Class Settlement Agreement, the Court's decision as to Dieuvil's settlement claim was a final, non-appealable judgment.[1]

3.

Following the ruling, the Knauf Defendants prepared and sent to Plaintiff's Liaison Counsel and Dieuvil the required Option 3 documents all class members execute in order to release the funds: (1) Option 3 individual release, (2) lienholder release, and (3) affidavit of notice in the public records.

4.

Mr. Dieuvil refused to execute any of the Option 3 documents.  On February 17, 2020, and given the unique circumstances of Dieuvil's property being partially remediated, the Knauf Defendants informed Dieuvil that they would not require the affidavit of notice in the public records.  Mr. Dieuvil still refused to execute any of the other necessary Option 3 documents and filed a Notice of Appeal of this Court's final, non-appealable judgment on February 19, 2020.

5.

The Knauf Defendants moved to dismiss the appeal for lack of jurisdiction.  On May 20, 2020 the U.S. Fifth Circuit Court of Appeals dismissed Dieuvil's appeal for lack of jurisdiction finding this Court's order was a final, non-appealable judgment. *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 959 F.3d 658 (5th Cir. 2020).

6.

---

[1] Section 4.2.9 of the Knauf Class Settlement Agreement*; see also In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 794 F.3d 387 Fed. Appx. (5th Cir. 2019).

On June 8, 2020, undersigned counsel resent the Option 3 documents for Dieuvil to execute along with the other record owners of the Affected Property (Magdadene Dieuvil, wife of Guilfort Dieuvil, and Franz Duval). Dieuvil and the other co-owners refused to execute the Option 3 documents. Ms. Dieuvil filed new claims for the same Affected Property against the Knauf Defendants for Chinese drywall in the United State District Court for the Southern District of Florida (No. 20-cv-14099, *Magdadene Dieuvil v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al*.).

7.

On June 18, 2020, the Court held a status conference in this matter. There, the Court explained that its January 27, 2020 order was clear that in order to obtain settlement benefits, Dieuvil "must comply with the procedural requirements applicable to all Option 3 Claimants as set forth in the specific terms of the Settlement," which requires execution of the release documents (R. Doc. 22888 at p. 2).

8.

The Court recognized that the Knauf Defendants remain willing, able, and even eager to release the settlement funds upon compliance with the Knauf Class Settlement Agreement. Furthermore, the Court was clear that it would not entertain any further argument. Mr. Dieuvil is a class member in the Knauf Class Settlement Agreement and to receive settlement benefits he "must play by the exact same rules that govern all other claimants in this litigation with respect to this matter." (R. Doc. 22888 at p. 3).

9.

More than a year later, on January 11, 2022, Mr. Dieuvil sent executed, though altered release documents to counsel for the Knauf Defendants. Among other changes, Mr. Dieuvil

amended the release documents (1) to state that he was not a member of the Knauf Class Settlement Agreement; (2) to state that his financial obligations were irrelevant; (3) to exclude the application of a credit or offset with respect to the payments from Knauf; (4) to attempt to require Knauf to make payment within 20 days of execution; and (5) to remove release provisions as to the Other Releasees and attempt to reserve claims, including claims against his builder GL Homes.

12.

First, as the Court has previously stated, Mr. Dieuvil is a class member to the Knauf Class Settlement Agreement is bound by its terms and releases just as every other class member in the settlement.  Second, those terms require participating class members to provide (1) an Option 3 individual release; (2) lienholder release; and (3) affidavit of notice in the public records.  Third, the Option 3 individual release must be consistent with the releases in the Knauf Class Settlement Agreement, which includes a release for Other Releasees, such as GL Homes as the Builder of the Affected Property.[2]  Fourth, Knauf remains willing to pay the awarded settlement benefits once the requirements of the Knauf Class Settlement Agreement have been met.  Finally, Dieuvil cannot be "released from the settlement class" as he has alternatively requested.  Mr. Dieuvil is a class member and is bound by the terms and releases in the Knauf Class Settlement Agreement but Dieuvil "must play by the same rules" that govern the other class members to receive compensation awarded under the Knauf Class Settlement Agreement.

---

[2] *See* § 1.50 Other Releasees; *see also* § 1.60 Released Party (R. Doc. 16407-3) (Third Amended Knauf Class Settlement Agreement).  Dieuvil's reference to any other agreements between GL Homes and the Knauf Defendants is irrelevant to his obligations for compensation under the Knauf Class Settlement Agreement.  Furthermore, Dieuvil's position is incorrect because Dieuvil did not provide GL Homes with an individual release, and therefore there is no release or indemnity between GL Homes and the Knauf Defendants as it relates to the Affected Property except that which is afforded through the Knauf Class Settlement Agreement.

Respectfully submitted,

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Telephone: (504) 556-5549
Facsimile: (504) 310-0275
Email: kmiller@fishmanhaygood.com
Email: pthibodeaux@fishmanhaygood.com
Email: ddysart@fishmanhaygood.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to File and Serve Xpress in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this the 31st day of January, 2022

*/s/ Kerry J. Miller*
**KERRY J. MILLER**