UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Bessie Barnett; Gwendolyn Kerr Bierria; Stephanie Fortenberry,<br><br>    Plaintiffs,<br><br>v.<br><br>Beijing New Building Materials Group, Co., Ltd.; Beijing New Building Materials Public Limited Co.; China National Building Material Co., Ltd.; Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Tai'an Taishan Plasterboard Co., Ltd.; and, The State-Owned Assets Supervision and Administration Commission of the State Council,<br><br>    Defendants. | MDL No. 2047<br><br>SECTION L (5)<br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br><br><br>Case No. 2:15-CV-04127 |

## ORDER AND REASONS

Before the Court are a Motion for Partial Summary Judgment by Plaintiffs Bessie Barnett, Gwendolyn Bierria, and Stephanie Fortenberry, R. Doc. 23229; a Motion for Summary Judgment by Defendant Taishan, R. Doc. 23252; and a Motion for Joinder and Summary Judgment by Defendants B & C Companies, R. Doc. 23253. The Court heard oral argument on these motions on January 26, 2022. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.   **BACKGROUND**

This dispute stems from the Chinese Drywall multi-district litigation ("MDL") that arose after thousands of plaintiffs in several states filed suits alleging that drywall installed in their homes was defective. The plaintiffs claimed that the drywall, which was manufactured in China,

1

emitted gases that damaged wiring and appliances and sometimes caused physical afflictions to the homes' residents. On June 15, 2009, pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL No. 2047 before this Court.

The drywall at issue in this MDL is attributable to two groups of defendants: (1) the Knauf Defendants, German-based manufacturers whose Chinese subsidiary sold drywall; and (2) the Taishan Defendants, Chinese-based manufacturers who produced drywall. The present motion involves the Taishan Defendants. In January 2020, after a lengthy process of establishing personal jurisdiction over the Taishan Defendants and years of discovery, thousands of plaintiffs settled with Taishan in a global settlement agreement. However, a number of plaintiffs opted out of this settlement, including the Plaintiffs whose claims form the basis of the present motion.

The Plaintiffs involved in the present motions—Bessie Barnett, Gwendolyn Bierria, and Stephanie Fortenberry—are members of the *Brooke* group of cases, a class action filed in 2015. Barnett filed her claim with the initial omnibus *Brooke* complaint on September 4, 2015. Bierria and Fortenberry filed their claims on November 1, 2017. When they opted out of the Taishan settlement on January 10, 2020, the Court specifically advised the *Brooke* opt-out plaintiffs that their claims were "riskier and less valuable" than other claims with this MDL and that discovery of their claims "would entail significant time and expense." R. Doc. 22460 at 48. On May 27, 2021, the Court dismissed, at the summary judgment stage, the claims of the seven other *Brooke* Plaintiffs who opted out of the settlement. R. Doc. 23089. Plaintiffs Barnett, Bierria, and Fortenberry are thus the only remaining Plaintiffs from the *Brooke* group who opted out of the settlement. They claim to own properties in Louisiana that were affected by defective drywall.

II.   **PRESENT MOTIONS**

2

###### a. *Plaintiffs' Motion for Partial Summary Judgment*

On November 9, 2021, Plaintiffs filed a motion for partial summary judgment on the issues of liability and causation, arguing they are entitled to summary judgment on these issues because the Court has previously held that Taishan's drywall is defective and Plaintiffs have proof (namely, home inspection reports) showing that Taishan's drywall was installed and caused damage in their homes. R. Doc. 23229.

Taishan opposes Plaintiffs' motion, arguing that Plaintiffs fail to identify the uncontested facts that support their claims; that Plaintiffs cannot simply rely on previous rulings in this MDL to establish liability and causation for their claims; and that Plaintiffs fail to prove that Taishan manufactured the drywall in their homes. R. Doc. 23262. On December 13, 2021, the Court granted Taishan's motion to strike the home inspection reports that Plaintiffs attached to their motion, finding that Plaintiffs had not timely disclosed these expert materials under the Case Management Order. R. Doc. 23251.

###### b. *Taishan's Motion for Summary Judgment*

Taishan filed its motion for summary judgment on December 13, 2021, seeking to dismiss Plaintiffs' claims in their entirety. R. Doc. 23252. Taishan alleges that Plaintiffs have not sought any discovery from Defendants or designated any expert witnesses. *Id.* at 5-6. Thus, Taishan argues, Plaintiffs have failed to develop evidence for essential elements of their claims. *Id.* at 7. Taishan specifically argues (1) that all three Plaintiffs have failed to produce evidence that the drywall in their homes is defective and thus have not established liability or causation; (2) that all three Plaintiffs have failed to provide the expert testimony necessary to establish their remediation damages; (3) that Plaintiff Fortenberry has failed to produce evidence that the drywall in her home

is a Taishan product; and (4) that Plaintiffs Barnett's and Bierria's claims are prescribed under Louisiana law. *Id.* at 8-9, 11-12, 12-13, 14-17.

