UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION L (5) |
| This document relates to:<br><br>*Selene Acosta, et al. v. Knauf Gips, KG, et al.*<br><br>Case No. 2:21-cv-02033-EEF-MBN | JUDGE ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL B. NORTH |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint, R. Doc. 23236. Defendants oppose the motion, R. Doc. 23247. Having considered the briefing and the applicable law, the Court now rules as follows.

### I.   BACKGROUND

This case is part of the Chinese Drywall multi-district litigation ("MDL") that arose after thousands of plaintiffs in several states filed suits alleging that drywall used in their homes was defective. The plaintiffs claimed that the drywall, which was manufactured in China, emitted gases, damaged wiring and appliances, and sometimes caused physical afflictions to their homes' residents. On June 15, 2009, pursuant to a transfer order from the United States Judicial Panel on Multidistrict Litigation, all federal cases involving Chinese Drywall were consolidated for pretrial proceedings in MDL No. 2047 before this Court.

The drywall at issue is largely attributable to two groups of defendants: the Knauf Defendants, German-based manufacturers whose Chinese subsidiary sold some of the drywall;

1

and the Taishan Defendants, Chinese-based manufacturers who produced some of the drywall. The present motion relates to the Knauf Defendants. On February 7, 2013, the Court approved a class action settlement agreement between the Knauf Defendants and several classes of plaintiffs. R. Doc. 16570. Thus, most claims against the Knauf Defendants within this MDL have been resolved. However, some plaintiffs have filed more recent claims against the Knauf Defendants, including the *Acosta* Plaintiffs whose claims relate to the present motion.

The *Acosta* Plaintiffs filed suit on May 6, 2021 in the United States District Court for the Middle District of Florida. Plaintiffs' claims were transferred to this Court as part of this MDL on November 10, 2021. Plaintiffs claim to own properties in Florida that have been affected by defective drywall that the Knauf Defendants manufactured, sold, or installed.

## II.  PRESENT MOTION

Plaintiffs seek leave to amend their Complaint to add six additional defendants. R. Doc. 23236-1 at 1. Plaintiffs aver that the new defendants are "Knauf entities that have acted as agents of Knauf Gips KG and Knauf Plasterboard Tianjin Co., Ltd." in the same transactions alleged in the original Complaint *Id.* at 3. Plaintiffs acknowledge that leave of Court is required to amend the Complaint because more than twenty-one days have passed since service of Defendants' Answer and Defendants do not consent to amending the Complaint. *Id.* at 1. However, Plaintiffs argue, at this early stage of this particular action, naming additional defendants would not prejudice the previously named Defendants. *Id.* at 1.

Defendants oppose the motion, arguing that each of the six defendants Plaintiffs seek to add has either been dismissed from this MDL for lack of personal jurisdiction or held not liable for any defective drywall. R. Doc. 23247 at 1-2. Defendants further argue that Plaintiffs'

2

allegations against the proposed new defendants are so vague and conclusory that they fail to state a cause of action, such that amending the Complaint would be futile. *Id.* at 2.

### III. APPLICABLE LAW

#### *a. Leave to Amend a Complaint Under Rule 15*

Rule 15 provides that, if more than twenty-one days have passed since service of a pleading, "a party may amend [the] pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." *Id.* Thus, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of amendment, etc.—the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Due to the "liberal pleading presumption" underlying Rule 15, the Rule "evinces a bias in favor of granting leave to amend," such that "the term 'discretion' in this context 'may be misleading' . . . ." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)).

However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling*, 234 F.3d at 872–73. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion [to dismiss for failure to state a claim upon which relief can be granted] . . . Therefore, we review the proposed amended complaint under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Stripling*, 234 F.3d at 873). An amendment would also be futile if "the allegations in the proposed amendment [are] insufficient to

3

demonstrate personal jurisdiction." *Lemann v. Midwest Recovery Fund LLC*, No. CV 15-3329, 2016 WL 3033622, at *3 (E.D. La. May 27, 2016). In determining whether an amended complaint states a claim for which relief can be granted, including whether personal jurisdiction exists, a court "accepts 'all well-pleaded facts as true and draw[s] all reasonable inferences in favor of the nonmoving party'"—but does not presume true "legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; [or] naked assertions devoid of further factual enhancement." *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162 (5th Cir. 2021) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011)).

## IV. DISCUSSION

Plaintiffs seek to amend their complaint to add six defendants: Knauf International GmbH ("Knauf International"), Gebrueder Knauf Verwaltungsgesellschaft KG ("GKV"), Knauf AMF GmbH & Co. KG ("Knauf AMF"), Knauf UK GmbH ("Knauf UK"), Knauf Insulation GmbH ("Knauf Insulation"), and Guangdong Knauf New Building Material Products Co., Ltd. ("Guangdong Knauf"). Defendants argue that the Court has already dismissed Knauf International, GKV, Knauf AMF, and Knauf UK from this MDL for lack of personal jurisdiction. Defendants further argue that the Court has already found that Knauf Insulation and Guangdong Knauf are not responsible for any defective drywall within this MDL.

The Court finds that amending Plaintiffs' Complaint to add these six defendants would be futile. As Defendants point out, the Court has already established within this MDL that claims against each of these entities would fail. First, as to Knauf International, Knauf GKV, Knauf AMF, and Knauf UK, the Court has found that it lacks personal jurisdiction over these defendants. R. Doc. 21794 at 2. On September 26, 2018, the Court granted Defendants' motion to dismiss these defendants for lack of jurisdiction because they were German entities that lacked

sufficient contact with the United States or any specific state. *Id.* at 1. The plaintiffs in that case, represented by the same counsel as these Plaintiffs, did not oppose the motion to dismiss. Given this prior holding, which Plaintiffs do not challenge, "the allegations in the proposed amendment [are] insufficient to demonstrate personal jurisdiction" and adding these defendants would be futile. *Lemann*, 2016 WL 3033622, at *3.

Second, as to Knauf Insulation and Guangdong Knauf, the Court has previously found that these entities are not responsible for defective drywall within this MDL. On September 26, 2018, the Court granted summary judgment for Knauf International based on its argument that "it played no role in the manufacture, distribution, or sale of the allegedly defective Chinese drywall." R. Doc. 21795. Again, the plaintiffs in that case, represented by the same counsel as these Plaintiffs, did not oppose that motion. As for Guangdong Knauf, in approving the Knauf class settlement in 2013, the Court accepted a stipulation from 2011 that any drywall produced by Guangdong Knauf was "nonreactive," meaning not defective. R. Doc. 12061-10 at 38. The plaintiffs, represented by the same counsel as here, voluntarily dismissed their claims against Guangdong Knauf on November 5, 2018. R. Doc. 21902. Thus, previous decisions in this MDL, based on years of discovery to identify the entities responsible for defective drywall, have already determined that these two entities are not proper defendants for these claims. Amending Plaintiffs' Complaint to add these defendants would be futile because such an amendment would fail to state a claim upon which relief can be granted. *Marucci*, 751 F.3d at 378.

V.    **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Leave to File an Amended Complaint, R. Doc. 23236, is **DENIED**.

5

New Orleans, Louisiana, this 4th day of February, 2022.

                                                                                                            */s/ Eldon E. Fallon*
                                                                                                             UNITED STATES DISTRICT JUDGE