UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED      MDL DOCKET NO. 09-2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                       SECTION: "L"(5)

THIS DOCUMENT RELATES TO:

EDUARDO AND CARMEN AMORIN, ET AL.
individually and on behalf of other similarly
situated v. TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO.,
LTD., ET AL., 2:11-cv-01395-EEF-JCW

## ORDER

An evidentiary hearing to determine the value of the diminution of Plaintiffs' homes is now scheduled for March 23, 2022. Defendants have objected to a witness (Shawn Macomber) and to certain documents that they claim are relevant only to a claim that the measure of damages in these cases is something other than the diminution in value of the Plaintiffs' homes.

In an un-appealed and un-objected to order issued over a year ago, on February 4, 2022, this Court directed that at the upcoming evidentiary hearing, "the Court will not entertain evidence of estimated repair costs of the property at the evidentiary hearing. Any expert on estimated repair costs shall be excluded. The Court will accept only evidence pertaining to any diminution of value of the property. The Court will consider the appraisals already submitted, but said appraisals must be submitted to the Court as exhibits at the evidentiary hearing. The Court will also accept the testimony of Plaintiffs themselves." (Rec. doc. 23280).

Counsel for Plaintiffs have listed as a witness for the hearing one Shawn Macomber, who was previously described as an expert on remediation and/or repair costs. The Court previously excluded him as such. However, controlling Alabama precedent indicates that, while "the appropriate measure of direct, compensatory damages to real property generally is the diminution in the value of that property, even when the cost to remediate the property exceeds the diminution in the value thereof," *Poffenbarger v. Merit Energy Co.*, 972 So.2d 792, 800-01 (Ala.2007), it is also true that "evidence of repair costs remains <u>admissible</u> to show diminution in value for injury to real estate, but diminution in value remains the measure of damages even when remediation costs exceed that diminution in value." *Kerns v. Pro-Foam of South Ala., Inc.*, 572, F. Supp. 2d 1303, 1307 (S.D. Ala. 2007). Indeed, it is not clear how the Court could determine whether repair costs exceed diminution of value without evidence of those repair costs.

The Court will not exclude Macomber as a witness, nor shall it exclude evidence of repair costs to Plaintiff's homes, inasmuch as it may be relevant to a determination of diminution, which the Court emphasizes is the <u>sole</u> measure of damages in these cases. Accordingly, while Plaintiffs' Exhibits 1 and 11 will be permitted for this limited purpose, Exhibits 5, 6, 7, 8, 12, 13, and 14 will be excluded, as they have no relevance to the Court's determination of the value of diminution of Plaintiffs' homes.

New Orleans, Louisiana, this 17th day of March, 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

2