UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| **THIS DOCUMENT RELATES TO:**<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-cv-1395 | |

### TAISHAN'S OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY DAMAGES RECOVERABLE BY PLAINTIFFS UNDER ALABAMA LAW

**I.  Introduction**

The Plaintiffs' "Motion to Clarify Damages" is the latest in a series of Plaintiffs' attempts over the last year to avoid the consequences of Alabama law on their damages claims. But the law and the Court's rulings are established and governing: **Plaintiffs' damages are limited to diminution in value of their properties**. Unwilling to accept the Court's consistent rulings, Plaintiffs filed a peculiar motion on the proverbial eve of the damages hearing, trying to circumvent the authority of Magistrate Judge North by seeking pre-hearing "clarification" from Judge Fallon on the central issue that had long ago been referred to this Court. *See* Case Management Order. Rec. Doc. 22976.

Now the Motion to Clarify itself has been referred to Judge North. The Court can make short work of denying the motion because it is procedurally improper and legally wrong. The present motion is an untimely objection under Rule 72(a), and Plaintiffs' prior submissions arguing that exact legal issue over the last year have waived any argument that this Court lacks authority to rule on the damages available under Alabama law. Although there is no need to reach the merits of Plaintiffs' Motion in light of those procedural defects, the Court's rulings limiting Plaintiffs'

1

damages to diminution in value of their properties under Alabama law are sound and well-supported by the law set forth in Taishan's multiple prior briefs on that issue. For these reasons, Taishan respectfully requests that the Court deny Plaintiffs' Motion and proceed to post-hearing briefing.

## II.     Plaintiffs' Motion is Untimely

Plaintiffs' failure to timely object to the referral to Judge North and the subsequent rulings on Alabama law are dispositive of Plaintiffs' Motion.  In November 2020, Judge Fallon referred this case to this Court to "hold an evidentiary hearing and **determine damages**, **if any**, pursuant to Federal Rule of Civil Procedure Rule 55(b)(2)." Rec. Doc. 22976 at 2 (emphasis added). Specifically, Judge Fallon said that Judge North "shall address product identification, ownership verification, square footage, requests for set-offs, and **assess all damages sought**, including property and non-property damages claims." *Id.* (emphasis added). Plaintiffs did not object to Judge Fallon's referral to this Court.

In March 2021, after receiving pre-hearing briefing from the parties and objections to Plaintiffs' exhibits from Taishan, this Court converted the scheduled evidentiary hearing to a hearing on Taishan's objections. At that hearing and in a subsequent order on March 31, 2021, this Court ruled that diminution in value was the sole measure of damages available to Plaintiffs' claims under Alabama law.  That ruling was non-dispositive of the claim, and under FRCP 72(a), Plaintiffs had 14 days after service to object to that ruling.  They did not so object.

In its February 4, 2022 Order, this Court reiterated that ruling limiting damages to diminution—even after specially inviting and considering a written objection from the Plaintiffs in November 2021—holding, "The Court will accept only evidence pertaining to any diminution of value of the property." Rec. Doc. 23280.  Plaintiffs did not object to that Order either.

Plaintiffs' present Motion purports to take issue with the Court's subsequent March 17, 2022 Order which excluded certain non-diminution exhibits and "emphasize[d]" that diminution of value "is the sole measure of damages in these cases." Rec. Doc. 23295 (emphasis in original). Those rulings were a repetition of the Court's multiple prior rulings on this point. Pursuant to Rule 72(a), "[a] party may not assign as error a defect in the order not timely objected to." Therefore, Plaintiffs' Motion is nearly a year too late and should be dismissed as untimely under Rule 72(a).

### III. Plaintiffs Waived Any Objection to this Court's Authority to Determine Available Damages

To the extent that Plaintiffs' Motion challenges this Court's authority to issue rulings on the scope of damages available under Alabama law—rather than objecting to the Court's ruling itself—that objection is also untimely and has been repeatedly waived by Plaintiffs over the last year. Plaintiffs did not object to the scope of Judge Fallon's referral in the four months leading up to this Court's March 31, 2021 ruling on damages available to the Plaintiffs. During the last year, Plaintiffs have filed *six* different legal briefs arguing how this Court should interpret Alabama damages law. Plaintiffs admit as much in their eve-of-hearing Motion, stating that they "have maintained since the outset of this process that Alabama law allows for the recovery of all incidental and consequential damages caused by Defendants' defective product" and referencing their prior "position statements" regarding the same. Mot. at 1-2.

It was only on the eve of the March 23, 2022 evidentiary hearing that Plaintiffs—having failed to persuade this Court to change its correct Alabama law ruling—argued for the first time that "[t]he recoverable damages under Alabama law is not a legal issue referred to this magistrate court; thus, it should be decided by the district court." March 21, 2022 Email from J. Doyle, attached hereto as **Exhibit A**. After submitting to this Court's authority on this issue for 16 months,

Plaintiffs cannot now claim that Judge Fallon did not give that authority in the first place. For these reasons, Plaintiffs' Motion should be denied.

### IV. This Court Has Ruled Appropriately on the Damages Available Under Alabama Law

Even if Plaintiffs' Motion were timely filed, it should be dismissed on its merits. This Court has repeatedly and correctly ruled that Alabama law limits Plaintiffs' damages to the diminution in value of their properties. Each time Plaintiffs have challenged that ruling over the last year, Taishan has responded to and rebutted Plaintiffs' arguments. Plaintiffs' Motion attaches their November 12, 2021 "objection" to this Court's rulings on Alabama law as its sole support for its position that the scope of damages should be "clarified." In response, Taishan attaches and incorporates by reference its response to that objection as **Exhibit B**.

### V. Conclusion

Plaintiffs Motion is out-of-time, wholly waived, and wrong on the merits. Accordingly, Taishan respectfully requests that the Court deny Plaintiffs' Motion and proceed to make its determination on the diminution in value of Plaintiffs' properties.

Dated: March 30, 2022

Respectfully submitted,

/s *Christina Hull Eikhoff*
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

4

        Alan Dean Weinberger
        LA Bar No. 13331
        HANGARTNER, RYDBERG & TERRELL, LLC
        One Shell Square
        701 Poydras St., Suite 310
        New Orleans, Louisiana 70179
        Phone: (504) 434-6815
        Fax: (504) 522-5689
        aweinberger@hanrylaw.com
        *Local Counsel for Taishan Gypsum Co., Ltd. And*
        *Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Opposition to Plaintiffs' Motion to Clarify via email on this 30th day of March 2022.

                                            /s Christina Hull Eikhoff
                                            Christina Hull Eikhoff, Esq.
                                            *Counsel for Taishan Gypsum Co., Ltd. and*
                                            *Tai'an Taishan Plasterboard Co., Ltd.*