UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Veronica Appleby, et al. v. Knauf Gips KG, et al.*, 2:21-cv-02034-EEF-MBN | JUDGE ELDON FALLON<br><br>MAG. JUDGE NORTH |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUGGESTION OF REMAND**

This action was transferred to this MDL Court on November 4, 2021 via Conditional Transfer Order when the JPML transferred it from the Southern District of Florida. This case is one of three Knauf-related actions that have been transferred in within the past eight months via CTO.

Prior to *Appleby, Acosta, and Farnsworth*, this court oversaw the *Bennett* case that has since been remanded to the Northern District of Alabama, severed into individual complaints and transferred to the district courts where the affected properties are pending. Those *Bennett*-related actions in Florida are now pending in the middle and southern district courts. With those courts very much involved in the pretrial process, the district court judges have become familiar with the Chinese drywall -related issues that this case presents. With the defendants already served with process, Plaintiffs are ready to begin the discovery phase.

In other non-Knauf actions pending in MDL 2047, this Court has suggested – and the JPML agreed – to remand actions to the transferor courts. This was done in those other actions, including those originally filed in Florida, at an early stage of the litigation so that those courts could become

familiar with the issues prior to the cases becoming trial ready. For example, in 2018, this Court suggested remand of two Taishan-related actions styled as *Amorin* lawsuits.   In much the same vein as the *Amorin* cases, *Appleby* will not benefit from additional MDL proceedings.   There are no ongoing coordinated pretrial proceedings; no "generic" discovery has been done by the PSC in over a decade; and, there is only case-specific work to be done at this point.   The parties in *Appleby* will only be involved in discovery that relates only to the individual claims; therefore, the Court should remand this action because "everything that remains to be done is case specific."   *In re Patenaude*, 210 F.3d 135, 145 (3rd Cir. 2000).

### A.  Argument and Authorities

### <u>1.   The JPML has a duty to remand at or before the conclusion of coordinated or consolidated pretrial proceedings.</u>

This Court should remand *Appleby* because coordinated MDL proceedings are now over. In fact, they've been over since approximately 201, when the last of the depositions in the Knauf Trial Package concluded.   Since 2012, there has been no "coordinated or consolidate" pretrial proceedings and there are no such proceedings now that should give this court pause before remand to the Southern District of Florida where the trial of this case will occur.

Federal law permits actions to be "transferred to any district court for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). However, "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." *Id*. (emphasis added); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998) (recognizing the Panel's "duty" to remand). Although only the JPML may remand a case under 28 U.S.C. § 1407(a), "[t]he Panel is reluctant to order remand absent a suggestion of remand

from the transferee district court." J.P.M.L. Rule 7.6(c).

The Court should now make that suggestion to remand *Appleby* because it meets the standards that the JPML uses. *See In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005) (holding that an MDL court should use the same standard as the JPML). The fundamental question is "'whether the case will benefit from further coordinated proceedings as part of the MDL.'" *Id*. (quoting *In re Bridgestone/Firestone, Inc.*, 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001)) (emphasis added).

Because the purpose of transferring cases to an MDL court is to promote convenience and efficiency, it is expected that "the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate." *In re Evergreen Valley Project Litig.*, 435 F.Supp. 923, 924 (J.P.M.L. 1977) (emphasis added). But the transferee judge is not expected "to complete all pretrial proceedings in all actions transferred and assigned to him by the Panel." *Id*. (emphasis added). Just the opposite. Because making "case-specific rulings are neither the purpose, nor the forte, of a court presiding over a multi-district litigation, the transferee court typically does not rule on cumbersome, case-specific legal issues." *In re Meridia Prods. Liab. Litig.*, 328 F.Supp.2d 791, 798 (N.D. Ohio 2004). Remand is appropriate "when everything that remains to be done is case specific." *In re Patenuade*, 210 F.3d 135, 145 (3d Cir. 2000).

Courts applying these principles have remanded cases when discovery on common issues is complete and the remaining discovery and pretrial proceedings involve issues that are "unique" to the individual cases or claims. *See, e.g., In re Air Crash Disaster at Tenerife, Canary Islands on March 27*, 1977, 461 F. Supp. 671, 673 (J.P.M.L. 1978); *see also Orthopedic Bone Screw Prods.*, 1998 WL 118060, at * 1 (reserving "case-specific motions for disposition by the various

transferor courts"). Remand is also appropriate when discovery on common issues is completed and pending motions could "easily be presented to and determined by the transferor court." *Evergreen*, 435 F. Supp. at 924 (remanding case when motion to dismiss was pending). Whenever a transferee judge concludes that his role in presiding over common matters has ended and, therefore, "the game no longer is worth the candle," a suggestion of remand is appropriate. *See In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003).

**2.   Remand is appropriate in this case.**

*Appleby* was transferred to this Court for "coordinated or consolidated pretrial proceedings" because it appears on the face of the complaint that common "factual questions [exist] concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses." Centralization was intended to "eliminate duplicative discovery," "prevent inconsistent pretrial rulings," and "conserve the resources of the parties, their counsel and the judiciary." *Id*. At first blush, this transfer of *Appleby* to MDL-2047 made sense, but beginning in 2012, after coordinated pretrial proceedings had ended involving the Knauf entities.  No additional coordinated pretrial proceedings have occurred since that time involving the Knauf entities.  Remand of *Appleby* should have be swift so that the Southern District of Court can oversee the speedy, fair and just resolution of Plaintiffs' claims.

*Appleby* Plaintiffs seek equal application of the remand standard this Court has used in the other Chinese drywall actions.  As this Court described in its March 12, 2018, Suggestion of Remand Opinion and Order relating to a Taishan case, this Court "has addressed numerous discovery disputes, dispositive motions, and other pretrial issues involving facts and legal questions common to the various cases in th[e] MDL proceeding." (Rec. Doc 21242 at 10). Given that "[n]o further pretrial motions raising common questions are pending in these cases," and "the

extensive motions practice and bellwether trials that have occurred" in the MDL, the objectives of eliminating duplicative discovery, preventing inconsistent pretrial rulings, and conserving the resources of the parties, their counsel, and the judiciary have been accomplished. *Id*.  It would be more efficient for the remaining issues in this case to be decided by the district judge who will actually be presiding over the trial in the Southern District of Florida. *See Silica Prods.*, 398 F. Supp. 2d at 668 (remanding case because allowing transferor court to decide case-specific motions would "promote the just and efficient conduct of the case"); *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (remanding case when remaining issues could "best be managed" by the transferor judge "who must preside over any eventual . . . trial").

The remaining issues to be litigated in this case involve (i) fact-intensive questions about the extent and cost of remediation Plaintiffs will demand for each affected property, and (ii) fact-intensive questions about other types of damages allegedly suffered by Plaintiffs as allowed under Florida law. Because those remaining issues are specific to this case, remanding this case to the Southern District of Florida would be appropriate. *See Patenuade*, 210 F.3d at 145. Although the parties may file dispositive motions relating to these case-specific issues, a transferee court does not typically decide case-specific motions. *See id*.; *Meridia Prods.*, 328 F. Supp. 2d at 798; *Phenylpropanolamine Prods.*, 2004 WL 2034587, at *2; *Orthopedic Bone Screw  Prods.*, 1998 WL 118060, at *1. This is especially true when any such motions could "easily be presented to and determined by the transferor court." *See Evergreen*, 435 F. Supp. at 924.  Because the resolution of such motions could affect the manner in which this case is tried in the Southern District of Florida, remanding the case to allow the transferor court to decide any case-specific motions would better promote the "just and efficient conduct of [this] action[]." *See* 28 U.S.C. §1407(a); *see also Silica Prods.*, 398 F. Supp. 2d at 668; *Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d at 1177.

### 3.  This Court should make a suggestion of remand.

Although the MDL Panel may consider remanding a transferred action on the motion of any party, the Panel would be reluctant to order remand absent a suggestion from this Court. *See* J.P.M.L. Rule 7.6(d). However, as previously explained, all "coordinated or consolidated pretrial proceedings" that involve Knauf have been completed for over a decade, and this Court's role for Plaintiffs under Section 1407 has ended. *See* 28 U.S.C. § 1407(a); *Evergreen*, 435 F. Supp. at 924. Because this case will no longer benefit from multidistrict treatment, the Court should suggest that it is remanded to the Southern District of Florida for any further discovery, dispositive motion practice, and trial.  This suggestion of remand should be issued without further delay.

### CONCLUSION

Plaintiffs respectfully request that this Court grant this Motion for Suggestion of Remand and enter an order suggesting that this case be remanded to the Southern District of Florida by the JPML.

Respectfully submitted on this 13th day of June, 2022.


/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Motion For Suggestion of Remand has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of June, 2022.


/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*