UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-cv-1395 | |

### TAISHAN'S RESPONSE TO PLAINTIFFS' "FORMAL OBJECTION" TO COURT'S PRIOR RULINGS ON ALABAMA LAW

Plaintiffs' November 12, 2021 "Formal Objection to Damages Limited to Diminution in Value and Memorandum of Alabama Law Applicalbe [*sic*] to Second Phase Rule 55(b) Damages Hearing for Plaintiff John Andrew Carter and Plaintiffs Gene & Darla Gibbs" ("Plaintiffs' Objection") is yet another iteration of Plaintiffs' serial and time-wasting attempts to avoid binding Alabama damages law and this Court's application of it.  The issue of what damages Plaintiffs can recover under Alabama law was fully briefed, orally argued, and decided in *March 2021*, when this Court announced on the record and in its Minute Entry that "diminution of value of the Plaintiffs' homes [is] the sole measure of damages to real property under Alabama law." Exhibits C and D[1] (Minute Entry and Transcript from March 31, 2021 Hearing). That correct ruling was confirmed as recently as November 4 when the Court ruled that it "will accept only evidence pertaining to any diminution in value of the property."  Rec. Doc. No. 23225.  Plaintiffs' most

---

[1] For efficiency and to remove the need to burden the Court with another voluminous binder of prior-filed documents, Taishan refers to the Exhibit numbers from last month's Opposition to Plaintiffs' Motion to Recover Prohibited Damages. If the Court no longer has those exhibit hard copies or wants a fresh set of hard copies, Taishan is ready to provide them to the Court.  Key filings referenced herein that are not in the last binder are attached hereto and cited as "Attachments" not "Exhibits."

recent attempt to circumvent those rulings is improper because (a) it is a revival of prior arguments already heard and rejected, and (b) it is a disingenuous effort to change course on damages in the face of adverse outcomes.  Plaintiffs are estopped from repackaging and reasserting arguments they have already lost in a vain attempt to delay resolution of this matter.

Even if entertained, however, Plaintiffs' legal arguments are contradicted by the very Alabama authority on which they purport to rest.  The Court was right in the first instance when it found that diminution in property value is the only compensable measure of damages for these claims under Alabama law.  As the Court has expressed, it is past time to close this case.  The Court should overrule Plaintiffs' Objection and, consistent with its stated intentions, proceed to an evidentiary hearing to determine damages limited to diminution in value.

## I.     Plaintiffs Have Made and Lost These Failed Damages Arguments.

Plaintiffs' Objection relies primarily on the theory that their cause of action is one for products liability under Alabama's Extended Manufacturer Liability Doctrine ("AEMLD").  But contrary to Plaintiffs' counsel's representations, Plaintiffs have already presented and lost that argument.  In their Pre-Hearing Position on Assessment of Damages brief filed on March 19, 2021 (Exhibit B), Plaintiffs quoted extensively from AEMLD case law and argued that "Alabama law allows for the recovery of direct property damages and consequential damages that stem *from the use of the defective product*." Ex. B at 4 (emphasis added).[2]  Plaintiffs then itemized nine categories of damages allegedly flowing from that AEMLD claim, totaling more than $1.5 million between the two sets of claimants. *Id.* at 4, 9.

---

[2] Plaintiffs' Pre-Hearing Position on Assessment of Damages does not have page numbers.  The referenced page number is counted from the beginning.

In a simultaneous pre-hearing filing, Taishan refuted Plaintiffs' damages claims with a comprehensive analysis of Alabama damages law for property claims such as these. Taishan's March 19, 2021 Pre-Evidentiary Hearing Brief.  That brief showed that none of the nine categories of damages sought by Plaintiffs were recoverable under well-settled Alabama precedent.  Instead, only an award of diminution in property value (which Plaintiffs had previously disclaimed) was legally available to them.  Taishan then, on March 26, 2021, objected to much of Plaintiffs' proffered evidence on multiple grounds, including that certain categories of damages were prohibited from recovery under Alabama law.  In a response brief, Plaintiffs tacitly conceded that the AEMLD "subsumed" their Negligence, Negligence, Per Se, Strict Liability, and Breach of Express and/or Implied Warranties claims.  Attachment 1, Plaintiffs' March 30, 2021 Response to Taishan's Objections at 1-2.[3] But in a turn from their first brief, they did not argue that AEMLD applied to this case to allow unlimited damages.  Instead, they advanced recovery theories under other causes of action—chiefly, Private Nuisance.  *Id.* at 2-4.

The Court heard oral argument on the clashing damages positions on March 31, 2021. Confronted with the Court's agreement with Taishan that Alabama law limits Plaintiffs' damages to diminution in property value, Plaintiffs did not mention AEMLD as their avenue for unlimited recovery.  Instead, Plaintiffs pinned their recovery attempts to "private nuisance," arguing that that claim opened the door to remediation damages instead of diminution in property value.  Ex. D, Tr. at 4-6.  The Court rejected Plaintiffs' erroneous reading of Alabama law, and entered a Minute Entry that day finding diminution in value to be "the sole measure of damages to real property under Alabama law."  Ex. C, Minute Entry at 1.

---

[3] Plaintiffs' Response to Defendants' Objections to Exhibits does not have page numbers.  The referenced page number is counted from the beginning.

Without belaboring Plaintiffs' subsequent mishandling of the Court's instructions to engage an independent appraiser to determine diminution, the parties were ultimately forced on May 5, 2021, to submit a new round of damages briefs.  Plaintiffs' brief highlighted Private Nuisance as their prime recovery vehicle and vaguely stated, "Plaintiffs may also recover other damages through other counts under Alabama law, but that is not the issue to be addressed at this time."  Exhibit E at 2.[4]  By contrast, Taishan's brief once again cited to an unbroken line of Alabama cases holding that "'the appropriate measure of direct, compensatory damages to real property generally is the diminution in the value of that property, even when the cost to remediate the property exceeds the diminution in the value thereof.'" Taishan's May 5, 2021 Brief Pursuant to Court's Minute Entry Dated April 27, 2021 at 5 (citing *Poffenbarger v. Merit Energy Co.*, 972 So.2d 792, 801 (Ala. 2007)).

More months passed with non-substantive developments, including the Court's entry of a show cause Order following Plaintiffs' counsel's second consecutive failure to appear at a court-ordered case conference.  Rec. Doc. 23099.  Then, after months of silence, Plaintiffs initiated new activity in the case, this time with a "Motion to Take Judicial Notice and Adhere to the Law of the Case Regarding Remediation Damages," which requested that the Court ignore its prior ruling *and* Alabama's damages limitations by awarding them formulaic class damages for remediation, "then focus its attention on the other consequential damages allowed under Alabama law such as loss of use/enjoyment, loss of rental income, past home repair related to Chinese drywall, and personal property damage."  Attachment 2, Plaintiffs' October 5, 2021 Motion at 7.  Those were the ***same*** categories of damages that Plaintiffs had itemized as AEMLD damages back in their March 19,

---

[4] Plaintiffs' Position Regarding Probative Value of 2021 Appraisals does not have page numbers. The referenced page number is counted from the beginning.

2021 brief—and the *same* categories of damages that Taishan had systematically refuted with Alabama authority. Despite the Court's favorable rulings, Taishan was forced to file another response brief, retreading the same ground that it and the Court had already covered. Remarking on the disturbing sense of *déjà vu*, Taishan argued: "Plaintiffs' Motion feels like it is attempting a Jedi mind trick to make us believe that Alabama law and the many applicable rulings are not standing right in front of us." Taishan's Opposition to Plaintiff's Motion to Take Judicial Notice at 6.

It is now *déjà vu* all over again. The instant brief responds to Plaintiffs' recycled arguments—this time in the form of their "Objection"—that all categories of damages are recoverable under AEMLD and/or private nuisance and/or warranty claims.

## II.     Plaintiffs Are Estopped From Advancing Losing Damages Arguments.

It is axiomatic under the doctrine of judicial estoppel that once the Court decides an issue based on the parties' prior positions, a litigant cannot advance contradictory positions on that decided issue. *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) ("The doctrine's purpose is to protect the integrity of the judicial process, by prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest.") (cleaned up).

In the last Status Conference, Plaintiffs' counsel represented to the Court that their AEMLD argument had not previously been put before the Court. Of course, that is wrong; Plaintiffs' very first submission on damages to the Magistrate Judge in March 2021 centered on AEMLD and characterized all of their damages claims as stemming from "the use of the defective product" of Chinese drywall. Ex. B at 4. Thus, the debate between Plaintiffs' theory that Chinese drywall is a "product" subject to unlimited damages under AEMLD on the one hand, versus Taishan's position that this is a property damage case subject to Alabama's specific limitations on

damages on the other hand, was put before the Court at the March 31, 2021 hearing and decided that day.  That Plaintiffs chose at oral argument (and in subsequent written submissions) to focus on their Private Nuisance damages theory rather than the AEMLD arguments does nothing to change the outcome and the estoppel effect.  Plaintiffs submitted their damages arguments, had their day in court, and lost on the issue.  Taishan should not be forced to continue to defend and litigate an issue it has already won.

Estoppel of Plaintiffs is justified for another reason, as Taishan explained in its October 12, 2021 response to Plaintiffs' "Judicial Notice" Motion.  A party facing an adverse damages decision must bear the consequences of that decision and not change course with a new (or in this case, revived) theory of damages.   The Court should reject Plaintiffs' revisionist effort just as in *Wachob Leasing Co. v. Gulport Aviation Ptnrs.*, which rejected a plaintiff's attempt to switch to a repair-damages theory after that court limited recovery under the plaintiff's initial replacement-damages theory. 2017 U.S. Dist. LEXIS 228697 (S.D. Miss. Mar. 10, 2017) (applying estoppel because the attempted change in damages theories was "in effect an effort to make a list-minute end run around the Court's Order granting Partial Summary Judgment on the measure of damages").

### III.    Alabama Law Prohibits All But Diminution Damages Here

### A.  *AEMLD Does Not Apply Because Installed Drywall in Homes Is Not A "Product"*

Plaintiffs' primary reliance on *Keck v. Dryvit Systems, Inc.*, 830 So.2d 1 (Ala. 2002), fails because *Keck*'s central holding is directly opposite to Plaintiffs' argument.  The AEMLD applies only to "products" and does not extend to construction materials that are permanently incorporated into a building.  *See Keck*, 830 So. 2d at 1.  Plaintiffs place outsized reliance on the Alabama court's reference to "structural integrity" and infuse it with an invented "load-bearing capacity"

requirement.  Pls.' Objection at 3.  But they disregard completely the actual determinative feature that Alabama uses to define a construction element that ceases to be an independent "product" subject to the AEMLD:  *whether it "**is reasonably expected to last for the useful life of the house or building.**" Keck*, 830 So.2d at 6 (emphasis added).  That binary decision point is reflected in Plaintiffs' own block quote of *Keck*:

> If it is [reasonably expected to last for the useful life of the house or building], then the item cannot be considered a "product" for purposes of the AEMLD. However, if the item is attached or incorporated into real property and, yet its very function and nature clearly makes it ***an item that one would reasonably expect to repair or to replace during the useful life of the realty***, the item may be considered a "product" for purposes of the AEMLD.

Pls.' Objection at 3 (quoting 830 So.2d at 6) (emphasis added).  Accordingly, *Keck* observed that an item like paint, "although applied to the structure of a wall[,] . . . is a structural improvement that does not have the same useful life ***as the wall itself*** or the building to which the wall is attached" and would be considered a "product." 830 So.2d at 7 (emphasis added).  "[T]he wall itself," whether load-bearing or not, is part of the building and not a product under the AEMLD.

To confirm that interpretation, the Court need look no further than *Keck*'s treatment of the particular construction materials at issue in that case. The allegedly defective "product" was a "Styrofoam insulation board glued to the exterior wooden substrate previously affixed during construction of the house, a base coat into which is embedded mesh, and a finish coat designed to look like stucco" – in other words, glued-on imitation stucco. *Id.* at 3.  *Keck* affirmed the dismissal of AEMLD claims because the materials were "a multilayered exterior wall system that actually composes the exterior walls of a building . . . . [and] could not be a structural component of a building that one might expect to replace after normal wear and tear." *Id.* at 7.  Whether the imitation stucco had "load-bearing capacity" played no part in the Alabama court's rationale or holding.  Other Alabama decisions are in accord. *See Turner v. Westhampton Court, L.L.C.*, 903

7

So. 2d 82, 90 (Ala. 2004) (holding that synthetic stucco is not a "product" for purposes of failure to warn claim); *see also Wells v. Clowers Const. Co.*, 476 So. 2d 105, 106 (Ala. 1985) (installed fireplace not a "product" under AEMLD).

Here, as in *Keck*, the installed Chinese Drywall "actually composes the [interior] walls of a building" and, by its "very function and nature," is not an item that anyone "reasonably expect[s] to . . . replace during the useful life of the realty[.]" 830 So.2d at 6. Unlike paint, which has a limited useful life, drywall is "the wall itself" and is permanently incorporated into the housing structure. *Id*. at 7. People routinely repaint walls in the regular course based on normal wear and tear; they would not be expected to tear out all their drywall and replace it. Thus, Plaintiffs' characterization of the drywall here as a "product" under the AEMLD is wrong under the very Alabama law they cite – a case literally holding that "walls" are ***not*** products.[5]

### B.  *Plaintiffs' Nuisance Theory Fails Under Alabama Law.*

Plaintiffs have argued at nearly every opportunity that they are entitled to remediation damages because they have asserted a "private nuisance" claim. Notwithstanding the ancient nuisance law cited in Plaintiffs' Objection, the (relatively) much more recent and authoritative Alabama Supreme court case of *Poffenbarger v. Merit Energy Co.* sets the standard for limiting damages in property cases to diminution in value—even where a nuisance claim is asserted. 972 So.2d at 793 (including nuisance as one of the claims asserted). The presence of a nuisance claim

---

[5] *Keck* is also fatal to Plaintiffs' newly reasserted "Breach of Warranty" damages theories. *See* Pls.' Objection at 5-7. The *Keck* court affirmed dismissal of implied warranty claims because the fake stucco materials could not be a "product within the meaning of the UCC." *Id.* at 8-9. For UCC warranty analysis, Alabama's test is whether the material is "capable of severance from the [] home without causing material harm to the home." *Id.* at 8. Because "removal . . . would unquestionably result in material harm to the Kecks' home, the [materials] cannot be considered a 'good' within the meaning of the UCC." *Id.* at 8-9. Undoubtedly, removal of all the drywall in the Plaintiffs' homes would likewise be destructive.

made no difference to the Alabama Supreme Court's holding that "the proper measure of direct, compensatory damages for any injury to the Poffenbargers' real property is the diminution in the fair market value of that real property as a result of the alleged injury." *Id.* at 803; *see also Dialysis Clinic, Inc. v. City of Dothan*, 2012 U.S. Dist. LEXIS 156351, at *11 (M.D. Ala. Nov. 1, 2012) (noting that the "Alabama Supreme Court unflinchingly applied the diminution-in-value rule when the Poffenbargers, whose property lost only $6,000 of its market value, faced estimated remediation costs of over $2,000,000").

### C.  *Plaintiffs' Damages Are Not Liquidated and Not Subject to Prejudgment Interest*

Plaintiffs never requested prejudgment interest in their March 5, 2021 pre-hearing brief outlining all damages sought.  They now seek to introduce that new category of damages in their Objection.  *See* Pls.' Objection at 8-9.  Even if the Court were to consider a new damages claim at this 11th hour, Alabama law makes clear that such interest is not recoverable in this instance.  As Plaintiffs concede, it is black letter law that Alabama courts do not permit prejudgment interest on unliquidated damages. *See id.* at 8 (citing *Grand Bay Land Co. v. Simpson*, 207 Ala. 303, 92 So. 789 (1929)).  However, Plaintiffs proceed to argue that law is "not in all cases an accurate statement" and quote from cases finding that certain damages were liquidated (*i.e.* "capable of ascertainment by mere computation" or determined "with fixed rules of evidence and known standards of value"). *Id.* at 8. But Plaintiffs' authority only reinforces the well-established rule: liquidated damages may receive pre-judgment interest, and unliquidated damages may not.

Plaintiffs' recoverable damages are not "liquidated" damages or damages capable of simple mathematical calculation, which would require that they could be "computed with certainty by reference to the pleadings and supporting documents alone." *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993) (internal citation omitted). Liquidated damages awarded under Rule 55 are usually

contractual damages where the precise amount owed by the defaulted defendant is readily apparent from the pleadings and supporting contractual agreements. *See, e.g.*, *M C Bank & Trust Co. v. Suard Barge Serv.*, Case No. 16-14311, 2017 WL 3991076 (E.D. La. Sept. 11, 2017) (holding that damages from a loan agreement were liquidated damages capable of mathematical calculation). The diminution of value damages to be determined here reflect the opposite of such certitude. Nothing in Plaintiffs' pleadings or proffered evidence would permit this Court or anyone to quantify their damages. Indeed, an evidentiary hearing is required to make that determination. By their very nature, property values fluctuate over years, months, and even days. Damages based on such dynamic bases are not readily calculable and cannot be "liquidated" under any definition. Thus, Plaintiffs are not entitled to prejudgment interest under Alabama law.

## IV.    Conclusion

Nearly nine months have elapsed since the parties were ordered to outline their damages positions in pre-hearing submissions. The Court decided the scope of damages in this trial based on those submissions, but Plaintiffs have refused to adhere to the Court's orders or to Alabama law. This latest attempt to relitigate damages under Alabama law should be similarly rejected and this case should proceed to its long-awaited hearing.

Respectfully submitted,

Dated: November 26, 2021

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response Plaintiffs' "Formal Objection" to Court's Prior Rulings on Alabama Law via email on this 26th day of November 2021.

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
*Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*