```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

*************************************************************
IN RE:  CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

                              MDL No. 2047
VS.                           Section "L"
                              New Orleans, Louisiana
                              June 15, 2022

THIS DOCUMENT RELATES TO:
```

*Jacques & Sarah Brousseau v. Knauf Gips KG, et al.,*
3:21-cv-005-SDD-EWD

```
Remanded to the U.S. District Court
for the Middle District of Louisiana
*************************************************************


              TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
                 HEARD BEFORE THE HONORABLE ELDON FALLON
                      UNITED STATES DISTRICT JUDGE



APPEARANCES:

FOR THE PLAINTIFF:            James V. Doyle, Jr.
                              Doyle Law Firm, PC
                              2100 Southbridge Pkwy
                              Suite 650
                              Birmingham, AL 35209




FOR THE DEFENDANTS:           Kerry James Miller
                              Fishman Haygood, LLP
                              201 St. Charles Avenue
                              46th Floor
                              New Orleans, LA 70170

                              Christina Hull Eikhoff
                              Alston & Bird, LLP
                              1201 West Peachtree Street
                              Atlanta, Georgia 30309



                             ─OFFICIAL TRANSCRIPT─
                                     Page 1
```

```
                                        Harry Rosenberg
                                        Phelps Dunbar, LLP
                                        Canal Place
                                        365 Canal St.
                                        Suite 2000
                                        New Orleans, LA 70130

ALSO PRESENT:                           Jacques Brousseau




Official Court Reporter:                Nichelle N. Wheeler, RMR, CRR
                                        500 Poydras Street, B-275
                                        New Orleans, Louisiana 70130
                                        (504) 589-7775

    Proceedings recorded by mechanical stenography,
transcript produced via computer.
```

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | **P R O C E E D I N G S**                                            |
| 2  | (Call to order of the court.)                                        |
| 3  | THE COURT:  Good morning, everyone.  This is Judge                   |
| 4  | Fallon.                                                              |
| 5  | Is the plaintiff, Mr. Brousseau, on the line?                        |
| 6  | MR. BROUSSEAU:  Yes, sir, Jacq Brousseau.                            |
| 7  | THE COURT:  And parties attending, Jimmy Doyle, Jim,                 |
| 8  | you there?                                                           |
| 9  | MR. DOYLE:  I'm here.  Good morning, Your Honor.                     |
| 10 | THE COURT:  Good morning.                                            |
| 11 | Okay.  Knauf, anyone?                                                |
| 12 | MR. MILLER:  Judge, hi.  It's Kerry Miller.  Good                    |
| 13 | morning.                                                             |
| 14 | THE COURT:  Okay, Kerry.                                             |
| 15 | And for Taishan --                                                   |
| 16 | MS. EIKHOFF:  Your Honor, this is Christy Eikhoff.                   |
| 17 | I'm on the line and Harry Rosenberg is on the line as counsel        |
| 18 | as well.                                                             |
| 19 | THE COURT:  Okay.  Good morning.                                     |
| 20 | MR. ROSENBERG:  Good morning.                                        |
| 21 | THE COURT:  Anyone else on the line?                                 |
| 22 | Okay.  I asked you all to get on the line because                    |
| 23 | Mr. Brousseau had called my office and indicated that he had         |
| 24 | some communication -- he wasn't sure about -- he thought he          |
| 25 | settled the case, but he hadn't received the funds.  So I            |

1 thought I'd ask Jimmy about it.

2     MR. DOYLE: Yeah, Judge. We provided notice to the
3 court on May 18th of the settlement and we did that -- to
4 your court on May 18th because Pretrial Order 32 requires it.
5 It also prohibits us from dispersing any -- receiving any
6 funds. It prohibits the defendants from dispersing any
7 funds, so we wanted to get that process initiated. So that's
8 why we provided notice to you and notify -- excuse me --
9 notify the defendants that we have taken that step and we're
10 waiting, you know, further steps to occur.

11     THE COURT: Okay. What needs to be done?

12     Chris, have you --

13     MR. DOYLE: Your Honor, it's just a short pretrial
14 order. I don't know if you recall 32. Just requires us to
15 give notice to you and then you coordinate with the
16 transferor court, in this case, the Middle District of
17 Louisiana.

18     And just to give you a little bit of context, we had
19 two settlement conferences. The last one resulted in a
20 negotiated settlement. It was the magistrate judge there
21 that oversaw the process, Judge Wilder, so that may be who
22 you wish to reach out to and coordinate with so that we can
23 move this along.

24     THE COURT: Okay. What's the hang up? You settled
25 the case. Why aren't the funds --

**1**   MR. BROUSSEAU: Part of the terms were they would be
**2**   paid out within two weeks from that day, the 18th, so it's
**3**   been over a month now and I don't -- that's what I want to
**4**   know.  What's going on here?
**5**   MR. MILLER: Judge, it's Kerry Miller.  The
**6**   settlement was with Knauf, and right after we had the second
**7**   settlement conference with the magistrate in Baton Rouge, we
**8**   provided to Mr. Doyle a draft settlement agreement to
**9**   effectuate the terms of the settlement that we discussed,
**10**  payment within 14 days.  And so we did that a day or two
**11**  after the settlement conference and hadn't got any comments
**12**  back on the draft settlement agreement we provided.
**13**  MR. DOYLE: Judge --
**14**  THE COURT: So you are -- go ahead.
**15**  MR. DOYLE: Judge, if I can real quick, I just want
**16**  to point you to Document 21328 and our -- the only reason for
**17**  the holdup is because of this pretrial order, because it says
**18**  explicitly in there, in Item No. 2, upon any settlement,
**19**  compromise, or judgment for monetary damages or other
**20**  monetary relief, plaintiffs and defendants shall inform the
**21**  court within three days of such event.  Defendants shall not
**22**  furnish any payment to either plaintiff or attorneys until
**23**  this court confers with the transferor court, et cetera, so
**24**  that's what the holdup is.
**25**  THE COURT: Do you have the papers back from the --

1   Kerry, you got the papers back from Jimmy that you sent?

2   MR. MILLER:  No, we didn't.  We haven't heard
3   anything, Judge, up until this call.

4   THE COURT:  Well, Jimmy, if you have the papers, send
5   them back to Kerry so we can get this on the -- get the money
6   to Mr. Brousseau.

7   MR. DOYLE:  Well, sure.  We would love to do that,
8   Judge, but does that -- are you giving us the authority --
9   are you giving Knauf authority to disperse the funds?

10  THE COURT:  Well, I'm giving you the authority to
11  send Knauf the settlement documents.  As I understand, you
12  got them and they're waiting to get them back from you.  I
13  assume -- I assume the plaintiff has to sign them I would
14  imagine.

15  MR. BROUSSEAU:  I signed those documents three weeks
16  ago.  Jimmy Doyle sent them to me.  I signed them and mailed
17  them to him, the release documents.  I don't know what's
18  going on.

19  THE COURT:  All right.  Well --

20  MR. MILLER:  We never got them back.

21  MR. BROUSSEAU:  Jimmy, you got them.  Jimmy Doyle got
22  them from me three weeks ago.

23  MR. DOYLE:  Judge, this is kind of a collateral
24  issue.  We were supposed to notify you.  You give authority
25  for the parties to transfer funds to disperse funds.  It says

**1** explicitly that we can't do it until we get approval from
**2** you, so that's really kind of the hold up.  We just need to
**3** get approval --
**4**         THE COURT:  Okay.  I'm giving you the approval to
**5** send the material to Kerry Miller.
**6**         MR. DOYLE:  And if you wouldn't mind, Judge --
**7**         THE COURT:  Kerry, then send the funds to Jimmy.
**8**         MR. MILLER:  We're happy to -- we're happy to hear
**9** the settlement agreement is signed and we will request funds
**10** be transferred.
**11**         THE COURT:  All right.  So send the documents, Jimmy,
**12** and, Kerry, send the funds.
**13**         MR. DOYLE:  All right.  Judge, with respect to the
**14** other issue that's addressed in Item 3 in the PTO 32, which
**15** -- you understand, Your Honor, we're just trying to comply
**16** with your pretrial order.
**17**         THE COURT:  Yeah.
**18**         MR. DOYLE:  There's a process that needs to take
**19** place for the division of the attorney's fees for common
**20** benefit payment, so how do we want to -- how do we want to
**21** approach that?
**22**         MR. MILLER:  Judge, it's Kerry.  Look, I wasn't
**23** involved in this and it's really not my issue, but my
**24** understanding was Pretrial Order 32 only applied to Taishan
**25** remanded cases.  You know, it was entered in 2018.  It would

1  have been before the remand order of any of the Knauf cases,
2  Judge, that you were handling.
3       Remember, Jimmy Doyle, he was really the only lawyer
4  who had Knauf cases after our settlement.  They weren't part
5  of our settlement.  These were cases that were filed after
6  the settlement, you know, after BrownGreer finished
7  distributing benefits.  So by virtue, by class definition,
8  they were excluded.  I always thought that 32 only applied to
9  the Taishan claims being remanded.  It didn't apply to the
10 Knauf claims anyway.
11      MR. DOYLE:  Kerry, real quick, I take a different
12 approach because it says this document relates to all cases.
13 So I would assume that it would apply to this case as well.
14      MR. MILLER:  I'm not arguing, Jimmy.  I'm just saying
15 the document only speaks to Taishan.  I mean, I hear you.
16 But when you read it, I mean, when you read it, it talks
17 about Taishan, Taishan, Taishan.  It doesn't mention Knauf.
18      MR. DOYLE:  Okay.  That's fine.  If the court says it
19 only applies to Taishan, then we'll press forward with it.
20      MR. BROUSSEAU:  Judge Fallon, there's something else
21 I want to discuss as well with regard to attorney fees.  You
22 know, with our settlement, the amount that was paid out was
23 based on a negotiated fee with the attorney getting
24 19 percent and you can look at the math.  If you -- you know,
25 the cost to remediate my home is $400,000.  The settlement

1   was for $510,000.  There's $18,000 in attorney fees minus 19
2   percent -- I mean, $18,000 in court fees minus 19 percent,
3   leaves $400,000 for me.  And Jimmy is saying that, you know,
4   he wants to charge me 33 percent, but the negotiation was
5   based on him getting 19 percent.  It's going to make me very,
6   very short, unable to fix this house.  And the reason why the
7   19 percent was the determined was because that was the case,
8   I think, in 2000 that was used, the attorney fees were
9   19 percent.
10         And, you know, I just want that to be put out there
11  that Jimmy is trying to charge me 33 percent when my
12  settlement was based on him getting 19 percent.  And I'm the
13  one that's having to come up short by about $80,000 to repair
14  this house.  And it's all going to these attorney's fees.
15         THE COURT:  I don't know about any agreement between
16  you and Jimmy.
17         You want to respond to that, Jimmy?
18         MR. DOYLE:  Your Honor, we got a contract that -- you
19  know, it specifies what the attorney fees and expenses, how
20  they're handled out of the settlement.
21         MR. BROUSSEAU:  Yeah, but it wasn't supposed to be
22  out of my settlement, Jimmy.  It wasn't supposed to be above
23  and beyond because of the bad faith factor, above and beyond
24  whatever my settlement was, the 33 percent.
25         MR. DOYLE:  Judge, we had a -- Mr. Brousseau chose to

1  accept the settlement amount.  I made clear to him that it
2  would be a lump sum.
3          MR. BROUSSEAU:  Jimmy told me he would work with me.
4  He told me that.  And then, you know, the day of the
5  settlement -- and then he changed his mind.  He says, no,
6  I'ma charge you 33 percent.
7          THE COURT:  Well, Mr. Brousseau, whatever the
8  contract is, it's going to be between you and your attorney
9  on the contract, whatever you've agreed to on the contract.
10 Now, if Jimmy has changed the contract and agreed to modify
11 it, then that's an issue --
12         MR. BROUSSEAU:  Well, while we were negotiating with
13 Knauf, the 19 percent number came out.  I said, "Jimmy, will
14 you work with me so we can accept this offer?"
15         You know, a lot of bad things have happened to me
16 this year.  My kids have been molested.  My wife left me.
17 But Jimmy knew this, like I have to take this settlement so I
18 can move on with my life and I can't hold it up anymore and
19 he said, "I'll work with you, Jacq."
20         This was the day when we were talking about whether
21 we should accept the settlement or not.  He said he would
22 bring his fees down.  And then after we accepted the
23 settlement, he said, no, I'm going to charge you 33 percent.
24 So, you know, I just think it should be put out there.  What
25 he's doing is morally wrong.

**1**      THE COURT:  Jimmy, maybe you ought to have a talk
**2**  with Mr. Brousseau.
**3**      MR. DOYLE:  I will.
**4**      THE COURT:  Mr. Brousseau, why don't you meet with
**5**  Jimmy and see whether you all can work this out and see -- if
**6**  you can't, if there's a dispute, then I guess you file it in
**7**  court and I'll be able to rule one way or the other.
**8**      MR. BROUSSEAU:  Okay.
**9**      THE COURT:  Let's meet with your attorney and see
**10** whether you all can work this out.  That doesn't involve
**11** Knauf in any way.
**12**     MR. BROUSSEAU:  I know it doesn't, but I wanted to
**13** bring that up while I had you on the phone.  Sorry.
**14**     THE COURT:  Okay.  All right.
**15**     All right.  I thought I was through with all these
**16** cases, but apparently this is something that's going to stay
**17** with me a long time, a longer time I should say.
**18**     All right.  All of it has been transcribed, so if
**19** anybody needs a copy of it, they should get a copy of the
**20** transcript.  I'll leave it with you all at this time.
**21**     Mr. Brousseau, you contact Mr. Doyle and see if you
**22** all can arrange something, agree to -- agree to a fee that
**23** both of you all are satisfied with, and if you can't, then
**24** you have a decision to make as to whether or not you take a
**25** position that you've agreed to do something else.  But you're

```
 1  going to have to have proof of that.  Otherwise, it's a
 2  potential problem.  But I won't make any decision on that at
 3  this point.  I'll just tell you both I hope it can be
 4  resolved amicably so we don't have any issues with attorney's
 5  fees or anything of that sort.
 6          All right.
 7          MR. MILLER:  Judge, it's Kerry.  Let me make it very
 8  clear.  I just want to make sure if we do get the signed
 9  settlement agreement back from Mr. Doyle, you know, we will
10  transmit the agreed settlement amount to Mr. Doyle's trust
11  account.  And to the extent that there were settlement
12  conferences, Knauf was not involved in whatever the contract
13  fee was between Mr. Doyle and his client or any modifications
14  thereto.  I just want to make sure it's clear we agreed to a
15  settlement for a specific amount and the issue between the
16  fee and what the contract was and whether there was any
17  modifications is just between Mr. Brousseau and Mr. Doyle.
18  Knauf had nothing to do with that.
19          THE COURT:  Yeah, I agree with that.
20          You understand that, Mr. Brousseau?
21          MR. BROUSSEAU:  Yes, I do.
22          THE COURT:  Okay.  All right, folks.  I'll leave it
23  with you.  Thank you very much.
24                          * * * *
25          (WHEREUPON, the proceedings were adjourned.)
```

```
 1                          * * * *

 2                    REPORTER'S CERTIFICATE

 3          I, Nichelle N. Wheeler, RMR, CRR, Official Court
    Reporter, United States District Court, Eastern District of
 4  Louisiana, do hereby certify that the foregoing is a true and
    correct transcript, to the best of my ability and
 5  understanding, from the record of the proceedings in the
    above-entitled and numbered matter.
 6

 7                            /s/ Nichelle N. Wheeler
                              Official Court Reporter
 8
```

OFFICIAL TRANSCRIPT
Page 13