UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| **THIS DOCUMENT RELATES TO:**<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-cv-1395 | |

**TAISHAN'S PROPOSED PROCEDURES FOR RULE 55 EVIDENTIARY HEARING**

The Court should hold an evidentiary hearing to adjudicate what damages can be awarded to the two remaining opt-out claims in the MDL *Amorin* action. That is what these parties agreed to, and more importantly, that is what Judge Fallon ordered for these two claims. *See* Rec. Doc. 22976 at 2 ("Once discovery is complete, this Court refers the matter to U.S. Magistrate Judge North to hold an evidentiary hearing and determine damages, if any, pursuant to Federal Rule of Civil Procedure Rule 55(b)(2)."). That directive is consistent with how Judge Fallon has held or contemplated holding evidentiary proceedings to adjudicate all claims of default damages throughout the history of this MDL. And that is consistent with constitutional due process rights and Fifth Circuit law that an evidentiary hearing is the most appropriate process to determine unliquidated damages, as Plaintiffs seek here.

Plaintiffs' new position that advocates for attempting to adjudicate the Plaintiffs' unliquidated damages without an evidentiary hearing would create reversible error that would delay final resolution of these claims. Plaintiffs are expected to seek to prove damages largely through their own testimony and with inadmissible and insufficient documents. Taishan has a due process right to test that testimonial evidence through cross-examination, and it will be much more

efficient to consider evidentiary objections to documents in a hearing. As Judge Fallon contemplated, the parties should notice their witnesses and exhibits; brief the Court on threshold issues in a bench memo; and present their evidence, witnesses, and arguments in a hearing that allows all parties to be heard and that creates a sufficient record for the Court to award damages. Taishan respectfully requests the Court adopt the protocol for a Rule 55 evidentiary hearing outlined below.

## I.     RELEVANT PROCEDURAL BACKGROUND

This case started nearly ten years ago. On June 13, 2011, the Plaintiffs Steering Committee filed the *Amorin* complaint in the Eastern District of Louisiana. That complaint sought a nationwide class of homeowners of real property located in the United States "containing problematic drywall manufactured, sold, distributed, and/or supplied by the Defendants." Louisiana *Amorin* Complaint, 2:11-cv-1395 at ¶ 119. In 2012, the PSC changed course and amended the *Amorin* Complaint to name thousands of specific claimants (instead of using a broad class definition) as the putative class members in an "Omnibus Class Action Complaint in Intervention" Rec Doc. 16225 (Omnibus Complaints XV, the "Intervention Complaint"). The Intervention Complaint attached a list of 4,072 alleged "class members" to the *Amorin* class-action complaint.

On July 21, 2014, the Court held Taishan in default in the *Amorin* Complaint. Rec. Docs. 17814 and 17815. Three months later, the Court certified a class consisting of only the identified *Amorin* plaintiffs, explicitly excluding "absent class member[s]." Rec. Doc. 18028 at 34-35. In 2015, Judge Fallon ordered a detailed process for adjudication of class damages for the *Amorin* class under Rule 55. Rec. Doc. 18921. That process included pre-hearing briefing, motions in limine, pre-trial notice of exhibits and witnesses, and an in-person evidentiary hearing held on

June 9, 2015, with opening statements, live witnesses, cross examination, introduction of exhibits, and closing arguments. Rec. Docs. 19118, 20802.

On April 21, 2017, the Court issued Findings of Fact and Conclusions of Law ("FOFCOL") regarding *Amorin* class damages. Rec. Doc. 20741. Judge Fallon ruled that the class was properly certified, that the damages for remediation of class members' properties could be applied in a formulaic manner, and that a proposed remediation damage formula was appropriate. Although the FOFCOL adopted the formula for **remediation** damages, Judge Fallon reserved adjudication of **all other** categories of damages for "later phases." *Id.* at 51.

On May 20, 2019, Judge Fallon issued "the *Amorin* trial plan" for Rule 55 adjudication of default damages for all *Amorin* claims in the MDL – including the Gibbs and Carter claims. Rec. Doc. 22251 at 1. Judge Fallon's trial plan ordered remediation damages for all *Amorin* claims to be determined through a special master process, in which Defendants would have the opportunity to contest awards under the class remediation damage formula on "the issues of product identification, ownership verification, square footage, and requests for set-offs." *Id.* at 1. Judge Fallon ordered that all other categories of damages be adjudicated through trials "before the District Judge with a jury." *Id.* at 5. In advance of those trials to adjudicate non-remediation damages, Judge Fallon's trial plan established a schedule for expert discovery, production of expert reports, service of trial witness lists and exhibit lists months before the scheduled trial date, pre-trial motions, a pre-trial conference, and in-person trials with two days allotted for each priority claimant. *Id.* at 2-5.

Shortly after Judge Fallon issued his *Amorin* trial plan, the parties agreed to a class settlement to resolve all drywall claims against Taishan. But Gene and Darla Gibbs opted out in October 2019. And John Carter opted-out of the class settlement a few weeks later. The Gibbs and

Carter claims were the only two *Amorin* claims in the MDL to opt-out. So, on November 20, 2020, Judge Fallon issued an *Amorin* Case Management Order, negotiated and submitted jointly by Plaintiffs' Counsel Jimmy Doyle and the undersigned defense counsel, outlining "a litigation plan to determine Rule 55 damages for the two remaining claims." Rec. Doc. 22976 at 1.

According to that agreed plan, and consistent with precedent in the case for determining default damages, Judge Fallon specifically directed that, after discovery, the matter would be referred to "U.S. Magistrate Judge North to hold *an evidentiary hearing* and determine damages, if any, pursuant to Federal Rule of Civil Procedure 55(b)(2)." *Id.* at 2 (emphasis added). Judge Fallon ordered that the evidentiary hearing must address "product identification, ownership verification, square footage, requests for set-offs, and assess all damages sought, including property and non-property damages claims." *Id.* Judge Fallon also ordered that "[t]he evidentiary hearing *shall be held*, at the Magistrate Judge's direction, either in New Orleans, Louisiana, or by virtual videoconference, on the record and follow the Federal Rules of Evidence and Local Rules of this Court." *Id.* at 2-3 (emphasis added). Judge Fallon left any pre-hearing procedures "including possible pre-hearing briefing by the parties" to the discretion of the Magistrate Judge. *Id.* at 3.

The parties have completed discovery. On March 1, 2021, the parties attended a hearing with Magistrate Judge North, who ordered the parties to submit their "respective proposed procedures for briefing, a potential evidentiary hearing, and post-hearing briefing." Rec. Doc. 23064.

## II. ARGUMENT

### A. Judge Fallon's Referral Ordered Adjudication of Plaintiffs' Damages in an "Evidentiary Hearing" Consistent with The Parties' Agreement and Judge Fallon's Uniform Approach to Default Damages in the MDL

The Court should adjudicate the Gibbs and Carter claims in an evidentiary hearing according to Judge Fallon's specific order. Judge Fallon's referral of this matter in the *Amorin*

4

Case Management Order directed that the Gibbs and Carter claims have their damages adjudicated through an "evidentiary hearing." Rec. Doc. 22976 at 2. The referral speaks in traditionally mandatory terms that "[t]he evidentiary hearing *shall* be held," and must be "on the record and follow the Federal Rules of Evidence and the Local Rules of this Court." *Id.* at 2-3 (emphasis added); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (holding that the term "shall" is "mandatory" and "creates an obligation impervious to judicial discretion.") (internal citation omitted). The CMO specifically identifies the areas reserved to the Magistrate's Judge's discretion: (1) whether to hold the hearing "in New Orleans, Louisiana, or by virtual videoconference," and (2) the course of "[p]re-hearing procedures, including possible pre-hearing briefing by the parties." *Id.* at 2-3.

Rule 55 gives federal district judges discretion on how to conduct Rule 55 damages hearings. Judge Fallon has exercised that discretion to order the Parties to engage in an "evidentiary hearing" that conforms with the practices he has used in this MDL since 2010. Where Judge Fallon has left procedures to the discretion of the Magistrate Judge, Taishan respectfully requests that the parties be ordered to engage in the same pre-trial briefing and notice requirements used by Judge Fallon in other Rule 55 damage hearings in this MDL.

The Court should also hold evidentiary hearings because the parties negotiated and agreed to an evidentiary hearing when they met and conferred to develop a plan for litigating these last two MDL *Amorin* claims. The parties' first joint submission outlining evidentiary hearing proceedings for the last two *Amorin* claims was nearly a year ago and reflected counsel's verbal reports to Judge Fallon about the agreed plan. *See* Email to A. Moore-Jaccard, March 9, 2020, attached hereto as **Exhibit A**. The parties jointly submitted that same plan to the Court again (with revised deadline dates) on November 5, 2020. *See* Email to N. Kraska, Nov. 5, 2020, attached

5

hereto as **Exhibit B**.[1] The Court should not countenance Plaintiffs' 11th-hour renunciation of their agreement to adjudicate damages in an evidentiary hearing.

The parties' agreement to an evidentiary hearing and Judge Fallon's direction for an evidentiary hearing for these two claims is consistent with Judge Fallon's uniformly consistent approach to default damages for claims in this MDL over more than a decade. In 2010, Judge Fallon held a two-day Rule 55 evidentiary hearing to adjudicate the damages for seven homeowner drywall claims in the *Germano* action. At the time of the *Germano* evidentiary hearing, Taishan had not yet appeared in the MDL litigation and had been held in default. Even though the evidentiary hearing was uncontested, Judge Fallon required the plaintiffs to submit witness and exhibit lists prior to the hearing, make opening statements, mark and offer evidence to the Court at the hearing, and call live witnesses to the stand. That thorough process provided the evidentiary record to support Judge Fallon's awards of various remediation and non-remediation damages to the *Germano* plaintiffs. Rec. Doc. 2380 at 106-108.

And in June 2015, Judge Fallon required *Amorin* Plaintiffs to participate in an evidentiary hearing to prove the use of a formula for default remediation damages. Judge Fallon used a process similar to that in *Germano*, including pre-hearing briefing, motions in limine, pre-trial notice of exhibits and witnesses, and an in-person evidentiary hearing held on June 9, 2015 with opening statements, live witnesses, cross examination, introduction of exhibits, and closing arguments.

In May 2019, before the class settlement that resolved the vast majority of the *Amorin* claims, Judge Fallon contemplated individualized "trials" for individual *Amorin* class members when he issued his Order & Reasons establishing a "trial plan" for all MDL *Amorin* claims

---

[1] The email's reference to separate counsel does not relate to the two *Amorin* plaintiffs in this case, but rather to the *Brooke* case, which has separate procedures and is not referred to Magistrate Judge North.

6

(including the Gibbs and Carter Plaintiffs). Notwithstanding that Taishan was in default, Judge Fallon's plan ordered "trials" to adjudicate all ***non-remediation*** damages and allocated time for expert discovery, production of expert reports, service of trial witness lists and exhibit lists months before the scheduled trial date, pre-trial motions, a pre-trial conference, and in-person trials with two days allotted for each priority claimant. Rec. Doc. 22251 at 2-5. Following class settlement, counsel negotiated the replacement of the full jury damages trials previously ordered by Judge Fallon with an evidentiary hearing presided over by a magistrate judge designated by Judge Fallon.

As with the other claims for which Judge Fallon ordered evidentiary hearings and full trials, the Gibbs and Carter Plaintiffs seek a mix of remediation formula damages, personal property damages, and loss of use and enjoyment damages. Taishan submits that the Court should follow similar procedures and requirements and require Plaintiffs to prove their damages through the procedures outlined in Taishan's plan proposed below.

### B. Constitutional Due Process and Fifth Circuit Case Law Supports Adjudication of Plaintiffs' Damages in a Rule 55 Evidentiary Hearing

Even if Judge Fallon had not ordered the process to which the parties had agreed, two fundamental aspects of due process require an evidentiary hearing here: (1) the Plaintiffs' burden to prove damages, and (2) Taishan's right to present a defense. First, as the parties making damages claims, the Plaintiffs have the burden to show the fact and extent of an injury and to show the amount and value of the claimed damages. *Servicios-Expoarma, C.A. v Indus. Mar. Carriers, Inc.*, 135 F.3d 984, 995 (5th Cir. 1998) ("It is a basic concept of damages that they must be proved by the party seeking them."). The plaintiff is not entitled to have its allegations regarding damages accepted as true. *See United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as

7

true, except regarding damages.") And the Plaintiffs must prove damages by a preponderance of the evidence. *See Mobil Expl. & Producing U.S., Inc. v. Cajun Const. Servs., Inc.*, 45 F.3d 96, 101-02 (5th Cir. 1995). That elemental burden is specifically required under Alabama law, which governs the Rule 55 damages claims made by the Gibbs and Carter Plaintiffs. *See e.g. Rooney v. Southern Dependacare, Inc.*, 672 So. 2d 1, 13-15 (Ala. 1995).

Just as constitutionally fundamental is Taishan's due process right to be given notice and an opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319 (1976).

> Wherever one is assailed in his person or his property, there he may defend . . . . A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal.

*Hovey v. Elliott*, 167 U.S. 409, 414 (1897) (holding that even a party in contempt has a right to defend itself against money judgment). The ancient *Hovey* Court asked rhetorically, "Can it be doubted that due process of law signifies a right to be heard in one's defense?" and then spent pages exhaustively eliminating all doubt as to the soundness of that bedrock constitutional principle. *Id.* at 417 *et seq.* That long-standing principle still governs. (*See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) ("Under our system of justice, the opportunity to be heard is the most fundamental requirement."); *see also U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F.Supp.2d 314, 318 (E.D.N.Y.2007) ("Claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed.")). Taishan's due process rights are not extinguished because it defaulted on liability. Discretion granted to judges for damages adjudication under Rule 55 is "bounded at its outer limits . . . by constitutional due process concerns." *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992) (*citing Hovey*, 167 U.S. at 417-18).

Although a district court may forego an evidentiary hearing in some default situations, "[f]oregoing an evidentiary hearing may constitute abuse of discretion when the existing record is insufficient to make necessary findings in support of a default judgment." *Stephenson v. El-Batrawi*, 524 F.3d 907, n. 11 (8th Cir. 2008). The Fifth Circuit has held that "[t]he case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (reversing default judgment); *accord James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) ("As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing.") (citing *Freeman*). Other courts agree. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2008) ("A court has an obligation to assure that there is a legitimate basis for any damages award it enters."); *Wing v. East River Chinese Rest.*, 884 F. Supp. 663, 669 (E.D.N.Y.1995) (ruling that "the court is required to make an independent determination of the sum to be awarded"). Thus, courts have held that "a defaulting party must be permitted to contest the actual compensatory amount claimed with respect to any particular item of damages, including through proof of mitigation of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992).

Through discovery, Taishan has learned that in addition to seeking formulaic damages for the remediation of their properties, the Gibbs and Carter Plaintiffs are alleging damages that far exceed the value of their alleged remediation losses, including mental anguish, damaged personal property and attorneys' fees and costs, among other damages. Those other damages – most obviously, damages for loss of use and enjoyment – are not "liquidated damages" or "a sum capable of mathematical calculation." A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone."

9

*James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993) (internal citation omitted). Liquidated damages awarded under Rule 55 without an evidentiary hearing are usually contractual damages where the precise amount owed by the defaulted defendant is readily apparent from the pleadings and supporting contractual agreements. *See, e.g.*, *M C Bank & Trust Co. v. Suard Barge Serv.*, Case No. 16-14311, 2017 WL 3991076 (E.D. La. Sept. 11, 2017) (holding that damages from a loan agreement were liquidated damages capable of mathematical calculation).

The cases that Plaintiffs' counsel alluded to at the March 1 status conference do not support, much less justify, undoing Judge Fallon's CMO, alleviating Plaintiffs' burden to prove their damages, or denying Taishan the right to mount an effective defense. *See Wilkinson Rental Tools LLC v. Grayson Space, Inc.*, No. 14-02482, 2014 WL 5311589 (W.D. La. Oct. 16, 2014) and *G&G Closed Circuit Events LLC v. Rivals Sports Grill LLC*, No. 12-3052, 2014 WL 198159 (W.D. La. Jan. 14, 2014). The differences between those cases and this one are stark.

In both *Wilkinson* and *G&G*, the courts ruled that an evidentiary hearing was unnecessary either because damages were not requested or the damages at issue were liquidated or readily capable of mathematical calculation. *See Wilkinson*, 2014 WL 5311589, at *2 (cancelling promissory note and releasing lien on helicopter); *G&G*, 2014 WL 198159, at *3-5. (awarding statutory damages using statutory mathematical formula). And those cases presented no due process concerns because the defendants never appeared to contest the adjudication of damages against them. Plaintiffs' citation to uncontested proceedings in another district court for readily calculable or no damages cannot justify overruling Judge Fallon's well-established precedent or CMO for this case, or due process principles articulated by the U.S. Supreme Court and the Fifth Circuit.

The Gibbs and Carter Plaintiffs are alleging unliquidated damages based largely on their own testimony, which Taishan cannot effectively counter without cross-examination and which the Court cannot properly assess for accuracy and credibility without an evidentiary hearing, as Judge Fallon contemplated and ordered. Constitutional due process and Fifth Circuit law support the full and fair hearing process for that evidentiary hearing outlined by Taishan below.

### C. Taishan's Proposed Protocol for a Rule 55 Evidentiary Hearing

Taishan proposes the following plan for resolution of the Gibbs and Carter claims:

| | |
|---|---|
| 15 days before Evidentiary Hearing | Plaintiffs and Taishan serve trial exhibit lists and trial witness lists to each other. |
| 7 days before Evidentiary Hearing | Plaintiffs and Taishan submit 15-page prehearing briefs. |
| Rule 55 Evidentiary Hearing | Plaintiffs and Taishan present opening statements, offer live witness testimony (and corresponding cross examination, offer evidence for admission into the record, and present closing arguments. Hearing to be conducted through video conference. |
| 14 days after Evidentiary Hearing | Plaintiffs and Taishan submit post-hearing briefs to Magistrate Judge North. |

Dated: March 5, 2021

Respectfully submitted,

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum have been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of March, 2021.

<u>/s Christina Hull Eikhoff</u>
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*