# EXHIBIT A

| | |
|---|---|
| **From:** | Eikhoff, Christy Hull |
| **Sent:** | Monday, March 9, 2020 2:47 PM |
| **To:** | Anais Moore-Jaccard |
| **Cc:** | James Doyle; Kevin O'Bryon; Stengel, James; Marc R. Shapiro (mrshapiro@orrick.com); harry.rosenberg@phelps.com; Venderbush, David; Lawson, Matt; Jim Doyle |
| **Subject:** | Draft Proposed Orders for CDW continuing litigation |
| **Attachments:** | Proposed Pre-Trial Order 1I_1.DOCX; Taishan - Amorin MDL - Case Management Order_1.DOCX; Taishan - Brooke MDL - Case Management Order_1.DOCX; Suggestion of Remand - Bentz (Georgia)_2.DOCX; Suggestion of Remand - Allen (Mississippi)_1.DOCX; Suggestion of Remand - Bayne (Alabama)_1.DOCX; EDLA Brooke SPPF Instructions.DOCX |

Dear Anais,

As we reported to the Court on our conference call on Thursday, February 27, 2020, counsel have prepared the following proposed orders for Judge Fallon's consideration:

- *Amorin* Case Management Order (includes referral to Magistrate judge)
- *Brooke* Case Management Order (plus separate attachment for SPPF instructions)
- PTO 1I (amending prior PTO 1G & 1H re deadlines to answer in *Brooke*)
- Suggestions of Remand for *Allen* (Mississippi), *Bayne* (Alabama) & *Bentz* (Georgia)

We are happy to address any questions the Court may have.


Christy Hull Eikhoff
Alston & Bird
404-881-4496 direct
404-881-7000 main
Legal Assistant: Scott Bobo (scott.bobo@alston.com)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047<br><br>SECTION L<br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE WILKINSON |
| EDUARDO AND CARMEN AMORIN, *et al.*, individually and on behalf of others similarly situated<br>        Plaintiffs, | Case No. 2:11-cv-01395-EEF-JCW |
| vs. | |
| TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., *et al.*, | |
|         Defendants. | |

**CASE MANAGEMENT ORDER FOR OPT-OUT PLAINTIFFS**

THIS MATTER was among the cases subject to a Class Action Settlement ("Class Settlement") approved by this Court in January 2020. (*See* Rec. Doc. No. 22460 & 22466). The Class Settlement resolved 1,069 of the claims in this case. However, two (2) plaintiffs opted out of the Class Settlement and their claims remain in this case.[1] This Case Management Order addresses a litigation plan to determine Rule 55 damages for the two remaining claims.

   **I.**  **Extinguishment of Prior *Amorin* Litigation Plan Orders**

The pre-Class Settlement Order & Reasons establishing an *Amorin* trial plan (Rec. Doc. No. 22251) and Order appointing Mr. J. Cal Mayo, Jr. as Co-Special Master in this case (Rec. Doc. No. 22252) are hereby extinguished and superseded by this Case Management Order for Opt-Out Plaintiffs.

---

[1] Prior to the Class Settlement, this Court remanded two identical cases to Florida and Virginia, effectively carving out the Florida-based claims and Virginia-based claims from the MDL and from the current case. Rec. Doc. 21242, 21252, and 21695. The Class Settlement resolved 1,292 of the claims in the Florida *Amorin* action (with three (3) opt-outs remaining) and 175 of the claims in the Virginia *Amorin* action (with no opt-outs). Because of the prior remands, no Florida or Virginia-based claims will be adjudicated in this action.

## II. Claim Specific Discovery

Prior to the Class Settlement, Plaintiffs submitted Supplemental Plaintiff Profile Forms ("SPPF's"), including all documents supporting their claim for damages. On or before **April 30, 2020**, Defendants may take the following additional discovery from Plaintiffs, at their election: depositions of plaintiffs, inspection of subject properties.

If Defendants inspect the subject properties, and intend to submit into evidence all or part of the results of that inspection, Defendants shall produce its inspection and/or expert report to Plaintiffs no later than **May 15, 2020.** Plaintiffs may, at their election, depose the inspector and/or expert no later than **June 5, 2020**.

All discovery must be completed by **June 5, 2020**.

## III. Rule 55 Damages Hearing

Once discovery is complete, this Court refers the matter to U.S. Magistrate Judge _____ to hold an evidentiary hearing and determine damages, if any, pursuant to Federal Rule of Civil Procedure Rule 55(b)(2). The Magistrate Judge shall address product identification, ownership verification, square footage, requests for set-offs, and assess all damages sought, including property and non-property damages claims.

The evidentiary hearing shall be held in New Orleans, Louisiana, on the record and follow the Federal Rules of Evidence and Local Rules of this Court. Pre-hearing procedures, including possible pre-hearing briefing by the parties, shall be determined by the Magistrate Judge.

The evidentiary hearing must be completed by **July 31, 2020**. The U.S. Magistrate Judge shall issue a Report & Recommendation on Rule 55 damages in due course following the hearing. Objections to the Report & Recommendation, if any, shall be considered by this Court before entry of any final judgment.

New Orleans, Louisiana, this ____ day of _____, 2020.

_____
Honorable Eldon E. Fallon
U.S. District Court Judge