UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON FALLON<br>MAG. JUDGE NORTH |
| *Eduardo and Carmen Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:11-cv-1395-EEF-MBN | |

**PLAINTIFFS' POSITION ON ASSESSMENT OF DAMAGES
PURSUANT TO FRCP 55(b) FOR
<u>PLAINTIFF JOHN ANDREW CARTER AND PLAINTIFFS GENE & DARLA GIBBS</u>**

This Court instructed the parties to provide their respective positions on the process envisioned for assessing damages related to the claims of Plaintiff John Andrew Carter and Plaintiffs Gene and Darla Gibbs in the above-styled action. Plaintiffs' position regarding calculation of damages pursuant to FRCP 55(b)(2) is simple – Plaintiffs and the undersigned counsel can provide this Court with written submissions (declarations with supporting documentation) sufficient to calculate all damages for inclusion in a recommendation that must be made to Judge Fallon on or before April 2, 2021 (Doc. 22976). Plaintiffs offer the following in support of their position:

The Plaintiffs in this proceeding opted out of the class action settlement that was certified by the district court on January 10, 2020. These Plaintiffs both filed their claims in an "*Amorin*" civil action in 2012. The posture of the *Amorin* actions prior to the class certification was default

judgment. The default entered by Judge Fallon in the Taishan "Amorin" groups of cases occurred between 2009 and 2012.

Following the entry of default, Rule 55 governs the process for assessing damages for affected plaintiffs. A Rule 55(b) damages hearing or a process allowed by this rule is precisely what Judge Fallon has directed this court to undertake. The form of the hearing is not specified in Judge Fallon's CMO (Doc. 22976). And, FRCP 55(b) is unclear what process a court must undertake to arrive at a damages order. There are cases within the Fifth Circuit that shed light on how this court may proceed in this instance.

We do know that FRCP Rule 55(b)(2) grants this Court broad discretion in its process to ultimately assess damages. It does not require that a court conduct a full evidentiary hearing on to arrive at its conclusion, particularly where damages are a sum certain and are supported by detailed factual affidavits as well as other evidence in the record. If fact, the relevant case law in the Fifth Circuit tends to favor minimizing evidentiary hearings where damages can be assessed through written submissions of the parties. In 2011, District Judge Minoli in the U.S. District Court for the Western District of Louisiana ruled "Rule 55(b)(2) 'gives the judge wide latitude in determining whether such a hearing will be beneficial.'" *Keating v. Compro Tax, Inc.*, No. 2:09 CV836 at *2 (W.D. La. Aug. 30, 2011); citing *James v. Frame* (in re Frame), 6 F.3d 307, 311 (5th Cir. 1993). In 2014, Judge Richard T. Haik, Sr., also in the Western District of Louisiana ruled regarding a Rule 55(b)(2) process, and found that "[w]here 'the amount claimed is a liquidated sum or one capable of mathematical calculation,' ***a hearing is not necessary***." *Wilkinson Rental Tools LLC v. Grayson Space Inc.*, Civil Action 14-02482, at *2-3 (W.D. La. Oct. 16, 2014)(emphasis added); citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). In 2017, Judge Rebecca F. Doherty and Magistrate Judge Carol B.

Whitehurst ruled that, "[t]he court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum." *Coastal Commerce Bank v. SM Energy LLC,* Civil Action 16-cv-01274 at *3 (W.D. La. Sep. 18, 2017); citing *Richardson v. Salvation Army, Southern Territory, USA*, 161 F.3d 7 (5th Cir. 1998).

At this point in the litigation, following an entry of default, this Court can accept the allegations in the complaint as true, if it finds them to be well plead. Nothing in the record to date suggests that the allegations in the complaint are well plead. "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015); citing *Nishimatsu,* 515 F.2d at 1206 (citing *Thomson v. Wooster,* 114 U.S. 104, 113, 5 S.Ct. 788, 29 L.Ed. 105 (1885)). Put another way, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Thus, this court will be asked to review the complaint and consider the evidence and written submissions by Plaintiffs in order to calculate the appropriate damages for each category. Plaintiffs aver that the complaint was more than sufficiently well plead and this Court can adequately calculate the appropriate damages for the claims contained within the complaint.

The categories of damages that this court will be asked to consider are: 1) cost of remediation; 2) personal property damage; 3) recurring alternative living expenses; 4) non-recuring alternative living expenses; 5) pretrial repair costs; 6) post-trial repair costs; 7) lost rental income; 8) loss of use/ loss of enjoyment; 9) attorney's fees and expenses. All of these categories are capable of being compiled and calculated by affidavit and written submissions of Plaintiffs or based on past decisions in MDL-2047. All categories have been directly addressed by the district court in past Chinese drywall verdicts. For instance, in a Findings of Fact and

Conclusions of Law ruling following the *Hernandez v. Knauf Gips KG* verdict in 2010 (Doc. 2713), Judge Fallon evaluated and assessed the appropriate damages for the plaintiffs in that Chinese drywall action. In the conclusion of that ruling, six classes of damages were calculated. Also, a finding was made that attorney's fees are appropriate under La. Civ. Code art. 2545 (Doc. 2713 at Pg. 47).

The district court also ruled on similar categories of damages in *Germano, et al. v. Taishan Gypsum Co., Ltd., et al*. Following the *Germano* decision, a Findings of Fact & Conclusions of Law ruling was issued by Judge Fallon (Doc. 2380). There, all categories of damages, except for loss of use/ loss of enjoyment were calculated.

Finally, the district court in MDL-2047 issued a Findings of Fact & Conclusions of Law order related to a 2015 class damages hearing (Doc. 20741). There, on Page 13, Judge Fallon declared the court's position regarding several aspects of damages in a section entitled: "General Findings on Chinese Drywall." There, Judge Fallon provided the parties with detailed rulings regarding the full extent of remediation required for a home containing defective drywall. At Page 30, Judge Fallon again contemplated the additional damages beyond remediation, finding that other damages include, "alternative living expenses, bodily injury, foreclosure, and/or lost rent, may be considered at other proceedings in this Court or other Courts where appropriate." None of these categories of damages are beyond calculation based on written submission.

In conclusion, Plaintiffs believe that this Court can proceed under FRCP 55(b) with written submissions and evidence in support of the damages they seek. The authority in the Fifth Circuit is clear that an evidentiary hearing is not mandated. Additionally, this Court has broad discretion to fashion a process that allows damages to be assessed based entirely on written submissions where sufficient written submissions are provided by the parties.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*

DATED: March 5, 2021.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Position Statement has been served on Plaintiffs' Liaison Counsel, Russ Herman, Taishan-BNBM-CNBM Liaison Counsel, Harry Rosenberg, and Knauf Defendants' Liaison Counsel, Kerry Miller by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of March, 2021.

/s/ *James V. Doyle*

James V. Doyle
DOYLE LAW FIRM, PC