UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED                    MDL NO. 2047
DRYWALL PRODUCTS LIABILITY                     SECTION: L
LITIGATION

_____

THIS DOCUMENT RELATES TO:                      JUDGE ELDON FALLON
                                               MAG. JUDGE NORTH

*Eduardo and Carmen Amorin, et al. v. Taishan*
*Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin*
*Co., Ltd., et al.,* 2:11-cv-1395-EEF-MBN

_____


**OBJECTION TO MAGISTRATE JUDGE MICHAEL NORTH'S REPORT AND
RECOMMENDATION TO THE DISTRICT COURT**


Plaintiffs, pursuant to Fed.R.Civ.P. 72, object to the report and recommendation issued

by the magistrate court on Monday, November 28, 2022, in the above-styled action with respect

to the claims of Plaintiffs John Andrew Carter and Darla and Gene Gibbs.  The Magistrate Judge

has recommended no damages be assessed against the defaulting defendants following the

magistrate court's Rule 55(b) proceedings.  Plaintiffs request a de novo review of the record, as

allowed by Rule 72, and a ruling by this district court in accordance with Rule 72 and Alabama

law, the jurisdiction where the affected properties of Plaintiffs Carter and Gibbs are located.

As this court is aware, Plaintiffs properly opted-out of the Taishan class settlement

certified by this Court in January of 2020.  This district court referred these two Alabama-related

claims to the magistrate for a "Second Phase" Rule 55(b) evidentiary hearing by order of this

court.  The magistrate court did conduct the Second Phase evidentiary hearing in April of 2022,

but the Report and Recommendation that is now on file with the district court does not reflect the correct application of Alabama law to the claims of Plaintiffs and the appropriate damages have not been assessed against the defaulting defendants given the evidence and testimony provided to the magistrate court.

As this District Court noted in Rec. Doc. 20741, Plaintiffs are entitled to the full cost of remediation of their respective homes.   This Court took submissions from the PSC's expert, following the entry of Rec. Doc. 20741 and the value calculated in those submissions by that recognized expert were received without objection. However, as the cost of full remediation continues to rise over time, the current cost of remediation was an issue raised with the magistrate court in 2022-2022 during the proceedings.

The issue of the appropriate value to place on remediation damages and the extent of non-remediation damages allowable under Alabama law was the subject of considerable time during the pendency of these default proceeding before the special master and Alabama was briefed multiple times for the magistrate judge.  These same issues were also raised with this district court via Plaintiffs' first formal objection filed on November 12, 2021.   (See Exhibit A for the objection).  A brief on Alabama law (Exhibit B) accompanied Plaintiffs' first formal objection, but this district court did not take the issue up at that time and no ruling was provided to the magistrate court during the Rule 55(b) default proceedings as FRCP 72(a) would seem to require.  With no resolution of the Alabama damages issue, the undersigned filed a "Motion to Clarify" with this District Court on March 21, 2022. (See Rec. Doc. 23296, attached hereto as Exhibit C).  Accompanying Plaintiffs' Motion to Clarify, Plaintiffs provided this Court with another brief on the Alabama law of damages.  (See Exhibit D).  The undersigned counsel also provided the court with a reply addressing whether current Alabama law allows for remediation

damages to be paid to plaintiffs in similar situations.  (Exhibit E).  Given the attached briefing

and the law of the case set by this district court, it seems clear to the undersigned counsel that the

compensable damages under Alabama law extend beyond "diminution of value" limitation as the

attached exhibits provide for this Court.

Finally, following the Second Phase Rule 55(b) hearing, a post-hearing brief was

provided to the magistrate court to provide Plaintiffs' view of the evidence presented and the

appropriate damages that should be assessed, based on the evidence and testimony.  A copy of

Plaintiffs' post-hearing brief is attached hereto as Exhibit F.  Notwithstanding Plaintiffs' briefing

on the relevant issues and the evidence and testimony provided by Plaintiffs, the magistrate court

has nevertheless issued its Report and Recommendations that assesses no damages for any of the

Plaintiffs.

As Plaintiffs Carter and Gibbs now formally object to the Magistrate Court's Report and

Recommendations and based on the briefing provided to this Court in the exhibits attached

hereto, Plaintiffs hereby request a de novo review of the record related to the Second Phase Rule

55(b) Default Judgment proceedings and entry of an order that comports with the current

Alabama law on damages.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing objection, the supporting memorandum, and its exhibits have been served on Counsel for the Defendants via this Court's CM/ECF electronic service through email on this 12th day of December, 2022.


/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC