# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Eduardo and Carmen Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:11-cv-1395-EEF-MBN | JUDGE ELDON FALLON<br>MAG. JUDGE NORTH |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CLARIFY DAMAGES RECOVERABLE BY PLAINTIFFS UNDER ALABAMA LAW

Plaintiffs move this district court to clarify the damages recoverable under Alabama law through the Second Phase Rule 55(b) damages hearing in this case which was referred to Magistrate Judge North for resolution. On Friday, March 18, 2022, the magistrate court ruled (See Doc. 23295) that the sole measure of damages available to plaintiffs is diminution in value of the property. In addition, the court ruled to exclude multiple exhibits that would have provided the magistrate court with the non-remediation damages (i.e., loss of use/enjoyment, personal property damage, home repair damage, etc.) that Plaintiff assert should be evaluated and included in the recommendation to this district court at the conclusion of the magistrate court's process, as this court outlined in its referral.

Plaintiffs have maintained since the outset of this process that Alabama law allows for the recovery of all incidental and consequential damages caused by Defendants' defective product because Alabama views defective drywall as a product under the Alabama Extended

1

Manufacturer Liability Doctrine (AEMLD) which controls in actions involving defective products, rather than the law of property fixtures.

Plaintiffs' have previously provided position statements on two occasions that reflect the damages recoverable beyond diminution in value under Alabama law. In addition, on November 12, 2021, Plaintiffs formally objected to the limitation on damages within the time prescribed by the magistrate court and provided a brief on Alabama law in support of their objection. A copy of Plaintiffs' Alabama law brief is attached hereto as Exhibit A and Plaintiffs adopt the positions contained therein in their entirety in support of this motion.

Should the magistrate court conduct the Second Phase Rule 55(b) Damages Hearing while incorrectly applying controlling Alabama law, the process would be flawed, the recommendation to be received by this district court would be flawed, and a subsequent hearing would need to be conducted at some later date. Rather than engaging in this flawed process now, Plaintiffs request that this district court evaluate the law that was briefed in Exhibit A and provide the parties with an order declaring the correct Alabama law to apply going forward, as well as the general types of damages for the magistrate court to evaluate. These remaining Plaintiffs have had their claims pending for over eleven (11) years and wish to reach a just resolution in an expeditious manner without the need for a second hearing at some later date.

For the reasons contained herein and the controlling Alabama law contained in Exhibit A, Plaintiffs request an Order from this Court declaring the appropriate types of damages that may be recovered by Plaintiffs under Alabama law.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr. (Alabama Bar No. 6257-A57D)
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*

3