# Exhibit F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Eduardo and Carmen Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:11-cv-1395-EEF-MBN | JUDGE ELDON FALLON<br>MAG. JUDGE NORTH |

**PLAINTIFFS' POST-HEARING BRIEF FOLLOWING
SECOND PHASE FRCP 55(b) HEARING FOR
<u>PLAINTIFF JOHN ANDREW CARTER AND PLAINTIFFS GENE & DARLA GIBBS</u>**

The Court instructed the parties to provide their respective positions for assessing damages under Alabama law with respect to diminution in value only. The parties were instructed to avoid arguing whether other compensatory damages are appropriate at this time as the court currently has before it now a pending Motion to Clarify Damages Recoverable by Plaintiffs Under Alabama Law which will be decided separately from this specific diminution in value issue. This brief follows the Second Phase Rule 55(b) Hearing held on Tuesday, March 23, 2022, in the courtroom of Magistrate Judge Michael North.

**OBJECTION TO LIMITATION ON RECOVERABLE DAMAGES**

Pursuant to Fed.R.Civ.P. 72(a), Plaintiffs re-assert their objection to this proceeding to the extent that it limits damages recoverable by Plaintiffs to diminution in value of the property under Alabama law. Plaintiffs maintain that all incidental and consequential damages are

1

recoverable, including loss of use/enjoyment, personal property damage, home repair damage, prejudgment interest, and attorneys' fees and expenses as defective Chinese drywall would be considered a product and this assessment of damages should be governed by the AEMLD, breach of warranty, Alabama nuisance law, not limited to diminution in value.

## Introduction

Plaintiff John Andrew Carter and Plaintiffs Gene and Darla Gibbs timely filed an exclusion form to opt-out of the Taishan class settlement in 2019. During the damages hearing which the district court has directed to be conducted is a "Second Phase" as described it in Rec. Doc. 20741 – a continuation of the damages to be assessed against the Taishan Defendants in default. At the hearing, the court heard testimony from Plaintiff John Andrew Carter, Plaintiff Darla Gibbs, and Shawn Macomber.

## Stipulation by the Taishan Defendants

At the damages hearing, the Taishan Defendants stipulated that the product found in both the Carter and Gibbs properties was indeed a Taishan product.

## Testimony by Plaintiff John Andrew Carter

Plaintiff John Andrew Carter testified: 1) that he owns the property located 703 Waverly Place, Opelika, Alabama 36804; 2) that the property has contained the Taishan drywall in it since he took possession of the property on or about July 1, 2007; 3) that the Taishan drywall has emitted noxious and corrosive gasses; 4) that he discovered the identifying markings on the defective Taishan drywall on November 12, 2011;  5) that the property has remained vacant since shortly after discovery in 2011 through to the date of this hearing; 6) that the damages itemized on his Supplemental Plaintiff Profile Form "Itemization of Damages or Repair to Home" and "Itemization of Damaged Personal Property" are accurate and that the cost of the

items was confirmed by utilizing the pricing found on the internet utilizing the Lowe's and other company websites; 7) that the air conditioning receipt is an accurate reflection of the cost of repair to the HVAC system; 8) that a comparable rental home in the Auburn/Opelika area now rents for $2,400.00 per month; 9) that he is aware that Molly McLeod Wilson appraised the home value to be $160,000.00 on April 20, 2021; 10) that in his opinion the value of the property has appreciated since the date of appraisal in 2021; 11) that the cost of remediation projected by Ronald E. Wright, P.E., in the amount of $ 114,408.00, which was previously submitted to Judge Fallon in Record Document 22235-1 (at Page 24 of 142) is insufficient to fully repair the home in 2022; 10) that Shawn Macomber projected the cost of remediation to be approximately $145,000.00 on February 23, 2021.

## Testimony by Plaintiff Darla Gibbs

Plaintiff Darla Gibbs testified: 1) that she owns the property located 701 Waverly Place, Opelika, Alabama 36804; 2) that the property has contained the Taishan drywall in it since she and her husband took possession of the property on or about June 1, 2007; 3) that the Taishan drywall has emitted noxious and corrosive gasses; 4) that she and her husband discovered the identifying markings on the defective Taishan drywall on November 17, 2011; 5) that she and her family have remained in the property since the discovery in 2011 despite the presence of the off-gassing because they cannot afford to live elsewhere and pay two monthly mortgage notes; 6) that the damages itemized on her Supplemental Plaintiff Profile Form "Itemization of Damages or Repair to Home" and "Itemization of Damaged Personal Property" are accurate and that the cost of the items was confirmed by utilizing cancelled checks, receipts from Energy Savers of Georgia, a Sears monthly account statement, as well as the pricing found on the internet utilizing the Lowe's and other company websites; 7) that the air conditioning receipt is an accurate

3

reflection of the cost of repair to the HVAC system; 8) that her search of local rental homes demonstrated a comparable rental home in the Auburn/Opelika area now rents for $1,700.00 per month; 9) that she is aware that Molly McLeod Wilson appraised the home value to be $185,000.00 on April 19, 2021; 10) that in her opinion the value of the property has appreciated since the date of appraisal in 2021; 11) that the cost of remediation projected by Ronald E. Wright, P.E., in the amount of $ 119,630.00, which was previously submitted to Judge Fallon in Record Document 22235-1 (at Page 24 of 142) is insufficient to fully repair the home in 2022; and 12) that Shawn Macomber projected the cost of remediation to be approximately $176,000.00 on February 23, 2021.

### Testimony by Shawn Macomber

Mr. Macomber testified to the following: 1) that he personally visited the affected homes owned by Plaintiffs John Andrew Carter and Plaintiffs Gene and Darla Gibbs; 2) that he utilized the Xactimate computer program to project the cost of remediation for both homes; 3) that he utilized Record Document 20741 issued by Judge Fallon to identify the proper remediation protocol adopted by the district court; 4) that he did not deviate from the remediation protocol contained in Record Document 20741 when projecting the cost of remediation for Plaintiffs; 5) that the cost of remediation of the Carter property on February 23, 2021, was $145,159.34; and 6) that the cost of remediation of the Gibbs property on February 23, 2021, was $176,123.41.

### Diminution in Value – Cost of Repair Less than Appraised Value - Alabama

This Court has requested that the parties brief Alabama's view of recovery for the cost of repair as an alternative to diminution in value (utilizing the pre-damage appraised value vs. the post damage appraised value). Although counsel for the defendants argued that repair damages could not be assessed by a court or recovered by Plaintiffs in a damaged property context, this

argument is plainly wrong under Alabama law. It is true that where the cost of repair to damaged property *exceeds the appraised value*, a plaintiff cannot recover repair costs in excess of the appraised value of the property; however, where the cost of repair is less than the appraised value of the property, a plaintiff can recover the cost of repair under Alabama law.

In 2008, the Alabama Supreme Court allowed the recovery of the repair cost of homes damaged by nearby blasting and directly addressed the exact question posed by this court when it requested briefing by the parties:

> Birmingham Coal argues that the trial court erred in setting the amount of its award of damages to the plaintiffs for damage to their houses because six plaintiffs did not express an opinion on the diminution, if any, in the value of their houses and because the trial court based its award on evidence of repair costs and diminution in value. Birmingham Coal cites *Poffenbarger v. Merit Energy Co.*, 972 So.2d 792 (Ala. 2007), in support of its argument. This case, however, is inapposite. In *Poffenbarger*, the Court addressed the following question: "Under Alabama law, what is the general rule for the measurement of direct, compensatory damages for an injury to real property when the cost to remediate the property exceeds the diminution in the value of the property caused by the injury?" 972 So.2d at 795. The Court in *Poffenbarger* did not answer the question whether repair costs could be considered in cases where damage to real property occurred. Instead, it addressed only those situations in which the cost to repair the real property exceeds the diminution in the value of the property. Birmingham Coal does not point to any evidence indicating that the trial court awarded the plaintiffs property damages in excess of the diminution in value of the property or that the evidence of repair costs presented by the plaintiffs who did not express an opinion as to diminution did not present a reasonable inference of damage. Nor does Birmingham Coal present to us any other argument or authority indicating that the trial court's method of calculating the property damages is in error. Therefore, we cannot say that the trial court's property-damages award is palpably erroneous. We affirm the judgment of the trial court on this issue.

*Birmingham Coal Coke Co., Inc. v. Johnson*, 10 So. 3d 993, 998 (Ala. 2008).

Therefore, based on this Birmingham Coal case, which continues to control without any negative history to date, that a plaintiff may recover repair damages to his/her home so long as

5

the cost of repair does not exceed the appraised value of the property. In this instance, the cost of repair projected by Mr. Macomber for both properties does ***not*** exceed the 2021 appraised value of the property memorialized by Mrs. Molly McLeod Wilson in her two appraisals now in the record of this court.

Plaintiff John Andrew Carter should recover the full repair damages projected by Mr. Macomber in the amount of $145,159.34. Plaintiffs Darla & Gene Gibbs should recover the full repair cost projected by Mr. Macomber in the amount of $176,123.41. These Plaintiffs should be able to recover prejudgment interest on the repair damages from the date of loss – the date they each took possession of the properties in mid-2007. In addition, Plaintiffs should be able to recover attorneys' fees and expenses under Alabama law for the intentional delay caused by Taishan that lead to the entry of the default judgment.

## **CONCLUSION**

Based on the foregoing, Plaintiffs request a recommendation to the district court for entry of judgment damages in the following amounts for these Plaintiffs, which includes an APR of 6.00% recoverable under Alabama law (See Ala. Code § 8-8-1) from the date of loss:

1. Plaintiff John Andrew Carter: $341,854.42, plus attorneys' fees (See Alabama Code §12-19-272) to be decided by the district court.

2. Plaintiffs Gene & Darla Gibbs: $417,199.61, plus attorneys' fees (See Alabama Code §12-19-272) to be decided by the district court.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing reply has been served the Magistrate Court and Counsel for the Defendants via email, as well as via this Court's CM/ECF electronic document filing system on this 11th day of April, 2022.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC