UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE DRYWALL | MDL |
| PRODUCTS LIABILITY LITIGATION | NO. 09-2047 |
| REF: 20-3264 | SECTION "L" (5) |

**ORDER AND REASONS**

The Court has before it Plaintiffs Jawad and Fatme Gharib's ("Gharib") Motion to Add Expert Disclosures, R. Doc 23349. Defendants have responded in opposition. R. Doc. 23350. Having considered the parties' arguments and the applicable law, the Court rules as follows.

I.      BACKGROUND

This case is part of the Chinese Drywall multi-district litigation ("MDL") that arose after thousands of plaintiffs in several states filed suits alleging that drywall used in their homes was defective. The plaintiffs claimed that the drywall, which was manufactured in China, emitted gases, damaged wiring and appliances, and sometimes caused physical afflictions to their homes' residents. On June 15, 2009, pursuant to a transfer order from the United States Judicial Panel on Multidistrict Litigation, all federal cases involving Chinese Drywall were consolidated for pretrial proceedings in MDL No. 2047 before this Court.

The drywall at issue is largely attributable to two groups of defendants: the Knauf Defendants, German-based manufacturers whose Chinese subsidiary sold some of the drywall; and the Taishan Defendants, Chinese-based manufacturers who produced some of the drywall. The present motion relates to the Knauf Defendants. On February 7, 2013, the Court approved a class

action settlement agreement between the Knauf Defendants and several classes of plaintiffs. R. Doc. 16570. Thus, most claims against the Knauf Defendants within this MDL have been resolved. However, some plaintiffs have filed more recent claims against the Knauf Defendants, including Gharib, whose claims relate to the present motion. Gharib owns two properties, one residential and one commercial, that were allegedly affected by defective drywall that the Knauf Defendants manufactured, sold, or installed. Gharib filed his claims in January of 2016. In November of 2020, this Court ordered Gharib's claims severed from the MDL. In November of 2022, this Court set this case to go to trial in April of 2023.

## II. PRESENT MOTION

Gharib now moves this Court to file additional expert disclosures almost three years beyond the expert disclosure deadline. R. Doc. 23349. Gharib moves to file a new expert report detailing that expert's estimation of costs to remediate the damage to Gharib's properties allegedly caused by Defendants' faulty drywall. Gharib argues that there is good cause to extend the deadline and allow this late filing based on the failures of his previous counsel and his assertion that the damage estimation filed by his previous counsel does not accurately reflect the remediation costs for his properties. *Id.* On the other hand, Defendants assert that there is no good cause to permit the untimely disclosures, arguing that the admission of the proffered expert report would be unduly prejudicial, that the new report is unimportant because Plaintiffs already have a different damages expert who provided expert disclosures, and that for the Court to allow the new filing would open the floodgates for similar motions in the other remaining Chinese Drywall cases pending in this Court and others. R. Doc. 23350.

## III. APPLICABLE LAW

The Federal Rules of Civil Procedure grant district courts the power to "control and expedite the discovery process through a scheduling order." *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *see also* Fed. R. Civ. P. 16. "Rule 16 also allows a court to exclude . . . testimony or strike pleadings if a party fails to comply with deadlines imposed by a scheduling order." *Perez v. City of New Orleans*, 173 F.Supp.3d 337 (E.D. La. 3/24/2016); Fed. R. Civ. P. 16(f)(1)(C); *see also* Fed. R. Civ. P. 37(b)(2)(A). Under Federal Rule of Civil Procedure 26(a)(2), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). These disclosures must be made in the time and sequence ordered by the Court. Fed. R. Civ. P. 26(a)(2)(D). If a party fails to provide information or identify a witness as required by Federal Rule 26(a) or (e), the party is generally not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial. Fed. R. Civ. P. 37(c)(1).

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] [case] schedul[ing] [order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In determining whether the movant has met its burden of proving 'good cause' under Rule 16(b)(4), [the] [c]ourt must consider four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice." *Smith v. Transocean Offshore USA, Inc.*, 2021 WL 1534503, at *7 (E.D. La. April 19, 2021).

**IV.   DISCUSSION**

Gharib argues that he has met his burden of showing that there is good cause to allow him to file the late expert disclosures. He points primarily to the failures of his previously retained counsel to adequately communicate with him and provide him with the damage estimates earlier

3

as requested as an explanation for failing to meet the deadline. He asserts that the requested relief is important because if the Court denies his motion to file the late expert disclosures he will have to rely on a lower and allegedly inaccurate estimate of his damages. Plaintiff argues additionally that Defendants would not be prejudiced by the admission of the new expert report and that any potential prejudice could be cured by continuing the trial date in this case.

The Court disagrees. While the Court sympathizes with Gharib's difficulties with his previous representation, a difference in opinion and strategy between prior and current counsel cannot alone support good cause to allow the filing of a wholly new expert report in this instance. As Defendants point out, Plaintiff may not want to use it, but Plaintiff has already submitted an expert damages report within the deadlines set by the Court, so he will not be left without an expert estimation of damages should the Court deny the instant motion. This renders Plaintiff's requested relief 'unimportant,' or at least of much less importance than the Court might find it otherwise.

Additionally, allowing Plaintiff to submit a three-years late expert report would significantly prejudice Defendants in this matter and potentially in other pending Chinese Drywall cases. In this case, the proffered new report would increase Plaintiff's claimed damages by over 500%. Defendants have already deposed Plaintiff's current expert and completed discovery. Admission of the new report would require Defendants to incur additional costs, conduct additional discovery, and obtain new rebuttal expert opinions. As to other cases, approximately fifty Chinese Drywall cases remain pending both in this Court and others in Alabama, Florida, Louisiana, and Mississippi. Allowing Plaintiff to offer new expert disclosures here would not only effectively start this case over, but also open the door to other plaintiffs in the remaining Chinese Drywall cases to seek the same relief. This would subject Defendants to the prejudice of having to

relitigate those cases as well, and would constitute a waste of judicial and party resources. The possibility of a continuance in this matter would not cure that prejudice.

Accordingly, Plaintiff has failed to show that good cause exists to allow the late submission of his new expert disclosures.

## V.     CONCLUSION

For the foregoing reasons, Gharib's Motion is hereby **DENIED**.


New Orleans, Louisiana, this 2nd day of February, 2023.

*/s/ Eldon E. Fallon*
_____
UNITED STATES DISTRICT JUDGE
