```
 1              UNITED STATES DISTRICT COURT

 2              EASTERN DISTRICT OF LOUISIANA

 3

 4   In Re: CHINESE-MANUFACTURED   MDL 2047
     DRYWALL PRODUCTS LIABILITY
 5   LITIGATION
                                   SECTION "L"
 6   This document relates to:
                                   JUDGE ELDON
 7                                 FALLON
     Elizabeth Bennett, et al
 8   versus Gebr. Knauf, et al
                                   MAGISTRATE:
 9                                 JOSEPH
                                   WILKINSON, JR.
10   Case No. 14-cv-2722

11

12

13            Deposition of SHAWN MACOMBER,

14   221 West Camellia Drive, Slidell, Louisiana

15   70458, taken at the Law Offices of Fishman

16   Haygood, LLP, 201 St. Charles Avenue, 46th

17   Floor, New Orleans, Louisiana 70170, on

18   Tuesday, the 11th day of February, 2019.

19

20

21

22

23   REPORTED BY:

24   MICHELINE COSSE' BURAS, CCR, RPR
     Certified Court Reporter
25
```

EXHIBIT 8

VINCENT P. BORRELLO, JR. & ASSOCIATES, INC.
(504) 391-9878

```
1     APPEARANCES

2     REPRESENTING THE PLAINTIFF,

3

4          DOYLE LAW FIRM
           (By: James V. Doyle, Jr., Esquire)
5          2100 Southbridge Parkway
           Suite 650
6          Birmingham, Alabama 35209
           jimmy@doylefirm.com
7

8     REPRESENTING THE DEFENDANT,
      KNAUF DEFENDANTS
9

10         FISHMAN HAYGOOD, LLP
           (By: Kerry J. Miller, Esquire)
11         201 St. Charles Avenue
           46th Floor
12         New Orleans, Louisiana 70170
           kmiller@fishmanhaygood.com
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        I N D E X

 2

 3    Caption                                    1

 4    Appearances                                2

 5    Stipulation                                4

 6    Reporter's Page                          187

 7    Reporter's Certificate                   188

 8    Witness's Certificate                    189

 9

10    Examination by:

11         Mr. Miller                            5

12

13

14

15                  E X H I B I T   I N D E X

16    1  Notice                                  7

17    2  Binder                                  8

18    3  Haab Case                              56

19

20

21

22

23

24

25
```

```
 1              S T I P U L A T I O N
 2         It is stipulated and agreed
 3    by and between counsel for the parties
 4    that the deposition of SHAWN MACOMBER, is
 5    hereby taken under Rule 30 (b)(2), pursuant
 6    to Federal Rules of Civil Procedure, in
 7    accordance with law, pursuant to notice;
 8
 9         That the formalities of reading and
10    signing are specifically not waived;
11
12         That the formalities of sealing,
13    certification and filing are specifically
14    waived;
15
16         That all objections, save those as
17    to the form of the questions, are hereby
18    reserved until such time as this
19    deposition, or any part thereof, may be
20    used or sought to be used in evidence.
21              *      *      *      *
22            MICHELINE COSSE' BURAS, RPR
23         Registered Professional Reporter,
24    State of Louisiana, officiated in
25    administering the oath to the witness.
```

```
 1                    SHAWN MACOMBER,
 2   after having been first duly sworn by the
 3   above-mentioned Certified Reporter was
 4   examined and testified as follows:
 5   EXAMINATION BY MR. MILLER:
 6        Q.   Good morning.  Please state your
 7   name for the record.
 8        A.   Shawn Macomber.
 9        Q.   And Mr. Macomber, who do you work
10   for?
11        A.   Healthy Home Solutions.
12        Q.   And where is your business
13   located?
14        A.   Slidell, Louisiana.
15        Q.   And what is your position at
16   Healthy Home Solutions?
17        A.   I'm the managing member.
18        Q.   How many other employees does the
19   company have?
20        A.   Two.
21        Q.   And who are they?
22        A.   Joseph Diaz and Damon Colgane.
23        Q.   And when was Healthy Home
24   Solutions incorporated?
25        A.   2009.
```

```
1    Exhibit B is you, basically, combined it
2    all into one line item entry?
3         A.   One line item, yeah, one
4    structure.
5         Q.   That's why we come up with, what,
6    7,000 square feet; is that correct?
7         A.   That's correct.  I did not
8    include -- there is a commercial on the
9    first floor that is not included in that
10   number.
11        Q.   It's because it didn't have
12   Chinese drywall, or it's because --
13        A.   I didn't find any --
14        Q.   -- or it's not part of the
15   residential property.
16        A.   It's not part of the residential
17   property.  There are -- there is electrical
18   wiring and plumbing that runs from the
19   property -- the residential properties from
20   above to below.
21             In my inspection of the property I
22   found that the drywall appeared to be
23   five-eights inch thick in the commercial
24   property.
25        Q.   Uh-huh.
```

```
 1          A.   And there were a number of
 2     locations where I observed copper that did
 3     not show blackening.
 4          Q.   And you know that Chinese drywall
 5     only came in half-inch width; right?
 6          A.   That's correct.
 7          Q.   And so the top only has four
 8     different apartments, A, B, C, and D?
 9          A.   No.  So there's -- the second
10     floor has three apartments and then there's
11     a single apartment on the third floor.
12          Q.   Okay.
13          A.   But the single apartment on the
14     third floor, yes, so --
15          Q.   And then you combine --
16          A.   -- is shown on page -- Page 3,
17     Page 4, we show that, the three
18     apartments.
19          Q.   And they have an Xactimate floor
20     plan for that; correct?
21          A.   Yes.
22          Q.   All right.  Next one is Ginart and
23     we know that that's a custom home because
24     that's one of the ones that's detailed in
25     Exhibit D?
```

**REPORTER'S PAGE**

I, **MICHELINE COSSE' BURAS, Certified Court Reporter** in and for the State of Louisiana, the officer, as defined in Rule 28, of the Federal Rules of Civil Procedure and/or Article 1434 (B) of the Louisiana Code of Civil Procedure, before whom this sworn testimony was taken, do hereby state on the record;

That due to the interaction in the spontaneous discourse of this proceeding, dashes (--) have been used to indicate pauses, changes in thought, and/or talkovers; that same is the proper method for a court reporter's transcription of proceedings, and that the dashes (--) do not indicate that words or phrases have been left out of this transcript; that any words and/or names which could not be verified through reference material have been denoted with the phrase "(spelled phonetically)."

_____
**MICHELINE COSSE' BURAS, CCR, RPR**
Certified Court Reporter
Registered Professional Reporter

## REPORTER'S CERTIFICATE

    This certification is valid only for a transcript accompanied by my original signature and original seal on this page.

    I, **MICHELINE COSSE' BURAS**, Certified Court Reporter, in and for the State of Louisiana, as the officer before whom this was taken, do hereby certify that **SHAWN MACOMBER**, after having been duly sworn by me upon authority of R.S. 37:2554, did testify as hereinbefore set forth in the foregoing **187** pages;

    That this testimony was reported by me in the stenotype reporting method, was prepared and transcribed by me or under my personal direction and supervision, and is a true and correct transcript, to the best of my ability and understanding;

    That the transcript has been prepared in compliance with transcript format guidelines required by statue or by rules of the board and I am informed about the complete arrangement, financial or otherwise, with the person or entity making arrangements for deposition services; that I have acted in compliance with the prohibition on contractual relationships, as defined by Louisiana Code of Civil Procedure Article 1434 and in rules and advisory opinions of the board;

    That I have no actual knowledge of any prohibited employment or contractual relationship, direct or indirect, between a court reporting firm and any party litigant in this matter nor is there any such relationship between myself and a party litigant in this matter;

    I am not related to counsel or to the parties herein, nor am I otherwise interested in the outcome of this matter.

_____
**Micheline Cosse' Buras, CCR, RPR**
Registered Professional Reporter, LA #88024

189

1    WITNESS' CERTIFICATE

7    I have read or have had the
8    foregoing testimony read to me and
9    hearby certify that it is a true and
10   correct transcription of my testimony,
11   with the exception of any attached
12   corrections or changes.

15   () Corrections Attached
16   () No Corrections

19   _____
20   SHAWN MACOMBER

22   _____
23   Date