UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>Case No. 20-cv-3264 | JUDGE ELDON FALLON<br><br>MAGISTRATE NORTH |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING APPLICATION OF THE COURT'S "GENERAL FINDINGS" IN ITS APRIL 21, 2017 FINDINGS OF FACT & CONCLUSIONS OF LAW (Rec. Doc. 20741) FILED BY PLAINTIFFS, JAWAD & FATME GHARIB**

**MAY IT PLEASE THE COURT:**

This Court has consistently issued findings that resolve factual disputes pertaining to certain key elements of the Gharibs' claims. These findings can be summarized as follows, but are fully stated in the *Statement of Uncontested Material Facts, etc.* (attached): (1) Chinese drywall, including the drywall manufactured and distributed by defendants herein, Knauf Gips KG and Knauf Plasterboard Tianjin Co., Ltd., (collectively referenced as "Defendants" or "Knauf"), is defective; (2) the defective drywall emits corrosive sulfur gases, which create levels of corrosion found in the "most severe industrial corrosive environment, and cause offending odors in homes, making them hard if not impossible to live in; and (3) proper remediation of a Chinese drywall property requires complete remediation and cleaning of the entire property, as defined by the Court's scope of remediation, contained in its "general findings" from paragraphs #6 through #17 in its *Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages Hearing*

(Rec. Doc. 20741, pp. 14-17). Based on their well-settled and established nature, these findings constitute the law of case and the Court is well within its rights to refuse to hear any evidence that is at odds with them.

At this stage of the litigation, in the wake of three consistent rulings, it would seem like application of the above findings to the instant case would not be disputed. However, after discussions with defense counsel and reviewing the deposition and reports submitted by defense proposed expert, Mr. Phillip A. Adams of Moss and Associates, LLC, it is clear Defendants believe these issues are not settled. Specifically, Mr. Adams rendered remediation estimates that contradict the Court's prior rulings. He admits that he based his remediation protocol on the CPSC guidelines and did not even consider the Court's rulings – that's what he was instructed to do:

> A. *I used Xactimate with the CPSC guidelines <u>for the protocol</u>.*
> Q. How did the CPSC guidelines differ from the protocol that was adopted in 2011?
> *A. CPSC guidelines do not require the replacement of appliances. They do not require the replacement of electrical wire. It's the replacement only of receptacles, switches, and breakers. Replacement of smoke detectors and carbon monoxide detectors, which is the same protocol. CPSC also for replacement of fusible type sprinkler heads, which we didn't have any of in these.*
> Q. And remind me again: *Why did you shift to the CPSC guidelines, rather than the 2011 protocol guidelines?*
> *A. CPSC guidelines were a common sense practical approach, and that's what was discussed and that's what I used.*
> Q. Is that what the Knauf counsel instructed to you use?
> A. We discussed it and that's what –
> Q. *And you agreed to use that?*
> A. *Yes.*

(Ex. 1 to Plaintiffs' *Motion in Limine to Exclude the Expert Testimony and Remediation Cost Estimates of Defense Consultant, Phillip A. Adams*, Adams' Deposition, p. 45). As such, Knauf and Mr. Adams felt the more "common sense practical approach" was to use the CPSC guidelines, instead of the Court's scope of remediation, despite the Court's findings that its own "scope of

work was established based on ***long-term observation of properties with Chinese drywall*** (including sampling and testing), ***scientific investigation of Chinese drywall and the science of corrosion***, ***practical construction experience*** (particularly the experience of national builders, and electric and building codes)." (Rec. Doc. 20741, p. 24).

In addition to his deposition testimony, Mr. Adams' reports and Xactimates call for certain remediation activities that the Court has repeatedly criticized with supporting testimony from "in the field" experts. By way of example only, Mr. Adams documents damage in the attics of both properties, suggesting widespread impacts from off-gasing, but does not include those damaged items in his scope of remediation; he calls for copper piping to be "cleaned", despite that it shows damage; he does not even mention replacement of insulation anywhere in either property; he includes no flooring whatsoever, despite the Court rulings finding that flooring (except for carpet needs to be replaced); and he does not mention any replacement of the HVAC systems in either property. Such opinions are directly at odds with the Court's scope of remdiation. For additional examples of Mr. Adams' deviations from the Court's rulings, see the Gharibs' Motion in Limine to exclude his testimony and remediation cost estimates.

For these reasons, it is necessary for the Gharibs' to seek summary judgment finding that Section III. of the Court's *Findings of Fact & Conclusions of Law Related to the June 9, 2015 Damages Hearing* (Rec. Doc. 20741), entitled "GENERAL FINDINGS ON CHINESE DRYWALL," apply to the Gharibs' individual proceeding, *Gharib et al v. Knauf Gips KG et al*, No. 2:20-cv-03264.

## BACKGROUND

The section entitled "BACKGROUND" in the Gharibs' *Memorandum in Support of Motion in Limine to Exclude the Expert Testimony and Remediation Cost Estimates of Defense Consultant, Phillip A. Adams* is adopted and incorporated herein entirely as if written in full.

## LEGAL STANDARD

Summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; see also Moody v. Jefferson Parish School Board, 2 F.3d 604, 606 (5th Cir. 1993). Case 2:09-md-02047-EEF-MBN Document 23252-1 Filed 12/13/21 Page 6 of 19 7 To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Celotex 477 U.S. at 321-23). The nonmoving party must go beyond the

pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). This burden may not be satisfied by conclusory allegations, unsubstantiated assertions, or metaphysical doubt as to the facts, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Wallace,* 80 F.3d at 1047. Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson, supra.* at 249-51.

## LAW & ARGUMENT

"The law of the case doctrine requires attention to the special authority granted to the multidistrict transferee judge and ensures that transferor courts respect the transferee court's decisions." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014). In *McKay*, the Fifth Circuit affirmed a district court's refusal to reconsider an MDL court's rulings that Texas statute foreclosed the consumer's failure to warn claims. The Fifth Circuit held, "[a]llowing the McKays to relitigate in the remand court issues decided by the MDL court with arguments that could have been raised but were not would "frustrate the purposes of centralized pretrial proceedings." *Id*. at 705. Thus, the Fifth Circuit held that remand court properly applied the law of the case when it refused to reconsider the MDL court's rulings that applied to the McKays' failure to warn claims. *See, e.g.*, *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir.2007) ("[G]enerally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration."); see also *Hightower v. Aramark Educ. Servs.*, L.L.C., 537 Fed.Appx. 489, 490 (5th Cir.2013); RLI Ins. Co. v. Maxxon Sw. Inc., 108 Fed.Appx. 194, 200–01 (5th Cir.2004) (unpublished).

The same is true in the instant case. This Court, as the remand court, may refuse to hear

evidence that constitutes a blatant disregard of the MDL Court's consistent rulings. In the April 21, 2017 FOFCOL, the Court set forth its most pronounced and far-reaching holding yet, finding that "there is a ***well-established*** and ***defined scope of work necessary to fully remediate a Chinese drywall property***." (Rec. Doc. 20741, p. 24) citing *Germano* FOFCOL at 27-55; *Hernandez* FOFCOL at 20-34. The Court's scope of remediation is "based on long-term observation of properties with Chinese drywall (including sampling and testing), scientific investigation of Chinese drywall and the science of corrosion, practical construction experience (particularly the experience of national builders, and electric and building codes)." (*Id*. at 24). On the other hand, the Court has criticized what it refers to as "alternative remedies to a complete remediation that have been tried or suggested, such as selective identification and removal of Chinese drywall", which the Court concluded, "will not make the plaintiff whole, will not be adequate from a scientific or practical standpoint, and will not provide safety and marketability to the property owner." (Id. at 16-17).

The Court's findings related to the defective nature of Chinese drywall and its propensity to emit corrosive sulfur gases and result in damage to common household materials do not appear to be disputed by Defendants. However, the Court's scope of remediation is certainly disputed by Defendants, despite that the Court has covered this in detail on at least three occasions. It is critical for the Court to estop Defendants from treading over this ground yet again, as it has the potential to waste a great deal of time and judicial resources as well as result in prejudice to plaintiffs.

Accordingly, there is no dispute that the Court's scope of remediation is well-established and should be applied to the instant case as a matter of law.

Respectfully submitted,

CRULL, CASTAING & LILLY

BY: /s/ *Peter E. Castaing* .
Peter E. Castaing, #35019
Edward J. Castaing, Jr. #4022
Pan American Life Center
601 Poydras Street, Suite 2323
New Orleans, LA 70130
Telephone: (504) 581-7700
Facsimile: (504) 581-5523
pcastaing@cclhlaw.com
ecastaing@cclhlaw.com

*Counsel for Jawad Gharib and Fatme Gharib*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

/s/ *Peter E. Castaing*
Attorney