UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>Case No. 20-cv-3264 | JUDGE ELDON FALLON<br><br>MAGISTRATE NORTH |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO
TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE
FILED BY PLAINTIFFS, JAWAD & FATME GHARIB**

**MAY IT PLEASE THE COURT:**

Plaintiffs', Jawad and Fatme Gharib, submitted voluminous documents to their previous counsel, including appraisals for both properties, property tax assessments, invoices and receipts for many of the items they claim are damaged, along with photos, videos, and more. Some of these documents were referenced during Mr. Gharib's deposition, *e.g.,* certain photos, the appraisals and tax assessor documents (see: Ex. 1, p. 47, 89), so they were clearly produced before the end of discovery. As for the balance, the Gharibs' previous counsel has confirmed that he made a production to defense counsel following the depositions of the Gharibs. (Ex. 2, Email from James Doyle, dated March 7, 2023). This is directly contrary to defense counsel's representations, which state that the Gharibs' "never produced any documents beyond what was submitted with their PPF, SPPF, and PFS for each property." (Defs' motion, p. 2) (Rec. Doc. 23359-1). On the date of this filing, the Gharibs' previous counsel responded to undersigned

1

counsel that, ***"[t]he documents in the post-deposition production folder were produced to defense counsel through a box.com folder. It was deposited in the Gharib folder and defendants had access to it for over 60 days.***" (Ex. 2, email from Mr. James Doyle, Jr., dated March 7, 2023) (emphasis added). Undersigned counsel requested documents confirming his production using the dropbox, but has not received a response at the time of this filing. Undersigned counsel also represents to this Court that the Gharibs' file, as transferred from previous counsel, contained a folder entitled "Post Deposition Document Production--Gharib," further suggesting that these documents were produced after the Gharibs' depositions. (See: Ex. 3, screenshots of the Gharibs' file from jvdoyle2 on Nov. 2, 2021). The Gharibs reserve the right to supplement this opposition with respect to this issue, if and when they receive additional information from their previous counsel.[1] Regardless, the Gharibs have attached the balance of the documents hereto.[2]

Even absent this information, Defendants' motion has no merit and there are good grounds to deny it. In an attempt to evade responsibility for the damages they clearly caused, Defendants seek the harshest remedy available under the relevant law and present zero evidence to justify it – *e.g*., no failure to comply with a court order compelling production or the like. At best, there may be an oversight or inadvertence. Defendants have had 3 years following the Gharibs' deposition and made no efforts to seek an order compelling production of this material. Instead, they preferred to wait until just before trial and claim the evidence should be excluded, based on a possible oversight. These kinds of games do not warrant an order that would effectively preclude Plaintiffs, Jawad Gharib and his wife, Fatme (the "Gharibs") (*i.e*., the totally

---

[1] Ex. 2, email from undersigned counsel to Mr. Doyle dated March 7, 2023
[2] See: Ex. 4, documents from folder "Post Deposition Document Production" (to be hand-delivered on thumb drive to Court).

innocent property owners) from recovering the diminution of their properties' value; the damage to their personal property that have failed prematurely; and that would leave them footing the bills for their alternative living expenses while their home is remediated.

Accordingly, Defendants' motion to exclude the evidence discussed below should be denied.

### I. The Gharibs Should Not Be Barred from Pursuing Their Claims Based on the Cited Provision in the November 4, 2019 Amended Case Management Order

Defendants claim that the Gharibs have failed to produce any evidence, during discovery, to support their claims for lost value or devaluation of their properties, loss of use, and personal property damage. In order to make their argument, Defendants had to cherry-pick part of a provision from the November 4, 2019 Amended Case Management Order (Rec. Doc. 22359). Cited in full, the paragraph provides as follows:

> **II. Plaintiff Depositions**: Plaintiff depositions must be taken by no later than December 31, 2019. Plaintiff(s) shall produce within twenty-one (21) days of the deposition, any and all information identified during a Plaintiff's deposition that is within the possession, custody, or control of Plaintiff or ***is information that Plaintiff intends to use in support of their claims and was not previously produced in accordance with the PPF, SPPF, or PFS. The Court may make any appropriate order under Rule 37 for failure to comply with this deadline. Document requests beyond the scope of the PPF, SPPF, of PFS shall not be subject.***

Defendants omitted the last two sentences when they quoted this provision in their memorandum in support. Federal Rule of Civil Procedure, Rule 37 provides the Court several options when addressing a failure to produce information. Paragraph (c) provides as follows:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, ***unless the failure was substantially justified or is harmless***. ***In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:***

3

> *(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;*
> *(B) may inform the jury of the party's failure; and*
> *(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).*

Fed. R. Civ. P. 37(c). This Court, Mag. J. CURRAULT, provided the following:

> ***Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. Sanctions under Rule 37 are appropriate where there is willful disobedience or gross indifference, not when the failure to comply was outside the party's control.*** The primary purpose of the rule is "designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." For dismissal under Rule 37(b), the Fifth Circuit requires a finding of bad faith or willful conduct–beyond an inability to comply–and considers other factors.7 ***The "harsh sanction of dismissal is not favored except in extreme circumstances."*** [Citations omitted].
>
> Courts examine whether the deterrent value of dismissal under Rule 37 cannot substantially be achieved by the use of less drastic sanctions, or if the party's preparation for trial was substantially prejudiced, or if the negligence is plainly attributable to the attorney, not the client, rendering dismissal inappropriate.9 Further, the Fifth Circuit has suggested that courts provide fair notice to litigants before claims become subject to dismissal.

*Durant v. City of Gretna*, No. CV 19-147, 2021 WL 5113147, at *3 (E.D. La. Nov. 3, 2021). In *Durant*, the defendants sought the dismissal of Plaintiff Durant's claims regarding past and future lost earnings and loss of earning capacity, to bar Plaintiff from presenting certain evidence or testimony, and to order plaintiff to pay all reasonable expenses and attorney's fees incurred by Defendants. Mag. Judge Currault refused to impose the harsher sanctions of exclusion or dismissal of claims, instead requiring payment of costs:

> While this Court will not implement the harsher sanctions requested by Defendants under Fed. R. Civ. P. 37, the Court will require Plaintiff to pay any expenses, including attorneys' fees, that resulted from his failure to timely respond to this Court's August 11 Order, including the expenses and fees required to prepare and file the current Motion for Sanctions.

*Id.* at *5.

None of the above sanctions should be imposed here, since it is unclear whether previous counsel actually did produce the documents in question.  And, even assuming Mr. Doyle is mistaken and he did not produce the documents he claims, Defendants produce no evidence suggesting it was anything other than an oversight or miscommunication.  Mr. Doyle provides specific information about the means by which he transmitted the documents in question, which suggests this is nothing more than that – a miscommunication amongst counsel.

Further, if the documents in question were not produced, the effect is harmless.  The Gharibs' provided detailed itemizations of all the personal property items that they claim were damaged or should be replaced based on the Court's scope of remediation.[3]  Defense counsel was able to, and did, ask the Gharibs' about most, if not all of those items.  (See: Ex. 1, Mr. Gharib's Deposition, pp. 53 *et. seq*.).   There are no material facts that the attached invoices and receipts would have offered that were not already provided in the personal property itemization and through Mr. Gharibs' testimony.

Mr. Gharib also recently took photographs and videos of certain damaged components in both of his properties and promptly produced those items with his affidavit attached to the Gharibs' Opposition to Defendants' Motion for Partial Summary Judgment.  As discussed in that Opposition, Defendants were given the opportunity to take similar photographs and videos when their expert performed his inspection, but he declined to inspect certain areas of those properties.  Mr. Gharib also invited Defendants to perform another inspection, during his deposition.

---

[3] See: Ex. 1 to Defendants' motion, Plaintiff Fact Sheet (4 Beresford Dr.), at p. 45-46; Ex. 2 to Defendants' motion, Plaintiff Fact Sheet (8807 S. Claiborne), at pp. 122-23.

5

### II.   The Gharibs' Should Be Permitted to Pursue Specific Claims or Damage Items.

As for specific claims or categories of damage, the Gharibs intend to seek these personal property damages, which are considerable items of damage and for which there are invoices and receipts evidencing that they are, in fact, legitimate. Many of these damaged items are the same kinds described by the Court in its previous rulings, such as *Germano FOFCOL*, Rec. Doc. 2380, p. 46-48 ("…the corrosion has damaged the copper wiring in the appliances and electronics," "[r]efrigerators are particularly susceptible to damage from the sulfur gasses due to the cool copper lines and compressor which circulate refrigerant," and "electronic systems in the Plaintiff intervenors' homes are likely to fail before their normal and expected periods of use end…[e]xamples of damaged or failed electronic systems include televisions, computers, and any other item with a circuit board"). Accordingly, the Court should deny Defendants' motion with respect to the Gharibs' personal property damage claims.

As for the diminution in value claim, the Gharibs produced appraisals of both properties and property tax assessments in their original Plaintiff Fact Sheets for both properties. (See: Ex. 1 to Defendants' motion, Plaintiff Fact Sheet (4 Beresford Dr.), at p. 11; Ex. 2 to Defendants' motion, Plaintiff Fact Sheet, (8807 S. Claiborne) p. 11). As Defendants acknowledge, a plaintiff may testify as to the value of their property. See: *Turner v. Murphy Oil USA Inc.*, 759 F.Supp. 2d 854, 857 (E.D. La. 2011) (this is "generally a subject that requires testimony by an expert witness," although in the absence of an expert, the plaintiff may testify as to the value of their property.). In *Turner*, however, the plaintiff failed to produce any evidence *whatsoever* showing the value of the property (Id. at 858) ("But she has not otherwise furnished a report by Mr. Ferrill or by her *that specifies the alleged diminution in property value* or the method that either of them would use to arrive at a particular figure.). On the other hand, here, the Gharibs have provided

6

appraisals prior to the discovery of KPT drywall in their home and property tax assessments that show the estimated values *after*.  So, Defendants have specifics regarding the diminution in value that the Gharibs will claim.  Accordingly, Defendants' motion should be denied on this issue.

Regarding the Gharibs' claims for loss of use/ alternative living expenses, the Gharibs' have found a rental home in their neighborhood, Metairie Club Estates, that has 3 bedrooms and is currently offered for rent at $8,000 per month. (See: Ex. 4, Realtor.com listing for 18 Hunter Pl., Metairie, LA).  While this home is not comparable in size or quality to the Gharibs' home (i.e. only about half the square footage), the Gharibs are simply trying to offset their costs during remediation and are amenable to renting a home that can accommodate their family.

Defense counsel claims that Mr. Gharib admitted that he considered "loss of use" damages to be their alleged property damages, which should somehow count against him.  But, defense counsel overlooks that many non-lawyers may not know what "loss of use damages" are.  Mr. Gharib clearly did not understand the question, which used legalese without providing a proper definition. (See: Gharib depo., p. 159-160) .  With respect to the Gharibs' commercial property, they receive $800 per month for each of the apartments and $1,200 per month for the Metro PCS space.  The apartment tenants have been renting from him for so long they do not have a current written lease.  Mr. Gharib will promptly produce a copy of the Metro PCS lease.

### III. The Gharibs should not be prohibited from presenting evidence of damages to property in areas where they have not produced evidence of KPT Drywall.

The Gharibs should be allowed to present evidence of damages to their entire properties, because (1) they have damage to all areas of their properties and (2) they have consistently advised Defendants of this.  In the Gharibs' Opposition to Defendants' Motion for Partial Summary Judgment, there is a detailed discussion of the kinds of damage they have sustained, attached photos and a video, and other circumstantial evidence suggesting that there is

7

substantial, additional damage to these areas. The Background Section of that Opposition is incorporated herein as if written in full.

Furthermore, Mr. Gharib testified about these damages in detail during his deposition, which means Defendants have had notice of the extent of damages he is claiming for over 3 years now (see Background section for further detail). If Defendants wanted to inspect the areas of the property that they declined to inspect (in violation of the Inspection Protocol) when their expert visited the properties, they could have done so. But, now, with trial only weeks away, it is too late.

Accordingly, the Gharibs should not be barred from presenting evidence they have adduced to support their entire claims.

### IV. Prior Verdicts in the MDL are Admissible at Trial

The Gharibs intend to use and refer to the "well-established and defined scope of work necessary to fully remediate a Chinese drywall property" and the many principles that this Court has found to be true of Defendants' defective drywall. While it is unclear what Defendants' mean by "prior verdicts," the Gharibs will be clear that they do not intend to use findings that are fact-specific to the properties at issue in those cases. However, they have every intention of using and referring to the Court's general findings on Chinese drywall, which applies to "ALL CASES" so that the "proper scope of remediation" for a contaminated property is clear. (See: FOCOL, Rec. Doc. 20741).

As much as Knauf wants to avoid it, these findings and principles are the law of the case: "The law of the case doctrine requires attention to the special authority granted to the multidistrict transferee judge and ensures that transferor courts respect the transferee court's decisions." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014). In *McKay*, the

Fifth Circuit affirmed a district court's refusal to reconsider an MDL court's rulings that Texas statute foreclosed the consumer's failure to warn claims.  The Fifth Circuit held, "[a]llowing the McKays to relitigate in the remand court issues decided by the MDL court with arguments that could have been raised but were not would "frustrate the purposes of centralized pretrial proceedings." *Id*. at 705.  Thus, the Fifth Circuit held that remand court properly applied the law of the case when it refused to reconsider the MDL court's rulings that applied to the McKays' failure to warn claims. *See, e.g.*, *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir.2007) ("[G]enerally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration."); see also *Hightower v. Aramark Educ. Servs.*, L.L.C., 537 Fed.Appx. 489, 490 (5th Cir.2013); RLI Ins. Co. v. Maxxon Sw. Inc., 108 Fed.Appx. 194, 200–01 (5th Cir.2004) (unpublished).

Accordingly, these issue of the proper scope of remediation cannot be re-litigated (for the fourth time).

## CONCLUSION

Based on the foregoing reasons, Defendants' Motion in Limine should be denied.

                    Respectfully submitted,

                    CRULL, CASTAING & LILLY

                    BY:*/s/ Peter E. Castaing*          .
                        Edward J. Castaing, Jr. #4022
                        Peter E. Castaing, #35019
                        Pan American Life Center
                        601 Poydras Street, Suite 2323
                        New Orleans, LA 70130
                        Telephone: (504) 581-7700
                        Facsimile: (504) 581-5523
                        pcastaing@cclhlaw.com

                        ***Counsel for Jawad Gharib and***
                        ***Fatme Gharib***

## CERTIFICATE OF SERVICE

      I hereby certify that on March 7, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

                                        /s/ *Peter E. Castaing*
                                             Attorney