UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** |
| | **SECTION "L"** |
| **This document relates to:** | **JUDGE ELDON FALLON** |
| Case No. 20-cv-3264 | **MAGISTRATE NORTH** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**NOW INTO COURT,** through undersigned counsel, come Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. ("KPT") (collectively, the "Knauf Defendants"), who file this Reply in support of their Motion for Partial Summary Judgment (Doc. 23360).

**A.   Plaintiffs' Redhibition Claims for the Beresford Property are Prescribed.**

  *1.   As a matter of law, Plaintiffs were required to bring redhibition claims within ten years of the contract for sale.*

Plaintiffs incorrectly assert that the 10-year prescriptive period did not apply at the time Plaintiffs purchased the alleged defective drywall. (Doc. 23375, at 15). Much to the contrary, however, at the time of Plaintiffs' purchase, Comment (b) to the 1993 Revision provided explicitly that, "[u]nder this Article, an action in redhibition prescribes ten years from the time of perfection of the contract *regardless of whether the seller was in good or bad faith."* (*See* LA. CIV. CODE art. 2534 at. cmt. (b) (citing LA. CIV. CODE art. 3499) (emphasis added)).[1] Indeed, prior to the 2021

---

[1] Louisiana Civil Code article 3499, further provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." Revision Comment (b) to Article 2534 thus clarified that Article 2534(B) was to be read in *pari materia* with Article 3499, not in lieu of Article 3499, and that the one-year discovery rule remained subject Article 3499's ten-year limit.

Amendment, several courts, including the United States Fifth Circuit Court of Appeals, correctly interpreted Article 2534 as requiring claims in redhibition to be brought within ten years. (*See, e.g., Grenier v. Med. Eng'g Corp.,* 243 F.3d 200, 206 (5th Cir. 2001)). To remove any potential ambiguity as to the appropriate application of the Comment, however, the Louisiana Legislature amended Article 2534(B) in 2021 to make clear that an action against a bad faith seller "prescribes in one year from the day the defect was discovered by the buyer *or ten years from the perfection of the contract of sale, whichever occurs first.*" (*See* LA. CIV. CODE art. 2534(B) (emphasis added)). Thus, the 2021 Amendment applies retroactively because it merely clarified—rather than changed—the existing law and, even under the pre-Amendment case law, Plaintiffs' Beresford Property redhibition claims are prescribed.

Under Louisiana Civil Code article 6, "substantive laws apply prospectively only[] [while] *[p]rocedural and interpretative laws apply both prospectively and retroactively*, unless there is a legislative expression to the contrary." *See* LA. CIV. CODE art. 6 (emphasis added)). Interpretive laws change existing standards by redefining and returning to their original meaning, providing the legislature with the opportunity to pronounce the correct interpretation to be given to existing laws." *See State, Dep't of Transp. & Dev. v. Hellenic, Inc.*, 636 So. 2d 1004, 1009 (La. App. 1 Cir. 1994). "When an existing law is not clear, a subsequent statute that *clarifies* or explains the law is deemed interpretive." *See Prysock v. Manchester Tank & Equip. Co.,* No. CIV. A. 95-2629, 1997 WL 90979, at *3 (E.D. La. Mar. 4, 1997) (emphasis added) (citing *Hellenic, Inc.*, 636 So. 2d at 1009).

Here, the language of Comment (c) to the 2021 Amendment makes clear that in amending Article 2534(B), the legislature clarified, rather than changed, the existing law. The Comment explains:

> (c) This revision also ***provides clarity*** regarding the prescriptive period for bad faith sellers. Comment (b) to the 1993 revision suggested that in all cases, "an action in redhibition prescribes ten years from the time of perfection of the contract regardless of whether the seller was in good or bad faith. See C.C. Art. 3499." Article 3499, by its terms, however, applies only to personal actions in which a prescriptive period is not "otherwise provided by legislation," whereas this Article comprehensively provides for different prescriptive periods depending both upon the characterization of the property and the good faith or bad faith of the seller. Moreover, courts' rulings were not consistent in holding whether Article 3499 was applicable in the context of redhibition. See, e.g. Tiger Bend, L.L.C. v. Temple-Inland, Inc., 56 F. Supp. 2d 686 (M.D. La. 1999); Mouton v. Generac Power Systems, Inc., 152 So. 3d 985 (La. App. 3 Cir. 2014); Grenier v. Medical Engineering Corp., 243 F. 3d 200 (5th Cir. 2001). This revision adopts a legislative solution to this issue and provides that liberative prescription for an action against a bad faith seller accrues in one year from when the defect was discovered by the buyer or ten years from the perfection of the contract of sale, whichever occurs first. For the time of perfection for a contract of sale, see Article 2439.

*See* LA. CIV. CODE art. 2534 cmt. (c) (2021) (emphasis added).[2] The 2021 amendment thus was explicitly enacted "***to provide clarity***" to the application of existing law, (*see* LA. CIV. CODE art. 2534 cmt. (c) (2021) (emphasis added)), and as such, it is interpretive and applies retroactively to bar Plaintiffs' claims. *Compare id., with id*. at cmt. (a) (referring to the amendment to Article 2534(A)) ("This revision ***changes the law*** to create uniform prescriptive periods for movables and immovables." (emphasis added));[3] *see also City of New Orleans ex rel. Landrieu,* 2012-1756 (La. App. 4 Cir. 10/23/13), 126 So. 3d 762, 767 (finding that the statute applied retroactively where its purpose was "*to clarify* the City's duty to pay the appropriated funding of the Clerk's Office as

---

[2] The only case cited in the Comment that found Article 3499 inapplicable is *Mouton v. Generac Power Sys., Inc.,* 2014-350 (La. App. 3 Cir. 11/5/14), 152 So. 3d 985, 991). The *Mouton* court, however, only made this finding in response to the plaintiff's argument that the ten-year period, *rather than* the four-year or one-year periods provided for in Article 2534(A), provided the appropriate prescriptive period for his claim. *See id.* at 990-991. The court never explicitly addressed whether the ten-year period referenced in Comment (b) created "an absolute deadline for prescription of a redhibitory claim in conjunction with the discovery of a defect," which was the argument made by the defendant manufacturer, but simply agreed with the defendant that the plaintiff's "reliance on Comment (b) [was] misplaced." *See id*. at 990 n.4. The court went on to find the plaintiff's claim prescribed under both the four-year and one-year prescriptive periods. *See generally, id.* at 993.

[3] It should be noted that laws of prescription are procedural in nature. Thus, even if the 2021 amendment did change the law, it would nevertheless qualify as procedural and still apply retroactively. *See Lott v. Haley,* 370 So.2d 521, 523 (La. 1979) ("[S]tatutes of limitation [the common law analog to statutes of peremption or prescription] are remedial in nature and as such are generally accorded retroactive application."). As further explained herein, however, the 2021 amendment did not change the law and is most appropriately categorized as interpretive.

Page 3 of 11

mandated by state statutes" (emphasis added)); *Delaney v. Agency Rent-A-Car, Inc.*, 616 So. 2d 869, 871 (La. App. 3 Cir. 1993) (finding the law retroactive where it was enacted "*to clarify* what it stated in Act 626 during the preceding legislative year" (emphasis added)).

Additionally, the fact that several courts prior to the 2021 Amendment interpreted Article 2534(B) and the comments to the article as providing a ten-year prescriptive period further evidences the fact that the 2021 Amendment is interpretive and applies retroactively. For example, in *Grenier v. Med. Eng'g Corp.,* the United States Fifth Circuit Court of Appeals agreed with the district court that Revision Comment (b) to Louisiana Civil Code article 2534 created a ten-year prescriptive period on all redhibitions claims. 243 F.3d at 206 ("In 1995, the Louisiana legislature amended the redhibition statutes to provide that all redhibition claims 'prescribe ten years from the time of the perfection of the contract regardless of whether the seller was in good or bad faith. *See* [Civil Code] Art. 3499.'" (quoting LA. CIV. CODE art. 2534 cmt. (b)).[4] Moreover, at least two decisions from the Middle District of Louisiana concluded, prior to the 2021 amendment, that Article 2534 provided for an outer ten-year limit on actions in redhibition. *See Tiger Bend, L.L.C. v. Temple-Inland, Inc.,* 56 F. Supp. 2d 686, 689 (M.D. La. 1999) (Polozala, J.); *Leo v. Jeld-Wen, Inc.,* No. CV 16-00605-BAJ-EWD, 2018 WL 2187408, at *3 n.2 (M.D. La. May 11, 2018) (Jackson, J.). Accordingly, even prior to the 2021 Amendment, the precedent from this Circuit would require this Court to find Plaintiffs' claims prescribed.

It is also important to note that Plaintiffs' reliance on *Tiger Bend* in their Opposition, (*see* Doc. 23371, at 15), is misplaced. In *Tiger Bend,* Judge Polozola specifically addressed the

---

[4] The issue before the *Grenier* Court was whether "*this new, ten-year prescription period* applies retroactively to contracts formed before the [1995] effective date of the amendment." *See Grenier,* 243 F.3d at 206 (emphasis added). Although the Court found that the ten-year limit provided for in Comment (b) to Article 2534 did not work to bar the *1994-filed* claim, the Court clearly observed that redhibition claims on post-1995 transactions must be brought within ten years. *See generally, id.*

plaintiff's argument that the ten-year period provided for in Article 2534 was nevertheless subject to the doctrine of *contra non valentum*—the "judicially created exception to the running of prescription" . . . "[w]here the cause of action is not known or reasonably knowable by the plaintiff." *See* 56 F. Supp. 2d at 690-91 (quoting *Corsey v. State of Louisiana*, 375 So.2d 1319, 1321–22 (La. 1979) (internal quotations omitted)). Although the court ultimately found that the plaintiff's claim would be prescribed even under the doctrine of *contra non valentum,* the court explained the problem with the plaintiff's argument as follows:

> Under both *contra non valentem* and article 2534, the running of prescription depends on the plaintiff's knowledge of the cause of action, i.e. discovery of the defect. Thus, [under plaintiff's argument,] the effect is the same regardless of whether the Court follows the guidance of comment (b) or not. If the Court follows comment (b), plaintiff asserts that *contra non valentum* suspended article 3499's ten year prescriptive period from running until discovery of the defect. Once discovery of the defect occurs, then article 2534 applies and plaintiff has one year to file its action. However, if the Court declines to follow comment (b) and article 3499's prescriptive period never applies, prescription does not commence until discovery of the defect. In both cases the effect is the same; prescription is one year from discovery. **In short, comment (b) is simply superfluous and unnecessary.**

*See Tiger Bend,* 56 F. Supp. 2d at 691 (emphasis added). The court also note[d] that "plaintiff's argument would establish an unlimited time period in which a party could bring a redhibitory action, assuming it is brought within one year of discovery[, which] . . . argument goes against the fundamental purpose of establishing prescriptive statutes." *See id.* at 690.

In their Opposition, Plaintiffs cite *Tiger Bend* for the proposition that there was no ten-year *peremptive* period in place at the time Plaintiffs purchased the at-issue drywall. (*See* Doc. 23371, at 15). However, the fact that the ten-year period was prescriptive—and remains prescriptive following the 2021 amendment—has no impact on the timeliness of Plaintiffs' claims. The *Tiger Bend* court explicitly found that, in order to appropriately apply the article as intended by the Louisiana Legislature, the ten-year period must act as an outer limit on the one-year discovery

rule. *See id.* at 691 (finding that to hold otherwise would render the comment "simply superfluous and unnecessary"); *see also Leo v. Jeld-Wen, Inc.*, 2018 WL 2187408, at *3 n.2 ("Article 2534, in conjunction with article 3499, now imposes an absolute ten-year limit on bringing a suit in redhibition." (citing *Tiger Bend*, 56 F. Supp. 2d 686 (additional citations omitted)). Moreover, the 2021 Amendment explicitly affirmed the *Tiger Bend* court's finding that the ten-year period for a claim against a bad faith seller, although prescriptive, cannot be extended under the one-year discovery rule or the doctrine of *contra non valentum*. (*See* LA. CIV. CODE art. 2534 cmt. (c) (2021) ("This revision adopts a legislative solution to this issue and provides that *liberative prescription* for an action against a bad faith seller accrues in one year from when the defect was discovered by the buyer *or* ten years from the perfection of the contract of sale, *whichever occurs first.*" (emphasis added)). The *Tiger Bend* decision accordingly supports the Knauf Defendants' Motion for Partial Summary Judgment, and Plaintiffs have failed to show why the ten-year period should not apply to bar their claim.

The unambiguous language of the 2021 and 1993 Revision Comments, the binding Fifth Circuit precedent in *Grenier*, and the findings from the Middle District of Louisiana in *Tiger Bend* and *Leo* readily demonstrate that the law prior to the 2021 Amendment to Article 2534 provided that claims against bad-faith sellers in redhibition must be brought within ten years of the perfection of the contract of sale. Therefore, as a matter of law, Plaintiffs' redhibition claim must have been brought within 10 years of the perfection of the contract for sale of the drywall.[5]

---

[5] This is assuming Plaintiffs have a redhibition claim against Gips. Gips is not the manufacturer of the KPT drywall, there is no evidence of any knowledge of the existence of any alleged defect at the time of sale/delivery, and there is no evidence that Gips sold KPT drywall. Regardless, the claims are prescribed by ten-year liberative prescription.

> 2. *Plaintiffs failed to bring redhibition claims for the Beresford Property within ten years of the contract for sale, and therefore, their claims are prescribed.*

Plaintiffs assert without supporting evidence that it is "possible" that the contract for sale was not perfected until after the undisputed date of installation on January 7, 2006. (*See* Doc. 23375, at 16). "The thing, the price, and the consent of the parties are requirements for the perfection of a sale." (LA. CIV. CODE art. 2439). A contract of sale is considered to be perfected between the parties, and the property is of right acquired by the buyer with regard to the seller, as soon as the object and the price are agreed upon although delivery has not been made nor the price paid. (LA. CIV. CODE art. 2456). The Louisiana Supreme Court has further explained that "it is not essential that specific sum of sales price be stated at time of contracting and parties can agree that price may be ascertained by computation or that price may be fixed by arbitration or parties can consent to buy and to sell a certain thing for a reasonable price." *See Benglis Sash & Door Co. v. Leonards*, 387 So. 2d 1171 (La. 1980) (citing LA. CIV. CODE. art. 2439). Moreover, in the case of a contract for sale of drywall, a movable, "[w]hen the thing sold is a movable of the kind that the seller habitually sells and the parties said nothing about the price, or left it to be agreed later and they fail to agree, the price is a reasonable price at the time and place of delivery." *See* LA. CIV. CODE art. 2466; *see also Diversified Foods & Seasonings, Inc. v. AFC Enterprises, Inc.*, No. 09-3529, 2010 WL 2244126, at *4 (E.D. La. June 1, 2010).

Here, Plaintiffs' sole factual argument that it is "possible that drywall could have been delivered before finalizing the terms of the sale" is completely erroneous. Per the Court's order, Plaintiffs set forth plaintiff profile submissions that provided that the Chinese drywall was *installed* in their property on January 7, 2006. (*See* Plaintiffs' Sworn Supplemental Plaintiff Profile Forms, Doc. 23360-2, at 2, § 2). This statement was provided "under the penalty of perjury" and Plaintiffs certified that the answer was true and correct to the best of [their] knowledge." *See id*. at 7.

Plaintiffs did not dispute this in deposition, (*see* Doc. 23375-5), by affidavit filed in opposition to the motion, (*see* 23375-1), in their statement of contested facts, (*see* Doc. 23375-8), or through any other evidence.

Rather, the undisputed evidence reflects that Mr. Gharib contacted Interior-Exterior, and there was consent to the thing and price because the drywall was delivered, ownership was acquired, and the drywall was subsequently installed, on January 7, 2006.[6] *See Benglis Sash*, 387 So. 2d 1171 (citing LA. CIV. CODE. art. 2439); (*see also* LA. CIV. CODE art. 2456). Even assuming the absurd argument that a price was not agreed at the time the drywall was ordered or delivered (which was before the installation date of January 7, 2006), the drywall is a movable thing, of the kind habitually sold by Interior-Exterior,[7] and the sale would be perfected at a "reasonable price" at the time of delivery if not sooner. *See Diversified Foods,* 2010 WL 2244126, at *4 (finding that in the event that discovery does not reveal an agreed price or method for a contract, a reasonable price should be supplied under LA. CIV. CODE art. 2466; *Conkling v. Turner*, 18 F.3d 1258, 1301–02 (5th Cir. 1994)). Based on this undisputed evidence, there is no genuine issue of fact that the contract for sale for the alleged Chinese drywall was perfected no later than January 7, 2006, the installation date of the drywall. Therefore, as a matter of law, Plaintiffs did not bring their claims within ten years of the perfection of the contract for sale and their redhibition claims for the Beresford Property are prescribed.

---

[6] Mr. Gharib indicated in his deposition that he purchased the drywall directly from Interior-Exterior and that he either called or went to their location because he had been there "many times," although he did not have any records of how he paid for the drywall. *See* Deposition of Jawed Gharib, Doc. 23375-5, at 112:2-23.

[7] *See id.*; *see also* Doc. 12258-3 (Amended Interior-Exterior Settlement); Doc. 8818 (Preliminary Approval of Interior Exterior Settlement, at 2-3); Doc. 16570 (Order and Judgment Approving Interior-Exterior Settlement).

**B.     Plaintiffs cannot meet their burden of causation or damages for the first or third floors of the Claiborne Property or the second floor of the Beresford Property.**

First, Plaintiffs continue to confuse their burden at trial by referencing the "law of the case" doctrine and the *Germano* and *Hernandez* FOFCOL. (*See* Doc. 23375). For the reasons set forth in the Knauf Defendants' Opposition to the Plaintiffs' Motion for Partial Summary Judgment, (*see* Doc. 23370 at 6-24), and Opposition to Plaintiffs' Motion *in Limine*, (*see* Doc. 23369-1, at 2-23), which is incorporated here by reference, this Court's earlier rulings are not the "law of this case" for the simple and fundamental reason that *they were not issued in this case*. Indeed, in concluding the prior *Germano* FOFCOL were not applicable to subsequent parties not part of the earlier default proceeding, this Court recognized that "[w]hat sets Taishan apart from the other defendants is that it was defaulted by the District Judge …[and] the only issue to be decided [as to Taishan] is the quantum of damages." *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 09-MD-2047, 2022 WL 17684805, at *1 (E.D. La. Nov. 28, 2022), *report and recommendation adopted,* No. 09-MD-2047, 2022 WL 17672496 (E.D. La. Dec. 14, 2022). Plaintiffs bear the burden of proving causation and damages, including the appropriate scope of remediation.

Second, Plaintiffs failure to raise a genuine issue of fact by setting forth evidence of causation or damages to the second floor of Beresford Property and the first and third floors of the Claiborne Property renders summary judgment appropriate. Plaintiffs spend several pages discussing the knowledge of Mr. Gharib as to the layout of his properties, his opinions as to the cause of the alleged damages, and the recent photographs taken by Mr. Gharib that Plaintiffs allege show corrosion as a result of Chinese drywall.[8] Plaintiffs, however, have set forth no evidence of

---

[8] The photographs attached to the opposition were not produced to the Knauf Defendants within the Court's CMO and should be ignored by this Court. *See Durant v. City of Gretna*, No. CV 19-147, 2021 WL 5113147, at *5 (E.D. La. Nov. 3, 2021) (stating that plaintiff would be barred from using documentary evidence in future motions or trial that he did not produce during discovery (citing FED. R. CIV. P. 37(c)(1))).

causation or damages to the first floor of the Claiborne Property as Plaintiffs' expert, Shawn Macomber, did not issue any opinions regarding damages to this area,[9] and therefore, Plaintiffs cannot meet their burden at trial. *See TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002) ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."). Moreover, although Mr. Macomber sets forth damages for the second floor of the Beresford Property and the third floor of the Claiborne Property, Mr. Ersham does not set forth any individual opinions regarding specific causation.[10] The Knauf Defendants concede that Mr. Macomber adopts the Court's FOFCOL in *Germano* in his expert report, and if appropriate, this opinion merely raises an issue to determine as to the scope of remediation *after* causation is established. Plaintiffs' own expert, Howard Ersham, has testified as to the need for an individual inspection and causation opinion as to alleged damages.[11] Plaintiffs have not provided this evidence and will be unable to meet their burden. Therefore, summary judgment is appropriate.

---

[9] Deposition of Shawn Macomber, Doc. 23350-9, at 110:5–25; 111:1-6) (explaining that he specifically excluded the commercial spaces of the Claiborne Property from his damages calculation for lack of evidence of KPT Drywall).

[10] Deposition of Howard Ersham, Doc. 23350-10, at 41:3-42:20 (admitting that he "can[not] offer any opinions as to what the extent of corrosion is with respect to the individual property owners in the Bennett case"); *see also id*., at 48:6-22 ("[F]or the homes that you inspected personally, are you providing any expert opinion as to whether any particular individual sustained property damage due to KPT Chinese drywall? A. I'm opinion to the generic effects of KPT drywall on property in general, not at any particular property. Q. Okay, So the answer to that is you are not providing any individual causation opinions with respect to individual properties that may have KPT drywall in it? A. Correct. Q. Thank you, sir. You are not offering any opinions as to any individual damages that were allegedly sustained due to the presence of uppercase KPT drywall, true? A. True.").

[11] *See id*. at 76:7-80:13 (testifying that the only way to distinguish whether damage is from reactive drywall, and to what extent that damage was caused by uppercase KPT drywall, is to individually inspect and test the component parts and personal property located inside the individual properties); *Id*. at 71:18-72:1 (explaining that, to rule out other factors or causes, an inspection must be performed); *Id*. at 111:10-15 (stating that he cannot offer any opinions as to whether an item is impacted by Chinese drywall without having physically inspected it).

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Daniel J. Dysart*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
**REBEKKA C. VEITH (#36062)**
**MICHAEL R. DODSON (#37450)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:  504.556.5549
Facsimile:  504.949.8202
Email:  kmiller@fishmanhaygood.com
Email:  pthibodeaux@fishmanhaygood.com
Email:  ddysart@fishmanhaygood.com
Email:  rveith@fishmanhaygood.com
Email:  mdodson@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf New Building System (Tianjin) Co. Ltd.*
*(f/k/a Knauf Plasterboard (Tianjin) Co., Ltd.)*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 14th day of March, 2023.

*/s/ Daniel J. Dysart*
**DANIEL J. DYSART**