UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| This document relates to: | JUDGE ELDON FALLON |
| Case No. 20-cv-3264 | MAGISTRATE NORTH |

**KNAUF DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE CERTAIN EVIDENCE**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. ("KPT") (collectively, the "Knauf Defendants"), submit the following memorandum in reply to Plaintiffs Jawad and Fatme Gharib's opposition to the Knauf Defendants' motion *in limine* to exclude certain evidence at the trial of the Gharibs' claims.

**I.    The Knauf Defendants seek only to exclude any evidence not produced by the Gharibs in discovery. The Gharibs' attempt to offer new evidence through their opposition is precisely the type of ambush the Knauf Defendants seek to exclude at trial.**

A centerpiece of the relief requested by the Knauf Defendants in their motion is their request that this Court prohibit the Gharibs from introducing at the trial of this matter any documents that the Gharibs did not turn over in discovery. Incredibly, in their opposition, the Gharibs agree that they have not yet submitted sufficient evidence to support their claims for personal property damages, loss of use damages, and damages to the portions of their properties in which no KPT drywall was located. But the Gharibs argue that this evidence should nevertheless

be permitted at trial because they either have recently produced it or will do so "promptly." The Gharibs' last-minute attempt to supplement the record with new evidence supporting their damage claims is impermissible trial by ambush, and the Gharibs should not be permitted to utilize this evidence at trial. *See Spotted Cat, LLC v. Bass*, No. 13-6100, 2014 WL 5209943, at *4 (E.D. La. Oct. 14, 2014) (granting motion *in limine* to exclude certain evidence "because it was not produced in discovery").

> **a.  The Gharibs *admit* that they will seek to introduce at trial evidence supporting their personal property damages not supplied to the Knauf Defendants until March of 2023. This evidence, along with any other evidence not produced in discovery, should be excluded from trial.**

The Gharibs devote much of their argument in opposition to explaining that their former counsel provided a post-deposition production to the Knauf Defendants. That fact is not in dispute, and the Knauf Defendants do not, by their motion, seek to exclude from evidence any of the documents provided in this post-deposition production, though they reserve the right to do so before or during trial on other grounds, such as admissibility. The salient issue is that the Gharibs have not produced evidence to show the value of a majority of the personal property items they claim were damaged, and they have produced *no evidence* to show that any of that personal property *was actually damaged*.

The Gharibs know this, because in their opposition, they inform the Court and, for the first time, the Knauf Defendants, that they "recently took photographs and videos of certain damaged components in both of [their] properties and promptly produced those items with [Mr. Gharib's] affidavit" filed in support of the Gharibs' opposition to the Knauf Defendants' motion for summary judgment. (*See* Doc. 23372, at 5). This post-discovery, pre-trial ambush of new evidence purportedly supporting the Gharibs' damages is precisely what the Knauf Defendants seek through

their motion to avoid. The Gharibs should be prohibited from introducing at trial these photographs, videos, and any other evidence not produced in discovery.

> **b.     The Gharibs also admit they will attempt at trial to introduce evidence not yet produced to support their loss of use claims. Here again, this evidence should be excluded.**

In response to the Knauf Defendants pointing out in their motion that the Gharibs have never supplied any evidence to show their loss of use damages beyond the inadmissible attachment to their SPPF (wherein Plaintiffs state that they believe they are owed a certain amount of money for each property they own based on prior rulings by this Court), the Gharibs, for the first time, submit to the court that they now have evidence of the rental price for a home comparable (or, in their words, "not comparable") to the property at Beresford Drive and "will promptly produce" a copy of one lease agreement at 8807 S. Claiborne. The Gharibs thus admit that, until the filing of their opposition memorandum, they never supplied the Knauf Defendants with any evidence competent to support their loss of use damages for either property. *See Nunez v. St. Bernard Parish. Fire Dep't*, 519 So. 2d 857, 862 (La. App. 4 Cir. 1988) (quoting *Chiss v. Manchester Ins. & Indemnity Co.*, 308 So. 2d 803 (La. App. 4 Cir. 1975)) ("The normal measure of damages for loss of use is the rental value of similar property and perhaps necessary incidental expenses."); *Burmaster v. Plaquemines Parish Gov't*, 2010-1543 (La. App. 4 Cir. 3/30/11), 64 So. 3d 312, 319 ("'[L]oss of business income' is the measure of damages for the 'loss of use' of commercial property.").

This years-late surprise provision of new evidence to support the Gharibs' claims is exactly what the Knauf Defendants seek to avoid through their motion. Because the Gharibs failed during years of discovery to supply any information as to rental values for properties comparable to their

home on Beresford Drive or any information as to business income lost from their rental property on S. Claiborne, they cannot now seek to produce that information and use it as evidence at trial.

    **c.    The Gharibs admit that they did not produce any evidence of damage to the portions of their property where there is no evidence of KPT drywall prior to the filing of their summary judgment opposition in March of 2023. This eleventh-hour evidence should not be permitted at trial.**

Finally, the Gharibs also admit that the first time they purported to show damage in portions of their properties where there has never been evidence of KPT drywall was in connection with their opposition to the Knauf Defendants' motion for summary judgment, which was filed March 7, 2023. (*See* Doc. 23771-1). For all the same reasons set forth above with respect to the Gharibs' late production of personal property damage evidence, this evidence should be excluded from the trial of this matter.

But the Gharibs miss the point set forth in the Knauf Defendants' motion, which is as follows: the Gharibs have produced no evidence to show the presence of KPT drywall on the first and third floors of their commercial property on South Claiborne and on the second floor of their home on Beresford Drive. They have *also* failed to obtain any expert opinion that would support a finding that KPT drywall on one floor of a property could cause damage to entirely separate floors. So because the Gharibs cannot establish that the Knauf Defendants could have caused damage to those separate floors of their property, they should be prevented, at trial, from attempting to present evidence of damage to those floors and any property contained therein.

**II.    The Gharibs have never produced competent evidence to support diminution in value damages.**

The Gharibs misunderstand the law on evidence required to show diminution in value damages. As set forth in the Knauf Defendants' original motion, this type of damage usually requires expert testimony to show depreciation, which the Gharibs concede they do not have. *See*

*Turner v. Murphy Oil USA Inc.*, 759 F. Supp. 2d 854, 857 (E.D. La. 2011); Doc. 23372 at 6. Alternatively, a witness may testify about the value of their own property but that testimony is still subject to general principles of admissibility of evidence, such as Federal Rule of Evidence 602's requirement that a witness have personal knowledge on the topic to which they testify.

The Gharibs argue that because they produced in discovery appraisals of their property pre-discovery of defective drywall and property tax assessments showing the value of the property thereafter, they have submitted sufficient evidence to permit them to testify as to the value of their property. Setting aside the obvious evidentiary issues with comparing a professional appraisal with a property tax assessment valuation, what the Gharibs ignore is that they have *expressly disclaimed* any knowledge of how their property may have diminished in value since the pre-damage appraisals. (*See* Doc. 23359-2, at 5; Doc. 23359-3, at 5; Doc. 23359-4). The Gharibs have thus "not adduced either of the[] types of evidence" that would be admissible to show diminution in value "in advance of trial" such that they should be prohibited from attempting to present such evidence at trial. *See Turner*, 759 F. Supp. 2d at 858.

### III. Prior verdicts from other trials in this MDL are not admissible as evidence at this trial.

In their opposition, the Gharibs explain they have "every intention" of using and referring to this Court's Findings of Fact and Conclusions of Law from the *Germano* case as proof of the "proper scope of remediation" for a contaminated property. (*See* Doc. 23372 at 8). For the reasons set forth in the Knauf Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment, (*see* Doc. 23370 at 6-24), and Opposition to Plaintiffs' Motion *in Limine*, (*see* Doc. 23369-1, at 2-23), which is incorporated herein by reference, this Court's earlier rulings are not the "law of this case" for the simple and fundamental reason that *they were not issued in this case*. Indeed, in concluding the prior *Germano* Findings of Fact and Conclusions of Law were not applicable to

subsequent parties not part of the earlier default proceeding, this Court has recognized that "[w]hat sets Taishan apart from the other defendants is that it was defaulted by the District Judge …[and] the only issue to be decided [as to Taishan] is the quantum of damages." *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 09-MD-2047, 2022 WL 17684805, at *1 (E.D. La. Nov. 28, 2022), *report and recommendation adopted,* No. 09-MD-2047, 2022 WL 17672496 (E.D. La. Dec. 14, 2022). Plaintiffs have the burden to prove all elements of their case, and they should not be permitted to curtail this burden through the admission of evidence submitted in a separate case against unrelated *defaulting* defendants. The Knauf Defendants' motion should be granted.

**IV.      The Gharibs concede that they have no evidence of any express warranty.**

Finally, the Knauf Defendants in their motion also sought an order prohibiting the Gharibs from attempting to introduce any evidence of an express warranty between the Knauf Defendants and the Gharibs because no such warranty was ever produced in discovery. The Gharibs offer no argument against this request for relief in their opposition. They have therefore waived any opposition. *See Jones v. Jefferson Parish*, No. 12-2191, 2013 WL 871539, at *3 (E.D. La. Mar. 8, 2013) (explaining "failure to brief [an] issue waives any argument [a party] might have in opposition to it"). This Court should therefore grant the Knauf Defendants' request for an order prohibiting presentation of any evidence on an express warranty by the Knauf Defendants as unopposed.

## **CONCLUSION**

For the foregoing reasons, and as set forth more fully in the Knauf Defendants' original motion, the Knauf Defendants seek an order preventing the Gharibs from introducing at trial:

(a)     Evidence showing "lost value or devaluation" of their properties that was not produced in discovery;

(b)     Prejudicial evidence purporting to support "loss of use" damages and any other evidence supporting "loss of use" damages that has not been produced in discovery;

(c)     Evidence showing personal property damage that was not produced in discovery or is irrelevant;

(d)     Evidence supporting the Gharibs' claim under the LPLA for breach of express warranty;

(e)     Evidence of damages to property in areas where they have no evidence of KPT Drywall; and

(f)     Evidence of prior liability verdicts against the Knauf Defendants.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Daniel J. Dysart*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
**REBEKKA C. VEITH (#36062)**
**MICHAEL R. DODSON (#37450)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.949.8202
Email:    kmiller@fishmanhaygood.com
Email:    pthibodeaux@fishmanhaygood.com
Email:    ddysart@fishmanhaygood.com
Email:    rveith@fishmanhaygood.com
Email:    mdodson@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf New Building System (Tianjin) Co. Ltd.*
*(f/k/a Knauf Plasterboard (Tianjin) Co., Ltd.)*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 14th day of March, 2023.

                                        */s/ Daniel J. Dysart*
                                        **DANIEL J. DYSART**