UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE DRYWALL           MDL
PRODUCTS LIABILITY LITIGATION
                                  NO. 09-2047

REF: 20-3264                      SECTION "L" (5)

**ORDER AND REASONS**

The Court has before it four motions in this matter. Plaintiffs Jawad and Fatme Gharib ("Gharib") and Defendants have each filed a motion in limine seeking the exclusion at trial of certain evidence, R. Doc. 23361; 23359, as well as a motion for partial summary judgment, R. Doc. 23361; 23360. All four motions are opposed. R. Doc. 23378; 23373; 23370; 23375. Having considered the parties' arguments, exhibits, and the applicable law, the Court rules as follows.

I.   BACKGROUND

This case is part of the Chinese Drywall multi-district litigation ("MDL") that arose after thousands of plaintiffs in several states filed suits alleging that drywall used in their homes was defective. The plaintiffs claimed that the drywall, which was manufactured in China, emitted gases, damaged wiring and appliances, and sometimes caused physical afflictions to their homes' residents. On June 15, 2009, pursuant to a transfer order from the United States Judicial Panel on Multidistrict Litigation, all federal cases involving Chinese Drywall were consolidated for pretrial proceedings in MDL No. 2047 before this Court.

The drywall at issue is largely attributable to two groups of defendants: the Knauf Defendants, German-based manufacturers whose Chinese subsidiary sold some of the drywall; and the Taishan Defendants, Chinese-based manufacturers who produced some of the drywall. The

present motion relates to the Knauf Defendants. On February 7, 2013, the Court approved a class action settlement agreement between the Knauf Defendants and several classes of plaintiffs. R. Doc. 16570. Thus, most claims against the Knauf Defendants within this MDL have been resolved. However, some plaintiffs have filed more recent claims against the Knauf Defendants, including Gharib, whose claims relate to the present motion. Gharib owns two properties, one residential and one commercial, that were allegedly affected by defective drywall that the Knauf Defendants manufactured, sold, or installed. Gharib filed his claims in January of 2016. In November of 2020, this Court ordered Gharib's claims severed from the MDL. In November of 2022, this Court set this case to go to trial in April of 2023.

## II.  DISCUSSION

The Court will discuss each of the four motions before it in turn.

**A.  Defendants' Motion in Limine**

Defendants move this Court to exclude several categories of evidence which Gharib may seek to introduce at trial. R. Doc. 23359-1. These categories are:

> (a) Evidence showing "lost value or devaluation" of their properties that was not produced in discovery; (b) Prejudicial evidence purporting to support "loss of use" damages and any other evidence supporting "loss of use" damages that has not been produced in discovery; (c) Evidence showing personal property damage that was not produced in discovery or is irrelevant; (d) Evidence supporting the Gharibs' claim under the LPLA for breach of express warranty; (e) Evidence of damages to property in areas where they have no evidence of KPT Drywall; and (f) Evidence of prior liability verdicts against the Knauf Defendants.
> *Id.* at 10.

### 1.  Categories (a), (b), and (c)

In support of its motion to exclude the evidence in categories (a), (b), and (c), Defendants point to Federal Rule of Civil Procedure 37(c)(1), which states that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to

use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Since discovery in this matter closed in February of 2020, Defendants assert that any documents not submitted to them by Gharib before the court-ordered deadline, *see* R. Doc. 22359, should be excluded.

On the other hand, Gharib argues that it is unclear whether Plaintiffs in fact failed to produce the identified evidence prior to the deadline and that, even if they did, that failure was harmless and thus the evidence should not be excluded under Rule 37(c)(1). R. Doc. 23373 at 1–5. The Court agrees. Whether or not Plaintiffs' prior counsel in fact produced the documents prior to the deadline as Plaintiffs assert, Defendants have long been on notice of the substance and scope of Plaintiffs' claims. Plaintiffs have provided detailed itemizations of all personal property that they claim was damaged by the Chinese drywall installed in Gharib's properties, and defense counsel had the opportunity to depose Mr. Gharib about those items, as well as to inspect the properties. Plaintiffs have produced appraisals and property tax assessments of both properties to show alleged devaluation of the properties as a result of the defective drywall. Plaintiffs have produced evidence of loss of use expenses pertaining at least to their residential property. Given the length of time, over two years between the official close of discovery and the trial date set in this matter, and given that the identified documents either were produced on time or were subsequently produced, Defendant's motion to exclude the evidence in categories (a), (b), and (c) is denied.

   2. **Category (d)**

Pointing again to Rule 37(c)(1), Defendants argue that Plaintiffs should be prohibited from attempting to show at trial that Defendants' drywall was unreasonably

3

dangerous in that it failed to confirm to an express warranty because Plaintiffs have not produced in discovery any evidence of an express warranty. R. Doc. 23359-1 at 7–8. In their response, Plaintiffs do not address this argument, nor do they assert that they have in fact produced any evidence of an express warranty. Given that trial in this matter is scheduled to begin in less than six weeks, the Court agrees that it would not be harmless to allow Plaintiffs to attempt to show at trial that an express warranty in fact existed without having produced any evidence thereto in pretrial discovery. Accordingly, Defendants' motion to exclude as to category (d) is granted.

### 3. Category (e)

Defendants assert that, to date, Gharib has only presented evidence of the presence of Chinese drywall in certain areas of Plaintiffs' two allegedly damaged properties; thus, they argue that Gharib should be prohibited from presenting evidence of damages to the properties in any other areas. R. Doc. 23359-1 at 8–9. But, as Gharib points out, the lack of Chinese drywall in those areas does not necessarily mean the lack of damage caused by Chinese drywall. R. Doc. 23373 at 7–8. Defendants have long been on notice that Gharib claims damages to all areas of his two properties, and had the opportunity to both depose Mr. Gharib about those claimed damages and to inspect the properties. Whether Plaintiffs are able to demonstrate at trial that the presence of Chinese drywall in one area of a property can cause damage in another remains to be seen, but Defendants' motion to exclude this evidence is denied.

### 4. Category (f)

Finally, Defendants move this Court to exclude evidence of prior liability verdicts against the Knauf Defendants in other cases. Courts frequently exclude evidence of prior

4

lawsuits involving one party to a suit as "substantially more prejudicial than probative" and therefore inadmissible under Federal Rule of Evidence 403. *See McDuffie v. Hillstone Restaurant Grp.*, No. 2017 WL 11540064, at *3 (E.D. La. July 7, 2017). Accordingly, Defendants assert that past verdicts against them "are not relevant to whether Defendants breached their duty in this case" and "would have the potential to mislead or confuse the jury." *Id.* The Court agrees. Any past verdicts against Defendants, even those also involving Chinese drywall, are not relevant to the instant proceeding and thus must be excluded under FRE 403. Defendants' motion to exclude as to evidence of prior liability verdicts against them is thus granted.

### B. Plaintiffs' Motion for Partial Summary Judgment

Next, Plaintiff moves for partial summary judgment on one issue: the proper scope of remediation for a property affected by Chinese drywall. R. Doc. 23361-1. Plaintiff seeks a summary judgment finding that this Court's *Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages Hearing*, R. Doc. 20741, apply to this case as law of the case; specially, this Court's ruling that complete remediation of the property, and not just the areas in which Chinese drywall is actually present, is required. *Id.* at 16–17.

On the other hand, Defendants argue that those findings and conclusions are not the law of this case, because they were not issued in this case, but as part of an earlier separate class action in which neither Plaintiffs nor the instant Defendants were parties. R. Doc. 23370 at 1–2.

Summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir.

2018) (internal quotation marks and citations omitted) When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Under the law-of-the-case doctrine, when "a court of competent jurisdiction decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1423 (5th Cir. 1995) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). Gharib argues that this Court's prior findings and conclusions in R. Doc. 20741 of this Multi-District Litigation ("MDL") are 'law of the case' and thus apply to the instant matter.

But an MDL is not a class-action, and this is not the "same case." Although this Court did indicate in R. Doc. 20741 that it applied to "ALL CASES[,]" the correct understanding of that label is that the that document applied to all cases *within the group* for which the Court held the bellwether bench trial resulting in R. Doc. 20741's findings of fact and conclusions of law. Neither Gharib nor the instant Defendants were party to that grouping, and Gharib thus cannot subvert his burden of proof in this case by relying on this Court's prior scope of mediation rulings.

*McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014), which Gharib cites, does not change this result. In *McKay*, the Fifth Circuit affirmed a district court's refusal to reconsider the MDL court's rulings after the matter was remanded, holding that "[a]llowing the McKays to relitigate in the remand court issues decided by the MDL court . . . would frustrate the purposes of centralized pretrial proceedings." *Id.* at 705 (internal quotation marks omitted). But in *McKay*, the Fifth Circuit affirmed the district court's refusal to reconsider the MDL court's findings *specific to the McKay's case*; rather than, as Plaintiffs asks the Court to do here, rulings

made by the MDL court with regard to wholly separate cases also within the MDL. Accordingly, there remains a genuine issue of material fact as to the proper scope of remediation to be applied should Plaintiffs prove Defendants' liability for their alleged damages, and summary judgment on this issue would be inappropriate.

### C. Plaintiffs' Motion in Limine

In conjunction with their motion for partial summary judgment, Plaintiffs also move this Court to exclude the testimony of Defendants' expert Phillip A. Adams. R. Doc. 23363. Defendants seek to introduce Mr. Adams' testimony as to the proper scope and costs of remediation in this matter. Because Mr. Adams' expert opinion conflicts with this Court's prior findings of fact and conclusions of law as to the proper scope necessary to remediate properties damaged by Chinese drywall in R. Doc. 20741, Plaintiffs argue that Mr. Adams' testimony is unreliable and must thus be excluded under *Daubert*. However, as discussed *supra*, this Court's prior findings of fact and conclusions of law in R. Doc. 20741 do not apply to the instant matter. Accordingly, Mr. Adams' disagreement with those findings and conclusions does not render his testimony unreliable. Plaintiff's motion to exclude this expert testimony is thus denied.

### D. Defendants' Motion for Partial Summary Judgment

Finally, Defendants have also moved for partial summary judgment as to two issues. R. Doc. 23360-1 at 2. First, Defendants argue that Plaintiffs' redhibition claim for damages to the Gharibs' residential property is prescribed under Louisiana law. Second, Defendants ask the Court to dismiss Plaintiffs' claims for damages to any area of their properties beyond those in which the presence of Chinese drywall has been specifically identified.

#### 1. Redhibition

Gharib has pleaded that the Chinese drywall was installed in his residential property on January 7, 2006. R. Doc. 23375 at 16. Plaintiffs brought the instant claims against Defendants on January 31, 2016. Louisiana Civil Code article 2534 provides for a maximum ten-year limit on the time to bring a redhibition claim against sellers "who knew, or [are] presumed to have known, of the existence of the defect in the thing sold," such as manufacturers. See LA CIV. CODE arts. 2534(B), 2545. While Article 2534(B) was not amended to make this ten-year prescriptive period explicit in its text until 2021, comment (b) to the Article makes clear that, although the prior version of Article 2534(B) explicitly included only for a prescriptive period of one year from the discovery of the defect to bring a claim in redhibition, the time to discover the defect is not unlimited, and the action is nonetheless subject to the ten-year time limit provided for in Louisiana Civil Code Article 3499. On its face, thus, the Gharibs' redhibition claim as to their residential property is prescribed. However, Article 3499 is not a peremptive provision which absolutely extinguishes a party's claim after ten years; rather, it is a prescriptive provision, which is subject to suspension and interruption under certain circumstances, such as under the doctrine of *contra non valentem*. *See Tiger Bend, L.L.C. v. Temple-Inland, Inc.*, 56 F. Supp. 2d 686, 690–91 (M.D. La. 1999). At this stage, Defendants have not carried their burden to show that there is no genuine issue of material fact as to whether the prescriptive period for Plaintiffs' redhibition claim could have been suspended or interrupted such that it was not filed beyond the end of the ten-year prescriptive period. Accordingly, Defendants' motion for partial summary judgment as to this issue is denied.

2. **Damage to other areas of the properties**

Defendants argue that Plaintiffs have presented no competent evidence supporting their claim to damages for areas to their properties beyond those areas where Chinese drywall has been

affirmatively identified, and that thus summary judgment ought to be entered on this issue. R. Doc. 23360-1 at 2. In response, Plaintiffs continue to assert that this Court's prior rulings on the required scope of remediation of properties impacted by Chinese drywall is the law-of-the-case. As discussed *supra*, this Court's prior rulings, issued regarding unrelated cases, albeit within the same MDL, do not apply to the instant matter. However, as also discussed *supra*, the lack of Chinese drywall in those areas does not necessarily mean the lack of damage caused by Chinese drywall. Whether Plaintiffs are able to demonstrate at trial that the presence of Chinese drywall in one area of a property can cause damage in another remains to be seen, but Defendants have not carried their burden to show that summary judgment on this issue is appropriate.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine, R. Doc. 23359, is **DENIED IN PART** and **GRANTED IN PART** as set forth. Plaintiffs' Motion for Partial Summary Judgment, R. Doc. 23361, is **DENIED**. Plaintiffs' Motion in Limine, R. Doc. 23363, is **DENIED**. Defendants' Motion for Partial Summary Judgment, R. Doc. 23360, is **DENIED**.

New Orleans, Louisiana, this 20th day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE