UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | JUDGE ELDON FALLON |
| Case No. 20-cv-3264 | MAGISTRATE MICHAEL NORTH |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER COURT'S ORDER DENYING THE GHARIBS' MOTION TO ADD EXPERT DISCLOSURES**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, come defendants, Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. ("KPT") (collectively, the "Knauf Defendants"), who file this memorandum in opposition to Plaintiffs' Motion to Reconsider Court's Order denying the Gharibs' Motion to Add Expert Disclosures. (R. Doc. 23367) ("the Motion").

Following the Court's order and reasons denying Plaintiffs a "do-over" to restart this case and change their experts and damages opinions almost three years after this Court's deadline in the Amended Case Management Order (R. Doc. 22359), almost two years since severance of these claims (R. Doc. 22980), and over a year since new counsel has substituted and enrolled (R. Doc. 23226), Plaintiffs now continue to waste judicial and party resources by asserting a baseless motion for reconsideration the month before the trial is set to begin. Now, the Knauf Defendants and the Court are forced to address speculative arguments as it relates to Plaintiffs' own expert, issues and arguments that were already addressed and rejected, and new arguments that could have and should

have been raised in the Motion to Add Expert Disclosures. Here, all pending motions have been adjudicated, the parties are preparing for trial, and any reconsideration would only further delay, prejudice, and inhibit the final resolution or adjudication of this matter.

*First*, Plaintiffs have set forth no "new evidence" as it relates to the Motion, and instead simply raise new arguments regarding recent communication issues with their expert, Shawn Macomber. This speculative, new argument is based on a single email from counsel, and even if accurate, was available to Plaintiffs prior to reconsideration because Plaintiffs' counsel has been in contact with Mr. Macomber since 2021 and Mr. Macomber remains a disclosed plaintiff expert in this case and in the remaining *Bennett* cases.

*Second*, there is no error of fact by this Court in determining Plaintiffs have Mr. Macomber as an expert that was disclosed and provided expert opinions regarding damages that can be proffered at trial. Based on the undisputed record, Mr. Macomber was disclosed as Plaintiffs' damages expert and provides opinions regarding remediation of Plaintiffs' property based on RS Means for the areas identified in his report. And, notwithstanding Plaintiffs' assertions, Plaintiffs have not shown any efforts to secure his trial testimony via subpoena, perpetuation, or continuance of the trial to address any issues with his availability.

*Third*, there is no error of fact regarding the prejudice to the Knauf Defendants by allowing new expert reports and opinions. Plaintiffs simply rehash arguments previously raised and rejected by the Court and ignore the Court's finding of prejudice in this case and in the other *Bennett* matters if Plaintiffs' request was allowed.

*Finally*, there is no manifest injustice in precluding Plaintiffs from offering new, untimely expert opinions. These arguments simply repeat those already rejected by this Court, and Plaintiffs' improper, alternative suggestion, for the first time on reconsideration, to allow their other retained

expert (Howard Ersham) to provide new opinions should be disregarded as untimely and unduly prejudicial.

## BACKGROUND

In the interest of judicial economy, the background information pertaining to MDL 2047, the *Bennett* Action, the Case Management Order, Plaintiffs' individual claims, and Plaintiffs' history with former counsel, current counsel, and expert disclosures is set forth in the Knauf Defendants' Opposition to Plaintiffs' Motion to Add Untimely Expert Opinions (R. Doc. 23350) and incorporated here by reference.

On February 6, 2023, the Court issued an Order and Reasons denying Plaintiffs' Motion to Add Expert Disclosures. (R. Doc. 23358). In the Order and Reasons, the Court considered Plaintiffs' arguments that: (1) their failure to submit the proffered expert opinions was justified and attributable to "the failure[] of his previously retained counsel to adequately communicate with him and provide him with the damage estimates earlier as requested…;" (2) their requested relief is necessary "because if the Court denies his motion to file the late expert disclosures he will have to rely on a lower and allegedly inaccurate estimate of his damages;" (3) the Knauf Defendants "would not be prejudiced by the admission of the new expert report;" and (4) "any potential prejudice could be cured by continuing the trial date in this case." (R. Doc. 23358, at p. 4). The Court, however, disagreed and rejected all arguments finding that: (1) the justification for the untimely opinions was unwarranted because it was based on a difference in opinion and strategy between prior and current counsel; (2) "Plaintiffs may not want to use it," but Plaintiffs already have an expert that was disclosed under the Court's CMO so the relief is unimportant or much less important than the Court might find otherwise; (3) allowing Plaintiffs to submit a three-years late expert report would significantly prejudice the Knauf Defendants in this matter (by

substantially increasing alleged damages and litigation costs when expert discovery has been completed for three years) and in dozens of remaining Chinese Drywall cases pending in this Court, Alabama, Mississippi, and Florida, and would effectively restart each case, causing a substantial waste of party and judicial resources; and (4) the possibility of a continuance of trial or extension of deadlines in this matter would not cure that prejudice. Accordingly, the Court denied Plaintiffs' motion and concluded that Plaintiffs failed to show good cause to allow the untimely submission.

On March 6, 2023, Plaintiffs submitted the present motion, under seal, seeking reconsideration pursuant to Federal Rule of Civil Procedure 59(e) of the Court's February 6, 2023 Order and Reasons. Plaintiffs submit the following reasons for reconsideration: (1) new evidence as to Mr. Macomber's lack of communication with current counsel; (2) error of fact as to Mr. Macomber's alleged availability for trial next month; (3) error of fact as to the prejudice the new expert opinions would impose on the Knauf Defendants; and (4) the manifest injustice that would result by not permitting Plaintiffs to offer new, untimely expert opinions.

On March 20, 2023, the Court issued Order and Reasons disposing of all other pending motions in advance of the currently scheduled April 24, 2023 trial date.

## **LEGAL STANDARD**

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Total Sleep Diagnostics, Inc. v. United Healthcare Ins. Co.*, No. CIV.A. 06-4153, 2009 WL 928646, at *2 (E.D. La. Mar. 31, 2009) (Fallon, J.). This motion was filed within 28 days of the order, therefore it is considered under Rule

59(e). A Rule 59(e) motion for reconsideration of a judgment is an extraordinary remedy which courts should use sparingly. *See id*. (citing *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, *1 (E.D. La. June 5, 2002) (citing Miller & Kane, *Federal Practice & Procedure: Civil*, § 2810.1 (2d ed.), p. 124; *Fields v. Pool Offshore, Inc.* 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995)).

Reconsideration of an interlocutory order should be "exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Castrillo v. Am. Home Mortgage Serv., Inc.*, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.). District Courts are "mindful that reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem* Inc., 367 F.3d 473, 479 (5th Cir. 2004). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order; reconsideration is a waste of judicial resources." *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012). Indeed, denial of such motions are favored in this District and the Fifth Circuit. *Collins v. A.B.C. Marine Towing, L.L.C.*, No. CV 14-1900, 2017 WL 4228770, at *2 (E.D. La. Sept. 20, 2017) (Fallon, J.) (citing *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

A Motion for Reconsideration pursuant the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotation marks omitted); *Thurman v. Louisiana Dep't of Health & Hosps.*, 2013 WL 4026897, at *1 (W.D. La. Aug. 6, 2013) (Minaldi, J.); *see also Lacoste v. Pilgrim Int'l*, 2009 WL

Case 2:09-md-02047-EEF-MBN Document 23394 Filed 03/21/23 Page 6 of 14

1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem* Inc., 367 F.3d 473, 478–79 (5th Cir. 2004)).

"A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Lawrence v. Rocktenn CP, LLC*, 2017 WL 3165121, at *2 (W.D. La. July 25, 2017) (James, J.); *see also Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 395 (E.D. La. 2016) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in an appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law."). Again, "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n. 13 (5th Cir. 2005); *see also Fidelity & Deposit Co. of Md. v. Omni Bank*, No. CIV. A. 99-1167, 1999 WL 970526, at *3 (E.D. La. Oct. 21, 1999)."[A] motion based on recycled arguments only serves to waste the resources of the court." *Collins v. A.B.C. Marine Towing, L.L.C.*, No. CV 14-1900, 2017 WL 4228770, at *3 (E.D. La. Sept. 20, 2017) (quoting *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001)).

## LAW AND ARGUMENT

### A. Plaintiffs' argument that Mr. Macomber is unavailable is purely speculative and is not "new evidence."

Plaintiffs suggest there is "new evidence" that Mr. Macomber is not available for trial next month because Plaintiffs' counsel represents a lack of communication with Mr. Macomber between February 17, 2023, and March 6, 2023. In support, Plaintiffs' counsel attaches a single email from Plaintiffs' counsel to Mr. Macomber on February 17, 2023, eleven days after this Court's Order and Reasons, advising Mr. Macomber of the April 24, 2023 trial date. Based on the alleged non-response from Mr. Macomber through the date of Plaintiffs' current motion, Plaintiffs

Page 6 of 14

suggest this is new evidence of Mr. Macomber's unavailability and suggests an error of fact by this Court.

First, the suggestion that Mr. Macomber is unavailable based on a single email and lack of communication over a three-week period is purely speculative and not dispositive of Mr. Macomber's availability. Mr. Macomber is a disclosed expert in this case and in all remaining *Bennett* cases, including several still pending before this Court, and Plaintiffs' current counsel has been in contact with Mr. Macomber since 2021 when they substituted as counsel in this matter.

Second, even if unavailable, this is not "new evidence." Plaintiffs' counsel has been enrolled in this matter since November 2021, (R. Doc. 23226 (November 5, 2021 Order enrolling current Plaintiffs' Counsel)), has been in contact with Mr. Macomber since 2021, (R. Doc. 23365-4 (February 17, 2023 email from P. Castaing to Mr. Macomber: "You might recall that you and I spoke towards the end of 2021, and I requested that you provide supplemental reports for these properties….")), and has been aware of the April 24, 2023 trial date since November 23, 2022, (R. Doc. 23340 (Order adopting Joint Proposed Scheduling Order)). Plaintiffs did not raise Mr. Macomber's availability as an issue in the Motion to Add Expert Disclosures, in reply, or at any time until the present motion. Plaintiff's failure to explain "why the evidence was not available prior to" the denial of the Motion to Add Expert Disclosures "constitutes a valid basis for denying [the] Motion for Reconsideration." *Badeaux v. Louisiana-I Gaming*, No. CV 20-2348, 2022 WL 444233, at *2 (E.D. La. Feb. 14, 2022), *aff'd*, No. 22-30129, 2023 WL 334783 (5th Cir. Jan. 20, 2023) (quoting *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 (5th Cir. 1999)); *see also Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (holding that "the unexcused failure to present evidence [that] is available" at the time the motion is under consideration constitutes a valid basis for denying a motion to reconsider"). Additionally, Plaintiffs

have never raised his availability at trial until reconsideration. *See Spencer v. Cain*, No. CIV.A. 12-758, 2014 WL 896799, at *3 (E.D. La. Mar. 6, 2014) (explaining that a court "will not consider an issue raised for the first time in a Motion for Reconsideration" and such arguments "are deemed waived" (*quoting Lincoln General Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007)); *LeClerc*, 419 F.3d at 412 n. 13 (Reconsideration may not be used to "introduce new arguments."); *see also Fidelity & Deposit Co. of Md.*, 1999 WL 970526, at *3. Therefore, information regarding Mr. Macomber's availability is not "new evidence" that may be considered on a motion for reconsideration, and Plaintiffs' Motion should be denied.

  **B.**  **This Court did not make an "error of fact" in finding that Plaintiffs may present their timely-disclosed expert opinions at trial.**

Even if Mr. Macomber's alleged unavailability is considered new evidence, this Court's finding that Plaintiffs have expert reports and opinions available to be proffered at the jury trial of this matter is not based upon an error of fact. First, as set forth above, Plaintiffs' purported lack of communication with Mr. Macomber between February 17, 2023 and the filing of the motion is not dispositive of Mr. Macomber's availability or an issue for this Court to deal with. Mr. Macomber is Plaintiffs' own expert, and speculative issues with his availability should not be imputed to an error of this Court or to the prejudice of the Knauf Defendants to allow Plaintiffs to start this case over.

Second, Plaintiffs ask this Court to find that it made a factual error with respect to Mr. Macomber's availability but make no reference to any efforts to secure or perpetuate Mr. Macomber's trial testimony. Mr. Macomber is within the subpoena power of this Court,[1] yet

---

[1] Mr. Macomber resides in Slidell, Louisiana, less than 100 miles from this Courthouse. *See* FED. R. CIV. Proc. 45(c)(1)(A); Exhibit A  Deposition of Shawn Macomber at 1, 5 (stating his address as 221 West Camellia Drive, Slidell Louisiana, 70458), Exhibit B C.V. of Shawn Macomber Expert attached as Exhibit A to Expert Report ("221 W. Camellia Drive, Slidell, Louisiana 70458").

Plaintiffs have not taken any steps to secure his presence. Further, Plaintiffs' innuendo that Mr. Macomber is no longer acting as an expert is inconsistent with the fact that he remains the only disclosed damages expert for Plaintiffs in the remaining *Bennett* cases pending in this Court and in several other federal district courts. Even if there is an issue of scheduling or coordinating with prior counsel and Mr. Macomber, Plaintiffs have not sought alternative means to secure his trial testimony by a perpetuation deposition,[2] or by seeking a continuance of the currently scheduled trial date. In light of this, Plaintiffs' blanket suggestion that the Court is in error because they are left without a damages expert is purely theoretical and Plaintiffs' lack of action to secure Mr. Macomber's attendance at trial merely confirms Plaintiffs' and current counsel's difference of opinion as to their former counsel's trial strategy and that the sole basis for the motion is to simply re-urge Plaintiffs' request to add new experts and opinions. *See Spencer v. Cain*, No. CIV.A. 12-758, 2014 WL 896799, at *3 (E.D. La. Mar. 6, 2014) ("It is well settled that motions for reconsideration should not be used ... to re-urge matters that have already been advanced by a party.") (quoting *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

      **C.    This Court's finding that Plaintiffs' request will prejudice the Knauf Defendants is not based upon an error of fact.**

Plaintiffs submit that the Court made an error of fact in determining the prejudice to the Knauf Defendants if Plaintiffs are allowed to add untimely expert reports because Plaintiffs offered to pay "reasonable costs" related to the expert opinions after the Knauf Defendants opposed Plaintiffs' motion. First, this argument, which was raised by Plaintiffs in reply (R. Doc. 23356 at p. 5) to the Knauf Defendants' opposition (R. Doc. 23350), is simply a rehashing or recycling of

---

[2] At trial, all or part of a deposition may be used against a party if: the party was present or represented at the taking of the deposition or had reasonable notice of it; it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used. *See* FED. R. CIV. PROC. 32(a)(1) and (a)(4)(E).

arguments previously rejected by the Court. *See LeClerc*, 419 F.3d at 412 n.13 (a motion for reconsideration may not be used "to rehash rejected arguments or introduce new arguments"); *Collins*, No. CV 14-1900, 2017 WL 4228770, at *3 (E.D. La. Sept. 20, 2017) (a motion for reconsideration based on "recycled arguments only serves to waste the resources of the court"). Second, Plaintiffs' inappropriate reference to a conditional offer to pay "reasonable costs" rings hollow in the face of the extreme prejudice in this case to cure causation issues and exponentially increase Plaintiffs' damages with new expert opinions years after the CMO's deadline. Indeed, Plaintiffs concede the Court's determination of the exponential increase in Plaintiffs' damages in this case. (R. Doc. 23365-3 p. 6). Furthermore, Plaintiffs completely ignore the Court's previous finding that allowing Plaintiffs to submit a three-years late expert report would significantly prejudice the Knauf Defendants "in dozens of remaining Chinese Drywall cases pending in this Court and in Alabama, Mississippi, and Florida which would effectively start the cases over at a complete waste of party and judicial resources." (R. Doc. 23358 at p. 4). There is no error of fact, and the Court should reject Plaintiffs' recycled arguments.

### D. There is no manifest injustice to Plaintiffs by precluding new, untimely expert opinions three years after the completion of the CMO.

While simultaneously seeking to exclude the Knauf Defendants' expert (Phil Adams) (R. Doc. 23363), Plaintiffs suggest that manifest injustice will result if they are not allowed to start the case over by allowing their new liability and damages expert, David Herring to provide his opinions. And, for the first time on reconsideration, alternatively request the Court allow their current general liability expert, Howard Ersham, to provide new inspection, specific causation, and damages opinions. In support, Plaintiffs state this is a "a case where defendants have admitted liability" and "to preclude the Gharibs' from presenting evidence of their actual damages would result in manifest injustice." (R. Doc. 23365-3, at 8).

First, as made clear in the Knauf Defendants' Answer (R. Doc. 23036), motion for partial summary judgment (R. Doc. 23360), and motion *in limine* (R. Doc. 23359), the Knauf Defendants have not admitted liability, and Plaintiffs have the burden to establish causation, liability, and damages at the jury trial of this matter. Plaintiffs continue to operate under the mistaken premise that the *Hernandez* and *Germano* Findings of Fact and Conclusions of Law ("FOFCOL") have any bearing on their burden at trial. As the Court has already determined, this Court's earlier rulings are not the "law of this case" for the simple and fundamental reason that *they were not issued in this case*. (R. Doc. 23393 at pp. 6-7). Indeed, in concluding the prior *Germano* FOFCOL were not applicable to subsequent parties not part of the earlier default proceeding, this Court recognized that "[w]hat sets Taishan apart from the other defendants is that it was defaulted by the District Judge …[and] the only issue to be decided [as to Taishan] is the quantum of damages." *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 09-MD-2047, 2022 WL 17684805, at *1 (E.D. La. Nov. 28, 2022), *report and recommendation adopted,* No. 09-MD-2047, 2022 WL 17672496 (E.D. La. Dec. 14, 2022). Plaintiffs bear the burden of proving causation and damages, including the appropriate scope of remediation.

Second, Plaintiffs' request that the Court allow Howard Ersham to submit new reports and opinions must be disregarded. First, this request was never raised by Plaintiffs in the Motion to Add Expert Disclosures (R. Doc. 23349), and accordingly should not be considered by the Court. *See LeClerc,* 419 F.3d at 412 n. 13 (Reconsideration may not be used to "introduce new arguments."); *see also Fidelity & Deposit Co. of Md.*, 1999 WL 970526, at *3. Second, even if considered, allowing Howard Ersham to add new opinions as to specific causation and damages would result in the same prejudice to the Knauf Defendants in this case and in the other *Bennett*

cases that this Court already recognized with respect to Plaintiffs' initial Motion to Add Expert Disclosures.

Third, there is no manifest injustice to Plaintiffs in precluding the additional expert opinions. Instead, Plaintiffs' argument is merely a recognition of what the Court correctly determined, which is that there remains a fundamental difference of opinion between Plaintiffs, Plaintiffs' former counsel, and Plaintiffs' current counsel as to trial strategy, and to allow these untimely reports and opinions at this juncture will only serve to prejudice the Knauf Defendants in this and other proceedings. Plaintiffs were given the same opportunity as the Knauf Defendants and every other *Bennett* claimant under the CMO to submit evidence of their claims/defenses, to obtain and disclose expert opinions, and to prepare for trial. As the Court has recently acknowledged in terms of the Defendants' motion *in limine*, the parties have "long been on notice of the substance and scope of Plaintiffs' claims." (R. Doc. 23393 at p. 3). And, given the CMO, the consolidated discovery, and the "over two years between the official close of discovery and the trial date set in this matter," Plaintiffs had full and fair opportunity to prepare their experts, their reports, and opinions for trial. *Id*. Now, one month before the scheduled trial of Plaintiffs' claims that have been pending since 2016, Plaintiffs make a "Hail-Mary" request for a "do-over" under the false premise of manifest injustice. Plaintiffs were represented by counsel, engaged Mr. Macomber, and as the Court stated, while "Plaintiffs may not want to use it," Plaintiffs had full and fair opportunity in the CMO to retain their desired expert and "submitted an expert damages report within the deadlines set by the Court." (R. Doc. 23358 at p. 4). Plaintiffs' submission that Mr. Macomber is unwilling to attend trial is underscored by his continuing presence as an expert in other *Bennett* cases, the absence of Plaintiffs' efforts to secure his presence, and their speculation as to their ability to "re-engage" Mr. Ersham to perform additional inspections, reports, and

opinions. The Court has already determined that allowing new reports and opinions are untimely and prejudicial to the Knauf Defendants, and Plaintiffs' current motion is a reflection of Plaintiffs and current counsel's hindsight and desire to start this case over. Here, all pending motions have been adjudicated, the parties are preparing for trial, and any reconsideration would only further delay, prejudice, and inhibit the final resolution or adjudication of this matter. As the Court correctly determined in its February 6, 2023 Order and Reasons, Plaintiffs should not be allowed to restart this case and add new experts and opinions. The Motion should be denied.

## CONCLUSION

It is clear that Plaintiffs' Motion for Reconsideration does not submit new evidence, establish any error of fact or law, or provide for any manifest injustice to the Plaintiffs. Instead, Plaintiffs' arguments either rehash the same issues already submitted to, and decided by, this Court or raises matters that could and should have been raised in their original Motion to Add Expert Testimony. The Court correctly determined that Plaintiffs' request to submit new experts and disclosures is untimely, has been unjustifiably submitted years after the CMO's deadlines, and is extremely prejudicial to the Knauf Defendants in this case and the remaining *Bennett* claims. For these reasons, the Motion for Reconsideration must be denied.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Daniel J. Dysart*
_____
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
**REBEKKA C. VEITH (#36062)**
**MICHAEL R. DODSON (#37450)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:     504.949.8202
Email:           kmiller@fishmanhaygood.com
Email:           pthibodeaux@fishmanhaygood.com
Email:           ddysart@fishmanhaygood.com
Email:           rveith@fishmanhaygood.com
Email:           mdodson@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf New Building System (Tianjin) Co. Ltd.*
*(f/k/a Knauf Plasterboard (Tianjin) Co., Ltd.)*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 21st day of March 2022.

/s/ *Daniel J. Dysart*
_____
**DANIEL J. DYSART**