UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE DRYWALL           MDL
PRODUCTS LIABILITY LITIGATION
                                 NO. 09-2047

REF: 20-3264                     SECTION "L" (5)

## ORDER AND REASONS

The Court has before it Plaintiffs Jawad and Fatme Gharib's ("Gharib") Motion for Reconsideration, R. Doc. 23367, of the Court's denial, R. Doc. 23358, of Gharib's Motion to Add Expert Disclosures, R. Doc 23349. Defendants have responded in opposition. R. Doc. 23394. Having considered the parties' arguments and the applicable law, the Court rules as follows.

I.     BACKGROUND

This case is part of the Chinese Drywall multi-district litigation ("MDL") that arose after thousands of plaintiffs in several states filed suits alleging that drywall used in their homes was defective. The plaintiffs claimed that the drywall, which was manufactured in China, emitted gases, damaged wiring and appliances, and sometimes caused physical afflictions to their homes' residents. On June 15, 2009, pursuant to a transfer order from the United States Judicial Panel on Multidistrict Litigation, all federal cases involving Chinese Drywall were consolidated for pretrial proceedings in MDL No. 2047 before this Court.

The drywall at issue is largely attributable to two groups of defendants: the Knauf Defendants, German-based manufacturers whose Chinese subsidiary sold some of the drywall; and the Taishan Defendants, Chinese-based manufacturers who produced some of the drywall. The

present motion relates to the Knauf Defendants. On February 7, 2013, the Court approved a class action settlement agreement between the Knauf Defendants and several classes of plaintiffs. R. Doc. 16570. Thus, most claims against the Knauf Defendants within this MDL have been resolved. However, some plaintiffs have filed more recent claims against the Knauf Defendants, including Gharib, whose claims relate to the present motion. Gharib owns two properties, one residential and one commercial, that were allegedly affected by defective drywall that the Knauf Defendants manufactured, sold, or installed. Gharib filed his claims in January of 2016. In November of 2020, this Court ordered Gharib's claims severed from the MDL. In November of 2022, this Court set this case to go to trial in April of 2023.

In December of 2022, Gharib moved this Court to file additional expert disclosures almost three years beyond the expert disclosure deadline. R. Doc. 23349. Gharib sought to file a new expert report detailing that expert's estimation of costs to remediate the damage to Gharib's properties allegedly caused by Defendants' faulty drywall. The Court denied that motion, reasoning that there was no good cause to permit the untimely disclosures, that the admission of the proffered expert report would be unduly prejudicial, that the new report was unimportant because Plaintiffs already have a different damages expert who previously provided expert disclosures prior to the deadline, and that for the Court to allow the new filing would open the floodgates for similar motions in the other remaining Chinese Drywall cases pending in this Court and others. R. Doc. 23358.

**II.    PRESENT MOTION**

Gharib now moves this Court to reconsider its denial of his motion to file additional expert disclosures. R. Doc. 23367. Gharib argues that reconsideration of the Court's denial is necessary "[b]ased on newly discovered facts and evidence" and "manifest errors of law and fact [and] to

prevent manifest injustice[.]" *Id.* at 1. On the other hand, Defendants argue that Gharib has set forth no new evidence, that the Court's order contained no error of law or fact, and that there is no manifest injustice in precluding Gharib from offering his new, untimely expert disclosures. R. Doc. 23394 at 2.

### III.  APPLICABLE LAW

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Total Sleep Diagnostics, Inc. v. United Healthcare Ins. Co.*, No. CIV.A. 06-4153, 2009 WL 928646, at *2 (E.D. La. Mar. 31, 2009). The instant motion was filed within 28 days of the order, and therefore is considered under Rule 59(e). Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Generally, a motion to alter or amend a judgment filed under Rule 59(e) may be granted: "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra*

*Techs., Inc.*, 2010 WL 3943522 (E.D. La. Oct. 6, 2010). A motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted).

### IV. DISCUSSION

Here, Gharib argues that newly discovered evidence requires reconsideration of the Court's order denying him leave to file untimely new expert disclosures: Gharib's current expert, Mr. Macomber, for whom disclosures were previously and timely submitted, has failed to respond to his counsel's communications following the Court's order. R. Doc. 23367 at 2. Gharib asserts that this thus renders the Court's "primary reason" for denying his motion incorrect: that denial of the motion would not leave Plaintiffs without an expert estimation of damages. *Id.*

As an initial matter, the fact that Gharib had already submitted timely expert disclosures was not this Court's primary reason for denying Gharib's motion: as the Court explained, to allow Gharib to submit his three-years late expert report, which would inflate Plaintiff's claimed damages by over 500%, would significantly prejudice Defendants in this matter, and would potentially open the door for similar late expert disclosures in other Chinese Drywall cases still pending in this Court and others. R. Doc. 23358 at 4–5. Therefore, even if the Court were to consider its finding that Gharib would not lack an expert estimation were it to deny his motion rendered incorrect by Plaintiffs' "new evidence" of Mr. Macomber's unavailability to testify in this matter, that alone would not undermine the Court's reasoning the motion to make late additional expert disclosures.

Additionally, there is no "new evidence" that Mr. Macomber will be unavailable to testify and leave Gharib without an expert estimation of damages. Gharib's support for this argument is the lack of communication with Mr. Macomber from the date the Court issued its order, February 6, 2023, until the date Gharib filed his motion for reconsideration, March 7, 2023. The Court declines to find that a lack of communication for a month is evidence of Mr. Macomber's unavailability to testify at trial sufficient to render the Court's denial of Gharib's motion manifestly in error. As Defendants point out, Gharib's argument that Mr. Macomber is now unwilling to testify on his behalf based on that lack of communication is purely speculative and not dispositive of his actual availability. R. Doc. 23394 at 7. Gharib has apparently made no effort to secure or perpetuate Mr. Macomber's testimony at trial beyond attempting to contact him directly and via Gharib's former counsel who originally retained him. Mr. Macomber, who lives in Slidell, Louisiana, is within the subpoena power of this Court, which could order him to appear. Plaintiffs might also secure Mr. Macomber's trial testimony via a perpetuation deposition, or even by seeking a continuance of the trial, if Mr. Macomber is truly unable to testify live on the currently scheduled trial date.

Accordingly, the Court finds no manifest error in its prior order denying Gharib leave to file new untimely expert disclosures, nor does it find that manifest injustice would occur in the absence of reconsideration of that order.

V.   **CONCLUSION**

For the foregoing reasons, Gharib's Motion is hereby **DENIED**.

New Orleans, Louisiana, this 22nd day of March, 2023.

_____
United States District Judge