# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | JUDGE ELDON FALLON |
| Case No. 20-cv-3264 | MAGISTRATE NORTH |

## MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE CERTAIN WITNESSES

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. ("KPT") (collectively, the "Knauf Defendants"), submit the following memorandum in support of their motion *in limine* to exclude certain witnesses from testifying at the trial of Jawad and Fatme Gharib's ("Plaintiffs") claims.

### RELEVANT FACTUAL BACKGROUND

Plaintiffs' suit against the Knauf Defendants is part of MDL No. 2047, formed in 2009 to consolidate what were ultimately hundreds of lawsuits involving thousands of plaintiffs who alleged damages associated with Chinese-manufactured drywall. *See In re Chinese Manufactured Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 830 (E.D. La. 2012). Plaintiffs submitted plaintiff profile forms, supplemental plaintiff profile forms, plaintiff fact sheets, and were deposed in connection with the Court's Case Management Order. (R. Doc. 22359). Following severance to set for trial, Plaintiffs provided to the Knauf Defendants on March 24, 2023 inserts for the pretrial order to be

filed on April 7, 2023. In that submission, Plaintiffs list several witnesses that were never disclosed or identified by Plaintiffs in discovery in this matter:

1. Javier Tovar, 3447 E. Loyola Drive, Kenner, LA 70065;

2. George Pierce, 22258 Marshall Road, Mandeville, LA 70471; and

3. Gerald Burch, 11931 SW 52nd Street, Cooper City, FL 33330.

Plaintiffs did not provide either the scope or the subject matter of the expected testimony of these witnesses, but based on the contact information listed by Plaintiffs, Mr. Pierce is apparently affiliated with a company called "Pierce Commercial Laundry Equipment" and Mr. Burch is apparently affiliated with "WriteLoss – Claim Write Inc." The Knauf Defendants now move for an order *in limine* excluding these witnesses from testifying at the April 24, 2023 trial.

## LAW & ARGUMENT

Under Federal Rule of Civil Procedure 26(a), litigants must produce to the other parties and promptly file with the Court information pertaining to the identity of each witness they intend to or may call and identify all exhibits they intend to introduce. Fed. R. Civ. P. 26(a)(3)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Fifth Circuit considers the following four factors in evaluating whether a violation of Rule 26 is harmless: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Mahar v. Nat'l R.R. Passenger Corp.*, No. CV 20-2994-WBV-DMD, 2022 WL 1102222, at *4 (E.D. La. Apr. 13, 2022) (citing *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). The Fifth Circuit

considers the same four factors when determining whether to exclude witnesses and exhibits as a sanction for violating a Rule 16 scheduling order. *Williams v. American Strategic Ins. Corp.*, Civ. A. No. 13-5411, 2014 WL 1246846, at *1 (E.D. La. Mar. 25, 2014) (*citing Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

**I.      Plaintiffs should be prevented from calling witnesses not previously disclosed.**

Here, pursuant to the Case Management Order, the Plaintiffs completed Plaintiff Profile Forms, Supplemental Plaintiff Profile Forms, and Plaintiff Fact Sheets in connection with written discovery for their claims. Plaintiffs were also deposed, and during those depositions, were questioned regarding their claims and evidence to be presented at the trial of this matter. Plaintiffs did not identify Mr. Tovar, Mr. Pierce, or Mr. Burch in any of their profile forms or in their deposition testimony. Instead, Plaintiffs waited until March 24, 2023, the date on which they sent to the Knauf Defendants their proposed pre-trial inserts, to identify these individuals as witnesses Plaintiffs will or may call at trial. Plaintiffs supply no argument for why there is good cause to allow them to call these late-disclosed witnesses, and under the four-factor test approved by the Fifth Circuit, testimony from these witnesses should be excluded.

As to the first and fourth factors, Plaintiffs have not identified the subject area or expected testimony of these witnesses and therefore have offered no justification for the importance of these witnesses' testimony. And even if Plaintiffs can offer an explanation for the importance of the testimony, this consideration "cannot singularly override the enforcement of local rules and scheduling orders," and Plaintiffs should have at the very least informed this Court before they submitted their pretrial inserts to the Knauf Defendants that good faith compliance with these orders was not possible. *See Barrette v. Atl. Richfield Co.*, 96 F.3d 375, 381 (5th Cir. 1996)

(internal citation omitted). Nor have Plaintiffs offered any explanation for why these witnesses were not disclosed before pretrial inserts were exchanged. Indeed, Plaintiffs have not even identified whether the individuals will testify as fact or expert witnesses. Although none were disclosed as expert witnesses for Plaintiffs, considering, for example, Mr. Burch's affiliation with a company that "writes Xactimate Reports for Contractors, Adjusters, and Attorneys," it is possible that Plaintiffs will attempt to introduce opinion testimony through at least some of these witnesses.[1] But this Court has already conclusively excluded additional, untimely expert witnesses. (R. Doc. 23358 (Order and Reasons denying Motion to Add Expert Disclosures); R. Doc. 23395 (Order and Reasons denying Motion for Reconsideration)).

The second factor also weighs in favor of exclusion, because the Knauf Defendants will be substantially prejudiced if these witnesses are allowed to testify. This testimony would be classic "surprise" evidence that was not previously disclosed, such that the Knauf Defendants have had no opportunity to depose these witnesses or obtain rebuttal opinions to the extent the witnesses may present opinion testimony. And the fact that these witnesses were not disclosed until the eve of trial is "significant" in assessing the prejudice that will result to the Knauf Defendants. *See Mahar v. Nat'l R.R. Passenger Corp.*, No. 20-2994, 2022 WL 1102222, at *5 (E.D. La. Apr. 13, 2022) (finding that it would "significantly prejudice" the defendant to allow a witness to testify when that witness was not disclosed until a week before the discovery deadline and two months before trial).

Finally, the third factor also weighs against allowing these witnesses to testify because a continuance will not cure the prejudice to the Knauf Defendants, who would be forced to conduct additional discovery to determine what facts and potential opinions these new witnesses hold,

---

[1] Ex. 1, Write Loss – Claim Write Inc. LinkedIn page.

years after discovery closed in this case. *See Smith v. Transocean Offshore USA, Inc.*, No. 19-14738, 2021 WL 1534505, at *10 (E.D. La. Apr. 19, 2021) (finding a continuance that would further delay a trial and require defendants to incur significant costs in conducting additional discovery would not sure prejudice). The parties are less than a month away from trial. There is no excuse for Plaintiffs waiting to spring these witnesses on the Knauf Defendants nearly four years after they should have been disclosed during the discovery period in 2019.

The four factors to be considered in determining whether Plaintiffs can call these witnesses at trial all weigh in favor of excluding the witnesses. Plaintiffs' untimely disclosure was not harmless or substantially justified. *See Mahar* , 2022 WL 1102222, at *6.

## CONCLUSION

For the foregoing reasons, the Knauf Defendants seek an order *in limine* excluding Plaintiffs from calling the following witnesses at the trial of this matter:

- Javier Tovar, 3447 E. Loyola Drive, Kenner, LA 70065;
- George Pierce, 22258 Marshall Road, Mandeville, LA 70471; and
- Gerald Burch, 11931 SW 52nd Street, Cooper City, FL 33330.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Daniel J. Dysart*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
**REBEKKA C. VEITH (#36062)**
**MICHAEL R. DODSON (#37450)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.949.8202
Email:    kmiller@fishmanhaygood.com
Email:    pthibodeaux@fishmanhaygood.com
Email:    ddysart@fishmanhaygood.com
Email:    rveith@fishmanhaygood.com
Email:    mdodson@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf New Building System (Tianjin) Co. Ltd.*
*(f/k/a Knauf Plasterboard (Tianjin) Co., Ltd.)*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 28th day of March, 2023.

/s/ *Daniel J. Dysart*
**DANIEL J. DYSART**