UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 SECTION "L" |
|---|---|
| This document relates to:  Case No. 20-cv-3264 | JUDGE ELDON FALLON  MAGISTRATE NORTH |

**MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN WITNESSES
FILED BY PLAINTIFFS, JAWAD GHARIB AND FATME GHARIB**

**MAY IT PLEASE THE COURT:**

The following is submitted by Plaintiffs, Jawad and Fatme Gharib (collectively, the "Gharibs"), in opposition to the Motion *in Limine* to Exclude Certain Witnesses (Rec. Doc. 23398), filed by Defendants, Knauf Gips, KG and Knauf Plasterboard Tianjin, Co., Ltd. (collectively, "Knauf" or "Defendants").

Defendants filed a motion *in limine* seeking the exclusion of 3 important witnesses for the Gharibs, but nowhere in their motion do they specify which rule or provision was violated or discovery request that the Gharibs' left unanswered. Instead, Defendants gloss over their vague claims of a violation, citing only the Rule 26 provision governing "Pretrial Disclosures," which Defendants in this case agreed were due on March 24, 2023 and which the Gharibs complied with. Defendants also failed to propound any discovery requests for the identities of witnesses expected to testify at trial, despite having numerous opportunities to do so in their discovery forms and depositions of the Gharibs. Under these circumstances, the only prejudice at stake is the prejudice

1

to the Gharibs, which will inevitably result should the Court exclude the testimonies of Mr. Javier Tovar and Mr. George Pierce at trial. (Defendants also include Mr. Gerald Burch in their motion, but Mr. Burch was listed only as a "may-call" witness in the Gharibs' pretrial disclosures and, at this time, Mr. Burch is only intended to be called for impeachment purposes, if the need arises. As an impeachment witness, Mr. Burch's disclosure was not required at all and was done strictly in the interest of transparency and out of the abundance of caution.  At the Court's direction, the Gharibs will provide these limitations in a footnote or remove Mr. Burch's name from their witness list altogether, but the Gharibs reserve their right to call Mr. Burch as a fact witness for impeachment purposes only.)

Accordingly, Defendants' motion *in limine* should be denied with respect to Mr. Javier Tovar and Mr. George Pierce.

### I. The Gharibs' disclosure of the witnesses at issue do not violate Rule 26 as claimed by Defendants

Defendants seek to exclude 3 of Plaintiffs' witnesses in their Motion *in Limine*, including:

1. Javier Tovar, 3447 E. Loyola Drive, Kenner, LA 70065;
2. George Pierce, 22258 Marshall Road, Mandeville, LA 70471; and
3. Gerald Burch, 11931 SW 52$_{nd}$ Street, Cooper City, FL 33330.

Defendants claim that these witnesses were not disclosed until the Gharibs' submitted their pretrial inserts, on March 24, 2023.  But, Defendants fail to identify any MDL rule or other rule that governed discovery in this matter and required the Gharibs' to disclose a list of expected witnesses any sooner than in their pretrial disclosures.  Curiously, the only legal provision cited in Defendants' motion is F.R.C.P. Rule 26(a)(3)(A), which is the provision governing "Pretrial Disclosures".  There is no other legal ground cited as the basis for Defendants' vague claims of "a violation of Rule 26." (Defendants' Motion *in Limine*, p. 2, providing: "[u]nder Federal Rule of Civil Procedure 26(a), litigants must produce to the other parties and promptly file with the Court

2

information pertaining to the identity of each witness they intend to or may call and identify all exhibits they intend to introduce. ***Fed. R. Civ. P. 26(a)(3)(A)***"). That provision requires a list of witnesses, but the provision governing the "Time for Pretrial Disclosures" provides as follows: "*[u]nless the court orders otherwise*, these disclosures must be made ***at least 30 days before trial***." Fed. R. Civ. P. 26(a)(3)(B). In this case, Defendants agreed that the Gharibs' pretrial disclosures, including their witness list, were due on March 24, 2023. (Rec. Doc. 23399). And, the Court entered an Order approving that pretrial deadline, among others. (Rec. Doc. 23400). Accordingly, the Gharibs disclosed these witnesses timely.

Furthermore, noticeably absent from Defendants' motion is any reference to any specific discovery request propounded by defense counsel in their series of discovery forms (*i.e.*, Plaintiff Profile Forms, Supplemental Plaintiff Profile Forms, and Plaintiff Fact Sheets) wherein Defendants requested the identities of Plaintiffs' expected trial witnesses. Throughout those forms, there are many requests for production of documents, photos, samples, and "any other *materials*,"[1] but none which request the identities of witnesses whom the Gharibs expect to present at trial. The only question directed towards the identities of witnesses is narrowly drawn to include only those witnesses who have given "*any written or recorded statement*." (See: Plaintiff Fact Sheet – Gharibs' Home, Rec. Doc. 23359-2, pp. 6-7, Question #26, providing "Has *any written or recorded statement* been taken from any witness or person who has knowledge of relevant facts, including the nature, character, and extent of the injuries referred to in the petition, and for each statement identified?") (emphasis added). The questions that follow request the identities of such witnesses, but only to the extent that "the answer to 26 is 'yes'" (*i.e.*, only if the witness has given a "*written or recorded statement*"). *Id*., see Questions #27 – 30.

---

[1] See e.g.: Plaintiff Fact Sheet – Gharibs' Home, Rec. Doc. 23359-2, p. 3, PFS Request for Document Production #2.

3

Defendants also complain that the Gharibs did not disclose these witnesses during their depositions taken on January 11, 2019.  However, Defendants do not cite to a single question in either Mr. or Mrs. Gharib's deposition that requested witness identities, despite that the Gharibs provided defense counsel with pertinent information about these witnesses testimonies.  Mr. Gharib even referred to Mr. Javier Tovar in his deposition as the "sheetrock guy", but defense counsel failed to ask any follow up questions, such as the identity of the "sheetrock guy".  Specifically, Mr. Gharib testified about the discovery of Chinese drywall in his commercial property, as follows:

> Q. How did you discover Chinese drywall in this property at 8807 South Claiborne?
> A. So December 2015 I had -- well, when I constructed this building and it was in 2006, I've always thought about finishing up the attic to make an apartment over it and rent it out too. So what I did is I prepped for it. And I said I'm going to have all that Sheetrock that I need for this attic stored in the attic. And I had about over 100 sheets of 4x12 Sheetrock stored in that attic. And it just stayed there for -- till that day, the 2015 December.  And I called the **_Sheetrock guy_** and I told him, look, I want to finish this apartment, I want to finish this space and make an apartment over it. *And then he was looking, you know, checking the place. And then he looked at the Sheetrock. And he said, hey, Joe, you know you have Chinese Sheetrock? And I said no, where? And he said that -- that Sheetrock you have there is Chinese.* Then it was stuff on top of it. You know, I've had -- I've used this space for storage and I had, you know, put stuff on top of that Sheetrock. So we moved it over and I looked and sure enough it was Chinese Sheetrock. And he said maybe you have it installed in here. And I said, no, man, don't tell me that. And he said, yeah, let's check. *So we were in the attic and we looked at ceilings of the apartment and sure enough, it was Chinese Sheetrock.*[2]

Defense counsel had full opportunity at that point to discover the identity of said "sheetrock guy", but failed to ask this question in her follow up.  It is an axiomatic principle of depositions that the deponent has no duty to offer information without being asked for that information.   In fact, defense counsel's instructions to Mr. Gharib at the outset of his deposition suggest that he should

---

[2] Rec. Doc. 23373-1,  Ex. 1 to Opposition to Defendants' Motion in Limine to Exclude Certain Evidence, Mr. Gharib's Deposition, pp. 30-32.  (Emphasis added.)

only respond after a question is asked, providing: "The first is that although it's going to feel a little bit like a conversation, we are making a record. We have a court reporter here. And *so it's very helpful to her if you wait for me to finish asking the question before you answer*. It's also helpful because your attorney may object. So just -- Do you understand that?".[3] Accordingly, Mr. Gharib had no duty to offer a list of witnesses at that time.

     Likewise, Defendants had an opportunity to question Mr. Gharib about the subject of Mr. George Pierce's anticipated testimony, but unlike with Mr. Tovar, defense counsel actually did ask the right questions. The only problem is that Mr. Pierce's involvement did not begin until after discovery had ended and after the Gharibs were deposed, so it was impossible for the Gharibs' to disclose his identity at that point. Nevertheless, the Gharibs' produced documents showing the nature and value of the decommissioned laundry items during discovery and attached those documents to their Plaintiff Fact Sheet for their commercial property. (Rec. Doc. 23359-3, pp. 124-125). During Mr. Gharib's deposition, defense counsel questioned Mr. Gharib at length about this laundry equipment, asking him about the condition of the washers and dryers, their failings and subsequent repairs. (See: Gharib Deposition, Ex. 1 to Opposition to Defendants' Motion in Limine to Exclude Certain Evidence, pp. 68-74 (Rec. Doc. 23373-1)). Subsequently, in early 2022, Mr. Gharib was forced to replace this laundry equipment, as it was continuously and repeatedly failing and/or requiring repairs. Mr. Pierce of Pierce Commercial Laundry Distributors, L.L.C. provided a quote for the job and eventually completed the work in or about March of 2022. Mr. Pierce's expected testimony is expected to pertain to his observations of the decommissioned laundry equipment, its cost, expected useful life and his replacement of that equipment with the new equipment. As shown, defense counsel received sufficient discovery of these facts.

---

[3] *Id.* at p. 7 (emphasis added).

To recap, the Defendants fail to cite any applicable discovery rule requiring the Gharibs' to provide a list of trial witnesses any sooner than in their pretrial disclosures. They also fail to identify any broad request for a list of trial witnesses or even a narrow request for the identities of witnesses that might have knowledge regarding the issues that Messrs. Tovar and Pierce are expected to testify. As such, the Defendants' claims of a Rule 26 violation fail, and any prejudice is a result of their own failures to ask the right questions or, in the case of Mr. Pierce, are called into doubt by Mr. Gharib's deposition testimony and the documents he produced leading up to that. Thus, Defendants have failed to carry their burden with this motion.

## II.  Even if, for the sake of argument, there is a violation of Rule 26, Defendants have suffered no prejudice.

It is clear from the preceding section that Defendants have failed to show a violation of Rule 26, so the Fifth Circuit factors for determining whether a late discovery disclosure should be admitted are not applicable. Nevertheless, out of the abundance of caution and for the sake of argument, the Gharibs will indulge Defendants and explain why the factors weigh in favor of admission and against exclusion of these witnesses. First, Mr. Javier Tovar was disclosed during Mr. Gharib's deposition, prior to the end of discovery. While his name was not specifically mentioned, nor asked by defense counsel, his involvement was described and defense counsel could have requested more specific information about his identity, the extent of his knowledge and what he observed, but failed to do so, even after being told of his existence. With respect to the factors that defense counsel reverts to (which only come into play after a violation has been proven),[4] Mr. Tovar's testimony is crucial to assist the jury in understanding the existence, location

---

[4] The Fifth Circuit considers the following four factors in evaluating whether a violation of Rule 26 is harmless: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. Mahar v. Nat'l R.R. Passenger Corp., No. CV 20-2994-WBV-DMD, 2022 WL 1102222, at *4 (E.D. La. Apr. 13, 2022) (citing Texas A&M Research Foundation v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003).

and extent of defective drywall located in the Gharibs' commercial property, as he is the person who first identified that drywall and observed its scope. The extent of the contaminated drywall and its location is a hotly contested issue, as demonstrated by Defendants' Motion for Partial Summary Judgment (Rec. Doc. 23360), which was based, in large part, on the location and extent of the contaminated drywall. There is also no prejudice that results from Mr. Tovar's testimony, since Mr. Gharib expressly mentioned him as the "sheetrock guy" and described his role during his deposition. If defense counsel wanted to depose Mr. Tovar about what he observed, they could have asked Mr. Gharib about Mr. Tovar's identity and noticed his deposition, but they did not. So, Defendants cannot, now, claim prejudice as a result. Further, a continuance would certainly cure any prejudice to Defendants, but this is not necessary or warranted.

As for Mr. Pierce's testimony, it is important to the Gharibs' case in that he can provide information about significant items of damage—that is, the laundry equipment used in Mr. Gharib's business. Mr. Pierce is likely the only witness who has technical knowledge about those laundry items, although Mr. Gharib does have some of his own. Nevertheless, as a neutral party, the value of his testimony is considerable. Mr. Pierce will not testify as an expert, but will testify as to his personal observations of laundry equipment in general, its expected useful life, and his personal observations of the Gharibs' equipment in particular. The laundry equipment that failed and had to be decommissioned was very expensive, totaling $133,875.97, as evidenced by the receipts that the Gharibs' produced to defense counsel with their Plaintiff Fact Sheet.[5] There is also no prejudice to the defense, since they failed to include a request for a list of witnesses during discovery in the MDL-2047 and, following remand, agreed in November of 2022 that witness lists would be exchanged in March of 2023. The Gharibs met that deadline with respect to Mr. Pierce.

---

[5] Rec. Doc. 23359-3, pp. 124-125.

There was no other deadline that required an earlier disclosure of these witnesses of which undersigned counsel is aware. Further, Mr. Pierce's testimony at trial would not give rise to prejudice, since he will be testifying about subjects (*i.e.*, the laundry equipment in the Gharibs' Laundromat) that were disclosed to defense counsel before and during Mr. Gharib's deposition.

With respect to the fourth factor, a continuance would cure any prejudice, to the extent any exists, because defense counsel could take the depositions of both witnesses – both depositions would be brief, could be completed within the same half day or so, and would require very little time for defense counsel to prepare. So, any claims of increased defense costs fail. Defendants also cannot claim unwarranted delay, because the Court will probably recall that Defendants were content to sit idly without taking action for over 2 years before undersigned counsel enrolled in the case and began to move the case towards trial. As such, a continuance would cure any prejudice, however slight, from presenting these 2 witnesses at trial.

## CONCLUSION

Based on the foregoing, it is clear that Defendants have failed to carry their burden of proof, which requires, first, that they show a violation of some duty that applied to the Gharibs. Absent a rule that was violated or request left unanswered, Defendants have not established that a violation occurred in this case. Furthermore, even if the Court were to find a violation, the Gharibs' have shown that the factors weigh heavily in favor of permitting these witnesses to testify. Accordingly, Defendants' motion should be denied.

Respectfully submitted,

CRULL, CASTAING & LILLY

BY: */s/ Peter E. Castaing* .
    Peter E. Castaing, #35019
    Edward J. Castaing, Jr. #4022
    Pan American Life Center

                                              601 Poydras Street, Suite 2323
                                              New Orleans, LA 70130
                                              Telephone: (504) 581-7700
                                              Facsimile: (504) 581-5523
                                              pcastaing@cclhlaw.com
                                              ecastaing@cclhlaw.com

                                              ***Counsel for Jawad Gharib and***
                                              ***Fatme Gharib***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 4, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

                                               /s/ *Peter E. Castaing*
                                                    Attorney