**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | JUDGE ELDON FALLON |
| Case No. 20-cv-3264 | MAGISTRATE NORTH |

**REPLY MEMORANDUM IN SUPPORT
OF MOTION *IN LIMINE* TO EXCLUDE CERTAIN WITNESSES**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. ("KPT") (collectively, the "Knauf Defendants"), submit the following reply memorandum in support of their motion *in limine* to exclude certain witnesses from testifying at the trial of Jawad and Fatme Gharib's ("Plaintiffs") claims.

**I.   Plaintiffs violated their discovery obligation to disclose Javier Tovar. His testimony should therefore be excluded pursuant to Federal Rule of Civil Procedure 37.**

As the Court is aware, in lieu of written discovery, the Plaintiffs were required to complete plaintiff profile forms, supplemental plaintiff profile forms, and plaintiff fact sheets.[1] Mr. Tovar's identity was not identified in any written responses to the plaintiff profile form and fact sheets nor was he identified in any documents produced to the Knauf defendants prior to or after Plaintiffs'

---

[1] R. Doc. 22359 (Amended CMO).

deposition.[2] Furthermore, until Plaintiffs' opposition to this motion, the subject matter of Tovar's testimony was not identified to the Knauf Defendants as only his name and address was provided. According to Plaintiffs' opposition, Mr. Tovar was a sheetrock installer who identified "Chinese drywall" to Mr. Gharib at the Commercial Property in 2015 and is listed because of a "hotly contested issue" in the dispositive motions recently filed. Plaintiffs argue that they had no duty to provide the Knauf Defendants with Mr. Tovar's name, because during Mr. Gharib's deposition, he testified that a "sheetrock guy" told him that he "ha[d] Chinese Sheetrock," and it was incumbent upon the Knauf Defendants to ask for the name of this "sheetrock guy."

Plaintiffs' argument is based on a misunderstanding of their discovery obligations. In Plaintiffs' Supplemental Plaintiff Profile Form for the 8807 Claiborne property about which Mr. Tovar will apparently testify, Plaintiffs were asked to explain "when and how" they "first bec[a]me aware that the Property contained Chinese drywall." As to each unit at 8807 Claiborne, Plaintiffs answered "Inspection for Chinese drywall revealed the Knauf brand in this property."[3] Apparently, this was untrue, because Plaintiffs now argue that Mr. Tovar, a sheetrock guy, "first identified" the drywall in the property. Under Federal Rule of Civil Procedure 26(e), having responded with different information in the SPPF, Plaintiffs were required to "supplement or correct" this disclosure "in a timely manner." But Plaintiffs did not do anything to correct their answer until they filed their opposition to the instant Motion.

Moreover, pursuant to this Court's Amended Case Management Order, discovery was to be completed by December 31, 2019. Reading that CMO "*in pari materia*[] with Federal Rule of Civil Procedure 26(e)'s requirement that witnesses be disclosed in a 'timely manner,' leads to the

---

[2] Plaintiffs were required to provide supplemental information within twenty-one (21) days of depositions. R. Doc. 22359.
[3] Ex. 1, Gharib SPPFs for 8807 Claiborne Units A, B, and C, *in globo*.

inescapable conclusion that parties [we]re obliged to disclose witnesses in sufficient time to permit the witnesses deposition to be complete before the discovery deadline." *See Jindal v. U.S. Dep't of Educ.*, No., 2015 WL 2405950, at *2 (M.D. La. May 18, 2015) (ordering witness who was disclosed on the last day of the discovery period, but more than 30 days before trial, would not be allowed to testify because the disclosure was untimely under Federal Rule of Civil Procedure 26). Plaintiffs' failure to identify Mr. Tovar during discovery, and their decision to list him as a witness only after realizing the relevance of his testimony following close of discovery (despite the fact that Plaintiffs have been on notice that the Knauf Defendants will assert prescription as a defense since it was asserted in an answer in 2018[4]), is not "substantial justification" that under Rule 37 and is classic trial by ambush tactics. Mr. Tovar should be excluded from testifying at the trial of this matter.[5]

**II.     Plaintiffs concede that George Pierce was not timely disclosed. There is no good cause to permit Mr. Pierce to testify, particularly because Plaintiffs admit that his testimony will amount to an untimely expert opinion.**

Like Tovar, Plaintiffs concede that George Pierce's identity and involvement were not timely disclosed in any plaintiff profile forms or plaintiff fact sheets, during Plaintiffs' deposition, or at anytime thereafter, until his inclusion as a witness on the pretrial inserts just weeks ago. Also like Tovar, the subject matter and scope of Mr. Pierce's expected testimony was not revealed to the Knauf Defendants until Plaintiffs filed their opposition on April 4, 2023, less than three weeks before trial. However, under Rule 16, as an explanation as to why Pierce was not listed, Plaintiffs on the one hand argue that the Knauf Defendants should have known of his involvement during Plaintiffs' deposition in 2019 because counsel for the Knauf Defendants posed questions about the

---

[4] *See* R. Doc. 21866 at p. 13.
[5] In the alternative only, should the Court determine that Mr. Tovar may testify, the Knauf Defendants request that he be made available for a deposition before the April 24 trial date.

nature and value of decommissioned laundry items during the Gharibs' depositions, but then admit that even those questions could not possibly have revealed that Mr. Pierce would be a trial witness, because "Mr. Pierce's involvement did not begin until [2022] after discovery had ended and after the Gharibs were deposed, so it was impossible for the Gharibs' to disclose his identity at that point." (R. Doc. 23403 at p. 5). Plaintiffs provide no explanation for why, when Mr. Pierce *did* become involved, they did not immediately supplement their discovery responses or inform the Knauf Defendants of the identity of this new witness.

Now, weeks before trial, Plaintiffs seek to use Mr. Pierce's "technical expertise" based on his alleged replacement of the units in March 2022 and will ask him to testify regarding his inspection of the units, the reason for the replacement, and the useful life of the units.[6] This is clearly an attempt, three weeks before trial, to remedy Plaintiffs' failure to provide any evidence or expert opinion as to specific causation for these units by adding a witness not previously disclosed to give technical, expert testimony about specific causation and damages regarding the units. This Court has already ordered that Plaintiffs cannot present additional expert witnesses,[7] and Plaintiffs' characterization that Pierce, as a technical witness, is not giving expert testimony on specific causation is farce. There is no excuse for this ambush as Plaintiffs claimed damage to the units in 2019 and received a quote prior to the completion of fact discovery, yet Plaintiffs provided no evidence of inspection or causation, nor did Plaintiffs obtain any expert testimony regarding the specific cause of the alleged failures of the equipment quoted for repair. This is clearly prejudicial to the Knauf Defendants as there were no disclosures, opportunity for discovery,

---

[6] Federal Rule of Evidence 702(a) defines an expert witness as "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.
[7] R. Doc. 23358 (Order and Reasons denying Motion to Add Expert Disclosures); R. Doc. 23395 (Order and Reasons denying Motion for Reconsideration).

or evidence otherwise that was timely provided that supports the expected testimony of Mr. Pierce. Furthermore, if allowed, it would be prejudicial to the other former Bennett cases still pending in this and other districts as a mechanism to unwind the substantial pretrial litigation and discovery completed in MDL 2047. Finally, in rebuttal to Plaintiffs' suggestion, the Court has already ruled that a continuance of trial to allow additional expert opinions is not warranted nor would it alleviate prejudice in this case or in the other *Bennett* cases still pending.[8]

In short, Mr. Pierce was not timely disclosed as a fact or expert witness, there is no justification for why Plaintiffs failed to provide this information or any expert opinion regarding the cause and damages of the units, and attempting to characterize Mr. Pierce as a harmless fact witness is simply an attempt to circumvent this Court's previous rulings regarding expert testimony and again inappropriately inflate Plaintiffs' damages shortly before trial. For these reasons, and under Rules 16 and 37, Mr. Pierce should be excluded from testifying at the April 24, 2023 trial regarding his inspection and opinions on the replacement equipment.[9]

### III. Gerald Burch should be excluded or limited to impeachment testimony only

Plaintiffs do not dispute that Gerald Burch was not timely disclosed as a fact or expert witness in this matter, do not provide substance as to the proposed subject-matter of his testimony, and do not provide argument as to why under Rule 16 he should be permitted to testify as a fact or expert witness. Instead, Plaintiffs state Burch was listed as a may call witness for purposes of impeachment. Therefore, Gerald Burch should be excluded from testifying at trial unless and only to the extent he may be able to provide admissible impeachment testimony.

---

[8] R. Doc. 23358 at pp. 4-5 (Order denying Motion to Add Expert Disclosures).
[9] The Knauf Defendants do not oppose Mr. Pierce testifying as to providing a quote for the replacement of the units at the request of Plaintiffs if and after Plaintiffs are able to lay a foundation, supported by expert testimony, that the equipment for which Mr. Pierce quoted a replacement was in fact damaged by Chinese drywall., However, Plaintiffs' experts did not inspect the equipment, and Plaintiffs have not otherwise provided any evidence to show that this equipment was damaged, much less evidence that would support specific causation of the alleged damage by any Chinese-manufactured drywall.

## CONCLUSION

For the foregoing reasons, the Knauf Defendants request the Court (1) order that Mr. Tovar and Mr. Pierce be excluded from testifying at the April 24, 2023 trial and (3) order that Mr. Burch is excluded as a fact or expert witness and may only be called, if appropriate, as an impeachment witness.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Daniel J. Dysart*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
**REBEKKA C. VEITH (#36062)**
**MICHAEL R. DODSON (#37450)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:      504.949.8202
Email:            kmiller@fishmanhaygood.com
Email:            pthibodeaux@fishmanhaygood.com
Email:            ddysart@fishmanhaygood.com
Email:            rveith@fishmanhaygood.com
Email:            mdodson@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf New Building System (Tianjin) Co. Ltd.*
*(f/k/a Knauf Plasterboard (Tianjin) Co., Ltd.)*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 5th day of April, 2023

/s/ *Daniel J. Dysart*
**DANIEL J. DYSART**