UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE DRYWALL | MDL |
| PRODUCTS LIABILITY LITIGATION | NO. 09-2047 |
| REF: 20-3264 | SECTION "L" (5) |

**ORDER AND REASONS**

The Court has before it Defendants' Motion in Limine to Exclude Certain Plaintiff' Witnesses. R. Doc. 23398. Plaintiffs have responded in opposition. R. Doc. 23403. Having considered the briefing and the applicable law, the Court rules as follows.

I.  **BACKGROUND**

This case is part of the Chinese Drywall multi-district litigation ("MDL") that arose after thousands of plaintiffs in several states filed suits alleging that drywall used in their homes was defective. The plaintiffs claimed that the drywall, which was manufactured in China, emitted gases, damaged wiring and appliances, and sometimes caused physical afflictions to their homes' residents. On June 15, 2009, pursuant to a transfer order from the United States Judicial Panel on Multidistrict Litigation, all federal cases involving Chinese Drywall were consolidated for pretrial proceedings in MDL No. 2047 before this Court.

The drywall at issue is largely attributable to two groups of defendants: the Knauf Defendants, German-based manufacturers whose Chinese subsidiary sold some of the drywall; and the Taishan Defendants, Chinese-based manufacturers who produced some of the drywall. The present motion relates to the Knauf Defendants. On February 7, 2013, the Court approved a class

action settlement agreement between the Knauf Defendants and several classes of plaintiffs. R. Doc. 16570. Thus, most claims against the Knauf Defendants within this MDL have been resolved. However, some plaintiffs opted out of the settlement and have filed more recent claims against the Knauf Defendants, including Gharib, whose claims relate to the present motion. Gharib owns two properties, one residential and one commercial, that were allegedly affected by defective drywall that the Knauf Defendants manufactured, sold, or installed. Gharib filed his claims in January of 2016. In November of 2020, this Court ordered Gharib's claims severed from the MDL. In November of 2022, this Court set this case to go to trial in April of 2023.

## II.     DISCUSSION

Defendants now move this Court to exclude the testimony of three of Plaintiffs' fact witnesses at trial. Defendants complain that these three witnesses were not disclosed until Plaintiffs made their pretrial disclosures on March 24, 2023. They assert that this was a late disclosure in violation of Federal Rule of Civil Procedure 26. Under Rule 26(a), litigants must produce to the other parties and promptly file with the Court information pertaining to the identity of each witness they intend to or may call and identify all exhibits they intend to introduce. Fed. R. Civ. P. 26(a)(3)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Accordingly, Defendants argue that Plaintiffs should not be permitted to use these witnesses at trial.

However, Rule 26(a)(3)(B) provides that "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." Here, the disclosures were made on March 24, 2023, more than 31 days before the previously scheduled April 24, 2023 trial date.

Accordingly, the Court finds that Plaintiffs have not violated Rule 26, and that exclusion of these three witnesses is unnecessary.

### III.    CONCLUSION

For the foregoing reasons, Defendants' Motion is hereby **DENIED**.

New Orleans, Louisiana, this 12th day of April, 2023.

*Eldon E. Fallon*
United States District Judge