Because Plaintiffs failed to timely file their opposition to Taishan's motion for summary judgment, the Court considers Plaintiffs' motion for partial summary judgment as Plaintiffs' response to Taishan's motion. R. Doc. 23273.

### c. *B & C Companies' Motion for Joinder and Summary Judgment*

The BNBM and CNBM Defendants (also referred to as the "B & C Companies") filed a motion to join in Taishan's motion for summary judgment on December 13, 2021. R. Doc. 23253. The B & C Companies join in Taishan's arguments and similarly allege that Plaintiffs have failed to seek the discovery necessary to support their claims. *Id.* at 2, 4. The B & C Companies further assert that Plaintiffs have not produced evidence that the B & C companies manufactured the drywall in Plaintiffs' homes, noting that Plaintiffs only allege that Taishan manufactured the drywall and have not suggested any evidence of derivative liability for the B & C Companies. *Id.* at 3-4.

### III. APPLICABLE LAW

### a. *Summary Judgment Standard*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The moving party

4

bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

"A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). However, "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence" are not sufficient to show a genuine dispute of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

  b. ***Products Liability Under Louisiana Law***

Plaintiffs' claims arise under Louisiana law on products liability—namely, under the theories of redhibition and the Louisiana Products Liability Act (LPLA), which are "the sole vehicles for a suit against a manufacturer for damages arising from a defective product." R. Doc. 23021 at 13-14; *Stroderd v. Yamaha Motor Corp., U.S.A.*, No. CIV.A. 04-3040, 2005 WL 2037419, at *2 (E.D. La. Aug. 4, 2005). "Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it

5

had he known of the vice." *Alston v. Fleetwood Motor Homes of Indiana Inc.*, 480 F.3d 695, 699 (5th Cir. 2007) (citing La. Civ. Code Ann. art. 2520). A plaintiff suing for redhibition must prove (1) that the defective item is "absolutely useless for its intended purposes" or that "its use is so inconvenient that it must be supposed that [the plaintiff] would not have bought it had he known of the defect"; (2) that the defect existed when the plaintiff purchased the item; and (3) that the seller had an "opportunity to repair the defect." *Id.* Under the LPLA, a plaintiff must prove "(1) that the defendant is a manufacturer of the product; (2) that the [plaintiff's] damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the [plaintiff's] damage arose from a reasonably anticipated use of the product by the [plaintiff] or someone else." *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002).

Establishing liability, causation, and damages in a products liability claim typically requires expert testimony. *See, e.g.*, *Lacoste v. Pilgrim Int'l*, No. CIV. A 07-2904, 2009 WL 1565940, at *7 (E.D. La. June 3, 2009) (granting summary judgment against plaintiff on products liability claim because plaintiff's expert offered no opinion that the product's alleged defect caused plaintiff's damages); *Brown v. Barriere Const. Co.*, No. CIV. A. 01-1186, 2002 WL 126577, at *4 (E.D. La. Jan. 29, 2002), *aff'd sub nom. Brown v. Caterpillar, Inc.*, 54 F. App'x 794 (5th Cir. 2002) (granting summary judgment against plaintiff on products liability claim because plaintiff's expert report was insufficient to establish the product's alleged defects and because plaintiff lacked expert testimony on causation).

    c. *Prescription Under Louisiana Law*

Louisiana law provides a one-year prescriptive period for products liability claims under both redhibition and the LPLA. *Stewart Interior Contractors, L.L.C. v. MetalPro Indus., L.L.C.*,

6

2013-0922 (La. App. 4 Cir. 1/8/14), 130 So. 3d 485, 489, *writ denied sub nom. Stewart Interior Contractors, L.L.C. v. Metalpro Indus.*, 2014-0466 (La. 4/17/14), 138 So. 3d 630 (citing La. Civ. Code Ann. art. 2354, which states that a redhibition action prescribes one year from the day the buyer discovers the defect); *Cook v. Rigby*, 2019-0637 (La. App. 1 Cir. 12/2/20), *writ denied*, 2020-01504 (La. 3/9/21), 312 So. 3d 559 (citing La. Civ. Code Ann. art. 3492, which states that all "delictual actions" are subject to a one-year prescriptive period). When a plaintiff's claim appears on its face to have prescribed, the plaintiff bears the burden to "allege and prove facts sufficient to show a suspension or interruption of prescription to bring the action within the prescriptive period." *Hilman v. Succession of Merrett*, 291 So. 2d 429, 431 (La. Ct. App. 1974). The plaintiff's proof that his or her claim has not prescribed must be "clear, specific, and positive." *Velez v. Carbonett*, 1999-2891 (La. App. 1 Cir. 12/22/00), 779 So. 2d 12, 14.

## IV. DISCUSSION

### a. *Liability, Causation, and Damages*

Plaintiffs have not produced sufficient evidence to prove the elements of their claims under either theory of products liability in Louisiana—redhibition or the LPLA. Plaintiffs do not contest that they neglected to seek discovery from Defendants or to timely designate expert witnesses. Plaintiffs' failure to obtain sufficient discovery is inexplicable given that this MDL has been proceeding for over twelve years, these Plaintiffs' claims were filed several years ago, and the Court explicitly advised Plaintiffs when they opted out of the *Brooke* settlement that they faced a difficult path that would require discovery to prove their claims. R. Doc. 22460 at 28. Nevertheless, Plaintiffs did not engage in significant discovery and now lack sufficient evidence to show that the drywall in their homes is defective or that any defects caused their alleged damages.

Plaintiffs' motion for summary judgment attempts to establish liability and causation by relying on this Court's previous holdings in other cases within this MDL. However, Plaintiffs do not provide sufficient support for extending those previous holdings—which found that some types of Defendants' drywall were defective and caused damage to *other* plaintiffs' homes—to Plaintiffs' own claims. The primary pieces of evidence that Plaintiffs cite to prove that the drywall in their homes was defective—the expert home inspection reports—have been stricken due to untimely disclosure. The other evidence on which Plaintiffs attempt to rely—Defendants' Profile Forms, which identify the types of drywall Defendants manufactured; Plaintiffs' Profile Forms, which describe the presence of drywall and the alleged damage in Plaintiffs' homes; and photographs purporting to show corrosion in Plaintiffs' homes—are insufficient to support Plaintiffs' claims. To establish that defective drywall made by Defendants was present in their homes and caused damages, Plaintiffs would need expert testimony, as required in previous cases within this MDL and generally for products liability claims. *See, e.g.*, *Lacoste*, 2009 WL 1565940, at *7; *Brown*, 2002 WL 126577, at *4. Thus, Plaintiffs do not have sufficient admissible evidence to identify the manufacturer of the drywall in question or to show that it was defective or caused Plaintiffs' alleged damages.

### b. *Plaintiff Fortenberry's Product Identification Evidence*

Defendants argue that Plaintiff Fortenberry has not offered proof that Taishan produced the drywall in her home. Defendants aver that the product marking shown in photographs of Fortenberry's drywall is not one of the markings that Taishan has admitted denotes its drywall and that Plaintiffs failed to identify this marking as a relevant product marking as required by the Case Management Order. Thus, Defendants argue, Fortenberry has not met her burden to prove that Taishan manufactured the allegedly defective drywall in her home.

8

Plaintiffs' failure to establish that the product markings on Fortenberry's drywall are attributable to Taishan weighs in favor of summary judgment against Fortenberry. Plaintiffs had an opportunity to conduct discovery on the relevant product markings and to identify the product markings that were attributable to Taishan, but failed to do so. Plaintiffs cannot now claim that additional product markings are attributable to Taishan, without supporting evidence, after the deadline for this process has passed.

### c. Prescription of Plaintiffs Barnett's and Bierria's Claims

It is not necessary to reach Defendants' argument on prescription, given the Court's finding that all three Plaintiffs' evidence of liability, causation, and damages is insufficient. However, the Court finds Defendants' argument persuasive. Plaintiffs Barnett and Bierria have likely not met their burden to rebut the presumption that their claims are barred by prescription. The Court has previously suggested that the claims of plaintiffs in the *Brooke* group are facially prescribed due to their late filing in the context of this MDL. *See* R. Doc. 22124 at 26-27 (stating that plaintiffs from this group would have to prove that their claims had not prescribed); R. Doc. 23089 at 15-16 (granting summary judgment against plaintiffs from this group because their claims had prescribed). The prescriptive period under Louisiana law is one year. Barnett alleges that the defective drywall was installed in 2006 but that she did not discover its defects until July 2015, less than one year before she filed her complaint. However, Barnett admitted in her deposition that the date she allegedly discovered the defect was a "guess," and she lacks evidence beyond her own guess to corroborate that date. Similarly, Bierria alleges that the defective drywall was installed in 2007 but that she did not discover its defects until July 2017, less than one year before she filed her complaint. However, Bierria also admitted at her deposition that she was unsure of the exact date of her discovery, and she also lacks other evidence to corroborate that date. Thus, it is doubtful

that either Plaintiff has met her burden to provide "clear, specific, and positive" evidence that her claim has not prescribed. *Velez*, 779 So. 2d at 14.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, R. Doc. 23229, is **DENIED**.

**IT IS FURTHER ORDERED** that Taishan's Motion for Summary Judgment, R. Doc. 23252, is **GRANTED**.

**IT IS FURTHER ORDERED** that the B & C Companies' Motion for Joinder and Motion for Summary Judgment, R. Doc. 23253, is **GRANTED**.

New Orleans, Louisiana, this  2nd  day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE